## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HALSTEAD BEAD, INC., an Arizona corporation, | |
| *Plaintiff*, | Civil Action No. _____ |
| *v.* | **VERIFIED COMPLAINT** |
| KIMBERLY LEWIS, in her official capacity as Louisiana Secretary of Revenue, and | **EXHIBIT B** |
| AMANDA GRANIER, in her official capacity as Sales Tax Collector, Lafourche Parish, Louisiana, and | |
| DONNA DRUDE, in her official capacity as Sales and Use Tax Administrator of Tangipahoa Parish, Louisiana, and | |
| JAMIE BUTTS, in her official capacity as Sales Tax Auditor, Washington Parish, Louisiana, and | |
| LAFOURCHE PARISH, LOUISIANA, a Home Rule Chartered Parish, and | |
| TANGIPAHOA PARISH, LOUISIANA, a Home Rule Chartered Parish, and | |
| WASHINGTON PARISH, LOUISIANA, a Home Rule Chartered Parish, | |
| *Defendants*. | |

ARTICLE III. - SALES TAX DISTRICTS

DIVISION 1. - DISTRICT NO. 2

Sec. 10-31. - Created; boundaries.

In accordance with the provisions of Section 2721.6 of Title 33 of the Louisiana Revised Statutes of 1950, as amended (R.S. 33:2721.6), and other constitutional and statutory authority supplemental thereto, there is hereby created a sales tax district within the Parish of Acadia, State of Louisiana, to be co-extensive with the boundaries of the Parish of Acadia, State of Louisiana, less and except that area of the parish contained within the corporate boundaries of the municipalities of Crowley, Eunice, Rayne, Church Point, Mermentau, Estherwood, Iota and Morse, as said corporate boundaries are presently constituted.

(Ord. No. 520, § 1, 9-13-88)

Sec. 10-32. - Name, seal, governing authority, domicile, officers.

The sale tax district shall be and the same is hereby known and designated as "Sales Tax District No. 2 of the Parish of Acadia, State of Louisiana" (the "district"); and the seal of the Parish of Acadia, State of Louisiana, is hereby adopted as the seal of said district. The governing authority of the district shall be the police jury of the Parish of Acadia, State of Louisiana, the domicile shall be the regular meeting place of said police jury, and the officers of said police jury shall be the officers of the district. Excluded from the corporate boundaries of said tax district are those portions of the Town of Duson and the Town of Basile, as presently constituted, which lie within the corporate boundaries of the Parish of Acadia.

(Ord. No. 520, § 2, 9-13-88; Ord. No. 521, § 1, 10-11-88)

Sec. 10-33. - Powers.

The district shall have all powers granted to it under Louisiana law, including the power to levy a sales and use tax within the limitations and conditions provided by Section 2721.6 of Title 33 of the Louisiana Revised Statutes of 1950, as amended (R.S. 33:2721.6), and Article VI, Sections 29 and 30 of the Constitution of the State of Louisiana of 1974, as amended, and other constitutional and statutory authority supplemental thereto, and to fund the proceeds thereof into bonds for the purposes for which the sales tax is authorized to be used.

(Ord. No. 520, § 3, 9-13-88)

Secs. 10-34, 10-35. - Reserved.

DIVISION 2. - MOSQUITO CONTROL DISTRICT NO. 3

Sec. 10-36. - Created; boundaries.

In accordance with the provisions of Section 2721.6 of Title 33 of the Louisiana Revised Statutes of 1950, as amended (R.S. 33:2721.6), and other constitutional and statutory authority supplemental thereto, there be and there is hereby created a sales tax district in the Parish of Acadia, State of Louisiana (the "parish"), which sales tax district shall comprise and embrace all of that territory contained within the corporate boundaries of the parish, less and except that area of the parish contained within the corporate limits of the municipalities of Crowley and Rayne, as the corporate limits of said municipalities are presently constituted.

(Ord. No. 854, § 1, 5-20-03)

Sec. 10-37. - Name, seal, governing authority, domicile, officers.

Said sales tax district shall be and the same is hereby known and designated as "Mosquito Control Sales Tax District No. 3 of the Parish of Acadia, State of Louisiana" (the "district"); and the seal of the Parish of Acadia, State of Louisiana, be and the same is hereby adopted as the seal of the district. The governing authority of the district shall be the Police Jury of the Parish of Acadia, State of Louisiana (the "police jury"), the domicile shall be the regular meeting place of the police jury and the officers of the police jury shall be the officers of the district.

(Ord. No. 854, § 2, 5-20-03)

Sec. 10-38. - Powers.

The district shall have all powers granted to it under Louisiana Law, including the power to levy a sales and use tax in accordance with Section 2721.6 of Title 33 of the Louisiana Revised Statutes, as amended (R.S. 33:2721.6), and Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and to fund the proceeds thereof into bonds for the purposes for which the sales tax is authorized to be used.

(Ord. No. 854, § 3, 5-20-03)

Secs. 10-39—10-44. - Reserved.

ARTICLE IV. - SALES AND USE TAX

DIVISION 1. - SALES TAX DISTRICT NO. 2

Sec. 10-45. - Definitions.

As used in this article, the words, terms and phrases "business", "cost price", "dealer", "gross sales", "hotel", "lease or rental", "person", "purchaser", "retail sale", "sale at retail", "retailer", "sale", "sales price", "sales of services", "storage", "tangible personal property", "off-road vehicle", "use", "use tax", and "drugs" have the meanings ascribed to them in R.S. 47:301, unless the context clearly indicates a different meaning. In addition, the following words have the meanings as hereinafter set forth unless the context clearly indicates a different meaning, to-wit:

(1) *Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

(2) *Authority* means the Sales Tax District No. 2 of the Parish of Acadia, State of Louisiana, as is appropriate

in the context used and with the understanding that the tax will be levied throughout the district.

(3) *Collector* means and includes the secretary of the authority or his duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by this governing body to handle and accomplish the collection, enforcement and administration of sales and use tax on behalf of the authority.

(Ord. No. 692, § 1, 2-5-97)

Sec. 10-46. - Imposition of tax.

(a) There is hereby levied from and after April 1, 1997, for the purposes stated in the proposition attached to Ord. No. 692 as Exhibit A, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the district as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the authority and to include each and every retail sale.

(2) At the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority, provided there shall be no duplication of the tax.

(3) At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(4) At the rate of one percent of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one percent of the gross proceeds derived from the sale of services, as defined herein.

(b) The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(c) The tax so levied is and shall be in addition to all other taxes, whether levied in form of sales, excise, or license, privilege or property taxes levied by any other ordinance or resolution of this governing body.

(d) The dealer shall collect the tax levied by this article, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the collector of revenue of the State of Louisiana under the authority of Section 304 of Title 47 of the Louisiana Revised Statutes of 1950, as amended (R.S. 47:304). Such schedule or schedules shall include, in addition to the tax hereby levied pursuant to the election held on January 18, 1997, all sales taxes levied by the State of Louisiana, any sales tax levied by the authority and any sales taxes levied by any other political subdivision applicable in the authority. The dealer will remit that portion of such total tax representing the tax levied by this article to the collector. Copies of said integrated bracket schedules are available to dealers on request to the authority or the collector.

(e) The collection of the tax herein levied shall be made in the name of the authority by the collector.

(Ord. No. 692, § 2, 2-5-97)

Sec. 10-47. - Exemptions and exclusions from tax.

(a) The levy of the tax imposed by this article shall not apply to those transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of Chapter 2 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, and other applicable statutory authority.

(b) It is not the intention of this article to levy tax upon articles of tangible personal property imported into the authority or produced or manufactured in the authority for export; nor is it the intention of this article to levy tax on a bona fide transaction in interstate commerce; however, nothing herein shall prevent the collection of the tax imposed by the use of catalogs and other means of sales promotion and for which federal legislation or federal jurisprudence enables the enforcement of this article upon the conduct of such business. It is, however, the intention of this article to levy tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority. At such time as federal legislation or federal jurisprudence as to sales in interstate commerce promoted through the use of catalogs and other means of sale promotions enables the enforcement of this article against vendors that have no nexus to the State of Louisiana or the authority, the provisions of this article shall apply to such sales on which sales and use tax would not otherwise be collected.

(c) No tax shall be due under this article on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the authority.

(d) No tax shall be levied or collected on the storage of property which has been documented for use outside the authority although the property may be stored within the authority if the owners of such property which is to be stored for exclusive use outside the authority have acquired a tax exemption certificate from the local tax collector. When a vendor is presented with a copy of a tax exemption certificate from a vendor, the vendor shall be relieved from liability for the collection of use tax on such property. If the property is removed from storage and is used within the authority, the property shall be subject to taxation.

(Ord. No. 692, § 3, 2-5-97)

Sec. 10-48. - Collection of tax by dealer.

(a) The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in subsection (f) of this section. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of the sale; provided, however, that this governing body shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(b) Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use or other consumption, in the authority, shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(c) The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided shall be liable for and pay the tax himself.

(d) In order to aid the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, on or before April 1, 1997, or in the case of dealers commencing business after April 1, 1997, or opening new places of business after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in form prescribed by the collector, provided any dealer that has heretofore made such filing pursuant to any prior ordinance providing for the levy and collection of a sales and use tax is not required to make an additional filing hereunder. The collector shall, within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed at all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein.

(e) A manufacturer, wholesaler dealer, jobber or supplier shall refuse to accept a certificate that any property upon which tax is imposed by this article is purchased for resale and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the tax paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to this governing body the tax herein imposed.

(f) The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the Louisiana Vehicle Registration License Tax of the State of Louisiana shall be collected as provided in this section:

  (1) The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue of the State of Louisiana at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

    a. The tax levied by this article on the sale of any such vehicle shall be due at the time of registration or any transfer of registration as required by the Vehicle Registration License Tax Law of the State of Louisiana (R.S. 47:451 et seq.).

    b. The tax levied by this article on the use of any such vehicle in the unincorporated area of the authority shall be due at the time first registration in the authority as required by the Vehicle Registration License Tax Law (R.S. 47:451 et seq.).

  (2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this subsection to grant an exemption from the tax levied by this article to any sale, or transactions which has heretofore been taxable and this section shall not be construed as so doing. It is t intention of this section to transfer the collection of sales and use taxes on vehicles from the vendor to the v commissioner as agent for the secretary of the department of revenue and taxation of the State of Louisiana provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as ag secretary of the department of revenue in accordance with an agreement by and between said secretary of department of revenue or the vehicle commissioner as agent therefor and this governing body, the executic agreement is hereby authorized. Said tax so collected for said secretary of the department of revenue shall l this governing body and sent to the collector as soon as possible, and in any event at least once each quarte accordance with the said agreement.

(4) The provision contained in R.S. 47:301(10) which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject to this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(g) All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in this governing body. Such auctioneers or the company which they represent shall be responsible for the collection of the tax authorized herein and shall report and remit same as provided by this article.

(h) Contracts for the membership in health and fitness clubs are subject to the tax authorized herein and shall be due and payable on a monthly basis computed on the amount paid each month less any actual imputed interest or collection fees or unpaid reserve amounts not received by a health and fitness club, provided no tax shall be due or payable on amounts collected on such contracts prior to the effective date of the tax.

(i) A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(j) Where the tax collected for any period is in excess of a two (2) percent, the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(k) Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided such tax shall be payable by the purchaser directly to this governing body, and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to this governing body within fifteen (15) days after such sale was made or rendered.

(l) For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. No. 692, § 4, 2-5-97)

Sec. 10-49. - Collection of tax from dealer.

(a) The tax imposed by this article shall be collectible by the collector on behalf of this governing body from all

10/15/21, 3:31 PM
Case 2:21-cv-02106-JTM-KWR   Document 2-3 Filed 11/15/21   Page 8 of 1004
about:blank   Chapter 10 - TAXATION | Code of Ordinances

persons engaged as dealers.

(1) The collector is duly authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the authority.

(2) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the tax imposed hereunder.

(3) Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this article.

(4) The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(b) On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption, in the authority. For the purpose of this article, use or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(c) A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in the State of Louisiana, or city or county in a state other than Louisiana. The credit provided herein shall be granted only in the case where the city or parish in the State of Louisiana, or the city or county in a state other than Louisiana to which a similar tax has been paid, grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in the State of Louisiana, or to a city or county in a state other than Louisiana, shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by this governing body upon the said tangible person property which is the subject of the use tax imposed by this article.

(Ord. No. 692, § 5, 2-5-97)

Sec. 10-50. - Returns and payment of tax.

(a) The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(b) For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the twentieth day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by the collector, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of this article to the end of such month. Thereafter, like returns shall be prepared and transmitted to the collector by all dealers, on or before the twentieth day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require

to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to this governing body the required tax due for the preceding calendar month.

(c) At the time of transmitting the return required hereunder to the collector, the dealer shall remit to this governing body therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause said tax to become delinquent. All tax, interest and penalties imposed under this article shall be paid to this governing body in the form of remittance required by the collector.

(d) Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(e) The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this article.

(f) For the purpose of collecting and remitting to this governing body the tax imposed herein, the dealer is hereby declared to be the agent of this governing body.

(Ord. No. 692, § 6, 2-5-97)

Sec. 10-51. - Records and inspection.

(a) It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for the period provided in R.S. 47:309, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices, and other records shall be open to examination at all reasonable hours, by the collector.

(b) Each dealer shall secure, maintain and keep, for the period provided in R.S. 47:309, a complete record of sales and services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(c) In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the collector at all reasonable hours.

(d) For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an

examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy", the tangible personal property and all of the books, records, papers, vouchers, Bossiers, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(e) For the purpose of enforcing the collection of the tax levied herein, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in the authority whether said companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(f) The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all court of the state of the same weight and force as the original thereof.

(g) The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer except in the administration and enforcement of this article and applicable tax laws, all as provided in R.S. 47:1508. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except in an action or proceeding under the provisions of this article and when the records or files or the facts shown thereby are directly involved in such action or proceedings.

(h) Nothing contained in this article shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3) The inspection by the legal representative of this governing body of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4) The examination of the records and files by the collector; or

(5) The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Ord. No. 692, § 7, 2-5-97)

Case 2:21-cv-02106-JTM-KWR    Document 3-3   Filed 11/15/21   Page 11 of 1004

Sec. 10-52. - Imported goods permits.

(a) In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into the authority, which property is subject to tax imposed by this article, to apply to the collector for a permit stating the kind of vehicle, to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Ord. No. 692, § 8, 2-5-97)

Sec. 10-53. - Remedies for collection, including interest, penalties, etc.

(a) For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, and is subject to the tax herein levied; provided that such presumption shall be prima facie only and subject to proof furnished to the collector.

(b) Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and this governing body is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why such dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgement in favor of this governing body, prohibiting such dealer from the further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(c) If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate as provided by R.S. 47:1601—1606; and in addition to the interest that may be so due there shall also be collected a penalty as provided by R.S. 47:1601—1606; and in the event of suit, attorney's fees at the percentage as provided for in R.S. 47:1512 of the aggregate of tax, interest and penalty.

(d) In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or

storage to be used or consumed in the authority and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.

In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgement of the collector, represent the true or actual consideration, then the collector is authorized to fix the same and collect the tax thereon for this governing body in the same manner as above provided in the foregoing paragraph.

In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "1% Sales Tax Account" in the same manner as is the tax collected under this article.

If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty as provided in R.S. 47:1604.1. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(e) If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such tax, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no tax, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the tax, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assignors.

(f) In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(g) In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in chambers, in

any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgement of the Court and every violation of said judgement as a contempt thereof and punished according to law.

(h) If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and the collector may require such dealer, or other agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the collector, respecting the sale at retail, the use, or consumption, or distribution, or storage, for use or consumption, in the authority, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(i) If any dealer fails to make a return, or refuses to permit an examination of his (the dealer's) books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any Court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(j) The importation into the authority of tangible personal property which is subject to the tax by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in subsection 10-52(a) (if the tax imposed by this article on said tangible personal property has not been paid), shall be construed as an attempt to evade payment of said tax and the same is hereby prohibited, and the said truck, automobile, or means of transportation other than a common carrier, and said taxable property may be seized by this governing body in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(k) The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay the required tax on such transactions, shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or associations of persons; provided that it is the intention of this article to prevent the disposition of the said

tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to this governing body.

In addition to the penalties prescribed in this and the preceding subsection (j), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined and/or imprisonment as provided in R.S. 33:2845 and 33:2846, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(l) The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer, to this governing body recoverable in any court of competent jurisdiction in an action at law by this governing body. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to this governing body.

(m) This governing body may require a bond or other security satisfactory to the collector for the payment of any tax, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(n) If any person, or dealer, shall fail to make a return or report as required by this article, the collector, subject to the prescriptive period set forth in R.S. 33:2718.4, may make an estimate of the amount of tax such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due this governing body from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(o) After a return or report is filed under the provisions of this article, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary, and if there from, he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due this governing body from such person, or dealer, and make demand upon him for payment.

(p) If the collector finds that any person, or dealer liable for the payment of any tax under this article designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

All tax, penalties and interest assessed pursuant to the provisions of the last three (3) preceding sections shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by this governing body. If such tax, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this article, a sum equivalent to five (5) percent of the tax.

(q)  If any dealer against whom tax have been assessed under the provisions of this article shall refuse or neglect to pay such tax within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative, who is charged with the enforcement of collection of such tax, to enforce collection of such tax, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(r)  Any dealer who shall neglect, fail or refuse to collect the tax as provided in subsections 10-48(a) through (j) of this article, upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(s)  For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished as provided for in R.S. 33:2845, in the discretion of the court:

(1)  Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under subsection 10-48(a) through (j) of this article and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2)  Any dealer who shall fail, neglect, or refuse to collect the tax as provided in subsections 10-48(a) through (j) of this article, whether by himself or through his agents or employees;

(3)  Any dealer violating the provisions of subsections (e) and (f) of this article;

(4)  Any dealer who fails to permit an inspection of records by the collector as provided in subsection 10-51(a) of this article;

(5)  Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in subsection 10-51(c) of this article;

(6)  Any dealer, wholesale dealer or jobber who violates the provisions of subsections 10-48(d) and (e) of this article;

(7)  Any dealer who violates the provisions of subsection 10-51(b) of this article;

(8)  Any dealer failing or refusing to furnish any return as provided in section 10-50 of this article, or failing or refusing to furnish a supplemental return, or other data required by the collector;

(9)  Any dealer required to make, render, sign or verify any return as provided in section 10-50 of this article, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10)  The president, executive officers, managers and directors of any corporation, who shall violate the provisions of subsection (t) of this article; sectionprovided, that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(11)  Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

Case 2:21-cv-02106-JTM-KWR   Document 2-3   Filed 11/15/21   Page 16 of 1004

(t)   No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganiz
or consolidation under any law of this state by the action of the stockholders or by the decree of any court until
fees, penalties and interest imposed on the corporation in accordance with provisions of this article shall have b
paid in full. No foreign corporation which has obtained authority from this state to transact business in the auth
may surrender such authority and withdraw from this state until all tax, fees, penalties, interest, and other char
imposed upon said corporation in accordance with the provisions of this article shall have been fully paid.

(u)   Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax
shall be required by this article to be paid shall pay in addition to the tax interest on the tax at the rate
specified in subsection (c) of this section, for each month or fraction thereof that the tax remains unpaid, to
be calculated from the date the tax was originally due to the date of actual payment. In addition, such person
or dealer shall pay any special penalty or penalties provided by this article.

(v)   All penalties and interest imposed by this article shall be payable to and recoverable by this governing body
in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is
explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any
such penalty.

(Ord. No. 692, § 9, 2-5-97)

Sec. 10-54. - Refunds and reimbursements.

(a)   In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by
this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled
to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the
collector and in case the taxes have not been remitted by the dealer to this governing body, the dealer may
deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross
amount of such refunds during the period covered by such sworn statement, which period shall be as
provided in R.S. 33:2718.1, this governing body, through the collector, shall issue to the dealer an official
credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such
memorandum shall be accepted by this governing body at full face value from the dealer to whom it is
issued, in the remittance for subsequent tax accrued under the provisions of this article.

(b)   If any dealer shall have given to the collector notice within the time provided in subsection (a) above, such
dealer thereafter, within the period provided by R.S. 33:2718.1, may file with the collector a claim under oath
for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for
refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with
the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(c)   If, upon examination of such claim for refund, it shall be determined by the collector that there has been an
overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer
under this article, and if there be no such liability, said dealer shall be entitled to a refund of the tax so
overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order
accordingly and serve notice upon such dealer.

(d)   Where no question of fact or law is involved, and it appears that the records of this governing body that any
moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under
a mistake of fact or law, the collector may, at any time within prescriptive period provided by R.S. 33:2718.1,

upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(e) When to secure compliance with any of the provisions of this article any moneys shall have been deposited with this governing body by any dealer and shall have been paid over to this governing body and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. No. 692, § 10, 2-5-97)

Sec. 10-55. - Remedies of dealer.

(a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit of the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period as provided in R.S. 47:1576; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate as provided in R.S. 47:1576; covering the period from the date the said funds were received by this governing body to the date of refund.

(b) This section shall afford a legal remedy and right of action in any state, municipal or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(c) This section shall be construed to provide a legal remedy in the state, municipal or federal courts, by action of law, in case such tax is claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided, that upon request of the dealer and upon proper showing by such dealer that the principal of law involved in an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d) If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within the period provided in R.S. 47:1563, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein

provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, municipal, or federal court of competent jurisdiction as provided for in subsection (b) above.

(Ord. No. 692, § 11, 2-5-97)

Sec. 10-56. - Other administrative provisions.

(a) The collector is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by this governing body.

(b) The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the Constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(c) The collector shall design, prepare, print and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the tax due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said tax at the time and in the manner herein provided.

(d) The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne by the collector.

(e) In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this article and containing the sale price, and delivery is made after the effective date of this article, and such sale is taxable under this article, the seller shall add the tax imposed by said ordinance to said sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date hereof, except no new or additional sales or use tax shall be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of this article or to sales or services involved in such contracts entered into and reduced to writing within ninety (90) days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales tax at the rates effective and existing prior to such effective date.

The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the unincorporated area of the authority prior to the effective date of this article, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(f) It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, disposition, statement, or report required by the collector in the administration of this article.

(g) The collector, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the

administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

(h) Any notice required to be given by the collector pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(i) The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions, and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, the collector shall be paid a fee to be established from time to time by him which shall be deposited in the appropriate sales tax fund.

(j) Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive this governing body of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws, ordinances, or resolutions.

(k) If any section, subsection, sentence, clause, or phrase of this article be held invalid, such decisions shall not affect the validity of the remaining portions of this article. This governing body hereby declares that it would have passed this article, and each section, subsection, sentence, clause, and phrase thereof irrespective of the fact that any one or more section, subsections, sentences, clauses or phrases may be so declared invalid.

(l) The tax levied herein is declared to be supplemental and in addition to all other tax levied by and under the authority of this governing body of any kind or nature.

(Ord. No. 692, § 12, 2-5-97)

Sec. 10-57. - Disposition of tax proceeds and revenues.

(a) All tax, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the collector as an agent of this governing body under any provision or provisions of this article shall be promptly deposited by the collector for the account of this governing body in a special fund designated the "1% Sales Tax Account", which funds shall be established and maintained as sacred funds of this governing body, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(b) Out of the funds on deposit in said 1% Sales Tax Account, the collector shall first pay all reasonable and necessary expenses of collecting and administering the respective tax levied hereby and administering the provisions of this article as well as the various administrative procedures established herein.

(c) In compliance with the said special election of January 18, 1997, authorizing said tax, after all reasonable and necessary costs and expenses of collecting and administering the tax have been paid as provided in subsection (b) above, the remaining balance of the sales tax proceeds shall be available for appropriation and

expenditure by this governing body, solely for the respective purposes designated in the propositions authorizing the levy of the tax (annexed hereto as Exhibit "A"), as approved by a majority of the qualified electors of the authority voting in said special election.

(Ord. No. 692, § 13, 2-5-97)

Sec. 10-58. - Collector as agent and trustee for governing body.

It is hereby recognized that the tax herein levied is being levied by and on behalf of this governing body as herein provided and that the collector is acting as agent for this governing body for the purpose of administration and collection of the tax.

(Ord. No. 692, § 14, 2-5-97)

Sec. 10-59. - Miscellaneous provisions.

The provisions of Chapter 2 of Title 47 of the Louisiana Revised Statutes, as amended, and any other statutory authority are hereby made applicable to the levy and collection of the sales and use tax levied by this article, and to the extent, if any, that the provisions set forth herein conflict by this article, and to the extent, if any, that the provisions set forth herein conflict with any statutory authority, the statutory authority shall be controlling.

(Ord. No. 692, § 15.1, 2-5-97)

Secs. 10-60—10-80. - Reserved.

DIVISION 2. - MOSQUITO CONTROL SALES TAX DISTRICT NO. 3

Sec. 10-81. - Imposition.

Pursuant to the authority of a special election held in Mosquito Control Sales Tax District No. 3 of the Parish of Acadia, State of Louisiana, on November 6, 2012, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the district, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. No. 864, § 1, 11-4-03; Ord. No. 1045, § 1, 12-11-12)

Sec. 10-82. - Rate of tax.

The tax is levied at the rate of one-fourth of one (¼) percent of the sales price of each item or article of tangible personal property when sold at retail in the district, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the district, and to include each and every retail sale. The tax is levied at the rate of one-fourth of one (¼) percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the district, provided there shall be no duplication of

the tax. The tax is levied at the rate of one-fourth of one (¼) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one-fourth of one (¼) percent of the amount paid or charged for taxable services, as defined by law, performed in the district.

(Ord. No. 864, § 2, 11-4-03; Ord. No. 1045, § 2, 12-11-12)

Sec. 10-83. - Effective date; term.

The tax shall be effective on October 1, 2013 and shall remain in effect for ten (10) years (October 1, 2013 through September 30, 2023).

(Ord. No. 864, §§ 3, 4, 11-4-03; Ord. No. 1045, §§ 3, 4, 12-11-12)

Sec. 10-84. - Purposes.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the district on November 6, 2012, authorizing the tax, which proposition is set forth in the preamble hereto.

(Ord. No. 864, § 5, 11-4-03; Ord. No. 1045, § 5, 12-11-12)

Sec. 10-85. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this ordinance, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the district's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. No. 864, § 6, 11-4-03; Ord. No. 1045, § 6, 12-11-12)

Sec. 10-86. - Exclusions and exemptions.

The governing authority adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does this governing authority adopt any exclusions or exemptions authorized by legislation enacted under Article VI, Section 29 (D)(1) of the Constitution of the State of Louisiana of 1974, that are not allowed as an exclusion or exemption from state sales and use tax. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the Constitution or statutes of the State of Louisiana, including the Act.

(Ord. No. 864, § 7, 11-4-03; Ord. No. 1045, § 7, 12-11-12)

Sec. 10-87. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of one and one-fourth (1¼) percent per month.

(Ord. No. 864, § 8, 11-4-03; Ord. No. 1045, § 8, 12-11-12)

Sec. 10-88. - Penalties.

(a) *Delinquency penalty.* The delinquency penalty, as provided by R.S. 47:337.70, shall be five (5) percent per month on the unpaid amount of the tax due for each thirty (30) day period, not to exceed five (5) thirty (30) day periods.

(b) *Penalty for false, fraudulent or grossly incorrect return.* The penalty as authorized by R.S. 47:337.72 shall be fifty (50) percent of the amount of the tax found to be due.

(c) *Negligence penalty.* The penalty as authorized by R.S. 47:337.73 shall be five (5) percent of the unpaid amount of the tax found to be due, or ten dollars ($10.00), whichever is greater.

(d) *Penalty for insufficient funds check.* The penalty as authorized by R.S. 47:337.74 shall be an amount equal to the greater of one (1) percent of the check or twenty dollars ($20.00).

(e) *Penalty for costs incurred.* As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(f) *Distraint penalty.* The penalty as provided by R.S. 47:337.76 in cases where the distraint procedure is used in the collection of the tax shall be ten dollars ($10.00).

(Ord. No. 864, §§ 9—12, 11-4-03; Ord. No. 1045, §§ 9—12, 14, 15, 12-11-12)

Sec. 10-89. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this article, or to represent him in any proceeding under this ordinance. If any taxes, penalties or interest due under this ordinance are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten (10) per centum of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. No. 864, § 13, 11-4-03; Ord. No. 1045, § 13, 12-11-12)

Sec. 10-90. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees, be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 864, § 14, 11-4-03; Ord. No. 1045, § 16, 12-11-12)

Sec. 10-91. - Collector.

The tax levied by this ordinance is authorized to be collected by a "collector" which term shall mean the Acadia Parish School Board, Sales Tax Division.

Case 2:21-cv-02106-JTM-KWR   Document 2-3   Filed 11/15/21   Page 23 of 1004

(Ord. No. 864, § 15, 11-4-03; Ord. No. 1045, § 17, 12-11-12)

Sec. 10-92. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this ordinance, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. No. 864, § 16, 11-4-03; Ord. No. 1045, § 18, 12-11-12)

Sec. 10-93. - Revenues of tax.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this ordinance relating to the tax shall be promptly deposited by the collector for the account of the district in the special fund heretofore established and maintained for the deposit of such proceeds, which fund shall be a separate bank account to be maintained with the regularly designated fiscal agent of the district; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

In compliance with the said special election of November 6, 2012, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by this governing authority solely for the purposes designated in the applicable proposition authorizing the levy of the tax.

(Ord. No. 864, § 17, 11-4-03; Ord. No. 1045, § 20, 12-11-12)

Sec. 10-94. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this governing authority, acting through the president of this governing authority, is authorized to enter into an agreement or agreements with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(Ord. No. 1045, § 19, 12-11-12)

Secs. 10-95—10-214. - Reserved.

ARTICLE III. - SALES AND USE TAX

*Footnotes:*

*--- (3) ---*

**State Law reference—** *Disposition of certain collections in Allen Parish, R.S. 47:302.36, 47:322.7, 47:332.28.*

Sec. 86-71. - Definitions.

The following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

*Authority* or *parish* means the Parish of Allen, State of Louisiana.

*Business* means any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this article to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

*Collector* or *secretary* means and includes the secretary of the authority or his duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by the police jury to handle and accomplish the collection, enforcement and administration of sales and use taxes on behalf of the authority, which agency for collecting the tax is hereby initially designated as the sales tax collector for the Allen Parish School Board, Parish of Allen, Oberlin, Louisiana, subject to change at the discretion of the police jury.

*Cost price* means the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor, or service cost, except those service costs for installing the articles of tangible personal property if such cost is separately billed to the customer at the time of installation, transportation charge or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.

(1) In the case of tangible personal property which has acquired a state tax situs and is thereafter transported outside the state for repairs performed outside the state and is thereafter returned to the state the cost price shall be deemed to be the actual cost of any parts and/or materials used in performing such repairs, if applicable labor charges are separately stated on the invoice. If the applicable labor charges are not separately stated on the invoice, it shall be presumed that the cost price is the total charge reflected on the invoice.

(2) Cost price shall not include the supplying and installation of board roads to oil field operators if the installation charges are separately billed to the customer at the time of installation.

(3) In the case of interchangeable components located in the parish, a taxpayer may elect to determine the cost price of such components as follows:

    a. The taxpayer shall send to the secretary written notice of the calendar month (hereinafter referred to as the "first month") selected by the taxpayer as the first month for the determination of cost price. The taxpayer may select any month. The taxpayer shall send to the secretary notice of an election to designate a first month on the first day of the designated first month, or 90 days from July 1, 1990, whichever is later.

    b. For the first month and each month thereafter, cost price shall be based and use tax shall be paid only on 1/60 of the aggregate cost price of the interchangeable components deployed and earning revenue within the parish during the month, without regard to any credit or other consideration for the state, political

Case 2:21-cv-02106-JTM-KWR    Document 23-3    Filed 11/15/21    Page 25 of 1004

subdivision, or school board use tax previously paid on such interchangeable components.

   c.  Any election shall be irrevocable for a period of 60 consecutive months inclusive of the first month. If at any time after the 60-month period the taxpayer revokes its election, no credit or other consideration for use taxes paid pursuant thereto shall be applied to any use tax liability arising after such revocation.

   d.  Interchangeable component means a component that is used or stored for use in measurement-while-drilling instruments or systems manufactured or assembled by the taxpayer, which measurement-while-drilling instruments or systems collectively generate 80 percent or more of their annual revenue from their use outside of the parish.

      1.  Measurement-while-drilling instruments or systems means instruments or systems which measure information from a downhole location in a borehole, transmit the information to the surface during the process of drilling the borehole using a wireless technique, and receive and decode the information on the surface.

      2.  The method for determining cost price of interchangeable components shall apply to use taxes. An appropriate official of the parish shall be designated to receive the required notices.

(4)  Cost price shall not include any amount designated as a cash discount or a rebate by a vendor or manufacturer of any new vehicle subject to the motor vehicle license tax. Rebate means any amount offered by the vendor or manufacturer as a deduction from the listed retail price of the vehicle.

(5)  Cost price, for purposes of the use tax, shall exclude any amount that a manufacturer pays directly to a dealer of the manufacturer's product for the purpose of reducing and that actually results in an equivalent reduction in the retail cost price of that product. This exclusion shall apply to the value of the coupons that dealers accept from purchasers as part payment of the sales price and that are redeemable by the dealers through manufacturers or their agents. The value of such coupons is deemed to be part of the cost price of the product purchased through the use of the coupon.

*Dealer* includes every person who manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in this parish. Dealer is further defined to mean:

(1)  Every person, who imports, or causes to be imported, tangible personal property from any state or foreign country for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in this parish.

(2)  Every person who sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in this parish, tangible personal property as defined herein.

(3)  Any person who has sold at retail, or used, or consumed, or distributed, or stored for use or consumption in this parish, tangible personal property and who cannot prove that the tax levied by this article has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property.

(4)  Any person who leases or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto. However, a person who leases or rents tangible personal property to customers who provide information to such person that they will use the property only offshore beyond the territorial limits of the state shall not be included in the term "dealer" for purposes of the collection of the rental or lease tax on such lease or rental contracts. The term "use" means the operational or functional use of the property and not other uses related to its possession such as transportation, maintenance, and repair. The customers of such persons shall remit any tax due on the lease or rental of such property directly to the parish.

(5)  Any person who is the lessee or rentee of tangible personal property and who pays to the owner of such

Case 2:21-cv-02106-JTM-KWR    Document 2-3    Filed 11/15/21    Page 26 of 1004

property a consideration for the use or possession of such property without acquiring title thereto.

(6)  Any person, who sells or furnishes any of the services subject to tax under this article.

(7)  Any person, as used in this article, who purchases or receives any of the services subject to tax under this article.

(8)  Any person engaging in business in this parish. Engaging in business in this parish means and includes any of the following methods of transacting business: maintaining directly, indirectly, or through a subsidiary, an office, distribution house, sales house, warehouse, or other place of business or by having an agent, salesman, or solicitor operating within the parish under the authority of the seller or its subsidiary irrespective of whether such place of business, agent, salesman, or solicitor is located in this parish permanently or temporarily or whether such seller or subsidiary is qualified to do business in this parish, or any person who makes deliveries of tangible personal property into the parish other than by a common or contract carrier.

(9)  Any person who sells at retail any tangible personal property to a vending machines operator for resale through coin-operated vending machines.

(10)  Any person who makes deliveries of tangible personal property into the parish in a vehicle owned or operated by said person.

(11)  The term "dealer" shall not include lessors of railroad rolling stock used either for freight or passenger purposes. However, the term "dealer" shall include lessees, other than a railway company or railroad corporation, of such property and such lessees shall be responsible for the collection and payment of all sales and use taxes.

(12)  The term "dealer" shall include every person who engages in regular or systematic solicitation of a consumer market in this parish by the distribution of catalogs, periodicals, advertising, fliers, or other advertising, or by means of print, radio or television media, by mail, telegraphy, telephone, computer data base, cable, optic, microwave, or other communication system.

*Distraint* or *distrain* means the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provision of this article.

*Engaging in business in the authority* or *engaging in business in the parish* means and includes any of the following methods of transacting business: maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse, or other place of business or by having an agent, salesman, solicitor, or employee operating within the authority under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor, or employee is located in the authority permanently or temporarily, or whether such a seller or subsidiary is qualified to do business in the authority, or by having within the authority any choses in or causes of action, or any property, or any liens on property, or any indebtedness due it in the authority, protected by the laws and courts of the authority.

*Free hospital* means a hospital that does not charge any patients for health care provided by the hospital.

*Gross sales* means the sum total of all retail sales of tangible personal property, as provided and defined in this section, and sales of services without any deduction whatsoever of any kind or character, except as provided in this article.

*Hotel* means and includes any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to transient guests where such establishment consists of six or more sleeping rooms, cottages or cabins at a single business location. The term "hotel" shall not include camp and retreat facilities owned and operated for religious purposes by nonprofit religious organizations, which includes recognized domestic nonprofit corporations organized for religious purposes, provided that the net revenue derived from the organization's property is devoted wholly to religious purposes. The term "hotel" shall include camp and retreat facilities which sell rooms or other accommodations to transient guests. However, transient guests shall not include guests who participate in organized religious activities which take place at such camp or retreat facilities. It is the intention of the police jury to tax the furnishing of rooms to those who merely purchases lodging at such facilities.

Case 2:21-cv-02106-JTM-KWR    Document 2-3    Filed 11/15/21    Page 27 of 1004

*Lease or rental* means the leasing or renting of tangible personal property and the possession or use thereof by the lessee or renter for a consideration, without transfer of the title of such property. For the purpose of the leasing or renting of automobiles, lease means the leasing of automobiles and the possession or use thereof by the lessee, for a consideration, without the transfer of the title of such property for a 180-day period or more. Rental means the renting of automobiles and the possession or use thereof by the renter, for a consideration, without the transfer of the title of such property for a period less than 180 days.

(1) The term "lease or rental" shall not mean or include:

     a. The lease or rental made for the purposes of re-lease or re-rental of casing tools and pipe, drill, pipe, tubing, compressors, tanks, pumps, power units, other drilling or related equipment used in connection with the operating, drilling, complete, or reworking of oil, gas, sulphur, or other mineral wells.

     b. A lease or rental of property to be used in performance of a contract with the United States Department of the Navy for construction or overhaul of U.S. Naval vessels.

(2) The term "lease or rental" shall not mean the lease or rental of:

     a. Airplanes or airplane equipment by a commuter airline domiciled in the state.

     b. Items, including but not limited to supplies and equipment, which are reasonably necessary for the operation of free hospitals.

     c. Educational materials or equipment used for classroom instruction by approved parochial and private elementary and secondary schools which comply with the court order from the Dodd Brumfield decision and Section 501(c)(3) of the Internal Revenue Code, limited to books, workbooks, computers, computer software, films, videos, and audio tapes.

     d. Tangible personal property to Boys State of Louisiana, Inc., and Girls State of Louisiana, Inc., which is used by such organizations for their educational and public service programs for youth.

     e. Motor vehicles by licensed motor vehicle dealers, as defined in R.S. 32:1252(14), or vehicle manufacturers, as defined in R.S. 32:1252(11), for their use in furnishing such leased or rented motor vehicles to their customers in performance of their obligations under warranty agreements associated with the purchase of a motor vehicle or when the applicable warranty has lapsed and the leased or rented motor vehicle is provided to the customer at no charge.

*New article* means the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

*Person,* except as provided in subsection (1) of this definition, includes any individual, firm, copartnership, joint venture, association, corporation, cooperative, estate, trust, business trust, receiver, syndicate, this state, any parish, city and parish, municipality, district or other political subdivision thereof or any board, agency, instrumentality, or other group or combination acting as a unit. For purposes of the payment of the sales and use tax, the term "person" shall not include:

(1) This state, any parish, city and parish, municipality, district, or other political subdivision thereof, or any agency, board, commission, or instrumentality of this state or its political subdivisions.

(2) A church or synagogue that is recognized by the United States Internal Revenue Service as entitled to exemption under section 501(c)(3) of the United States Internal Revenue Code.

     a. The secretary of the state department of revenue shall promulgate rules and regulations defining the terms "church" and "synagogue" for purposes of this exclusion. The definitions shall be consistent with the criteria established by the U.S. Internal Revenue Service in identifying organizations that qualify for church status for federal income tax purposes.

     b. No church or synagogue shall claim exemption or exclusion from the sales and use tax before having

obtained a certificate of authorization from the secretary of the state department of revenue. The secretary shall develop application for such certificates. The certificates shall be issued without charge to the institutions that qualify.

   c. The exclusion from the sales and use tax authorized in subsection (2) of this definition shall apply only to purchases of bibles, song books, or literature used for religious instruction classes.

(3) The Society of the Little Sisters of the Poor.

   a. The secretary of the state department of revenue shall promulgate rules and regulations for purposes of this exclusion. The definitions shall be consistent with the criteria established by the U.S. Internal Revenue Service in identifying tax-exempt status for federal income tax purposes.

   b. No member of the Society of the Little Sisters of the Poor shall claim exemption or exclusion from the sales and use tax before having obtained a certificate of authorization from the secretary of the state department of revenue. The secretary shall develop applications for such certificates. The certificates shall be issued without charge to the entities which qualify.

*Purchaser* means any person who acquires or receives any tangible personal property, or the privilege of using any tangible personal property, or receives any services pursuant to a transaction subject to taxes under this article.

*Retail sale* or *sale at retail* means a sale to a consumer or to any person for any purpose other than for resale as tangible personal property, or for the lease of motor vehicles in an arm's length transaction, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided that sales for resale or for lease of motor vehicles in an arm's length transaction must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale or for the lease for motor vehicles, which is not in strict compliance with the rules and regulations shall himself be liable for and pay the tax.

(1) The term "retail sale" or "sale at retail," for purposes of sales and use taxes imposed by the parish on transactions involving the sale for rental of automobiles which take place on or after July 1, 1996, means a sale to a consumer or to any other person for any purpose other than for resale or tangible personal property, or for lease or rental in an arm's length transaction in the form of tangible, personal property, and shall mean and include all such transactions as the secretary, upon investigation, finds to be in lieu of sales; provided that sales for resale or for lease or rental in an arm's length transaction must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale or for lease or rental, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.

(2) The term "retail sale" or "sale at retail," for purposes of sales and use taxes imposed by the parish on transaction involving the sale for rental of automobiles which take place prior to July 1, 1996, and for purposes of sales and use taxes except for transactions involving the sale for rental of automobiles on or after July 1, 1996, means a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, and means and includes all such transactions as the secretary, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax. However, contrary provisions of law notwithstanding, the parish may, by ordinance, adopt the definition of retail sale or sale at retail provided in subsection (1) of this definition for purposes of the imposition of its sales and use tax.

(3) The sale of tangible personal property to a dealer who purchases the property for resale through coin-operated vending machines shall be considered a sale at retail, subject to the tax levied by R.S. 47:302(A) and R.S. 47:321(A). The subsequent resale of the property by the dealer through coin-operated vending machines shall not be considered a sale at retail.

(4)   The term "sale at retail" does not include the:

     a.   Sale of materials for further processing into articles of tangible personal property for sale at retail. Natural gas when used in the production of iron in the process known as the direct reduced iron process is not a catalyst and is recognized by the police jury to be a material for further processing into an article of tangible personal property for sale at retail.

     b.   Sale of electricity for chlor-alkali manufacturing processes, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business.

     c.   Sale of any human tissue transplants, which shall be defined to include all human organs, bone, skin, cornea, blood, or blood products transplanted from one individual into another recipient individual.

     d.   Sale of raw agricultural commodities including but not limited to feed, seed, and fertilizer, to be utilized in preparing, finishing, manufacturing, or producing crops or animals for market. The state department of agriculture and forestry shall develop and promulgate guidelines to determine who meets the definition. Any person meeting such guidelines shall receive a certificate from the department of agriculture and forestry, indicating that such person is eligible to purchase such items without paying tax thereon.

     e.   Sale of food items by youth serving organizations chartered by congress.

     f.   Purchase of a new school bus or a used school bus which is less than five years old by an independent operator, when such bus is to be used exclusively in a public school system.

     g.   Sale of tangible personal property to food banks, as defined in R.S. 9:2799.

     h.   Sale of airplanes or airplane equipment or parts to a commuter airline domiciled in the state.

     i.   Sales of state manufactured or assembled passenger aircraft with a capacity in excess of 50 persons, if, after all transportation, including transportation by the purchaser, has been completed, the aircraft is ultimately received by the purchaser outside of the state.

     j.   Sales of pelletized paper waste when purchased for use as combustible fuel by an electric utility or in an industrial manufacturing, processing, compounding, reuse, or production process, including the generation of electricity or process steam, at a fixed location in this state. However, such sale shall not be excluded unless the purchaser has signed a certificate stating that the fuel purchased is for the exclusive use designated herein. For purposes of this subsection, pelletized paper waste means pellets produced from discarded waste paper that has been diverted or removed from solid waste which is not marketable for recycling and which is wetted, extruded, shredded, or formulated into compact pellets of various sizes for use as a supplemental fuel in a permitted boiler.

     k.   Sale or purchase of equipment used in firefighting by bona fide volunteer and public fire departments.

     l.   Sale of items, including but not limited to supplies and equipment, or the sale of services as provided in this definition, which are reasonably necessary for the operation of free hospitals.

     m.   Sale of tangible personal property by approved parochial and private elementary and secondary schools which comply with the court order from the Dodd Brumfield decision and section 501(c)(3) of the Internal Revenue Code, or students, administrators, or teachers, or other employees of the school, if the money from such sales, less reasonable and necessary expenses associated with the sale, is used solely and exclusively to support the school or its program or curricula. This exclusion shall not be construed to allow tax-free sales to students or their families by promoters or regular commercial dealers through the use of schools, school faculty, or school facilities.

     n.   Sale to approved parochial and private elementary and secondary schools which comply with the court order from the Dodd Brumfield decision and section 501(c)(3) of the Internal Revenue Code of educational materials or equipment used for classroom instruction limited to books, workbooks, computers, computer

Case 2:21-cv-02106-JTM-KWR    Document 2-3    Filed 11/15/21    Page 30 of 1004

software, films, videos, and audio tapes.

    o. Sale of tangible personal property to Boys State of Louisiana, Inc., and Girls State of Louisiana, Inc., which is used by such organizations for their educational and public service programs for youth.

(5) Notwithstanding any other law to the contrary, for the purposes of the imposition of the sales and use tax, the sale of a vehicle subject to the Vehicle Registration License Tax Law (R.S. 47:451 et seq.) shall be deemed to be a retail sale or a sale at retail:

    a. In the political subdivision of the principal residence of the purchaser if the vehicle is purchased for private use; or

    b. In the political subdivision of the principal location of the business if the vehicle is purchased for commercial use, unless the vehicle purchased for commercial use is assigned, garaged, and used outside of such political subdivision, in which case the sale shall be deemed a retail sale or a sale at retail in the political subdivision where the vehicle is assigned, garaged, and used.

(6) The term "retail sale" does not include a sale of corporeal movable property which is intended for future sale to the United States government or its agencies, when title to such property is transferred to the United States government or its agencies prior to the incorporation of that property into a final product.

(7) The term "pollution control device or system" shall mean any tangible personal property approved by the state department of revenue and the state department of environmental quality and sold or leased and used or intended for the purpose of eliminating, preventing, treating, or reducing the volume or toxicity or potential hazards of industrial pollution of air, water, groundwater, noise, solid waste, or hazardous waste in the state. The term "sale at retail" shall include the sale of a pollution control device or system. In order to qualify, the pollution control device or system must demonstrate either: a net decrease in the volume or toxicity or potential hazards of pollution as a result of the installation of the device or systems; or that installation is necessary to comply with federal or state environmental laws or regulations.

*Retailer* means and includes every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in the authority or any person rendering services taxable hereunder.

*Sale* means any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing, or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale. The term "sale" shall also include the sales of services, which means and includes the following:

(1) The furnishing of sleeping rooms, cottages or cabins by hotels.

(2) Places of amusement.

    a. The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, and universities, and recreational events, and the furnishing, for dues, fees, or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities; but the term "sales of services" shall not include membership fees or dues of nonprofit, civic organizations, including by way of illustration and not of limitation the Young Men's Christian Association, the Catholic Youth Organization, and the Young Women's Christian Association.

    b. Places of amusement shall not include museums, which are hereby defined as public or private nonprofit institutions which are organized on a permanent basis for essentially educational or aesthetic purposes and

which use professional staff to do all of the following: own or use tangible objects, whether animate or inanimate; care for those objects; and exhibit them to the public on a regular basis. Museums include but are not limited to the following institutions:

1. Museums relating to art, history, including historic buildings, natural history, science, and technology.

2. Aquariums and zoological parks.

3. Botanical gardens and arboretums.

4. Nature centers.

5. Planetariums.

c. The term "places of amusement" as used herein shall not include camp and retreat facilities owned and operated for religious purposes by nonprofit religious organizations, which includes recognized domestic nonprofit corporations organized for religious purposes, provided that the net revenue derived from the organization's property is devoted wholly to religious purposes.

(3) The furnishing of storage or parking privileges by auto hotels and parking lots.

(4) The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter.

(5) The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs.

(6) The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities.

(7) The furnishing of repairs to tangible personal property, including but not restricted to the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes, and office appliances and equipment. Charges for the furnishing of repairs to tangible personal property may be excluded from sales of services, as defined in this subsection, when the repaired property is delivered to the customer in another state either by common carrier or the repair dealer's own vehicle, however, as to aircraft, delivery may be by the best available means. This exclusion shall not apply to sales and use taxes levied by the parish. However, the parish may apply the exclusion as defined in this subsection to sales or use taxes levied by the parish. Offshore areas shall not be considered another state for the purpose of this section. For the purposes of this subsection, tangible personal property shall include machinery, appliances, and equipment which have been declared immovable by declaration under the provisions of Louisiana Civil Code art. 467 and things which have been separated from land, buildings, or other constructions permanently attached to the ground or their component parts as defined in Louisiana Civil Code art. 466.

(8) The term "sale of service" shall not include an action performed pursuant to a contract with the United States Department of Navy for construction or overhaul of U.S. naval vessels.

(9) The furnishing of telecommunication services for compensation.

a. Except as otherwise provided in this subsection, the term "telecommunication services" means:

1. Local telephone service, private communication service, toll telephone service, including such service provided by alternate operator service providers, and teletypewriter or computer exchange service.

2. Cellular mobile telephone or telecommunication service, specialized mobile radio or paging service, and any other form of mobile or portable one-way or two-way communication.

3. Charges for the connection of or change to any of the services described in subsections 1. or 2. of subsection (9)a. of this definition.

b. The term "telecommunication services" shall not include:

1. Telecommunication services paid for by inserting coins in coin-operated telephones available to the public.

2. Any excise, franchise, or similar tax or like fee or assessment levied by the United States, by the state or by any political subdivision as defined in article VI, section 44(2) of the state constitution upon the purchase, sale, use, or consumption of any telecommunication services, which tax, fee, or assessment is collected by the seller from the purchaser.

3. Any interstate telecommunication services, or any telecommunication services for which rates are approved by or subject to approval by the Federal Communications Commission, including interstate subscriber line charges.

4. The furnishing of any telecommunication services for resale, including charges for the use of intercompany facilities pursuant to shared network facility arrangements, access charges paid by intrastate or interstate interexchange telecommunications carriers and interconnection charges paid by providers of cellular, mobile, and paging telecommunication services, provided that any dealer making a sale of telecommunication services for resale shall obtain a certificate from the purchaser of such services certifying that such services are purchased for the purpose of resale, the form of the certification to be determined by rules and regulations to be promulgated by the secretary.

5. Services or transactions defined in this subsection among entities classified as members of an affiliated group as provided by federal law (25 USC 1504); provided, however, that these provisions shall not apply to any services that would have been taxable under state law as it existed on October 1, 1990.

6. Information and data services, including storage of data or information for subsequent retrieval, the retrieval of data or information, or the processing, or reception and processing, of data or information intended to change its form or content.

c. For the purposes of the definition of "tangible personal property," the following definitions shall apply:

1. The term "local telephone service" means the access to a local telephone system and the privilege of telephonic-quality communication with substantially all persons having telephone or radio telephone stations constituting a part of such local telephone system.

2. The term "teletypewriter or computer exchange service" means the access from a teletypewriter, telephone, computer, or other data station and the privilege of intercommunication by such station with substantially all persons having teletypewriter, telephone, computer, or other data stations constituting a part of the same teletypewriter or computer exchange system. The term "teletypewriter or computer exchange service" does not include the storage of data or information for subsequent retrieval, the retrieval of data or information, or the processing, or reception and processing, of data or information intended to change its form or content.

3. The term "toll telephone service" means: a telephonic-quality communication for which there is a toll charge that varies in amount according to the distance and elapsed transmission time of each individual communication; or a service that entitles the subscriber or user, upon the payment of a periodic charge that is determined as a flat amount or upon the basis of total elapsed transmission time, or upon some combination thereof, to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located. The term "toll telephone service" includes intrastate wide-area telephone service charges.

4. The term "private communication service" means a communication service furnished to a regular subscriber or user that entitles the subscriber or user to exclusive or priority use of a communication channel or group of channels, or to the use of an intercommunication system for the subscriber's

stations, regardless of whether such channel, groups or channels, or intercommunication system may be connected through switching with a service described in subsections 1., 2. or 3. of subsection (8)d. of this definition, switching capacity, extension lines, and stations, or other associated services which are provided in connection with, and which are necessary or unique to the use of, channels or systems described in this clause; or the channel mileage which connects a telephone station located outside a local telephone system area with a central office in such local telephone system.

    5.  The term "alternate operator service provider" means any reseller of toll telephone service, as defined in subsection 3. of subsection (8)d. of this definition, that provides live or mechanical operator assistance to the end user of such toll telephone service.

  d.  The parish shall not levy a sales and use tax on telecommunication services not in effect on July 1, 1990. The provisions of this subsection shall not be construed to prohibit the levy or collection of any franchise, excise, gross receipts, or similar tax or assessment by any political subdivision of the state as defined in article VI, section 44(2) of the state constitution.

*Sales price* means the total amount for which tangible personal property is sold, less the market value of any article traded in including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six percent of the amount financed, and losses; provided that cash discounts allowed and taken on sale shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling, or repairing property sold.

(1)  The term "sales price" shall not include:

    a.  Any amount designated as a cash discount or a rebate by the vendor or manufacturer of any new vehicle subject to the motor vehicle license tax. For purposes of this subsection, "rebate" means any amount offered by a vendor or manufacturer as a deduction from the listed retail price of the vehicle.

    b.  The first $50,000.00 of the sale price of new farm equipment used in poultry production.

(2)  The term "sales price," for purposes of the sales tax, shall exclude any amount that a manufacturer pays directly to a dealer of the manufacturer's product for the purpose of reducing and that actually results in an equivalent reduction in the retail sales price of that product. This exclusion shall not apply to the value of the manufacturer's coupons that dealers accept from purchasers as part payment of the sales price and that are redeemable by the dealers through manufacturers or their agents. The value of such coupons is deemed to be part of the sales price of the product purchased through the use of the coupons.

*Secretary.* See "collector."

*Storage* means and includes any keeping or retention in the authority of tangible personal property for use or consumption in the authority or for any other purpose other than for sale at retail in the regular course of business.

*Tangible personal property* means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include:

(1)  Stocks, bonds, notes, or other obligations or securities.

(2)  Gold, silver, or numismatic coins, or platinum, gold, or silver bullion having a total value of $1,000.00 or more.

(3)  Proprietary geophysical survey information or geophysical data analysis furnished under a restricted use agreement even though transferred in the form of tangible personal property.

(4)  The repair of a vehicle by a licensed motor vehicle dealer which is performed subsequent to the lapse of the applicable warranty on that vehicle and at no charge to the owner of the vehicle. For the purpose of assessing a sales and use tax on this transaction, no valuation shall be assigned to the services performed or the parts used

in the repair.

(5) Work products which are written on paper, stored on magnetic or optical media, or transmitted by electronic device, when such work products are created in the normal course of business by any person licensed or regulated by the provisions of R.S. tit. 37, unless work products are duplicated without modification for sale to multiple purchasers. This exclusion shall not apply to work products which consist of the creation, modification, updating, or licensing of computer software.

*Use,* for purposes of the imposition of the sales and use tax, means and includes the exercise of any right or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business or the donation to a school in the state which meets the definition provided in R.S. 17:235 or to a public or recognized independent institution of higher education in the state of property previously purchased for resale in the regular course of a business. The term "use" shall not include the donation of food items to food bank as defined in R.S. 9:2799(B).

(1) The term "use," for purposes of sales and use taxes imposed on the use for rental of automobiles which take place:

   a. On or after July 1, 1996, shall not include the purchase, importation, consumption, distribution, or storage of tangible personal property to be leased or rented in an arm's length transaction as tangible personal property.

   b. Prior to July 1, 1996, and for purposes of sales and use taxes levied except for any use for rental automobiles on or after July 1, 1996, shall include the purchase, importation, consumption, distribution, or storage of tangible personal property to be leased or rented in an arm's length transaction as tangible personal property.

(2) Notwithstanding any other law to the contrary, the purposes of the imposition of the sales and use tax, the use of a vehicle subject to the Vehicle Registration License Tax Law (R.S. 47:451 et seq.) shall be deemed to be a use in the political subdivision of the:

   a. Principal residence of the purchaser if the vehicle is purchase for private use, or

   b. Principal location of the business if the vehicle is purchased for commercial use, unless the vehicle purchased for commercial use is assigned, garaged, and used outside of such political subdivision, in which case the use shall be deemed a use in the political subdivision where the vehicle is assigned, garaged, and used.

(3) The term "use" shall not include the:

   a. Exercise of any right or power by a free hospital over items, including but not limited to supplies and equipment, which are reasonably necessary for the operation of the free hospital.

   b. Purchase of or the exercise of any right or power over:

      1. Tangible personal property sold by approved parochial and private elementary and secondary schools which comply with the court order from the Dodd Brumfield decision and section 501(c)(3) of the Internal Revenue Code, or students, administrators, or teachers, or other employees of the school, if the money from such sales, less reasonable and necessary expenses associated with the sale, is used solely and exclusively to support the school or its program or curricula.

      2. Educational materials or equipment used for classroom instruction by approved parochial and private elementary and secondary schools which comply with the court order from the Dodd Brumfield decision and section 501(c)(3) of the Internal Revenue Code, limited to books, workbooks, computers, computer software, films, videos, and audio tapes.

   c. Purchase of or the exercise of any right or power over tangible personal property used by Boys State of Louisiana, Inc., and Girls State of Louisiana, Inc., for their educational and public service programs for youth.

(4)   Use tax includes the use, consumption, distribution, and storage as defined in this definition. No use tax shall be due collected by the parish on tangible personal property used, consumed, distributed, or stored for use or consumptio parish if the sale of such property would have been exempted or excluded from sales tax at the time such property subject to the taxing jurisdiction of the parish.

(Code 1979, § 21-21)

**Cross reference—** Definitions generally, § 1-2.

Sec. 86-72. - Imposition of tax.

(a)   There is hereby levied for the purposes stated in the proposition attached to Ordinance No. 4687 as Exhibit A, a tax upon the sale at retail, use, lease or rental, consumption and storage for use or consumption of tangible personal property and upon the sale of services within the authority as defined herein; and the levy of such tax shall be as follows:

(1)   At the rate of 0.70 percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the police jury and to include each and every retail sale.

(2)   At the rate of 0.70 percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority provided there shall be no duplication of the tax.

(3)   At the rate of 0.70 percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined in section 86-71 where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the such business.

(4)   At the rate of 0.70 percent of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5)   At the rate of 0.70 percent of the gross proceeds derived from the sale of services, as defined in section 86-71.

(b)   Sales or use taxes paid to the police jury on the purchase of new motor trucks and new motor tractors licensed and registered for 12,000 pounds or more, under the provisions of R.S. 47:462, new trailers and new semitrailers licensed and registered for 16,000 pounds or more under the provisions of such section for rental may be deducted as a credit against the tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has not [sic] been exceeded. The sales tax paid to another authority or taxing authority in the state, or in an authority in a state other than Louisiana on the purchase price of property is not deductible from the tax subsequently due on the rental of such property in the authority. Property imported by the lessee for use in the authority that has been previously used by him in another authority is not subject to any tax on the value when imported, but is only subject to the tax that applies on rental payments.

If the tax on rental income fails to exceed the credits for sales or use tax paid, no refund is due the purchaser.

A dealer in the authority who ordinarily purchases personal property for sale and who withdraws a piece of property from stock for rental is not liable for a sales or use tax on the purchase price of the property when withdrawn from stock. Such person is liable only for the tax applicable on the rental income.

Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(c)   The tax shall be collected from the dealer and paid at the time, and in the manner provided in this section.

(d)   The tax so levied is, and shall be in addition to all other taxes, whether levied in form of sales, excise, or license,

Case 2:21-cv-02106-JTM-KWR   Document 2-3   Filed 11/15/21   Page 36 of 1004

privilege or property taxes levied by any other ordinance or resolution of the governing body.

(e)  The dealer shall collect the tax levied by this article, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the collector of revenue of the state under the authority of R.S. 47:304. Such schedule or schedules shall include, in addition to the tax hereby levied pursuant to the election held on September 29, 1984, all sales taxes levied by the state, all sales taxes levied in the incorporated municipalities of the authority, and the one percent sales and use tax presently being levied by the parish school board. The dealer will remit that portion of such total taxes representing the tax levied by this article to the collector. Copies of such integrated bracket schedules are available to dealers on request to the authority or the collector.

(f)  The collection of the tax herein levied shall be made in the name of the authority by the collector.

(Code 1979, § 21-22)

Sec. 86-73. - Exemptions and exclusions from tax.

(a)  The taxes imposed by this article shall not apply to transactions involving the following tangible personal property:

(1)  The gross proceeds derived from the sale in the authority of livestock, poultry and all other farm products direct from the farm, provided that such sales are made directly by the producers. When sales of livestock, poultry, and other farm products are made to consumers by any person, other than a producer, they are not exempted from the tax imposed by this article; provided, however, that every agricultural commodity sold by any person, other than a producer, to any other person who purchases not for direct consumption but for the purpose of acquiring raw products for use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be exempted from any and all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer or any other utilization of or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one tax be exacted.

(2)  The use tax shall not apply to livestock and livestock products, to poultry and poultry products, to farm, range and agricultural products when produced by the farmer and used by him and members of his family.

(3)  Where a part of the purchase price is represented by an article traded in, the sales tax is payable on the total purchase price less the market value of the article traded in, or in the case of a motor vehicle returned to a dealer's inventory, less the wholesale value of the vehicle returned.

(4)  The sale at retail, use, consumption, distribution, and storage to be used or consumed in the authority of the following tangible personal property is hereby specifically exempted from the tax imposed by this article: gasoline, steam, water (not including mineral water or carbonated water or any water put up in bottles, jugs or containers, all of which are not exempted), electric power or energy, and any materials and energy sources used to fuel the generation of electric power; newspapers, fertilizer and containers used for farm products when sold directly to the farmer, natural gas, all energy sources when used for boiler fuel, except refinery gas when used for boiler fuel; new trucks, new automobiles and new aircraft withdrawn from stock by factory authorized new truck, new automobile and new aircraft dealers, with the approval of the state department of revenue, and titled in the dealer's name for use as demonstrators, and the sale of prescription drugs under the Pharmaceutical Vendor program of Title XIX of the Social Security Act as administered by the state department of health and hospitals.

(5)  The sales of materials and supplies to the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or in interstate coastwise commerce; nor to the materials and supplies

used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; nor to laundry services preformed for the owner or operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in course of the operation of such ships or vessels.

The provisions of subsection (a)(5) of section 86-73 do not apply to drilling equipment used for oil exploitation or production, unless such equipment is built for exclusive use outside the boundaries of the state and is removed forthwith from the state upon completion.

(6)  The sale at retail of seeds for use in the planting of any kind of crops.

(7)  The sale of casing, drill pipe and tubing in the authority for use offshore beyond the territorial limits of the state for the production of oil, gas, sulphur and other minerals or vessels leased for such purposes or for the providing of services to those engaged in such production.

(8)  The sale or use of any materials, supplies or products for use in connection with any phase of the construction of the Toledo Bend Dam Project on the Sabine River.

(9)  The sale of admission tickets by little theatre organizations.

(10)  The sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit organization known as a symphony organization or a society or organization engaged in the presentation of musical performances; provided that this exemption shall not apply to performances given by out-of-state or nonresident symphony companies, nor to any performance intended to yield a profit to the promoters thereof.

(11)  The amount paid by the operator of a motion picture theatre to a distributing agency for use of films of photoplay.

(12)  The sale at retail of pesticides used for agricultural purposes, including particularly, but not by way of limitation, insecticides, herbicides, and fungicides.

(13)  The sale at retail of tangible personal property purchased within the authority for use exclusively beyond the territorial limits of the authority. If tangible personal property purchased tax free under the provisions of section 86-73 is later brought into the authority for use herein, the property shall be subject to the use tax as of the time it is brought in the authority for use herein, subject to the credit provided in section 21-25(c) of this article.

If the first use of tangible personal property purchased in the authority for use beyond the territorial limits of the authority occurs in a city or parish of this state or in a city or county in a state other than this state which imposes a sales or use tax, exemption provided herein shall apply only if:

a.  The purchase is properly registered for sales and use tax purposes in a city or parish in this state or in a city or county in a state other than this state, wherein tangible personal property is used, and regularly reports and pays sales and use tax in such other parish in this state or in a city or county in a state other than this state;

b.  The city or parish in this state or the city or county in a state other than this state in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that city or parish in this state or city or county in a state other than this state for use in the authority; and

c.  The purchaser obtains from the collector a certificate authorizing him to make the nontaxable purchases authorized under this section.

(14)  The amounts paid by radio and television broadcasters for the right to exhibit or broadcast copyrighted material and the use of film, video or audio tapes, records or any other means supplied by licensors thereof in connection with such exhibition or broadcast.

(15)  The purchase or rental by private individuals of machines, parts therefor and materials and supplies which a

Case 2:21-cv-02106-JTM-KWR    Document 2-3    Filed 11/15/21    Page 38 of 1004

physician has prescribed for home rental dialysis.

(16) No new or additional sales or use tax shall be applicable to sales of material or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of the ordinance from which this article is derived or to sales or services involved in such contracts entered into and reduced to writing within 90 days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to such effective date.

(17) Purchases of equipment used in firefighting by bona fide organized public volunteer fire departments.

(18) The sale of admissions to entertainment events furnished by recognized domestic nonprofit charitable, educational and religious organizations when the entire proceeds from such sales, except for necessary expenses in connection with the entertainment events, are used for the purposes for which the organizations furnishing the events were organized.

(19) Sales of tangible personal property at, or admission charges for, events sponsored by domestic, civic, educational, historical, charitable, fraternal or religious organizations, which are nonprofit, when the entire proceeds, except for the necessary expense connected therewith, are used for educational, charitable, religious or historical restoration purposes.

The exemption provided in subsection (a)(19) of this section shall not apply to any event intended to yield a profit to the promoter or to any individual contracted to provide services or equipment, or both, for the event.

This section shall not be construed to exempt regular commercial ventures of any type such as bookstores, restaurants, gift shops, commercial flea markets and similar activities that are sponsored by organizations qualifying hereunder which are in competition with retail merchants.

This section shall not be construed to exempt any organization or activity from the payment of sales or use taxes otherwise required by law to be made on purchases made by these organizations.

Such exemption shall be available pursuant to regulations prescribed by the collector.

(20) Sales or purchases made by blind persons in the conduct of a business which is exempt from license taxes by R.S. 46:371—46:373, inclusive.

(21) Necessary fees incurred in connection with the installation and service of cable television. Such exemption shall not apply to the purchases made by any cable television system, but shall only apply to funds collected from the subscriber for regular service, installation and repairs.

(22) Income on receipts from any coin-operated washing or drying machine in a commercial laundromat as defined in R.S. 47:305.17.

(23) Sales of monetized bullion having a total value of $1,000.00 or more. For purposes of this section, monetized bullion means coins or other forms of money manufactured from gold, silver, or other metals, and heretofore, now, or hereafter used as a medium of exchange under the laws of this state, the United States, or any foreign nation.

(24) A parish retail dealer who ordinarily purchases for resale equipment of a type not subject to titling under R.S. tit. 32, such equipment having a dealer's cost of not less than $3,000.00 per unit, and such equipment being:

    a. Mobile, motorized self-propelled farm equipment and attachments thereto;

    b. Mobile, motorized earth moving equipment and attachments thereto; and/or

    c. Mobile, motorized self-propelled construction equipment and attachments thereto;

and who withdraws an item of such equipment from inventory, for rental, as a method for prompting sales, shall be exempt from the payment of sales or use tax on the purchase price of the property when withdrawn from inventory for such rental. The dealer shall be liable for the tax levied on the rental income, and a sales tax upon any ultimate sale of said item.

(25)  The leasing of those vessels for use offshore beyond the territorial limits of the state for the production of oil, gas, sulphur, and other minerals or for the providing of services to those engaged in such production.

(26)  The furnishing of vehicles by a dealer in new vehicles when such vehicles are withdrawn from inventory and furnished to a secondary school, college or public school board on a free loan basis for exclusive use in a driver education program accredited by the state department of education.

(27)  The purchase of airplane equipment, airplane parts, and airplanes of any commuter airline domiciled in the state. A commuter airline is defined as any airline transporting passengers and/or freight on a regularly scheduled basis, with a minimum of 20 flights per week, whose schedule is published in the Official Airline Guide but which has been exempted from the general rate and route regulations of the Civil Aeronautics Board under the provisions of section 298.11 of subpart B of part 298 of chapter 11 of title 14 of the Code of Federal Regulations promulgated under the authority of sections 1324 and 1386 of title 49 of the United States Code. A commuter airline is further defined as any airline having ticket counters that are staffed at airports it serves, a reservations office operating at least 12 hours a day, seven days a week and interline ticket and baggage agreements through the Air Traffic Conference of America.

(28)  To the sale at retail, use, consumption, distribution, and storage for use or consumption of each item or article of tangible personal property by a sheltered workshop for the mentally retarded licensed by the state department of health and human resources as a day development training center for the mentally retarded.

(29)  The purchases of capital mass transit equipment by any political subdivision or by any agency as defined in R.S. 42:1102.

(30)  The sale at retail, use, consumption, distribution and storage to be used or consumed in the state of any motor fuel known as gasohol containing a blend of at least ten percent alcohol, if the alcohol therein has been distilled in the state from agricultural commodities, as more particularly described in R.S. 47:305.28.

(b)  It is not the intention of this article to levy a tax upon articles of tangible personal property imported into the authority or produced or manufactured in the authority for export; nor is it the intention of this article to levy a tax on a bona fide transaction in interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, use, consumption, distribution, and storage to be used or consumed in the authority of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority.

(c)  No tax shall be due under this article on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the authority.

(d)  No tax shall be levied or collected on the storage of property which has been documented for use outside the political subdivision although the property may be stored within the political subdivision if the owners of such property which is to be stored for exclusive use outside the political subdivision have acquired a tax exemption certificate from the local tax collector. When a vendor is presented with a copy of a tax exemption certificate from a vendor, the vendor shall be relieved from liability for the collection of use tax on such property. If the property is removed from storage and is used within the political subdivision, the property shall be subject to taxation.

(Code 1979, § 21-23)

Sec. 86-74. - Collection of tax by dealer.

(a)  The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided for

the collection of the tax on motor vehicles in section (f) of this section. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of the sale; provided, however, that the police jury shall be joined as a party plaintiff in any action in or proceeding brought by the dealer to collect the tax.

(b) Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use, or other consumption in the authority shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(c) The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.

(d) In order to aid in the administration and enforcement of the provisions of this article and to collect all of the taxes imposed by this article, in the case of dealers commencing business or opening new places of business, within three days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by him. The collector shall, within five days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(e) A manufacturer, wholesaler dealer, jobber or supplier shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the police jury the tax imposed in this article.

(f) The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semitrailer, motor bus, house trailer, or any other vehicle subject to the state vehicle registration license tax shall be collected as provided in this section.

(1) The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue of the state at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

   a. The tax levied by this article on the sale of any such vehicle shall be due at the time registration or any transfer of registration is required by the Vehicle Registration License Tax Law of the state (R.S. 47:451 et seq.).

   b. The tax levied by this article on the use of any such vehicle in this authority shall be due at the time first registration in this authority is required by the Vehicle Registration License Tax Law (R.S. 47:451 et seq.).

(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the

serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment that are attached to the vehicle at the time of the sale and that are included in the sale price are to be considered a part of the vehicle.

(3)  It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the a collector of revenue of the state, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the collector of revenue in accordance with an agreement by and between the collector of revenue or the vehicle commissioner as agent therefor and the authority, the execution of which agreement is hereby authorized. Such tax so collected for the collector of revenue shall be paid to the authority and sent to the collector as soon as possible, and in any event at least once each quarter, all in accordance with such agreement.

(4)  The provisions contained in section 86-71 which exclude isolated or occasional sales from the definition of a sale at retail are not to apply to the sale of vehicles which are the subject to this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(5)  The tax levied by this article shall not be due on vehicles furnished by a dealer in new vehicles when withdrawn from inventory and furnished to a secondary school, college or public school board on a free loan basis for exclusive use in a driver education program accredited by the state department of education.

(g)  A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(h)  Where the tax collected for any period is in excess of 0.70 percent, the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(i)  Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the police jury, and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the police jury within 15 days after such sale was made or rendered.

(j)  For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Code 1979, § 21-24)


Sec. 86-75. - Collection of tax from dealer.

(a)  The tax imposed by this article shall be collectible by the collector on behalf of the police jury from all persons engaged as dealers.

(1)  The collector is duly authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the authority.

(2)  The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the taxes imposed hereunder.

(3)  Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this article.

(4)  The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(b)  On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if such articles had been sold at retail for use or consumption, in this authority. For the purpose of this article, use or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(c)  A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of such tangible personal property in another city or parish in the state, or city or county in another state. The credit provided herein shall be granted only in the case where the city or parish in the state, or the city or county in another state to which a similar tax has been paid grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in the state, or to a city or county in another state shall be according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by this police jury upon such tangible personal property that is the subject of the use tax imposed by this article.

(Code 1979, § 21-25)

Sec. 86-76. - Returns and payment of tax.

(a)  The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(b)  For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the 20th day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or retail, gross proceeds derived from sales of services, or gross payments for services, as the case may be, arising from all taxable transactions during the preceding calendar month. Thereafter, like returns shall be prepared and transmitted to such collector by all dealers, on or before the 20th day of each month, for the receding calendar month. The returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filling the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined such returns and that, to the best of his knowledge and belief, such returns are true, correct and complete.

(c)  At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the police jury therewith, the amount of the tax due for the preceding month under the applicable provisions of this article, and failure to so emit such tax shall cause such tax to become delinquent. All taxes, interest and penalties imposed under this article shall be paid to the police jury in the form of remittance required by the collector.

(d)  Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(e) The collector, for good cause, may extend for not to exceed 30 days the time for making any returns required under the provisions of this article.

(f) For the purpose of collecting and remitting to this police jury the tax imposed by this article, the dealer is hereby declared to be the agent of this police jury.

(Code 1979, § 21-26)

**Cross reference—** Special districts for sales tax, § 82-1046 et seq.

Sec. 86-77. - Records and inspection thereto.

(a) It shall be the duty of every dealer required to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector. It shall be the duty of every dealer to keep and preserve, for a period of three years, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article. All such books, invoices, and other records shall be open to examination at all reasonable hours, by the collector or any of his duly authorized agents.

(b) Each dealer shall secure, maintain and keep, for a period of three years, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within this authority by such dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(c) In order to aid in the administration and enforcement of the provisions of this article, and the collection of all of the tax imposed by this article, all wholesale dealers and jobbers in this authority are hereby required to keep a record of all sales of tangible personal property made in this authority, whether such sales are for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be kept until the taxes to which they relate have prescribed and shall be open to inspection of the collector or his duly authorized assistants or deputies at all reasonable hours. Whoever violates the provisions of this subsection shall be fined not less than $50.00 nor more than $200.00, or imprisoned for not less than ten days nor more than 30 days, or both, for the first offense. For the second or each subsequent offense, the fine shall be double.

(d) For the purposes of administering this article, the collector, at all reasonable hours, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(e) For the purpose of enforcing the collection of the tax levied by this article, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in this authority, whether such companies, agencies or firms

conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(f) The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(g) The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records, or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

(1) In an action or proceeding under the provisions of this article; and

(2) When the records or files or the facts shown thereby are directly involved in such action or proceedings.

(h) Nothing contained in this article shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3) The inspection by the legal representative of the police jury of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4) The examination of the records and files by the collector or by his duly authorized agents; or

(5) The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Code 1979, § 21-27)

Sec. 86-78. - Imported goods; permits.

In order to prevent the illegal importation into this authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having such truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into the authority, which property is subject to tax imposed by this article, to apply to the collector or his assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Code 1979, § 21-28)

Sec. 86-79. - Remedies for collection, including interest, penalties, etc.

(a) For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, and is subject to the tax herein levied; provided that such presumption shall be prima facie only, and subject to proof furnished to the collector.

(b) Failure to pay any tax due as provided in this article shall, ipso facto, without demand or putting in default, cause such tax, interest, penalties, and costs to become immediately delinquent, and the police jury is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on such dealer, to show cause in not less than two or more than ten days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why said dealer should not be ordered to cease from further pursuit of business as a dealer, and in case such rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the police jury prohibiting such dealer from the further pursuit of such business until such time as he has paid the delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(c) If the amount of tax due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax is due, there shall be collected, with such tax, interest upon such unpaid amount, at the rate of six percent per annum, or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five percent for each 30 days, or fraction thereof, of delinquency, not to exceed 25 percent in aggregate, of the tax due, when such tax is not paid within 30 days of the date the tax first becomes due and payable, and in the event of suit, attorneys' fees at the rate of ten percent of the aggregate of tax, interest and penalty.

(d) In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties, when collected, shall be placed to the account of the sales tax fund in the same manner as are the taxes collected under this article.

If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided in this section, a specific penalty of five percent of the tax or deficiency found to be due, or $10.00, whichever is greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(e) If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within 15 days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of

10/15/21, 3:42 PM
Case 2:21-cv-02106-JTM-KWR   Document 2-3   Filed 11/15/21   Page 46 of 1004
Title 33 Municipalities and Parishes | eCode360 Ordinances

such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assigns.

(f) In the event that any dealer is delinquent in the payment of the tax provided for in this article, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until 30 days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(g) In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(h) In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true or actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the police jury in the same manner as above provided in subsection (g) of this section, with interest plus penalties, if such have accrued.

(i) In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require such transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case such rule is made absolute, the same shall be considered a judgment of the court and every violation of such judgment as a contempt thereof and punished according to law.

(j) If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article for the taxable period for which such return is made, the collector shall give such dealer 15 days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and such collector may require such dealer, or other agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the collector or his assistants, respecting the sale at retail, the use, or consumption, or distribution, or storage for use or consumption, in the authority, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(k) If any dealer fails to make a return, or refuses to permit an examination of his books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be

Case 2:21-cv-02106-JTM-KWR   Document 2-3   Filed 11/15/21   Page 47 of 1004

served upon such dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(l)   The limitation into the authority of tangible personal property which is subject to tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in section 86-78 (if the tax imposed on this article on such tangible personal property has not been paid), shall be construed as an attempt to evade payment of such tax and the same is hereby prohibited, and such truck, automobile, or means of transportation other than a common carrier, and such taxable property may be seized by the police jury in order to secure such taxable property as evidence in a trial and such taxable property shall be subject to forfeiture and sale in the manner provided for in this article.

(m)  The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this article shall, ipso facto, make such tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether such delinquent dealer be a resident or nonresident of the authority, and whether such tangible personal property is in the possession of such delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that it is the intention of this article to prevent the disposition of such tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to the police jury.

In addition to the penalties prescribed in subsections (l) and (m) of this section, any person, or dealer, who shall violate the provisions thereof, upon conviction, shall be fined in a sum of not more than $100.00 or imprisonment in jail for a period of not more than 30 days, or by both such fine and imprisonment, in the discretion of the court. Each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of subsections (l) and (m) of this section shall constitute a separate offense.

(n)   The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer, to the police jury recoverable in any court of competent jurisdiction in an action at law by the police jury. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the police jury.

(o)   The police jury may require a bond or other security satisfactory to the collector for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(p)   If any person, or dealer, shall fail to make a return or report as required by this article, the collector, within three years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the police jury from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demands upon him for payment, or otherwise such claim shall prescribe.

(q)   After a return or report is filed under the provisions of this article, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary and if therefrom, he shall determine that there is a

deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the police jury from such person, or dealer, and make demand upon him for payment.

(r) If the collector finds that any person, or dealer liable for the payment of any tax under this article designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

All taxes, penalties and interest assessed pursuant to the provisions of the subsections (p), (q) and (r) of this section shall be paid within 15 days after notice and demand shall have been mailed to the dealer liable therefor by the police jury. If such taxes, penalties and interest so assessed shall not be paid within such 15 days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this article, a sum equivalent to five percent of the tax.

(s) If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative, who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(t) Any dealer who shall neglect, fail or refuse to collect the tax as provided in subsections 86-74(a)—(j), upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(u) For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and, upon conviction, be punished by a fine of not more than $100.00, or imprisonment in jail for not more than three months, or both, in the discretion of the court:

    (1) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under subsections 86-74(a)—(j) and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made.

    (2) Any dealer who shall fail, neglect, or refuse to collect the tax as provided in subsections 86-74(a)—(j), whether by himself or through his agents or employees.

    (3) Any dealer violating the provisions of subsections 86-79(e) and (f).

    (4) Any dealer who fails to, permit an inspection of records by the collector as provided in subsection 86-77(a).

    (5) Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in subsection 86-77(c).

    (6) Any dealer, wholesale dealer or jobber who violates the provisions of subsections 86-74(d) and (e).

    (7) Any dealer who violates the provisions of subsection 86-77(b).

    (8) Any dealer failing or refusing to furnish any return as provided in subsections 86-76(a)—(f), or failing or refusing to furnish a supplemental return, or other data required by the collector.

    (9) Any dealer required to make, render, sign or verify any return as provided in subsections 86-76(a)—(f), who makes a false or fraudulent return, with intent to evade a tax hereby levied.

    (10) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of

subsection (v) of this section; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due.

(11) Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(v) No corporation organized under the laws of this state shall be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the authority may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest, and other charges imposed upon said corporation in accordance with the provisions of this article shall have been fully paid.

(w) Any person or dealer who shall fail to pay any tax levied by this article on or before the date when such tax shall be required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in subsection (c) of this section, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

In addition, such person or dealer shall pay any special penalty or penalties provided by this article.

(x) All penalties and interest imposed by this article shall be payable to and recoverable by the police jury in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty, and may remit or waive payment of any interest charged in excess of the rate of 0.50 percent per month.

(Code 1979, § 21-29)

Sec. 86-80. - Refunds and reimbursements.

(a) Whenever tangible personal property sold is returned to the dealer by the purchaser or consumer or in the event the amount paid or charged for services is refunded or credited to the purchaser or consumer after the tax imposed by this article has been collected, or charged to the account of the purchaser, consumer, or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector; and in case the tax has not been remitted by the dealer to the collector, the dealer may deduct the amount of such tax in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall not be longer than 90 days, the police jury, through the collector, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the police jury at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(b) If any dealer shall have given to the collector notice within the time provided in subsection (a) of this section, such dealer thereafter, at any time within two years after the payment of any original or additional tax assessed against him, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(c) If, upon examination of such claim for refunds, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this

article, and if there be no such liability, such dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund, in whole or in part, he shall make an order accordingly and serve notice upon such dealer.

(d) Where no question of fact or law is involved, and it appears that the records of the police jury that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within two years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(e) When, to secure compliance with any of the provisions of this article, any moneys shall have been deposited with the police jury by any dealer, and shall have been paid over to the police jury and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Code 1979, § 21-30)

Sec. 86-81. - Remedies of the dealer.

(a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period of 30 days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate of two percent per annum covering the period from the date such funds were received by the police jury to the date of refund.

(b) This section shall afford a legal remedy and right of action in any state, city or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(c) This section shall be construed to provide a legal remedy in the state, city or federal courts, by action of law, in case such taxes are claimed to be unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided, that upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, such dealer, upon agreement to abide by the decision of the courts, may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d) If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within 30 days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing, Thereafter, the collector shall grant a hearing to such dealer, a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein provided, unless the dealer shall

furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, city or federal court of competent jurisdiction as provided for in subsection (b) of this section.

(Code 1979, § 21-31)

Sec. 86-82. - Other administrative provisions.

(a) The collector is hereby authorized and empowered to carry into effect the provisions of this article and, in pursuance thereof, to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by this police jury.

(b) The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(c) The collector shall design, prepare, print and furnish to all dealers or make available to the dealers, all necessary forms for filing returns, and instructions to ensure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of such taxes at the time and in the manner herein provided.

(d) The cost of preparing and distributing the report forms and paraphernalia for the collection of such tax, and of the inspection and enforcement duties required herein, shall be borne by the collector.

(e) In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this article and containing the sale price, and delivery is made after the effective date of this article, and such sale is taxable under this article, the seller shall add the tax imposed by such article to the sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of Ordinance No. 4687, except as provided in subsection (a)(17) of section 86-73.

The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the authority prior to the effective date of the ordinance from which this article is derived, if such tangible personal property is actually used or consumed by the person who imported and stored such tangible personal property.

(f) It shall be lawful for the collector or any deputy by him duly designated, to receive the written oath of any person signing any application, disposition, statement, or report required by the collector in the administration of this article.

(g) The collector, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within 14 days after requested by the collector in writing.

(h) Any notice required to be given by the collector pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(i) The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions, and orders

made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of $1.00 which shall be deposited in the sales tax fund.

(j) Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the police jury of the authority of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax levied in this article or in any other law, nor shall this article be construed as repealing or altering any such laws, ordinances, or resolutions.

(k) If any section, subsection, sentence, clause, or phrase of this article is held invalid, such decisions shall not affect the validity of the remaining portions of this article. The police jury hereby declares that it would have passed this article, and each section, subsection, sentence, clause, and phrase thereof, irrespective of the fact that any one or more sections, subsections, sentences, clauses, or phrases may be so declared invalid.

(l) The tax levied in this article is declared to be supplemental and in addition to all other taxes levied by and under the authority of the police jury.

(Code 1979, § 21-32)

Sec. 86-83. - Disposition of tax proceeds and revenues.

(a) The president of the authority is hereby authorized and directed to enter into an agreement with the parish school board for the collection by the sales tax collector for the school board of the 0.70 percent sales and use tax herein levied by this authority, which agreement shall be substantially in the form of that agreement attached to Ordinance No. 4687 as Exhibit "B."

(b) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the collector as an agent of the police jury under any provision or provisions of this article shall be promptly deposited by the collector for the account of the authority in a special fund designated "sales tax fund" which fund shall be established and maintained as sacred funds of the authority; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(c) Out of the funds on deposit in such sales tax fund, the collector shall first pay all reasonable and necessary expenses of collecting the tax levied hereby and administering the provisions of this article as well as the various administrative procedures established in this article.

(d) In compliance with the special election of September 29, 1984, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administering the tax have been paid as provided in subsection (b) of this section, the remaining balance of the sales tax proceeds shall be available for appropriation and expenditure by the authority, solely for the purposes designated in the proposition authorizing the levy of the tax, as approved by a majority of the qualified electors of the authority voting in a special election held therein on September 29, 1984.

(Code 1979, § 21-33)

Sec. 86-84. - Collector as agent and trustee for police jury.

It is hereby recognized that the tax levied in this article is being levied by the police jury on behalf of the authority, as herein provided, and that the collector is acting as agent for the police jury for the purpose of administration and collection of the tax.

(Code 1979, § 21-34)

Sec. 86-85. - Publication; recording.

(a) This article shall be published in one issue of the official journal of the police jury as soon as possible and shall be in full force and effect on December 1, 1984.

(b) A certified copy of this article shall be recorded as soon as possible in the mortgage records of the parish.

(Code 1979, § 21-35)

Sec. 86-86. - Renewal of sales and use tax.

(a) Pursuant to the authority of a special election held in the parish on November 20, 1999, there be and there is hereby levied for a period of 15 years from and after December 1, 1999, for the purposes stated in the proposition attached to Ordinance No. 5556 as Exhibit A, a tax of 0.70 percent upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sale of services within the parish (the "tax"), all in the manner and subject to the provisions and terms of those portions of Chapter 2, Title 47 of the Louisiana Revised Statutes of 1950, as amended (the "Sales Tax Law"), applicable to sales and use taxes levied by local government, and an ordinance adopted by this governing authority on November 19, 1984, providing for the levy and collection of the previously authorized sales and use tax in the parish (the "Prior Sales Tax Ordinance"). All provisions of the Prior Sales Tax Ordinance, as amended from time to time, shall remain in full force and effect.

(b) The tax shall be collected on the basis of the applicable integrated bracket schedule prescribed by the state collector of revenue, pursuant to R.S. 47:304. The dealers shall remit to the tax collector for the police jury the proceeds of the tax collected in accordance with said integrated bracket schedule.

(c) The tax levied hereby shall be assessed, imposed, collected, paid and enforced in the manner as provided by the Sales Tax Law applicable to the assessment, imposition, collection, payment and enforceability of sales and use tax of local governments and the Prior Sales Tax Ordinance. All of the provisions of the Prior Sales Tax Ordinance and the Sales Tax Law applicable to the assessment, imposition, collection, payment and enforcement of sales and use taxes by local governments shall apply to the assessment, collection, payment and enforcement of the tax herein levied as though all such provisions were set forth in full herein.

(d) The obligations and rights of taxpayers and dealers in connection with the tax levied hereby shall be as provided taxpayers and dealers by the provisions of the Prior Sales Tax Ordinance and the Sales Tax Law applicable to sales and use taxes levied by local governments.

(e) The collector (as hereinafter defined) is hereby authorized, empowered and directed to carry into effect the provisions of this section, to appoint deputies, assistants or agents to assist him in the performance of his duties, and in pursuance thereof to make and enforce such rules as he may deem necessary, subject to the action of this police jury.

(f) The tax levied by this section is authorized to be collected by a "collector" which term shall mean and include the entity or person and duly authorized assistants or such other person or persons, agency or instrumentality heretofore designated by this police jury to handle and accomplish the collection, enforcement and administration of sales and use taxes on behalf of this police jury.

(g) For the purpose of compensating the dealer in accounting for and remitting the tax levied by this section, each dealer shall be allowed two percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(h) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come

Case 2:21-cv-02106-JTM-KWR   Document 2-3   Filed 11/15/21   Page 54 of 1004

into the possession of the collector under any provision or provisions of this ordinance relating to the tax shall be promptly deposited by the collector for the account of the parish in the special fund heretofore established and maintained for the deposit of such proceeds, which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

Out of the funds on deposit in such special fund, the collector shall first pay all reasonable and necessary costs and expenses of administering and collecting the tax and administering the provisions of this section and as well as the various administrative and enforcement procedures. Such costs and expenses shall be reported by the collector monthly to the police jury.

In compliance with the special election of November 20, 1999, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in such special fund shall be available for appropriation and expenditure by the police jury and/or the various municipalities in the parish in accordance with the priorities and for the purposes designated in the proposition authorizing the levy of the tax.

(i) The fund or account described herein may be a separate fund or account or may be a separate accounting within a general or sweeps fund or account containing moneys from multiple sources so long as separate accounting of such moneys is maintained.

(j) If any or more of the provisions of this section shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provision of this section, but this section shall be construed and enforced as if such illegal or invalid provisions had not been contained herein. Any constitutional or statutory provision enacted after the date of this section which validates or makes legal any provision of this section which would not otherwise be valid or legal, shall be deemed to apply to this section.

(k) The tax levied hereby is and shall be in addition to all other taxes whether levied in the form of sales, excise, or license, privilege or property taxes levied by any other ordinance or resolution adopted by this police jury.

(Ord. No. 5556, §§ 1—11, 11-29-1999)

# AMENDMENT TO SALES & USE TAX ORDINANCE 10904

## ADOPTED METROPOLITAN COUNCIL MAY 28, 1997

## ORDINANCE 10904

Amending Sales and Use Tax Ordinance 10127, adopted December 14, 1994, so as to amend section 2 thereof by adding a paragraph d(3) to levy a one-half percent (1/2%) tax for five years, beginning July 1, 1997, relative to the repair, improvement and construction of public roads and streets.

Be it ordained by the Metropolitan Council of the Parish of East Baton Rouge and City of Baton Rouge that:

## SECTION 1.

Sales and Use Tax Ordinance 10127, adopted December 14, 1994, is hereby amended so as to amend and re-enact Section 2 thereof to add a new sub-section (d) (3), which shall read as follows:

"Section 2.  Imposition of Taxes.

d. (1)  * * *

   (2)  * * *

   (3)  There is hereby levied for a period of five (5) years, commencing on July 1, 1997, to and including June 30, 2002, for the entire and exclusive purpose of providing funds for the repair, improvement, and construction of public roads and streets, a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of services in the Parish of East Baton Rouge, inclusive of municipal areas, at a rate of one-half of one percent (1/2%).  Said tax to be utilized 40% for the repair and improvement of public roads and streets, including the necessary engineering services, on a priority basis, within the City of Baton Rouge, the City of Baker, the City of Zachary, and the Parish of East Baton Rouge, and 60% for the widening and improvement of existing public roads or streets, including the necessary engineering services, and the construction of new public roads and streets, including the necessary engineering services, such widening and new construction projects specifically described in the Parish of East Baton Rouge Road and Street Improvements Plan dated March 15, 1997.  Such tax is levied under the authority of Article 6, Section 29 of the Louisiana Constitution of 1974 and R.S. 33:2721.6, the taxpayers of the Parish of East Baton Rouge having approved same at a special election held May 3, 1997."

**SECTION 2.**

All ordinances or parts of ordinances in conflict herewith are hereby repealed.

vious                                                                     Next





**City of Baton Rouge**
**Parish of East Baton Rouge**

P.O. Box 1471
Baton Rouge, LA 70821
Phone: 225-389-3000
Email Us

*All information submitted to the City-Parish*

*may become a matter of public*

*record per LA R.S. 44:3*

**Quick Links**

Animal Control & Rescue Center

City-Parish Directory

Code of Ordinances

Contracting Opportunities

Employment Opportunities

Mayor-President

Metropolitan Council

Police Department

Property Lookup

311 Request for Service

**FAQs**

How can I report a neighborhood issue?

How can I view a live stream of City-Parish meetings?

When will my recycling be picked up?

What jurisdiction am I in?

How do I register my business?

Home   |   Site Map   |   Contact Us   |   Public Records   |   Accessibility   |   Copyright Notices   |

Privacy Policy   |   Social Media Terms   |


Enable Google Translate

Enable Google Translate

}

# AMENDMENT TO SALES & USE TAX ORDINANCE 12303

## ADOPTED METROPOLITAN COUNCIL APRIL 24, 2002

## ORDINANCE 12303

Amending Sales and Use Tax Ordinance 10127, adopted December 14, 1994, so as to amend section 2 thereof by adding a paragraph d(4) to levy a one-half percent (1/2%) sales and use tax for five years, beginning July 1, 2002, relative to the repair, improvement and construction of public roads and streets.

Be it ordained by the Metropolitan Council of the Parish of East Baton Rouge and City of Baton Rouge that:

## SECTION 1.

Sales and Use Tax Ordinance 10127, adopted December 14, 1994, is hereby amended so as to amend and re-enact Section 2 thereof to add a new sub-section (d) (4), which shall read as follows:

## SECTION 2.  IMPOSITION OF TAXES.

　　　　* * *

d.　　(1)　* * *

(2)　* * *

(3)　* * *

(4)  There is hereby levied for a period of five and one-half (5-1/2) years, commencing on July 1, 2002, to and including December 31, 2007, for the entire and exclusive purpose of providing funds for the repair, improvement and construction of public roads and streets, a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of services in the Parish of East Baton Rouge, inclusive of municipal areas, at a rate of one-half of one percent (1/2%). Said tax is to be utilized entirely and exclusively (1) to provide funds (40% of the proceeds of the Tax) for the repair and improvement of public roads and streets, including the necessary engineering services and related improvements, including drainage, required in conjunction therewith, on a priority basis, within the City of Baton Rouge, the City of Baker, the City of Zachary and the Parish of East Baton Rouge, and (2) to provide funds (60% of the proceeds of the Tax) (a) for the widening and improvement of existing

public roads and streets, including the necessary engineering services, and/or (b) the construction of new public roads and streets, including the necessary engineering services, such widening and/or new road or street construction projects within the City of Baton Rouge and the Parish of East Baton Rouge (but excluding the City of Baker and the City of Zachary), as more specifically described in the Parish's Road and Street Improvements Plan dated September 12, 2001, and such widening and/or new road or street construction projects within the City of Baker and the City of Zachary, on a priority basis. Such tax is levied under the authority of Article 6, Section 29 of the Louisiana Constitution of 1974, as amended, and R.S. 33:2721.6, the taxpayers of the Parish of East Baton Rouge having approved same at a special election held November 17, 2001.

## SECTION 3.

All ordinances or parts of ordinances in conflict herewith are hereby repealed.

vious                                                                                                            Next





**City of Baton Rouge**
**Parish of East Baton Rouge**

P.O. Box 1471
Baton Rouge, LA 70821
Phone: 225-389-3000
Email Us

**Quick Links**

Animal Control & Rescue Center

City-Parish Directory

Code of Ordinances

Contracting Opportunities

Mayor-President

Metropolitan Council

Police Department

Property Lookup

311 Request for Service

**FAQs**

How can I report a neighborhood issue?

How can I view a live stream of City-Parish meetings?

When will my recycling be picked up?


Enable Google Translate

*All information submitted to the City-Parish may become a matter of public record per LA R.S. 44:3*

Employment Opportunities

What jurisdiction am I in?

How do I register my business?

Home    |    Site Map    |    Contact Us    |    Public Records    |    Accessibility    |    Copyright Notices    |    Privacy Policy    |    Social Media Terms    |

Enable Google Translate

Sec. 18A-1. - Election results declared.

(a) This police jury does now proceed in open and public session to examine the official tabulations of votes cast at the special election held in Ascension Parish Sales Tax District on Saturday, October 19, 1985, to authorize the levy and collection of a one (1) per cent sales and use tax therein, said tabulations having been prepare and certified by the clerk of court of the parish, from the tabulation of votes prepared and certified by the election commissioners and commissioners-in-charge serving at the respective polls, and this police jury does not further proceed to examine and canvass the returns and declare the result of the said special election.

(b) A process-verbal of the canvass of the returns of said special election be made and that a certified copy thereof shall be forwarded to the Secretary of State, Baton Rouge, Louisiana, who shall record the same in such secretary's office; another certified copy thereof shall be forwarded to the clerk of court and ex-officio recorder of mortgages in and for the parish, who shall record the same in the mortgage records of said parish; another copy thereof shall be retained in the archives of this parish.

(c) The result of the special election shall be promulgated by this police jury and by the Secretary of State by publication in the manner and as required by law.

(Res. of 11-7-85, §§ 1—3)

**Editor's note—** The proposition carried at the election and the rural sales and use tax ordinance was adopted on Aug. 21, 1986. It is set out herein as enacted.

Sec. 18A-2. - Sales and use tax ordinance.

SECTION 1. DEFINITIONS.

As used in this ordinance the following words, terms and phrases shall have the meaning ascribed to them in sections 1.01 to 1.24, inclusive, of this ordinance, except when the context clearly indicates a different meaning:

Section  1.01.  "Agricultural commodity" shall mean horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

Section  1.02.  "Authority" shall mean Ascension Parish Rural Sales Tax District.

**Cross reference—** As to such district, see § 18-60.

Section  1.03.  "Business" shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this ordinance to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

Section  1.04.  "Collector" shall be the secretary-treasurer of the Ascension Parish Police Jury or such other person or board designated by the Police Jury of the Parish of Ascension, State of Louisiana, acting as the governing authority thereof, to be in charge of the administration and collection of the tax herein levied, or the duly authorized assistants of said collector.

Section  1.05.  "Cost price" shall mean the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.

In the case of tangible personal property that has acquired Louisiana tax situs and is thereafter transported outside the State of Louisiana for repairs performed outside the State of Louisiana and is thereafter returned to the State of Louisiana, the cost price shall be deemed to be the actual cost of any parts and/or materials used in performing such repairs, if applicable labor charges are separately stated on the invoice. If the applicable labor charges are not separately stated on the invoice, it shall be presumed that the cost price is the total charge reflected on the invoice.

Cost price shall not include the supplying and installation of board roads to oil field operators if the installation charges are separately billed the customers at the time of installation.

Section 1.06. "Dealer" shall include every person who:

(1) Manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution or for storage to be used or consumed in the authority;

(2) Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or for storage to be used or consumed in the authority;

(3) Sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution or storage to be used or consumed in the authority, tangible personal property as defined herein;

(4) Has sold at retail, or used, or consumed, or distributed or stored for use or consumption in the authority tangible personal property and who cannot prove that the tax levied by this ordinance has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property;

(5) Leases, or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

(6) Is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

(7) Sells or furnishes any of the services subject to tax under this ordinance;

(8) Purchases or receives any of the services subject to tax under this ordinance;

(9) Is engaging in business in the authority; or

(10) Sells at retail any tangible personal property to a vending machine operator for resale through coin-operated vending machines.

Section 1.07. "Distraint" or "distrain" shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this ordinance.

Section 1.08. "Engaging in business in the authority" shall mean and include any of the following methods of transacting business; maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business or by having an agent, salesman, solicitor or employees operating within the authority under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor or employee is located in the authority permanently or temporarily, or whether such seller or subsidiary is qualified to do business in the authority or by having within the authority any choses in or causes of action, or any property, or any liens on property, or any indebtedness due it in the authority, protected by the laws and courts of the authority.

Section 1.09. "Governing body" shall mean the Police Jury of the Parish of Ascension, State of Louisiana.

Section 1.10. "Gross sales" shall mean the sum total of all retail sales of tangible personal property, as hereinafter provided and defined, and sales of services without any deductions whatsoever of any kind or character, except as provided in this ordinance.

Section 1.11. "Hotel" shall mean and include any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to transient guests, where such establishment consists of six (6) or more sleeping rooms, cottages or cabins at a single business location.

Section 1.12. "Lease or rental" shall mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.

The term "lease or rental," however, as herein defined, shall not mean or include the lease or rental made for the purposes of release or rerental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, other drilling or related equipment used in connection with the operating drilling, completion or reworking of oil, gas, sulphur or other mineral wells.

Section 1.13. "New article" shall mean the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

Section 1.14. "Parish" shall mean the Parish of Ascension, State of Louisiana.

Section 1.15. "Person" shall include any individual, firm, co-partnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate, the State of Louisiana, any parish, city and parish, municipality, district or other political subdivision thereof or any board, agency, instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

Section 1.16. "Purchaser" shall mean any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to tax under this ordinance.

Section 1.17. "Retail sale" or "sale at retail" shall mean a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, as hereinafter set forth, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the said collector. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.

The sale of tangible personal property to a dealer who purchases said property for resale through coin-operated vending machines shall be considered a "sale at retail." The subsequent resale of the property by the dealer through coin-operated vending machines shall not be considered a "sale at retail."

The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property, other than vehicles as covered in section 4.06, by a person not engaged in such business. The sale of motor or other vehicles by a person not engaged in such business shall be considered and treated as a "sale at retail."

Section 1.18. "Retailer" shall mean and include every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in the authority or any person rendering services taxable hereunder.

Section 1.19. "Sale" shall mean any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishings, preparing or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of tangible personal property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale.

The term "sale" shall also include the "sale of services," which means and includes the following:

(1) The furnishing of sleeping rooms, cottages or cabins by hotels;

(2) The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, and universities, and recreational events, and the furnishing, for dues, fees, or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities; but the term "sales of services" shall not include membership fees or dues of nonprofit, civic organizations, including by way of illustration and not of limitation, the Young Men's Christian Association, the Catholic Youth Organization and the Young Women's Christian Association;

(3) The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

(4) The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter;

(5) The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovating of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

(6) The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities.

(7) The furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment. For purposes of this definition, tangible personal property shall include machinery, appliances and equipment which have been declared immovable by declaration under the provisions of Article 467 of the Louisiana Civil Code, and things which have been separated from land, buildings, or other constructions permanently attached to the ground or their component parts as defined in Article 466 of the Louisiana Civil Code.

Section 1.20. "Sales price" shall mean the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six (6) per cent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

Section 1.21. "Storage" shall mean and include any keeping or retention in the authority of tangible personal property for use or consumption in the authority or for any purpose other than for sale at retail in the regular course of business.

Section 1.22. "Tangible personal property" shall mean and include personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.

Section 1.23. "Taxing authority" shall mean and include any municipality, parish or political subdivision in the State of Louisiana, or any municipality, county or political subdivision in a state other than Louisiana.

Section 1.24. "Use" shall mean and include the exercise of any right of power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

Section 1.25. "Use tax" shall include the use, the consumption, the distribution and the storage for use or consumption, as herein defined.

**SECTION 2. IMPOSITION OF TAX.**

Section 2.01. There is hereby levied from and after January 1, 1987, for the purposes stated in the proposition set forth in the preamble to this ordinance, a tax upon the sale at retail, the use, the lease or rental, the consumption, and storage for use or consumption, of tangible personal property and on sales of services within the authority as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one (1) per cent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the governing body, and to include each and every retail sale.

(2) At the rate of one (1) per cent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority, provided there shall be no duplication of the tax.

(3) At the rate of one (1) per cent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.

(4) At the rate of one (1) per cent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one (1) per cent of the gross proceeds derived from the sale of services, as defined herein.

Section 2.02. Sales or use taxes paid to the authority on the purchase of new motor trucks and new motor tractors licensed and registered for 12,000 pounds or more, under the provisions of Section 462 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:462), new trailers and new semi-trailers licensed and registered for 16,000 pounds or more under the provisions of said section for rental may be deducted as a credit against the tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has been exceeded. The sales tax paid to another taxing authority in the State of Louisiana or a taxing authority in a state other than Louisiana on the purchase price of property is not deductible from the tax subsequently due on the rental of such property in the authority.

If the tax on rental payments fails to exceed the credits for sales or use tax paid, no refund is due the purchaser.

Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on a rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

Section 2.03. The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

Section 2.04. The tax so levied is, and shall be in addition to all other taxes, whether levied in the form of excise, or license, privilege or property taxes levied by another ordinance or resolution of the governing body.

Section 2.05. The dealer shall collect the taxes levied by this ordinance together with those sales and use taxes levied by the State of Louisiana, and any taxing authority that levies a sales and use tax in the authority, in accordance with the integrated bracket schedule prepared by the collector of revenue of the State of Louisiana, under the authority of Section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). The dealer will remit that portion representing the tax levied by this ordinance to the collector. Copies of said integrated tax schedules shall be available to dealers on request to the authority or to the collector.

Section 2.06. The collection of the tax herein levied shall be made in the name of the authority by the collector.

**SECTION 3. EXEMPTIONS AND EXCLUSIONS FROM TAX.**

Section 3.01. The taxes imposed and levied by this ordinance shall be subject to all exemptions and exclusions provided in Chapter 2 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, with respect to taxes levied by any local governmental subdivision or school board.

Section 3.02. It is not the intention of this ordinance to levy a tax upon articles of tangible personal property imported into the authority, or produced or manufactured in the authority, for export; nor is it the intention of this ordinance to levy a tax on bona fide interstate commerce. It is, however, the intention of this ordinance to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority, of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority.

Section 3.03. No tax shall be due under this ordinance on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the authority.

**SECTION 4. COLLECTION OF TAX BY DEALER.**

Section 4.01. The tax levied by this ordinance shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 4.06 of this ordinance. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services, and payable at the time of the sale; provided, however, that the governing body shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

Section 4.02. Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use or other consumption in the authority shall, at the time of making sales, collect the tax imposed by this ordinance from the purchaser.

Section 4.03.  The dealer shall, as far as practicable, add the exact amount of the tax imposed under this ordinance, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the collector, to the sale price or charge, and when added, such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer, until paid and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided shall be liable for and pay the tax himself.

Section 4.04.  In order to aid in the administration and enforcement of the provisions of this ordinance, on or before January 1, 1987, or in the case of dealers commencing business after January 1, 1987, or opening new places after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by him. The collector shall within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates thereof, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificates of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer ceasing to do business at the place therein named.

Section 4.05.  A manufacturer, wholesale dealer or jobber shall refuse to accept a certificate that any property upon which a tax is imposed by this ordinance is purchased for resale, and shall collect the tax imposed by this ordinance, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this ordinance; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the authority the tax herein imposed.

Section 4.06.  The tax imposed by this ordinance upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the vehicle registration license tax of the State of Louisiana shall be collected as provided in this section.

(1)  The tax levied by this ordinance on any such vehicle shall be paid to the vehicle commissioner as agent of the collector of revenue of the State of Louisiana, at the time of application for a certificate of title or vehicle registration license. No certificate of title or vehicle registration license shall be issued until the tax has been paid.

(a)  The tax levied by this ordinance on the sale of any such vehicle shall be due at the time of registration or any transfer of registration as required by the vehicle registration license tax law of the State of Louisiana (R.S. 47:451 et seq.).

(b)  The tax levied by this ordinance on the use of any such vehicle in the authority shall be due at the time first registration in the authority is required by the vehicle registration license tax law (R.S. 47:451 et seq.).

(2)  Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicle purchased and traded in and the sales or use tax to be paid

along with such other information as the collector by regulation may require. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3)  It is not the intention of this section to grant an exemption from the tax levied by this ordinance to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of the sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the collector of revenue of the State of Louisiana, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the collector of revenue in accordance with an agreement by and between the collector of revenue and the governing body, the execution of which agreement is hereby authorized. Said tax so collected for said collector of revenue shall be paid to the authority as soon as possible, and in any event, at least once each month, all in accordance with said agreement.

The collector of revenue shall withhold from any such taxes collected for the authority one (1) per cent of the proceeds of such tax so collected, which shall be used by the collector of revenue to pay the cost of collecting and remitting the tax to the authority and remit the remainder of such taxes collected to the collector of the authority.

(4)  The provision contained in section 1.17 of this ordinance which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this section. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

Section 4.07.  All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the authority. Such auctioneers or the company which they represent shall be responsible for the collection of the tax levied by this ordinance on articles sold by them and shall report and remit to the collector as provided in this ordinance.

Section 4.08.  A person engaged in any business taxable under this ordinance shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect and tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this ordinance.

Section 4.09.  Where the tax collected for any period is in excess of one (1) per cent, the total tax collected must be paid over to the collector, less the compensation to be allowed the dealer as hereinafter set forth. This provision shall be construed with other provisions of this ordinance and given effect so as to result in the payment to the collector of the total tax collected if in excess of one (1) per cent.

Section 4.10.  Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this ordinance, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the authority and it shall be duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the authority within fifteen (15) days after such sale was made or rendered.

Section 4.11.  For the purpose of compensating the dealer in accounting for and remitting the tax levied by this ordinance, each dealer shall be allowed two (2) per cent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

## SECTION 5. COLLECTION OF TAX FROM DEALER.

Section 5.01. The tax imposed by this ordinance shall be collectible by the collector on behalf of the authority from all persons engaged as dealers.

(1) The collector is duly authorized and empowered to carry into effect the provisions of this ordinance, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the authority.

(2) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the taxes imposed hereunder.

(3) Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this ordinance.

(4) The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this ordinance.

Section 5.02. On all tangible personal property imported or caused to be imported, from other states or other political subdivisions of this state, or foreign countries, and used by him, the dealer, shall pay the tax imposed by this ordinance on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption in the authority. For the purposes of this ordinance, the use, or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

Section 5.03. A credit against the use tax imposed by this ordinance shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another taxing authority. The credit provided herein shall be granted only in the case where such taxing authority, to which a similar tax has been paid grants a similar credit as provided herein, provided that members of the armed forces who are residents of the authority and whose orders or enlistment contracts stipulate a period of active duty of two (2) years or more and who purchase automobiles outside of the authority, while on such tour of active duty shall be granted such credit in connection with the purchase of such automobiles whether or not the taxing authority to which such tax thereon has been paid grants a similar credit as herein provided. The proof of payment of a similar tax to another taxing authority shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by the authority upon the particular tangible personal property which is the subject of the use tax imposed by this ordinance.

## SECTION 6. RETURNS AND PAYMENT OF TAX.

Section 6.01. The tax levied under this ordinance shall be due and payable by all dealers monthly on the first day of each month.

Section 6.02. For the purpose of ascertaining the amount of tax payable under this ordinance, it shall be the duty of all dealers on or before the twentieth day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payments for services, as the case may be, arising from all taxable transactions during the

preceding calendar month, running from the effective date of this ordinance to the end of such month. Thereafter, like returns shall be prepared and transmitted to said collector by all dealers, on or before the twentieth day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Each dealer at the time of making the returns required hereunder shall compute and remit to the authority the required tax due for the preceding calendar month.

Section 6.03. At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the authority therewith, the amount of the tax due under the applicable provisions of this ordinance, and failure to so remit such tax shall cause said tax to become delinquent.

All taxes, interest and penalties imposed under this ordinance shall be paid to the authority in the form of remittance required by the collector.

Section 6.04. Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto shall be reported and the tax shall be paid with respect thereto in accordance with such rules and regulations as the collector may prescribe.

Section 6.05. The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this ordinance.

Section 6.06. For the purpose of collecting and remitting to the authority the tax imposed by this ordinance, the dealer is hereby declared to be the agent of the authority.

**SECTION 7. RECORDS AND INSPECTION THEREOF.**

Section 7.01. It shall be the duty of every dealer to make a report and pay any tax under this ordinance, to keep and preserve suitable records of the sales or purchases of services, as the case may be, taxable under this ordinance, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for a period of three (3) years, all invoices, bills of lading and other records of goods, wares and merchandise or other subjects of taxation under this ordinance; and all such books, invoices and other records shall be open to examination at all reasonable hours, by the collector or any of his duly authorized agents.

Section 7.02. Each dealer shall secure, maintain and keep, for a period of three (3) years a complete record of sales of services and tangible personal property received, used, sold at retail, distributed or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading and other pertinent records and papers as may be required by the collector for the reasonable administration of this ordinance and all such records shall be open for inspection to the collector at all reasonable hours.

Section 7.03. In order to aid in the administration and enforcement of the provisions of this ordinance, and to collect all of the tax imposed by this ordinance, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name

and address of the purchaser, the date of purchase, the article or articles purchased and the price at which the article or articles are sold to the purchaser. These records shall be open to inspection to the collector or his duly authorized assistants at all reasonable hours.

Section 7.04. For the purpose of administering this ordinance, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this ordinance, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts and documents of any dealer. It shall be the duty of every dealer and every director, official, agent or employee of every dealer, to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this ordinance, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

Section 7.05. For the purpose of enforcing the collection of the tax levied by this ordinance, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in the authority, whether said companies, agencies or firms conduct their business by truck, rail, water, airplane or otherwise, in order to determine what dealers, as provided in this ordinance, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

Section 7.06. The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this ordinance. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this ordinance may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

Section 7.07. The records and files of the collector respecting the administration of this ordinance shall be considered confidential and privileged and neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except: (a) in an action or proceeding under the provisions of this ordinance; and, (b) when the records of files or the facts shown thereby are directly involved in such action or proceeding.

Section 7.08. Nothing contained in this ordinance shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representative of a copy of any return, report or other paper filed by him pursuant to the provisions of this ordinance;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3) The inspection by the legal representative of the governing body of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this ordinance or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4) The examination of the records and filed by the collector or his duly authorized agents; or

(5)  The furnishing, in the discretion of the collector of any information disclosed by the records or files to any other person or body of any other state or of the United States who shall be concerned with the administration of tax by that state or the United States.

### SECTION 8. IMPORTED GOODS PERMITS.

Section  8.01.  In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this ordinance, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer who desires to import tangible personal property into the authority, which property is subject to the tax imposed by this ordinance, to apply to the collector or his assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

### SECTION 9. REMEDIES FOR COLLECTION, INCLUDING INTEREST, PENALTIES, ETC.

Section  9.01.  For the purposes of the enforcement of this ordinance, and the collection of the tax levied hereunder, it is presumed that all tangible personal property subject to the provisions of this ordinance imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, or leased or rented within the authority, and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the collector.

Section  9.02.  Failure to pay any tax due as provided in this ordinance, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the governing body is hereby vested with authority on motion in a court of competent jurisdiction, to take a rule on the said dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why said dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the governing body, prohibiting such dealer from further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

Section  9.03.  If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, interest shall be added to the amount of the tax due and such interest shall be computed from the first day of the month next following the month for which the tax is due until it is paid; the rate of interest charged on any delinquent taxes shall be equal to the rate of interest provided for in La. R.S. 33:2746, one and one-quarter (1¼) per cent per month (fifteen (15) per cent per cent per annum), and any subsequent amendments that may be made thereto. Notwithstanding any provision of this section of this ordinance, the interest on any amount of tax outstanding on a specific date shall be computed at the rate applicable on such date.

When any dealer fails to make a report and pay the tax as provided by this ordinance at the time such report comes due, there shall be imposed, in addition to any other penalty provided, a specific penalty to be added to the tax; the amount of the specific penalty shall be equal to and applied in the same manner as that set forth in La. R.S. 47:1602 and

any subsequent amendments that may be made thereto. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

In the event it becomes necessary to file suit for the collection of any unpaid tax, interest and penalty, the dealer shall also be liable for attorney's fees at the rate often ten (10) per cent of the aggregate of the tax, interest and penalty.

(Ord. of 1-5-06(3))

Section 9.04. In the event any dealer fails to make a report and pay the tax as provided by this ordinance, or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of service, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority, and assess and collect the tax and interest, plus penalty, that may have accrued thereon, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "Ascension Parish Rural Sales Tax District" in the same manner as are the taxes collected under this ordinance.

If any dealer fails to make any return required by this ordinance or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a special penalty of five (5) per cent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

Section 9.05. If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners or assignors.

Section 9.06. In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

Section 9.07. In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

Section 9.08. In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true and actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the authority in the same manner as above provided in section 9.07, with interest plus penalties, if such have accrued.

Section 9.09. In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in vacation, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

Section 9.10. If any dealer, subject to make and file a return required by any of the provisions of this ordinance, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this ordinance, or otherwise fails to comply with the provisions of this ordinance for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him, or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and said collector may require such dealer, or the agents or employees of such dealers, to give testimony or to answer interrogatories, under oath administered by the collector or his assistants, respecting the sale at retail, the use, or consumption or distribution, in the authority, or lease or rental of tangible personal property or other transactions, subject to tax, or the failure to make report thereof, as provided in this ordinance.

Section 9.11. If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's books, records, or paper, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return, or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examinations, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

Section 9.12. The importation into the authority of tangible personal property which is subject to tax, by truck, automobile, other means of transportation other than a common carrier, without having first obtained a permit as described in section 8.01 (if the tax imposed by this ordinance on said tangible personal property has not been paid), is prohibited and shall be construed as an attempt to evade payment of the said tax, and the truck, automobile, or means

of transportation other than a common carrier, and the taxable property may be seized by the collector in order to secure the same as evidence in a trial, and the same shall be subject to forfeiture and sale in the manner provided for in this ordinance.

Section 9.13. The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this ordinance, to pay any tax, interest, penalties, or costs under this ordinance, shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or associations of persons; provided, that it is the intention of this ordinance to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this ordinance, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to the authority.

In addition to the penalties prescribed in this and the preceding section (section 9.12), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisonment in jail for a period of not more than ninety (90) days or by both such fine and imprisonment, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

Section 9.14. The liability of any person, or dealer arising from any tax, interest and penalty, or any of them, imposed by this ordinance; from the time they are due, shall be a personal debt of such person, or dealer to the authority recoverable in any court of competent jurisdiction in an action at law by the authority. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the collector.

Section 9.15. The authority may require a bond or other security for the payment of any taxes, fees, interest and penalties, or any of them imposed pursuant to this ordinance when he shall find that the collection thereof may be prejudiced without such security.

Section 9.16. If any person, or dealer, shall fail to make a return or report as required by this ordinance, the collector may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this ordinance, from any information he is able to conveniently obtain, and according to such estimate so made by him assess the taxes, fees, penalties and interest due the authority from such person, or dealer, give notice of such assessment to such person, or dealer, and must demand upon him for payment.

(Ord. of 8-20-98)

Section 9.17. After a return or report is filed under the provisions of this ordinance, the collector shall cause to be examined and made such further audit or investigation as he may deem necessary, and if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this ordinance, he shall assess the additional

amount of tax, and any penalties and interest, or either of them due the governing body from such person, or dealer, and make demand upon him for payment.

Section 9.18. If the collector finds that any person, or dealer liable for the payment of any tax under this ordinance designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this ordinance, or to discontinue business, or to do any other act tending to prejudice or render wholly, or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

All taxes, penalties and interest assessed pursuant to the provisions of the last three (3) preceding sections, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by this governing body. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinbefore provided, and any other penalties provided by this ordinance, a sum equivalent to five (5) per cent of the tax.

Section 9.19. If any dealer against whom taxes have been assessed under the provisions of this ordinance, shall refuse or neglect to pay such taxes within the time prescribed in this ordinance, it shall be lawful for the collector, or his duly authorized representative who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of property or rights to property belonging to the delinquent dealer.

Section 9.20. Any dealer who shall neglect, fail or refuse to collect the tax as provided in sections 4.01 through 4.11 of this ordinance upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

Section 9.21. For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court:

(1) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under sections 4.01 through 4.11 of this ordinance, and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2) Any dealer who shall fail, neglect or refuse to collect the tax as provided in sections 4.01 through 4.11 of this ordinance, whether by himself or through his agents or employees;

(3) Any dealer violating the provisions of sections 9.05 and 9.06 of this ordinance;

(4) Any dealer who fails to permit an inspection of records by the collector as provided in section 7.01 of this ordinance;

(5) Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 7.03 of this ordinance;

(6) Any dealer, wholesale dealer or jobber who violates the provisions of sections 4.04 and 4.05 of this ordinance;

(7)  Any dealer who violates the provisions of section 7.02 of this ordinance;

(8)  Any dealer failing or refusing to furnish any return as provided in sections 6.01 through 6.06 of this ordinance, or failing or refusing to furnish a supplement return or other data required by the collector;

(9)  Any dealer required to make, render, sign or verify any return, as provided in sections 6.01 through 6.06 of this ordinance, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10)  The president, executive officers, managers and directors of any corporation, who shall violate the provisions of section 9.22 of this ordinance; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this ordinance for the recovery of the tax, interest and penalties that may be due; and

(11)  Any person who shall violate any other provisions of this ordinance, punishment for which is not otherwise herein provided.

Section  9.22.  No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this ordinance shall have been paid in full. No foreign corporation which has obtained authority from the state to transact business in the authority may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon said corporation in accordance with the provisions of this ordinance shall have been fully paid.

Section  9.23.  Any person or dealer who shall fail to pay any tax levied by this ordinance on or before the day when such tax shall be required by this ordinance to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in section 9.03 of this ordinance, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

In addition, such person or dealer, shall pay the special penalty or penalties provided by this ordinance.

Section  9.24.  All penalties and interest imposed by this ordinance shall be payable to and recoverable by the authority in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charge in excess of the rate of one-half (½) of one per cent per month.

(Res. of 11-1-90)

## SECTION 10. REFUNDS AND REIMBURSEMENTS.

Section  10.01.  Whenever tangible personal property sold is returned to the dealer by the purchaser or consumer or in the event the amount paid or charged for services is refunded or credited to the purchaser or consumer after the tax imposed by this ordinance has been collected, or charged to the account of the purchaser, consumer, or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector; and in case the tax has not been remitted by the dealer to the authority, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by the sworn statement, which period shall not be longer than ninety (90) days, the authority through the collector shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for the tax collected. This memorandum shall be accepted by the authority at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this ordinance.

Section 10.02.  If any dealer shall have given to the collector notice within the time provided in section 10.01 of this ordinance, such dealer thereafter, at any time within two (2) years after the payment of any original or additional tax assessed against him, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the ground thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceedings, on appeal has been finally determined.

Section 10.03.  If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this ordinance, and if there be no such liability, the said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

Section 10.04.  Where no question of fact or law is involved, and it appears from the records of the authority that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within two (2) years of payment, upon making a record in writing of his reason therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

Section 10.05.  When, to secure compliance with any of the provisions of this ordinance any moneys shall have been deposited with the authority by any dealer, and shall have been paid over to the authority and the collector shall be satisfied that such dealer as fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such money, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this ordinance.

### SECTION 11. REMEDIES OF THE DEALER.

Section 11.01.  A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this ordinance; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period of thirty (30) days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate of two (2) per cent per annum covering the period from the date the said funds were received by the collector to the date of refund.

Section 11.02.  This section shall afford a legal remedy and right of action in any state, parish or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this ordinance, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

Section 11.03.  This section shall be construed to provide a legal remedy in the state, parish or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the Constitution of the State of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon

request of the dealer and upon proper showing by such dealer that the principle of law involved at an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

Section 11.04. If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment nor shall it stay the right of the collector to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, parish or federal court of competent jurisdiction as provided for in section 11.02.

## SECTION 12. OTHER ADMINISTRATIVE PROVISIONS.

Section 12.01. The collector is hereby authorized and empowered to carry into effect the provisions of this ordinance and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this ordinance and other policies or procedures which may be hereafter established by the authority.

Section 12.02. The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this ordinance or the laws and the Constitution of the State of Louisiana or of the United States, for the enforcement of the provisions of this ordinance and the collection of the revenues and penalties imposed by this ordinance.

Section 12.03. The collector shall design, prepare, print and furnish to all dealers or make available to said dealers all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided.

Section 12.04. The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne out of appropriations by the authority as provided in section 13.01 of this ordinance.

Section 12.05. In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this ordinance and containing the sale price, and delivery is made after the effective date of this ordinance, and such sale is taxable under this ordinance, the seller shall add the tax imposed by said ordinance to said sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of this ordinance, but are actually furnished after the effective date hereof.

The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into or stored within the territorial limits of the authority prior to the effective date of this ordinance, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible

personal property.

Section 12.06.  It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, deposition, statement, or report required by the collector in the administration of this ordinance.

Section 12.07.  The collector, or any deputy by him duly designated, may conduct hearings, and have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incidental to the administration of this ordinance. Such examination or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

Section 12.08.  Any notice required to be given by the collector pursuant to this ordinance, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this ordinance, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

Section 12.09.  The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this ordinance. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this ordinance, may be authenticated under his official signature, and when so authenticated, shall be evidenced in all courts of competent jurisdiction of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of five dollars ($5.00) which shall be treated as revenue of the tax levied hereby.

Section 12.10.  Nothing in this ordinance shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the authority of any remedy for the enforcement of this ordinance through any procedure or remedies expressly provided in this ordinance imposing the tax herein levied or any other law, nor shall this ordinance be construed as repealing or altering any such laws or ordinance.

Section 12.11.  If any section, subsection, sentence, clause, or phrase of this ordinance be held invalid such decision shall not affect the validity of the remaining portions of this ordinance. The authority hereby declares that it would have passed this ordinance, and each section, subsection, sentence, clause and phrase thereof irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases may be so declared invalid.

Section 12.12.  The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the authority of any kind or nature.

Section 12.13.  This ordinance may be cited or otherwise referred to as the "Ascension Parish Rural Sales Tax District, Sales and Use Tax Ordinance."

SECTION 13. DISPOSITION OF TAX PROCEEDS AND REVENUES.

Section 13.01.  All taxes, revenues, funds, assessments, monies, penalties, fees or other income which may be collected or come into the possession of the collector, as an agent of the authority under any provision or provisions of this ordinance, shall be deposited daily by the collector for the account of the authority in a special fund designated "Ascension Parish Rural Sales Tax District One Percent Sales Tax Fund," which fund shall be a separate bank account

established and maintained by the collector; provided, however, any amount which is paid under protest or which is subject to litigation shall be transferred to a separate account established by the collector pending the final determination of the protest of litigation.

Section 13.02. Out of the tax funds on deposit to the credit of the authority in said "Ascension Parish Rural Sales Tax District One Percent Sales Tax Fund," the collector shall deduct the reasonable and necessary costs and expenses of administering and collecting the tax herein levied and administering the provisions of this ordinance as well as the various administrative and enforcement procedures established in said ordinance. Such costs and expenses shall include, by way of example but not of limitation, all necessary costs and expenses incurred for office equipment, furniture and supplies, vehicles and the maintenance and operation thereof, printing, postage, rent, salaries, and other related items. Such costs and expenses shall be reported monthly by the collector to the authority.

Section 13.03. After the reasonable and necessary costs and expenses of the collection and administration of the tax have been paid as provided for in section 13.02, the remaining balance in the "Ascension Parish Rural Sales Tax District One Percent Sales Tax Fund" shall be available for appropriation and expenditure in accordance with the terms of the proposition authorizing the levy of the tax and having been approved by a majority of the qualified electors of the authority voting at a special election held therein on October 19, 1985.

SECTION 14. MISCELLANEOUS.

Section 14.01. That all contractors doing work in the Parish of Ascension, State of Louisiana (the "parish") shall register with the collector for the purpose of collecting and/or paying the tax in compliance with the terms and provisions of the ordinance on or before the date said contractors shall begin work in the parish.

Section 14.02. That in connection with any project in the parish utilizing contractors, project owners who so use contractors shall forward to said collector, the names, addresses and telephone numbers of all contractors doing work on any such project as and when said contractors commence work thereon. This governing body hereby finds that such information is necessary for proper enforcement of the collection of this tax as required by law.

Section 14.03. That the lessee or renter of any tangible personal property or equipment used in the parish pursuant to a transaction taxable under the ordinance shall forward to said collector the names, addresses and telephone numbers of the lessors of said property or equipment as and when said property or equipment shall be first brought into the parish. This governing body hereby finds that such information is necessary for proper enforcement of the collection of this tax as required by law.

Section 14.04. That any person who shall fail to comply with the registration requirements of section 1 hereof and any person who shall fail to comply with the notice requirements of section 12 or section 3 hereof on or after the date said registration or notice shall be required by this ordinance, shall be liable for and pay a penalty in the amount of fifty dollars ($50.00) per day until the registration or notice as provided for herein is received by said collector.

Section 14.05. Any provisions of this ordinance to the contrary notwithstanding, the authority may contract with anyone for the performance of any or all of the duties of the collector provided for herein. It is hereby recognized that the tax herein levied is being levied by and on behalf of the authority as herein provided and that the collector is acting as agent for the authority for the purpose of administration and collection of the tax.

Section 14.06. This ordinance shall be published in one (1) issue of "The Donaldsonville Chief" and the "Gonzales Weekly," weekly newspapers published in the cities of Donaldsonville and Gonzales, respectively, in the Parish of Ascension, Louisiana and "The Donaldsonville Chief" being the official journal of and a newspaper of general circulation

in said district, and this ordinance shall be in full force and effect on and after January 1, 1987.

Section 14.07. A certified copy of this ordinance shall be recorded as soon as possible in the mortgage records of the Parish of Ascension, State of Louisiana.

(Ord. of 8-21-86, §§ 1—14)

Sec. 18B-1. - Election result declared.

The board of commissioners of East Ascension Consolidated Gravity Drainage District No. 1 does now proceed in open and public session to examine the official tabulations of votes cast at the special election held in East Ascension Consolidated Gravity Drainage District No. 1 of the Parish of Ascension, Louisiana, on Saturday, September 29, 1984, to authorize the levy of a one-half (½) of one per cent sales and use tax in said district and the issuance of bonds payable from said tax, said tabulations having been prepared and certified by the clerk of court of the parish from the tabulations of votes prepared and certified by the election commissioners and commissioners-in-charge serving at the respective polls, and this board of commissioners does not further proceed to examine and canvass the returns and declare the result of said special election.

(Ord. of 10-4-84, § 1)

**Editor's note—** The result of the election was favorable and the sales tax ordinance was adopted on Oct. 4, 1984. It is set out herein as enacted.

Sec. 18B-2. - Sales and use tax ordinance.

## SECTION 1. DEFINITIONS.

As used in this ordinance, the following words, terms and phrases shall have the meaning ascribed to them in sections 1.01 to 1.24, inclusive, of this ordinance, except when the context clearly indicates a different meaning:

Section 1.01. "Agricultural commodity" shall mean horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

Section 1.02. "Authority" shall mean East Ascension Consolidated Gravity Drainage District No. 1 of the Parish of Ascension, Louisiana.

Section 1.03. "Business" shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this ordinance to include the occasional and isolated sales or transactions by a person who does not hold such person's self out as engaged in business.

Section 1.04. "Collector" shall be the secretary-treasurer of the Ascension Parish Police Jury or such other person or board designated by the board of commissioners of East Ascension Consolidated Gravity Drainage District No. 1 of the Parish of Ascension, Louisiana, acting as the governing authority thereof, to be in charge of the administration and collection of the tax herein levied, or the duly authorized assistants of said collector.

Section 1.05. "Cost price" means the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor, or service cost, excepting those costs for installing the articles of tangible personal property if such cost is separately billed to the customer or accounted for at the time of

installation, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.

In the case of tangible personal property that has acquired Louisiana tax situs and is thereafter transported outside the State of Louisiana for repairs performed outside the State of Louisiana and is thereafter returned to the State of Louisiana, the cost price shall be deemed to be the actual cost of any parts and/or materials used in performing such repairs, if applicable labor charges are separately stated on the invoice. If the applicable labor charges are not separately stated on the invoice, it shall be presumed that the cost price is the total charge reflected on the invoice.

"Cost price" shall not include the supplying and installation of board roads to oil field operators.

Section 1.06. "Dealer" shall include every person who:

    (1) Manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution or for storage to be used or consumed in the authority;

    (2) Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or for storage to be used or consumed in the authority;

    (3) Sells at retail, or who offers for sale at retail, or who has in such person's possession for sale at retail, or for use, or consumption, or distribution or storage to be used or consumed in the authority, tangible personal property as defined herein;

    (4) Has sold at retail, or used, or consumed, or distributed or stored for use or consumption in the authority tangible personal property and who cannot prove that the tax levied by this ordinance has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property;

    (5) Leases, or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

    (6) Is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

    (7) Sells or furnishes any of the services subject to tax under this ordinance;

    (8) Purchases or receives any of the services subject to tax under this ordinance;

    (9) Is engaging in business in the authority; or

   (10) Sells at retail any tangible personal property to a vending machine operator for resale through coin-operated vending machines.

Section 1.07. "Distraint" or "distrain" shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this ordinance.

Section 1.08. "Engaging in business in the authority" shall mean and include any of the following methods of transacting business; maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business or by having an agent, salesman, solicitor or employees operating within the authority under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor or employee is located in the authority permanently or temporarily, or whether such seller or

subsidiary is qualified to do business in the authority or by having within the authority any choices in or cause of action, or any property, or any liens on property, or any indebtedness due it in the authority, protected by the laws and courts of the authority.

Section  1.09.  "Governing body" shall mean the board of commissioners of East Ascension Consolidated Gravity Drainage District No. 1 of the Parish of Ascension, Louisiana.

Section  1.10.  "Gross sales" shall mean the sum total of all retail sales of tangible personal property, as hereinafter provided and defined, and sale of services without any deductions whatsoever of any kind or character, except as provided in this ordinance.

Section  1.11.  "Hotel" shall mean and include any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to transient guests, where such establishment consists of six (6) or more sleeping rooms, cottages or cabins at a single business location.

Section  1.12.  "Lease or rental" shall mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.

The term "lease or rental," however, as herein defined, shall not mean or include the lease or rental made for the purposes of re-lease or re-rental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, other drilling or related equipment used in connection with the operating, drilling, completion or reworking of oil, gas, sulphur or other mineral wells.

Section  1.13.  "New article" shall mean the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

Section  1.14.  "Parish" shall mean the Parish of Ascension, State of Louisiana.

Section  1.15.  "Person" shall include any individual, firm, co-partnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate, the State of Louisiana, any parish, city and parish, municipality, district or other political subdivision thereof or any board, agency, instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

Section  1.16.  "Purchaser" shall mean any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to tax under this ordinance.

Section  1.17.  "Retail sale" or "sale at retail" shall mean a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, as hereinafter set forth, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the said collector. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.

The sale of tangible personal property to a dealer who purchases said property for resale through coin-operated vending machines shall be considered a "sale at retail." The subsequent resale of the property by the dealer through coin-operated vending machines shall not be considered a "sale at retail."

The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property, other than vehicles as covered in section 4.06, by a person not engaged in such business. The sale of motor or other vehicles by a

person not engaged in such business shall be considered and treated as a "sale at retail."

Section 1.18. "Retailer" shall mean and include every person engaged in the business of making "sales at retail" or for distribution, or use or consumption, or storage to be used or consumed in the authority or any person rendering services taxable hereunder.

Section 1.19. "Sale" shall mean any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishings, preparing or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of tangible personal property is transferred but the seller retains title as security for the payment of the price shall be deemed a "sale."

The term "sale" shall also include the "sale of services" which means and includes the following:

(1) The furnishing of sleeping rooms, cottages or cabins by hotels;

(2) The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges and universities and recreational events, and the furnishing, for dues, fees, or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities; but the term "sales of services" shall not include membership fees or dues of nonprofit, civic organizations, including by way of illustration and not of limitation, the Young Men's Christian Association, the Catholic Youth Organization and the Young Women's Christian Association;

(3) The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

(4) The furnishing of printing or overprinting lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter;

(5) The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovating of clothing, furs, furniture, carpets and rugs and the furnishing of storage space for clothing, furs and rugs;

(6) The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities;

(7) The furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment.

Section 1.20. "Sales price" shall mean the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale value in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed six (6) per cent of the amount financed, and losses; provided, that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

Section 1.21. "Storage" shall mean and include any keeping or retention in the authority of tangible personal property for use or consumption in the authority or for any purpose other than for sale at retail in the regular course of business.

Section 1.22. "Tangible personal property" shall mean and include personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.

Section 1.23. "Taxing authority" shall mean and include any municipality, parish, school board, or political subdivision in the State of Louisiana, or any municipality, county or political subdivision in a state other than Louisiana.

Section 1.24. "Use" shall mean and include the exercise of any right or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

Section 1.25. "Use tax" shall include the use, the consumption, the distribution and the storage for use or consumption as herein defined.

**SECTION 2. IMPOSITION OF TAX.**

Section 2.01. There is hereby levied from and after December 1, 1984, for the purposes stated in the proposition set forth in the preamble to this ordinance, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption, of tangible personal property and on sales of services within the authority as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one-half (½) of one per cent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the governing body, and to include each and every retail sale.

(2) At the rate of one-half (½) of one per cent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed or stored for use or consumption in the authority, provided there shall be no duplication of the tax.

(3) At the rate of one-half (½) of one per cent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.

(4) At the rate of one-half (½) of one per cent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one-half (½) of one per cent of the gross proceeds derived from the sale of services, as defined herein.

Section 2.02. The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

Section 2.03. The tax so levied is, and shall be in addition to all other taxes, whether levied in the form of excise or license, privilege or property taxes levied by another ordinance or resolution of the governing body.

Section 2.04.  The dealer shall collect the taxes levied by this ordinance, together with those sales and use taxes levied by the State of Louisiana, and any taxing authority that levies a sales and use tax in the authority, in accordance with the integrated bracket schedule prepared by the collector of revenue of the State of Louisiana under the authority of section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). The dealer will remit that portion representing the tax levied by this ordinance to the collector. Copies of said integrated tax schedules shall be available to dealers on request to the authority or to the collector.

Section 2.05.  The collection of the tax herein levied shall be made in the name of the authority by the collector.

### SECTION 3. EXEMPTIONS AND EXCLUSIONS FROM TAX.

Section 3.01.  The taxes imposed and levied by this ordinance shall be subject to all exemptions and exclusions provided in Chapter 2 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, with respect to taxes levied by any local governmental subdivision or school board.

Section 3.02.  It is not the intention of this ordinance to levy a tax upon articles of tangible personal property imported into the authority, or produced or manufactured in the authority for export; nor is it the intention of this ordinance to levy a tax on bona fide interstate commerce. It is, however, the intention of this ordinance to levy a tax on the sale at retail, the use, the consumption, the distribution and the storage to be used or consumed in the authority, of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority.

Section 3.03.  No tax shall be due under this ordinance on the sale of any goods or tangible personal property delivered or services performed outside the territorial limits of the authority.

### SECTION 4. COLLECTION OF TAX BY DEALER.

Section 4.01.  The tax levied by this ordinance shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 4.06 of this ordinance. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services, and payable at the time of the sale; provided, however, that the governing body shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

Section 4.02.  Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use or other consumption in the authority shall, at the time of making sales, collect the tax imposed by this ordinance from the purchaser.

Section 4.03.  The dealer shall, as far as practicable, add the exact amount of the tax imposed under this ordinance, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the collector, to the sale price or charge, and when added, such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer, until paid and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided shall be liable for and pay the tax personally.

Section 4.04.  In order to aid in the administration and enforcement of the provisions of this ordinance, on or before December 1, 1984, or in the case of dealers commencing business after December 1, 1984, or opening new places after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by such collector. The collector shall within five (5) days after such registration, issue without charge to each dealer who

purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates thereof, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificates of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to such dealer's cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer ceasing to do business at the place therein named.

Section  4.05.  A manufacturer, wholesale dealer or jobber shall refuse to accept a certificate that any property upon which a tax is imposed by this ordinance is purchased for resale, and shall collect the tax imposed by this ordinance, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this ordinance; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by such purchaser upon property thereafter resold by such purchaser, and upon the receipts from which he shall have collected and paid over to the authority the tax herein imposed.

Section  4.06.  The tax imposed by this ordinance upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semitrailer, motor bus, house trailer, or any other vehicle subject to the Louisiana Vehicle registration license tax of the State of Louisiana shall be collected as provided in this section.

(1)  The tax levied by this ordinance on any such vehicle shall be paid to the vehicle commissioner as agent of the collector of revenue of the State of Louisiana, at the time of application for a certificate of title or vehicle registration license. No certificate of title or vehicle registration license shall be issued until the tax has been paid.

(a)  The tax levied by this ordinance on the sale of any such vehicle shall be due at the time of registration or any transfer of registration as required by the vehicle registration license tax law of the State of Louisiana (R.S. 47:451, et seq.).

(b)  The tax levied by this ordinance on the use of any such vehicle in the authority shall be due at the time first registration in the authority is required by the vehicle registration license tax law (R.S. 47:451, et seq.).

(2)  Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicle purchased and traded in and the sales or use tax to be paid along with such other information as the collector by regulation may require. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3)  It is not the intention of this section to grant an exemption from the tax levied by this ordinance to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of the sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the collector of revenue of the State of Louisiana, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the collector of revenue in accordance with an agreement by and between the

collector of revenue and the governing body, the execution of which agreement is hereby authorized. Said tax so collected for said collector of revenue shall be paid to the authority as soon as possible, and in any event, at least once each month, all in accordance with said agreement.

The collector of revenue shall withhold from any such taxes collected for the authority one per cent of the proceeds of such tax so collected, which shall be used by the collector of revenue to pay the cost of collecting and remitting the tax to the authority and remit the remainder of such taxes collected to the collector of the authority.

(4) The provision contained in section 1.17 of this ordinance which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this section. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

Notwithstanding the provisions of this section, a certificate of title or vehicle registration license may be issued to a purchaser by the secretary of the department of public safety if such secretary is so authorized in writing by the secretary of the department of revenue and taxation. The secretary of the department of revenue and taxation shall grant such authorization upon written application by the purchaser to said secretary showing that:

(a) All state and local taxes and fees due by the purchaser were paid in good faith at the time of purchase to a motor vehicle dealer,

(b) The motor vehicle dealer has not remitted the taxes and fees to the secretary of the department of public safety,

(c) The motor vehicle dealer has refused or is unable to answer a written demand by the purchaser that the taxes and fees be paid to the secretary of the department of public safety, and

(d) The certificate of title or vehicle registration license has not been issued within six (6) months after the date of sale.

A refusal by the secretary of the department of revenue and taxation to authorize the issuance of a certificate of title or a vehicle registration license may be appealed to the board of tax appeals within sixty (60) days from the date the application for a certificate of title is denied by the secretary of the department of revenue and taxation.

Section 4.07. All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the authority. Such auctioneers or the company which they represent shall be responsible for the collection of the tax levied by this ordinance on articles sold by them and shall report and remit to the collector as provided in this ordinance.

Section 4.08. A person engaged in any business taxable under this ordinance shall not advertise or hold out to the public, in any manner, directly or indirectly, that such person will absorb all or any part of the tax, or that such person will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect and tax separately from the price paid by the purchaser, but the dealer's failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this ordinance.

Section 4.09. Where the tax collected for any period is in excess of one-half (½) of one per cent, the total tax collected must be paid over to the collector, less the compensation to be allowed the dealer as hereinafter set forth. This provision shall be construed with other provisions of this ordinance and given effect so as to result in the payment to the collector of the total tax collected if in excess of one-half (½) of one per cent.

Section 4.10.  Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this ordinance, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the authority and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the authority within fifteen (15) days after such sale was made or rendered.

Section 4.11.  For the purpose of compensating the dealer in accounting for and remitting the tax levied by this ordinance, each dealer shall be allowed two (2) per cent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting such dealer's report and paying the amount due by such dealer if the amount due was not delinquent at the time of payment.

## SECTION 5. COLLECTION OF TAX FROM DEALER.

Section 5.01.  The tax imposed by this ordinance shall be collectible by the collector on behalf of the authority from all persons engaged as dealers.

(1) The collector is duly authorized and empowered to carry into effect the provisions of this ordinance, and in pursuance thereof to make and enforce such rules as such collector may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the authority.

(2) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the taxes imposed hereunder.

(3) Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this ordinance.

(4) The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this ordinance.

Section 5.02.  On all tangible personal property imported or caused to be imported, from other states or other political subdivisions of this state, or foreign countries, and used by the dealer, the dealer shall pay the tax imposed by this ordinance on all articles of tangible personal property so imported and used, the same as if said articles had been sold at retail for use or consumption in the authority. For the purposes of this ordinance, the use, or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

Section 5.03.  A credit against the use tax imposed by this ordinance shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another taxing authority. The credit provided herein shall be granted only in the case where such taxing authority, to which a similar tax has been paid grants a similar credit as provided herein, provided that members of the armed forces who are residents of the authority and whose orders or enlistment contracts stipulate a period of active duty of two (2) years or more and who purchase automobiles outside of the authority, while on such tour of active duty shall be granted such credit in connection with the purchase of such automobiles whether or not the taxing authority to which such tax thereon has been paid grants a similar credit as herein provided. The proof of payment of a similar tax to another taxing authority shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by the authority upon the particular tangible personal property which is the subject of the use tax imposed by this ordinance.

## SECTION 6. RETURNS AND PAYMENT OF TAX.

Section 6.01. The tax levied under this ordinance shall be due and payable by all dealers monthly on the first day of each month.

Section 6.02. For the purpose of ascertaining the amount of tax payable under this ordinance, it shall be the duty of all dealers on or before the twentieth day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by the collector, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payments for services, as the case may be, arising from all taxable transactions during the preceding calendar month, running from the effective date of this ordinance to the end of such month. Thereafter, like returns shall be prepared and transmitted to said collector by all dealers, on or before the twentieth day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable the collector to correctly compute and collect their tax herein levied. Such returns shall be signed by the dealer filing the same, and such dealer's signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of such dealer's knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the returns required hereunder shall compute and remit to the authority the required tax due for the preceding calendar month.

Section 6.03. At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the authority therewith, the amount of the tax due under the applicable provisions of this ordinance, and failure to so remit such tax shall cause said tax to become delinquent.

All taxes, interest and penalties imposed under this ordinance shall be paid to the authority in the form of remittance required by the collector.

Section 6.04. Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto shall be reported and the tax shall be paid with respect thereto in accordance with such rules and regulations as the collector may prescribe.

Section 6.05. The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this ordinance.

Section 6.06. For the purpose of collecting and remitting to the authority the tax imposed by this ordinance, the dealer is hereby declared to be the agent of the authority.

## SECTION 7. RECORDS AND INSPECTION THEREOF.

Section 7.01. Every dealer required to make a report and pay any tax under this ordinance shall keep and preserve suitable records of the sales, purchases, or leases taxable under this ordinance, and such other books of accounts as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the secretary; and each dealer shall secure, maintain and keep until the taxes to which they relate have prescribed, a complete record of tangible personal property received, used, sold at retail, distributed, or stored, leased or rented, within this state by the said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the secretary for the reasonable administration of this ordinance, and a complete record of all sales or purchases of services taxable under this ordinance until the taxes to which they relate have prescribed.

These records shall be open for inspection to the secretary at all reasonable hours.

The secretary is authorized to require all dealers who take deductions on their sales tax returns for total sales under the minimum taxable bracket prescribed by such secretary pursuant to R.S. 47:304 to support their deductions by keeping written or printed detailed records of said sales in addition to their usual books and accounts.

Section 7.02. All wholesale dealers and jobbers in this state shall keep a record of all sales of tangible personal property made in this state whether such sales be for cash or on terms of credit. These records shall contain and include the name and address of the purchaser, the date of the purchase, the article purchased and the price at which the article is sold to the purchaser. These records shall be kept until the taxes to which they relate have prescribed and shall be open to the inspection of the collector at all reasonable hours.

Section 7.03. For the purpose of administering this ordinance, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this ordinance, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts and documents of any dealer. It shall be the duty of every dealer and every director, official, agent or employee of every dealer, to exhibit to the collector or to any such employee of the collector's department charged with the collection of the tax imposed by this ordinance, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer and to facilitate any such examination or investigation as far as it may be in such person's power so to do.

Section 7.04. For the purpose of enforcing the collection of the tax levied by this ordinance, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in the authority, whether said companies, agencies or firms conduct their business by truck, rail, water, airplane or otherwise, in order to determine what dealers, as provided in this ordinance, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

Section 7.05. The collector shall keep a record of all of such collector's official acts and shall preserve copies of all rules, decisions and orders made by such collector or by any deputy of such collector's department in charge of the collection of the tax imposed by this ordinance. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by such collector in the administration of this ordinance may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

Section 7.06. The records and files of the collector respecting the administration of this ordinance shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except: (a) in an action or proceeding under the provisions of this ordinance; and, (b) when the records of files or the facts shown thereby are directly involved in such action or proceeding.

Section 7.07. Nothing contained in this ordinance shall be construed to prevent:

(1) The delivery to a dealer or a dealer's duly authorized representative of a copy of any return, report or other paper filed by the dealer pursuant to the provisions of this ordinance;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the

items thereof;

(3)  The inspection by the legal representative of the governing body of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this ordinance or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4)  The examination of the records and files by the collector or the collector's duly authorized agents; or

(5)  The furnishing, in the discretion of the collector of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

**SECTION 8. IMPORTED GOODS—PERMITS.**

Section  8.01.  In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this ordinance, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer who desires to import tangible personal property into the authority, which property is subject to the tax imposed by this ordinance, to apply to the collector or the collector's assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

**SECTION 9. REMEDIES FOR COLLECTION, INCLUDING INTEREST, PENALTIES, ETC.**

Section  9.01.  For the purpose of the enforcement of this ordinance, and the collection of the tax levied hereunder, it is presumed that all tangible personal property subject to the provisions of this ordinance imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, or leased or rented within the authority, and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the collector.

Section  9.02.  Failure to pay the tax levied under authority of this ordinance shall ipso facto, without demand or putting in default, cause the tax, interest, penalties, and costs to become immediately delinquent. The governing body is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the delinquent taxpayer to show cause in not less than two (2) nor more than ten (10) days, exclusive of holidays, why the delinquent taxpayer should not be ordered to cease from further pursuit of the business taxed under authority of this ordinance. This rule may be tried out of term and in chambers and shall be tried by preference. If the rule is made absolute, the order therein rendered shall be considered a judgment in favor of the governing body prohibiting the taxpayer from the further pursuit of the business therein until he has paid the delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered a contempt of court, punishable according to law.

Section  9.03.  If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, interest shall be added to the amount of the tax due and such interest shall be computed from the first day of the month next following the month for which the tax is due until it is paid; the

rate of interest charged on any delinquent taxes shall be equal to the rate of interest provided for in La. R.S. 33:2746, one and one-quarter (1¼) per cent per month (fifteen (15) per cent per annum), and any provision of this section of this ordinance, the interest on any amount of tax outstanding on a specific date shall be computed at the rate applicable on such date.

When any dealer fails to make a report and pay the tax as provided by this ordinance at the time such report comes due, there shall be imposed, in addition to any other penalty provided, a specific penalty to be added to the tax; the amount of the specific penalty shall be equal to and applied in the same manner as that set forth in La. R.S. 47:1602 and any subsequent amendments that may be made thereto. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

In the event it becomes necessary to file suit for the collection of any unpaid tax, interest and penalty, the dealer shall also be liable for attorney's fees at the rate often ten (10) per cent of the aggregate of the tax, interest and penalty.

(Ord. of 1-5-06(2))

Section  9.04.  In the event any dealer fails to make a report and pay the tax as provided by this ordinance, or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of service, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority, and assess and collect the tax and interest, plus penalty, that may have accrued thereon, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "East Ascension Consolidated Gravity Drainage District No. 1 of the Parish of Ascension, Louisiana" in the same manner as are the taxes collected under this ordinance.

If any dealer fails to make any return required by this ordinance or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a special penalty of five (5) per cent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

Section  9.05.  If any dealer liable for any tax, interest or penalty hereunder shall sell out such dealer's business or stock of goods or shall quit the business, such dealer shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. Such dealer's successor, successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, such person shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners as assignors.

Section  9.06.  In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

Section  9.07.  In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by the collector. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

Section  9.08.  In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true and actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the authority in the same manner as above provided in section 9.07, with interest plus penalties, if such have accrued.

Section  9.09.  In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in vacation, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

Section  9.10.  If any dealer, subject to make and file a return required by any of the provisions of this ordinance, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this ordinance, or otherwise fails to comply with the provisions of this ordinance for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before the collector, or the collector's assistant, with such books, records and papers as the collector may require, relating to the business of such dealer, for such taxable period; and said collector may require such dealer, or the agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the collector or the collector's assistants, respecting the sale at retail, the use, or consumption or distribution, in the authority, or lease or rental of tangible personal property or other transactions, subject to tax, or the failure to make report thereof, as provided in this ordinance.

Section  9.11.  If any dealer fails to make a return, or refuses to permit an examination of such dealer's books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return, or requiring the dealer, or such dealer's agents or employees, to appear and answer any such questions or permit such examinations, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing such dealer and/or agents to

so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

Section 9.12. The importation into the authority of tangible personal property which is subject to tax, by truck, automobile, other means of transportation other than a common carrier, without having first obtained a permit as described in section 8.01 (if the tax imposed by this ordinance on said tangible personal property has not been paid), is prohibited and shall be construed as an attempt to evade payment of the said tax, and the truck, automobile, or means of transportation other than a common carrier, and the taxable property may be seized by the collector in order to secure the same as evidence in a trial, and the same shall be subject to forfeiture and sale in the manner provided for in this ordinance.

Section 9.13. The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this ordinance, to pay any tax, interest, penalties, or costs under this ordinance, shall ipso facto make said tax, interest, penalties and cost delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or associations of persons; provided, that it is the intention of this ordinance to prevent the disposition of said tangible personal property in order to insure payment of the tax imposed by this ordinance, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to the authority.

In addition to the penalties prescribed in this and the preceding section (section 9.12), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisonment in jail for a period of not more than ninety (90) days or by both such fine and imprisonment, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

Section 9.14. The liability of any person, or dealer arising from any tax, interest and penalty, or any of them, imposed by this ordinance, from the time they are due, shall be a personal debt of such person, or dealer to the authority recoverable in any court of competent jurisdiction in an action at law by the authority. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the collector.

Section 9.15. The authority may require a bond or other security for the payment of any taxes, fees, interest and penalties, or any of them imposed pursuant to this ordinance when he shall find that the collection thereof may be prejudiced without such security.

Section 9.16. If any person, or dealer, shall fail to make a return or report as required by this ordinance, the collector may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this ordinance, from any information he is able to conveniently obtain, and according to such estimate so made by him

10/15/21, 3:46 PM
Case 2:21-cv-02106-JTM-KWR   Document 2-3   Filed 10/15/21   Page 97 of 1004
Assessment 2, 3, LA v. Toca et al. (chapters)

assess the taxes, fees, penalties and interest due the authority from such person, or dealer, give notice of such assessment to such person, or dealer, and must demand upon him for payment. (Ord. of 8-20-98)

Section 9.17. After a return or report is filed under the provisions of this ordinance, the collector shall cause to be examined and made such further audit or investigation as he may deem necessary, and if therefrom, the collector shall determine that there is a deficiency with respect to the payment of any tax due under this ordinance, the collector shall assess the additional amount of tax, and any penalties and interest, or either of them due the governing body from such person, or dealer, and make demand upon such person or dealer for payment.

Section 9.18. If the collector finds that any person, or dealer liable for the payment of any tax under this ordinance designs quickly to depart from the authority or to remove therefrom such person's or dealer's property, subject to any lien under the provisions of this ordinance, or to discontinue business, or to do any other act tending to prejudice or render wholly, or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

All taxes, penalties and interest assessed pursuant to the provisions of the last three (3) preceding sections, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by this governing body. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinbefore provided, and any other penalties provided by this ordinance, a sum equivalent to five (5) per cent of the tax.

Section 9.19. If any dealer against whom taxes have been assessed under the provisions of this ordinance, shall refuse or neglect to pay such taxes within the time prescribed in this ordinance, it shall be lawful for the collector, or his duly authorized representative who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of property or rights to property belonging to the delinquent dealer.

Section 9.20. Any dealer who shall neglect, fail or refuse to collect the tax as provided in sections 4.01 through 4.11 of this ordinance upon any, every and all retail sales made by the dealer or the dealer's agent or employee, which is subject to tax, shall be liable for and pay the tax personally.

Section 9.21. For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court:

(1) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by such person under sections 4.01 through 4.11 of this ordinance, and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2) Any dealer who shall fail, neglect or refuse to collect the tax as provided in sections 4.01 through 4.11 of this ordinance, whether by such dealer's self or through such dealer's agents or employees;

(3) Any dealer violating the provisions of sections 9.05 and 9.06 of this ordinance;

(4) Any dealer who fails to permit an inspection of records by the collector as provided in section 7.01 of this

ordinance;

(5)   Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 7.02 of this ordinance;

(6)   Any dealer, wholesale dealer or jobber who violates the provisions of sections 4.04 and 4.05 of this ordinance;

(7)   Any dealer who violates the provisions of section 7.02 of this ordinance;

(8)   Any dealer failing or refusing to furnish any return as provided in sections 6.01 through 6.06 of this ordinance, or failing or refusing to furnish a supplement return or other data required by the collector;

(9)   Any dealer required to make, render, sign or verify any return, as provided in sections 6.01 through 6.06 of this ordinance, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10)  The president, executive officers, managers and directors of any corporation, who shall violate the provisions of section 9.22 of this ordinance; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this ordinance for the recovery of the tax, interest and penalties that may be due; and

(11)  Any person who shall violate any other provisions of this ordinance, punishment for which is not otherwise herein provided.

Section 9.22.  No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this ordinance shall have been paid in full. No foreign corporation which has obtained authority from the state to transact business in the authority may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon said corporation in accordance with the provisions of this ordinance shall have been fully paid.

Section 9.23.  Any person or dealer who shall fail to pay any tax levied by this ordinance on or before the day when such tax shall be required by this ordinance to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in section 9.03 of this ordinance, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

In addition, such person or dealer, shall pay the special penalty or penalties provided by this ordinance.

Section 9.24.  All penalties and interest imposed by this ordinance shall be payable to and recoverable by the authority in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, the collector may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charge in excess of the rate of one-half (½) of one per cent per month.

(Res. of 11-1-90)

### SECTION 10. REFUNDS AND REIMBURSEMENTS.

Section 10.01.  Whenever tangible personal property sold is returned to the dealer by the purchaser or consumer or in the event the amount paid or charged for services is refunded or credited to the purchaser or consumer after the tax imposed by this ordinance has been collected, or charged to the account of the purchaser, consumer, or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by such dealer, in the manner

prescribed by the collector; and in case the tax has not been remitted by the dealer to the authority, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by the sworn statement, which period shall not be longer than ninety (90) days, the authority through the collector shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for the tax collected. This memorandum shall be accepted by the authority at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this ordinance.

Section 10.02. If any dealer shall have given to the collector notice within the time provided in section 10.01 of this ordinance, such dealer thereafter, at any time within two (2) years after the payment of any original or additional tax assessed against such dealer, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the ground thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceedings, on appeal has been finally determined.

Section 10.03. If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this ordinance, and if there be no such liability, the said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part the collector shall make an order accordingly and serve notice upon such dealer.

Section 10.04. Where no question of fact or law is involved, and it appears from the records of the authority that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within two (2) years of payment, upon making a record in writing of the reason therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

Section 10.05. When, to secure compliance with any of the provisions of this ordinance any moneys shall have been deposited with the authority by any dealer, and shall have been paid over to the authority and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such money, or such part thereof as the collector shall certify has not been applied by the collector to the satisfaction of any indebtedness arising under this ordinance.

### SECTION 11. REMEDIES OF THE DEALER.

Section 11.01. A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this ordinance; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period of thirty (30) days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate of fifteen (15) per cent per annum covering the period from the date the said funds were received by the collector to the date of refund. No interest on refunds or credits shall be allowed, if, in the discretion of the collector, it is determined that the tax was deliberately overpaid in order to derive the benefit of the interest allowed by this section.

Section 11.02. This section shall afford a legal remedy and right of action in any state, parish or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this ordinance, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

Section 11.03. This section shall be construed to provide a legal remedy in the state, parish or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the constitution of the State of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principle of law involved at an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

Section 11.04. If any dealer shall be aggrieved by any finding or assessment of the collector, such dealer may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by such dealer or such dealer's duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for non-payment nor shall it stay the right of the collector to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, parish or federal court of competent jurisdiction as provided for in section 11.02.

## SECTION 12. OTHER ADMINISTRATIVE PROVISIONS.

Section 12.01. The collector is hereby authorized and empowered to carry into effect the provisions of this ordinance and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this ordinance and other policies or procedures which may be hereafter established by the authority.

Section 12.02. The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this ordinance or the laws and the constitution of the State of Louisiana or of the United States, for the enforcement of the provisions of this ordinance and the collection of the revenues and penalties imposed by this ordinance.

Section 12.03. The collector shall design, prepare, print and furnish to all dealers or make available to said dealers all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided.

Section 12.04. The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne out of appropriations by the authority as provided in section 13.01 of this ordinance.

Section 12.05. In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this ordinance and containing the sale price, and delivery is made after the effective date of this ordinance, and such sale is taxable under this ordinance, the seller shall add the

tax imposed by said ordinance to said sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of this ordinance, but are actually furnished after the effective date hereof.

The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into or stored within the territorial limits of the authority prior to the effective date of this ordinance, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

Section 12.06. It shall be lawful for the collector, or any deputy by the collector duly designated, to receive the written oath of any person signing any application, deposition, statement, or report required by the collector in the administration of this ordinance.

Section 12.07. The collector, or any deputy by him duly designated, may conduct hearings, and have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incidental to the administration of this ordinance. Such examination or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

Section 12.08. Any notice required to be given by the collector pursuant to this ordinance, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by the dealer pursuant to the provisions of this ordinance, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

Section 12.09. The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions and orders made by such collector and by any deputy of such collector's department in charge of the collection of the tax imposed by this ordinance. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by the collector in the administration of this ordinance, may be authenticated under the collector's official signature, and when so authenticated, shall be evidenced in all courts of competent jurisdiction of the same weight and force as the original thereof. For authenticating any such copy, the collector shall be paid a fee of five dollars ($5.00) which shall be treated as revenue of the tax levied hereby.

Section 12.10. Nothing in this ordinance shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the authority of any remedy for the enforcement of this ordinance through any procedure or remedies expressly provided in this ordinance imposing the tax herein levied or any other law, nor shall this ordinance be construed as repealing or altering any such laws or ordinance.

Section 12.11. If any section, sub-section, sentence, clause, or phrase of this ordinance be held invalid such decision shall not affect the validity of the remaining portions of this ordinance. The authority hereby declares that it would have passed this ordinance, and each section, sub-section, sentence, clause and phrase thereof irrespective of the fact that any one or more sections, sub-sections, sentences, clauses or phrases may be so declared invalid.

Section 12.12. The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the authority of any kind or nature.

Section 12.13. This ordinance may be cited or otherwise referred to as the "East Ascension Consolidated Gravity Drainage District No. 1 of the Parish of Ascension, Louisiana Sales and Use Tax Ordinance."

## SECTION 13. DISPOSITION OF TAX PROCEEDS AND REVENUES.

Section 13.01. All taxes, revenues, funds, assessments, monies, penalties, fees or other income which may be collected or come into the possession of the collector, as an agent of the authority under any provision or provisions of this ordinance, shall be deposited daily by the collector for the account of the authority in a special fund designated "East Ascension Consolidated Gravity Drainage District No. 1 of the Parish of Ascension, Louisiana of One-Half of One Percent Sales Tax Fund," which fund shall be a separate bank account established and maintained by the collector; provided, however, any amount which is paid under protest or which is subject to litigation shall be transferred to a separate account established by the collector pending the final determination of the protest of litigation.

Section 13.02. Out of the tax funds on deposit to the credit of the authority in said "East Ascension Consolidated Gravity Drainage District No. 1, One-Half of One Percent Sales Tax Fund, One Percent Sales Tax Fund," the collector shall deduct the reasonable and necessary costs and expenses of administering and collecting the tax herein levied and administering the provisions of this ordinance as well as the various administrative and enforcement procedures established in said ordinance. Such costs and expenses shall include, by way of example but not of limitation, all necessary costs and expenses incurred for office equipment, furniture and supplies, vehicles and the maintenance and operation thereof, printing, postage, rent, salaries, and other related items. Such costs and expenses shall be reported monthly by the collector to the authority.

Section 13.03. After the reasonable and necessary costs and expenses of the collection and administration of the tax have been paid as provided for in section 13.02, the remaining balance in the "East Ascension Consolidated Gravity Drainage District No. 1 of the Parish of Ascension, Louisiana One-Half of One Percent Sales Tax Fund," shall be available for appropriation and expenditure in accordance with the terms of the proposition authorizing the levy of the tax and having been approved by a majority of the qualified electors of the authority voting at a special election held therein on September 29, 1984.

## SECTION 14. MISCELLANEOUS.

Section 14.01. Any provision of this ordinance to the contrary notwithstanding, the authority may contract with anyone for the performance of any or all of the duties of the collector provided for herein. It is hereby recognized that the tax herein levied is being levied by and on behalf of the authority as herein provided and that the collector is acting as agent for the authority for the purpose of administration and collection of the tax.

Section 14.02. This ordinance shall be published as soon as possible in one issue of "The Donaldsonville Chief" and the Gonzales Weekly," weekly newspapers published in the cities of Donaldsonville and Gonzales, respectively, in the Parish of Ascension, Louisiana and "The Donaldsonville Chief," being the official journal of and a newspaper of general circulation in said district and this ordinance shall be in full force and effect on and after December 1, 1984.

Section 14.03. A certified copy of this ordinance shall be recorded as soon as possible in the mortgage records of the Parish of Ascension, State of Louisiana.

Sec. 18C-1. - Election results declared.

(a) That the district does now proceed in open and public session to examine the official certified tabulations of votes cast at the election held in the district on July 16, 1994, to authorize the levy of a sales and use tax

therein, said tabulations having been prepared and certified by the election officials serving at the designated polls, and the district does now further proceed to examine and canvass the returns and declare the result of the election.

(b)    That a process-verbal of the canvass of the returns of the election shall be made and that a certified copy thereof shall be forwarded to the Secretary of State, Baton Rouge, Louisiana, who shall record the same in his office; that another certified copy thereof shall be forwarded to the clerk of court and ex-officio recorder of mortgages in and for the Parish of Ascension, State of Louisiana (the "parish"), who shall record the same in the mortgage records of the parish; and that another copy thereof shall be retained in the archives of the district.

(c)    That the result of the election shall be promulgated by publication in the manner provided by law.

(Res. of 7-21-94, §§ 1—3)

**Editor's note—** The result of the election was favorable and the sales and use tax ordinance was adopted on Aug. 18, 1994. It is set out herein as enacted.

### ARTICLE I. DEFINITIONS

As used in this ordinance the following words, terms and phrases shall have the meaning ascribed to them in sections 1.01 through 1.26, inclusive, of this ordinance, except when the context clearly indicates a different meaning:

Section 1.01 "*Agricultural commodity*" shall mean horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

Section 1.02. "*Authority*" shall mean Ascension Parish Sales Tax District No. 2.

Section 1.03. "*Business*" shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this ordinance to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

Section 1.04. "*Collector*" shall be the Ascension Parish Sales and Use Tax Authority or such other person or board designated by the Ascension Parish Council, acting as the governing board of the authority, to be in charge of the administration and collection of the tax herein levied, or the duty authorized successors of said collector.

Section 1.05. "*Cost price*" shall mean the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.

In the case of tangible personal property that has acquired Louisiana tax situs and is thereafter transported outside the State of Louisiana for repairs performed outside the State of Louisiana and is thereafter returned to the State of Louisiana, the cost price shall be deemed to be the actual cost of any parts and/or materials used in performing such repairs, if applicable labor charges are separately stated on the invoice. If the applicable labor charges are not separately stated on the invoice, it shall be presumed that the cost price is the total charge reflected on the invoice.

Cost price shall not include the supplying and installation of board roads to oil field operators if the installation charges are separately billed the customers at the time of installation.

Section 1.06. "*Dealer*" shall include every person who:

(1)    Manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribute storage to be used or consumed in the authority;

(2)    Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or for storage to be used or consumed in the authority;

(3)    Sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution or storage to be used or consumed in the authority, tangible personal property as defined herein;

(4)    Has sold at retail, or used, or consumed, or distributed or stored for use or consumption in the authority tangible personal property and who cannot prove that the tax levied by this ordinance has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property;

(5)    Leases, or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

(6)    Is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

(7)    Sells or furnishes any of the services subject to tax under this ordinance;

(8)    Purchases or receives any of the services subject to tax under this ordinance;

(9)    Is engaging in business in the authority; or

(10)   Sells at retail any tangible personal property to a vending machine operator for resale through coin-operated vending machines.

Section 1.07. "*Distraint*" or "*distrain*" shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this ordinance.

Section 1.08. "*Engaging in business in the Authority*" shall mean and include any of the following methods of transacting business; maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business of by having an agent, salesman, solicitor or employees operating within the authority under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor or employee is located in the authority permanently or temporarily, or whether such seller or subsidiary is qualified to do business in the authority or by having within the authority any choices in or causes of action, or any property, or any liens on property, or any indebtedness due in the authority, protected by the laws and courts of the authority.

Section 1.09. "*Governing body*" shall mean the Ascension Parish Council, Parish of Ascension, State of Louisiana.

Section 1.10. "*Gross sales*" shall mean the sum total of all retail sales of tangible personal property, as hereinafter provided and defined, and sales of services without any deductions whatsoever of any kind or character, except as provided in this ordinance.

Section 1.11. "*Hotel*" shall mean and include any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to transient guests, where such establishment consists of six (6) or more sleeping rooms, cottages or cabins at a single business location.

Section 1.12. "*Lease or rental* shall mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.

The term "lease or rental," however, as herein defined, shall not mean or include the lease or rental made for the purposes of release or rerental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, other drilling or related equipment used in connection with the operating drilling, completion or reworking of oil, gas, sulphur or other mineral wells.

Section 1.13. "*New article*" shall mean the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

Section 1.14. "*Parish*" shall mean the Parish of Ascension, State of Louisiana.

Section 1.15. "*Person*" shall include any individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate, the State of Louisiana, any parish, city and parish, municipality, district or other political subdivision thereof or any board, agency, instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

Section 1.16. "*Proposition*" shall mean the proposition approved by the voters of the Authority at the special election held July 16, 1994, as set forth in Schedule I hereto.

Section 1.17. "*Purchaser*" shall mean any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to tax under this ordinance.

Section 1.18. "*Retail sale*" or "*sale at retail*" shall mean a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, as hereinafter set forth, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the said collector. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.

The sale of tangible personal property to a dealer who purchases said property for resale through coin-operated vending machines shall be considered a "sale at retail." The subsequent resale of the property by the dealer through coin-operated vending machines shall not be considered a "sale at retail."

The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property, other than vehicles as covered in section 4.06, by a person not engaged in such business. The sale of motor or other vehicles by a person not engaged in such business shall be considered and treated as a "sale at retail."

Section 1.19. "*Retailer*" shall mean and include every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in the authority or any person rendering services taxable hereunder.

Section 1.20. "*Sale*" shall mean any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving, for a consideration or

tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of tangible personal property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale.

The term "sale" shall also include the "sale of services," which means and includes the following:

(1) The furnishing of sleeping rooms, cottages or cabins by hotels;

(2) The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, and universities, and recreational events, and the furnishing for dues, fees, or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities; but the term "sales of services" shall not include membership fees or dues of nonprofit, civic organizations, including by way of illustration and not of limitation, the Young Men's Christian Association, the Catholic Youth Organization and the Young Women's Christian Association;

(3) The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

(4) The furnishing or printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter;

(5) The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovating of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

(6) The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities.

(7) The furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment. For purposes of this definition, tangible personal property shall include machinery, appliances and equipment which have been declared immovable by declaration under the provisions of Article 467 of the Louisiana Civil Code, and things which have been separated from land, building, or other constructions permanently attached to the ground or their component parts as defined in Article 466 of the Louisiana Civil Code.

Section 1.21. "*Sales price*" shall mean the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not exceeding six (6) percent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

Section 1.22. "*Storage*" shall mean and include any keeping or retention in the authority of tangible personal property for use or consumption in the authority or for any purpose other than for sale at retail in the regular course of business.

Section 1.23. "*Tangible personal property*" shall mean and include personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.

Section 1.24. "*Taxing authority*" shall mean and include any municipality, parish or political subdivision in the State of Louisiana, or any municipality, county or political subdivision in a state other than Louisiana.

Section 1.25. "*Use*" shall mean and include the exercise of any right of power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

Section 1.26. "*Use tax*" shall include the use, the consumption, the distribution and the storage for use or consumption, as herein defined.

## ARTICLE II. IMPOSITION OF TAX

Section 2.01. There is hereby levied from and after October 1, 1994, for the purposes and in the manner stated in the proposition set forth in Schedule I to this ordinance, a tax upon the sale at retail, the use, the lease or rental, the consumption, and storage for use or consumption, of tangible personal property and on sales of services within the authority as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one-half of one per cent (½%) of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the governing body, and to include each and every retail sale.

(2) At the rate of one-half of one per cent (½%) of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority, provided there shall be no duplication of the tax.

(3) At the rate of one-half of one per cent (½%) of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.

(4) At the rate of one-half of one per cent (½%) of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one-half of one per cent (½%) of the gross proceeds derived from the sale of services, as defined herein.

Section 2.02. Sales or use taxes paid to the authority on the purchase of new motor trucks and new motor tractors licensed and registered for 12,000 pounds or more, under the provisions of Section 462 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:462), new trailers and new semi-trailer licensed and registered for 16,000 pounds or more under the provisions of said section for rental may be deducted as a credit against the tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has been exceeded. The sales tax paid to another taxing authority in the State of Louisiana or a taxing authority in a state other than Louisiana on the purchase price of property is not deductible from the tax subsequently due on the rental of such property in the authority.

If the tax on rental payments fails to exceed the credits for sales or use tax paid, no refund is due the purchaser.

Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on a rental income; such expenses are a part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

Section 2.03. The tax shall be collected from the dealer, as defined herein, and paid at the time in the manner hereinafter provided.

Section 2.04. The tax so levied is, and shall be in addition to all other taxes, whether levied in the form of excise, license, privilege or property taxes levied by another ordinance or resolution of the governing body.

Section 2.05. The dealer shall collect the taxes levied by this ordinance together with those sales and use taxes levied by the State of Louisiana, and any taxing authority that levies a sales and use tax in the authority, in accordance with the integrated bracket schedule prepared by the collector of revenue of the State of Louisiana, under the authority of Section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). The dealer will remit that portion representing the tax levied by this ordinance to the collector. Copies of said integrated schedules shall be available to dealers on request to the authority or to the collector.

Section 2.06. The collection of the tax herein levied shall be made in the name of the authority by the collector.

ARTICLE III. EXEMPTIONS AND EXCLUSIONS FROM TAX

Section 3.01. The taxes imposed and levied by this ordinance shall be subject to all exemptions and exclusions provided in Chapter 2 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, with respect to taxes levied by any local governmental subdivision or school board.

Section 3.02. It is not the intention of this ordinance to levy a tax upon articles of tangible personal property imported into the authority, or produced or manufactured in the authority, for export; nor is it the intention of this ordinance to levy a tax on bona fide interstate commerce. It is, however, the intention of this ordinance to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority, of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority.

Section 3.03. No tax shall be due under this ordinance on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the authority.

ARTICLE IV. COLLECTION OF TAX BY DEALER

Section 4.01. The tax levied by this ordinance shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 4.06 of this ordinance. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services, and payable at the time of the sale; provided, however, that the governing body shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

Section 4.02. Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use or other consumption in the authority shall, at the time of making sales, collect the tax imposed by this ordinance from the purchaser.

Section 4.03. The dealer shall, as far as practicable, add the exact amount of the tax imposed under this ordinance, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the collector, to the sale price or charge, and when added, such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer, until paid and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided shall be liable for and pay the tax himself.

Section 4.04. In order to aid the administration and enforcement of the provisions of this ordinance, on or before October 1, 1994, or in the case of dealers commencing business after October 1, 1994, or opening new places after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by him. The collector shall within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates thereof, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificates of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer ceasing to do business at the place therein named.

Section 4.05. A manufacturer, wholesale dealer or jobber shall refuse to accept a certificate that any property upon which a tax is imposed by this ordinance is purchased for resale, and shall collect the tax imposed by this ordinance, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this ordinance; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the authority the tax herein imposed.

Section 4.06. The tax imposed by this ordinance upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the vehicle registration license tax of the State of Louisiana shall be collected as provided in this section.

(1) The tax levied by this ordinance on any such vehicle shall be paid to the vehicle commissioner as agent of the collector of revenue of the State of Louisiana, at the time of application for a certificate of title or vehicle registration license. No certificate of title or vehicle registration license shall be issued until the tax has been paid.

   (a) The tax levied by this ordinance on the sale of any such vehicle shall be due at the time of registration or any transfer of registration as required by the vehicle registration license tax law of the State of Louisiana (R.S. 47:451 et seq.).

   (b) The tax levied by this ordinance on the use of any such vehicle in the authority shall be due at the time first registration in the authority is required by the vehicle registration license tax law (R.S. 47:451 et seq.).

(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicle purchased and traded in and the sales or use tax to be paid along with such other information as the collector by regulation may require. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this section to grant an exemption from the tax levied by this ordinance to any sale, use, item or transaction which has heretofore been taxable and this section shall be construed as so

doing. It is the intention of this section to transfer the collection of the sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the collector of revenue of the State of Louisiana, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the collector of revenue in accordance with an agreement by and between the collector of revenue and the governing body, the execution of which agreement is hereby authorized. Said tax so collected for said collector of revenue shall be paid to the authority as soon as possible, and in any event, at least once each month, all in accordance with said agreement.

The collector of revenue shall withhold from any such taxes collected for the authority one (1%) percent of the proceeds of such tax so collected, which shall be used by the collector of revenue to pay the cost of collecting and remitting the tax to the authority and remit the remainder of such taxes collected to the collector of the authority.

(4) The provision contained in section 1.18 of this ordinance which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this section. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

Section 4.07. All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the authority. Such auctioneers or the company which they represent shall be responsible for the collection of the tax levied by this ordinance on articles sold by them and shall report and remit to the collector as provided in this ordinance.

Section 4.08. A person engaged in any business taxable under this ordinance shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this ordinance.

Section 4.09. Where the tax collected for any period is in excess of one-half of one per cent (½%), the total tax collected must be paid over to the collector, less the compensation to be allowed the dealer as hereinafter set forth. This provision shall be construed with other provisions of this ordinance and given effect so as to result in the payment to the collector of the total tax collected if in excess of one-half of one per cent (½%).

Section 4.10. Where the purchaser has failed to pay and a dealer has failed to collect a tax upon sale, as imposed by this ordinance, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the authority and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the authority within fifteen (15) days after the sale was made or rendered.

Section 4.11. For the purpose of compensating the dealer in accounting for and remitting the tax levied by this ordinance, each dealer shall be allowed two (2) per cent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

## ARTICLE V. COLLECTION OF TAX FROM DEALER

Section 5.01. The tax imposed by this ordinance shall be collectible by the collector on behalf of the authority from all persons engaged as dealers.

(1) The collector is duly authorized and empowered to carry into effect the provisions of this ordinance, and

in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the authority.

(2) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the taxes imposed hereunder.

(3) Any duly authorized representative of the collector, when acting under its authority and direction, shall have the same power as is conferred upon the collector by this ordinance.

(4) The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this ordinance.

Section 5.02. On all tangible personal property imported or caused to be imported, from other states or other political subdivisions of this state, or foreign countries, and used by him, the dealer, shall pay the tax imposed by this ordinance on all articles of tangible personal property so imported and used, the same as if the said articles has been sold at retail for use or consumption in the authority. For the purposes of this ordinance, the use, or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

Section 5.03. A credit against the use tax imposed by this ordinance shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another taxing authority. The credit provided herein shall be granted only in the case where such taxing authority, to which a similar tax has been paid grants a similar credit as provided herein, provided that members of the armed forces who are residents of the authority and whose orders or enlistment contracts stipulate a period of active duty of two (2) years or more and who purchase automobiles outside of the authority, while on such tour of active duty shall be granted such credit in connection with the purchase of such automobiles whether or not the taxing authority to which such tax thereon has been paid grants a similar credit as herein provided. The proof of payment of a similar tax to another taxing authority shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by the authority upon the particular tangible personal property which is the subject of the use tax imposed by this ordinance.

ARTICLE VI. RETURNS AND PAYMENT OF TAX

Section 6.01. The tax levied under this ordinance shall be due and payable by all dealers monthly on the first day of each month.

Section 6.02. For the purpose of ascertaining the amount of tax payable under this ordinance, it shall be the duty of all dealers on or before the twentieth day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payments for services, as the case may be, arising from all taxable transactions during the preceding calendar month, running from the effective date of this ordinance to the end of such month. Thereafter, like returns shall be prepared and transmitted to said collector by all dealers, on or before the twentieth day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the

said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Each dealer at the time of making the returns required hereunder shall compute and remit to the authority the required tax due for the preceding calendar month.

Section 6.03. At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the authority therewith, the amount of the tax due under the applicable provisions of this ordinance, and failure to so remit such tax shall cause said tax to become delinquent.

All taxes, interest and penalties imposed under this ordinance shall be paid to the authority in the form of remittance required by the collector.

Section 6.04. Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto shall be reported and the tax shall be paid with respect thereto in accordance with such rules and regulations as the collector may prescribe.

Section 6.05. The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this ordinance.

Section 6.06. For the purpose of collecting and remitting to the authority the tax imposed by this ordinance, the dealer is hereby declared to be the agent of the authority.

### ARTICLE VII. RECORDS AND INSPECTION THEREOF

Section 7.01. It shall be the duty of every dealer to make a report and pay any tax under this ordinance, to keep and preserve suitable records of the sales or purchases of services, as the case may be, taxable under this ordinance, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for a period of three (3) years, all invoices, bills of lading and other records of goods, wares and merchandise or other subjects of taxation under this ordinance; and all such books, invoices and other records shall be open to examination at all reasonable hours, by the collector or any of his duly authorized agents.

Section 7.02. Each dealer shall secure, maintain and keep, for a period of three (3) years a complete record of sales of services and tangible personal property received, used, sold at retail, distributed or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading and other pertinent records and papers as may be required by the collector for the reasonable administration of this ordinance and all such records shall be open for inspection to the collector at all reasonable hours.

Section 7.03. In order to aid in the administration and enforcement of the provisions of this ordinance, and to collect all of the tax imposed by this ordinance, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of purchase, the article or articles purchased and the price at which the article or articles are sold to the purchaser. These records shall be open to inspection to the collector or his duly authorized assistants at all reasonable hours.

Section 7.04. For the purpose of administering this ordinance, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this ordinance, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts and documents of any dealer. It shall be the duty of every dealer and every director, official,

agent or employee of every dealer, to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this ordinance, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

Section 7.05. For the purpose of enforcing the collection of the tax levied by this ordinance, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in the authority, whether said companies, agencies or firms conduct their business by truck, rail, water, airplane or otherwise, in order to determine what dealers, as provided in this ordinance, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

Section 7.06. The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this ordinance. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this ordinance may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

Section 7.07. The records and files of the collector respecting the administration of this ordinance shall be considered confidential and privileged and neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except: (a) in an action or proceeding under the provisions of this ordinance; and, (b) when the records of files or the facts shown thereby are directly involved in such action or proceeding.

Section 7.08. Nothing contained in this ordinance shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representative a copy of any return, report or other paper filed by him pursuant to the provisions of this ordinance;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3) The inspection by the legal representative of the governing body of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this ordinance or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4) The examination of the records and filed by the collector or his duly authorized agents; or

(5) The furnishing, in the discretion of the collector of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

ARTICLE VIII. IMPORTED GOODS PERMITS

Section 8.01. In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this ordinance, the collector is hereby authorized and empowered to put into operation a system of permits

whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer who desires to import tangible personal property into the authority, which property is subject to the tax imposed by this ordinance, to apply to the collector or his assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

### ARTICLE IX. REMEDIES FOR COLLECTION, INCLUDING INTEREST, PENALTIES, ETC.

Section 9.01. For the purposes of the enforcement of this ordinance, and the collection of the tax levied hereunder, it is presumed that all tangible personal property subject to the provisions of this ordinance imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, or leased or rented within the authority, and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the collector.

Section 9.02. Failure to pay any tax due as provided in this ordinance, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the governing body is hereby vested with authority on motion in a court of competent jurisdiction, to take a rule on the said dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why said dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the governing body, prohibiting such dealer from further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as contempt of court, and punished according to law.

Section 9.03. If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, interest shall be added to the amount of the tax due and such interest shall be computed from the first day of the month next following the month for which the tax is due until it is paid; the rate of interest charged on any delinquent taxes shall be equal to the rate of interest provided for in La. R.S. 33:2746, one and one-quarter (1¼) per cent per month (fifteen (15) per cent per annum), and any subsequent amendments that may be made thereto. Notwithstanding any provision of this section of this ordinance, the interest on any amount of tax outstanding on a specific date shall be computed at the rate applicable on such date.

When any dealer fails to make a report and pay the tax as provided by this ordinance at the time such report comes due, there shall be imposed, in addition to any other penalty provided, a specific penalty to be added to the tax; the amount of the specific penalty shall be equal to and applied in the same manner as that set forth in La. R.S. 47:1602 and any subsequent amendments that may be made thereto. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

In the event it becomes necessary to file suit for the collection of any unpaid tax, interest and penalty, the dealer shall also be liable for attorney's fees at the rate of ten (10) per cent of the aggregate of the tax, interest and penalty.

(Ord. of 1-5-06(1))

Section 9.04. In the event any dealer fails to make a report and pay the tax as provided by this ordinance, or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of service, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority, and assess and collect the tax and interest, plus penalty, that may have accrued thereon, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "Ascension Parish Sales Tax District No. 2" in the same manner as are the taxes collected under this ordinance.

If any dealer fails to make any return required by this ordinance or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a special penalty of five (5) percent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

Section 9.05. If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners or assignors.

Section 9.06. In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

Section 9.07. In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

Section 9.08. In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true and actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the authority in the same manner as above provided in

section 9.07, with interest plus penalties, if such have accrued.

Section 9.09. In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in vacation, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

Section 9.10. If any dealer, subject to make and file a return required by any of the provisions of this ordinance, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this ordinance, or otherwise fails to comply with the provisions of this ordinance for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him, or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and said collector may require such dealer, or the agents or employees of such dealers, to give testimony or to answer interrogatories, under oath administered by the collector or his assistants, respecting the sale at retail, the use, or consumption or distribution, in the authority, or lease or rental of tangible personal property or other transactions, subject to tax, or the failure to make report thereof, as provided in this ordinance.

Section 9.11. If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's books, records, or paper, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return, or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examinations, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

Section 9.12. The importation into the authority of tangible personal property which is subject to tax, by truck, automobile, other means of transportation other than a common carrier, without having first obtained a permit as described in section 8.01 (if the tax imposed by this ordinance on said tangible personal property has not been paid), is prohibited and shall be construed as an attempt to evade payment of the said tax, and the truck, automobile, or means of transportation other than a common carrier, and the taxable property may be seized by the collector in order to secure the same as evidence in a trial, and the same shall be subject to forfeiture and sale in the manner provided for in this ordinance.

Section 9.13. The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this ordinance, to pay any tax, interest, penalties, or costs under this ordinance shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer

or in the possession of other persons, firms, corporations or associations of persons; provided, that it is the intention of this ordinance to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this ordinance, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to the authority.

In addition to the penalties prescribed in this and the preceding section (section 9.12), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisonment in jail for a period of not more than ninety (90) days or by both such fine and imprisonment, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a desperate offense.

Section 9.14. The liability of any person, or dealer arising from any tax, interest and penalty, or any of them, imposed by this ordinance; from the time they are due, shall be a personal debt of such person, or dealer to the authority recoverable in any court of competent jurisdiction in an action at law by the authority. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the collector.

Section 9.15. The authority may require a bond or other security for the payment of any taxes, fees, interest and penalties, or any of them imposed pursuant to this ordinance when he shall find that the collection thereof may be prejudiced without such security.

Section 9.16. If any person, or dealer, shall fail to make a return or report as required by this ordinance, the collector may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this ordinance, from any information he is able to conveniently obtain, and according to such estimate so made by him assess the taxes, fees, penalties and interest due the authority from such person, or dealer, give notice of such assessment to such person, or dealer, and must demand upon him for payment. (Ord. of 8-20-98)

Section 9.17. After a return or report is filed under the provisions of this ordinance, the collector shall cause to be examined and made such further audit or investigation as he may deem necessary, and if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this ordinance, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the governing body from such person, or dealer, and make demand upon him for payment.

Section 9.18. If the collector finds that any person, or dealer liable for the payment of any tax under this ordinance designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this ordinance, or to discontinue business, or to do any other act tending to prejudice or render wholly, or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

All taxes, penalties and interest assessed pursuant to the provisions of the last three (3) preceding sections, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by this governing body. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinbefore provided, and any other penalties provided by this ordinance, a sum equivalent to five (5) per cent of the tax.

Section 9.19. If any dealer against whom taxes have been assessed under the provisions of this ordinance, shall refuse or neglect to pay such taxes within the time prescribed in this ordinance, it shall be lawful for the collector, or his duly authorized representative who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of property or rights to property belonging to the delinquent dealer.

Section 9.20. Any dealer who shall neglect, fail or refuse to collect the tax as provided in section 4.01 through 4.11 of this ordinance upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

Section 9.21. For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court.

(1) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under section 4.01 through 4.11 of this ordinance, and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereof, within the time stated after such sale is made;

(2) Any dealer who shall fail, neglect or refuse to collect the tax as provided in sections 4.01 through 4.11 of this ordinance, whether by himself or through his agents or employees;

(3) Any dealer violating the provisions of sections 9.05 and 9.06 of this ordinance;

(4) Any dealer who fails to permit an inspection of records by the collector as provided in section 7.01 of this ordinance;

(5) Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereby by the collector as provided in section 7.03 of this ordinance;

(6) Any dealer, wholesale dealer or jobber who violates the provisions of sections 4.04 and 4.05 of this ordinance;

(7) Any dealer who violates the provisions of section 7.02 of this ordinance;

(8) Any dealer failing or refusing to furnish any return as provided in sections 6.01 through 6.06 of this ordinance, or failing or refusing to furnish a supplement return or other data required by the collector;

(9) Any dealer required to make, render, sign or verify any return, as provided in sections 6.01 through 6.06 of this ordinance, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of section 9.22 of this ordinance; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this ordinance for the recovery of the tax, interest and penalties that may be due; and

(11) Any person who shall violate any other provisions of this ordinance, punishment for which is not

otherwise herein provided.

Section 9.22. No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this ordinance shall have been paid in full.

No foreign corporation which has obtained authority from the state to transact business in the authority may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon said corporation in accordance with the provisions of this ordinance shall have been fully paid.

Section 9.23. Any person or dealer who shall fail to pay any tax levied by this ordinance on or before the day when such tax shall be required by this ordinance to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in section 9.03 of this ordinance, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

In addition, such person or dealer, shall pay the special penalty or penalties provided by this ordinance.

Section 9.24. All penalties and interest imposed by this ordinance shall be payable to and recoverable by the authority in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, it may remit or waive payment of the whole or any part of any penalty, and may waive payment of any interest charge in excess of the rate of one-half (½) of one per cent per month.

## ARTICLE X. REFUNDS AND REIMBURSEMENTS

Section 10.01. Whenever tangible personal property sold is returned to the dealer by the purchaser or consumer or in the event the amount paid or charged for services is refunded or credited to the purchaser or consumer after the tax imposed by this ordinance has been collected, or charged to the amount of the purchaser, consumer, or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector; and in case the tax has not been remitted by the dealer to the authority, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by the sworn statement, which period shall not be longer than ninety (90) days, the authority through the collector shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for the tax collected. This memorandum shall be accepted by the authority at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this ordinance.

Section 10.02. If any dealer shall have given to the collector notice within the time provided in section 10.01 of this ordinance, such dealer thereafter, at any time within two (2) years after the payment of any original or additional tax assessed against him, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the ground thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceedings, on appeal has been finally determined.

Section 10.03. If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this ordinance, and if there be no such liability, the said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

Section 10.04. Where no question of fact or law is involved, and it appears from the records of the authority that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within two (2) years of payment, upon making a record in writing of his reason therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

Section 10.05. When, to secure compliance with any of the provisions of this ordinance any moneys shall have been paid over to the authority and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such money, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this ordinance.

## ARTICLE XI. REMEDIES OF THE DEALER

Section 11.01. A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this ordinance; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period of thirty (30) days; and if suit is filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate of two (2) per cent per annum covering the period from the date the said funds were received by the collector to the date of refund.

Section 11.02. This section shall afford a legal remedy and right of action in any state, parish or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this ordinance, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

Section 11.03. This section shall be construed to provide a legal remedy in the state, parish or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or the Constitution of the State of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principle of law involved at an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

Section 11.04. If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for

nonpayment nor shall it stay in the right of the collector to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, parish or federal court of competent jurisdiction as provided for in section 11.02.

## ARTICLE XII. OTHER ADMINISTRATIVE PROVISIONS

Section 12.01. The collector is hereby authorized and empowered to carry into effect the provisions of this ordinance and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this ordinance and other policies and procedures which may be hereafter established by the authority.

Section 12.02. The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this ordinance or the laws and the Constitution of the State of Louisiana or of the United States, for the enforcement of the provisions of this ordinance and the collection of the revenues and penalties by this ordinance.

Section 12.03. The collector shall design, prepare, print and furnish to all dealers or make available to said dealers all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided.

Section 12.04. The cost of preparing and distributing the reports forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne out of appropriations by the authority as provided in section 13.01 of this ordinance.

Section 12.05. In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this ordinance and containing the sale price, and delivery is made after the effective date of this ordinance, and such sale is taxable under this ordinance, the seller shall add the tax imposed by said ordinance to said sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of this ordinance, but are actually furnished after the effective date hereof.

The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into or stored within the territorial limits of the authority prior to the effective date of this ordinance, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

Section 12.06. It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, deposition, statement, or report required by the collector in the administration of this ordinance.

Section 12.07. The collector may conduct hearings, and have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incidental to the administration of this ordinance. Such examination or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

Section 12.08. Any notice required to be given by the collector pursuant to this ordinance, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to

the provisions of this ordinance, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

Section 12.09. The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions and orders made. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained in the administration of this ordinance, may be authenticated under an official signature, and when so authenticated, shall be evidenced in all courts of competent jurisdiction of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of five dollars ($5.00) which shall be treated as revenue of the tax levied hereby.

Section 12.10. Nothing in this ordinance shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the authority of any remedy for the enforcement of this ordinance through any procedure or remedies expressly provided in this ordinance imposing the tax herein levied or any other law, nor shall this ordinance be construed as repealing or altering any such laws or ordinance.

Section 12.11. If any section, subsection, sentence, clause, or phrase of this ordinance be held invalid such decision shall not affect the validity of the remaining portions of this ordinance. The authority hereby declares that it would have passed this ordinance, and each section, subsection, sentence, clause and phrase thereof irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases may be so declared invalid.

Section 12.12. The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the authority of any kind or nature.

Section 12.13. This ordinance may be cited or otherwise referred to as the "Ascension Parish Sales Tax District No. 2, Sales and Use Tax Ordinance."

## ARTICLE XIII. DISPOSITION OF TAX PROCEEDS AND REVENUES

Section 13.01. All taxes, revenues, funds, assessments, monies, penalties, fees or other income which may be collected or come into the possession of the collector, as an agent of the authority under any provision or provisions of this ordinance, shall be deposited daily by the collector for the account of the authority in a special fund designated "Ascension Parish Sales Tax District No. 2 One-Half of One Percent Sales Tax Fund," which fund shall be a separate bank account established by the collector pending the final determination of the protest of litigation.

Section 13.02. Out of the tax funds on deposit to the credit of the authority in said "Ascension Parish Sales Tax District No. 2, One-Half of One Percent Sales Tax Fund," the collector shall deduct the reasonable and necessary costs and expenses of administering and collecting the tax herein levied and administering the provisions of this ordinance as well as the various administrative and enforcement procedures established in said ordinance. Such costs and expenses shall include, by way of example but not of limitation, all necessary costs and expenses incurred for office equipment, furniture and supplies, vehicles and the maintenance and operation thereof, printing, postage, rent, salaries, and other related items. Such costs and expenses shall be reported monthly by the collector to the authority.

Section 13.03. After the reasonable and necessary costs and expenses of the collection and administration of the tax have been paid as provided for in section 13.02, the remaining balance in the "Ascension Parish Sales Tax District No. 2 One-Half of One Percent Sales Tax Fund" shall be available for appropriation and expenditure in accordance with the terms of the Proposition.

## ARTICLE XIV. MISCELLANEOUS

Section 14.01. That all contractors doing work in the Parish of Ascension, State of Louisiana (the "parish") shall register with the collector for the purpose of collecting and/or paying the tax in compliance with the terms and provisions of the ordinance on or before the date said contractors shall begin work in the parish.

Section 14.02. That in connection with any project in the parish utilizing contractors, project owners who so use contractors shall forward to said collector, the names, addresses and telephone numbers of all contractors doing work on any such project as and when said contractors commence work thereon. This governing body hereby finds that such information is necessary for proper enforcement of the collection of this tax as required by law.

Section 14.03. That the lessee or renter of any tangible personal property or equipment used in the parish pursuant to a transaction taxable under the ordinance shall forward to said collector the names, addresses and telephone numbers of the lessors of said property or equipment as an when said property or equipment shall be first brought into the parish. This governing body hereby finds that such information is necessary for proper enforcement of the collection of this tax as required by law.

Section 14.04. That any person who shall fail to comply with the registration requirements of section 14.01 hereof and any person who shall fail to comply with the notice requirements of section 14.02 or section 14.03 hereof on or after the date said registration or notice shall be required by this ordinance, shall be liable for and pay a penalty in the amount of fifty dollars ($50.00) per day until the registration or notice as provided for herein is received by said collector.

Section 14.05. Any provisions of this ordinance to the contrary notwithstanding, the authority may contract with anyone for the performance of any or all of the duties of the collector provided for herein. It is hereby recognized that the tax herein levied is being levied by and on behalf of the authority as herein provided and that the collector is acting as agent for the authority for the purpose of administration and collection of the tax.

Section 14.06. This ordinance shall be published in one (1) issue of "The Donaldsonville Chief" and the "Gonzales Weekly," weekly newspapers published in the cities of Donaldsonville and Gonzales, respectively, in the Parish of Ascension, Louisiana and "The Donaldsonville Chief" being the official journal of and a newspaper of general circulation in the authority, and this ordinance shall be in full force and effect on or after October 1, 1994.

Section 14.07. A certified copy of this ordinance shall be recorded as soon as possible in the mortgage records of the Parish of Ascension, State of Louisiana.

Section 14.08. The title to this ordinance and notice of a public hearing regarding its adoption shall be published in the official journal of the parish.

Section 14.09. This ordinance shall take effect at the end of five days following publication in the official journal.

Chapter 23 - REVENUE AND TAXATION

SUBCHAPTER A. - SALES AND USE TAX

Section 23:1. - General levy of sales and use tax.

A. There is hereby levied from and after August 1, 1973, for the purposes stated in the propositions set forth in the preamble to the ordinance imposing same, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within this city, as defined herein; and the levy of such tax shall be as follows:

1. At the rate of one (1) percent of the sales price of each item or article of tangible personal property when sold at retail in this city; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the city, and to include each and every retail sale.

2. At the rate of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed or stored for use or consumption in this city; provided there shall be no duplication of the tax.

3. At the rate of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the business.

4. At the rate of one (1) percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

5. At the rate of one (1) percent of the gross proceeds derived from the sale of services, as defined herein.

(Ord. of 6-12-73, § 2.01)

**Editor's note—** The entire text of the above sales and use tax ordinance was not codified herein at the request of the mayor and board of aldermen. This ordinance has been previously published under separate cover and is available at the office of the city clerk.

Section 23:2. - Additional sales and use tax levy.

A. There is hereby levied from and after January 1, 1975, for the purposes stated in the proposition set forth in the preamble to the ordinance imposing same, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property, and on sales of services within the city; and the levy of such tax shall be as follows:

1. At the rate of one-half (½) of one (1) percent of the sales price of each item or article of tangible personal property when sold at retail within this city; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the city, and to include each and every retail sale.

2. At the rate of one-half (½) of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed or stored for use or consumption in this city; provided there shall be no duplication of the tax.

3. At the rate of one-half (½) of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, where the lease or rental of such property is an established business, or part

of an established business or the same is incidental or germane to the business.

4. At the rate of one-half (½) of one (1) percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

5. At the rate of one-half (½) of one (1) percent of the gross proceeds derived from the sale of services.

(Ord. of 12-10-74, § 1.01)

**Editor's note—** See note following section 23:1. This one-half (½) percent tax is in addition to the one (1) percent tax under section 23:1 originally imposed.

Section 23:3. - Sales tax proposition.

A. *Imposition.* Pursuant to the authority of a special election held in the city on September 30, 2006, a tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the city (the "tax"), as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax to the extent required by the Constitution of the State of Louisiana and the Revised Statutes.

B. *Rate.* The tax is levied at the rate of one-half (½) of one (1) percent of the sales price of each item or article of tangible personal property when sold at retail in the city, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the governing authority, and to include each and every retail sale. The tax is levied at the rate of one-half (½) of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the city, provided there shall be no duplication of the tax. The tax is levied at the rate of one-half (½) of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one-half (½) of one (1) percent of the amount paid or charged for taxable services, as defined by law, performed in the city.

C. *Effective date.* The tax shall be effective on January 1, 2007.

D. *Term.* The tax shall remain in effect without limit as to term or duration.

E. *Purposes.* The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the city on September 30, 2006, which proposition is set forth in the preamble hereto.

F. *Vendor's compensation.* For the purpose of compensating the dealer in accounting for and remitting the tax levied by this section, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the city's collector in the form of a deduction in submitting his report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

G. *Exclusions and exemptions.* The governing authority adopts none of the optional exclusions or exemptions

allowed by state sales and use tax law, nor does the governing authority adopt any exclusions or exemptions that are not allowed as an exclusion or exemption from state sales and use tax. Included within the tax base is every transaction, whether sales, use, lease or rental, or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the Constitution or Statutes of the State of Louisiana.

H.  *Interest.* The interest on unpaid taxes provided for by LRS 47:337.69 shall be at the rate of one and one-fourth (1¼) percent per month.

I.  *Delinquency penalty.* Penalty as provided by LRS 47:337.70 shall be five (5) percent per month.

J.  *Penalty for false or fraudulent return.* Penalty as provided by LRS 47:337.72 shall be fifty (50) percent of the tax found to be due.

K.  *Negligence penalty.* The penalty provided by LRS 47:337.73 shall be five (5) percent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is greater.

L.  *Penalty for insufficient funds check.* The penalty provided in LRS 47:337.74 shall be an amount equal to the greater of one (1) percent of the check or twenty dollars ($20.00).

M.  *Attorney fees.* The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this section, or to represent him in any proceeding under this section. If any taxes, penalties or interest due under this section are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten (10) percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

N.  *Penalty for costs incurred.* As provided by LRS 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

O.  *Distraint penalty.* The penalty as provided by LRS 47:337.76 in cases where the distraint procedure is used in the collection of the tax shall be ten dollars ($10.00).

P.  *Limits on interest, penalty and attorney fees.* Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

Q.  *Collector.* The tax levied by this section is authorized to be collected by a "collector" which term shall mean and include the entity presently collecting sales and use taxes on behalf of the city.

R.  *Powers of collector.* The collector is hereby authorized, empowered and directed to carry into effect the provisions of this section, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

S.  *Agreement to collect tax on vehicles.* With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this governing authority, acting through the president of the governing authority, and on behalf of the parish, is authorized to enter into an agreement or agreements with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by LRS 47:303B.

T.  *Revenues of tax.* All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this section

relating to the tax shall be promptly deposited by the collector for the account of the city in the special fund heretofore established and maintained for the deposit of such proceeds, which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the city, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

In compliance with the said special election of September 30, 2006, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax has been paid as provided for above, the remaining balance in such special fund shall be available for appropriation and expenditures by the governing authority solely for the purposes designated in the proposition authorizing the levy of the tax.

(Ord. of 11-8-06, §§ 1—20)

Sections 23:4—23:99. - Reserved.

## SUBCHAPTER B. - PROPERTY TAXES

Sections 23:100—23:199. - Reserved.

## SUBCHAPTER C. - OTHER TAXES, ASSESSMENTS AND REVENUES

Section 23:200. - Chain store tax—Levied; amount of tax.

A. The chain store license tax described in this section which is hereby levied upon the store or stores operated within the corporate limits of the city shall be based on the number of stores or merchandise establishments included under the same general management, supervision, ownership or control, or who enjoy the benefits of central purchasing, warehousing or advertising, whether within the city or not and whether within this parish or state or not; the license for each store or establishment operating in the city shall be as follows:

| Number of Stores in Group at Least: | But Not More Than: | License |
| --- | --- | --- |
| 1 | 10 | $ 10.00 |
| 11 | 35 | 15.00 |
| 36 | 50 | 20.00 |
| 51 | 75 | 25.00 |
| 76 | 100 | 30.00 |

| 101 | 125 | 50.00 |
| 126 | 150 | 100.00 |
| 151 | 175 | 150.00 |
| 176 | 200 | 200.00 |
| 201 | 225 | 250.00 |
| 226 | 250 | 300.00 |
| 251 | 275 | 350.00 |
| 276 | 300 | 400.00 |
| 301 | 400 | 450.00 |
| 401 | 500 | 500.00 |
| 501 and over | | 550.00 |

    B.   The tax for any store opened after June 30 of any year shall not exceed one-half (½) of the annual rent.

(Ord. of 12-10-74, § 1)

Section 23:201. - Same—Exemptions.

    Only the following businesses shall be exempt from the provisions of section 23:200 of this subchapter:

1. Any person selling or distributing any commodity under a public utility franchise from the state or any parish, municipality or other political subdivision thereof, and selling only goods, wares and merchandise, as may be used with the commodity distributed under such franchise.
2. Gasoline filling stations.
3. Any person or firm owned by an individual using a positive identified trade name utilizing centralized advertising where the firm owning the trade name owns no portion of the local firm and exercises no control whatsoever in the operations of the local firm. This exemption applies only to advertising and in no way affects the taxable status of such person or firm who derives benefits from centralized purchasing or warehousing.

(Ord. of 12-10-74, § 2)

Section 23:202. - Same—Reports required.

Every person engaged in business in the city shall, on or before the first day of February of each year render to the city treasurer a report containing a true and complete statement showing the number of stores or establishments operated or maintained in the municipality, as of the report date indicating the name, location and street address of each store and such other information as may be required. Whenever a new store is opened which was not included in the abovementioned report, a supplemental report setting forth the required information shall be filed prior to the expiration of thirty (30) days after the date of opening.

(Ord. of 12-10-74, § 3)

Section 23:203. - Same—Payment of license tax due with report.

Payment of licenses authorized by Section 10 of Chapter 1 of Subtitle I of Title 47 of Louisiana Revised Statutes of 1950 as amended by Act 706 of 1974 and enacted by this authority in section 23:200 above, shall accompany the report required by section 23:202 and shall become delinquent if not paid when due.

(Ord. of 12-10-74, § 4)

Section 23:204. - Same—Enforcement by city treasurer.

The city treasurer, whose duty it is to receive and collect taxes and money due to the city, shall enforce the collection of any and all taxes due within the same time and in the manner that is now or may hereafter be provided for the collection of taxes due to the State of Louisiana.

(Ord. of 12-10-74, § 5)

Section 23:205. - Same—Failures to pay; penalties and interest.

When any taxpayer fails to pay any taxes, or any portion thereof, due under the provisions of this part, on or before the day when it shall be required by law to be paid, there shall be added to the amount of tax due interest at the rate of six (6) percent per annum from the date due until paid and a penalty to be added to the taxes in the amount of five (5) percent of the tax if the failure is for not more than thirty (30) days, with an additional five (5) percent for each additional thirty (30) days or fraction thereof during which the failure continues, not to exceed twenty-five (25) percent of the tax in the aggregate. This specific interest and penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. of 12-10-74, § 6)

Sections 23:206—23:225. - Reserved.

Section 23:226. - Beer gallonage tax imposed, collection by state; penalties.

A. By virtue of authority granted by Act 190 of the Louisiana Legislature of 1946, there is hereby levied, in addition to all other excises, licenses or privilege taxes presently imposed, a tax on all beer, porter, ale, fruit juices and/or wine, having an alcoholic content of not less than one-half (½) of one (1) percent or more than

six (6) percent by volume, of one dollar and fifty cents ($1.50) per standard barrel of thirty-one (31) gallons, or any like rate of any other quantity, or for the fractional parts of such barrel sold for consumption in the city within the meaning and intent of the provisions of Act 190 of the Louisiana Legislature of 1946.

B.  The tax herein levied shall be collected by any and all Louisiana wholesale dealers from their vendees purchasing for consumption in the city, on each sale and shall be remitted by said wholesale dealers to the collector of revenue of the State of Louisiana, for each month, on or before the twentieth day of each succeeding month, respectively, all in accordance with rules and regulations promulgated by the collector of revenue and as provided by Section 19 of Act 190 of 1946.

C.  Failure of the wholesale dealer to collect and remit the tax levied, when due, or failure to pay the tax, when due, by a purchaser for consumption in the city shall, ipso facto, render each of them liable for the amount of taxes found to be due, plus an additional amount of ten (10) percent of the tax and penalty, as attorneys' fees if referred to an attorney for collection.

(Ord. of 8-6-46, §§ 1—3)

## Section 23:227. - Hotel/motel tax.

(a)  Pursuant to the authority of the Act, there is hereby levied from and after January 1, 2012, and without any term limit, with the proceeds of the tax to be deposited in the general fund of the city and used solely for public purposes within the city, a three (3) percent tax (the "tax") upon the rent or fee charged for the occupancy of hotel rooms within the city (the term "hotel" meaning and including any establishment, public or private, engaged in the business of furnishing or providing rooms or overnight camping facilities intended or designed for dwelling, lodging, or sleeping purposes to transient guests where such establishment consists of two (2) or more guestrooms but not encompassing any hospital, convalescent or nursing home or sanitarium, or any hotel-like facility operated by or in connection with a hospital or medical clinic providing rooms exclusively for patients and their families, all as defined in the Act).

(b)  The tax shall be paid by the person who exercises or is entitled to occupancy of the hotel room and shall be paid at the time the rent or fee of occupancy is paid. The word "person" as used herein shall have the same definition as that contained in L.R.S. 47:301(8).

(c)  The tax levied hereby shall be assessed, imposed, collected, paid and enforced in the manner as provided by the law of the State of Louisiana (the "state") applicable to the assessment, imposition, collection, payment and enforceability of hotel-motel taxes by local governments and shall be in addition to any other taxes levied upon hotel occupancy.

(d)  The obligations and rights of taxpayers and dealers in connection with the tax levied hereby shall be as provided taxpayers and dealers by the provisions of state law applicable to hotel-motel taxes levied by local governments.

(e)  The collector (as hereinafter defined) is hereby authorized, empowered and directed to carry into effect the provisions of this section, to appoint deputies, assistants or agents to assist in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(f)  The tax levied by this section is authorized to be collected by a "collector" which term shall mean the tax collector of the City of Bunkie (the "collector").

(g)  That all taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this section relating to the

tax shall be promptly remitted by the collector for the account of the city for deposit by this governing authority in the general fund, maintained with the regularly designated fiscal agent of the city, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

Out of the funds on deposit in such special fund, there shall first be paid all reasonable and necessary costs and expenses of administering and collecting the tax and administering the provisions of this section as well as the various administrative and enforcement procedures, if such costs and expenses have not been first paid from the revenues of the tax by the collector, such costs and expenses shall be reported by the collector monthly to the governing authority.

In compliance with the Act, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administrating of the tax have been paid as provided for above, the remaining balance in such special fund shall be remitted to the governing authority to be expended solely for the purposes designated in the proposition authorizing the levy of the tax.

(h) The fund or account described herein may be a separate fund or account or may be a separate accounting with a general or sweeps fund or account containing monies from multiple sources so long as separate accounting of such moneys is maintained.

(i) If any one or more of the provisions of this section shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provision of this section, and this section shall be construed and enforced as if such illegal or invalid provisions had not been contained herein. Any constitutional or statutory provision enacted after the date of this ordinance which validates or makes legal any provision of this section which would not otherwise be valid or legal, shall be deemed to apply to this section.

(j) The tax levied hereby is and shall be in addition to all other taxes, whether levied in the form of hotel/motel, sales, excise, or license, privilege or property taxes levied by any other resolution or ordinance adopted by this governing authority or any other entity.

(Ord. of 12-28-11)

ARTICLE III. - SALES AND USE TAX

*Footnotes:*

*--- (3) ---*

**State Law reference—** *Local government subdivision, sales tax, La. Const. Art. VI, § 29; sales and use taxes generally, R.S. 33:2711 et seq.; sales tax, R.S. 47:301 et seq.*

Sec. 66-61. - Imposition.

An ordinance levying a one percent sales and use tax in this town upon the sale at retail, the use, the lease or rental, the consumption, and the storage for the use or consumption of tangible personal property, and on the sales of services, levying and providing for the assessment, collection, payment and dedication of such tax and the purposes for which the proceeds of said tax may be expended, adopted on December 13, 1995, is incorporated by reference and made a part of this Code as if set forth herein.

(Code 1977, § 25.30)

**Editor's note—** This tax was authorized by approval of voters at a special election held in Cottonport on October 21, 1995.

PART VII. - SALES AND USE TAX (RESERVED)

**Editor's note—** A copy of the sales and use tax ordinance is on file in the offices of the finance department and council administrator-treasurer. Part VII formerly contained the provisions of Ord. No. 9197, §§ 1—32, adopted December 12, 1990, and Ord. No. 9635, adopted May 26, 1993 which were, in effect, repealed by Ord. No. 11505, § 4, adopted August 11, 1999.

PART VIII. - ADDITIONAL SALES AND USE TAX

**Editor's note—** Since this ordinance is adopted every December, copies are available in the Council Administrator's Office, Room 364, Governmental Building.

## ARTICLE III. - SALES AND USE TAXES

*Footnotes:*

*--- (2) ---*

***Editor's note—*** *Ord. No. 2-2007, §§ 1—18, adopted Feb. 13, 2007, has been treated by the editor as superseding former Art. II, §§ 15-16—15-30, which pertained to a one-percent, ten-year sales and use tax and a one-percent, ten-year sales and use tax for a parishwide road fund. Former Art. III derived from Ord. No. 3-95, §§ 1—16.1, 8-8-95; Ord. No. 3-89, §§ 1—7, 9-12-89; Amend of 7-14-92(4); Ord. No. 5-98, §§ 1—11, 11-10-98; Amend of 5-8-2001, § 7.*

***Cross reference—*** *Sales tax district No. 1, § 14-91.*

## DIVISION 1. - GENERALLY

## Secs. 15-16—15-20. - Reserved.

## DIVISION 1. - DISTRICT NO. 1 TEN-YEAR TAX

*Footnotes:*

*--- (3) ---*

***Editor's note—*** *Ord. No. 1-2016, adopted Mar. 8, 2016, amended Div. 1 in its entirety to read as herein set out. Former Div. 1, §§ 15-21—15-39, pertained to similar subject matter and derived from Ord. No. 2-2007, §§ 1—19, adopted Feb. 13, 2007.*

## Sec. 15-21. - Imposition.

Pursuant to the authority of a special election held in Sales Tax District No. 1 of the Parish of Beauregard, State of Louisiana, on March 5, 2016, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the district, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. No. 1-2016, 3-8-2016)

## Sec. 15-22. - Rate.

The tax is levied at the rate of one (1) percent of the sales price of each item or article of tangible personal property when sold at retail in the district, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the district, and to include each and every retail sale. The tax is levied at the rate of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the district,

provided there shall be no duplication of the tax. The tax is levied at the rate of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one (1) percent of the amount paid or charged for taxable services, as defined by law, performed in the district.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-23. - Effective date.

The tax shall be effective on April 1, 2016.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-24. - Term.

The tax shall remain in effect for ten (10) years (April 1, 2016 through March 31, 2026).

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-25. - Purposes.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the district on March 5, 2016, authorizing the tax, which proposition is set forth in the preamble hereto.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-26. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this ordinance [from which this division derived], each dealer shall be allowed one and one-half (1½) percent of the amount of tax due and accounted for and remitted to the district's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-27. - Exclusions and exemptions.

The governing authority adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does this governing authority adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29 (D)(1) of the Constitution of the State of Louisiana of 1974, that are not allowed as an exclusion or exemption from state sales and use tax. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the Constitution or statutes of the State of Louisiana, including the Act.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-28. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of one and one-fourth (1¼) percent per month.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-29. - Delinquency penalty.

The delinquency penalty, as provided by R.S. 47:337.70, shall be five (5) percent per month on the unpaid amount of the tax due for each thirty-day period, not to exceed five thirty-day periods.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-30. - Penalty for false, fraudulent or grossly incorrect return.

The penalty as authorized by R.S. 47:337.72 shall be fifty (50) percent of the amount of the tax found to be due.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-31. - Negligence penalty.

The penalty as authorized by R.S. 47:337.73 shall be five (5) percent of the unpaid amount of the tax found to be due, or ten dollars ($10.00), whichever is greater.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-32. - Penalty for insufficient funds check.

The penalty as authorized by R.S. 47:337.74 shall be an amount equal to the greater of one-fourth (¼) of one (1) percent of the check or twenty dollars ($20.00).

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-33. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this division, or to represent him in any proceeding under this ordinance. If any taxes, penalties or interest due under this division are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten (10) per centum of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-34. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-35. - Distraint penalty.

The penalty as provided by R.S. 47:337.76 in cases where the distraint procedure is used in the collection of the tax shall be ten dollars ($10.00).

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-36. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees, be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-37. - Collector.

The tax levied by this division is authorized to be collected by a "collector" which term shall mean the Beauregard Parish Sheriff's Department.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-38. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this division, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-39. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this governing authority, acting through the president of this governing authority, is authorized to enter into an agreement or agreements with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S.47:303(B).

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-40. - Revenues of tax.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this division relating to the tax shall be promptly deposited by the collector for the account of the district in the special fund heretofore established and maintained for the deposit of such proceeds, which fund is a separate bank account to be maintained with the regularly designated fiscal agent of the district; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

In compliance with the said special election of March 5, 2016, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by this governing authority solely for the purposes designated in the applicable proposition authorizing the levy of the tax.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-41. - Severability.

If any or more of the provisions of this division shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provision of this division, but this division shall be construed and enforced as if such illegal or invalid provisions had not been contained herein. Any constitutional or statutory provision enacted after the date of this ordinance [from which this division derives] which validates or makes legal any provision of this division which would not otherwise be valid or legal, shall be deemed to apply to this division.

(Ord. No. 1-2016, 3-8-2016)

Sec. 15-42. - Uniform sales tax controlling.

If any provision of this division shall be in conflict with the provisions of the Uniform Local Sales Tax Code, the provisions of the Uniform Local Sales Tax Code shall be controlling.

(Ord. No. 1-2016, 3-8-2016)

Secs. 15-43—15-50. - Reserved.

DIVISION 2. - ONE-QUARTER-PERCENT SALES AND USE TAX FOR COURTHOUSE IMPROVEMENTS

Sec. 15-51. - Imposition.

Pursuant to the authority of a special election held in the Parish of Beauregard, State of Louisiana, on December 8, 2012, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the parish, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. No. 3-2012, § 1, 12-11-12)

Sec. 15-52. - Rate of tax.

The tax is levied at the rate of one-fourth (¼) of one (1) percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale. The tax is levied at the rate of one-fourth (¼) of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax. The tax is levied at the rate of one-fourth (¼) of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one-fourth (¼) of one (1) percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. No. 3-2012, § 2, 12-11-12)

Sec. 15-53. - Effective date.

The tax shall be effective on January 1, 2013.

(Ord. No. 3-2012, § 3, 12-11-12)

Sec. 15-54. - Term.

The tax shall remain in effect for fifteen (15) years (January 1, 2013 through December 31, 2027).

(Ord. No. 3-2012, § 4, 12-11-12)

Sec. 15-55. - Purposes.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on December 8, 2012, authorizing the tax, which proposition is set forth in the preamble of Ordinance No. 3-2012.

(Ord. No. 3-2012, § 5, 12-11-12)

Sec. 15-56. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this division, each dealer shall be allowed one and one-half (1½) percent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. No. 3-2012, § 6, 12-11-12)

Sec. 15-57. - Exclusions and exemptions.

The governing authority adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does this governing authority adopt any exclusions or exemptions authorized by legislation enacted under Article VI, Section 29 (D)(1) of the Constitution of the State of Louisiana of 1974, that are not allowed as an exclusion or exemption from state sales and use tax. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the Constitution or statutes of the State of Louisiana, including the Act.

(Ord. No. 3-2012, § 7, 12-11-12)

Sec. 15-58. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of one and one-fourth (1¼) percent per month.

(Ord. No. 3-2012, § 8, 12-11-12)

Sec. 15-59. - Delinquency penalty.

The delinquency penalty, as provided by R.S. 47:337.70 shall be five (5) percent per month on the unpaid amount of the tax due for each thirty-day period, not to exceed five (5) thirty-day periods.

(Ord. No. 3-2012, § 9, 12-11-12)

Sec. 15-60. - Penalty for false, fraudulent or grossly incorrect return.

The penalty as authorized by R.S. 47:337.72 shall be fifty (50) percent of the amount of the tax found to be due.

(Ord. No. 3-2012, § 10, 12-11-12)

Sec. 15-61. - Negligence penalty.

The penalty as authorized by R.S. 47:337.73 shall be five (5) percent of the unpaid amount of the tax found to be due, or ten dollars ($10.00), whichever is greater.

(Ord. No. 3-2012, § 11, 12-11-12)

Sec. 15-62. - Penalty for insufficient funds check.

The penalty as authorized by R.S. 47:337.74 shall be an amount equal to the greater of one-fourth (¼) of one (1) percent of the check or twenty dollars ($20.00).

(Ord. No. 3-2012, § 12, 12-11-12)

Sec. 15-63. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this division, or to represent him in any proceeding under thisdivision. If any taxes, penalties or interest due under this ordinance are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten (10) per centum of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. No. 3-2012, § 13, 12-11-12)

Sec. 15-64. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. No. 3-2012, § 14, 12-11-12)

Sec. 15-65. - Distraint penalty.

The penalty as provided by R.S. 47:337.76 in cases where the distraint procedure is used in the collection of the tax shall be ten dollars ($10.00).

(Ord. No. 3-2012, § 15, 12-11-12)

Sec. 15-66. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees, be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 3-2012, § 16, 12-11-12)

Sec. 15-67. - Collector.

The tax levied by this division is authorized to be collected by a "collector" which term shall mean the Beauregard Parish Sheriff's Department.

(Ord. No. 3-2012, § 17, 12-11-12)

Sec. 15-68. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this division, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. No. 3-2012, § 18, 12-11-12)

Sec. 15-69. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this governing authority, acting through the president of this governing authority, is authorized to enter into an

agreement or agreements with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(Ord. No. 3-2012, § 19, 12-11-12)

Sec. 15-70. - Revenues of tax.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this ordinance relating to the tax shall be promptly deposited by the collector for the account of the parish in the special fund to be established and maintained for the deposit of such proceeds, which fund shall be a separate bank account to be maintained with the regularly designated fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

In compliance with the said special election of December 8, 2012, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by this governing authority solely for the purposes designated in the applicable proposition authorizing the levy of the tax.

(Ord. No. 3-2012, § 20, 12-11-12)

Sec. 15-71. - Severability.

If any or more of the provisions of this division shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provision of this division, but this division shall be construed and enforced as if such illegal or invalid provisions had not been contained herein. Any constitutional or statutory provision enacted after the date of the ordinance from which this division derives which validates or makes legal any provision of this division which would not otherwise be valid or legal, shall be deemed to apply to this division.

(Ord. No. 3-2012, § 21, 12-11-12)

Sec. 15-72. - Uniform Sales Tax controlling.

If any provision of this division shall be in conflict with the provisions of the Uniform Local Sales Tax Code, the provisions of the Uniform Local Sales Tax Code shall be controlling.

(Ord. No. 3-2012, § 22, 12-11-12)

ARTICLE II. - SALES AND USE TAXES

> Footnotes:
>
> --- **(1)** ---
>
> **State Law reference—** *Parish authorized to levy sales tax, La. Const., Art. 6, § 29; sales taxes generally, R.S. 33:2711 et seq.; Uniform Local Sales Tax Code, R.S. 47:337.1 et seq.*

Sec. 50-22. - Definitions.

The following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*District* means Sales Tax District Number One of Caddo Parish, State of Louisiana, which shall comprise all of Caddo Parish, Louisiana, outside the boundaries of the municipalities of Bossier City, Shreveport and Vivian, as said boundaries may exist at any given time, and said district shall vary in accordance with legal changes which may be made to said municipal boundaries.

(Code 1985, §§ 13-101.01—13-101.26; Ord. No. 2593, 1-11-1989)

Sec. 50-23. - Levy; rate; term.

(a) *Imposition.* There is hereby levied a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the district as defined herein. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(b) *Rate of tax.* The tax is levied at the rate of 1½ percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale. The tax is levied at the rate of 1½ percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax. The tax is levied at the rate of 1½ percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted

or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of 1½ percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(c)   *Term.* The tax shall remain in effect without limit as to term or duration.

(Code 1985, §§ 13-101.01—13-101.26; Ord. No. 2593, 1-11-1989)

Sec. 50-24. - Purposes.

The proceeds of the tax shall be used as authorized by law.

(Code 1985, §§ 13-101.01—13-101.26; Ord. No. 2593, 1-11-1989)

Sec. 50-25. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed one percent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer under this section.

(Code 1985, §§ 13-101.01—13-101.26; Ord. No. 2593, 1-11-1989)

Sec. 50-26. - Exclusions and exemptions.

The governing authority adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does the governing authority adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29(D)(1), of the Constitution of the State of Louisiana of 1974. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the constitution or statutes of the state, including the Act. Notwithstanding the foregoing, charges for the furnishing of repairs to tangible personal property may be excluded from the sales of services when the repaired property is delivered to the customer in another state either by common carrier or the repair dealer's own vehicle; however, as to aircraft, delivery may be by the best available means.

(Code 1985, §§ 13-101.01—13-101.26; Ord. No. 2593, 1-11-1989)

Sec. 50-27. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, if the amount of tax due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax is due, interest shall be added to the amount of tax due and such interest shall be computed from the due date until the tax is paid; the rate of interest

charged on any delinquent taxes shall be equal to the rate of interest charged by the state on sales and use tax obligations as currently provided in R.S. 47:1601 and any subsequent amendments or revisions that may be made thereto. Notwithstanding any provision of this section, the interest on any amount of tax outstanding on a specific date shall be computed at the rate applicable on such date.

(Code 1985, §§ 13-101.01—13-101.26; Ord. No. 2593, 1-11-1989)

Sec. 50-28. - Penalties.

(a) *Delinquency penalty.* The delinquency penalty shall apply, as provided by R.S. 47:337.70, when any dealer fails to make a report and pay the tax as provided by this article at the time such report becomes due, there shall be imposed, in addition to any other penalty provided, a specific penalty to be added to the tax; the amount of the specific penalty shall be equal to and applied in the same manner as the specific penalty for sales and use tax of the state as currently provided in R.S. 47:1602 and any subsequent revision or amendments that may be made thereto. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(b) *Penalty for false, fraudulent or grossly incorrect return.* The penalty as authorized by R.S. 47:337.72 shall be 50 percent of the amount of the tax found to be due.

(c) *Negligence penalty.* The penalty as authorized by R.S. 47:337.73 shall be five percent of the unpaid amount of the tax found to be due, or $10.00, whichever is greater.

(d) *Penalty for insufficient funds check.* The penalty as authorized by R.S. 47:337.74 shall be an amount equal to the greater of one percent of the check or $20.00.

(e) *Attorney fees.* The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this article, or to represent him in any proceeding under this article. If any taxes, penalties or interest due under this article are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(f) *Penalty for costs incurred.* As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(g) *Distraint penalty.* The penalty as provided by R.S. 47:337.76 in cases where the distraint procedure is used in the collection of the tax shall be $10.00.

(h) *Limits on interest, penalty and attorney fees.* Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties

and attorney fees allowed by such other law shall apply.

(Code 1985, §§ 13-101.01—13-101.26; Ord. No. 2593, 1-11-1989)

Sec. 50-29. - Collector; powers.

(a) *Collector.* The tax levied by this article is authorized to be collected by a "collector" which term shall mean the Caddo-Shreveport Sales and Use Tax Commission.

(b) *Powers of collector.* The collector is hereby authorized, empowered and directed to carry into effect the provisions of this article, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Code 1985, §§ 13-101.01—13-101.26; Ord. No. 2593, 1-11-1989)

Sec. 50-30. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, the governing authority, acting through the central collector for the parish, the Caddo-Parish Sales and Use Tax Commission, is authorized to enter into an agreement or agreements with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(Code 1985, §§ 13-101.01—13-101.26; Ord. No. 2593, 1-11-1989)

Sec. 50-31. - Revenues of tax.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this article relating to the tax shall be promptly deposited by the collector for the account of the parish in the special funds heretofore established and maintained for the deposit of such proceeds, which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the parish, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

(b) After all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by the parish solely for the purposes authorized by law.

(Code 1985, §§ 13-101.01—13-101.26; Ord. No. 2593, 1-11-1989)

ARTICLE II. - SALES TAX DISTRICT

> *Footnotes:*
>
> *--- (2) ---*
>
> **State Law reference—** *Sales taxes generally, R.S. 33:2711 et seq.; Uniform Local Sales Tax Code, R.S. 47:337.1 et seq.*

DIVISION 1. - GENERALLY

Sec. 94-19. - Definitions.

The following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*District* means the parish sales tax district.

(Code 1997, § 94-31; Ord. No. 604, § 2, 2-7-1985)

Sec. 94-20. - Created.

In accordance with the provisions of R.S. 33:2721.6 and other constitutional and statutory authority supplemental thereto, there is created a sales tax district within the parish, containing all of that territory within the boundaries of the parish except that portion of the parish contained within the corporate boundaries of the municipalities of Homer and Haynesville, as those corporate boundaries are constituted on February 7, 1985.

(Code 1997, § 94-32; Ord. No. 604, § 1, 2-7-1985)

Sec. 94-21. - Organization.

The sales tax district is known and designated as the "Claiborne Parish Sales Tax District," and the seal of the parish is adopted as the seal of the district. The governing authority of the district shall be the police jury, the domicile shall be the regular meeting place of the police jury, and the officers of the police jury shall be the officers of the district.

(Code 1997, § 94-33; Ord. No. 604, § 2, 2-7-1985)

Sec. 94-22. - Powers.

The district shall have all powers granted to it under state law, including the power to levy a sales and use tax of 0.5 percent, in accordance with R.S. 33:2721.6 and La. Const. art. VI, § 29, and to fund the proceeds thereof into bonds for the purposes for which the sales tax is authorized to be used.

(Code 1997, § 94-34; Ord. No. 604, § 3, 2-7-1985)

Sec. 94-23. - Subsequent legislation.

Any constitutional or statutory provisions enacted after February 7, 1985, which validate or make legal any provisions of this article shall be deemed to apply to this article.

(Code 1997, § 94-35; Ord. No. 604, § 4, 2-7-1985)

Secs. 94-24—94-49. - Reserved.

DIVISION 2. - ONE PERCENT SALES AND USE TAX

> Footnotes:
> --- (3) ---
> **Editor's note—** *Ordinance No. 687, adopted August 8, 1996, established a one percent sales and use tax for the parish. That ordinance had been codified in this division as sections 94-56 through 94-70. Subsequently, Ordinance No. 783, adopted December 14, 2016, replaced the tax established by Ordinance No. 687 with another one percent sales and use tax. However, Ordinance No. 783 did not contain a specific or general repealing clause regarding prior ordinances covering the same subject matter. Consequently, the parish has determined that Ordinance No. 783 was intended to repeal and replace the entirety of Ordinance No. 687.*

Sec. 94-50. - Adoption of Uniform Local Sales Tax Code.

Pursuant to the authority conferred by R.S. 47:337.4 (levy of sales and use tax), the provisions of R.S. 47:337.1 et seq., as amended, commonly referred to as the Uniform Local Sales Tax Code, are hereby adopted by reference and incorporated herein as if set out fully and shall apply in the assessment, collection, administration and enforcement of the tax imposed herein.

Sec. 94-51. - Imposition.

Pursuant to the authority of a special election held in the district on December 10, 2016, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the district, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the state legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. No. 783, § 1, 12-14-2016)

Sec. 94-52. - Rate of tax.

(a)  The tax is levied at the rate of one percent of the sales price of each item or article of tangible

personal property when sold at retail in the district, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the district, and to include each and every retail sale.

(b)  The tax is levied at the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the district, provided there shall be no duplication of the tax.

(c)  The tax is levied at the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(d)  The tax is levied at the rate of one percent of the amount paid or charged for taxable services, as defined by law, performed in the district.

(Ord. No. 783, § 2, 12-14-2016)

## Sec. 94-53. - Term.

The tax shall remain in effect for ten years (January 1, 2017, through December 31, 2026).

(Ord. No. 783, § 4, 12-14-2016)

## Sec. 94-54. - Purposes.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the district on December 10, 2016, authorizing the tax, which proposition is set forth in the preamble to the ordinance from which this division is derived.

(Ord. No. 783, § 5, 12-14-2016)

## Sec. 94-55. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this division, each dealer shall be allowed two percent of the amount of tax due and accounted for and remitted to the district's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. No. 783, § 6, 12-14-2016)

## Sec. 94-56. - Exclusions and exemptions.

The police jury adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does the police jury adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29 (D)(1) of the state constitution of 1974. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the constitution or statutes of the state, including the Act.

(Ord. No. 783, § 7, 12-14-2016)

Sec. 94-57. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of 1¼ percent per month.

(Ord. No. 783, § 8, 12-14-2016)

Sec. 94-58. - Delinquency penalty.

The delinquency penalty, as provided by R.S. 47:337.70, shall be five percent per month on the unpaid amount of the tax due for each 30-day period, not to exceed five 30-day periods.

(Ord. No. 783, § 9, 12-14-2016)

Sec. 94-59. - Penalty for false, fraudulent or grossly incorrect return.

The penalty for false, fraudulent or grossly incorrect returns, as authorized by R.S. 47:337.72, shall be 50 percent of the amount of the tax found to be due.

(Ord. No. 783, § 10, 12-14-2016)

Sec. 94-60. - Negligence penalty.

The negligence penalty, as authorized by R.S. 47:337.73, shall be five percent of the unpaid amount of the tax found to be due, or $10.00, whichever is greater.

(Ord. No. 783, § 11, 12-14-2016)

Sec. 94-61. - Penalty for insufficient funds check.

The penalty for insufficient funds checks, as authorized by R.S. 47:337.74, shall be an amount equal to the greater of one percent of the check or $20.00.

(Ord. No. 783, § 12, 12-14-2016)

Sec. 94-62. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this division, or to represent him in any proceeding under this division. If any taxes, penalties or interest due under this division are referred to an attorney-at-law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. No. 783, § 13, 12-14-2016)

Sec. 94-63. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. No. 783, § 14, 12-14-2016)

Sec. 94-64. - Distraint penalty.

The distraint penalty, as provided by R.S. 47:337.76, in cases where the distraint procedure is used in the collection of the tax, shall be $10.00.

(Ord. No. 783, § 15, 12-14-2016)

Sec. 94-65. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 783, § 16, 12-14-2016)

Sec. 94-66. - Collector.

The tax levied by this division is authorized to be collected by a collector. The term "collector" means the parish school board.

(Ord. No. 783, § 17, 12-14-2016)

Sec. 94-67. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this division, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof, to make and enforce such rules as it may deem necessary.

(Ord. No. 783, § 18, 12-14-2016)

Sec. 94-68. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, the police jury, acting through the president of the police jury, and on behalf of the district, is authorized to enter into an agreement with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(Ord. No. 783, § 19, 12-14-2016)

Sec. 94-69. - Revenues of tax.

(a) All taxes, revenues, funds, assessments, monies, penalties, fees or other income which may be collected or come into the possession of the collector under any provision of this division relating to the tax shall be promptly deposited by the collector for the account of the district in the special fund to be established and maintained for the deposit of such proceeds, which fund will be a separate bank account maintained with the regularly designated fiscal agent of the district; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with the fiscal agent pending the final determination of the protest or litigation.

(b) In compliance with the special election of December 10, 2016, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in the special fund shall be available for appropriation and expenditures by the police jury solely for the purposes designated in the applicable proposition authorizing the levy of the tax.

(Ord. No. 783, § 20, 12-14-2016)

ARTICLE II. - SALES AND USE TAX

*Footnotes:*

*--- (1) ---*

**Editor's note—** *Ord. of 01-08-2018(1), adopted January 8, 2018 repealed the former article II, divisions 1—12, §§ 13-21—13-28, 13-36—13-38, 13-46—13-55, 13-61—13-63, 13-71—13-76, 13-81—13-88, 13-96, 13-101—13-123, 13-131—13-135, 13-141—13-144, 13-151—13-162, and 13-171—13-173, and enacted a new article II as set out herein. The former article II pertained to similar subject matter and derived from Ord. No. 468, adopted December 12, 1977; Ord. No. 544, adopted January 25, 1998; and Ord. No. 720, adopted January 27, 2003. The preamble and ordaining clause of Ord. of 01-08-2018(1) is as follows:    WHEREAS, under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority and an election held on October 14, 2017, the Parish of Concordia, State of Louisiana (the "Parish"), acting through the Police Jury of the Parish of Concordia, State of Louisiana, as its governing authority (the "Governing Authority"), is authorized to levy and collect within the Parish from and after February 1, 2018, a one percent (1%) sales and use tax (the "Tax") for a period of fifteen (15) years, upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and upon the sale of services as defined in applicable statutory authority, pursuant to the following proposition which was approved at said election held on October 14, 2017:    PROPOSITION    (SALES TAX RENEWAL)    Shall the Parish of Concordia, State of Louisiana (the "Parish"), under the provisions of law, be authorized to continue to levy and collect a tax of one percent (1%) (the "Tax") (an estimated $946,000 reasonably expected at this time to be collected from the levy of the Tax for an entire year) upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within the entire Parish except that portion located within the territorial boundaries of the municipalities of Vidalia and Ferriday, for a period of fifteen (15) years, from and after February 1, 2018, with the proceeds of the Tax (after payment of reasonable and necessary expenses of collecting and administering the Tax), to be dedicated and used first for the purpose of constructing, acquiring, operating and maintaining a solid waste collection and disposal program; with the balance thereafter to be dedicated and used for the purpose of hardsurfacing and maintaining roads and constructing, operating and maintaining drainage facilities.    WHEREAS, in compliance with the aforesaid constitutional and statutory authority and said special election of October 14, 2017, it is the desire of this Governing Authority to provide for the levy and collection of the Tax and to provide for distribution of the proceeds thereof and other matters in connection therewith as hereinafter provided in this ordinance;    NOW, THEREFORE, BE IT ORDAINED by the Police Jury of the Parish of Concordia, State of Louisiana (the "Governing Authority"), acting as the governing authority of the Parish of Concordia, State of Louisiana, thereof, that:*

Sec. 13-21. - Imposition.

Pursuant to the authority of a special election held in the Parish of Concordia, State of Louisiana, on October 14, 2017, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the Parish of Concordia, State of Louisiana, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. of 01-08-2018(1), § 1, 1-8-18)

Sec. 13-22. - Rate of tax.

The tax is levied at the rate of one (1) percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale. The tax is levied at the rate of one (1)

Case 2:21-cv-02106-JTM-KWR Document 2-3 Filed 11/15/21 Page 156 of 1004

percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax. The tax is levied at the rate of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one (1) percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. of 01-08-2018(1), § 2, 1-8-18)

## Sec. 13-23. - Effective date.

The tax shall be effective on February 1, 2018.

(Ord. of 01-08-2018(1), § 3, 1-8-18)

## Sec. 13-24. - Term.

The tax shall remain in effect for fifteen (15) years (February 1, 2018 through January 31, 2033).

(Ord. of 01-08-2018(1), § 4, 1-8-18)

## Sec. 13-25. - Purposes.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on October 14, 2017, authorizing the tax, which proposition is set forth in the preamble hereto.

(Ord. of 01-08-2018(1), § 5, 1-8-18)

## Sec. 13-26. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this ordinance, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. of 01-08-2018(1), § 6, 1-8-18)

## Sec. 13-27. - Exclusions and exemptions.

The governing authority adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does this governing authority adopt any exclusions or exemptions authorized by legislation enacted under Article VI, Section 29 (D)(1) of the Constitution of the State of Louisiana of 1974. Included within the base of the tax is

every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the Constitution or statutes of the State of Louisiana, including the Act.

(Ord. of 01-08-2018(1), § 7, 1-8-18)

Sec. 13-28. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of one and twenty-five hundredths (1.25) percent per month.

(Ord. of 01-08-2018(1), § 8, 1-8-18)

Sec. 13-29. - Delinquency penalty.

The delinquency penalty, as provided by R.S. 47:337.70, shall be five (5) percent per month on the unpaid amount of the tax due for each thirty-day period, not to exceed five (5) thirty-day periods.

(Ord. of 01-08-2018(1), § 9, 1-8-18)

Sec. 13-30. - Penalty for false, fraudulent or grossly incorrect return.

The penalty as authorized by R.S. 47:337.72 shall be fifty (50) percent of the amount of the tax found to be due.

(Ord. of 01-08-2018(1), § 10, 1-8-18)

Sec. 13-31. - Negligence penalty.

The penalty as authorized by R.S. 47:337.73 shall be five (5) percent of the unpaid amount of the tax found to be due, or ten dollars ($10.00), whichever is greater.

(Ord. of 01-08-2018(1), § 11, 1-8-18)

Sec. 13-32. - Penalty for insufficient funds check.

The penalty as authorized by R.S. 47:337.74 shall be an amount equal to the greater of one (1) percent of the check or twenty dollars ($20.00).

(Ord. of 01-08-2018(1), § 12, 1-8-18)

Sec. 13-33. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this ordinance, or to represent him in any proceeding under this ordinance. If any taxes, penalties or interest due under this ordinance are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten (10) per centum of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. of 01-08-2018(1), § 13, 1-8-18)

Sec. 13-34. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. of 01-08-2018(1), § 14, 1-8-18)

Sec. 13-35. - Distraint penalty.

The penalty as provided by R.S. 47:337.76 in cases where the distraint procedure is used in the collection of the tax shall be ten dollars ($10.00).

(Ord. of 01-08-2018(1), § 15, 1-8-18)

Sec. 13-36. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. of 01-08-2018(1), § 16, 1-8-18)

Sec. 13-37. - Collector.

The tax levied by this ordinance is authorized to be collected by a "collector" which term shall mean the Concordia Parish School Board.

(Ord. of 01-08-2018(1), § 17, 1-8-18)

Sec. 13-38. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this ordinance, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. of 01-08-2018(1), § 18, 1-8-18)

Sec. 13-39. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this governing authority, acting through the president of the governing authority and on behalf of the parish, is authorized to enter into an agreement or agreements with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(Ord. of 01-08-2018(1), § 19, 1-8-18)

Sec. 13-40. - Revenues of tax.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this ordinance relating to the tax shall be promptly deposited by the collector for the account of the parish in the special fund heretofore established and maintained for the deposit of such proceeds, which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the parish, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

In compliance with the said special election of October 14, 2017, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by the governing authority solely for the purposes designated in the applicable proposition authorizing the levy of the tax.

(Ord. of 01-08-2018(1), § 20, 1-8-18)

Secs. 13-41—13-190. - Reserved.

ARTICLE IV. - ONE-QUARTER PERCENT SALES TAX FOR HOSPITAL SERVICE DISTRICT

Sec. 13-211. - Imposition.

Pursuant to the authority of a special election held in the Parish of Concordia, State of Louisiana, on January 15, 2005, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the Parish of Concordia, State of Louisiana, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the Tax, the provisions of which are hereby incorporated by reference.

(Ord. No. 737, §, 2-28-05)

Sec. 13-212. - Rate of tax.

The tax is levied at the rate of one-fourth of one percent (¼%) of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale. The tax is levied at the rate of one-fourth of one percent (¼%) of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax. The tax is levied at the rate of one-fourth of one percent (¼%) of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane

to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one-fourth of one percent (¼%) of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. No. 737, § 2, 2-28-05)

Sec. 13-213. - Effective date.

The tax shall be effective on July 1, 2005.

(Ord. No. 737, § 3, 2-28-05)

Sec. 13-214. - Term.

The tax shall remain in effect for ten (10) years (July 1, 2005 through June 30, 2015).

(Ord. No. 737, § 4, 2-28-05)

Sec. 13-215. - Purposes.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on January 15, 2005, authorizing the tax, which proposition is set forth in the preamble hereto.

(Ord. No. 737, § 5, 2-28-05)

Sec. 13-216. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this ordinance, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. No. 737, § 6, 2-28-05)

Sec. 13-217. - Exclusions and exemptions.

The governing authority adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does this governing authority adopt any exclusions or exemptions authorized by legislation enacted under Article VI, Section 29 (D)(1) of the Constitution of the State of Louisiana of 1974. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exceptions except for those mandated upon political subdivisions by the Constitution or statutes of the State of Louisiana, including the Act.

(Ord. No. 737, § 7, 2-28-05)

Sec. 13-218. - Penalties and enforcement.

(a) *Interest on unpaid amount of tax due.* As authorized by La. R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of one and one-fourth percent (1¼%) per month.

(b) *Delinquency penalty.* The delinquency penalty, as provided by La. R.S. 47:337.70, shall be five (5) percent per month on the unpaid amount of the tax due for each thirty-day period, not to exceed five thirty-day periods.

(c) *Penalty for false, fraudulent or grossly incorrect return.* The penalty as authorized by La. R.S. 47:337.72 shall be fifty (50) percent of the amount of the tax found to be due.

(d) *Negligence penalty.* The penalty as authorized by La. R.S. 47:337.73 shall be five (5) percent of the unpaid amount of the tax found to be due, or ten dollars ($10.00), whichever is greater.

(e) *Penalty for insufficient funds check.* The penalty as authorized by La. R.S. 47:337.74 shall be an amount equal to the greater of one (1) percent of the check or twenty dollars ($20.00).

(f) *Attorney fees.* The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this article, or to represent him in any proceeding under this article. If any taxes, penalties or interest due under this article are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.

(g) *Penalty for costs incurred.* As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(h) *Distraint penalty.* The penalty as provided by R.S. 47:337.76 in cases where the distraint procedure is used in the collection of the tax shall be ten dollars ($10.00).

(i) *Limits on interest, penalty and attorney fees.* Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 737, §§ 8—16, 2-28-05)


Sec. 13-219. - Collection.

(a) *Collector.* The tax levied by this article is authorized to be collected by a "Collector" which term shall mean the Parish School Board of the Parish of Concordia, State of Louisiana.

(b) *Powers of collector.* The collector is hereby authorized, empowered and directed to carry into effect the provisions of this article, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(c) *Agreement to collect tax on vehicles.* With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this governing authority, acting through the president of the

governing authority and on behalf of the parish, is authorized to enter into an agreement or agreements with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(Ord. No. 737, §§ 17—19, 2-28-05)

Sec. 13-220. - Revenues of tax.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this article relating to the tax shall be promptly deposited by the collector for the account of the parish in the special funds heretofore established and maintained for the deposit of such proceeds, which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the parish, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

(b) In compliance with the said special election of January 15, 2005, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by the governing authority solely for the purposes designated in the applicable proposition authorizing the levy of the tax.

(Ord. No. 737, § 20, 2-28-05)

ARTICLE III. - SALES TAX

> *Footnotes:*
>
> *--- (3) ---*
>
> **Editor's note—** *The current sales and use tax ordinances of the City of Mansfield, the DeSoto Parish School Board and the DeSoto Parish Police Jury contain clauses which repeal all previous ordinances which are in conflict with those laws.*
>
> **State Law reference—** *Parish authorized to levy sales tax, La. Const., art. 6, § 29; sales taxes generally, R.S. 33:2711 et seq.; uniform local sales tax code, R.S. 47:337.1 et seq.*

DIVISION 1. - GENERALLY

Sec. 22-58. - Definitions.

(a) The definitions set forth in R.S. 47:301 (sales tax, definitions), as amended, shall be effective as definitions of the words, terms and phrases used in this article. All words, terms and phrases used herein, other than those specifically defined elsewhere in this article, shall have the respective meanings ascribed to them in R.S. 47:301, as amended, and shall have the same scope and effect that the same words, terms and phrases have where used in R.S. 47:301, as amended.

(b) As used in this article, the following words, terms and phrases shall have the meanings ascribed to them in this section, except when the context clearly indicates a different meaning:

*Administrator* means the administrator of the parish sales and use tax commission established under the authority of R.S. 33:1332 who shall be in charge of administration and collection of the tax herein levied, or the duly authorized assistants of such administrator.

*Business* means any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit or advantage, either direct or indirect. The term "business" shall not be construed in this article to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

*City* means the City of Mansfield, State of Louisiana.

*Distraint* or *distrain* means the right to levy upon and seize and sell, or the levying upon or seizing and selling of, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this article.

*Engaging in business in this city/parish* means any of the following methods of transacting business:

(1) By maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business;

(2) By having an agent, salesman, solicitor or employee operating within this city/parish under the authority of the seller or its subsidiary, irrespective of whether such place of business,

agent, salesman, solicitor or employee is located in this city/parish permanently or temporarily, or whether such seller or subsidiary is qualified to do business in this city/parish; or

(3) By having within this city/parish any choices in or causes of action, or any property, or any liens on property, or any indebtedness due it in this city/parish protected by the laws and courts of this city/parish.

*New article* means the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it is a used article or not, shall be subject to the tax.

*Sale.* The term "sale" shall also include the term "sale of services," which means and includes the following:

(1) The furnishing of rooms by hotels and tourist camps;

(2) The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges and universities and recreational events, and the furnishing for dues, fees or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities; but shall not include membership fees or dues of nonprofit civic organizations;

(3) The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

(4) The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services or reproducing written or graphic matter;

(5) The furnishing of laundry, cleaning, pressing and dyeing services, including, by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

(6) The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities;

(7) The furnishing of repairs to tangible personal property, including, by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment.

*Taxing authority* means the City of Mansfield, State of Louisiana, the Parish School Board of DeSoto Parish, State of Louisiana and the police jury of the parish.

*Tourist camps* means any establishment engaged in the business of furnishing rooms, cottages or cabins to tourists or other transient guests, where the number of guest rooms, cottages or cabins at a single location is six or more.

(Code 1978, § 9-36; Ord. No. 91-2, §§ 1, 1.01—1.24, 2-13-1991)

Sec. 22-59. - Title.

This article may also be cited or otherwise referred to as the "City of Mansfield Sales and Use Tax Ordinance/DeSoto Parish School Board Sales and Use Tax Ordinance/DeSoto Parish Police Jury Sales and Use Tax Ordinances."

(Code 1978, § 9-31; Ord. No. 91-2, § 12.12, 2-13-1991)

Sec. 22-60. - Publication of provisions.

This article shall be published as provided by law in the official journal of the city/school board/police jury.

(Code 1978, § 9-32; Ord. No. 91-2, § 14.01, 2-13-1991)

Sec. 22-61. - Recordation.

A certified copy of this article shall be recorded as soon as possible in the mortgage records of the parish.

(Code 1978, § 9-33; Ord. No. 91-2, § 14.02, 2-13-1991)

Sec. 22-62. - Effective date.

This article shall become effective on July 1, 1991.

(Code 1978, § 9-34; Ord. No. 91-2, § 14.03, 2-13-1991)

Sec. 22-63. - Adoption of uniform local sales tax code.

Pursuant to the authority conferred by R.S. 47:337.4 (levy of sales and use tax), the provisions of R.S. 47:337.1 et seq., as amended, commonly referred to as the " uniform local sales tax code," are hereby adopted by reference and incorporated herein as if set out fully.

Secs. 22-64—22-84. - Reserved.

DIVISION 2. - IMPOSITION

Sec. 22-85. - Levy of tax.

There is hereby levied a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within this city/parish, as defined in section 22-1, and the levy of such tax shall be as established by the police jury from time to time.

(Code 1978, § 9-41; Ord. No. 91-2, § 2.01, 2-13-1991)

Sec. 22-86. - Special provisions for rentals.

    (a)  Sales or use taxes paid to this taxing authority on the purchase of new motor trucks and new motor tractors licensed and registered for 12,000 pounds or more under the provisions of section 462 of title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:462) and new trailers and new semitrailers licensed and registered for 16,000 pounds or more under the provisions of R.S. 47:462 for rental may be deducted as a credit on the tax due on the rental of each item of such property so that no tax is payable on rental income until the tax paid on the purchase price has been exceeded. Sales tax paid to another municipality, parish or taxing authority in the state or municipality or county in a state other than Louisiana on the purchase price of such property is not deductible from the tax subsequently due the rental of such property in this city/parish. Property imported by the lessee for use in this city/parish that has been previously used by him in another municipality or parish in the state, or in a municipality or county in a state other than Louisiana, is not subject to any tax on the value when imported, but is only subject to the tax that applies on rental payments.

    (b)  If the tax on rental payments fails to exceed the credits for sales or use tax paid, no refund is due the purchaser.

    (c)  A dealer in this city/parish who ordinarily purchases personal property for sale and who withdraws a piece of property from stock for rental is not liable for a sales or use tax on the purchase price of the property when withdrawn from stock. Such person is liable only for the tax applicable on rental payments.

    (d)  Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due or rental payments, such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(Code 1978, § 9-42; Ord. No. 91-2, § 2.02, 2-13-1991)

Sec. 22-87. - Tax declared additional.

The tax so levied is and shall be in addition to all other taxes, whether levied in the form of excise or license, privilege or property taxes levied by any other ordinance or resolution of this taxing authority.

(Code 1978, § 9-44)

Sec. 22-88. - Integrated bracket schedule.

The integrated bracket schedules prescribed by the collector of revenue, State of Louisiana, by order issued pursuant to section 304 of title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304) are established for the purpose of tax collection within the meaning of this article, such schedules being published by the state.

(Code 1978, § 9-45; Ord. No. 91-2, § 2.05, 2-13-1991)

Sec. 22-89. - Collection in name of city.

The collection of the tax herein levied shall be made in the name of the City of Mansfield, of DeSoto Parish, State of Louisiana; the Parish School Board of DeSoto Parish, State of Louisiana; and/or the police jury of the parish by the administrator.

(Ord. No. 91-2, § 2.06, 2-13-1991)

Secs. 22-90—22-106. - Reserved.

DIVISION 3. - EXEMPTIONS AND EXCLUSIONS


Sec. 22-107. - Exempt tangible personal property.

The levy of the tax imposed by this article shall not apply to the transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of R.S. 47:337.9 et seq., as amended, and other applicable statutory authority.

(Code 1978, § 9-51; Ord. No. 91-2, § 3.01, 2-13-1991)

Secs. 22-108—22-127. - Reserved.

DIVISION 4. - COLLECTION BY DEALER


Sec. 22-128. - Registration, certification of dealers.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article, every dealer purchasing or importing tangible personal property for resale shall file with the administrator a certificate of registration in a form prescribed by the administrator, within three days after commencing business or opening a new place of business. The administrator shall, within five days after such registration, issue without charge to each dealer who purchases or imports for resale a

certificate of authority empowering such dealer to collect the tax from the purchaser and duplicates thereof for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the administrator upon the dealer ceasing to do business at the place therein named.

(Code 1978, § 9-59; Ord. No. 91-2, § 4.04, 2-13-1991)

Sec. 22-129. - Requirements of manufacturers, wholesalers, jobbers, suppliers.

A manufacturer, wholesale dealer, jobber or suppler shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him and upon the receipts from which he shall have collected and paid over to this taxing authority the tax herein imposed.

(Code 1978, § 9-60; Ord. No. 91-2, § 4.05, 2-13-1991)

**State Law reference—** Similar provision, R.S. 47:337.18B(3) (Returns and payment of tax; penalty for absorption).

Sec. 22-130. - Compensation of dealer for collecting.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed one percent of the amount of tax due and accounted for and remitted to the administrator in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Code 1978, § 9-65; Ord. No. 91-2, § 4.10, 2-13-1991)

**State Law reference—** Returns and payment of tax; penalty for absorption, R.S. 47:337.18B(3).

Secs. 22-131—22-158. - Reserved.

DIVISION 5. - COLLECTION FROM DEALER

Sec. 22-159. - Collection by administrator.

The tax imposed by this article shall be collectible by the administrator on behalf of the city/parish from all persons engaged as dealers.

(Code 1978, § 9-71; Ord. No. 91-2, § 5.01, 2-13-1991)

Sec. 22-160. - Collection of tax on imported personal property used by dealer.

On all tangible personal property imported or caused to be imported from other states or other political subdivisions of this state or foreign countries and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if such article has been sold at retail for use or consumption in this city/parish. For the purpose of this article, the use or consumption or distribution or storage of tangible personal property shall each be equivalent to a sale at retail and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(Code 1978, § 9-72; Ord. No. 91-2, § 5.02, 2-13-1991)

Secs. 22-161—22-190. - Reserved.

DIVISION 6. - RECORDS AND INSPECTION

Sec. 22-191. - Records to be kept by dealer.

It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the administrator; and it shall be the duty of every such dealer moreover to keep and preserve for a period of three years all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices and other records shall be open to examination at all reasonable hours by the administrator or any of his duly authorized agents.

(Code 1978, § 9-91; Ord. No. 91-2, § 7.01, 2-13-1991)

**State Law reference—** Similar provision, R.S. 47:337.29, 47:337.37.

Sec. 22-192. - Length of time records retained; open for inspection.

Each dealer shall secure, maintain and keep, for a period of three years, a complete record of sales of services and tangible personal property received, used, sold, at retail, distributed or stored, leased or rented within this city/parish by such dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the administrator for the reasonable administration of this article, and all such records shall be open for inspection to the administrator at all reasonable hours.

(Code 1978, § 9-92; Ord. No. 91-2, § 7.02, 2-13-1991)

Sec. 22-193. - Retention of records of official acts; authentication.

The administrator shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or any deputy of the commission in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated shall be evidence in all courts of the state of the same weight and force as the original thereof.

(Code 1978, § 9-96; Ord. No. 91-2, § 7.06, 2-13-1991)

Sec. 22-194. - Files/records of administrator considered confidential; inspection limited.

The records and files of the administrator respecting the administration of this article shall be considered confidential and privileged and neither the administrator nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the administrator nor any employee engaged in such administrator or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except in an action or proceeding under the provisions of this article and when the records or files or the facts shown thereby are directly involved in such action or proceeding.

(Code 1978, § 9-97; Ord. No. 91-2, § 7.07, 2-13-1991)

Sec. 22-195. - Permissible use of returns, reports, files.

Nothing contained in this article shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representative of a copy of any return report or other paper filed by him pursuant to the provisions of this article;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3) The inspection by the commission's attorney or other legal representative of this taxing

authority of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4)  The examination of the records and files by the administrator or by his duly authorized agents;

(5)  The furnishing, in the discretion of the administrator, of any information disclosed by the records or files to any official person or body or any other state or of the United States who shall be concerned with the administration of any similar tax by the state or the United States.

(Code 1978, § 9-98; Ord. No. 91-2, § 7.08, 2-13-1991)

Secs. 22-196—22-213. - Reserved.

DIVISION 7. - IMPORTED GOODS

Sec. 22-214. - Permits to import goods.

In order to prevent the illegal importation into this city/parish of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the administrator is hereby authorized and empowered to put into operation a system of permits whereby any person or dealer may import tangible personal property by truck, automobile or other means of transportation other than a common carrier without having such truck, automobile or other means of transportation seized and subject to legal proceedings for its forfeiture. Such system of permits shall require the person or dealer who desires to import tangible personal property into this city/parish which property is subject to the tax imposed by this article to apply to the administrator or his assistants for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind and character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the administrator may deem proper and necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the administrator.

(Code 1978, § 9-106; Ord. No. 91-2, § 8.01, 2-13-1991)

**State Law reference—** Collection from interstate and foreign transportation dealers, R.S. 47:337.20, 47:337.20.1.

Secs. 22-215—22-236. - Reserved.

DIVISION 8. - REMEDIES FOR COLLECTION

Footnotes:

--- **(4)** ---

**State Law reference—** *Alternative remedies for the collection of sales and use taxes, R.S. 47:337.45.*

Sec. 22-237. - Interest, penalty and attorney's fees on delinquent taxes.

(a)  If the amount of tax due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax is due, interest shall be added to the amount of tax due and such interest shall be computed from the first day of the month next following the month for which the tax is due until it is paid; the rate of interest charged on any delinquent taxes shall be equal to the rate of interest provided for in R.S. 47:1601 and any subsequent amendments that may be made thereto. Notwithstanding any provision of this section, the interest on any amount of tax outstanding on a specific date shall be computed at the rate applicable on such date.

(b)  When any dealer fails to make a report and pay the tax as provided by this article at the time such report becomes due, there shall be imposed, in addition to any other penalty provided, a specific penalty to be added to the tax; the amount of the specific penalty be equal to and applied in the same manner as that set forth in R.S. 47:1602 and any subsequent amendments that may be made thereto. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(c)  In the event it becomes necessary to file suit for the collection of any unpaid tax, interest and penalty, the dealer shall also be liable for attorney's fees at the rate of 25 percent of the aggregate of tax, interest and penalty.

(Code 1978, § 9-113; Ord. No. 91-2, § 9.03, 2-13-1991)

Sec. 22-238. - Specific penalty.

If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty of five percent of the tax or deficiency found to be due or $15.00, whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(Code 1978, § 9-114; Ord. No. 91-2, § 9.04, 2-13-1991)

**State Law reference—** Similar provisions, R.S. 47:337.28, 47:337.72. 47:337.73.

Sec. 22-239. - Administrator—Notice to be given; transfer or disposition.

In the event that any dealer is delinquent in the payment of the tax herein provided for, the administrator may give notice of the amount of such delinquency by registered mail to all persons having in their possession or under their control any credits or other personal property belonging to such dealer or owing any debts to such dealer at the time of receipt by them of such notice, and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property or debts until the administrator shall have consented to a transfer or disposition or until 30 days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the administrator of any and all such credits, other personal property or debts in their possession, under their control or owing by them as the case may be.

(Code 1978, § 9-116; Ord. No. 91-2, § 9.06, 2-13-1991)

Sec. 22-240. - Same—Ascertain true cost of imported goods and assess tax; presumption of correctness.

In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the administrator shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct and the burden shall be on the dealer to show the contrary.

(Code 1978, § 9-117; Ord. No. 91-2, § 9.07, 2-13-1991)

Sec. 22-241. - Same—Authorized to fix consideration of false leases and rentals.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the administrator, represent the true or actual consideration, then the administrator is authorized to fix the same and collect the tax thereon for this taxing authority in the same manner as provided in section 22-247, with interest plus penalties, if such have accrued.

(Code 1978, § 9-118; Ord. No. 91-2, § 9.08, 2-13-1991)

Sec. 22-242. - Same—When transportation company refuses to allow examination of records.

In the event any transportation company, agency or firm shall refuse to permit examination of its books, records and other documents by the administrator, the administrator may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require such transportation company, agency or firm to show cause why the administrator should not be permitted to examine his books, records or other documents, and in case such rule be made absolute, the same shall be considered a judgment of the court and every violation of such judgment as a contempt thereof and punished according to law.

(Code 1978, § 9-119; Ord. No. 91-2, § 9.09, 2-13-1991)

Sec. 22-243. - Fraudulent return by dealer; notice to appeal; hearing.

If any dealer subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases or rental, or other transactions taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which such return is made, the administrator shall give such dealer 15 days' notice, in writing, requiring such dealer to appear before him, or his assistant, with such books, records and papers as he may require relating to the business of such dealer for such taxable period, and the administrator may require such dealer, or the agents or employees of such dealers, to give testimony or to answer interrogatories under oath administered by the administrator or his assistants respecting the sale at retail, the use or consumption, or distribution in this city/parish or lease or rental of tangible personal property or other transactions subject to tax, or the failure to make a report thereof, as provided in this article.

(Code 1978, § 9-120; Ord. No. 91-2, § 9.10, 2-13-1991)

**State Law reference—** Similar provisions, R.S. 47:337.40—47:337.42.

Sec. 22-244. - Administrator authorized to apply to court for order to enforce provisions.

If any dealer fails to make a return or refuses to permit an examination of his, the dealer's, books, records or papers or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property or sale of services, the administrator may apply to any court of competent jurisdiction for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examinations, and the court or any judge thereof shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon such dealer or the agents or employees of such dealer, directing him or them to so appear and testify and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt and shall be punished as provided by law in cases of contempt.

(Code 1978, § 9-121; Ord. No. 91-2, § 9.11, 2-13-1991)

Sec. 22-245. - Importing taxable property in vehicle without permit deemed attempt to evade; seizure of vehicle and property.

The importation into this city/parish of tangible personal property which is subject to tax by truck, automobile or other means of transportation other than a common carrier without having first obtained a permit as described in section 22-214 (if the tax imposed by this article on such tangible personal property has not been paid) shall be construed as an attempt to evade payment of the tax and the same is hereby

prohibited; and such truck, automobile or means of transportation other than a common carrier and the taxable property may be seized by the parish sales and use tax commission in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(Code 1978, § 9-122; Ord. No. 91-2, § 9.12, 2-13-1991)

Sec. 22-246. - Personal liability of dealers; lien declared; priority.

The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due shall be a personal debt of such person or dealer to this taxing authority recoverable in any court of competent jurisdiction in an action at law by the parish sales and use tax commission. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person or dealer except as against an innocent purchaser for value without notice in the actual course of business and shall have preference in any distribution of the assets of the person or dealer whether in bankruptcy, insolvency or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the parish sales and use tax commission.

(Code 1978, § 9-124; Ord. No. 91-2, § 9.14, 2-13-1991)

Sec. 22-247. - Authority to require bond or security.

The parish sales and use tax commission may require a bond or other security satisfactory to the administrator for the payment of any taxes, fees, interest and penalties or any of them imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Code 1978, § 9-125; Ord. No. 91-2, § 9.15, 2-13-1991)

Sec. 22-248. - Estimation, assessment by administrator when dealer fails to make return; notice; demand; prescription of claim.

If any person or dealer shall fail to make a return or report as required by this article, the administrator, within three years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person or dealer is liable to pay under the terms of this article from any information he is able to conveniently obtain and, according to such estimate so made by him, assess the taxes, fees, penalties and interest due this taxing authority from such person or dealer, give notice of such assessment to such person or dealer, and must make demand upon him for payment or otherwise the claim shall prescribe.

(Code 1978, § 9-126; Ord. No. 91-2, § 9.16, 2-13-1991)

**State Law reference—** Similar provision, R.S. 47:337.70.

Sec. 22-249. - Examination, audit of returns; assessment, demand of deficiency.

After a return or report is filed under the provisions of this article, the administrator shall cause to be examined and make such further audit or investigation as he may deem necessary; and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax and any penalty and interest or either of them due this taxing authority from such person or dealer and make demand upon him for payment.

(Code 1978, § 9-127; Ord. No. 91-2, § 9.17, 2-13-1991)

**State Law reference—** Similar provision, R.S. 47:337.36.

Sec. 22-250. - Collection by distraint and sale.

If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the administrator, or his duly authorized representative who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of property or rights to property belonging to the delinquent dealer.

(Code 1978, § 9-129; Ord. No. 91-2, § 9.19, 2-13-1991)

Sec. 22-251. - Corporations not to dissolve, merge, reorganize, withdraw from state until amount due is paid.

No corporation organized under the laws of this state shall hereafter be dissolved or effect a merger, reorganization or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from the state to transact business in this city/parish may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon such corporation in accordance with the provisions of this article shall have been fully paid.

(Code 1978, § 9-132; Ord. No. 91-2, § 9.22, 2-13-1991)

**State Law reference—** Special authority to enforce collection of taxes collected or withheld, personal liability of certain officers and directors, R.S. 47:337.46.

Sec. 22-252. - Payment of interest, penalties.

Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid shall pay, in addition to the tax, interest on the tax at the rate specified in section 22-237 for each month or fraction thereof that the tax remains unpaid, to be calculated

from the date the tax was originally due to the date of actual payment. In addition, such person or dealer shall pay the special penalty or penalties provided by this article.

(Code 1978, § 9-133; Ord. No. 91-2, § 9.23, 2-13-1991)

**State Law reference—** Interest on unpaid taxes, R.S. 47:337.69.

Sec. 22-253. - Penalties, interest deemed part of tax; waiver for satisfactory explanation.

All penalties and interest imposed by this article shall be payable to and recoverable by the parish sales and use tax commission in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the administrator, he may remit or waive payment of the whole or any part of the penalty and may remit or waive payment of any interest charge in excess of the rate of one percent per month.

(Code 1978, § 9-134; Ord. No. 91-2, § 9.24, 2-13-1991)

**State Law reference—** Similar provision, R.S. 47:337.71.

Sec. 22-254. - Penalty for returned checks.

If any taxpayer makes payment of a tax due under this article by means of a bank check and the check is returned unpaid by the bank on which it is drawn because of insufficient funds in the bank account, closed bank account, stop payment or closed banking institution on which drawn, there shall be imposed, in addition to any other penalties provided by law, a specific penalty to compensate for the collector's cost of handling the check in the amount equal to two percent of the amount of the check or $20.00, whichever is greater.

(Code 1978, § 9-135; Ord. No. 91-2, § 9.25, 2-13-1991)

Sec. 22-255. - Constitution-ordained prescriptions only.

There shall be no prescription running against any tax, penalty, interest or other charges levied under this article except that ordained in the Constitution of Louisiana.

(Code 1978, § 9-136; Ord. No. 91-2, § 9.26, 2-13-1991)

Sec. 22-256. - Interruption of prescription.

The prescription running against any tax, penalty, interest or other charges levied under this article shall be interrupted by:

    (1)  The administrator's action in assessing any such amounts in the manner provided by this article;

(2)  The filing of a summary proceeding in court;

(3)  The filing of a false or fraudulent return;

(4)  The willful failure to file any return with intent to defraud; and

(5)  A written agreement between the taxpayer and the administrator.

(Code 1978, § 9-137; Ord. No. 91-2, § 9.27, 2-13-1991)

Secs. 22-257—22-277. - Reserved.

DIVISION 9. - REFUNDS AND REIMBURSEMENTS

Sec. 22-278. - Overpayment credited against dealer's liability; notice of rejection.

If, upon examination of such claim for refund, it shall be determined by the administrator that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, the dealer shall be entitled to a refund of the tax overpaid. If the administrator shall reject the claim for refund in whole or in part, he shall make an order accordingly and serve notice upon such dealer.

(Code 1978, § 9-143; Ord. No. 91-2, § 10.03, 2-13-1991)

Sec. 22-279. - Refund for erroneous, illegal collection of tax; certification.

Where no question of fact or law is involved, and it appears from the records of the parish sales and use tax commission that any monies have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the administrator may, at any time within three years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the administrator shall authorize the payment thereof from any appropriation available for such purposes.

(Code 1978, § 9-144; Ord. No. 91-2, § 10.04, 2-13-1991)

Sec. 22-280. - Repayment of deposit to dealer.

When, to secure compliance with any of the provisions of this article, any monies shall be deposited with the parish sales and use tax commission and the administrator shall be satisfied that such dealer has fully complied with all such provisions, the administrator shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such monies or such part thereof as the administrator shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Code 1978, § 9-145; Ord. No. 91-2, § 10.05, 2-13-1991)

Secs. 22-281—22-308. - Reserved.

DIVISION 10. - REMEDIES OF DEALER

> *Footnotes:*
>
> --- **(5)** ---
>
> **State Law reference—** *Protest to collector's determination of tax due, R.S. 47:337.49; taxpayers power to remit tax under protest and file suit to recover, R.S. 47:337.63; alternative remedy for dealers, R.S. 47:337.64.*

Sec. 22-309. - Competent courts for action; service of process.

This division shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the administrator.

(Code 1978, § 9-152; Ord. No. 91-2, § 11.02, 2-13-1991)

Sec. 22-310. - Legal remedy for certain causes of action; effect of payment under protest.

This section shall be construed to provide a legal remedy in the state, city or federal courts by action of law in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress, of the United States Constitution or the Constitution of the State of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States; provided, that upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the dealer, upon agreement to abide by the decision of the courts, may pay the additional assessment under protest, but need not file an additional suit. In such cases, the tax so paid under protest shall be segregated and held by the administrator until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Code 1978, § 9-153; Ord. No. 91-2, § 11.03, 2-13-1991)

Sec. 22-311. - Grievance procedure.

If any dealer shall be aggrieved by any finding or assessment of the administrator, he may, within 30 days of the receipt of notice of the assessment or finding, file a protest in writing, signed by him or his duly authorized agent shall be under oath and shall set forth the reasons therefor and he may request a hearing. Thereafter, the administrator shall grant a hearing to such dealer if a hearing has been requested and may

make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment nor shall it stay the right of the administrator to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the administrator. Appeals from the decision of the administrator shall be directed to any state, city or federal court of competent jurisdiction as provided for in section 22-309.

(Code 1978, § 9-154; Ord. No. 91-2, § 11.04, 2-13-1991)

Secs. 22-312—22-340. - Reserved.

DIVISION 11. - OTHER ADMINISTRATIVE PROVISIONS

Sec. 22-341. - Administrator authorized to carry out provisions.

The administrator is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures which may be hereafter established by the parish sales and use tax commission.

(Code 1978, § 9-161; Ord. No. 91-2, § 12.01, 2-13-1991)

Sec. 22-342. - Administrator empowered to make rules and regulations.

The administrator shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the Constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(Code 1978, § 9-162; Ord. No. 91-2, § 12.02, 2-13-1991)

Sec. 22-343. - Preparation and distribution of forms.

The administrator shall design, prepare, print and furnish to all dealers or make available to such dealers, all necessary forms for filing returns and instructions to ensure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of such taxes at the time and in the manner herein provided.

(Code 1978, § 9-163; Ord. No. 91-2, § 12.03, 2-13-1991)

Sec. 22-344. - Cost of forms and enforcement to be borne by administrator.

The cost of preparing and distributing the report forms and paraphernalia for the collection of such tax, and of the inspection and enforcement duties required herein, shall be borne as provided in sections 22-377 and 22-378.

(Code 1978, § 9-164; Ord. No. 91-2, § 12.04, 2-13-1991)

Sec. 22-345. - Tax to be collected if sale is consummated after effective date of provisions.

(a) In any case where tangible personal property is sold at retail under a contract providing for such retail sale made and entered into prior to the effective date of this article and containing the sale price and delivery is made after the effective date of this article and such sale is taxable under this article, the seller shall add the tax imposed by this article to the sale price and collect it from the buyer.

(b) The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented and where services taxable hereunder are contracted for before the effective date of this article, but are actually furnished after the effective date hereof.

(c) The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of this city/parish prior to the effective date of this article, if the tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(Code 1978, § 9-165; Ord. No. 91-2, § 12.05, 2-13-1991)

Sec. 22-346. - Administrator/deputy authorized to receive written oaths.

It shall be lawful for the administrator or any deputy by him duly designated to receive the written oath of any person signing any application, deposition, statement or report required by the administrator in the administration of this article.

(Code 1978, § 9-166; Ord. No. 91-2, § 12.06, 2-13-1991)

Sec. 22-347. - Administrator/deputy authorized to conduct hearings/examinations.

The administrator, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath any dealer and the directors, officers, agent and employees of any dealer, and other witnesses relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within 14 days after requested by the administrator in writing.

(Code 1978, § 9-167; Ord. No. 91-2, § 12.07, 2-13-1991)

Sec. 22-348. - Method of giving notice to dealers.

Any notice required to be given by the administrator pursuant to this article may be given by personal service on the dealer for whom it is intended or may be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Code 1978, § 9-168; Ord. No. 91-2, § 12.08, 2-13-1991)

Sec. 22-349. - Records maintained by administrator; authentication; fee.

The administrator shall keep a record of all of the official acts and shall preserve copies of all rules, decisions and orders made by him or by any of his deputies in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee as established by the police jury, which shall be deposited in the "the parish sales and use tax commission fund."

(Code 1978, § 9-169; Ord. No. 91-2, § 12.09, 2-13-1991)

Sec. 22-350. - Provisions not to alter legal remedies.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the parish sales and use tax commission of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or any other law, nor shall this chapter be construed as repealing or altering any such laws or ordinance.

(Code 1978, § 9-170; Ord. No. 91-2, § 12.10, 2-13-1991)

Sec. 22-351. - Tax supplemental to other taxes.

The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the parish sales and use tax commission of any kind or nature.

(Code 1978, § 9-171; Ord. No. 91-2, § 12.11, 2-13-1991)

Secs. 22-352—22-375. - Reserved.

DIVISION 12. - DISPOSITION OF PROCEEDS AND REVENUES

Sec. 22-376. - Deposition in special funds.

All taxes, revenues, funds, assessments, monies, penalties, fees or other income which may be collected or come into the possession of the administrator, as an agent of the parish sales and use tax commission under any provision or provisions of this article, shall be deposited daily by the administrator for the account of the parish sales and use tax commission in a special fund designated the City of Mansfield Sales Tax Fund, the DeSoto Parish School Board Sales Tax Fund and the DeSoto Police Jury Sales Tax Fund which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent or agents of the parish sales and use tax commission; provided, however, any amount which is paid under protest or which is subject to litigation shall be transferred to a separate account established by the administrator with such fiscal agent pending the final determination of the protest of litigation.

(Code 1978, § 9-181; Ord. No. 91-2, § 13.01, 2-13-1991)

Sec. 22-377. - Payment of joint administrative costs and expenses.

The administrator shall also establish and maintain a separate bank account designated as sales tax operating account and the funds deposited in such account shall be used to pay all reasonable and necessary joint costs and expenses of administering and collecting the tax herein levied by the city, school board and police jury, and administering the portions of this article, as well as the various administrative and enforcement procedures established in this article. Such costs and expenses shall include, by way of illustration but not of limitation, all necessary costs and expenses incurred for office equipment, furniture and supplies, vehicles and the maintenance and operation thereof, printing, postage, rent, salaries and other related items. Such costs and expenses shall be reported by the administrator monthly to the parish sales and use tax commission. The administrator shall be authorized to draw checks against such sales tax operating account in payment of such costs and expenses and shall keep a detailed record of costs and expenses so paid.

(Code 1978, § 9-182; Ord. No. 91-2, § 13.02, 2-13-1991)

Sec. 22-378. - Reimbursement of sales tax operating account.

Out of the fund on deposit in such City of Mansfield Sales Tax Fund, School Board Sales Tax Fund and Police Jury Sales Tax Fund, or such other funds as may be legally appropriated, the parish sales and use tax commission shall reimburse the sales tax operating account for its prorata share of the costs and expenses provided for in section 22-377. Such reimbursements shall be prorated between the parish school board, the City of Mansfield and the parish police jury on the ratio that the taxes collected by each bears to the total taxes collected by each during the preceding month. The reimbursements shall be made on or before the 15th day of each month.

(Code 1978, § 9-183; Ord. No. 91-2, § 13.03, 2-13-1991)

Sec. 22-379. - Appropriation and expenditure by governing body.

In compliance with the special elections of March 26, 1968; April 5, 1980; May 16, 1981, and May 3, 1986, authorizing such taxes, after all reasonable and necessary costs and expenses of collection and administration of the tax have been paid as provided for in sections 22-377 and 22-378, the remaining balance in the City of Mansfield Sales Tax Fund and the DeSoto Parish School Board Sales Tax Fund and the DeSoto Police Jury Sales Tax Fund, and the DeSoto Parish Police Jury Sales Tax Fund shall be available for appropriation and expenditure by the city/school board/police jury solely for the purposes designated in the propositions authorizing the levy of the tax and having been approved by a majority of the qualified electors of the city/parish voting at special elections held therein on the stated dates in this section.

(Code 1978, § 9-184; Ord. No. 91-2, § 13.04, 2-13-1991)

Secs. 22-380—22-401. - Reserved.

ARTICLE V. - SALES TAX DISTRICT

Sec. 22-426. - District No. 1.

(a) In accordance with the provisions of section 2721.6 of title 33 of the Louisiana Revised Statutes of 1950, as amended (R.S. 33:2721.6), and other constitutional and statutory authority, the boundaries of sales tax district No. 1 of the parish are hereby amended to exclude those areas encompassed by any municipality and accordingly, the boundaries of the district shall contain all of the territory within the present boundaries of the parish, excluding those areas within the boundaries of the municipalities situated with the parish, as the boundaries of such municipalities presently exist.

(b) The district shall continue to be known and designated as "Sales Tax District No. 1 of DeSoto Parish, State of Louisiana" (the district); and the seal of the parish shall continue to be the seal of the district. The governing authority of the district continues to be the police jury of the parish, the domicile shall be the regular meeting place of such police jury and the officers of the police jury shall be the officers of the district.

(c) The district shall continue to have all powers granted to it under state law, including the power to levy a sale and use tax in accordance with R.S. 33:2721.6 and article VI, section 29 of the Constitution of the State of Louisiana of 1974 and constitutional and statutory authority.

(Code 1978, § 9-221; Ord. No. 88-2, §§ 1—3, 2-10-1988; Ord. No. 89-11, §§ 1—3, 7-31-1989; Ord. No. 89-12, §§ 1—3, 9-13-1989; Ord. No. 96-10, §§ 1—3, 6-12-1996)

By *Marcelle*
Introduced *12-12-12*
P.H. *1-9-13*

335

**ADOPTED**
METROPOLITAN COUNCIL

JAN 09 2013

*Brian Mayne*

ORDINANCE 15435 COUNCIL ADMINISTRATOR TREASURER

AMENDING SALES AND USE TAX ORDINANCE
10127, ADOPTED DECEMBER 14, 1994, SO
TO ADD SUBSECTION 1.M(10), IN ORDER
TO EXCLUDE CUSTOM COMPUTER SOFTWARE
FROM THE CATEGORY OF SALE AT RETAIL.

BE IT ORDAINED by the Metropolitan Council of the Parish

of East Baton Rouge and the City of Baton Rouge that:

SECTION 1.   Ordinance 10127, adopted December 14, 1994,

Section 1.m. is hereby amended so as to add Subsection 1.m.(10),

which shall read as follows:

"**Section 1.   Definitions**

***

m.    (1)    ***

(2)    ***

(3)    ***

(4)    ***

(5)    ***

(6)    ***

(7)    ***

(8)    ***

(9)    ***

(10)   "Sale at retail" does not include the
sale of custom computer software, as
defined in La. R.S. 47:301(23)."

Section 2.   The provisions of this ordinance are

declared to be separate and severable.   The invalidity of any

clause, sentence, paragraph, subdivision, section or portion of

this ordinance, or the invalidity of the application thereof to

any person or circumstances shall not affect the validity of the

remainder of this ordinance, or the validity of its application

to other persons or circumstances.

Section 3.   All ordinances or parts of ordinances in

conflict herewith are hereby repealed.

By_____Wilson_____

Introduction 9/23/2020

P.H._____10/14/2020

**ADOPTED**
METROPOLITAN COUNCIL

**OCT 1 4 2020**

COUNCIL ADMINISTRATOR TREASURER

20-01059

ORDINANCE *17937*

AMENDING SALES AND USE TAX ORDINANCE 10127, ADOPTED DECEMBER 14, 1994, SO AS TO ADD "SECTION 4.1, ADDITIONAL LIMITED EXEMPTIONS," IN ORDER TO EXEMPT DIAPERS AND FEMININE HYGIENE PRODUCTS PURCHASED FOR INDIVIDUAL PERSONAL USE FROM ALL OF THE TAXES IMPOSED BY THIS ORDINANCE.

BE IT ORDAINED by the Metropolitan Council of the Parish of East Baton Rouge and the City of Baton Rouge that:

Section 1. Ordinance 10127, adopted December 14, 1994,

is hereby amended so as to add "Section 4.1 Additional Limited Exemptions," which shall read as follows:

"Section 4.1.  Additional Limited Exemptions

The following transactions are exempt only from the taxes levied under the provisions of Section 2(a) and 2(b) of this ordinance:

a. Diapers and feminine hygiene products for personal use as defined in La. R.S. 47:337.10.2.  This exemption shall remain effective so long as authorized by La. R.S. 47:337.10.2 or by any other applicable provisions of state law."

Section 2.  This amendment shall be effective on January 1, 2021.

Section 3.  The provisions of this ordinance are declared to be separate and severable.  The invalidity of any clause, sentence, paragraph, subdivision, section or portion of this

ordinance, or the invalidity of the application thereof to any person or circumstances shall not affect the validity of the remainder of this ordinance, or the validity of its application to other persons or circumstances.

Section 4. All ordinances or parts of ordinances in conflict herewith are hereby repealed.

In accordance with Section 2.15 of Chapter of the Plan Of Government, I certify this to be the original ordinance adopted by the *Metropolitan* Council at a *Regular* meeting on *October 14 2020*

Council Administrator.

APPROVED: _____     DISAPPROVED: _____

Mayor - President          Mayor - President

Received from the Mayor - President on the *19th* day of *October 2020*

_____
Council Administrator.

ARTICLE III. - SALES AND USE TAX

*Footnotes:*

*--- (4) ---*

**Editor's note—** *An ordinance adopted Nov. 15, 1994 has been treated as superseding the sales tax ordinance adopted Feb. 18, 1986, previously codified as Art. III. The new sales tax ordinance continued the levy of a one-percent sales and use tax and a three-fourths-of-one-percent sales tax as approved by the electorate on Nov. 8, 1994. It should be noted that an ordinance adopted Nov. 7, 1994, purported to amend the sales tax ordinance by adding provisions conditioning the renewal or issuance of liquor permits upon the proof of payment, or registration for payment, of all sales taxes; such provisions have been codified at § 2-3 at the discretion of the editor. A comprehensive disposition of the sales tax ordinance adopted Nov. 15, 1994, can be found in the code comparative table towards the end of this volume.*

Sec. 15-31. - Definitions.

As used in this article, the words, terms and phrases "business," "cost price," "dealer," "gross sales," "hotel," "lease or rental," "person," "purchaser," "retail sale," "sale at retail," "retailer," "sale," "sales price," "sales of services," "storage," "tangible personal property," "off-road vehicle," "use," "use tax" and "drugs" have the meanings ascribed to them in La. R.S. 47:301, unless the context clearly indicates a different meaning. In addition, the following words have the meanings as hereinafter set forth unless the context clearly indicates a different meaning, to wit:

(1) *Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

(2) *Authority* means the Parish of East Feliciana, State of Louisiana, as is appropriate in the context used and with the understanding that the taxes will be levied throughout the parish.

(3) *Collector* means and includes the secretary of the governing body or her duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by the governing body to handle and accomplish the collection, enforcement and administration of sales and use taxes on behalf of the authority.

(Ord. of 11-15-1994, § 1.1)

Sec. 15-32. - Imposition of tax.

(a) There is hereby levied for a period of ten (10) years, from and after January 1, 1995, for the purposes stated in the proposition attached herein as Exhibit A, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the Parish of East Feliciana as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one (1) percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the taxes to be computed on gross sales for the purpose of remitting the amount of tax due the authority and to include each and every retail sale.

(2) At the rate of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority provided there shall be no duplication of the taxes.

(3) At the time of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(4) At the rate of one (1) percent of the monthly lease rental price paid by lessee or rentee, or contracted or agr paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one (1) percent of the gross proceeds derived from the sale of services, as defined herein.

(b) There is hereby levied for a period of ten (10) years, from and after June 1, 1995, for the purposes stated in the proposition attached hereto as Exhibit B, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the Parish of East Feliciana as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of three-fourths (¾) of one (1) percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the taxes to be computed on gross sales for the purpose of remitting the amount of tax due the authority and to include each and every retail sale.

(2) At the rate of three-fourths (¾) of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority provided there shall be no duplication of the taxes.

(3) At the time of three-fourths (¾) of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(4) At the rate of three-fourths (¾) of one (1) percent of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of three-fourths (¾) of one (1) percent of the gross proceeds derived from the sale of services, as defined herein.

(c) *Purposes.* The proceeds of the one percent tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on September 18, 2004, authorizing the one (1) percent tax, which proposition is set forth in the preamble hereto. The proceeds of the three-fourths (¾) percent tax heretofore and hereafter collected shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on July 16, 2005, which proposition is set forth as Exhibit A hereto.

In compliance with the said special elections of September 18, 2004, and July 16, 2005, authorizing the taxes, after all reasonable and necessary costs and expenses of collecting and administration of the taxes have been paid as provided for above, the remaining balances in the respective special funds shall be available for appropriation and expenditures by the governing authority solely for the purposes designated in the applicable propositions authorizing and/or rededicating the taxes, as appropriate, the levy of the respective taxes.

(Ord. of 11-15-1994, § 2.1; Ord. of 8-1-2005, §§ 1, 2)

**Editor's note—** The proposition attached to the sales tax ordinance to Exhibit A have not been set out herein, but is on file and available for inspection on the office of the parish secretary.

Sec. 15-33. - Application of tax to rental income, expenses.

A dealer in the authority who ordinarily purchases personal property for sale and who withdraws a piece of property from stock for rental is not liable for a sales or use tax on the purchase price of the property when withdrawn from stock. Such person is liable only for the tax applicable on the rental income.

Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(Ord. of 11-15-1994, § 2.2)

Sec. 15-34. - Collection of tax generally.

The taxes shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(Ord. of 11-15-1994, § 2.3)

Sec. 15-35. - Levy to be in addition to other taxes.

The taxes so levied are, and shall be in addition to all other taxes, whether levied in form of sales, excise, or license, privilege or property taxes levied by any other ordinance or resolution of the governing body.

(Ord. of 11-15-1994, § 2.4)

Sec. 15-36. - Collection in accordance with integrated bracket schedule.

The dealer shall collect the taxes levied by this article, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the Collector of Revenue of the State of Louisiana under the authority of Section 304 of Title 47 of the Louisiana Revised Statutes of 1950, as amended (R.S. 47:304). Such schedule or schedules shall include, in addition to the taxes hereby levied pursuant to the election held on November 8, 1994, all sales taxes levied by the State of Louisiana, any sales tax levied by the authority and any sales taxes levied by any other political subdivision applicable in the authority. The dealer will remit that portion of such total taxes representing the taxes levied by this article to the collector. Copies of said integrated bracket schedules are available to dealers on request to the authority or the collector.

(Ord. of 11-15-1994, § 2.5)

Sec. 15-37. - Collection in name of authority.

The collection of the taxes herein levied shall be made in the name of the authority by the collector.

(Ord. of 11-15-1994, § 2.6)

Sec. 15-38. - Exemptions and exclusions from tax.

(a)  *Generally.* The levy of the taxes imposed by this article shall not apply to those transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of Chapter 2 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, and other applicable statutory authority.

(b) *Tangible personal property produced for export; interstate commerce transactions; catalog sales.* It is not the in
of this article to levy taxes upon articles of tangible personal property imported into the authority or produced o
manufactured in the authority for export; nor is it the intention of this article to levy taxes on a bona fide transa
interstate commerce; however, nothing herein shall prevent the collection of the taxes imposed by the use of ca
and other means of sales promotion and for which federal legislation or federal jurisprudence enables the
enforcement of this article upon the conduct of such business. It is, however, the intention of this article to levy
on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the
authority of tangible personal property after it has come to rest in the authority and has become a part of the m
property in the authority. At such time as federal legislation or federal jurisprudence as to sales in interstate con
promoted through the use of catalogs and other means of sale promotions enables the enforcement of this arti
against vendors that have no nexus to the State of Louisiana or the authority, the provisions of this article shall
such sales on which sales and use tax would not otherwise be collected.

(c) *Goods or services delivered outside the authority.* No tax shall be due under this article on the sale of any
goods or personal tangible property delivered or services performed outside the territorial limits of the
authority.

(d) *Property stored for use outside the authority.* No tax shall be levied or collected on the storage of property
which has been documented for use outside the authority although the property may be stored within the
authority if the owners of such property which is to be stored for exclusive use outside the authority have
acquired a tax exemption certificate from the local tax collector. When a vendor is presented with a copy of a
tax exemption certificate from a vendor, the vendor shall be relieved from liability for the collection of use tax
on such property. If the property is removed from storage and is used within the authority, the property shall
be subject to taxation.

(Ord. of 11-15-1994, §§ 3.1—3.4)

Sec. 15-39. - Collection of tax by dealers.

(a) *Generally.* The taxes levied by this article shall be collected by the dealer from the purchaser or consumer,
except as provided for the collection of the taxes on motor vehicles in section 15-40 of this article. The dealer
shall have the same right in respect to collecting the taxes from the purchaser, or in respect to nonpayment
of the taxes by the purchaser, as if the taxes were a part of the purchase price of the property, or charges for
services and payable at the time of the sale; provided, however, that the governing body shall be joined as a
party plaintiff in any action or proceeding brought by the dealer to collect the taxes.

(b) *Dealers established outside the authority.* Every dealer located outside the authority making sales of tangible
personal property for distribution, storage, use, or other consumption, in the authority, shall, at the time of
making sales, collect the taxes imposed by this article from the purchaser.

(c) *Responsibility to collect correct amount.* The dealer shall, as far as practicable, add the exact amount of the
taxes imposed under this article, or the average equivalent thereof, to the sale price or charge, which shall be
a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same
manner as other debts. Any dealer who neglects, fails or refuses to collect the taxes herein provided, shall be
liable for and pay the taxes himself.

(d) *Registration and authority to collect tax.* In order to aid in the administration and enforcement of the
provisions of this article, and to collect all of the taxes imposed by this article, on or before January 1, 1995,

or in the case of dealers commencing business after January 1, 1995, or opening new places of business after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by the collector, provided any dealer that has heretofore made such filing pursuant to any prior ordinance providing for the levy and collection of a sales and use tax is not required to make an additional filing hereunder. The collector shall, within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(e)  *Manufacturers, wholesalers, jobbers and suppliers.* A manufacturer, wholesaler dealer, jobber or supplier shall refuse to accept a certificate that any property upon which taxes are imposed by this article is purchased for resale, and shall collect the taxes imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the taxes imposed by this article; provided, however, that the payment of the taxes by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the taxes upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the taxes may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the governing body the taxes herein imposed.

(Ord. of 11-15-1994, §§ 4.1—4.5)

Sec. 15-40. - Collection of tax on motor vehicles, house trailers, etc.

The taxes imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the Louisiana Vehicle Registration License Tax of the State of Louisiana shall be collected as provided in this section.

(1)  The taxes levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue of the State of Louisiana at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

a.  The taxes levied by this article on the sale of any such vehicle shall be due at the time of registration or any transfer of registration is required by the Vehicle Registration License Tax Law of the State of Louisiana (R.S. 47:451, et seq.).

b.  The taxes levied by this article on the use of any such vehicle in the unincorporated area of the authority shall be due at the time first registration in the authority is required by the Vehicle Registration License Tax Law (R.S. 47:451, et seq.).

(2)  Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price,

any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use taxes to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this section to grant an exemption from the taxes levied by this article to any sale, use, item or transactions which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of sales and use taxes on vehicles from the vendor to the vehicle commissioner as agent for the secretary of the department of revenue and taxation of the State of Louisiana, and to provide a method of collection of the taxes directly from the vendee or user by the vehicle commissioner as agent of the secretary of the department of revenue in accordance with an agreement by and between said secretary of the department of revenue or the vehicle commissioner as agent therefor and the governing body, the execution of which agreement is hereby authorized. Said taxes so collected for the secretary of the department of revenue shall be paid to the governing body and sent to the collector as soon as possible, and in any event at least once each quarter, all in accordance with the said agreement.

(4) The provision contained in R.S. 47:301(10) which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject to this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the taxes.

(Ord. of 11-15-1994, § 4.6)

Sec. 15-41. - Collection by auctioneers as dealers.

All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the governing body. Such auctioneers or the company which they represent shall be responsible for the collection of the taxes authorized herein and shall report and remit same as provided by this article.

(Ord. of 11-15-1994, § 4.7)

Sec. 15-42. - Collection for health and fitness club memberships.

Contracts for the membership in health and fitness clubs are subject to the tax authorized herein and shall be due and payable on a monthly basis computed on the amount paid each month less any actual imputed interest or collection fees or unpaid reserve amounts not received by a health and fitness club, provided no tax shall be due or payable on amounts collected on such contracts prior to the effective date of the taxes.

(Ord. of 11-15-1994, § 4.8)

Sec. 15-43. - Absorption of tax by dealer prohibited.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner directly or indirectly, that he will absorb all or any part of the taxes, or that he will relieve the purchaser from the payment of all or any part of the taxes. The dealer shall state and collect the taxes separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(Ord. of 11-15-1994, § 4.9)

Sec. 15-44. - Collection by dealer—Payments to collector.

Where the taxes collected for any period is in excess of one and three-fourths (1 ¾) of one (1) percent, the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(Ord. of 11-15-1994, § 4.10)

Sec. 15-45. - Same—Responsibility for unpaid tax.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the governing body, and it shall be the duty of the purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the governing body within fifteen (15) days after such sale was made or rendered.

(Ord. of 11-15-1994, § 4.11)

Sec. 15-46. - Same—Compensation for collection.

For the purpose of compensating the dealer in accounting for and remitting the taxes levied by this article, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. of 11-15-1994, § 4.12)

Sec. 15-47. - Collection of tax from dealer—Powers and authority of collector.

The taxes imposed by this article shall be collectible by the collector on behalf of the governing body from all persons engaged as dealers.

(1) The collector is duly authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one (1) time in the official journal of the authority.

(2) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the taxes imposed hereunder.

(3) Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this article.

(4) The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(Ord. of 11-15-1994, § 5.1)

**Cross reference—** Other administrative powers of collector, § 15-87 et seq.

Sec. 15-48. - Same—Imported tangible personal property.

On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the taxes imposed by this article on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption, in the authority. For the purpose of this article, use or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the taxes in any event.

(Ord. of 11-15-1994, § 5.2)

Sec. 15-49. - Same—Credit for payment of similar tax.

A credit against the use taxes imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in the State of Louisiana, or city or county in a state other than Louisiana. The credit provided herein shall be granted only in the case where the city or parish in the State of Louisiana, or the city or county in a state other than Louisiana to which a similar tax has been paid, grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in the State of Louisiana, or to a city or county in a state other than Louisiana, shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by the governing body upon the tangible personal property which is the subject of the use taxes imposed by this article.

(Ord. of 11-15-1994, § 5.3)

Sec. 15-50. - Returns and payment of tax by dealer.

The taxes levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(Ord. of 11-15-1994, § 6.1)

Sec. 15-51. - Same—Duty of dealers to make returns; collector to provide forms.

For the purpose of ascertaining the amount of taxes payable under this article, it shall be the duty of all dealers on or before the twentieth day of the month following the month in which these taxes shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by the collector, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of this article to the end of such month. Thereafter, like returns shall be prepared and transmitted to the collector by all dealers, on or before the twentieth day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the taxes herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to the governing body the required tax due for the preceding calendar month.

(Ord. of 11-15-1994, § 6.2)

Sec. 15-52. - Same—Failure of dealer to remit with return.

At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the governing body therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such taxes shall cause said taxes to become delinquent.

All taxes, interest and penalties imposed under this article shall be paid to the governing body in the form of remittance required by the collector.

(Ord. of 11-15-1994, § 6.3)

Sec. 15-53. - Same—Tangible personal property leased or rented as part of established business.

Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the taxes shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(Ord. of 11-15-1994, § 6.4)

Sec. 15-54. - Same—Power of collector to extend time for making returns.

The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this article.

(Ord. of 11-15-1994, § 6.5)

Sec. 15-55. - Same—Dealer deemed as agent.

For the purpose of collecting and remitting to the governing body the taxes imposed herein, the dealer is hereby declared to be the agent of the governing body.

(Ord. of 11-15-1994, § 6.6)

Sec. 15-56. - Records and inspections—Responsibilities of dealers.

(a) *Responsibility of dealers to keep records.* It shall be the duty of every dealer to make a report and pay any taxes under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of taxes due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for the period provided in R.S. 47:309, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this ordinance; and all such books, invoices, and other records shall be open to examination at all reasonable hours, by the collector.

(b) *Same—Period of maintenance; availability for inspection.* Each dealer shall secure, maintain and keep, for the period provided in R.S. 47:309, a complete record of sales and services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within the authority by said dealer,

together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(c) *Responsibility of wholesalers and jobbers to keep records.* In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the collector at all reasonable hours.

(Ord. of 11-15-1994, §§ 7.1—7.3)

Sec. 15-57. - Same—Power of collector to inspect books, premises.

For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(Ord. of 11-15-1994, § 7.4)

Sec. 15-58. - Same—Power of collector to inspect records of transportation companies.

For the purpose of enforcing the collection of the taxes levied herein, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in the authority whether said companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said taxes.

(Ord. of 11-15-1994, § 7.5)

Sec. 15-59. - Same—Duty of collector to preserve records and reports.

The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the taxes imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this ordinance may be authenticated under his official signature, and when so authenticated, shall be evidence in all court of the state of the same weight and force as the original thereof.

(Ord. of 11-15-1994, § 7.6)

Sec. 15-60. - Same—Confidential nature of tax records and files.

The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer except in the administration and enforcement of this article and applicable tax laws, all as provided in R.S. 47:1508. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except: (a) in an action or proceeding under the provisions of this ordinance; and (b) when the records or files or the facts shown thereby are directly involved in such action or proceedings.

(Ord. of 11-15-1994, § 7.7)

Sec. 15-61. - Same—Construction of provisions.

Nothing contained in this article shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3) The inspection by the legal representative of the governing body of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any taxes imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4) The examination of the records and files by the collector; or

(5) The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar taxes by that state or the United States.

(Ord. of 11-15-1994, § 7.8)

Sec. 15-62. - System of import permits.

In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the taxes imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person or dealer may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into the authority, which property is subject to taxes imposed by this article, to apply to the collector for a permit stating the kind of vehicle, to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Ord. of 11-15-1994, § 8.1)

**Cross reference—** Vehicles used in importing without a permit subject to forfeiture, § 15-72.

Sec. 15-63. - All tangible property deemed subject to tax for enforcement purposes.

For the purpose of the enforcement of this article, and the collection of the taxes levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, and is subject to the taxes herein levied; provided that such presumption shall be prima facie only and subject to proof furnished to the collector.

(Ord. of 11-15-1994, § 9.1)

Sec. 15-64. - Failure to pay tax; rule to cease business.

Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the governing body is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why such dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgement in favor of the governing body, prohibiting such dealer from the further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(Ord. of 11-15-1994, § 9.2)

Sec. 15-65. - Penalty for failure to make timely return; penalties.

If the amount of taxes due by the dealer is not paid on or before the twentieth day of the month next following the month for which the taxes are due, there shall be collected, with said taxes, interest upon said unpaid amount, at a uniform rate of interest per annum set by the collector for all sales and use taxes being levied and collected within the authority, or fractional part thereof, said interest to be computed from the first day of the month next following the month for which the taxes are due until they are paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five (5) percent for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five (25) percent in aggregate, of the taxes due, when such taxes are not paid within thirty (30) days of the date the taxes first become due and payable, and in the event of suit, attorneys' fees at the rate of ten (10) percent of the aggregate of taxes, interest and penalty.

(Ord. of 11-15-1994, § 9.3)

Sec. 15-66. - Collector's authority to determine tax in certain cases.

In the event any dealer fails to make a report and pay the taxes as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from

rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority and assess and collect the taxes and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.

In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to taxes, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the taxes with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgement of the collector, represent the true or actual consideration, then the collector is authorized to fix the same and collect the taxes thereon for the governing body in the same manner as above provided in the foregoing paragraph.

In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the appropriate sales tax account in the same manner as are the taxes collected under this article.

If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty as provided in R.S. 47:1604.1. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the taxes due and can be enforced either in a separate action or in the same action for the collection of the taxes.

(Ord. of 11-15-1994, § 9.4)

Sec. 15-67. - Termination or transfer of business.

If any dealer liable for any taxes, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assignors.

(Ord. of 11-15-1994, § 9.5)

Sec. 15-68. - Collector's notice to certain parties regarding amount of delinquency.

In the event that any dealer is delinquent in the payment of the taxes herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(Ord. of 11-15-1994, § 9.6)

Sec. 15-69. - Power of collector to request show cause hearing for transportation companies denying access to records.

In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgement of the court and every violation of said judgment as a contempt thereof and punished according to law.

(Ord. of 11-15-1994, § 9.7)

Sec. 15-70. - Power of collector to request dealer records and testimony.

If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and the collector may require such dealer, or other agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the collector, respecting the sale at retail, the use, or consumption, or distribution, or distribution, or storage for use or consumption, in the authority, or lease or rental of tangible personal property, or other transactions, subject to taxes, or the failure to make report thereof, as provided in this article.

(Ord. of 11-15-1994, § 9.8)

Sec. 15-71. - Refusal by dealer to comply with request for records or to appear before collector.

If any dealer fails to make a return, or refuses to permit an examination of his (the dealer's) books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge

thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

Sec. 15-72. - Seizure and forfeiture of vehicles used in importing without a permit.

The importation into the authority of tangible personal property which is subject to the taxes, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in section 15-62 (if the taxes imposed by this article on said tangible personal property has not been paid), shall be construed as an attempt to evade payment of said taxes and the same is hereby prohibited, and the said truck, automobile, or means of transportation other than a common carrier, and said taxable property may be seized by this governing body in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(Ord. of 11-15-1994, § 9.10)

Sec. 15-73. - Failure to pay tax on imported tangible personal property deemed as evasion of payment.

The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay the required tax on such transactions, shall ipso facto make the said taxes, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that it is the intention of this article to prevent the disposition of the said tangible personal property in order to insure payment of the taxes imposed by this article, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to the governing body.

In addition to the penalties prescribed in this and the preceding section (section 15-72), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined and/or imprisonment as provided in R.S. 47:1642 et seq., in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(Ord. of 11-15-1994, § 9.11)

Sec. 15-74. - Tax obligation to constitute lien.

The liability of any person or dealer arising from any taxes, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer, to the governing body recoverable in any court of competent jurisdiction in an action at law by the governing body. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent

purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgement or order obtained hereunder shall be paid to the governing body.

(Ord. of 11-15-1994, § 9.12)

Sec. 15-75. - Power of authority to require bond.

The governing body may require a bond or other security satisfactory to the collector for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article, when he shall find that the collection thereof may be prejudiced without such security.

(Ord. of 11-15-1994, § 9.13)

Sec. 15-76. - Determination of tax by collector; notice of tax due.

If any person, or dealer, shall fail to make a return or report as required by this article, the collector, subject to the prescriptive period set forth in R.S. 47:1579, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the governing body from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(Ord. of 11-15-1994, § 9.14)

Sec. 15-77. - Assessment of tax, interest and penalties.

After a return or report is filed under the provisions of this article, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary, and if there from, he shall determine that there is a deficiency with respect to the payment of any taxes due under this article, he shall assess the additional amount of taxes, and any penalties and interest, or either of them due the governing body from such person, or dealer, and make demand upon him for payment.

(Ord. of 11-15-1994, § 9.15)

Sec. 15-78. - Assessment and notice when tax in jeopardy.

If the collector finds that any person, or dealer liable for the payment of any tax under this article designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such taxes, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such taxes.

All taxes, penalties and interest assessed pursuant to the provisions of sections 15-75, 15-76 and 15-77 shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by the governing body. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this article, a sum equivalent to five (5) percent of the tax.

(Ord. of 11-15-1994, § 9.16)

Sec. 15-79. - Collection by distraint and sale authorized.

If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative, who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(Ord. of 11-15-1994, § 9.17)

Sec. 15-80. - Liability of dealers failing to collect tax.

Any dealer who shall neglect, fail or refuse to collect the tax as provided in sections 15-39 through 15-44 of this article, upon any, every and all retail sales made by him, or his agent, or employee, which is subject to taxes, shall be liable for and pay the taxes himself.

(Ord. of 11-15-1994, § 9.18)

Sec. 15-81. - Violations and penalties.

For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished as provided for in R.S. 47:1642, in the discretion of the court:

(1)  Any person who as a purchaser is obligated to report and pay the taxes imposed upon any purchase made by him under sections 15-39 through 15-44 of this article and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2)  Any dealer who shall fail, neglect, or refuse to collect the taxes as provided in sections 15-39 through 15-44 of this article, whether by himself or through his agents or employees;

(3)  Any dealer violating the provisions of sections 15-67 and 15-68 of this article;

(4)  Any dealer who fails to permit an inspection of records by the collector as provided in section 15-56(a) of this article;

(5)  Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 15-56(c) of this article;

(6)  Any dealer, wholesale dealer or jobber who violates the provisions of sections 15-39(d) and 15-39(e) of this article;

(7)  Any dealer who violates the provisions of section 15-56(b) of this article;

(8) Any dealer failing or refusing to furnish any return as provided in sections 15-50 through 15-55 of this article, or failing or refusing to furnish a supplemental return, or other data required by the collector;

(9) Any dealer required to make, render, sign or verify any return as provided in sections 15-50 through 15-55 of this article, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of section 15-82 of this article; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this ordinance for the recovery of the taxes, interest and penalties that may be due; and

(11) Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(Ord. of 11-15-1994, § 9.19)

Sec. 15-82. - Actions prohibited corporations where taxes, fees, penalties, etc., still owing.

No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the authority may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest, and other charges imposed upon said corporation in accordance with the provisions of this article shall have been fully paid.

(Ord. of 11-15-1994, § 9.20)

Sec. 15-83. - Penalties for late payment.

Any person or dealer who shall fail to pay any taxes levied by this article on or before the day when such taxes shall be required by this article to be paid, shall pay in addition to the taxes, interest on the taxes at the rate specified in section 15-65 of this article, for each month or fraction thereof that the taxes remain unpaid, to be calculated from the date the taxes were originally due to the date of actual payment. In addition, such person or dealer shall pay any special penalty or penalties provided by this article.

(Ord. of 11-15-1994, § 9.21)

Sec. 15-84. - Waiver of penalty when return not timely filed.

All penalties and interest imposed by this article shall be payable to and recoverable by the governing body in the same manner as if they were part of the taxes imposed. If the failure to pay any such taxes when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any such penalty.

(Ord. of 11-15-1994, § 9.22)

Sec. 15-85. - Refunds and reimbursements to dealers.

(a) *Reimbursement for returned purchases.* In the event purchases are returned to the dealer by the purchaser or consumer after the taxes imposed by this article have been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of taxes so collected or

charged by him, in the manner prescribed by the collector and in case the taxes have not been remitted by the dealer to the governing body, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall be as provided in R.S. 47:1623, the governing body, through the collector, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such taxes collected. Such memorandum shall be accepted by the governing body at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(b) *Claim for refund.* If any dealer shall have given to the collector notice within the time provided in subsection (a) of this section, such dealer thereafter, within the period provided by R.S. 47:1623, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(c) *Determination of overpayment.* If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(d) *Authorization for refund.* Where no question of fact or law is involved, and it appears that the records of the governing body that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within prescriptive period provided by R.S. 47:1623, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(e) *Refund of security deposits.* When, to secure compliance with any of the provisions of this article any moneys shall have been deposited with the governing body by any dealer, and shall have been paid over to the governing body and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. of 11-15-1994, § 10.5)

Sec. 15-86. - Remedies of the dealer.

(a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period as provided in R.S. 47:1576; and if suit be filed within such time for recovery of such amount, such funds so

segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate as provided in R.S. 47:1576; covering the period from the date the said funds were received by the governing body to the date of refund.

(b)  This section shall afford a legal remedy and right of action in any state, municipal or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any taxes accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(c)  This section shall be construed to provide a legal remedy in the state, municipal or federal courts, by action of law, in case such tax is claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principal of law involved in an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional suit. In such cases the taxes so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d)  If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within the period provided in R.S. 47:1563, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, municipal or federal court of competent jurisdiction as provided for in subsection (b) of this section.

(Ord. of 11-15-1994, § 11.4)

Sec. 15-87. - Enforcement of rules and regulations.

The collector is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by the governing body.

(Ord. of 11-15-1994, § 12.1)

Sec. 15-88. - Establishment of rules and regulations.

The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the Constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(Ord. of 11-15-1994, § 12.2)

Sec. 15-89. - Provision of forms and material.

The collector shall design, prepare, print and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided.

(Ord. of 11-15-1994, § 12.3)

Sec. 15-90. - Costs for distribution of material.

The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne by the collector.

(Ord. of 11-15-1994, § 12.4)

Sec. 15-91. - Effect of provisions on preexisting contracts.

In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this article and containing the sale price, and delivery is made after the effective date of this article, and such sale is taxable under this article, the seller shall add the tax imposed by said article to said sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date hereof, except no new or additional sales or use tax shall be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of this article or to sales or services involved in such contracts entered into and reduced to writing within ninety (90) days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to such effective date.

The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the unincorporated area of the authority prior to the effective date of this article, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(Ord. of 11-15-1994, § 12.5)

Sec. 15-92. - Authority of collector to receive written oaths.

It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, disposition, statement, or report required by the collector in the administration of this article.

(Ord. of 11-15-1994, § 12.6)

Sec. 15-93. - Power of collector to conduct hearings.

The collector, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such

examinations or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

(Ord. of 11-15-1994, § 12.7)

Sec. 15-94. - Form of notice to collector.

Any notice required to be given by the collector pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Ord. of 11-15-1994, § 12.8)

Sec. 15-95. - Recording of official acts, authentication of documents.

The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions, and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, the collector shall be paid a fee to be established from time to time by him which shall be deposited in the appropriate sales tax fund.

(Ord. of 11-15-1994, § 12.9)

Sec. 15-96. - Construction of provisions where other laws, resolutions, etc., may apply.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the taxes given such dealer by any other law, or to deprive the governing body of the authority of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the taxes herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws, ordinances, or resolutions.

(Ord. of 11-15-1994, § 12.10)

Sec. 15-97. - Severability of provisions.

If any section, subsection, sentence, clause, or phrase of this article be held invalid, such decisions shall not affect the validity of the remaining portions of this article. The governing body hereby declares that it would have passed this ordinance, and each section, subsection, sentence, clause, and phrase thereof irrespective of the fact that any one or more section, subsections, sentences, clauses, or phrases may be so declared invalid.

(Ord. of 11-15-1994, § 12.11)

Sec. 15-98. - Levy to be in addition to other taxes.

The taxes levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the governing body of any kind or nature.

(Ord. of 11-15-1994, § 12.12)

Sec. 15-99. - Disposition of tax proceeds and revenues.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the collector as an agent of the governing body under any provision or provisions of this article shall be promptly deposited by the collector for the account of the governing body as follows: that of the one-percent tax shall be deposited in a special fund designated "1995 1% Sales Tax Fund," and the three-fourths-of-one percent tax shall be deposited into the "1995 ¾% Sales Tax Fund," which funds shall be established and maintained as sacred funds of the governing body, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(b) Out of the funds on deposit in said 1995 1% Sales Tax Fund and the 1995 ¾% Sales Tax Fund, the collector shall first pay all reasonable and necessary expenses of collecting and administering the respective taxes levied hereby and administering the provisions of this ordinance as well as the various administrative procedures established herein.

(c) In compliance with the said special election of November 8, 1994, authorizing said taxes, after all reasonable and necessary costs and expenses of collecting and administering the taxes have been paid as provided in subsection (b) of this section, the remaining balance of the sales tax proceeds shall be available for appropriation and expenditure by the governing body, solely for the respective purposes designated in the propositions authorizing the levy of the taxes (annexed hereto as Exhibits "A" and "B"), as approved by a majority of the qualified electors of the authority voting in said special election.

(Ord. of 11-15-1994, §§ 13.1—13-3)

Sec. 15-100. - Collector as agent and trustee for governing body.

It is hereby recognized that the taxes herein levied are being levied by and on behalf of the governing body as herein provided and that the collector is acting as agent for the governing body for the purpose of administration and collection of the taxes.

(Ord. of 11-15-1994, § 14.1)

Sec. 15-101. - Levy and collection of existing tax.

The levy and collection of the sales and use taxes presently being levied and collected by the authority (the "existing taxes") is hereby ratified and confirmed for their respective voted terms. To the extent that the provisions of all or any of the ordinances levying the existing taxes conflict with the provisions of this article, the provisions of the article shall be controlling both for the levy and collection of the sales and use taxes levied by this ordinance and the levy and collection of the existing taxes.

(Ord. of 11-15-1994, § 15.1)

Sec. 15-102. - Conflict with statutory authority.

The provisions of Chapter 2 of Title 47 of the Louisiana Revised Statutes, as amended, and any other statutory authority are hereby made applicable to the levy and collection of the sales and use taxes levied by this article, and to the extent, if any, that the provisions set forth herein conflict with any statutory authority, the statutory authority shall be controlling.

(Ord. of 11-15-1994, § 16.1)

Sec. 15-103. - Additional one-fourth of one percent tax.

(a) *Levied.* Pursuant to the authority of a special election held in the Parish on October 6, 1990, the approved proposition attached hereto as Exhibit "A", there be and there is hereby levied within the parish beginning January 1, 1991, an additional one-fourth (¼) of one (1) percent sales and use tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the parish, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference. The proceeds of the one-fourth (¼) percent tax heretofore and hereafter collected are hereby rededicated for the purposes set forth in the proposition approved by the voters in the special election held in the parish on July 16, 2005, which proposition is set forth as Exhibit "B" hereto.

(b) *Schedule.* The additional one-fourth (¼) of one (1) percent sales and use tax shall be collected on the basis of the applicable integrated bracket schedule prescribed by the collector of revenue, State of Louisiana, pursuant to Section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). The dealers shall remit to the respective taxing authorities the proportionate part of the sales tax collected in accordance with said integrated bracket schedule.

(c) *Sales Tax Law applicable.* The tax levied hereby shall be assessed, imposed, collected, paid and enforced in the manner as provided in the provisions of the Sales Tax Law applicable to the assessment, imposition, collection, payment and enforceability of sales and use tax of local governments. The provisions of the Sales Tax Law applicable to the assessment, imposition, collection, payment and enforcement of sales and use taxes by local governments, shall apply to the assessment, collection, payment and enforcement of the tax herein levied as though all such provisions were set forth in full herein.

(d) *Taxpayers' rights.* The obligations and rights of taxpayers and dealers in connection with the sales and use tax levied in this section shall be as provided taxpayers and dealers by the provisions of the Sales Tax Law applicable to sales and use taxes levied by local governments.

(e) *Authority of secretary-treasurer.* The secretary-treasurer of the police jury be and he is hereby authorized, empowered and directed to carry into effect the provisions of this section, to appoint deputies, assistants or agents to assist him in the performance of his duties, and in pursuance thereof to make and enforce such rules as he may deem necessary, subject to the action of the authority.

(f) *Collector.* The sales and use tax levied by this section is authorized to be collected by a "collector" which term shall mean and include the treasurer or her duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by the governing body to handle and accomplish the collection, enforcement and administration of sales and use taxes on behalf of the parish.

(g) *Compensation of dealer.* For the purpose of compensating the dealer in accounting for and remitting the tax levied under this section, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(h) *Disposition of funds.* All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this section shall be promptly deposited by the collector for the account of the governing authority in a special fund (the "sales tax fund"), which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the governing authority; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

Out of the funds on deposit in said sales tax fund, the collector shall first pay all reasonable and necessary costs and expenses of administering and collecting the tax and administering the provisions of this section as well as the various administrative and enforcement procedures. Such cost and expenses shall be reported by the collector monthly to the governing authority.

In compliance with the said special election of October 6, 1990, authorizing the tax after all reasonable and necessary costs and expenses of collection and administration of the tax have been paid as provided for above, the remaining balance in the sales tax fund shall be available for appropriation and expenditure by the governing authority solely for the purposes designated in the proposition authorizing the levy of the tax.

(Ord. of 8-1-2005, § 1)

**Editor's note—** An Ord. adopted Oct. 16, 1990, levying an additional one-fourth of one percent did not specify manner of codification, but has been designated as § 15-103 by the editor with the concurrence of the parish.

Secs. 15-104—15-175. - Reserved.

**Editor's note—** The propositions attached to the sales tax ordinance as Exhibits A and B have not been set out herein, but are on file and available for inspection in the office of the parish secretary.

ARTICLE V. - SALES TAX ADDITIONAL ONE PERCENT

Sec. 15-201. - Imposition.

Pursuant to the authority of a special election held in the Parish of East Feliciana, State of Louisiana, on July 16, 2005, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the Parish of East Feliciana, State of Louisiana, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. of 8-1-2005, § 1)

Sec. 15-202. - Rate of tax.

The tax is levied at the rate of one (1) percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale. The tax is levied at the rate of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax. The tax is levied at the rate of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one (1) percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. of 8-1-2005, § 2)

Sec. 15-203. - Effective date.

The tax shall be effective on October 1, 2005.

(Ord. of 8-1-2005, § 3)

Sec. 15-204. - Term.

The tax shall remain in effect without limit as to term or duration.

(Ord. of 8-1-2005, § 4)

Sec. 15-205. - Purposes.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on July 16, 2005, authorizing the tax, which proposition is set forth in the preamble hereto.

(Ord. of 8-1-2005, § 5)

Sec. 15-206. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. of 8-1-2005, § 6)

Sec. 15-207. - Exclusions and exemptions.

The governing authority adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does this governing authority adopt any exclusions or exemptions authorized by legislation enacted under Article VI, Section 29(D)(1) of the Constitution of the State of Louisiana of 1974. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the Constitution or statutes of the State of Louisiana, including the Act.

(Ord. of 8-1-2005, § 7)

Sec. 15-208. - Interest on unpaid amount of tax due.

As authorized by La. R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of one and one-fourth (1 ¼) percent per month.

(Ord. of 8-1-2005, § 8)

Sec. 15-209. - Delinquency penalty.

The delinquency penalty, as provided by La. R.S. 47:337.70, shall be five (5) percent per month on the unpaid amount of the tax due for each thirty-day period, not to exceed five (5) thirty-day periods.

(Ord. of 8-1-2005, § 9)

Sec. 15-210. - Penalty for false, fraudulent or grossly incorrect return.

The penalty as authorized by La. R.S. 47:337.72 shall be fifty (50) percent of the amount of the tax found to be due.

(Ord. of 8-1-2005, § 10)

Sec. 15-211. - Negligence penalty.

The penalty as authorized by La. R.S. 47:337.73 shall be five (5) percent of the unpaid amount of the tax found to be due, or ten dollars ($10.00), whichever is greater.

(Ord. of 8-1-2005, § 11)

Sec. 15-212. - Penalty for insufficient funds check.

The penalty as authorized by La. R.S. 47:337.74 shall be an amount equal to the greater of one (1) percent of the check or twenty dollars ($20.00).

(Ord. of 8-1-2005, § 12)

Sec. 15-213. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this article, or to represent him in any proceeding under this article. If any taxes, penalties or interest due under this article are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten (10) percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. of 8-1-2005, § 13)

Sec. 15-214. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. of 8-1-2005, § 14)

Sec. 15-215. - Distraint penalty.

The penalty as provided by R.S. 47:337.76 in cases where the distraint procedure is used in the collection of the tax shall be ten dollars ($10.00).

(Ord. of 8-1-2005, § 15)

Sec. 15-216. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. of 8-1-2005, § 16)

Sec. 15-217. - Collector.

The tax levied by this article is authorized to be collected by a "collector" which term shall mean the Parish School Board of the Parish of East Feliciana, State of Louisiana.

(Ord. of 8-1-2005, § 17)

Sec. 15-218. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this article, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. of 8-1-2005, § 18)

Sec. 15-219. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this governing authority, acting through the president of the governing authority and on behalf of the parish, is authorized to enter into an agreement or agreements with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(Ord. of 8-1-2005, § 19)

Sec. 15-220. - Revenues of tax.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this article relating to the tax shall be promptly deposited by the collector for the account of the parish in the special fund to be established and maintained for the deposit of such proceeds, which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the parish, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

In compliance with the said special election of July 16, 2005, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by the governing authority solely for the purposes designated in the proposition authorizing the levy of the tax.

(Ord. of 8-1-2005, § 20)

Sec. 15-221. - Severability.

If any or more of the provisions of this article shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provision of this article, but this article shall be construed and enforced as if such illegal or invalid provisions had not been contained herein. Any constitutional or statutory provision enacted after the date of this article which validates or makes legal any provision of this article which would not otherwise be valid or legal, shall be deemed to apply to this article.

(Ord. of 8-1-2005, § 21)

Sec. 34-2. - Sales and use taxes.

(a)  All sales and use tax ordinances in effect as of the date of adoption of this Code remain in effect, and are incorporated by reference, with respect to:

(1)  The rate of the sales and use tax.

(2)  The effective date of such tax.

(3)  The term of the tax.

(4)  The purposes for which the proceeds of the respective taxes shall be used.

(5)  The vendor's compensation.

(6)  Optional exclusions or exemptions allowed by state sales and use tax law, adopted by the local ordinance pursuant to such state law.

(7)  Exclusions and exemptions in the local ordinance which were adopted prior to July 1, 2003, pursuant to state law authorizing such adoption, but not allowed as an exclusion or exemption from state sales and use tax.

(8)  Exclusions and exemptions in the local ordinance adopted pursuant to legislation enacted under article VI, section 29(D)(1) of the constitution of the state, but not allowed as an exclusion or exemption from state sales and use tax.

(b)  The Uniform Local Sales Tax Code, R.S. 47:337.1 et seq., shall apply to the assessment, collection, administration and enforcement of sales and use taxes of this parish.

**Editor's note—** Among the sales and use taxes to which this section is applicable are the ordinances establishing the first and second solid waste disposal districts, and the ordinance establishing the Road and Drainage Sales Tax District No. 1 of the Parish of Evangeline.

ARTICLE III. - SALES AND USE TAX

> *Footnotes:*
>
> *--- **(2)** ---*
>
> ***State Law reference—*** *Constitutional authority for local sales and use tax, La. Const. Art. VI, § 29; Uniform Local Sales Tax Code, 47:337.1 et seq.*

Sec. 12-53. - Imposition.

Pursuant to the authority of a special election held in the parish on December 10, 2016, a tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and upon the lease or rental of tangible personal property and on the sales of services in the parish as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the state legislature, and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. No. 3436, § 1, 12-13-2012; Ord. No. 3460, § 1, 3-8-2018)

Sec. 12-54. - Rate of tax.

(a) The tax is levied at the rate of one-half of one percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale.

(b) The tax is levied at the rate of one-half of one percent of the price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax.

(c) The tax is levied at the rate of one-half of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(d) The tax is levied at the rate of one-half of one percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. No. 3436, § 2, 12-13-2012; Ord. No. 3460, § 2, 3-8-2018)

Sec. 12-55. - Effective date.

The tax shall be effective on December 1, 2018.

(Ord. No. 3436, § 3, 12-13-2012; Ord. No. 3460, § 3, 3-8-2018)

Sec. 12-56. - Term.

The tax shall remain in effect for ten years (December 1, 2018, through November 30, 2028).

(Ord. No. 3436, § 4, 12-13-2012; Ord. No. 3460, § 4, 3-8-2018)

Sec. 12-57. - Purposes.

The proceeds of the tax, as heretofore and hereafter collected, shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on December 10, 2016, authorizing the tax, which proposition is set forth in the preamble in the ordinance from which this article is derived (said tax being heretofore authorized to be levied pursuant to an election held on December 10, 2016).

(Ord. No. 3436, § 5, 12-13-2012; Ord. No. 3460, § 5, 3-8-2018)

Sec. 12-58. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed one percent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer by this section.

(Ord. No. 3436, § 6, 12-13-2012; Ord. No. 3460, § 6, 3-8-2018)

Sec. 12-59. - Exclusions and exemptions.

The parish police jury adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does this parish police jury adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29(D)(l) of the state constitution of 1974, that are not allowed as an exclusion or exemption from state sales and use tax. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the constitution or statutes of the state, including the act.

(Ord. No. 3436, § 7, 12-13-2012; Ord. No. 3460, § 7, 3-8-2018)

Sec. 12-60. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of 1¼ percent per month.

(Ord. No. 3436, § 8, 12-13-2012; Ord. No. 3460, § 8, 3-8-2018)

Sec. 12-61. - Delinquency penalty.

The delinquency penalty, as provided by R.S. 47:337.70, shall be five percent per month on the unpaid amount of the tax due for each 30-day period, not to exceed five 30-day periods.

(Ord. No. 3436, § 9, 12-13-2012; Ord. No. 3460, § 9, 3-8-2018)

Sec. 12-62. - Penalty for false, fraudulent or grossly incorrect return.

The penalty for false, fraudulent or grossly incorrect returns, as authorized by R.S. 47:337.72, shall be 50 percent of the amount of the tax found to be due.

(Ord. No. 3436, § 10, 12-13-2012; Ord. No. 3460, § 10, 3-8-2018)

Sec. 12-63. - Negligence penalty.

The penalty for negligence, as authorized by R.S. 47:337.73, shall be five percent of the unpaid amount of the tax found to be due, or $10.00, whichever is greater.

(Ord. No. 3436, § 11, 12-13-2012; Ord. No. 3460, § 11, 3-8-2018)

Sec. 12-64. - Penalty for insufficient funds check.

The penalty for insufficient funds, as authorized by R.S. 47:337.74, shall be an amount equal to the greater of one percent of the check or $20.00.

(Ord. No. 3436, § 12, 12-13-2012; Ord. No. 3460, § 12, 3-8-2018)

Sec. 12-65. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this article or to represent him in any proceeding under this article. If any taxes, penalties or interest due under this article are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. No. 3436, § 13, 12-13-2012; Ord. No. 3460, § 13, 3-8-2018)

Sec. 12-66. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. No. 3436, § 14, 12-13-2012; Ord. No. 3460, § 14, 3-8-2018)

Sec. 12-67. - Distraint penalty.

The penalty for distraint, as provided by R.S. 47:337.76, in cases where the distraint procedure is used in the collection of the tax shall be $10.00.

(Ord. No. 3436, § 15, 12-13-2012; Ord. No. 3460, § 15, 3-8-2018)

Sec. 12-68. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 3436, § 16, 12-13-2012; Ord. No. 3460, § 16, 3-8-2018)

Sec. 12-69. - Collector authorized and defined.

The tax levied by this article is authorized to be collected by a "collector" which term shall mean the parish school board, sales and use tax department.

(Ord. No. 3436, § 17, 12-13-2012; Ord. No. 3460, § 17, 3-8-2018)

Sec. 12-70. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this article, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. No. 3436, § 18, 12-13-2012; Ord. No. 3460, § 18, 3-8-2018)

Sec. 12-71. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, the parish police jury, acting through its president and on behalf of this the parish police jury, is authorized to

enter into an agreement with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(Ord. No. 3436, § 19, 12-13-2012; Ord. No. 3460, § 19, 3-8-2018)

Sec. 12-72. - Revenues of tax.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this article relating to the tax shall be promptly deposited by the collector in the account in the special fund heretofore established and maintained for the deposit of such proceeds, which fund is a separate bank account established and maintained with the regularly designated fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

(b) In compliance with the said special election of December 10, 2016, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for in this article, the remaining balance in said special fund shall be available for appropriation and expenditures by the parish police jury solely for the purposes designated in the proposition authorizing the levy of the tax.

(Ord. No. 3436, § 20, 12-13-2012; Ord. No. 3460, § 20, 3-8-2018)

Sec. 12-73. - Uniform sales tax controlling.

If any provision of this article shall be in conflict with the provisions of the uniform local sales tax code, the provisions of the uniform local sales tax code shall be controlling.

(Ord. No. 3436, § 22, 12-13-2012; Ord. No. 3460, § 22, 3-8-2018)

Secs. 12-74—12-104. - Reserved.

ARTICLE II. - SALES AND USE TAX

> *Footnotes:*
>
> --- **(2)** ---
>
> **Editor's note—** *An ordinance of May 1, 1985, has been treated as superseding the provisions of former art. II hereof, concerning a one (1) per cent sales and use tax. Former art. II consisted of §§ 23-16—23-28, 23-34—23-57, 23-63—23-72, 23-78—23-87, 23-93—23-98, 23-104—23-111, 23-117, 23-234—23-146, 23-152—23-156, 23-162—23-165, 23-171—23-174, as derived from Res. of Feb. 11, 1960; Res. of Aug. 21, 1962, §§ 1—5; Res. of Dec. 15, 1964, §§ 1, 2; Res. of May 17, 1966, §§ 1—4; Res. of Sept. 2, 1980; and Res. of July 7, 1981.*

DIVISION 1. - GENERALLY

Sec. 23-16. - Short title.

This article may be cited or otherwise referred to as the "Iberville Parish One-Third Per Centum Sales and Use Tax Ordinance."

(Ord. of 5-1-85, § 13.03)

Sec. 23-17. - Effective date.

The tax shall be effective on January 1, 2007; one-third per cent to be levied beginning January 1, 2007, two-thirds per cent beginning January 1, 2008, and the full one (1) per cent to be levied beginning January 1, 2009 (except in the City of St. Gabriel where the tax levy shall not exceed two-thirds per cent unless subsequently permitted by law).

(Ord. of 5-1-85, § 13.04; Ord. No. 233-05, § 3, 12-20-05; Ord. No. 244-06, § 3, 11-21-06)

Sec. 23-18. - Definitions.

As used in this article, the following words, terms and phrases shall have the meaning ascribed to them in this section, except when the context clearly indicates a different meaning:

(1) *Business* includes any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed to include the occasional and isolated sales by a person who does not hold himself out as engaged in business.

(2) *Director* and/or *collector* or *collector of revenue,* shall mean the Iberville Parish Sales and Use Tax Department.

(3) a. *Cost price* means the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor, or service cost, excepting those costs for installing the articles of tangible personal property if such cost is separately billed to the customer at the time of installation, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.

b. In the case of tangible personal property that has acquired a Louisiana tax situs and is thereafter transported outside the State of Louisiana for repairs performed outside of the State of Louisiana and is thereafter returned to the State of Louisiana and this parish, the cost price shall be deemed to be the actual cost of any parts and/or materials used in performing such repairs, if applicable labor charges are separately stated on the invoice. If the applicable labor charges are not separately stated on the invoice, it shall be presumed that the cost price is the total charge reflected on the invoice.

c. "Cost price" shall not include the supplying and installation of board roads to oil field operators if the installa are separately billed to the customer at the time of installation.

(4) *Dealer* includes every person who manufactures or produces tangible personal property for sale at retail, for use or consumption, or distribution or for storage to be used or consumed in this parish. "Dealer" is further defined to mean:

a. Every person who imports, or causes to be imported, tangible personal property from any state or foreign country for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in this parish;

b. Every person who sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in this parish, tangible personal property as defined herein;

c. Any person who has sold at retail, or used, or consumed, or distributed, or stored for use or consumption in this parish, tangible personal property and who cannot prove that the tax levied by this article has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property;

d. Any person who leases or rents tangible personal property for a consideration, permitting the use or possession of the said property without transferring title thereto;

e. Any person who is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

f. Any person who sells or furnishes any of the services subject to tax under this article;

g. Any person, as used in this section, who purchases or receives any of the services subject to tax under this article;

h. Any person engaging in business in this parish. "Engaging in business in this parish" means and includes any of the following methods of transacting business: maintaining directly, indirectly, or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business or by having an agent, salesman or solicitor operating within the parish under the authority of the seller or its subsidiary irrespective or whether such place of business, agent, salesman or solicitor is located in this parish permanently or temporarily or whether such seller or subsidiary is qualified to do business in this parish;

i. Any person who sells at retail any tangible personal property to a vending machine operator for resale through coin-operated vending machines.

(5) *Gross sales* means the sum total of all retail sales of tangible personal property, without any deduction whatsoever of any kind or character except as provided in this article.

(6) *Hotel* means and includes any establishment engaged in the business of furnishing sleeping rooms, cottages, or cabins to transient guests, where such establishment consists of six (6) or more sleeping rooms, cottages or cabins at a single business location.

(7) *Lease* or *rental* means the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee, for a consideration, without transfer of the title of such property.

The term "lease or rental," however, as herein defined, shall not mean or include the lease or rental made for the purposes of re-lease or re-rental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, or other drilling or related equipment used in connection with the operating, drilling, completion or reworking of oil, gas, sulphur or other mineral wells.

(8) *Person* includes any individual, firm, partnership, copartnership, joint venture, association, corporation, estate, business trust, receiver, syndicate, this state, any parish, city and parish, municipality, district or other political s thereof or any board, agency, instrumentality or other group or combination acting as a unit, and the plural as singular number.

(9) *Purchaser* means and includes any person who acquired or receives any tangible personal property, or the privilege of using any tangible personal property, or receives any services pursuant to a transaction subject to tax under this article.

(10) *Retail sale* or *sale at retail* means a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations of this state and this article. Any dealer making a sale for resale, which is not in strict compliance with these rules and regulations, shall himself be liable for and pay the tax as herein established.

The sale of tangible personal property by a vendor through coin-operated vending machines shall be considered a "sale at retail" and is subject to the local sales tax.

The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business.

(11) *Retailer* means and includes every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in this parish.

(12) *Sale* means any transfer of title or possession, or both, exchange, barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale.

(13) *Sales price* means the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six (6) per cent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

(14) *Sales of services* means and includes the following:

a. The furnishing of sleeping rooms, cottages or cabins by hotels;

b. The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, and universities and recreational events, and the furnishings, for dues, fees, or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities; but the term "sales of services" shall not

include membership fees or dues of nonprofit, civic organizations, including by way of illustration and not of limitation the Young Men's Christian Association, the Catholic Youth Organization and the Young Women's Christian Association;

   c. The furnishing of storage or parking privileges by auto hotels and parking lots;

   d. The furnishing of printing or overprinting, lithographic, multilith, blue printing, photostating or other similar services of reproducing written or graphic matter;

   e. The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

   f. The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities;

   g. The furnishing of repairs to tangible personal property, including but not restricted to the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes, and office appliances and equipment. For the purposes of this subsection, tangible personal property shall include machinery, appliances, and equipment which have been declared immovable by declaration under the provisions of Article 467 of the Louisiana Civil Code, and things which have been separated from land, buildings, or other constructions permanently attached to the ground or their component parts as defined in Article 466 of the Civil Code.

(15) *Storage* means and includes any keeping or retention in this parish of tangible personal property for use or consumption in this parish or for any purpose other than for sale at retail in the regular course of business.

(16) *Tangible personal property* means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.

(17) *Off-road vehicle* is any vehicle which is issued a manufacturer's statement of origin that cannot be issued a registration certificate and license to operate on the public roads of this parish and state because the vehicle does not meet the safety requirements prescribed by R.S. 32:1301 through R.S. 32:1310. This includes vehicles that are issued a title only by the vehicle registration bureau, department of public safety, such as recreational and sport vehicles, but it does not include farm equipment or heavy construction equipment.

(18) *Use* means and includes the exercise of any right or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

(19) *Use tax* includes the use, the consumption, the distribution and the storage for use for consumption, as herein defined.

(20) *Parish* shall mean the Parish of Iberville, State of Louisiana.

(21) *Agricultural commodity* shall mean horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

(22) *Tax authority* shall mean the Parish of Iberville, State of Louisiana.

(23) *Distraint* or *distrain* shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provision of this article.

(24) *Governing body, political subdivision, governing authority* or *parish* shall mean and include the Parish Council of the Parish of Iberville, State of Louisiana.

(25) *New article* shall mean the original stock in trade of the dealer and shall not be limited to newly manufactured a original stock or article, whether it be a used article or not, shall be subject to the tax.

(Ord. of 5-1-85, § 1.01; Ord. of 8-6-91; Ord. of 8-17-99(1); Ord. 244-06, § 17, 11-21-06)

Sec. 23-19. - Imposition of tax.

(a) *Imposition.* There is hereby levied [a tax] upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the Parish of Iberville, State of Louisiana, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(b) *Rate of tax.* The tax is levied at the rate of one (1) per cent of the sales price of each item or article of tangible personal property when sold at retail in the parish to the extent permitted by law, one-third per cent to be levied beginning January 1, 2007, two-thirds per cent beginning January 1, 2008, and the full one (1) per cent to be levied beginning January 1, 2009 (except in the City of St. Gabriel where the tax levy shall not exceed two-thirds per cent unless subsequently permitted by law), the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale. The tax is levied upon the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax. The tax is levied upon the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied upon the amount paid or charged for taxable services, as defined by law, performed in the parish.

(c) *Exclusions and exemptions.* The governing authority adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does this governing authority adopt any exclusions or exemptions authorized by legislation enacted under Article VI, section 29(D)(1) of the Constitution of the State of Louisiana of 1974. Included within the base of each tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the Constitution or statutes of the State of Louisiana, including the Act.

(d) *Term.* The tax shall remain in effect for thirty (30) years (January 1, 2007 through December 31, 2036).

(e) *Purposes.* The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on September 30, 2006, authorizing the tax, which proposition is set forth in the preamble to Ord. No. 244-06.

(Ord. of 5-1-85, § 2.01; Ord. No. 233-05, §§ 1, 2, 4, 5, 7, 12-20-05; Ord. No. 244-06, §§ 1, 2, 4, 5, 7, 11-21-06)

**Editor's note—** It should be noted that Act No. 1029 of 1991 amended and reenacted R.S. 47:301(8)(a) and enacted R.S. 47:301(8)(c), relative to the state sales and use tax and the sales and use tax levied by any political subdivision, to provide that such taxes shall not apply to the state or its political subdivision.

Sec. 23-20. - Prescriptive period.

(a) Sales and use tax levied by this tax authority shall prescribe as of three (3) years from the thirty-first day of

December in the year in which such taxes became due.

(b)  The prescriptive period running against any such sales and use tax shall be interrupted by:

   (1)  The action of the collector in assessing the amounts of such taxes in the manner prescribed by law;

   (2)  Filing of a summary proceeding in court;

   (3)  Filing of any pleadings by the collector or by the taxpayer with any state or federal court;

   (4)  Filing of a false or fraudulent tax return;

   (5)  Failure to file a tax return, with intent to defraud.

(c)  The running of such prescriptive period may also be suspended by means of a written agreement between any taxpayer and the collector made prior to the lapse of such period.

(Ord. of 5-1-85, § 12.01)

Sec. 23-21. - Tax supplemental to other taxes.

The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the parish council of any kind or nature.

(Ord. of 5-1-85, § 13.02)

Sec. 23-22. - Certified copy to be filed.

A certified copy of this ordinance shall be recorded in the mortgage records of the parish.

(Ord. of 5-1-85, § 13.05; Ord. No. 233-05, § 23, 12-20-05)

Sec. 23-23. - Severability clause.

If any one (1) or more of the provisions of this article shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provision of this article, but this article shall be construed and enforced as if such illegal or invalid provisions had not been contained herein. Any constitutional or statutory provision enacted after the date of this article which validated or makes legal any provision of this article which would not otherwise be valid or legal, shall be deemed to apply to this article.

(Ord. of 5-1-85, § 13.01; Ord. No. 233-05, § 21, 12-20-05)

Secs. 23-24—23-30. - Reserved.

DIVISION 2. - RESPONSIBILITY OF DEALER/TAXPAYER

Footnotes:
--- (3) ---
Cross reference— Retention of records by taxpayers, § 23-92.

Sec. 23-31. - Collection by/from dealer/taxpayer.

(a)  Collection from dealer. The tax imposed under section 23-19 and its subparts, shall be collectible from all persons, as hereinafter defined, engaged as dealers, as hereinafter defined. On all tangible personal property

imported, or caused to be imported, from outside of the parish and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption in this parish. For the purposes of this article, the use, or consumption, or storage to be used or consumed in this parish of personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another state or other parish of the State of Louisiana. The credit provided herein shall be granted only in the case where the state or another parish of the State of Louisiana to which a similar tax has been paid grants a similar credit as provided herein, provided that members of the Armed Forces who are citizens of the State of Louisiana and whose orders of enlistment contracts stipulate a period of active duty of two (2) years or more and who purchase automobiles outside of the parish while on such tour of active duty shall be granted such credit in connection with the purchase of such automobiles whether or not the state or other parish of the State of Louisiana to which such tax thereon has been paid grants a similar credit as herein provided. The proof of payment of a similar tax to another state or other parish of the State of Louisiana shall be made according to rules and regulations promulgated by the collector of revenue. In no event shall the credit be greater than the tax imposed hereby upon the particular tangible personal property which is the subject of the tax hereby imposed.

(b)  *Collection of tax on vehicles.* With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this governing authority, acting through the president of the governing authority, and on behalf of the parish, is authorized to enter into an agreement or agreements with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(1)  The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue at the time of application for a certificate of title or vehicle registration license and such tax shall be administered and collected by the vehicle commissioner in compliance with rules and regulations issued by the revenue collector of the State of Louisiana and in compliance with the law as construed by the revenue collector of the State of Louisiana. No certificate of title or vehicle registration license shall be issued until this tax has been paid. The collector of revenue of the State of Louisiana and the parish shall be the proper parties to defend or to institute any legal action involving the tax imposed by this article on the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer or any other vehicle subject to the vehicle registration license tax (R.S. 47:451 et seq.).

a.  The tax levied by this article on the sale of any such vehicle shall be due at the time of registration or any transfer of registration as required by the vehicle registration license tax law (R.S. 47:451 et seq.).

b.  The tax levied by this article on the use of any such vehicle in this state shall be due at the time first registration in this state is required by the vehicle registration license tax law (R.S. 47:451 et seq.).

(2)  Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year, and model of the vehicle sold, the total sales price, any allowance for and a description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as the collector of revenue of the State of Louisiana may by regulations require. All labor, parts, accessories, and other equipment which are attached to the vehicle at the time of sale and which are included in the sale price are to be considered a part of the vehicle.

(3)  It is not the intention of this subsection to grant an exemption from the tax levied by this article to any sale,

use, items or transactions which has heretofore been taxable and this subsection is not to be construed as so doing. It is the intent of this subsection to transfer the collection of the sale and use tax on vehicles from the vendor to the vehicle commissioner as agent for the collector of revenue and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the collector or revenue. The vehicle commissioner and the governing body of any parish or municipality, or the school board of any parish or municipality, in which a sales or use tax has been imposed by such governing body on the sale or use of motor vehicles, are authorized to enter into an agreement by which the vehicle commissioner may collect said tax on behalf of said parish, municipality or school board. The vehicle commissioner shall withhold from any such taxes collected for parishes and municipalities and school boards one (1) per cent of the proceeds of such tax so collected, which shall be used by the commissioner to pay the cost of collecting and remitting the tax to the parishes, municipalities and school boards. All such agreements now existing between any parish, municipality or school board and the collector of revenues are hereby declared valid and the functions of the collector of revenue thereunder are hereby transferred to the director of public safety as vehicle commissioner.

(4) The provision contained in subsection 23-18(10) in the second unnumbered paragraph which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(5) Notwithstanding the provisions of this section, a certificate of title or vehicle registration license may be issued to the purchaser by the secretary of the department of public safety if he is so authorized in writing by the collector of the department of revenue and taxation. The Collector or Secretary of the Louisiana Department of Revenue and Taxation shall grant such authorization upon written application by the purchaser to said secretary showing that:

    a. All state and local taxes and fees due by the purchaser were paid in good faith at the time of purchase to a motor vehicle dealer;

    b. The motor vehicle dealer has not remitted the taxes and fees to the secretary of the department of public safety;

    c. The motor vehicle dealer has refused or is unable to answer a written demand by the purchaser that the taxes and fees be paid to the secretary of the department of public safety; and

    d. The certificate of title or vehicle registration license has not been issued within six (6) months after the date of sale.

A refusal by the Collector or Secretary of the Louisiana Department of Revenue and Taxation to authorize the issuance of a certificate of title or a vehicle registration license may be appealed to the board of tax appeals within sixty (60) days from the date the application for a certificate of title is denied by the secretary of the department of revenue and taxation.

(c) *Auctioneers.* All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in this parish. Such auctioneers or the company which they represent shall be responsible for the collection of all local and state taxes on articles sold by them and shall report and remit to the collector as provided in this article.

(d) *Collection of tax on motorboats and vessels.* The Secretary of the Louisiana Department of Wildlife and Fisheries shall not register or issue a certificate of registration on any new boat or vessel purchased in this state until satisfactory proof has been presented to him that all sales taxes provided by this part, and all municipal, school

board and/or parish sales taxes, have been paid; nor shall he register or issue a certificate of registration on any boat or vessel brought into this parish until satisfactory proof has been presented to him that all use taxes required by this part, and all municipal, school board and/or parish use taxes, have been paid.

(e) *Collection of tax on off-road vehicles.* The vehicle commissioner shall not issue title on any off-road vehicle purchased in this state or brought into this state from another state until satisfactory proof has been presented to him that all sales taxes required by law have been paid. A notarial bill of sale or other comparable document by a seller showing the amount of sales taxes paid at the time of purchase shall be sufficient proof of the amount of taxes paid. The purchaser of an off-road vehicle from a seller who is not registered with the department of revenue and taxation to collect and remit sales taxes shall pay the sales taxes at the time the vehicle is titled the same as is required for the registration and licensing of other vehicles under the provisions of subsection (b) of this section.

(Ord. of 5-1-85, § 3.01; Ord. No. 233-05, § 19, 12-20-05; Ord. No. 244-06, § 19, 11-21-06)

Sec. 23-32. - Treatment of tax by dealer.

(a) The tax levied in this article shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in subsection 23-21(b). The dealer shall collect the sales taxes on off-road vehicles and remit them directly to the department of revenue and taxation. The dealer shall furnish the purchaser with a notarized bill of sale or other comparable document showing the amount of sales taxes paid at the time the vehicle is purchased.

(b) Every dealer located outside the parish making sales of tangible personal property for distribution, storage, use, or other consumption in this parish, shall at the time of making sales collect the tax imposed by this article from the purchaser.

(c) Dealers shall, as far as practicable, add the amount of the tax imposed under this article in conformity with the schedule or schedules to be prescribed by the collector pursuant to authority conferred herein, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.

(d) Where the tax collected for any period is in excess of one-third per centum, the total tax collected must be paid over to the collector of revenue, less the compensation to be allowed the dealer as hereinafter set forth. This provision shall be construed with other provisions of this article and given effect so as to result in the payment to the collector of revenue of the total tax collected if in excess of one-third per centum.

(e) Any dealer who fails, neglects, or refuses to collect the tax herein provided, either by himself or through his agents or employees, shall, in addition to the penalty of being liable for and paying the tax himself, be guilty of a misdemeanor and upon conviction be fined not more than one hundred dollars ($100.00), or imprisoned for not more than thirty (30) days, or both.

(f) No dealer shall advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or part of the tax or that he will relieve the purchaser from the payment of all or any part of the tax imposed herein. Whoever violates this provision with respect to advertising shall be guilty of a misdemeanor and upon conviction be fined not more than one hundred dollars ($100.00), or imprisoned for not more than thirty (30) days, or both.

(g) The dealer or seller is permitted and required to state and collect the tax separately from the price paid by the purchaser.

(h) The use of tokens is forbidden. The collector shall by regulations prescribe the method and the schedule of the

amounts to be collected from the purchasers, lessees or consumers in respect to any receipt upon which a tax is imposed by this article. The amount of tax to be collected by the dealer and paid by the purchaser shall in each transaction comply with the schedule so provided.

(Ord. of 5-1-85, § 3.02)

Sec. 23-33. - Compensation of dealer in accounting for and remitting tax.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed one and one-half (1½) per cent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. of 5-1-85, § 3.03; Ord. of 8-6-91; Ord. No. 233-05, § 6, 12-20-05; Ord. No. 244-06, § 6, 11-21-06)

Sec. 23-34. - Collection from interstate and foreign transportation dealers.

Persons, defined in this article, engaged in the business of transporting passengers or property for hire in interstate or foreign commerce, whether by railroad, railway, automobile, motor truck, boat, ship, aircraft or other means, may, at their option under rules and regulations prescribed by the collector, register as dealers and pay the taxes imposed by section 23-19 on the basis of the formula hereinafter provided.

Such persons, when properly registered as dealers, may make purchases in this parish or import property into this parish without payment of the sales or use taxes imposed by section 23-19 at the time of purchase or importation, provided such purchases or importations are made in strict compliance with the rules and regulations of the collector. Thereafter, on or before the twentieth day of the month following the purchase or importation, the dealer shall transmit to the collector, on forms secured by him, returns showing gross purchases and importations of tangible personal property, the cost price of which has not previously been included in a return to the parish. The amount of such purchases and importations shall be multiplied by a fraction, the numerator of which is Iberville Parish mileage operated by the taxpayer and the denominator of which is the total mileage, to obtain the taxable amount of tax basis. This amount shall be multiplied by the tax rate to disclose the tax due.

Each such dealer, at the time of making the return required hereunder, shall remit to the collector the tax due for the preceding calendar month as shown on the return.

(Ord. of 5-1-85, § 3.04)

**Cross reference—** Importation; permits, § 23-106.

Sec. 23-35. - Termination or transfer of business.

If any dealer liable for any tax, interest or penalty levied hereunder sells his business or stock of goods or quits the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting the business. His successor, successors or assigns, if any, shall withhold sufficient amounts of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the

purchaser of a business or stock of goods fails to withhold purchase money as above provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by the former owner, owners or assigns.

(Ord. of 5-1-85, § 3.05)

Sec. 23-36. - Dealers required to keep records.

(a)   [General requirements.]

(1)   Every dealer required to make a report and pay any tax under this article shall keep and preserve suitable records of the sales, purchases, or leases or uses of property taxable under this article, and such other books of accounts as may be necessary to determine the amount of tax due hereunder, and any other information as may be required by the collector; and each dealer shall secure, maintain and keep until the taxes to which they relate have prescribed, a complete record of tangible personal property received, used, sold at retail, distributed or stored, leased or rented, within the parish by the said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and a complete record of all sales or purchases of services taxable under this article until the taxes to which they relate have prescribed.

(2)   These records shall be open for inspection to the collector at all reasonable hours.

(3)   The collector is authorized to require all dealers who take deductions on their sales tax returns for total sales under the exclusions and exemptions prescribed by him pursuant and penalty that may have accrued thereon, which assessment shall be considered prima facie correct and the burden to show the contrary shall rest upon the dealer.

(b)   Any dealer subject to the provisions of this article who violates the provisions of this section, upon conviction, shall be fined not more than one hundred dollars ($100.00), or imprisoned for not more than thirty (30) days, or both, for any such offense.

(Ord. of 5-1-85, § 3.06)

**Cross reference—** Prescriptive period, § 23-20; retention of records by taxpayers, § 23-92.

Sec. 23-37. - Wholesalers and jobbers required to keep records.

(a)   All wholesale dealers and jobbers in this parish shall keep a record of all sales of tangible personal property made in this parish whether such sales be for cash or on terms of credit. These records shall contain and include the name and address of the purchaser, the date of the purchase, the article purchased and the price at which the article is sold to the purchaser. These records shall be kept until the taxes to which they relate have prescribed and shall be open to the inspection of the collector at all reasonable hours.

(b)   Whoever violates the provisions of this section, upon conviction, shall be fined not less than fifty dollars ($50.00), nor more than one hundred dollars ($100.00), or imprisoned for not less than ten (10) days, nor more than thirty (30) days, or both.

(Ord. of 5-1-85, § 3.07)

**Cross reference—** Prescriptive period, § 23-20; retention of records by taxpayer, § 23-92.

Sec. 23-38. - Failure to pay tax on imported tangible personal property; grounds for attachment.

The failure of any dealer to pay the tax and any interest, penalties, or costs due under the provisions of this article on any tangible personal property imported from outside the parish for use, consumption, distribution or storage to be used in this parish, or imported for the purpose of leasing or renting the same, shall make the tax, interest, penalties, or costs ipso facto delinquent. This failure shall moreover be a sufficient ground for the attachment and/or seizure of the personal property imported wherever it may be found, whether the delinquent taxpayer is a resident or nonresident, and whether the property is in the possession of the delinquent taxpayer or in the possession of other persons.

It is the intention of this section to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties and costs, and authority to attach and/or seize the property is hereby specifically granted to the collector. The procedure prescribed by law in attachment and/or seizure proceedings shall be followed except that no bond shall be required of the parish or collector.

(Ord. of 5-1-85, § 3.08)

**Cross reference—** Importation; permits, § 23-106.

Secs. 23-39—23-45. - Reserved.

DIVISION 3. - EXCLUSIONS AND EXEMPTIONS

Sec. 23-46. - General exclusions and exemptions.

(a) (1)  The gross proceeds derived from the sale in this parish of livestock, poultry and other farm products direct from the farm are exempted from the tax levied by this article, provided that such sales are made directly by the producers. When sales of livestock, poultry and other farm products are made to consumers by any person other than the producer, they are not exempted from the tax imposed by this article.

(2)  The gross proceeds derived from the sale in this parish of livestock at public sales sponsored by breeders' or registry associations or livestock auction markets are exempted from the tax levied by this article. When public sales of livestock are made to consumers by any person other than through a public sale sponsored by a breeders' or registry association or a livestock auction market, they are not exempted from the tax imposed by this article. This section shall be construed as exempting race horses entered in races and claimed at any racing meet held in Louisiana, whether the horse claimed was owned by the original breeder or not.

(3)  Every agricultural commodity sold by any person, other than a producer, to any other person who purchases not for direct consumption but for the purpose of acquiring raw product for use or for sale in the process of preparing, finishing, or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be exempted from any and all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer, or any other utilization of or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one (1) tax be exacted. For the purposes of this section, "agricultural commodity" means horticultural, viticultural, poultry, farm and range products, and livestock and livestock products.

(b)  The "use tax," as defined herein, shall not apply to livestock and livestock products, to poultry and poultry products, to farm, range and agricultural products when produced by the farmer and used by him and members of his family.

(c) (1)  Where a part of the purchase price is represented by an article traded in, the sales tax is payable in the total

purchase price less the market value of the article traded in.

(2) Where a part of the cost price of a motor vehicle is represented by a motor vehicle returned to the dealer's inventory, the use tax is payable on the total cost price less the wholesale value of the article returned.

(d) (1) The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this parish of the following tangible personal property is hereby specifically exempted from the tax imposed by this article:

    a. Gasoline;

    b. Steam;

    c. Water, not including mineral water or carbonated water or any water put in bottles, jugs, or containers, all of which are not exempted;

    d. Electric power or energy, and any materials or energy sources used to fuel the generation of electric power for resale or use by an industrial manufacturing plant for self-consumption or cogeneration;

    e. Newspapers;

    f. Fertilizer and containers used for farm products when sold directly to the farmer;

    g. Natural gas;

    h. All energy sources when used for boiler fuel except refinery gas when used for boiler fuel;

    i. New trucks, new automobiles, and new aircraft withdrawn from stock by factory authorized new truck, new automobile, and new aircraft dealers, with the approval of the secretary of the department of revenue and taxation titled in the dealer's name for use as demonstrators.

(2) Sales of meals furnished to the staff and students of educational institutions, including kindergartens; the staff and patients of hospitals; the staff, inmates, and patients of mental institutions; boarders of rooming houses, and occasional meals furnished in connection with or by educational, religious, or medical organizations are exempt from the taxes imposed by this article, if the meals are consumed on the premises where purchased; however, sales by any of the above in facilities open to outsiders or to the general public are not exempt from the taxes imposed by this article.

(3) Reserved.

(4) Reserved.

(5) However, sales taxes authorized and imposed by any parish school board, or municipality, or other local taxing authority shall not apply to the sale of prescription drugs under the pharmaceutical vendor program of Title XIX of the Social Security Act as administered by the Department of Health and Human Resources of the State of Louisiana.

(e) It is not the intention of this article to levy a tax upon articles of tangible personal property imported into this parish, or produced or manufactured in this parish, for export; nor is it the intention of this article to levy a tax on bona fide interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the parish, of tangible personal property after it has come to rest in this parish and has become a part of the mass of property in this parish.

(f) The sales, use and lease taxes imposed by this article shall not apply to the amounts paid by radio and television broadcasters for the right to exhibit or broadcast copyrighted material and the use of film, video or audio tapes, records or any other means supplied by licensors thereof in connection with such exhibition or broadcast and the sales and use tax shall not apply to licensors or distributors thereof.

(g)  Reserved.

(h)  "Demonstrators" as used in subsection (d)(1)i of this section shall mean new trucks, new automobiles and new aircraft titled in the dealer's name for use as demonstrators which are kept primarily on the dealer's premises during normal business hours and which are available for demonstration purposes; provided, however, that the occasional use of such demonstrator by authorized personnel of the dealer shall not disqualify such demonstrator from the exemption herein designated.

(Ord. of 5-1-85, § 4.01)

Sec. 23-47. - Ships and ship's supplies.

(a)  The tax imposed by this article shall not apply to sales of materials, equipment and machinery which enter into and become component parts of the ships, vessels, including commercial fishing vessels, or barges, drilling ships, drilling barges of fifty (50) tons load displacement and over, built in Louisiana, nor to the gross proceeds from the sale of such ships, vessels or barges when sold by the builder thereof.

(b)  The taxes imposed by this article shall not apply to materials and supplies purchased by the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or interstate coastwise commerce; nor to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; nor to laundry services performed for the owners or operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels.

(c)  The provisions of this section do not apply to drilling equipment used for oil exploitation or production unless such equipment is built for exclusive use outside the boundaries of the parish and is removed forthwith from the parish upon completion.

(Ord. of 5-1-85, § 4.02)

Sec. 23-48. - Seeds used in planting of crops.

The tax imposed by this article shall not apply to the sale at retail of seeds for use in the planting of any kind of crops.

(Ord. of 5-1-85, § 4.03)

Sec. 23-49. - Casing, drill pipe and tubing used in offshore drilling.

The sales tax does not apply to casing, drill pipe and tubing sold in Louisiana, for use offshore beyond the territorial limits of the state, for the production of oil, gas, sulphur and other minerals.

(Ord. of 5-1-85, § 4.04)

Sec. 23-50. - Little Theater tickets.

The sales tax imposed by this article shall not apply to the sale of admission tickets by Little Theater organizations.

(Ord. of 5-1-85, § 4.05)

Sec. 23-51. - Tickets to musical performances of nonprofit musical organizations.

The sales tax imposed by this article shall not apply to the sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit organization known as a symphony organization or as a society or organization engaged in the presentation of musical performances; provided that this section shall not apply to performances given by out-of-state or nonresident symphony companies, nor shall this section apply to any performance intended to yield a profit to the promoters thereof.

(Ord. of 5-1-85, § 4.06)

Sec. 23-52. - Pesticides used for agricultural purposes.

The tax imposed by this article shall not apply to sale at retail of pesticides used for agricultural purposes, including particularly but not by way of limitation, insecticides, herbicides and fungicides.

(Ord. of 5-1-85, § 4.07)

Sec. 23-53. - Motion picture film rental.

The sales and use taxes imposed by this article shall not apply to the amount paid by the operator of a motion picture theatre to a distributing agency for use of films of photoplay.

(Ord. of 5-1-85, § 4.08)

Sec. 23-54. - Property purchased for use outside the state.

There shall be no sales tax due upon the sale at retail of tangible personal property purchased within the parish for use exclusively beyond the territorial limits of the parish. If tangible personal property purchased tax free under the provisions of this section is later brought into the parish for use herein the property shall be subject to the use tax of the parish as of the time it is brought into the parish for use herein, subject to the credit provided in subsection 23-31(a).

If the first use of tangible personal property purchased in the parish for use beyond the territorial limits of the parish occurs in a city or parish of the State of Louisiana or in a city or county of a state other than Louisiana which imposes a sales or use tax, the exemption provided herein shall apply only if:

(1) The purchaser is properly registered for sales and use tax purposes in the city or parish of Louisiana or city or county of a state other than Louisiana of use and regularly reports and pays sales use tax in such other city or parish of Louisiana or city or county of a state other than Louisiana; and

(2) The city or parish of Louisiana or city or county of a state other than Louisiana in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that city or parish of Louisiana or city or county of a state other than Louisiana for use in Louisiana; and

(3) The purchaser obtains from the secretary or collector of revenue of the State of Louisiana and the collector a certificate authorizing him to make the nontaxable purchases authorized under this section.

The collector shall promulgate rules and regulations designed to carry out the provisions of this section. Any transaction not strictly in compliance with such rules and regulations shall lose the exemption herein provided.

(Ord. of 5-1-85, § 4.09)

Sec. 23-55. - Contracts prior to and within ninety days of tax levy.

The sales and use taxes imposed by this article shall not be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of this article levying same or to sales or service involved in such contracts entered into and reduced to writing within ninety (90) days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to such effective date.

This section shall apply to sales and use taxes now or hereafter levied by the State of Louisiana or by any parish, municipality or other political subdivision thereof, whether such levy is under authority of general or special laws of the parish or under powers granted in local charters or under any other authority or grant of the power to levy and collect sales or use taxes.

(Ord. of 5-1-85, § 4.10)

**Cross reference—** Effective date, § 23-17.

Sec. 23-56. - Firefighting equipment purchased by bona fide organized public volunteer fire departments.

The sales and use taxes imposed by this article shall not apply to purchases of equipment used in firefighting by bona fide organized public volunteer fire departments.

(Ord. of 5-1-85, § 4.11)

Sec. 23-57. - Admissions to entertainments furnished by certain domestic nonprofit corporations.

The sales tax imposed by this article shall not apply to the sale of admissions to entertainment events furnished by recognized domestic nonprofit charitable, educational and religious organizations when the entire proceeds from such sales, except for necessary expenses connected with the entertainment events, are used for the purposes for which the organizations furnishing the events were organized.

(Ord. of 5-1-85, § 4.12)

Sec. 23-58. - Nonprofit organizations; nature of exemption; limitations; qualifications.

(a)  The sales and use taxes imposed by this article shall not apply to sales of tangible personal property at, or admission charges for, events sponsored by domestic, civic, educational, historical, charitable, fraternal or religious organizations, which are nonprofit, when the entire proceeds, except for the necessary expense connected therewith, are used for educational, charitable, religious or historical restoration purposes.

The exemption provided herein shall not apply to any event intended to yield a profit to the promoter or to any individual contracted to provide services or equipment, or both, for the event.

This section shall not be construed to exempt any organization or activity from the payment of sales or use taxes otherwise required by law to be made on purchases made by these organizations.

This section shall not be construed to exempt regular commercial ventures of any type such as bookstores, restaurants, gift shops, commercial flea markets and similar activities that are sponsored by organizations qualifying hereunder which are in competition with retail merchants.

(b)  The sponsorship of any event by any organization applying for an exemption hereunder must be genuine. Sponsorship will not be genuine in any case in which exemption from taxation is a major consideration leading to

such sponsorship.

(c) An exemption certificate must be obtained from the collector of revenue, under such regulations as he shall prescribe, in order for nonprofit organizations to qualify for the exemption provided in this section.

In the event the collector of revenue denies tax exempt status under this section, the organization may appeal such ruling to the Louisiana Board of Tax Appeals, which may overrule the collector of revenue and grant tax exempt status if the Louisiana Board of Tax Appeals determines that the denial of tax exempt status by the collector of revenue was arbitrary, capricious or unreasonable.

Provided, however, that any organization which endorses any candidate for political office or otherwise is involved in political activities shall not be eligible for the exemption herein provided.

(Ord. of 5-1-85, § 4.13)

Sec. 23-59. - Sales or purchases by blind persons.

The sales and use taxes levied and the collection, reporting and remittance thereof required by this article shall not apply to sales or purchases made by blind persons in the conduct of a business which is exempt from license taxes by R.S. 46:371 through 46:373.

(Ord. of 5-1-85, § 4.14)

Sec. 23-60. - Cable television installation and repair.

The sales and use taxes imposed by this article shall not apply to necessary fees incurred in connection with the installation and services of cable television. Such exemption shall not apply to purchases made by any cable television system, but shall only apply to funds collected from the subscriber for regular service, installation and repairs.

(Ord. of 5-1-85, § 4.15)

Sec. 23-61. - Income from coin-operated washing and drying machines in a commercial laundromat.

The sales and use taxes imposed by this article shall not apply to or be imposed upon the income or receipts from any coin-operated washing or drying machine in a commercial laundromat. A commercial laundromat, for purposes of this section, is defined to be any establishment engaged solely in the business of furnishing washing or drying laundry services by means of coin-operated machines.

(Ord. of 5-1-85, § 4.16)

Sec. 23-62. - Leased vessels used in the production of minerals.

The taxes imposed by this article shall not apply to those vessels which are leased for use offshore beyond the territorial limits of this state for the production of oil, gas, sulphur, and other minerals or for the providing of services to those engaged in such production.

(Ord. of 5-1-85, § 4.17)

Sec. 23-63. - Equipment, parts, and airplanes purchased by commuter airlines.

(a) The sales and use taxes imposed by this article shall not apply to purchases of airplane equipment, airplane parts, and airplanes of any commuter airline domiciled in the State of Louisiana.

(b) A commuter airline for the purposes of this section is defined as any airline transporting passengers and/or freight on a regularly scheduled basis, with a minimum of twenty (20) flights per week, whose schedule is published in the Official Airline Guide but which has been exempted from the general rate and route regulations of the Civil Aeronautics Board under the provisions of section 298.11 of subpart B of part 298 of chapter II of title 14 of the Code of Federal Regulations promulgated under the authority of sections 1324 and 1386 of title 49 of the United States Code. A commuter airline is further defined as any airline having ticket counters that are staffed at airports it serves, a reservations office operating at least twelve (12) hours a day, seven (7) days a week and interline ticket and baggage agreements through the Air Traffic Conference of America.

(Ord. of 5-1-85, § 4.18)

## Sec. 23-64. - Certain self-propelled vehicles removed from inventory.

A Louisiana retail dealer who ordinarily purchases for resale equipment of a type not subject to titling under Louisiana Revised Statutes Title 32, such equipment having a dealer's cost of not less than three thousand dollars ($3,000.00) per unit, and such equipment being: (a) mobile, motorized self-propelled farm equipment and attachments thereto; (b) mobile, motorized self-propelled earth moving equipment and attachments thereto; and/or (c) mobile, motorized, self-propelled construction equipment and attachments thereto; and who withdraws an item of such equipment from inventory, for rental, as a method for promoting sales, shall be exempt from the payment of a sales or use tax on the purchase price of the property when withdrawn from inventory for such rental. Such retail dealer shall be liable for the tax levied on the rental income, and a sales tax upon any ultimate sale of said item. This exemption shall apply to the taxes levied by this article.

(Ord. of 5-1-85, § 4.19)

## Sec. 23-65. - Monetized bullion.

The sales and use taxes imposed by this article shall not apply to sales of monetized bullion having a total value of one thousand dollars ($1,000.00) or more. For purposes of this section "monetized bullion" means coins or other forms of money manufactured from gold, silver, or other metals, and heretofore, now, or hereafter used as a medium of exchange under the laws of this state, the United States, or any foreign nation.

(Ord. of 5-1-85, § 4.20)

## Sec. 23-66. - New vehicles furnished by dealers for driver education purposes.

The sales or use tax imposed by this article shall not be due on vehicles furnished by a dealer in new vehicles when withdrawn from inventory and furnished to a secondary school, college or public school board on a free loan basis for exclusive use in a driver education program accredited by the Louisiana Department of Education.

(Ord. of 5-1-85, § 4.21)

## Sec. 23-67. - Capital mass transit equipment.

(a) The sales and use taxes imposed by this article shall not apply to purchases of capital mass transit equipment by any political subdivision or by any agency as defined in R.S. 42:1111.

(b) Capital mass transit equipment is defined for the purposes of this section as buses, other vehicles, facilities, and other equipment useful and necessary for the provision of public transportation service.

(Ord. of 5-1-85, § 4.22)

Sec. 23-68. - Gasohol.

The sales or use taxes imposed by this article shall not apply to the sale at retail, the use, the consumption, the distribution and the storage to be used or consumed in this state of any motor fuel known as gasohol containing a blend of at least ten (10) per cent alcohol, if the alcohol therein has been distilled in Louisiana from agricultural commodities. Alcohol to be used in gasohol must have been rendered unsuitable for human consumption at the time of its manufacture or immediately thereafter. Gasohol, in order to qualify for this exemption, must have been dyed a color which shall be different and distinct from other gasolines. The secretary of the department of revenue and taxation shall designate the color used and supplied by the dealer in the manufacture of gasohol.

(Ord. of 5-1-85, § 4.23)

Sec. 23-69. - Purchases by the state; certain local political subdivisions.

The sales and use taxes imposed by this article shall not apply to purchases by the state or any of its agencies, boards, or commissions, school boards, parish and municipal governing authorities, law enforcement districts, and parish hospital service districts.

(Ord. of 5-1-85, § 4.24)

Sec. 23-70. - Sheltered workshop for mentally retarded.

The sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this parish of each item or article of tangible personal property by a sheltered workshop for the mentally retarded licensed by the department of health and human resources as a day developmental training center for the mentally retarded shall not be subject to the sales and use taxes levied by this article.

(Ord. of 5-1-85, § 4.25)

Sec. 23-71. - Prohibition on levy or collection of tax on property stored for use outside the political subdivision.

(a)  The use tax imposed by this article shall not apply on the storage of property which has been documented for use outside the political subdivision although the property may be stored within the political subdivision if the owners of such property which is to be stored for exclusive use outside the political subdivision have acquired a tax exemption certificate from the collector.

(b)  When a vendor is presented with a copy of a tax exemption certificate from a vendee, the vendor shall be relieved from liability for the collection of use tax on such property.

(c)  If the property is removed from storage and is used within the political subdivision, the property shall be subject to taxation.

(Ord. of 5-1-85, § 4.26)

Sec. 23-72. - Exemptions from lease or rental tax, helicopters.

(a)  Whenever a helicopter used in the exploration for or the extraction or production of oil, gas, and other minerals or for providing services to those engaged in such extraction, production, or exploration is acquired or used through a transaction entitled lease, rental, lease-purchase, or any similar name which for purposes other than

sales taxation might be considered a conditional sale contract or a transaction in lieu of sale, such acquisition or use shall be deemed to be a sale for state or local sales tax purposes.

(b)  The tax due on such transactions shall be payable in equal monthly installments over the term of the lease, rental, or lease-purchase contract.

(Ord. of 5-1-85, § 4.27)

Secs. 23-73—23-80. - Reserved.

DIVISION 4. - COLLECTORS AUTHORITY AND RESPONSIBILITY

Sec. 23-81. - Generally.

(a)  In the event any dealer fails to make a report and pay the tax as provided in this article or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, the collector shall make an estimate of the retail sales of such dealer for the taxable period, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, or the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in this parish, and of the gross amounts paid or charged for services taxable; and it shall be the duty of the collector to assess and collect the tax together with any interest and penalty that may have accrued thereon, which assessment shall be considered prima facie correct and the burden to show the contrary shall rest upon the dealer.

(b)  In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost, then the collector shall ascertain in any manner feasible the true cost price and shall assess and collect the tax, together with any interest and penalties that may have accrued, on the basis of the true cost as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(c)  In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true or actual consideration, then the collector is authorized to ascertain in any manner feasible the true or actual consideration and assess and collect the tax thereon together with any interest and penalties that may have accrued. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(d)  In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, of any dealer, person, firm or corporation, then the collector shall add to the assessment the cost of such examination, together will any interest and penalties accruing thereon. Such costs and penalties when collected shall be remitted to the treasurer in the same manner as the taxes are remitted to him by the collector.

(Ord. of 5-1-85, § 5.01)

Sec. 23-82. - Collector authorized to examine records of transportation companies.

The collector is specifically authorized to examine at all reasonable hours, the books, records and other documents of all transportation companies, agencies, or firms operating in the parish, whether they conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers are importing or are otherwise shipping articles of tangible personal property subject to the tax levied by this article. When any such transportation company refuses to

permit the examination of its books, as provided in this section, the collector may proceed by rule against it, in term time or in vacation, in any court of competent jurisdiction in the parish where such refusals occurred, to show cause why the collector should not be permitted to examine its books, records, or other documents. This rule may be tried in open court or in chambers, and in case the rule is made absolute, the same shall be considered a judgment of the court, and every violation thereof shall be considered as a contempt of court and punished according to law.

(Ord. of 5-1-85, § 5.02)

Sec. 23-83. - Collector to provide forms.

The collector shall design, prepare, print and furnish to all dealers, or make available to them, all necessary forms for filing returns, and instructions to ensure a full collection from dealers and an accounting for the taxes due; but failure of any dealer to secure these forms shall not relieve the dealer from the payment of the tax at the time in the manner herein provided.

(Ord. of 5-1-85, § 5.03)

Sec. 23-84. - Cost of collection.

The cost of preparing and distributing the report forms and paraphernalia for the collection of the tax, and of the inspection and enforcement duties required herein, shall be borne by the revenue produced by this article, and the collector shall withhold from the first sums realized on the collection of the tax levied hereunder, all reasonable sums necessary to perform the duties and responsibilities established by this section [this division].

(Ord. of 5-1-85, § 5.04)

Sec. 23-85. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this article, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. of 5-1-85, § 5.05; Ord. No. 233-05, § 18, 12-20-05; Ord. No. 244-06, § 18, 11-21-06)

Sec. 23-86. - Confidential character of tax records.

(a) Except as otherwise provided by law, the records and files of the secretary of the department of revenue and taxation or the records and files maintained pursuant to this tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this parish or of a political subdivision of this parish.

(b) No person shall divulge or disclose any information obtained from any examination or inspection of the premises or property of any person in connection with the administration and enforcement of the tax laws of this parish or a political subdivision of this parish except to the taxing jurisdiction of his employment or, in the case of an already existing independent contractor arrangement, to the contracting taxing jurisdiction.

(Ord. of 5-1-85, § 5.06)

Sec. 23-87. - Preservation of returns and reports.

All returns and reports filed with the collector pursuant to the provisions of this article, except as otherwise provided for in this section, may be destroyed by order of the collector after five (5) years from the last day of December of the year in which the tax to which the records pertain became due, but not less than one (1) year after the receipt of the last payment of tax to which such records pertain.

(Ord. of 5-1-85, § 5.07)

Sec. 23-88. - Power to employ counsel.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this article, or to represent him in any proceeding under this article. If any taxes, penalties or interest due under this article are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten (10) per centum of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. of 5-1-85, § 5.08; Ord. No. 233-05, § 13, 12-20-05; Ord. No. 244-06, § 13, 11-21-06)

Sec. 23-89. - Power to extend time to file returns and pay tax.

Upon the written request of the taxpayer and for good cause shown, the collector may grant reasonable extensions of time for the filing of returns and payment of tax due upon this article; provided that such extensions of time shall not exceed thirty (30) calendar days. Whenever such an extension is granted, the return or tax for which the extension is granted shall not become delinquent until the expiration of the extension period; but interest will accrue on the tax during the period of the extension, such interest to be computed in all cases from the date the tax would become delinquent in the absence of an extension.

(Ord. of 5-1-85, § 5.09)

Sec. 23-90. - Collector's duty to determine correct tax.

As soon as practicable after each return or report is filed under any of the provisions of this article the collector shall cause it to be examined and may make such further audit or investigation as he may deem necessary for the purpose of determining the correct amount of tax.

(Ord. of 5-1-85, § 5.10)

Sec. 23-91. - Power to examine records and premises of taxpayer.

For the purpose of administering the provisions of this article, the collector, whenever he deems it expedient, may make or cause to be made by any of his authorized assistants or representatives an examination or investigation of the place of business, and if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any taxpayer. Every taxpayer and every director, officer, agent, or employee of every taxpayer, shall exhibit to the collector or to any of his authorized representatives, the place of business, the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the taxpayer and to facilitate any such examination or investigation so far as it may be in his or their power so to do.

(Ord. of 5-1-85, § 5.11)

Sec. 23-92. - Retention of records by taxpayers.

Notwithstanding any other provision of this article, any document or record which a taxpayer is required to maintain in regard to a tax levied pursuant to this article, shall be retained by the taxpayer until the tax to which they relate have prescribed.

(Ord. of 5-1-85, § 5.12)

Sec. 23-93. - Power to examine the records of third parties.

For the purpose of administering the provisions of this article, the collector whenever he deems it expedient may make or cause to be made by any of his authorized assistants or representatives an examination of the books, records, papers, vouchers, accounts and documents of any individual, firm, partnership, copartnership, joint venture, association, corporation, estate, trust, business trust, receiver, bank, syndicate or other group or combination, insofar as said books, records, papers, vouchers, accounts and documents relate to, bear on, associate with, identify, clarify or disclose the liability of any person or group made liable for any tax, excise, permit, or license under this article or assist in the enforcement or collection of any such liability. Every individual, director, officer, agent or employee of such individual, firm, partnership, co-partnership, joint venture, association, corporation, estate, trust, business trust, receiver, bank, syndicate or other group or combination, shall exhibit to the collector or to any of his authorized assistants or representatives the pertinent books, records, papers, vouchers, accounts and documents and to facilitate any such examination and investigation so far as it may be in his or their power so to do.

(Ord. of 5-1-85, § 5.13)

Sec. 23-94. - Power to conduct hearings.

The collector or any of his authorized assistants may conduct hearings, administer oaths to, and examine under oath, any taxpayer, and the directors, officers, agents, and employees of any taxpayer, and any other witnesses, relative to the business of such taxpayer in respect to any matter incident to the administration of this article.

(Ord. of 5-1-85, § 5.14)

Sec. 23-95. - Determination and notice of tax due; first notice of intention to assess.

If a taxpayer fails to make and file any return or report required by the provisions of this article, or if the return or report made and filed does not correctly compute the liability of said taxpayer, the collector shall cause an audit, investigation or examination to be made to determine the tax, penalty and interest due, or he shall determine the tax, penalty or interest due by estimate or otherwise. Having determined the amount of tax, penalty and interest due, the collector shall sent by mail a notice, registered or certified, to the taxpayer at the address given in the last report filed by him pursuant to the provisions of this article or if no report has been filed, to any address that may be obtainable, setting out his determination of tax liability and informing the person of his purpose to assess the amount of tax liability so determined against him after fifteen (15) calendar days from the date of the notice. Thereafter, the provisions of sections 23-171 and 23-172, insofar as notice and assessment are concerned, are applicable.

(Ord. of 5-1-85, § 5.15)

Sec. 23-96. - Contracts for purposes relating to collection of sales and use tax.

(a) (1) The collector, with the approval of the governing authority of any political subdivision, may contract with the sheriff, the Louisiana Department of Revenue and Taxation, any political subdivision of this state, or any other

agency, whether public or private, for the examination or investigation of the place of business, if any; the tangible personal property; and the books, records, papers, vouchers, accounts and documents of any taxpayer for the purposes of enforcement and collection of any tax imposed by this political subdivision.

(2)  Any such contract with a private agency entered into subsequent to January 1, 1984, shall provide for reasonable compensation on a salary, per diem, or hourly basis. The payment, but not the rate, of the salary, per diem, or hourly rate of compensation to the private agency may be contingent on the actual collection of taxes by the political subdivision. Any private agency hired for this purpose and any employee of such private agency shall be governed by the provisions of R.S. 47:1508 et seq.

(b)  For the purposes of this section, the term "political subdivision" shall have the meaning given it by the Louisiana Constitution, article VI, section 44(1).

(Ord. of 5-1-85, § 5.16)

## Sec. 23-97. - Protest to collector's determination of tax due.

The taxpayer, within fifteen (15) calendar days from the date of the notice provided in section [23-95] may protest thereto. This protest must be in writing and should fully disclose the reasons, together with facts and figures in substantiation thereof, for objecting to the collector's determination. The collector shall consider the protest, and in his discretion may grant a hearing thereon, before making a final determination of tax, penalty and interest due.

(Ord. of 5-1-85, § 5.17)

Secs. 23-98—23-105. - Reserved.

DIVISION 5. - IMPORTATION; PERMITS

> *Footnotes:*
>
> *--- (4) ---*
>
> **Cross reference—** *Collection of tax from interstate and foreign transportation dealers, § 23-34; failure to pay tax on imported tangible personal property; grounds for attachment, § 23-38.*

## Sec. 23-106. - Permits for imported goods.

(a)  In order to prevent the illegal importation of tangible personal property which is subject to tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized to put into operation a system of permits whereby any person or dealer may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having the truck, automobile or other means of transportation seized and subjected to legal proceeding for its forfeiture. Such system of permits shall require the person or dealer who desires to import tangible personal property subject to tax imposed by this article to apply to the collector for a permit, stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. These permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(b)  The importation into this parish of tangible personal property which is subject to tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit described

above (if the tax imposed by this article has not been paid), is prohibited and shall be construed as an attempt to evade payment of the tax; and the truck, automobile, or means of transportation other than a common carrier, as well as the taxable property, may be seized by the collector in order to secure the same as evidence in a trial, and it shall be subject to forfeiture and sale in the manner provided for in this article.

(c)  The collector is authorized in a summary proceeding, or by an action against the owner or operator of any truck, automobile or means of transportation other than a common carrier, used in the illegal importation and transportation of any article or articles of tangible personal property on which a tax is levied by this article, and on which the tax has not been paid, to demand the forfeiture and sale of the truck, automobile or other means of transportation, together with the said taxable property, used in the illegal importation and in violation of this article.

(d)  In all cases where it is made to appear by affidavit that the residence of the owner of the automobile, truck or other means of transportation is out of the state, or is unknown to the collector, the court having jurisdiction of the proceeding shall appoint an attorney at law to represent the absent owner against whom the proceeding shall be tried contradictorily within ten (10) days after the filing of the same. The affidavit may be made by the collector or one (1) of his assistants, or by the attorney representing the collector, if it is not convenient to obtain the affidavit of the collector or one (1) of his assistants. The attorney appointed to represent the absent owner may waive service and citation of the petition or rule, but he shall not waive any legal defense. If, upon the trial of the proceeding, it is established that the automobile, truck, or other means of transportation has been used to transport any article of tangible personal property upon which a tax is levied by this article, and upon which the tax has not been paid, without first having obtained a permit from the collector as provided herein, then the court shall render judgment accordingly, declaring the forfeiture of the taxable property and of the automobile, truck, or other means of transportation and ordering the sale thereof after ten (10) days' notice by advertisement in the official parish journal where the seizure is made, by the Sheriff of the Parish of Iberville, or by the sheriff of the parish in which the seizure is made; this sale shall be made at public auction at the courthouse, to the highest bidder, for cash, and without appraisement. It is the intent and purpose of these proceedings to afford the owner of the automobile, truck or other means of transportation a fair opportunity for hearing in a court of competent jurisdiction. It is further the intent and purpose of these proceedings that the forfeiture and sale of the automobile, truck or other means of transportation, and of the taxable property being transported therein, shall be and operate as a penalty for the violation of this article by the illegal transportation and importation of tangible personal property subject to the tax; and the payment of the tax due on the article upon which a tax is levied by this article, at the moment of seizure or thereafter, shall not operate to prevent, abate, discontinue or defeat the forfeiture and sale of the property. All funds collected from the seized and forfeited property shall be paid into the parish treasury and credited in the same manner as provided for the tax herein levied. The court shall fix the fee of the attorney representing the owner when appointed by the court, at a nominal sum not to exceed ten (10) per centum, to be taxed as costs and to be paid out of the proceeds of the sale of the property.

(Ord. of 5-1-85, § 6.01)

Secs. 23-107—23-115. - Reserved.

DIVISION 6. - ENFORCEMENT AND PENALTIES

Sec. 23-116. - Tax, penalties and interest; enforcement.

Failure to pay any tax due as provided in this article shall ipso facto, without demand or putting in default, cause the tax, interest, penalties, and costs to become immediately delinquent, and the collector has the authority, on summary motion in a court of competent jurisdiction, to rule the dealer to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, why the dealer should not be ordered to cease from further pursuit of business as a dealer. This rule may be tried at any time in or out of term and in chambers, and shall always be tried by preference. If the rule is made absolute, the order rendered thereon shall be considered a judgment in favor of the parish, prohibiting the dealer from the further pursuit of said business until such time as he has paid the delinquent tax, interest, penalties and costs, including reasonable attorney's fees, and every violation of the injunction or order of court shall be considered as a contempt of court and punished according to law. For the purpose of the enforcement of this article and the collection of the tax levied hereunder, it is presumed that all tangible personal property imported or held in this parish by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in this parish, or leased or rented within this parish, and is subject to the tax herein levied; this presumption shall be prima facie only, and subject to proof furnished to the collector.

(Ord. of 5-1-85, § 7.01)

Sec. 23-117. - Failure to pay tax; interest on unpaid taxes.

Failure to pay any tax and any interest, penalties or costs due as provided in this article shall ipso factor, without demand or putting in default, cause the tax, interest, penalties, and costs to become immediately delinquent.

Whenever any taxpayer fails to pay any tax, or any portion thereof, due under the provisions of this article on or before the day when it shall be required by law to be paid, as authorized by R.S. 47:337.69, there shall be added to the amount of tax due, interest at the rate of one and one-fourth (1¼) per centum per month from the due date until paid, except in the case of a waiver under section 23-173. If the tax is paid within ten (10) days after notice of the assessment is mailed to the taxpayer, the interest shall be computed to the thirtieth day after the filing of such waiver or to the date the deficiency is paid, whichever is earlier. Such interest shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced in a separate action or in the same action for the collection of the tax, and shall not be waived or remitted.

(Ord. of 5-1-85, § 7.02; Ord. No. 233-05, § 8, 12-20-05; Ord. No. 244-06, § 8, 11-21-06)

Sec. 23-118. - Rule to show cause and examination of judgment debtor.

Whenever the collector finds that any person has failed to file or refuses to file any return required by any provision of this article, the collector may institute against that person:

(1)  A rule to show cause why the return should not be filed; and

(2)  A rule to examine a judgment debtor, as provided for in articles 2451 through 2456 of the Louisiana Code of Civil Procedure where the tax due has been duly and finally assessed as otherwise provided.

The proceedings outlined herein shall be consistent with article 2592 of the Louisiana Code of Civil Procedure.

(Ord. of 5-1-85, § 7.03)

Sec. 23-119. - Alternative remedies for the collection of taxes.

In addition to following any of the special remedies provided in the various sections of this article, the collector may, in his discretion, proceed to enforce the collection of any taxes due under this section [this article] by means of any of the following alternative remedies or procedures:

(1) Assessment and distraint, as provided in R.S. 47:1562 through 47:1573.

(2)  Summary court proceeding, as provided in R.S. 47:1574.

(3)  Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.

The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector; provided, that in every case the taxpayer shall be entitled to proceed under section 23-187 of this article, except: (a) after he has filed a petition with the board of tax appeals for a redetermination of the assessment; or (b) when an assessment for the tax in question has become final; or (c) when a suit involving the same tax obligation is pending before a court of competent jurisdiction.

(Ord. of 5-1-85, § 7.04)

Sec. 23-120. - Collection by distraint and sale authorized.

When any taxpayer fails to pay any tax, penalty and interest assessed, as provided in this article, the collector may proceed to enforce the collection thereof by distraint and sale.

(Ord. of 5-1-85, § 7.05)

Sec. 23-121. - Distraint defined.

The words "distraint" or "distrain" as used in this article, shall be construed to mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, of any property or rights to property of the taxpayer including goods, chattels, effects, stocks, securities, bank accounts, evidences of debt, wages, real estate and other forms of property, by the collector or his authorized assistants, for the purpose of satisfying any assessment of tax, penalty or interest due under the provisions of this article.

Property exempt from seizure by R.S. 13:3881 is exempt from distraint and sale herein.

(Ord. of 5-1-85, § 7.06)

Sec. 23-122. - Distraint procedure.

Whenever the collector or his authorized assistants shall distrain any property of a taxpayer, he shall cause to be made a list of the property or effects distrained, a copy of which, signed by the collector or his authorized assistants, shall be sent by registered or certified mail to the taxpayer at his last known residence or business address, or served on the taxpayer in person. This list shall be accompanied with a note of the sum demanded and a notice of the time and place where the property will be sold. Thereafter, the collector shall cause a notice to be published in the official journal of the parish wherein the distraint is made, specifying the property distrained, and the time and place of sale. The sale shall be held not less than fifteen (15) calendar days from the date of the notice mailed or served on the taxpayer or the date of publication in the official journal, whichever is later. The collector may postpone such sale from time to time, if he deems it advisable, but not for a time to exceed thirty (30) calendar days in all. If the sale is continued to a new date it shall be readvertised.

(Ord. of 5-1-85, § 7.07)

Sec. 23-123. - Surrender of property subject to distraint.

Any person subject to distraint, or whom a levy has been served, shall, upon demand by the collector or his authorized assistants making such levy, surrender such property, or rights to property of which he is in possession, or which he subsequently comes into possession, until such time as the levy is recalled, subject to distraint, to the collector or his authorized assistant, unless such property or right is, at the time of demand, subject to an attachment or execution under any judicial process. Any such person failing or refusing to surrender any such property or rights shall be liable to the parish in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes, penalties, and interest and other cost and charges which are due.

(Ord. of 5-1-85, § 7.08)

Sec. 23-124. - Sale of distrained property.

The collector, or his authorized assistants, shall sell at public auction for cash to the highest bidder so much of the property distrained by him as may be sufficient to satisfy the tax, penalties, interest, and costs due. He shall give to the purchaser a certificate of sale which will be prima facie evidence of the right of the collector to make the sale, and conclusive evidence of the regularity of his proceedings in making the sale, and which will transfer to the purchaser all right, title and interest of the taxpayer in and to the property sold.

Out of the proceeds of the sale, the collector shall first pay all costs of the sale and then apply so much of the balance of the proceeds as may be necessary to pay the assessment. Any balance beyond this shall be paid to the taxpayer.

(Ord. of 5-1-85, § 7.09)

Sec. 23-125. - Distraint cost penalty.

Whenever the collector uses the distraint procedure to enforce the collection of any tax, there shall be imposed with respect to the tax for the collection of which the distraint procedure is used, a specific penalty of ten dollars ($10.00) to compensate for the costs of the distraint procedure. This specific penalty shall be in addition to any other penalty assessed as provided by law and shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due, and may be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. of 5-1-85, § 7.10; Ord. No. 233-05, § 15, 12-20-05; Ord. No. 244-06, § 15, 11-21-06)

Sec. 23-126. - Collection by summary court proceeding authorized.

In addition to any other procedure provided in this article or elsewhere in the ordinances of this parish or laws of the state and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorneys fees, or other costs and charges arising under this article, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the parish, or by or on behalf of the collector, for taxes, excises, and licenses and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, as follows:

(1) All such proceedings, whether original or by intervention or third party, or otherwise, brought by or on behalf of the parish, or by or on behalf of the collector, for the determination or collection of any tax, excise, license, interest, penalty, attorney fees, costs or other charge, claimed to be due under any provision of this article, shall be summary and shall always be tried or heard by preference, in all courts, original and appellate,

whether in or out of term time, and either in open court or chambers, at such time as may be fixed by the court, which shall be not less than two (2) nor more than ten (10) days after notice to the defendant or opposing party.

(2)  All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Civil Procedure.

(3)  That all matters involving any such claim shall be decided within forty-eight (48) hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court; and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Suspensive appeals may be granted, but must be perfected within five (5) calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeals or to the Supreme Court, shall be made returnable in not more than fifteen (15) calendar days from the rendition of the judgment.

(4)  Whenever the pleadings filed on behalf of the parish, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one (1) of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant's knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.

(Ord. of 5-1-85, § 7.11)

## Sec. 23-127. - Injunctions prohibited.

No court of this state shall issue any process whatsoever to restrain the collection of any tax, penalty, interest, or other charge imposed in this article.

(Ord. of 5-1-85, § 7.12)

## Sec. 23-128. - Tax obligation to constitute a lien, privilege and mortgage.

Except as is specifically provided in the laws regulating building and load associations, any tax, penalty, interest or attorney fee due under the provisions of this article shall operate as a lien, privilege and mortgage on all of the property of the tax debtor, both moveable and immoveable, which said lien, privilege and mortgage shall be enforceable in any court of competent jurisdiction in an action at law, or may be enforced as otherwise provided by this article. The collector may cause notice of such lien, privilege and mortgage to be recorded at any time after the tax becomes due, whether assessed or not, and regardless of whether or not then payable, in the mortgage records of any parish wherein the collector has reason to believe the tax debtor owns property. The lien, privilege and mortgage created by this section shall affect third parties only from the date of recordation and shall take their respective ranks by virtue of recordation.

(Ord. of 5-1-85, § 7.13)

## Sec. 23-129. - Cancellation of lien, privilege and mortgage.

In any case where the tax, penalty or interest secured by a recorded lien, privilege and mortgage has been paid, the collector or his authorized assistants or attorneys may authorize the cancellation thereof.

In other cases, the collector may authorize the cancellation or release of a lien, privilege or mortgage subject to the following terms and conditions:

(1) The collector, upon application of a taxpayer, may authorize the cancellation of any lien, privilege or mortgage or other encumbrance recorded by virtue of this article provided the taxpayer furnishes a surety bond in favor of the collector executed by a solvent surety company duly qualified to do business in this state in an amount of not less than one and one-half (1½) times the amount of the obligation due, including penalties, interest, and other costs incurred.

(2) The collector may authorize the release of any real property from the effect and operation of any lien, privilege, mortgage or other encumbrance, recorded by virtue of this article, provided, that the collector is satisfied that the remaining real property belonging to the tax debtor and upon which said lien, privilege and mortgage bears is valued at not less than the amount of the remaining tax obligation, including all penalties, interest and other costs incurred, and the amount of all prior liens upon such property. In determining the value of the remaining property due consideration shall be given to prior ranking encumbrances, if any exist on said property.

(3) The collector may issue a certificate of release of any part of the property subject to any lien, privilege, mortgage, or other encumbrance recorded by virtue of this article, if there is paid over to the collector in part satisfaction of liability an amount determined by the collector, which shall not be less than the value of the interest of the governing authority in the part to be so released.

(Ord. of 5-1-85, § 7.14)

Sec. 23-130. - Penalty for failure to make timely return or to timely remit taxes.

(a) When any taxpayer fails to make and file any return required to be made under the provisions of this article before the time that the return becomes delinquent or when any taxpayer fails to timely remit to the sales tax director the total amount of tax that is due on a return which he has filed, there shall be imposed, in addition to any other penalties provided, a specific penalty to be added to the tax.

(1) In the case of a failure to file a tax return or of the filing of a return after the return becomes delinquent, the specific penalty shall be five (5) per cent of the total tax due on the return if the failure or delinquency is for not more than thirty (30) days, with an additional five (5) per cent for each additional thirty (30) days or fraction thereof during which the failure or delinquency continues, not to exceed five (5) thirty-day periods.

(2) In the case of the filing of a return without remittance of the full amount due, the specific penalty shall be five (5) per cent of the unremitted tax if the failure to remit continues for not more than thirty (30) days, with an additional five (5) per cent for each additional thirty (30) days or fraction during which the failure to remit continues. The penalty imposed by this subsection for each thirty-day period shall be calculated only on the additional amount due from the taxpayer after the deduction of payments timely submitted, or submitted during any preceding thirty-day period. The penalty provided by this subsection shall not be imposed for any thirty-day period for which the penalty provided by subsection (1) is due. The penalties provided for by subsection (1) of this section and this subsection (2) shall not be imposed for more than five (5) thirty-day periods in total for each tax return required to be filed.

(3) The penalties provided for by subsections (1) and (2) of this section shall not exceed twenty-five (25) per cent

of the tax in the aggregate.

(b)  The penalties provided for by this section shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. of 8-17-99(2); Ord. No. 233-05, § 9, 12-20-05; Ord. No. 244-06, § 9, 11-21-06)

**Sec. 23-131. - Waiver of penalty when return is not timely filed.**

If the failure to make any return at the time such return becomes due is attributable not to the negligence of the taxpayer, but to other causes set forth in written form and considered reasonable by the collector, the collector may remit or waive payment of the whole or any part of the specific penalty provided for such failure; but in any case where the penalty exceeds one thousand dollars ($1,000.00), it can be waived by the collector only after approval by the taxing authority.

(Ord. of 5-1-85, § 7.16)

**Sec. 23-132. - Penalty for false, fraudulent or grossly incorrect return.**

When the taxpayer files a return that is false or fraudulent or grossly incorrect and the circumstances indicate that the taxpayer had intent to defraud the tax authority of any tax due under this article, there shall be imposed, in addition to any other penalties provided, a specific penalty as authorized by R.S. 47:337.72 of fifty (50) per centum of the tax found to be due. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. of 5-1-85, § 7.17; Ord. No. 233-05, § 10, 12-20-05; Ord. No. 244-06, § 10, 11-21-06)

**Sec. 23-133. - Negligence penalty.**

If any taxpayer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided, a specific penalty as authorized by R.S. 47:337.73 of five (5) per cent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. of 5-1-85, § 7.18; Ord. No. 233-05, § 11, 12-20-05; Ord. No. 244-06, § 11, 11-21-06)

**Sec. 23-134. - Insufficient funds check in payment of taxes; penalty.**

In the event a check used to make payment of a tax, interest or penalty due under this article is returned unpaid by the bank on which it is drawn because of insufficient funds in the account on which it is drawn, such shall constitute a failure to pay the tax, interest or penalty due and a specific penalty shall be imposed on the taxpayer in addition to all other penalties provided by law. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax, interest or penalty in payment of which the check was given and may be enforced in a separate action or in any action instituted for the collection of the tax, interest or penalty. The specific penalty imposed under this section

and as authorized by R.S. 47:337.74 shall be an amount equal to the greater of one (1) per cent of the check or twenty dollars ($20.00). After receipt of three (3) insufficient fund checks during any two-year period, the collector may require payment of the taxes, interest or penalties due by the taxpayer to be paid by certified check, money order or cash.

(Ord. of 5-1-85, § 7.19; Ord. No. 233-05, § 12, 12-20-05; Ord. No. 244-06, § 12, 11-21-06)

Sec. 23-135. - Examination and hearing costs.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. of 5-1-85, § 7.20; Ord. No. 233-05, § 14, 12-20-05; Ord. No. 244-06, § 14, 11-21-06)

Sec. 23-136. - Criminal penalty for failing to account for parish tax moneys.

Any person required under this article to collect, account for, or pay over any tax, penalty, or interest imposed by this article, who willfully fails to collect or truthfully account for or pay over such tax, penalty, or interest, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and upon conviction shall be fined not more than one hundred dollars ($100.00), or imprisoned for not more than thirty (30) days, or both.

(Ord. of 5-1-85, § 7.21)

Sec. 23-137. - Criminal penalty for evasion of tax.

Any person who willfully fails to file any return or report required to be filed by the provisions of this article, or who willfully files or causes to be filed, with the collector, any false or fraudulent return, report or statement, or who willfully aids or abets another in the filing with the collector of any false or fraudulent return, report or statement, with the intent to defraud the parish or evade the payment of any tax, fee, penalty or interest, or any part thereof which shall be due pursuant to the provisions of this article, shall, upon conviction, be fined not more than one hundred dollars ($100.00), or imprisoned for not more than thirty (30) days, or both.

(Ord. of 5-1-85, § 7.22)

Sec. 23-138. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 233-05, § 16, 12-20-05; Ord. No. 244-06, § 16, 11-21-06)

Secs. 23-139—23-145. - Reserved.

DIVISION 7. - REFUNDS AND CREDITS

Sec. 23-146. - Sales returned to dealer; credit or refund of tax.

Whenever tangible personal property sold is returned to the dealer by the purchaser or consumer or in the event the amount paid or charged for services is refunded or credited to the purchaser or consumer after the tax imposed by this article has been collected, or charged to the account of the purchaser, consumer, or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector; and in case the tax has not been remitted by the dealer to the collector, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by the sworn statement, which period shall not be longer than ninety (90) days, the collector shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for the tax collected. This memorandum shall be accepted by the collector at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article. In cases where a dealer has retired from business and has filed a final return, a refund of tax may be made if it can be established to the satisfaction of the collector that the tax paid was not due.

(Ord. of 5-1-85, § 8.01)

Sec. 23-147. - Sales tax refund.

(a) In the event tangible personal property, a part of, and used in or about a person's home, apartment or homestead in the parish on which the sales tax imposed by this article has been paid by the owner of the property is destroyed by a natural disaster occurring in an area in Louisiana subsequently determined by the President of the United States to warrant assistance by the federal government, the owner thereof, who was the purchaser who paid this sales tax shall be entitled to reimbursement of the amount of the tax paid on such tangible personal property destroyed for which no reimbursement was received by insurance or otherwise. Upon receipt of a sworn statement of the owner as to the amount of the taxes paid under the provisions of this article on tangible personal property destroyed as aforesaid, the collector shall make refund to said owner in the amount to which he is entitled.

(b) No refund shall be made under the provisions of this section unless a claim for refund covering the amount to which an owner is entitled is filed on or before the end of the third calendar year following the calendar year in which the property was destroyed.

(c) The collector is authorized to prescribe to forms and regulations for use in carrying out the provisions of this section.

(Ord. of 5-1-85, § 8.02)

Sec. 23-148. - Interest on refunds or credits.

(a) On all refunds or credits the collector shall compute and allow interest as part of the refund or credit as follows:

(1) From date of payment of the taxes, but prior to submission by the taxpayer of a claim for refund, interest shall be computed at a rate of not less than two (2) per cent per annum.

(2) From date of submission by the taxpayer of a claim for refund, or from payment under protest, or from the date that the taxpayer gave the political subdivision notice of the taxpayer's intention to file suit for the recovery of any taxes paid, interest shall be computed at the rate of six (6) per cent per annum.

(3) The interest rate provided for in subsection (a)(2) of this section shall not be applicable for a sixty-day period from the date the taxpayer makes a claim for refund, if a refund is the result of the taxpayer's administrative error; however, the interest for this sixty-day period shall be computed under the provisions of subsection (a)

(1) of this section.

(b) No interest on refunds or credits shall be allowed if it is determined that a person has deliberately overpaid a tax in order to derive the benefit of the interest allowed by this section. Payments of interest authorized by this section shall be made from funds derived from current collections of the tax to be refunded or credited.

(Ord. of 5-1-85, § 8.03)

Sec. 23-149. - Prescription of refunds and credits.

(a) After three (3) years from December 31 of the year in which the local sales and use tax becomes due or after one (1) year from the date the local sales and use tax is paid, whichever is later, no refund or credit for overpayment shall be made unless a claim for credit or refund has been filed by the taxpayer with the political subdivision before the expiration of such period.

(b) The maximum amount that shall be refunded or credited shall be the amount paid within said three-year or one-year period, subject, however, to the provisions of section [23-148].

(c) The collector shall prescribe the manner of filing claims for refund or credit.

(d) In any case where a taxpayer and the political subdivision consent in writing to an extension of the period during which an assessment of the tax may be made, the period for refunding or crediting overpayments as provided in this section shall be extended in accordance with the terms of the agreement between the taxpayer and the political subdivision.

(e) As used in this section, "political subdivision" means a political subdivision of the state that lawfully levies and collects a sales and use tax, and includes Iberville Parish, Louisiana; and "tax" means a sales and use tax levied by a political subdivision.

(Ord. of 5-1-85, § 8.04)

Sec. 23-150. - Credit for monies paid.

(a) A credit against the sales and use tax imposed by this article shall be granted to a taxpayer who paid monies, whether or not paid in error absent bad faith, based upon a similar tax, levy, or assessment upon the same tangible personal property in a political subdivision of this state.

(b) The credit provided herein for monies paid to a political subdivision of another state shall be granted only in the case where the political subdivision of another state to which monies have been paid grants a similar credit. The credits granted by this provision shall not exceed the amount of money paid to a political subdivision of another state, or political subdivisions of this state.

(c) The proof of payment to a political subdivision of another state, or a political subdivision of this state, shall be made in accordance with the rules adopted by the collector of the Department of Revenue and Taxation of the State of Louisiana under R.S. 47:303(A). In no event shall the credit be greater than the tax imposed by the political subdivision upon the particular tangible personal property that is subject of the sales and use tax.

(Ord. of 5-1-85, 8.05)

Sec. 23-151. - Sales tax refund; new housing construction.

(a) Any person who restores, renovates or rehabilitates an existing structure or builds or causes the building of a new house and associated improvements in an approved housing development area pursuant to the provisions of R.S. 40:582.1 through 582.7 shall be entitled to a refund of the amount of tax paid as a consequence of the

purchase of materials used in the construction of such new house upon showing that he has complied with the provisions of R.S. 40:582.7.

(b) The governing authority is authorized to prescribe the forms and regulations for use in carrying out the provisions of this section.

(Ord. of 5-1-85, 8.06)

Sec. 23-152. - Refunds of overpayments authorized.

(a) For the purpose of this article, the "overpayment" means a payment of tax, penalty or interest when none was due, or the excess of the amount of tax, penalty or interest paid over the amount due; provided that the power of the collector to refund overpayments shall be as prescribed and limited in this section.

(b) The collector shall make a refund of each overpayment where it is determined that:

(1) The tax was overpaid because of an error in mathematical computation; or

(2) The tax was overpaid because of an interpretation of the law contrary to the collector's interpretation of the law at the time of payment; or

(3) The overpayment resulted from a change made by the collector in an assessment under the provisions of section 23-171 through section 23-186 of this article.

Such refunds shall be made out of any current collections of the particular tax which was overpaid.

This section shall not be construed to authorize any refund of tax overpaid through a mistake of law arising from the misinterpretation by the collector of the provisions of any law or of the rules and regulations promulgated thereunder. In the event a taxpayer believes that the collector has misinterpreted the law or promulgated rules and regulations contrary therewith, his remedy is by payment under protest and suit to recover as provided in section 23-187.

(Ord. of 5-1-85, § 8.07)

Sec. 23-153. - Crediting of overpayments against other obligations.

Before refunding any overpayment, the collector may first determine whether the taxpayer who made the overpayment owes any other liability under this article. If such be the case, the collector may credit the overpayment against liability and notify the taxpayer of the action taken.

(Ord. of 5-1-85, § 8.08)

Sec. 23-154. - Claims to be supported by special invoices.

Claims for refunds of such taxes paid under this article shall be made only when the claim therefor is supported by invoices issued by dealers who have obtained special permits pursuant to law. Invoices must have been paid by claimants and marked paid by dealers. Said invoices shall be prepared on forms prescribed by the collector of revenue.

(Ord. of 5-1-85, § 8.09)

Secs. 23-155—23-160. - Reserved.

DIVISION 8. - DISPOSITION OF COLLECTIONS

Sec. 23-161. - Disposition of collections.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this division relating to the tax shall be promptly deposited by the collector for the account of the parish in the special fund heretofore established and maintained for the deposit of such proceeds, which fund is a separate bank account maintained with the regularly designated fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

In compliance with the said special election of September 30, 2006, authorizing the tax, after all reasonable and necessary costs and expenses of collection and administration of the tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by the governing authority solely for the purposes designated in the applicable proposition authorizing the levy of the tax.

(Ord. of 5-1-85, § 9.01; Ord. No. 244-06, § 20, 11-21-06)

Secs. 23-162—23-170. - Reserved.

DIVISION 9. - ASSESSMENT AND NOTICE

Sec. 23-171. - Assessment.

At the expiration of fifteen (15) calendar days from the date of the collector's notice provided in section 23-95 or at the expiration of such time as may be necessary for the collector to consider any protest filed to such notice, the collector shall proceed to assess the tax, penalty and the interest that he determines to be due under the provisions of this article. The assessment shall be evidenced by a writing in any form suitable to the collector, which sets forth the name of the taxpayer, the amount determined to be due, the kind of tax, and the taxable period for which it is due. This writing shall be retained as a part of the collector's official records. The assessment may confirm or modify the collector's originally proposed assessment.

(Ord. of 5-1-85, 10.01)

Sec. 23-172. - Notice of assessment and finality.

Having assessed the amount determined to be due, the collector shall send, by registered or certified mail, a notice to the taxpayer against whom the assessment lies, at the address given in the last report filed by said taxpayer, or if no report has been filed, to any such address as may be obtainable. This notice shall inform the taxpayer, or if no report has been filed, to any such address as may be obtainable. This notice shall inform the taxpayer of the assessment made against him and notify him that he has thirty (30) calendar days from the date of the notice within which to pay the amount of the assessment or that he may pay the tax under protest and file suit for recovery under section 23-187 of this article. Should the taxpayer fail to make affirmative action to pay the tax, pay the tax under protest or otherwise fail to comply with the time limitations set forth herein, then the assessment imposed by the collector shall be considered preemptive and the assessment is hereby declared to be final and binding.

No assessment made by the collector shall be final if it is determined that the assessment was based on an error of fact or of law. An error of fact for this purpose means facts material to the assessment assumed by the collector at the time of the assessment to be true but which subsequently are determined by the collector to be false. Error of law for this purpose means that in making the assessment the collector applied the law contrary to the interpretation followed by the collector in making other assessments. The determination of an error of fact or of law under this section shall be solely that of the collector, and no action against the collector with respect to the determination shall be brought in any court, and no court shall have jurisdiction of any such action, it being the intent of this subsection only to permit the collector to correct manifest errors of fact or in the application of the law made by the collector in making the assessment; provided however, that all reductions of assessment based on such errors must be approved and signed by the collector and shall then be approved in the manner provided by law for the collection of the tax imposed by this article.

(Ord. of 5-1-85, 10.02)

Sec. 23-173. - Waiver of restrictions and delays.

The taxpayer, shall at any time have the right, by a signed notice in writing filed with the collector, to waive the restrictions and delays prescribed in sections 23-95, 23-171 and 23-172 which must be observed before an assessment shall become final. When such a waiver is executed, the assessment is final when made and is immediately collectible by distraint and sale.

(Ord. of 5-1-85, 10.03)

Sec. 23-174. - Assessment and notice when tax is in jeopardy.

If the collector finds that a taxpayer designs quickly to depart from the parish or to remove therefrom any property subject to any tax or to any lien for a tax, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, he may immediately make a determination, from any available information or by estimate or otherwise, of the amount of tax, penalty, and interest such taxpayer is liable to pay under this article. Having made such determination, the collector shall immediately assess said amount, and by a writing to be retained as part of his official records, indicate such assessment has been made, and without any notice, proceed to distrain any property belonging to the taxpayer. This type of assessment may be made whenever a tax becomes due under the provisions of this article, regardless of whether it is then payable or not.

As soon as is feasible after such assessment, and not later than two (2) calendar days thereafter, the collector shall send by registered or certified mail a notice to the taxpayer against whom the assessment lies, at the address given in the last report filed by said taxpayer, or if no such report has been filed, to any such address as may be obtainable. Such notice shall inform the taxpayer of the assessment, its basis, and jeopardous nature; make demand for immediate payment thereof; and give notice that any property distrained or to be distrained will be subject to sale as provided in this article, to satisfy the assessment.

The taxpayer against whom the assessment lies can stay distraint of his property, or sale of his property already distrained, as the case may be, only by the immediate payment of the assessment. Such payment may be made under protest with the effect provided in section 23-186 et seq. of this article.

(Ord. of 5-1-85, 10.04)

Sec. 23-175. - Assessment and claims in bankruptcy and receivership.

Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding, or the appointment of a receiver for any taxpayer in a receivership proceeding, before any court of this state or of the United States, the collector may immediately make a determination from any available information or by estimate or otherwise, of the amount of tax, penalty and interest the taxpayer is liable to pay under this article, and immediately assess said amount, and by a writing to be retained as a part of his official records indicate that such assessment has been made. Such assessment may be made whenever a tax becomes due under the provisions of this article, regardless of whether it is then payable or not. Claims for such assessments, and additional interest and attorney's fees thereon, shall be presented for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending despite the pendency of delays before assessment provided in sections 23-95, 23-171 and 23-172.

(Ord. of 5-1-85, 10.05)

Sec. 23-176. - Assessment of tax shown on face of taxpayer's returns.

Whenever a taxpayer files returns and computes the amount of any tax due, such tax together with any penalty and interest due or accruing thereon, whether computed or not, shall be considered assessed and shall be entered by the collector as an assessment in his official records without the necessity of observing the delays or giving the notice ordinarily required prior to assessment.

If the taxpayer fails to accompany his return filed with a proper payment, as required by this article, the collector shall immediately send notice by mail to such person, addressed to the address appearing on the return or any available address if no address appears, informing him of the amount due, or the balance of the amount due if a partial payment has been made, and demanding payment of such amount within ten (10) calendar days from the date of the notice. If payment has not been received at the expiration of such time, the assessment shall be collectible by distraint and sale as is herein provided.

Nothing in this section shall be construed as denying the right of the taxpayer to pay the assessment under protest or to claim a refund of the assessment after payment, all in manner as is herein set out in this article.

(Ord. of 5-1-85, 10.06)

Secs. 23-177—23-185. - Reserved.

DIVISION 10. - REMEDIES OF DEALER AND/OR TAXPAYER

Sec. 23-186. - Administrative hearing.

The taxpayer, within fifteen (15) calendar days from the date of the notice provided in section 23-95, may protest any proposed assessment by the collector and request a hearing before the collector. This protest must be in writing and should fully disclose the reasons, together with facts and figures in substantiation thereof, for objecting to the collector's proposed determination. The collector shall consider the protest, and the request for a hearing, and in his discretion may grant a hearing thereon, before making a final determination of the tax, penalty and interest due, if any. The request by the taxpayer for this administrative hearing shall be made within the fifteen-day period established by section 23-95; otherwise, the request for hearing shall be considered waived. Should the collector grant a hearing on the proposed assessment pursuant to the timely protest by taxpayer, then the time limitations contained in sections 23-171 and 23-172 are suspended until the collector makes a determination on the protest and officially notifies the taxpayer by certified or registered mail of his determination and findings as a result of the administrative hearing. The notification of determination

by the collector to the taxpayer relative to the proposed assessment shall be considered as notice pursuant to sections 23-171 and 23-172 and the collector shall comply with those provisions in the notice sent to the taxpayer. Thereafter, the provisions of section 23-187 shall apply.

(Ord. of 5-1-85, § 11.01)

Sec. 23-187. - Remittance of tax under protest; suits to recover.

(a) Any taxpayer protesting the payment of any amount found due by the collector, or the enforcement of any provision of the tax ordinance in relation thereto, shall timely remit to the collector within the delays [deadlines] prescribed in this article, the amount due and at that time shall give notice of intention to file suit for the recovery of such tax. Upon timely receipt of this notice the amount remitted shall be placed in an escrow account and held by the collector or his duly authorized representative for a period of thirty (30) days. Said thirty-day period begins to run when the collector notifies the taxpayer that his assessment is final pursuant to sections 23-171 and 23-172 of this article. If suit is filed for recovery of the tax within the thirty-day period, the funds in the escrow account shall be further held pending the outcome of the suit. If the taxpayer prevails, the collector shall refund the amount to the claimant, with interest at the rate of six (6) per cent per annum from the date the funds were received by the collector to the date of such refund.

(b) This section shall afford a legal remedy and right of action in any district court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the collector shall be sufficient service, and he along with the governing authority shall be the sole necessary and proper parties defendant in any such suit.

(c) This section shall be construed to provide a legal remedy in the district courts of this state in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of Congress or the United States Constitution, or the Constitution of Louisiana.

(d) Upon request of a taxpayer and upon proper showing by such taxpayer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the taxpayer, upon agreement to abide by the decision of the courts, may remit the additional assessment under protest, but need not file an additional suit. In such cases, the tax so paid under protest shall be placed in an escrow account and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Ord. of 5-1-85, § 11.02)

Sec. 23-188. - Louisiana Board of Tax Appeals.

In addition to the remedies provided by this section [this division] and any other applicable section of this article, the taxpayer is hereby authorized to present any protest or grievance to the Louisiana Board of Tax Appeals established by the Legislature of the State of Louisiana. This appeal process shall only be operative once there has been a denial of the relief sought by the collector. No appeal, or request for hearing before the Louisiana Board of Tax Appeals, shall suspend the running of the time limitations contained in this article.

(Ord. of 5-1-85, § 11.03)

Secs. 23-189—23-200. - Reserved.

ARTICLE XI. - SALES TAX

DIVISION 1. - ROAD SALES TAX DISTRICT NO. 1

> *Footnotes:*
>
> *--- **(17)** ---*
>
> ***Editor's note—*** *Ord. No. 872, adopted Sept. 19, 1992, added art. X, § 16-239 et seq. In order to avoid duplication of article and section numbers, the editor has included the provisions as art. XI, div. 1, §§ 16-251—16-256.*
>
> *Ord. No. 2114, § 1, adopted Dec. 13, 2006, changed the name of Rural District No. 1 to Road Sales Tax District No. 1.*

Sec. 16-251. - Created; boundaries.

In accordance with the provisions of R.S. 33:2721.6 as amended, and other constitutional and statutory authority supplemental thereto, there is hereby created a sales tax district of the parish containing all of the territory within the corporate boundaries of the parish less and except the territory within the corporate boundaries of the municipalities of Fenton, Jennings, Lake Arthur, Welsh and that portion of the Town of Elton within the corporate boundaries of the parish as said corporate boundaries presently exist [as of September 9, 1992].

(Ord. No. 872, 9-19-92)

Sec. 16-252. - Designated.

The sales tax district shall be known and designated as the "Road Sales Tax District No. 1 of the Parish of Jefferson Davis, State of Louisiana" (the "district").

(Ord. No. 872, 9-19-92; Ord. No. 2114, § 1, 12-13-06)

Sec. 16-253. - Corporate seal.

The corporate seal of the parish is hereby adopted as the seal of the district.

(Ord. No. 872, 9-19-92)

Sec. 16-254. - Governed by police jury; domicile; officers.

The governing authority of the district shall be the police jury, the domicile shall be the regular meeting place of the police jury, and the officers of the police jury shall be the officers of the district.

(Ord. No. 872, 9-19-92)

Sec. 16-255. - Powers.

The district shall have all powers granted to it under Louisiana law, including the power to levy a sales and use tax in accordance with R.S. 33:2721.6, as amended, Const. article VI, section 29, and to fund the proceeds thereof into bonds for the purposes for which the sales tax is authorized to be used.

(Ord. No. 872, 9-19-92)

Sec. 16-256. - General provisions.

In case any one (1) or more of the provisions of this division shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provisions of this division; but the same shall be construed and enforced as if such illegal or invalid provisions had not been contained herein. Any constitutional or statutory provisions enacted after the date of this division [September 9, 1992] which validate or make legal any provisions thereof shall be deemed to apply hereto.

(Ord. No. 872, 9-19-92)

Secs. 16-257—16-280. - Reserved.

10/15/21, 5:06 PM    Case 2:21-cv-02106-JTM-KWR    Document 2-3    Filed 11/15/21    Page 264 of 1004
Jefferson Parish, LA Code of Ordinances

ARTICLE II. - SALES AND USE TAX

> *Footnotes:*
>
> *--- (2) ---*
>
> *Annotations—Where parish by ordinance approved exemptions from local sales and use taxes of hotels from which district was authorized to collect occupancy tax, and district had acquired absolute right to the tax for at least five (5) years and tax was pledged to discharge obligations of the district, parish ordinances repealing action which abated the tax for the benefit of the district violated constitutional provision that no law impairing obligation of contracts or divesting vested rights should be passed. Hilton Hotels Corporation, 247 So.2d 843 (La. 1971).    Letter signed by parish council stating that parish sales tax did not apply to sale of services performed on tangible personal property imported into the parish and then exported to an owner outside the parish was of no effect on liability of taxpayers which repaired baking pans and sheets for customers most of whom were not located in the parish, nor did exemptions for services performed outside the parish or for interstate commerce apply. Parish of Jefferson v. Elcao-Glaco, 280 So.2d 629 (La. App. 4th Cir. 1973)*
>
> ***Cross reference—*** *Tax-free shopping program, § 35-3; rules and regulations promulgated in connection with the parish sales and use tax, App. A.*
>
> ***State Law reference—*** *Municipal sales tax, R.S. 33:2711 et seq.; state sales tax, R.S. 47:301 et seq.*

## Sec. 35-16. - Uniform Local Sales Tax Code.

Chapter 2-D of Subtitle II of Title 47, Louisiana Revised Statutes 47:337.1 — 47:337.100, entitled the "Uniform Local Sales Tax Code", is hereby adopted by reference as though copied here fully.

This article may be cited or otherwise referred to as the "Jefferson Parish Uniform Local Sales Tax Code."

(Code 1961, § 16-1; Ord. No. 22808, §§ 1, 2, 7-19-06)

**Editor's note—** Section 1 of Ord. No. 22808, adopted July 19, 2006, provided, "That Article II, Chapter 35, of the Jefferson Parish Code of Ordinances is hereby repealed, with the exception of sections 35-17, 35-18, 35-21, 35-22, 35-23, 35-24, 35-24.1, 35-32, 35-65, 35-66, 35-67, 35-68, 35-69, 35-70, and 35-71." Section 2 of said ordinance enacted provisions designated a new section 35-16. See also the Code Comparative Table.

## Sec. 35-17. - Definitions.

Louisiana Revised Statute (La. R.S.) 47:301, containing definitions relevant to this section, is hereby adopted by reference as though copied here fully and is applicable in Jefferson Parish for purposes of sales and/or use tax words, terms and/or phrases herein.

(Code 1961, § 16-2; Ord. No. 19916, § 1, 1-8-97; Ord. No. 22572, § 1, 8-10-05; Ord. No. 22778, § 2, 6-28-06)

**Cross reference—** Definitions and rules of construction generally, § 1-2.

## Sec. 35-18. - Enforcement—By sheriff.

(a) The collection of the taxes imposed under this article shall be made in the name of the parish, by the sheriff, who is the collector of all parish taxes under the provisions of R.S. 33:1435, except however, the taxes imposed on the sale or use of motor vehicles shall be collected by the state collector of revenue, pursuant to and authorized by Act No. 182 of 1962.

(b) The sheriff is duly authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules [3] as he may deem necessary. Such regulations when

promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one (1) time in the official journal of the parish.

(c) The sheriff may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of taxes imposed hereunder.

(d) Any duly authorized representative or deputy of the sheriff, when acting under his authority and direction, shall have the same power as is conferred upon the sheriff by this article.

(e) The sheriff may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer, in respect to any matter incident to the administration of this article.

(Code 1961, § 16-3)

> *Footnotes:*
>
> *--- (3) ---*
>
> *Editor's note— The sheriff and ex officio tax collector of the parish is authorized to make rules and regulations in connection with the taxes referred to. These rules and regulations have been included in Appendix A of this Code.*
>
> *Cross reference— Sheriff generally, Ch. 31.*

**Secs. 35-19, 35-20. - Reserved.**

**Note—** See the editor's note at § 35-16.

**Sec. 35-21. - Supplemental and other taxes.**

The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the council of the parish of any kind or nature.

(Code 1961, § 16-6)

**Sec. 35-22. - Imposition of tax (1954).**

There is hereby levied for the purposes hereinafter specified, a tax upon the sale at retail, the use, the consumption, the distribution, and the storage in this parish of each item or article of tangible personal property as defined in section 35-17, and upon the lease or rental of such property and the sale of services within the parish; the levy of such tax to be as follows:

(1) At the rate of one (1) percent of the sale price of each item or article of tangible personal property when sold at retail in this parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the parish, and to include each and every retail sale;

(2) At the rate of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish; provided there shall be no duplication of the tax;

(3) At the rate of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the business;

(4) At the rate of one (1) percent of the monthly lease or rental price paid by lessee or rentee, or contracted

or agreed to be paid by lessee or rentee to the owner of the tangible personal property; provided there shall be no duplication of the tax levied by subsection (3);

(5)  At the rate of one (1) percent of the gross proceeds derived from the sale of services as defined in section 35-17;

(6)  The tax shall be collected from the dealer, as defined in section 35-17, and paid at the time and in the manner hereinafter provided;

(7)  The tax so levied is, and shall be in addition to all other taxes, whether levied in form of excise, or license, privilege or property taxes levied by any other parish ordinance;

(8)  The sheriff is authorized hereby to request of the collector of revenue of the state that schedules be adopted by the state applicable to the parish so as to accomplish the integration of the collection of the state and local sales taxes, in accordance with the provisions of Act 9 of the Legislature of the State of Louisiana for the year 1948, Section 4 thereof (R.S. 47:304). Upon the establishment of an integrated bracket schedule approved by the collector of revenue of the state, the sheriff shall designate such brackets for the purpose of tax collection within the meaning of this article.

(Code 1961, § 16-7)

Sec. 35-23. - Imposition of supplemental tax (1966).

(a)  *Levy.* There is hereby levied from and after July 1, 1966, for the purposes stated in the proposition set forth in the preamble to Ord. No. 7766, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the parish, as defined in Section 301 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, (R.S. 47:301), and the levy of such tax shall be as follows:

(1)  At the rate of one-half of one (0.5) percent of the cost of price of each item or article of tangible personal property when sold at retail in this parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the parish, and to include each and every retail sale;

(2)  At the rate of one-half of one (0.5) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish; provided, there shall be no duplication of the tax;

(3)  At the rate of one-half of one (0.5) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined in R.S. 47:301, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the business;

(4)  At the rate of one-half of one percent of the monthly lease or retail price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property;

(5)  At the rate of one-half of one (0.5) percent of the gross proceeds derived from the sale of services as defined in R.S. 47:301, as amended.

(b)  *Integrated bracket schedule.* The following integrated bracket schedule prescribed by the state collector of revenue by orders issued pursuant to Section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304) is hereby established for the purpose of tax collection within the meaning of this section, said schedule being in part as follows:

| Amount Subject to Tax | Tax to be Collected |
|---|---|

| $ .01 to $ .10 | $.00 |
| .11 to .30 | .01 |
| .31 to .54 | .02 |
| .55 to .73 | .03 |
| .74 to 1.10 | .04 |
| 1.11 to 1.30 | .05 |
| 1.31 to 1.54 | .06 |
| 1.55 to 1.73 | .07 |
| 1.74 to 2.10 | .08 |
| etc. | etc. |

The foregoing schedule reflects the taxes to be collected on behalf of the state at the rate of two (2) percent; on behalf of the parish, at the rate of one (1) percent pursuant to the authority of Act No. 188 of the Louisiana Legislature of 1954 and a special election held in the parish on October 5, 1954; and at the rate of one-half of one (0.5) percent, pursuant to the authority of Act No. 29 of the Extraordinary Session of the Legislature of Louisiana for the year 1964 and a special election held in the parish on May 3, 1966; and on behalf of the school board of the parish, at the rate of one-half of one (0.5) percent, pursuant to the authority of the aforesaid Act No. 29 and a special election held in the parish on May 3, 1966.

(c)  *Assessment, collection, payment and enforcement.* In order to provide for the assessment, collection, payment and enforcement of the tax herein levied, the provisions set forth in this article, providing for the levy of the aforesaid one (1) percent sales and use tax in the parish, are hereby adopted and made a part of this section by reference thereto as if set forth in full herein, insofar as such provisions relate to the procedure for the assessment, collection, payment and enforcement of sales and use taxes in the parish. The sheriff is hereby authorized, empowered and directed to collect the tax herein levied and in so doing to follow the procedures set forth in this article relative to the assessment, collection, payment and enforcement of sales and use taxes in the parish.

(d)  *Fund.* All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected by the sheriff shall be paid by the sheriff to the parish department of finance on or before the tenth business day of each month following the collection of the tax and upon receipt of such sums, the parish department of finance shall divide the proceeds of the tax between the parish and the municipalities located within the parish in the proportion that the amount of the tax collected in the incorporated and the unincorporated areas, as said areas presently exist, bears to the total tax collected. The moneys apportioned to the municipalities shall be used for any lawful general municipal purposes, and those moneys apportioned to the parish shall be used solely for the purposes designated in the proposition authorizing the levy of the tax, all as more fully set forth in Ordinance No. 7766.

(e)  *Supplementary to other taxes.* The tax herein levied is declared to be supplemental and in addition to all other taxes levied by and under the authority of the parish council of any kind or nature.

(Code 1961, §§ 16-53—16-58; Ord. No. 24583, § 1, 9-18-13)

Sec. 35-24. - Imposition of supplemental tax (1981).

(a)  *Levy.* There is hereby levied from and after March 1, 1981 for the purposes stated in the proposition set forth in the preamble to Ordinance No. 14646, a tax upon the sale at retail, the use, the lease or rental, the

consumption and storage for use or consumption of tangible personal property and on sales of services in the parish, as defined in section 301 of title 47 of the Louisiana Revised Statutes of 1950, as amended (R.S. 47:301), and the levy of such tax shall be as follows:

(1) At the rate of one-half of one (0.5) percent of the cost price of each item or article of tangible personal property when sold at retail in this parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the parish, and to include each and every retail sale;

(2) At the rate of one-half of one (0.5) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish; provided there shall be no duplication of the tax;

(3) At the rate of one-half of one (0.5) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined in R.S. 47:301, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the business;

(4) At the rate of one-half of one (0.5) percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property;

(5) At the rate of one-half of one (0.5) percent of the gross proceeds derived from the sale of services as defined in R.S. 47:301, as amended.

(b) *Integrated bracket schedule.* The following integrated bracket schedule prescribed by the state collector of revenue, by orders issued pursuant to section 304 of title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304) is hereby established for the purpose of tax collection within the meaning of this section, the schedule being in part as follows:

| Amount Subject to Tax | Tax to be Collected |
| --- | --- |
| $0.01 to 0.10 | $0.00 |
| 0.11 to 0.24 | 0.01 |
| 0.25 to 0.41 | 0.02 |
| 0.42 to 0.58 | 0.03 |
| 0.59 to 0.74 | 0.04 |
| 0.75 to 0.91 | 0.05 |
| 0.92 to 1.10 | 0.06 |

For each additional $1.00 add $0.06 tax

The foregoing schedule reflects the taxes to be collected on behalf of the state at the rate of three (3) percent; on behalf of the parish, at the rate of one (1) percent, pursuant to the authority of Act No. 188 of the Louisiana Legislature of 1954 and a special election held in the parish on October 5, 1954; and at the rate of one-half of one (0.5) percent, pursuant to the authority of Act No. 29 of the Extraordinary Session of the Legislature of Louisiana for the year 1964 and a special election held in the parish on May 3, 1966; and on behalf of the school board of the parish, at the rate of one-half of one (0.5) percent, pursuant to the authority of the aforesaid Act No. 29 and a special election held in the parish on May 3, 1966; and on. behalf of the school board of the parish, at the rate of one-half of one (0.5) percent, pursuant to the authorities of article 6, sec. 29,

Constitution of the State of Louisiana of 1974 and a special election held in the parish on June 28, 1980; and on behalf of the parish, at the rate of one-half of one (0.5) percent, pursuant to the authorities of article 6, sec. 29, Constitution of the State of Louisiana of 1974 and a special election held in the parish on January 17, 1981.

(c) *Assessment, collection, payment and enforcement.* In order to provide for the assessment, collection, payment and enforcement of the tax herein levied, the provisions set forth in this article, providing for the levy of the aforesaid one (1) percent sales and use tax in the parish, are hereby adopted and made a part of this section by reference thereto as if set forth in full herein, insofar as such provisions relate to the procedure for the assessment, collection, payment and enforcement of sales and use taxes in the parish. The sheriff is hereby authorized, empowered and directed to collect the tax herein levied and in so doing to follow the Procedures set forth in this article relative to the assessment, collection, payment and enforcement of sales and use taxes in the parish.

(d) *Fund.* All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the parish council under any provision of this section, or any ordinance supplementary thereto or amendatory thereof, shall be promptly deposited by the department of finance in a special fund designated "Sales Tax Fund of 1981" which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent or agents of the parish and the moneys placed therein to the credit of the parish shall be available for appropriation and expenditure by the parish council solely for the purposes designated in the proposition authorizing the levy of the tax, which proposition is set forth in the preamble to Ordinance No. 14646.

(e) *Supplementary to other taxes.* The tax herein levied is declared to be supplemental and in addition to all other taxes levied by and under the authority of the parish council of any kind or nature.

(Ord. No. 14646, §§ 1—6, 2-11-81)

Sec. 35-24.1. - Imposition of supplemental tax (1984).

(a) *Levy.* There is hereby levied from and after August 1, 1984, for the purposes stated in the proposition set forth in the preamble to Ordinance No. 16116, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the Jefferson Sales Tax District, as defined in section 2721.4 of title 33 of the Louisiana Revised Statutes of 1950, as amended (R.S. 33:2721.4), and the levy of such tax shall be as follows:

(1) At the rate of one (1) percent of the cost price of each item or article of tangible personal property when sold at retail in this district; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the parish, and to include each and every retail sale;

(2) At the rate of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed or stored for use or consumption in this parish; provided there shall be no duplication of the tax;

(3) At the rate of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined in R.S. 33:2721.4, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business;

(4) At the rate of one (1) percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property;

(5) At the rate of one (1) percent of the gross proceeds derived from the sale of services as defined in R.S.

33:2721.4, as amended.

(b) *Integrated bracket schedule*. The following integrated bracket schedule prescribed by the state collector of revenue by orders issued pursuant to section 304 of title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304) is hereby established for the purpose of tax collection within the meaning of this section, the schedule being in part as follows:

| Amount Subject to Tax | Tax to be Collected |
|---|---|
| $0.00 to 0.06 | $0.00 |
| 0.07 to 0.18 | 0.01 |
| 0.19 to 0.31 | 0.02 |
| 0.32 to 0.43 | 0.03 |
| 0.44 to 0.56 | 0.04 |
| 0.57 to 0.68 | 0.05 |
| 0.69 to 0.81 | 0.06 |
| 0.82 to 0.93 | 0.07 |
| 0.94 to 1.06 | 0.08 |

For each additional $1.00 add $0.08 tax

The foregoing schedule reflects the taxes to be collected on behalf of the state at the rate of four (4) percent; on behalf of the parish, at the rate of one (1) percent, pursuant to the authority of Act No. 188 of the Louisiana Legislature of 1954 and a special election held in the parish on October 5, 1954; and at the rate of one-half of one (0.5) percent, pursuant to the authority of Act No, 29 of the Extraordinary Session of the Legislature of Louisiana for the year 1964 and a special election held in the parish on May 3, 1966; and on behalf of the parish school board at the rate of one-half of one (0.5) percent, pursuant to the authority of the aforesaid Act No. 29 and a special election held in the parish on May 3, 1966; and on behalf of the parish school board at the rate of one-half of one (0.5) percent, pursuant to the authorities of article 6, section 29, Constitution of the State of Louisiana of 1974, and a special election held in the parish on June 28, 1980; and on behalf of the parish at the rate of one-half of one (0.5) percent, pursuant to the authorities of article 6, section 29, Constitution of the State of Louisiana of 1974, and a special election held in the parish on January 17, 1981; and on behalf of the Jefferson Sales Tax District, at the rate of one (1) percent pursuant to the authorities of article 6, section 29, Constitution of the State of Louisiana of 1974, and L.R.S. 33:2721.4, and a special election held in the Jefferson Sales Tax District on June 9, 1984.

(c) *Assessment, collection, payment and enforcement*. In order to provide for the assessment, collection, payment and enforcement of the tax herein levied, the provisions set forth in this article providing for the levy of the aforesaid one (1) percent sales and use tax in the parish, are hereby adopted and made a part of this section by reference thereto as if set forth in full herein, insofar as said provisions relate to the procedure for the assessment, collection, payment and enforcement of sales and use taxes in the parish.

(d) *Collection*. The sheriff is authorized, empowered and directed to collect the tax herein levied and in so doing to follow the procedures set forth in this article relative to the assessment, collection, payment and enforcement of sales and use taxes in the parish.

(e) *Fund*. All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of this parish council under any provision of this section, or any ordinance supplementary thereto or amendatory thereof, shall be promptly deposited by the department of finance in a special fund designated "Sales Tax Fund of 1984," which fund shall be a separate bank account

established and maintained with the regularly designated fiscal agent or agents of the district and the moneys placed therein to the credit of the district shall be available for appropriation and expenditure by this parish council solely for the purposes designated in the proposition authorizing the levy of the tax, which proposition is hereinbefore set forth in the preamble of Ordinance No. 16116.

(f) *Expiration.* The tax levied by this section shall not be collected after the completion of the Jefferson Parish Sewerage Capital Program or the payment of all obligations incurred in connection with the issuance of bonds for that purpose, whichever event occurs later, all as provided in the proposition authorizing the levying of the tax.

(g) *Supplemental to other taxes.* The tax herein levied is declared to be supplemental and in addition to all other taxes levied by and under the authority of the parish council of any kind or nature.

(Ord. No. 16116, §§ 1—7)

Secs. 35-25—35-31. - Reserved.

**Note—** See the editor's note at § 35-16.

Sec. 35-32. - Delinquent taxes.

(a) If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, there shall be collected, with the tax, interest upon the unpaid amount, at the rate of twelve (12) percent per annum or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid. If the term for which interest is to be charged exceeds four (4) years, the rate of interest for the period in excess of four (4) years shall be six (6) percent per annum.

(b) If the taxpayer fails to file a return by the time it is due, there shall also be collected, in addition to any other penalties or interest, a specific penalty in the amount of five (5) percent of the tax, if the failure is for not more than thirty (30) days, with an additional five (5) percent for each additional thirty (30) days or fraction thereof during which the failure continues, not to exceed twenty-five (25) percent of the tax in the aggregate. This penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(c) If any matter is turned over to an attorney for collection, then there shall be an additional penalty of ten (10) percent of the aggregate amount of tax, penalty and interest, which penalty shall be payable to the attorney.

(d) All penalties and interest imposed by this article shall be payable to and recoverable by the parish in the same manner as if they were part of the tax imposed. If the failure to pay the tax when due is explained to the satisfaction of the sheriff, he may remit or waive payment of the whole or any part of any penalty, but he may not remit or waive payment of any interest payment.

(Code 1961, § 16-15)

Secs. 35-33—35-64. - Reserved.

**Note—** See the editor's note at § 35-16.

Sec. 35-65. - Records to be kept by sheriff.

The sheriff shall keep a record of all of his official acts and shall preserve the copies of all rules, decisions and orders made by him. He shall also keep an accurate record showing the name of remitter, amount and type of all taxes paid to him, reports filed with him, and such other records as are necessary to the proper administration and execution of this article.

(Code 1961, § 16-47)

Sec. 35-66. - Copies of official acts of sheriff; authentication; evidence; fee.

Copies of any rule, decision, or order of the sheriff, and of any paper or report tiled in any office maintained by him in the administration of this article, may be authenticated under his signature, and when so authenticated, shall be evidence in all courts of this state, with the same force and weight as the originals thereof. For authenticating any such copy, the sheriff may charge a fee of one dollar ($1.00) which must be deposited to the operating account of his department.

(Code 1961, § 16-48)

Sec. 35-67. - Records and files of sheriff confidential; construction.

(a) The records and files of the sheriff respecting the administration of this article, shall be considered confidential and privileged, and neither the sheriff nor any employee engaged in the administration thereof, or charged with the custody of any such records or files, shall divulge or disclose, except for the administration and enforcement of this article, any information obtained from such records or files or from any examination or inspection of the premises or property of any person. Neither the sheriff nor any employee engaged in the administration or charged with the custody of any such records or files, shall be required to produce any of them for the inspection or use in any action or proceeding except in an action or proceeding under the provisions of this article.

(b) Nothing contained herein shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representative of a copy of any return or report or any other paper filed by him pursuant to the provisions of this article;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3) The inspection by attorney general or other legal representative of the state or the parish, of the returns, reports, or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article, or against whom an action or proceeding has been instituted in accordance with the provisions thereof;

(4) The furnishing, in the discretion of the sheriff, of any information disclosed by the records or files to any official person or body of any other taxing jurisdiction, who shall be concerned with the administration of any similar tax;

(5) Any one requesting the following information:

a. The name and address of any person who has applied for sales tax registration certificate(s);

b. The information on the face of the sales tax certificate(s); and/or

    c.  The name and address of the particular person to whom the sales tax certificate(s) is issued.

(Code 1961, 16-49; Ord, No. 18261, § 1, 4-24-91)

Sec. 35-68. - Preservation and destruction of returns and reports.

All returns or reports filed with the parish pursuant to the provisions of this article shall be preserved for three (3) years and thereafter may be destroyed by order of the sheriff.

(Code 1961, § 16-50)

Sec. 35-69. - Extensions at discretion of sheriff.

Upon the written request of the taxpayer and for good cause shown, the sheriff may grant reasonable extensions of time for the filing of returns and payment of tax due-under this article; provided that such extensions of time shall not exceed thirty (30) calendar days. Whenever such an extension is granted, the return or tax for which the extension is granted shall not become delinquent until the expiration of the extension period; but interest will accrue on the tax during the period of the extension, such interest to be computed in all cases from the date the tax would have become delinquent in the absence of an extension.

(Code 1961, § 16-51)

Sec. 35-70. - Bond may be required of taxpayer.

The parish may require a bond or other security satisfactory to the sheriff for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article, when he shall find that the collection thereof may be prejudiced without such security.

(Code 1961, 16-52)

Sec. 35-71. - Optional exclusions and exemptions.

    (a)  In accordance with LSA-R.S. 47:337.10(1), for purposes of the imposition of the sales and use tax levied by the Parish of Jefferson, the cost price of machinery and equipment used by a manufacturer in a plant facility predominately and directly in the actual manufacturing for agricultural purposes or the actual manufacturing process of an item of tangible personal property, which is for ultimate sale to another and not for internal use, at one (1) or more fixed locations within Jefferson Parish, the cost price shall be reduced by one hundred (100) percent beginning January 1, 2006.

    (b)  The tax imposed by this article shall not apply to the sale of materials and supplies which qualify for an exclusion and exemption under LSA-R.S. 47:305.20 when sold to a Louisiana Commercial Fisherman who qualifies as such under applicable state law and who complies with certification procedures developed by the Jefferson Parish Sheriff as tax collector for Jefferson Parish.

(Ord. No. 22572, § 2, 8-10-05; Ord. No. 22778, § 3, 6-28-06; Ord. No. 23893, § 1, 9-22-10)

Secs. 35-72—35-86. - Reserved.

ARTICLE III. - CITY OF LAFAYETTE SALES AND USE TAX*

DIVISION 1. - GENERALLY

Sec. 82-61. - Definitions.

The following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and range products, and livestock and livestock products.

*Business* includes any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit or advantage, either direct or indirect. The term "business" shall not be construed to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

*City.*

(1) When referring to territorial applicability, the term "city" means the geographical area of the city.

(2) When referring to an administrative agency or governmental body, the term "city" means the city-parish consolidated government.

*Cost price* means the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges or any other expenses whatsoever.

;footrule;

**\*Editor's note—**The preamble and enacting clause to Ord. No. 593 of the city, from which this article was derived, reads as follows:

"WHEREAS, under the provisions of Sub-Part D, Part I, Chapter 6, Title 33 of the Louisiana Revised Statutes of 1950 (R.S. 33:2711 et seq.), the City of Lafayette, State of Louisiana (hereinafter sometimes referred to as the `City') is authorized to levy and collect within the City a tax of one percent (1%) upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services as defined in Sections 301 to 317, inclusive, of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:301—47:317); and

"WHEREAS, pursuant to the requirements of Section 2712 of Title 33, of the Louisiana Revised Statutes of 1950, and other constitutional and statutory authority supplemental thereto, a special election was held in the City on May 13, 1961, to authorize the levy and collection of said tax, and the proposition which was submitted at said election and duly approved by a majority of the qualified electors voting in said election, was as follows:

`Shall the City of Lafayette, State of Louisiana, under the provisions of Sub-Part D, Part I, Chapter 6, Title 33, of the Louisiana Revised Statutes of 1950 (R.S. 33:2711 et seq.), be authorized to levy and collect a tax of one percent (1%) per annum upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in said City, as defined in R.S. 47:301 to 47:317, inclusive, with the revenues derived from said sales and use tax to be dedicated and used for the purposes of opening, constructing, paving, resurfacing and improving streets, sidewalks and bridges; constructing and purchasing street lighting facilities; constructing and improving drains, drainage canals and sub-surface drainage; constructing and purchasing fire

department stations and equipment; constructing and purchasing police department stations and equipment; constructing and purchasing garbage disposal and health and sanitation equipment and facilities; constructing public buildings; purchasing, constructing and improving public parks and recreational facilities and acquiring the necessary equipment and furnishings therefor; purchasing equipment for civil defense; constructing, acquiring or improving any work of permanent public improvement; and purchasing and acquiring all equipment and furnishings for the public works, building, improvements and facilities in the City of Lafayette, Louisiana, or for any one or more of said purposes, title to which shall be in the public?'; and

"WHEREAS, in compliance with the aforesaid Statutes and said election of May 13, 1961, it is the desire of this Board of Trustees to levy said tax and provide for the collection thereof and other matters in connection therewith as hereinafter provided in this ordinance;

"NOW, THEREFORE, BE IT ORDAINED by the Board of Trustees of the City of Lafayette, State of Louisiana, acting as the governing authority of said city, that:"

**Charter reference—** Sales and use taxes, § 2-17(D).

**State Law reference—** Local sales and use taxes, R.S. 33:2711 et seq.; state sales and use taxes, R.S. 47:301 et seq.

*Dealer* includes every person who:

(1) Manufactures or produces tangible personal property for sale at retail, for use or consumption, or distribution, or for storage to be used or consumed in the city;

(2) Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or for storage to be used or consumed in the city;

(3) Sells at retail, or offers to sell at retail, or has in his possession for sale at retail, or for use or consumption, or distribution, or storage to be used or consumed in the city, tangible personal property;

(4) Has sold at retail, or used or consumed, or distributed or stored for use or consumption in the city, tangible personal property and who cannot prove that the tax levied by this article has paid on the sale at retail, the use, the consumption, the distribution, or the storage of such tangible personal property;

(5) Leases or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

(6) Is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

(7) Sells or furnishes any of the services subject to tax under this article;

(8) Purchases or receives any of the services subject to tax under this article; or

(9) Is engaging in business in the city.

*Director of administration* and *director of administration of the city* mean the director of the administrative services department.

*Distraint* and *distrain* mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this article.

*Engaging in business in the city* includes any of the following methods of transacting business: maintaining directly, indirectly or through a subsidiary an office, distribution house, sales house, warehouse or other place of business or by having an agent, salesman, solicitor or employee operating within the city under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor or employee is located in the city permanently or temporarily, or whether such seller or subsidiary is qualified to do business in the city; or by having within the city any choses in or causes of action, or any property, or any liens on property, or any indebtedness due it in the city, protected by the laws and courts of the city.

*Gross sales* means the sum total of all sales of tangible personal property, as provided and defined in this section, and sales of services, without any deductions whatsoever of any kind or character, except as provided in this article.

*Hotel* means any establishment engaged in the business of furnishing sleeping rooms primarily to transient guests where such establishment consists of ten or more guestrooms under a single roof.

*Lease* and *rental* mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.

*New article* means the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it is a used article or not, shall be subject to the tax.

*Person* includes any individual, firm, copartnership, joint venture, association, corporation, cooperative, estate, trust, business trust, receiver or syndicate, any parish, city, municipality or public board, public commission or public or semipublic corporation, district or instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

*Purchaser* means any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to tax under this article.

*Retail sale* and *sale at retail* mean a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property and a sale of services, as set forth in this article, and shall mean and include all such transactions as the director of administration, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations issued by the director of administration. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for payment of the tax. The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business.

*Retailer* means every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in the city, or any person rendering service taxable under this article.

*Sale* means any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale. The term "sale" shall also include the sales of services, which means the following:

 (1) The furnishing of rooms by hotels and tourist camps.

(2)  The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, universities, and recreational events, and the furnishing, for dues, fees or other consideration, of the privilege to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational

(3)  The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks.

(4)  The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services or reproducing written or graphic matter.

(5)  The furnishing of laundry, cleaning, pressing and dyeing services, including, by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs.

(6)  The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities.

(7)  The furnishing of repairs to tangible personal property, including, by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes, and office appliances and equipment.

*Sales price* means the total amount for which tangible personal property is sold, including any services, except services for financing that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six percent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

*Storage* means any keeping or retention in the city of tangible personal property for use or consumption in the city or for any purpose other than for sale at retail in the regular course of business.

*Tangible personal property* means personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.

*Tourist camp* means any establishment engaged in the business of furnishing rooms, cottages or cabins to tourists or other transient guests, where the number of guestrooms, cottages or cabins at a single location is six or more.

*Use* means the exercise of any rights of power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

*Use tax* includes the use, the consumption, the distribution and the storage for use or consumption, as defined in this section.

(City Code 1965, § 21-16)

**Cross reference—** Definitions generally, § 1-2.

**State Law reference—** Definitions applicable to state sales tax, R.S. 47:301.

Sec. 82-62. - Alternative remedies to remain effective.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the city-parish consolidated council of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax levied in this article or in any other law, nor shall this article be construed as repealing or altering any such laws or ordinance.

(City Code 1965, § 21-17)

Sec. 82-63. - Disposition of proceeds and revenue.

    (a)  All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the director of administration, or his agents or representatives, under any provision of this article shall be promptly deposited for the account of the city in a special fund designated "city sales tax fund," which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the city; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate bank account established by the director of administration with the fiscal agent pending the final determination of the protest or litigation.

    (b)  Out of the funds on deposit in the city sales tax fund, the director of administration shall first pay all reasonable and necessary costs and expenses of collecting the tax levied by this article and administering the provisions of this article as well as the various administrative procedures established in this article. Such costs and expenses shall be reported by the director of administration annually, or more frequently in his discretion, to the city-parish consolidated council. After all reasonable and necessary costs and expenses of collection and administration of the tax have been paid during each month, any remaining balance in the city sales tax fund shall be available for appropriation and expenditure by the city-parish consolidated council for the purposes designated in the proposition authorizing the levy of the tax, such proposition being set forth in the preamble to Ordinance No. 593 of the city, and having been approved by a majority of the qualified electors of the city voting at a special election held therein on May 13, 1961.

(City Code 1965, § 21-18)

Sec. 82-64. - Appropriations for costs of administration and enforcement.

The cost of preparing and distributing the report forms and paraphernalia for the collection of the tax levied by this article, and of the inspection and enforcement duties required in this article, shall be borne out of appropriations by the city-parish consolidated council as provided in section 82-63(b).

(City Code 1965, § 21-19)

Sec. 82-65. - Collector for sales tax division.

There is hereby created and established, as an administrative assistant to the director of administration, an official to be known and designated as "collector for sales tax division," and the person who shall serve in this capacity shall be appointed by the director of administration and shall serve under his direct supervision. The director of administration is hereby empowered and authorized to delegate to the collector such duties, powers, rights and authority appropriate

in connection with the levy, collection and administration of the tax levied by this article, and in these instances the action of the collector shall be valid and legally binding as though the action had been taken and performed by the director of administration.

(City Code 1965, § 21-20)

Sec. 82-66. - Authority to prescribe additional regulations.

(a) The director of administration is hereby authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary, subject to the action of the city-parish consolidated council.

(b) The director of administration shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(City Code 1965, § 21-21)

Sec. 82-67. - Preparation and distribution of forms.

The director of administration shall design, prepare, print and furnish to all dealers, or make available to dealers, all necessary forms for filing returns, and instructions to ensure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of taxes at the time and in the manner provided in this article.

(City Code 1965, § 21-22)

Sec. 82-68. - Authority to receive written oaths.

It shall be lawful for the director of administration, or any deputy by him duly designated, to receive the written oath of any person signing any application, deposition, statement or report required by the director of administration in the administration of this article.

(City Code 1965, § 21-23)

Sec. 82-69. - Authority to conduct hearings and examinations.

The director of administration, or any deputy by him duly designated, may conduct hearings, and may have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within 14 days after requested by the director of administration in writing.

(City Code 1965, § 21-24)

Sec. 82-70. - Service of notices to dealers.

Any notice required to be given by the director of administration pursuant to this article may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(City Code 1965, § 21-25)

Sec. 82-71. - Violations; penalty.

For any one of the following violations, in addition to being liable for the other penalties provided in this article, the party named shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than $100.00 or imprisonment in jail for not more than three months, or both, in the discretion of the court:

(1) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under this article and who fails, neglects and refuses to file a return thereof with the director of administration and pay the tax imposed thereon, within the time stated after such sale is made;

(2) Any dealer who shall fail, neglect or refuse to collect the tax as provided in this article, whether by himself or through his agents or employees;

(3) Any dealer violating the provisions of sections 82-154 and 82-155;

(4) Any dealer who fails to permit an inspection of records by the director of administration as provided in section 82-191;

(5) Any wholesale dealer or jobber in the city who fails to keep records or fails to permit an inspection thereof by the director of administration as provided in section 82-192;

(6) Any dealer, wholesale dealer or jobber who violates the provisions of sections 82-135 and 82-136;

(7) Any dealer who violates the provisions of section 82-191(b);

(8) Any dealer failing or refusing to furnish any return as provided in sections 82-144 through 82-149, or failing or refusing to furnish a supplemental return or other data required by the director of administration;

(9) Any dealer required to make, render, sign or verify any return, as provided in sections 82-144 through 82-149, who makes a false or fraudulent return, with intent to evade a tax levied by this article;

(10) The president, executive officers, managers and directors of any corporation who shall violate the provisions of section 82-168; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(11) Any person who shall violate any other provisions of this article, punishment for which is not otherwise provided in this article.

(City Code 1965, § 21-92)

Secs. 82-72—82-90. - Reserved.

DIVISION 2. - IMPOSITION OF TAX

Footnotes:

--- **(2)** ---

**State Law reference—** *Authority to impose sales tax, R.S. 33:2711.*

Sec. 82-91. - Levy.

There is hereby levied from and after July 1, 1961, for the purposes stated in the proposition set forth in the preamble to Ordinance No. 593 of the city, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within the city, as defined in this article (sometimes referred to in this article as the "tax"), and the levy of such tax shall be as follows:

(1) At the rate of one percent of the cost price of each item or article of tangible personal property when sold at retail in the city, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the city, and to include each and every retail sale.

(2) At the rate of one percent of the cost price of each item or article of tangible personal property when the item or article is not sold, but is used, consumed, distributed or stored for use or consumption in the city; provided there shall be no duplication of the tax.

(3) At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined in this article, where the lease or rental of such property is an established business or part of an established business or the lease or rental is incidental or germane to the business.

　a. Sales or use tax paid to the city on the purchase of new motor trucks and new motor tractors licensed and registered for 12,000 pounds or more under the provisions of this article, and new trailers and new semitrailers licensed and registered for 16,000 pounds or more under the provisions of this article, for rental may be deducted as a credit against the tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has been exceeded. Sales taxes paid to another city on the purchase price of property is not deductible from the tax subsequently due on the rental of such property in this city. Property imported by the lessee for use in this city that has been previously used by him in another city is not subject to any tax on the value when imported, but is only subject to the tax that applies on rental payments.

　b. Any sales tax paid on any maintenance or operation expense of rental business is not deductible as a credit against the tax due on rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

　c. If the tax on rental income fails to exceed the credits for sales or use tax paid, no refund is due the purchaser.

　d. A Louisiana dealer who ordinarily purchases personal property for sale and who withdraws a piece of property from stock for rental is not liable for a sales or use tax on the purchase price of the property when withdrawn from stock. Such person is liable only for the tax applicable on the rental income.

(4) At the rate of one percent of the monthly lease or rental price paid by a lessee or rentee, or contracted or agreed to be paid by a lessee or rentee, to the owner of the tangible personal property.

(5) At the rate of one percent of the gross proceeds derived from the sale of service, as defined in this article.

(City Code 1965, § 21-31)

Sec. 82-92. - Tax additional to other taxes.

(a) The tax levied in this article is declared to be supplemental and in addition to all other taxes levied by and under the authority of the city-parish consolidated council of any kind or nature.

(b) The tax so levied is and shall be in addition to all other taxes, whether levied in the form of excise or license, privilege or property taxes, levied by any other ordinance or resolution of the city-parish consolidated council.

(City Code 1965, § 21-32)

Sec. 82-93. - Integrated bracket schedule adopted.

(a) The integrated bracket schedule prescribed by the collector of revenue of the state by order issued pursuant to R.S. 47:304 is established for the purpose of tax collection within the meaning of this article, such schedule in part being as follows:

| Amount Subject to Tax | Tax to be Collected |
| --- | --- |
| $0.01 to $0.12 | $0.00 |
| 0.13 to 0.42 | 0.01 |
| 0.43 to 0.82 | 0.02 |
| 0.83 to 1.12 | 0.03 |

(b) On sales above $1.00, the tax shall be $0.03 on each full dollar, plus the rates set out in subsection (a) of this section on a fractional part of a dollar.

(City Code 1965, § 21-33)

Secs. 82-94—82-110. - Reserved.

DIVISION 3. - EXEMPTIONS AND EXCLUSIONS

> *Footnotes:*
>
> --- ***(3)*** ---
>
> **State Law reference—** *Exemptions from local sales taxes, R.S. 33:2716.1, 33:2717, 47:302(D), (E), 47:305 et seq.*

Sec. 82-111. - Generally.

The taxes imposed by this article shall not apply to transactions including the following tangible personal property:

(1) Where a part of the purchase price is represented by an article traded in, the sales tax is payable on the total purchase price, less the market value of the article traded in. The taxes imposed by this article shall apply to the following: sales of used articles taken in trade, or a series of trades, as a credit or part payment on the sale of a new article, provided the tax levied by this article is paid on the full gross sales

of the new article. Interpreting this provision, the term "new article" means the original stock in trade of the dealer, and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subjected to the tax.

(2) The sale at retail, the use, the consumption, the distribution and the storage to be used or consumed in the city of the following tangible personal property is hereby specifically exempted from the tax imposed by this article: gasoline; steam; water (not included is mineral water or carbonated water, or any water put up in bottles, jugs or containers, all of which are not exempted); electric power or energy; newspapers; fertilizer and containers used for farm products, when sold directly to the farmer; natural gas; and new automobiles withdrawn from stock by factory-authorized new automobile dealers, with the approval of the collector of revenue of the state and titled in the dealer's name for use as demonstrators.

(3) The tax shall not apply to ship chandlers' supplies sold in the city for use or consumption in coastwise and foreign maritime commerce and materials sold or used in the repair of vessels engaged in coastwise and foreign maritime commerce.

(4) The tax shall not apply to the gross proceeds derived from the sale in the city of livestock, poultry and farm products direct from the farm if such sales are made directly by the producers. When sales of livestock, poultry and other farm products are made to consumers by any person other than the producer, they are not exempted from the tax imposed by this article; provided, however, that each and every agricultural commodity sold by any person, other than a producer, to any other person, civil or natural, who purchases not for direct consumption but for the purpose of acquiring raw products for the use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade shall be exempted from any and all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer or any other utilization of such article, or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one tax be exacted.

(5) The use tax shall not apply to livestock and livestock products, to poultry and poultry products, or to farm, range and agricultural products when produced by the farmer and used by him and members of his family.

(6) The tax shall not apply to the sale at retail of seeds for use in planting of any kind of crops.

(7) The sales tax imposed shall not apply to the sale of admission tickets by Little Theater organizations.

(8) The sales and use taxes imposed shall not apply to the amount paid by the operator of a motion picture theater to a distributing agency for use of films or photoplays.

(9) The tax imposed shall not apply to sale at retail of pesticides used for agricultural purposes, including particularly, but not by way of limitation, insecticides, herbicides and fungicides.

(10) The sales tax imposed shall not apply to the sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit organization known as a symphony organization or as a society or organization engaged in the presentation of musical performances; provided that this subsection shall not apply to performances given by out-of-city or nonresident symphony companies, nor shall this subsection apply to any performance intended to yield a profit to the promoters thereof.

(City Code 1965, § 21-34)

Sec. 82-112. - Scope of tax; tax paid in other jurisdiction.

(a) It is not the intention of this article to levy a tax upon articles of tangible personal property imported into the cit produced or manufactured in the city for export; nor is it the intention of this article to levy a tax on bona fide interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the use, the consumption, the distribution and the storage to be used or consumed in the city of tangible personal property, has come to rest in the city and has become a part of the mass of property in the city.

(b) The provisions of this article shall not apply in respect to the use or consumption, distribution or storage of tangible personal property for use or consumption in the city upon which a like tax equal to, or greater than, the amount imposed by this article has been paid in another city, the proof of the payment of such tax to be according to rules and regulations made by the collector of revenue of the state. If the amount of tax paid in another city is not equal to, or greater than, the amount of tax imposed by this article, then the dealer shall pay an amount sufficient to make the tax paid in the other city, and in this city, equal to the amount imposed by this article.

(City Code 1965, § 21-35)

Sec. 82-113. - Transactions outside city.

In compliance with R.S. 33:2716, it is not the intention of this article to levy a tax on the sale of any goods or tangible personal property delivered or services performed outside the territorial limits of the city.

(City Code 1965, § 21-36)

Sec. 82-114. - Sales and services contracted for prior to effective date of tax.

(a) In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to May 31, 1961, and containing the sale price, and delivery is made after May 31, 1961, and such sale is taxable under this article, the seller shall add the tax imposed by this article to the sales price, and collect it from the buyer.

(b) The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable under this article are contracted for before May 31, 1961, but are actually furnished after that date.

(c) The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the city prior to May 31, 1961, if the tangible personal property is actually used or consumed by the person who imported and stored the tangible property.

(City Code 1965, § 21-37)

Secs. 82-115—82-130. - Reserved.

DIVISION 4. - COLLECTION

Sec. 82-131. - Generally.

The tax imposed by this article shall be collected from the dealer and paid at the time and in the manner provided in this article.

(City Code 1965, § 21-43)

Sec. 82-132. - Collection authority.

The collection of the tax levied in this article shall be made in the name of the city by the director of administration.

(City Code 1965, § 21-44)

Sec. 82-133. - Collection by dealer from purchaser or consumer.

The tax levied in this article shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 82-137. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property or charges for services, and payable at the time of the sale; provided, however, that the city shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(City Code 1965, § 21-45)

Sec. 82-134. - Sales by dealers outside city for use or consumption in city.

Every dealer located outside the city making sales of tangible personal property for distribution, storage, use or other consumption in the city shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(City Code 1965, § 21-46)

Sec. 82-135. - Registration of dealers; certificate of authority to collect tax.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article, on or before July 1, 1961, or in the case of dealers commencing business after July 1, 1961, or opening new places of business after such date, within three days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the director of administration a certificate of registration in a form prescribed by him. The director of administration shall, within five days after such registration, issue without charge to each dealer who purchases or imports for resale a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates thereof for each additional place of business to which it is applicable. Such certificate of authority shall be prominently displayed in the place of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the director of administration upon the dealer ceasing to do business at the place therein named.

(City Code 1965, § 21-47)

Sec. 82-136. - Collection of tax by wholesalers when purchaser does not have certificate.

A wholesale dealer or jobber shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided,

however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty imposed in this article upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the city the tax imposed in this article.

(City Code 1965, § 21-48)

Sec. 82-137. - Collection of tax on vehicles.

    (a)   *Invoices; report of sales.* With respect to sales of automobiles and all kinds of motor vehicles that are subject to tax by this article, it shall be the duty of the dealer to give to the purchaser, at the time of the sale, an invoice signed by the dealer, showing the serial number, motor number, type and model of the motor vehicle, and whether or not the tax, if any, imposed by this article has been paid. If no tax is due under this article, for any reason, the dealer shall state the reason on the invoice. Each dealer is required to file a copy of all such invoices with the director of administration. These invoices shall be in numerical order, and if an invoice is spoiled or cancelled it must be filed with a statement as to the reason for its spoiling or cancellation. The director of administration, if deemed necessary, may by rules and regulations require all dealers engaged in selling automobiles and motor vehicles of all kinds to make a report every 15 days showing all sales of automobiles and other motor vehicles which are not subject to tax, giving the name and address of each purchaser and a description, including serial number, motor number, type and model, of each automobile or motor vehicle that has been sold during the period covered by the report.

    (b)   *Applicability.* The tax imposed under this article shall be collectible from all persons engaged as dealers. On all tangible personal property imported, or caused to be imported, from other states, cities or parishes, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same if the articles had been sold at retail for use or consumption in this city. For the purpose of this article, the use or consumption, or distribution, or storage to be used or consumed in this city of tangible personal property shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided in this article, provided there shall be no duplication of the tax in any event.

    (c)   *Collection by state collector of revenue.* The tax imposed by this article on the sale or use of any motor vehicle, automobile, motorcycle, truck, truck tractor, trailer, semitrailer, motorbus, house trailer or other vehicle subject to the vehicle registration license tax shall be collected as provided in this subsection.

        (1)   The tax levied by this article on any such vehicle shall be paid to the collector of revenue or the state at the time of application for a certificate of title or vehicle registration license, and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

           a.   The tax levied by this article on the sale of any such vehicle shall be due at the time registration or any transfer of registration is required by the vehicle registration license tax law.

           b.   The tax levied by this article on the use of any such vehicle in the city shall be due at the time first registration in this state is required by the vehicle registration license tax law.

        (2)   Every vendor of such a vehicle shall furnish to the purchaser, at the time of sale, a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sale price, any allowance for and a description of any vehicle taken in trade, and the total cash difference paid, or to

be paid, by the purchaser, between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as the collector may, by regulation, require. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this subsection to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has heretofore been taxable, and this subsection is not to be construed as so doing. It is the intention of this subsection to transfer the collection of the sales and use tax on vehicles from the vendor to the collector of revenue of the state, and to provide a method of collection of the tax directly from the vendee or user by the collector of revenue. The collector of revenue of the state and the city-parish consolidated council are authorized to enter into an agreement by which the collector of revenue of the state may collect the tax on behalf of the city.

(City Code 1965, § 21-49)

Sec. 82-138. - Tax to constitute part of purchase price.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the director of administration, to the sale price or charge, and, when added, such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer until paid and shall be recoverable at law in the same manner as other debts.

(City Code 1965, § 21-50)

Sec. 82-139. - Offering to absorb tax; tax to be separately stated.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(City Code 1965, § 21-51)

Sec. 82-140. - Collections in excess of one percent.

Where the tax collected for any period is in excess of one percent, the total collected must be paid over to the director of administration less the commission to be allowed the dealer as set forth in this article.

(City Code 1965, § 21-52)

Sec. 82-141. - Payment by purchaser when dealer fails to collect tax.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the city, and it shall be the duty of this purchaser to file a return thereof with the director of administration and to pay the tax imposed thereon to the city within 15 days after such sale was made or rendered.

(City Code 1965, § 21-53)

Sec. 82-142. - Compensation of dealers for collecting tax.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two percent of the amount of tax due and accounted for and remitted to the director of administration in the form of a deduction in submitting his report and paying the amount due by him, if the amount due was not delinquent at the time of payment.

(City Code 1965, § 21-54)

Sec. 82-143. - Collection of tax from dealers; tax on imported property used by dealer; credit for tax paid to other jurisdiction.

    (a)  The tax imposed by this article shall be collectible by the director of administration from all persons engaged as dealers.

    (b)  On all tangible personal property imported, or caused to be imported, from other states or foreign countries, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the articles had been sold at retail for use or consumption in this city. For the purposes of this section, the use or consumption, or distribution, or storage to be used or consumed in this city of tangible personal property shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided in this article, provided there shall be no duplication of the tax in any event. A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city. The credit provided in this subsection shall be granted only in the case where the city to which a similar tax has been paid grants a similar credit as provided in this subsection. The proof of payment of a similar tax to another city shall be made according to rules and regulations promulgated by the director of administration. In no event shall the credit be greater than the tax imposed by this article upon the particular tangible personal property which is the subject of the city use tax.

(City Code 1965, § 21-55)

Sec. 82-144. - Due date for tax payments.

The taxes levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(City Code 1965, § 21-56)

Sec. 82-145. - Returns required; filing of returns.

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers, on or before the 20th day of the month following the month to transmit to the director of administration, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month. The returns shall show such further information as the director of administration may require to enable him to correctly compute and collect the tax levied in this article. Such returns shall be signed by the dealer filing the return, and his signature thereon shall constitute a warranty on the part of the dealer that he has read

and examined the returns and that, to the best of his knowledge and belief, the returns are true, correct and complete. Every dealer, at the time of making the return required under this section, shall compute and remit to the city the required tax due for the preceding calendar month.

(City Code 1965, § 21-57)

Sec. 82-146. - Tax to be remitted with return; form of remittance.

(a) At the time of transmitting the return required under this article to the director of administration, the dealer shall remit to the city therewith the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause the tax to become delinquent.

(b) All taxes, interest and penalties imposed under this article shall be paid to the city in the form of remittance required by the director of administration.

(City Code 1965, § 21-58)

Sec. 82-147. - Report of proceeds from rentals or leases.

Gross proceeds from rentals or leases of tangible personal property, where the lease or rental is part of a regularly established business or the lease or rental is incidental or germane thereto, shall be reported, and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the director of administration may prescribe.

(City Code 1965, § 21-59)

Sec. 82-148. - Extension of time for filing returns.

The director of administration, for good cause, may extend for not to exceed 30 days the time for making any returns required under the provisions of this article.

(City Code 1965, § 21-60)

Sec. 82-149. - Dealers declared agents of city.

For the purpose of collecting and remitting to the city the tax imposed by this article, the dealer is hereby declared to be the agent of the city.

(City Code 1965, § 21-61)

Sec. 82-150. - Property presumed subject to tax.

For the purpose of the enforcement of this article and the collection of the tax levied under this article, it is presumed that all tangible personal property subject to the provisions of this article imported into the city or held in the city by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the city, or leased or rented within the city, and is subject to the tax levied in this article; provided that such presumption shall be prima facie only and subject to proof furnished to the director of administration.

(City Code 1965, § 21-71)

Sec. 82-151. - Failure to pay tax deemed delinquency; judgment prohibiting doing business.

Failure to pay any tax due as provided in this article shall, ipso facto, without demand or putting in default, cause the tax, interest, penalties and costs to become immediately delinquent, and the city is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two or more than ten days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why the dealer should not be ordered to cease from further pursuit of business as a dealer, and in case such rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the city, prohibiting such dealer from the further pursuit of the business until such time as he has paid the delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(City Code 1965, § 21-72)

Sec. 82-152. - Interest, penalties and attorneys' fees to be added to delinquent tax.

If the amount of tax due by the dealer under this article is not paid on or before the 20th day of the month next following the month for which the tax is due, there shall be collected, with the tax, interest upon the unpaid amount, at the rate of one percent per annum, or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five percent for each 30 days, or fraction thereof, of delinquency, not to exceed 25 percent, in aggregate, of the tax due, when such tax is not paid within 30 days of the date the tax first becomes due and payable, and in the event of suit, attorneys' fees at the rate of ten percent of the aggregate of tax, interest and penalty.

(City Code 1965, § 21-73)

Sec. 82-153. - Failure to file return; false or fraudulent returns; estimation of tax by director of administration.

(a) If any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the director of administration to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the city, and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. If such estimate and assessment requires an examination of books, records or documents, or an audit thereof, then the director of administration shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the city sales tax fund in the same manner as are the taxes collected under this article.

(b) If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided in this article, a specific penalty of five percent of the tax or deficiency found to be due, or $10.00, whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(City Code 1965, § 21-74)

Sec. 82-154. - Final return of dealer selling or quitting business; purchaser of business to withhold tax from purchase price.

If any dealer liable for any tax, interest or penalty under this article shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within 15 days after the date of selling or quitting business. His successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the director of administration showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owners or assignors.

(City Code 1965, § 21-75)

Sec. 82-155. - Notice to creditors, debtors and persons holding property of delinquent dealer.

If any dealer is delinquent in the payment of the tax provided for in this article, the director of administration may give notice of the amount of such delinquency by registered mail to all persons having in their possession or under their control any credits or other personal property belonging to such dealer, or owing any debts to such dealer, at the time of receipt by them of such notice, and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property or debts until the director of administration shall have consented to a transfer or disposition, or until 30 days have elapsed from and after the receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the director of administration of any and all such credits, other personal property or debts in their possession, under their control or owing by them, as the case may be.

(City Code 1965, § 21-76)

Sec. 82-156. - Authority to determine and assess true price of imported goods.

If a dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the director of administration shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(City Code 1965, § 21-77)

Sec. 82-157. - Authority to fix and assess actual consideration for leases and rentals.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the director of administration, represent the true or actual consideration, then the director of administration is authorized to fix the true or actual consideration and collect the tax thereon in the same manner as provided in section 82-156, with interest plus penalties, if such have accrued.

(City Code 1965, § 21-78)

Sec. 82-158. - Investigation of violations; court order to compel examination of records, appearance or filing of return.

(a) If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases or rentals, or other transactions taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which the return is made, the director of administration shall give such dealer 15 days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and the director of administration may require such dealer, or the agents or employees of such dealer, to give testimony or to answer interrogatories under oath administered by the director of administration or his assistants, respecting the sale at retail, the use or consumption, or distribution, or storage for use or consumption in the city, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(b) If any dealer fails to make a return, or refuses to permit an examination of his books, records or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the director of administration may apply to any court of competent jurisdiction for an order requiring such dealer to make such return, or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon the dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(City Code 1965, § 21-79)

Sec. 82-159. - Importing property without permit; failure to pay tax on imported property.

(a) The importation into the city of tangible personal property which is subject to tax, by truck, automobile or other means of transportation other than a common carrier, without having first obtained a permit as described in section 82-221 (if the tax imposed by this article on such tangible personal property has not been paid), shall be construed as an attempt to evade payment of the tax, and such importation is hereby prohibited, and the truck, automobile or means of transportation other than a common carrier, and the taxable property, may be seized by the city in order to secure them as evidence in a trial, and they shall be subject to forfeiture and sale in the manner provided for in this article.

(b) The failure of any dealer who imports tangible personal property from outside the city into the city for use or consumption, or distribution, or storage to be used or consumed in the city, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay any tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of tax, interest, penalties and costs, which shall be sufficient grounds for attachment of such tangible personal property wherever the property may be located or found, whether the delinquent dealer be a resident or nonresident of the city, and whether the tangible personal property is in the possession of the delinquent dealer or in the

possession of another person; provided that it is the intention of this section to prevent the disposition of the tangible personal property in order to ensure payment of the tax imposed by this article, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to the city.

(c)  In addition to the penalties prescribed in this section, any person or dealer who shall violate the provisions of this section, upon conviction, shall be punished by fine in a sum of not more than $100.00 or imprisonment in jail for a period of not more than 90 days, or both, in the discretion of the court, and each importation or shipment by truck, automobile or other means of transportation, other than a common carrier, found to be in violation of the provisions of this section shall constitute a separate offense.

(City Code 1965, § 21-80)

Sec. 82-160. - Personal liability of dealers for tax, interest and penalties; collection by suit; lien.

The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person or dealer to the city recoverable in any court of competent jurisdiction in an action at law by the city. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person or dealer, whether in bankruptcy, insolvency or otherwise. The proceeds of any judgment or order obtained under this section shall be paid to the city.

(City Code 1965, § 21-81)

Sec. 82-161. - Authority to require bond or other security.

The city may require a bond or other security satisfactory to the director of administration for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(City Code 1965, § 21-82)

Sec. 82-162. - Collection when no return is filed.

If any person or dealer shall fail to make a return or report as required by this article, the director of administration, within three years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person or dealer is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due from such person or dealer, and give notice of such assessment to such person or dealer, and must make demand upon him for payment, or otherwise the claim shall prescribe.

(City Code 1965, § 21-83)

Sec. 82-163. - Examination of returns and collection of deficiencies.

After a return or report is filed under the provisions of this article, the director of administration shall cause it to be examined and make such further audit or investigation as he may deem necessary, and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional

Case 2:21-cv-02106-JTM-KWR Document 23 Filed 11/15/21 Page 294 of 1004

amount of tax, and any penalties and interest, or either of them, due from such person or dealer, and make demand upon him for payment.

(City Code 1965, § 21-84)

Sec. 82-164. - Jeopardy assessments.

If the director of administration finds that any person or dealer liable for the payment of any tax under this article designs quickly to depart from the city or to remove therefrom his property subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the director of administration may make an arbitrary assessment as provided in this article, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such dealer, together with a demand for an immediate return or report and immediate payment of such tax.

(City Code 1965, § 21-85)

Sec. 82-165. - Collection of assessments pursuant to sections 82-162—82-164.

All taxes, penalties and interest assessed pursuant to the provisions of section 82-162, 82-163 or 82-164 shall be paid within 15 days after notice and demand shall have been mailed to the dealer liable therefor by the city. If such taxes, penalties and interest so assessed shall not be paid within such 15 days, there shall be added to the amount assessed, in addition to interest as provided in this article and any other penalties provided by this article, a sum equivalent to five percent of the tax.

(City Code 1965, § 21-86)

Sec. 82-166. - Collection by distraint and sale.

If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the director of administration, or his duly authorized representative, who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(City Code 1965, § 21-87)

Sec. 82-167. - Dealer liable for uncollected taxes.

Any dealer who shall neglect, fail or refuse to collect the tax as provided in this article, upon any, every and all retail sales made by him or his agent or employee, which are subject to tax, shall be liable for and shall pay the tax himself.

(City Code 1965, § 21-88)

Sec. 82-168. - Corporations not to dissolve, merge or withdraw from state until tax paid.

No corporation organized under the laws of the state shall hereafter be dissolved or effect a merger, reorganization or consolidation under any law of the state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the city may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon the corporation in accordance with the provisions of this article shall have been fully paid.

(City Code 1965, § 21-89)

Sec. 82-169. - Liability for interest and penalties on delinquent tax.

Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid shall pay, in addition to the tax, interest on the tax at the rate specified in section 82-152, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment. In addition, such person or dealer shall pay any special penalties provided by this article.

(City Code 1965, § 21-90)

Sec. 82-170. - Penalties and interest deemed part of tax; waiver of penalties and interest.

All penalties and interest imposed by this article shall be payable to and recoverable by the city in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the director of administration, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charged in excess of the rate of one-half of one percent per month.

(City Code 1965, § 21-91)

Secs. 82-171—82-190. - Reserved.

DIVISION 5. - RECORDS AND INSPECTIONS

Sec. 82-191. - Records required to be kept by dealers; retention of records.

(a) It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of service, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due under this article, and other information as may be required by the director of administration, and it shall be the duty of every such dealer, moreover, to keep and preserve, for a period of three years, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article. All such books, invoices and other records shall be open to examination, at all reasonable hours, by the director of administration or any of his duly authorized agents.

(b) Each dealer shall secure, maintain and keep, for a period of three years, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented

within the city by the dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the director of administration for the reasonable administration of this article, and all such records shall be open for inspection to the director of administration at all reasonable hours.

(City Code 1965, §§ 21-62, 21-63)

Sec. 82-192. - Records required to be kept by wholesalers.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the city are hereby required to keep a record of all sales of tangible personal property made in the city, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the director of administration or his duly authorized assistants at all reasonable hours.

(City Code 1965, § 21-63)

Sec. 82-193. - Authority to inspect place of business, property and records; cooperation with inspector.

For the purpose of administering this article, the director of administration, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts and documents of any dealer. It shall be the duty of every dealer, and every director, official, agent or employee of every dealer, to exhibit to the director of administration or to any such employee of his department charged with the collection of the tax imposed by this article (referred to in this article as a "deputy") the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his power so to do.

(City Code 1965, § 21-64)

Sec. 82-194. - Examination of records of transportation companies.

For the purpose of enforcing the collection of the tax levied by this article, the director of administration is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in the city, whether such companies, agencies or firms conduct their business by truck, rail, water, airplane or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for the tax.

(City Code 1965, § 21-65)

Sec. 82-195. - Remedy when transportation company refuses examination of records.

If any transportation company, agency or firm shall refuse to permit examination of its books, records and other documents by the director of administration, the director of administration may proceed by rule, in term or in chambers, in any court of competent jurisdiction, and require the transportation company, agency or firm to show

cause why the director of administration should not be permitted to examine its books, records or other documents, and in case the rule is made absolute, the rule shall be considered a judgment of the court, and every violation of such judgment as a contempt thereof and punished according to law.

(City Code 1965, § 21-66)

Sec. 82-196. - Records of director of administration.

The director of administration shall keep a record of all of his official acts, and shall preserve copies of all rules, decisions and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions and orders and of any papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of $1.00, which shall be deposited in the city sales tax fund.

(City Code 1965, § 21-67)

Sec. 82-197. - Confidentiality of information.

The records and files of the director of administration respecting the administration of this article shall be considered confidential and privileged, and neither the director of administration nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the director of administration nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

   (1)  In an action or proceeding under the provisions of this article; and

   (2)  When the records or files or the facts shown thereby are directly involved in such action or proceeding.

(City Code 1965, § 21-68)

Sec. 82-198. - Permissible use of returns, reports and files.

Nothing contained in this article shall be construed to prevent:

   (1)  The delivery to a dealer or his duly authorized representative of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

   (2)  The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

   (3)  The inspection by the city-parish attorney or other legal representative of the city of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions of this article;

   (4)  The examination of the records and files by the director of administration or by his duly authorized agents; or

   (5)  The furnishing, in the discretion of the director of administration, of any information disclosed by the

records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(City Code 1965, § 21-69)

Secs. 82-199—82-220. - Reserved.

DIVISION 6. - IMPORTED GOODS

Sec. 82-221. - Permit to import goods.

In order to prevent the illegal importation into the city of tangible personal property which is subject to the tax imposed by this article, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the director of administration is hereby authorized and empowered to put into operation a system of permits whereby any person or dealer may import tangible personal property by truck, automobile or other means of transportation other than a common carrier, without having the truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person or dealer who desires to import tangible personal property into the city, which property is subject to tax imposed by this article, to apply to the director of administration or his assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the director of administration may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the director of administration.

(City Code 1965, § 21-70)

Secs. 82-222—82-240. - Reserved.

DIVISION 7. - REFUNDS, REIMBURSEMENTS AND REMEDIES OF DEALERS

Sec. 82-241. - Remedies of dealers.

(a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article. In case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the director of administration and shall give the director of administration notice, at the time, of his intention to file suit for the recovery of such amount. Upon receipt of such notice, the amount so paid shall be segregated and held by the director of administration for a period of 30 days, and if suit is filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the director of administration shall refund the amount to the claimant, with interest at the rate of two percent per annum covering the period from the date the funds were received by the city to the date of refund.

(b) This section shall afford a legal remedy and right of action in any state, city or federal court having

jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the director of administration.

(c) This section shall be construed to provide a legal remedy in the state, city or federal courts, by action at law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of Congress or the United States Constitution, or the constitution of the state, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the dealer, upon agreement to abide by the decision of the courts, may pay the additional assessment under protest, but need not file an additional suit. In such cases, the tax so paid under protest shall be segregated and held by the director of administration until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d) If any dealer shall be aggrieved by any finding or assessment of the director of administration, he may, within 30 days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the director of administration shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the director of administration to collect the tax in any manner provided in this article, unless the dealer shall furnish security of a kind and in an amount satisfactory to the director of administration. Appeals from the decision of the director of administration shall be direct to any state, city or federal court of competent jurisdiction as provided for in subsection (b) of this section.

(City Code 1965, § 21-99)

**State Law reference—** Interest on refunds, R.S. 33:2718.

Sec. 82-242. - Credit or deduction for returned goods.

If purchases are returned to the dealer by the purchaser or customer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the director of administration; and in case the tax has not been remitted by the dealer, the dealer may deduct the tax in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall not be longer than 90 days, the city, through the director of administration, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the city at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(City Code 1965, § 21-100)

Sec. 82-243. - Filing of claim for refund.

If any dealer shall have given to the director of administration notice within the time provided in section 82-242, such dealer thereafter, at any time within two years after the payment of any original or additional tax assessed against him, may file with the director of administration a claim under oath for refund, in such form as the director of administration may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the director of administration as provided in this division, or after a proceeding on appeal has been finally determined.

(City Code 1965, § 21-101)

**State Law reference—** Prescription of refunds and credits, R.S. 33:2718.1, 33:2718.4.

Sec. 82-244. - Action on claim for refund.

If, upon examination of a claim for refund filed pursuant to section 82-243, it shall be determined by the director of administration that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, the dealer shall be entitled to a refund of the tax so overpaid. If the director of administration shall reject the claim for refund in whole or in part, he shall make an order accordingly and serve notice upon such dealer.

(City Code 1965, § 21-102)

Sec. 82-245. - Refund of erroneously collected tax.

Where no question of fact or law is involved, and it appears from the records of the city that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the director of administration may, at any time within two years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund, and thereupon the director of administration shall authorize the payment thereof, from an appropriation available for such purposes.

(City Code 1965, § 21-103)

Sec. 82-246. - Repayment of deposits made by dealers.

When, to secure compliance with any of the provisions of this article, any moneys shall have been deposited with the city by any dealer and shall have been paid over to the city and the director of administration shall be satisfied that such dealer has fully complied with all such provisions, the director of administration shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the director of administration shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(City Code 1965, § 21-104)

Secs. 82-247—82-270. - Reserved.

ARTICLE IV. - PARISH SALES AND USE TAX

Footnotes:

Case 2:21-cv-02106-JTM-KWR Document 2-3 Filed 11/15/21 Page 301 of 1004

--- **(4)** ---

**Charter reference—** *Sales and use taxes, § 2-17(D).*

**State Law reference—** *Parish sales and use tax, R.S. 33:2721, 33:2738.43; local sales and use taxes, R.S. 33:2711 et seq.; state sales and use tax, R.S. 47:301 et seq.*

## DIVISION 1. - GENERALLY

### Sec. 82-271. - Definitions.

The following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and range products, and livestock and livestock products.

*Business* means any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit or advantage, either direct or indirect. The term shall not be construed to include occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

*Cost price* means the actual cost of the article of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges or any other expenses whatsoever.

*Dealer* means every person who:

(1) Manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in the parish;

(2) Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in the parish;

(3) Sells at retail, or offers to sell at retail, or has in his possession for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in the parish, tangible personal property;

(4) Has sold at retail, or used, or consumed, or distributed, or stored for use or consumption in the parish tangible personal property and who cannot prove that the tax levied by this article has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of the tangible personal property;

(5) Leases or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

(6) Is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

(7) Sells or furnishes any of the services subject to tax under the provisions of this article;

(8) Purchases or receives any of the services subject to tax under the provisions of this article; or

(9) Is engaging in business in the parish.

*Director* means the person designated by the city-parish consolidated council who will be in charge of the administration and collection of the tax levied in this article, or the duly authorized assistants of the director. It is hereby recognized that the parish tax will be collected and administered on behalf of this taxing authority by the sales tax division of the Lafayette Parish School Board pursuant to the terms and conditions of a joint agreement for collection of sales and use taxes to be made and entered into between the city-parish consolidated council and the Lafayette Parish School Board. Until the termination of such agreement, the director of the sales and use tax division of the school board shall be considered as the director.

*Distraint* and *distrain* mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax, for the purpose of satisfying any tax, interest or penalties due under the provisions of this article.

*Engaging in business in the parish* means any of the following methods of transacting business: maintaining directly, indirectly or through a subsidiary an office, distribution house, sales house, warehouse or other place of business; or having an agent, salesman, solicitor or employee operating within the parish under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor or employee is located in the parish permanently or temporarily, or whether such seller or subsidiary is qualified to do business in the parish; or by having within the parish any choses in or causes of action, or any property, or any liens on property, or any indebtedness due it in the parish, protected by the laws and courts of the parish.

*Gross sales* means the sum total of all retail sales of tangible personal property, as provided and defined in this section, and sales of services, without any deductions whatsoever of any kind or character, except as provided in this article.

*Hotel* means any establishment engaged in the business of furnishing sleeping rooms primarily to transient guests where such establishment consists of ten or more guestrooms under a single roof.

*Lease* and *rental* mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property. The term shall not mean or include the lease or rental made for the purposes of re-lease or re-rental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, or other drilling or related equipment used in connection with the operating, drilling, completion or reworking of oil, gas, sulphur or other mineral wells.

*New article* means the original stock in trade of the dealer, and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

*Parish* means all the territory contained within the present boundaries of the Parish of Lafayette, except that portion located within the territorial boundaries of any incorporated municipality situated within it.

*Person* means any individual, firm, copartnership, joint venture, association, corporation, cooperative, estate, trust, business trust, receiver or syndicate, the state or any department thereof, any parish, city or municipality or public board, commission or public or semipublic corporation, district or instrumentality, or any group or combination acting as a unit.

*Purchaser* means any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to a tax under the provisions of this article.

Case 2:21-cv-02106-JTM-KWR    Document 23    Filed 11/15/21    Page 303 of 1004

*Retail sale* and *sale at retail* mean a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property and a sale of services, as set forth in this article, and shall mean and include all such transactions as the director, upon investigation, finds to be in lieu of sales. It shall not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business. The sale of motor or other vehicles by a person not engaged in such business shall be considered and treated as a retail sale or sale at retail.

*Retailer* means every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in the parish, or any person rendering services taxable under this article.

*Sale* means any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving, for a consideration, of any tangible personal property consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of tangible personal property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale. The term shall also include the sales of services, which shall mean and include the following:

(1) The furnishing of rooms by hotels and tourist camps.

(2) The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, universities and recreational events, and the furnishing for dues, fees or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities.

(3) The furnishing of storage or parking privileges by hotels and parking lots and trailer parks.

(4) The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter.

(5) The furnishing of laundry, cleaning, pressing and dyeing services, including, by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs.

(6) The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities.

(7) The furnishing or repairs to tangible personal property, including, by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment.

*Sales price* means the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except for financing, which shall not exceed the legal interest rate and a service charge not to exceed six percent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

Case 2:21-cv-02106-JTM-KWR   Document 2-3   Filed 11/15/21   Page 304 of 1004

*Storage* means any keeping or retention in the parish of tangible personal property for use or consumption in the parish or for any purpose other than for sale at retail in the regular course of business.

*Tangible personal property* means personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term shall not include stocks, bonds, notes, or other obligations or securities.

*Taxing authority* means the city-parish consolidated council.

*Tourist camp* means any establishment engaged in the business of furnishing rooms, cottages or cabins to tourists or other transient guests, where the number of guestrooms, cottages or cabins at a single location is six or more.

*Use* means the exercise of any rights of power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

*Use tax* includes the use, the consumption, the distribution and the storage for use or consumption, as defined in this section.

(Parish Code 1977, § 21-27)

**Cross reference—** Definitions generally, § 1-2.

**State Law reference—** Definitions applicable to state sales tax, R.S. 47:301.

Secs. 82-272—82-290. - Reserved.

DIVISION 2. - IMPOSITION OF TAX

> *Footnotes:*
> --- **(5)** ---
> **State Law reference—** *Authority to levy sales tax, R.S. 33:2721, 33:2738.43.*

Sec. 82-291. - Levy.

There is hereby levied a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of services within the parish, as follows:

(1) At the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the taxing authority, and to include each and every retail sale.

(2) At the rate of one percent of the cost price of each item or article of tangible personal property when the item or article is not sold, but is used, consumed, distributed or stored for use or consumption in the parish, provided there shall be no duplication of the tax.

(3) At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined in this section, where the lease or rental of such property is an established business or part of an established business, or the lease or rental is incidental or germane to the business.

(4) At the rate of one percent of the monthly lease or rental price paid by the lessee or rentee, or contracted

or agreed to be paid by the lessee or rentee, to the owner of the tangible personal property.

(5) At the rate of one percent of the gross proceeds derived from the sale of services.

(Parish Code 1977, § 21-28)

Sec. 82-292. - Credit for tax paid on purchase of rental equipment.

(a) Sales or use taxes paid to the taxing authority on the purchase of new motor trucks and new motor tractors licensed and registered for 12,000 pounds or more, under the provisions of R.S. 47:462, new trailers and new semitrailers licensed and registered for 16,000 pounds or more under the provisions of R.S. 47:462 for rental may be deducted as a credit against the tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has been exceeded. The sales tax paid to another municipality, parish or taxing authority in the state or to a municipality or county in a state other than Louisiana on the purchase price of such property is not deductible from the tax subsequently due on the rental of such property in this parish.

(b) If the tax on rental payments fails to exceed the credits for sales or use tax paid, no refund is due the purchaser.

(c) Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on rental payments; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(Parish Code 1977, § 21-29)

Sec. 82-293. - Sales for resale.

All sales for resale shall be made in strict compliance with the rules and regulations issued by the director. Any dealer making a sale for resale which is not in strict compliance with such rules and regulations shall himself be liable for and pay the tax required under the provisions of this article.

(Parish Code 1977, § 21-30)

Sec. 82-294. - Collection and payment generally.

The tax required by this article shall be collected from the dealer, and paid at the time and in the manner provided in this article.

(Parish Code 1977, § 21-31)

Sec. 82-295. - Tax additional to other taxes.

The tax levied by the provisions of this article shall be in addition to all other taxes, whether levied in the form of excise or license, privilege or property taxes, levied by any other ordinance or resolution of the taxing authority.

(Parish Code 1977, § 21-32)

Sec. 82-296. - Integrated bracket schedule adopted.

The dealer shall collect the tax levied by this article along with those sales and use taxes levied by the state and the parish school board within the parish, in accordance with the integrated bracket schedule prepared by the collector of revenue of the state under the authority of R.S. 47:304. The dealer shall remit that portion representing the tax levied by this article to the director. Copies of the integrated tax schedules are available to dealers on request from the director.

(Parish Code 1977, § 21-33)

Sec. 82-297. - Collection authority.

The collection of the tax levied by this article shall be made in the name of the city-parish consolidated council by the director.

(Parish Code 1977, § 21-34)

Sec. 82-298. - Violations; penalty.

For any one of the following violations, in addition to being liable for the other penalties provided in this article, the party named shall be guilty of a misdemeanor and subject to the penalties provided for violations of this Code:

(1)  Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under sections 82-341 through 82-350, and who fails, neglects and refuses to file a return thereof with the director, and pay the tax imposed thereon, within the time stated after such sale is made;

(2)  Any dealer who shall fail, neglect or refuse to collect the tax as provided in sections 82-341 through 82-350, whether by himself or through his agents or employees;

(3)  Any dealer violating the provisions of sections 82-465 and 82-466;

(4)  Any dealer who fails to permit an inspection of records by the director as provided in section 82-413;

(5)  Any wholesale dealer or jobber in the parish who fails to keep records or fails to permit an inspection thereof by the director as provided in section 82-411;

(6)  Any dealer, wholesale dealer or jobber who violates the provisions of sections 82-344 and 82-345;

(7)  Any dealer who violates the provisions of section 82-412;

(8)  Any dealer failing or refusing to furnish any return as provided in sections 82-391 through 82-396, or failing or refusing to furnish a supplemental return or other data required by the director;

(9)  Any dealer required to make, render, sign or verify a return, as provided in sections 82-391 through 82-396, who makes a false or fraudulent return, with intent to evade a tax levied by this article;

(10)  The president, executive officers, managers and directors of any corporation who shall violate the provisions of section 82-481; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(11)  Any person who shall violate any other provision of this article, punishment for which is not otherwise provided in this section.

(Parish Code 1977, § 21-35)

Secs. 82-299—82-320. - Reserved.

DIVISION 3. - EXEMPTIONS AND EXCLUSIONS

> *Footnotes:*
>
> *--- (6) ---*
>
> **State Law reference—** *Exemptions from local sales taxes, R.S. 33:2716.1, 33:2717, 47:302(D), (E), 47:305 et seq.*

Sec. 82-321. - Generally.

The taxes imposed by the provisions of this article shall not apply to transactions involving the following tangible personal property:

(1) The tax shall not apply to the gross proceeds derived from the sale in the parish of livestock, poultry and other farm products direct from the farm, provided that such sales are made directly by the producers. When sales of livestock, poultry and other farm products are made to consumers by any person other than a producer, they are not exempted from the tax imposed by this article; provided, however, that every agricultural commodity sold by any person, other than a producer, to any other person who purchases not for direct consumption, but for the purpose of acquiring raw products for use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be exempted from any and all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer or any other utilization of or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one tax be exacted.

(2) The use tax shall not apply to livestock and livestock products, to poultry and poultry products, or to farm, range and agricultural products when produced by the farmer and used by him and members of his family.

(3) Where a part of the purchase price is represented by an article traded in, the sales tax is payable on the total purchase price less the market value of the article traded in.

(4) The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the parish of the following tangible personal property is hereby specifically exempted from the tax imposed by this article: gasoline; steam; water (not including mineral water or carbonated water or any water put up in bottles, jugs or containers, all of which are not exempted); electric power or energy; newspapers; fertilizer and containers used for farm products, when sold directly to the farmer; natural gas; and new automobiles withdrawn from stock by factory-authorized new automobile dealers, with the approval of the collector of revenue of the state, and titled in the dealer's name for use as demonstrators.

(5) The tax shall not apply to the sales of materials, equipment and machinery which enter into and become component parts of ships, vessels, including commercial fishing vessels, or barges, of 50 tons load displacement and over, built in the state, or to the gross proceeds from the sale of such ships, vessels or barges when sold by the builder thereof.

(6) The tax shall not apply to the sales of materials and supplies to the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and

supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; or to repair services performed upon ships or vessels operating exclusively in foreign or in interstate coastwise commerce; or to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; or to laundry services performed for the owners or operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels. The provisions of this subsection do not apply to drilling equipment used for oil exploitation or production unless such equipment is built for exclusive use outside the boundaries of the state and is removed forthwith from the state upon completion.

(7) The tax shall not apply to the sale at retail of seeds for use in the planting of any kind of crops.

(8) The tax shall not apply to the sale of casing, drill pipe and tubing in the parish for use offshore beyond the territorial limits of the state for the production of oil, gas, sulphur and other minerals.

(9) The tax shall not apply to the sale or use of any materials, supplies or products for use in connection with any phase of the construction of the Toledo Bend Dam project on the Sabine River.

(10) The tax shall not apply to the sale of admission tickets by Little Theater organizations.

(11) The tax shall not apply to the sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit organization known as a symphony organization or a society or organization engaged in the presentation of musical performances; provided that this exemption shall not apply to performances given by out-of-state or nonresident symphony companies, or to any performance intended to yield a profit to the promoters thereof.

(12) The tax shall not apply to the use of films or photoplays from a distribution agency by the operator of a motion picture theater.

(13) The tax shall not apply to the sale at retail of pesticides used for agricultural purposes, including particularly, but not by way of limitation, insecticides, herbicides and fungicides.

(14) The tax shall not apply to the sale at retail of tangible personal property purchased within the parish for use exclusively beyond the territorial limits of the parish. If tangible personal property purchased tax-free under the provisions of this subsection is later brought into the parish for use in the parish, the property shall be subject to the use tax as of the time it is brought into the parish for use in the parish, subject to the credit provided in section 82-373.

(15) The sales tax levied by this article shall not be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of the statute or ordinance levying such tax, or to sales or services involved in such contracts entered into and reduced to writing within 90 days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to such effective date.

(16) The tax shall not apply to purchases of equipment used in firefighting by a bona fide organized public volunteer fire department.

(17) The tax shall not apply to the sale of admissions to entertainment events furnished by recognized domestic nonprofit charitable, educational and religious organizations when the entire proceeds from such sales, except for necessary expenses connected with the entertainment events, are used for the purposes for which the organization furnishing the events was organized.

(Parish Code 1977, § 21-41)

Sec. 82-322. - Property purchased for use outside parish.

If the first use of tangible personal property purchased in the parish for use beyond the territorial limits of the parish occurs in a municipality or parish of the state or in a municipality or county in a state other than Louisiana which imposes a sales or use tax, the exemption provided in this article shall apply only if:

(1) The purchaser is properly registered for sales and use tax purposes in a municipality or parish in the state or in a municipality or county in a state other than Louisiana, wherein such tangible personal property issued, and regularly reports and pays sales and use tax in such other municipality or parish in the state or in a municipality or county in a state other than Louisiana;

(2) The municipality or parish in the state, or the municipality or county in a state other than Louisiana, in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that municipality or parish in the state or municipality or county in a state other than Louisiana for use in this parish; and

(3) The purchaser obtains from the director a certificate authorizing him to make the nontaxable purchases authorized under this section.

(Parish Code 1977, § 21-42)

Sec. 82-323. - Scope of tax.

It is not the intention of this article to levy a tax upon articles of tangible personal property imported into the parish, or produced or manufactured in the parish for export, nor is it the intention of this article to levy a tax on a bona fide transaction in interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the parish of tangible personal property after it has come to rest in the parish and has become a part of the mass of property in the parish.

(Parish Code 1977, § 21-43)

**State Law reference—** Mandatory provisions, R.S. 33:2716.

Secs. 82-324—82-340. - Reserved.

DIVISION 4. - COLLECTION BY DEALER

Sec. 82-341. - Collection from purchaser or consumer.

The tax levied by this article shall be collected by the dealer from the purchaser or consumer except as provided for collection of the tax on motor vehicles in section 82-346. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were part of the purchase price of the property or charges for services, and payable at the time of the sale; provided, however, that the taxing authority shall be joined as a party plaintiff in any action or proceedings brought by the dealer to collect the tax.

(Parish Code 1977, § 21-51)

Sec. 82-342. - Sales by dealers outside parish for use or consumption in parish.

Every dealer located outside the parish making sales of tangible personal property for distribution, storage, use or other consumption in the parish shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(Parish Code 1977, § 21-52)

Sec. 82-343. - Tax to constitute part of purchase price.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the director, to the sale price or charge, and when added such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts.

(Parish Code 1977, § 21-53)

Sec. 82-344. - Registration of dealers; certificate of authority to collect tax.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all the taxes imposed by this article, on or before August 1, 1972, or in the case of dealers commencing business after August 1, 1972, or opening new places of business after such date, within three days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the director a certificate of registration in a form prescribed by him. The director shall, within five days after such registration, issue without charge to each dealer who purchases or imports for resale a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates thereof for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the director upon the dealer ceasing to do business at the place therein named.

(Parish Code 1977, § 21-54)

Sec. 82-345. - Collection of tax by wholesalers when purchaser does not have certificate.

A wholesale dealer or jobber shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty imposed in this article upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the taxing authority the tax imposed in this article.

(Parish Code 1977, § 21-55)

Sec. 82-346. - Collection of tax on vehicles.

(a) The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck tractor, trailer, semitrailer, motorbus, house trailer, or other vehicle subject to the vehicle registration license tax shall be collected as provided in this section.

(b) The tax levied by this article on any such vehicle shall be paid to the collector of revenue of the state at the time of application for a certificate of title or vehicle registration license, and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

(c) The tax levied by this article on the sale of any such vehicle shall be due at the time registration or any transfer of registration is required by the vehicle registration license tax law.

(d) The tax levied by this article on the use of any such vehicle in the parish shall be due at the time first registration in the parish is required by the vehicle registration license tax law.

(e) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicle purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(f) It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has heretofore been taxable, and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of the sales and use tax on vehicles from the vendor to the collector of revenue of the state and to provide a method of collection of the tax directly from the vendee or user by the collector of revenue in accordance with an agreement by and between the collector of revenue and the taxing authority. The tax so collected by the collector of revenue shall be paid to the taxing authority and sent to the director as soon as possible, and in any event at least once each month, all in accordance with such agreement.

(g) The provision contained in the definition of "retailer" in this article which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this section. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(Parish Code 1977, § 21-56)


Sec. 82-347. - Offering to absorb tax; tax to be separately stated.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(Parish Code 1977, § 21-57)

Sec. 82-348. - Collections in excess of one percent.

Where the tax collected under this article for any period is in excess of one percent, the total collected must be paid over to the director, less the commission to be allowed the dealer as set forth in this article.

(Parish Code 1977, § 21-58)

Sec. 82-349. - Payment by purchaser when dealer fails to collect tax.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the taxing authority, and it shall be the duty of the purchaser to file a return thereof with the director and to pay the tax imposed thereon to the taxing authority within 15 days after such sale was made or rendered.

(Parish Code 1977, § 21-59)

Sec. 82-350. - Compensation of dealers for collecting tax.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two percent of the amount of tax due and accounted for and remitted to the director in the form of a deduction in submitting his report and paying the amount due by him, if the amount due by him was not delinquent at the time of payment.

(Parish Code 1977, § 21-60)

Secs. 82-351—82-370. - Reserved.

DIVISION 5. - COLLECTION FROM DEALER

Sec. 82-371. - Generally.

The tax imposed by this article shall be collectible by the director on behalf of the taxing authority from all persons engaged as dealers.

(Parish Code 1977, § 21-67)

Sec. 82-372. - Collection of tax on imported property used by dealer.

On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or foreign countries, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the article had been sold at retail for use or consumption in the parish. For the purposes of this article, use or consumption, or distribution, or storage of tangible personal property shall each be equivalent to a sale at retail, and the tax shall thereupon be immediately levied and collected in the manner provided in this article, provided there shall be no duplication of the tax in any event.

(Parish Code 1977, § 21-68)

Sec. 82-373. - Credit for tax paid to other jurisdiction.

A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another municipality or parish in the state, or municipality or county in a state other than Louisiana. The credit provided in this section shall be granted only in the case where the municipality, parish or taxing authority in the state, or the municipality or county in a state other than Louisiana, to which a similar tax has been paid grants a similar credit as provided in this section; provided that members of the armed forces who are citizens of the parish and whose orders or enlistment contracts stipulate a period of active duty of two years or more and who purchase automobiles outside of this parish, in a municipality or parish in the state, or a municipality or county in a state other than Louisiana, while on such tour of active duty shall be granted such credit in connection with the purchase of such automobiles whether or not the municipality or parish in the state, or the municipality or county in a state other than Louisiana, to which such tax thereon has been paid grants a similar credit as provided in this section. The proof of payment of a similar tax to another municipality, parish or taxing authority in the state, or to a city or county in a state other than Louisiana, shall be made according to rules and regulations promulgated by the director. In no event shall the credit be greater than the tax imposed by this taxing authority upon the particular tangible personal property which is the subject of the use tax imposed by this article.

(Parish Code 1977, § 21-69)

Sec. 82-374. - Auctioneers.

All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the parish. Such auctioneers or the company which they represent shall be responsible for the collection of the tax imposed by this article on articles sold by them and shall report and remit to the director as provided in this article.

(Parish Code 1977, § 21-70)

Secs. 82-375—82-390. - Reserved.

DIVISION 6. - RETURNS AND PAYMENT OF TAX

Sec. 82-391. - Due date for tax payments.

The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(Parish Code 1977, § 21-81)

Sec. 82-392. - Returns required; filing of returns.

For the purpose of ascertaining the amount of tax payable under this article, all dealers, on or before the 20th day of each month, shall transmit to the director, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, and gross proceeds derived from sales of services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month. The returns shall show such further information as the

director may require to enable him to correctly compute and collect the tax levied in this article. Such returns shall be signed by the dealer filing the returns, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the returns and that, to the best of his knowledge and belief, the returns are true, correct and complete. Every dealer, at the time of making the return required under this section, shall compute and remit to the taxing authority the required tax due for the preceding calendar month.

(Parish Code 1977, § 21-82)

Sec. 82-393. - Tax to be remitted with return; form of remittance.

(a) At the time of transmitting the required return to the director, the dealer shall remit to the taxing authority, therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause the tax to become delinquent.

(b) All taxes, interest and penalties imposed under this article shall be paid to the taxing authority in the form of remittance required by the director.

(Parish Code 1977, § 21-83)

Sec. 82-394. - Report of proceeds from rentals or leases.

Gross proceeds from rentals or leases of tangible personal property, where the lease or rental is part of a regularly established business or the lease or rental is incidental or germane thereto, shall be reported, and the required tax shall be paid with respect thereto, in accordance with such rules and regulations as the director may prescribe.

(Parish Code 1977, § 21-84)

Sec. 82-395. - Extension of time for filing returns.

The director, for good cause, may extend for not to exceed 30 days the time for making any returns required under the provisions of this article.

(Parish Code 1977, § 21-85)

Sec. 82-396. - Dealers declared agents of taxing authority.

For the purpose of collecting and remitting to the taxing authority the tax imposed by this article, the dealer is hereby declared to be the agent of the taxing authority.

(Parish Code 1977, § 21-86)

Secs. 82-397—82-410. - Reserved.

DIVISION 7. - RECORDS AND INSPECTIONS

Sec. 82-411. - Records required to be kept by dealers.

(a) It shall be the duty of every dealer required to make a report and pay any tax under this article to keep and

preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due under this article, and other information as may be required by the director.

(b) It shall be the duty of every such dealer, moreover, to keep and preserve, for a period of three years, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article.

(c) All such books, invoices and other records shall be open to examination, at all reasonable hours, by the director or any of his duly authorized agents.

(Parish Code 1977, § 21-96)

Sec. 82-412. - Retention of records.

Each dealer shall secure, maintain and keep, for a period of three years, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed or stored, leased or rented within the parish by the dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the director for the reasonable administration of this article, and all such records shall be open for inspection to the director at all reasonable hours.

(Parish Code 1977, § 21-97)

Sec. 82-413. - Records required to be kept by wholesalers.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the parish shall keep a record of all sales of tangible personal property made in the parish, whether such sales are for cash or on terms of credit. The record shall contain and include the name and address of the purchaser, the date of purchase, the articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the director or his duly authorized assistants at all reasonable hours.

(Parish Code 1977, § 21-98)

Sec. 82-414. - Authority to inspect place of business, property and records; cooperation with inspector.

For the purpose of administering this article, the director, whenever he deems it expedient, may make or cause to be made, by an employee of the department or division engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts and documents of any dealer. It shall be the duty of every dealer, and every director, official, agent or employee of every dealer, to exhibit to the director, or to any such employee of his department or division charged with the collection of the tax imposed by this article (referred to in this article as a "deputy"), the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer, and to facilitate any such examination or investigation as far as it may be in his power to do so.

(Parish Code 1977, § 21-99)

Sec. 82-415. - Examination of records of transportation companies.

For the purpose of enforcing the collection of the tax levied by this article, the director is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in the parish, whether such companies, agencies or firms conduct their business by truck, rail, water, airplane or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for the tax.

(Parish Code 1977, § 21-100)

Sec. 82-416. - Records of director.

The director shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department or division in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated shall be evidence in all courts of the state, of the same weight and force as the original thereof.

(Parish Code 1977, § 21-101)

Sec. 82-417. - Confidentiality of information.

The records and files of the director respecting the administration of this article shall be considered confidential and privileged, and neither the director nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the director nor any employee engaged in such administration or charged with the custody of any records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

(1) In an action or proceeding under the provisions of this article; and

(2) When the records or files or the fact shown thereby are directly involved in such action or proceeding.

(Parish Code 1977, § 21-102)

Sec. 82-418. - Permissible use of returns, reports and files.

Nothing contained in this article shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representative of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2) The publication of statistics so classified as to prevent the identification of any return and the items thereof;

(3) The inspection by the legal representative of the taxing authority of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions of this article;

(4) The examination of the records and files by the director or by his duly authorized agents; or

(5) The furnishing, in the discretion of the director, of any information disclosed by the records or files to any

Case 2:21-cv-02106-JTM-KWR  Document 2-3  Filed 11/15/21  Page 317 of 1004

official person or body of any other state of the United States who shall be concerned with the administration of any similar tax by the state or the United States.

(Parish Code 1977, § 21-103)

Secs. 82-419—82-440. - Reserved.

DIVISION 8. - IMPORTED GOODS

Sec. 82-441. - Permit to import goods.

(a)  In order to prevent the illegal importation into the parish of tangible personal property which is subject to the tax required by this article, and to strengthen and make more effective the manner and method of enforcing payment of such tax, the director is hereby authorized and empowered to put into operation a system of permits whereby any person or dealer may import tangible personal property by truck, automobile or other means of transportation other than a common carrier, without having the truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture.

(b)  Such system of permits shall require the person or dealer who desires to import tangible personal property into the parish, which property is subject to such tax, to apply to the director or his assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the director may deem proper or necessary.

(c)  Such permits shall be free of cost to the applicant and may be obtained at the office of the director.

(Parish Code 1977, § 21-114)

Secs. 82-442—82-460. - Reserved.

DIVISION 9. - REMEDIES FOR COLLECTION

Sec. 82-461. - Property presumed subject to tax.

For the purpose of the enforcement of this article and the collection of the tax levied under this article, it is presumed that all tangible personal property subject to the provisions of this article, imported into the parish or held in the parish by any dealer, is to be sold at retail, used or consumed, or stored for use or consumption in the parish, or leased or rented within the parish, and is subject to the tax levied in this article; provided that such presumption shall be prima facie only and subject to proof furnished to the director.

(Parish Code 1977, § 21-121)

Sec. 82-462. - Failure to pay tax deemed delinquency; judgment prohibiting doing business.

Failure to pay any tax due as provided in this article shall, ipso facto, without demand or putting in default, cause the tax, interest, penalties and costs to become immediately delinquent, and the taxing authority is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer to show cause in not less than two or more than ten days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, as to why the dealer should not be ordered to cease from further pursuit of business as a dealer, and in case the rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the taxing authority, prohibiting such dealer from further pursuit of the business until such time as he has paid the delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court and punished according to law.

(Parish Code 1977, § 21-122)

Sec. 82-463. - Interest, penalties and attorneys' fees to be added to delinquent tax.

(a) If the amount of tax required by this article due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax is due, there shall be collected, with the tax, interest upon the unpaid amount, at the rate of one percent per month, or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid.

(b) In addition to the interest that may be so due, there shall also be collected a penalty equivalent to five percent each 30 days, or fraction thereof, of delinquency, not to exceed 25 percent in aggregate, of the tax due, when such tax is not paid within 30 days of the date the tax first becomes due and payable, and in the event of suit, attorneys' fees at the rate of ten percent of the aggregate of tax, interest and penalty.

(Parish Code 1977, § 21-123)

Sec. 82-464. - Failure to make return; false or fraudulent returns; estimation of tax by director.

(a) If any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the director to make an estimate for the taxable period of the retail sales, or sales or services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the parish, and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.

(b) If such estimate and assessment requires an examination of books, records or documents, or an audit thereof, then the director shall add to the assessment the cost of such examination, together with any penalties accruing thereon.

(c) Such costs and penalties, when collected, shall be placed to the account of the parish sales tax fund in the same manner as are the taxes collected under this article.

(d) If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided in this article, a specific penalty

of five percent of the tax or deficiency found to be due, or $10.00, whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Parish Code 1977, § 21-124)

Sec. 82-465. - Final return of dealer selling or quitting business; purchaser of business to withhold tax from purchase price.

If any dealer liable for any tax, interest or penalty under this article shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within 15 days after the date of selling or quitting business. His successors or assigns, if any, shall withhold a sufficient amount of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the director showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided in this section, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owners, or assigners.

(Parish Code 1977, § 21-125)

Sec. 82-466. - Notice to creditors, debtors and persons holding property of delinquent dealer.

(a) If any dealer is delinquent in the payment of the tax provided for in this article, the director may give notice of the amount of such delinquency, by registered mail, to all persons having in their possession or under their control any credits or other personal property belonging to such dealer, or owing any debts to such dealer, at the time of receipt by them of such notice.

(b) Thereafter, any person so notified shall neither transfer nor make any other disposition of such credits, other personal property or debts until the director shall have consented to a transfer or disposition, or until 30 days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the director of any and all such credits, other personal property or debts in their possession, under their control or owing by them, as the case may be.

(Parish Code 1977, § 21-126)

Sec. 82-467. - Authority to determine and assess true price of imported goods.

If a dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax under this article, or the invoice does not reflect the true or actual cost price, then the director shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(Parish Code 1977, § 21-127)

Sec. 82-468. - Authority to fix and assess actual consideration for leases and rentals.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the director, represent the true or actual consideration, then the director is authorized to fix the true consideration and collect the tax thereon for the taxing authority in the same manner as provided in section 82-467, with interest plus penalties, if such have accrued.

(Parish Code 1977, § 21-128)

Sec. 82-469. - Remedy when transportation company refuses examination of records.

If any transportation company, agency or firm shall refuse to permit examination of its books, records and other documents by the director, the director may proceed by rule, in term or in chambers, in any court of competent jurisdiction, and require the transportation company, agency or firm to show cause why the director should not be permitted to examine its books, records or other documents, and in the case the rule is made absolute, the rule shall be considered a judgment of the court and every violation of such judgment as a contempt thereof and punished according to law.

(Parish Code 1977, § 21-129)

Sec. 82-470. - Investigation of violations.

If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases or rentals, or other transactions taxable under this article, or otherwise fails to comply with the provisions of this article for the taxable period for which the return is made, the director shall give such dealer 15 days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period. The director may require such dealer, or the agents or employees of such dealers, to give testimony or to answer interrogatories under oath administered by the director or his assistants, respecting the sale at retail, the use, or consumption, or distribution in the parish, or lease or rental, of tangible personal property or other transactions subject to tax, or the failure to make report thereof, as provided in this article.

(Parish Code 1977, § 21-130)

Sec. 82-471. - Court order to compel examination of records, appearance or filing of return.

If any dealer fails to make a return, or refuses to permit an examination of his books, records or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the director may apply to any court of competent jurisdiction for an order requiring such dealer to make such return, or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examinations, and the court or any judge thereof shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon the dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt and shall be punished as provided by law in cases of contempt.

(Parish Code 1977, § 21-131)

Sec. 82-472. - Importing property without permit.

The importation into the parish of tangible personal property which is subject to tax under this article, by truck, automobile or other means of transportation other than a common carrier, without having first obtained a permit as described in section 82-441 (if the tax imposed by this article on the tangible personal property has not been paid), shall be construed as an attempt to evade payment of the tax, and such importation is hereby prohibited, and the truck, automobile or means of transportation other than a common carrier, and the taxable property, may be seized by the taxing authority in order to secure the property and means of transportation as evidence in a trial, and the property and means of transportation shall be subject to forfeiture and sale in the manner provided for in this article.

(Parish Code 1977, § 21-132)

Sec. 82-473. - Failure to pay tax on imported property.

(a) The failure of any dealer who imports tangible personal property from outside the parish into the parish for use or consumption or distribution or storage to be used or consumed in the parish, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay any tax, interest, penalties or costs under this article shall, ipso facto, make the tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of the tax, which shall be sufficient grounds for attachment of such tangible personal property wherever the property may be located or found, whether the delinquent dealer is a resident or nonresident of the parish, and whether the tangible personal property is in the possession of the delinquent dealer or in the possession of other persons; provided that it is the intention of this article to prevent the disposition of the tangible personal property in order to ensure payment of the tax imposed on it, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to the taxing authority.

(b) In addition to the penalties prescribed in this section and section 82-472, any person violating these sections shall be guilty of a misdemeanor. Each importation or shipment by truck, automobile or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(Parish Code 1977, § 21-133)

Sec. 82-474. - Personal liability of dealers for tax, interest and penalties; collection by suit; lien.

The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person or dealer to the taxing authority, recoverable in any court of competent jurisdiction in an action at law by the taxing authority. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person or dealer, whether in bankruptcy, insolvency or otherwise. The proceeds of any judgment or order obtained under this section shall be paid to the taxing authority.

(Parish Code 1977, § 21-134)

Sec. 82-475. - Authority to require bond or other security.

The taxing authority may require a bond or other security satisfactory to the director for the payment of any taxes, fees, interests and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Parish Code 1977, § 21-135)

Sec. 82-476. - Collection when no return is filed.

If any person or dealer shall fail to make a return or report as required by this article, the director, within three years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person or dealer is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the taxing authority from such person or dealer, and give notice of such assessment to such person or dealer, and must make demand upon him for payment, or otherwise the claim shall prescribe.

(Parish Code 1977, § 21-136)

Sec. 82-477. - Examination of returns and collection of deficiencies.

After a return or report is filed under the provisions of this article, the director shall cause it to be examined and make such further audit or investigation as he may deem necessary, and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them, due the taxing authority from such person or dealer, and make demand upon him for payment.

(Parish Code 1977, § 21-137)

Sec. 82-478. - Jeopardy assessments; payment of assessments.

(a) If the director finds that any person or dealer liable for the payment of any tax under this article designs quickly to depart from the parish or to remove therefrom his property subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall become important that such proceedings be instituted without delay, the director may make an arbitrary assessment as provided in this article, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

(b) All taxes, penalties and interest assessed pursuant to the provisions of sections 82-475 through 82-477 shall be paid within 15 days after notice and demand shall have been mailed to the dealer liable therefor by the taxing authority. If such taxes, penalties and interest so assessed shall not be paid within such 15 days, there shall be added to the amount assessed, in addition to interest as provided in this article and any other penalties provided by this article, a sum equivalent to five percent of the tax.

(Parish Code 1977, § 21-138)

Sec. 82-479. - Collection by distraint and sale.

If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the director, or his duly authorized representative who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of property or rights belonging to the delinquent dealer.

(Parish Code 1977, § 21-139)

Sec. 82-480. - Dealer liable for uncollected taxes.

Any dealer who shall neglect, fail or refuse to collect the tax as provided in sections 82-341 through 82-350 upon any, every and all retail sales made by him, or his agent or employee, which is subject to tax, shall be liable for and pay the tax himself.

(Parish Code 1977, § 21-140)

Sec. 82-481. - Corporations not to dissolve, merge or withdraw from state until tax paid.

No corporation organized under the laws of this state shall be dissolved, or effect a merger, reorganization or consolidation under any law of this state by the action of the stockholders or by the decree of any court, until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from the state to transact business in the parish may surrender such authority and withdraw from the state until all taxes, fees, penalties, interest and other charges imposed upon the corporation in accordance with the provisions of this article shall have been fully paid.

(Parish Code 1977, § 21-141)

Sec. 82-482. - Liability for interest and penalties on delinquent tax.

(a) Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid shall pay, in addition to the tax, interest on the tax at the rate specified in section 82-463, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

(b) In addition, such person or dealer shall pay the special penalties provided by this article.

(Parish Code 1977, § 21-142)

Sec. 82-483. - Penalties and interest deemed part of tax; waiver of penalties and interest.

All penalties and interest imposed by this article shall be payable to and recoverable by the taxing authority in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the director, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charge in excess of the rate of one percent per month.

(Parish Code 1977, § 21-143)

Secs. 82-484—82-500. - Reserved.

DIVISION 10. - REFUNDS AND REIMBURSEMENTS

Sec. 82-501. - Credit or deduction for returned goods.

If purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him in the manner prescribed by the director, and in case the tax has not been remitted by the dealer to the taxing authority, the dealer may deduct the tax in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such statement, which period shall not be longer than 90 days, the taxing authority, through the director, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the taxing authority at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(Parish Code 1977, § 21-151)

Sec. 82-502. - Refund of tax paid on goods used for replacement of property lost in natural disaster.

Any individual who suffers the loss of tangible personal property as a result of a natural disaster subsequently determined to warrant assistance by the federal government may file a claim with the director on such forms as the director may prescribe and accompanied by such proof of loss as the director may require, by rules and regulations established by him, for a refund of the tax imposed by this article paid by the claimant upon any retail purchase made by him, within two calendar years after the occurrence of the natural disaster causing such loss, for the replacement of the tangible personal property so lost. The claim for such sales tax refund shall be allowed for tax paid on the purchase of building materials purchased for the repair or replacement of one but only one dwelling, and one but only one place of business, and shall only be allowed if the materials were purchased and paid for by the claimant from a retail dealer for repair or replacement of the individual's losses in such dwelling or place of business.

(Parish Code 1977, § 21-152)

Sec. 82-503. - Filing of claim for refund.

If any dealer shall have given to the director notice within the time provided in section 82-501, such dealer thereafter, at any time within two years after the payment of any original or additional tax assessed against him, may file with the director a claim under oath for refund, in such form as the director may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the director as provided in this article, or after a proceeding on appeal has been finally determined.

(Parish Code 1977, § 21-153)

**State Law reference—** Prescription of refunds and credits, R.S. 33:2718.1, 33:2718.4.

Sec. 82-504. - Action on claim for refund.

Case 2:21-cv-02106-JTM-KWR   Document 2-3   Filed 11/15/21   Page 325 of 1004

If, upon examination of a claim for refund under section 82-503, it shall be determined by the director that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, the dealer shall be entitled to a refund of the tax so overpaid. If the director shall reject the claim for refund in whole or in part, he shall make an order accordingly and serve notice upon such dealer.

(Parish Code 1977, § 21-154)

Sec. 82-505. - Refund of erroneously collected tax.

Where no question of fact or law is involved, and it appears from the records of the taxing authority that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the director may, at any time within two years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund, and thereupon the director shall authorize the payment thereof from any appropriation available for such purposes.

(Parish Code 1977, § 21-155)

Sec. 82-506. - Repayment of deposits made by dealers.

When, to secure compliance with any of the provisions of this article, any moneys shall have been deposited with the taxing authority by any dealer, and shall have been paid over to the taxing authority, and the director shall be satisfied such dealer has fully complied with all such provisions, the director shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the director shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Parish Code 1977, § 21-156)

Secs. 82-507—82-520. - Reserved.

DIVISION 11. - REMEDIES OF DEALERS

Sec. 82-521. - Right of action created; payment of disputed amount; interest on refunds.

A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the director and shall give the director notice, at any time, of his intention to file suit for the recovery of such amount; and upon receipt of such notice the amount so paid shall be segregated and held by the director for a period of 30 days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the director shall refund the amount to the claimant, with interest at the rate of two percent per annum covering the period from the date the funds were received by the taxing authority to the date of refund.

(Parish Code 1977, § 21-164)

Sec. 82-522. - Competent courts for action; service of process.

This division shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the director.

(Parish Code 1977, § 21-165)

Sec. 82-523. - Legal remedy for certain causes of action; effect of payment under protest.

This division shall be construed to provide a legal remedy in the state, city or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of Congress or the United States Constitution or the constitution of the state, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the dealer, upon agreement to abide by the decision of the courts, may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the director until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Parish Code 1977, § 21-166)

Sec. 82-524. - Grievance procedure.

If any dealer shall be aggrieved by any finding or assessment of the director, he may, within 30 days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the director shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the director to collect the tax in any manner provided in this article, unless the dealer shall furnish security of a kind and in an amount satisfactory to the director. Appeals from the decision of the director shall be direct to any state, city or federal court of competent jurisdiction as provided for in section 82-522.

(Parish Code 1977, § 21-167)

Secs. 82-525—82-540. - Reserved.

DIVISION 12. - OTHER ADMINISTRATIVE PROVISIONS

Sec. 82-541. - General authority of director.

The director is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures which may be hereafter established by the taxing authority.

(Parish Code 1977, § 21-174)

Sec. 82-542. - Authority to prescribe additional regulations.

The director shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(Parish Code 1977, § 21-175)

Sec. 82-543. - Preparation and distribution of forms.

The director shall design, prepare, print and furnish to all dealers, or make available to the dealers, all necessary forms for filing returns, and instructions to ensure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of the taxes at the time and in the manner provided in this article.

(Parish Code 1977, § 21-176)

Sec. 82-544. - Appropriations for costs of administration and enforcement.

The cost of preparing and distributing the report forms and paraphernalia for the collection of the tax imposed by this article, and of the inspection and enforcement duties required in this article, shall be borne out of appropriations by the taxing authority as provided in section 82-572.

(Parish Code 1977, § 21-177)

Sec. 82-545. - Sales and services contracted for prior to effective date of tax.

(a) In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of the ordinance from which this article is derived, and containing the sale price, and delivery is made after such effective date, and such sale is taxable under this article, the seller shall add the tax imposed by this article to the price, and collect it from the buyer.

(b) The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable under this article are contracted for before the effective date of the ordinance from which this article is derived, but are actually furnished after the effective date.

(c) The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the parish prior to the effective date of the ordinance from which this article is derived, if the tangible personal property is actually used or consumed by the person who imported and stored the tangible personal property.

(Parish Code 1977, § 21-178)

Sec. 82-546. - Authority to receive written oaths.

It shall be lawful for the director, or any deputy by him duly designated, to receive the written oath of any person signing any application, deposition, statement or report required by the director in the administration of this article.

(Parish Code 1977, § 21-179)

Sec. 82-547. - Authority to conduct hearings and examinations.

The director, or any deputy by him duly designated, may conduct hearings, and have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within 14 days after requested by the director in writing.

(Parish Code 1977, § 21-180)

Sec. 82-548. - Service of notices to dealers.

Any notice required to be given by the director pursuant to this article may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Parish Code 1977, § 21-181)

Sec. 82-549. - Records to be maintained by director; authentication of copies.

The director shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions and orders made by him and by any deputy of his department or division in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of $1.00, which shall be deposited in the parish sales tax fund.

(Parish Code 1977, § 21-182)

Sec. 82-550. - Alternative remedies to remain effective.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax, given such dealer by any other law, or to deprive the taxing authority of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax levied in this article or any other law, nor shall this article be construed as repealing or altering any such law or ordinance.

(Parish Code 1977, § 21-183)

Sec. 82-551. - Tax supplemental.

The tax levied in this article is declared to be supplemental and in addition to all other taxes levied by and under the authority of the taxing authority of any kind or nature.

(Parish Code 1977, § 21-184)

Secs. 82-552—82-570. - Reserved.

DIVISION 13. - DISPOSITION OF PROCEEDS AND REVENUES

Sec. 82-571. - Daily deposit in special fund.

All taxes, revenues, funds, assessments, monies, penalties, fees or other income which may be collected or come into the possession of the director, as an agent of the taxing authority, under any provision of this article, shall be deposited daily by the director for the account of the taxing authority in a special fund designated "Sales Tax Collection Receipts Account," which fund shall be a separate bank account established and maintained by the director; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the director pending the final determination of the protest or litigation.

(Parish Code 1977, § 21-191)

Sec. 82-572. - Payment of administrative costs.

Out of the parish tax funds on deposit in the sales tax collection receipts account, the director shall reimburse the Lafayette Parish School Board for all reasonable and necessary costs and expenses of administering and collecting the parish tax and administering the provisions of this article as well as the various administrative and enforcement procedures established in this article, all in compliance with the provisions of the joint agreement for collection of sales and use taxes. Such costs and expenses shall include, by way of illustration but not of limitation, all necessary costs and expenses incurred for supplies, operation and maintenance of vehicles, office equipment and electric data processing machines, printing, postage, rent, salaries, legal services, utilities, office space and other related items. The director shall keep a detailed record of costs and expenses so paid, which shall be reported by the director monthly to the taxing authority.

(Parish Code 1977, § 21-192)

Sec. 82-573. - Deposit in general fund.

Monthly, after the reasonable and necessary costs and expenses of the collection and administration of the tax have been paid as provided for in section 82-572, the remaining portion of the tax collected pursuant to this article during the preceding month shall be paid by the director to the taxing authority for deposit in the general fund.

(Parish Code 1977, § 21-193)

Secs. 82-574—82-600. - Reserved.

ARTICLE III. - SALES AND USE TAXES

> *Footnotes:*
>
> --- *(3)* ---
>
> **State Law reference—** *Collection of sales and use taxes by political subdivisions, R.S. 47:337.13; Uniform Local Sales Tax Code, R.S. 47:337.1.*

DIVISION 1. - GENERALLY

Sec. 38-82. - Current sales and use tax ordinances.

(a)  All sales and use tax ordinances in effect as of the date of adoption of this Code remain in effect, and are incorporated by reference, with respect to:

   (1)  The rate of the sales and use tax.

   (2)  The effective date of such tax.

   (3)  The term of the tax.

   (4)  The purposes for which the proceeds of the respective taxes shall be used.

   (5)  The vendor's compensation.

   (6)  Optional exclusions or exemptions allowed by state sales and use tax law, adopted by the local ordinance pursuant to such state law.

   (7)  Exclusions and exemptions in the local ordinance which were adopted prior to July 1, 2003, pursuant to state law authorizing such adoption, but not allowed as an exclusion or exemption from state sales and use tax.

   (8)  Exclusions and exemptions in the local ordinance adopted pursuant to legislation enacted under article VI, section 29(D)(1) of the Constitution of the state, but not allowed as an exclusion or exemption from state sales and use tax.

(b)  The Uniform Local Sales Tax Code, R.S. 47:337.1 et seq., shall apply to the assessment, collection, administration and enforcement of sales and use taxes of this parish.

Secs. 38-83—38-107. - Reserved.

DIVISION 2. - SALES TAX DISTRICT NO. 1

Sec. 38-108. - Created; boundaries; governing authority; officers; powers and duties.

(a)  Acting upon its own initiative, and in accordance with the provisions of R.S. 47:338.149 and other constitutional and statutory authority supplemental thereto, there is hereby created a sales tax district within the Parish of Lafourche, State of Louisiana, comprising all that area of the parish outside the corporate limits of the municipalities of Thibodaux, Lockport and Golden Meadow, said municipalities being the only incorporated municipalities within the Parish of Lafourche.

(b)  The tax district shall be and the same is hereby known and designated as "Sales Tax District No. 1 of the Parish of Lafourche, State of Louisiana;" and the seal of the Parish of Lafourche, State of Louisiana, is hereby adopted as the seal of the sales tax district. The governing authority of the sales tax district shall be the Lafourche Parish Council, the domicile shall be the regular meeting place of the parish council, and the officers of the parish council shall be the officers of the sales tax district.

(c)  The sales tax district shall have all the powers granted to it under state law, including the power to levy a sales and

use tax of not exceeding one percent in accordance with R.S. 33:2738.41, and to fund the proceeds thereof into bonds for the purpose for which the sales tax is authorized to be used.

(Code 1996, § 23:25; Ord. No. 1301, 2-28-1980)

Secs. 38-109—38-129. - Reserved.

DIVISION 3. - SECOND SALES TAX DISTRICT NO. 1

Sec. 38-130. - Created; boundaries; governing authority; officers; powers and duties.

(a) In accordance with the provisions of Act 639 of the Louisiana Legislature for the year 1984, and other constitutional and statutory authority supplemental thereto, there be and there is hereby created a sales tax district within the Parish of Lafourche, State of Louisiana, containing all of that territory within the present boundaries of parish council Ward 10 of the parish less and except that portion of said Ward No. 10, contained with the corporate boundaries of the Town of Golden Meadow as the corporate boundaries are presently constituted.

(b) Said sales tax district shall be and the same is hereby known and designated as "Lafourche Parish Sales Tax District No. 1, State of Louisiana" (the district); and the seal of the Parish of Lafourche, State of Louisiana, is hereby adopted as the seal of said district. The governing authority of the district shall be the Lafourche Parish Council, the domicile shall be the regular meeting place of said parish council, and the officers of said parish council shall be the officers of the district.

(c) The said district shall have all powers granted to it under state law, including the power to levy a sales and use tax of not exceeding 2½ percent, in accordance with Act 639 of the Louisiana Legislature for the year 1984, and article VI, sections 29 and 30 of the Constitution of the State of Louisiana of 1974, as amended, and other constitutional and statutory authority supplemental thereto, and to fund the proceeds thereof into bonds for the purposes for which the sales tax is authorized to be used.

(Code 1996, § 23:50; Ord. No. 1583, 6-12-1985)

Secs. 38-131—38-158. - Reserved.

DIVISION 4. - SALES TAX DISTRICT NO. 2

Sec. 38-159. - Created; boundaries; governing authority; officers; powers and duties.

(a) In accordance with the provisions of Act 639 of the Louisiana Legislature for the year 1984, and other constitutional and statutory authority supplemental thereto, there is hereby created a sales tax district within the Parish of Lafourche, State of Louisiana, containing all of that territory within the present boundaries of Ward Nos. 3, 4, 7, 8, 9 and 11 of the parish, less and except that portion of Ward No. 4 contained within the corporate boundaries of the Town of Lockport as the corporate boundaries are presently constituted.

(b) Said sales tax district shall be and the same is hereby known and designated as "Lafourche Parish Sales Tax District No. 2, State of Louisiana" (the district); and the seal of the Parish of Lafourche, State of Louisiana is hereby adopted as the seal of said district. The governing authority of the district shall be the Lafourche Parish Council, the domicile shall be the regular meeting place of said parish council, and the officers of said parish council shall be the officers of the district.

(c) The said district shall have all powers granted to it under state law, including the power to levy a sales and use tax of

not exceeding 2½ percent in accordance with Act 639 of the Louisiana Legislature for the year 1984, and article VI, sections 29 and 30 of the Constitution of the State of Louisiana of 1974, as amended, and other constitutional and statutory authority supplemental thereto, and to fund the proceeds thereof into bonds for the purpose for which the sales tax is authorized to be used.

(Code 1996, § 23:75; Ord. No. 1548, 6-12-1985)

Secs. 38-160—38-186. - Reserved.

DIVISION 5. - SALES TAX DISTRICT NO. 4

Sec. 38-187. - Created; boundaries; governing authority; officers; powers and duties.

(a)  In accordance with the provisions of R.S. 47:338.54, and other constitutional and statutory authority supplemental thereto, there is hereby created a sales tax district within the Parish of Lafourche, State of Louisiana, containing all that territory within the present boundaries of the parish, except that portion of the parish contained within the corporate boundaries of the City of Thibodaux, as said boundaries are presently constituted.

(b)  The said sales tax district shall be and the same is hereby known and designated as the "Sales Tax District No. 4 of the Parish of Lafourche, State of Louisiana" (the district); and the seal of the Parish of Lafourche, State of Louisiana, is hereby adopted as the seal of the district. The governing authority of the district shall be the Lafourche Parish Council; the domicile shall be the regular meeting place of said parish council; and the officers of said parish council shall be the officers of the district.

(c)  The district shall have all powers granted to it under state law, including the power to levy a sales and use tax, in accordance with R.S. 47:338.54, and article VI, section 29 of the Constitution of the State of Louisiana of 1974, as amended, and to fund the proceeds thereof into bonds for the purpose for which the sales and use tax is authorized to be used.

(Code 1996, § 23:100; Ord. No. 1675, 5-14-1986)

Sec. 38-188. - Sales tax levied.

(a)  Pursuant to the authority granted by the electorate of Sales Tax District No. 4 of the Parish of Lafourche, State of Louisiana, at a special election held therein on Saturday, September 27, 1986, as amended by Ordinance No. 2455 of 9-10-1996, there is hereby levied from and after November 1, 1996, for the purposes stated in the proposition set forth in the preamble to this article, a tax of seven-tenths of one percent upon the sale at retail, the use, the lease or rental, the consumption, and the distribution and storage for use or consumption, of tangible personal property and on sales of services in said district, all as defined in R.S. 47:301 through 47:317.

(b)  The seven-tenths of one percent sales and use tax shall be collected on the basis of the applicable integrated bracket schedule prescribed by the collector of revenue, State of Louisiana, pursuant to section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). The dealers shall remit to the district the sales taxes collected in accordance with said integrated bracket schedule. The tax levied hereby shall be assessed, collected, paid and enforced in the same manner as the one-half of one percent sales and use tax authorized at a special election held in Sales Tax District No. 1 of the Parish of Lafourche, State of Louisiana, on Saturday, May 17, 1980, and the provisions set forth in the ordinance adopted by this parish council on July 17, 1980, as amended from time to time to comply with state law, for the assessment, collection, payment and enforcement of the existing sales and use taxes in sales Tax District No. 1, shall apply to the assessment, collection, payment and enforcement of the tax herein levied as though all of the provisions of said ordinance of July 17, 1980, as amended, were set forth herein.

(c)  The parish president and the treasurer of the parish are hereby authorized, empowered and directed to enter into an agreement with the parish school board for the collection of the tax herein levied. The sales tax collector for the parish board shall follow the procedures, rules and regulations set forth in said ordinance of July 17, 1980, as amended. The said agreement shall authorize, empower and direct the sales and use tax collector for the parish school board to prepare s forms and documents and to take such other actions as may be desirable or necessary to accomplish the collection of t levied hereby in the same manner as all other sales and use taxes are now being collected by said sales tax collector on of this parish council.

(d)  The sales and use tax levied hereby shall be in addition to all other sales and use taxes lawfully levied and collected in Sales Tax District No. 4 of the Parish of Lafourche, State of Louisiana.

(e)  The appropriate officials of the parish are hereby authorized, empowered and directed to carry into effect the provisions of this section, and in pursuance thereof to make and enforce such rules as they may deem necessary.

(Code 1996, § 23:101; Ord. No. 1717, 10-28-1986; Ord. No. 2455, 9-10-1996)

**Editor's note—** The proceeds of this tax, as indicated in subsection (a) of this section, are limited to those purposes set out in the sales tax referendum proposition approved by the voters on September 27, 1986. The tax levy was reduced to 0.70 percent by Ord. No. 2455 of 9-10-1996.

Secs. 38-189—38-214. - Reserved.

DIVISION 6. - SALES TAX DISTRICT NO. 5

Sec. 38-215. - Created; boundaries; governing authority; officers; powers and duties.

(a)  In accordance with the provisions of R.S. 33:2721.6, and other constitutional and statutory authority supplemental thereto, there is hereby created a sales tax district within the parish, comprising and containing all that area of the parish outside the corporation limits of the municipalities of Thibodaux, Lockport, and Golden Meadow as the boundaries of said municipalities are presently constituted.

(b)  Said sales tax district shall be and the same is hereby known and designated as the "Sales Tax District No. 5 of the Parish of Lafourche, State of Louisiana" (the district) and the seal of the Parish of Lafourche, State of Louisiana is hereby adopted as the seal of the district. The governing authority of the district shall be the parish council, the domicile shall be the regular meeting place of said parish council, and the officers of said parish council shall be the officers of the district.

(c)  The district shall have all powers granted to it under state law, including the power to levy a sales and use tax, in accordance with R.S. 47:338.48, and article VI, section 29 of the Constitution of the State of Louisiana of 1974, as amended, and to fund the proceeds thereof into bonds for the purposes which the sales and use tax is authorized to be used.

(Code 1996, § 23:125; Ord. No. 1825, 5-11-1988)

Secs. 38-216—38-238. - Reserved.

DIVISION 7. - ROAD SALES TAX DISTRICT NO. 2

Sec. 38-239. - Road Sales Tax District No. 2; boundaries; officers; powers and duties.

Lafourche Parish, LA Code of Ordinances

In accordance with the provisions of R.S. 47:338.48, as amended, and other constitutional and statutory authority supplemental thereto, there is hereby created a sales tax district in the Parish of Lafourche, State of Louisiana (the parish), containing all of the territory within the boundaries of the parish south of the following described line, viz:

(1) Roadway district dividing line. Starting from the point at the intersection of Wards 10 and 11 with the Lafourche and Terrebonne parish lines; thence proceeding easterly then northerly along the lines between Wards 10 and 11 to Lake Cheniere; thence westerly then northwesterly along the lines between Wards 10 and 11 to a point in Grant Bayou, thence northerly on the Wards lines between 4 and 10 in Grand Bayou where they intersect with an unnamed oil field canal; thence northwesterly along said unnamed oil field canal to its intersection with an LP&L power line; thence southwesterly along said power line to its intersection with the St. Louis Canal; thence northwesterly along the St. Louis Canal to its intersection with a gas pipeline; thence continuing northwesterly along said pipeline to its intersection with LA Hwy. 24; thence westerly along LA Hwy. 24 to its intersection with an unnamed oil field road; thence northerly along said road to its intersection with the St. Louis Canal, thence easterly along the St. Louis Canal to its intersection with an unnamed canal; thence northerly along said canal to its intersection with the Intracoastal Waterway; thence easterly along the Intracoastal Waterway to its intersection with an LP&L power line; thence northerly along said power line to its intersection with Bayou Lafourche; thence northerly along Bayou Lafourche to its intersection with the extension of the Amoco Road; thence northerly along Amoco Road to its intersection with Middle Bayou; thence continuing northerly along Middle Bayou to its intersection with Valentine Road; thence continuing northerly along Valentine Road to its intersection with Bayou Portuguese; thence northeasterly along Bayou Portuguese to its intersection with an unnamed canal; thence easterly along said canal to its intersection with Petit Bois Bayou; thence southeasterly along Petit Bois Bayou to its intersection with Canal Tisamond Foret; thence northeasterly along the Canal Tisamond Foret to its intersection with the Intracoastal Waterway and the Wards 8 and 10 ward line; thence northeasterly along the line between Wards 8 and 10 with their intersection with the St. Charles Parish line.

(2) That said sales tax district shall be and the same is hereby known and designated as "Road Sales Tax District No. 2 of the Parish of Lafourche, State of Louisiana" (the district); and the seal of the Parish of Lafourche, State of Louisiana, is hereby adopted as the seal of the district. The governing authority of the district shall be the Lafourche Parish Council, the domicile shall be the regular meeting place of the parish council, and the officers of the parish council shall be the officers of the district.

(3) The district shall have all powers granted to it under state law, including the power to levy a sales and use tax in accordance with R.S. 47:338.54.

(Code 1996, § 23:141; Ord. No. 2538, 8-26-1997; Ord. No. 3958, 11-28-2006)

Sec. 38-240. - Sales tax levied in Road Sales Tax District No. 2.

Pursuant to the authority granted by the electorate of Road Sales Tax District No. 2 of the Parish of Lafourche, State of Louisiana at a special election held therein on March 31, 2007, there is hereby levied and collected a sales and use tax of one-half of one percent (the tax) for a period of 20 years from January 1, 2008, upon the sale at retail, the use, the lease or rental, the consumption, and the distribution and storage for use or consumption, of tangible personal property and on sales of services within the district, all as defined by law, with the proceeds of the tax to be dedicated and used for the purposes of constructing, improving, and/or maintaining public roads, bridges and drainage work in the district, as stated in the proposition. The district is authorized to fund the proceeds of the tax into bonds to be issued in series from time to time for such capital purposes, to the extent and in the manner permitted by the laws of the state, including Subpart F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950, as amended.

(Code 1996, § 23:142; Ord. No. 4089, 7-10-2007).

**Editor's note—** In a special election of November 15, 1997, approved for ten years, a one percent sales and use tax was levied. Per the election of March 31, 2007, the tax was reduced to one-half percent and for 20 years beginning January 1, 2008.

Secs. 38-241—38-258. - Reserved.

DIVISION 8. - ROAD SALES TAX DISTRICT NO. 3

Sec. 38-259. - Boundaries; officers; powers and duties.

(a)    In accordance with the provisions of R.S. 47:338.54, as amended, and other constitutional and statutory authority supplemental thereto, there is hereby created a sales tax district in the Parish of Lafourche, State of Louisiana (the parish), containing all of the territory within the boundaries described hereinbelow, viz:

Beginning at the intersection of the Southern Pacific Railroad and Bayou Cut Off; thence southeasterly along Bayou Cut Off to its intersection with Burma Road; thence continuing southeasterly along Bayou Cut Off to its intersection with an unnamed canal; thence southwesterly along said canal to its intersection with Bayou Grand Coteau; thence southeasterly along Bayou Grand Coteau to its intersection with Pump Discharge Canal; thence southerly and easterly along Pump Discharge Canal to its intersection with Bayou Grand Coteau; thence southeasterly along Bayou Grand Coteau to its intersection with Company Canal; thence northerly and northeasterly along Company Canal to its intersection with the 40 Arpent Canal; thence northwesterly along said 40 Arpent Canal to an LP&L power line; thence northeasterly along said power line to its intersection with Bayou Lafourche; thence southeasterly along Bayou Lafourche to its intersection with La. 654; thence easterly along La. 654 to its intersection with an LP&L power line; thence northerly along said power line to its intersection with Godchaux Canal; thence northeasterly and northerly along Godchaux Canal to its intersection with the St. Charles/Lafourche Parish line; thence southeasterly along said parish line to its intersection with western shoreline of Little Catahoula Bay at Grosse Pointe; thence southerly along the shoreline of Catahoula Bay to its intersection with Harvey Canal No. 2; thence southwesterly along Harvey Canal No. 2, the Intracoastal Waterway and Canal Tisamond Foret to its intersection with Petit Bois Bayou; thence northwesterly along Petit Bois Bayou to its intersection with an unnamed canal; thence westerly along said canal to its intersection with Bayou Portuguese; thence southwesterly along Bayou Portuguese, to its intersection with Valentine Road; thence continuing southwesterly along Valentine Road to its intersection with the 40 Arpent Canal; thence along the 40 Arpent Canal to its intersection with Middle Bayou; thence along Middle Bayou to its intersection with the Amoco Road; thence continuing southerly along Amoco Road to its intersection with Bayou Lafourche; thence southeasterly along Bayou Lafourche to its intersection with an LP&L power line; thence southerly along said power line to its intersection with the Intracoastal Waterway; thence westerly along said Intracoastal Waterway to its intersection with an unnamed canal; thence southerly along said canal to its intersection with St. Louis Canal (just west of Grand Bois Community); thence easterly and southerly along St. Louis Canal to its intersection with an LP&L power line; thence northeasterly along said power line to its intersection with an unnamed canal; thence southeasterly along said power line to its intersection with an unnamed canal; thence southeasterly along said canal to its intersection with Grand Bayou; thence continuing southeasterly along Grand Bayou to its intersection with Bayou Faleau; thence southwesterly along Bayou Faleau to its intersection with Bayou de la Valle in Calm Lake; thence southeasterly along Bayou de la Valle to its intersection with the western shoreline of Bay Courant; thence southerly along said shoreline through Pass a Jean to its intersection with the western shoreline of Lake Raccourci; thence southwesterly along said shoreline to its intersection with Grand Bayou Felicity; thence

westerly along Grand Bayou Felicity to its intersection with the Terrebonne/Lafourche Parish line; thence northwesterly along said parish line to its intersection with the Southern Pacific Railroad; thence northeasterly along said railroad to its intersection with Bayou Cut Off, the point of beginning.

Less and except Ward 4, Precinct 3 and Ward 4, Precinct 4 more fully described as follows: Beginning at the 3 point intersection of the northwestern corner of the corporate limits of the Town of Lockport, Company Canal, and the 40 Arpent Canal; thence northeasterly along said corporate limits towards Bayou Lafourche; thence southeasterly along said corporate limits and Bayou Lafourche to the most easterly corner of said corporate limits; thence southwesterly and northwesterly along said Town of Lockport corporate limits to its intersection with Company Canal, the point of beginning; which comprise the municipal boundaries of the Town of Lockport, Louisiana which is excluded from this taxing district.

(b) Said sales tax district shall be known and designated as "Road Sales Tax District No. 3 of the Parish of Lafourche, State of Louisiana" (the district); and the seal of the Parish of Lafourche, State of Louisiana, is hereby adopted as the seal of the district. The governing authority of the district shall be the Lafourche Parish Council, the domicile shall be the regular meeting place of the parish council and the officers of the parish council shall be the officers of the district.

(c) That the district shall have all powers granted to it under state law, including the power to levy a sales and use tax in accordance with R.S. 47:338.54, as amended, and article VI, section 29 of the Constitution of the State of Louisiana of 1974, and to fund the proceeds thereof into bonds for the purposes for which the sales tax is authorized to be used.

(Code 1996, § 23:150; Ord. No. 2617, 5-12-1998)

Sec. 38-260. - Sales and use tax levied.

Pursuant to the authority granted by the electorate of Road Sales Tax District No. 3 of the Parish of Lafourche, State of Louisiana, at a special election held in the district on Saturday, October 3, 1998; a one percent sales and use tax, upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on the sales of services is levied.

(1) *Definitions.* As used in this section, the words, terms and phrases "business," "cost price," "dealer," "gross sales," "hotel," "lease or rental," "person," "purchaser," "retail sale," "sale at retail," "retailer," "sale," "sales price," "sales of services," "storage," "tangible personal property," "off-road vehicle," "use," "use tax" and "drugs" have the meanings ascribed to them in R.S. 47:301, unless the context clearly indicates a different meaning. In addition, the following words have the meanings as hereinafter set forth unless the context clearly indicates a different meaning, to-wit:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

*Authority* means Road Sales Tax District No. 3 of the Parish of Lafourche, State of Louisiana, as is appropriate in the context used and with the understanding that the tax will be levied throughout the authority.

*Collector* means and includes the secretary of the parish council or its duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by the parish council to handle and accomplish the collection, enforcement and administration of sales and use tax on behalf of the authority.

(2) *Imposition of tax.*

   a. There is hereby levied from and after October 1, 1999, for the purposes stated in the proposition, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the authority as defined herein; and the levy of such tax shall be as follows:

1. At the rate of one percent of the sales price of each item or article of tangible personal property when sold a authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the aut include each and every retail sale.

2. At the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority provided there shall be no duplication of the tax.

3. At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

4. At the rate of one percent of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

5. At the rate of one percent of the gross proceeds derived from the sale of services, as defined herein.

b. The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

c. The tax so levied in the authority is, and shall be in addition to, all other taxes, whether levied in the form of sales, excise, or license, privilege or property taxes levied in the authority by any other ordinance or resolution of the parish council.

d. The dealer shall collect the tax levied by this section, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the collector of revenue of the state under the authority of section 304 of title 47 of the Louisiana Revised Statutes of 1950, as amended (R.S. 47:304). Such schedule or schedules shall include, in addition to the tax hereby levied pursuant to the election held on October 3, 1998, all sales taxes levied by the state, any sales tax levied by the authority and any sales taxes levied by any other political subdivision applicable in the authority. The dealer will remit that portion of such total tax representing the tax levied by this section to the collector. Copies of said integrated bracket schedules are available to dealers on request to the authority or the collector.

e. The collection of the tax herein levied shall be made in the name of the authority by the collector.

(3) *Exemptions and exclusions from tax.*

a. The levy of the tax imposed by this section shall not apply to those transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of chapter 2 of title 47 of the Louisiana Revised Statutes of 1950, as amended, and other applicable statutory authority.

b. It is not the intention of this section to levy the tax upon articles of tangible personal property imported into the authority or produced or manufactured in the authority for export; nor is it the intention of this section to levy the tax on a bona fide transaction in interstate commerce; however, nothing herein shall prevent the collection of the tax imposed by the use of catalogs and other means of sales promotion and for which federal legislation or federal jurisprudence enables the enforcement of this section upon the conduct of such business. It is, however, the intention of this section to levy the tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority. At such time as federal legislation or federal jurisprudence as to sales in interstate commerce promoted through the use of catalogs and other means of sale promotions enables the enforcement of this section against vendors that have no nexus to the state or the authority, the provisions of this section shall apply to such sales on which sales and use tax would not otherwise be collected.

c. No tax shall be due under this section on the sale of any goods or personal tangible property delivered or

services performed outside the territorial limits of the authority.

    d.  No tax shall be levied or collected on the storage of property which has been documented for use outside the authority although the property may be stored within the authority if the owners of such property which is to be stored for exclusive use outside the authority have acquired a tax exemption certificate from the local tax collector. When a vendor is presented with a copy of a tax exemption certificate from a vendor, the vendor shall be relieved from liability for the collection of use tax on such property. If the property is removed from storage and is used within the authority, the property shall be subject to taxation.

(Code 1996, § 23:151)

Secs. 38-261—38-283. - Reserved.

DIVISION 9. - ROAD SALES TAX DISTRICT NO. 5

Sec. 38-284. - Boundaries, governing authority, powers and duties.

(a)  In accordance with the provisions of R.S. 47:338.54, as amended, and other constitutional and statutory authority supplemental thereto, there is hereby created a sales tax district in the Parish of Lafourche, State of Louisiana (the parish), coextensive with the territory contained within the boundaries of Ward 1, Precincts 1, 2, 3 and 4; Ward 2, Precincts 12 and 13; Ward 3, Precinct 1; Ward 5, Precincts 1 and 2; Ward 7, Precinct 1; and Ward No. 6, as the boundaries of said voting precincts and said Ward No. 6 are presently constituted.

(b)  That said sales tax district shall be and the same is hereby known and designated as "Road Sales Tax District No. 5 of the Parish of Lafourche, State of Louisiana" (the district); and the seal of the parish, is hereby adopted as the seal of the district. The governing authority of the district shall be the Lafourche Parish Council, State of Louisiana (the parish council), the domicile shall be the regular meeting place of the parish council, and the officers of the parish council shall be the officers of the district.

(c)  The district shall have all powers granted to it under state law, including the power to levy a sales and use tax in accordance with R.S. 47:338.54, as amended, and article VI, section 29 of the Constitution of the State of Louisiana of 1974, and to fund the proceeds thereof into bonds for the purposes for which said sales tax and use tax is authorized to be used.

(Code 1996, § 23:156; Ord. No. 2723, 3-9-1999)

Sec. 38-285. - Sales and use tax levied.

There is hereby levied within Road Sales Tax District No. 5 of the Parish of Lafourche, State of Louisiana, a one percent sales and use tax, upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on the sales of services.

(1)  *Definitions.* As used in this section, the words, terms and phrases "business," "cost price," "dealer," "gross sales," "hotel," "lease or rental," "person," "purchaser," "retail sale," "sale at retail," "retailer," "sale," "sales price," "sales of services," "storage," "tangible personal property," "off-road vehicle," "use," "use tax" and "drugs" have the meanings ascribed to them in R.S. 47:301, unless the context clearly indicates a different meaning. In addition, the following words have the meanings as hereinafter set forth unless the context clearly indicates a different meaning, to-wit:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

*Authority* means Road Sales Tax District No. 5 of the Parish of Lafourche, State of Louisiana, as is appropriate in the context used and with the understanding that the tax will be levied throughout the authority.

*Collector* means and includes the secretary of the Lafourche Parish Council or its duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by the parish council to handle and accomplish the collection, enforcement and administration of sales and use tax on behalf of the authority.

(2) *Imposition of tax.*

    a. There is hereby levied from and after October 1, 1999, for the purposes stated in the proposition, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the authority as defined herein; and the levy of such tax shall be as follows:

        1. At the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the authority and to include each and every retail sale.

        2. At the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority, provided there shall be no duplication of the tax.

        3. At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.

        4. At the rate of one percent of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

        5. At the rate of one percent of the gross proceeds derived from the sale of services, as defined herein.

    b. The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

    c. The tax so levied in the authority is, and shall be in addition to, all other taxes, whether levied in the form of sales, excise, or license, privilege or property taxes levied in the authority by any other ordinance or resolution of this governing body.

    d. The dealer shall collect the tax levied by this section, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the collector of revenue of the state under the authority of section 304 of title 47 of the Louisiana Revised Statutes of 1950, as amended (R.S. 47:304). Such schedule or schedules shall include, in addition to the tax hereby levied pursuant to the election held on July 17, 1999, all sales taxes levied by the state, any sales tax levied by the authority and any sales taxes levied by any other political subdivision applicable in the authority. The dealer will remit that portion of such total tax representing the tax levied by this section to the collector. Copies of said integrated bracket schedules are available to dealers on request to the authority or the collector.

    e. The collection of the tax herein levied shall be made in the name of the authority by the collector.

(3) *Exemptions and exclusions from tax.*

    a. The levy of the tax imposed by this section shall not apply to those transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of chapter 2 of title 47 of the Louisiana Revised Statutes of 1950, as amended, and other applicable statutory authority.

    b. It is not the intention of this section to levy the tax upon articles of tangible personal property imported into the authority or produced or manufactured in the authority for export; nor is it the intention of this section to levy the tax on a bona fide transaction in interstate commerce; however, nothing herein shall prevent the

collection of the tax imposed by the use of catalogs and other means of sales promotion and for which federal legislation or federal jurisprudence enables the enforcement of this section upon the conduct of such business. It is, however, the intention of this section to levy the tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority. At such time as federal legislation or federal jurisprudence as to sales in interstate commerce promoted through the use of catalogs and other means of sale promotions enables the enforcement of this section against vendors that have no nexus to the state or the authority, the provisions of this section shall apply to such sales on which sales and use tax would not otherwise be collected.

c. No tax shall be due under this section on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the authority.

d. No tax shall be levied or collected on the storage of property which has been documented for use outside the authority although the property may be stored within the authority if the owners of such property which is to be stored for exclusive use outside the authority have acquired a tax exemption certificate from the local tax collector. When a vendor is presented with a copy of a tax exemption certificate from a vendor, the vendor shall be relieved from liability for the collection of use tax on such property. If the property is removed from storage and is used within the authority, the property shall be subject to taxation.

(Code 1996, § 23:157)

Secs. 38-286—38-303. - Reserved.

DIVISION 10. - ROAD SALES TAX DISTRICT NO. 6

Sec. 38-304. - Boundaries; governing authority; powers and duties.

(a) In accordance with the provisions of R.S. 47:338.54, as amended, and other constitutional and statutory authority supplemental thereto, there be and there is hereby created a sales tax district in the Parish of Lafourche, State of Louisiana (the parish), coextensive with the territory contained within the boundaries of Ward 3, Precincts 2, 3, 4, 5, and 6, and Ward 7, Precincts 2, 3, and 4, as the boundaries of said voting precincts are presently constituted.

(b) That said sales tax district shall be and the same is hereby known and designated as "Road Sales Tax District No. 6 of the Parish of Lafourche, State of Louisiana" (the district); and the seal of the parish, is hereby adopted as the seal of the district. The governing authority of the district shall be the Lafourche Parish Council, State of Louisiana (the parish council), the domicile shall be the regular meeting place of the parish council, and the officers of the parish council shall be the officers of the district.

(c) The district shall have all powers granted to it under state law, including the power to levy a sales and use tax in accordance with R.S. 47:338.54, as amended, and article VI, section 29 of the Constitution of the State of Louisiana of 1974, and to fund the proceeds thereof into bonds for the purposes for which said sales tax and use tax is authorized to be used.

(Code 1996, § 23:161; Ord. No. 2700, 1-12-1999)

Sec. 38-305. - Sales and use tax levied; Road Sales Tax District No. 6.

There is hereby levied within Road Sales Tax District No. 6 of the Parish of Lafourche, State of Louisiana, a one percent sales and use tax, upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use and consumption, of tangible personal property and on the sales of services.

**Editor's note—** Ordinance No. 2788 of 9-14-1999 provides for the assessment, collection, payment and dedication of such tax and the purpose for which the proceeds of said tax may be expended, such tax having been authorized at a special election held in the district on Saturday, July 17, 1999.

(1) *Definitions.* As used in this section, the words, terms and phrases "business," "cost price," "dealer," "gross sales," "hotel," "lease or rental," "person," "purchaser," "retail sale," "sale at retail," "retailer," "sale," "sales price," "sales of services," "storage," "tangible personal property," "off-road vehicle," "use," "use tax" and "drugs" have the meanings ascribed to them in R.S. 47:301, unless the context clearly indicates a different meaning. In addition, the following words have the meanings as hereinafter set forth unless the context clearly indicates a different meaning, to-wit:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

*Authority* means Road Sales Tax District No. 6 of the Parish of Lafourche, State of Louisiana, as is appropriate in the context used and with the understanding that the tax will be levied throughout the authority.

*Collector* means and includes the secretary of the parish council or his duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by the parish council to handle and accomplish the collection, enforcement and administration of sales and use tax on behalf of the authority.

(2) *Imposition of tax.*

a. There is hereby levied from and after October 1, 1999, for the purposes stated in the proposition, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the authority as defined herein; and the levy of such tax shall be as follows:

1. At the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the authority and to include each and every retail sale.

2. At the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority, provided there shall be no duplication of the tax.

3. At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

4. At the rate of one percent of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

5. At the rate of one percent of the gross proceeds derived from the sale of services, as defined herein.

b. The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

c. The tax so levied in the authority is, and shall be in addition to, all other taxes, whether levied in the form of sales, excise, or license, privilege or property taxes levied in the authority by any other ordinance or resolution of this governing body.

d. The dealer shall collect the tax levied by this section, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the collector of revenue of the state under the authority of section 304 of title 47 of the Louisiana Revised Statutes of 1950, as amended (R.S. 47:304). Such schedule or schedules shall include, in addition to the tax hereby levied pursuant to the election held on July 17, 1999, all sales taxes levied by the state, any sales tax levied by the

authority and any sales taxes levied by any other political subdivision applicable in the authority. The dealer will remit that portion of such total tax representing the tax levied by this section to the collector. Copies of said integrated bracket schedules are available to dealers on request to the authority or the collector.

e. The collection of the tax herein levied shall be made in the name of the authority by the collector.

(3) *Exemptions and exclusions from tax.*

a. The levy of the tax imposed by this section shall not apply to those transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of chapter 2 of title 47 of the Louisiana Revised Statutes of 1950, as amended, and other applicable statutory authority.

b. It is not the intention of this section to levy the tax upon articles of tangible personal property imported into the authority or produced or manufactured in the authority for export; nor is it the intention of this section to levy the tax on a bona fide transaction in interstate commerce; however, nothing herein shall prevent the collection of the tax imposed by the use of catalogs and other means of sales promotion and for which federal legislation or federal jurisprudence enables the enforcement of this section upon the conduct of such business. It is, however, the intention of this section to levy the tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority. At such time as federal legislation or federal jurisprudence as to sales in interstate commerce promoted through the use of catalogs and other means of sale promotions enables the enforcement of this section against vendors that have no nexus to the state or the authority, the provisions of this section shall apply to such sales on which sales and use tax would not otherwise be collected.

c. No tax shall be due under this section on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the authority.

d. No tax shall be levied or collected on the storage of property which has been documented for use outside the authority although the property may be stored within the authority if the owners of such property which is to be stored for exclusive use outside the authority have acquired a tax exemption certificate from the local tax collector. When a vendor is presented with a copy of a tax exemption certificate from a vendor, the vendor shall be relieved from liability for the collection of use tax on such property. If the property is removed from storage and is used within the authority, the property shall be subject to taxation.

(Code 1996, § 23:162)

Secs. 38-306—38-322. - Reserved.

DIVISION 11. - CONSOLIDATED SALES TAX DISTRICT A

Sec. 38-323. - Created; powers; levy of tax.

(a) In accordance with the provisions of R.S. 47:338.54, as amended, and other constitutional and statutory authority, there is hereby created a Sales Tax District in the Parish of Lafourche, State of Louisiana, with the boundaries encompassing all of the territory presently contained within the boundaries of Road Sales Tax District No. 3, Road Sales Tax District No. 5, and Road Sales Tax District No. 6 of the Parish of Lafourche, State of Louisiana.

(b) Said sales tax district is hereby designated as "Consolidated Sales Tax District A of the Parish of Lafourche, State of Louisiana" (the district), and the seal of the parish is hereby adopted as the seal of the district. The governing authority of the district shall be the Lafourche Parish Council, State of Louisiana, the domicile shall be the regular meeting place of the parish council and the officers of the parish council shall be the officers of the district.

(c)  The district shall have all powers granted to it under state law, including the power to levy a sales and use tax in accordance with state law, including, but not limited to, R.S. 47:338.54, as amended, and article VI, section 29 of the Constitution of the State of Louisiana of 1974, and to fund the proceeds thereof into bonds for the purposes for which the proceeds of said and use tax are dedicated.

(d)  The underlying districts shall continue to exist as presently constituted, until such time as all outstanding indebtedness if such underlying districts has been paid in full or assumed by the district or the parish.

(e)  Levy of tax. Consolidated Sales Tax District A is authorized to levy and collect a tax of one percent (the tax) for a period of 20 years from October 1, 2007, upon the sale at retail, the use, the lease or rental, the consumption, and the distribution and storage for use or consumption, of tangible personal property and on sales of services within the district, all as defined by law, with the proceeds of the tax to be dedicated and used for the purposes of construction, improving and maintaining public roads, bridges, and drainage works in the district, including payment of principal and interest on the outstanding debt obligations of underlying Road Sales Tax District No. 5 and Road Sales Tax District No. 6 of the Parish of Lafourche, State of Louisiana (collectively, the underlying districts); and further, the district is authorized to fund the proceeds of the tax into bonds to be issued in series from time to time for any of the foresaid capital purposes as permitted by the laws of the state; provided that the one percent sales and use tax presently being levied by each of the underlying districts will cease to be levied from the date of the levy of the tax, and further provided that should the proceeds of the tax be insufficient at any time to pay principal and interest on all of the debt obligations of the underlying district, the proceeds of the tax will be apportioned to service the debt of the underlying districts based on the amount of the tax avails generated within the boundaries of the respective underlying districts.

(Code 1996, § 23:165; Ord. No. 3942, 11-8-2006; Ord. No. 4088, 7-20-2007)

Secs. 38-324—38-330. - Reserved.

DIVISION 12. - ROAD SALES TAX DISTRICTS; COLLECTION AND DISPOSITION OF TAX

Sec. 38-331. - Definitions.

As used in this section, the words, terms and phrases "business," "cost price," "dealer," "gross sales," "hotel," "lease or rental," "person," "purchaser," "retail sale," "sale at retail," "retailer," "sale," "sale price," "sales of services," "storage," "tangible personal property," "off-road vehicle," "use," "use tax" and "drugs" have the meanings ascribed to them in R.S. 47:301, unless the context clearly indicates a different meaning. In addition, the following words have the meanings as hereinafter set forth unless the context clearly indicates a different meaning, to-wit:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

*Authority* means one of the road sales tax districts of the Parish of Lafourche, State of Louisiana, as is appropriate in the context used and with the understanding that the tax will be levied throughout the authority.

*Collector* means and includes the secretary of the parish council or its duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by the parish council to handle and accomplish the collection, enforcement and administration of sales and use tax on behalf of the authority.

(Code 1996, § 23:170(A); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

Sec. 38-332. - Collection of tax by dealer.

(a) The taxes levied by each road sales tax authority shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 38-334(f). The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of the sale; provided, however, that the council shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(b) Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use, or other consumption, in the authority, shall, at the time of making sales, collect the tax imposed by this section for the purchaser.

(c) The dealer shall, as far as practicable, add the exact amount of the tax imposed under this section, or the average equivalent thereof, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.

(d) In order to aid in the administration and enforcement of the provisions of this section, and to collect all of the tax imposed by a road sales tax authority, on or before the appropriate date as specified by each authority, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by the collector, provided any dealer that has heretofore made such filing pursuant to any prior ordinance providing for the levy and collection of a sales and use tax is not required to make an additional filing hereunder. The collector shall, within five days after such registration, issue without charge to each dealer who purchases or imports for resale a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(e) A manufacturer, wholesaler dealer, jobber or supplier shall refuse to accept a certificate that any property upon which tax is imposed by this chapter is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by such authority; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the tax paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the authority governing body the tax herein imposed.

(f) The tax imposed by this chapter upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the state vehicle registration license tax shall be collected as provided in this section.

(1) The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue of the state at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

a. The tax levied by this chapter on the sale of any such vehicle shall be due at the time of registration or any transfer of registration is required by the Vehicle Registration License Tax Law of the State of Louisiana (R.S. 47:451 et seq.).

b. The tax levied by this article on the use of any such vehicle in the unincorporated area of the authority shall

be due at the time first registration in the authority is required by the Vehicle Registration License Tax Law (R.S. 47:451 et seq.).

(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this subsection to grant an exemption from the tax levied by any authority to any sale, use, item or transactions which has heretofore been taxable, and this subsection shall not be construed as so doing. It is the intention of this subsection to transfer the collection of sales and use taxes on vehicles from the vendor to the vehicle commissioner as agent for the secretary of the department of revenue and taxation of the state, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of said secretary of the department of revenue in accordance with an agreement by and between said secretary of the department of revenue or the vehicle commissioner as agent therefor and the parish council, the execution of which agreement is hereby authorized. Said tax so collected for said secretary of the department of revenue shall be paid to the parish council and sent to the collector as soon as possible, and in any event at least once each quarter, all in accordance with the said agreement.

(4) The provision contained in R.S. 47:301(10) which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject to this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(g) All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the governing body. Such auctioneers or the company which they represent shall be responsible for the collection of the tax authorized herein and shall report and remit same as provided by this article.

(h) Contracts for the membership in health and fitness clubs are subject to the tax authorized herein and shall be due and payable on a monthly basis computed on the amount paid each month less any actual imputed interest or collection fees or unpaid reserve amounts not received by a health and fitness club, provided no tax shall be due or payable on amounts collected on such contracts prior to the effective date of the tax.

(i) A person engaged in any business taxable under this chapter shall not advertise or hold out to the public, in any manner directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this division.

(j) Where the tax collected for any period is in excess of one percent, the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(k) Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by an authority, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the governing body, and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the governing body within 15 days after such sale was made or rendered.

(l) For the purpose of compensating the dealer in accounting for and remitting the tax levied by an authority, each dealer shall be allowed 1 1/10 percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Code 1996, § 23:170(B); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

Sec. 38-333. - Collection of tax from dealer.

(a)  The tax imposed by this chapter shall be collectible by the collector on behalf of the governing body from all persons engaged as dealers.

(1)  The collector is duly authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the authority.

(2)  The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the tax imposed by the authority.

(3)  Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this division.

(4)  The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this division.

(b)  On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by the authority on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use of consumption, in the authority. For the purpose of this article, use or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(c)  A credit against the use tax imposed by an authority shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in the State of Louisiana, or city or county in a state other than Louisiana. The credit provided herein shall be granted only in the case where the city or parish in the State of Louisiana, or the city or county in a state other than Louisiana to which a similar tax has been paid, grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in the State of Louisiana, or to a city or county in a state other than Louisiana, shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by the governing authority upon the said tangible personal property which is subject of the use tax imposed by the authority.

(Code 1996, § 23:170(C); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

Sec. 38-334. - Returns and payment of tax.

(a)  The tax levied by the authority shall be due and payable by all dealers monthly on the first day of the month.

(b)  For the purpose of ascertaining the amount of tax payable under this chapter, it shall be the duty of all dealers on or before the 20th day of the month following the month in which the tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by the collector, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of the tax to the end of such month. Thereafter, like returns shall be prepared and transmitted to the collector by all

dealers, on or before the 20th day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to the governing body the required tax due for the preceding calendar month.

(c) At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the governing body therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause said tax to become delinquent. All tax interest and penalties imposed under this article shall be paid to the governing body in the form of remittance required by the collector.

(d) Gross proceeds from rentals or leasers of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported, and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(e) The collector, for good cause, may extend for not to exceed 30 days the time for making any returns required under the provisions of this article.

(f) For the purpose of collecting and remitting to the governing body the tax imposed thereby, the dealer is hereby declared to be the agent of the governing body.

(Code 1996, § 23:170(D); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

**Editor's note—** See each road sales tax district to determine effective date.

Sec. 38-335. - Records and inspection thereof.

(a) It shall be the duty of every dealer to make a report and pay any tax under an authority, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under the authority, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector, and it shall be the duty of every such dealer, moreover, to keep and preserve, for the period provided in R.S. 47:309, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices, and other records shall be open to examination at all reasonable hours, by the collector.

(b) Each dealer shall secure, maintain and keep, for the period provided in R.S. 47:309, a complete record of sales and services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this section, and all such records shall be open for inspection to the collector at all reasonable hours.

(c) In order to aid in the administration and enforcement of the provisions of this section, and to collect all of the tax imposed by each road sales tax district, all wholesale dealers and jobbers in each authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the collector at all reasonable hours.

(d) For the purpose of administering this section, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this section, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official,

agent, or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by a road sales tax district, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his power so to do.

(e) For the purpose of enforcing the collection of the tax levied by an authority, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in the authority whether said companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this section, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(f) The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of collection of the tax imposed by an authority. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this section may be authenticated under his official signature, and when so authenticated, shall be evidence in all court of the state of the same weight and force as the original thereof.

(g) The records and files of the collector respecting the administration of this chapter shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer except in the administration and enforcement of this division and applicable tax laws, all as provided in R.S. 47:1508. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

   (1) In an action or proceeding under the provisions of this chapter; and

   (2) When the records or files or the facts shown thereby are directly involved in such action or proceedings.

(h) Nothing contained in this section shall be construed to prevent:

   (1) The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this division;

   (2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

   (3) The inspection by the legal representative of the governing body of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed by an authority or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

   (4) The examination of the records and files by the collector; or

   (5) The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Code 1996, § 23:170(E); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

Sec. 38-336. - Imported goods; permits.

(a) In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any

person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture.

(b) Such system of permits shall require the person or dealer, who desires to import tangible personal property into an authority, which property is subject to tax imposed by said authority, to apply to the collector for a permit stating the kind of vehicle, to be used; the name of the driver, the license number of the vehicle; the kind of character of tangible personal property to be imported; the date, the name and address of the consignee; and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Code 1996, § 23:170(F); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

Sec. 38-337. - Remedies for collection, including interest, penalties, etc.

(a) For the purpose of the enforcement of this division, and the collection of the tax levied by an authority, it is presumed that all tangible personal property, subject to the provisions of this division, imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, and is subject to the tax herein levied; provided that such presumption shall be prima facie only and subject to proof furnished to the collector.

(b) Failure to pay any tax due as provided in this division, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the governing body is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two or more than ten days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why such dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the governing body, prohibiting such dealer from the further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(c) If the amount of tax due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax are due, there shall be collected, with said tax, interest upon said unpaid amount, at a uniform rate of interest per annum set by the collector for all sales and use tax being levied and collected within the authority, or fractional part thereof, said interest to be computed from the first day of the month next following the month for which the tax are due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five percent for each 30 days, or fraction thereof, of delinquency, not to exceed 25 percent in aggregate, of the tax due, when such taxes are not paid within 30 days of the date the tax first become due and payable, and, in the event of suit, attorneys' fees at the rate of ten percent of the aggregate of tax, interest and penalty.

(d) In the event any dealer fails to make a report and pay the tax as provided by this division, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.

(1) In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the

cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(2) In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true or actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the governing body in the same manner as above provided in subsection (d)(1) of this section.

(3) In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "Road Sales Tax District No.___—1% Sales Tax Account" in the same manner as is the tax collected under this division.

(4) If any dealer fails to make any return required by this section or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty as provided in R.S. 47:1604.1. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(e) If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within 15 days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such tax, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no tax, interest and penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the tax, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assignors.

(f) In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until 30 days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(g) In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

(h) If any dealer, subject to make and file a return required by any of the provisions of this division, fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this division, or otherwise fails to comply with the provisions of this division, for the taxable period for which said return is made, the

collector shall give such dealer 15 days notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, to give testimony or to answer interrogatories under oath administered by the collector, respecting the sale at retail, the use, or consumption, or distribution, or storage for use or consumption, in the authority, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this division.

(i)   If any dealer fails to make a return, or refuses to permit an examination of his (the dealer's) books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(j)   The importation into the authority of tangible personal property which is subject to the tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in section 38-336 (if the tax imposed by this article on said tangible personal property has not been paid), shall be construed as an attempt to evade payment of said tax and the same is hereby prohibited, and the said truck, automobile, or means of transportation other than a common carrier, and said taxable property may be seized by the governing authority in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this division.

(k)   The failure of any dealer who imports tangible personal property from outside the authority into the authority for use of consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this division, to pay the required tax on such transactions, shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that it is the intention of this division to prevent the disposition of the said tangible personal property in order to ensure payment of the tax imposed by this article, together with interest, penalties, and costs, and the authority to attach is hereby specifically authorized and granted to the governing body.

(l)   In addition to the penalties prescribed in this and subsection (k) of this section, any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined and/or imprisoned as provided in R.S. 33:2845 and 33:2846, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(m)  The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this chapter, from the time they are due, shall be a personal debt of such person, or dealer, to the governing body recoverable in any court of competent jurisdiction in an action at law by the governing body. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an

innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the governing body.

(n) The governing body may require a bond or other security satisfactory to the collector for the payment of any tax, fees, interest and penalties, or any of them, imposed pursuant to this chapter when he shall find that the collection thereof may be prejudiced without such security.

(o) If any person, or dealer, shall fail to make a return or report as required by this section, the collector, subject to the prescriptive period set forth in state law, may make an estimate of the amount of tax such person, or dealer, is liable to pay under the terms of this section, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the governing body from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(p) After a return or report is filed under the provisions of this section, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary, and, if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the governing body from such person, or dealer, and make demand upon him for payment.

(q) If the collector finds that any person, or dealer liable for the payment of any tax under this chapter designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this division, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

(r) All tax, penalties and interest assessed pursuant to the provisions of the last three preceding sections, shall be paid within 15 days after notice and demand shall have been mailed to the dealer liable therefor by the governing body. If such tax, penalties and interest so assessed shall not be paid within such 15 days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this division, a sum equivalent to five percent of the tax.

(s) If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such tax within the time prescribed in this division, it shall be lawful for the collector, or his duly authorized representative, who is charged with the enforcement of collection of such tax, to enforce collection of such tax, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(t) Any dealer who shall neglect, fail or refuse to collect the tax as provided in section 38-332(a) through (j), upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(1) For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished as provided for in R.S. 33:2845, in the discretion of the court;

(2) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under section 38-332(a) through (j) and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(3) Any dealer who shall fail, neglect, or refuse to collect the tax as provided in section 38-332(a) through (j), whether by through his agents or employees;

(4) Any dealer violating the provisions of subsections (e) and (f) of this section;

(5) Any dealer who fails to permit an inspection of records by the collector as provided in section 38-335(a);

(6) Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 38-335(c);

(7) Any dealer, wholesale dealer or jobber who violates the provisions of section 38-332(d) and (e);

(8) Any dealer who violates the provisions of section 38-335(b);

(9) Any dealer failing or refusing to furnish any return as provided in section 38-334(a) through (e), or failing or refusing to furnish a supplemental return, or other data required by the collector;

(10) Any dealer required to make, render, sign or verify any return as provided in section 38-334(a) through (f), who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(11) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of this subsection(t), provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this section for the recovery of the tax, interest and penalties that may be due; and

(12) Any person who shall violate any other provisions of this division, punishment for which is not otherwise herein provided.

(u) No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all tax, fees, penalties and interest imposed on the corporation in accordance with provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the authority may surrender such authority and withdraw from this state until all tax, fees, penalties, interest, and other charges imposed upon said corporation in accordance with the provisions of this division shall have been fully paid.

(v) Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this division to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in section 38-227(c), for each month or fraction thereof that the tax remain unpaid, to be calculated from the date the taxes were originally due to the date of actual payment. In addition, such person or dealer shall pay any special penalty or penalties provided by this division.

(w) All penalties and interest imposed by this division shall be payable to and recoverable by the governing body in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any such penalty.

(Code 1996, § 23:170(G); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)


Sec. 38-338. - Refunds and reimbursements.

(a) In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this chapter has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector, and in case the taxes have not been remitted by the dealer to the governing body, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall be as provided in R.S. 33:2718.1, the governing body, through the collector, shall issue to the dealer an official credit memorandum equal to the net

amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the governing body at full face value from the dealer to whom it is issued, in the remittance for subsequent tax accrued under the provisions of this division.

(b) If any dealer shall have given to the collector notice within the time provided in subsection (a) of this section, such dealer thereafter, within the period provided by R.S. 33:2718.1, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(c) If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this division, and if there be no such liability, said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part, he shall make an order accordingly and serve notice upon such dealer.

(d) Where no question of fact or law is involved, and it appears that the records of the governing body that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within prescriptive period provided by state law , upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund, and thereupon, the collector shall authorize the payment thereof from any appropriation available for such purposes.

(e) When, to secure compliance with any of the provisions of this division any moneys shall have been deposited with the governing body by any dealer, and shall have been paid over to the governing body and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this division.

(Code 1996, § 23:170(H); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

Sec. 38-339. - Remedies of the dealer.

(a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this section; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period as provided in R.S. 47:1576; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate as provided in R.S. 47:1576, covering the period from the date the said funds were received by the governing body to the date of refund.

(b) This section shall afford a legal remedy and right of action in any state, municipal or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this division, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions, service shall be upon the collector.

(c) This section shall be construed to provide a legal remedy in the state, municipal or federal courts, by action of law, in case such tax is claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the

principal of law involved in an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts, may pay the additional suit. In such cases, the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d)  If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within the period provided in R.S. 47:1563, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, municipal or federal court of competent jurisdiction as provided for in subsection (b) of this section.

(Code 1996, § 23:170(I); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

Sec. 38-340. - Other administrative provisions.

(a)  The collector is hereby authorized and empowered to carry into effect the provisions of this division, and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this division and other policies or procedures established by the governing body.

(b)  The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this section or the laws and the Constitution of this state or of the United States, for the enforcement of the provisions of this division and the collection of the revenues and penalties imposed by this article.

(c)  The collector shall design, prepare, print and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to ensure a full collection from dealers and an accounting for the tax due, but the failure of any dealer to secure such forms shall not relieve such dealer from the payment of said tax at the time and in the manner herein provided.

(d)  The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and the inspection and enforcement duties required herein, shall be borne by the collector.

(e)  In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of the enabling ordinance and containing the sale price, and delivery is made after the effective date of the enabling ordinance, and such sale is taxable under the enabling ordinance, the seller shall add the tax imposed by said enabling ordinance to said sale price, and collect it from the buyer.

(1)  The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of the ordinance from which this section is derived, except no new or additional sales or use tax shall be applicable to sales of material or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of the tax or to sales or services involved in such contracts entered into and reduced to writing within 90 days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales tax at the rates effective and existing prior to such effective date.

(2)  The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the unincorporated area of the authority prior to the effective date of the tax, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(f)  It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person

signing any application, disposition, statement, or report required by the collector in the administration of this division.

(g) The collector, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this division. Such examinations or hearings shall be at a time convenient to the dealer within 14 days after requested by the collector in writing.

(h) Any notice required to be given by the collector pursuant to this section, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this division, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(i) The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions, and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this chapter. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, the collector shall be paid a fee to be established from time to time by him which shall be deposited in the appropriate sales tax fund.

(j) Nothing in this section shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceeding to collect the tax given such dealer by any other law, or to deprive the governing body of any remedy for the enforcement of this division through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this section be construed as repealing or altering any such laws, ordinances, or resolutions.

(k) The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the governing body of any kind or nature.

(Code 1996, § 23:170(J); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

Sec. 38-341. - Disposition of tax proceeds and revenues.

(a) All tax revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the collector as an agent of the governing body under any provision or provisions of this article shall be promptly deposited by the collector for the account of the governing body in a special fund designated the "Road Sales Tax District No. ___—1 Percent Sales Tax Account," which funds shall be established and maintained as sacred funds of the governing body, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(b) Out of the funds on deposit in said "Road Sales Tax District No. ___—1 Percent Sales Tax Account," the collector shall first pay all reasonable and necessary expenses of collecting and administering the respective tax levied herein and administering the provisions of this article as well as the various administrative procedures established herein.

(c) In compliance with the respective special elections, authorizing each road sales district tax, after all reasonable and necessary costs and expenses of collecting and administering the tax have been paid as provided in subsection (b) of this section, the remaining balance of the sales tax proceeds shall be available for appropriation and expenditure by the governing body, solely for the respective purposes designated in the proposition authorizing the levy of the tax as approved by a majority of the qualified electors of the authority voting in said special election.

(Code 1996, § 23:170(K); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

Sec. 38-342. - Collector as agent and trustee for governing body.

It is hereby recognized that the tax herein levied is being levied by and on behalf of the governing body as herein provided and that the collector is acting as agent for the governing body for the purpose of administration and collection of the tax.

(Code 1996, § 23:170(L); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

Sec. 38-343. - Miscellaneous.

The provisions of chapter 2 of title 47 of the Louisiana Revised Statutes, as amended, and any other statutory authority are hereby made applicable to the levy and collection of the sales and use tax levied by a road sales tax district, and to the extent, if any, that the provisions set forth herein conflict with any statutory authority, the statutory authority shall be controlling.

(Code 1996, § 23:170(M); Ord. No. 2678, 11-10-1998; Ord. No. 2787, 9-14-1999; Ord. No. 2788, 9-14-1999)

Secs. 38-344—38-374. - Reserved.

ARTICLE II. - SALES TAX

---

*Footnotes:*

*--- **(2)** ---*

***State Law reference—** Sales taxes generally, R.S. 47:338.1 et seq.; Uniform Local Sales Tax Code, R.S. 47:337.1 et seq.*

---

Sec. 28-21. - Adoption of Uniform Local Sales Tax Code.

Pursuant to the authority conferred by R.S. 47:337.4 (levy of sales and use tax), the provisions of R.S. 47:337.1 et seq., as amended, commonly referred to as the "Uniform Local Sales Tax Code," are hereby adopted by reference and incorporated herein as if set out fully and shall apply in the assessment, collection, administration and enforcement of the tax imposed herein.

Sec. 28-22. - Imposition.

Pursuant to the authority of a special election held in the parish, on December 8, 2012, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the parish, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act No. 73 of the 2003 regular session of the state legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. No. 862A, § 1, 11-13-2012)

Sec. 28-23. - Rate of tax.

The tax is levied at the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale. The tax is levied at the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax. The tax is levied at the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the business, or of the monthly lease or rental price paid by the lessee or rentee, or contracted or agreed to be paid by the lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. No. 862A, § 2, 11-13-2012)

Sec. 28-24. - Term.

The tax shall remain in effect for ten years (January 1, 2013, through December 31, 2022).

(Ord. No. 862A, § 4, 11-13-2012)

Sec. 28-25. - Purposes.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on December 8, 2012, authorizing the tax.

(Ord. No. 862A, § 5, 11-13-2012)

Sec. 28-26. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for remitting the tax levied by this article, each dealer shall be allowed 1½ percent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed to the dealer hereunder.

(Ord. No. 862A, § 6, 11-13-2012)

Sec. 28-27. - Exclusions and exemptions.

The police jury adopts none of the optional exclusions or exemptions allowed by the state sales and use tax law, nor does the police jury adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29(D)(1) of the Constitution of the State of Louisiana of 1974, that are not allowed as an exclusion or exemption from state sales and use tax. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the constitution or statutes of the state, including the Act.

(Ord. No. 862A, § 7, 11-13-2012)

Sec. 28-28. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of 1¼ percent per month.

(Ord. No. 862A, § 8, 11-13-2012)

Sec. 28-29. - Delinquency penalty.

The delinquency penalty, as provided by R.S. 47:337.70, shall be five percent per month on the unpaid amount of the tax due for each 30-day period, not to exceed five 30-day periods.

(Ord. No. 862A, § 9, 11-13-2012)

Sec. 28-30. - Penalty for false, fraudulent or grossly incorrect return.

The penalty for a false, fraudulent or grossly incorrect return, as authorized by R.S. 47:337.72, shall be 50 percent of the amount of the tax found to be due.

(Ord. No. 862A, § 10, 11-13-2012)

Sec. 28-31. - Negligence penalty.

The penalty for negligence, as authorized by R.S. 47:337.73, shall be five percent of the unpaid amount of the tax found to be due, or $10.00, whichever is greater.

(Ord. No. 862A, § 11, 11-13-2012)

Sec. 28-32. - Penalty for insufficient funds check.

The penalty for an insufficient funds check, as authorized by R.S. 47:337.74, shall be an amount equal to the greater of one percent of the check or $20.00.

(Ord. No. 862A, § 12, 11-13-2012)

Sec. 28-33. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this article, or to represent him in any proceeding under this article. If any taxes, penalties or interest due under this article are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. No. 862A, § 13, 11-13-2012)

Sec. 28-34. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. No. 862A, § 14, 11-13-2012)

Sec. 28-35. - Distraint penalty.

The penalty, as provided by R.S. 47:337.76, in cases where the distraint procedure is used in the collection of the tax shall be $10.00.

(Ord. No. 862A, § 15, 11-13-2012)

Sec. 28-36. - Limits on interest penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees, be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 862A, § 16, 11-13-2012)

Sec. 28-37. - Collector.

The tax levied by this article is authorized to be collected by a "collector" which term shall mean the police jury.

(Ord. No. 862A, § 17, 11-13-2012)

Sec. 28-38. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this article, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. No. 862A, § 18, 11-13-2012)

Sec. 28-39. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, the police jury, acting through the president of the police jury, is authorized to enter into an agreement with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(Ord. No. 862A, § 19, 11-13-2012)

Sec. 28-40. - Revenues of tax.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision of this article relating to the tax shall be promptly deposited by the collector for the account of the parish in the special fund to be established and maintained for the deposit of such proceeds, which fund shall be a separate bank account to be maintained with the regularly designated fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

(b) In compliance with the said special election of December 8, 2012, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by the police jury solely for the purposes designated in the applicable proposition authorizing the levy of the tax.

(Ord. No. 862A, § 20, 11-13-2012)

Sec. 28-41. - Uniform sales tax controlling.

If any provision of this article shall be in conflict with the provisions of the Uniform Local Sales Tax Code, the provisions of the Uniform Local Sales Tax Code shall be controlling.

(Ord. No. 862A, § 22, 11-13-2012)

ARTICLE III. - SALES AND USE TAX

*Footnotes:*

*--- (2) ---*

**State Law reference—** *Sales taxes, generally, R.S. 47:301 et seq.; Uniform Local Sales Tax Code, 47:337.1 et seq.*

Sec. 42-62. - Imposition.

Pursuant to the authority of a special election held in the parish on December 6, 2014, a permanent tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the parish, (the tax), as defined by law. The tax authorized in this article is levied at the rate of 0.5 percent of:

(1) The sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish and to include each and every retail sale;

(2) The cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored in the parish for use or consumption in the parish or elsewhere, provided there shall be no duplication of the tax;

(3) The gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property; and

(4) The amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. No. 1359, § 1, 1-12-2015)

Sec. 42-63. - Uniform local sales tax code to apply.

The Uniform Local Sales Tax Code, as enacted by Act No. 73 of the 2003 Regular Session of the Louisiana Legislature (R.S. 47:337.1 et seq.) and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which Uniform Local Sales Tax Code are hereby incorporated by reference.

(Ord. No. 1359, § 2, 1-12-2015)

Sec. 42-64. - Effective date.

The renewal of the tax shall be effective on May 1, 2015.

(Ord. No. 1359, § 3, 1-12-2015)

## Sec. 42-65. - Term.

As provided in the aforesaid proposition, the tax shall be permanent, therefore there shall be no expiration date of the tax.

(Ord. No. 1359, § 4, 1-12-2015)

## Sec. 42-66. - Purposes.

The proceeds of the tax (after paying the reasonable and necessary costs and expenses of collecting and administering the tax), shall be dedicated and used for the purpose of constructing, acquiring, maintaining, improving and operating a solid waste collection and disposal system for the parish, including the closing of existing landfills, as stated in the proposition set forth above.

(Ord. No. 1359, § 5, 1-12-2015)

## Sec. 42-67. - Collector.

The tax levied by this article is authorized to be collected by a collector. The term "collector" means the sales and use tax commission.

(Ord. No. 1359, § 6, 1-12-2015)

## Sec. 42-68. - Electronic returns required.

Pursuant to R.S. 47:337.22, 47:337.23 and 47:1520(A)(1)(d), the collector may require that the tax be remitted by the dealer electronically, accompanied by an electronic sales and use tax return to be provided by the collector.

(Ord. No. 1359, § 7, 1-12-2015)

## Sec. 42-69. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed 1 1/10 percent of the amount of tax due and accounted for and remitted to the tax collector in the form of a deduction in submitting his report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. No. 1359, § 8, 1-12-2015)

Sec. 42-70. - Exclusions and exemptions.

The governing authority adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does the governing authority adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29(D)(1) of the constitution of the state of 1974 that are not allowed as an exclusion or exemption from state sales and use tax. Included within the tax base is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the constitution or statutes of the state, including the Act.

(Ord. No. 1359, § 9, 1-12-2015)

Sec. 42-71. - Interest.

The interest on unpaid taxes provided for by R.S. 47:337.69 shall be at the rate of 1¼ percent per month.

(Ord. No. 1359, § 10, 1-12-2015)

Sec. 42-72. - Delinquency penalty.

Penalty as provided by R.S. 47:337.70 shall be five percent for each 30-day period, not to exceed five 30-day periods and not to exceed 25 percent of the unpaid amount of tax due.

(Ord. No. 1359, § 11, 1-12-2015)

Sec. 42-73. - Penalty for false or fraudulent return.

Penalty as provided by R.S. 47:337.72 shall be 50 percent of the tax found to be due.

(Ord. No. 1359, § 12, 1-12-2015)

Sec. 42-74. - Negligence penalty.

The penalty provided by R.S. 47:337.73 shall be five percent of the tax or deficiency found to be due, or $10.00, whichever is greater.

(Ord. No. 1359, § 13, 1-12-2015)

Sec. 42-75. - Penalty for insufficient funds check.

The penalty provided in R.S. 47:337.74 shall be an amount equal to the greater of one percent of the check or $20.00.

(Ord. No. 1359, § 14, 1-12-2015)

Sec. 42-76. - Attorney fees.

As provided by R.S. 47:337.13.1, the collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this article, or to represent him in any dispute, contest, or other controversy involving the determination of the tax due, or in any other proceeding under this article or the Uniform Local Sales Tax Law. If any taxes, penalties or interest due under this article are referred to an attorney-at-law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. No. 1359, § 15, 1-12-2015)

Sec. 42-77. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. No. 1359, § 16, 1-12-2015)

Sec. 42-78. - Distraint penalty.

The penalty as provided by R.S. 47:337.76 in cases where the distraint procedure is used in the collection of the tax shall be $10.00.

(Ord. No. 1359, § 17, 1-12-2015)

Sec. 42-79. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 1359, § 18, 1-12-2015)

Sec. 42-80. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this article, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. No. 1359, § 19, 1-12-2015)

Sec. 42-81. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this governing authority, acting through its president, is authorized to enter into an agreement with the vehicle commissioner, department of public safety and corrections, as provided by R.S. 47:303(B), on behalf of the parish, for the collection of the tax on such vehicles.

(Ord. No. 1359, § 20, 1-12-2015)

Sec. 42-82. - Revenues of tax.

All taxes, revenues, funds, assessments, monies, penalties, fees or other income which may be collected or come into the possession of the collector, under any provision of this article relating to the tax, shall be promptly deposited by the collector for the account of the parish in the special fund heretofore established and maintained for the deposit of such proceeds, which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation, may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

(Ord. No. 1359, § 21, 1-12-2015)

Sec. 42-83. - Expenditure of tax.

In compliance with the special election of December 6, 2014, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax has been paid as provided for above, the remaining balance in such special fund shall be available for appropriation and expenditures by the governing authority solely for the purposes designated in the proposition authorizing the levy of the tax.

(Ord. No. 1359, § 22, 1-12-2015)

Secs. 42-84—42-109. - Reserved.

ARTICLE IV. - SALES TAX DISTRICT NUMBER ONE

Sec. 42-110. - Creation; boundaries.

There is hereby created a sales tax district within the parish which shall comprise and embrace all lands in the parish within the municipal limits of the Villages of Bonita, Collinston, Mer Rouge and Oak Ridge, as said corporate boundaries are presently or may hereafter be constituted.

(Ord. No. 1328, § 1, 6-14-2010)

Sec. 42-111. - Name, legal status and powers.

The sales tax district within the aforesaid four villages and hereby created shall be known and is hereby designated as "Sales Tax District Number 1 of the Parish of Morehouse, State of Louisiana," and, as thus created, shall constitute a public corporation and a political subdivision of the state and shall have all of the powers and privileges granted by the constitution and statutes of the state to such a subdivision, including the authority to incur debt, issue bonds and to levy taxes.

(Ord. No. 1328, § 2, 6-14-2010)

Sec. 42-112. - Board of commissioners; first members and meeting.

The Sales Tax District Number 1 of the parish shall be governed by a board of commissioners composed of members of the police jury, in accordance with law, and the officers of the police jury shall be officers of the sales tax district.

(Ord. No. 1328, § 3, 6-14-2010)

Sec. 42-113. - Domicile.

The domicile of said sales tax district is hereby designated as the office of the police jury located in the town.

(Ord. No. 1328, § 4, 6-14-2010)

Sec. 42-114. - Governing authority; authority to levy and collect sales and tax; dedication of proceeds.

The board of commissioners of the sales tax district is the governing authority of said district and shall be authorized to levy and collect within the district additional sales and use taxes in accordance with law and subject to approval of the voters of the district, at elections to be called by the board of commissioners of said district, which tax shall be levied upon the sale at retail, the use, the lease or rental, the consumption, the distribution, storage for use or consumption of tangible personal property and upon sales of services within the district all as presently or hereinafter defined in R.S. 47:301 through 47:317. Proceeds of the taxes so collected shall be dedicated solely for the purposes approved by the electorate.

(Ord. No. 1328, § 5, 6-14-2010)

Sec. 42-115. - Imposition.

Pursuant to the authority of a special election held in the district on October 2, 2010, a tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the district (the tax), as defined by law. The Uniform Local Sales Tax Code, as

enacted by Act No. 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which Uniform Local Sales Tax Code are hereby incorporated by reference.

(Ord. No. 1332, § 1, 11-8-2010)

Sec. 42-116. - Rate.

The tax authorized in this article is levied at the rate of 0.5 percent of:

(1) The sales price of each item or article of tangible personal property when sold at retail in the district, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the district and to include each and every retail sale;

(2) The cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the district, provided there shall be no duplication of the tax;

(3) The gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property; and

(4) The amount paid or charged for taxable services, as defined by law, performed in the district.

(Ord. No. 1332, § 2, 11-8-2010)

Sec. 42-117. - Effective date.

The tax shall be effective on January 1, 2011.

(Ord. No. 1332, § 3, 11-8-2010)

Sec. 42-118. - Term.

In accordance with the aforesaid proposition, the tax shall run for an indefinite term.

(Ord. No. 1332, § 4, 11-8-2010)

Sec. 42-119. - Purposes.

The proceeds of the tax (after paying the reasonable and necessary costs and expenses of collection and administering the tax), shall be dedicated and used for any and all lawful municipal purposes of the district, as stated in the proposition set forth above.

(Ord. No. 1332, § 5, 11-8-2010)

Sec. 42-120. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed 1 1/10 percent of the amount of tax due and accounted for and remitted to the tax collector in the form of a deduction in submitting his report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. No. 1332, § 6, 11-8-2010)

Sec. 42-121. - Exclusions and exemptions.

The governing authority adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does the governing authority adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29(D)(1) of the constitution of the state of 1974 that are not allowed as an exclusion or exemption from state sales and use tax. Included within the tax base is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the constitution or statutes of the state, including the Act.

(Ord. No. 1332, § 7, 11-8-2010)

Sec. 42-122. - Interest.

The interest on unpaid taxes provided for by R.S. 47:337.69 shall be at the rate of 1¼ percent per month.

(Ord. No. 1332, § 8, 11-8-2010)

Sec. 42-123. - Delinquency penalty.

Penalty as provided by R.S. 47:337.70 shall be five percent for each 30-day period, not to exceed five 30-day periods.

(Ord. No. 1332, § 9, 11-8-2010)

Sec. 42-124. - Penalty for false or fraudulent return.

The penalty, as provided by R.S. 47:337.72, shall be 50 percent of the tax found to be due.

(Ord. No. 1332, § 10, 11-8-2010)

Sec. 42-125. - Negligence penalty.

The penalty provided by R.S. 47:337.73 shall be five percent of the tax or deficiency found to be due, or $10.00, whichever is greater.

(Ord. No. 1332, § 11, 11-8-2010)

## Sec. 42-126. - Penalty for insufficient funds check.

The penalty provided in R.S. 47:337.74 shall be an amount equal to the greater of 0.5 percent of the check or $30.00.

(Ord. No. 1332, § 12, 11-8-2010)

## Sec. 42-127. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this article, or to represent him in any proceeding under this article. If any taxes, penalties or interest due under this article are referred to an attorney-at-law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. No. 1332, § 13, 11-8-2010)

## Sec. 42-128. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. No. 1332, § 14, 11-8-2010)

## Sec. 42-129. - Distraint penalty.

The penalty as provided by R.S. 47:337.76, in cases where the distraint procedure is used in the collection of the tax, shall be $10.00.

(Ord. No. 1332, § 15, 11-8-2010)

## Sec. 42-130. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 1332, § 16, 11-8-2010)

Sec. 42-131. - Collector.

The tax levied by this article is authorized to be collected by a collector, which term means the Morehouse Sales and Use Tax Commission.

(Ord. No. 1332, § 17, 11-8-2010)

Sec. 42-132. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this article, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof, to make and enforce such rules as it may deem necessary.

(Ord. No. 1332, § 18, 11-8-2010)

Sec. 42-133. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this governing authority, acting through its president or vice president, is authorized to enter into an agreement with the vehicle commissioner, department of public safety and corrections, as provided by R.S. 47:303(B), on behalf of the district, for the collection of the tax on such vehicles.

(Ord. No. 1332, § 19, 11-8-2010)

Sec. 42-134. - Revenues of tax.

All taxes, revenues, funds, assessments, monies, penalties, fees or other income which may be collected or come into the possession of the collector under any provision of this article relating to the tax shall be promptly deposited by the collector for the account of the district in the special fund that the governing authority shall establish and maintain in the name of the district for the deposit of such proceeds, which fund shall be a separate bank account established and maintained in the name of the district with the regularly-designated fiscal agent of the governing authority; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the Collector with said fiscal agent pending the final determination of the protest or litigation.

(Ord. No. 1332, § 20, 11-8-2010)

Sec. 42-135. - Expenditure of tax.

In compliance with the special election of October 2, 2010, authorizing the imposition of the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax has been paid as provided for above, the remaining balance in such special fund shall be available for appropriation and expenditures solely for the purposes designated in the proposition authorizing the imposition of the tax.

(Ord. No. 1332, § 21, 11-8-2010)

Secs. 42-136—42-153. - Reserved.

ARTICLE V. - SALES TAX DISTRICT NUMBER TWO

Sec. 42-154. - Creation; boundaries.

There is hereby created a sales tax district within the parish, which shall comprise and embrace all lands in the parish outside of the municipal limits of the Town of Bastrop and the Villages of Bonita, Collinston, Mer Rouge, and Oak Ridge, as said corporate boundaries are presently or may hereafter be constituted.

(Ord. No. 1329, § 1, 6-14-2010)

Sec. 42-155. - Name, legal status and powers.

The sales tax district hereby created shall be known and is hereby designated as "Sales Tax District Number 2 of the Parish of Morehouse, State of Louisiana," and, as thus created, shall constitute a public corporation and a political subdivision of the state and shall have all of the powers and privileges granted by the constitution and statutes of the state to such a subdivision, including the authority to incur debt, issue bonds and to levy taxes.

(Ord. No. 1329, § 2, 6-14-2010)

Sec. 42-156. - Board of commissioners; first members and meeting.

The aforesaid Sales Tax District Number 2 of the parish, shall be governed by a board of commissioners composed of members of the police jury, in accordance with law and the officers of the police jury, shall be officers of the sales tax district.

(Ord. No. 1329, § 3, 6-14-2010)

Sec. 42-157. - Domicile.

The domicile of said sales tax district is hereby designated as the office of the police jury located in the town.

(Ord. No. 1329, § 4, 6-14-2010)

Sec. 42-158. - Governing authority; authority to levy and collect sales and tax; dedication of proceeds.

The board of commissioners of the sales tax district is the governing authority of said district and shall be authorized to levy and collect within the district additional sales and use taxes in accordance with law and subject to approval of the voters of the district, at elections to be called by the board of commissioners of said district, which tax shall be levied upon the sale at retail, the use, the lease or rental, the consumption, the distribution, storage for use or consumption of tangible personal property and upon sales of services within the district all as presently or hereinafter defined in R.S. 47:301 through 47:317. Proceeds of the taxes so collected shall be dedicated solely for the purposes approved by the electorate.

(Ord. No. 1329, § 5, 6-14-2010)

ARTICLE II. - SALES AND USE TAX

Footnotes:

--- **(2)** ---

**Editor's note—** The preamble and ordaining clauses of the city ordinance of August 6, 1970, discontinuing the levy of sales tax pursuant to Ordinance No. 891 of February 14, 1966 and levying such tax pursuant to a special election of July 23, 1968, read as follows:

WHEREAS, under the provisions of Sub-Part D, Part I, Chapter 6, Title 33 of the Louisiana Revised Statutes of 1950, and a special election held in the City of Natchitoches, State of Louisiana, on Tuesday, January 11, 1966, the City has been levying and collecting since April 1, 1966, a one per cent (1%) sales and use tax in said City in the manner set forth in an ordinance adopted by the City Commission of said City, acting as the governing authority of said City, on February 14, 1966; and

WHEREAS, at a special election held in the City of Natchitoches, Louisiana, on Tuesday, July 23, 1968, a majority of the qualified electors voting in said special election approved the following proposition which authorizes the levy and collection of a special one per cent (1%) sales and use tax to be in lieu of and replace the one per cent (1%) sales and use tax currently being levied and collected in said City as hereinbefore described, viz:

PROPOSITION NO. 1

Shall the City of Natchitoches, State of Louisiana, be authorized to levy and collect a tax of one per cent (1%) upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in said City, as defined in R.S. 47:301 to 47:317, inclusive, with the revenues derived from said sales and use tax to be deposited in a special fund and dedicated and used for any one or more of the following purposes: constructing, acquiring, extending and improving sewers and sewerage disposal works and waterworks facilities; and purchasing and acquiring the necessary land, equipment and furnishings for the aforesaid public works, improvements and facilities, title to which shall be in the public, which tax (hereinafter called the "new tax") shall be in lieu of and replace the one per cent (1%) sales and use tax currently being levied and collected in said City, pursuant to an Ordinance adopted on February 14, 1966; such new tax to be subject to funding into bonds by the City for the purpose of refunding all the outstanding bonds payable from and secured by said current tax or for any one or more of the purposes hereinabove enumerated, all in the manner authorized by Sub-Part D, Part I and Part VII, Chapter 6, Title 33 of the Louisiana Revised Statutes of 1950?

and

WHEREAS, in compliance with the aforesaid statutory authority and said special election of July 23, 1968, it is the desire of this City Commission to amend the aforesaid Ordinance of February 14, 1966 to provide for the discontinuance of the one per cent (1%) sales and use tax currently being levied and collected by said City pursuant to said Ordinance of February 14, 1966, and to provide for the levy and collection of the one per cent (1%) sales and use tax authorized at the aforesaid election of July 23, 1968, said tax to be in lieu of and to replace the said current sales and use tax;

NOW, THEREFORE, BE IT ORDAINED by the City Commission of the City of Natchitoches, State of Louisiana, acting as the governing authority of said City.

Such sales tax ordinance adopted Feb. 14, 1966, and amended Aug. 6, 1970, was again amended by Ord. No. 37, adopted by the city council on Oct. 27, 1980, and approved by the electorate at an election held Sept. 13, 1980, to rededicate the use of the 1% sales tax to those purposes heretofore existing and, additionally, to use such funds for the purpose of operating and maintaining sewers, sewerage disposal works and waterworks facilities as hereinafter set forth in sections 1—3 of Ord. No. 37:

"SECTION 1. That section 13.03 of the ordinance providing for the levy and collection of a one per cent (1%) sales and use tax in the City of Natchitoches, State of Louisiana, adopted on February 14, 1966, as amended on August 6, 1970, be and the same is hereby further amended to add purposes for which the proceeds of the sales and use tax can be used (in addition to the purposes authorized at special elections held in the City on January 11, 1966 and July 23, 1968) as follows: `For the additional purpose of operating and maintaining sewers and sewerage disposal works and waterworks facilities, or for any one or more of said purposes; and shall the City be further authorized to fund the proceeds of the tax into bonds to be issued in series from time to time for the purpose of constructing, acquiring and improving sewers and sewerage disposal works and waterworks facilities in the City …'

"SECTION 2. That this ordinance shall have no effect upon said ordinance of February 14, 1966, as amended on August 6, 1970, except to (i) add the aforesaid purposes for which the revenues of the sales and use tax can be used and (ii) add an authorization to fund the proceeds thereof into bonds from time to time.

"SECTION 3. The proceeds of the aforesaid tax having heretofore been pledged for the payment of certain outstanding bonds shall continue to be used for said purposes and this ordinance shall not be interpreted in any way as to diminish the amount of sales tax revenues available for the payment of said bonds."

**State Law reference—** Authority to levy sales and use taxes, R.S. 33:2711 et seq.

DIVISION 1. - GENERALLY

Sec. 29-16. - Short title.

This article may be cited or otherwise referred to as the "City of Natchitoches Sales and Use Tax Ordinance."

(Ord. No. 891, § 12.13, 2-14-66)

Sec. 29-17. - Definitions.

As used in this section, the following words, terms and phrases shall have the meaning ascribed to them in this section, except when the context clearly indicates a different meaning:

*Agricultural commodity* shall mean horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

*Business* shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this article to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

*Cost price* shall mean the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges or any other expenses whatsoever.

*Dealer* shall include every person who:

(1) Manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution or for storage to be used or consumed in this city;

(2) Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or for storage to be used or consumed in this city;

(3) Sells at retail, or who offers to sell at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in this city, tangible personal property;

(4) Has sold at retail, or used, or consumed, or distributed or stored for use or consumption in this city, tangible personal property and who cannot prove that the tax levied by this article has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of such tangible personal property;

(5) Leases, or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

(6) Is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

(7) Sells or furnishes any of the services subject to tax under this article;

(8) Purchases or receives any of the services subject to tax under this article; or

(9) Is engaging in business in this city.

*Distraint* or *distrain* shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this article.

*Engaging in business in this city* shall mean and include any of the following methods of transacting business: Maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business or by having an agent, salesman, solicitor or employee operating within this city under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor or employee is located in this city permanently or temporarily, or whether such seller or subsidiary is qualified to do business in this city or by having within this city any choses in or causes of action, or any property, or any liens on property, or any indebtedness due it in this city, protected by the laws and courts of this city.

*Gross sales* shall mean the sum total of all sales of tangible personal property, as hereinafter provided and defined, and sales of services without any deductions whatsoever of any kind or character, except as provided in this ordinance.

*Hotel* shall mean and include any establishment engaged in the business of furnishing sleeping rooms primarily to transient guests where such establishment consists of ten (10) or more guest rooms under a single roof.

*Lease* or *rental* shall mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.

*New article* shall mean the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

*Person* shall include any individual, firm, copartnership, joint venture, association, corporation, cooperative, estate, trust, business trust, receiver, syndicate, any parish, city, municipality or public board, public commission or public or semi-public corporation, district or instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

*Purchaser* shall mean any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to tax under this article.

*Retail sale* or *sale at retail* shall mean a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property and a sale of services, as hereinafter set forth, and shall mean and include all such transactions as the treasurer of the city, upon investigation, finds to be in lieu of sales; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the treasurer. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for payment of the tax. The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business, except the isolated or occasional sale of vehicles which are hereby defined to be sales at retail and as such are subject to the tax.

*Retailer* shall mean and include every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in this city or any person rendering services taxable hereunder.

*Sale* shall mean any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing, or serving, for a consideration, of any tangible personal property,

consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale. The term "sale" shall also include "sales of services," which means and includes the following:

(1) The furnishing of rooms by hotels and tourist camps;

(2) The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges and universities, and recreational events, and the furnishing, for dues, fees, or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities.

(3) The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

(4) The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter;

(5) The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

(6) The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities;

(7) The furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes, and office appliances and equipment.

*Sales price* shall mean the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing, which shall not exceed the legal interest rate, and a service charge not to exceed six (6) per cent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

*Storage* shall mean and include any keeping or retention in this city of tangible personal property for use or consumption in this city or for any other purpose other than for sale at retail in the regular course of business.

*Tangible personal property* shall mean and include personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or security.

*Tourist camp* shall mean and include any establishment engaged in the business of furnishing rooms, cottages or cabins to tourists or other transient guests, where the number of guest rooms, cottages or cabins at a single location is six (6) or more.

*Treasurer* shall mean and include the treasurer of the city or a duly authorized assistant.

*Use* shall mean and include the exercise of any rights of power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

*Use tax* shall include the tax on use, the consumption, the distribution and the storage for use or consumption, as herein defined.

(Ord. No. 891, §§ 1.01—1.10, 1.12—1.23, 2-14-66)

**Cross reference—** Rules of construction and definitions generally, § 1-2.

Sec. 29-18. - Treasurer authorized to carry out provisions.

The treasurer is hereby authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article, subject to the action of the city.

(Ord. No. 891, § 12.01, 2-14-66)

Sec. 29-19. - Treasurer empowered to make rules and regulations.

The treasurer shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article, or the laws and the Constitution this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(Ord. No. 891, § 12.02, 2-14-66)

Sec. 29-20. - Preparation, distribution of forms.

The treasurer shall design, prepare, print and furnish to all dealers or make available to said dealers all necessary forms for filing returns and instructions to insure a full collection from dealers and an accounting for the taxes due; but failure of any dealer to secure such forms shall not relieve such dealer from the payment of such taxes at the time and in the manner provided in this article.

(Ord. No. 891, § 12.03, 2-14-66)

Sec. 29-21. - Appropriations for cost of enforcement.

The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne out of appropriations by the city as provided in section 29-168 of this article.

(Ord. No. 891, § 12.04, 2-14-66)

Sec. 29-22. - Tax to be collected if sale is consummated after February 14, 1966.

(a)  In any case where tangible personal property is sold at retail under a contract providing for such retail sale made and entered into prior to February 14, 1966 and containing the sale price, and delivery is made after such date, and such sale is taxable under this article, the seller shall add the tax imposed by this article to such sale price and collect it from the buyer.

(b)  The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder were contracted for

before such date, but are actually furnished after such date.

(c)   The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the city prior to such date if such tangible personal property is actually used or consumed by the person who imported and stored such tangible personal property.

(Ord. No. 891, § 12.05, 2-14-66)

Sec. 29-23. - Treasurer, deputy authorized to receive written oaths.

It shall be lawful for the treasurer, or any deputy duly designated by him, to receive the written oath of any person signing any application, deposition, statement or report required by the treasurer in the administration of this article.

(Ord. No. 891, § 12.06, 2-14-66)

Sec. 29-24. - Treasurer, deputy authorized to conduct hearings, examinations.

The treasurer, or any deputy by him duly designated, may conduct hearings, and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the treasurer in writing.

(Ord. No. 891, § 12.07, 2-14-66)

Sec. 29-25. - Method of giving notice to dealers.

Any notice required to be given by the treasurer pursuant to this article may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Ord. No. 891, § 12.08, 2-14-66)

Sec. 29-26. - Records maintained by treasurer; authentication; fee.

The treasurer shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of one dollar ($1.00), which shall be deposited in the sales tax fund.

(Ord. No. 891, § 12.09, 2-14-66)

Sec. 29-27. - Provisions not to alter legal remedies.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the city of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws or ordinance.

(Ord. No. 891, § 12.10, 2-14-66)

Sec. 29-28. - Tax supplemental to other taxes.

The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the city of any kind or nature.

(Ord. No. 891, § 12.12, 2-14-66)

Secs. 29-29—29-35. - Reserved.

DIVISION 2. - IMPOSITION OF TAX

Sec. 29-36. - Levied.

As of August 1, 1970, the one per cent sales and use tax which has been levied and collected in the city since April 1, 1966, pursuant to a special election held therein on January 11, 1966 and an ordinance adopted on February 14, 1966, is hereby discontinued, and there is hereby levied from and after August 1, 1970, for the purposes stated in the proposition set forth in the preamble to the ordinance from which this article is derived, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within this city. The levy of such tax shall be as follows:

(1)  At the rate of one per cent of the cost price of each item or article of tangible personal property when sold at retail in this town, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the town, and to include each and every retail sale.

(2)  At the rate of one per cent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed or stored for use or consumption in this town; provided there shall be no duplication of the tax.

(3)  At the rate of one per cent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business or part of an established business or the same is incidental or germane to such business.

(4)  At the rate of one per cent of the monthly lease or rental price paid by a lessee or rentee, or contracted or agreed to be paid by a lessee or rentee to the owner of the tangible personal property.

(5)  At the rate of one per cent of the gross proceeds derived from the sale of services, as defined herein.

(Ord. No. 891, § 2.01, 2-14-66; Ord. of 8-6-70, § 1)

Sec. 29-37. - Special provisions for rentals.

(a)  Sales or use taxes paid to this city on the purchase of new motor trucks and new motor tractors licensed and

registered for twelve thousand (12,000) pounds or more, under the provisions of section 462 of title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:462), new trailers and new semitrailers licensed and registered for sixteen thousand (16,000) pounds or more under the provisions of said section for rental may be deducted as a credit against the tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has been exceeded. The sales tax paid to another municipality or parish in the state or municipality or county in another state on the purchase price of property is not deductible from the tax subsequently due on the rental of such property in this city. Property imported by the lessee for use in this city that has been previously used by him in another municipality is not subject to any tax on the value when imported, but is only subject to the tax that applies on rental payments.

(b) If the tax on rental payments fails to exceed the credits for sales or use tax paid, no refund is due the purchaser.

(c) A dealer in the city who ordinarily purchases personal property for sale and who withdraws a piece of property from stock for rental is not liable for a sales or use tax on the purchase price of the property when withdrawn from stock. Such person is liable only for the tax applicable on the rental income.

(d) Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(Ord. No. 891, § 2.01-1, 2-14-66)

## Sec. 29-38. - Collection and payment generally.

Any sales tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(Ord. No. 891, § 2.02, 2-14-66)

## Sec. 29-39. - Tax declared additional.

The tax so levied is, and shall be in addition to all other taxes, whether levied in form of excise, or license, privilege or property taxes levied by any other ordinance or resolution of the mayor and commissioners.

(Ord. No. 891, § 2.03, 2-14-66)

## Sec. 29-40. - Schedule established.

The integrated bracket schedule prescribed by the collector of revenue of the state, by order issued pursuant to section 304 of title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304) is established for the purpose of tax collection within the meaning of this article, as the applicable schedule for the city which includes the one per cent sales and use tax imposed by this article and a three (3) per cent state sales and use tax, being as follows:

| Amount Subject to Tax | Tax to be Collected |
| --- | --- |
| $0.01 to $0.10 | $0.00 |
| 0.11 to 0.30 | 0.01 |
| 0.31 to 0.54 | 0.02 |
| 0.55 to 0.73 | 0.03 |
| 0.74 to 1.10 | 0.04 |

| 1.11 to 1.30 | 0.05 |
| 1.31 to 1.54 | 0.06 |
| 1.55 to 1.73 | 0.07 |
| 1.74 to 2.10 | 0.08 |
| etc. | etc. |

(Ord. No. 891, § 2.04, 2-14-66)

Sec. 29-41. - Collection to be in name of city.

The collection of the tax herein levied shall be made in the name of the city by the treasurer of the city.

(Ord. No. 891, § 2.05, 2-14-66)

Secs. 29-42—29-47. - Reserved.

DIVISION 3. - EXEMPTIONS AND EXCLUSIONS

Sec. 29-48. - Exempt tangible personal property.

The taxes imposed by this article shall not apply to transactions involving the following tangible personal property:

(1) The gross proceeds derived from the sale in this city of livestock, poultry and other farm products direct from the farm, provided that such sales are made directly by the producers. When sales of livestock, poultry and other farm products are made to consumers by any person other than a producer, they are not exempted from the tax imposed by this article; provided, however, that every agricultural commodity sold by any person, other than a producer, to any other person who purchases not for direct consumption but for the purpose of acquiring raw products for the use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be exempted from any and all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer, or any other utilization of or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one tax be exacted.

(2) The "use tax" shall not apply to livestock and livestock products, to poultry and poultry products, to farm, range and agricultural products when produced by the farmer and used by him and members of his family.

(3) Where a part of the purchase price is represented by an article traded in, the sales tax is payable on the total purchase price less the market value of the article traded in.

(4) The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this city of: gasoline, steam, water (not including mineral water or carbonated water or any water put up in bottles, jugs, or containers, all of which are not exempted), electric power or energy, newspapers,

fertilizer and containers used for farm products when sold directly to the farmer, natural gas and new automobiles withdrawn from stock by factory authorized new automobile dealers, with the approval of the collector of revenue of the state, and titled in the dealer's name for use as demonstrators.

(5) Sales of materials, equipment and machinery which enter into and become component parts of ships, vessels, including commercial fishing vessels, or barges, of fifty (50) tons load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels or barges when sold by the builder thereof.

(6) Sales of materials and supplies to the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or in interstate coastwise commerce; nor to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; nor to laundry services performed for the owners or operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels. The provisions of this sub-section do not apply to drilling equipment used for oil exploitation or production unless such equipment is built for exclusive use outside the boundaries of the state and is removed forthwith from the state upon completion.

(7) The sale at retail of seeds for use in the planting of any kind of crops.

(8) The sale of casing, drill pipe and tubing in the city for use offshore beyond the territorial limits of the state for the production of oil, gas, sulphur and other minerals.

(9) The sale or use of any materials, supplies or products for use in connection with any phase of the construction of the Toledo Bend Dam project on the Sabine River.

(10) The sale of admission tickets by Little Theatre organizations.

(11) The sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit organization known as a symphony organization or a society or organization engaged in the presentation of musical performances; provided that this exemption shall not apply to performances given by out-of-state or nonresident symphony companies, nor to any performance intended to yield a profit to the promoters thereof.

(12) The amount paid by the operator of a motion picture theatre to a distributing agency for use of films of photoplay.

(13) The sale at retail of pesticides used for agricultural purposes, including particularly, but not by way of limitation, insecticides, herbicides and fungicides.

(14) The sale at retail of tangible personal property purchased within this city for use exclusively beyond the territorial limits of the city. If tangible personal property purchased tax free under the provisions of this section is later brought into this city for use herein, the property shall be subject to the use tax as of the time it is brought into the city for use herein, subject to the credit provided in section 29-76.

(Ord. No. 891, § 3.01, 2-14-66)

Sec. 29-49. - Application when property is first used in area where sales tax is imposed.

If the first use of tangible personal property purchased in the city for use beyond the territorial limits of this city occurs in a municipality or parish of the state or in a municipality or county in a state other than Louisiana which imposes a sales or use tax, the exemption provided in this division shall apply only if:

(1) The purchaser is properly registered for sales and use tax purposes in a municipality or parish in the state or in a municipality or county in a state other than Louisiana, wherein such tangible personal property is used, and regularly reports and pays sales and use tax in such other municipality or parish in the state or in a municipality or county in a state other than Louisiana;

(2) The municipality or parish in the state or the municipality or county in a state other than Louisiana in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that municipality or parish in the state or municipality or county in a state other than Louisiana for use in this city; and

(3) The purchaser obtains from the treasurer a certificate authorizing him to make the nontaxable purchases authorized under section 29-48.

(Ord. No. 891, § 3.01, 2-14-66)

Sec. 29-50. - Scope of tax.

It is not the intention of this article to levy a tax upon articles of tangible personal property imported into this city, or produced or manufactured in this city for export; nor is it the intention of this article to levy a tax on the bona fide transaction in interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this city of tangible personal property after it has come to rest in this city and has become a part of the mass of property in this city. The provisions of this article shall not apply in respect to the use, or consumption, or distribution, or storage of tangible personal property for use or consumption in this city, upon which a like tax equal to, or greater than the amount imposed by this article has been paid in another city or parish in Louisiana, or in a municipality or county in a state other than Louisiana, the proof of payment of such tax to be according to rules and regulations made by the treasurer of this city. If the amount of the tax paid in a municipality or parish in Louisiana, or in a municipality or county in a state other than Louisiana is not equal to, or greater than the amount of tax imposed by this article, then the dealer shall pay to the city an amount sufficient to make the tax paid in the other municipality or parish in Louisiana, or in the other municipality or county in a state other than Louisiana, and in this city equal to the amount of tax imposed by this article.

(Ord. No. 891, § 3.02, 2-14-66)

Sec. 29-51. - Property delivered, services performed outside territorial limits.

No tax shall be due under this article on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the municipality.

(Ord. No. 891, § 3.03, 2-14-66)

Secs. 29-52—29-57. - Reserved.

DIVISION 4. - COLLECTION BY DEALER

Sec. 29-58. - Collection from purchaser or consumer.

The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided in section 29-63 for the collection of the tax on motor vehicles. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services, and payable at the time of the sale; provided, however, that the city shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(Ord. No. 891, § 4.01, 2-14-66)

Sec. 29-59. - Collection by dealers located outside city.

Every dealer located outside the city making sales of tangible personal property for distribution, storage, use or other consumption in this city shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(Ord. No. 891, § 4.02, 2-14-66)

Sec. 29-60. - Tax to constitute part of purchase price.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the treasurer, to the sale price or charge; and when added, such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer until paid and shall be recoverable at law in the same manner as other debts.

(Ord. No. 891, § 4.03, 2-14-66)

Sec. 29-61. - Registration, certification of dealers.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article, on or before April 1, 1966, or in the case of dealers commencing business after April 1, 1966, or opening new places of business after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the treasurer a certificate of registration on a form prescribed by him. The treasurer shall, within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates thereof, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the treasurer upon the dealer ceasing to do business at the place therein named.

(Ord. No. 891, § 4.04, 2-14-66)

Sec. 29-62. - Requirements of manufacturers, wholesalers, jobbers and suppliers.

A manufacturer, wholesale dealer, jobber or supplier shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the city the tax herein imposed.

(Ord. No. 891, § 4.05, 2-14-66)

Sec. 29-63. - Collection of tax on vehicles.

The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semitrailer, motorbus, house trailer or any other vehicle subject to the Louisiana Vehicle Registration License Tax of the state shall be collected as provided in this section:

(a)  The tax levied by this article on any such vehicle shall be paid to the collector of revenue of the state at the time of application for a certificate of title or vehicle registration license, and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

(1)  The tax levied by this article on the sale of any such vehicle shall be due at the time registration or any transfer of registration is required by the Vehicle Registration License Tax Law of the state (R.S. 47:451 et seq.).

(2)  The tax levied by this article on the use of any such vehicle in this town shall be due at the time first registration in this town is required by the Vehicle Registration License Tax Law (R.S. 47:451 et seq.).

(b)  Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(c)  It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has heretofore been taxable; and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of the sales and use tax on vehicles from the vendor to the collector of revenue of the state and to provide a method of collection of the tax directly from the vendee or user by the collector of revenue in accordance with an agreement by and between the collector of revenue and the city. The tax so collected by the collector of revenue shall be paid to the town and sent to the treasurer as soon as possible, and in any event at least once each month, all in accordance with the agreement.

(d)  The provision contained in section 29-17 which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this section. The term "isolated or occasional sales of vehicles" is hereby defined to be sales at retail and as such are subject to the tax.

(Ord. No. 891, § 4.06, 2-14-66)

Sec. 29-64. - Tax to be stated separately; offering to absorb tax prohibited.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(Ord. No. 891, § 4.07, 2-14-66)

Sec. 29-65. - Excess collections.

Where the tax collected for any period is in excess of one per cent, the total collected must be paid over to the treasurer, less the commission to be allowed the dealer as hereinafter set forth.

(Ord. No. 891, § 4.08, 2-14-66)

Sec. 29-66. - Collection when purchaser fails to pay dealer.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the city; and it shall be the duty of this purchaser to file a return thereof with the treasurer and to pay the tax imposed thereon to the city within fifteen (15) days after such sale was made or rendered.

(Ord. No. 891, § 4.09, 2-14-66)

Sec. 29-67. - Compensation of dealer for collecting.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two (2) per cent of the amount of tax due and accounted for and remitted to the treasurer in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. No. 891, § 4.10, 2-14-66)

Secs. 29-68—29-73. - Reserved.

DIVISION 5. - COLLECTION FROM DEALER

Sec. 29-74. - Collection by treasurer.

The tax imposed by this article shall be collectible by the treasurer on behalf of this city from all persons engaged as dealers.

(Ord. No. 891, § 5.01, 2-14-66)

Sec. 29-75. - Collection of tax on imported personal property used by dealer.

On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the articles had been sold at retail for use or consumption in this town. For the purpose of this article, use or consumption, or distribution, or storage of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(Ord. No. 891, § 5.02, 2-14-66)

Sec. 29-76. - Credit against use tax paid in other political subdivisions.

A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another municipality or parish in the state or municipality or county in a state other than Louisiana. The credit provided herein shall be granted only in the case where the municipality or parish in the state or the municipality or county in a state other than Louisiana to which a similar tax has been paid grants a similar credit as provided herein. The proof of payment of a similar tax to another municipality or parish in the state or to a municipality or county in a state other than Louisiana shall be made according to rules and regulations promulgated by the treasurer. In no event shall the credit be greater than the tax imposed by the city upon the particular tangible personal property which is the subject of the use tax imposed by this article.

(Ord. No. 891, § 5.03, 2-14-66)

Secs. 29-77—29-82. - Reserved.

DIVISION 6. - RETURNS AND PAYMENT OF TAX

Sec. 29-83. - Payment to be monthly.

The taxes levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(Ord. No. 891, § 6.01, 2-14-66)

Sec. 29-84. - Returns required.

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the twentieth day of the month following the month in which this tax shall become effective to transmit to the treasurer, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payments for services as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month running from the effective date of the ordinance from which this article is derived to the end of such month. Thereafter, like returns shall be prepared and transmitted to the treasurer by all dealers on or before the twentieth day of each month for the preceding calendar month. Said returns shall show such further information as the treasurer may require to enable him to correctly compute and collect the tax

herein levied. Such returns shall be signed by the dealer filing the same; and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to the city the required tax due for the preceding calendar month.

(Ord. No. 891, § 6.02, 2-14-66)

Sec. 29-85. - Tax to be remitted with return.

At the time of transmitting the return required hereunder to the treasurer, the dealer shall remit to the city therewith the amount of the tax due under the applicable provisions of this article; and failure to so remit such tax shall cause the tax to become delinquent.

All taxes, interest and penalties imposed under this article shall be paid to the city in the form of remittance required by the treasurer.

(Ord. No. 891, § 6.03, 2-14-66)

Sec. 29-86. - Gross proceeds from rental of personal property to be reported.

Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the treasurer may prescribe.

(Ord. No. 891, § 6.04, 2-14-66)

Sec. 29-87. - Extension of time for filing returns.

The treasurer, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this article.

(Ord. No. 891, § 6.05, 2-14-66)

Sec. 29-88. - Dealer declared agent of town.

For the purpose of collecting and remitting to the city the tax imposed by this article, the dealer is hereby declared to be the agent of the city.

(Ord. No. 891, § 6.06, 2-14-66)

Secs. 29-89—29-94. - Reserved.

DIVISION 7. - RECORDS AND INSPECTIONS

Sec. 29-95. - Records to be kept by dealers.

It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales of purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the treasurer; and it shall be the duty of every such dealer moreover, to keep and preserve, for a period of three (3) years, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices and other records shall be open to examination at all reasonable hours by the treasurer or any of his duly authorized agents.

(Ord. No. 891, § 7.01, 2-14-66)

Sec. 29-96. - All records to be kept for three years; inspection.

Each dealer shall secure, maintain and keep, for a period of three (3) years, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed or stored, leased or rented within this city by such dealer, together with invoices, bills of lading and other pertinent records and papers as may be required by the treasurer for the reasonable administration of this article; and all such records shall be open for inspection to the treasurer at all reasonable hours.

(Ord. No. 891, § 7.02, 2-14-66)

Sec. 29-97. - Wholesale dealers, jobbers to keep records of cash or credit sales; required information.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in this city are hereby required to keep a record of all sales of tangible personal property made in this city, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection by the treasurer or his duly authorized assistants at all reasonable hours.

(Ord. No. 891, § 7.03, 2-14-66)

Sec. 29-98. - Examination, investigation by treasurer.

For the purpose of administering this article, the treasurer whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer, to exhibit to the treasurer or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(Ord. No. 891, § 7.04, 2-14-66)

Sec. 29-99. - Examination of records of transportation companies.

For the purpose of enforcing the collection of the tax levied by this article, the treasurer of the city is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in this town, whether such companies, agencies or firms conduct their business by truck, rail, water, airplane or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for such tax.

(Ord. No. 891, § 7.05, 2-14-66)

Sec. 29-100. - Treasurer to keep records of official acts; authentication.

The treasurer shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(Ord. No. 891, § 7.06, 2-14-66)

Sec. 29-101. - Files, records of treasurer considered confidential, privileged; inspection limited.

The records and files of the treasurer respecting the administration of this article shall be considered confidential and privileged and neither the treasurer nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the treasurer nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

(1)  In an action or proceeding under the provisions of this article; and

(2)  When the records or files or the facts shown thereby are directly involved in such action or proceeding.

(Ord. No. 891, § 7.07, 2-14-66)

Sec. 29-102. - Permissible use of returns, reports, files.

Nothing contained in this article shall be construed to prevent:

(1)  The delivery to a dealer or his duly authorized representative of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2)  The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3)  The inspection by the city attorney or other legal representative of the city of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4)  The examination of the records and files by the treasurer or by his duly authorized agents; or

(5)  The furnishing, in the discretion of the treasurer, of any information disclosed by the records or files to

any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Ord. No. 891, § 7.08, 2-14-66)

Secs. 29-103—29-108. - Reserved.

DIVISION 8. - IMPORTED GOODS


Sec. 29-109. - Permits to import goods.

In order to prevent the illegal importation into the city of tangible personal property which is subject to the tax imposed by this article, and to strengthen and make more effective the manner and method of enforcing payment of such tax, the treasurer is hereby authorized and empowered to put into operation a system of permits whereby any person or dealer may import tangible personal property by truck, automobile or other means of transportation other than a common carrier, without having such truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person or dealer who desires to import tangible personal property into the town, which property is subject to the tax imposed by this article, to apply to the treasurer or his assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the treasurer may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the treasurer.

(Ord. No. 891, § 8.01, 2-14-66)

Secs. 29-110—29-115. - Reserved.

DIVISION 9. - REMEDIES FOR COLLECTION


Sec. 29-116. - Presumption that property is for sale, use, consumption, etc., in town.

For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property subject to the provisions of this article imported into the town or held in the town by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the town or leased or rented within the town, and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the treasurer.

(Ord. No. 891, § 9.01, 2-14-66)

Sec. 29-117. - Failure to pay tax deemed delinquency; judgment prohibiting doing business.

Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the city is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two (2) or

more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why such dealer should not be ordered to cease from further pursuit of business as a dealer, and in case such rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the municipality, prohibiting such dealer from the further pursuit of such business until such time as he has paid the delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(Ord. No. 891, § 9.02, 2-14-66)

Sec. 29-118. - Interest, penalties, attorney's fees for failure to pay tax.

If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate of six (6) per cent per annum or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due, there shall also be collected a penalty equivalent to five (5) per cent for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five (25) per cent in aggregate, of the tax due, when such tax is not paid within thirty (30) days of the date the tax first becomes due and payable, and in the event of suit, attorney's fees at the rate of ten (10) per cent of the aggregate of tax, interest and penalty.

(Ord. No. 891, § 9.03, 2-14-66)

Sec. 29-119. - Estimation, assessment of tax by treasurer when dealer fails to report and pay; presumption of correctness; specific penalty.

In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, it shall be the duty of the treasurer to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use, consumption, distribution or storage to be used or consumed in the city, and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct; and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records or documents, or an audit thereof, then the treasurer shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the sales tax fund in the manner as are the taxes collected under this article.

If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty of five (5) per cent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. No. 891, § 9.04, 2-14-66)

Sec. 29-120. - Final return of dealer selling, quitting business; purchasers to withhold taxes from purchase price; personal liability of purchaser.

If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the treasurer showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners or assignors.

(Ord. No. 891, § 9.05, 2-14-66)

Sec. 29-121. - Notice to be given creditors, holders of personalty, debtors of delinquent dealers; consent of treasurer required prior to transfer or disposition.

In the event that any dealer is delinquent in the payment of the tax herein provided for, the treasurer may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the treasurer shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the treasurer of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them as the case may be.

(Ord. No. 891, § 9.06, 2-14-66)

Sec. 29-122. - Treasurer to ascertain true cost of imported goods and assess tax when dealer's invoice does not reflect same; presumption of correctness.

In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or if the invoice does not reflect the true or actual cost price, then the treasurer shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(Ord. No. 891, § 9.07, 2-14-66)

Sec. 29-123. - Treasurer authorized to fix consideration of leases and rentals when false.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the treasurer, represent the true or actual consideration, then the treasurer is authorized to fix the same and collect the tax thereon for the town in the same manner as provided in section 29-122, with interest plus penalties, if such have accrued.

(Ord. No. 891, § 9.08, 2-14-66)

Sec. 29-124. - Remedy of treasurer when transportation company refuses examination of records.

In the event any transportation company, agency or firm shall refuse to permit examination of its books, records and other documents by the treasurer, the treasurer may proceed by rule, in term or in vacation, in any court of competent jurisdiction and require such transportation company, agency or firm to show cause why the treasurer should not be permitted to examine its books, records or other documents; and in case such rule be made absolute, the same shall be considered a judgment of the court and every violation of such judgment as a contempt thereof and punished according to law.

(Ord. No. 891, § 9.09, 2-14-66)

Sec. 29-125. - Late, fraudulent return by dealer, notice to appear; hearing.

If any dealer subject to make and file a return required by any of the provisions of this article fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases or rentals, or other transactions taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which said return is made, the treasurer shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him, or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and the treasurer may require such dealer, or his agents or employees, to give testimony or to answer interrogatories, under oath administered by the treasurer or his assistants, respecting the sale at retail, the use, consumption or distribution, in this city, or lease or rental of tangible personal property or other transactions subject to tax, or the failure to make report thereof, as provided in this article.

(Ord. No. 891, § 9.10, 2-14-66)

Sec. 29-126. - Treasurer authorized to apply to court for order to enforce provisions.

If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's books, records or papers, or to appear and answer questions within the scope of investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the treasurer may apply to any court of competent jurisdiction for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination; and the court or any judge thereof shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon such dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt and shall be punished as provided by law in cases of contempt.

(Ord. No. 891, § 9.11, 2-14-66)

Sec. 29-127. - Importing taxable property in vehicle without permit deemed attempt to evade; seizure of vehicle and property.

The importation into this city of tangible personal property which is subject to tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in division 8 (if the tax imposed by this article on such tangible personal property has not been paid), shall be construed as an

attempt to evade payment of such tax and the same is hereby prohibited; and such truck, automobile or means of transportation other than a common carrier and such taxable property may be seized by the town in order to secure the same as evidence in a trial, and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(Ord. No. 891, § 9.12, 2-14-66)

Sec. 29-128. - Attaching imported property for noncompliance; violations, penalty.

The failure of any dealer who imports tangible personal property from outside the city into the city for use, consumption, distribution or storage to be used or consumed in this city, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay any tax, interest, penalties or costs under this article, shall ipso facto make such tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same, which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether such delinquent dealer be a resident or nonresident of this city, and whether such tangible personal property is in the possession of such delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided, that it is the intention of this article to prevent the disposition of such tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to the city.

In addition to the penalties prescribed in this and section 29-127, any person or dealer who shall violate the provisions thereof upon conviction shall be punished as provided in section 1-9 of this Code of Ordinances; and each importation or shipment by truck, automobile or other means of transportation other than a common carrier found to be in violation of the provisions of these sections shall constitute a separate offense.

(Ord. No. 891, § 9.13, 2-14-66)

Sec. 29-129. - Personal liability of dealers; lien declared; priority.

The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person or dealer to the city, recoverable in any court of competent jurisdiction in an action at law by the city. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person or dealer, except as against an innocent purchaser for value without notice in the actual course of business and shall have preference in any distribution of the assets of the person or dealer whether in bankruptcy, insolvency or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the city.

(Ord. No. 891, § 9.14, 2-14-66)

Sec. 29-130. - Authority to require bond or security.

The city may require a bond or other security satisfactory to the treasurer for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Ord. No. 891, § 9.15, 2-14-66)

Sec. 29-131. - Estimation, assessment by treasurer when dealer fails to make return; notice demand; prescription of claim.

If any person or dealer shall fail to make a return or report as required by this article, the treasurer, within three (3) years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person or dealer is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the city from such person or dealer, give notice of such assessment to such person or dealer, and must make demand upon him for payment, or otherwise, as such claim shall prescribe.

(Ord. No. 891, § 9.16, 2-14-66)

Sec. 29-132. - Examination, audit or returns; assessment, demand of deficiency.

After a return or report is filed under the provisions of this article, the treasurer shall cause to be examined and make such further audit or investigation as he may deem necessary; and if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the city from such person or dealer, and make demand upon him for payment.

(Ord. No. 891, § 9.17, 2-14-66)

Sec. 29-133. - Arbitrary assessment when collection jeopardized; payment of assessments.

If the treasurer finds that any person or dealer liable for the payment of any tax under this article designs quickly to depart from this city or to remove therefrom his property subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the treasurer may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to the dealer, together with a demand for an immediate return or report and immediate payment of such tax.

All taxes, penalties and interest assessed pursuant to the provisions of sections 29-130 through 29-132 shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by the town. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinbefore provided and any other penalties provided by this article, a sum equivalent to five (5) per cent of the tax.

(Ord. No. 891, § 9.18, 2-14-66)

Sec. 29-134. - Collection by distraint and sale.

If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the treasurer or his duly authorized representative who is charged with the enforcement of collection of such taxes to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of property or rights to property belonging to the delinquent dealer.

(Ord. No. 891, § 9.19, 2-14-66)

Sec. 29-135. - Dealer liable for all uncollected taxes.

Any dealer who shall neglect, fail or refuse to collect the tax as provided in division 4 of this article, upon any, every and all retail sales made by him, or his agent or employee, which is subject to tax, shall be liable for and pay the tax himself.

(Ord. No. 891, § 9.20, 2-14-66)

Sec. 29-136. - Violations; fine and imprisonment authorized.

For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished as provided in section 1-9 of this Code of Ordinances:

(1) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under division 4 of this article, and who fails, neglects and refuses to file a return thereof with the treasurer and pay the tax imposed thereon, within the time stated after such sale is made;

(2) Any dealer who shall fail, neglect or refuse to collect the tax as provided in division 4 of this article, whether by himself or through his agents or employees;

(3) Any dealer violating the provisions of sections 29-120 and 29-121 of this article;

(4) Any dealer who fails to permit an inspection of records by the treasurer as provided in section 29-95 of this article;

(5) Any wholesale dealer or jobber in this town who fails to keep records, or fails to permit an inspection thereof by the treasurer as provided in section 29-97 of this article;

(6) Any dealer, wholesale dealer or jobber who violates the provisions of sections 29-61 and 29-62 of this article;

(7) Any dealer who violates the provisions of section 29-96 of this article;

(8) Any dealer failing or refusing to furnish any return as provided in division 6 of this article, or failing or refusing to furnish a supplemental return or other data required by the treasurer;

(9) Any dealer required to make, render, sign or verify any return, as provided in division 6 of this article, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of section 29-137 of this article; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(11) Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(Ord. No. 891, § 9.21, 2-14-66)

Sec. 29-137. - Corporations not to dissolve, merge, reorganize, withdraw from state until amount due is paid.

No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from the state to transact business in this city may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon said corporation in accordance with the provisions of this article shall have been fully paid.

(Ord. No. 891, § 9.22, 2-14-66)

Sec. 29-138. - Payment of interest, penalties.

Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in section 29-118 of this article, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

In addition, such person or dealer shall pay the special penalty or penalties provided by this article.

(Ord. No. 891, § 9.23, 2-14-66)

Sec. 29-139. - Penalties, interest deemed part of tax; waiver for satisfactory explanation.

All penalties and interest imposed by this article shall be payable to and recoverable by the city in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the treasurer, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charged in excess of the rate of one-half of one per cent per month.

(Ord. No. 891, § 9.24, 2-14-66)

Secs. 29-140—29-145. - Reserved.

DIVISION 10. - REFUNDS AND REIMBURSEMENTS

Sec. 29-146. - Tax credit for returned goods.

In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the treasurer; and in case the tax has not been remitted by the dealer to the city, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall not be longer than ninety (90) days, the city, through the treasurer, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the city at full face value from the dealer to whom it is issued in the remittance for subsequent taxes accrued under the provisions of this article.

(Ord. No. 891, § 10.01, 2-14-66)

Sec. 29-147. - Claim for refund.

If any dealer shall have given to the treasurer notice within the time provided in section 29-146, such dealer thereafter, at any time within two (2) years after the payment of any original or additional tax assessed against him, may file with the treasurer a claim under oath for refund, in such form as the treasurer may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the treasurer as hereinafter provided, or after proceeding on appeal has been finally determined.

(Ord. No. 891, § 10.02, 2-14-66)

Sec. 29-148. - Overpayment credited against dealer's liability; refund; notice of rejection.

If, upon examination of such claim for refund, it shall be determined by the treasurer that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article; and if there be no such liability, such dealer shall be entitled to a refund of the tax so overpaid. If the treasurer shall reject the claim for refund in whole or in part, he shall make an order accordingly and serve notice upon such dealer.

(Ord. No. 891, § 10.03, 2-14-66)

Sec. 29-149. - Refund for erroneous, illegal collection of tax; certification by treasurer.

Where no question of fact or law is involved, and it appears from the records of the city that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the treasurer may, at any time within two (2) years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund, and thereupon the treasurer shall authorize the payment thereof from any appropriation available for such purposes.

(Ord. No. 891, § 10.04, 2-14-66)

Sec. 29-150. - Repayment of deposit by dealer.

When, to secure compliance with any of the provisions of this article, any moneys shall have been deposited with the city by any dealer and shall have been paid over to the city and the treasurer shall be satisfied that such dealer has fully complied with all such provisions, the treasurer shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the treasurer shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. No. 891, § 10.05, 2-14-66)

Secs. 29-151—29-156. - Reserved.

DIVISION 11. - REMEDIES OF DEALERS

Sec. 29-157. - Right of action created; procedure; interest on refunds.

A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the treasurer and shall give the treasurer notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the treasurer for a period of thirty (30) days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the treasurer shall refund the amount to the claimant, with interest at the rate of two (2) per cent per annum covering the period from the date such funds were received by the city to the date of refund.

(Ord. No. 891, § 11.01, 2-14-66)

Sec. 29-158. - Competent courts for action; service of process.

This division shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the treasurer of the city.

(Ord. No. 891, § 11.02, 2-14-66)

Sec. 29-159. - Legal remedy for certain causes of action; effect of payment under protest.

This division shall be construed to provide a legal remedy in the state, city or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of Congress or the United States Constitution, or the constitution of the State of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, such dealer, upon agreement to abide by the decision of the courts, may pay the additional assessment under protest but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the treasurer until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Ord. No. 891, § 11.03, 2-14-66)

Sec. 29-160. - Grievance procedure.

If any dealer shall be aggrieved by any finding or assessment of the treasurer, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the treasurer shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment nor shall it stay the right of the treasurer to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and in an amount satisfactory to the treasurer. Appeals from the decision of the treasurer shall be direct to any state, city or federal court of competent jurisdiction as provided for in section 29-158.

(Ord. No. 891, § 11.04, 2-14-66)

Secs. 29-161—29-166. - Reserved.


DIVISION 12. - DISPOSITION OF PROCEEDS AND REVENUES


Sec. 29-167. - Deposit in special fund.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the treasurer, as an agent of the city, under any provision of this article shall be promptly deposited by the treasurer for the account of the city in a special fund designated "Sales Tax Fund," which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the city; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the treasurer with said fiscal agent pending the final determination of the protest or litigation.

(Ord. No. 891, § 13.01, 2-14-66)


Sec. 29-168. - Payment of administrative costs.

Out of the funds on deposit in said sales tax fund, the treasurer shall first pay all reasonable and necessary costs and expenses of collecting the tax levied hereby and administering the provisions of this article as well as the various administrative procedures established herein. Such costs and expenses shall be reported by the treasurer monthly to the mayor and council.

(Ord. No. 891, § 13.02, 2-14-66)


Sec. 29-169. - Use of proceeds after paying administrative costs.

In compliance with the special election of January 11, 1966, authorizing said tax, after all reasonable and necessary costs and expenses of collection and administration of the tax have been paid as provided for in section 29-168, the remaining balance in the sales tax fund shall be available for appropriation and expenditure by the mayor and solely for the purposes designated in the proposition authorizing the levy of the tax (said proposition being hereinbefore set forth in the preamble to this ordinance), and the proposition authorizing the issuance of bonds payable therefrom, said propositions having been approved by a majority of the qualified electors of the town voting at a special election held therein on January 11, 1966.

(Ord. No. 891, § 13.03, 2-14-66)


Secs. 29-170—29-175. - Reserved.


ARTICLE III. - ADDITIONAL SALES AND USE TAX

> *Footnotes:*
>
> *--- (3) ---*
>
> ***Editor's note—*** *Ord. No. 38-1980, §§ 1—15.02, did not specify manner of inclusion in the Code; hence, codification as Art. III, §§ 29-176—29-301, has been at the discretion of the editors following consultation with the city.*

DIVISION 1. - GENERALLY

Sec. 29-176. - Definitions.

As used in this article the following terms, words, and phrases shall have the meaning herein ascribed to them except when the context clearly indicates a different meaning:

*Agricultural commodity* shall mean horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

*Authority* shall mean City of Natchitoches, State of Louisiana.

*Business* shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this article to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

*Collector* shall mean and include the finance director of the authority or his duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by the governing body to handle and accomplish the collection, enforcement and administration of sales and use of taxes on behalf of the authority.

*Cost price* shall mean the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges or any other expenses whatsoever.

*Dealer* shall include every person who:

(a) Manufactures or produces tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or storage to be used or consumed in this authority;

(b) Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or storage to be used or consumed in this authority;

(c) Sells at retail, or who offers to sell at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in this authority, tangible personal property;

(d) Has sold at retail, or used, or consumed, or distributed or stored for use or consumption in this authority, tangible personal property and who cannot prove that the tax levied by this article has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property;

(e) Leases or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

(f) Is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

(g) Sells or furnishes any of the services subject to the tax under this article or purchases or receives any of the services subject to tax under this article; or

(h)  Is engaging in business in the authority.

(i)  Sells at retail any tangible personal property to a vending machine operator for resale through coin-operated vending machines.

*Distraint* or *Distrain* shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provision of this article.

*Engaging in business in the authority* shall mean and include any of the following methods of transacting business: Maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse, or other place of business or by having an agent, salesman, solicitor, or employee operating within the authority under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor, or employee is located in the authority permanently or temporarily, or whether such a seller or subsidiary is qualified to do business in the authority, or by having within the authority any choses in or causes of action, or any property, or any liens on property, or any indebtedness due it in the authority, protected by the laws and courts of the authority.

*Governing body* shall mean and include the city council of the authority.

*Gross sales* shall mean the sum total of all sales of tangible personal property, as hereinafter provided and defined, and sales or services without any deductions whatsoever of any kind or character, except as provided in this article.

*Hotel* shall mean and include any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to transient guests where such establishment consists of six (6) or more sleeping rooms, cottages or cabins at a single business location.

*Lease or rental* shall mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.

*New article* shall mean the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

*Parish* shall mean the Parish of Natchitoches, State of Louisiana.

*Person* shall include any individual, firm, copartnership, joint venture, association, corporation, co-operative, estate, trust, business trust, receiver, syndicate, the State of Louisiana, any parish, city, municipality, state or public board, public commission or public or semipublic corporation, political subdivision, district or instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

*Purchaser* shall mean any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to taxes under this article.

*Retail sale* or *sale at retail* shall mean a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, as hereinafter set forth, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the said collector. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for payment of the tax. (The sale of tangible personal property to a dealer who purchases said property for resale through coin-operated vending machines shall be considered a "sale at retail." The subsequent resale of the property by the dealer through coin-operated vending machines shall also be considered a "sale at retail." The term "sale at retail" does not include sales of materials for

further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business, except the isolated or occasional sale of vehicles, which are hereby defined to be sales at retail and as such are subject to the tax.)

*Retailer* shall mean and include every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in the authority or any person rendering services taxable hereunder.

*Sale* shall mean any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing, or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred, but the seller retains title as security for the payment of the price, shall be deemed a sale.

The term *"sale"* shall also include the "sale of services" which means and includes the following:

(a) The furnishing of sleeping rooms, cottages or cabins by hotels;

(b) The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges and universities, and recreational events, and the furnishing, for dues, fees, or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities, but shall not include membership fees or dues of nonprofit, civic organizations;

(c) The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

(d) The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services or reproducing written or graphic matter;

(e) The furnishing of laundry, cleaning, pressing, and dyeing services, including by way of extension and not of limitation, the cleaning and renovating of clothing, furs, furniture, carpets, and rugs, and the furnishing of storage space for clothing, furs and rugs;

(f) The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities;

(g) The furnishing of repairs to tangible personal property, including, by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment.

*Sales price* shall mean the total amount for which tangible personal property is sold, including any services, except services for financing, that are part of the sale valued in money, whether paid in money or otherwise, and includes the cost of material used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six (6) per cent of the amount financed, and losses; provided that, cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

*Storage* shall mean and include any keeping or retention in the authority of tangible personal property for use or consumption in the authority or for any other purpose other than for sale at retail in the regular course of business.

*Tangible personal property* shall mean and include personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes or other obligations or securities.

*Use* shall mean and include the exercise of any rights or powers over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

*Use tax* shall include the use, the consumption, the distribution and the storage for use or consumption, as herein defined.

(Ord. No. 38-1980, § 1, 10-27-80)

Secs. 29-177—29-180. - Reserved.

DIVISION 2. - IMPOSITION OF TAX

Sec. 29-181. - Levy and purpose.

There is hereby levied from and after November 1, 1980, for the purposes stated in the proposition attached hereto as Exhibit A [4], a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the authority as defined herein, and the levy of such tax shall be as follows:

(a) At the rate of one (1) per cent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the governing body and to include each and every retail sale.

(b) At the rate of one (1) per cent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority provided there shall be no duplication of the tax.

(c) At the rate of one (1) per cent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(d) At the rate of one (1) per cent of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(e) At the rate of one (1) per cent of the gross proceeds derived from the sale of services, as defined herein.

(Ord. No. 38-1980, § 2.01, 10-27-80)

*Footnotes:*

*--- (**4**) ---*

***Editor's note—*** *Exhibit A is not set forth herein, but is on file and available for inspection in the office of the city clerk. The exhibit states that the proceeds from such tax are to be dedicated and used for any of the following purposes: "Constructing, acquiring, extending, improving, operating and maintaining capital improvements and facilities and paying general operating expenses of the city, including, but not limited to, the reimbursement of general fund and the utility fund for advances made thereto from the proceeds derived from the city's existing sales tax authorized at elections held on January 11, 1966, and July 23, 1968."*

Sec. 29-182. - Application to rentals.

Sales or use taxes paid to this governing body on the purchase of new motor trucks and new motor tractors licensed and registered for twelve thousand (12,000) pounds or more, under the provisions of Section 462 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:462), new trailers and new semitrailers licensed and registered for sixteen thousand (16,000) pounds or more under the provisions of said section for rental may be deducted as a credit against the tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has not been exceeded. The sales tax paid to another authority or taxing authority in the State of Louisiana, or in an authority in a state other than Louisiana on the purchase price of property is not deductible from the tax subsequently due on the rental of such property in the authority. Property imported by the lessee for use in the authority that has been previously used by him in another authority is not subject to any tax on the value when imported, but is only subject to the tax that applies on rental payments.

If the tax on rental income fails to exceed the credits for sales or use tax paid, no refund is due the purchaser.

A dealer in the authority who ordinarily purchases personal property for sale and who withdraws a piece of property from stock for rental is not liable for a sales or use tax on the purchase price of the property when withdrawn from stock. Such person is liable only for the tax applicable on the rental income.

Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(Ord. No. 38-1980, § 2.02, 10-27-80)

Sec. 29-183. - Collection and payment.

The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(Ord. No. 38-1980, § 2.03, 10-27-80)

Sec. 29-184. - Tax herein levied shall be in addition to all others.

The tax so levied is, and shall be, in addition to all other taxes, whether levied in form of sales, excise, or license, privilege or property taxes levied by any other ordinance or resolution of the governing body.

(Ord. No. 38-1980, § 2.04, 10-27-80)

Sec. 29-185. - Collection and remittance by dealer.

The dealer shall collect the tax levied by this article, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the Collector of Revenue of the State of Louisiana under the authority of Section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). Such schedule or schedules shall include, in addition to the tax hereby levied pursuant to the election held on September 13, 1980, all sales taxes levied by the State of Louisiana, the one (1) per cent sales and use tax presently being levied by the authority and the one (1) per cent sales and use tax presently being levied by the Natchitoches

Parish School Board. The dealer will remit that portion of such total taxes representing the tax levied by this article to the collector. Copies of said integrated bracket schedules are available to dealers on request to the authority or the collector.

(Ord. No. 38-1980, § 2.05, 10-27-80)

Sec. 29-186. - Collection shall be in name of city.

The collection of the tax herein levied shall be made in the name of the authority by the collector.

(Ord. No. 38-1980, § 2.06, 10-27-80)

Secs. 29-187—29-190. - Reserved.

DIVISION 3. - EXEMPTIONS AND EXCLUSIONS FROM TAX

Sec. 29-191. - Transactions involving specific types of property.

The taxes imposed by this article shall not apply to transactions involving the following tangible personal property:

(a) The gross proceeds derived from the sale in the authority of livestock, poultry and other farm products direct from the farm, provided that such sales are made directly by the producers. When sales of livestock, poultry, and other farm products are made to consumers by any person, other than a producer, they are not exempted from the tax imposed by this article, provided, however, that every agricultural commodity sold by any person, other than a producer, to any other person who purchases not for direct consumption but for the purpose of acquiring raw products for use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be exempted from any and all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer or any other utilization of or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one (1) tax be exacted.

(b) The "use tax" shall not apply to livestock and livestock products, to poultry and poultry products, to farm, range and agricultural products when produced by the farmer and used by him and members of his family.

(c) Where a part of the purchase price is represented by an article traded in, the sales tax is payable on the total purchase price less the market value of the article traded in, or in the case of a motor vehicle returned to a dealer's inventory, less the wholesale value of the vehicle returned.

(d) The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority of the following tangible personal property is hereby specifically exempted from the tax imposed by this article: Gasoline, steam, water (not including mineral water or carbonated water or any water put up in bottles, jugs, or containers, all of which are not exempted) electric power or generation of electric power; newspapers, fertilizer and containers used for farm products when sold directly to the farmer, natural gas, all energy sources when used for boiler fuel, except refinery gas when used for boiler fuel; new trucks, new automobiles and new aircraft withdrawn from stock by factory authorized new

truck, new automobile and new aircraft dealers, with the approval of the Department of Revenue and Taxation, State of Louisiana, and titled in the dealer's name for use as demonstrators, and the sale of prescription drugs under the Pharmaceutical Vendor program of Title XIX of the Social Security Act as administered by the Department of Health and Human Resources of the State of Louisiana.

(e) The sales of materials, equipment and machinery which enter into and become component parts of ships, vessels, including commercial fishing vessels, or barges, of fifty (50) tons load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels or barges when sold by the builder thereof.

(f) The sales of materials and supplies to the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or in interstate coastwise commerce; nor to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; nor to laundry services performed for the owner or operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels. The provisions of this subsection do not apply to drilling equipment used for oil exploitation or production unless such equipment is built for exclusive use outside the boundaries of the state and is removed forthwith from the state upon completion.

(g) The sale at retail of seeds for use in the planting of any kind of crops.

(h) The sale of casing, drill pipe and tubing in the authority for use offshore beyond the territorial limits of the State of Louisiana for the production of oil, gas, sulphur and other minerals or vessels leased for such purposes or for the providing of services to those engaged in such production.

(i) The sale or use of any materials, supplies or products for use in connection with any phase of the construction of the Toledo Ben Dam Project on the Sabine River.

(j) The sale of admission tickets by Little Theatre organizations.

(k) The sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit organization known as a symphony organization or a society or organization engaged in the presentation of musical performances; provided that this exemption shall not apply to performances given by out-of-state or nonresident symphony companies, nor to any performance intended to yield a profit to the promoters thereof.

(l) The amount paid by the operator of a motion picture theatre to a distributing agency for use of films of photoplay.

(m) The sale at retail of pesticides used for agricultural purposes, including particularly, but not by way of limitation, insecticides, herbicides, and fungicides.

(n) The sale at retail of tangible personal property purchased within the authority for use exclusively beyond the territorial limits of the authority. If tangible personal property purchased tax free under the provisions of this section is later brought into the authority for use herein, the property shall be subject to the use tax as of the time it is brought into the authority for use herein, subject to the credit provided in section 29-213 of this article.

If the first use of tangible personal property purchased in the authority for use beyond the territorial limits of the authority occurs in a city or parish of the State of Louisiana or in a city or county in a state other than Louisiana which imposes a sales or use tax, exemption provided herein shall apply only if:

(1) The purchaser is properly registered for sales and use tax purposes in a city or parish in the State of Louisiana or in a city or county in a state other than Louisiana, wherein such tangible personal property is used, and regularly reports and pays sales and use tax in such other city or parish in the State of Louisiana or in a city or county in a state other than Louisiana;

(2) The city or parish in the State of Louisiana or the city or county in a state other than Louisiana in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that city or parish in the State of Louisiana or city or county in a state other than Louisiana for use in the authority; and

(3) The purchaser obtains from the collector a certificate authorizing him to make the nontaxable purchases authorized under this section.

(o) The amounts paid by radio and television broadcasters for the right to exhibit or broadcast copyrighted material and the use of film, video or audio tapes, records or any other means supplied by licensors thereof in connection with such exhibition or broadcast.

(p) The purchase or rental by private individuals of machines, parts therefor and materials and supplies which a physician has prescribed for home renal dialysis.

(q) No new or additional sales or use tax shall be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of this article [Nov. 1, 1980,] or to sales or services involved in such contracts entered into and reduced to writing within ninety (90) days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to such effective date.

(r) Purchases of equipment used in fire fighting by bona fide organized public volunteer fire departments.

(s) The sale of admissions to entertainment events furnished by recognized domestic nonprofit charitable, educational and religious organizations when the entire proceeds from such sales, except for necessary expenses in connection with the entertainment events, are used for the purposes for which the organizations furnishing the events were organized.

(t) Sales of tangible personal property at, or admission charges for, events sponsored by domestic, civic, educational, historical, charitable, fraternal or religious organizations, which are nonprofit, when the entire proceeds, except for the necessary expense connected therewith, are used for educational, charitable, religious or historical restoration purposes.

The exemption provided herein shall not apply to any event intended to yield a profit to the promoter or to any individual contracted to provide services or equipment, or both, for the event.

This subsection shall not be construed to exempt regular commercial ventures of any type such as bookstores, restaurants, gift shops, commercial flea markets and similar activities that are sponsored by organizations qualifying hereunder which are in competition with retail merchants.

This subsection shall not be construed to exempt any organization or activity from the payment of sales or use taxes otherwise required by law to be made on purchases made by these organizations.

Such exemption shall be available pursuant to regulations prescribed by the collector.

(u)  Sales or purchases made by blind persons in the conduct of a business which is exempt from license taxes by R.S. 47:305.15.

(v)  Necessary fees incurred in connection with the installation and service of cable television. Such exemption shall not apply to the purchases made by any cable television system, but shall only apply to funds collected from the subscriber for regular service, installation and repairs.

(w)  Income on receipts from any coin-operated washing or drying machines in a commercial laundromat as defined in R.S. 46:371 through R.S. 46:373.

(x)  Purchases of airline equipment, airplane parts, and airplanes of any commuter airline domiciled in the State of Louisiana as defined in R.S. 47:305.21.

(y)  Sales of monetized bullion having a total value of one thousand dollars ($1,000.00) or more. For purposes of this section "monetized bullion" means coins or other forms of money manufactured from gold, silver, or other metals, and heretofore, now, or hereafter used as a medium of exchange under the laws of this state, the United States, or any foreign nation.

(z)  A parish retail dealer who ordinarily purchases for resale equipment of a type not subject to titling under Louisiana Revised Statutes Title 32, such equipment having a dealer's cost of not less than three thousand dollars ($3,000.00) per unit, and such equipment being:

(1)  Mobile, motorized self-propelled farm equipment and attachments thereto;

(2)  Mobile, motorized earth moving equipment and attachments thereto; and/or

(3)  Mobile, motorized self-propelled construction equipment and attachments thereto;

and who withdraws an item of such equipment from inventory, for rental, as a method for promoting sales, shall be exempt from the payment of sales or use tax on the purchase price of the property when withdrawn from inventory for such rental. The dealer shall be liable for the tax levied on the rental income, and a sales tax upon any ultimate sale of said item.

(aa)  The leasing of those vessels for use offshore beyond the territorial limits of the State of Louisiana for the production of oil, gas, sulphur, and other minerals or for the providing of services to those engaged in such production.

(bb)  The furnishing of vehicles by a dealer in new vehicles when such vehicles are withdrawn from inventory and furnished to a secondary school, college or public school board on a free loan basis for exclusive use in a driver education program accredited by the Louisiana Department of Education.

(cc)  The purchase of airplane equipment, airplane parts, and airplanes of any commuter airline domiciled in the State of Louisiana. A "commuter airline" is defined as any airline transporting passengers and/or freight on a regularly scheduled basis, with a minimum of twenty (20) flights per week, whose schedule is published in the Official Airline Guide but which has been exempted from the general rate and route regulations of the Civil Aeronautics Board under the provisions of Section 298.11 of Subpart B of Part 298 of Chapter II of Title 14 of the Code of Federal Regulations promulgated under the authority of Sections 1324 and 1386 of Title 49 of the United States Code. A "commuter airline" is further defined as any airline having ticket counters that are staffed at airports it serves, a reservations office operating at least twelve (12) hours a day, seven (7) days a week and interline ticket and baggage agreements through the Air Traffic Conference of America.

(Ord. No. 38-1980, § 3.01, 10-27-80)

Sec. 29-192. - Property imported into or exported from city.

It is not the intention of this article to levy a tax upon articles of tangible personal property imported into the authority or produced or manufactured in the authority for export; nor is it the intention of this article to levy a tax on a bona fide transaction in interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority.

(Ord. No. 38-1980, § 3.02, 10-27-80)

Sec. 29-193. - Goods and services outside territorial limits of city.

No tax shall be due under this article on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the authority.

(Ord. No. 38-1980, § 3.03, 10-27-80)

Secs. 29-194, 29-195. - Reserved.

DIVISION 4. - COLLECTION OF TAX BY DEALER

Sec. 29-196. - Right to collect.

The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 29-201 of this article. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of the sale; provided, however, that the governing body shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(Ord. No. 38-1980, § 4.01, 10-27-80)

Sec. 29-197. - Dealer outside city to collect tax on sale of property for use within city.

Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use, or other consumption, in the authority shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(Ord. No. 38-1980, § 4.02, 10-27-80)

Sec. 29-198. - Liability for payment.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.

(Ord. No. 38-1980, § 4.03, 10-27-80)

Sec. 29-199. - Registration; certificate of authority.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article, on or before November 1, 1980, or in the case of dealers commencing business after November 1, 1980, or opening new places of business after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by him. The collector shall, within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(Ord. No. 38-1980, § 4.04, 10-27-80)

Sec. 29-200. - Collection of tax upon resale of property; refund.

A manufacturer, wholesaler, dealer, jobber or supplier shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the governing body the tax herein imposed.

(Ord. No. 38-1980, § 4.05, 10-27-80)

Sec. 29-201. - Collection of tax on sale or use of vehicle.

The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the Louisiana Vehicle Registration License Tax of the State of Louisiana shall be collected as provided in this section.

    (a) The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the Collector of Revenue of the State of Louisiana at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the

tax has been paid.

(1) The tax levied by this article on the sale of any such vehicle shall be due at the time registration or any transfer of registration is required by the Vehicle Registration License Tax Law of the State of Louisiana (R.S. 47:451, et seq.).

(2) The tax levied by this article on the use of any such vehicle in this authority shall be due at the time first registration in this authority is required by the Vehicle Registration License Tax Law (R.S. 47:451, et seq.).

(b) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(c) It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the Collector of Revenue of the State of Louisiana, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the collector of revenue in accordance with an agreement by and between the collector of revenue or the vehicle commissioner as agent therefor and the authority, the execution of which agreement is hereby authorized. Said tax so collected for said collector of revenue shall be paid to the authority and sent to the collector as soon as possible, and in any event at least once each quarter, all in accordance with the said agreement.

(d) The provisions contained in section 29-176, "retail sale," which exclude isolated or occasional sales from the definition of a sale at retail are not to apply to the sale of vehicles which are the subject to this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(e) The tax levied by this article shall not be due on vehicles furnished by a dealer in new vehicles when withdrawn from inventory and furnished to a secondary school, college or public school board on a free loan basis for exclusive use in a driver education program accredited by the Louisiana Department of Education.

(Ord. No. 38-1980, § 4.06, 10-27-80)

Sec. 29-202. - Seller shall not absorb tax.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(Ord. No. 38-1980, § 4.07, 10-27-80)

Sec. 29-203. - All tax, less dealer commission, to be paid to collector.

Where the tax collected for any period is in excess of one (1) per cent, the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(Ord. No. 38-1980, § 4.08, 10-27-80)

Sec. 29-204. - Purchaser's responsibility for payment.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the governing body, and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the governing body within fifteen (15) days after such sale was made or rendered.

(Ord. No. 38-1980, § 4.09, 10-27-80)

Sec. 29-205. - Dealer's compensation for collecting.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two (2) per cent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. No. 38-1980, § 4.10, 10-27-80)

Secs. 29-206—29-210. - Reserved.

DIVISION 5. - COLLECTION OF TAX FROM DEALER

Sec. 29-211. - Powers and duties of collector.

The tax imposed by this article shall be collectible by the collector on behalf of the governing body from all persons engaged as dealers.

(a) The collector is duly authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the authority.

(b) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the taxes imposed hereunder.

(c) Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this article.

(d) The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(Ord. No. 38-1980, § 5.01, 10-27-80)

**Sec. 29-212. - Tax required on all imported property.**

On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption, in this authority. For the purpose of this article, use or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(Ord. No. 38-1980, § 5.02, 10-27-80)

**Sec. 29-213. - Tax credit granted; when.**

A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in the State of Louisiana, or city or county in a state other than Louisiana. The credit provided herein shall be granted only in the case where the city or parish in the State of Louisiana, or the city or county in a state other than Louisiana to which a similar tax has been paid grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in the State of Louisiana, or to a city or county in a state other than Louisiana shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by this governing body upon the said tangible personal property which is the subject of the use tax imposed by this article.

(Ord. No. 38-1980, § 5.03, 10-27-80)

**Secs. 29-214, 29-215. - Reserved.**

**DIVISION 6. - RETURNS AND PAYMENT OF TAX**

**Sec. 29-216. - Due and payable monthly.**

The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(Ord. No. 38-1980, § 6.01, 10-27-80)

**Sec. 29-217. - Returns to be filed on or before twentieth of month.**

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the twentieth (20th) day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of this article [Nov. 1, 1980,]

to the end of such month. Thereafter, like returns shall be prepared and transmitted to said collector by all dealers, on or before the twentieth (20th) day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to the governing body the required tax due for the preceding calendar month.

(Ord. No. 38-1980, § 6.02, 10-27-80)

Sec. 29-218. - Failure to remit promptly.

At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the governing body therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause said tax to become delinquent.

All taxes, interest and penalties imposed under this article shall be paid to the governing body in the form of remittance required by the collector.

(Ord. No. 38-1980, § 6.03, 10-27-80)

Sec. 29-219. - Collector to prescribe regulations for payment re lease, rental.

Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(Ord. No. 38-1980, § 6.04, 10-27-80)

Sec. 29-220. - Thirty-day extension.

The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this article.

(Ord. No. 38-1980, § 6.05, 10-27-80)

Sec. 29-221. - Dealer declared agent.

For the purpose of collecting and remitting to this governing body the tax imposed by this article, the dealer is hereby declared to be the agent of this governing body.

(Ord. No. 38-1980, § 6.05, 10-27-80)

Secs. 29-222—29-225. - Reserved.

DIVISION 7. - RECORDS AND INSPECTION THEREOF

Sec. 29-226. - Duty of dealer.

It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for a period of three (3) years, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices, and other records shall be open to examination at all reasonable hours, by the collector or any of his duly authorized agents.

(Ord. No. 38-1980, § 7.01, 10-27-80)

Sec. 29-227. - Records to be kept for three years by dealers.

Each dealer shall secure, maintain and keep, for a period of three (3) years, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within this authority by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(Ord. No. 38-1980, § 7.02, 10-27-80)

Sec. 29-228. - Wholesalers to keep records.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in this authority are hereby required to keep a record of all sales of tangible personal property made in this authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the collector or his duly authorized assistants or deputies at all reasonable hours.

(Ord. No. 38-1980, § 7.03, 10-27-80)

Sec. 29-229. - Duty of dealer to cooperate with inspecting agent.

For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(Ord. No. 38-1980, § 7.04, 10-27-80)

Sec. 29-230. - Collector authorized to examine records of transportation firms.

For the purpose of enforcing the collection of the tax levied by this article, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in this authority whether said companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(Ord. No. 38-1980, § 7.05, 10-27-80)

Sec. 29-231. - Collector to record and sign official acts.

The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(Ord. No. 38-1980, § 7.06, 10-27-80)

Sec. 29-232. - Collector's records and files confidential; exceptions.

The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except: (a) In an action or proceeding under the provisions of this article; and (b) When the records or files or the facts shown thereby are directly involved in such action or proceedings.

(Ord. No. 38-1980, § 7.07, 10-27-80)

Sec. 29-233. - Acts permitted re confidentiality.

Nothing contained in this article shall be construed to prevent:

(a) The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(b) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(c) The inspection by the legal representative of the governing body of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(d) The examination of the records and files by the collector or by his duly authorized agents; or

(e) The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any other person or body of any other state or of the United States who shall be concerned with the administration of tax by that state or the United States.

(Ord. No. 38-1980, § 7.08, 10-27-80)

Secs. 29-234, 29-235. - Reserved.

DIVISION 8. - IMPORTED GOODS; PERMITS

Sec. 29-236. - Permits authorized for certain vehicles importing taxable property.

In order to prevent the illegal importation into this authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into the authority, which property is subject to tax imposed by this article, to apply to the collector or his assistant for a permit stating the kind of vehicle, to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Ord. No. 38-1980, § 8.01, 10-27-80)

Secs. 29-237—29-240. - Reserved.

DIVISION 9. - REMEDIES FOR COLLECTION, INCLUDING INTEREST, PENALTIES, ETC.

Sec. 29-241. - Presumption as to applicability of tax.

For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, and is subject to the tax herein levied; provided that such presumption shall be prima facie only, and subject to proof furnished to the collector.

(Ord. No. 38-1980, § 9.01, 10-27-80)

Sec. 29-242. - Effect of failure to pay; hearing; injunction.

Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the governing body is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the said dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why said dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the governing body, prohibiting such dealer from the further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(Ord. No. 38-1980, § 9.02, 10-27-80)

Sec. 29-243. - Interest, penalty for delinquency.

If the amount of tax due by the dealer is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest at the rate of one (1) per cent per month which amount shall be added to the amount of tax due and such interest shall be computed from the due date until the tax is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five (5) per cent for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five (25) per cent in aggregate, of the tax due, when such tax is not paid within thirty (30) days of the date the tax first becomes due and payable, and in the event of suit, attorney's fees at the rate of ten (10) per cent of the aggregate of tax, interest and penalty.

(Ord. No. 38-1980, § 9.03, 10-27-80; Ord. No. 26-1983, § A, 6-27-83)

Sec. 29-244. - Grossly incorrect or fraudulent reports.

In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "sales tax fund" in the same manner as are the taxes collected under this article.

If any dealer fails to make any return required by this article or make an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty of five (5) per cent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. No. 38-1980, § 9.04, 10-27-80)

Sec. 29-245. - Liability for payment upon selling or quitting business.

If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assignors.

(Ord. No. 38-1980, § 9.05, 10-27-80)

Sec. 29-246. - Notice to creditors, etc. of dealer delinquency; freezing of transactions; report to collector.

In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(Ord. No. 38-1980, § 9.06, 10-27-80)

Sec. 29-247. - Upon failure of dealer to produce cost price of articles, collector shall ascertain.

In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(Ord. No. 38-1980, § 9.07, 10-27-80)

Sec. 29-248. - Collector authorized to fix value and collect tax when accuracy of lease or rental report in doubt.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgement of the collector, represent the true or actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the governing body in the same manner as above provided (section 29-247), with interest plus penalties, if such have accrued.

(Ord. No. 38-1980, § 9.08, 10-27-80)

Sec. 29-249. - Refusal of transportation company to permit inspection; hearing; judgment.

In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

(Ord. No. 38-1980, § 9.09, 10-27-80)

Sec. 29-250. - Failure to file or filing false or fraudulent return; notice; hearing.

If any dealer, subject to make and file a return by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and said collector may require such dealer, or other agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the collector or his assistants respecting the sale at retail, the use, or consumption, or distribution, or storage for use or consumption, in the authority, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(Ord. No. 38-1980, § 9.10, 10-27-80)

Sec. 29-251. - Failure of dealer to comply; issue of court order; contempt.

If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(Ord. No. 38-1980, § 9.11, 10-27-80)

Sec. 29-252. - Seizure of property as evidence of attempt to evade.

The importation into the authority of tangible personal property which is subject to tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in this section 29-236 (if the tax imposed by this article on said tangible personal property has not been paid), shall be

construed as an attempt to evade payment of the said tax and the same is hereby prohibited, and the said truck, automobile, or means of transportation other than a common carrier, and said taxable property may be seized by the governing body in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(Ord. No. 38-1980, § 9.12, 10-27-80)

Sec. 29-253. - Failure to pay construed as attempt to evade; attachment; conviction and penalties.

The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this article, [to pay any tax,] shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that it is the intention of this article to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to the governing body.

In addition to the penalties prescribed in this and the preceding section (section 29-252), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisonment in jail for a period of not more than ninety (90) days or by both such fine and imprisonment, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(Ord. No. 38-1980, § 9.13, 10-27-80)

Sec. 29-254. - Delinquency shall be lien against dealer, priority.

The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer, to the governing body recoverable in any court of competent jurisdiction in an action at law by the governing body. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, involvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the governing body.

(Ord. No. 38-1980, § 9.14, 10-27-80)

Sec. 29-255. - Bond may be required to secure payment.

The governing body may require a bond or other security satisfactory to the collector for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Ord. No. 38-1980, § 9.14, 10-27-80)

Sec. 29-256. - Estimate and assessment of unpaid taxes and penalties to be made within three-year period.

If any person, or dealer, shall fail to make a return or report as required by this article, the collector, within three (3) years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the governing body from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise, as the said claim shall prescribe.

(Ord. No. 38-1980, § 9.16, 10-27-80)

Sec. 29-257. - Assessment of deficiency plus penalties and interest.

After a return or report is filed under the provisions of this article, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary and if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the governing body from such person, or dealer, and make demand upon him for payment.

(Ord. No. 38-1980, § 9.17, 10-27-80)

Sec. 29-258. - Arbitrary assessment authorized when prompt proceedings necessary; payment of assessment.

If the collector finds that any person, or dealer liable for the payment of any tax under this article designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

All taxes, penalties and interest assessed pursuant to the provisions of sections 29-256 through 29-258, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by the governing body. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this article, a sum equivalent to five (5) per cent of the tax.

(Ord. No. 38-1980, § 9.18, 10-27-80)

Sec. 29-259. - Collection by distraint and sale.

If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative, who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes,

together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(Ord. No. 38-1980, § 9.19, 10-27-80)

Sec. 29-260. - Personal liability of dealer.

Any dealer who shall neglect, fail or refuse to collect the tax as provided in sections 29-196 through 29-205 of this article, upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax shall be liable for and pay the tax himself.

(Ord. No. 38-1980, § 9.20, 10-27-80)

Sec. 29-261. - Penalties for specific violations.

For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court:

(a) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under sections 29-196 through 29-205 of this article and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(b) Any dealer who shall fail, neglect, or refuse to collect the tax as provided in sections 29-196 through 29-205 of this article, whether by himself or through his agents or employees;

(c) Any dealer violating the provisions of sections 29-245 and 29-246 of this article;

(d) Any dealer who fails to permit an inspection of records by the collector as provided in section 29-226 of this article;

(e) Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 29-228 of this article;

(f) Any dealer, wholesale dealer or jobber who violates the provisions of sections 29-199 and 29-200 of this article;

(g) Any dealer who violates the provisions of section 29-227 of this article;

(h) Any dealer failing or refusing to furnish any return as provided in sections 29-216 through 29-221 of this article, or failing or refusing to furnish a supplemental return, or other data required by the collector;

(i) Any dealer required to make, render, sign or verify any return as provided in sections 29-216 through 29-221 of this article, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(j) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of section 29-262 of this article; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(k) Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(Ord. No. 38-1980, § 9.21, 10-27-80)

Sec. 29-262. - Full payment required prior to any change in corporate status.

No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the authority may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest, and other charges imposed upon said corporation in accordance with the provisions of this article shall have been fully paid.

(Ord. No. 38-1980, § 9.22, 10-27-80)

Sec. 29-263. - Interest and penalties required.

Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in section 29-243 of this article, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment. In addition, such person or dealer shall pay any special penalty or penalties provided by this article.

(Ord. No. 38-1980, § 9.23, 10-27-80)

Sec. 29-264. - Penalties and interest payable as tax; waiver by collector.

All penalties and interest imposed by this article shall be payable to and recoverable by the governing body in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty, and may remit or waive payment of any interest charged in excess of the rate of one-half (½) of one per centum per month.

(Ord. No. 38-1980, § 9.23, 10-27-80)

Sec. 29-265. - Reserved.

DIVISION 10. - REFUNDS AND REIMBURSEMENTS

Sec. 29-266. - Tax credit on refunded purchases.

In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector and in case the tax has not been remitted by the dealer to the governing body, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall not be longer than ninety (90) days, the governing body, through the collector, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the governing body at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(Ord. No. 38-1980, § 10.01, 10-27-80)

Sec. 29-267. - Filing claim for refund.

If any dealer shall have given to the collector notice within the time provided in section 29-266 of this article, such dealer thereafter, at any time within two (2) years after the payment of any original or additional tax assessed against him, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(Ord. No. 38-1980, § 10.02, 10-27-80)

Sec. 29-268. - Overpayment credited against liability or refunded; rejection of claim.

If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, the said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(Ord. No. 38-1980, § 10.03, 10-27-80)

Sec. 29-269. - Refund of erroneous overpayment authorized.

Where no question of fact or law is involved, and it appears that the records of the governing body that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within two (2) years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(Ord. No. 38-1980, § 10.04, 10-27-80)

Sec. 29-270. - Return of security deposit upon compliance.

When, to secure compliance with any of the provisions of this article, any moneys shall have been deposited with the governing body by any dealer, and shall have been paid over to the governing body and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. No. 38-1980, § 10.05, 10-27-80)

Secs. 29-271—29-275. - Reserved.

DIVISION 11. - REMEDIES OF THE DEALER

Sec. 29-276. - Payment; notice of intent to sue; refund pending outcome.

A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period of thirty (30) days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate of two (2) per cent per annum covering the period from the date the said funds were received by the governing body to the date of refund.

(Ord. No. 38-1980, § 11.01, 10-27-80)

Sec. 29-277. - Courts of remedy; service of process.

This section shall afford a legal remedy and right of action in any state, city or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(Ord. No. 38-1980, § 11.02, 10-27-80)

Sec. 29-278. - Additional assessment filed under protest.

This section shall be construed to provide a legal remedy in the state, city or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Ord. No. 38-1980, § 11.03, 10-20-80)

Sec. 29-279. - Filing of protest; hearing; appeal.

If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, city or federal court of competent jurisdiction as provided for in section 29-276.

(Ord. No. 38-1980, § 11.04, 10-27-80)

Sec. 29-280. - Reserved.

DIVISION 12. - OTHER ADMINISTRATIVE PROVISIONS

Sec. 29-281. - Authorization of collector to administer provisions.

The collector is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by this governing body.

(Ord. No. 38-1980, § 12.01, 10-27-80)

Sec. 29-282. - Power to make rules for enforcement of article.

The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the Constitution of this State or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(Ord. No. 38-1980, § 12.02, 10-27-80)

Sec. 29-283. - Furnishing of forms.

The collector shall design, prepare, print and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to ensure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided.

(Ord. No. 38-1980, § 12.03, 10-27-80)

Sec. 29-284. - Cost of administration and enforcement borne by collector.

The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne by the collector.

(Ord. No. 38-1980, § 12.04, 10-27-80)

Sec. 29-285. - Effect of provisions on prior transactions.

In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this article and containing the sale price, and delivery is made after the effective date of this article, and such sale is taxable under this article, the seller shall add the tax imposed by said article to said sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date hereof, except as provided in section 29-191(q) of this article.

The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the authority prior to the effective date of this article, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(Ord. No. 38-1980, § 12.05, 10-27-80)

Sec. 29-286. - Authorization to receive written oath.

It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, disposition, statement, or report required by the collector in the administration of this article.

(Ord. No. 38-1980, § 12.06, 10-27-80)

Sec. 29-287. - Authority to conduct hearings; when.

The collector, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

(Ord. No. 38-1980, § 12.07, 10-27-80)

Sec. 29-288. - Service of notice on dealer.

Any notice required to be given by the collector pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Ord. No. 38-1980, § 12.08, 10-27-80)

Sec. 29-289. - Recording of acts; authentication of copies; fee.

The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions, and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of one dollar ($1.00) which shall be deposited in the "Sales Tax Fund—1980."

(Ord. No. 38-1980, § 12.09, 10-27-80)

Sec. 29-290. - Provisions not to deprive parties of remedial action.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the governing body of the authority of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws, ordinances, or resolutions.

(Ord. No. 38-1980, § 12.10, 10-27-80)

Sec. 29-291. - Severability.

If any section, subsection, sentence, clause, or phrase of this article be held invalid, such decisions shall not affect the validity of the remaining portions of this article. The governing body hereby declares that it would have passed this article, and each section, subsection, sentence, clause, and phrase thereof irrespective of the fact that any one or more sections, subsections, sentences, clauses, or phrases may be so declared invalid.

(Ord. No. 38-1980, § 12.11, 10-27-80)

Sec. 29-292. - Tax declared supplemental and additional.

The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the governing body of any kind or nature.

Notwithstanding anything herein to the contrary, the one (1) per cent sales and use tax levied by this article is hereby declared to be and is supplemental and in addition to the one (1) per cent sales and use tax now being levied and collected in the authority pursuant to ordinances previously adopted. Said one (1) per cent sales and use tax shall continue to be levied and collected pursuant to said ordinances previously adopted, and the one (1) per cent sales and use tax authorized by this article shall be levied and collected effective November 1, 1980, so that the total sales and use taxes levied and collected by the authority pursuant to all ordinances from and after November 1, 1980, shall be two (2) per cent.

(Ord. No. 38-1980, §§ 12.12, 12.13, 10-27-80)

Secs. 29-293—29-295. - Reserved.

DIVISION 13. - DISPOSITION OF TAX PROCEEDS AND REVENUES

Sec. 29-296. - Deposit into special fund; exception.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the collector as an agent of the governing body under any provision or provisions of this article shall be promptly deposited by the collector for the account of the governing body in a special fund designated "Sales Tax Fund—1980," which fund shall be established and maintained as sacred funds of the governing body, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(Ord. No. 38-1980, § 13.01, 10-27-80)

Sec. 29-297. - Payment of expenses incurred in administering and enforcing article.

Out of the funds on deposit in said "Sales Tax Fund—1980," the collector shall first pay all reasonable and necessary expenses of collecting the tax levied hereby and administering the provisions of this article as well as the various administrative procedures established herein.

(Ord. No. 38-1980, § 13.02, 10-27-80)

Sec. 29-298. - Balance of proceeds expended as designated.

In compliance with the said special election of September 13, 1980, authorizing said tax, after all reasonable and necessary costs and expenses of collecting and administering the tax have been paid as provided in section 29-298, the remaining balance of the sales tax proceeds shall be available for appropriation and expenditure by the governing body, solely for the purposes designated in the proposition authorizing the levy of the tax, as approved by a majority of the qualified electors of the authority voting in a special election held therein on September 13, 1980.

(Ord. No. 38-1980, § 13.03, 10-27-80)

Sec. 29-299. - Collector as agent and trustee for governing body.

It is hereby recognized that the tax herein levied is being levied by and on behalf of the governing body as herein provided and that the collector is acting as agent for the governing body for the purpose of administration and collection of the tax.

(Ord. No. 38-1980, § 14.01, 10-27-80)

DIVISION 14. - PUBLICATION AND RECORDING

Sec. 29-300. - Journal publication.

This article shall be published in one issue of the official journal of the governing body as soon as possible and shall be in full force and effect on November 1, 1980.

(Ord. No. 38-1980, § 15.01, 10-27-80)

Sec. 29-301. - Recordation in parish mortgage records.

A certified copy of this article shall be recorded as soon as possible in the Mortgage Records of the Parish of Natchitoches, Louisiana.

(Ord. No. 38-1980, § 15.02, 10-27-80)

Secs. 29-302—29-350. - Reserved.

ARTICLE IV. - ADDITIONAL SALES AND USE TAX NO. 2

*Footnotes:*

--- (5) ---

*Editor's note— Ord. No. 110-95, adopted Dec. 11, 1995, did not specify manner of codification; hence, inclusion as Art. IV, §§ 29-351, 29-361—29-365, 29-371—29-374, 29-381—29-392, 29-401—29-403, 29-411—29-416, 29-421—29-428, 29-431, 29-436—29-457, 29-461—29-465, 29-471—29-474, 29-481—29-492, 29-496—29-498, 29-499, has been at the discretion of the editor. It should be noted that such article has been designated as Additional Sales and Use Tax No. 2 in order to differentiate between these provisions and those of Art. III.*

## DIVISION 1. - GENERALLY

### Sec. 29-351. - Definitions.

As used in this division, the words, terms and phrases "business", "cost price", "dealer", "gross sales", "hotel", "lease or rental", "person", "purchaser", "retail sale", "sale at retail", "retailer", "sale", "sales price", "sales of services", "storage", "tangible personal property", "off-road vehicle", "use", "use tax" and "drugs" have the meanings ascribed to them in La. R.S. 47:301, unless the context clearly indicates a different meaning. In addition, the following words have the meanings as hereinafter set forth unless the context clearly indicates a different meaning:

(1) *Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

(2) *Authority* means the City of Natchitoches, State of Louisiana, as is appropriate in the context used and with the understanding that the tax will be levied throughout the city.

(3) *Collector* means and includes the director of finance or his duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by this governing body to handle and accomplish the collection, enforcement and administration of sales and use tax on behalf of the authority.

(Ord. No. 110-1995, § 1.1, 12-11-95)

Secs. 29-352—29-360. - Reserved.

## DIVISION 2. - IMPOSITION OF TAX

### Sec. 29-361. - Levy and purpose.

There is hereby levied from and after January 1, 1996, for the purposes stated in the proposition attached to Ordinance No. 110-1995 as Exhibit A,* a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the authority as defined herein; and the levy of such tax shall be as follows: [6]

(1) At the rate of one-half of one percent (½%) of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the authority and to include each and every retail sale.

(2) At the rate of one-half of one percent (½%) of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority provided there shall be no duplication of the tax.

(3) At the rate of one-half of one percent (½%) of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the business.

(4) At the rate of one-half of one percent (½%) of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one-half of one percent (½%) of the gross proceeds derived from the sale of services, as defined herein.

(Ord. No. 110-1995, § 2.1, 12-11-95)

> *Footnotes:*
> --- *(6)* ---
> ***Editor's note—*** *It should be noted that "Exhibit A," referenced in § 29-361 is not set out at length herein, but is on file and available for inspection in the office of the city clerk.*

## Sec. 29-362. - Collection, payment, generally.

The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner provided in this article.

(Ord. No. 110-1995, § 2.2, 12-11-95)

## Sec. 29-363. - Tax additional to all others.

The tax so levied is, and shall be in addition to, all other taxes, whether levied in form of sales, excise, or license, privilege or property taxes levied by any other ordinance or resolution of this governing body.

(Ord. No. 110-1995, § 2.3, 12-11-95)

## Sec. 29-364. - Dealers to collect.

The dealer shall collect the tax levied by this article, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the collector of revenue of the State of Louisiana under the authority of Section 304 of Title 47 of the Louisiana Revised Statutes of 1950, as amended (R.S. 47:304). Such schedule or schedules shall include, in addition to the tax hereby levied pursuant to the election held on November 18, 1995, all sales taxes levied by the State of Louisiana, any sales tax levied by the authority and any sales taxes levied by any other political subdivision applicable in the authority. The dealer will remit that portion of such total tax representing the tax levied by this article to the collector. Copies of the integrated bracket schedules are available to dealers on request to the city or the collector.

(Ord. No. 110-1995, § 2.4, 12-11-95)

## Sec. 29-365. - Collection made in name of city.

The collection of the tax herein levied shall be made in the name of the city by the collector.

(Ord. No. 110-1995, § 2.5, 12-11-95)

Secs. 29-366—29-370. - Reserved.

DIVISION 3. - EXEMPTIONS AND EXCLUSIONS

Sec. 29-371. - Statutory exemptions apply.

The levy of the tax imposed by this article shall not apply to those transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of Chapter 2 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, and other applicable statutory authority.

(Ord. No. 110-1995, § 3.1, 12-11-95)

Sec. 29-372. - Property imported or exported.

It is not the intention of this article to levy tax upon articles of tangible personal property imported into the authority or produced or manufactured in the authority for export; nor is it the intention of this article to levy tax on a bona fide transaction in interstate commerce; however, nothing herein shall prevent the collection of the tax imposed by the use of catalogs and other means of sales promotion and for which federal legislation or federal jurisprudence enables the enforcement of this article upon the conduct of such business. It is, however, the intention of this article to levy tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority. At such time as federal legislation or federal jurisprudence as to sales in interstate commerce promoted through the use of catalogs and other means of sale promotions enables the enforcement of this article against vendors that have no nexus to the State of Louisiana or the authority, the provisions of this article shall apply to such sales on which sales and use tax would not otherwise be collected.

(Ord. No. 110-1995, § 3.2, 12-11-95)

Sec. 29-373. - Goods or services delivered outside city limits.

No tax shall be due under this article on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the authority.

(Ord. No. 110-1995, § 3.3, 12-11-95)

Sec. 29-374. - Storage of property to be used outside city.

No tax shall be levied or collected on the storage of property which has been documented for use outside the authority although the property may be stored within the authority if the owners of such property which is to be stored for exclusive use outside the authority have acquired a tax exemption certificate from the local tax collector. When a vendor is presented with a copy of a tax exemption certificate from a vendor, the vendor shall be relieved from liability for the collection of use tax on such property. If the property is removed from storage and is used within the authority, the property shall be subject to taxation.

(Ord. No. 110-1995, § 3.4, 12-11-95)

Secs. 29-375—29-380. - Reserved.

DIVISION 4. - COLLECTION BY DEALER

Sec. 29-381. - Right to collect.

The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 29-386. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of the sale; provided, however, that this governing body shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(Ord. No. 110-1995, § 4.1, 12-11-95)

Sec. 29-382. - Dealer outside city to collect tax on sales for use in city.

Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use, or other consumption, in the authority, shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(Ord. No. 110-1995, § 4.2, 12-11-95)

Sec. 29-383. - Liability for payment.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.

(Ord. No. 110-1995, § 4.3, 12-11-95)

Sec. 29-384. - Certificate of authority.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, on or before January 1, 1996, or in the case of dealers commencing business after January 1, 1996, or opening new places of business after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by the collector, provided any dealer that has heretofore made such filing pursuant to any prior ordinance providing for the levy and collection of a sales and use tax is not required to make an additional filing hereunder. The collector shall, within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of

business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(Ord. No. 110-1995, § 4.4, 12-11-95)

Sec. 29-385. - Tax collectable on resale property; refund.

A manufacturer, wholesale dealer, jobber or supplier shall refuse to accept a certificate that any property upon which tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the tax paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to this governing body the tax herein imposed.

(Ord. No. 110-1995, § 4.5, 12-11-95)

Sec. 29-386. - Tax collectable on sale or use of vehicle.

The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the Louisiana Vehicle Registration License Tax of the State of Louisiana shall be collected as provided in this section.

    (1)  The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue of the State of Louisiana at the time of application for a certificate of title or vehicle registration license, and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

       a.  The tax levied by this division on the sale of any such vehicle shall be due at the time of registration or any transfer of registration is required by the Vehicle Registration License Tax Law of the State of Louisiana (R.S. 47:451, et seq.).

       b.  The tax levied by this division on the use of any such vehicle in the unincorporated area of the authority shall be due at the time first registration in the authority is required by the Vehicle Registration License Tax Law (R.S. 47:451, et seq.).

    (2)  Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

    (3)  It is not the intention of this section to grant an exemption from the tax levied by this division to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of sales and use taxes on vehicles from

the vendor to the vehicle commissioner as agent for the secretary of the Department of Revenue and Taxation of the State of Louisiana, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of said secretary of the department of revenue in accordance with an agreement by and between said secretary of the department of revenue or the vehicle commissioner as agent therefor and this governing body, the execution of which agreement is hereby authorized. Said tax so collected for said secretary of the department of revenue shall be paid to this governing body and sent to the collector as soon as possible, and in any event at least once each quarter, all in accordance with the said agreement.

(4) The provision contained in R.S. 47:301(10) which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject to this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(Ord. No. 110-95, § 4.6, 12-11-95)

Sec. 29-387. - Auctioneers.

All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in this city. Such auctioneers or the company which they represent shall be responsible for the collection of the tax authorized herein and shall report and remit same as provided by this article.

(Ord. No. 110-95, § 4.7, 12-11-95)

Sec. 29-388. - Health club contracts.

Contracts for the membership in health and fitness clubs are subject to the tax authorized herein and shall be due and payable on a monthly basis computed on the amount paid each month less any actual imputed interest or collection fees or unpaid reserve amounts not received by a health and fitness club, provided no tax shall be due or payable on amounts collected on such contracts prior to the effective date of the tax.

(Ord. No. 110-95, § 4.7, 12-11-95)

Sec. 29-389. - Seller shall not absorb tax.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(Ord. No. 110-95, § 4.9, 12-11-95)

Sec. 29-390. - Any excess tax to be paid to collector.

Where the tax collected for any period is in excess of a two percent (2%), the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(Ord. No. 110-95, § 4.10, 12-11-95)

Sec. 29-391. - Purchaser's responsibility for payment.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to this governing body, and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to this governing body within fifteen (15) days after such sale was made or rendered.

(Ord. No. 110-95, § 4.11, 12-11-95)

Sec. 29-392. - Dealer's compensation for collecting.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two percent (2%) of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. No. 110-95, § 4.12, 12-11-95)

Secs. 29-393—29-400. - Reserved.

DIVISION 5. - COLLECTION FROM DEALER

Sec. 29-401. - Powers and duties of collector.

The tax imposed by this article shall be collectible by the collector on behalf of this governing body from all persons engaged as dealers.

(1) The collector is duly authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one (1) time in the official journal of the authority.

(2) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the tax imposed hereunder.

(3) Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this article.

(4) The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(Ord. No. 110-95, § 5.1, 12-11-95)

Sec. 29-402. - Tax required on property imported for dealer's use.

On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the articles had been sold at retail for

use or consumption, in the authority. For the purpose of this article, use or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(Ord. No. 110-95, § 5.2, 12-11-95)

Sec. 29-403. - Tax credit granted, when.

A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in the State of Louisiana, or city or county in a state other than Louisiana. The credit provided herein shall be granted only in the case where the city or parish in the State of Louisiana, or the city or county in a state other than Louisiana to which a similar tax has been paid, grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in the State of Louisiana, or to a city or county in a state other than Louisiana, shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by this governing body upon the said tangible personal property which is the subject of the use tax imposed by this article.

(Ord. No. 110-95, § 5.3, 12-11-95)

Secs. 29-404—29-410. - Reserved.

DIVISION 6. - RETURNS AND PAYMENT

Sec. 29-411. - Due and payable, when.

The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(Ord. No. 110-95, § 6.1, 12-11-95)

Sec. 29-412. - Date for filing returns.

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the twentieth (20th) day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by the collector, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of this article to the end of such month. Thereafter, like returns shall be prepared and transmitted to the collector by all dealers, on or before the twentieth (20th) day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to this governing body the required tax due for the preceding calendar month.

(Ord. No. 110-95, § 6.3, 12-11-95)

Sec. 29-413. - Failure to remit promptly.

At the time of transmitting the return required hereunder to the collector, the dealer shall remit to this governing body therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause said tax to become delinquent.

All tax, interest and penalties imposed under this article shall be paid to this governing body in the form of remittance required by the collector.

(Ord. No. 110-95, § 6.3, 12-11-95)

Sec. 29-414. - Payment of tax on rental or leased property.

Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(Ord. No. 110-95, § 6.4, 12-11-95)

Sec. 29-415. - Extension for filing returns.

The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this article.

(Ord. No. 110-95, § 6.5, 12-11-95)

Sec. 29-416. - Dealer as agent of city.

For the purpose of collecting and remitting to this governing body the tax imposed herein, the dealer is hereby declared to be the agent of this governing body.

(Ord. No. 110-95, § 6.6, 12-11-95)

Secs. 29-417—29-420. - Reserved.

DIVISION 7. - RECORDS AND INSPECTION

Sec. 29-421. - Duty of dealer to make reports and keep records.

It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for the period

provided in R.S. 47:309, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices, and other records shall be open to examination at all reasonable hours, by the collector.

(Ord. No. 110-95, § 7.1, 12-11-95)

Sec. 29-422. - Length of time records to be kept.

Each dealer shall secure, maintain and keep, for the period provided in R.S. 47:309, a complete record of sales and services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(Ord. No. 110-95, § 7.2, 12-11-95)

Sec. 29-423. - Wholesalers' records.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the collector at all reasonable hours.

(Ord. No. 110-95, § 7.3, 12-11-95)

Sec. 29-424. - Examination; duty of dealer to cooperate.

For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy", the tangible personal property and all of the books, records, papers, vouchers, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(Ord. No. 110-95, § 7.4, 12-11-95)

Sec. 29-425. - Examination of transportation firm records.

For the purpose of enforcing the collection of the tax levied herein, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in the authority whether said companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(Ord. No. 110-95, § 7.5, 12-11-95)

Sec. 29-426. - Collector to record official acts.

The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(Ord. No. 110-95, § 7.6, 12-11-95)

Sec. 29-427. - Confidentiality of records; exceptions.

The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer except in the administration and enforcement of this article and applicable tax laws, all as provided in R.S. 47:1508. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except: (a) in an action or proceeding under the provisions of this article; and, (b) when the records or files or the facts shown thereby are directly involved in such action or proceedings.

(Ord. No. 110-95, § 7.7, 12-11-95)

Sec. 29-428. - Permitted acts concerning records, returns, etc.

Nothing contained in this article shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3) The inspection by the legal representative of this governing body of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4) The examination of the records and files by the collector; or

(5) The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Ord. No. 110-95, § 7.8, 12-11-95)

Secs. 29-429, 29-430. - Reserved.

DIVISION 8. - IMPORTED GOODS; PERMITS

Sec. 29-431. - Vehicles importing taxable property.

In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into the authority, which property is subject to tax imposed by this article, to apply to the collector for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Ord. No. 110-95, § 8.1, 12-11-95)

Secs. 29-432—29-435. - Reserved.

DIVISION 9. - REMEDIES FOR COLLECTION, INCLUDING INTEREST, PENALTIES, ETC.

Sec. 29-436. - Presumption as to applicability of tax.

For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, and is subject to the tax herein levied; provided that such presumption shall be prima facie only and subject to proof furnished to the collector.

(Ord. No. 110-95, § 9.1, 12-11-95)

Sec. 29-437. - Failure to pay tax; hearing; injunction.

Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and this governing body is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why such dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgement in favor of this governing body, prohibiting such dealer from the further pursuit of the business until such time as he has paid the delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(Ord. No. 110-95, § 9.2, 12-11-95)

Sec. 29-438. - Interest, penalty for delinquency.

If the amount of tax due by the dealer is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due, there shall be collected, with the tax, interest upon the unpaid amount, at the rate as provided by R.S. 47:1601 through 1606; and in addition to the interest that may be so due there shall also be collected a penalty as provided by R.S. 47:1601 through 1606; and in the event of suit, attorney's fees at the percentage as provided for in R.S. 47:1512 of the aggregate of tax, interest and penalty.

(Ord. No. 110-95, § 9.3, 12-11-95)

Sec. 29-439. - Failure to make report; incorrect or fraudulent reports.

In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.

In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgement of the collector, represent the true or actual consideration, then the collector is authorized to fix the same and collect the tax thereon for this governing body in the same manner as above provided in the foregoing paragraph.

In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "½% Sales Tax Account" in the same manner as is the tax collected under this article.

If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty as provided in R.S. 47:1604.1. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. No. 110-95, § 9.4, 12-11-95)

Sec. 29-440. - Selling or quitting business.

If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such tax, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no tax, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the tax, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assignors.

(Ord. No. 110-95, § 9.5, 12-11-95)

Sec. 29-441. - Dealer delinquency; freezing of transactions.

In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(Ord. No. 110-95, § 9.6, 12-11-95)

Sec. 29-442. - Transportation company refusing examination; remedy.

In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgement of the court and every violation of said judgement as a contempt thereof and punished according to law.

(Ord. No. 110-95, § 9.7, 12-11-95)

Sec. 29-443. - Failure to timely file; fraudulent return; notice, hearing.

If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and the collector may require such dealer, or other agents or employees of such dealer, to give

testimony or to answer interrogatories, under oath administered by the collector, respecting the sale at retail, the use, or consumption, or distribution, or storage for use or consumption, in the authority, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(Ord. No. 110-95, § 9.8, 12-11-95)

Sec. 29-444. - Failure to file; refusal of examination; hearing; order.

If any dealer fails to make a return, or refuses to permit an examination of his (the dealer's) books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon such dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(Ord. No. 110-95, § 9.7, 12-11-95)

Sec. 29-445. - Unpermitted importation of property evidence of evasion.

The importation into the authority of tangible personal property which is subject to the tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in section 29-431 (if the tax imposed by this article on said tangible personal property has not been paid), shall be construed as an attempt to evade payment of the tax and the same is hereby prohibited, and the truck, automobile, or means of transportation other than a common carrier, and said taxable property may be seized by this governing body in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(Ord. No. 110-95, § 9.10, 12-11-95)

Sec. 29-446. - Attempt to avoid payment; attachment.

The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay the required tax on such transactions, shall ipso facto make the tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of the authority, and whether the tangible personal property is in the possession of the delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that it is the intention of this article to prevent the disposition of the tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to this governing body.

In addition to the penalties prescribed in this and the preceding section (section 29-445), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined and/or imprisonment as provided in R.S. 33:2845 and 2846, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(Ord. No. 110-95, § 9.11, 12-11-95)

Sec. 29-447. - Liability for tax a personal debt.

The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer, to this governing body recoverable in any court of competent jurisdiction in an action at law by this governing body. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgement or order obtained hereunder shall be paid to this governing body.

(Ord. No. 110-95, § 9.12, 12-11-95)

Sec. 29-448. - Security required, when.

This governing body may require a bond or other security satisfactory to the collector for the payment of any tax, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Ord. No. 110-95, § 9.13, 12-11-95)

Sec. 29-449. - Estimate, assessment; demand for payment.

If any person, or dealer, shall fail to make a return or report as required by this article, the collector, subject to the prescriptive period set forth in R.S. 33:2718.4, may make an estimate of the amount of tax such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due this governing body from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the claim shall prescribe.

(Ord. No. 110-95, § 9.14, 12-11-95)

Sec. 29-450. - Additional deficiency upon audit; demand.

After a return or report is filed under the provisions of this article, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary, and if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due this governing body from such person, or dealer, and make demand upon him for payment.

(Ord. No. 110-95, § 9.15, 12-11-95)

Sec. 29-451. - Arbitrary assessment; security; demand.

If the collector finds that any person, or dealer liable for the payment of any tax under this article designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have been become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

All tax, penalties and interest assessed pursuant to the provisions of the last three preceding sections, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by this governing body. If such tax, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this article, a sum equivalent to five percent (5%) of the tax.

(Ord. No. 110-95, § 9.16, 12-11-95)

Sec. 29-452. - Neglect or refusal to pay tax; distraint, sale of property.

If any dealer against whom tax has been assessed under the provisions of this article shall refuse or neglect to pay such tax within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative, who is charged with the enforcement of collection of such tax, to enforce collection of such tax, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(Ord. No. 110-95, § 9.17, 12-11-95)

Sec. 29-453. - Dealer liable for payment of tax under section 29-381 through 29-390.

Any dealer who shall neglect, fail or refuse to collect the tax as provided in sections 29-381 through 29-390, upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(Ord. No. 110-95, § 9.18, 12-11-95)

Sec. 29-454. - Misdemeanor violations.

For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished as provided for in R.S. 33:2845, in the discretion of the court:

(1) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under sections 29-381 through 29-390 of this article and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2) Any dealer who shall fail, neglect, or refuse to collect the tax as provided in sections 29-381 through 29-390, whether by himself or through his agents or employees;

(3) Any dealer violating the provisions of sections 29-440 and 29-441 of this article;

(4) Any dealer who fails to permit an inspection of records by the collector as provided in section 29-421;

(5) Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 29-423;

(6) Any dealer, wholesale dealer or jobber who violates the provisions of sections 29-381 and 29-382;

(7) Any dealer who violates the provisions of section 29-422;

(8) Any dealer failing or refusing to furnish any return as provided in sections 29-411 through 29-416, or failing or refusing to furnish a supplemental return, or other data required by the collector;

(9) Any dealer required to make, render, sign or verify any return as provided in sections 29-411 through 29-416, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of section 29-455, provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(11) Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(Ord. No. 110-95, § 9.19, 12-11-95)

Sec. 29-455. - Payment required prior to corporate status change.

No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all tax, fees, penalties and interest imposed on the corporation in accordance with provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the authority may surrender such authority and withdraw from this state until all tax, fees, penalties, interest, and other charges imposed upon that corporation in accordance with the provisions of this article shall have been fully paid.

(Ord. No. 110-95, § 9.20, 12-11-95)

Sec. 29-456. - Penalties and interest, calculation.

Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in section 29-438, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

In addition, such person or dealer shall pay any special penalty or penalties provided by this article.

(Ord. No. 110-95, § 9.21, 12-11-95)

Sec. 29-457. - Waiver of penalties.

All penalties and interest imposed by this article shall be payable to and recoverable by this governing body in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any such penalty.

(Ord. No. 110-95, § 9.24, 12-11-95)

Secs. 29-458—29-460. - Reserved.

DIVISION 10. - REFUNDS AND REIMBURSEMENTS

Sec. 29-461. - Credit for refunded purchases.

In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector and in case the taxes have not been remitted by the dealer to this governing body, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall be as provided in R.S. 33:2718.1, this governing body, through the collector, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by this governing body at full face value from the dealer to whom it is issued, in the remittance for subsequent tax accrued under the provisions of this article.

(Ord. No. 110-95, § 10.1, 12-11-95)

Sec. 29-462. - Claim for refund, filing.

If any dealer shall have given to the collector notice within the time provided in section 29-461, such dealer thereafter, within the period provided by R.S. 33:2718.1, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(Ord. No. 110-95, § 10.2, 12-11-95)

Sec. 29-463. - Overpayment, credit or refund.

If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, the dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(Ord. No. 110-95, § 10.3, 12-11-95)

Sec. 29-464. - Erroneous or illegal collections.

Where no question of fact or law is involved, and it appears that the records of this governing body that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within prescriptive period provided by R.S. 33:2718.1, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(Ord. No. 110-95, § 10.4, 12-11-95)

Sec. 29-465. - Return of security.

When, to secure compliance with any of the provisions of this article any moneys shall have been deposited with this governing body by any dealer, and shall have been paid over to this governing body and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

Secs. 29-466—29-470. - Reserved.

DIVISION 11. - REMEDIES OF THE DEALER

Sec. 29-471. - Right of action; notice of suit.

A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period as provided in R.S. 47:1576; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate as provided in R.S. 47:1576; covering the period from the date the funds were received by this governing body to the date of refund.

(Ord. No. 110-95, § 11.1, 12-11-95)

Sec. 29-472. - Service upon collector re legal action.

This section shall afford a legal remedy and right of action in any state, municipal or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(Ord. No. 110-95, § 11.2, 12-11-95)

Sec. 29-473. - Payment of tax under protest.

This section shall be construed to provide a legal remedy in the state, municipal or federal courts, by action of law, in case such tax is claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principal of law involved in an additional assessment is already pending before the courts for judicial determination, the dealer, upon agreement to abide by the decision of the courts may pay the additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Ord. No. 110-95, § 11.3, 12-11-95)

Sec. 29-474. - Filing protest; hearing; appeal.

If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within the period provided in R.S. 47:1563, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, municipal or federal court of competent jurisdiction as provided for in section 29-472.

(Ord. No. 110-95, § 11.4, 12-11-95)

Secs. 29-475—29-480. - Reserved.

DIVISION 12. - OTHER ADMINISTRATIVE PROVISIONS

Sec. 29-481. - Collector to administer provisions.

The collector is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by this governing body.

(Ord. No. 110-95, § 12.1, 12-11-95)

Sec. 29-482. - Rules and regulations for enforcement.

The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the Constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(Ord. No. 110-95, § 12.2, 12-11-95)

Sec. 29-483. - Collector to furnish forms and instructions.

The collector shall design, prepare, print and furnish to all dealers or make available to such dealers, all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the tax due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said tax at the time and in the manner herein provided.

(Ord. No. 110-95, § 12.3, 12-11-95)

Sec. 29-484. - Collection and enforcement costs.

The cost of preparing and distributing the report forms and paraphernalia for the collection of the tax, and of the inspection and enforcement duties required herein, shall be borne by the collector.

(Ord. No. 110-95, § 12.4, 12-11-95)

Sec. 29-485. - Effect upon prior transactions.

In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this article and containing the sale price, and delivery is made after the effective date of this article, and such sale is taxable under this article, the seller shall add the tax imposed by this article to such sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date hereof, except no new or additional sales or use tax shall be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of this article or to sales or services involved in such contracts entered into and reduced to writing within ninety (90) days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales tax at the rates effective and existing prior to such effective date.

The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the unincorporated area of the authority prior to the effective date of this article, if the said tangible personal property is actually used or consumed by the person who imported and stored the tangible personal property.

(Ord. No. 110-95, § 12.5, 12-11-95)

Sec. 29-486. - Authorization to receive written oath.

It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, disposition, statement, or report required by the collector in the administration of this article.

(Ord. No. 110-95, § 12.6, 12-11-95)

Sec. 29-487. - Conduct of hearings.

The collector, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this ordinance. Such

examinations or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

(Ord. No. 110-95, § 12.7, 12-11-95)

Sec. 29-488. - Methods of serving notice.

Any notice required to be given by the collector pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Ord. No. 110-95, § 12.8, 12-11-95)

Sec. 29-489. - Authenticated records as evidence.

The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions, and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this ordinance. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, the collector shall be paid a fee to be established from time to time by him which shall be deposited in the appropriate sales tax fund.

(Ord. No. 110-95, § 12.9, 12-11-95)

Sec. 29-490. - Article not to deprive parties of remedials.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive this governing body of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws, ordinances, or resolutions.

(Ord. No. 110-95, § 12.10, 12-11-95)

Sec. 29-491. - Severability.

If any section, subsection, sentence, clause, or phrase of this article be held invalid, such decisions shall not affect the validity of the remaining portions of this article. This governing body hereby declares that it would have passed this article, and each section, subsection, sentence, clause, and phrase thereof irrespective of the fact that any one (1) or more section, subsections, sentences, clauses, or phrases may be so declared invalid.

(Ord. No. 110-95, § 12.11, 12-11-95)

Sec. 29-492. - Tax supplemental and additional.

The tax levied herein is declared to be supplemental and in addition to all other tax levied by and under the authority of this governing body of any kind or nature.

(Ord. No. 110-95, § 12.12, 12-11-95)

Secs. 29-493—29-495. - Reserved.

DIVISION 13. - DISPOSITION OF TAX PROCEEDS AND REVENUES

Sec. 29-496. - Special funds.

All tax, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the collector as an agent of this governing body under any provision or provisions of this article shall be promptly deposited by the collector for the account of this governing body in a special fund designated the "½% Sales Tax Account", which funds shall be established and maintained as sacred funds of this governing body, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(Ord. No. 110-95, § 13.1, 12-11-95)

Sec. 29-497. - Administrative and enforcement expenses.

Out of the funds on deposit in the ½% Sales Tax Account, the collector shall first pay all reasonable and necessary expenses of collecting and administering the respective tax levied hereby and administering the provisions of this article as well as the various administrative procedures established herein.

(Ord. No. 110-95, § 13.2, 12-11-95)

Sec. 29-498. - Appropriation and expenditure of balance as designated.

In compliance with the special election of November 18, 1995, authorizing said tax, after all reasonable and necessary costs and expenses of collecting and administering the tax have been paid as provided in section 29-497, the remaining balance of the sales tax proceeds shall be available for appropriation and expenditure by this governing body, solely for the respective purposes designated in the propositions authorizing the levy of the tax (annexed hereto as Exhibit "A"), as approved by a majority of the qualified electors of the authority voting in the special election.

(Ord. No. 110-95, § 13.3, 12-11-95)

Sec. 29-499. - Collector as agent and trustee for governing body.

It is hereby recognized that the tax herein levied are being levied by and on behalf of this governing body as herein provided and that the collector is acting as agent for this governing body for the purpose of administration and collection of the tax.

(Ord. No. 110-95, § 14.1, 12-11-95)

ARTICLE VI. - SALES AND USE TAX

> *Footnotes:*
>
> *--- (4) ---*
>
> *Const. law reference—Sales and use tax authority, La. Const., art. VI, § 29.*
>
> ***Cross reference—*** *Amusements and entertainments, ch. 14; businesses, ch. 30; carnival, Mardi Gras, ch. 34; enterprise zones, § 46-86 et seq.; peddlers, solicitors and itinerant vendors, ch. 110; peddlers and itinerant vendors, § 110-46 et seq.; solicitors, § 110-221 et seq.; transient vendors, § 110-256 et seq.; secondhand goods dealers, § 130-36 et seq.; pawnbrokers, § 130-101 et seq.; junkyards, § 130-136 et seq.*

DIVISION 1. - GENERALLY

Sec. 150-441. - Definitions.

The following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

*Business* includes any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit or advantage, either direct or indirect. The term "business" shall not be construed to include occasional and isolated sales by a person who does not hold himself out as engaged in business.

*Cost price* means the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, except those service costs for installing the articles of tangible personal property if such cost is separately billed to the customer at the time of installation, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.

(1) In the case of tangible personal property which has acquired a state tax situs and is thereafter transported outside the state for repairs performed outside the state and is thereafter returned to the state, the cost price shall be deemed to be the actual cost of any parts and/or materials used in performing such repairs, if applicable labor charges are separately stated on the invoice. If the applicable labor charges are not separately stated on the invoice, it shall be presumed that the cost price is the total charge reflected on the invoice.

(2) Cost price does not include the supplying and installation of board roads to oil field operators if the installation charges are separately billed to the customer at the time of installation.

(3) In the case of interchangeable components located in the city, a taxpayer may elect to determine the cost price of such components as follows:

    a. The taxpayer shall send to the secretary written notice of the calendar month selected by the taxpayer as the first month for the determination of cost price under this subsection (the "first month"). The taxpayer may select any month. The taxpayer shall send to the secretary notice of an election to designate a first month on the first day of the designated first month, or 90 days from July 1, 1990, whichever is later.

    b. For the first month and each month thereafter, cost price shall be based and use tax shall be paid only on 1/60 of the aggregate cost price of the interchangeable components deployed and earning revenue within the city during the month, without regard to any credit or other consideration for state, political subdivision, or school board use tax previously paid on such interchangeable components.

    c. Any election made under this subsection shall be irrevocable for a period of 60 consecutive months inclusive

of the first month. If at any time after the 60-month period the taxpayer revokes its election, no credit or other consideration for use taxes paid pursuant thereto shall be applied to any use tax liability arising after such revocation.

    d.  For purposes of this subsection, "interchangeable component" means a component that is used or stored for use in measurement-while-drilling instruments or systems manufactured or assembled by the taxpayer, which measurement-while-drilling instruments or systems collectively generate 80 percent or more of their annual revenue from their use outside of the city.

        1.  "Measurement-while-drilling instruments or systems" means instruments or systems which measure information from a downhole location in a borehole, transmit the information to the surface during the process of drilling the borehole using a wireless technique, and receive and decode the information on the surface.

        2.  The method for determining cost price of interchangeable components provided for in this subsection shall apply to any use taxes imposed by the city.

(4)  Cost price shall not include any amount designated as a cash discount or a rebate by a vendor or manufacturer of any new vehicle subject to the motor vehicle license tax. For purposes of this subsection the term "rebate" means any amount offered by the vendor or manufacturer as a deduction from the listed retail price of the vehicle.

*Dealer* includes every person who:

(1)  Manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution or for storage.

(2)  Imports, or causes to be imported, tangible personal property from any state or other political subdivision of this state or any foreign country for sale at retail, for use or consumption, or distribution or for storage to be used or consumed in the city.

(3)  Sells at retail, or who offers for sale at retail or who has in his possession for sale at retail or for use, or consumption, or distribution or storage to be used or consumed in the city, tangible personal property as defined herein.

(4)  Has sold at retail, or used, or consumed, or distributed or stored for use or consumption in the city tangible personal property and who cannot prove that the tax levied by this chapter has been paid on the sale at retail, the use, the consumption, the distribution or the storage of such tangible personal property.

(5)  Leases or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto.

(6)  Is the lessee or rentee of tangible personal property and pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto.

(7)  Sells or furnishes any of the services subject to tax under this article or who is engaged in the collecting the amount required to be paid by a transient guest as a condition of occupancy at a residential location as provided herein. For purposes of this article, dealer shall not include persons leasing apartments of single-family dwellings on a month-to-month basis.

(8)  Purchases or receives any of the services subject to tax under this article.

(9)  Engages in business in the city.

(10)  Sells at retail any tangible personal property to a vending machine operator for resale through coin-operated vending machines.

(11)  Makes deliveries of tangible personal property into the city in a vehicle owned or operated by such person.

(12)  Engages in regular or systematic solicitation of a consumer market in this city by the distribution of catalogs, period advertising fliers, or other advertising, or by means of print, radio or television media, by mail, telegraphy, telephon computer data base, cable, optic, microwave, or other communication system.

The term "dealer" shall not include lessors of railroad rolling stock used either for freight or passenger purposes. However, the term "dealer" shall include lessees, other than a railway company or railroad corporation, of such property and such lessees shall be responsible for the collection and payment of all sales and use taxes.

*Diaper* means any absorbent diaper or undergarment used for incontinence in adults and any absorbent diaper or undergarment designed to be worn by a child who cannot yet control bladder or bowel movements.

*Director* means the director of the department of finance of the city or his duly authorized assistants.

*Distraint* or *distrain* means the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this article.

*Drugs* includes all pharmaceuticals and medical devices which are prescribed for use in the treatment of any medical disease.

*Engaging in business in the city* means and includes any of the following methods of transacting business: maintaining directly, indirectly, or through a subsidiary, an office, distribution house, sales house, warehouse, or other place of business or by having an agent, salesman, or solicitor operating within the city under the authority of the seller or its subsidiary irrespective of whether such place of business, agent, salesman, or solicitor is located in the city permanently or temporarily or whether such seller or subsidiary is qualified to do business in the city, or any person who makes deliveries of tangible personal property into the city other than by a common or contract carrier.

**State Law reference—** Similar provisions, R.S. 47:301(4)(h).

*Feminine hygiene product* means tampons, menstrual pads, sanitary napkins, panty liners, menstrual sponges, and menstrual cups, including disposable and washable versions of these items.

*Gross sales* means the sum total of all retail sales of tangible personal property without any deductions whatsoever of any kind or character, except as provided in this article.

*Hotel* means and includes any establishment or person engaged in the business of furnishing sleeping rooms, cottages, or cabins to transient guests, where such establishment consists of sleeping rooms, cottages, or cabins at any of the following: (1) a single business location; (2) a residential location, including but not limited to a house, apartment, condominium, camp, cabin, or other building structure used as a residence. For purposes of this article, hotel shall not mean or include any establishment or person leasing apartments or single-family dwellings on a month-to-month basis.

*Lease* or *rental* means the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee, for a consideration, without transfer of the title of such property.

(1)  For the purpose of the leasing or renting of automobiles, "lease" means the leasing of automobiles and the possession or use thereof by the lessee, for a consideration, without the transfer of the title of such property for a 180-day period or more. The term "rental" means the renting of automobiles and the possession or use thereof by the renter, for a consideration, without the transfer of the title of such property for a period less than 180 days.

(2)  The term "lease or rental," however, shall not mean or include the lease or rental made for the purpose of release or rerental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, other drilling or related equipment used in connection with the operating, drilling, completion, or reworking of oil, gas, sulphur, or other mineral wells.

(3) The term "lease or rental" shall not mean or include a lease or rental of property to be used in performance of a contract with the United States Department of the Navy for construction or overhaul of U.S. Naval vessels.

(4) The term "lease or rental" shall not mean the lease or rental of airplanes or airplane equipment by a commuter airline domiciled in the state.

*Off-road vehicle* is any vehicle manufactured for off road use which is issued a manufacturer's statement of origin that cannot be issued a registration certificate and license to operate on the public roads of this state because at the time of manufacture the vehicle does not meet the safety requirements prescribed by R.S. 32:1301 through R.S. 32:1310. This includes vehicles that are issued a title only by the vehicle registration bureau, department of public safety and corrections, such as all terrain vehicles and recreational and sport vehicles, but it does not include off-road vehicles used for farm purposes, farm equipment, or heavy construction equipment.

*Person* includes any individual, firm, co-partnership, joint venture, association, corporation, estate, trust, business trust, receiver, syndicate, this state, any parish, city and parish, municipality, district or other political subdivision thereof or any board, agency, group or combination acting as a unit, and the plural as well as the singular number.

*Purchaser* means and includes any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to tax under this article.

*Retail sale* or a *sale at retail* means a sale to a consumer or to any other person for any purpose, other than for resale, in the form of tangible personal property, and shall mean and include all such transactions as the director of the department of finance, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations shall himself be liable for and pay the tax.

(1) Retail sale or sale at retail shall mean a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, and shall mean and include all such transactions as the director of the department of finance, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations shall himself be liable for and pay the tax.

(2) Retail sale or sale at retail, for purposes of sales and use taxes imposed on transactions involving the sale for rental of automobiles which take place prior to January 1, 1991, and imposed on transactions involving the lease or rental of tangible personal property other than autos which take place prior to July 1, 1991, means a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, and shall mean and include all such transactions as the director of the department of finance, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.

(3) The sale of tangible personal property to a dealer who purchases such property for resale through coin-operated vending machines shall be considered a sale at retail, subject to the tax levied by R.S. 47:302(A) and R.S. 47:321(A). The subsequent resale of the property by the dealer through coin-operated vending machines shall not be considered a sale at retail.

(4) The sale of a vehicle subject to the Vehicle Registration License Tax Law (R.S. 47:451 et seq.) shall be deemed to be a retail sale or a sale at retail:

a. In the city of the principal residence of the purchaser if the vehicle is purchased for private use, or

b. In the city of the principal location of the business if the vehicle is purchased for commercial use, unless the vehicle purchased for commercial use is assigned, garaged, and used outside of such city, in which case the sale shall be deemed a retail sale or a sale at retail in the city where the vehicle is assigned, garaged, and

used.

(5) The term "sale at retail" shall include the sale of a pollution control device or system. In order to qualify, the pollution control device or system must demonstrate either: a net decrease in the volume or toxicity or potential hazards of pollution as a result of the installation of the device or system; or that installation is necessary to comply with federal or state environmental laws or regulations.

(6) The term "sale at retail" does not include the sale of:

   a. Materials for further processing into articles of tangible personal property for sale at retail or sales of electricity for chlor-alkali manufacturing processes; or an isolated or occasional sale of tangible personal property by a person not engaged in such business.

   b. Any human tissue transplants, which shall be defined to include all human organs, bone, skin, cornea, blood, or blood products transplanted from one individual into another recipient individual.

   c. Raw agricultural commodities, including but not limited to feed, seed, and fertilizer, to be utilized in preparing, finishing, manufacturing, or producing crops or animals for market.

   d. Corporeal movable property which is intended for future sale to the United States government or its agencies, when title to such property is transferred to the United States government or its agencies prior to the incorporation of that property into a final product.

   e. Food items by youth serving organizations chartered by congress.

   f. A new school bus or a used school bus which is less than five years old by an independent operator, when such bus is to be used exclusively in a public school system.

   g. Tangible personal property to food banks, as defined in R.S. 9:2799.

   h. Airplanes or airplane equipment or parts to a commuter airline domiciled in the state.

   i. State manufactured or assembled passenger aircraft with a capacity in excess of 50 persons, if, after all transportation, including transportation by the purchaser, has been completed, the aircraft is ultimately received by the purchaser outside of the state.

   j. Pelletized paper waste when purchased for use as combustible fuel by an electric utility or in an industrial manufacturing, processing, compounding, reuse, or production process, including the generation of electricity or process steam, at a fixed location in this city. However, such sale shall not be excluded unless the purchaser has signed a certificate stating that the fuel purchased is for the exclusive use designated herein. For purposes of this definition, pelletized paper waste means pellets produced from discarded waste paper that has been diverted or removed from solid waste which is not marketable for recycling and which is wetted, extruded, shredded, or formulated into compact pellets of various sizes for use as a supplemental fuel in a permitted boiler.

   k. Equipment used in firefighting by bona fide volunteer fire departments.

   l. Materials for further processing into articles of tangible personal property for sale at retail; or an isolated or occasional sale of tangible personal property (other than a vehicle to be used on the public streets or highways) by a person not engaged in such business.

*Retailer* means and includes every person engaged in the business of making sales at retail, or for distribution, or use or storage or consumption to be used or consumed in this city.

*Sale* means any transfer of title or possession, or both, exchange, barter, conditional or otherwise, in any manner or by any means whatsoever of tangible personal property for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work and the furnishing, preparing or

serving, for a consideration, of any tangible personal property consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale.

*Sale of services* means and includes the following:

(1)  The furnishing of sleeping rooms, cottages or cabins by hotels.

(2)  The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, and universities and recreational events and the furnishing for dues, fees or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities.

    a.  Sale of services does not include membership fees or dues of nonprofit, civic organizations, including by way of illustration and not of limitation the Young Men's Christian Association, the Catholic Youth Organization, the Young Women's Christian Association, the Zulu Social Aid and Pleasure Club and the Jewish Community Center.

    b.  Places of amusement shall not include museums, which are hereby defined as public or private nonprofit institutions which are organized on a permanent basis for essentially educational or aesthetic purposes and which use professional staff to do all of the following:

        1.  Own or use tangible objects, whether animate or inanimate.

        2.  Care for those objects.

        3.  Exhibit them to the public on a regular basis.

    c.  Museums include, but are not limited to, the following institutions:

        1.  Museums relating to art, history, including historic buildings, natural history, science, and technology.

        2.  Aquariums and zoological parks.

        3.  Botanical gardens and arboretums.

        4.  Nature centers.

        5.  Planetariums.

(3)  The furnishing of storage or parking privileges by auto hotels and parking lots.

(4)  The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter.

(5)  The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs and the furnishing of storage space for clothing, furs and rugs.

(6)  The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage when such service is incidental to the operation of storage facilities.

(7)  The furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment. Repairs as contemplated by this paragraph does not include restoration of paintings or other works of art performed by a professional art conservator. Charges for the furnishing of repairs to tangible personal property may be excluded from sale of services when the repaired property is delivered to the customer in another state either by common carrier or the repair dealer's own vehicle, however, as to aircraft, delivery may be by the best available means. Offshore areas shall not be considered another state for the purpose of this subsection.

(8)  For the purposes of this definition, tangible personal property shall include machinery, appliances, and

equipment which have been declared immovable by declaration under the provisions of article 467 of the Louisiana Civil Code, and things which have been separated from land, buildings, or other constructions permanently attached to the ground or their component parts as defined in Article 466 of the Civil Code.

(9)  The furnishing of telecommunication services for compensation.

a.  Except as otherwise provided in this subsection, the term "telecommunication services" means:

1.  Local telephone service, private communication service, toll telephone service, including such service provided by alternate operator service providers, and teletypewriter or computer exchange service.

2.  Cellular mobile telephone or telecommunication service, specialized mobile radio or paging service, and any other form of mobile or portable one-way or two-way communication.

3.  Charges for the connection of or change to any of the services described in subsections (9)a.1 and 2 of this definition.

b.  The term "telecommunication services" shall not include:

1.  Telecommunication services paid for by inserting coins in coin-operated telephones available to the public.

2.  Any excise, franchise, or similar tax or like fee or assessment levied by the city upon the purchase, sale, use, or consumption of any telecommunication services, which tax, fee, or assessment is collected by the seller from the purchaser.

3.  Any interstate telecommunication services, or any telecommunication services for which rates are approved by or subject to approval by the Federal Communications Commission, including interstate subscriber line charges.

4.  The furnishing of any telecommunication services for resale, including charges for the use of intercompany facilities pursuant to shared network facility arrangements, access charges paid by intrastate or interstate interexchange telecommunications carriers and interconnection charges paid by providers of cellular, mobile, and paging telecommunication services, provided that any dealer making a sale of telecommunication services for resale shall obtain a certificate from the purchaser of such services certifying that such services are purchased for the purpose of resale, the form of the certification to be determined by rules and regulations to be promulgated by the director of the department of finance.

5.  Services or transactions defined in this subsection among entities classified as members of an affiliated group as provided by federal law (26 U.S.C. § 1504), provided, however, that these provisions shall not apply to any services that would have been taxable under this article as it existed on October 1, 1990.

6.  Information and data services, including storage of data or information for subsequent retrieval, the retrieval of data or information, or the processing, or reception and processing, of data or information intended to change its form or content.

c.  For the purposes of this subsection, the following definitions shall apply:

1.  The term "local telephone service" means the access to a local telephone system and the privilege of telephonic-quality communication with substantially all persons having telephone or radio telephone stations constituting a part of such local telephone system.

2.  The term "teletypewriter or computer exchange service" means the access from a teletypewriter, telephone, computer, or other data station and the privilege of intercommunication by such station with substantially all persons having teletypewriter, telephone, computer, or other data stations constituting a part of the same teletypewriter or computer exchange system. The term "teletypewriter or computer

exchange service" does not include the storage of data or information for subsequent retrieval, the retrieval of data or information, or the processing, or reception and processing, of data or information intended to change its form or content.

3. The term "toll telephone service" means a telephonic-quality communication for which there is a toll charge that varies in amount according to the distance and elapsed transmission time of each individual communication; or a service that entitles the subscriber or user, upon the payment of a periodic charge that is determined as a flat amount or upon the basis of total elapsed transmission time, or upon some combination thereof, to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located. The term "toll telephone service" includes intrastate wide-area telephone service charges.

4. The term "private communication service" means a communication service furnished to a regular subscriber or user that entitles the subscriber or user to exclusive or priority use of a communication channel or group of channels, or to the use of an intercommunication system for the subscriber's stations, regardless of whether such channel, groups of channels, or intercommunication system may be connected through switching with a service described in subsection (9)c.1, 2, or 3 of this definition; switching capacity, extension lines, and stations, or other associated services which are provided in connection with, and which are necessary or unique to the use of, channels or systems described in this clause; or the channel mileage which connects a telephone station located outside a local telephone system area with a central office in such local telephone system.

5. The term "alternate operator service provider" means any reseller of toll telephone service, as defined in subsection (9)c.3 of this definition, that provides live or mechanical operator assistance to the end user of such toll telephone service.

(10) The term "sale of service" shall not include an action performed pursuant to a contract with the United States Department of the Navy for construction or overhaul of U.S. Naval vessels.

*Sales price* means the total amount for which tangible personal property is sold, less the market value of any article traded in, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six percent of the amount financed and losses, provided that cash discounts allowed and taken on sales shall not be included nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold. The term "sales price" shall not include the following:

(1) Any amount designated as a cash discount or a rebate by the vendor or manufacturer of any new vehicle subject to the motor vehicle license tax. For purposes of this subsection rebate means any amount offered by a vendor or manufacturer as a deduction from the listed retail price of the vehicle.

(2) The first $50,000.00 of the sale price of new farm equipment used in poultry production.

*Storage* means and includes any keeping or retention in this city of tangible personal property for use or consumption in this city, provided that storage in the regular course of business of tangible personal property which is held for sale and delivery, use, or installation in an unknown location shall become taxable only when it has been determined that delivery, use, or installation will occur in the city.

*Tangible personal property* means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include:

(1) Stocks, bonds, notes, or other obligations or securities.

(2)  Gold, silver, or numismatic coins, or platinum, gold, or silver bullion having a total value of $1,000.00 or more.

(3)  Proprietary geophysical survey information or geophysical data analysis furnished under a restricted use agreement even though transferred in the form of tangible personal property.

(4)  Repair of a vehicle by a licensed motor vehicle dealer which is performed subsequent to the lapse of the applicable warranty on that vehicle and at no charge to the owner of the vehicle. For the purpose of assessing a sales and use tax on this transaction, no valuation shall be assigned to the services performed or the parts used in the repair.

*Use* means and includes:

(1)  The exercise of any right or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business, or the donation to a school in the state which meets the definition provided in R.S. 17:236 or to a public or recognized independent institution of higher education in the state of property previously purchased for resale in the regular course of a business.

(2)  The exercise of any right or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business or the donation to a school in the state which meets the definition provided in R.S. 17:236 or to a public or recognized independent institution of higher education in the state of property previously purchased for resale in the regular course of a business.

(3)  For purposes of sales and use taxes imposed on the use for rental automobiles which take place prior to January 1, 1991, and imposed on the use for lease or rental of tangible personal property other than automobiles which take place prior to July 1, 1991, includes the purchase, the importation, the consumption, the distribution, or the storage of tangible personal property to be leased or rented in an arm's length transaction as tangible personal property.

(4)  Notwithstanding any other law to the contrary, for purposes of the imposition of the sales and use tax, the use of a vehicle subject to the Vehicle Registration License Tax Law (R.S. 47:451 et seq.) shall be deemed to be a use:

   a.  In the city of the principal residence of the purchaser if the vehicle is purchased for private use, or

   b.  In the city of the principal location of the business if the vehicle is purchased for commercial use, unless the vehicle purchased for commercial use is assigned, garaged, and used outside of the city, in which case the use shall be deemed a use in the city where the vehicle is assigned, garaged, and used.

*Use tax* includes the use, consumption, distribution, and storage. No use tax shall be due to or collected by the city on tangible personal property used, consumed, distributed, or stored for use or consumption in the city if the sale of such property would have been exempted or excluded from sales tax at the time such property became subject to the taxing jurisdiction of the city.

(Code 1956, §§ 56-1—56-20.1; M.C.S., Ord. No. 18,656, § 1, 3-19-98; M.C.S., Ord. No. 26972, § 1, 7-14-16; M.C.S., Ord. No. 27211, § 1, 12-1-16; M.C.S., Ord. No. 28462, § 1, 8-20-20, eff. 10-1-20)

**Cross reference—** Definitions generally, § 1-2.

**State Law reference—** Similar provisions, R.S. 47:301.

Sec. 150-442. - Explanation of article in layman's terms.

(a)  It is in the public interest that information be made available to persons responsible for remitting the sales and use taxes imposed by this article in a form which they readily understand.

(b) The department of finance shall annually issue pamphlets and an instruction book clearly explaining the sales and use t imposed by this article, the remittance and collection procedures followed by the bureau of revenue and the obligation duties of dealers or persons doing business in the city. The pamphlet should include explanations of the following:

(1) Transactions subject to the tax.

(2) Exemptions to the tax.

(3) Collection of the tax by the dealers.

(4) Remittance of the tax to the city.

(5) Requirements for recordkeeping.

(6) Delinquent collection procedures, interest and penalty provisions and criminal penalties.

(7) Audit and appeal procedures.

(8) Sample forms and instructions.

(9) Other information which may be helpful or informative, including the name and telephone extensions of all bureau personnel responsible for direct assistance to the public.

(c) The city attorney shall review and approve the wording of the explanatory pamphlets and instruction book required by this section or any revision to the material before it is made available to the public. The provisions of this subsection shall not be construed to prevent the release of a draft of the pamphlet to any person pursuant to the Public Records Act.

(d) The pamphlets and instruction book required by this section shall be made available to interested persons within six months of the effective date of the ordinance from which this section was derived.

(Code 1956, § 56-20.2)

Secs. 150-443—150-475. - Reserved.

DIVISION 2. - ADMINISTRATION

*Footnotes:*

*--- (5) ---*

**Cross reference—** *Administration, ch. 2.*

Sec. 150-476. - Authority of director.

The director of the department of finance may carry into effect the provisions of this article and in pursuance thereof may make and enforce such rules as he may deem necessary, subject to the action of the council.

(Code 1956, § 56-103)

Sec. 150-477. - Agreement with state collector of revenue.

The director of the department of finance of the city is hereby authorized to enter into an agreement with the collector of revenue of the state, as provided in Act 182 of the Regular Session of the 1962 Legislature, which shall provide for the collection by such collector of revenue, without cost to the city, of the city one percent tax applicable to the sale or use of all vehicles, new or used.

(Code 1956, § 56-103.1)

Sec. 150-478. - Cost of enforcement.

The cost of preparing and distributing the report forms and paraphernalia for the collection of the tax and of the inspection and enforcement duties required in this article shall be borne by the revenue produced by this article.

(Code 1956, § 56-104)

**State Law reference—** Similar provisions, R.S. 47:317.

Sec. 150-479. - Rules and regulations; forms.

(a) The director may make and publish rules and regulations, not inconsistent with this article or the laws or the constitution of this state or of the United States, for the enforcement of the provisions of this chapter and the collection of the revenues and penalties imposed by this article.

(b) The director shall design, prepare, print and furnish to all dealers or make available to them, all necessary forms for filing returns and instructions to ensure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of such taxes at the time and in the manner provided in this article.

(Code 1956, § 56-105)

Sec. 150-480. - Regulations for collection of tax.

The director shall, by regulations, prescribe methods or schedules of the amounts to be collected from the purchasers in respect to any receipt upon which a tax is imposed by this article, so as to eliminate fractions of one cent and so that the aggregate collection of taxes by a vendor shall, as far as practicable, equal one percent of the total receipts from the sales and services of such vendor upon which a tax is imposed by this article. Such schedules may provide that no tax need be collected from the purchaser upon receipts below a stated sum, and may be amended from time to time so as to accomplish the purposes of this article; provided, that the actual amount of taxes collected each month by any dealer in accordance with any method or schedule prescribed by the director, as provided in this article, shall be reported and paid to the city, even though the same may exceed one percent of the gross sales of such dealer during such month.

(Code 1956, § 56-106)

Sec. 150-481. - Examinations and investigations; penalty.

For the purpose of administering this article, the director, whenever he deems it expedient, may make or cause to be made by any employee of the department of finance an examination or investigation of the place of business, if any, the tangible personal property and the books, records, papers, vouchers, accounts and documents of any dealer. Every dealer and every director, officer, agent or employee of every dealer shall exhibit to the director or to any such employee of the department hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer and to facilitate any such examination or investigation so far as it may be in his power so to do. A dealer's failure to produce such tangible personal property, books, records, papers, vouchers, accounts, and/or documents after a request by the director or a deputy shall result in a penalty of $100.00 per day each day such materials are not produced for the first 90 days; $200.00 per day between 91—180 days; and $500.00 per day for each day thereafter as determined by the director.

(Code 1956, § 56-107; M.C.S., Ord. No. 27050, § 1, 9-8-16)

Sec. 150-482. - Dealer agent of city.

For the purpose of collecting and remitting to the city the tax imposed by this article, the dealer is hereby declared to be the agent of the city.

(Code 1956, § 56-108)

**State Law reference—** Similar provisions, R.S. 47:306(A)(5).

Sec. 150-483. - Liability for tax, etc., on transfer of business.

If any dealer liable for any tax, interest or penalty levied under this article shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within 15 days after the date of selling or quitting business. His successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such tax, interest and penalty due and unpaid until such time as the former owner shall produce a receipt from the director showing that they have been paid or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as above provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owners or assigners.

(Code 1956, § 56-109)

**State Law reference—** Similar provisions, R.S. 47:308.

Sec. 150-484. - How notices given.

Any notice required to be given by the director pursuant to this article may be given by personal service on the dealer for whom it is intended or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article or, if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Code 1956, § 56-112)

Sec. 150-485. - Taking oaths.

The director, or any deputy by him thereunto designated, shall receive the written oath of any person signing any application, deposition, statement or report required by the director in the administration of this article.

(Code 1956, § 56-113)

Sec. 150-486. - Conduct hearings, administer oaths, etc.

The director or any deputy by him thereunto designated may conduct hearings and have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer and any other witnesses relative to the business of such dealer in respect to any matter incident to the administration of this article.

(Code 1956, § 56-114)

Sec. 150-487. - Issue of subpoenas for witnesses, books, papers, etc.

The director or any deputy thereunto authorized by him may by subpoena compel the attendance of witnesses and the production of any books, records, papers, vouchers or accounts of any dealer or of any person whom the director has reason to believe has information pertinent to any matter under investigation by the director at any hearing held pursuant to the provisions of this article.

(Code 1956, § 56-115)

Sec. 150-488. - Witness' fees.

The fees of witnesses required to attend any hearing shall be the same as those allowed to witnesses appearing in the district courts. Such fees shall be paid in the manner provided for the payment of other expenses incident to the administration of this article.

(Code 1956, § 56-116)

Sec. 150-489. - Procedure when subpoena is not obeyed; penalty.

The failure or refusal of a person subpoenaed to attend any hearing under this article or failure or refusal to produce any books, records, papers, vouchers, accounts, or documents pertinent to the matter of inquiry shall result in a penalty of $100.00 per day for each day that the person fails or refuses to appear or for each day such records are not produced; $200.00 per day between 91—180 days; and $500.00 per day for each day thereafter as determined by the director. Additionally, the director or his deputy may apply to civil district court, and any judge thereof shall have the power, upon proof by affidavit of such refusal, to make an order returnable in not less than two nor more than ten days, directing such person to show cause why he should not obey the demand of such subpoena. Upon the return of such order, the court shall examine the person under oath and the person shall be given an opportunity to be heard and, if the court determines that he has refused, without legal excuse, to obey the command of such subpoena, the court may order such person to comply.

(Code 1956, § 56-117; M.C.S., Ord. No. 27050, § 2, 9-8-16)

Sec. 150-490. - Other remedies not affected.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax or in any proceeding to collect the tax given such dealer by any other law or to deprive the council or the director of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws.

(Code 1956, § 56-118)

Secs. 150-491—150-520. - Reserved.

DIVISION 3. - EXEMPTIONS

Sec. 150-521. - Exempt transactions generally.

Except as may be otherwise specifically provided, the following transactions are exempt from the provisions of this article:

(1)   The sale at retail, the use, the consumption, the distribution and the storage to be used or consumed in the city, of the following tangible personal property: gasoline, natural gas, steam, water when delivered to consumers through mains, pipes or conduits, electric power or energy and any materials or energy sources used to fuel the generation of electric power for resale or used by an industrial manufacturing plant for self-consumption or cogeneration, newspapers, fertilizers and containers used for farm products when sold directly to the farmer.

(2)   All energy sources when used for boiler fuel except refinery gas. Refinery gas shall be subject to the tax imposed by this article, provided that its value shall be $0.52 per 1,000 cubic feet multiplied by a fraction the numerator of which shall be the posted price for a barrel of West Texas Intermediate Crude Oil on December 1 of the

preceding calendar year, and the denominator of which shall be $29.00, and provided further that such values shall be the maximum placed upon refinery gas provided that passage of this measure shall not in any manner prejudice any claim by the city to sales and use tax assessments or refund claims on refinery gas, claimed by the city before passage of this measure.

(3) Notwithstanding the provisions of subsection (1) of this section, the exemptions provided herein shall not apply, as to the city's 2½ percent sales tax, to the sale of newspapers, unless those sales are fully exempt under state law from sales taxes levied by the state and no sales taxes are being collected for and remitted to the state or to the Louisiana Recovery District; provided that, in the event that a final and definitive judgment of a court of competent jurisdiction holds that the city may not refuse to exempt items of tangible personal property from city sales taxes only, while still exempting such sales from other local sales taxes, then the exempting provided herein shall not apply as to the sale of newspapers, unless those sales are fully exempt under state law from sales taxes levied by the state and no sales taxes are being collected for and remitted to the state or to the Louisiana Recovery District.

(4) Notwithstanding the provisions of subsection (1) of this section, the exemption provided herein shall not apply, as to the city's 2½ percent sales tax, on the sale of water when delivered to consumers through mains, pipes or conduits, inclusive, unless those sales are fully exempt under state law from sales taxes levied by the state and no sales taxes are being collected for and remitted to the state or to the Louisiana Recovery District; provided that, if a final and definitive judgment of a court of competent jurisdiction holds that the city may not refuse to exempt items of tangible personal property from city sales taxes only, while still exempting such sales from other local sales taxes, then the exemption provided herein shall not apply as to the sale of water when delivered to consumers through mains, pipes or conduits, unless those sales are fully exempt under state law from sales taxes levied by the state and no sales taxes are being collected for and remitted to the state or to the Louisiana Recovery District.

(5) The gross proceeds derived from the sale in the city of livestock, poultry and other farm products direct from the farm if such sales are made directly by the producers. When sales of livestock, poultry and other farm products are made to consumers by any person other than the producer, they are not exempt.

   a. The gross proceeds derived from the sale in this city of livestock at public sales sponsored by breeders' or registry associations or livestock auction markets are exempted from the tax levied by this article. When public sales of livestock are made to consumers by any person other than through a public sale sponsored by a breeders' or registry association or a livestock auction market, they are not exempted from the tax imposed by this article. This section shall be construed as exempting race horses entered in races and claimed at any racing meet held in the state, whether the horse claimed was owned by the original breeder or not.

   b. Every agricultural commodity sold by any person, other than a producer, to any other person who purchases not for direct consumption but for the purpose of acquiring raw product for use or for sale in the process of preparing, finishing, or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be exempted from any and all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer, or any other utilization of or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one tax be exacted. For the purposes of this section, agricultural commodity means horticultural, viticultural, poultry, farm and range products, and livestock and livestock products.

   c. The purchase of feed and feed additives for the purpose of sustaining animals which are held primarily for commercial, business, or agricultural use shall be exempted from the taxes levied by this article.

      1. For purposes of this subsection:

*Agricultural use* means the maintaining of work animals and beasts of burden which are utilized in the activity of producing crops or animals for market, in the production of food for human consumption, in the production of animal hides or other animal products for market, or in the maintaining of breeding stock for the propagation of such agricultural use animals;

*Commercial use* means the purchasing, producing, or maintaining of animals, including breeding stock, for resale;

*Business use* means the keeping and maintaining of animals which are used in performing services in conjunction with a business enterprise, such as sentry dogs and rental horses;

2. This exemption shall not apply to the purchase of feed or feed additives for animals kept primarily for personal, sporting, or other purposes, including but not limited to purchases for pets of any kind or hunting dogs.

d. The tax imposed by this article shall not apply to the sale or use of materials, supplies, equipment, fuel, bait, and related items other than vessels used in the production or harvesting of crawfish. The person who purchases the exempt items shall claim the exemption by executing a certificate at the time of purchase. The state department of revenue and taxation shall provide the certificates to retail merchants. Any merchant who in good faith, and after examination of the applicability of the certificate to that purchase with due care, neglects or fails to collect the tax herein provided, due to the presentation by the purchaser of a tax exemption certificate issued by the state department of revenue and taxation, including those issued pursuant to R.S. 47:305.10, shall not be liable for the payment of the tax.

e. The tax imposed by this article shall not apply to the sale or use of materials, supplies, equipment, fuel, bait, and related items other than vessels used in the production or harvesting of catfish. The person who purchases the exempt items shall claim the exemption by executing a certificate at the time of purchase. The state department of revenue and taxation shall provide the certificates to retail merchants. Any merchant who in good faith, and after examination of the applicability of the certificate to that purchase with due care, neglects or fails to collect the tax herein provided, due to the presentation by the purchaser of a tax exemption certificate issued by the state department of revenue and taxation, shall not be liable for the payment of the tax.

(6) Materials and supplies purchased by the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or interstate coastwise commerce; nor to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; nor to laundry services performed for the owners or operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels.

(7) Sales of materials, equipment and machinery which enter into and become component parts of ships, vessels, including commercial fishing vessels, or barges, drilling ships or drilling barges of 50 tons' load displacement and over, built in the city, nor to the gross proceeds from the sale of such ships, vessels or barges when sold by the builder thereof.

(8) Where a part of the purchase price is represented by an article traded in, the sales tax is payable on the total purchase price less the market value of the article traded in.

(9) Sale at retail of seeds for use in the planting of any kind of crops.

(10) Sales of casing, drill pipe and tubing sold in the city, for use offshore beyond the territorial limits of the state, for

the production of oil, gas, sulphur and other minerals.

(11)  The sales and use tax imposed in this section shall not apply to or be collected on any materials, supplies or products for use in connection with any phase of the construction of the Toledo Dam Project on the Sabine River.

(12)  Sale of admission tickets by little theatre organizations.

(13)  Sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit organization known as a symphony organization or as a society or organization engaged in the presentation of musical performances; provided that this section shall not apply to performances given by out-of-state or nonresident symphony companies, nor shall this section apply to any performance intended to yield a profit to the promoters thereof.

(14)  Sale at retail of pesticides used for agricultural purposes, including particularly but not by way of limitation, insecticides, herbicides and fungicides.

(15)  The sales and use taxes imposed in this section shall not apply to the amount paid by the operator of a motion picture theatre to a distributing agency for use of films of photoplay.

(16)  There shall be no sales tax due upon the sale at retail or use of tangible personal property including diesel fuel purchased within or imported into the city for first use exclusively beyond the territorial limits of the state. If tangible personal property purchased or imported tax free under the provisions of this section is later brought into the city for use herein, the property shall be subject to the city's use tax as of the time it is brought into the city for use herein, subject to the credit provided in this section.

  a.  If the first use of tangible personal property purchased in this city for use beyond the territorial limits of this city occurs in a city or parish of this state or in a city or county in a state other than Louisiana which imposes a sales or use tax, the exemption provided herein shall apply only if:

   1.  The purchaser is properly registered for sales and use tax purposes in a city or parish of this state or in a city or county in a state other than Louisiana, wherein such tangible property is used and regularly reports and pays sales and use tax in such other city or parish of this state or in a city or county in a state other than Louisiana; and

   2.  The city or parish of this state or in a city or county in a state other than Louisiana in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that city or parish of this state or in a city or county in a state other than Louisiana for use in this city; and

   3.  The purchaser obtains a certificate authorizing him to make the nontaxable purchases authorized under this subsection; or

   4.  The property is subject to registration as a motor boat subject to registration by the state and such property is not registered for use in this state.

  b.  If the first use of tangible personal property purchased within or imported into the city occurs offshore beyond the territorial limits of the city, the exemption provided herein shall apply only if:

   1.  The purchaser or importer has determined the location of the first use of the tangible personal property at the time of its purchase and has notified the vendor of that location; or

   2.  The purchaser or importer has not determined the intended offshore location of first use at the time of purchase or importation, but has obtained an offshore registration number authorizing him to claim the exemption under the conditions provided in this subsection:

    i.  Such offshore registration number shall be issued only if the purchaser or importer has shown, to the satisfaction of the state, that records, reports, and business practices are sufficient to permit verification that tangible personal property purchased or imported tax free under this subsection is, in fact, being purchased or imported for use offshore beyond the territorial limits of any state. In

cases of purchases of fungible goods, including vessel fuel and lubricants, the required records shall include purchase invoices, vessel logs, fuel usage records, fuel transfer records and other reports and records that will enable the director of the department of finance to determine the amount of fungible goods consumed within the city so as to be subject to the sales and use tax, and the amount of fungible goods delivered to or consumed at offshore locations beyond the territorial limits of the state, so as not to be subject to the sales and use tax. For the purpose of the subsection, the term "fungible goods" means goods of which any unit is unidentifiable and is, from its nature or by mercantile custom, treated as the equivalent of any other unit and shall include crude petroleum and its refined products.

ii. The offshore registration number issued by the state under this subsection may be revoked by the state at any time if the purchaser or importer fails to meet the conditions set herein, or if the state finds that the purchaser or importer is consistently using the certificate to purchase or import tax-free tangible personal property for first use in state.

iii. If the offshore registration number is revoked, all tangible personal property purchased or imported tax-free under this subsection and in the possession of the purchaser or importer within this state shall be deemed taxable unless otherwise exempt under the provisions of subsection (16)b.1 of this section. If the provisions of subsection (16)b.1 of this section are not complied with, any subsequent purchase or import of tangible personal property will be taxable, whether for instate or offshore use, until the certificate and offshore number are reissued.

iv. Whenever there is a conflict between a purchaser or importer and the state as to whether an offshore registration number shall be issued, reissued, or revoked, it shall be the responsibility of the purchaser or importer to show that he meets the conditions and requirements set herein for having and retaining such certificate and offshore registration number.

3. Except for purchases or importation of tangible personal property in accordance with subsections (16)b.1 and 2 of this section, any purchase or importation of property is taxable at the time of purchase or import unless otherwise exempt.

c. If tangible personal property purchased or imported tax-free under the provisions of this section is subsequently used for any taxable purpose within the city, use tax shall be paid by the purchaser or importer as of the time of its use in the city. Storage of property purchased or imported tax-free under this section which is ultimately used in another state will be considered a subsequent use for a taxable purpose.

d. If tangible personal property purchased within or imported into the city tax-free under the provisions of this section is later returned to Louisiana for use for a taxable purpose, the property shall be subject to the city's use tax as of the time it is brought into the city, subject to the credit provided in R.S. 47:303(A).

e. Use for a taxable purpose shall not include, for purposes of this section, transportation beyond the territorial limits of the state; transportation back into the state; and repairing, modifying, further fabrication, and storing for first use offshore beyond the territorial limits of any state. Storage and withdrawal from storage for first use offshore beyond the territorial limits of any state is not a taxable use for purposes of this section. Charges for repairs in this city to tangible personal property for use in offshore areas are taxable.

f. If fungible goods are purchased or imported tax-free for use or consumption at locations both within the city and offshore beyond the territorial limits of any state, under the exemption certificate and offshore registration number provided for in this section, only that portion of the fungible goods delivered to a location offshore beyond the territorial limits of any state and used or consumed at that location shall be

exempt. For the purpose of this section, the term "fungible goods" means goods of which any unit is unidentifiable and is, from its nature or by mercantile custom, treated as the equivalent of any other unit and shall include crude petroleum and its refined products.

(17)  The sales of tangible personal property at, or admission charges for, outside gate admissions to, or parking fees associated with, events sponsored by domestic civic, educational, historical, charitable, fraternal or religious organizations which are nonprofit, when the entire proceeds, except for the necessary expense connected therewith, are used for domestic civic, educational, charitable, historical restoration, or religious purposes including the furtherance of the civic, educational, historical, charitable, fraternal, or religious purpose of the organization. The exemption provided herein shall not apply to any event intended to yield a profit to the promoter or to any individual contracted to provide services or equipment, or both, for the event. By way of example, the "Celebration in the Oaks" events sponsored by the city park improvement association, and all revenues raised thereby, qualify for the exemption provided by this paragraph.

   a.  This subsection shall not be construed to exempt any organization or activity from the payment of sales or use taxes otherwise required by law to be made on purchases made by these organizations.

   b.  This subsection shall not be construed to exempt regular commercial ventures of any type such as bookstores, restaurants, gift shops, commercial flea markets and similar activities that are sponsored by organizations qualifying hereunder which are in competition with retail merchants.

   c.  This sponsorship of any event by any organization applying for an exemption hereunder must be genuine. Sponsorship will not be genuine in any case in which exemption from taxation is a major consideration leading to such sponsorship. An exemption certificate must be obtained from the director of the department of finance, or his authorized representative, under such regulations as he shall prescribe, in order for nonprofit organizations to qualify for the exemption provided in this subsection.

   d.  If the director of the department of finance denies tax-exempt status under this subsection, the organization may appeal such ruling to the council, which may overrule the director and grant tax-exempt status if the council determines that the denial of tax-exempt status by the director was arbitrary, capricious, or unreasonable.

   e.  Provided however, that any organization which endorses any candidate for political office or otherwise is involved in political activities shall not be eligible for the exemption herein provided.

(18)  The retail sale of diapers and feminine hygiene products for personal use. This exemption shall remain effective so long as authorized by La. R.S. 47:337.10.2 or by any other applicable provision of state law.

(Code 1956, §§ 56-24, 56-25; M.C.S., Ord. No. 21387, § 1, 1-8-04; M.C.S., Ord. No. 28462, § 2, 8-20-20, eff. 10-1-20)

**State Law reference—** Similar provisions, R.S. 47:305 et seq.

## Sec. 150-522. - Sale of agricultural commodity for processing exempt.

Each agricultural commodity sold by any person, other than a producer, to any other person, civil or natural, who purchases not for direct consumption but for the purpose of acquiring a raw product for use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade shall be exempted from all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer or other utilization of such product or the handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one tax be exacted.

(Code 1956, § 56-27)

## Sec. 150-523. - Liability on sales for resale not made in compliance with regulations.

(a) All sales shall be deemed to be retail sales unless the seller takes from the buyer a resale certificate signed by and bearing the name, address and registration number of the buyer, to the effect that the property was purchased for resale or to be used as an ingredient or a component part of a new article for sale at retail. Wholesalers may recognize the claim of a buyer that the articles are purchased for resale only when the buyer is properly registered under the provisions of this article.

(b) The seller shall be responsible for the collection of the tax on all sales made to persons who have not secured the proper registration certificate, except in cases of fertilizer and containers sold direct to farmers. Resale certificates claiming that goods are purchased for resale must state the registration number assigned to the buyer when such buyer is a retail merchant. In case the buyer is a wholesale merchant, the resale certificate shall state the wholesaler's occupational license number for the current year.

(c) Sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, will himself be liable for and pay the tax.

(Code 1956, § 56-28)

Sec. 150-524. - Sales of livestock, etc., not made by producers taxable.

When sales of livestock, poultry and other farm products are made to consumers by any person other than the producer, they are not exempted from the tax imposed by this article.

(Code 1956, § 56-29)

Sec. 150-525. - Certain agricultural transactions exempt from use tax.

The use tax shall not apply to livestock and livestock products, to poultry and poultry products, to farm, range and agricultural products when produced by the farmer and used by him and members of his family.

(Code 1956, § 56-30)

Sec. 150-526. - Credit for similar tax paid in another state or in another parish or municipality of this state.

The provisions of this article shall not apply in respect to the use, consumption, distribution or storage of tangible personal property upon which a like tax equal to or greater than the amount imposed by this chapter has been paid in a state other than this state or to any other parish or municipality of the state, the proof of the payment of such tax to be according to rules and regulations made by the director. If the amount of tax paid in a state other than this state or in any other parish or municipality of the state is in an amount less than the amount of tax imposed by this article, the dealer shall pay to the director an amount equivalent to the difference between the total tax as imposed by this article and the amount paid to such other taxing jurisdiction.

(Code 1956, § 56-31)

Sec. 150-527. - Tax collected property of city.

Any tax collected by a dealer pursuant to the provisions of this article shall, as of the moment of the purchase or upon the sale of services as the case may be, become the property of the city.

(Code 1956, § 56-31.1)

Sec. 150-528. - Tax exemption—Publicly owned facility.

The sale of admission tickets to events, activities or enterprises, wherever sold, provided that such events, activities or enterprises occur or are held or conducted on the premises of any publicly owned multiuse facility:

(1)  Which is owned by and operated by or on behalf of the state or any of its agencies, boards, commissions or political subdivisions, including any agency, board or commission of any political subdivision, except the city;

(2)  Which is commonly used for athletic events, entertainment events, conventions or similar uses; and

(3)  Which has a capacity of at least 2,000 persons;

shall be exempt from sales and use taxes levied by the city only for such period as the state, the parish school board and the regional transit authority also exempt such facilities in the parish from all state and local sales and other similar taxes in accordance with R.S. 39:468 or any similar provision of law.

(Code 1956, § 62-71)

Sec. 150-529. - Same—City-owned and operated facilities.

The sale of admission tickets to events, activities or enterprises, wherever sold, provided that such events, activities or enterprises occur or are held or conducted on the premises of any multiuse facility which is owned and operated by the city and is commonly used for athletic events, entertainment events, conventions or similar uses and which has a capacity of at least 2,000 persons, shall be exempt from sales and use taxes levied by the city.

(Code 1956, § 62-72)

Sec. 150-530. - Exemption for Louisiana Superdome and New Orleans Arena.

The sale of admission tickets to events, activities, or enterprises, wherever sold, provided that such events, activities, or enterprises occur or are held or conducted on the premises of the Louisiana Superdome facility or the New Orleans Arena owned or operated by or for the state, parking on the premises of the facility in connection with any such events, activities, or enterprises, whether before, during and/or after such events, activities, or enterprises, and tours of the facility shall be exempt from all taxes levied by the city, including but not limited to the sale, use, amusement, or any other tax. However, this exemption shall not extend to any sale of goods or other tangible personal property at a trade show or other event at which the sale of such goods or property is the primary purpose of the show or event. For the purposes of this section, events, activities, or enterprises is defined to mean and shall mean any events, activities, or enterprises the admission to which, but for the exemption granted by this section, would be subject to the amusement tax.

(Code 1956, § 62-70; Ord. No. 20,874, § 1, 10-10-02)

Sec. 150-531. - Tax-free shopping program.

(a)  The council finds that this city with its many attractions has an extraordinary opportunity to generate additional economic activity in the form of international tourism. Foreign visitors to the United States represent a more lucrative market than domestic travelers because they use tourism services to a much greater degree than their domestic counterparts. Many foreign countries have a value-added, tax-refund system for purchases of tangible personal property by foreign visitors which has proved successful, when appropriately advertised, in increasing tourism in those countries. A similar sales tax refund program applicable to retail shopping by international visitors can be an effective promotional tool to increase city's share of the United States' growing foreign tourism market. While such a program would have an initial opportunity cost to state and local governments equal to the amount of

sales tax refunded, this loss can be offset by additional revenues generated from an increase in foreign tourists who will continue to pay tax on expenditures for hotels, restaurants, entertainment, rental cars, riverboat rides and other attractions.

(b) For the purposes of this section, the term "hotel" means and includes any establishment or person engaged in the business of furnishing sleeping rooms, cottages, or cabins to transient guests, where such establishment consist of sleeping rooms, cottages, or cabins at any of the following: (1) a single business location; (2) a residential location, including but not limited to a house, apartment, condominium, camp, cabin, or other building structure used as a residence.

(c) The director of the department of finance is hereby authorized to refund the sales tax levied and received by the city to the refund agency designated by the Louisiana Tax-Free Shopping Commission for refunds made to participants in the tax-free shopping program for the purchase of tangible personal property by international travelers in accordance with R.S. 51:1301 et seq.

(d) In any agreement executed by the city and the tax-free shopping commission, the city shall reserve the right to terminate the agreement at the end of any calendar month by sending a written notice to the commission by certified or registered mail at least 60 days prior to the date of termination.

(Code 1956, § 56-31.2; M.C.S., Ord. No. 26972, § 1, 7-14-16)

**State Law reference—** Authority for exemption, R.S. 46:813.1.

Sec. 150-532. - Louisiana Biomedical Research and Development Park—Purpose, intent.

The council finds that development of a biomedical research and development park, with quality facilities for delivery of health care services, ongoing medical research and development, manufacturing of goods useful to health care delivery and related research and development activities, and related support services and concerns, will benefit the citizens of the city through improved health care and through improved economic conditions and creation of jobs. It is the intent of this section to provide for the reduction in taxes which would otherwise be payable by concerns which conduct such enterprises and activities in order to encourage their location in the park area and to provide them with greater resources which may be used for further development and economic activity which will further expand the capabilities of the concerns located in the park.

(Code 1956, § 56-31.3)

Sec. 150-533. - Same—Boundaries of park area.

The Louisiana Biomedical Research and Development Park (the park area) shall be comprised of the territory bounded by Iberville Street, Perdido Street, South Galvez Street, Loyola Avenue, Elk Place and Basin Street, including properties on both sides of the boundary streets.

(Code 1956, § 56-31.4)

Sec. 150-534. - Same—Resolution for participation.

In accordance with R.S. 46:813.1, the city council may, by resolution, provide for participation in the tax exemption program, provided for by R.S. 46:813.1, for medical concerns in the park area with the state board of commerce and industry (the board) and for renewals of exemptions from taxes approved by the board. Any such resolution shall be conditioned upon participation in the program by the parish school board, the regional transit authority, and the state.

(Code 1956, § 56-31.5)

**Sec. 150-535. - Same—Grant of exemption.**

Upon adoption of a resolution of the council as provided in section 150-534, the director of the department of finance shall be authorized to exempt medical concerns as defined in R.S. 46:813.1 located in the park area which have entered into contracts for tax exemptions with the state board of commerce and industry pursuant to R.S. 46:813.1 from the following taxes:

(1) Sales and use taxes imposed by the city on machinery and equipment to be used by the medical concern, on materials and building supplies, whether purchased directly or through a contractor, to be used in the repair, reconstruction, modification, or construction of plant or facilities, and on materials and supplies necessary for or used in the manufacture or production of the product of the medical concern.

(2) Sales and use taxes imposed by the city on any other goods and services used or consumed by the medical concern.

(Code 1956, § 56-31.6)

**Sec. 150-536. - Same—Subject to statutes.**

Any tax exemptions granted pursuant to this division shall be subject to all the provisions and requirements of R.S. 17:3389, R.S. 46:813A., R.S. 46:813.1, R.S. 46:814.

(Code 1956, § 56-31.7)

**Sec. 150-537. - Same—Renewal contract.**

In accordance with R.S. 46:813.1C., after expiration of the initial contract period of five years any medical concern as defined therein shall thereafter obtain a renewal resolution from the council. The participant to qualify for the five-year renewal contract shall demonstrate that the tax incentive received by the medical concern produces sufficient benefits of jobs created to warrant the loss of tax revenue by the city and state.

(Code 1956, § 56-31.8)

**Sec. 150-538. - University Research and Technology Park—Purpose, intent.**

The council finds that development of a research and technology park, with quality facilities, ongoing research, technology, and development, manufacturing of products related to technology and related support services and concerns, will benefit the citizens of the city through improved economic conditions and creation of jobs. It is the intent of this section to provide for the reduction in taxes which would otherwise be payable by concerns which conduct such enterprises and activities in order to encourage their location in the park area and to provide them with greater resources which may be used for further development and economic activity which will further expand the capabilities of the concerns located in the park.

(Code 1956, § 56-31.9)

**Sec. 150-539. - Same—Boundaries of park area.**

The University Research and Technology Park (the park area) shall be comprised of the territory comprised of the formerly Pontchartrain Beach site bounded by Lakeshore Drive, and Lake Pontchartrain.

(Code 1956, § 56-31.10)

**Sec. 150-540. - Same—Resolution for participation.**

In accordance with R.S. 46:813.1, the city council may, by resolution, provide for participation in the tax exemption program, provided for by R.S. 46:813.1, for research, manufacturing, and technology concerns in the park area with the state board of commerce and industry (the board) and for renewals of exemptions from taxes approved by the board. Any such resolution shall be conditioned upon participation in the program by the parish school board, the regional transit authority, and the state.

(Code 1956, § 56-31.11)

Sec. 150-541. - Same—Grant of exemption.

Upon adoption of a resolution of the council as provided in section 150-540, the director of the department of finance shall be authorized to exempt research, manufacturing, and technology concerns as defined in R.S. 46:813.1 located in the park area which have entered into contracts for tax exemptions with the state board of commerce and industry pursuant to R.S. 46:813.1 from the following taxes:

(1) Sales and use taxes imposed by the city on machinery and equipment to be used by the research, manufacturing, and technology concern, on materials and building supplies, whether purchased directly or through a contractor, to be used in the repair, reconstruction, modification, or construction of plant or facilities, and on materials and supplies necessary for or used in the manufacture or production of the product of the medical concern.

(2) Sales and use taxes imposed by the city on any other goods and services used or consumed by the research, manufacturing, and technology concern.

(Code 1956, § 56-31.12)

Sec. 150-542. - Same—Subject to statutes.

Any tax exemptions granted pursuant to this division shall be subject to all the provisions and requirements of R.S. 17:3389, R.S. 46:813.1, R.S. 46:813A, R.S. 46:814.

(Code 1956, § 56-31.13)

Sec. 150-543. - Same—Renewal contract.

In accordance with R.S. 46:813.1C, after expiration of the initial contract period of five years any research, manufacturing, and technology concern as defined therein shall thereafter obtain a renewal resolution from the council. The participant to qualify for the five-year renewal contract shall demonstrate that the tax incentive received by the research, manufacturing, and technology concern produces sufficient benefits of jobs created to warrant the loss of tax revenue by the city and state.

(Code 1956, § 56-31.14)

Sec. 150-544. - Exclusion and exemption; nonprofit retirement centers.

The sales and use tax imposed by the City of New Orleans shall not apply to purchases of materials for the construction of and supplies for the operation of any not-for-profit retirement center owned or operated by any public trust authority or duly incorporated non-for-profit corporation. A retirement center for purposes of this section is defined as any multipurpose facility which houses as a permanent residence senior citizens who are 62 years of age or older, which provides housing for the elderly, and which provides intermediate health care.

(M.C.S., Ord. No. 18,774, § 1, 7-1-98)

Secs. 150-545—150-575. - Reserved.


DIVISION 4. - IMPOSITION


Sec. 150-576. - Imposition of tax.

(a) There is hereby levied, for general municipal purposes, a tax upon the sale at retail, the use, the consumption, the distribution and the storage for use or consumption in the city of each item or article of tangible personal property, upon the lease or rental of such property and upon the sale of services within the city, provided that this tax shall not be applicable to banquet gratuities, tips or gifts for distribution in total to restaurant service personnel which are included as a separate item on restaurant bills, the levy of such tax to be as follows:

(1) At the rate of 2½ percent of the sales price of tangible personal property when sold at retail in the city;

(2) At the rate of 2½ percent of the cost price of tangible personal property when it is not sold, but is used, consumed, distributed or stored for use or consumption in the city, except that there shall be no duplication of the tax;

(3) At the rate of 2½ percent of the amount paid or charged for the lease or rental of tangible personal property, when the lease or rental of such property is an established business or part of an established business or is incidental or germane to any such business;

(4) At the rate of 2½ percent of the lease or rental price paid by a lessee or rentee or contracted or agreed to be paid by a lessee or rentee to the owner of tangible personal property;

(5) At the rate of 2½ percent paid or charged upon the sale of services.

(b) The council hereby ordains that the occupancy of hotel rooms as defined in section 47(M) of article XIV of the Constitution of the state shall be exempted from the additional one-half of one percent sales and use tax levied by M.C.S., Ordinance No. 3,692 in accordance with section 1(f) of Act 159 of 1912 (as amended by Act 18 of the Extra Session of 1048).

(Code 1956, § 56-21)

**State Law reference—** Similar provisions, R.S. 47:302.


Sec. 150-577. - Tax in addition to others.

The tax levied by this article is in addition to all other taxes whether levied in the form of excise, license or privilege taxes levied by any other city ordinance.

(Code 1956, § 56-22)

**State Law reference—** Similar provisions, R.S. 47:302(C).


Sec. 150-578. - Use, etc., equivalent to sale.

(a) The tax imposed under R.S. 47:302 shall be collectible from all persons, as hereinafter defined, engaged as dealers, as hereinafter defined.

(b) On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state or a foreign country and used by dealer, the dealer, as thus defined, shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if such article had been sold at retail for use or consumption in this city. For the purpose of this article, use, or consumption, or

distribution or storage to be used or consumed in this city of tangible personal property shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein; provided, that there shall be no duplication of the tax in any event.

(c) A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another state. The credit provided herein shall be granted only in the case where the state to which a similar tax has been paid grants a similar credit as provided herein, provided that members of the armed forces who are citizens of this state and whose orders or enlistment contracts stipulate a period of active duty of two years or more and who purchase automobiles outside of this city while on such tour of active duty shall be granted such credit in connection with the purchase of such automobiles whether or not the state to which such tax thereon has been paid grants a similar credit as herein provided. The amount of the credit shall be calculated by multiplying the rate of the similar tax paid in the other state by the cost price which is subject to this city's use tax at the time of the importation of the tangible personal property. The proof of payment of a similar tax to another state shall be made according to rules and regulations promulgated by the director of the department of finance. In no event shall the credit be greater than the tax imposed by this city upon the particular tangible personal property which is the subject of this city's use tax.

(Code 1956, § 56-23)

**State Law reference—** Similar provisions, R.S. 47:303(A).

Sec. 150-579. - Intent of division.

(a) It is not the intention of this division to levy a tax upon articles of property imported into the city, or produced or manufactured in the city, for export; nor is it the intention of this division to levy a tax on bona fide interstate commerce; however, nothing herein shall prevent the collection of the taxes due on sales of tangible personal property into the city which are promoted through the use of catalogs and other means of sales promotion and for which federal legislation or federal jurisprudence enables the enforcement of this division upon the conduct of such business. It is, however, the intention of this division to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the city, of tangible personal property after it has come to rest in the city and has become a part of the mass of property in the city. At such time as federal legislation or federal jurisprudence as to sales in interstate commerce promoted through the use of catalogs and other means of sales promotions enables the enforcement of this division against vendors that have no other nexus with this city, the following provisions shall apply to such sales on which sales and use tax would not otherwise be collected.

(b) The city is hereby authorized to levy or collect a sales tax on such interstate sales at a rate equal to the average sales tax rate used by local jurisdictions. The secretary of the state department of revenue and taxation shall calculate the rate by dividing local sales and use tax receipts collected on transactions not subject to the federal legislation for the most recent state fiscal year for which data is available by the total dollar volume of such transactions in the state subject to the state sales tax during the same time period. This rate will be rounded to the nearest one-quarter of one percent.

(c) Out-of-state retailers shall remit to the state all local sales taxes collected in accordance with the provisions of R.S. 47:306.

(d) The secretary shall distribute such local sales tax proceeds in accordance with each local jurisdiction's pro rata share of local sales and use tax receipts collected on all other transactions subject to local sales and use taxes, within 60 days following the due date for submission of the tax.

(e) If the rate provided for in subsection (b) of this section is invalidated, out-of-state retailers shall collect local sales taxes in accordance with the provisions of R.S. 47:306. The secretary shall distribute the local sales tax receipts to local governments in accordance with each jurisdiction's pro rata share of local sales and use taxes collected during

the most recent fiscal year for which data is available, within 60 days of the due date for submission of the tax.

(Code 1956, § 56-24)

**State Law reference—** Similar provisions, R.S. 47:305(E).

Sec. 150-580. - Exclusions and exemptions.

(1)  For purposes of this subsection:

*Manufacturing machinery equipment* means computers and software that are an integral part of the machinery and equipment used directly in the manufacturing process; machinery and equipment necessary to control pollution at a plant facility where pollution is produced by the manufacturing process; and machinery and equipment used to test or measure raw materials, the property undergoing manufacturing or the finished product, when such test or measurement is a necessary part of the manufacturing process.

*Manufacturer* means any person whose principal activity is manufacturing and who is assigned by the Louisiana Department of Labor a North American Industrial Classification System code within the manufacturing sectors 31—33, or the agricultural, forestry, fishing and hunting sector 11, as they existed in 2002.

The term "manufacturing" shall not mean or include repackaging or redistributing; cooking or preparing food products by a retailer in the regular course of retail trade; storage of tangible personal property; deliver of tangible personal property to or from the plant; delivery of tangible personal property to or from storage within the plant; or actions such as sorting, packaging or shrink wrapping the final material for ease of transporting and shipping.

(2)  The tax imposed by section 150-576 shall not apply to manufacturing machinery equipment purchased, leased or rented by manufacturers.

(a)  Except as may be otherwise specifically provided, the following transactions are exempt from the provisions of this article:

1.  A building and its structural components, unless the building or structural component is so closely related to the machinery and equipment that it houses or supports that the building or structural component can be expected to be replaced when the machinery and equipment are replaced;

2.  Heating, ventilation and air-conditioning systems, unless their installation is necessary to meet the requirements of the manufacturing process, even though the system may provide incidental comfort to employees or serve, to and insubstantial degree, nonproduction activities;

3.  Tangible personal property used to store raw materials or manufactured goods prior to the beginning of the manufacturing process or after the manufacturing process is complete.

4.  The exclusion of manufacturing machinery equipment from the provisions of taxes imposed by chapter 150 shall go as follows:

| Year 1 | (July 1, 2005—December 31, 2005) | @ | 14.00% |
|--------|----------------------------------|---|--------|
| Year 2 | (January 1, 2006—December 31, 2006) | @ | 28.00% |
| Year 3 | (January 1, 2007—December 31, 2007) | @ | 42.00% |
| Year 4 | (January 1, 2008—December 31, 2008) | @ | 56.00% |

| Year 5 | (January 1, 2009—December 31, 2009) | @ | 70.00% |
| Year 6 | (January 1, 2010—December 31, 2010) | @ | 84.00% |
| Year 7 | (January 1, 2011—December 31, 2011) | @ | 100.00% |

The exclusion of manufacturing machinery equipment from the provisions of taxes imposed by Chapter 150 shall apply for all purchases made on or after July 1, 2005.

(M.C.S., 20969, § 1, 12-19-02; M.C.S., Ord. No. 21886, § 1, 4-7-05)

**Editor's note—** M.C.S., Ord. No. 21886, § 1, adopted April 7, 2005, created § 150-581 containing the provisions set out above. At the editor's discretion, said provisions have been redesignated as § 150-580 to maintain the numerical sequence of the Code.

Secs. 150-581—150-600. - Reserved.

DIVISION 5. - COLLECTION

Sec. 150-601. - Tax collectible from all dealers.

The tax imposed by this division shall be payable upon the retail sales price, as of the moment of the sale, or upon the cost price, as of the moment of the purchase, or upon sales of service, as the case may be, and shall be collectible from all persons engaged as dealers in the sale at retail or those engaged in the use, consumption, distribution and the storage of tangible personal property and/or the sales of services. At the moment of payment of the tax, any tax collected shall become the property of the city.

(1) The tax levied on any such vehicle, which is hereby defined to be any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semitrailer, motorbus, house trailer, or any other vehicle subject to the vehicle registration license tax, shall be paid to the director of the department of finance of the city, (or to the collector of revenue of the state if so delegated by contractual agreement as herein authorized), at the time of application for a certificate of title or vehicle registration license.

   a. The tax levied by this article on the sale of any such vehicle shall be due at the time registration or any transfer of registration is required by the state Vehicle Registration License Tax Law.

   b. The tax levied by this article on the use of any such vehicle in the city shall be due at the time the first registration in this state is required by the state Vehicle Registration License Tax Law.

(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year, and model of the vehicle sold, the total sales price, any allowance for, and a description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded-in, and the sales or use tax to be paid, along with such other information as may be required by regulation subsequently promulgated.

   All labor, parts, accessories, and other equipment which are attached to the vehicle at the time of sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this subsection to grant an exemption to any sales, use, item or transaction which has

heretofore been taxable as provided in this article, and this subsection is not to be construed as so doing. It is the intention of this subsection to transfer the responsibility for the collection of the sales and use tax on vehicles only from the vendor to the director of the city, (or to the collector of revenue of the state, if so designated by agreement, as herein authorized) and to provide a method of collection of the tax directly from the vendor or user by the director or collector.

(Code 1956, § 56-32)

**State Law reference—** Similar provisions, R.S. 47:303.

Sec. 150-602. - Dealer to collect tax from purchaser.

The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided herein for the collection of the tax on vehicles, and the dealer is hereby required to indicate the amount of tax due on the invoice, sales slip, sales ticket or cash register receipt, so that the tax thus indicated will apply to the total amount of sales as is indicated by the invoice, sales slip, sales ticket or cash register receipt. The dealer shall collect such tax separately from the price paid by the purchaser and remit same to the director not later than the 20th day of the month following month of sale.

(Code 1956, § 56-33)

**State Law reference—** Similar provisions, R.S. 47:304.

Sec. 150-603. - Dealers outside city to collect on sales for use in city.

Every dealer located outside the city making sales of tangible personal property for distribution, storage, use or other consumption in the city shall, at the time of making any such sale, collect the tax imposed by this article from the purchaser.

(Code 1956, § 56-34)

**State Law reference—** Similar provisions, R.S. 47:304(B).

Sec. 150-604. - Dealer to add tax to price.

(a) A dealer shall add the amount of the tax imposed under this article, in conformity with the rules and regulations issued by the director, to the sale price or charge; and, when added, such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer until paid and shall be recoverable at law in the same manner as other debts.

(b) If the records of the dealer do not reflect an addition of the amount of the tax imposed under this article to the sale price or charge, the dealer's records shall constitute presumptive evidence that the dealer has included the tax in the sale price or charge actually paid by the purchaser or consumer. The presumption stated herein shall only apply to the dealer and shall not apply to the purchaser or consumer.

(Code 1956, § 56-35)

**State Law reference—** Similar provisions, R.S. 47:304(C).

Sec. 150-605. - Dealers not to advertise absorption of tax.

A person engaged in any business taxable under this article shall not advertise or hold out to the public in any manner, directly or indirectly, that he will absorb all or any part of the tax or that he will relieve the purchaser from the payment of all or any part of the tax. A person who violates this provision with respect to advertising shall be guilty of a misdemeanor and, upon

conviction, shall be punished by a fine of not more than $100.00 or imprisonment for not exceeding 90 days, or both, in the discretion of the court.

(Code 1956, § 56-36)

**State Law reference—** Similar provisions, R.S. 47:304(F).

Sec. 150-606. - Legal rights of dealer against purchaser; director to be joined in actions.

The dealer shall have the same right in respect to collecting the tax from the purchaser or in respect to nonpayment of the tax by the purchaser as if the tax were a part of the purchase price of the property or charges for services and payable at the time of the sale. The director shall be joined as a party in any action or proceeding brought by the dealer to collect the tax.

(Code 1956, § 56-37)

Sec. 150-607. - Excess tax collected to be paid to director.

When the tax due and collectible for any period is in excess of two percent, the total due or collected must be paid over to the director less the commission to be allowed the dealer as set forth in this division.

(Code 1956, § 56-38)

**State Law reference—** Similar provisions, R.S. 47:304(D).

Sec. 150-608. - Registration of dealers and other persons subject to tax.

(a) In order to aid in the administration and enforcement of the provisions of this article and to collect all of the taxes imposed by this article, every dealer purchasing or importing tangible personal property for resale and every person or dealer using imported goods subject to the use tax imposed by this division shall apply to the director and obtain a certification of registration in a form prescribed by the director. In the case of dealers contemplating business or opening new offices, outlets or places of business, such application for such certificate shall be filed not less than 30 days prior to such commencement of business or opening.

(b) If the dealer is a corporation, the board of directors of the corporation shall designate by resolution an officer or director or a combination of officers and/or directors having direct control or supervision of the collection of sales or use taxes and the responsibility of filing returns and remitting sales or use taxes. Such resolution in proper form and bearing all corporate seals shall be filed with the director at the time the corporation applies for a certificate of registration. The director is authorized, as an alternative means of enforcing collection of sales or use taxes imposed by this article, to hold any officer or director or combination thereof designated in the corporate resolution, or in fact having direct control or supervision of collection of such taxes or the responsibility of filing returns and remitting such taxes, who fails to remit or account for such taxes collected, personally liable for the total amount of such taxes collected and not accounted for or not remitted together with any interest, penalties and fees accruing thereon. Collection of the total amount of taxes, interest, penalties and fees due may be made from any one or any combination of such officers or directors who willfully fail to remit or account for such taxes collected by use of any remedy available for the collection of taxes provided by law or ordinance.

(c) If the dealer is a natural person, the person applying for the certificate of registration shall be a person with a substantial ownership interest in the business who shall affirm and disclose this interest by an affidavit filed contemporaneously with the application for a certificate of registration as described above. The director is authorized, as an alternative means of enforcing collection of sales or use taxes imposed by this article, to hold any substantial owner of a business personally liable for the total amount of any taxes collected pursuant to the

provisions of this article and not accounted for or not remitted together with any interest, penalties and fees accruing thereon. Collection of the total amount due may be made from a substantial owner of the business who willfully fails to remit or account for taxes imposed pursuant to this article by use of any remedy available for the collection of taxes provided by law or ordinance.

(Code 1956, § 56-39)

Sec. 150-609. - Certificate of authority to collect tax—Required.

The director shall within five days after registration issue without charge to each dealer who purchases or imports for resale a certificate of authority empowering the dealer to collect the tax from the purchaser and duplicates thereof for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in the places of business of the dealer.

(Code 1956, § 56-40)

Sec. 150-610. - Same—When dealer has no regular place of business.

A dealer who has no regular place of doing business shall, before receiving the certificate referred to in the preceding section, deposit with the director a sum equivalent to three months' estimated taxes, to be assessed by the director, or $50.00, whichever is greater. The director may accept a bond or other security satisfactory to him in lieu of cash for the payment of any taxes, fees, interest and penalties imposed by this article. Such deposit will be returnable at the termination of the business upon proof of payment of all taxes, less interest and penalties, if any is due. When issued, the dealer shall attach such certificate to his cart, stand, truck or other merchandising device. The deposit will be forfeited 60 days after issuance of the certificate if the taxpayer has not filed and paid the sales tax due. This provision shall not restrict the authority of the director to assess and collect sales and use taxes in accordance with this article.

(Code 1956, § 56-41)

Sec. 150-611. - Certificates nontransferable.

The certificates referred to in this division shall be nonassignable and nontransferable and shall be surrendered immediately to the director upon the dealer ceasing to do business at the place therein named.

(Code 1956, § 56-42)

Sec. 150-612. - Dealer's commissions on collections.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this chapter each dealer shall be allowed one percent of the amount of tax due and accounted for and remitted to the director in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Code 1956, § 56-43)

**State Law reference—** Similar provisions, R.S. 47:306.

Sec. 150-613. - Dealer who fails to collect liable for tax.

Any dealer who shall neglect, fail or refuse to collect the tax provided for in this article upon any retail sale made by him, or his agent or employee, which is subject to the tax imposed by this article shall be liable for and pay the tax himself.

(Code 1956, § 56-44)

**State Law reference—** Similar provisions, R.S. 47:304(E).

Sec. 150-614. - Failure of dealer to collect a tax a misdemeanor.

Any dealer who shall fail, neglect or refuse to collect the tax as provided in this article, either by himself or through his agents or employees shall, in addition to the penalty of being liable for and paying the tax himself, be guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than $100.00 or imprisonment of not more than 90 days or both in the discretion of the court.

(Code 1956, § 56-45)

**State Law reference—** Similar provisions, R.S. 47:304(E).

Sec. 150-615. - When due.

The taxes levied under this article shall be due and payable monthly on the 20th day of the month.

(Code 1956, § 56-46)

**State Law reference—** Similar provisions, R.S. 47:306.

Sec. 150-616. - Returns and payment of tax.

For the purpose of ascertaining the amount of tax payable under this article, all dealers, on or before the 20th day of each month, shall transmit to the director, upon forms prescribed and furnished by him, returns showing the gross sales or purchases, as the case may be, arising from all sales or purchases taxable under this article during the preceding calendar month. Such returns shall show such further information as the director may require to enable him to compute correctly and collect the tax herein levied. Each return shall be signed by the dealer filing it and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the return and that, to the best of his knowledge and belief, it is true, correct and complete. Every dealer, at the time of making the return required hereunder, shall compute and remit to the director the required tax due for the preceding calendar month and failure so to do shall cause such tax to become delinquent. However, whenever the taxes due hereunder from a dealer average less than $100.00 per month and the dealer's annual gross sales are less than $250,000.00, the taxes hereunder shall be due and payable quarterly by the dealer, and the return required from the dealer for the quarter shall be filed on or before the 20th day of the first month of the next succeeding quarter. Any dealer who is required to file tax returns on a quarterly basis, as provided above, may file his returns and pay the tax on a monthly basis after first having received written approval from the director to do so. Application to file monthly must be furnished to the director in writing and will set forth complete justification for the shorter reporting period. Should any return be prepared by a person other than the dealer filing the same, such person shall also affix his signature thereto and warrant the correctness thereof.

(Code 1956, § 56-47; M.C.S., Ord. No. 17,095, § 1, 6-15-95)

**State Law reference—** Similar provisions, R.S. 47:306.

Sec. 150-617. - Collection by wholesalers.

(a) Notwithstanding the provisions of section 150-616 or any other provision of this article, every manufacturer, wholesaler, jobber or supplier domiciled in the parish who sells to anyone domiciled in the parish for sale at retail any article of tangible personal property the sale at retail of which is taxable under this article, shall collect as advance sales tax, 2½ percent of the sales price of such article at the time of sale.

(b)  The amount paid by dealers to manufacturers, wholesalers, jobbers or suppliers shall be advance payment of the city sales tax which the dealer is required to collect upon the sale at retail, and the advance payment is required only as a means of facilitating collection of the sales tax.

(c)  Manufacturers, wholesalers, jobbers and suppliers who collect advance sales tax from their purchasers pursuant to the preceding provisions shall remit the tax to the director in the manner provided for dealers and in accordance with the rules and regulations prescribed by the director.

(d)  In making their returns to the director, dealers who have paid advance sales tax shall deduct from the total tax collected by them upon the retail sale of the commodity the amount of tax paid by them to the manufacturers, wholesalers, jobbers and suppliers during the period reported provided tax paid invoices evidencing the payment are retained by the dealer claiming the refund or credit. If the advance sales tax paid by the dealer during any reporting period amounts to more than the tax collected by him for the period reported, the excess so paid shall be allowed as a refund or credit against the tax collected by the dealer during the succeeding period or periods.

(e)  Manufacturers, wholesalers, jobbers and suppliers collecting advance sales tax as hereinabove provided shall be allowed a one percent deduction from the amount so collected and remitted to the director as compensation for such collection. The one percent compensation shall not be allowed if the report and payment of the manufacturer, wholesaler, jobber or supplier is not timely filed.

(Code 1956, § 56-47.1)

**State Law reference—** Similar provisions, R.S. 47:306(B).

Sec. 150-618. - Form of remittance.

All taxes, interest and penalties imposed under this article shall be paid to the city in the form of remittance required by the director.

(Code 1956, § 56-48)

Sec. 150-619. - Extension of time for filing return.

The director, for good cause, may extend for not to exceed 30 days the time for making any returns required under the provisions of this article.

(Code 1956, § 56-49)

**State Law reference—** Similar provisions, R.S. 47:306.

Sec. 150-620. - Lease or rental of tangible personal property.

The gross receipts or gross proceeds derived from the lease or rental, within this city, of all kinds and types of tangible personal property, are subject to the tax levied under this article. The tax shall be computed on the gross receipts or gross proceeds without any deduction whatsoever for expenses incident to the conduct of business.

(Code 1956, § 56-50)

**State Law reference—** Similar provisions, R.S. 47:306(A)(2).

Sec. 150-621. - Return by purchaser if dealer fails to collect tax; penalty.

(a)  When a purchaser fails to pay and a dealer fails to collect a tax upon a sale, as imposed by this article, then, in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to

the director and the purchaser shall file a return thereof with the director and pay the tax imposed thereon to the director within 15 days after such sale is made or rendered.

(b) Any person who, as a purchaser, is obligated to report and pay the tax imposed upon any purchase made by him under the provisions of this section and who fails, neglects and refuses to file a return thereof with the director and pay the tax imposed thereon within the time stated after such sale is made, shall be guilty of a misdemeanor, and, upon conviction, shall be punished by a fine of not more than $100.00 or imprisonment for not more than 90 days or both such fine and imprisonment, in the discretion of the court.

(c) If any taxpayer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate wilful negligence or intentional disregard of rules and regulations but no intent to defraud, there shall be imposed, in addition to any other penalties provided, a specific penalty of five percent of the tax or deficiency found to be due or $10.00, whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Code 1956, § 56-51)

Sec. 150-622. - False or fraudulent return; punishment.

Any dealer or other person on behalf of such dealer signing and filing a return subsequently found to be grossly incorrect, false or fraudulent shall be guilty of a misdemeanor and, upon conviction thereof, shall be subject to a fine of not more than $100.00 or imprisonment for not more than 90 days or both, in the discretion of the court.

(Code 1956, § 56-52)

Sec. 150-623. - Statements to be made by gasoline dealers—Retail dealers.

By or before January 20 in each year, every retail gasoline dealer who operates a gasoline station in the city shall file with the director a statement of the total number of gallons of gasoline and motor fuel sold by him during the preceding calendar year.

(Code 1956, § 56-52.1)

Sec. 150-624. - Same—Dealers selling gasoline for resale.

Dealers who sell gasoline and motor fuel solely for resale shall not be subject to the provisions of section 150-623, but every dealer (wholesale, bulk stations, and other dealers who sell direct to consumers) who sells gasoline and motor fuel for consumption within the city shall likewise file a statement of the total number of gallons of gasoline and motor fuel sold for consumption within the city during the preceding calendar year, as provided in section 150-623.

(Code 1956, § 56-52.2)

Sec. 150-625. - Same—Making under oath; forms; verification.

Statements required by sections 150-623 and 150-624 shall be made under oath on forms prepared and distributed by the director, and shall be subject to verification by him or any of his authorized representatives.

(Code 1956, § 56-52.3)

Sec. 150-626. - Same—Statutorily required statements.

The statements prescribed by sections 150-623 through 150-625 shall be filed in addition to the statements required by R.S. 47:722 and R.S. 47:727; provided, however, that should any dealer subject to the provisions file with the director the statements required by R.S. 47:722 and R.S. 47:727 by or before January 20 in each year, then such dealer shall not be required to file the statements prescribed by sections 150-623 through 150-625.

(Code 1956, § 56-52.4)

Sec. 150-627. - Records of purchases by dealers, etc.; inspection thereof; penalty.

Every dealer required to make a report and pay any tax under this article shall keep and preserve suitable records of the sales or purchases taxable under this article and such other books of account as may be necessary to determine the amount of tax due under this article and such other information as may be required by the director. Such records shall include but not be limited to individual receipts or copies thereof which must be presented to the customer upon each sale or a cash register tape totaled daily with the corresponding date marked thereon excepting vendors of food or drink not operating at a fixed location or any sales in conjunction with a permitted charitable event. Every dealer shall keep and preserve, for a period of three years, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article. All books, invoices and other records shall be open to examination, at all reasonable hours, by the director or any of his duly authorized agents. Failure of dealers to keep suitable records of sales or purchases for the three years as required herein, shall result in a penalty of $100.00 for each day the dealer is deficient of the mandated time required.

(Code 1956, § 56-53; M.C.S., Ord. No. 27051, § 1, 9-8-16)

**State Law reference—** Similar provisions, R.S. 47:309.

Sec. 150-628. - Minimum standards of use tax audits.

The director shall prepare a written manual setting forth requirements and standards for use tax audits. The department of finance shall provide that not less than 30 percent of all audits be use tax audits.

(Code 1956, § 56-20.4)

Sec. 150-629. - Use tax returns sent to certain persons doing business in the city.

(a)  The director shall compile a list of all persons doing business in the city. The listing shall be compiled from all available sources including telephone directories, city directories, and the corporations registry in the office of the secretary of state or similar lists or directories. Use tax returns shall be sent to all persons on the list annually. The use tax returns shall include pertinent information regarding liability for payment of the use tax which shall disclose penalty provisions for failure to return the use tax returns by the due date.

(b)  The use tax return required by this section need not be sent to persons doing business in the city who currently receive sales and use tax return forms from the city.

(Code 1956, § 56-20.5)

Sec. 150-630. - Maintenance of records by dealers; cost of audit thereof.

Every dealer is hereby required to maintain his records in such manner and in such detail as will permit the director or his duly authorized agents to readily verify the correctness of any tax as may be due and assessable under this article. The dealer's records shall be maintained in such manner as to readily reflect gross sales, and other records as will segregate and make readily available for audit all details for any deduction taken from gross sales, and the total of such items shall be reflected on the monthly tax returns filed as required under this article. Upon the failure of any dealer to comply with the provisions of this

section, and because of such failure upon the part of such dealer, it becomes necessary for the director or his duly authorized agents to establish, by detailed audit, the correctness of such gross sales and deductions claimed, then, in that event, the cost of such audit shall be borne by and assessable against such dealer.

(Code 1956, § 56-53.1)

Sec. 150-631. - Other records to be kept by dealers.

    (a)  Each dealer shall secure, maintain and keep, for a period of three years, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed or stored, leased or rented, within the city by such dealer, together with invoices, bills of lading and other pertinent records and papers as may be required by the director for the reasonable administration of this article, and all such records shall be open for inspection to the director at all reasonable hours. Any dealer subject to the provisions of this article who shall violate this provision shall be guilty of a misdemeanor and upon conviction shall be punished as provided in section 150-727.

    (b)  It is hereby declared to be the intention of this article to impose a tax on the gross proceeds of all leases and rentals of tangible personal property in this city, where the lease or rental is part of a regularly established business or the same is incidental or germane thereto.

    (c)  For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed one percent of the amount of the tax due and accounted for and remitted to the director in the form of a deduction in submitting his report and paying the amount due by him; provided, the amount due was not delinquent at the time of payment.

(Code 1956, § 56-54)

Sec. 150-632. - Records to be kept by wholesalers; inspection thereof; penalty.

    In order to aid in the administration and enforcement of the provisions of this article and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the city shall keep a record of all sales of tangible personal property made in the city, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the articles purchased and the price at which the article is sold to the purchaser. These records shall be kept for a period of three years and shall be open to the inspection of the director or his duly authorized assistants at all reasonable hours. The failure of any wholesale dealer or jobber in the city to keep such records or the failure of any wholesale dealer or jobber in the city to permit an inspection of such records by the director shall be a misdemeanor and, upon conviction thereof, such wholesale dealer or jobber shall be subject to a fine of not more than $100.00 or imprisonment for not more than 90 days, or both.

(Code 1956, § 56-55)

Sec. 150-633. - Wholesale dealers and jobbers to secure and keep on file exemption certificates.

    All wholesale dealers and jobbers in the city are hereby required to secure from each purchaser a properly executed certificate of exemption on a form designated and approved by the director, which certificate of exemption shall be kept on file by the wholesaler or jobber for a period of not less than three years, and shall be subject to inspection by the director or any of his duly authorized agents.

(Code 1956, § 56-55.1)

Sec. 150-634. - Inspection of transportation company records—Authority of director.

For the purpose of enforcing the collection of the tax levied by this article, the director may examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms, operating in the city, whether such companies, agencies or firms conduct their business by truck, rail, water, airplane or otherwise, in order to determine what dealers, as provided in this article, are importing or otherwise shipping articles of tangible personal property which are liable for such tax.

(Code 1956, § 56-56)

**State Law reference—** Similar provisions, R.S. 47:311.

Sec. 150-635. - Same—Rule in case of refusal to permit inspection.

If any transportation company, agency or firm shall refuse to permit an examination of its books, records or other documents by the director, the director may proceed by rule, in term time or in chambers, in any court of competent jurisdiction and require such transportation company, agency or firm to show cause why the director should not be permitted to examine its books, records or other documents and in case such rule is made absolute, it shall be considered a judgment of the court and every violation of such judgment shall be considered as a contempt thereof and punished according to law.

(Code 1956, § 56-57)

**State Law reference—** Similar provisions, R.S. 47:311.

Sec. 150-636. - Records of director; authenticated copies thereof.

The director shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper filed in any office maintained by him in the administration of this article may be authenticated under his official signature and when so authenticated shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of $1.00.

(Code 1956, § 56-58)

Sec. 150-637. - Records confidential.

The records and files of the director respecting the administration of this article shall be considered confidential and privileged and neither the director nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the director nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

    (1)  In an action or proceeding under the provisions of this article; and

    (2)  When the records or files or the facts shown thereby are directly involved in such action or proceeding.

(Code 1956, § 56-59)

Sec. 150-638. - Qualification of confidentiality rule.

Nothing contained in this article shall be construed to prevent:

    (1)  The delivery to a dealer or his duly authorized representative of a copy of any return, report or other paper filed

by him pursuant to the provisions of this article;

(2)   The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3)   The inspection by the attorney general or other legal representative of the state or of the city attorney of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4)   The examination of the records and files by the director or by his duly authorized agents; or

(5)   The furnishing, in the discretion of the director of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Code 1956, § 56-60)


Sec. 150-639. - Preservation of records.

All returns or reports filed with the director pursuant to the provisions of this article shall be preserved for two years and thereafter may be destroyed by order of the director.

(Code 1956, § 56-61)


Secs. 150-640—150-675. - Reserved.


DIVISION 6. - PROVISIONS AFFECTING IMPORTED GOODS

Subdivision I. - Generally


Sec. 150-676. - Permit to import goods by others than common carriers.

In order to prevent the illegal importation into the city of tangible personal property which is subject to tax and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the director may put into operation a system of permits whereby any person may import tangible personal property by truck, automobile or other means of transportation other than a common carrier, without having such truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person or dealer who desires to import tangible personal property into the city which is subject to the tax imposed by this article, to apply to the director or his assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee and such other information as the director may deem proper or necessary to prevent the illegal importation of tangible personal property into the city. Such permits shall be free of cost to the applicant and may be obtained at the office of the director.

(Code 1956, § 56-62)

**State Law reference—** Similar provisions, R.S. 47:313.


Sec. 150-677. - Importation without a permit illegal.

The importation into the city of tangible personal property which is subject to tax by truck, automobile or other means of transportation other than a common carrier without having first obtained a permit as described in section 150-676, if the tax imposed by this article on such tangible personal property has not been paid, shall be construed as an attempt to evade payment of such tax and is hereby prohibited and any truck, automobile or means of transportation other than a common carrier and such taxable property may be seized by the director in order to secure it as evidence in a trial and it shall be subject to forfeiture and sale in the manner provided for in this article.

(Code 1956, § 56-63)

**State Law reference—** Similar provisions, R.S. 47:311(B).

Sec. 150-678. - Attachment of property if tax not paid.

The failure of any dealer who imports tangible personal property into the city for use, consumption, distribution or storage to be used or consumed in the city or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay any tax, interest, penalties or costs under this article shall ipso facto make such tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of the same, which shall be sufficient grounds for the attachment of such tangible personal property, wherever the same may be located or found, whether such delinquent dealer be a resident or nonresident of the city and whether such tangible personal property is in the possession of such delinquent dealer or in the possession of other persons; provided, that it is the intention of this article to prevent the disposition of such tangible personal property in order to ensure payment of the tax imposed by this article together with interest, penalties and costs, and authority to attach is hereby specifically granted to the director.

(Code 1956, § 56-64)

**State Law reference—** Similar provisions, R.S. 47:312.

Secs. 150-679—150-700. - Reserved.

Subdivision II. - Remedies for Collection

Sec. 150-701. - Presumption of taxability.

For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into the city or held in the city by any dealer is to be sold at retail, used or consumed or stored for use or consumption in the city or leased or rented within the city and is subject to the tax herein levied. Such presumption shall be prima facie only and subject to proof furnished to the director.

(Code 1956, § 56-65)

Sec. 150-702. - Interest, penalty and attorneys' fees on delinquent payments.

When any taxpayer fails to pay a tax or any portion thereof on or before the date prescribed for its payment, interest at the rate of 1¼ percent per month shall be added to the amount of tax due from the due date until paid. In addition to the interest that may be so due, there shall also be collected a penalty of five percent of the tax if the failure is for not more than 30 days with an additional five percent for each additional 30 days or fraction thereof during which the failure continued. If a suit is filed to collect the tax due, there shall also be collected attorneys' fees at the rate of ten percent on the aggregate amount of tax, interest and penalty.

(Code 1956, § 56-66)

Sec. 150-703. - Penalties and interest collectible like tax.

All penalties and interest imposed by this article shall be payable to and recoverable by the director in the same manner as if they were part of the tax imposed.

(Code 1956, § 56-67)

Sec. 150-704. - Remission of penalties and/or interest.

If the failure to pay any tax when due is explained to the satisfaction of the director, he may remit or waive payment of the whole or any part of any such penalty and/or interest.

(Code 1956, § 56-68)

Sec. 150-705. - Assessment based on director's estimate.

If any person shall fail to make a return or report, as required by this article, the director, within three years from December 31 of the year in which such return or report was required to be filed under this article, may make an estimate of the amount of taxes such person is liable to pay under the terms of this article, from any information he is able conveniently to obtain, and, according to such estimate so made by him, assess the taxes, fees, penalties and interest due this city from such person, give notice of such assessment to such person and make demand upon him for payment.

(Code 1956, § 56-69)

**State Law reference—** Similar provisions, R.S. 47:307.

Sec. 150-706. - Director to estimate tax when return not filed, etc.

If any dealer fails to make a report and pay the tax required by this article, or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, it shall be the duty of the director to make an estimate for the taxable period of the retail sales or sales of services of such dealer or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in this city and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.

(Code 1956, § 56-70)

**State Law reference—** Similar provisions, R.S. 47:307(A).

Sec. 150-707. - Cost of examination added to tax.

If the estimate and assessment made by the director requires an examination of books, records or documents, or an audit thereof, the director shall add to the assessment of the cost an hourly basis of such examination. The cost to the taxpayer shall be assessed on an hourly basis, plus reasonable expenses, not to exceed 30 percent of the amount of the additional taxes determined to be due as the result of the audit, together with any penalties accruing thereon. Such penalties when collected shall be placed in the city's general fund account in the same manner as are the taxes collected under this article.

(Code 1956, § 56-71; M.C.S., Ord. No. 19,067, § 1, 1-7-99)

**State Law reference—** Similar provisions, R.S. 47:307(D).

Sec. 150-708. - Summoning delinquent dealer for examination—Authority of director.

If any dealer subject to make and file a return required by any provision of this article fails to render such return within the time required or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases or rentals or other transactions taxable under this article or otherwise fails to comply with the provisions of this article, for the taxable period for which such return is made, the director shall give such dealer 15 days' notice, in writing, requiring such dealer to appear before him or his assistant with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period, and the director may require such dealer or the agents or employees of such dealer to give testimony or to answer interrogatories, under oath administered by the director or his assistants, respecting the sale at retail, the use, consumption, distribution or storage for use or consumption in this city or lease or rental of tangible personal property or other transactions subject to tax or the failure to make report thereof as provided in this article.

(Code 1956, § 56-72)

Sec. 150-709. - Same—Court order.

If any dealer fails to make a return or refuses to permit an examination of his books, records or papers or to appear and answer questions within the scope of an investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property or sale of services, the director may apply to any court of competent jurisdiction for an order requiring such dealer to make such return or requiring the dealer, his agents or employees, to appear and answer any such questions or permit such examination and the court, or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon such dealer or the agents or employees of such dealer, directing him or them so to appear and testify and to produce such books, records and papers as may be required.

(Code 1956, § 56-73)

Sec. 150-710. - Same—Contempt.

Any person, including any member of any firm, copartnership, joint adventure, association or corporation or any agent or employee thereof, failing to comply with the order referred to in section 150-709 shall be guilty of contempt and shall be punished as provided by law in cases of contempt.

(Code 1956, § 56-74)

Sec. 150-711. - Assessment of additional tax after investigation.

After a return or report is filed under the provisions of this article the director shall make such further examination, audit or investigation as he may deem necessary and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax and any penalties and interest, or either of them, due the city from such person, give notice of such assessment to such person and make demand upon him for payment.

(Code 1956, § 56-75)

Sec. 150-712. - Ascertaining and fixing tax when dealer has no record, etc.

(a)  If a dealer has imported tangible personal property and fails to produce an invoice showing the cost price of the

articles which are subject to tax or the invoice does not reflect the true or actual cost price, the director shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct and the burden shall be on the dealer to show the contrary.

(b)  In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the director, represent the true or actual consideration, then the director may fix the consideration and collect the tax thereon in the same manner as above provided, with interest plus penalties, if such have accrued.

(Code 1956, § 56-76)

Sec. 150-713. - Jeopardy assessment.

If the director finds that any person liable to the payment of any tax under this article designs quickly to depart from the city or to remove therefrom his property, subject to any lien under the provisions of this article, to discontinue business or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax whereby it shall have become important that such proceedings be instituted without delay, the director may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax or demand security for it and thereafter shall cause notice of such findings to be given to such person, together with a demand for an immediate return or report and immediate payment of such tax.

(Code 1956, § 56-77)

Sec. 150-714. - When bond may be required.

The director may require a bond or other security satisfactory to him for the payment of any taxes, fees, interest and penalties, or any one of them, imposed pursuant to this article, when he shall find that the collection thereof may be prejudiced without such security.

(Code 1956, § 56-78)

Sec. 150-715. - When assessments of delinquent taxes payable.

All taxes, penalties and interest assessed pursuant to the provisions of sections 150-711 through 150-713 shall be paid within 15 days after notice and demand shall have been mailed to the dealer liable therefor by the director.

(Code 1956, § 56-79)

Sec. 150-716. - Penalty for late payment.

If taxes, penalties and interest so assessed shall not be paid within 15 days there shall be added to the amount assessed, in addition to interest and any other penalties provided by this article, a sum equivalent to five percent of the tax.

(Code 1956, § 56-80)

Sec. 150-717. - Tax a personal debt; lien thereof.

The liability of any person arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person to the city, recoverable in any court of competent jurisdiction in an action at law by the director in the name of the city. Such debt, whether sued upon or not, shall be a lien on all the property of such

delinquent person, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of such person, whether in bankruptcy, insolvency or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the director.

(Code 1956, § 56-81)

Sec. 150-718. - Garnishee proceedings to collect tax.

If any dealer is delinquent in the payment of the tax provided for in this article, the director may give notice of the amount of such delinquency by registered or certified mail to all persons having in their possession or under their control any credits or other personal property belonging to such dealer or owing any debts to such dealer at the time of receipt by them of such notice, and, thereafter, any person so notified shall neither transfer nor make any other disposition of such credits, other personal property or debts until the director shall have consented to a transfer or disposition or until 30 days shall have elapsed after the receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the director of all such credits, other personal property or debts in their possession, under their control or owing by them, as the case may be.

(Code 1956, § 56-82)

Sec. 150-719. - Collection by distraint and sale.

If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, the director or his duly authorized representative, who is charged with the collection of such taxes may collect such taxes together with such interest and other additional amounts as are added by law by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(Code 1956, § 56-83)

Sec. 150-720. - Rule to show cause for failure to pay tax; effect thereof.

Failure to pay any tax due, as provided in this article, shall ipso facto, without demand or putting in default, cause such tax, interest, penalties and costs to become immediately delinquent, and the director is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on such dealer, to show cause in not less than two or more than ten days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why the dealer should not be ordered to cease from further pursuit of business as a dealer. In case such rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the city, prohibiting such dealer from the further pursuit of such business until such time as he has paid the delinquent tax, interest, penalties and costs. Every violation of the injunction shall be considered as a contempt of court and punished according to law. For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into this city or held in this city by any dealer is to be sold at retail, used, consumed or stored for use or consumption or leased or rented within this city and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the director.

(Code 1956, § 56-84)

Sec. 150-721. - Entry of judgment ex parte.

As an additional or alternative remedy, the director may issue a certificate to the clerk of any court of competent jurisdiction that any dealer is indebted under this article in such an amount as is named in such certificate and thereupon the clerk to whom such certificate is issued shall immediately enter upon his record of docketed judgments the name of such dealer and of

the city, the amount of the debt so certified, a short name for the tax imposed by this article and the date of making such entries. The making of the entries shall have the same force and effect as the entry of a docketed judgment in the offices of such clerk and the director shall have all of the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action at law upon a contract, but without prejudice to the right of appeal by such delinquent dealer.

(Code 1956, § 56-85)

Sec. 150-722. - Corporations not to be dissolved, etc., until taxes paid.

No corporation organized under any law of the state shall hereafter be dissolved or effect a merger, reorganization or consolidation under any law of the state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in this state may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon such corporation in accordance with the provisions of this article shall have been fully paid. The president, executive officers, managers and directors of any corporation which shall violate the provisions of this section shall upon conviction thereof be subject to a fine of not more than $100.00 or imprisonment for not more than 90 days or both such fine and imprisonment in the discretion of the court; and such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this division for the recovery of the tax, interest and penalties that may be due.

(Code 1956, § 56-86)

Sec. 150-723. - Release of lien of judgment.

The director, upon the application of any dealer and upon the payment of a fee of $1.50, may release any property from the lien of any certificate, judgment or levy procured by him; provided that payment is made to the director of such sum as he shall deem adequate consideration for such release or a deposit shall have been made with the director of such security as he shall deem adequate to secure the payment of any debt evidenced by any such certificate, judgment or levy, the lien of which is sought to be released. Such release shall be given by the director and may be recorded in any office in which conveyances of real estate may be recorded.

(Code 1956, § 56-87)

Sec. 150-724. - Punishment for false or fraudulent return.

Any dealer required to make, render, sign or verify any return who makes a false or fraudulent return with intent to evade a tax levied by this article shall be guilty of a misdemeanor.

(Code 1956, § 56-88)

Sec. 150-725. - Failure to file return, etc., a misdemeanor; penalty.

Any dealer subject to the provisions of this article failing or refusing to furnish any return herein required to be made, or failing or refusing to furnish a supplemental return or other data required by the director or who shall violate any other provisions of this article, punishment for which is not otherwise herein provided, shall be guilty of a misdemeanor.

(Code 1956, § 56-89)

Sec. 150-726. - Failure to remit tax a misdemeanor.

(a) It shall be unlawful for any person to commit the crime of failure to remit sales or use tax as hereinafter defined. Failure to remit sales or use tax is the intentional failure on the part of any person to file any sales tax returns or any use tax returns when due, or to fail to remit to the city sales or use taxes collected from purchasers or consumers or otherwise due the city when due under the provisions of this article.

(b) For the purposes of this section, the word person means any individual, partnership, corporation, joint stock association and includes any trustee, receiver, assignee or personal representative thereof and any officer or director having direct control or supervision of the collection or remittance of sales or use taxes or charged with the responsibility of filing returns for and remitting sales or use taxes to the city.

(c) Any person who violates the provisions of this section shall, upon conviction thereof or plea of guilty, be punished by a fine of not more than $300.00 or by imprisonment of not more than five months or both.

(Code 1956, § 56-89.1)

Sec. 150-727. - Penalty for violations.

Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided, shall be guilty of a misdemeanor and upon conviction thereof shall be fined in a sum of not more than $100.00 or imprisoned for a period of not more than 90 days or by both in the discretion of the court.

(Code 1956, § 56-90)

Sec. 150-728. - City attorney and council to be notified of violations.

(a) Each month the director shall forward a list of all persons failing or refusing to furnish any return, supplemental return or other data required by the director pursuant to this article or violating any other provision of this article to the city attorney and the city council.

(b) The city attorney shall take appropriate legal action to enforce the provisions of this article, including, in the case of businesses holding alcoholic beverage permits which have failed to pay any taxes due to the city in connection with the licensed premises, petitioning the alcoholic beverage control board for revocation or suspension of city retail alcoholic beverage permits.

(c) In addition to any other legal action available to the city, the city attorney shall seek the revocation or suspension of any other licenses or permits held by any person failing to remit sales taxes to the city with respect to the business owing the tax.

(Code 1956, § 56-90.1)

Secs. 150-729—150-750. - Reserved.

Subdivision III. - Remedies of Taxpayer

Sec. 150-751. - Payment under protest.

Upon request of a dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, such dealer, upon agreeing to abide by the decision of the courts, may pay the additional assessment under protest but need not file an additional suit. In such cases, the tax so paid under protest shall be segregated and held by the director until the question of law involved has been determined by the courts and shall then be disposed of as then provided.

(Code 1956, § 56-91)

Sec. 150-752. - Effect of return of goods sold.

If purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of the tax so collected or charged by him, in the manner prescribed by the director; and in case the tax has not been remitted by the dealer to the director, the dealer may deduct it in submitting his return. Upon receipt of a sworn statement of the dealer, subject to verification by the director or his duly authorized agents, as to the gross amount of such refunds during the period covered by such sworn statement, the director shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax so collected. Such memorandum shall be accepted by the director at full face value from the dealer to whom it is issued in the remittance for subsequent taxes accrued under the provisions of this article.

(Code 1956, § 56-92)

**State Law reference—** Similar provisions, R.S. 47:315.

Sec. 150-753. - Claim for refund for returns.

If any dealer shall have given to the director notice within the time provided in section 150-752, such dealer thereafter, at any time within two years after the payment of any original or additional tax assessed against him, may file with the director a claim under oath for refund, in such form as the director may prescribe, stating the grounds thereof. But no claim for refund shall be required or permitted to be filed with respect to a tax paid after protest has been filed with the director as provided in section 150-751 or after proceedings on appeal have been commenced as provided in this article until such protest or appeal has been finally determined.

(Code 1956, § 56-93)

Sec. 150-754. - Action on claim for refund.

If, upon examination of a claim for refund, it shall be determined by the director that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article and if there is no such liability such dealer shall be entitled to a refund of the tax so overpaid. If the director shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(Code 1956, § 56-94)

**State Law reference—** Similar provisions, R.S. 47:315.

Sec. 150-755. - Refund without claim when right is apparent.

When no question of fact or law is involved and it appears from the records of the director that any moneys have been erroneously or illegally collected from any dealer or have been paid by any dealer under a mistake of fact or law, the director may, at any time within two years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund, and thereupon shall authorize the payment from any appropriation available for such purpose; provided, that the director shall first apply the amount of any such refunds toward the payment of any other taxes or licenses as may be then due by such dealer to the city.

(Code 1956, § 56-95)

Sec. 150-756. - Right of action for refund.

A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article. In case of any such dealer resisting the payment of any amount found due or the enforcement of any provision of such laws in relation thereto, such dealer shall pay the amount found due by the director and shall give the director notice, at the time, of his intention to file suit for the recovery of such amount. Upon receipt of such notice, the amount so paid shall be segregated and held by the director for a period of 30 days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the director shall refund the amount to the claimant, with interest at the rate of two percent per annum covering the period from the date such funds were received by the director to the date of refund.

(Code 1956, § 56-96)

Sec. 150-757. - Complete legal remedy afforded.

Section 150-756 shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions, service of process shall be upon the mayor, the acting mayor or the city attorney, as provided in the Charter.

(Code 1956, § 56-97)

Sec. 150-758. - Constitutional questions included.

Section 150-756 shall be construed to provide a legal remedy in the state or federal courts, by action at law, in case such taxes are claimed to be an unlawful burden upon interstate commerce or the collection thereof to be in violation of any Act of Congress or the United States Constitution or the constitution of the state or in any case which jurisdiction is vested in any of the courts of the United States.

(Code 1956, § 56-98)

Sec. 150-759. - Protest against director's ruling; effect thereof and hearing thereon.

If any dealer shall disagree with any finding or assessment of the director, he may, within 30 days of the receipt of notice of the assessment or finding, file a protest in writing, signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the director shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the director to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and in an amount satisfactory to the director.

(Code 1956, § 56-99)

Sec. 150-760. - Appeal to council and then to court.

Any dealer who shall be aggrieved:

(1)  By any decision, order, finding or assessment of the director made pursuant to the provisions of this article;

(2)  By his refusal or failure to act; or,

(3)  By any certification of debt to the clerk of a court;

may appeal therefrom to the council by filing with the director a petition of appeal addressed to the council in the manner and form and within the time and subject to such terms and conditions as the director shall prescribe by rule approved by the council. No such appeal shall stay the collection of any tax or the enforcement thereof by entry as a judgment, unless by order of the council and then only after security approved by the director shall have been furnished to him. The judgment or order of the council respecting any matter arising under the provisions of this article may be reviewed by any court of competent jurisdiction in the manner provided for by law.

(Code 1956, § 56-100)

Sec. 150-761. - Refund after successful appeal.

If, by a decision or order of the council or of any court of competent jurisdiction, the dealer shall have been adjudged to be entitled to a refund, payment thereof shall be authorized by the director from any appropriation available for refund upon presentation to him of a certified copy of such decision or order.

(Code 1956, § 56-101)

Sec. 150-762. - Return of moneys held as security.

When, to secure compliance with any of the provisions of this article, any moneys shall have been deposited with the director by the dealer and shall have been paid over to the director and he shall be satisfied that such dealer has fully complied with all such provisions, the director shall so certify and shall thereupon issue his warrant for the repayment to such dealer of such moneys or such part thereof as the director shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Code 1956, § 56-102)

Secs. 150-763—150-790. - Reserved.

DIVISION 7. - RULES AND REGULATIONS

Subdivision I. - Generally

Sec. 150-791. - Bracket schedule.

(a)  The tax imposed by this article shall be calculated according to the following table:

| Purchase Price | Amount of Tax |
|---|---|
| $0.01 to $0.07 ..... | No tax |
| 0.08 to  0.21 ..... | $0.01 |
| 0.22 to  0.35 ..... | 0.02 |
| 0.36 to  0.49 ..... | 0.03 |
| 0.50 to  0.64 ..... | 0.04 |
| 0.65 to  0.78 ..... | 0.05 |
| 0.79 to  0.92 ..... | 0.06 |
| 0.93 to  1.07 ..... | 0.07 |

On each additional $1.00 of purchase price add $0.07 tax.

(b)  Of the total amounts collected under the above integrated method and bracket of prices by dealers or those otherwise responsible for the collection of the tax in the city, four-sevenths thereof shall be remitted by such dealers or collectors city. The four-sevenths so required to be transmitted represents the 2½ percent tax due the city and the 1½ percent tax the parish school board under the above integrated method and bracket of prices, and is in conformity with the provisi this article and the resolutions adopted by the parish school board. The remaining three-sevenths of the amount of tax collected represents the amount of taxes due the state, which has imposed a three percent sales tax.

(c)  The integrated method and bracket of prices hereby provided is to apply only to sales, use, consumption, storage, rentals of tangible personal property, sale of certain services and other such transactions that are taxed by both the city and the state.

(d)  Where only four percent of the city sales tax is applicable the tax shall be calculated according to the following table:

| Purchase Price | Amount of Tax |
|---|---|
| $0.01 to $0.12 ..... | No tax |
| 0.13 to 0.37 ..... | $0.01 |
| 0.38 to 0.62 ..... | 0.02 |
| 0.63 to 0.87 ..... | 0.03 |
| 0.88 to 1.12 ..... | 0.04 |

On each additional $1.00 of purchase price add $0.04 tax.

(Code 1956, § 56-119)

Sec. 150-792. - Bracket schedule for June 1, 1982 through May 31, 1985.

(a)  Section 150-791 notwithstanding, from June 1, 1982, through May 31, 1985, the tax imposed by this article shall be calculated according to the following table:

| Purchase Price | Amount of Tax |
|---|---|
| $0.00 to $0.06 ..... | No tax |
| 0.07 to 0.18 ..... | $0.01 |
| 0.19 to 0.31 ..... | 0.02 |
| 0.32 to 0.43 ..... | 0.03 |
| 0.44 to 0.56 ..... | 0.04 |
| 0.57 to 0.68 ..... | 0.05 |
| 0.69 to 0.81 ..... | 0.06 |
| 0.82 to 0.93 ..... | 0.07 |
| 0.94 to 1.06 ..... | 0.08 |

On each additional $1.00 of purchase price add $0.08 tax.

(b)  Of the total amounts collected under the above integrated method and bracket of prices by dealers or those otherwise responsible for the collection of the tax in the city, five-eighths thereof shall be remitted by such dealers or collectors to the city. The five-eighths so required to be transmitted represents the 3½ percent tax due the city and the 1½ percent tax due the parish school board under the above integrated method and bracket of prices, and is in conformity with the provisions of this article and the resolutions adopted by the parish school board. The remaining three-eighths of the amount of taxes collected represents the amount of taxes due the state, which has imposed a

three percent sales tax. The integrated method and bracket of prices hereby provided is to apply only to sales, use, consumption, storage, rentals of tangible personal property, sale of certain services and other such transactions that are taxed by the city, school board and the state.

(c)  Where only the 4½ percent city and parish school board sales taxes are applicable, the tax shall be calculated according to the following table:

| Purchase Price | Amount of Tax |
| --- | --- |
| $0.01 to $0.11 ..... | No tax |
| 0.12 to  0.33 ..... | $0.01 |
| 0.34 to  0.55 ..... | 0.02 |
| 0.56 to  0.77 ..... | 0.03 |
| 0.78 to  0.99 ..... | 0.04 |
| 1.00 to  1.22 ..... | 0.05 |
| 1.23 to  1.44 ..... | 0.06 |
| 1.45 to  1.66 ..... | 0.07 |
| 1.67 to  1.88 ..... | 0.08 |
| 1.89 to  2.11 ..... | 0.09 |

On each additional $2.00 of purchase price add $0.09 tax.

(d)  Where only the five percent city and parish school board sales taxes are applicable the tax shall be calculated according to the following table:

| Purchase Price | Amount of Tax |
| --- | --- |
| $0.01 to $0.10 ..... | No tax |
| 0.11 to  0.29 ..... | $0.01 |
| 0.30 to  0.49 ..... | 0.02 |
| 0.50 to  0.69 ..... | 0.03 |
| 0.70 to  0.89 ..... | 0.04 |
| 0.90 to  1.10 ..... | 0.05 |

On each additional $1.00 of purchase price add $0.05 tax.

(Code 1956, § 56-119.1)

Sec. 150-793. - Deliveries outside of parish not taxable.

The tax imposed by this article is to be charged to purchasers by dealers upon the sales price as per the above schedule when the sale is consummated by delivery to the purchaser within the parish. On purchases which are to be delivered to a bona fide destination outside the city tax does not apply.

(Code 1956, § 56-120)

Sec. 150-794. - Export sales not taxable.

(a)  The power to regulate commerce with foreign nations is vested in the Congress of the United States. Foreign commerce relates to commerce between the United States and foreign nations. The city is without power to tax the sale of tangible personal property for shipment to a foreign country.

(b)  Illustration. The Oasis Refining Company, located in the city, is engaged in manufacturing gasoline from crude oil. The Oasis Refining Company received an order for 50,000 gallons of gasoline from the Liverpool Export Company,

located at Liverpool, England. The gasoline is to be delivered at Liverpool, England, within a stipulated time at a given price. This is a transaction in foreign commerce and is not subject to the city sales tax.

(Code 1956, § 56-121)

Sec. 150-795. - Nonresident purchases.

If a nonresident of the city purchases articles of tangible personal property from a dealer in the city and the sale is completed in the city the sale is not one of interstate commerce and is subject to the tax levied by this article. It is immaterial that the property purchased will be later transported outside the city or state.

(Code 1956, § 56-122)

Sec. 150-796. - Interstate and foreign commerce sales tax.

(a) The power to regulate interstate and foreign commerce is vested in the Congress of the United States. The states and municipalities are prohibited from imposing any direct burden on such commerce through the exercise of their taxing power or otherwise. It is impossible to give an all-inclusive definition of the term interstate commerce or foreign commerce. The discussion which follows, while referring only to interstate commerce, applies in most cases with equal force to "foreign commerce."

(b) Interstate commerce cannot exist unless there is a movement of a subject of commerce from a point within the territorial jurisdiction of one state across the boundary line to a point within the territorial jurisdiction of another state.

(c) In determining what constitutes interstate commerce, the following questions are pertinent:

(1) Does the transaction involve actual and physical movement of the property sold across the state line?

(2) If so, is such movement an essential part of the sale, as distinguished from being merely incidental thereto?

(3) If so, is the vendor obligated by the express or unavoidably implied terms of the sale or contract to sell to make a physical delivery of the property which forms the subject matter of the transaction across a state boundary to the purchaser?

(d) If the answer to all three of these questions is yes, then the transaction is not subject to the application of the tax for the reason that it is in interstate commerce. If the answer to any one or more of the questions is no the sale is not in interstate commerce and the tax applies.

(Code 1956, § 56-123)

Sec. 150-797. - Interstate and foreign commerce use tax.

When a sale is made in interstate commerce, meeting the tests set forth in section 150-796, if the property which is the subject of the sale is imported into this state for use or consumption, it is subject to the use tax. If the out-of-state vendor is not engaged in business in this city within the meaning of this article he is not required to collect the use tax from his customers in the city and in such cases the customers in the city (importers of tangible personal property) must report and pay the use tax directly to the director. If the vendor is engaged in business in the city he is required to qualify as a dealer under this article and must collect the use tax from his customers and remit the tax to the director. This article provides that engaging in business in the city shall mean and include any of the following methods of transacting business: Maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business or by having an agent, salesman or solicitor operating within the city under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman or solicitor is located in the city permanently or temporarily or whether such seller or subsidiary is qualified to do business in the city.

(Code 1956, § 56-124)

Sec. 150-798. - Imports from foreign countries.

    (a)  A tax upon an article imported from a foreign country may not be levied so long as the article remains in the hands of the importer and in the original package in which it was imported, nor may a tax be levied upon the sale by the importer of the goods in the original unbroken package.

    (b)  If the original package is broken and a sale is made by the importer the tax applies. If the importer sells the original package to a jobber or dealer and the jobber or dealer thereafter makes a sale of the entire quantity purchased by him such sale is taxable, even though it be in the original package. The sale by the jobber or dealer in the original package is made after the merchandise is no longer in the hands of the importer.

(Code 1956, § 56-125)

Sec. 150-799. - Tax applicable to supplies, etc., sold to the city or its departments.

    (a)  When construction materials, supplies, equipment or other items of tangible personal property are sold and billed by the sellers to the city or any of its departments or agencies, as well as all contractors for use in carrying out such projects, and such materials, supplies and equipment are paid for by such bodies or contractors, such purchases are within this chapter and the tax must be collected by the seller.

    (b)  It is immaterial that part or all of the funds by which payments are made may have been advanced, granted or loaned by the federal government to the city or its subdivisions for financing public works.

(Code 1956, § 56-126)

Sec. 150-800. - Sales to United States and its agencies.

    When tangible personal property or a charge for services is billed and sold directly to, and is paid for by, the government of the United States, or any of its departments and/or agencies, the city is without power to impose the tax on such transaction. The determining factor in all cases is whether or not a sale is made and billed directly to the federal government or any of its departments and/or agencies, and is paid for directly by the federal government.

(Code 1956, § 56-127)

Sec. 150-801. - Exemption of the city and its agencies.

    The city and its agencies shall be exempt from the payment of the sales and use tax imposed by this article.

(Code 1956, § 56-128)

Sec. 150-802. - Application of use tax.

    (a)  This article imposes a tax on the use, consumption, distribution and storage for use or consumption in the city of tangible personal property purchased in such manner that the sales tax does not apply thereto.

    (b)  The use tax applies to the use of property purchased in interstate commerce or in another state or another parish of the state for the purpose of use in the city after interstate or intrastate commerce has ended. For purposes of taxation, interstate or intrastate commerce ends when purchased property reaches the consignee and comes to rest within the city. The tax does not attach until the property has come to rest in the city.

    (c)  Generally it may be said that the use tax applies to the use of property in the city the sale of which would be subject to tax had there been a purchase within the city. The use tax does not apply upon the use of any property which has

been subjected to a sales tax in a state other than this state at a rate equal to or greater than the rate of tax imposed by this article, nor does the use tax apply upon the use of any property which is exempt from the tax imposed upon the sale at retail by this article. The two taxes, sales and use, stand as complements to each other and taken together provide a uniform tax upon either the sale at retail or use of all tangible personal property irrespective of where it may have been purchased.

(d) The use tax is based on the cost price of the tangible personal property. The cost price means the actual cost of the property including transportation costs incurred in transporting the property to the place where it is to be used. No deduction is allowed for materials used, labor, service, cost, transportation charges or any other expenses whatsoever.

(Code 1956, § 56-129)

Sec. 150-803. - Engaging in business in the city.

A dealer subject to registration and monthly remittances of taxes collected is any person conducting a business in the city in any of the following methods of transacting business: Maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house or other place of business or having an agent, salesman or solicitor operating within the city under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman or solicitor is located in the city permanently or temporarily or whether such seller or subsidiary is qualified to do business in the city.

(Code 1956, § 56-130)

Sec. 150-804. - Certificate of registration.

(a) *Required.* Every person who is responsible for collecting and accounting for the tax or who shall engage in any business for which tax is imposed under this article shall apply for and obtain a certificate of registration from the director. This requirement does not apply to persons whose entire gross proceeds of sales are expressly exempt under this article.

(b) *Display of certificate.* The dealer shall cause the certificate of registration to be posted in a conspicuous place in the place of business for which it is issued.

(c) *Change of ownership.* A certificate of registration is personal and nontransferable. The old certificate must be cancelled and a new one secured when there is a change of ownership of a business. No change of ownership occurs upon the transfer of assets to an assignee for the benefit of creditors or upon the appointment of a receiver or trustee in bankruptcy.

(d) *Change in location.* Whenever the place of business for which a certificate of registration has been issued is changed, the taxpayer shall return the existing certificate to the director for cancellation. A new certificate will be issued for the new place of business.

(e) *Replacement.* If any original certificate of registration is destroyed or defaced as a result of accident or of natural wear and tear a duplicate certificate will be issued to the dealer upon request.

(Code 1956, § 56-131)

Sec. 150-805. - Resale certificates.

(a) The director will consider all sales to be retail sales unless the seller takes from the buyer a resale certificate, signed by and bearing the name, address and registration number of the buyer, to the effect that the property was purchased for resale or to be used as an ingredient or a component part of a new article for sale at retail.

Wholesalers may recognize the claim of a buyer that the articles are purchased for resale only when the buyer is properly registered under the provisions of this article, where the buyer is located in the city or under the provisions of the state sales tax law, where the buyer is located elsewhere within the state.

(b)  The seller shall be responsible for the collection of the tax on all sales made to persons who have not secured the proper registration certificate, except in cases of fertilizer and containers sold directly to farmers. Resale certificates claiming that goods are purchased for resale must state the registration number assigned to the buyer when such buyer is a retail merchant. In case the buyer is a wholesale merchant the resale certificate shall state the wholesaler's occupational license number for the current year.

(c)  Because a person is registered under the law does not mean that all of his purchases will be made for the purpose of resale. As an example: A person engaged in selling automobile tires and accessories would not be permitted to buy a diamond ring for resale. The burden of proving that a sale is in fact for resale shall be upon the person who makes the sale. Claims of purchasers must appear reasonable, consideration being given to the nature of their business.

(d)  Dealers shall keep all resale certificates given to them by customers for examination by the director. Any dealer who fails to secure a properly executed and signed certificate will be held liable for and pay the tax himself. Resale certificates may be obtained from the bureau of revenue, department of finance.

(Code 1956, § 56-132)

Sec. 150-806. - Sales price.

The sales price is the total amount for which tangible personal property is sold, including any services, except services for financing which shall not exceed the legal interest rate and a service charge not to exceed six percent of the amount financed, that are a part of the sale, valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing and losses. But cash discounts allowed and taken on sales shall not be included nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

(Code 1956, § 56-133)

Sec. 150-807. - Cash discounts.

(a)  The selling price of an article of tangible personal property does not include the amount of bona fide cash discounts actually taken by the buyer and the amount of such discounts may be deducted from taxable sales if such discount has been previously included in taxable sales.

(b)  Illustration. "A" sells a radio to "C" for $100.00, subject to a discount of two percent, ten days. "A" credits his taxable sales with $100.00. On the ninth day "C" sends "A" his check for $98.00, plus tax. In computing tax collected and due "A" may deduct from taxable sales the $2.00 discount taken.

(Code 1956, § 56-134)

Sec. 150-808. - Transportation charges.

(a)  Whether or not freight, delivery or transportation charges may be deducted by the seller from the selling price of tangible personal property sold for use or consumption, in computing his liability for sales tax under this article, does not depend upon the separate billing thereof, but depends upon whether or not the services rendered by the railway company or other transporting agency are rendered to such seller or to the purchaser.

(b)  If the seller contracts to deliver tangible personal property to some designated place or is obligated under the contract to pay transportation charges to some designated place, the transportation services are rendered to the

seller and the selling price of the tangible personal property so transported must include the amount of the transportation charges. In this event such charges are not deductible by the seller in computing his tax liability under this article. On the other hand if the seller contracts to sell tangible personal property f.o.b. origin, the title to the property passing at such point to the buyer and the buyer paying the transportation charges, then the transportation services are rendered to the buyer and are not a part of the selling price of the vendor. Therefore, such transportation charges should not be included by the vendor in computing his tax liability under this article. These principles will apply irrespective of whether such charges are separately billed by the seller from the tangible personal property sold.

(c)   For example, where an automobile dealer sells an automobile from his stock and title thereto passes to the purchaser for use or consumption at the place of business of such dealer, the dealer is not permitted to deduct freight charges incurred in bringing the automobile from the factory to his place of business notwithstanding that the automobile may be sold and billed to the consumer on a basis of factory list price plus freight and other charges. Likewise, a person engaged in the business of selling lumber for use or consumption may not, in computing his tax, deduct from the selling price of the lumber freight or delivery charges accruing on account of the transportation of the lumber from the forest to his yard or warehouse or from his yard or warehouse to the consumer, if under the contract of sale he is obligated to deliver the lumber to the residence or place of business of the consumer. This is true notwithstanding that such items may be separately set up in his billings to the consumer.

(d)   In all cases the determining factor is the place where title to tangible personal property passes to the user or consumer and any freight, delivery or other transportation charges incurred and paid by the seller for the purpose of transporting such property to such place are a part of the selling price of such property.

(e)   When property is sold on terms whereunder the seller agrees to deliver such property to a certain place, but the purchaser pays the freight in the first instance and deducts it from the seller's invoice price of the goods in making remittance to the seller for the goods, the transportation charges are deemed to be a part of the selling price of the tangible personal property and the seller will be liable for tax with respect to the amount thereof.

(f)   This section applies only to the sales tax and not to the use tax.

(Code 1956, § 56-135)

Sec. 150-809. - Carrying, finance and service charges.

Finance charges, carrying charges, service charges or interest from credit extended on sales of tangible personal property under installment sale contracts or other installment contracts providing for deferred payments of the purchase price are not considered a part of the selling price of such property, if the service for financing does not exceed the legal interest rate and the service charge does not exceed six percent of the amount financed.

(Code 1956, § 56-136)

Sec. 150-810. - Federal excise taxes.

(a)   Most federal excise taxes are levied on the producer or manufacturer and are not required by law to be passed on to the consumer.

(b)   However, under the new Federal Retailers' Excise Tax Act, excise tax is levied on the sale of fur coats and fur-trimmed coats, cosmetics and jewelry, sold at retail, to be collected by the retailer from the user or consumer and remitted by the retailer to the federal government.

(c)   The city sales tax on sales of fur coats and fur-trimmed coats, cosmetics, leather goods and jewelry should be computed on the selling price of the above items excluding the federal retailers' excise tax if the federal tax is billed to the consumer separately from the selling price of the above items.

(d) Federal excise taxes may not be deducted from the selling price of any other items of tangible personal property in computing the sales tax except as provided in this article, even though the tax is invoiced separately to the user or consumer.

(Code 1956, § 56-137)

Sec. 150-811. - Installation charges on material affixed to real property.

Retailers of tangible personal property which is to be permanently affixed to real property and thereby becomes part of realty who, in connection with their sales, contract for the installation of the articles so sold are vendors of the articles and material in the same manner as in the case of articles sold without installation. Vendors so selling and installing must make a segregation of that portion of the charge which is for tangible personal property sold and that portion of the charge which is for installation. Failure to so segregate the charges will subject the entire amount to the tax.

(Code 1956, § 56-138)

Sec. 150-812. - Containers.

(a) Items actually accompanying the product sold to the final buyer or ultimate consumer without which the delivery for the products is impracticable on account of the character of the contents and for which there is no separate charge are not subject to tax. These items include such things as cans in which canned goods, paints and other commodities are contained; medicine bottles; boxes in which jewelry, candy, suits, dresses and hats are delivered to a consumer; wrapping paper; paper bags; ice cream cartons and ice cream cones; twine; milk bottle caps; paper discs; and similar articles; also labels or name plates affixed to products manufactured and printed matter containing only directions for use when it is impracticable to affix such printed matter to the article sold.

(b) When container materials such as crating, packing cases, excelsior, bale bindings and the like are used in connection with the preparation for sale of other tangible personal property sold for resale and when these materials do not pass to the ultimate consumer together with the tangible personal property originally contained therein, the sale of such materials to a person using them for crating, packing or wrapping is deemed to be a sale at retail and the purchaser thereof is required to pay the tax upon the amount of receipts therefrom to his vendor.

(c) Whenever tangible personal property is sold in barrels, bottles, boxes, bags, kegs, drums, cartons, sacks, cans or other containers the title to which is retained by the seller of the tangible personal property contained therein and which are to be returned to the seller and are intended by the seller to provide merely a means of containing such tangible personal property while in process of being delivered or conveyed to the purchaser for use or consumption, then a person so using such containers in the conduct of his business is a purchaser for use or consumption and the sale to him is a sale at retail and he is required to pay the tax upon the amount of receipts therefrom to his vendor.

(d) Paper napkins, drinking straws, paper cups, paper, wood or plastic spoons and forks, when sold to restaurants, soda fountains and drive-ins which are registered with the department of finance for sales tax purposes and where these articles are served in connection with the sale of food and drink, are considered to be sales for resale and therefore exempt from tax.

(e) Sales of boxes, wrapping paper, twine, tape and similar articles to persons engaged in rendering services who use such material in connection with the services rendered and who are required to collect the tax upon the receipts from such services, are sales for resale. To illustrate: Sales of wrapping paper and twine to a dry cleaner or laundry should be made under a resale certificate since such packaging material passes to the consumer along with the taxable service.

(Code 1956, § 56-139)

Sec. 150-813. - Labels, tags and name plates.

(a)  Sales of labels, tags or name plates to a manufacturer who affixes them to products manufactured by him constitute sa resale, if such labels, tags or name plates become affixed to or are an integral and necessary part of the product sold. S the case when labels are required by law in the sale of certain drugs and chemicals or when metal name plates of manufacturers are permanently attached to each unit of product sold, which is the case with automobiles, stoves and t

(b)  But when labels and tags do not become an integral and usually inseparable part of the product sold, the manufacturer or other person affixing them is deemed to be the purchaser for use or consumption thereof. Coming within the latter category are such articles as price and shipping tags.

(Code 1956, § 56-140)

## Sec. 150-814. - Premiums and other gifts.

Gross proceeds from the sale of goods to be given away as premiums or otherwise are taxable. The tax shall be paid to the dealer by the purchaser of such goods.

(Code 1956, § 56-141)

## Sec. 150-815. - Adjustments, replacements and exchanges.

When any taxable articles are returned to the vendor for adjustment, replacement or exchange under a guarantee as to its quality of service and a new article is given pursuant to guarantee, free or at a reduced price, the tax shall be computed on the actual amount, if any, to be paid to the vendor on the new article.

(Code 1956, § 56-142)

## Sec. 150-816. - Returned merchandise.

(a)  If articles of tangible personal property are voluntarily returned to the seller by the consumer or user, before such articles have been used but after the tax imposed by this article has been collected or charged to the account of the purchaser and paid to the director, the seller may deduct the sales price of such article from the gross proceeds shown on his report for the current month.

(b)  The records of the taxpayer must clearly reflect and support his claim for all such deductions for merchandise returned for credit or refund and must especially show that the article returned has not been used and is in condition to be resold at the price originally charged.

(c)  Articles of tangible personal property that are used for a while and then repossessed by the seller cannot be classified as returned goods subject to deduction from the gross proceeds or gross receipts.

(Code 1956, § 56-143)

## Sec. 150-817. - Repossessions.

Dealers who repossess articles of tangible personal property shall not deduct from their gross proceeds of sales the unpaid amounts on repossessed merchandise nor any other deduction with respect to such repossessions. When the repossessed article is later sold, such sale is subject to the sales tax.

(Code 1956, § 56-144)

## Sec. 150-818. - Trade-ins.

When an article which had been traded-in and allowed as a reduction in the sale price of a prior sale, is sold, the traded-in article is subject to the city sales tax at the time of such sale.

(Code 1956, § 56-145)

Sec. 150-819. - Credit and installment sales.

(a) Persons making credit sales or installment sales must report the total selling price of any such sales and pay the sales tax thereon in the monthly tax period in which the contract of sales are entered into.

(b) The foregoing is true irrespective of the fact that such sellers arrange to receive payment of the tax on installments or that a contract may be discounted, pledged with or sold to a finance company.

(c) No deductions for credit losses in case of repossession are allowed under this article.

(Code 1956, § 56-146)

Sec. 150-820. - Lay-away and will-call sales.

A sale whose delivery is conditional on payment of the amount due is not completed until the amount due is received by the seller and, therefore, not taxable until the sale is completed.

(Code 1956, § 56-147)

Sec. 150-821. - Full amount of tax collected to be reported.

Every dealer is required to make returns to the director of the full amount of the tax collected from his purchasers regardless of the percentage relationship of such amount to his total receipts.

(Code 1956, § 56-148)

Sec. 150-822. - Auctioneers, agents, factors, etc.

Every factor, auctioneer or agent acting for either a known or an unknown or undisclosed principal, entrusted with any bill of lading, custom-house permit or warehouseman's receipt for delivery of tangible personal property or entrusted with possession of any such personal property for the purpose of sale, shall be deemed the owner thereof for the purpose of sale and, upon the sale at retail of such property, such factor, auctioneer or agent shall be required to collect the sales tax thereon and remit it to the city. The same rule applies to lienholders, such as storage men, pawnbrokers and artisans.

(Code 1956, § 56-149)

Sec. 150-823. - Sales by trustees, receivers, executors and administrators.

(a) Where trustees, receivers, executors and administrators, by virtue of their appointment continue to operate, manage or control a business engaged in selling tangible personal property at retail or selling services, they must pay the tax as to their gross receipts from sales and are deemed to be persons engaged in the business of selling tangible personal property or services.

(b) Where trustees, receivers, executors and administrators are complying with an order of court to liquidate the bankrupt's business, it is immaterial if the trustee, receiver, executor or administrator has previously operated the business as a going concern, or if he made a number of retail sales in liquidation; his liquidation sales are exempt from city sales taxes.

(c) Trustees, receivers, executors and administrators operating a business in conformity with subsection (a) of this section must register the business with the department of finance for sales tax purposes and must show on registration application the name of the trustee, receiver, executor or administrator operating the business pursuant to appointment by the court.

(Code 1956, § 56-150)

Sec. 150-824. - Sales to employees.

When an employer sells tangible personal property to employees for use or consumption, receipts from such sales must be included in his gross taxable sales and the tax on each such sale should be collected from the employee. It is immaterial that such employer makes sales at retail only to his employees and not to the general public.

(Code 1956, § 56-151)

Sec. 150-825. - Isolated or occasional sales.

(a) The tax levied under this article applies to isolated or occasional sales of vehicles, but does not apply to isolated or occasional sales by persons who are not engaged in the business of selling other articles of tangible personal property. However, this exception does not apply to sales made by those persons who hold themselves out as engaged in a retail business, notwithstanding the fact that the sales may be few and infrequent.

(b) For example, the tax is levied when a person sells his own automobile or other vehicle. The tax is not levied when a merchant sells his store fixtures or when a farmer sells his farm machinery or other farm equipment, such persons are not engaged in the business of selling such tangible personal property at retail; they are making isolated or occasional sales with respect to such property.

(c) Manufacturers, processors, wholesalers or jobbers engaged in distributing tangible personal property who sell primarily other than at retail are not deemed to be making isolated or occasional sales when they sell such tangible personal property to purchasers for use or consumption, notwithstanding that sales at retail may comprise a small fraction of their total business.

(Code 1956, § 56-152)

Sec. 150-826. - Lease or rental of tangible personal property.

(a) The gross receipts or gross proceeds derived from the lease or rental of all kinds and types of tangible personal property are subject to the tax levied under this article, except that property leased or rented for use outside the city by a lessee or rentee for industrial or commercial purposes for the conduct of his business. The tax shall be computed on the gross receipts or gross proceeds without any deduction whatsoever for expenses incident to the conduct of business.

(b) For example, the gross receipts or gross proceeds derived from the lease or rental of accounting machines, office equipment, automobiles, tires, accessories, oil field machinery and equipment of all kinds, as well as all other articles of tangible personal property, are within the provisions of this article.

(c) The term of the contract under which such tangible personal property is leased or rented shall be the basis for computing the tax. The tax is to be computed on a billing basis, either on the lump sum at the time of execution or on a monthly or periodical basis as provided in the contract.

(d) If the owner of the property, for example, is one who is engaged in leasing boats, maintains continuous supervision of the boat and furnishes an operator and crew, together with the gasoline or other fuel that may be used, the owner in this case is rendering a service of a type which is not subject to tax. On the other hand, if the owner does not furnish the crew or operator, but merely rents the bare boat for a stated consideration and the lessee operates it himself, the sales tax would apply as the lessee has the possession or use of the boat. The same principles apply in the case of automobiles, trucks, cranes and other equipment.

(e) Tangible personal property purchased to be used by the purchaser as stock to be rented and not sold is subject to

the sales tax and the vendor is required to collect and remit the tax on all such sales. If the tangible personal property is purchased out of the city, the purchaser is required to remit a use tax.

(f) If a lessor has an office or place of business or agents or representatives in the city, he must collect and remit the tax on all articles leased by him, as provided in this article; otherwise the lessee is obligated to pay the lease or rental tax directly to the director.

(Code 1956, § 56-153)

Sec. 150-827. - Sublease of tangible personal property.

Dealers engaged in the business of renting or leasing tangible personal property to another dealer who is renting such property for rerental or subleasing, the tax imposed by this article is incurred by the renter or lessor and a second liability for lease or rental tax is incurred by the subrenter or sublessor.

(Code 1956, § 56-153.1)

Sec. 150-828. - Tangible personal property made to order.

When persons, such as dry goods merchants or tailors, contract to fabricate articles of tangible personal property such as portieres, curtains, tents, awnings, clothing, auto tops and the like from materials in stock, which have been selected by customers, the total proceeds from the sale of such articles must be included in the gross receipts and the sales tax computed thereon. Such retailers may not deduct labor or service charges of fabrication or production, notwithstanding that such charges may be separately billed to customers apart from charges for materials.

(Code 1956, § 56-154)

Sec. 150-829. - Equipment and supplies for a business.

(a) Sales of machinery, tools, belts and other equipment to a manufacturer, producer or contractor; or furniture, fixtures, supplies, stationery, equipment, appliances, instruments and tools to stores, shops, business establishments, offices and professional activities are taxable. Such sales are to final buyers and ultimate consumers and are not sales for resale. To illustrate:

(1) Sales to a millwright of shafting, pulleys, belts, saws, lathes, chisels, tools and similar articles are taxable. These articles are not purchased for resale and the seller is subject to tax on his receipts.

(2) Sales of concrete mixers, trucks, steam shovels and other machinery, equipment and tools to a contractor are sales at retail. The contractor consumes these articles in his business and is the final buyer. Therefore the sale is taxable.

(b) This section applies to all manner of office machinery, fixtures, equipment and supplies, including furniture, cash registers, typewriters, stationery, pencils, pens, ink, account books, calculating machines, dictaphones and other similar articles.

(Code 1956, § 56-155)

Sec. 150-830. - Property purchased for rental purposes.

(a) Persons purchasing equipment for rental purposes should pay sales or use tax on the purchase price of such equipment regardless of the fact that under some types of rental agreements the federal government or any other lessee may later acquire ownership of the equipment. The lessor of the equipment is considered to be the user or consumer and should pay the sales or use tax on the purchase price of the equipment at the time of purchase.

(b) A vendor registered with the city or one not registered and located outside the city, who is engaged in selling or renting similar equipment is liable for either sales tax or use tax based on the cost price of such equipment rented or leased for use in the city. If the contract of rental contains an option for subsequent purchase and is accepted customer, the gross receipts on which sales tax would be computed is the combination of the rental fees received by th retailer plus the balance due on the original selling price.

(c) When equipment has been rented or leased and sales or use tax has been accounted for, the sales tax will also apply on the total selling price when subsequently sold providing the sale has no connection with an earlier rental agreement.

(Code 1956, § 56-156)

Sec. 150-831. - Sales to manufacturers and producers.

The gross receipts or gross proceeds derived from sales of raw materials to manufacturers and producers to be used in fabricating or producing finished articles of tangible personal property for resale, which become a recognizable, integral part of such finished articles, are not subject to the tax imposed under this article. The proceeds derived from subsequent sales of such finished articles of tangible personal property to consumers or users, are subject to the tax. (See section 150-857 as to contractor manufacturers.)

(Code 1956, § 56-157)

Sec. 150-832. - Leased departments.

When a store has leased certain of its departments to other persons for the selling of tangible personal property to consumers, each such leased department shall make separate monthly returns if the lessee keeps his own books and makes his own collections on account of sales at retail. If the store leasing such departments keeps the books for the leased departments and makes collections on account of their sales, the store shall, as agent for the lessee, include in its city returns the taxes due by the leased department. But the lessee shall not be relieved of the liability under this article in case the store fails to make the proper returns or fails to pay taxes due.

(Code 1956, § 56-158)

Sec. 150-833. - Wholesale sales.

(a) The factor which determines whether a sale is a wholesale sale or not is the purpose for which the sale is made. The price of the article or the quantity sold are not factors which determine a sale to be a wholesale sale.

(b) The following wholesale sales are not subject to the tax:

(1) Sales of tangible personal property by wholesalers to retailers, jobbers, dealers or other wholesalers for resale; and

(2) Sales of tangible personal property or products to a manufacturer or compounder which enter into and become parts of tangible personal property for resale, because they are sales for further processing and therefore not taxable.

(Code 1956, § 56-159)

Secs. 150-834—150-850. - Reserved.

Subdivision II. - Rules Affecting Particular Businesses

Sec. 150-851. - Amusement, etc., places.

The sale of admissions to places of amusement and to athletic, entertainment or recreational events and the furnishing, for dues, fees or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities, constitute sales of services. Therefore, the sales tax is due on all such admission charges, dues, fees or other consideration.

(Code 1956, § 56-160)

Sec. 150-852. - Art objects are subject to tax.

Sales of objects of art are sales of tangible personal property and purchasers thereof are obliged to pay the tax levied by this article.

(Code 1956, § 56-161)

Sec. 150-853. - Automobile dealer's demonstrator.

New automobiles withdrawn from stock by factory authorized new automobile dealers, with the approval of the director, (or, by the collector of revenue of the state, as the case may be) and titled in the dealer's name for use as demonstrators, are exempt from the city one percent sales and/or use tax; provided however, when such vehicle is sold, the city sales tax shall be collected.

(Code 1956, § 56-163)

Sec. 150-854. - Automobile refinishers and painters.

Automobile refinishers, automobile painters and automobile repair shops are engaged in the furnishing of repairs to tangible personal property. The entire amount charged for such services, including any charge for materials and parts used, is subject to the tax. Materials and parts purchased by the operators of such businesses which will become a part of the automobiles refinished or painted should be purchased under resale certificates.

(Code 1956, § 56-164)

Sec. 150-855. - Barbers and beauty shop operators.

Barber and beauty shop operators render personal services which are not taxable. They are consumers of the various items which are used or consumed in the rendition of their services. As such consumers they shall pay the tax on all sales of merchandise to them for use in connection with their business.

(Code 1956, § 56-165)

Sec. 150-856. - Building materials, sales to owners.

Sales of materials and supplies to owners of real property to be used by them in erecting, altering, improving or repairing buildings or other improvements are sales to final buyers and are not sales for resale and are, therefore, taxable. In such cases, the purchaser of such materials pays the tax to the vendor who in turn remits the tax as provided in this article.

(Code 1956, § 56-166)

Sec. 150-857. - Contractor-dealers.

(a) Contractors and subcontractors engaged in the business of erecting, building or otherwise improving, altering or repair property for others may also be engaged in the retail business of selling materials and supplies to other contractors, consumers or users. If, at the time of purchase, the contractor is unable to segregate that portion of the materials and s he will sell at retail from that portion which he will use or consume in the fulfillment of his contracts, he should give a re certificate to the seller of the materials and supplies. The contractor or subcontractor purchasing on a resale certificate include in his gross sales, upon which the tax is to be computed, all proceeds from retail sales. In addition, he shall repo pay the tax on all materials he uses in the performance of his contracts, based on the cost price of such materials and supplies.

(b) When the contract with the customer is expressed in terms of a sale of certain materials at a stipulated price, plus a charge for installation, the contract shall be considered a retail sale subject to the sales tax to the extent of the stipulated price of the materials.

(c) When the contract is expressed in terms of a sale of certain materials, coupled with an obligation to install them, for a lump sum charge, the entire charge shall be considered the selling price and shall be subject to the sales tax. (See section 150-811.)

(d) Those contractors whose operations are covered by this section must register as retail dealers and they will be required to furnish their registration number in signing a resale certificate.

(Code 1956, § 56-167)

Sec. 150-858. - Contractor-manufacturers.

(a) Contractors and subcontractors who manufacture and install a manufactured product under contracts pertaining to the erection, improvement, alteration or repair of real or personal property of others are dealers in the manufactured products so installed and shall collect from their customers the sales tax due with respect to the sales of tangible personal property under such contracts. In instances where the contract or the invoice shows the cost of installation separate from the price of the manufactured product sold, the tax applies only on the selling price of the manufactured product, except when the installation charge would also be taxable as a charge for repairs to tangible personal property. However, when no segregation has been made of installation labor from the price of the manufactured product sold the tax applies on the entire amount of the contract price.

(b) The provisions of section 150-857 pertaining to contractor-dealers, in so far as appropriate, apply also to the contractor-manufacturers.

(Code 1956, § 56-168)

Sec. 150-859. - Contractors—Definitions.

The following words, terms and phrases, when used in sections 150-860 through 150-865, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Construction contract* means a contract under the terms of which a party agrees to furnish the necessary building or structural equipment and materials and install or erect them on the project site in connection with the construction, alteration or repair of a building or other structure or improvement on land, but does not include the furnishing and installation of machinery and equipment used within the structure for manufacturing or processing operations or other purposes which is not directly intended as an addition to, or essential to, the building structure.

*Construction subcontractor* means a person who contracts to furnish the necessary materials and labor for the completion of a portion of the general construction contract for erection or installation on the job site. The construction subcontractor ordinarily contracts with the general contractor to perform a certain part of the work which the general contractor has undertaken under the general construction contract, but sublets.

*General construction contractor* means a person who contracts to furnish the necessary materials and labor for the performance of a construction contract and generally is one who contracts to build the entire project or a major portion thereof. The person with whom the general construction contractor contracts is ordinarily the owner of the land and structure thereon.

*Materials supplier* means a person who sells tangible property in the form of building or structural material to a construction contractor, when such person makes no erection or installation of the material at the job site, and is not to be regarded as a subcontractor. Such a person is a material supplier or a retailer selling tangible personal property.

(Code 1956, §§ 56-169—56-172)

Sec. 150-860. - Same—Lump sum and cost plus.

(a) Sales of materials and supplies to owners of real property to be used by them in erecting, altering, improving or repairing buildings or other improvements are sales to final buyers and are not sales for resale and are therefore taxable. In such cases the purchaser of such materials pays the tax to the vendor who, in turn, remits the tax as provided in this article.

(b) Contractors engaged in constructing or improving real property, whether on a lump sum or a cost-plus basis, are deemed to be purchasers and consumers of the materials used by them. Vendors of such materials are required to collect the sales tax thereon and to remit it to the bureau of revenue.

(Code 1956, § 56-173)

Sec. 150-861. - Same—Outside purchases by.

A contractor or subcontractor who purchases tangible personal property outside the city and brings it into the city for his use in the performance of contracts must file a use tax report and pay the use tax on or before the 20th day of the month following the calendar month in which such tangible personal property was purchased.

(Code 1956, § 56-174)

Sec. 150-862. - Same—Projects financed, in whole or part, by the federal government.

(a) When materials, supplies, equipment or other items of tangible personal property are sold and invoiced by the seller to a contractor on a cost-plus, cost-plus-fixed-fee or lump-sum contract with the federal government, wherein the contractor will be reimbursed by the federal government the cost of the materials, supplies, equipment or other items of tangible personal property, such sales are taxable to the contractor and the seller is required to collect and remit taxes due.

(b) It is immaterial that part or all the funds by which payment is made by the contractor may have been advanced, granted or loaned to the contractor for financing by the federal government.

(Code 1956, § 56-175)

Sec. 150-863. - Same—Procedure and liability of general construction contractor and construction subcontractor.

(a) Within 30 days of the execution of a construction contract, a general construction contractor shall submit to the bureau of revenue a list of all construction subcontractors directly engaged by the general construction contractor for such particular construction contract. The list shall include the construction subcontractor's city sales and use tax registration number (if any), together with the construction subcontractor's physical address and telephone number. Should a construction subcontractor be engaged by the general construction contractor with respect to such

construction contract subsequent to the submission of such list to the bureau of revenue, such general construction contractor shall, within 30 days from the execution of the contract engaging such construction subcontractor, submit the above information regarding the additional construction subcontractor to the bureau of revenue.

(b) After review of the list(s) referred to in section 150-863(a), if the bureau of revenue determines that a construction subcontractor is not registered with the bureau of revenue, or has failed to timely file one or more city sales and use tax returns, the general construction contractor shall, upon written notification and request by the bureau of revenue via certified mail, withhold an amount not to exceed five percent of the construction subcontractor's materials portion of the construction contract. Such written notification and request by the bureau of revenue shall identify the construction subcontractor and the amount requested to be withheld. The bureau of revenue shall also notify the construction subcontractor via certified mail that the construction subcontractor has 90 days from the receipt of such notification to obtain a written release from the bureau of revenue and to present such release to the general construction contractor, which shall authorize the general construction contractor to release the withheld funds. If the construction subcontractor fails to obtain the release within the 90-day period, the general construction contractor shall, upon request by the bureau of revenue, remit the amounts withheld from such construction subcontractor to the bureau of revenue. Upon proof by the construction subcontractor that the bureau of revenue erroneously instructed the general construction contractor to withhold and remit said amounts, within 30 days after such proof has been made, the bureau of revenue shall cause a refund to be made, as provided by law, to such construction subcontractor for any amounts which were erroneously withheld and remitted to the bureau of revenue pursuant to this section 150-863(b).

(c) Within 30 days after receipt of the required lists from the general construction contractor, the bureau shall issue to the general construction contractor appropriate documentation evidencing that the general construction contractor has complied with all requirements of section 150-863 with respect to each such construction contract. Subject to section 150-863(d), such documentation shall release the general construction contractor from liability for any sales or use tax incurred by the construction subcontractors in connection with the construction contract to which such documentation relates.

(d) If the general construction contractor has omitted one or more construction subcontractors from the list(s) submitted to the bureau of revenue, or the general construction contractor has failed to withhold any amounts due a construction subcontractor after receipt of notification and request by the bureau of revenue as provided in section 150-863(b), then the bureau of revenue may proceed directly against the general construction contractor for any unpaid city sales or use taxes incurred in connection with the construction contract by that omitted construction subcontractor, or by that construction subcontractor to whom payments were made by the general construction contractor after receipt of notification and request by the bureau of revenue.

Any general construction contractor who fails to substantially comply with the provisions of section 150-863 of the Code of the City of New Orleans shall be liable for all sales and use taxes of its subconstruction contractors to the extent of the noncompliance.

(Code 1956, § 56-176; M.C.S., Ord. No. 17,965, § 1, 1-9-97)

Sec. 150-864. - Same—Release subject to audit.

A release to a general construction contractor does not operate as a final release of the subcontractor or material supplier as all tax accounts are released subject to an audit at a future date.

(Code 1956, § 56-177)

Sec. 150-865. - Same—Money due a subcontractor or supplier is a right to property.

Money due a subcontractor or material supplier in a construction contract is a right to personal property on which a lien attaches for any sales or use tax owing to the city.

(Code 1956, § 56-178)

Sec. 150-866. - Cold storage.

(a) Charges for the service of furnishing cold storage space and for the service of preparing tangible personal property for cold storage, when such service is incidental to the operation of cold storage facilities, are subject to the sales tax. The tax does not apply when the relationship between the cold storage operator and the other party is that of bailment, so that no particular space or quantum of space is placed at the disposal of the other party.

(b) Cold storage space includes any enclosed space in which the temperature is regulated or controlled through the use of machinery or chemicals capable of reducing the temperature of such space below that of the outside atmosphere.

(Code 1956, § 56-179)

Sec. 150-867. - Dental laboratories.

Dental laboratories are retail dealers and sales of tangible personal property made by them to consumers are taxable. The laboratories shall collect the sales tax on their sales and remit it to the bureau of revenue and in the same manner as other dealers.

(Code 1956, § 56-180)

Sec. 150-868. - Dentists.

A dentist is a consumer of the tangible personal property which he uses in the practice of his profession. Although he renders a service, receipts from the sale of tangible personal property to the dentist must be reported by the seller. This is true of all kinds of tangible personal property which the dentist purchases for professional purposes. It includes his dental chairs, motors, instruments, X-ray machines, drilling machines, office furniture and equipment as well as platinum, gold and silver, cement and other materials used in making fillings, inlays, bridgework and false teeth. It also includes fabricated articles used by the dentist, when manufactured for him by a dental laboratory. If a dental laboratory manufactures articles of tangible personal property for a dentist, the total receipts from the manufacture thereof are taxable without any deduction therefrom on account of the material used, labor or other cost. All articles of tangible personal property that a dental supply house sells to a dentist are taxable. If a dentist manufactures his own plates, false teeth, inlays or similar articles he is a consumer of the materials used in such manufacture. He does not sell them to his patients. Therefore, the sale of the materials to the dentist is a taxable sale.

(Code 1956, § 56-181)

Sec. 150-869. - Farm equipment, tools, supplies, etc.

(a) All farm equipment, machinery, farm tools or any other article of tangible personal property purchased for use or consumption on a farm in the parish are subject to the tax imposed by this article, except fertilizer and containers sold directly to the farmer.

(b) The word "fertilizer" is defined to be what is commonly known by the trade as commercial fertilizer and means a substance which increases the plant food content and as a result becomes a part of the products grown. The word does not include vetches, peas or clover, commonly known as cover crops or other substances used as soil

correctives or restoratives, sulphur, land plaster, gypsum, horticultural peat moss, insecticides, fungicides, germicides or other substances which do not become an ingredient or component part of the products grown.

(Code 1956, § 56-182)

Sec. 150-870. - Finance companies.

(a) Finance companies are engaged primarily in the business of financing or acquiring the promissory notes given by purchasers of automobiles, furniture, refrigerators or other items of tangible personal property. For the repayment of such notes they sometimes take as security chattel mortgages upon such tangible personal property. When the purchaser of an automobile or other tangible personal property fails to meet his obligation, the finance company repossesses the property and sells it to satisfy the obligation evidenced by the notes.

(b) When finance companies hold and acquire title to such tangible personal property and engage in the business of selling to users and consumers such property, the sales thereof are within the provisions of the sales tax and the tax must be reported thereon.

(Code 1956, § 56-183)

Sec. 150-871. - Florists.

(a) Florists are engaged in the business of selling tangible personal property at retail and are liable for payment of the sales tax measured by receipts from sales of flowers, wreaths, bouquets, potted plants and other such items of tangible personal property.

(b) When florists conduct transactions through a florists' telegraphic delivery association the following rules shall apply in the computation of tax liability:

(1) On all orders taken by a city florist and telegraphed to a second florist in the state for delivery in the state, the sending florist will be held liable for the tax;

(2) When a city florist receives an order pursuant to which he gives telegraphic instructions to a second florist located outside the state for delivery of flowers to a point outside of the state, the tax will likewise be owing with respect to the total receipts of the sending florist from the customer who places the order; and,

(3) When a city florist receives telegraphic instructions from other florists located either within or outside of the state for the delivery of flowers, the receiving florist will not be held liable for tax with respect to any receipts which he may realize from the transaction.

(c) When a nursery man or florist sells shrubbery, young trees or similar items and as part of the transaction transplants them to the land of the purchaser for a lump sum or a flat rate, the vendor so selling and installing must make a segregation of that portion of the charge which is for tangible personal property sold and that portion of the charge which is for installation. Failure to segregate the charge will subject the entire amount of the transaction to the tax.

(Code 1956, § 56-184)

Sec. 150-872. - Fuel sold to consumers or users.

Sales of coal, coke, fuel oil and other combustibles, whether sold in carload lots or other quantities, to persons who use or consume such substances in producing other tangible personal property or in the rendering of service constitute sales at retail within the meaning of the sales tax. Such coal, coke, fuel oil or other combustibles do not physically enter into or become a constituent, component or integral part of any tangible personal property for resale with respect to such transactions and hence are sold for use or consumption. The sellers therefore must collect and report the tax on such sales.

(Code 1956, § 56-185)

Sec. 150-873. - Hospitals and sanitariums.

Hospitals and sanitariums are primarily engaged in the business of selling services and for the purpose of the sales tax they are declared to be consumers or users of all tangible personal property purchased for use or consumption in connection with the operation of the institution and the sellers of tangible personal property to such institutions must collect from them the tax levied by this article. If a hospital or sanitarium operates any divisions that sell tangible personal property in competition with other businesses, such as a prescription department, cafeteria, coffee shop, cold drink stand, medicines and other supplies of any nature which are classified as tangible personal property, then the hospital or sanitarium becomes liable for the tax upon the gross receipts or gross proceeds derived from such sales and must file regular monthly sales tax returns.

(Code 1956, § 56-186)

Sec. 150-874. - Hotels.

    (a)  The service of furnishing rooms by hotels is subject to tax.

    (b)  For the purposes of this section, the term "hotel" means and includes any establishment or person engaged in the business of furnishing sleeping rooms, cottages, or cabins to transient guests, where such establishment consist of sleeping rooms, cottages, or cabins at any of the following: (1) a single business location; (2) a residential location, including but not limited to a house, apartment, condominium, camp, cabin, or other building structure used as a residence.

    (c)  The question of whether the guests of a particular establishment are transient guests must be determined on the basis of the facts in each case. A guest who pays for a room by the month and who resides in the establishment for a long period of time would not ordinarily be classified as a transient guest. On the other hand, one who pays for a room by the day or by the week would ordinarily fall within the classification of a transient guest.

    (d)  When an establishment consists of two distinct types of accommodations: sleeping rooms; and apartments with facilities for cooking and eating; the apartments are not included in determining the liability for tax. For example, if there are eight sleeping rooms furnished to transient guests, six sleeping rooms to permanent guests and ten apartments to permanent guests, the sleeping rooms constitute a hotel since more than half of the rooms are furnished to transient guests. The apartments are completely disregarded for the purpose of classifying the remaining rooms and are not subject to the tax.

(Code 1956, § 56-187; M.C.S., Ord. No. 26972, § 1, 7-14-16)

Sec. 150-875. - Ice.

Sales of ice by manufacturers and wholesalers to retail dealers who are actually engaged in the retail business of selling ice to users or consumers and have an established place of business are sales for resale and, therefore, such dealers may purchase ice on a resale certificate. This does not include truckers, haulers and docks, who are considered consumers. All other sales of ice are considered to be sales to consumers or users and are, therefore, subject to the tax. Ice which is used in the manufacture of commodities, such as ice cream and similar articles, and ice used in drinks or for cooling is considered to be consumed thereby, and such sales are taxable.

(Code 1956, § 56-188)

Sec. 150-876. - Laundry and dry-cleaning services.

Laundry and dry-cleaning establishments, so-called self-service laundries, wash-o-mats, launderettes and other similar establishments, and so-called linen supply companies, uniform and towel supply companies, linen service companies and similar establishments render services and the gross proceeds derived from such services are subject to the sales tax. Such establishments are consumers of all materials and supplies used in rendering this service and as such, pay the tax to the seller on such materials and supplies purchased by them. However, sales to such establishments of materials such as wrapping paper, twine and hangers which will be delivered to their customers along with the articles laundered, cleaned or pressed and sales of garments, covers, wipers, towels, and linens to such establishments for furnishing to their customers under their service contracts whereby all laundering of such articles is to be done by the establishments furnishing such linens shall also be considered sales for resale and as such may be effected under an exemption certificate.

(Code 1956, § 56-189)

Sec. 150-877. - Laundries, etc., and certain repairs.

Charges for the following services are taxed:

(1) The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs.

(2) The furnishing of repairs to tangible personal property, including by way of illustration and not by limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment.

(Code 1956, § 56-190)

Sec. 150-878. - Machinists, foundrymen and pattern makers.

(a) Machinists, foundrymen and pattern makers who are engaged in fabricating and selling dies, castings, patterns, tools, lathes, drill and punch presses, machinery or other such tangible personal property to manufacturers or other persons who purchase such articles for use or consumption are engaged in the business of selling tangible personal property at retail within the meaning of the sales tax and are liable with respect to their gross proceeds from such sales.

(b) Machinists and foundrymen may not deduct from the selling price of any tangible personal property any charges for labor or service of fabrication or other costs of production in computing their tax under this article.

(c) When machinists or foundrymen fabricate and sell structural steel, castings or other such products to construction contractors not registered as dealers, such sales are not for the purpose of resale by the purchasers and the vendors are liable for tax with respect to the proceeds therefrom.

(d) Machinists and foundrymen who repair tangible personal property of others are liable for the tax on the full amount of charges for such repair services.

(Code 1956, § 56-191)

Sec. 150-879. - Meals furnished.

(a) Sales of meals by hotels, restaurants, drugstores, clubs, inns, logging companies, contractors, transportation companies and others are sales at retail and the consumers thereof are subject to the tax imposed by this article. This is true whether individual meals are sold, whether a flat charge is made or whether meals are furnished as a part of the compensation for services rendered.

(b) When employers, as, for instance, restaurant or boat owners, furnish meals to employees as a part of the

compensation for services of such employees but make no specific charge therefor, the tax shall be collected upon the fair selling price of such meals. Sales of food to such employers are sales for resale, and are not subject to the sales tax.

(c)   Boardinghouses will be considered the consumers of food articles and will pay the tax on purchases thereof.

(d)   Meals ordered from and served by railroads, pullman, steamship, airplane or other transportation companies, diners, while within the city are subject to the sales tax.

(Code 1956, § 56-192)

Sec. 150-880. - Meals sold by schools, etc.

(a)   Public school boards, high school boards, churches, religious organizations, colleges, universities or private schools operating lunch rooms, cafeterias or dining rooms for the exclusive purpose of providing their respective students only with meals are deemed not to be engaged in the business of selling tangible personal property at retail and will not be held liable for payment of the sales tax with respect to such receipts. Persons selling food products to such institutions, with the exception of state operated schools and schools operated under religious supervision (see sections 150-800 and 150-801), for use by the latter in providing meals are deemed to be making sales at retail and must pay the tax with respect to their receipts therefrom.

(b)   When any cafeteria, lunch or dining room is available for use by the public, the school, college, church, university or religious organizations operating it becomes engaged in the business of selling tangible personal property at retail and is liable for the tax.

(Code 1956, § 56-193)

Sec. 150-881. - Memorial stone and monument vendors.

Memorial stones are tangible personal property and when sold to users or consumers the sale thereof is within this article. Where the seller of a memorial stone agrees to install such stone or monument upon a foundation, a segregation must be made of materials used and labor costs. The seller may deduct such labor costs or services when computing his tax charge. Failure to make a segregation will subject the entire amount to the tax.

(Code 1956, § 56-194)

Sec. 150-882. - Motion pictures, film and equipment rentals, etc.

Persons engaged as distributors or agents for leasing, renting or selling motion picture films and equipment are liable for the tax levied by this article based on the gross proceeds derived from the leasing, renting or selling of such films and equipment. Such distributors shall collect and remit the tax in accordance with the provisions of this article.

(Code 1956, § 56-195)

Sec. 150-883. - Oculists, opticians and optometrists.

(a)   The oculist is the eye physician. His professional services are ordinarily confined to examination and treatment of the eye and charges for such services are not taxable.

(b)   The optician does not examine eyes but merely fills prescriptions supplied by the oculist or optometrist. Sales by the optician to persons who are to use the eyeglasses and to optometrists who furnish them to their patients are taxable.

(c)   Optometrists render professional services, including the examination of eyes to determine whether glasses are

necessary. If the optometrist furnishes glasses to his patients and makes a separate charge therefor the tax thereon must be collected from the patient. However, if the optometrist charges an over-all fee which includes optometric service, no tax is due on such fee. In such case the optometrist is the user or consumer of all eyeglasses and other materials employed in rendering the optometric service or furnished to the patient in connection therewith and he must pay the sales tax thereon to his vendors. Optometrists who sell sunglasses, telescopes and similar articles must collect the tax thereon.

(d)  Some optometrists also maintain their own optical laboratories in which they prepare and assemble the glasses furnished to their patients. In such cases the optometrist is the user of the completed glasses and must pay tax on the cost price of the completed glasses, which may be determined either by valuing the completed glasses on the basis of the regular price costs of a recognized optical laboratory or by computing the cost of all eyeglasses prepared and assembled by him during each calendar month, including the cost of materials, labor and other expenses. Such optometrists must register with the bureau of revenue and will be authorized to purchase their materials under an exemption certificate.

(Code 1956, § 56-196)

Sec. 150-884. - Oxygen, acetylene, hydrogen and liquefied gas (butane).

(a)  Sales of oxygen, acetylene, hydrogen and liquefied gas (butane) to manufacturers, processors, refiners, repairmen, contract welders, dentists or junk dealers or for use as fuel and illumination are sales to consumers or users and are subject to the tax imposed by this article.

(b)  The only instance when oxygen, acetylene, hydrogen and liquefied gas (butane) is not taxable is when sold to retailers for resale in its original state.

(Code 1956, § 56-197)

Sec. 150-885. - Parking lots, etc.

Charges for storage or parking privileges by auto hotels and parking lots, including the storage and parking of trailers are subject to the sales tax. Persons who regularly furnish space for the parking or storage of automobiles, trucks, trailers or other vehicles are deemed to be operators of parking lots. Trailer parks are deemed to be parking lots within the meaning of the sales tax when the vehicles parked in such lots are not permanently affixed to foundations other than their own wheels.

(Code 1956, § 56-198)

Sec. 150-886. - Peddlers of coal, ice, ice cream, etc.

Truckers, haulers and peddlers who transport or deliver coal, ice, ice cream, hot tamales, popcorn and other similar products are considered the consumers thereof. The wholesalers, manufacturers and dealers will be held liable for the tax on all sales to such truckers, haulers and peddlers and must collect and remit the tax on the sales thereof.

(Code 1956, § 56-199)

Sec. 150-887. - Pharmacists and druggists.

Pharmacists and registered prescription druggists selling drugs and medicines on prescriptions for use or consumption or selling such items in addition to other items of tangible personal property are engaged in the business of selling tangible personal property at retail and are within the provisions of the sales tax. The total gross receipts from the sale of drugs and medicines prepared and sold on prescriptions are within the sales tax. Labor or service costs of compounding drugs or medicines may not be deducted from selling prices or gross receipts in computing the tax due under the sales tax.

(Code 1956, § 56-200)

Sec. 150-888. - Photographs, photostats, blueprints, etc.

    (a)  Photofinishing involves two operations: The developing of negatives; and, the printing of finished pictures. If but one charge is made for both operations, the entire charge is taxable. If, however, a charge is made for the developing of the negatives and a separate charge is made for the printed pictures, the tax will apply only to the charge for the printed pictures.

    (b)  The tinting or coloring of photographs delivered to a photo finisher by a customer constitutes a service and the charges thereon are not taxable. Sales of materials to photographers or photo finishers to be used by them in performing such service and in the developing of negatives are taxable.

    (c)  Sales of photostatic copies by a photostat producer or of blueprints by a blueprint manufacturer to purchasers for use constitute sales at retail and are subject to the sales tax. Likewise sales of frames, Kodak films, portraits and other articles by photographers to purchasers for use are taxable.

    (d)  Sales to photographers of materials which become an ingredient or component part of the finished picture, such as mounts, frames and sensitized papers, are not taxable as these materials are purchased for resale. Sales of materials such as chemicals, plates, proof paper, trays, etc., which are used in the manufacture or fabrication of pictures and do not become an ingredient or component part thereof, are taxable.

(Code 1956, § 56-201)

Sec. 150-889. - Physicians and surgeons.

    (a)  Physicians and surgeons are the consumers of the various items of tangible personal property which they use in the rendition of their professional services and as such they shall pay the tax to the vendors who sell them their supplies and equipment.

    (b)  The sales tax does not apply to the fee for professional services rendered by physicians and surgeons. If physicians and surgeons, apart from their professional services, are engaged in selling to the public such articles as proprietary medicines, medical supplies, mouth washes, dentifrice and the like they are vendors and must collect and report the tax on such sales.

(Code 1956, § 56-202)

Sec. 150-890. - Printing industry.

    (a)  Sales by printers of advertising circulars, books, briefs, envelopes, folders, posters, racing forms, shopping guides, tickets and other printed matter to persons who do not resell such articles in the regular course of business, but who either consume them, lease them or distribute them free of charge, are subject to the sales tax. A printer may not deduct from the selling price of such tangible personal property the cost of labor, author's alterations or other service charges in performing the printing, even though such charge is stated or shown on any evidence of sale separately from the charge for stock. The cost of labor is considered a part of the cost of the articles sold in a completed state.

        (1)  When stamped envelopes or government postals are purchased and printed for customers or when stamps are provided the amount of the postage may be deducted from the total charge to the customer in determining the selling price.

        (2)  Sales of printed matter to advertising agencies who purchase for their own use or for the use of their clients, and not for resale in the regular course of business, are deemed to be sales for consumption and subject to the sales tax.

(3) Sales of tickets to theatre owners, amusement operators, transportation companies and others are sales for consum subject to the sales tax. Such tickets are not resold by the theatre owners or amusement proprietors as tangible per property, but are used merely as a receipt to the patrons for payment and as evidence of the right to admission or transportation. Sales of school annuals and similar publications by printers to school districts, private schools or stu organizations therein are subject to the sales tax.

(4) Sales by printers of books, envelopes, folders, posters, racing forms, stationery tickets and other printed matter to dealers for resale in the regular course of business are wholesale sales and are not subject to the sales tax.

(b) The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter with materials owned by others is a sale of services and charges therefore are subject to the sales tax.

(c) The rebinding of old books for others is a repair service and is subject to the sales tax.

(d) Sales to printers of equipment, supplies and materials which do not become a component part or ingredient of the finished printed matter sold are subject to the sales tax. This includes, among others, sales of stationery, engraving, furniture, lubricants, machinery, type, lead, slugs and mats.

(e) When the plate is one which can be used for a particular customer only, it becomes the customer's property. He acquires it by purchase from the printer. He does not purchase it from the manufacturer of the plate either directly or through the printer as an agent. Therefore plates of this nature are purchased by the printer for resale to his customer. Being a purchase for resale, no tax is due.

(1) When the printing job is finished, the plate is either delivered to the customer with the printing or is retained by the printer for the customer's convenience. Therefore, the printer should include in his bill to his customer the price of the plate and collect the sales tax on the total price of both the printing and the plate.

(2) When the plates used are not peculiar to one particular customer but may be used by the printer in serving other customers as well, the printer, as in the first instance, buys the plates from the manufacturer but for his own use. He does not resell these plates to any particular customer. Consequently, the printer should pay the use tax on his purchase price.

(3) In other instances business establishments buy plates from nonresident manufacturers and have their work done by nonresident printers. In these instances the plates are purchased by the business establishment for its own use and the use tax should be paid by it on the purchase price of the plates.

(f) Sales to printers of paper stock and ink which become a part of the printed matter sold are sales for resale and are not subject to the sales tax.

(Code 1956, § 56-203)

Sec. 150-891. - Printing, photostating and other similar services.

Certain phases of the printing industry are covered in section 150-890 which pertains to transactions in that industry involving sales of tangible personal property. In some instances printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter are rendered in transactions which do not involve sales of tangible personal property. In such instances the services rendered are taxable inasmuch as they fall within the definition of sales of service as set forth in this article.

(Code 1956, § 56-204)

Sec. 150-892. - Publishers of newspapers, magazines and other periodicals.

(a) Sale of newspapers are taxable only under the provisions of section 150-521(3). Magazines, periodicals, and all

publications other than newspapers are subject to the sales tax when sold to consumers.

(b)  Sales of paper and ink used in manufacturing newspapers, magazines and periodicals are sales for further processing and are not subject to sales tax.

(Code 1956, § 56-205)

Sec. 150-893. - Jewelry repair shops.

(a)  Jewelry repair shops primarily render services repairing tangible personal property such as watches, clocks and jewelry and therefore are required to collect the sales tax from the customers paying for such services. Sales by supply houses to jewelry repair shops of articles of machinery and equipment and of such supplies as are used incidentally in the rendering of such services but without becoming part of the articles repaired are taxable retail sales upon which the sales tax must be collected. But all sales of materials and supplies such as springs, crystals, jewel staffs, gold, silver and similar articles, which become part of the article repaired are sales for resale and may be effected under a resale exemption certificate.

(b)  Sales by jewelry repair shops of watches, watch chains and straps, clocks, pens, rings and other jewelry are taxable retail sales. Sales of such articles by supply houses to jewelry repair shops are sales for resale and are not taxable under the sales tax.

(Code 1956, § 56-206)

Sec. 150-894. - Shoe repairing.

Receipts of shoe repairmen from the services of shoe repairing, shining, or rebuilding are subject to the sales tax. Sales to shoe repairmen of materials such as sole leather, rubber heels, thread and nails, which become a part of the articles repaired, are sales for resale.

(Code 1956, § 56-207)

Sec. 150-895. - Tire and tube repairing.

Persons engaged in repairing and vulcanizing tires and tubes and retreading tires render services constituting repairs to tangible personal property. The gross proceeds derived from such services are subject to the sales tax. All materials and supplies purchased by them for use in performing such repairs which become a part of the article repaired are purchased by the repairmen for resale and may be purchased under a resale certificate.

(Code 1956, § 56-208)

Sec. 150-896. - Repairs to tangible personal property.

(a)  Charges for repairs to tangible personal property, such as automobiles, clothing, watches, jewelry, shoes, tires, motors, household appliances, industrial machinery and similar articles are taxable as sales of services. Materials and parts purchased by repairmen for use in repairing tangible personal property for others are bought for resale and may be purchased under a resale certificate when such materials and parts will become a part of the articles to be repaired. Supplies which are consumed in the process of performing repair services without becoming a part of the articles repaired are consumed by the repairmen and they should pay the tax thereon to the vendors from whom such supplies are purchased.

(b)  The classification of property repaired is to be determined at the time of repair. Thus an article which was tangible personal property at the time of its sale (and therefore subject to tax on the sale) may later become immovable property, as defined in the Revised Civil Code. For example, pipe and plumbing fixtures which are permanently

attached to a building by its owner becomes immovable and repairs thereto would not be subject to tax.

(Code 1956, § 56-209)

Sec. 150-897. - School books and supplies.

    (a)  Persons engaging in the business of selling school books to users or consumers are liable for the sales tax as to their proceeds from such sales.

    (b)  When publishers or proprietors of book stores sell books to school boards other than state operated or boards under religious supervision (see sections 150-800 and 150-801), for rental or for free distribution to students or for library purposes, such sales are made at retail and are subject to the sales tax.

    (c)  When publishers or proprietors of book stores sell books to school boards or teachers strictly for the purpose of filling orders previously taken for the same from students and such school boards or school teachers do not maintain any stock of books or engage in the business of selling books, such school boards or teachers are deemed to act as agents of students for the purpose of purchasing such books and publishers or proprietors of book stores selling them make sales at retail and incur a liability for tax.

    (d)  Publishers or proprietors of book stores selling books to school boards, teachers or other persons operating book stores and maintaining stocks of books for the purpose of resale to school students make sales for the purpose of resale and are not liable for tax with respect to proceeds therefrom. Liability for the tax in such cases rests upon the purchasing school boards, teachers or other persons operating such book stores and engaging in the business of making final sales at retail. In all cases the burden of proof shall be upon the vending publishers or operators of book stores to show that any particular sale was made for the purpose of resale within the meaning of this rule.

    (e)  The statements made therein apply with equal force to sales of writing paper, drawing materials, ink, laboratory and other school supplies.

(Code 1956, § 56-210)

Sec. 150-898. - Seeds.

    Sales of seeds to a person who plants them in the soil for the purpose of growing agricultural products are sales to a purchaser for use or consumption and not sales for the purpose of resale. Seeds are deemed to be used or consumed in the process of producing other products and sellers thereof for such purpose become liable for the sales tax.

(Code 1956, § 56-211)

Sec. 150-899. - Ship chandler's supplies.

    Any dealer who sells materials and supplies to be used or consumed in coastwise or foreign commerce or materials to be used in the repair of vessels engaged in coastwise and foreign maritime commerce shall secure from the purchaser a certificate furnished by the bureau of revenue, department of finance, signed by the purchaser, stating that such materials and supplies are to be used in such maritime commerce. Any registered contractor-dealer who purchases materials and claims exemption from payment of the tax as provided in this article will likewise sign a certificate to the dealer from whom the materials are purchased. Any dealer who fails to secure a signed certificate will be held liable for and pay the tax himself.

(Code 1956, § 56-212)

Sec. 150-900. - Sign manufacturers and painters.

    (a)  Persons engaged in the business of painting signs on buildings or other real or personal property belonging to others are rendering services of a kind not subject to the tax and their gross proceeds from such services are not

within the sales tax. Sales of paint, brushes and other tangible personal property to such sign painters are sales to purchasers for use or consumption and the seller thereof must pay a tax measured by his gross proceeds.

(b)  When a sign painter fabricates and paints a sign from his own materials and sells it to a customer as a finished article for use or consumption he must pay the tax imposed with respect to his gross proceeds from such sale. He may not deduct from the selling price the labor or service charge for painting.

(c)  Persons engaged in the business of selling to users or consumers electric neon or other illuminated signs, whether manufactured by themselves or not, are selling tangible personal property at retail and become liable for the tax. If at the time of such sales they contract to furnish periodical maintenance or repair service for a flat charge including the purchase price of the sign, the total gross proceeds from the sale are within the sales tax. Similarly, if the charges for maintenance or repair services rendered subsequent to the sale of signs are billed separately to customers, such charges are taxed as sales of services. If the maintenance contract includes nontaxable services, such as insurance and inspection, the portion of the maintenance charge representing the cost of inspecting and insurance may be excluded from the tax; provided, that such charges are segregated in the contract.

(Code 1956, § 56-213)

Sec. 150-901. - Stocks, bonds or other securities.

The term tangible personal property does not include stocks, bonds, notes or other obligations or securities. It therefore follows that the sale of stocks, bonds, notes or other obligations or securities is not subject to the tax levied by this article.

(Code 1956, § 56-214)

Sec. 150-902. - Storage of clothing, furs and rugs.

Charges for the storage of clothing, furs and rugs are subject to the sales tax. This class of service is separate and distinct from the service of furnishing cold storage space.

(Code 1956, § 56-215)

Sec. 150-903. - Taxicabs and other similar conveyances.

(a)  The tax levied by this article does not include receipts received from transportation fares by such means of conveyance as automobiles, trucks and other motor vehicles.

(b)  The tax does apply, however, to the rental of such conveyances as automobiles, trucks and other motor vehicles when the price paid is in the form of a rental and not a fare.

(Code 1956, § 56-216)

Sec. 150-904. - Undertakers and funeral directors.

(a)  When funeral directors and undertakers charge lump sums to customers covering the entire cost of the funeral, without dividing the charge for tangible personal property and the charge for services in rendering a bill to the customer, for the purpose of reporting the sale of funeral supplies and merchandise, such funeral directors shall report the full amount of the funeral bill, less any cash advanced for purposes such as the purchase of a cemetery lot or grave, opening and closing a grave, other cemetery expenses, remuneration of a minister, choir, use of a church, press notices or other cash advanced.

(b)  Sales taxes shall be reported and paid at the rate of 2½ percent on 50 percent of the total funeral bill, less cash advanced. All other plans or methods of reporting sales taxes by funeral directors for the sale of funeral supplies and merchandise are hereby declared null and void.

(c) A funeral director is considered to be the user or consumer of such articles as embalming fluid, cosmetics, chemicals, furniture or equipment, funeral home furnishings, advertising, calendars, booklets, motor vehicles and accessories, embalming equipment and instruments, grave equipment, stretchers, baskets and other items which the funeral director uses or consumes in the operation of his business and the title and possession to which are not passed on to his customers. With respect to these items the funeral director shall pay the sales tax to his vendors on all purchases within the state and to the bureau of revenue if the vendors are not registered when purchases are made out of the city.

(Code 1956, § 56-217)

Sec. 150-905. - Warehousemen.

(a) Warehousemen are customarily engaged in the business of moving, storing, packing and shipping tangible personal property belonging to other persons. These activities constitute services of a type which are not ordinarily taxable under this article. Crating, boxing, packaging and packing materials used by such warehousemen in the performance of these services are deemed to be purchased by them for use or consumption and the seller of such materials to a warehouseman is making a sale for use or consumption within the meaning of the sales tax.

(b) Warehousemen are subject to the tax with respect to sales of secondhand furniture or other tangible personal property to which they have acquired title, when they hold themselves out to the public as being engaged in the business of selling such property, but sales at auction made by the warehousemen in order to satisfy the warehousemen's lien for claim on account of moving, storing or other service charge will be deemed occasional sales and not subject to tax.

(c) As to the furnishing of cold storage service, see section 150-866; and as to the storage of clothing, furs and rugs, see section 150-902.

(Code 1956, § 56-218)

Sec. 150-906. - Sales and rental tax on board roads.

Lessors must pay sales tax to their vendors on materials used in the construction of board roads as well as collect and remit the rental tax due from their lessees for the rental charge on such board roads.

(Code 1956, § 56-219)

Sec. 150-907. - Coating and/or wrapping of tubular goods.

Persons engaged in the business of wrapping and/or coating of tangible personal property in the city are contractors performing a service, the type which is exempt from taxation under this article.

(Code 1956, § 56-220)

Sec. 150-908. - National American Red Cross exempt from sales and use tax.

The National American Red Cross is a federal instrumentality and exempt from city taxes.

(Code 1956, § 56-222)

Secs. 150-909—150-950. - Reserved.

By_____Hudson_____
Introduction___1/9/2019___
P.H.____2/13/19____

**ADOPTED**
METROPOLITAN COUNCIL

FEB 13 2019

COUNCIL ADMINISTRATOR TREASURER

19-00030

ORDINANCE 16992

AMENDING SALES AND USE TAX ORDINANCE 10127,
ADOPTED DECEMBER 14, 1994, SO AS TO AMEND
SECTION 2 THEREOF BY ADDING A PARAGRAPH E TO
LEVY A ONE-HALF OF ONE PERCENT (½%) SALES AND
USE TAX FOR THIRTY YEARS, BEGINNING APRIL 1,
2019, RELATIVE TO THE REPAIR, IMPROVEMENT AND
CONSTRUCTION OF PUBLIC ROADS AND STREETS.

BE IT ORDAINED by the Metropolitan Council of the Parish of

East Baton Rouge and the City of Baton Rouge that:

Section 1.   Sales and Use Tax Ordinance 10127, adopted

December 14, 1994, is hereby amended so as to amend and re-enact

Section 2 thereof to add sub-section (e), which shall read as

follows:

"Section 2.   Imposition of Taxes.

\* \* \*

e.      There is hereby levied for a period of thirty
(30) years, commencing on April 1, 2019, to and
including March 31, 2049, for the purpose of
providing funds to be used (A) (i) to construct
or improve public roads and streets, including
the necessary engineering services and related
improvements, and including drainage projects
and traffic signal synchronization and aesthetic
improvements; (ii) to construct road and street
community   enhancement   projects,   including
ditches and drainage, lights, curbs, landscaping
and sidewalks; and (iii) to improve existing
corridors to increase mobility, including signal
synchronization, sidewalks and cycling paths,
all within the cities of Baton Rouge, Baker,
Central and Zachary, and the Parish of East Baton
Rouge; and (B) to improve the Advance Traffic
Management Center. Such tax is levied under the
authority of Article 6, Section 29 of the
Louisiana Constitution of 1974, as amended, and
R.S. 33:2721.6, the taxpayers of the Parish of
East Baton Rouge having approved same at a
special election held December 8, 2018.

f.      Each of the taxes specified herein shall be
levied upon the following:

(1)   The Sales Price of each item or article
of
tangible personal property when sold at
retail in the taxing jurisdiction, the
tax to be computed on gross sales for the

purpose of remitting the amount of tax due the taxing jurisdiction, and to include each and every retail sale.

(2) The cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed or stored for use or consumption in the taxing jurisdiction, provided there shall be no duplication of the tax.

(3) The gross proceeds derived from the lease or rental of tangible personal property, where the lease or rental of such property is an established business, or part of the same is incidental or germane to the business.

(4) The monthly lease or rental price paid by the lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) The gross proceeds derived from the sale of services.

(6) Interstate sales to the extent authorized by Act 155 of 1990 (R.S. 47:305(E)).

(7) Refinery gas to the extent and in the manner authorized by Act 476 of 1990 (R.S. 47:305D(1)(b)).

g. The taxes shall be collected from the dealer and paid at the time and in the manner hereinafter provided. The taxes so levied are, and shall be, in addition to all other taxes, whether levied in the form of sales, excise, license, privilege or property taxes levied by any city, school board or parish ordinance.

h. The collection of the taxes herein levied shall be made in the name of the taxing jurisdiction by the Director.

i. The Director will use the integrated bracket schedules provided by the Secretary of Revenue and Taxation, State of Louisiana, pursuant to Louisiana Revised Statutes, Title 47, Section 304, for the purpose of tax collection within the meaning of this ordinance."

Section 2. All ordinance or parts of ordinance in conflict herewith are hereby repealed.

ARTICLE II. - SALES AND USE TAX, OUACHITA PARISH SALES TAX DISTRICT

FOOTNOTE(S):

--- (**2**) ---

**Editor's note—**Ord. No. 8056, § 1, adopted February 7, 1987, did not specifically amend the Code; therefore, inclusion as §§ 22-51—22-64 was at the discretion of the editor.

**Cross reference—** Sales tax districts, § 20-310 et seq.

Sec. 22-51. - Definitions.

As used in this article the following words, terms and phrases shall have the meaning ascribed to them in this section except when the context clearly indicates a different meaning:

*Agricultural commodity* shall mean horticultural, viticultural, poultry, farm and range products, and livestock and livestock products.

*Authority* shall mean the Ouachita Parish Sales Tax District.

*Business* shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this article to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

*Collector* shall be the executive secretary-treasurer of the police jury of the Parish of Ouachita, State of Louisiana, or such other person or board designated by the police jury, acting as the governing authority of the district, to be in charge of the administration and collection of the tax herein levied, or the duly authorized assistants of said collector.

*Cost price* shall mean the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.

In the case of tangible personal property that has acquired Louisiana tax situs and is thereafter transported outside the State of Louisiana for repairs performed outside the State of Louisiana and is thereafter returned to the State of Louisiana, the cost price shall be deemed to be the actual cost of any parts and/or materials used in performing such repairs, if applicable labor charges are separately stated on the invoice. If the applicable labor charges are not separately stated on the invoice, it shall be presumed that the cost price is the total charge reflected on the invoice.

Cost price shall not include the supplying and installation of board roads to oil field operators if the installation charges are separately billed the customers at the time of installation.

*Dealer* shall include every person who:

(1) Manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution or for storage to be used or consumed in the authority;

(2) Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or

for storage to be used or consumed in the authority;

(3)  Sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution or storage to be used or consumed in the authority, tangible personal property as defined herein;

(4)  Has sold at retail, or used, or consumed, or distributed or stored for use or consumption in the authority tangible personal property and who can not prove that the tax levied by this article has been paid on the sale at retail, the use, consumption, the distribution, or the storage of said tangible personal property;

(5)  Leases, or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

(6)  Is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

(7)  Sells or furnishes any of the services subject to tax under this article;

(8)  Purchases or receives any of the services subject to tax under this article;

(9)  Is engaging in business in the authority; or

(10)  Sells at retail any tangible personal property to a vending machine operator for resale through coin-operated vending machines.

*Distraint or distrain* shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this article.

*Engaging in business in the authority* shall mean and include any of the following methods of transacting business; maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business or by having an agent salesman, solicitor or employees operating within the authority under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor or employee is located in the authority permanently or temporarily, or whether such seller or subsidiary is qualified to do business in the authority or by having within the authority any choses in or causes of action, or any property, or any liens on property, or any indebtedness due it in the authority, protected by the laws and courts of the authority.

*Governing body* shall mean the Police Jury of the Parish of Ouachita, State of Louisiana.

*Gross sales* shall mean the sum total of all retail sales of tangible personal property, as hereinafter provided and defined, and sales of services without any deductions whatsoever of any kind or character, except as provided in this article.

*Hotel* shall mean and include any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to transient guests, where such establishment consists of six (6) or more sleeping rooms, cottages or cabins at a single business location.

*Lease or rental* shall mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.

The term "lease or rental", however, as herein defined, shall not mean or include the lease or rental made for the purposes of re-lease or re-rental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, other drilling or related equipment used in connection with the operating drilling, completion or reworking of oil, gas,

sulphur or other mineral wells.

*New article* shall mean the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

*Parish* shall mean the Parish of Ouachita, State of Louisiana.

*Person* shall include any individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate, the State of Louisiana, any parish, city and parish, municipality, district or other political subdivision thereof or any board, agency, instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

*Purchaser* shall mean any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to tax under this article.

*Retail sale or sale at retail* shall mean a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, as hereinafter set forth, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the said collector. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.

The sale of tangible personal property to a dealer who purchases said property for resale through coin-operated vending machines shall be considered a "sale at retail." The subsequent resale of the property by the dealer through coin-operated vending machines shall not be considered a "sale at retail."

The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property, other than vehicles as covered in Section 22-54(f) by a person not engaged in such business. The sale of motor or other vehicles by a person not engaged in such business shall be considered and treated as a "sale at retail."

*Retailer* shall mean and include every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in the authority or any person rendering services taxable hereunder.

*Sale* shall mean any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishings, preparing or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of tangible personal property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale. The term "sale" shall also include the "sale of services," which means and includes the following:

(1) The furnishing of sleeping rooms, cottages or cabins by hotels;

(2) The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, and universities, and recreational events, and the furnishing, for dues, fees, or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities; but the term "sales of services" shall not

include membership fees or dues of nonprofit, civic organizations, including by way of illustration and not of limitation, the Young Men's Christian Association, the Catholic Youth Organization and the Young Women's Christian Association;

(3)   The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

(4)   The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter;

(5)   The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovating of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

(6)   The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities.

(7)   The furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment. For purposes of this definition, tangible personal property shall include machinery, appliances and equipment which have been declared immovable by declaration under the provisions of Article 467 of the Louisiana Civil Code, and things which have been separated from land, buildings, or other constructions permanently attached to the ground or their component parts as defined in Article 466 of the Louisiana Civil Code. Provided that there shall be excluded from taxation charges for the furnishing of repairs to tangible personal property when the repaired property is delivered to the customer in another state either by common carrier or the repair dealer's own vehicle, however, as to aircraft, delivery may be by the best available means. Offshore areas shall not be considered another state for the purpose of this paragraph.

*Sales price* shall mean the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six (6) per cent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

*Storage* shall mean and include any keeping or retention in the Authority of tangible personal property for use or consumption in the Authority or for any purpose other than for sale at retail in the regular course of business.

*Tangible personal property* shall mean and include personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.

*Taxing authority* shall mean and include any municipality, parish or political subdivision in the State of Louisiana, or any municipality, county or political subdivision in a state other than Louisiana.

*Use* shall mean and include the exercise of any right of power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

*Use tax* shall include the use, the consumption, the distribution and the storage for use or consumption, as herein defined.

(Ord. No. 8056, § 1, 2-7-87; Ord. No. 8773, 5-3-04)

Sec. 22-52. - Imposition of tax.

(a) There is hereby levied from and after April 1, 1987, for the purposes stated in the proposition set forth in the preamble to this ordinance, a tax upon the sale at retail, the use, the lease or rental, the consumption, and storage for use or consumption, of tangible personal property and on sales of services within the authority as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one-half of one per cent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the governing body, and to include each and every retail sale.

(2) At the rate of one-half of one per cent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority, provided there shall be no duplication of the tax.

(3) At the rate of one-half of one per cent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.

(4) At the rate of one-half of one per cent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one-half of one per cent of the gross proceeds derived from the sale of services, as defined herein.

(b) Sales or use taxes paid to the authority on the purchase of new motor trucks and new motor tractors licensed and registered for twelve thousand (12,000) pounds or more, under the provisions of Section 462 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:462), new trailers and new semi-trailers licensed and registered for sixteen thousand (16,000) pounds or more under the provisions of said section for rental may be deducted as a credit against tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has been exceeded. The sales tax paid to another taxing authority in the State of Louisiana or a taxing authority in a state other than Louisiana on the purchase price of property is not deductible from the tax subsequently due on the rental of such property in the authority.

If the tax on rental payments fails to exceed the credits for sales or tax paid, no refund is due the purchaser.

Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on a rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(c) The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(d) The tax so levied is, and shall be in addition to all other taxes, whether levied in the form of excise, or license, privilege or property taxes levied by another ordinance or resolution of the governing body.

(e) The dealer shall collect the taxes levied by this article together with those sales and use taxes levied by the

State of Louisiana, and any taxing authority that levies a sales tax and use tax in the authority, in accordance with the integrated bracket schedule prepared by the Collector of Revenue of the State of Louisiana, under the authority of Section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). The dealer will remit that portion representing the tax levied by this article to the collector. Copies of said integrated tax schedules shall be available to dealers on request to the authority or to the collector.

(f)  The collection of the tax herein levied shall be made in the name of the authority by the collector.

(Ord. No. 8056, § 1, 2-7-87)

Sec. 22-53. - Exemptions and exclusions.

(a)  The taxes imposed and levied by this article shall be subject to all exemptions and exclusions provided in Chapter 2 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, with respect to taxes levied by any local governmental subdivision or school board.

(b)  It is not the intention of this article to levy a tax upon articles of tangible personal property imported into the authority, or produced or manufactured in the authority, for export; nor is it the intention of this article to levy a tax on bona fide interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority, of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority.

(c)  No tax shall be due under this article on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the authority.

(d) (1)  The tax imposed and levied by this article shall not apply to the sale, use, lease, or rental of machinery and equipment purchased, used, leased, or rented by a manufacturer for use in a plant facility predominately and directly in the actual manufacturing for agricultural purposes or the actual manufacturing process of an item of tangible personal property, which is for ultimate sale to another and not for internal use, at one or more fixed locations within the authority.

(2)  For purposes of this paragraph, "machinery and equipment", "manufacturer", "manufacturing", "manufacturing for agricultural purposes", "plant facility", and "used directly" shall have the same meaning as defined in R.S. 47:301(3)(i)(ii).

(Ord. No. 8056, § 1, 2-7-87; Ord. No. 8821, § 1, 11-21-05)

Sec. 22-54. - Collection of tax by dealer.

(a)  The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in Section 22-54(f). The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services, and payable at the time of the sale; provided, however, that the governing body shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(b)  Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use or other consumption in the authority shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(c) The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the averag
equivalent thereof, in conformity with the rules and regulations to be issued by the collector, to the sale price or
charge, and when added, such tax shall constitute a part of such price or charge and shall be a debt from the
purchaser or consumer to the dealer, until paid and shall be recoverable at law, in the same manner as other de
Any dealer who neglects, fails or refuses to collect the tax herein provided shall be liable for and pay the tax him

(d) In order to aid in the administration and enforcement of the provisions of this article, on or before April 1,
1987, or in the case of dealers commencing business after April 1, 1987, or opening new places after such
date, within three (3) days after such commencement or opening, every dealer purchasing or importing
tangible personal property for resale shall file with the collector a certificate of registration in a form
prescribed by him. The collector shall within five (5) days after such registration, issue without charge to each
dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the
tax from the purchaser, and duplicates thereof, for each additional place of business of such dealer. Each
certificate or duplicate shall state the place of business to which it is applicable. Such certificates of authority
shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of
doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such
certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector
upon the dealer ceasing to do business at the place therein named.

(e) A manufacturer, wholesale dealer or jobber shall refuse to accept a certificate that any property upon which
a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless
the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the
tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not
relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale
made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate
of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon
property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to
the authority the tax herein imposed.

(f) The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck,
truck-tractor, trailer, semitrailer, motor bus, house trailer, or any other vehicle subject to the Louisiana
Vehicle Registration License Tax of the State of Louisiana shall be collected as provided in this section.

(1) The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as agent of the
Collector of Revenue of the State of Louisiana, at the time of application for a certificate of title or vehicle
registration license. No certificate of title or vehicle registration license shall be issued until the tax has
been paid.

a. The tax levied by this article on the sale of any such vehicle shall be due at the time of registration or
any transfer of registration as required by the Vehicle Registration License Tax Law of the State of
Louisiana (R.S. 47:451, et seq.).

b. The tax levied by this article on the use of any such vehicle in the authority shall be due at the time
first registration in the authority is required by the Vehicle Registration License Tax Law (R.S. 47:451 et
seq.).

(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement
showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price,
any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be

paid by the purchaser between the vehicle purchased and traded in and the sales or use tax to be paid along with such other information as the collector by regulation may require. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of the sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the Collector of Revenue of the State of Louisiana, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the collector of revenue in accordance with an agreement by and between the collector of revenue and the governing body, the execution of which agreement is hereby authorized. Said tax so collected for said collector of revenue shall be paid to the authority as soon as possible, and in any event, at least once each month, all in accordance with said agreement.

The collector of revenue shall withhold from any such taxes collected for the authority one-half of one per cent of the proceeds of such tax so collected, which shall be used by the collector of revenue to pay the cost of collecting and remitting the tax to the authority and remit the remainder of such taxes collected to the collector of the authority.

(4) The provision contained in Section 22-51 of this article which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this section. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to tax.

(g) All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the authority. Such auctioneers or the company which they represent shall be responsible for the collection of the tax levied by this article on articles sold by them and shall report and remit to the collector as provided in this article.

(h) A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect and tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(i) Where the tax collected for any period is in excess of one per cent, the total tax collected must be paid over to the collector, less the compensation to be allowed the dealer as hereinafter set forth. This provision shall be construed with other provisions of this article and given effect so as to result in the payment to the collector of the total tax collected if in excess of one per cent.

(j) Where the purchaser has failed to pay and the dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to al other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the authority and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the authority within fifteen (15) days after such sale was made or rendered.

(k) For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed one percent of the amount of tax due and accounted for and remitted to the collector

in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. No. 8056, § 1, 2-7-87; Ord. No. 8150, 6-5-89)

Sec. 22-55. - Collection of tax from dealer.

(a) The tax imposed by this article shall be collectible by the collector on behalf of the authority from all persons engaged as dealers.

(1) The collector is duly authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the authority.

(2) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the taxes imposed hereunder.

(3) Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this article.

(4) The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(b) On all tangible personal property imported or caused to be imported, from other states or other political subdivisions of this state, or foreign countries, and use by him, the dealer, shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption in the authority. For the purposes of this article, the use, or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(c) A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another taxing authority. The credit provided herein shall be granted only in the case where such taxing authority, to which a similar tax has been paid grants a similar credit as provided herein, provided that members of the armed forces who are residents of the authority and whose orders or enlistment contracts stipulate a period of active duty of two (2) years or more and who purchase automobiles outside the authority, while on such tour of active duty shall be granted such credit in connection with the purchase of such automobiles whether or not the taxing authority to which such tax thereon has been paid grants a similar credit as herein provided. The proof of payment of a similar tax to another taxing authority shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by the authority upon the particular tangible personal property which is the subject of the use tax imposed by this article.

(Ord. No. 8056, § 1, 2-7-87)

Sec. 22-56. - Returns and payment of tax.

(a) The tax levied under this article shall be due and payable by all dealers monthly on the first day of each month.

(b) For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the twentieth day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payments for services, as the case may be, arising from all taxable transactions during the preceding calendar month, running from the effective date of this article to the end of such month. Thereafter, like returns shall be prepared and transmitted to said collector by all dealers, on or before the twentieth day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to the authority the required tax due for the preceding calendar month.

(c) At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the authority therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause said tax to become delinquent.

All taxes, interest and penalties imposed under this article shall be paid to the authority in the form of remittance required by the collector.

(d) Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto shall be reported and the tax shall be paid with respect thereto in accordance with such rules and regulations as the collector may prescribe.

(e) The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any return required under the provisions of this article.

(f) For the purpose of collecting and remitting to the authority the tax imposed by this article, the dealer is hereby declared to be the agent of the authority.

(Ord. No. 8056, § 1, 2-7-87)

Sec. 22-57. - Records and inspection thereof.

(a) It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for a period of three (3) years, all invoices, bills of lading and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices and other records shall be open to examination at all reasonable hours, by the collector or any of his duly authorized agents.

(b) Each dealer shall secure, maintain and keep, for a period of three (3) years a complete record of sales of services and tangible personal property received, used, sold at retail, distributed or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading and other pertinent records and

papers as may be required by the collector for the reasonable administration of this article and all such records shall be open for inspection to the collector at all reasonable hours.

(c)  In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article or articles are sold to the purchaser. These records shall be open to inspection to the collector or his duly authorized assistants at all reasonable hours.

(d)  For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts and documents of any dealer. It shall be the duty of every dealer and every director, official, agent or employee of every dealer, to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power to do so.

(e)  For the purpose of enforcing the collection of the tax levied by this article, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in the authority, whether said companies, agencies or firms conduct their business by truck, rail, water, airplane or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(f)  The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the State of the same weight and force as the original thereof.

(g)  The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except: (a) In an action or proceeding under the provisions of this article, and (b) when the records or files or the facts shown thereby are directly involved in such action or proceeding.

(h)  Nothing contained in this article shall be construed to prevent:

(1)  The delivery to a dealer or his duly authorized representative of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2)  The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3)  The inspection by the legal representative of the governing body of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4)  The examination of the records and files by the collector or his duly authorized agents; or

(5)  The furnishing, in the discretion of the collector of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Ord. No. 8056, § 1, 2-7-87)

Sec. 22-58. - Imported goods, permits.

In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer who desires to import tangible personal property into the authority, which property is subject to the tax imposed by this article, to apply to the collector or his assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Ord. No. 8056, § 1, 2-7-87)

Sec. 22-59. - Remedies for collection, including interest, penalties, etc.

(a)  For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property subject to the provisions of this article imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, or leased or rented within the authority, and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the collector.

(b)  Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the governing body is hereby vested with authority on motion in a court of competent jurisdiction, to take a rule on the said dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why said dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the governing body, prohibiting such dealer from further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(c) If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate twelve (12) per cent per annum, or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five (5) per cent for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five (25) per cent in aggregate, of the tax due, when such tax is not paid within thirty (30) days of the date the tax first becomes due and payable, and in the event of suit, attorney's fees at the rate ten (10) per cent of the aggregate of tax, interest and penalty.

(d) In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of service, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority, and assess and collect the tax and interest, plus penalty, that may have accrued thereon, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "District of Slidell, State of Louisiana" in the same manner as are the taxes collected under this article.

If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a special penalty of five (5) per cent of the tax deficiency found to be due, or ten dollars ($10.00), whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(e) If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners or assignors.

(f) In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after

the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(g)  In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(h)  In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true and actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the authority in the same manner as above provided in Section 22-59(g), with interest plus penalties, if such have accrued.

(i)  In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in vacation, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

(j)  If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him, or his assistant, such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and said collector may require such dealer, or the agents or employees of such dealers, to give testimony or to answer interrogatories, under oath administered by the collector or his assistants, respecting the sale at retail, the use, or consumption or distribution, in the authority, or lease or rental of tangible personal property or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(k)  If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's books, records, or paper, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return, or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examinations, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(l)  The importation into the authority of tangible personal property which is subject to tax, by truck, automobile,

other means of transportation other than a common carrier, without having first obtained a permit as described in Section 22-58 (if the tax imposed by this article on said tangible personal property has not been paid), is prohibited and shall be construed as an attempt to evade payment of the said tax, and the truck, automobile, or means of transportation other than a common carrier, and the taxable property may be seized by the collector in order to secure the same as evidence in a trial, and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(m)  The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay any tax, interest, penalties, or costs under this article, shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or associations of persons; provided, that it is the intention of this article to prevent the disposition of the said tangible personal property in order to ensure payment of the tax imposed by this article, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to the authority.

In addition to the penalties prescribed in this and the preceding subsection (Section 22-59(1)), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisonment in jail for a period of not more than ninety (90) days or by both such fine and imprisonment, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(n)  The liability of any person, or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer to the authority recoverable in any court of competent jurisdiction in an action at law by the authority. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the collector.

(o)  The authority may require a bond or other security for the payment of any taxes, fees, interest and penalties, or any of them imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(p)  If any person, or dealer, shall fail to make a return or report as required by this article, the collector, within three (3) years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him assess the taxes, fees, penalties and interest due the authority from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(q)  After a return or report is filed under the provisions of this article, the collector shall cause to be examined

and made such further audit or investigation as he may deem necessary, and if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the governing body from such person, or dealer, and make demand upon him for payment.

(r)  If the collector finds that any person, or dealer liable for the payment of any tax under this article designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

All taxes, penalties and interest assessed pursuant to the provisions of the last three (3) preceding sections, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by this governing body. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this article, a sum equivalent to five (5) per cent of the tax.

(s)  If any dealer against whom taxes have been assessed under the provisions of this article, shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of property or rights to property belonging to the delinquent dealer.

(t)  Any dealer who shall neglect, fail or refuse to collect the tax as provided in Section 22-54, of this article upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(u)  For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court:

(1)  Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under Section 22-54 of this article, and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2)  Any dealer who shall fail, neglect or refuse to collect the tax as provided in Section 22-54 of this article, whether by himself or through his agents or employees;

(3)  Any dealer violating the provisions of Section 22-59(e) and (f) of this article;

(4)  Any dealer who fails to permit an inspection of records by the collector as provided in Section 22-57(a) of this article;

(5)  Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in Section 22-57(c) of this article;

(6)  Any dealer, wholesale dealer or jobber who violates the provisions of Section 22-54(d) of this article;

(7)  Any dealer who violates the provisions of Section 22-57(b) of this article;

(8)  Any dealer failing or refusing to furnish any return as provided in Sections 22-56(a) through (b) of this article, or failing or refusing to furnish a supplement return or other data required by the collector;

(9)  Any dealer required to make, render, sign or verify any return, as provided in Section 22-56(a) through (b) of this article, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10)  The president, executive officers, managers and directors of any corporation, who shall violate the provisions of Section 22-59(v) of this article; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(11)  Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(v)  No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from the state to transact business in the authority may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon said corporation in accordance with the provisions of this article shall have been fully paid.

(w)  Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in Section 22-59(c) of this article, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

In addition, such person or dealer, shall pay the special penalty or penalties provided by this article.

(x)  All penalties and interest imposed by this article shall be payable to and recoverable by the authority in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charge in excess of the rate of one-half of one per cent per month.

(Ord. No. 8056, § 1, 2-7-87)

Sec. 22-60. - Refunds and reimbursements.

(a)  Whenever tangible personal property sold is returned to the dealer by the purchaser or consumer or in the event the amount paid or charged for services is refunded or credited to the purchaser or consumer after the tax imposed by this article has been collected, or charged to the account of the purchaser, consumer, or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector; and in case the tax has not been remitted by the dealer to the authority, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by the sworn statement, which period shall but be longer than ninety (90) days, the authority through the collector shall issue to the dealer

an official credit memorandum equal to the net amount remitted by the dealer for the tax collected. This memorandum shall be accepted by the authority at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(b) If any dealer shall have given to the collector notice within the time provided in Section 22-60(a) of this article, such dealer thereafter, at any time within two (2) years after the payment of any original or additional tax assessed against him, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the ground thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceedings, on appeal has been finally determined.

(c) If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, the said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(d) Where no question of fact or law is involved, and it appears from the records of the Authority that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within two (2) years of payment, upon making a record in writing of his reason therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(e) When, to secure compliance with any of the provisions of this article any moneys shall have been deposited with the authority by any dealer, and shall have been paid over to the authority and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such money, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. No. 8056, § 1, 2-7-87)

Sec. 22-61. - Remedies of the dealer.

(a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period of thirty (30) days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate of two (2) per cent per annum covering the period from the date the said funds were received by the collector to the date of refund.

(b) This section shall afford a legal remedy and right of action in any state, parish or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(c) This section shall be construed to provide a legal remedy in the state, parish or federal courts, by action of law, if such taxes are claimed to be an unlawful burden upon the interstate commerce, or the collection thereof, in violation of any act of congress or the United States Constitution, or the Constitution of the State of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon the proper showing by such dealer that the principle of law involved at an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of courts may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d) If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment nor shall it stay the right of the collector to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, parish or federal court of competent jurisdiction as provided for in Section 22-61(b).

(Ord. No. 8056, § 1, 2-7-87)

Sec. 22-62. - Other administrative provisions.

(a) The collector is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures which may be hereafter established by the authority.

(b) The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the Constitution of the State of Louisiana or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(c) The collector shall design, prepare, print and furnish to all dealers or make available to said dealers all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided.

(d) The cost of preparing and distributing the report forms and paraphernalia for the collections of said tax, and of the inspection and enforcement duties required herein, shall be borne out of appropriations by the authority as provided in Section 22-63(a) of this article.

(e) In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this article and containing the sale price, and delivery is made after the effective date of this article, and such sale is taxable under this article, the seller shall add the tax imposed by said article to said sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of this article, but are actually furnished after the effective date hereof.

The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into or stored within the territorial limits of the authority prior to the effective date of this article, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(f)  It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, deposition, statement, or report required by the collector in the administration of this article.

(g)  The collector, or any deputy by him duly designated, may conduct hearings, and have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incidental to the administration of this article. Such examination or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

(h)  Any notice required to be given by the collector pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(i)  The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidenced in all courts of competent jurisdiction of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of five dollars ($5.00) which shall be treated as revenue of the tax levied hereby.

(j)  Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given to such dealer by any other law, or to deprive the authority of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or any other law, nor shall this article be construed as repealing or altering any such laws or ordinances.

(k)  If any section, subsection, sentence, clause, or phrase of this article be held invalid such decision shall not affect the validity of the remaining portions of this article. The authority hereby declares that it would have passed this article, and each section, subsection, sentence, clause and phrase thereof irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases may be so declared invalid.

(l)  The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the authority of any kind or nature.

(m)  This article may be cited or otherwise referred to as the "Ouachita Parish Sales Tax District, Sales and Use Tax Ordinance".

(Ord. No. 8056, § 1, 2-7-87)

Sec. 22-63. - Disposition of tax proceeds and revenues.

(a) All taxes, revenues, funds, assessments, monies, penalties, fees or other income which may be collected or come into the possession of the collector, as an agent of the authority under any provision or provisions of this article, shall be deposited daily by the collector for the account of the authority in a special fund designated "Ouachita Parish Sales Tax District, One-Half of One Per Cent Sales Tax Fund", which fund shall be a separate bank account established and maintained by the collector; provided, however, any amount which is paid under protest or which is subject to litigation shall be transferred to a separate account established by the collector pending the final determination of the protest of litigation.

(b) Out of the tax funds on deposit to the credit of the authority in said "Ouachita Parish Sales Tax District, One-Half of One Per Cent Sales Tax Fund," the collector shall deduct the reasonable and necessary costs and expenses of administering and collecting the tax herein levied and administering the provisions of this article as well as the various administrative and enforcement procedures established in said article. Such costs and expenses shall include, by way of example but not limitation, all necessary costs and expenses incurred for office equipment, furniture and supplies, vehicles and the maintenance and operation thereof, printing, postage, rent, salaries, and other related items. Such costs and expenses shall be reported monthly by the collector to the authority.

(c) After the reasonable and necessary costs and expenses of the collection and administration of the tax have been paid as provided for in Section 22-63(b), the remaining balance in the "Ouachita Parish Sales Tax District, One-Half of One Per Cent Sales Tax Fund" shall be available for appropriation and expenditure in accordance with the terms of the proposition authorizing the levy of the tax and having been approved by a majority of the qualified electors of the authority voting at a special election held therein on January 17, 1987.

(Ord. No. 8056, § 1, 2-7-87)

Sec. 22-64. - Contracting for services.

Any provisions of this article to the contrary notwithstanding, the authority may contract with anyone for the performance of any or all of the duties of the collector provided for herein. It is hereby recognized that the use tax herein levied is being levied by and on behalf of the authority as herein provided and that the collector is acting as agent for the authority for the purpose of administration and collection of the use tax.

(Ord. No. 8056, § 1, 2-7-87)

Secs. 22-65—22-70. - Reserved.

ARTICLE III. - SALES AND USE TAX, OUACHITA PARISH SALES TAX DISTRICT II

FOOTNOTE(S):

--- (3) ---

**Editor's note—**Ord. No. 8416, §§ 1—14, adopted April 15, 1996, did not specifically amend the Code; hence, inclusion herein as Art. III, §§ 22-71—22-84, was at the discretion of the editor. See the Code Comparative Table.

Sec. 22-71. - Definitions.

As used in this article the following words, terms and phrases shall have the meaning ascribed to them in this section, except when the context clearly indicates a different meaning:

*Agricultural commodity* shall mean horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

*Authority* shall mean the Ouachita Parish Sales Tax District No. II.

*Business* shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this article to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

*Collector* shall be the Secretary-Treasurer of the Police Jury of the Parish of Ouachita, State of Louisiana, or such other person or board designated by the police jury, acting as the governing authority of the district, to be in charge of the administration and collection of the tax herein levied, or the duly authorized assistants of said collector.

*Cost price* shall mean the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.

In the case of tangible personal property that has acquired Louisiana tax situs and is thereafter transported outside the State of Louisiana for repairs performed outside the State of Louisiana and is thereafter returned to the State of Louisiana, the cost price shall be deemed to be the actual cost of any parts and/or materials used in performing such repairs, if applicable labor charges are separately stated on the invoice. If the applicable labor charges are not separately stated on the invoice, it shall be presumed that the cost price is the total charge reflected on the invoice. Cost price shall not include the supplying and installation of board roads to oil field operators if the installation charges are separately billed the customers at the time of installation.

*Dealer* shall include every person who:

(1) Manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution or for storage to be used or consumed in the authority;

(2) Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or for storage to be used or consumed in the authority;

(3) Sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution or storage to be used or consumed in the authority, tangible personal property as defined herein;

(4) Has sold at retail, or used, or consumed, or distributed or stored for use or consumption in the authority tangible personal property and who cannot prove that the tax levied by this article has been paid on the sale at retail, the use, the consumption the distribution, or the storage of said tangible personal property;

(5) Leases, or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

(6) Is the lessee or rentee of tangible personal property and who pays to the owner of such property a

consideration for the use or possession of such property without acquiring title thereto;

(7)  Sells or furnishes any of the services subject to tax under this article;

(8)  Purchases or receives any of the services subject to tax under this article;

(9)  Is engaging in business in the authority; or

(10)  Sells at retail any tangible personal property to a vending machine operator for resale through coin-operated vending machines.

*Distraint* or *distrain* shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this article.

*Engaging in business in the authority* shall mean and include any of the following methods of transacting business; maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business or by having an agent salesman, solicitor or employees operating within the authority under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor or employee is located in the authority permanently or temporarily, or whether such seller or subsidiary is qualified to do business in the authority or by having within the authority any chooses in or causes of action, or any property, or any liens on property, or any indebtedness due it in the authority, protected by the laws and courts of the authority.

*Governing body* shall mean the Police Jury of the Parish of Ouachita, State of Louisiana.

*Gross sales* shall mean the sum total of all retail sales of tangible personal property, as hereinafter provided and defined, and sales of services without any deductions whatsoever of any kind or character, except as provided in this article.

*Hotel* shall mean and include any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to transient guests, where such establishment consists of six (6) or more sleeping rooms, cottages or cabins at a single business location.

*Lease or rental* shall mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.

The term "lease or rental," however, as herein defined, shall not mean or include the lease or rental made for the purposes of re-lease or re-rental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, other drilling or related equipment used in connection with the operating drilling, completion or reworking of oil, gas, sulphur or other mineral wells.

*New article* shall mean the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

*Parish* shall mean the Parish of Ouachita, State of Louisiana.

*Person* shall include any individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate, the State of Louisiana, any parish, city and parish, municipality, district or other political subdivision thereof or any board, agency, instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

*Purchaser* shall mean any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to tax under this article.

*Retail sale* or *sale at retail* shall mean a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, as hereinafter set forth, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the said collector. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.

The sale of tangible personal property to a dealer who purchases said property for resale through coin-operated vending machines shall be considered a "sale at retail." The subsequent resale of the property by the dealer through coin-operated vending machines shall not be considered a "sale at retail."

The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property, other than vehicles as covered in section 22-74(d), by a person not engaged in such business. The sale of motor or other vehicles by a person not engaged in such business shall be considered and treated as a "sale at retail."

*Retailer* shall mean and include every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in the authority or any person rendering services taxable hereunder.

*Sale* shall mean any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishings, preparing or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of tangible personal property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale. The term "sale" shall also include the "sale of services," which means and includes the following:

(1)  The furnishing of sleeping rooms, cottages or cabins by hotels;

(2)  The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, and universities, and recreational events, and the furnishing, for dues, fees, or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities; but the term "sales of services" shall not include membership fees or dues of nonprofit, civic organizations, including by way of illustration and not of limitation, the Young Men's Christian Association, the Catholic Youth Organization and the Young Women's Christian Association;

(3)  The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

(4)  The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter;

(5)  The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovating of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

(6)  The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities;

(7)  The furnishing of repairs to tangible personal property, including by way of illustration and not of

limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment. For purposes of this definition, tangible personal property shall include machinery, appliances and equipment which have been declared immovable by declaration under the provisions of Article 467 of the Louisiana Civil Code, and things which have been separated from land, buildings, or other constructions permanently attached to the ground or their component parts as defined in Article 466 of the Louisiana Civil Code. Provided that there shall be excluded from taxation charges for the furnishing of repairs to tangible personal property when the repaired property is delivered to the customer in another state either by common carrier or the repair dealer's own vehicle, however, as to aircraft, delivery may be by the best available means. Offshore areas shall not be considered another state for the purpose of this paragraph.

*Sales price* shall mean the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six (6) percent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

*Storage* shall mean and include any keeping or retention in the authority of tangible personal property for use or consumption in the authority or for any purpose other than for sale at retail in the regular course of business.

*Tangible personal property* shall mean and include personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.

*Taxing authority* shall mean and include any municipality, parish or political subdivision in the State of Louisiana, or any municipality, county or political subdivision in a state other than Louisiana.

*Use* shall mean and include the exercise of any right of power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

*Use tax* shall include the use, the consumption, the distribution and the storage for use or consumption, as herein defined.

(Ord. No. 8416, § 1, 4-15-96; Ord. No. 8773, 5-3-04)

Sec. 22-72. - Imposition of tax.

(a) There is hereby levied from and after July 1, 1996 for the purposes stated in the proposition set forth in the preamble to this article, a tax upon the sale at retail, the use, the lease or rental, the consumption, and storage for use or consumption, of tangible personal property and on sales of services within the authority as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one-half of one (½) percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the governing body, and to include each and every retail sale.

(2) At the rate of one-half of one (½) percent of the cost price of each item or article of tangible personal

property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority, provided there shall be no duplication of the tax.

(3) At the rate of one-half of one (½) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.

(4) At the rate of one-half of one (½) percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one-half of one (½) percent of the gross proceeds derived from the sale of services, as defined herein.

(b) Sales or use taxes paid to the authority on the purchase of new motor trucks and new motor tractors licensed and registered for twelve thousand (12,000) pounds or more, under the provisions of Section 462 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:462), new trailers and new semi-trailers licensed and registered for sixteen thousand (16,000) pounds or more under the provisions of said section for rental may be deducted as a credit against the tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has been exceeded. The sales tax paid to another taxing authority in the State of Louisiana or a taxing authority in a state other than Louisiana on the purchase price of property is not deductible from the tax subsequently due on the rental of such property in the authority.

If the tax on rental payments fails to exceed the credits for sales or use tax paid, no refund is due the purchaser.

Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on a rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(c) The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(d) The tax so levied is, and shall be in addition to all other taxes, whether levied in the form of excise, or license, privilege or property taxes levied by another ordinance or resolution of the governing body.

(e) The dealer shall collect the taxes levied by this article together with those sales and use taxes levied by the State of Louisiana, and any taxing authority that levies a sales and use tax in the authority, in accordance with the integrated bracket schedule prepared by the collector of revenue of the State of Louisiana, under the authority of Section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). The dealer will remit that portion representing the tax levied by this article to the collector. Copies of said integrated tax schedules shall be available to dealers on request to the authority or to the collector.

(f) The collection of the tax herein levied shall be made in the name of the authority by the collector.

(Ord. No. 8416, § 2, 4-15-96)

Sec. 22-73. - Exemptions and exclusions from tax.

(a) The taxes imposed and levied by this article shall be subject to all exemptions and exclusions provided in Chapter 2 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, with respect to taxes levied by any local governmental subdivision or school board.

(b)  It is not the intention of this article to levy a tax upon articles of tangible personal property imported into the au
or produced or manufactured in the authority, for export; nor is it the intention of this article to levy a tax on bo
interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the use, the
consumption, the distribution, and the storage to be used or consumed in the authority, of tangible personal pr
after it has come to rest in the authority and has become a part of the mass of property in the authority.

(c)  No tax shall be due under this article on the sale of any goods or personal tangible property delivered or
services performed outside the territorial limits of the authority.

(d) (1)  The tax imposed and levied by this article shall not apply to the sale, use, lease, or rental of machinery and
equipment purchased, used, leased, or rented by a manufacturer for use in a plant facility predominately
and directly in the actual manufacturing for agricultural purposes or the actual manufacturing process of
an item of tangible personal property, which is for ultimate sale to another and not for internal use, at one
or more fixed locations within the authority.

(2)  For purposes of this paragraph, "machinery and equipment", "manufacturer", "manufacturing",
"manufacturing for agricultural purposes", "plant facility", and "used directly" shall have the same
meaning as defined in R.S. 47:301(3)(i)(ii).

(Ord. No. 8416, § 3, 4-15-96; Ord. No. 8821, § 2, 11-21-05)

Sec. 22-74. - Collection of tax by dealer.

(a)  The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as
provided for the collection of the tax on motor vehicles in section 22-74(f) of this article. The dealer shall have
the same right in respect to collecting the tax from the purchaser, or in respect to non-payment of the tax by
the purchaser, as if the tax were a part of the purchase price of the property, or charges for services, and
payable at the time of the sale; provided, however, that the governing body shall be joined as a party plaintiff
in any action or proceeding brought by the dealer to collect the tax.

(b)  Every dealer located outside the authority making sales of tangible personal property for distribution,
storage, use or other consumption in the authority shall, at the time of making sales, collect the tax imposed
by this article from the purchaser.

(c)  The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the
average equivalent thereof, in conformity with the rules and regulations to be issued by the collector, to the
sale price or charge, and when added, such tax shall constitute a part of such price or charge and shall be a
debt from the purchaser or consumer to the dealer, until paid and shall be recoverable at law, in the same
manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided shall be
liable for and pay the tax himself.

(d)  In order to aid in the administration and enforcement of the provisions of this article, on or before July 1,
1996 or in the case of dealers commencing business after July 1, 1996, or opening new places after such date,
within three (3) days after such commencement or opening, every dealer purchasing or importing tangible
personal property for resale shall file with the collector a certificate of registration in a form prescribed by
him. The collector shall within five (5) days after such registration, issue without charge to each dealer who
purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the
purchaser, and duplicates thereof, for each additional place of business of such dealer. Each certificate or
duplicate shall state the place of business to which it is applicable. Such certificates of authority shall be

prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer ceasing to do business at the place therein named.

(e)  A manufacturer, wholesale dealer or jobber shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the authority the tax herein imposed.

(f)  The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semitrailer, motor bus, house trailer, or any other vehicle subject to the Louisiana vehicle registration license tax of the State of Louisiana shall be collected as provided in this section.

  (1)  The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as agent of the collector of revenue of the State of Louisiana, at the time of application for a certificate of title or vehicle registration license. No certificate of title or vehicle registration license shall be issued until the tax has been paid.

    a.  The tax levied by this article on the sale of any such vehicle shall be due at the time of registration or any transfer of registration as required by the Vehicle Registration License Tax Law of the State of Louisiana (R.S. 47:451. et seq.).

    b.  The tax levied by this article on the use of any such vehicle in the authority shall be due at the time first registration in the authority is required by the Vehicle Registration License Tax Law (R.S. 47:451, et seq.).

  (2)  Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicle purchased and traded in and the sales or use tax to be paid along with such other information as the collector by regulation may require. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

  (3)  It is not the intention of this section to grant an exemption from the tax levied this article to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of the sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the collector of revenue of the State of Louisiana, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the collector of revenue in accordance with an agreement by and between the collector of revenue and the governing body, the execution of which agreement is hereby authorized. Said tax so collected for said collector of revenue shall be paid to the authority as soon as possible, and in any event, at least once each month, all in accordance with said agreement. The collector of revenue shall

withhold from any such taxes collected for the authority one-half of one (½) percent of the proceeds of such tax so collected, which shall be used by the collector of revenue to pay the cost of collecting and remitting the tax to the authority and remit the remainder of such taxes collected to the collector of the authority.

(4) The provision contained in section 22-71 of this article which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this section. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(g) All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the authority. Such auctioneers or the company which they represent shall be responsible for the collection of the tax levied by this article on articles sold by them and shall report and remit to the collector as provided in this article.

(h) A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect and tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(i) Where the tax collected for any period is in excess of one percent, the total tax collected must be paid over to the collector, less the compensation to be allowed the dealer as hereinafter set forth. This provision shall be construed with other provisions of this article and given effect so as to result in the payment to the collector of the total tax collected if in excess of one (1) percent.

(j) Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the authority and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the authority within fifteen (15) days after such sale was made or rendered.

(k) For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. No. 8416, § 4, 4-15-96)


Sec. 22-75. - Collection of tax from dealer.

(a) The tax imposed by this article shall be collectible by the collector on behalf of the authority from all persons engaged as dealers.

(1) The collector is duly authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one (1) time in the official journal of the authority.

(2) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the taxes imposed hereunder.

(3)  Any duly authorized representative or deputy of the collector, when acting under his authority and direction the same power as is conferred upon the collector by this article.

(4)  The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(b)  On all tangible personal property imported or caused to be imported, from other states or other political subdivisions of this state, or foreign countries, and used by him, the dealer, shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption in the authority. For the purposes of this article, the use, or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(c)  A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another taxing authority. The credit provided herein shall be granted only in the case where such taxing authority, to which a similar tax has been paid grants a similar credit:as provided herein, provided that members of the armed forces who are residents of the authority and whose orders or enlistment contracts stipulate a period of active duty of two (2) years or more and who purchase automobiles outside of the authority, while on such tour of active duty shall be granted such credit in connection with the purchase of such automobiles whether or not the taxing authority to which such tax thereon has been paid grants a similar credit as herein provided. The proof of payment of a similar tax to another taxing authority shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by the authority upon the particular tangible personal property which is the subject of the use tax imposed by this article.

(Ord. No. 8416, § 5, 4-15-96)

Sec. 22-76. - Returns and payment of tax.

(a)  The tax levied under this article shall be due and payable by all dealers monthly on the first day of each month.

(b)  For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the twentieth (20th) day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payments for services, as the case may be, arising from all taxable transactions during the preceding calendar month, running from the effective date of this article to the end of such month. Thereafter, like returns shall be prepared and transmitted to said collector by all dealers, on or before the twentieth (20th) day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the returns required hereunder shall compute and remit to the authority the required tax due for the preceding calendar month.

(c) At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the authority therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause said tax to become delinquent.

All taxes, interest and penalties imposed under this article shall be paid to the authority in the form of remittance required by the collector.

(d) Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto shall be reported and the tax shall be paid with respect thereto in accordance with such rules and regulations as the collector may prescribe.

(e) The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this article.

(f) For the purpose of collecting and remitting to the authority the tax imposed by this article, the dealer is hereby declared to be the agent of the authority.

(Ord. No. 8416, § 6, 4-15-96)


Sec. 22-77. - Records and inspection thereof.

(a) It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for a period of three (3) years, all invoices, bills of lading and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices and other records shall be open to examination at all reasonable hours, by the collector or any of his duly authorized agents.

(b) Each dealer shall secure, maintain and keep, for a period of three (3) years a complete record of sales of services and tangible personal property received, used, sold at retail, distributed or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading and other pertinent records and papers as may be required by the collector for the reasonable administration of this article and all such records shall be open for inspection to the collector at all reasonable hours.

(c) In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of purchase, the article or articles purchased and the price at which the article or articles are sold to the purchaser. These records shall be open to inspection to the collector or his duly authorized assistants at all reasonable hours.

(d) For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts and documents of any dealer. It shall be the duty of every dealer and every director, official, agent or employee of every dealer, to exhibit to the collector or to any such employee

of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(e)   For the purpose of enforcing the collection of the tax levied by this article, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in the authority, whether said companies, agencies or firms conduct their business by truck, rail, water, airplane or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(f)   The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(g)   The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:(a) in an action or proceeding under the provisions of this article; and, (b) when the records of files or the facts shown thereby are directly involved in such action or proceeding.

(h)   Nothing contained in this article shall be construed to prevent:

   (1)   The delivery to a dealer or his duly authorized representative of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

   (2)   The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

   (3)   The inspection by the legal representative of the governing body of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has beets instituted in accordance with the provisions hereof.

   (4)   The examination of the records and files by the collector or his duly authorized agents; or

   (5)   The furnishing, in the discretion of the collector of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Ord. No. 8416, § 7, 4-15-96)


Sec. 22-78. - Imported goods; permits.

In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer who desires to import tangible personal property into the authority, which property is subject to the tax imposed by this article, to apply to the collector or his assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Ord. No.8416, § 8, 4-15-96)

Sec. 22-79. - Remedies for collection, including interest, penalties, etc.

(a) For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property subject to the provisions of this article imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, or leased or rented within the authority, and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the collector.

(b) Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the governing body is hereby vested with authority on motion in a court of competent jurisdiction, to take a rule on the said dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why said dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the governing body, prohibiting such dealer from further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(c) If the amount of tax due by the dealer is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate of twelve (12) percent per annum, or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five (5) percent for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five (25) percent in aggregate, of the tax due, when such tax is not paid, within thirty (30) days of the date the tax first becomes due and payable, and in the event of suit, attorney's fees at the rate of ten (10) percent of the aggregate of tax, interest and penalty.

(d) In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of service, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price

of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority, and assess and collect the tax and interest, plus penalty, that may have accrued thereon, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "Ouachita Parish Sales Tax District No. II" in the same manner as are the taxes collected under this article.

If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a special penalty of five (5) percent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(e) If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors or assigns, if any, shall withhold sufficient amount of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners or assignors.

(f) In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(g) In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(h) In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true and actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the authority in the same manner as above provided in paragraph (g), with interest plus penalties, if such have accrued.

(i) In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records or other documents by the collector, the collector may proceed by rule, in term or in vacation, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

(j) If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him, or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and said collector may require such dealer, or the agents or employees of such dealers, to give testimony or to answer interrogatories, under oath administered by the collector or his assistants, respecting the sale at retail, the use, or consumption or distribution, in the authority, or lease or rental of tangible personal property or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(k) If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's, books, records, or paper, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return, or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examinations, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(l) The importation into the authority of tangible personal property which is subject to tax, by truck, automobile, other means of transportation other than a common carrier, without having first obtained a permit as described in section 22-78 (if the tax imposed by this article on said tangible personal property has not been paid), is prohibited and shall be construed as an attempt to evade payment of the said tax, and the truck, automobile, or means of transportation other than a common carrier, and the taxable property may be seized by the collector in order to secure the same as evidence in a trial, and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(m) The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay any tax, interest, penalties, or costs under this article, shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found whether said delinquent dealer be a resident or non-resident of the authority, and whether said tangible

personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or associations of persons; provided, that it is the intention of this article to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to the authority.

In addition to the penalties prescribed in this and the preceding section (paragraph (l)), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisonment in jail for a period of not more than ninety (90) days or by both such fine and imprisonment, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(n)  The liability of any person, or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer to the authority recoverable in any court of competent jurisdiction in an action at law by the authority. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the collector.

(o)  The authority may require a bond or other security for the payment of any taxes, fees, interest and penalties, or any of them imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(p)  If any person, or dealer, shall fail to make a return or report as required by this article, the collector, within three (3) years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him assess the taxes, fees, penalties and interest due the authority from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(q)  After a return or report is filed under the provisions of this article, the collector shall cause to be examined and made such further audit or investigation as he may deem necessary, and if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the governing body from such person, or dealer, and make demand upon him for payment.

(r)  If the collector finds that any person, or dealer liable for the payment of any tax under this article designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly, or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

All taxes, penalties and interest assessed pursuant to the provisions of the last three (3) preceding sections, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by this governing body. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinbefore provided, and any other penalties provided by this article, a sum equivalent to five (5) percent of the tax.

(s)  If any dealer against whom taxes have been assessed under the provisions of this article, shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of property or rights to property belonging to the delinquent dealer.

(t)  Any dealer who shall neglect, fail or refuse to collect the tax as provided in section 22-74 of this article upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(u)  For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court:

(1)  Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under section 22-74 of this article, and who fails, neglects and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2)  Any dealer who shall fail, neglect or refuse to collect the tax as provided in sections 22-74 of this article, whether by himself or through his agents or employees;

(3)  Any dealer violating the provisions of section 22-79(e) and (f) of this article;

(4)  Any dealer who fails to permit an inspection of records by the collector as provided in section 22-77(a) of this article;

(5)  Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 22-77(c) of this article;

(6)  Any dealer, wholesale dealer or jobber who violates the provisions of sections 22-74(d) and (e) of this article;

(7)  Any dealer who violates the provisions of section 22-77(b) of this article;

(8)  Any dealer falling or refusing to furnish any return as provided in section 22-76(a) through (f) of this article, or failing or refusing to furnish a supplement return or other data required by the collector;

(9)  Any dealer required to make, render, sign or verify any return, as provided in section 22-76(a) through ((f) of this article, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10)  The president, executive officers, managers and directors of any corporation, who shall violate the provisions of section 22-79(v) of this article; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(11)  Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(v) No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganiz or consolidation under any law of this state by the action of the stockholders or by the decree of any court until taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this article s have been paid in full. No foreign corporation which has obtained authority from the state to transact business authority may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and charges imposed upon said corporation in accordance with the provisions of this article shall have been fully pa

(w) Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in section 22-79(c) of this article, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

In addition, such person or dealer, shall pay the special penalty or penalties provided by this article.

(x) All penalties and interest imposed by this article shall be payable to and recoverable by the Authority in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charge in excess of the rate of one-half of one (½) percent per month.

(Ord. No. 8416, § 9, 4-15-96)

Sec. 22-80. - Refunds and reimbursements.

(a) Whenever tangible personal property sold is returned to the dealer by the purchaser or consumer or in the event the amount paid or charged for services is refunded or credited to the purchaser or consumer after the tax imposed by this article has been collected, or charged to the account of the purchaser, consumer, or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector; and in case the tax has not been remitted by the dealer to the authority, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by the sworn statement, which period shall not be longer than ninety (90) days, the authority through the collector shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for the tax collected. This memorandum shall be accepted by the authority at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(b) If any dealer shall have given to the collector notice within the time provided in paragraph (a) of this article, such dealer thereafter, at any time within two (2) years after the payment of any original or additional tax assessed against him, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the ground thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceedings, on appeal has been finally determined.

(c) If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, the said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(d) Where no question of fact or law is involved, and it appears from the records of the authority that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact, the collector may, at any time within two (2) years of payment, upon making a record in writing of his reason therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(e) When, to secure compliance with any of the provisions of this article any moneys shall have been deposited with the authority by any dealer, and shall have been paid over to the authority and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize re-payment from any appropriations available for such purpose to such dealer of such money, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. No. 8416, § 10, 4-15-96)

Sec. 22-81. - Remedies of the dealer.

(a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of and such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period of thirty (30) days; and if suit is filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate of two (2) percent per annum covering the period from the date the said funds were received by the collector to the date of refund.

(b) This section shall afford a legal remedy and right of action in any state, parish or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(c) This section shall be construed to provide a legal remedy in the state, parish or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of Congress or the United States Constitution, or the Constitution of the State of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principle of law involved at an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d) If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such

protest shall not abate any penalty for non-payment nor shall it stay the right of the collector to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, parish or federal court of competent jurisdiction as provided for in section 22-81(a).

(Ord. No. 8416, § 11, 4-15-96)

Sec. 22-82. - Other administrative provisions.

(a) The collector is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures which may be hereafter established by the authority.

(b) The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the Constitution of the State of Louisiana or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(c) The collector shall design, prepare, print and furnish to all dealers or make available to said dealers all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided.

(d) The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne out of appropriations by the authority as provided in section 22-83(a) of this article.

(e) In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this article and containing the sale price, and delivery is made after the effective date of this article, and such sale is taxable under this article, the seller shall add the tax imposed by said article to said sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of this article, but are actually furnished after the effective date hereof. The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into or stored within the territorial limits of the authority prior to the effective date of this article, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(f) It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, deposition, statement, or report required by the collector in the administration of this article.

(g) The collector, or any deputy by him duly designated, may conduct hearings, and have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incidental to the administration of this article. Such examination or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

(h) Any notice required to be given by the collector pursuant to this article, may be given by personal service on

the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(i)   The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidenced in all courts of competent jurisdiction of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of five dollars ($5.00) which shall be treated as revenue of the tax levied hereby.

(j)   Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the authority of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or any other law, nor shall this article be construed as repealing or altering any such laws or article.

(k)   If any section, sub-section, sentence, clause, or phrase of this article be held invalid such decision shall not affect the validity of the remaining portions of this article. The authority hereby declares that it would have passed this article, and each section, sub-section, sentence, clause and phrase thereof irrespective of the fact that any one or more sections, sub-sections, sentences, clauses or phrases may be so declared invalid.

(l)   The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the authority of any kind or nature.

(m)   This article may be cited or otherwise referred to as the "Ouachita Parish Sales Tax District No. II, Sales and Use Tax Ordinance."

(Ord. No. 8416, § 12, 4-15-96)


Sec. 22-83. - Disposition of tax proceeds and revenues.

(a)   All taxes, revenues, funds, assessments, monies, penalties, fees or other income which may be collected or come into the possession of the collector, as an agent of the authority under any provision or provisions of this article, shall be deposited daily by the collector for the account of the authority in a special fund designated "Ouachita Parish Sales Tax District No. II, One-Half of One Percent Sales Tax Fund," which fund shall be a separate bank account established and maintained by the collector; provided, however, any amount which is paid under protest or which is subject to litigation shall be transferred to a separate account established by the collector pending the final determination of the protest of litigation.

(b)   Out of the tax funds on deposit to the credit of the authority in said "Ouachita Parish Sales Tax District No. II, One-Half of One Percent Sales Tax Fund," the collector shall deduct the reasonable and necessary costs and expenses of administering and collecting the tax herein levied and administering the provisions of this article as well as the various administrative and enforcement procedures established in said article. Such costs and expenses shall include, by way of example but not of limitation, all necessary costs and expenses incurred for

office equipment, furniture and supplies, vehicles and the maintenance and operation thereof, printing, postage, rent, salaries, and other related items. Such costs and expenses shall be reported monthly by the collector to the authority.

(c) After the reasonable and necessary costs and expenses of the collection and administration of the tax have been paid as provided for in section 22-83(b), the remaining balance in the "Ouachita Parish Sales Tax District No. II, One-Half of One Percent Sales Tax Fund" shall be available for appropriation and expenditure in accordance with the terms of the proposition authorizing the levy of the tax and having been approved by a majority of the qualified electors of the authority voting at a special election held therein on October 21, 1995.

(Ord. No. 8416, § 13, 4-15-96)

Sec. 22-84. - Miscellaneous.

(a) Any provisions of this article to the contrary notwithstanding, the authority may contract with anyone for the performance of any or all of the duties of the collector provided for herein. It is hereby recognized that the use tax herein levied is being levied by and on behalf of the authority as herein provided and that the collector is acting as agent for the authority for the purpose of administration and collection of the use tax.

(b) This article shall be published in one issue of "The News Star World," a newspaper published in the City of Monroe, in the Parish of Ouachita, Louisiana and being the official journal of and a newspaper of general circulation in said Authority, and this article shall be in full force and effect on and after July 1, 1996.

(c) A certified copy of this Article shall be recorded as soon as possible in the mortgage records of the Parish of Ouachita, State of Louisiana.

(Ord. No. 8416, § 14, 4-15-96)

ARTICLE III. - RETAIL SALES AND USE TAX

*Footnotes:*

--- **(1)** ---

**Editor's note—** *Ord. No. 98-117, §§ 1—15, adopted May 14, 1998, amended former Art. III, Divs. 1—12, in its entirety to read as herein set out. Former Art. III pertained to similar subject matter and derived from the following:*

| Ord. No. | Section | Date |
|---|---|---|
| 174 | 1.01—14.01 | 11-16-77 |
| 237 | 1 | 9-5-79 |
| 272 | 1—3 | 7-23-80 |

| Ord. No. | Section | Date |
|---|---|---|
| 405 | — | 12-29-82 |
| 624 | — | 7-3-85 |
| 87-99 | 1 | 6-11-87 |
| 95-137 | 1 | 3-9-95 |

DIVISION 1. - GENERALLY

Sec. 14-41. - Definitions.

As used in this article, the following terms, words and phrases shall have the meaning ascribed to them in this section, except when the context clearly indicates a different meaning:

*Agricultural commodity* shall mean horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

*Business* shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this article to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

*Collector* shall mean the Plaquemines Parish Government through its duly authorized representatives which includes the parish president and sales tax administrator and such other person or persons, agency or instrumentality designated by the parish government to handle and accomplish the collection, enforcement and administration of sales and use taxes for any on behalf of the Parish Government, including the tax levied hereby.

*Cost price* shall mean the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service costs, except those service costs for installing the articles of tangible personal property if such cost is separately billed to the customer at the time of installation, transportation and charges or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.

*Dealer* shall include every person who does any of the following:

(1) Manufactures or produces tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or storage to be used or consumed in this parish;

(2) Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or storage to be used or consumed in this parish;

(3) Sells at retail, or who offers to sell at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in this parish, tangible personal property;

(4) Leases or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

(5) Is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

(6) Sells or furnishes any of the services subject to the tax under this article or purchases or receives any of the services subject to tax under this article; or

(7) Is engaged in business in the parish. Engaging in business in the taxing jurisdiction means any of the following methods of transacting business: maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business, or by having an agent, salesman or solicitor operating within the taxing jurisdiction under the authority of the seller or its subsidiary irrespective of whether such place of business, agent, salesman or solicitor is located in the taxing jurisdiction permanently or temporarily, or whether such seller or subsidiary is qualified to do business in the taxing jurisdiction, or any person who makes deliveries of tangible personal property into the taxing jurisdiction other than by a common or contract carrier, or any person who makes deliveries of tangible personal property into the taxing jurisdiction in a vehicle owned or operated by such person.

(8) Every person who engages in regular or systematic solicitation of a consumer market in the taxing jurisdiction by the distribution of catalogs, periodicals, advertising fliers, or other advertising, or by means of print, radio or television media, by mall, telegraphy, telephone, computer data base, cable, optic, microwave, or other communication system.

*Distraint* or *distrain* shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this article.

*Governing authority* shall mean and include the Plaquemines Parish Council.

*Gross sales* shall mean the sum total of all sales of tangible personal property, as hereinafter provided and defined, and sales of services without any deductions whatsoever of any kind or character, except as provided in this article.

*Hotel* means and includes any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to transient guests, where such establishment consists of six (6) or more sleeping rooms, cottages or cabins at a single business location.

*Lease* or *rental* shall mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or renter for a consideration, without transfer of the title of such property. The term "lease or rental", however, as herein defined, shall not mean or include the lease or rental made for the purposes of re-lease or re-rental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, other drilling or related equipment used in connection with the operating, drilling, completion or re-working of oil, gas, sulphur or other mineral wells. The term "lease or rental" shall not mean or include a lease or rental of property to be used in performance of a contract with the U.S. Department of the Navy for construction or overhaul of U.S. Naval vessels, nor the lease or rental of airplanes or airplane equipment by a commuter airline domiciled in Louisiana.

*New article* shall mean the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

*Off-road vehicle* means any vehicle which is issued a manufacturer's statement of origin that cannot be issued a registration certificate and license to operate on the public roads of this State because the vehicle does not meet the safety requirements prescribed in R.S. 32:1301 through R.S. 32:1310. This includes vehicles that are issued a title only by the Vehicle Registration Bureau, Department of Public Safety, such as recreational and sport vehicles, but it does not include farm equipment or heavy construction equipment.

*Parish* shall mean the Parish of Plaquemines, State of Louisiana.

*Person* shall include any individual, firm, copartnership, joint venture, association, corporation, cooperative, estate, trust, business trust, receiver, syndicate, the State of Louisiana, any parish, city, municipality, state or public board, public commission or public or semi-public corporation, political subdivision, district or instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

*Purchaser* shall mean any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to taxes under this article.

*Retail sale* or *sale at retail* shall mean a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property and a sale of services, as hereinafter set forth, and shall mean and include all such transactions as the collector, upon investigation finds to be in lieu of sales; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the said collector. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations shall himself be liable for payment of the tax. (The term "Sale at Retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business; except the isolated or occasional sale of vehicles, which are hereby defined to be sales at retail and as such are subject to the tax.)

*Retailer* shall mean and include every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in this parish or any person rendering services taxable hereunder.

*Sale* shall mean any transfer of title or possession, or both, exchange, barter, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing, or serving, for a consideration, of any tangible personal property, consumed on the

premises of the person furnishing, preparing, or serving such tangible personal property. A transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale.

The term sale shall also include the sales of services which means and includes the following:

(1) The furnishing of sleeping rooms, cottages or cabins by hotels;

(2) The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges and universities and recreational events and the furnishing, for dues, fees or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities, but shall not include membership fees or uses of non-profit, civic organizations;

(3) The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

(4) The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services or reproducing written or graphic matter;

(5) The furnishing of laundry, clearing, pressing and dyeing services, including by way of extension and not of limitations the cleaning and renovation of clothing, furs, furniture, carpets and rugs and the furnishing of storage space for clothing, furs and rugs;

(6) The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities;

(7) a. The furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes, and office appliances and equipment.

   b. For the purpose of this subparagraph, tangible personal property shall include machinery, appliances, and equipment which have been declared immovable by declaration under the provisions of Article 467 of the Louisiana Civil Code and things which have been separated from land, buildings or other constructions permanently attached to the ground or their component parts as defined in Article 466 of the Civil Code.

(8) The term sale of service shall not include an action performed pursuant to a contract with the U.S. Department of the Navy for construction or overhaul of U.S. Naval vessels.

*Sales price* shall mean the total amount for which tangible personal property is sold, less the market value of any article traded in, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of material used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six (6) per cent of the amount financed, and losses; provided that, cash discounts allowed and taken on sales shall not be included, nor shall the sale price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold. At such time as the article traded in is sold, the sales tax shall be collected in the same manner and to the same extent as in the case of the original sale.

Sales price shall not include any amount designated as a cash discount or a rebate by the vendor or manufacturer of any new vehicle subject to the motor vehicle license tax. For purposes of this subparagraph "rebate" means any amount offered by a vendor or manufacturer as a deduction from the listed retail price of

the vehicle.

Sales price shall not include the first fifty thousand dollars ($50,000.00) of the sales price of new farm equipment used in poultry production.

*Storage* shall mean and include any keeping or retention in this parish of tangible personal property for use or consumption in this parish or for any other purpose other than for sale at retail in the regular course of business.

*Tangible personal property* shall mean and include personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes or other obligations or securities; gold, silver, or numismatic coins, or platinum, gold or silver bullion having a total value of one thousand dollars or more; or proprietary geophysical survey information or geophysical data analysis furnished under a restricted use agreement even though transferred in the form of tangible personal property. The term "tangible personal property" shall also not include the repair of a vehicle by a licensed motor vehicle dealer which is performed subsequent to the lapse of the applicable warranty on that vehicle and at no charge to the owner of the vehicle. For the purpose of assessing a sales and use tax on this transaction, no valuation shall be assigned to the services performed or the parts used in the repair. (The clause relative to warranty repairs shall be effective August 21, 1992.)

*Use* shall mean and include the exercise of any rights or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business or the donation to a school in the state which meets the definition provided in R.S. 17:236 or to a public or recognized independent institution of higher education in the state of property previously purchased for resale in the regular course of a business.

*Use tax* shall include the use, the consumption, the distribution and the storage for use or consumption, as herein defined.

(Ord. No. 98-117, § 2, 5-14-98; Ord. No. 00-82, § 1, 4-27-00; Ord. No. 00-113, § 1, 5-25-00)

Secs. 14-42—14-50. - Reserved.

DIVISION 2. - IMPOSITION OF TAX

Sec. 14-51. - Levy.

There is hereby levied from and after January 1, 1978, for the purposes stated in the proposition set forth in the preamble to this ordinance, a tax upon the sale at retail, the use, the lease or rental, the consumption, the distribution and the storage for use or consumption of tangible personal property and upon the sale of services within this parish as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one (1) per cent of the sales price of each item or article of tangible personal property when sold at retail in this parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the governing authority and to include each and every retail sale.

(2) At the rate of one (1) per cent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish,

provided there shall be no duplication of the tax.

    (3)  At the rate of one (1) per cent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

    (4)  At the rate of one (1) per cent of the monthly lease rental price paid by lessee or renter, or contracted or agreed to be paid by lessee or renter to the owner of the tangible personal property.

    (5)  At the rate of one (1) per cent of the gross proceeds derived from the sale of services, as defined herein.

    (6)  At the rate of one (1) per cent of interstate sales to the extent authorized by Act 155 of 1990 (R.S. 47:305(E)).

    (7)  At the rate of one (1) per cent of refinery gas to the extent and in the manner authorized by Act 476 of 1990 (R.S. 47:305D (1) (b)).

(Ord. No. 98-117, § 3, 5-14-98; Ord. No. 00-82, § 1, 4-27-00; Ord. No. 00-113, § 1, 5-25-00)

Sec. 14-52. - Credit for sales tax against tax due on rental.

Sales or use taxes paid to this governing authority on the purchase of new motor trucks and new motor tractors licensed and registered for twelve thousand (12,000) pounds or more, under the provisions of Section 462 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:462), new trailers and new semi-trailers licensed and registered for sixteen thousand (16,000) pounds or more under the provisions of said section for rental may be deducted as a credit against the tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has not been exceeded. The sales tax paid to another parish or taxing authority in the State of Louisiana, or in a county in a state other than Louisiana on the purchase price of property is not deductible from the tax subsequently due on the rental of such property in this parish. Property imported by the lessee for use in this parish that has been previously used by him in another parish or county is not subject to any tax on the value when imported, but is only subject to the tax that applies on rental payments.

If the tax on rental income fails to exceed the credits for sales or use tax paid, no refund is due the purchaser.

Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(Ord. No. 98-117, § 3, 5-14-98)

Sec. 14-53. - Collection, generally.

The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(Ord. No. 98-117, § 3, 5-14-98)

Sec. 14-54. - Tax additional.

The tax so levied is, and shall be in addition to all other taxes, whether levied in form of sales, excise, or license, privilege or property taxes levied by any other ordinance or resolution of the governing authority.

(Ord. No. 98-117, § 3, 5-14-98)

Sec. 14-55. - Integrated bracket scheduled.

The dealer shall collect the tax levied by this article, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the Collector of Revenue of the State of Louisiana under the authority of Section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). Such schedule or schedules shall include, in addition to the tax hereby levied pursuant to the election held on October 29, 1977, all sales taxes levied by the State of Louisiana, and any sales taxes levied by any and all municipalities in the parish. The dealer will remit that portion of such total taxes representing the tax levied by this article to the collector. Copies of said integrated bracket schedules are available to dealers on request to the collector.

(Ord. No. 98-117, § 3, 5-14-98)

Sec. 14-56. - In whose name collection to be made.

The collection of the tax herein levied shall be made in the name of the parish of the collector, acting on behalf of this governing authority.

(Ord. No. 98-117, § 3, 5-14-98)

Secs. 14-57—14-60. - Reserved.

DIVISION 3. - EXEMPTIONS AND EXCLUSIONS FROM TAX

Sec. 14-61. - Tax inapplicable to certain transactions.

The taxes imposed by this article shall not apply to transactions involving the following tangible personal property:

(1) The gross proceeds derived from the sale in this parish of livestock, poultry and other farm products direct from the farm, provided that such sales are made directly by the producers. When sales of livestock, poultry and other farm products are made to consumers by any person, other than a producer, they are not exempt from the tax imposed by this article, provided, however, that every agricultural commodity sold by any person, other than a producer, to any other person who purchases not for direct consumption but for the purpose of acquiring raw products for use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be exempted from any and all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer or any other utilization of or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one (1) tax be exacted.

(2) The "use tax" shall not apply to livestock and livestock products, to poultry and poultry products, to farm, range and agricultural products when produced by the farmer and used by him, and members of his family.

(3) Where a part of the purchase price is represented by an article traded in, the sales tax is payable on the total purchase price less the market value of the article traded in.

(4)   The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this
the following tangible personal property is hereby specifically exempted from the tax imposed by this article
steam, water (not including mineral water or carbonated water or any water put up in bottles, jugs, or conta
which are not exempted) electric power or energy, newspapers, fertilizer and containers used for farm prod
sold directly to the farmer, natural gas, fuel oil and coal when used for boiler fuel; new trucks, new automob
new aircraft withdrawn from stock by factory authorized new truck, new automobile and new aircraft dealer
approval of the Collector of Revenue, State of Louisiana, and titled in the dealer's name for use as demonstr
the sale of prescription drugs under the pharmaceutical vendor program of Title XIX of the Social Security Ac
administered by the Health and Human Resources Administration of the State of Louisiana.

(5)   The sales of materials, equipment and machinery which enter into and become component parts of
ships, vessels, including commercial fishing vessels, or barges, of fifty (50) tons load displacement and
over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels or barges when sold
by the builder thereof.

(6)   The sales of materials and supplies to the owners or operators of ships or vessels operated exclusively in
foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship
or vessel for use or consumption in the maintenance and operation thereof; nor to repair services
performed upon ships or vessels operating exclusively in foreign or in interstate coastwise commerce;
nor to the materials and supplies used in such repairs where such materials and supplies enter into and
become a component part of such ships or vessels; nor to laundry services performed for the owner or
operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce,
where the laundered articles are to be used in the course of the operation of such ships or vessels.

The provisions of this subsection do not apply to drilling equipment used for oil exploitation or
production unless such equipment is built for exclusive use outside the boundaries of the state and is
removed forthwith from the state upon completion.

(7)   The sale at retail of seeds for use in the planting of any kind of crops.

(8)   The sale of admission tickets by Little Theater organizations.

(9)   The sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit
organization known as a symphony organization or a society or organization engaged in the presentation
of musical performances provided that this exemption shall not apply to performances given by out-of-
state or non-resident symphony companies, nor to any performance intended to yield a profit to the
promoters hereof.

(10)   The amount paid by the operator of a motion picture theater to a distributing agency for use of films of
photoplay.

(11)   The sale at retail of pesticides used for agricultural purposes, including particularly, but not by way of
limitation, insecticides, herbicides, and fungicides.

(12)   The sale at retail of tangible personal property purchased within the parish for use exclusively beyond the
territorial limits of the parish. If tangible personal property purchased tax free under the provisions of
this section is later brought into this parish for use herein, the property shall be subject to the use tax as
of the time it is brought into this parish for use herein, subject to the credit provided in section 14-93 of
this article.

If the first use of tangible personal property purchased in the parish for use beyond the territorial limits of the parish occurs in a city or parish of the State of Louisiana or in a city or county in a state other than Louisiana which imposes a sales and use tax, exemption provided herein shall apply only if:

a.  The purchaser is properly registered by sales and use tax purposes in a city or parish in the State of Louisiana or in a city or county in a state other than Louisiana, wherein such tangible personal property is used, and regularly reports and pays sales and use tax in such other city or parish in the State of Louisiana or in a city or county in a state other than Louisiana; and

b.  The city or parish in the State of Louisiana or the city or county in a state other than Louisiana in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that city or parish in the State of Louisiana or city or county in a State other than Louisiana for use in this parish; and

c.  The purchaser obtains from the collector a certificate authorizing him to make nontaxable purchases authorized under this section.

(13)  The amounts paid by radio and television broadcasters for the right to exhibit or broadcast copyrighted material and the use of film, video or audio tapes, records or any other means supplied by licensors thereof in connection with such exhibition or broadcast.

(14)  The purchase or rental by private individuals of machines, parts therefor and materials and supplies which a physician has prescribed for home renal dialysis.

(15)  No new or additional sales or use tax shall be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of this article or to sales or services involved in such contracts entered into and reduced to writing within ninety (90) days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to such effective date.

(16)  Purchases of equipment used in fire fighting by bona fide organized public volunteer fire departments.

(17)  The sale of admissions to entertainment events furnished by recognized domestic nonprofit charitable, educational and religious organizations when the entire proceeds from such sales, except for necessary expenses in connection with the entertainment events, are used for the purposes for which the organizations furnishing the events were organized.

(18)  Sales of tangible personal property at, or admission charges for, events sponsored by domestic, civic, educational, historical, charitable, fraternal or religious organizations, which are nonprofit, when the entire proceeds, except for the necessary expense connected therewith, are used for educational, charitable, religious or historical restoration purposes.

The exemption provided herein shall not apply to any event intended to yield a profit to the promoter or to any individual contracted to provide services or equipment, or both, for the event.

This subsection shall not be construed to exempt any organization or activity from the payment of sales or use taxes otherwise required by law to be made on purchases made by these organizations.

This subsection shall not be construed to exempt regular commercial ventures of any type such as bookstores, restaurants, gift shops, commercial flea markets and similar activities that are sponsored by organizations qualifying hereunder which are in competition with retail merchants.

Such exemption shall be available pursuant to regulations prescribed by the collector.

(19) Sales or purchases made by blind persons in the conduct of a business which is exempt from license taxes by R.S. 46:371 through 46:373.

(20) Necessary fees incurred in connection with the installation and service of cable television. Such exemption shall not apply to the purchases made by any cable television system, but shall only apply to funds collected from the subscriber for regular service, installation and repairs.

(21) Income on receipts from any coin-operated washing or drying machine in a commercial laundromat. A commercial laundromat, for purposes of this section, is defined to be any establishment engaged solely in the business of furnishing washing or drying laundry services by means of coin-operated machines.

(22) The value of catalogs distributed or intended for distribution in the taxing jurisdiction, without charge to the recipient.

(23) Samples approved by the United States Food and Drug Administration which are manufactured in Louisiana or imported into Louisiana for distribution without charge to physicians, dentists, clinics or hospitals.

(24) The first fifty thousand dollars ($50,000.00) for each item of farm equipment. "Farm equipment" shall include the following:

   a. Rubber tired farm tractors, cane harvesters, cane loaders, cotton pickers, combines, hay balers, and attachments and sprayers.

   b. Clippers, cultivators, discs, plows and spreaders.

   c. Irrigation wells, drives, motors and equipment.

   d. Other farm implements and equipment used for agricultural purposes in the production of food and fiber.

   e. On the farm facilities used to dry or store grain or any materials used to construct such on the farm facilities.

(25) Certain self-propelled vehicles removed from inventory, defined as follows: A Louisiana retail dealer who ordinarily purchases for resale equipment of a type not subject to titling under R.S. Title 32, such equipment having a dealer's cost of not less than three thousand dollars ($3,000.00) per unit, and such equipment being: (1) mobile, motorized self-propelled farm equipment and attachments thereto; (2) mobile, motorized self-propelled earth moving equipment and attachments thereto; and/or (3) mobile, motorized self-propelled construction equipment and attachments thereto; and who withdraws an item of such equipment from inventory, for rental, as a method of promoting sales, shall be exempt from the payment of a sales or use tax on the purchase price of the property when withdrawn from inventory for such rental. Such retail dealer shall be liable for the tax levied on the rental income, and a sales tax upon any ultimate sale of said item.

(Ord. No. 98-117, § 4, 5-14-98; Ord. No. 20-46, § 1, 5-28-20)


Sec. 14-62. - Intent of exclusions.

It is not the intention of this ordinance to levy a tax upon articles of tangible personal property imported into this parish or produced or manufactured in this parish for export; nor is it the intention of this article to levy a tax on a bona fide transaction in interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the

use, the consumption, the distribution, and the storage to be used or consumed in this parish of tangible personal property after it has come to rest in this parish and has become a part of the mass of property in this parish.

(Ord. No. 98-117, § 4, 5-14-98)

Sec. 14-63. - Sales, etc., outside of parish.

    (a)  No tax shall be due under this article on the sale of any goods or tangible personal property delivered or services performed outside the territorial limits of the parish.

    (b)  It is not the intention of this article to levy a tax upon any advertising service rendered by an advertising business, including but not limited to advertising agencies, design firms, and print and broadcast media, or any member, agent, or employee thereof, to any client whether or not such service also involves a transfer to the client of tangible personal property. However, a transfer of mass-produced advertising items by an advertising business which manufactures the items itself to a client for the client's use, which transfer involves the furnishing of minimal services other than manufacturing services by the advertising business shall be a taxable sale or use of tangible personal property; however, in no event shall tax be levied on charges for creative services which are separately stated.

(Ord. No. 98-117, § 4, 5-14-98)

Secs. 14-64—14-70. - Reserved.

DIVISION 4. - COLLECTION OF TAX BY DEALER

Sec. 14-71. - Dealer's rights in collection.

    The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 14-76 of this article. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to non-payment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of the sale; provided, however, that the governing authority shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(Ord. No. 98-117, § 5, 5-14-98)

Sec. 14-72. - Dealers outside parish.

    Every dealer located outside the parish making sales of tangible personal property for distribution, storage, use, or other consumption in this parish shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(Ord. No. 98-117, § 5, 5-14-98)

Sec. 14-73. - Tax to be added to sale price.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the collector, to the sale price or charge, and when added, such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts.

(Ord. No. 98-117, § 5, 5-14-98)

Sec. 14-74. - Certificate of registration for dealers.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article, on or before January 1, 1978, or in the case of dealers commencing business after January 1, 1978, or opening new places of business after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by him. The collector shall, within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be non-assignable and non-transferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(Ord. No. 98-117, § 5, 5-14-98)

Sec. 14-75. - Authority to resell; collection of tax by manufacturer, etc., from retailer.

A wholesale dealer or jobber shall collect the tax imposed by this article unless the purchaser shall have filed a certificate of registration as prescribed herein and received a certificate of authority to collect the tax imposed by this article; however, the payment of the tax by such purchaser shall not relieve the purchaser of the duty hereunder imposed upon such purchaser to collect the tax upon any resale made by him. Such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the taxing jurisdiction, the tax herein imposed.

(Ord. No. 98-117, § 5, 5-14-98)

Sec. 14-76. - Motor vehicle tax collection procedures.

The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, track, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the Louisiana Vehicle Registration License Tax of the State of Louisiana shall be collected as provided in this section.

(1) The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the Collector of Revenue of the State of Louisiana at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

a. The tax levied by this article on the sale of any such vehicle shall be due at the time registration or any transfer of registration is required by the Vehicle Registration License Tax Law of the State of Louisiana (R.S. 47:451, et seq.).

b. The tax levied by this article on the use of any such vehicle in this parish shall be due at the time first registration in this parish is required by the Vehicle Registration License Tax Law (R.S. 47:451, et seq.).

(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowances for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of sales and use tax on vehicles from the vendor to the Vehicle Commissioner as agent for the Collector of Revenue of the State of Louisiana, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent the Collector of Revenue in accordance with an agreement by and between the Collector of Revenue or the vehicle commissioner as agent therefor and the governing authority, the execution of which agreement is hereby authorized. Said tax so collected for said collector of revenue shall be paid to the governing authority and sent to the collector as soon as possible, and in any event at least once each quarter, all in accordance with the said agreement.

(4) The provisions contained in section 14-41(16) which exclude isolated or occasional sales from the definition of a sale at retail are not to apply to the sale of vehicles which are the subject of this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(Ord. No. 98-117, § 5, 5-14-98)

## Sec. 14-77. - Tax not to be advertised as absorbed.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(Ord. No. 98-117, § 5, 5-14-98)

## Sec. 14-78. - When total to be paid over to collector.

Where the tax collected for any period is in excess of one (1) per cent, the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(Ord. No. 98-117, § 5, 5-14-98)

Sec. 14-79. - When tax is not collected upon sale.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the governing authority, and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the governing authority within fifteen (15) days after such sale was made or rendered.

(Ord. No. 98-117, § 5, 5-14-98)

Sec. 14-80. - Dealer allowed to retain percentage.

For the purpose of compensating the dealer in accounting for and remitting the tax levied for this article, each dealer shall be allowed the lesser of one thousand five hundred dollars ($1,500.00) or 0.935 percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. No. 98-117, § 5, 5-14-98; Ord. No. 20-45, § 1, 5-28-20)

Secs. 14-81—14-90. - Reserved.

DIVISION 5. - COLLECTION OF TAX FROM DEALER

Sec. 14-91. - Collector's authority in regard to dealers.

The tax imposed by this article shall be collectible by the collector on behalf of the governing authority from all persons engaged as dealers.

(1)  The collector is duly authorized and empowered to carry into effect the provisions of this ordinance, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full rome and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the governing authority.

(2)  The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the taxes imposed hereunder.

(3)  Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this article.

(4)  The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(Ord. No. 98-117, § 6, 5-14-98)

Sec. 14-92. - Imported tangible personal property.

On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption, in this parish. For the purpose of this article, use or consumption, or distribution, or storage of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(Ord. No. 98-117, § 6, 5-14-98)

Sec. 14-93. - Credit for payment of similar tax in other jurisdiction.

A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in the State of Louisiana, or city or county in a state other than Louisiana. The credit provided herein shall be granted only in the case where the city or parish in the State of Louisiana, or the city or county in a state other than Louisiana to which a similar tax has been paid grants a similar credit as provided herein. The amount of the credit shall be calculated by multiplying the rate of the similar tax paid in the other taxing jurisdiction by the cost price of the tangible personal property at the time of its importation into this taxing jurisdiction. The proof of payment of the similar tax to another city or parish in the State of Louisiana, or to a city or county in a state other than Louisiana shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by this governing authority upon the said tangible personal property which is the subject of the use tax imposed by this article.

(Ord. No. 98-117, § 6, 5-14-98)

Secs. 14-94—14-100. - Reserved.

DIVISION 6. - RETURN AND PAYMENT OF TAX

Sec. 14-101. - When return due; form of return.

Except as provided in sections 14-102 and 14-103 hereunder, the tax levied under this article shall become due and payable by all dealers monthly on the first day of each month, or quarterly, on the first day of the first month of the next succeeding quarter, if written permission has been requested and obtained from the tax collector for the Parish of Plaquemines for the dealer to pay quarterly returns.

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers, on or before the twentieth day of the month following the month in which this tax shall become effective, on or before the twentieth day of the first month of the next succeeding quarter in which this tax shall become effective, should the dealer have obtained written permission to file quarterly reports, to transmit to the collector, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, gross payments for services or use thereof, as the case may be, arising from all taxable transactions during the preceding calendar month, or quarterly period, or during the part of the preceding calendar month, or quarterly period, running from the effective date of this article to the end of such month or quarterly period. Thereafter, like returns shall be prepared and transmitted to the collector by

all dealers on or before the twentieth day of each month, or the twentieth day of the month next following the last month of the quarterly period, for the preceding calendar month or quarterly period. The return shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer, at the time of making the return required hereunder, shall compute and remit to the governing authority the required tax due for the preceding calendar month or quarterly period.

(Ord. No. 98-117, § 7, 5-14-98)

Sec. 14-102. - When quarterly returns permitted.

After the dealer has operated for the first quarter, and the collector has determined that the amount of tax liability averages less than one hundred dollars ($100.00) per month, or the dealer has made written request and has been granted permission pursuant to section 14-101, the dealer shall be notified and shall be permitted to file quarterly returns with the collector. Quarterly returns shall become due and payable on the first day of the first month of the next succeeding quarter.

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the twentieth day of the month next following the last month of the quarter in which this tax shall become due, to transmit to the collector, upon forms prescribed, prepared and furnished by him returns showing the gross sales or purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, gross payments for services, or use thereof, as the case may be, arising from all taxable transactions during the preceding calendar quarter or during the part of the preceding calendar quarter, running from the effective date of this section to the end of such quarter. Thereafter, like returns shall be prepared and transmitted to the collector by all dealers, on or before the twentieth day of each month next following the last month of each calendar quarter. The returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer, at the time of making the return required hereunder, shall compute and remit to the governing authority the required tax due for the preceding calendar quarter.

(Ord. No. 98-117, § 7, 5-14-98)

Sec. 14-103. - Remittance due with return.

At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the governing authority therewith, the amount of tax due under the applicable provisions of this article, and failure to so remit such tax shall cause said tax to become delinquent.

All taxes, interest and penalties imposed under this article shall be paid to the governing authority in the form of remittance required by the collector.

(Ord. No. 98-117, § 7, 5-14-98)

Sec. 14-104. - Reporting of lease or rental proceeds.

Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(Ord. No. 98-117, § 7, 5-14-98)

Sec. 14-105. - Extension of time for making return.

The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this article.

(Ord. No. 98-117, § 7, 5-14-98)

Sec. 14-106. - Dealer's agent for purposes of remittance.

For the purpose of collecting and remitting to this governing authority the tax imposed by this article, the dealer is hereby declared to be the agent of this governing authority.

(Ord. No. 98-117, § 7, 5-14-98)

Sec. 14-107. - Occasional returns; when permitted.

After the dealer has operated for one (1) year, and the collector has determined that the amount of tax liability is less than ten dollars ($10.00) per month in a minimum of six (6) nonsuccessive months of the preceding calendar year, the dealer shall be notified and shall be permitted to file occasional returns with the collector. Occasional returns shall become due and payable on the first day of the month next following month or combination thereof in which the total tax due exceeds ten dollars ($10.00). No report shall be required if there is no tax due or tax collections are less than ten dollars ($10.00). An end of the year report will be required for the previous year or the period since the last report.

(Ord. No. 98-117, § 7, 5-14-98)

Secs. 14-108—14-110. - Reserved.

DIVISION 7. - RECORDS AND INSPECTION THEREOF; PRESCRIPTIVE PERIOD

Sec. 14-111. - What records are required.

It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for a period until the taxes to which they relate have prescribed, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices and other records shall be open to examination at all reasonable hours, by the collector or any of his duly authorized agents.

(Ord. No. 98-117, § 8, 5-14-98)

Sec. 14-112. - How long records to be retained.

Each dealer shall secure, maintain and keep, for a period until the taxes to which they relate have prescribed, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within this parish by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(Ord. No. 98-117, § 8, 5-14-98)

Sec. 14-113. - Wholesale dealers' and jobbers' records.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the parish are hereby required to keep a record of all sales of tangible personal property made in this parish, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the collector or his duly authorized assistants or deputies at all reasonable hours.

(Ord. No. 98-117, § 8, 5-14-98)

Sec. 14-114. - Examination of records of dealers.

For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property and the books, records, papers, vouchers, accounts and documents of any dealer. It shall be the duty of every dealer, to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy", the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(Ord. No. 98-117, § 8, 5-14-98)

Sec. 14-115. - Examination of records of transportation companies.

For the purpose of enforcing the collection of the tax levied by this article, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in this parish whether said companies, agencies or firms conduct their business by track, rail, water, airplane or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(Ord. No. 98-117, § 8, 5-14-98)

Sec. 14-116. - Records of the collector; use as evidence.

The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(Ord. No. 98-117, § 8, 5-14-98)

Sec. 14-117. - Confidentiality of collector's records.

The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except: (a) in an action or proceeding under the provisions of this article; and, (b) when the records or files or the facts shown thereby are directly involved in such action or proceeds.

(Ord. No. 98-117, § 8, 5-14-98)

Sec. 14-118. - Allowable uses of records.

Nothing contained in this article shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3) The inspection by the legal representative of the governing authority of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against who an action or proceeding has been instituted in accordance with the provisions hereof.

(4) The examination of the records and files by the collector or by his duly authorized agents;

(5) The furnishing, in the discretion of the collector, or any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by this state or the United States.

(Ord. No. 98-117, § 8, 5-14-98)

Sec. 14-119. - Prescriptive period.

(a) Sales and use taxes levied by this tax authority shall prescribe as of three (3) years from the thirty-first day of December in the year in which such taxes become due.

(b) The prescriptive period running against any such sales and use tax shall be interrupted by:

(1)  The action of the collector in assessing the amounts of such taxes in the mariner prescribed by law;

(2)  Filing of a summary proceeding in court;

(3)  Filing of any pleadings, either by the collector or by the taxpayer, with any state or federal court;

(4)  Filing of a false or fraudulent return;

(5)  Willful failure to file a return with intent to defraud; or

(6)  Written agreement between the taxpayer and the collector made prior to the lapse of such prescriptive period.

(Ord. No. 98-117, § 8, 5-14-98)


Sec. 14-120. - Reserved.


DIVISION 8. - IMPORTED GOODS—PERMITS


Sec. 14-121. - Permit system authorized.

In order to prevent the illegal importation into this parish of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said track, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into this parish, which property is subject to tax, imposed by this article, to apply to the collector or his assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Ord. No. 98-117, § 9, 5-14-98)


Secs. 14-122—14-130. - Reserved.


DIVISION 9. - REMEDIES FOR COLLECTION, INCLUDING INTEREST, PENALTIES, ETC.


Sec. 14-131. - Presumption of applicability of tax.

For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into this parish or held in this parish by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in this parish, and is subject to the tax herein levied; provided that such presumption shall be prima facie only, and subject to proof furnished to the collector.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-132. - Delinquent dealers subject to judgment to cease business.

Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the governing authority is hereby vested with authority, on motion in a court of competent jurisdiction, to take a role on the said dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference why said dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgement in favor of the parish, prohibiting such dealer from the further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-133. - Interest, penalty, attorney fees set.

If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate of six (6) per cent per annum, fifteen (15) percent (effective 4-1-95), or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five (5) percent for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five (25) percent in aggregate, of the tax due, when such tax is not paid within thirty (30) days of the date the tax first becomes due and payable, and in the event of suit, attorneys' fees at the rate of ten (10) percent of the aggregate of tax, interest and penalty.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-134. - Collection of tax under estimate or returns; penalty for incorrect return.

In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in this parish and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "Sales Tax Fund—1978" in the same manner as are the taxes collected under this article.

If any dealer fails to make any return required by this article or makes an incorrect return and the circumstances indicate willful negligence or intentional disregard of rules or regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty of five (5) percent of the tax or deficiency

found to be due or ten dollars ($10.00), whichever is greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-135. - Liability upon sale of business.

If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assignors.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-136. - Notification of creditors of delinquent dealer.

In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credit or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts in their possession, under their control or owing by them, as the case may be.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-137. - Lack of, or incorrect invoice for, imported property.

In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-138. - Incorrect report of value of lease or rental.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true or actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the governing authority in the manner as above provided (section 14-137),

with interest plus penalties, if such have accrued.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-139. - Ruling to allow examination of transportation records.

In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule shall be made absolute, the same shall be considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-140. - Dealer to appear before collector upon notice.

If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article or otherwise fails to comply with the provisions of this article, for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and said collector may require such dealer, or other agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the collector or his assistants, respecting the sale at retail, the use, or consumption, or distribution, or storage for use or consumption, in this parish, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-141. - Refusal of dealer to appear before collector.

If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's books, records or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association, or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-142. - Seizure of certain imported property.

The importation into this parish of tangible personal property which is subject to tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in section 14-121 (if the tax imposed by this article on said tangible personal property has not been paid), shall be construed as an attempt to evade payment of the said tax and the same is hereby prohibited, and the said truck, automobile, or means of transportation other than a common carrier, and said taxable property may be seized by the governing authority in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-143. - Failure to pay tax on imported tangible personal property; grounds for attachment.

The failure of any dealer who imports tangible personal property from outside the parish into the parish for use or consumption or distribution or storage to be used or consumed in this parish, or who imports for lease or rental any tangible personal property subject to the provisions of this article, shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of this parish, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that it is the intention of this article to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to the governing authority.

In addition to the penalties prescribed in this and the preceding section, any person or dealer who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisoned in jail for a period of not more than ninety (90) days or both such fine and imprisonment, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-144. - Liability a personal debt.

The liability of any person or dealer arising from any tax, interest, and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer to the governing authority recoverable in any court of competent jurisdiction action at law by the governing authority. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the governing authority.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-145. - When bond may be required.

The governing authority may require a bond or other security satisfactory to the collector for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-146. - Time limit upon liability.

If any person or dealer shall fail to make a return or report as required by this article, the collector, for a period of three (3) years after the thirty-first day of December in the year in which the tax is due, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the governing authority from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-147. - Examination of return; audit.

After a return or report is filed under the provisions of this article, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary, and if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the governing authority from such person, or dealer, and make demand upon him for payment.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-148. - When arbitrary assessment and demand for immediate payment authorized.

If the collector finds that any person, or dealer liable for the payment of any tax under this article designs quickly to depart from the parish or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for immediate return or report, and immediate payment of such tax.

All taxes, penalties and interest assessed pursuant to the provisions of the last three (3) preceding sections, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by the governing authority. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this article, a sum equivalent to five (5) percent of the tax.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-149. - Enforcement by distraint.

If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative, who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-150. - Dealers failing to collect held personally liable for tax.

Any dealer who shall neglect, fail or refuse to collect the tax as provided in sections 14-71 through 14-180 of this article, upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-151. - Violations enumerated.

For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court:

(1) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under sections 14-71 through 14-180 of this article and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2) Any dealer who shall fail, neglect, or refuse to collect the tax as provided in sections 14-71 through 14-180 of this article, whether by himself or through his agents or employees;

(3) Any dealer violating the provisions of sections 14-135 and 14-136 of this article;

(4) Any dealer who fails to permit an inspection of records by the collector as provided in section 14-111 of this article;

(5) Any wholesale dealer or jobber in this parish who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 14-113 of this article;

(6) Any dealer, wholesale dealer or jobber who violates the provisions of sections 14-74 and 14-75 of this article;

(7) Any dealer who violates the provisions of section 14-112 of this article;

(8) Any dealer failing or refusing to furnish any return as provided in sections 14-101 through 14-106 of this article, or failing or refusing to furnish a supplemental return, or other data required by the collector;

(9) Any dealer required to make, render, sign or verify any return as provided in sections 14-101 through 14-106 of this article, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of section 14-152 of this article; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(11)  Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-152. - Mergers, withdrawals, etc., prohibited until taxes paid.

No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in this parish may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon said corporation in accordance with the provisions of this article shall have been fully paid.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-153. - Interest and penalty on delinquent taxes to be imposed.

Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in section 14-133 of this article, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

In addition, such person or dealer shall pay any special penalty or penalties provided by this article.

(Ord. No. 98-117, § 10, 5-14-98)

Sec. 14-154. - How penalties recoverable; remission or waiver of penalty, interest.

All penalties and interest imposed by this article shall be payable to and recoverable by the governing authority in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charged in excess of the rate of one (1) percent per month.

(Ord. No. 98-117, § 10, 5-14-98)

Secs. 14-155—14-160. - Reserved.

DIVISION 10. - REFUNDS AND REIMBURSEMENTS

Sec. 14-161. - Credit memorandum for reimbursements due to returns of purchases.

In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector and in case the tax has not been remitted by the dealer to the governing authority, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such

sworn statement, which period shall not be longer than ninety (90) days, the governing authority, through the collector, shall issue to the dealer an official credit memorandum, equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the governing authority at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(Ord. No. 98-117, § 11, 5-14-98)

Sec. 14-162. - Claims for refund; time period.

If any dealer shall have given to the collector notice within the time provided in section 14-161 of this article, such dealer thereafter, at any time within three (3) years from December 31 of the year in which the tax became due or within one (1) year from the date the tax was paid, whichever is later, after the payment of any original or additional tax assessed against him, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(Ord. No. 98-117, § 11, 5-14-98)

Sec. 14-163. - Refunds for overpayment, generally.

If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the following procedures shall apply:

(a) In the event the amount of overpayment exceeds the total of (1) the amount of sales tax due by such dealer for the calendar year in question, plus (2) the amount of sales estimated to be due by such dealer for the calendar year next following, then the amount of overpayment in excess of such amount calculated above shall be returned to such dealer in the form of a cash refund.

(b) In the event the amount of overpayment does not exceed the total sales computed in part (a) above, then such overpayment shall be credited to existing and future sales tax liabilities of such dealer and no cash refund shall be made.

(c) The cash refund in part (a) above shall be made through the general fund of the Parish of Plaquemines upon the request of its sales tax administrator and certification by the parish internal auditor.

(Ord. No. 98-117, § 11, 5-14-98)

Sec. 14-164. - Refunds for erroneous overpayments.

Where no question of fact or law is involved, and it appears that the records of the governing authority that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within three (3) years from December 31 of the year in which the tax became due or within one (1) year from the date the tax was paid, whichever is later, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purpose.

(Ord. No. 98-117, § 11, 5-14-98)

Sec. 14-165. - Certification of compliance and authorization to repay.

When, to secure compliance with any of the provisions of this article any moneys shall have been deposited with the governing authority by any dealer, and shall have been paid over to the governing authority and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. No. 98-117, § 11, 5-14-98)


Secs. 14-166—14-170. - Reserved.


DIVISION 11. - REMEDIES OF THE DEALER


Sec. 14-171. - Right of action; protested amount to be held separately.

A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period of thirty (30) days; and if suit shall be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate provided in R.S. 33:2718 as follows:

(1) From date of payment of the taxes, but prior to submission by the taxpayer of a claim for refund, interest shall be computed at a rate of not less than two (2) percent per annum.

(2) From date of submission by the taxpayer of a claim for refund, or from payment under protest, or from the date that the taxpayer gave the political subdivision notice of the taxpayer's intention to file suit for the recovery of any taxes paid, interest shall be at the average prime or reference rate as computed by the commissioner of financial institutions pursuant to Civil Code Article 2924 (B)(3), per year, but without the addition of one (1) percentage point to the average prime or reference rate and without regard to the limitations contained in Civil Code Article 2924 (B)(3)(c).

(3) The interest rate provided for in paragraph (2) of this section shall not be applicable for a sixty-day period from the date the taxpayer makes a claim for refund, if a refund is the result of the taxpayers administrative error; however, the interest for this sixty-day period shall be computed under the provisions of paragraph (1) of this section.

No interest on refunds or credits shall be allowed if it is determined that a person has deliberately overpaid a tax in order to derive the benefit of the interest allowed by this section. Payments of interest authorized by this section shall be made from funds derived from current collections of the tax to be refunded or credited.

(Ord. No. 98-117, § 12, 5-14-98)


Sec. 14-172. - Questions of legality of tax, method of enforcement.

This section shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties any subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(Ord. No. 98-117, § 12, 5-14-98)

Sec. 14-173. - When tax alleged a burden or is under federal jurisdiction.

This section shall be construed to provide a legal remedy in the state, city or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the sale dealer, upon agreement to abide by the decision of the courts may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Ord. No. 98-117, § 12, 5-14-98)

Sec. 14-174. - Request for hearing before collector.

If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying, or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for non-payment, nor shall it stay the right of the collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, city or federal court of competent jurisdiction as provided for in section 14-172.

(Ord. No. 98-117, § 12, 5-14-98)

Secs. 14-175—14-180. - Reserved.

DIVISION 12. - OTHER ADMINISTRATIVE PROVISIONS

Sec. 14-181. - Additional regulations by collector authorized for enforcement of article.

(a)  The collector is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by this governing authority.

(b)  The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(Ord. No. 98-117, § 13, 5-14-98)

Sec. 14-182. - Forms and instructions, to be made available.

The collector shall design, prepare, print and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided.

(Ord. No. 98-117, § 13, 5-14-98)

Sec. 14-183. - Cost of forms, etc., to be borne by collector.

The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne by the collector out of the proceeds of the tax levied by this article as provided in section 14-192 hereof.

(Ord. No. 98-117, § 13, 5-14-98)

Sec. 14-184. - Sales, etc., made before effective date of article.

In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this article and containing the sale price and delivery is made after the effective date of this article, and such sale is taxable under this article, the seller shall add the tax imposed by said article to said sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of this article, but are actually furnished after the effective date hereof, except as provided in section 14-61(15) of this article.

The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the parish prior to the effective date of this article, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(Ord. No. 98-117, § 13, 5-14-98)

Sec. 14-185. - Collector, deputies, authorized to receive oath.

It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, disposition, statement or report required by the collector in the administration of this article.

(Ord. No. 98-117, § 13, 5-14-98)

Sec. 14-186. - Collector, deputies, authorized to conduct hearings.

The collector, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

(Ord. No. 98-117, § 13, 5-14-98)

Sec. 14-187. - Method of giving notice.

Any notice required to be given by the collector pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Ord. No. 98-117, § 13, 5-14-98)

Sec. 14-188. - Authentication of collector's records.

The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions, and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of one dollar ($1.00) which shall be deposited in the "Sales Tax Fund - 1978".

(Ord. No. 98-117, § 13, 5-14-98)

Sec. 14-189. - Construction of article with remedies, other regulations.

(a) Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the governing authority of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws, ordinances, or resolutions.

(b) If any section, subsection, sentence, clause, or phrase of this article be held invalid, such decisions shall not affect the validity of the remaining portions of this article. The governing authority hereby declares that it would have passed this article, and each section, subsection, sentence, clause, and phrase thereof irrespective of the fact that any one or more sections, subsections, sentences, clauses, or phrases may be so declared invalid.

(Ord. No. 98-117, § 13, 5-14-98)

Sec. 14-190. - Tax supplemental.

The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the governing authority of any kind or nature.

(Ord. No. 98-117, § 13, 5-14-98)

DIVISION 13. - DISPOSITION OF TAX PROCEEDS AND REVENUES

Sec. 14-191. - Deposit of funds.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector as an agent of the governing authority under any provision or provisions of this article shall be promptly deposited by the collector in the general fund of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(Ord. No. 98-117, § 14, 5-14-98)

Sec. 14-192. - Appropriation and expenditure of funds.

In compliance with the said special election of Saturday, October 29, 1977, authorizing said tax, the amount deposited in the general fund of the parish shall be available for appropriation and expenditure by the governing authority, solely for the purposes designated in the proposition hereinabove described authorizing the levy of the tax, as approved by a majority of the qualified electors of the parish voting in a special election held on Saturday, October 29, 1977.

(Ord. No. 98-117, § 14, 5-14-98)

DIVISION 14. - COLLECTOR AS AGENT FOR THE PARISH GOVERNMENT

Sec. 14-193. - Administration and collection.

It is hereby recognized that the tax herein levied is being levied by and on behalf of the governing authority as herein provided and that the collector is acting as agent for the governing authority for the purpose of administration and collection of the tax.

(Ord. No. 98-117, § 15, 5-14-98)

Secs. 14-194—14-200. - Reserved.

ARTICLE V. - SALES TAX IMPOSED FOR FUNDING OF FIRE PROTECTION SERVICES

Sec. 14-241. - Imposition.

Pursuant to the authority of a special election held in the Parish on November 14, 2009, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and upon the lease or rental of tangible personal property and the sales of services in the Parish of Plaquemines, State of Louisiana, as defined by law. The Uniform Local Sales Tax Code, as enacted by Action 73 of the 2003 Regular Session of the Louisiana Legislature as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. No. 09-290, § 1, 12-10-09)

Sec. 14-242. - Rate of tax.

The tax is levied at the rate of one (1) percent of he sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale. The tax is levied at the rate of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the Parish, provided there shall be no duplication of the Tax. The Tax is levied at the rate of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one (1) percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. No. 09-290, § 2, 12-10-09)

Sec. 14-243. - Effective date.

The tax shall be effective on January 1, 2010.

(Ord. No. 09-290, § 3, 12-10-09)

Sec. 14-244. - Term.

The tax shall remain in effect without limit as to term or duration.

(Ord. No. 09-290, § 4, 12-10-09)

Sec. 14-245. - Purposes.

The proceeds of the tax, as hereafter collected, shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the Parish on November 14, 2009, authorizing the tax, which proposition is set forth in the preamble hereto [Ord. No. 09-290] (said tax being heretofore authorized to be levied pursuant to an election held on November 14, 2009).

(Ord. No. 09-290, § 5, 12-10-09)

Sec. 14-246. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. No. 09-290, § 6, 12-10-09)

Sec. 14-247. - Exclusions and exemptions.

The governing authority adopts none of the optional exclusions or exemptions allowed by the state sales and use tax law, nor does this governing authority adopt an exclusions or exemptions authorized by legislation enacted under Article VI, Section 29Id)(1) of the Constitution of the State of Louisiana of 1974, that are not allowed as an exclusion or exemption from State sales and use tax. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage, or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the Constitution or statutes of the State of Louisiana, including the Act, provided that the sale of food and drugs is excluded under the authority of R.S. 47:305.30 and other statutory authority related thereto.

(Ord. No. 09-290, § 7, 12-10-09)

Sec. 14-248. - Interest on unpaid amount of tax due.

As authorized by La. R.S. 47:337.69, the interest on unpaid amount of the Tax which are due shall be at the rate of one and one-fourth percent (1¼%) per month.

(Ord. No. 09-290, § 8, 12-10-09)

Sec. 14-249. - Delinquency penalty.

The delinquency penalty, as provided by La. R.S. 47:337.70, shall be five (5) percent per month on the unpaid amount of the tax due for each thirty-day period, not to exceed five thirty-day periods.

(Ord. No. 09-290, § 9, 12-10-09)

Sec. 14-250. - Penalty for false, fraudulent or grossly incorrect return.

The penalty as authorized by La. R.S. 47:337.72 shall be fifty (50) percent of the amount of the tax found to be due.

(Ord. No. 09-290, § 10, 12-10-09)

Sec. 14-251. - Negligence penalty.

The penalty as authorized by La. R.S. 47:337.73 shall be five (5) percent of the unpaid amount of the tax found to be due, or ten dollars ($10.00) whichever is greater.

(Ord. No. 09-290, § 11, 12-10-09)

Sec. 14-252. - Penalty for insufficient funds check.

The penalty as authorized by La. R.S. 47:337.74 shall be an amount equal to the greater of one (1) percent of the check or twenty dollars ($20.00).

(Ord. No. 09-290, § 12, 12-10-09)

Sec. 14-253. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this ordinance, or to represent him in any proceeding under this ordinance. If any taxes, penalties or interests due under this ordinance are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. No. 09-290, § 13, 12-10-09)

Sec. 14-254. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an examination of books, record or documents, or an audit thereof, or in holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. No. 09-290, § 14, 12-10-09)

Sec. 14-255. - Distraint penalty.

The penalty as provided by R.S. 47:337.76, in cases where the distraint procedure is used in the collection of the tax shall be ten dollars ($10.00).

(Ord. No. 09-290, § 15, 12-10-09)

Sec. 14-256. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 09-290, § 16, 12-10-09)

Sec. 14-257. - Collector.

The Tax levied by this article is authorized to be collected by a "Collector" which term shall mean the Plaquemines Parish Sales Tax Division.

(Ord. No. 09-290, § 17, 12-10-09)

Sec. 14-258. - Power of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this article, to appoint deputies, assistants or agents to assist it in the performance of its duties and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. No. 09-290, § 18, 12-10-09)

Sec. 14-259. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this governing authority, acting through its president and in behalf of this governing authority, is authorized to enter into an agreement or agreements with the Vehicle Commissioner, Department of Public Safety and Corrections, for the collection of the Tax on such vehicles, as provided by R.S. 47:303(B).

(Ord. No. 09-290, § 19, 12-10-09)

Sec. 14-260. - Revenues of tax.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this article relating to the tax shall be promptly deposited by the collector for the account of the parish in the special fund to be established and maintained for the deposit of such proceeds, which fund shall be a separate bank account established and maintained with the regularly designed fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protect or litigation.

(Ord. No. 09-290, §

Sec. 14-261. - Severability.

If any or more of the provisions of this article shall be any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provision of this article, but this article shall be construed and enforced as if such illegal or invalid provisions had not be contained herein. Any constitutional or statutory provision enacted after the date of the ordinance from which this article derives which validates or makes legal any provision of this article which would not otherwise be valid or legal, shall be deemed to apply to this article.

(Ord. No. 09-290, § 21, 12-10-09)

Sec. 14-262. - Uniform sales tax controlling.

If any provision of this article shall be in conflict with the provisions of the Uniform Local Sales Tax Code, the provisions of the Uniform Local Sales Tax Code shall be controlling.

(Ord. No. 09-290, § 22, 12-10-09)

Secs. 14-263—14-280. - Reserved.

ARTICLE III. - SALES AND USE TAX

DIVISION 1. - GENERALLY

Sec. 13-51. - Generally.

The provisions of the Uniform Local Sales Tax Code and other applicable provisions of the Constitution of the State of Louisiana and Louisiana law shall govern the administration of collection of the sales and use taxes levied in the Parish of Pointe Coupee.

(Ord. of 9-10-85, § 1.01; Ord. of 3-10-20(1), § 4)

Secs. 13-52—13-55. - Reserved.

**Editor's note—** An ordinance adopted March 10, 2020(1), § 4, repealed §§ 13-52—13-55, which pertained to agricultural commodity; business; cost price and dealer, respectively and derived from an ordinance adopted September 10, 1985.

Sec. 13-55.5. - Director.

"Director" and "collector" or "collector of revenue" shall mean and include the director of finance or the designated director of the sales tax department, who will be in charge of the sales tax department of the parish which has been or will be established by this governing authority for the administration and collection of the tax herein levied, or the duly authorized assistants of the director or collector.

(Ord. of 9-10-85, § 1.01; Ord. of 3-10-20(1), § 4)

Secs. 13-56—13-85. - Reserved.

**Editor's note—** An ordinance adopted March 10, 2020(1), § 4, repealed §§ 13-56—13-75, which pertained to distraint or distrain; engaging in business in this parish; governing body; gross sales; hotel; lease or rental; new article; off-road vehicle; parish; person; purchaser; retail sale or sale at retail; retailer; sale; sales of services; sales price; storage; tangible personal property; tax authority; use; use tax and importation permits, respectively and derived from an ordinance adopted September 10, 1985.

DIVISION 2. - IMPOSITION OF TAX

Sec. 13-86. - Levied.

(a) There is hereby levied a tax upon the sale at retail, the use, the lease or rental, the consumption, the distribution and the storage for use or consumption of each item or article of tangible personal property and upon the sale of services within this parish, as defined in the Uniform Local Sales Tax Code; and the levy of such tax shall be as follows:

(1) At the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in this parish; the tax to be computed on gross sales for the purpose of remitting the

amount of tax due the parish, and to include each and every retail sale.

(2) At the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish; provided there shall be no duplication of the tax.

(3) At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(4) At the rate of one percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one percent of the amounts paid or charged for the sale of services, as defined herein.

(b) No exemption from the state sales and use tax granted after June 29, 1978, (Act 205 of 1978) and granted pursuant to the provisions of Chapter 2 or Chapter 2-A of Title 47 of the Louisiana Revised Statutes of 1950 shall be applicable to any sales and use tax levied by any local governmental subdivision unless the state exemption specifically provides that it applies to such sales and use tax levies. In the absence of any such specific application of the state exemption to sales and use tax levies of any local governmental subdivision or school board, any state exemption granted pursuant to the provisions of Chapter 2 or Chapter 2-A of Title 47 of the Louisiana Revised States of 1950 shall be applicable only to the levy and collection of the state sales and use tax.

(Ord. of 9-10-85, § 2.01; Ord. of 3-10-20(1), § 4)

Sec. 13-87. - Tax supplemental to other taxes.

The tax levied herein is declared to be supplemental, and in addition to all other taxes levied by and under the authority of the parish of any kind or nature.

(Ord. of 9-10-85, § 13.02; Ord. of 3-10-20(1), § 4)

Secs. 13-88—13-100. - Reserved.

DIVISION 3. - EXEMPTIONS AND EXCLUSIONS

Sec. 13-101. - Reserved.

**Editor's note—** An ordinance adopted March 10, 2020(1), § 4, repealed § 13-101, which pertained to exemptions and exclusions, generally, and derived from an ordinance adopted September 10, 1985.

Sec. 13-102. - State and certain local political subdivisions.

The sales and use taxes imposed by this article shall not apply to purchases by the state or any of its agencies, boards, or commissions, school boards, parish and municipal governing authorities, law enforcement districts, and parish hospital service districts, except as otherwise provided in state law.

(Ord. of 9-10-85, § 4.24; Ord. of 3-10-20(1), § 4)

Secs. 13-103—13-130. - Reserved.

**Editor's note—** An ordinance adopted March 10, 2020(1), § 4, repealed §§ 13-103—13-126, which pertained to property purchased for use outside the state; property stored for use outside the political subdivision; contracts prior to and within ninety days of tax levy; monetized bullion; sales or purchases by blind persons; sheltered workshop for mentally retarded; nonprofit organizations; nature of exemption; limitations; qualifications; admissions to entertainments furnished by certain domestic nonprofit corporations; tickets to musical performances of nonprofit musical organizations; little theater tickets; motion picture film rental; cable television installation and repair; capital mass transit equipment; equipment, parts, and airplanes purchased by commuter airlines; ships and ships' supplies; leased vessels used in the production of minerals; casing, drill pipe and tubing used in offshore drilling; firefighting equipment purchased by bona fide organized public volunteer fire departments; certain self-propelled vehicles removed from inventory; new vehicles furnished by dealers for driver education purposes; gasohol; pesticides used for agricultural purposes; seeds used in planting of crops; income from coin-operated washing and drying machines in a commercial laundromat, respectively and derived from an ordinance adopted September 10, 1985.

DIVISION 4. - RESERVED

> *Footnotes:*
>
> *--- (3) ---*
>
> **Editor's note—** *An ordinance adopted March 10, 2020(1), § 4, repealed division 4, §§ 13-131—13-138, which pertained to responsibilities of dealers and derived from an ordinance adopted September 10, 1985.*

Secs. 13-131—13-145. - Reserved.

DIVISION 5. - COLLECTION

Secs. 13-146—13-150. - Reserved.

**Editor's note—** An ordinance adopted March 10, 2020(1), § 4, repealed §§ 13-146—13-150, which pertained to responsibility of collector, generally; authority of collector; recordkeeping; collector's duty to determine correct tax; power to extend time to file returns and pay tax and power to conduct hearings and derived from an ordinance adopted September 10, 1985.

Sec. 13-151. - Power to employ counsel.

The collector is authorized to employ private counsel, subject to approval of the governing authority to assist in the collection of any taxes, penalties or interest due under this article, or to represent him in any proceeding under this article. If any taxes, penalties or interest due under this division are referred to any attorney at law for collection, an additional charge for attorney fees, in the amount allowable under state law, penalties and interest due, shall be paid by the tax debtor.

(Ord. of 9-10-85, § 5.08; Ord. of 3-10-20(1), § 4)

Secs. 13-152—13-161. - Reserved.

**Editor's note—** An ordinance adopted March 10, 2020(1), § 4, repealed §§ 13-152—13-161, which pertained to power to examine records and premises of taxpayer; power to examine the records of third parties; collector authorized to examine records of transportation companies; confidential character of tax records; preservation of returns and reports; retention of records by taxpayers; determination and notice of tax due; first notice of intention to assess; contracts for purposes relating to collection of sales and use tax; collector to provide forms and cost of collection, respectively and derived from an ordinance adopted September 10, 1985.

Sec. 13-162. - Disposition of collections.

(a) All taxes collected under the provisions of this article, except those collected under the provisions of subsection 13-131(b) shall be paid to the collector of revenue, who is the parish treasurer, and the proceeds of all such taxes collected under the provisions of this article, less the commission to dealers, and the cost of collecting the taxes as herein provided for, shall be paid by the collector to the treasurer on or before the tenth day of the month following the collection of the tax; and the amounts paid shall be credited to a special fund to be known as the "Sales and Use Tax Fund," which shall be proportionately divided as follows:

(1) Sales and use tax fund—Pointe Coupee Parish Hospital District No. 1—Thirty-five (35) percent of the proceeds from the tax.

(2) Sales and use tax fund—Comprehensive parishwide solid waste and nonhazardous waste disposal program—Twenty (20) percent of the proceeds from the tax.

(3) Sales and use tax fund—Construction and maintenance of public roads, highways, bridges and drainage facilities throughout the unincorporated areas of the parish—Twenty (20) percent of the proceeds from the tax.

(4) Sales and use tax fund—Capital improvements, maintenance and operation of parishwide recreation program, senior citizens and youth services program—fourteen (14) percent of the proceeds from the tax.

(5) Sales and use tax fund—General—Eleven (11) percent of the proceeds from the tax, which shall be held in one or more banks to be named by the governing authority from time to time, separate and apart from all other funds of the parish, and used solely for the purpose as outlined in the proposition voted upon by the people on September 29, 1984.

(b) All taxes collected under the agreement between the vehicle commissioner and the collector, less the cost of collecting these taxes herein provided for shall be paid by the vehicle commissioner to the collector of the parish on or before the tenth day of the month following the collection of the tax; and the remainder of the amounts paid shall be credited to the sales and use tax funds identified above and on the same day that the vehicle commissioner transfers the proceeds of all taxes collected in accordance with such agreement to the collector, he shall render to the collector of revenue a full and accurate accounting of all such taxes collected and the disposition thereof in such form as the collector may require.

(Ord. of 9-10-85, § 9.01; Ord. of 3-10-20(1), § 4)

Secs. 13-163—13-170. - Reserved.

DIVISION 6. - RESERVED



*Footnotes:*

--- *(4)* ---

***Editor's note—*** *An ordinance adopted March 10, 2020(1), § 4, repealed division 6, §§ 13-171—13-179, which pertained to refunds and credits and derived from an ordinance adopted September 10, 1985.*

## Secs. 13-171—13-190. - Reserved.

## DIVISION 7. - RESERVED

*Footnotes:*

--- *(5)* ---

***Editor's note—*** *An ordinance adopted March 10, 2020(1), § 4, repealed division 7, §§ 13-191—13-196, which pertained to assessment and notice and derived from an ordinance adopted September 10, 1985.*

## Secs. 13-191—13-200. - Reserved.

## DIVISION 8. - RESERVED

*Footnotes:*

--- *(6)* ---

***Editor's note—*** *An ordinance adopted March 10, 2020(1), § 4, repealed division 8, §§ 13-201—13-203, which pertained to remedies of dealers and derived from an ordinance adopted September 10, 1985.*

## Secs. 13-201—13-210. - Reserved.

## DIVISION 9. - RESERVED

*Footnotes:*

--- *(7)* ---

***Editor's note—*** *An ordinance adopted March 10, 2020(1), § 4, repealed division 9, §§ 13-211—13-234, which pertained to enforcement and derived from an ordinance adopted September 10, 1985.*

## Secs. 13-211—13-250. - Reserved.

ARTICLE III. - SALES AND USE TAX

PART A. PROPOSITIONS

> *Footnotes:*
>
> *--- (5) ---*
>
> ***Editor's note—*** *An ordinance adopted on Apr. 14, 1987, amended and reenacted Ch. 23, Art. III to read substantially as herein set forth. Prior to such amendment, Art. III contained the sales tax resolution of the parish enacted Oct. 10, 1967.*
>
> ***Cross reference—*** *Use of police jury's portion of sales tax, § 2-7.*

Sec. 23-21. - Rapides Parish sales and use tax—Proposition.

Shall the Parish of Rapides, State of Louisiana (the "Parish"), rededicate and distribute the proceeds received on and after July 1, 2009, from the levy and collection of a one (1) percent sales and use tax authorized at an election held on September 19, 1967 (the sales tax) (an estimated twenty-four million dollars ($24,000,000.00) reasonably expected at this time to be collected from the levy of the tax for an entire year), after paying the reasonable and necessary costs and expenses of collecting and administering the sales tax, on a percentage basis as follows:

| | | |
|--------|----------|---|
| (i) | 9% | to Rapides Parish; |
| (ii) | 50% | to the Rapides Parish School Board; |
| (iii) | 32.2293% | to the City of Alexandria; |
| (iv) | 5% | to the City of Pineville; |
| (v) | .5520% | to the Town of Boyce; |
| (vi) | .5232% | to the Town of Cheneyville; |
| (vii) | .7302% | to the Town of Glenmora; |
| (viii) | .7497% | to the Town of Lecompte; |
| (ix) | .1311% | to the Village of McNary; |
| (x) | .1524% | to the Village of Forest Hill; |
| (xi) | .1614% | to the Town of Woodworth (the 1967 Recipients); and |
| (xii) | .7707% | to the Town of Ball; |

And shall the parish, the school board and Alexandria continue to be authorized to expend their portions of the proceeds in the manner provided in the proposition of September 19, 1967, together with capital improvements in the case of Alexandria, and shall Alexandria and the Parish each be authorized to fund its portion of the proceeds into bonds in the manner and for the purposes permitted by the laws of Louisiana; and shall the remaining municipalities be authorized to use and expend their portions of the proceeds for any lawful corporate purpose with each of the remaining municipalities portions of the proceeds to be subject to funding into bonds in the manner provided by the laws of Louisiana, for the purpose of paying all or any part of the cost of capital improvements; provided, however, that any such bonds must be approved by the electors of said issuing municipality as provided in the proposition of September 19, 1967.

(Ord. of 4-14-87; Ord. of 4-13-09)

Sec. 23-21.1. - Same—Imposition of tax; rate; levy.

There is hereby levied from and after December 1, 1967, for the purposes stated in the proposition set forth in the preamble to the resolution adopted October 10, 1967, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within this parish, as defined herein, and the levy of such tax shall be as follows:

(a) At the rate of one (1) per cent of the sales price of each item or article of tangible personal property when sold at retail in this parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the taxing authority, and to include each and every retail sale.

(b) At the rate of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish; provided there shall be no duplication of the tax.

(c) At the rate of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(d) At the rate of one (1) percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(e) At the rate of one (1) percent of the gross proceeds derived from the sale of services, as defined herein.

(Ord. of 4-14-87)

Sec. 23-21.2. - Same—Taxing district.

The taxing district for this proposition is the entire Parish of Rapides, State of Louisiana.

(Ord. of 4-14-87)

Sec. 23-21.3. - Same—Applicability of parish sales and use tax code.

The provisions of the Rapides Parish Sales and Use Tax Code (sections 23-25 (1.00) through 23-37(13.03)) are applicable to the imposition of the tax, rate, levy and collection of the sale and use tax as defined in the foregoing proposition.

(Ord. of 4-14-87)

Sec. 23-22. - Sales Tax District No. 3 sales and use tax—Proposition.

Shall Sales Tax District No. 3 of the Parish of Rapides, State of Louisiana (the "district"), consisting of the entire area within Rapides Parish outside the corporate limits of Alexandria and Pineville, under the authority of R.S. 33:2721.6 be authorized to continue to levy and collect within the district, and adopt an ordinance providing for such levy and collection, one-half (½) of one (1) percent tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the district, all as presently or hereafter defined in R.S. 33:2721.6 and R.S. 47:301-317, inclusive, (an estimated two million four hundred thousand dollars ($2,400,000.00) reasonably expected at this time to be collected from the levy of the tax for an entire year), in perpetuity, said tax to constitute a renewal and continuation of a similar tax, which expires on May 31, 2012, with the avails or proceeds of the tax (after paying reasonable and necessary costs and expenses of collection and administration) to be allocated and divided between the Parish and the incorporated municipalities in the Parish on the following percentage basis:

| (i) | 6.1211% | to Town of Ball |
| (ii) | 1.8842% | to Town of Boyce |
| (iii) | 1.3486% | to Town of Cheneyville |
| (iv) | 0.6743% | to Village of Forest Hill |
| (v) | 2.4884% | to Town of Glenmora |
| (vi) | 1.9937% | to Town of Lecompte |
| (vii) | 0.3109% | to Village of McNary |
| (viii) | 2.2899% | to Village of Woodworth |
| (ix) | 82.8889% | to Rapides Parish Police Jury as the parish governing authority |
| | | |
| | 100.00% | |

and shall the percentage of tax revenues allocated to each municipality and parish listed above be reallocated annually in July based upon the most recently published Federal/State Cooperative Population estimate by and between the U.S. Census Bureau and Louisiana Tech University to reflect new and dissolved municipalities, and

population changes and shall the aforesaid political subdivisions dedicate and use the tax avails or proceeds of their respective allocations of the said tax for the following purposes:

   (a)  In the Parish, for constructing and maintaining public streets, roads, highways, bridges and drainage; and

   (b)  In the municipalities, for paying general operating expenses, and salaries of municipal employees?

(Ord. of 4-14-87; Ord. of 3-10-92; Ord. of 8-13-96; Ord. of 12-10-01; Ord. of 8-14-06(1); Ord. of 4-11-11)

Sec. 23-22.1. - Same—Imposition of tax rate; levy.

There is hereby levied from and after June 1, 2012, for the purposes stated in the proposition set forth in the resolution adopted on December 13, 2010, and approved by the voters on April 2, 2011, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within Sales Tax District No. 3, as defined herein, and the levy of such tax shall be as follows:

   (a)  At the rate of one-half (½) of one (1) percent of the sales price of each item or article of tangible personal property when sold at retail in Sales Tax District No. 3; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the taxing authority, and to include each and every retail sale.

   (b)  At the rate of one-half (½) of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in Sales Tax District No. 3; provided there shall no duplication of the tax.

   (c)  At the rate of one-half (½) of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

   (d)  At the rate of one-half (½) of one (1) percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

   (e)  At the rate of one-half (½) of one (1) percent of the gross proceeds derived from the sale of services, as defined herein.

(Ord. of 4-14-87; Ord. of 3-10-92; Ord. of 8-13-96; Ord. of 12-10-01; Ord. of 8-14-06(1); Ord. of 4-11-11)

Sec. 23-22.2. - Same—Taxing district.

The taxing district for this proposition is Sales Tax District No. 3 of the Parish of Rapides, State of Louisiana, which consists of the entire area of Rapides Parish, except the area within the municipalities of Alexandria and Pineville.

(Ord. of 4-14-87; Ord. of 3-10-92; Ord. of 8-13-96; Ord. of 12-10-01; Ord. of 8-14-06(1); Ord. of 4-11-11)

Sec. 23-22.3. - Same—Applicability of parish sales and use tax code.

The provisions of the Rapides Parish Sales and Use Tax Code (sections 23-25(1.00) through 23-37(13.03)) are applicable to the imposition of tax, rate, levy and collection of the sales and use tax as defined in the foregoing proposition.

(Ord. of 4-14-87; Ord. of 3-10-92; Ord. of 8-13-96; Ord. of 12-11-00; Ord. of 12-10-01; Ord. of 8-14-06(1); Ord. of 4-11-11)

Secs. 23-23, 23-24. - Reserved.

PART B. - SALES AND USE TAX CODE

DIVISION 1. - DEFINITIONS

Sec. 23-25 (1.00). - Scope.

As used in this article the following words, terms and phrases shall have the meanings ascribed to them in this division, except when the context clearly indicates a different meaning.

(Ord. of 4-14-87)

Sec. 23-25 (1.01). - Agricultural commodity.

*"Agricultural commodity"* shall mean horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

(Ord. of 4-14-87)

Sec. 23-25 (1.02). - Business.

*"Business"* shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this article to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

(Ord. of 4-14-87)

Sec. 23-25 (1.03). - Collector.

*"Collector"* shall be the person as may be designated by the Rapides Parish Police Jury.

(Ord. of 4-14-87)

Sec. 23-25 (1.04). - Cost price.

(a) "Cost price" means the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, except those service costs for installing the articles of tangible personal property if such cost is separately billed to the customer at the time of installation, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.

(b) In the case of tangible personal property which has acquired a Louisiana tax situs and is thereafter transported outside the State of Louisiana for repairs performed outside the State of Louisiana and is thereafter returned to the State of Louisiana, the cost price shall be deemed to be the actual cost of any parts

and/or materials used in performing such repairs, if applicable labor charges are separately stated on the invoice. If the applicable labor charges are not separately stated on the invoice, it shall be presumed that the cost price is the total charge reflected on the invoice.

(c) Cost price shall not include the supplying and installation of board roads to oil field operators if the installation charges are separately billed to the customer at the time of installation.

(Ord. of 4-14-87)

Sec. 23-25 (1.05). - Dealer.

"Dealer" shall include every person who manufactures or produces tangible personal property from any state, or other political subdivision or foreign country, for sale at retail, for use, or for consumption, or distribution or for storage to be used or consumed in the applicable taxing district. "Dealer" is further defined to mean:

(a) Every person, as used in this article, who imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, for use, or consumption, or distribution, or storage to be used or consumed in the applicable taxing district;

(b) Every person, as used in this article, who sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution or storage to be used or consumed in the applicable taxing district, tangible personal property as defined herein;

(c) Every person, as used in this article, who has sold at retail, or used or consumed, or distributed or stored for use or consumption in the applicable taxing district, tangible personal property and who cannot prove that the tax levied by this article has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property;

(d) Any person, as used in this article, who leases, or rents tangible personal property, as defined in this article, for a consideration, permitting the use or possession of said property without transferring title thereto;

(e) Any person, as used in this article, who is the lessee or rentee of tangible personal property, as defined in this article, and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

(f) Any person, as used in this article, who sells or furnishes any of the services subject to tax under this article;

(g) Any person, as used in this article, who purchases or receives any of the services subject to tax under this article;

(h) Any person, as used in this article, engaging in business in the applicable taxing district;

(i) Any person, as used in this article, who sells through coin-operated vending machines; or

(j) Any person, as used in this article, who makes deliveries of tangible personal property into the applicable taxing district in a vehicle owned or operated by said person.

(Ord. of 4-14-87)

Sec. 23-25 (1.06). - Distraint or distrain.

"Distraint" or "distrain" shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this article.

(Ord. of 4-14-87)

Sec. 23-25 (1.07). - Engaging in business in the applicable taxing district.

"Engaging in business in the applicable taxing district" shall mean and include any of the following methods of transacting business: maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business or by having an agent, salesman, solicitor or employee operating within the applicable taxing district under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor, or employee is located in the applicable taxing district permanently or temporarily, or whether such seller or subsidiary is qualified to do business in the applicable taxing district, or any person who makes deliveries of tangible personal property into the applicable taxing district other than by common or contract carrier.

(Ord. of 4-14-87)

Sec. 23-25 (1.08). - Gross sales.

"Gross sales" means the sum total of all sales of tangible personal property, as hereafter provided and defined, and sales of services without any deductions whatsoever of any kind or character, except as provided in this article.

(Ord. of 4-14-87)

Sec. 23-25 (1.09). - Hotel.

"Hotel" means and includes any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to transient guests, where such establishment consists of six (6) or more sleeping rooms, cottages or cabins at a single business location.

(Ord. of 4-14-87)

Sec. 23-25 (1.10). - Lease or rental.

"Lease or rental" shall mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.

(Ord. of 4-14-87)

Sec. 23-25 (1.11). - New article.

"New article" shall mean the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

(Ord. of 4-14-87)

Sec. 23-25 (1.12). - Applicable taxing district.

"Applicable taxing district" shall mean and include the Parish of Rapides, or any specific sales tax district created by the Rapides Parish Police Jury, and defined in the sales and use tax proposition.

(Ord. of 4-14-87)

Sec. 23-25 (1.13). - Person.

"Person" shall include any individual, firm, co-partnership, joint venture, association, corporation, cooperative, estate, trust, business trust, receiver, syndicate, State of Louisiana, any parish, city, municipality, state or public board, public commission or public or semi-public corporation, district or other political subdivision or any board, agency, university, school, college, instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

(Ord. of 4-14-87)

Sec. 23-25 (1.14). - Purchaser.

"Purchaser" shall mean any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to a tax under this article.

(Ord. of 4-14-87)

Sec. 23-25 (1.15). - Retail sale or sale at retail.

"Retail sale" or "sale at retail" shall mean a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property and a sale of services, as hereinafter set forth, and shall mean and include all such transactions as the collector, upon investigation finds to be in lieu of sales; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the collector. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for

and pay the tax. (The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business. The sale of motor or other vehicles by a person not engaged in such business shall be considered and treated as a retail sale or sale at retail.)

(Ord. of 4-14-87)

Sec. 23-25 (1.16). - Retailer.

"Retailer" means and includes every person engaged in the business of making sales at retail, rendering service taxable hereunder, or for distribution or use or consumption or storage to be used or consumed in the applicable taxing district.

(Ord. of 4-14-87)

Sec. 23-25 (1.17). - Sale.

"Sale" shall mean any transfer of title or possession, or both, exchange, barter, lease, or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving for a consideration, any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of tangible personal property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale.

The term "sale" shall also include the "sales of services," which means and includes the following:

(a)  The furnishing of sleeping rooms by hotels and tourist camps;

(b)  The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, universities, and recreational events, and the furnishing, for dues, fees or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities;

(c)  The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

(d)  The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter;

(e)  The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

(f)  The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities;

(g) (1)  The furnishing of repairs to tangible personal property, including, but not restricted to, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment; provided, that there shall be excluded from taxation under this ordinance charges for the furnishing of repairs to tangible personal property when the repaired property is delivered by the repair dealer to a customer in another state, either by common carrier or by the repair dealer's own vehicle, except, however, as to repairs to aircraft where delivery may be made by the best available means, all as provided by R.S. section 47:301(4)(g)(i).

(2)  For the purposes of this subparagraph, tangible personal property shall include machinery, appliances and equipment which have been declared immovable by declaration under provisions of Article 467 of the Louisiana Civil Code, and things which have been separated from land, buildings, or other constructions permanently attached to the ground or their component parts as defined in Article 466 of the Civil Code.

(Ord. of 4-14-87; Ord. of 7-5-95)

Sec. 23-25 (1.18). - Sale price.

"Sales price" shall mean the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six (6) percent of the amount financed, and losses; pro-

vided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

(Ord. of 4-14-87)

Sec. 23-25 (1.19). - Storage.

"Storage" means and includes any keeping or retention in the applicable taxing district of tangible personal property for use or consumption in the applicable taxing district or for any other purpose other than for sale at retail in the regular course of business.

(Ord. of 4-14-87)

Sec. 23-25 (1.20). - Tangible personal property.

"Tangible personal property" shall mean and include personal property which may be seen, weighed, measured, felt or touched, or is in any manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.

(Ord. of 4-14-87)

Sec. 23-25 (1.21). - Taxing authority.

"Taxing authority" shall mean the police jury of the Parish of Rapides, State of Louisiana, as the governing authority of Rapides Parish.

(Ord. of 4-14-87)

Sec. 23-25 (1.22). - Tourist camps.

"Tourist camps" shall mean and include any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to tourists or other transient guests, where the number of guest rooms, cottages, or cabins at a single location is six (6) or more.

(Ord. of 4-14-87)

Sec. 23-25 (1.23). - Use.

"Use" means and includes the exercise of any rights or power over tangible personal property incident to the ownership thereof, or as a lessee, except that it shall not include the sale at retail of that property in the regular course of business.

(Ord. of 4-14-87)

Sec. 23-25 (1.24). - Use tax.

"Use tax" shall include the use, the consumption, the distribution and the storage for use or consumption, as herein defined.

(Ord. of 4-14-87)

Sec. 23-25 (1.25). - Off-road vehicle.

"Off-road vehicle" is any vehicle which is issued a manufacturer's statement of origin that cannot be issued a registration certificate and license to operate on the public roads of this state because the vehicle does not meet the safety requirements prescribed by R.S. 32:1301 through R.S. 32:1310. This includes vehicles that are issued a title only by the Vehicle Registration Bureau, Department of Public Safety, such as recreational and sports vehicles, but it does not include farm equipment or heavy construction equipment.

(Ord. of 4-14-87)

Sec. 23-25 (1.26). - Treasurer.

"Treasurer" in this Code means that person elected by the Rapides Parish Police Jury pursuant to R.S. 33:1651.

(Ord. of 4-14-87)

DIVISION 2. - IMPOSITION OF TAX

Sec. 23-26 (2.01). - Reserved.

Sec. 23-26 (2.02). - Reserved.

Sec. 23-26 (2.03). - Collection and payment generally.

The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(Ord. of 4-14-87)

Sec. 23-26 (2.04). - Tax additional to other taxes.

The tax so levied is, and shall be in addition to all other taxes, whether levied in the form of excise, or license, privilege, or property taxes levied by any other ordinance or resolution of this taxing authority.

(Ord. of 4-14-87)

Sec. 23-26 (2.05). - Integrated bracket schedule.

The collection of the tax herein levied shall be made in the name of the taxing authority by the collector. The dealer shall collect the tax levied by this article together with any other applicable sales and use taxes in accordance with the integrated bracket schedules prescribed by the collector of revenue, State of Louisiana, pursuant to Louisiana Revised Statutes, Title 47, Section 304. The dealer will remit that portion representing the tax levied by this article to the collector. Copies of said integrated bracket schedules are available to dealers on request from the collector.

(Ord. of 4-14-87)

Sec. 23-26 (2.06). - Collection in name of taxing authority and applicable taxing district.

The collection of the tax herein levied shall be made in the name of the taxing authority and the applicable taxing district, State of Louisiana, by the collector.

(Ord. of 4-14-87)

Sec. 23-26 (2.07). - Helicopters used for exploration for oil, gas and other minerals.

Whenever a helicopter used in the exploration for or the extraction or production of oil, gas and other minerals, or for providing services to those engaged in such extraction, production or exploration, is acquired through a transaction entitled lease, rental, lease-purchase or any similar name which for purposes other than sales taxation might be considered a conditional sale contract or a transaction in lieu of sale, such acquisition or use shall be deemed to be a sale for state and local sales tax purposes. The tax due on such transactions shall be payable in equal monthly installments over the term of the lease rental or lease-purchase contract.

(Ord. of 4-14-87)

DIVISION 3. - EXEMPTIONS AND EXCLUSIONS FROM TAX

Sec. 23-27 (3.01). - Exempt tangible personal property.

The taxes imposed and levied by this article shall be subject to all exemptions and exclusions specifically mandated to include political subdivisions of the State of Louisiana, by the provisions of Louisiana Revised Statutes, Title 47, Section 305, et seq. In addition, diesel fuel, butane, propane or other liquefied petroleum gases used or consumed for farm purposes shall be exempt from the taxes imposed and levied by this article, except for school board taxes.

(Ord. of 4-14-87; Ord. of 8-10-98)

Sec. 23-27 (3.02). - Intent of article; scope of tax levy.

It is not the intention of this article to levy a tax upon articles of tangible personal property imported into the applicable taxing district, or produced or manufactured in the applicable taxing district, for export; nor is it the intention of this article to levy a tax on a bona fide transaction in interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the applicable taxing district of tangible personal property after it has come to rest in the applicable taxing district and has become a part of the mass of property in the applicable taxing district.

(Ord. of 4-14-87)

Sec. 23-27 (3.03). - Tax not extraterritorial.

No tax shall be due under this article on the sale of any goods or tangible personal property delivered or services performed outside the limits of the applicable taxing district.

(Ord. of 4-14-87)

DIVISION 4. - COLLECTION OF TAX BY DEALER

Sec. 23-28 (4.01). - Collection from purchaser or consumer.

The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided for collection of the tax on motor vehicles in section 23-28 (4.06) of this article. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services, and payable at the time of the sale; provided, however, that this taxing authority shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(Ord. of 4-14-87)

Sec. 23-28 (4.02). - Collection by dealers located outside applicable taxing district.

Every dealer located outside the applicable taxing district making sales of tangible personal property for distribution, storage, use or other consumption in the applicable taxing district shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(Ord. of 4-14-87)

Sec. 23-28 (4.03). - Tax constitutes part of sale price or charge.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the collector, to the sale price or charge, and when added, such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts. Any dealer who shall neglect, fail or refuse to collect the tax herein provided shall be liable for, and pay the tax himself.

(Ord. of 4-14-87)

Sec. 23-28 (4.04). - Registration, certification of dealers.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article, on the effective date of the applicable tax, or in any case of dealers commencing business after the effective date of the applicable tax, or opening new places of business after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by him. The collector shall, within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates thereof, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck, or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(Ord. of 4-14-87)

Sec. 23-28 (4.05). - Collection by wholesale dealers, jobbers, manufacturers or suppliers.

A wholesale dealer, jobber, manufacturer, or supplier shall refuse to accept a certificate that any property upon which a tax is imposed by the article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to this taxing authority the tax herein imposed.

(Ord. of 4-14-87)

Sec. 23-28 (4.06). - Collection of tax on vehicles.

The tax herein levied on the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semitrailer, motor bus, house trailer, or any other vehicle subject to the Louisiana Vehicle Registration License Tax of the State of Louisiana, shall be collected as provided in this section.

(a) The taxing authority is hereby authorized to enter into an agreement by which the tax herein levied on any such vehicle shall be paid to the collector of revenue of the State of Louisiana or his agent at the time of application for a certificate of title or vehicle registration license, and no certificate of title or vehicle registration license shall be issued until the tax has been paid. The tax levied by this article in the sale of any such vehicle shall be due at the time registration or any transfer of registration is required by the Vehicle Registration License Tax Law of the State of Louisiana (R.S. 47:451, et seq.). The tax levied by this article on the use of any such vehicle in the applicable taxing district shall be due at the time the first registration in the applicable taxing district is required by the Vehicle Registration License Tax Law (R.S. 47:451, et seq.).

(b) Each vendor of a vehicle covered by the provisions hereof shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold; the total sales price, any allowances for, and a description of any vehicle taken in trade, and the total cash difference paid, or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as the collector of revenue of the State of Louisiana may, by regulation, require. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of sale, and which are included in the sale price, are to be considered a part of the vehicle.

(c) It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, items, or transaction which have heretofore been taxable, and this section is not to be construed as so doing. It is the intention of this section to transfer the collection of the sales and use tax on vehicles from the vendor to the collector of revenue of the State of Louisiana or his agent, and to provide a method of collection of the tax directly from the vendee or user by the collector of revenue of the State of Louisiana or his agent, in accordance with an agreement by and between the director of public safety, as the vehicle commissioner and agent of the collector of revenue, and the taxing authority, the execution of

which agreement is hereby authorized. The taxing authority is further authorized to promulgate such rules and regulations as may be necessary in order to carry out the terms and conditions of any agreement entered into with the collector of revenue for the purposes hereof, and shall disburse all funds received from the collector of revenue by virtue of collections made hereunder to the taxing authority.

(d) The provisions contained in section 23-25 (1.15) of this article which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this section. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(e) The dealer shall collect the sales taxes on off-road vehicles and remit them directly to the department of revenue and taxation in accordance with R.S. 47:304(A). The dealer shall furnish the purchaser with a notarized bill of sale or other comparable document showing the amount of sales taxes paid at the time the vehicle is purchased.

(Ord. of 4-14-87)

Sec. 23-28 (4.07). - Offering to absorb tax prohibited; tax to be separately stated.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(Ord. of 4-14-87)

Sec. 23-28 (4.08). - Excess collections.

Where the tax collected for any period is in excess of the applicable rate the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(Ord. of 4-14-87)

Sec. 23-28 (4.09). - Payment when tax not paid to dealer.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to this taxing authority, and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to this taxing authority within fifteen (15) days after such sale was made or rendered.

(Ord. of 4-14-87)

Sec. 23-28 (4.10). - Compensation of dealers for accounting for and remitting tax.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed one (1) per cent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the

time of payment.

(Ord. of 4-14-87; Ord. of 12-11-00)

Sec. 23-28 (4.11). - Collection of tax by auctioneers.

All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the applicable taxing district. Such auctioneers or the company which they represent shall be responsible for the collection of all local taxes on articles sold by them and shall report and remit to the collector as provided in this article.

(Ord. of 4-14-87)

Sec. 23-28 (4.12). - Collection of tax by health and physical fitness clubs.

The sales tax due under the provisions of this article on contracts for membership in a health and physical fitness club shall be assessed and shall be due and payable on a monthly basis computed on the amount paid each month less any actual or imputed interest or collection fees or unpaid reserve amounts not received by the health and fitness club.

(Ord. of 4-14-87)

DIVISION 5. - COLLECTION OF TAX FROM DEALER

Sec. 23-29 (5.01). - Collection from dealers by collector.

The sales and use taxes imposed by the taxing authority shall be collectible by the collector on behalf of the taxing authority from all persons engaged as dealers, as herein defined:

(a) The collector is duly authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce rules and regulations as he may deem necessary. Such rules and regulations when promulgated shall have the full force and effect of law.

(b) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the taxes imposed hereunder.

(c) Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as if conferred upon the collector by this article.

(d) The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents, and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incidental to the administration of this article.

(Ord. of 4-14-87)

Sec. 23-29 (5.02). - Collection of tax on imported personal property used by dealer.

On all tangible personal property imported or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the said article had been sold at retail

for use or consumption in the applicable taxing district. For the purpose of this article, use or consumption, or distribution, or storage of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(Ord. of 4-14-87)

Sec. 23-29 (5.03). - Intent of article; scope of tax levy; credit against tax.

It is not the intention of this article to levy a tax upon articles of tangible personal property imported into the applicable taxing district, or produced or manufactured in the applicable taxing district for export; nor is it the intention of this article to levy a tax on a bona fide transaction in interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage, to be used or consumed in the applicable taxing district, of tangible personal property after it has come to rest in the applicable taxing district and has become a part of the mass of property in the applicable taxing district. The provisions of this article shall not apply in respect to the use, or consumption, or distribution, or storage of tangible personal property for use or consumption in the applicable taxing district, upon which a like tax equal to or greater than the total amount imposed by this article has been paid in another city or parish in the State of Louisiana, or in a city or county in a state other than Louisiana, the proof of the payment of such tax to be according to the rules and regulations made by the collector. If the amount of tax paid in a city or Parish in Louisiana, or in a city or county in a state other than Louisiana, is not equal to or greater than the total amount of sales tax imposed by this article, then the dealer shall pay to the collector an amount sufficient to make the tax paid in the other city or Parish in Louisiana, or in the other city or county in a state other than Louisiana, and in the applicable taxing district equal to the amount of tax imposed by this article.

(Ord. of 4-14-87)

Sec. 23-29 (5.04). - Tax not extraterritorial.

No tax shall be due under this article on the sale of any goods or tangible personal property delivered or services performed outside of the territorial limits of the applicable taxing district.

(Ord. of 4-14-87)

DIVISION 6. - RETURNS AND PAYMENT OF TAX

Sec. 23-30 (6.01). - Tax payable monthly.

The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(Ord. of 4-14-87)

Sec. 23-30 (6.02). - Returns to be submitted to collector.

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers, on or before the twentieth day of the month following the month in which this tax shall become effective, to transmit to the collector, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross

proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of the applicable tax to the end of such month. Thereafter, like returns shall be prepared and transmitted to said collector by all dealers, on or before the twentieth day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer, at the time of making the return required hereunder, shall compute and remit to this taxing authority the required tax due for the preceding calendar month.

(Ord. of 4-14-87)

Sec. 23-30 (6.03). - Tax to be remitted with return.

At the time of transmitting the return required hereunder to the collector, the dealer shall remit to this taxing authority therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause said tax to become delinquent.

All taxes, interest and penalties imposed under this article shall be paid to this taxing authority in the form of remittance required by the collector.

(Ord. of 4-14-87)

Sec. 23-30 (6.04). - Gross proceeds from rental of personal property to be reported and tax thereon paid.

Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto shall be reported and the tax shall be paid with respect thereto in accordance with such rules and regulations as the collector may prescribe.

(Ord. of 4-14-87)

Sec. 23-30 (6.05). - Extension of time for filing returns.

The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this article.

(Ord. of 4-14-87)

Sec. 23-30 (6.06). - Dealer declared agent of taxing authority.

For the purpose of collecting and remitting to this taxing authority the tax imposed by this article, the dealer is hereby declared to be the agent of this taxing authority.

(Ord. of 4-14-87)

Sec. 23-30 (6.07). - Provision for quarterly filing.

The collector or his authorized representative is hereby authorized to enter into an agreement with the dealer to allow for quarterly reporting and remitting of the taxes under this article.

(Ord. of 4-14-87)

DIVISION 7. - RECORDS AND INSPECTION THEREOF

Sec. 23-31 (7.01). - Dealers required to keep records and make reports.

It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector; and it shall be the duty of every such dealer moreover, to keep and preserve, until the taxes to which they relate have prescribed, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices and other records shall be open to examination at all reasonable hours, by the collector or any of his duly authorized agents.

(Ord. of 4-14-87)

Sec. 23-31 (7.02). - Prescription of records; inspection.

Each dealer shall secure, maintain and keep, until the taxes to which they relate have prescribed, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed or stored, leased or rented within the applicable taxing district by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(Ord. of 4-14-87)

Sec. 23-31 (7.03). - Records required of wholesale dealers, jobbers, manufacturers or suppliers; information required; inspection.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers, jobbers, manufacturers, or suppliers in the applicable taxing district are hereby required to keep a record of all sales of tangible personal property made in the applicable taxing district, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers, jobbers, manufacturers, or suppliers shall contain and include the name and address of the purchaser, the date of purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the collector or his duly authorized assistants at all reasonable hours.

(Ord. of 4-14-87)

Sec. 23-31 (7.04). - Examination and investigation by collector.

For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee, or authorized representative, of the department or division engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer, to exhibit to the collector or to any such employee of his department or division charged with the collection of the tax imposed by this article, hereafter referred to as "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power to do so.

(Ord. of 4-14-87)

Sec. 23-31 (7.05). - Collector authorized to examine records of transportation companies.

For the purpose of enforcing the collection of the tax levied by this article, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in the applicable taxing district, whether said companies, agencies, or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(Ord. of 4-14-87)

Sec. 23-31 (7.06). - Collector to keep record of official acts; authentication of copies; evidence in court.

The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions, and orders made by him or by any deputy of his department or division in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(Ord. of 4-14-87)

Sec. 23-31 (7.07). - Collector's files and records deemed confidential and privileged; inspection limitations.

The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

   (a)  In an action or proceeding under the provisions of this article; and

   (b)  When the records or files or the files or the facts shown thereby are directly involved in such action or proceeding.

(Ord. of 4-14-87)

Sec. 23-31 (7.08). - Permissible use of returns, reports or files.

Nothing contained in this article shall be construed to prevent:

(a) The delivery to a dealer or his duly authorized representative of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(b) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(c) The inspection by the legal representative of this taxing authority of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(d) The examination of the records and files by the collector or by his duly authorized agents; or

(e) The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any official person or body of any other political subdivision or state of the United States who shall be concerned with the administration of any similar tax by that political subdivision or the state or the United States.

(Ord. of 4-14-87)


DIVISION 8. - IMPORTED GOODS; PERMITS


Sec. 23-32 (8.01). - Permits to import tangible personal property.

In order to prevent the illegal importation into the applicable taxing district of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person or dealer may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subject to legal proceedings for its forfeiture. Such system of permits shall require the person or dealer who desires to import tangible personal property into the applicable taxing district, which property is subject to the tax imposed by this article, to apply to the collector or his assistants for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Ord. of 4-14-87)


DIVISION 9. - REMEDIES FOR COLLECTION, INCLUDING INTEREST, PENALTIES, ETC.


Sec. 23-33 (9.01). - Property presumed to be for sale, use, etc., in applicable taxing district; presumption prima facie only.

For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into the applicable taxing district or held in the applicable taxing district by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the applicable taxing district, or leased or rented within the applicable taxing district, and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the collector.

(Ord. of 4-14-87)

Sec. 23-33 (9.02). - Effect of failure to pay tax; court proceedings.

Failure to pay any tax due as provided in this article shall, ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and this taxing authority is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the said dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why said dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of this taxing authority, prohibiting such dealer from further pursuit of said business until such time as he has paid the delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(Ord. of 4-14-87)

Sec. 23-33 (9.03). - Interest penalty, attorney fees added to delinquent tax.

If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate of fifteen (15) per cent per annum, or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five (5) per cent for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five (25) per cent in aggregate, of the tax due, when such tax is not paid, within thirty (30) days of the date the tax first becomes due and payable, and in the event of suit, attorney's fees at the rate of ten (10) per cent of the aggregate of tax, interest and penalty.

(Ord. of 4-14-87; Ord. of 12-11-00)

Sec. 23-33 (9.04). - Collector to make estimate and assessments of tax under certain conditions; collection; penalties.

In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the applicable taxing district, and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records, or documents, or an

Case 2:21-cv-02106-JTM-KWR    Document 23-3    Filed 11/15/21    Page 643 of 1004

audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "sales tax fund" in the same manner as are the taxes collected under this article.

If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty of five (5) per cent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. of 4-14-87)

Sec. 23-33 (9.05). - Final return of dealer selling or quitting business; purchaser required to withhold from purchase money to cover taxes; personal liability of purchaser.

If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assignors.

(Ord. of 4-4-87)

Sec. 23-33 (9.06). - Collector authorized to give notice of tax delinquency; limitation on transfers, etc.; report to collector by property holders, etc.

In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(Ord. of 4-14-87)

Sec. 23-33 (9.07). - Collector authorized to ascertain true cost of imported goods in certain cases; assessment and collection of tax, penalties, etc.

In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus

penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(Ord. of 4-14-87)

Sec. 23-33 (9.08). - Collector's authority to fix true or actual consideration of leased or rented property; collection of tax.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgement of the collector, represent the true or actual consideration, then the collector is authorized to fix the same and collect the tax thereon for this taxing authority in the same manner as above provided (section 23-33 (9.07)) with interest plus penalties, if such have accrued.

(Ord. of 4-14-87)

Sec. 23-33 (9.09). - Legal remedy of collector when transportation company refuses examination of books, etc.

In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records, and other documents by the collector, the collector may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgement of the court and every violation of said judgement as a contempt thereof and punished according to law.

(Ord. of 4-14-87)

Sec. 23-33 (9.10). - Late or fraudulent return by dealer; notice to appear before collector; hearing.

If any dealer subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him, or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and said collector may require such dealer, or the agents or employees of such dealers, to give testimony or to answer interrogatories, under oath administered by the collector or his assistants, respecting the sale at retail, the use, or consumption or distribution, in the applicable taxing district, or lease or rental of tangible personal property or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(Ord. of 4-14-87)

Sec. 23-33 (9.11). - Collector authorized to apply to court for order requiring compliance by dealer.

If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return, or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examinations, and the court or any

judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer directing him or them to so appear and testify, and to produce such books, records, and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association, or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished by law in cases of contempt.

(Ord. of 4-14-87)

Sec. 23-33 (9.12). - Importation of taxable property by vehicle without permit deemed attempt to evade tax payment; seizure of vehicle and property authorized.

The importation into the applicable taxing district of tangible personal property which is subject to tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in section 23-32 (8.01) (if the tax imposed by this resolution on said tangible personal property has not been paid), shall be construed as an attempt to evade payment of the said tax and the same is hereby prohibited, and the truck, automobile, or means of transportation other than a common carrier, and said taxable property, may be seized by this taxing authority in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(Ord. of 4-14-87)

Sec. 23-33 (9.13). - Attachment of imported property for nonpayment of tax, etc.; penalties.

(a)  The failure of any dealer who imports tangible personal property from outside the applicable taxing district into the applicable taxing district for use or consumption or distribution or storage to be used or consumed in the applicable taxing district, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay any tax, interest, penalties or costs under this article, shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of the applicable taxing district, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided, that it is the intention of this article to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to this taxing authority.

(b)  In addition to the penalties prescribed in this and the preceding section (section 23-33 (9.12)), any person or dealer who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisonment in jail for a period of not more than ninety (90) days or by both such fine and imprisonment, in the discretion of the court; and, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(Ord. of 4-14-87)

Sec. 23-33 (9.14). - Personal liability of dealers; lien; preference in distribution of assets.

The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person or dealer to this taxing authority recoverable in any court of competent jurisdiction in an action at law by this taxing authority. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgement or order obtained hereunder shall be paid to this taxing authority.

(Ord. of 4-14-87)

Sec. 23-33 (9.15). - Collector authorized to require bond or other surety.

This taxing authority may require a bond or other security satisfactory to the collector for the payment of any taxes, fees, interests and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Ord. of 4-14-87)

Sec. 23-33 (9.16). - Collector authorized to estimate taxes due, etc.

If any person, or dealer, shall fail to make a return or report as required by this article, the collector may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due this taxing authority from such person, or dealer, give notice of such assessment to such person or dealer, and must make demand upon him for payment.

(Ord. of 4-14-87)

Sec. 23-33 (9.17). - Audit of reports; assessment if deficiency found; demand for payment.

After a return or report is filed under the provisions of this article, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary, and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due this taxing authority from such person, or dealer, and make demand upon him for payment.

(Ord. of 4-14-87)

Sec. 23-33 (9.18). - Arbitrary assessment by collector when collection jeopardized; payment; additional penalties.

(a) If the collector finds that any person, or dealer liable for the payment of any tax under this article designs quickly to depart from the applicable taxing district or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly, or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may

proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

(b)   All taxes, penalties and interest assessed pursuant to the provisions of the last three (3) preceding sections shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by this collector. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinbefore provided, and any other penalties provided by this article, a sum equivalent to five (5) per cent of the tax.

(Ord. of 4-14-87)

Sec. 23-33 (9.19). - Collection by distraint and sale.

If any dealer against whom taxes have been assessed under the provisions of this article, shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of property or rights to property belonging to the delinquent dealer.

Whenever any taxpayer, dealer or retailer fails to pay or remit any tax, penalty and interest assessed, as provided under this article, the collector or his authorized representative may proceed to enforce the collection thereof by distraint and sale.

Whenever the collector or his authorized representative shall distrain any property of a taxpayer or dealer, he shall cause to be made a list of the property or effects distrained, a copy of which, signed by the collector or his authorized representative, shall be sent by registered mail to the taxpayer, dealer or retailer at his last known address or business address or served on him in person. This list shall be accompanied with a note of the sum demanded and a notice of the time and place where the property will be sold, if such a sale is necessary. Thereafter, the collector or his authorized representative shall cause a note to be published in the official journal of the taxing authority, specifying the property distrained, and the time and place of sale. The sale shall be held not less than fifteen (15) calendar days from the date of the notice mailed or served on the taxpayer or the date of publication in the official journal, whichever is later. The collector or his authorized representative may postpone such sale from time to time, if it deems advisable, but not for a time to exceed thirty (30) calendar days in all. If the sale is continued it shall be readvertised.

Any person, in possession of property or rights to property subject to distraint, upon which a levy has been made, shall, upon demand by the collector or his authorized representative, making such a levy, surrender such property or rights to the collector or his authorized representative, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process. Any person failing or refusing to surrender any such property or rights shall be liable to the collector acting for the taxing authority in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes, penalties, and interest and other costs and charges which are due.

The collector or his authorized representative shall sell at public auction for cash to the highest bidder so much of the property distrained by him as may be sufficient to satisfy the tax, penalties, interest and costs due. He shall give the purchaser a certificate of sale which will be prima facie evidence of the right regularity of his proceedings in making the sale, and which will transfer to the purchaser all rights, title and interest of the taxpayer in the property sold.

Case 2:21-cv-02106-JTM-KWR    Document 23-3   Filed 11/15/21   Page 648 of 1004

Out of the proceeds of the sale, the collector shall first pay all costs of the sale and then apply so much of the balance of the proceeds as may be necessary to pay the assessment. Any balance beyond this shall be paid to the taxpayer, dealer or retailer.

(Ord. of 4-14-87)

Sec. 23-33 (9.20). - Dealer liable for uncollected taxes.

Any dealer who shall neglect, fail or refuse to collect the tax as provided in sections 23-28 (4.01) through 23-28 (4.12) of this article, upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(Ord. of 4-14-87)

Sec. 23-33 (9.21). - Penalty for certain violations.

For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court:

(a) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under sections 23-28 (4.01) through 23-28 (4.12) of this article, and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(b) Any dealer who shall fail, neglect or refuse to collect the tax as provided in sections 23-28 (4.01) through 23-28 (4.12) of this article, whether by himself or through his agents or employees;

(c) Any dealer violating the provisions of sections 23-33 (9.05) through 23-33 (9.06) of this article;

(d) Any dealer who fails to permit an inspection of records by the collector as provided in section 23-31 (7.01) of this article;

(e) Any wholesale dealer, jobber, manufacturer or supplier in the applicable taxing district who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 23-31 (7.03) of this article;

(f) Any dealer, wholesale dealer, jobber, manufacturer or supplier who violates the provisions of sections 23-28 (4.04) and 23-28 (4.05) of this article;

(g) Any dealer who violates the provisions of section 23-31 (7.02) of this article;

(h) Any dealer failing or refusing to furnish any return as provided in sections 23-30 (6.01) through 23-30 (6.07) of this article, or failing or refusing to furnish a supplemental return or other data required by the collector;

(i) Any dealer required to make, render, sign or verify any return, as provided in sections 23-30 (6.01) through 23-30 (6.07) of this article, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(j) The president, executive officers, managers and directors of any corporation who shall violate the provisions of section 23-33 (9.22) of this article; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the

tax, interest and penalties that may be due; and

> (k)  Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(Ord. of 4-14-87)

Sec. 23-33 (9.22). - Corporations prohibited from dissolving, merging, reorganizing, etc., until all taxes, etc., have been paid.

No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders, or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from the state to transact business in the applicable taxing district may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon said corporation in accordance with the provisions of this article shall have been fully paid.

(Ord. of 4-14-87)

Sec. 23-33 (9.23). - Additional payments if tax not paid when due.

Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in section 23-33 (9.03) of this article, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

In addition, such person or dealer shall pay the special penalty or penalties provided by this article.

(Ord. of 4-14-87)

Sec. 23-33 (9.24). - Collection of penalties and interest; waiver of penalty and interest by collector.

All penalties and interest imposed by this article shall be payable to and recoverable by this taxing authority in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charge in excess of the rate of one-half (½) of one (1) per cent per month.

(Ord. of 4-14-87)

Sec. 23-33 (9.25). - Insufficient funds check in payment of taxes; penalty.

In the event a check used to make payment of a tax, interest, penalty, or fee due under this article is returned unpaid by the bank on which it is drawn for any reason related to the account on which the check is written, such shall constitute a failure to pay the tax, interest, penalty, or fee due and a specific penalty may be imposed on the taxpayer in addition to all other penalties provided by law; provided, however, upon sufficient proof being furnished to the collector by the bank that the bank was at fault for the nonpayment of the check, the collector shall waive the penalty provided for in this section. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax, interest, penalty, or fee that is due in the same manner as if it were part of the tax, interest, penalty, or fee that is due in payment of which the check was given and may be enforced in a separate action or in any

action instituted for the collection of the tax, interest, penalty, or fee. The specific penalty imposed under this section shall be an amount equal to the greater of one (1) per cent of the check or twenty dollars ($20.00). After receipt of three (3) insufficient funds checks during any two-year period, the collector may require payment of the taxes, interest, penalties, or fees due by the taxpayer to be paid by certified check, money order, or cash.

(Ord. of 4-14-87)

Sec. 23-33 (9.26). - Prescriptive period for taxes, interest, and penalties; interruption and suspension of prescriptive period.

(a)   Sales and use taxes levied by any political subdivision shall prescribe as of three (3) years from the thirty-first day of December of the year in which such taxes became due.

(b)   The prescriptive period running against any such sales and use tax shall be interrupted by any of the following:

(1)   The action of the political subdivision in assessing the amounts of such taxes in the manner prescribed by law.

(2)   Filing of a summary proceeding in court.

(3)   Filing of any pleadings by the political subdivision or by the taxpayer with any state or federal court.

(4)   Filing of false or fraudulent tax return.

(5)   Failure to file a tax return, with intent to defraud.

(c)   The running of such prescriptive period may also be suspended by means of a written agreement between any taxpayer and the political subdivision made prior to the lapse of such period.

(d)   As used in this section, "political subdivision" means any political subdivision of the state which lawfully levies and collects a sales and use tax, and "tax" means a sales and use tax and applicable interest, penalties, and other charges levied by a political subdivision.

(Ord. of 4-14-87)

DIVISION 10. - REFUNDS AND REIMBURSEMENTS

Sec. 23-34 (10.01). - Dealer's tax credit for returned purchases.

In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector and in case the tax has not been remitted by the dealer to this taxing authority, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall not be longer than ninety (90) days, this taxing authority, through the collector, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected, such memorandum shall be accepted by this taxing authority at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(Ord. of 4-14-87)

Sec. 23-34 (10.02). - Dealer's claim for refund.

If any dealer shall have given to the collector notice within the time provided in section 23-34 (10.01) of this article, such dealer thereafter at any time within three (3) years from December 31 of the year in which the sales and use tax becomes due or after one (1) year from the date the sales and use tax is paid, whichever is later, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(Ord. of 4-14-87)

Sec. 23-34 (10.03). - Overpayment credited against dealer's liability; refund; rejection of claim.

If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, the dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(Ord. of 4-14-87)

Sec. 23-34 (10.04). - Refund of erroneously or illegally collected tax.

Where no question of fact or law is involved, and it appears from the records of this taxing authority that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time, issue a credit or refund in accordance with the provisions set forth in R.S. 33:2718.1.

(Ord. of 4-14-87)

Sec. 23-34 (10.05). - Repayment to dealer for indebtedness.

When, to secure compliance with any of the provisions of this article any moneys shall have been deposited with this taxing authority by any dealer, and shall have been paid over to this taxing authority and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. of 4-14-87)

DIVISION 11. - REMEDIES OF DEALER

Sec. 23-35 (11.01). - Right of action created; procedures; amount of recovery.

A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount

so paid shall be segregated and held for a period of thirty (30) days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall direct the treasurer to refund the amount to the claimant, with interest at the rate prescribed by LA R.S. 33:2718 covering the period from the date the said funds were received by the collector to the date of refund.

(Ord. of 4-14-87)

Sec. 23-35 (11.02). - Courts having jurisdiction; service of process.

This section shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(Ord. of 4-14-87)

Sec. 23-35 (11.03). - Legal remedy for certain causes of action; payment of tax under protest.

This section shall be construed to provide a legal remedy in the state, city or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of Congress, of the United States Constitution, or the Constitution of the State of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the dealer, upon agreement to abide by the decision of the courts, may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the treasurer until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Ord. of 4-14-87)

Sec. 23-35 (11.04). - Protest of collector's finding or assessment; hearing; effect of protest; court appeals.

If any dealer shall be aggrieved by any finding or assessment of the collector, he may within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing, signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment nor shall it stay the right of the collector to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, city or federal court of competent jurisdiction as provided for in section 23-35 (11.02).

(Ord. of 4-14-87)

DIVISION 12. - OTHER ADMINISTRATIVE PROVISIONS

Sec. 23-36 (12.01). - Collector authorized to enforce article.

The collector is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by this taxing authority.

(Ord. of 4-14-87)

Sec. 23-36 (12.02). - Collector authorized to make and publish rules and regulations.

The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and Constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(Ord. of 4-14-87)

Sec. 23-36 (12.03). - Collector to design, print and furnish forms.

The collector shall design, prepare, print and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided.

(Ord. of 4-14-87)

Sec. 23-36 (12.04). - Appropriation for costs.

The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne out of appropriations by this taxing authority as provided in section 23-37 (13.02) of this article.

(Ord. of 4-14-87)

Sec. 23-36 (12.05). - Exemption to application of article's provisions.

The provisions of this article shall not apply to tangible personal property actually imported or caused to be imported into, or stored within the territorial limits of the applicable taxing district prior to the effective date of the applicable tax, if the tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(Ord. of 4-14-87)

Sec. 23-36 (12.06). - Collector or his deputy authorized to receive written oaths.

It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, deposition, statement, or report required by the collection in the administration of this article.

(Ord. of 4-14-87)

Sec. 23-36 (12.07). - Collector and deputy authorized to conduct hearings or examinations.

Baton Rouge Code of Ordinances

The collector, or any deputy by him duly designated, may conduct hearings, and have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

(Ord. of 4-14-87)

Sec. 23-36 (12.08). - Method of giving notice to dealers.

Any notice required to be given by the collector pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Ord. of 4-14-87)

Sec. 23-36 (12.09). - Collector's records; authentication of copies; fee.

The collector shall keep a record of all of the official acts, and shall reserve copies of all rules, decisions and orders made by him and by any deputy of his department or division in charge of the collection of the tax imposed by this article. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of one dollar ($1.00) which shall be deposited in the "sales tax fund."

(Ord. of 4-14-87)

Sec. 23-36 (12.10). - Legal remedies preserved.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive this taxing authority of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or any other law, nor shall this article be construed as repealing or altering any such laws, ordinances or resolutions.

(Ord. of 4-14-87)

Sec. 23-36 (12.11). - Severability of article's provisions.

If any section, subsection, sentence, clause or phrase of this article be held invalid such decision shall not affect the validity of the remaining portions of this article. This taxing authority hereby declares that it would have passed this article, and each section, subsection, sentence, clause and phrase thereof irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases may be so declared invalid.

(Ord. of 4-14-87)

Sec. 23-36 (12.12). - Tax declared supplemental to all other taxes.

The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of this taxing authority of any kind or nature.

(Ord. of 4-14-87)

Sec. 23-36 (12.13). - Contracts for retail sales entered into prior to the effective date of this article.

In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this article and containing the sale price, and delivery is made after the effective date of this article, and such sale is taxable under this article, the seller shall add the tax imposed by said article to said sale price, and collect it from the buyer.

The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of this article, but are actually furnished after the effective date hereof.

(Ord. of 4-14-87)

DIVISION 13. - DISPOSITION OF TAX PROCEEDS AND REVENUES

Sec. 23-37 (13.01). - Funds to be deposited in sales tax funds.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector, as an agent of this taxing authority, under any provision or provisions of this article shall be deposited daily by the collector for the account of this taxing authority in an agency fund designated "sales tax fund," which fund shall be established and maintained with the regularly designated fiscal agent or agents of this taxing authority; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the treasurer with said fiscal agent pending the final determination of the protest or litigation.

(Ord. of 4-14-87)

Sec. 23-37 (13.02). - Payment of costs and expenses of collection of tax and administration of article.

Out of the funds on deposit in said "sales tax fund," the treasurer of the Rapides Parish Police Jury shall first pay all reasonable and necessary costs and expenses of collecting the tax levied hereby and administering the provisions of this article as well as the various administrative procedures established herein. Such costs and expenses shall be reported by the treasurer monthly to the taxing authority.

(Ord. of 4-14-87)

Sec. 23-37 (13.03). - Disbursement of fund balances.

In compliance with the special election authorizing said applicable tax, after the costs and expenses of collection and administration have been paid as provided for in section 23-37 (13.02), the remaining balance in said "sales tax fund" in excess of a reasonable balance (which shall be retained as operating capital) shall be transferred by the treasurer of the Rapides Parish Police Jury monthly on or about the thirtieth day of each month to the political subdivision in the amount set forth in the propositions.

(Ord. of 4-14-87)

DIVISION 14. - RESERVED

Secs. 23-38—23-214. - Reserved.

ARTICLE II. - SALES AND USE TAX

> *Footnotes:*
>
> *--- (2) ---*
>
> **State Law reference—** *Sales taxes generally, R.S. 33:2711 et seq.; Uniform Local Sales Tax Code, R.S. 47:337.1 et seq.; governing authority of Sabine Parish authorized to levy and collect a sales and use tax of not in excess of one percent, R.S. 47:338.97; authority of Sabine Parish police jury to levy additional sales and use tax, R.S. 47:338.186.*

DIVISION 1. - GENERALLY

Sec. 22-23. - Adoption of uniform local sales tax code.

Pursuant to the authority conferred by R.S. 47:337.4 (Levy of sales and use tax), the provisions of R.S. 47:337.1 et seq., as amended, commonly referred to as the "Uniform Local Sales Tax Code," are hereby adopted by reference and incorporated herein as if set out fully and shall apply in the assessment, collection, administration and enforcement of the tax imposed herein.

Sec. 22-24. - Imposition.

Pursuant to the authority of a special election held in the parish on October 19, 2013, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and upon the lease or rental of tangible personal property and on the sales of services in the parish, as defined by law. The uniform local sales tax code, as enacted by Act 73 of the 2003 regular session of the state legislature and as it may be amended shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. No. 1-2014 , § 1, 1-15-2014)

Sec. 22-25. - Rate of tax.

The tax is levied at the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish and to include each and every retail sale. The tax is levied at the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the parish, provided that there shall be no duplication of the tax. The tax is levied at the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by the lessee or rentee, or

contracted or agreed to be paid by the lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. No. 1-2014 , § 2, 1-15-2014)

Sec. 22-26. - Term.

The tax shall remain in effect for ten years (August 1, 2014 through July 31, 2024).

(Ord. No. 1-2014 , § 4, 1-15-2014)

Sec. 22-27. - Purpose.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on October 19, 2013, authorizing the tax.

(Ord. No. 1-2014 , § 5, 1-15-2014)

Sec. 22-28. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed one percent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided that the amount due was not delinquent at the time of payment, and provided that the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed to the dealer hereunder.

(Ord. No. 1-2014 , § 6, 1-15-2014)

Sec. 22-29. - Exclusions and exemptions.

The police jury adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does the police jury adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29(D)(1) of the Constitution of the State of Louisiana of 1974 that are not allowed as an exclusion or exemption from state sales and use tax. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions, except for those mandated upon political subdivisions by the constitution or statutes of the state, including the act. Notwithstanding the foregoing, the furnishing of repairs, including parts, to railcars when the repaired railcar is delivered to the customer in another state, either by common carrier or the repair dealer's own vehicle, shall be excluded from the levy of the tax imposed by this division.

(Ord. No. 1-2014 , § 7, 1-15-2014; Ord. No. 6-2019 , 4-17-2019)

Sec. 22-30. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of 1¼ percent per month.

(Ord. No. 1-2014 , § 8, 1-15-2014)

Sec. 22-31. - Delinquency penalty.

The delinquency penalty, as provided by R.S. 47:337.70, shall be five percent per month on the unpaid amount of the tax due for each 30-day period, not to exceed five 30-day periods.

(Ord. No. 1-2014 , § 9, 1-15-2014)

Sec. 22-32. - Penalty for false, fraudulent or grossly incorrect return.

The penalty, as authorized by R.S. 47:337.72, shall be 50 percent of the amount of the tax found to be due.

(Ord. No. 1-2014 , § 10, 1-15-2014)

Sec. 22-33. - Negligence penalty.

The penalty, as authorized by R.S. 47:337.73, shall be five percent of the unpaid amount of the tax found to be due, or $10.00, whichever is greater.

(Ord. No. 1-2014 , § 11, 1-15-2014)

Sec. 22-34. - Penalty for insufficient funds check.

The penalty, as authorized by R.S. 47:337.74, shall be an amount equal to the greater of one percent of the check, or $20.00.

(Ord. No. 1-2014 , § 12, 1-15-2014)

Sec. 22-35. - Attorney fees paid by debtor.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this article, or to represent him in any proceeding under this article. If any taxes, penalties or interest due under this article are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. No. 1-2014 , § 13, 1-15-2014)

Sec. 22-36. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. No. 1-2014 , § 14, 1-15-2014)

Sec. 22-37. - Distraint penalty.

The penalty, as provided by R.S. 47:337.76 in cases where the distraint procedure is used in the collection of the tax, shall be $10.00.

(Ord. No. 1-2014 , § 15, 1-15-2014)

Sec. 22-38. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees, be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 1-2014 , § 16, 1-15-2014)

Sec. 22-39. - Collector.

The tax levied by this article is authorized to be collected by a collector, which term shall mean the parish sales tax commission.

(Ord. No. 1-2014 , § 17, 1-15-2014)

Sec. 22-40. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this article, to appoint deputies, assistants or agents to assist him in the performance of his duties, and in pursuance thereof, to make and enforce such rules as he may deem necessary.

(Ord. No. 1-2014 , § 18, 1-15-2014)

Sec. 22-41. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, the police jury, acting through the president of the police jury, is authorized to enter into an agreement with the

vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(Ord. No. 1-2014 , § 19, 1-15-2014)

Sec. 22-42. - Revenues of tax.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision of this article relating to the tax shall be promptly deposited by the collector for the account of the parish in the special fund heretofore established and maintained for the deposit of such proceeds, which fund shall be a separate bank account to be maintained with the regularly designated fiscal agent of the parish; provided, however, that any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

(b) In compliance with the said special election of October 19, 2013, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by the police jury solely for the purposes designated in the applicable proposition authorizing the levy of the tax.

(Ord. No. 1-2014 , § 20, 1-15-2014)

Sec. 22-43. - Uniform sales tax controlling.

If any provision of this article shall be in conflict with the provisions of the Uniform Local Sales Tax Code, the provisions of the Uniform Local Sales Tax Code shall be controlling.

(Ord. No. 1-2014 , § 22, 1-15-2014)

Secs. 22-44—22-66. - Reserved.

DIVISION 2. - COUNCIL ON AGING TAX

Sec. 22-67. - Imposition.

Pursuant to the authority of a special election held in the parish, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in

10/15/21, 6:35 PM

the parish, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the state legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. No. 3-2012 , § 1, 12-19-2012)

Sec. 22-68. - Rate of tax.

The tax is levied at the rate of one-fourth of one percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of the tax due to the parish, and to include each and every retail sale. The tax is levied at the rate of one-fourth of one percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax. The tax is levied at the rate of one-fourth of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the business, or of the monthly lease or rental price paid by the lessee or rentee, or contracted or agreed to be paid by the lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one-fourth of one percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. No. 3-2012 , § 2, 12-19-2012)

Sec. 22-69. - Term.

The tax shall remain in effect for ten years (October 1, 2013 through September 30, 2023).

(Ord. No. 3-2012 , § 4, 12-19-2012)

Sec. 22-70. - Purpose.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on December 8, 2012, authorizing the tax.

(Ord. No. 3-2012 , § 5, 12-19-2012)

Sec. 22-71. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this division, each dealer shall be allowed one percent of the amount of the tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount

due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. No. 3-2012 , § 6, 12-19-2012)

Sec. 22-72. - Exclusions and exemptions.

The police jury adopts none of the optional exclusions or exemptions allowed by the state sales and use tax law, nor does the police jury adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29(D)(1) of the constitution of the state of 1974, that are not allowed as an exclusion or exemption from the state sales and use tax. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the constitution or statutes of the state, including the Act. Notwithstanding the foregoing, the furnishing of repairs, including parts, to railcars when the repaired railcar is delivered to the customer in another state, either by common carrier or the repair dealer's own vehicle, shall be excluded from the levy of the tax imposed by this division.

(Ord. No. 3-2012 , § 7, 12-19-2012; Ord. No. 7-2019 , 5-29-2019)

Sec. 22-73. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of 1¼ percent per month.

(Ord. No. 3-2012 , § 8, 12-19-2012)

Sec. 22-74. - Delinquency penalty.

The delinquency penalty, as provided by R.S. 47:337.70, shall be five percent per month on the unpaid amount of the tax due for each 30-day period, not to exceed five 30-day periods.

(Ord. No. 3-2012 , § 9, 12-19-2012)

Sec. 22-75. - Penalty for false, fraudulent or grossly incorrect return.

The penalty as authorized by R.S. 47:337.72 shall be 50 percent of the amount of the tax found to be due.

(Ord. No. 3-2012 , § 10, 12-19-2012)

Sec. 22-76. - Negligence penalty.

The penalty as authorized by R.S. 47:337.73 shall be five percent of the unpaid amount of the tax found to be due or $10.00, whichever is greater.

(Ord. No. 3-2012 , § 11, 12-19-2012)

Sec. 22-77. - Penalty for insufficient funds check.

The penalty as authorized by R.S. 47:337.74 shall be an amount equal to the greater of one-fourth of one percent of the check or $20.00.

(Ord. No. 3-2012 , § 12, 12-19-2012)

Sec. 22-78. - Attorney fees paid by debtor.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this division, or to represent him in any proceeding under this division. If any taxes, penalties or interest due under this division are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. No. 3-2012 , § 13, 12-19-2012)

Sec. 22-79. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of the tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. No. 3-2012 , § 14, 12-19-2012)

Sec. 22-80. - Distraint penalty.

The penalty as provided by R.S. 47:337.76, in cases where the distraint procedure is used in the collection of the tax, shall be $10.00.

(Ord. No. 3-2012 , § 15, 12-19-2012)

Sec. 22-81. - Limits on interest; penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees, be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. No. 3-2012 , § 16, 12-19-2012)

Sec. 22-82. - Collector designated.

The tax levied by this division is authorized to be collected by a "collector" which term shall mean the parish sales tax commission.

(Ord. No. 3-2012 , § 17, 12-19-2012)

Sec. 22-83. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this division, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. No. 3-2012 , § 18, 12-19-2012)

Sec. 22-84. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, the police jury, acting through the president, is authorized to enter into an agreement with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(B).

(Ord. No. 3-2012 , § 19, 12-19-2012)

Sec. 22-85. - Revenues of tax.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision of this division relating to the tax shall be promptly deposited by the collector for the account of the parish in the special fund heretofore established and maintained for the deposit of such proceeds, which fund shall be a separate bank account to be maintained with the regularly designated fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

(b) In compliance with the special election of December 8, 2012, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in the special fund shall be available for appropriation and expenditures by the police jury solely for the purposes designated in the applicable proposition authorizing the levy of the Tax.

(Ord. No. 3-2012 , § 20, 12-19-2012)

Sec. 22-86. - Uniform sales tax controlling.

If any provision of this ordinance shall be in conflict with the provisions of the Uniform Local Sales Tax Code, the provisions of the Uniform Local Sales Tax Code shall be controlling.

(Ord. No. 3-2012 , § 22, 12-19-2012)

Secs. 22-87—22-104. - Reserved.

**ADOPTED**
**METROPOLITAN COUNCIL**

**MAR 27 2019**

*[signature]*

**COUNCIL ADMINISTRATOR TREASURER**

19-00334

RESOLUTION 54183

AMENDING SALES AND USE TAX ORDINANCE 10127,
ADOPTED DECEMBER 14, 1994, SO AS TO AMEND
SECTION 2 THEREOF BY ADDING A PARAGRAPH E TO
LEVY A ONE-HALF OF ONE PERCENT (½%) SALES AND
USE TAX FOR THIRTY YEARS, BEGINNING APRIL 1,
2019, RELATIVE TO THE REPAIR, IMPROVEMENT AND
CONSTRUCTION OF PUBLIC ROADS AND STREETS.

BE IT ORDAINED by the Metropolitan Council of the Parish of

East Baton Rouge and the City of Baton Rouge that:

Section 1. Sales and Use Tax Ordinance 10127, adopted

December 14, 1994, is hereby amended so as to amend and re-enact

Section 2 thereof to add sub-section (e), which shall read as

follows:

"Section 2.  Imposition of Taxes.

\* \* \*

e.  There is hereby levied for a period of thirty (30)
years, commencing on April 1, 2019, to and including
March 31, 2049, for the purpose of providing funds to
be used (A) (i) to construct or improve public roads
and streets, including the necessary engineering
services and related improvements, and including
drainage projects and traffic signal synchronization
and aesthetic improvements; (ii) to construct road
and street community enhancement projects, including
ditches and drainage, lights, curbs, landscaping and
sidewalks; and (iii) to improve existing corridors to
increase mobility, including signal synchronization,
sidewalks and cycling paths, all within the cities of
Baton Rouge, Baker, Central and Zachary, and the
Parish of East Baton Rouge; and (B) to improve the
Advance Traffic Management Center, a sales and use
tax equal to one-half of one percent (1/2%), subject
to an exemption for food and prescription drugs in
accordance with the requirements of R.S. 47:305. Such
tax is levied under the authority of Article 6,
Section 29 of the Louisiana Constitution of 1974, as
amended, and R.S. 33:2721.6, the taxpayers of the
Parish of East Baton Rouge having approved same at a
special election held December 8, 2018.

f.  Each of the taxes specified herein shall be levied
upon the following:

(1)  The Sales Price of each item or article of
tangible personal property when sold at retail
in the taxing jurisdiction, the tax to be
computed on gross sales for the purpose of

        remitting the amount of tax due the taxing jurisdiction, and to include each and every retail sale.

(2)    The cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed or stored for use or consumption in the taxing jurisdiction, provided there shall be no duplication of the tax.

(3)    The gross proceeds derived from the lease or rental of tangible personal property, where the lease or rental of such property is an established business, or part of the same is incidental or germane to the business.

(4)    The monthly lease or rental price paid by the lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5)    The gross proceeds derived from the sale of services.

(6)    Interstate sales to the extent authorized by Act 155 of 1990 (R.S. 47:305(E)).

(7)    Refinery gas to the extent and in the manner authorized by Act 476 of 1990 (R.S. 47:305D(1)(b)).

g.    The taxes shall be collected from the dealer and paid at the time and in the manner hereinafter provided. The taxes so levied are, and shall be, in addition to all other taxes, whether levied in the form of sales, excise, license, privilege or property taxes levied by any city, school board or parish ordinance.

h.    The collection of the taxes herein levied shall be made in the name of the taxing jurisdiction by the Director.

i.    The Director will use the integrated bracket schedules provided by the Secretary of Revenue and Taxation, State of Louisiana, pursuant to Louisiana Revised Statutes, Title 47, Section 304, for the purpose of tax collection within the meaning of this ordinance."

Section 2.  All ordinance or parts of ordinance in conflict herewith are hereby repealed.

}

# SECTION 1

### SECTION 1. DEFINITIONS

As used in this ordinance, the following words, terms and phrases shall have the meaning ascribed to each in this section unless the context clearly indicates a different meaning.

a. "Business" means any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this ordinance to include occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

b. "City" means the City of Baton Rouge as is now or as may hereafter be constituted under The Plan of Government of the Parish of East Baton Rouge and the City of Baton Rouge.

c. (1) "Cost Price" means the actual cost of the articles of tangible personal property without any deductions there from on account of the cost of materials used, labor, or service cost, except those service costs for installing the articles of tangible personal property if such cost is separately billed to the customer at the time of installation, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less. "Cost price" shall not include the supplying and installation of board roads to oil field operators if the installation charges are separately billed to the customer at the time of installation.

(2) In the case of interchangeable components located in the taxing jurisdiction a taxpayer may elect to determine the cost price of such components as follows:

(a) The taxpayer shall send to the Director written notice of the calendar month selected by the taxpayer as the first month for the determination of cost price under this paragraph c(2) (the "First Month"). The taxpayer may select any month. The taxpayer shall send to the Director notice of an election to designate a First Month on the first day of the designated First Month.

(b) For the First Month and each month thereafter, cost price shall be based and use tax shall be paid only on one-sixtieth of the aggregate cost price of the interchangeable components deployed and earning revenue within the taxing jurisdiction during the month, without regard to any credit or other consideration for Louisiana state, political subdivision, or school board use tax previously paid on such interchangeable components.

Enable Google Translate

(c) Any election made under this Paragraph shall be irrevocable for a period of sixty consecutive months inclusive of the First Month. If at any time after the sixty-month period the taxpayer revokes its election, no credit or other consideration for use taxes paid pursuant thereto shall be applied to any use tax liability arising after such revocation.

(d) For purposes of this Paragraph, "interchangeable component" means a component that is used or stored for use in measurement-while-drilling instruments or systems manufactured or assembled by the taxpayer, which measurement-while-drilling instruments or systems collectively generate eighty percent or more of their annual revenue from their use outside of the taxing jurisdiction.

(e) "Measurement-while-drilling instruments or systems" means instruments or systems which measure information from a down hole location in a borehole, transmit the information to the surface during the process of drilling the borehole using a wireless technique, and receive and decode the information on the surface.

(3) "Cost price" shall not include any amount designated as a cash discount or a rebate by a vendor or manufacturer of any new vehicle subject to the motor vehicle license tax. For purposes of this subparagraph "rebate" means any amount offered by the vendor or manufacturer as a deduction from the listed retail price of the vehicle.

d. "Dealer" means:

(1) Every person who imports, or causes to be imported, tangible personal property from any state or other political subdivision of this state, or foreign country, for sale at retail, for use or consumption, or distribution, or for storage, to be used or consumed in this taxing jurisdiction.

(2) Every person who manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution, or for storage.

(3) Any person who sells at retail or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution, or storage, to be used or consumed in the taxing jurisdiction, tangible personal property.

(4) Any person who has sold at retail, or used, or consumed, or distributed, or stored for use or consumption in the taxing jurisdiction, tangible personal property and who cannot prove that the tax levied by this ordinance has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of such tangible personal property.

(5) Any person who leases or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto. However, a person who leases or rents tangible personal property to customers who provide information to such person that they will use the property only offshore beyond the territorial limits of the state shall not be included in the term "dealer" for purposes of the collection of the rental or lease tax imposed by this ordinance on such lease or rental contracts. For purposes of this subparagraph, "use" means the operational or functional use of the property and not other uses related to its possession such as transportation, maintenance, and repair. It is the intention of this subparagraph that the customers of such persons shall remit any tax due on the lease or rental of such property directly to the taxing jurisdiction.

Enable Google Translate

(6) Any person who is the lessee, permittee, licensee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto.

(7) Any person who sells or furnishes any of the services subject to tax under this ordinance.

(8) Any person who purchases or receives any of the services subject to tax under this ordinance.

(9) Any person engaging in business in the taxing jurisdiction. Engaging in business in the taxing jurisdiction means any of the following methods of transacting business: maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business, or by having an agent, salesman or solicitor operating within the taxing jurisdiction under the authority of the seller or its subsidiary irrespective of whether such place of business, agent, salesman or solicitor is located in the taxing jurisdiction permanently or temporarily, or whether such seller or subsidiary is qualified to do business in the taxing jurisdiction, or any person who makes deliveries of tangible personal property into the taxing jurisdiction other than by a common or contract carrier, or any person who makes deliveries of tangible personal property into the taxing jurisdiction in a vehicle owned or operated by such person.

e. "Director" means the Director of Finance of the City of Baton Rouge and the Parish of East Baton Rouge or his duly authorized assistants or employees.

f. "Free Hospital" means a hospital that does not charge any patients for health care provided by the hospital.

g. "Gross Sales" means the sum total of all sales of tangible personal property, and sales of services without any deductions whatsoever of any kind or character, except as provided in this ordinance.

h. "Lease or Rental" means the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee, for a consideration, without transfer of the title of such property. The term "lease or rental", however, as herein defined, shall not mean or include the lease or rental made for the purposes of re-lease or re-rental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, other drilling or related equipment used in connection with the operating, drilling, completion or re-working of oil, gas, sulphur or other mineral wells. The term "lease or rental" shall not mean or include a lease or rental of property to be used in performance of a contract with the U. S. Department of the Navy for construction or overhaul of U. S. Naval vessels, nor the lease or rental of airplanes or airplane equipment by a commuter airline domiciled in Louisiana, nor the lease or rental of items, including, but not limited to, supplies and equipment, which are reasonably necessary for the operation of free hospitals.

i. "Off-road Vehicle" means any vehicle which is issued a manufacturer's statement of origin that cannot be issued a registration certificate and license to operate on the public roads of this state because the vehicle does not meet the safety requirements prescribed by R.S. 32:1301 through R.S. 32:1310. This includes vehicles that are issued a title only by the Vehicle Registration Bureau, Department of Public Safety, such as recreational and sport vehicles, but it does not include farm equipment or heavy construction equipment.

j. "Parish" means all of the Parish of East Baton Rouge as the parish is now or may hereafter be constituted, without any limitations whatsoever.

Enable Google Translate

k. (1) "Persons" means any individual, firm, co-partnership, joint adventure, association, corporation, cooperative, estate, trust, business trust, receiver, syndicate, any parish, city, municipality or public board, public commission or public or semipublic corporation, district or other political subdivision or any board, agency, university, school, college, instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

(2) For purposes of the payment of the taxes levied herein, "Person" shall not include the State of Louisiana, this parish, city and parish, or municipality, any other parish, city and parish, municipality, district, or other political subdivision thereof, or any agency, board, commission, or instrumentality of Louisiana or its political subdivisions.

l. "Purchaser" means any person who acquires or receives any tangible personal property, or the privilege of using any tangible personal property, or receives any services pursuant to a transaction subject to tax under this ordinance.

m. (1) "Retail Sale" or "sale at retail" means a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property and a sale of services, as hereinafter set forth, and shall mean and include all such transactions as the Director, upon investigation, finds to be in lieu of sales. Sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale which is not in strict compliance with the rules and regulations will, himself, be liable for, and pay the tax.

(2) "Sale at Retail" does not include sale of materials for further processing into articles of tangible personal property for sale at retail or sales of electricity for chlor-alkali manufacturing processes, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business. The exclusion of isolated or occasional sales shall not apply to the sale of vehicles, and the term "sale at retail" shall include isolated or occasional sales of vehicles and the tax shall be collected thereon as provided in Section 6(c) hereof. The term "sale at retail" does not include the sale of any human tissue transplants, which shall be defined to include all human organs, bone, skin, cornea, blood, or blood products transplanted from one individual into another recipient individual, nor does it include the sale of food items by youth serving organizations chartered by Congress. The term "retail sales" does not include a sale of corporeal movable property which is intended for future sale to the United States Government or its agencies, when title to such property is transferred to the United States Government or its agencies prior to the incorporation of that property into a final product.

(3) "Sale at retail" does not include the sale of tangible personal property to food banks, as defined in R.S. 9:2799. (This subparagraph (3) shall be effective August 21, 1992).

(4) "Sale at retail" does not include the purchase of a new school bus or a used school bus which is less than five years old by an independent operator, when such bus is to be used exclusively in a public school system.

(5) "Sale at retail" does not include the sale of airplanes or airplane equipment or parts to a commuter airline domiciled in Louisiana.

(6) "Sale at retail" shall not include the sales of Louisiana manufactured or assembled passenger aircraft with a capacity in excess of fifty persons, if, after all transportation, including transportation by the purchaser, has been completed, the aircraft is ultimately received by the purchaser outside of Louisiana. (This subparagraph (6) shall be effective August 21, 1992.)

(7) "Sale at retail" does not include the sales of pelletized paper waste when purchased for use as combustible fuel by an electric utility or in an industrial manufacturing, processing, compounding, reuse, or production process, including the generation of electricity or process steam, at a fixed location in this state. However, such sale shall not be excluded unless the purchaser has signed a certificate stating that the fuel purchased is for the exclusive use designated herein. For purposes of this subparagraph, "pelletized paper waste" means pellets produced from discarded waste paper that has been diverted or removed from solid waste which is not marketable for recycling and which is wetted, extruded, shredded, or formulated into compact pellets of various sizes for use as a supplemental fuel in a permitted boiler. (This subparagraph (7) shall be effective July 1, 1993.)

(8) "Sale at retail" shall not include the sale or purchase of equipment used in fire fighting by bona fide volunteer fire departments. (This subparagraph (8) shall be effective July 1, 1992.)

(9) "Sale at retail" shall not include the sale of items, including, but not limited to, supplies an equipment, which are reasonably necessary for the operation of free hospitals.

n. "Retailer" means and includes every person engaged in the business of making sales at retail or rendering services taxable hereunder.

o. "Sale" means any transfer of title or possession or both, exchange, barter, conditional or otherwise, in any manner or by any means whatsoever of tangible personal property for a consideration and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving, for a consideration, of any tangible personal property consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred, but the seller retains title as security for the payment of the price, shall be deemed a sale. The term "sale" also includes the sales of services.

p. "Sales of Services" means and includes the following:

(1) The furnishing of rooms by hotels and tourist camps;

(a) The term "Hotel" means any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to transient guests where such establishments consist of six (6) or more guest rooms, sleeping rooms, cottages or cabins at a single business location.

(b) The term "Tourist Camp" means any establishment engaged in the business of furnishing rooms, cottages or cabins to tourists or other transient guests, where the number of guest rooms, cottages or cabins at a single location is six (6) or more.

(2) The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges and universities, and recreational events, and the furnishing, for dues, fees, or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of am

entertainment, athletic or recreational facilities, but the term "sales of services" shall not include membership fees or dues of nonprofit civic organizations, including by way of illustration and not of limitation the Young Men's Christian Association, the Catholic Youth organization and the Young Women's Christian Association. "Places of Amusement" shall not include museums, which are hereby defined as public or private nonprofit institutions which are organized on a permanent basis for essentially educational or aesthetic purposes and which use professional staff to do all of the following:

(a) Own or use tangible objects, whether animate or inanimate.

(b) Care for those objects.

(c) Exhibit them to the public on a regular basis.

Museums include but are not limited to the following institutions:

(a) Museums relating to art, history, including historic buildings, natural history, science, and technology.

(b) Aquariums and zoological parks.

(c) Botanical gardens and arboretums.

(d) Nature centers.

(e) Planetariums.

(3) The furnishing of storage or parking privileges by auto hotels and parking lots;

(4) The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter;

(5) The furnishing of laundry, cleaning, pressing and dyeing services, including by way of illustration and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

(6) The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage where such service is incidental to the operation of storage facilities; and,

(7) (a) The furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment.

(b) For the purpose of this subparagraph, tangible personal property shall include machinery, appliances, and equipment which have been declared immovable by declaration under the provisions of Article 467 of the Louisiana Civil Code and things which have been separated from land, buildings or other constructions permanently attached to the ground or their component parts as defined in Article 466 of the Civil Code.

(8) The term "Sale of Service" shall not include an action performed pursuant to a contract with the U. S. Department of the Navy for construction or overhaul of U. S. Naval vessels.

q. (1) "Sales Price" means the total amount for which tangible personal property is sold, less the market value of any article traded in, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing, which shall not exceed the legal interest rate and a service charge not to exceed six percent (6%) of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold. Any provision of this ordinance to the contrary notwithstanding, the sales tax levied herein on any transaction in which a part of the purchase price is represented by an article traded in shall be payable on the total purchase price less the market value of the article traded in. At such time as the article traded in is sold, the sales tax shall be collected in the same manner and to the same extent as in the case of the original sale.

(2) "Sales Price" shall not include any amount designated as a cash discount or a rebate by the vendor or manufacturer of any new vehicle subject to the motor vehicle license tax. For purposes of this subparagraph "rebate" means any amount offered by a vendor or manufacturer as a deduction from the listed retail price of the vehicle.

(3) "Sales Price" shall not include the first Fifty Thousand Dollars of the sales price of new farm equipment used in poultry production.

r. "Storage" means any keeping or retention in the taxing jurisdiction of tangible personal property.

s. "Tangible Personal Property" means personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes or other obligations or securities; gold, silver or numismatic coins, or platinum, gold, or silver bullion having a total value of one Thousand Dollars or more; or proprietary geophysical survey information or geophysical data analysis furnished under a restricted use agreement even though transferred in the form of tangible personal property. The term "tangible personal property" shall also not include the repair of a vehicle by a licensed motor vehicle dealer which is performed subsequent to the lapse of the applicable warranty on that vehicle and at no charge to the owner of the vehicle. For the purpose of assessing a sales and use tax on this transaction, no valuation shall be assigned to the services performed or the parts used in the repair. (The clause relative to warranty repairs shall be effective August 21, 1992.)

t. "Taxing Jurisdiction" means the City or the Parish, as herein defined, as may be appropriate.

u. (1) "Use" means the exercise of any right or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business or the donation to a school in the state which meets the definition provided in R.S. 17:236 or to a public or recognized independent institution of higher education in the state of property previously purchased for resale in the regular course of a business.

(2) "Use" shall not include the exercise of any right or power by a free hospital over items, including, but not limited to, supplies and equipment, which are reasonably necessary for the operation of the free hospital.

v. "Verifiable Records" means documents sufficient to independently support claims of sales and purchases. The Director is authorized to provide by rule and regulation specific documentation necessary to satisfy this requirement.

vious Next




**City of Baton Rouge**
**Parish of East Baton Rouge**

P.O. Box 1471
Baton Rouge, LA 70821
Phone: 225-389-3000
Email Us

*All information submitted to the City-Parish*
*may become a matter of public record per LA R.S. 44:3*

## Quick Links

Animal Control & Rescue Center

City-Parish Directory

Code of Ordinances

Contracting Opportunities

Employment Opportunities

Mayor-President

Metropolitan Council

Police Department

Property Lookup

311 Request for Service

## FAQs

How can I report a neighborhood issue?

How can I view a live stream of City-Parish meetings?

When will my recycling be picked up?

What jurisdiction am I in?

How do I register my business?

Home | Site Map | Contact Us | Public Records | Accessibility | Copyright Notices |
Privacy Policy | Social Media Terms |


Enable Google Translate

# SECTIONS 2 THROUGH 6

## SECTION 2. IMPOSITION OF TAXES

a. There is hereby levied from and after January 1, 1995, for general municipal purposes, a tax upon the sale at retail, the use, the consumption, the distribution and storage as defined herein, and upon the lease or rental of tangible personal property and the sale of services within the City at a rate of two (2%) percent. This tax is levied under the general taxing authority conferred upon the City, as ratified  by Article 6, Section 6 of the Louisiana Constitution of 1974.

b. There is hereby levied from and after January 1, 1995, for general parochial purposes, a tax upon the sale at retail, the use, the consumption, the distribution and storage as defined herein, and upon the lease or rental of tangible personal property and the sale of services within the Parish of East Baton Rouge, exclusive of municipal areas (the City of Baton Rouge, City of Zachary, and City of Baker), at the rate of two (2%) percent. Such tax is levied under the authority of Acts 1956, No. 401, Section 1, as codified in R.S. 33:2741.

c. There is hereby levied from and after January 1, 1995, for the purpose of paying the costs of constructing, acquiring, operating, maintaining and administering sewers and sewerage disposal works and making all required payments in connection with bonds for such purposes, a tax upon the sale at retail, the use, the consumption, the distribution and storage as defined herein, and upon the lease or rental of tangible personal property and the sale of services within the Parish of East Baton Rouge, inclusive of municipal areas, at a rate of one-half of one (1/2 of 1%) percent. Such tax is levied under the authority of Article 6, Section 29 of the Louisiana Constitution of 1974 and R.S. 33:2721.6.

d. (1) There is hereby levied for a period of three (3) years, from July 1, 1990 through June 30, 1993, for the entire and exclusive purpose of repairing streets and roads, a tax upon the sale at retail, the use, the consumption, the distribution and storage as defined  herein, and upon the lease or rental of tangible personal property and the sale of services within the Parish of East Baton Rouge, inclusive of municipal areas, at a rate of one-half of one (1/2 of 1%) percent. Such tax is levied under the authority of Article 6, Section 29 of the Louisiana Constitution of 1974 and R.S. 33:2721.6.

(2) There is hereby levied for a period of four (4) years, from July 1, 1993 through June 30, 1997, for the entire and exclusive purpose of repairing and improving public roads and streets, a tax upon the sale at retail, the use, the consumption, the distribution and storage as defined herein, and upon the lease or rental of tangible personal property and the sale of services within the Parish of East Baton Rouge,

inclusive of municipal areas, at a rate of one-half of one percent (1/2 of 1%). Such tax is levied under the authority of Article 6, Section 29 of the Louisiana Constitution of 1974 and R.S. 33:2721.6, the taxpayers of East Baton Rouge Parish having approved same at a special election held April 3, 1993.

e. Each of the taxes specified herein shall be levied upon the following:

(1) The Sales Price of each item or article of tangible personal property when sold at retail in the taxing jurisdiction, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the taxing jurisdiction, and to include each and every retail sale.

(2) The cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed or stored for use or consumption in the taxing jurisdiction, provided there shall be no duplication of the tax.

(3) The gross proceeds derived from the lease or rental of tangible personal property, where the lease or rental of such property is an established business, or part of the same is incidental or germane to the business.

(4) The monthly lease or rental price paid by the lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) The gross proceeds derived from the sale of services.

(6) Interstate sales to the extent authorized by Act 155 of 1990 (R.S. 47:305(E)).

(7) Refinery gas to the extent and in the manner authorized by Act 476 of 1990 (R.S. 47:305D(I) (b).

f. The taxes shall be collected from the dealer and paid at the time and in the manner hereinafter provided. The taxes so levied are, and shall be, in addition to all other taxes, whether levied in the form of sales, excise, license, privilege or property taxes levied by any city, school board or parish ordinance.

g. The collection of the taxes herein levied shall be made in the name of the taxing jurisdiction by the Director.

h. The Director will use the integrated bracket schedules provided by the Secretary of Revenue and Taxation, State of Louisiana, pursuant to Louisiana Revised Statutes, Title 47, Section 304, for the purpose of tax collection within the meaning of this ordinance.

## SECTION 3. EXEMPTIONS FROM TAX

The following transactions are exempt from all of the taxes imposed by this ordinance.

a. The sale at retail, the use, the consumption, the distribution and storage, to be used or consumed in the taxing jurisdiction, of the following tangible personal property:

Gasoline, natural gas, steam, water when delivered to consumers through mains, pipes or conduits, electric power or energy, newspapers, fertilizer and containers used for farm products when sold directly to the farmer.

Enable Google Translate

b. The sales of materials, equipment and machinery which enter into and become component parts of ships, vessels, including commercial fishing vessels, or barges, of fifty (50) tons load displacement and over, built in Louisiana, and the gross proceeds from the sale of such ships, vessels, or barges, when sold by the builder thereof.

c. Materials and supplies purchased by the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; repair services performed upon ships or vessels operating exclusively in foreign or interstate coastwise commerce; and materials and supplies used in such repairs, where such materials and supplies enter into and become a component part of such ships or vessels; laundry services performed for the owners or operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels.

d. The sale in the taxing jurisdiction of livestock, poultry and other farm products direct from the farm, provided that such sales are made directly by the producers. When sales of livestock, poultry and other farm products are made to consumers by any person other than the producer, they are not exempted from the taxes imposed by this ordinance; however, each and every agricultural commodity sold by any person other than a producer, to any other person who purchases not for the direct consumption, but for the purpose of acquiring a raw product for the use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be exempted from any and all provisions of this ordinance, including payment of the tax applicable to the sale, storage, use, transfer, or any other utilization or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one tax be exacted. The term "agricultural commodity", for the purpose hereof, shall mean horticultural, viticultural, poultry, farm and range products, and livestock and livestock products.

e. All sales by dealers in the operation of businesses which are rehabilitation units for the blind.

f. Any exclusion or exemption specifically mandated to include municipalities or parishes by the provisions of L.R.S. 47:301 - 305.46, et seq.

g. (1) (a) The sales of tangible personal property at, admission charges for, outside gate admission to, or parking fees associated with, events sponsored by educational, historical, charitable, fraternal or religious organizations, which are nonprofit, when the entire proceeds, except for the necessary expense connected therewith, are used for educational, charitable, religious or historical purposes. The exemption provided herein shall not apply to any event intended to yield a profit to the promoter or to any individual contracted to provide services or equipment, or both, for the event.

(b) This subsection shall not be construed to exempt any organization or activity from the payment of sales or use taxes otherwise required by law to be made on purchases made by those organizations.

(c) This subsection shall not be construed to exempt regular commercial ventures of any type such as bookstores, restaurants, gift shops, commercial flea markets and similar activities that are sponsored by organizations qualifying hereunder which are in competition with retail merchants.

Enable Google Translate

(2) The sponsorship of any event by any organization applying for an exemption hereunder must be genuine. Sponsors will not be genuine in any case in which exemption from taxation is a major consideration leading to such sponsorship.

(3) An exemption certificate must be obtained from the Director under such regulations as he shall prescribe in order for nonprofit organizations to qualify for the exemption provided in this subsection.

(4) In no case shall any organization which endorses any candidate for political office or otherwise is involved in political activities be eligible for the exemption herein provided.

h. The value of catalogs distributed or intended for distribution in the taxing jurisdiction, without charge to the recipient.

i. Purchases made by bona fide fire protection districts.

j. Pharmaceutical samples approved by the United States Food and Drug Administration which are manufactured in Louisiana or imported into Louisiana for distribution without charge to physicians, dentists, clinics, or hospitals.

k. The acquisition of material, supplies, vehicles, or equipment made by a public trust pursuant to the provisions of R.S. 38:2212.3 (Act 780 of 1989).

l. Orthotic devices, prosthetic devices, prostheses and restorative materials utilized by or prescribed by dentists in connection with health care treatment or for personal consumption or use.

## SECTION 4. LIMITED EXEMPTIONS

The following transactions are exempt only from the taxes levied under the provisions of Section 2 (c) and 2 (d) of this ordinance:

a. Drugs prescribed by physicians or dentists.

b. Orthotic and prosthetic devices and wheelchairs prescribed by physicians or licensed chiropractors for personal consumption or use.

c. The sale or purchase of any ostomy, ileostomy or colostomy device or any other appliance including catheters or any related items which are required as the result of any surgical procedure by which an artificial opening is created in the human body for the elimination of natural waste.

d. Patient aids prescribed by a physician or a licensed chiropractor for home use.

e. Food sold for preparation and consumption in the home including by way of extension and not of limitation, bakery products; fresh fruits and vegetables; dairy products; soft drinks; and package foods requiring further preparation by the purchaser.

f. Any and all medical devices used personally and exclusively by the patient in the medical treatment of various diseases under the supervision of and prescribed by a registered physician.

Enable Google Translate

g. Sales of meals furnished to the staff and students of educational institutions including kindergartens; the staff and patients of hospitals; the staff, inmates and patients of mental institutions; boarders of rooming houses; and occasional meals furnished in connection with or by educational, religious, or medical organizations, if the meals are consumed on the premises where purchased. However, sales by any of the above in facilities open to outsiders or to the general public are not exempt from any of the taxes imposed by this ordinance.

## SECTION 5. ADVERTISING AGENCY EXCLUSION

It is not the intention of this ordinance to levy a tax upon any advertising service rendered by an advertising business, including but not limited to advertising agencies, design firms, and print and broadcast media, or any member, agent, or employee thereof, to any client whether or not such service also involves a transfer to the client of tangible personal property. However, a transfer of mass-produced advertising items by an advertising business which manufactures the items itself to a client for the client's use, which transfer involves the furnishing of minimal services other than manufacturing services by the advertising business shall be a taxable sale or use of tangible personal property; however, in no event shall tax be levied on charges for creative services which are separately invoiced.

## SECTION 6. COLLECTION OF TAX FROM DEALER

a. On all tangible personal property imported or caused to be imported from other states or other political subdivisions of this state or foreign country, and used by him, the dealer shall pay the tax imposed by this ordinance on all articles of tangible personal property so imported and used, the same as if the articles had been sold at retail for use or consumption in the taxing jurisdiction. For the purpose of this ordinance, the use, or consumption, or distribution, or storage of tangible personal property shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

b. (1) It is not the intention of this ordinance to levy a tax upon articles of tangible personal property imported into the taxing jurisdiction, or produced or manufactured in the taxing jurisdiction for export, nor is it the intention of this ordinance to levy a tax on bona fide interstate commerce. It is, however, the intention of this ordinance to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage, to be used or consumed in the taxing jurisdiction of tangible personal property after it has come to rest in the taxing jurisdiction and has become a part of the mass of property in the taxing jurisdiction.

(2) A credit against the use tax imposed by the ordinance shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in Louisiana, or in a city or county or other political subdivision in a state other than Louisiana, the proof of the payment of such tax to be according to rules and regulations made by the Director. The amount of the credit shall be calculated by multiplying the rate of the similar tax paid in the other taxing jurisdiction by the cost price of the tangible personal property at the time of its importation into this Taxing Jurisdiction. In no event shall the credit be greater than the tax imposed by this Taxing Jurisdiction upon the particular tangible personal property which is the subject of this Taxing Jurisdiction's use tax.

(3) Where taxes have been erroneously paid to another taxing jurisdiction, the provisions of Act 739 of 1990 [R.S. 33:2718.2(D) and (E)] shall be used to determine the applicability of the credit.

c. Any provision of this ordinance to the contrary notwithstanding, the tax herein levied on the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the vehicle registration license tax of the State of Louisiana, shall be collected as provided in this subsection.

(1) The Director shall enter into an agreement by which the tax herein levied on any such vehicle shall be paid to the Vehicle Commissioner of the State of Louisiana at the time of application for a certificate of title or vehicle registration license. The sales tax levied by Section 2 hereof on any such vehicles shall be due at the time registration or any transfer of registration is required by the vehicle registration license tax law (R.S. 47:451, et seq.). The use tax levied by Section 2 hereof on the use of any such vehicle shall be due at the time the first registration in this state is required by the vehicle registration license tax law (R.S. 47:451, et seq.).

(2) Each vendor of a vehicle covered by the provisions hereof shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold; the total sales price, any allowances for, and a description of, any vehicle taken in trade, and the total cash difference paid, or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as the Vehicle Commissioner may, by regulation, require. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of sale, and which are included in the sale price, are to be considered a part of the vehicle.

(3) It is not the intention of this subsection to grant an exemption from the tax levied by this ordinance to any sale, use, item or transaction which has heretofore been taxable, and this subsection is not to be construed as so doing. It is the intention of this subsection to transfer the collection of the sales and use tax on vehicles from the vendor to the Vehicle Commissioner and to provide a method of collection of the tax directly from the vendee or user by the Vehicle commissioner, as authorized in the case of state sales and use taxes by the provisions of Act 182 of 1962.

(4) The Director is further authorized to promulgate such rules and regulations as may be necessary in order to carry out the terms and conditions of any agreement entered into with the Vehicle Commissioner for the purposes hereof.

d. Auctioneers shall be responsible for the collection of all taxes on retail sales by them and shall report and remit such taxes as provided in this ordinance.

vious                                                                                                    Next






**City of Baton Rouge**
**Parish of East Baton Rouge**

P.O. Box 1471
Baton Rouge, LA 70821
Phone: 225-389-3000
Email Us

*All information submitted to the City-Parish*

*may become a matter of public record per LA R.S. 44:3*

**Quick Links**

Animal Control & Rescue Center

City-Parish Directory

Code of Ordinances

Contracting Opportunities

Employment Opportunities

Mayor-President

Metropolitan Council

Police Department

Property Lookup

311 Request for Service

**FAQs**

How can I report a neighborhood issue?

How can I view a live stream of City-Parish meetings?

When will my recycling be picked up?

What jurisdiction am I in?

How do I register my business?

Home | Site Map | Contact Us | Public Records | Accessibility | Copyright Notices |

Privacy Policy | Social Media Terms |

Enable Google Translate

# SECTIONS 7 THROUGH 14

## SECTION 7. COLLECTION OF TAX BY DEALER

a. (1) The tax herein levied shall be collected by the dealer from the purchaser or consumer, except for the collection of tax on the lease or rental of property for use offshore as otherwise provided in Section 1d(5) hereof. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property or charges for services, and payable at the time of the sale; however, the taxing jurisdiction shall be joined as a party in any action or proceeding brought by the dealer to collect the tax.

(2) Every dealer located outside the taxing jurisdiction making sales of tangible personal property for distribution, storage, use or other consumption in this taxing jurisdiction, shall at the time of making sales, collect the tax imposed by this ordinance from the purchaser.

(3) Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale as imposed by this ordinance, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the taxing jurisdiction, and it shall be the duty of the purchaser to file a return thereof with the Director and to pay the tax imposed thereon to the taxing jurisdiction within fifteen (15) days after such sale was made or rendered.

b. (1) The dealer shall, as far as practicable, add the exact amount of the tax imposed under this ordinance, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the Director, to the sales price or charge, and when added, such tax shall constitute a part of such price or charge, and shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law in the same manner as other debts. Any dealer who shall neglect, fail or refuse to collect the tax herein provided upon any, every and all retail sales made by him or his agent or employee, which is subject to the tax imposed in this ordinance, shall be liable for, and pay the tax himself.

(2) Where the tax collected for any period is in excess of the total amount of sales taxes imposed in the taxing jurisdiction, the total collected must be paid over to the taxing jurisdiction, less the commission to be allowed the dealer as hereinafter set forth.

c. A person engaged in any business taxable under this ordinance shall not advertise or hold out to the public in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax.

d. The sums of money collected by the dealer for payment of any taxes imposed herein shall be and remain the property of the Taxing Jurisdiction.

## SECTION 8. CERTIFICATE OF AUTHORITY

a. In order to aid in the administration and enforcement of the provisions of this ordinance, and to collect all of the taxes imposed by this ordinance, dealers purchasing or importing tangible personal property for resale commencing business after the effective date of this ordinance, or opening new places of business after such date, shall within three (3) days after such commencement or opening file with the Director a certificate of registration on a form prescribed by him. The Director shall, within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates thereof, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in the places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck, or other merchandising device. Such certificate shall be nonassignable and non-transferrable and shall be surrendered immediately to the Director upon the dealer's ceasing to do business at the place therein named.

b. A wholesale dealer or jobber shall collect the tax imposed by this ordinance unless the purchaser shall have filed a certificate of registration as prescribed herein and received a certificate of authority to collect the tax imposed by this ordinance; however, the payment of the tax by such purchaser shall not relieve the purchaser of the duty hereunder imposed upon such purchaser to collect the tax upon any resale made by him. Such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the taxing jurisdiction, the tax herein imposed.

## SECTION 9. IMPORT PERMITS

a. In order to prevent the illegal importation of tangible personal property which is subject to the tax into the taxing jurisdiction and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this ordinance, the Director is hereby authorized and empowered to put into operation a system of permits whereby any person or dealer may import tangible personal property by truck, automobile or other means of transportation other than a common carrier, without having the truck, automobile, or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person or dealer who desires to import tangible personal property into the taxing jurisdiction which property is subject to tax imposed by this ordinance, to apply to the Director for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the Director may deem proper or necessary to prevent the illegal importation of tangible personal property into the taxing jurisdiction. Such permits shall be free of cost to the applicant and may be obtained at the office of the Director.

b. The importation into the taxing jurisdiction of tangible personal property which is subject to tax by truck, automobile or other means of transportation other than a common carrier, without having first obtained a permit as described hereinabove (if the tax imposed by this ordinance on tangible personal property has not

been paid, shall be construed as an attempt to evade payment of the tax and is hereby prohibited and the truck, automobile or means of transportation other than a common carrier, and taxable property may be seized by the taxing jurisdiction in Order to secure the same as evidence in a trial, and shall be subject to forfeiture and sale in the manner provided for in this ordinance.

c. The failure of any dealer who imports tangible personal property from outside the taxing jurisdiction into the taxing jurisdiction for use or consumption or distribution or storage, to be used or consumed in the taxing jurisdiction, or who imports for lease or rental, any tangible personal property subject to the provisions of this ordinance, to pay any tax, interest, penalties or costs under this ordinance, shall ipso facto make the tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid their payment, which shall be sufficient grounds for attachment of such tangible personal property wherever it may be located or found, whether the delinquent dealer be a resident or nonresident of the taxing jurisdiction, and whether the tangible personal property be in the possession of the delinquent dealer or in the possession of other persons. It is the intention of this ordinance to prevent the disposition of tangible personal property in order to insure payment of the tax imposed by this ordinance, together with interest, penalties and costs, and such authority to attach is hereby specifically authorized and granted to the taxing jurisdiction.

## SECTION 10. RETURNS AND PAYMENTS OF TAX; DELINQUENT INTEREST, PENALTY, ATTORNEY FEES; VENDORS' COMPENSATION

a. The taxes levied hereunder shall be due and payable on the last day of the month in which this ordinance takes effect. For the purpose of ascertaining the amount of tax payable under this ordinance, it shall be the duty of all dealers, on or before the twentieth (20th) day of the month following the month in which this tax shall become effective, to transmit to the taxing jurisdiction, upon forms prescribed, prepared and furnished by the Director, returns showing the gross sales or purchases arising from all sales or purchases taxable under this ordinance during the preceding calendar month, or during the part of the preceding calendar month, running from the effective date of this ordinance to the end of such month. Thereafter, like returns shall be prepared and transmitted to said Director by all dealers on or before the twentieth (20th) day of each month for the preceding calendar month. Such returns shall show further information as the Director may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the returns and that to the best of his knowledge and belief, the same are true, correct and complete. Every dealer, at the time of making the return required hereunder, shall compute and remit to the taxing jurisdiction the required tax due for the preceding calendar month.

b. The Director may agree with a dealer to allow for quarterly reporting and remitting of the  taxes under the sales and use tax ordinance when such taxes amount to $50 or less per month.

c. The Director may agree with a dealer to allow for the collection of sales taxes by the dealer from his particular independent agents, such tax to be remitted to the Director.

d. The Director may agree with certain dealers or purchasers to accept their sales and use tax returns and remittances on an irregular basis, when past returns and knowledge of common business practice indicate to the Director that the only tax liability is as a result of infrequent transactions upon which sales or use tax is due.

e. For the purpose of compensating the dealer in accounting for and remitting the tax levied by this ordinance, each dealer shall be allowed one (1%) percent of the amount of tax due and accounted for and remitted to the taxing jurisdiction in the form of a deduction in submitting his report and paying the amount due by him, provided the amount due was not delinquent at the time of payment.

f. At the time of transmitting the return required hereunder to the Director, the dealer shall remit to the taxing jurisdiction therewith the amount of the tax due under the applicable provisions of this ordinance, and failure to so remit such tax shall cause the tax to become delinquent.

g. (1) If the amount of tax due by the dealer is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due, there shall be collected with said tax, interest upon said unpaid amount at the rate of one and one quarter (1-1/4%) percent per month, or fractional part thereof. In addition there shall be collected a penalty equivalent to five (5%) percent per month, or fraction thereof, not to exceed twenty-five (25%) percent in aggregate, of the tax due, when such tax is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due. Both interest and penalty will be computed from the first day of the month next following the month for which the tax is due. In the event of suit, attorney's fees will be charged the dealer at the rate of ten (10%) percent on the aggregate of tax, interest and penalty. All interest and penalties due for subsequent months will be assessed and due as of the first day of each succeeding month. The Parish Attorney is authorized to employ private counsel to assist in the collection of any sales and use taxes, penalties or interest due under this ordinance, or to represent him in any proceeding under this ordinance.

(2) All taxes, interest and penalties imposed under this ordinance shall be paid to the taxing jurisdiction in the form of remittance required by the Director.

(3) All penalties and interest imposed by this ordinance shall be payable to and recoverable by the taxing jurisdiction in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the Director, he may remit or waive payment of the whole, or any part, of any penalty, and may remit and waive payment of any interest charged in excess of the rate of one and one quarter (1-1/4%) percent per month.

h. For the purpose of collecting and remitting to the taxing jurisdiction the tax imposed by this ordinance, the dealer is hereby declared to be the agent of the taxing jurisdiction.

i. Anything to the contrary in this ordinance notwithstanding, rental-purchase agreements, as defined in Louisiana Act 204 of 1991, shall be deemed to be sales and the tax due on such transactions shall be payable in equal monthly installments over the entire term of the rental-purchase agreement, rather than at its inception.

j. However, a person who leases or rents tangible personal property to customers who provide information to such person that they will use the property only offshore beyond the territorial limits of the state shall not be included in the term "dealer" for purposes of the collection of the rental or lease tax imposed by this ordinance on such lease or rental contracts. For purposes of this subparagraph, "use" means the operational or functional use of the property and not other uses related to its possession such as transportation, maintenance, and repair. It is the intention of this subparagraph that the customers of such persons shall remit any tax due on the lease or rental of such property directly to the Taxing Jurisdiction.

a. Every dealer required to make a report or pay any tax under this ordinance shall keep and preserve verifiable records of the sales, purchases or leases taxable under this ordinance, and such other books of account as may be necessary to determine the amount of the tax due hereunder, and such other information as may be required by the Director. Each dealer shall secure, maintain and keep, until the taxes to which they relate have prescribed, a complete record of tangible personal property received, used, sold at retail, distributed, or stored, leased or rented, within the taxing jurisdiction by such dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the Director for the reasonable administration of this ordinance, and a complete record of all sales or purchases of services taxable under this ordinance until the taxes to which they relate have prescribed. These records shall be open to examination by the Director at all reasonable hours.

b. All wholesale dealers and jobbers in the taxing jurisdiction shall keep and preserve verifiable records of all sales of tangible personal property in the taxing jurisdiction whether such sales be for cash or on terms of credit. These records shall include the name and address of the purchaser, the date of the purchase, the article purchased, and the price at which the article is sold to the purchaser. These records shall be kept until the taxes to which they relate have prescribed and shall be open to examination by the Director at all reasonable hours.

c. For the purpose of enforcing the collection of the tax levied by this ordinance, the Director is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in the taxing jurisdiction, whether said companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this ordinance, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax. In the event said transportation company, agency or firm shall refuse to permit such examination of its books, records and other documents by the Director, as aforesaid, the Director may proceed by rule, in term time or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the Director should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgment of the court and every violation of the judgment as a contempt thereof and punished according to law.

## SECTION 12. DIRECTOR'S AUTHORITY TO EXAMINE AND AUDIT

a. For the purpose of administering this ordinance, the Director may make or cause to be made an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent or employee of every dealer, to exhibit to the Director the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation, as far as it may be in his or their power so to do.

b. It shall be lawful for the Director to receive the written oath of any person signing any application, deposition, statement or report required by the Director, in the administration of this ordinance.

Enable Google Translate

c. The Director may conduct hearings and have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses relative to the business of such dealer in respect to any matter incident to the administration of this ordinance. Such examinations or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the Director in writing.

## SECTION 13. DIRECTOR'S AUTHORITY TO DETERMINE THE TAX

a. (1) After a report or return is filed under the provisions of the ordinance, the Director shall cause to be made such further audit or investigation as he may deem necessary, and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due hereunder, he shall assess the additional amount of tax and any penalties and interest due. The assessment so made shall be considered prima facie correct and the burden shall be on the dealer to show the contrary.

(2) In the event any dealer fails to make a report and pay the tax as provided by this ordinance, or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, it shall be the duty of the Director to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage, to be used or consumed in the taxing jurisdiction, and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.

b. In the event the dealer has imported the tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, the Director shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

c. In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the Director, represent the true or actual consideration, then the Director may fix the same and collect the tax thereon for the taxing jurisdiction in the same manner as above provided, with interest, plus penalties, if such have accrued.

d. All taxes, penalties and interest assessed pursuant to the provisions of this ordinance shall be paid within thirty (30) days after notice and demand shall have been mailed to the dealer liable therefor by the taxing jurisdiction.

e. If taxes, penalties and interest assessed shall not be paid within thirty (30) days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this ordinance, a sum equivalent to five (5%) percent of the tax.

vious                                                                                    Next




**City of Baton Rouge**
**Parish of East Baton Rouge**

P.O. Box 1471
Baton Rouge, LA 70821
Phone: 225-389-3000
Email Us

*All information submitted to the City-Parish*

*may become a matter of public record per LA R.S. 44:3*

## Quick Links

Animal Control & Rescue Center

City-Parish Directory

Code of Ordinances

Contracting Opportunities

Employment Opportunities

Mayor-President

Metropolitan Council

Police Department

Property Lookup

311 Request for Service

## FAQs

How can I report a neighborhood issue?

How can I view a live stream of City-Parish meetings?

When will my recycling be picked up?

What jurisdiction am I in?

How do I register my business?

Home   |   Site Map   |   Contact Us   |   Public Records   |   Accessibility   |   Copyright Notices   |

Privacy Policy   |   Social Media Terms   |

Enable Google Translate

# SECTIONS 24 THROUGH 34

## SECTION 14. PROCEEDINGS TO COMPEL ACTION

a. If any dealer subject to make and file a return required by any provision of this ordinance fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases or rentals, or other transactions taxable under this ordinance, or otherwise fails to comply with the provisions of this ordinance, for the taxable period for which said return is due, the Director shall give such dealer fifteen (15) days notice, in writing, requiring such dealer to appear before him with such books, records and papers as he may require, relating to the business of such dealer for such taxable period. The Director may require such dealer, or the agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the Director respecting the sale at retail, the use, or consumption, or distribution, or storage for use or consumption, in the taxing jurisdiction, or lease or rental of tangible personal property, or other transactions subject to tax, or the failure to make report thereof, as provided in this ordinance.

b. If any dealer fails to make any such return, or refuses to permit an examination of his books, records or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the Director may apply to any court of competent jurisdiction for an order requiring such dealer to make such return, or requiring the dealer or his agents or employees to appear and answer any such questions or permit such examination, and the court or any judge thereof shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him to so appear and testify, and to produce such books, records and papers as may be required.

c. Any person failing to comply with any such order shall be guilty of contempt and shall be punished as provided by law in cases of contempt.

## SECTION 15. JEOPARDY ASSESSMENT

a. If the Director finds that a taxpayer designs quickly to depart from the taxing jurisdiction, or to remove therefrom any property subject to any tax or to any lien for a tax, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, he may immediately make a determination, from any available information or by estimate or otherwise, of the amount of tax, penalty and interest such taxpayer is liable to pay under this ordinance having made such

determination, the Director shall immediately assess said amount, and by a writing to be retained as part of his official records, indicate such assessment has been made, and without any notice, proceed to distrain as is hereinafter provided any property belonging to the taxpayer. This type of assessment may be made whenever a tax becomes due under the provisions of this ordinance, regardless of whether it is then payable or not.

b. As soon as is feasible after such assessment, and not later than two calendar days thereafter, the Director shall send by registered or certified mail a notice to the taxpayer against whom the assessment lies, at the address given in the last report filed by said taxpayer, or if no such report has been filed, to any such address as may be obtainable. Such notice shall inform the taxpayer of the assessment, its basis, and jeopardous nature; make demand for immediate payment thereof; and give notice that any property distrained or to be distrained will be subject to sale as hereinafter provided to satisfy the assessment.

c. The taxpayer against whom the assessment lies can stay distraint of his property, or sale of his property already distrained, as the case may be, only by the immediate payment of the assessment or by posting with the Director a surety bond for twice the amount of such assessment, or of a lower amount acceptable to the Director, with such sureties as the Director deems necessary. The taxpayer shall have sixty (60) calendar days from the date of payment, or the date of posting bond, to appeal to the courts as provided in Section 19 hereof for a redetermination of the assessment. During this period, the Director shall hold any payment made in an escrow account. If the taxpayer does not appeal, the Director shall immediately credit such payment to tax collections or proceed to collect from sureties, if any were given. In the event of an appeal, such payment or demand for payment from sureties given shall be held in abeyance pending the redetermination or affirmation of the assessment by the court which reviews the matter. Final payment, or collection from sureties, will be for the amount of the affirmed or redetermined assessment.

## SECTION 16. DISTRAINT PROCEDURE

a. If any dealer against whom taxes have been assessed under the provisions of this ordinance shall refuse or neglect to pay such taxes within the time prescribed in this ordinance, it shall be lawful for the Director to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

b. Wherever the words "distraint" or "distrain" are used in this ordinance, they shall be deemed to mean the right to levy upon and seize and sell, or the levying upon, or seizing or selling, of any property or rights to property of the delinquent dealer by the officer charged with the enforcement of collection of the tax for the purposes of satisfying any tax, interest or penalties due under the provisions of this ordinance.

c. Whenever the Director shall distrain any property of a taxpayer or dealer, he shall cause to be made a list of the property or effects distrained, a copy of which, signed by the Director shall be sent by certified mail to the taxpayer, dealer or retailer at his last known address or business address or served on him in person. This list shall be accompanied with a note of the sum demanded and a notice of the time and place where the property will be sold, if such a sale is necessary. Thereafter, the Director shall cause a notice to be published in the official journal of the taxing jurisdiction wherein distraint is made, specifying the property distrained, and the time and place of sale. The sale shall be held not less than fifteen (15) calendar days

from the date of the notice mailed or served on the taxpayer or dealer or the date of publication in the official journal, whichever is later. The Director may postpone such sale from time to time, if he deems advisable, but not for a time to exceed thirty (30) calendar days in all. If the sale is continued it shall be readvertised.

d. Any person in possession of property or rights to property subject to distraint upon which a levy has been made shall, upon demand by the Director, surrender such property or rights to the Director unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process. Any person failing or refusing to surrender any such property or rights shall be liable to the taxing jurisdiction in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes, penalties, and interest and other costs and charges which are due.

e. The Director shall sell at public auction for cash to the highest bidder so much of the property distrained by him as may be sufficient to satisfy the tax, penalties, interest and costs due. He shall give the purchaser a certificate of sale which will be prima facie evidence of the right of the Director to make the sale and conclusive evidence of the regularity of his proceedings in making the sale, and which will transfer to the purchaser all rights, title and interest of the taxpayer or dealer in the property sold.

f. Out of the proceeds of the sale, the Director shall first pay all costs of the sale and then apply so much of the balance of the proceeds as may be necessary to pay the assessment. Any balance beyond this shall be paid to the taxpayer, dealer or retailer.

## SECTION 17. SUMMARY PROCEEDINGS

In addition to any other procedure provided in this ordinance or elsewhere in the laws of this city, parish and state and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees or other costs and charges arising under this ordinance, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the taxing jurisdiction, or by or on behalf of the Director, for taxes, penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows:

a. All such proceedings, whether original or by intervention or third opposition, or otherwise, brought by or on behalf of the taxing jurisdiction, or by or on behalf of the Director, for the determination or collection of any tax, interest, penalty, attorney fees, costs or other charge, claimed to be due under any provision of this ordinance, shall be summary and shall always be tried or heard by preference, in all courts, original or appellate, whether in or out of term time, and either in open court or chambers, at such time as may be fixed by the court, which shall be not less than two (2) nor more than ten (10) days after notice to the defendant or opposing party.

b. All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses and no continuance shall be granted by any court to any defendant except for legal grounds set forth in Article 1602 of the Louisiana Code of Civil Procedure.

c. All matters involving any such claim shall be decided within forty-eight (48) hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the fifth (5th) calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Suspensive appeals may be granted, but must be perfected within five (5) calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeals or to the Supreme Court, shall be made returnable in not more than fifteen (15) calendar days from the rendition of the judgment.

d. Whenever the pleadings filed on behalf of the taxing jurisdiction, or on behalf of the Director, shall be accompanied by an affidavit of the Director or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant's knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.

e. The City Police for the City of Baton Rouge and the Sheriff for the Parish of East Baton Rouge shall enforce all injunctions prohibiting the further pursuit of business when a valid injunction and judgment has been obtained from a court of competent jurisdiction involving delinquent sales and use tax under the provision of this ordinance until such time as the delinquent tax, interest, penalties and costs have been paid by the dealer-retailer.

f. Failure to pay any tax due, as provided in this ordinance, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties and costs to become immediately delinquent, and the taxing jurisdiction is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why the dealer should not be ordered to cease from further pursuit of business as a dealer and in case the rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the taxing jurisdiction, prohibiting such dealer from the further pursuit of business until such time as he has paid the delinquent tax, interest, penalties and every violation of the injunction shall be considered as a contempt of court and punished according to law. For the purpose of the enforcement of this ordinance and the collection of the tax levied hereunder, it is presumed that all tangible personal property subject to the provisions of this ordinance will be sold at retail, used or consumed, or stored for use or consumption in the taxing jurisdiction, or leased or rented within the taxing jurisdiction, and is subject to the tax herein levied; however, such presumption shall be prima facie only, and subject to proof furnished to the Director.

## SECTION 18. DEALER'S RIGHT TO A HEARING

If any dealer shall be aggrieved by any findings or assessment of the Director, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest with the Director in writing, signed by himself or his duly authorized agent, which shall be under oath and shall set forth the reason therefor, and may request a hearing. Thereafter, the Director shall grant a hearing to said dealer, if a hearing has been requested, and may make any order confirming, modifying or vacating any such finding or assessment. The

filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the taxing jurisdiction to collect the tax in any manner herein provided. Appeals from the decision of the Director shall be directed to any state, city or federal court of competent jurisdiction, as provided for in Section 19b hereof.

## SECTION 19. LEGAL REMEDIES FOR DISPUTE SETTLEMENT

a. (1) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by any provisions of this ordinance. In the case of such dealer's resisting the payment of any amount found due, or the enforcement of any provisions of this ordinance in relation thereto, such dealer shall pay under protest the amount found due by the Director, and shall give the Director notice, at the time, of his intention to file suit for the recovery of the same. Upon receipt of such notice, the amount so paid shall be segregated and held by the Director for a period of thirty (30) days. If suit is filed within such time for recovery of the amount paid, such funds so segregated shall be further held pending the outcome of the suit. if the dealer prevails, the Director shall refund the amount to the claimant with interest at the rate provided in R.S. 33:2718, covering the period from the date the funds were received by the taxing jurisdiction to the date of refund.

(2) The Director may transfer to the taxpayer at any time before judgment, taxes, penalty, and interest paid under protest when there is a genuine legal issue and he feels such transfer is in the best interest of the taxing jurisdiction. Interest in connection with such transfers shall be calculated as follows:

(a) For whatever portion of the judgment awarded to the taxing jurisdiction, the taxpayer shall owe interest at the rate specified in this ordinance from the date the tax was due until the date it was paid under protest. Further, the taxpayer shall owe interest at one-half the rate specified in this ordinance from the date the Director transferred the tax, penalty, and interest to the taxpayer until the date of repayment by the taxpayer.

(b) For that portion of the judgment awarded to the taxpayer, the taxing jurisdiction shall owe interest at the rate specified in this ordinance from the date taxes were paid under protest until the date of transfer to the taxpayer by the Director.

b. This section shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of this ordinance as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions, service shall be upon the Mayor-President.

c. This section shall be construed to provide a legal remedy in the state, city or federal courts, by action of law, in case such taxes or their collection are claimed to be an unlawful burden upon interstate commerce, in violation of any Act of Congress or the United States Constitution, or the Constitution of the State of Louisiana, or in federal jurisprudence; however, upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the dealer, upon agreement to abide by the decision of the courts, may pay the additional assessment under protest, but need not file an additional suit. In such cases, the tax so paid under protest shall be segregated and held by the Director until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

## SECTION 20. PERSONAL LIABILITY OF DEALER

The liability of any person or dealer arising from any tax, interest and penalty from the time they are due shall be a personal debt of such person or dealer to the taxing jurisdiction, recoverable in any court of competent jurisdiction in an action at law by the taxing jurisdiction. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the taxing jurisdiction.

## SECTION 21. OFFICER & DIRECTOR LIABILITY

a. Notwithstanding any other provision of law to the contrary, if any corporation fails to file returns or to remit the sales and use taxes collected from purchasers or consumers, the Director is authorized, as an alternative means of enforcing collection, to hold those officers or directors having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes and who willfully fail to remit or account for such taxes withheld or collected, personally liable for the total amount of such taxes withheld or collected, and not accounted for or not remitted, together with any interest, penalties, and fees accruing thereon. Collection of the total amount due may be made from any one or any combination of such officers or directors who willfully fail to remit or account for such taxes withheld or collected, by use of any of the alternative remedies for the collection of taxes.

b. A corporation by resolution of the board of directors may designate an officer or director having direct control or supervision of such taxes or charged with the responsibility of filing such returns and remitting such taxes, and such resolution shall be filed with the Director.

## SECTION 22. SUCCESSOR LIABILITY

a. If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods, or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the Director, showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as above provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners or assignors.

b. In the case of a dealer who has quit a business, and who subsequently opens another similar business under the same ownership, whether that ownership is individual, partnership, corporation, or other, that dealer shall be liable for any tax, interest, or penalty owed by the original business.

## SECTION 23. THIRD PARTY LIABILITY

In the event that any dealer is delinquent in the payment of the tax herein provided for, the Director may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer or owing any debts to such dealer at the time of receipt by them of such notice, and thereafter, any person so notified shall neither transfer nor make any other disposition of such credits, either personal property or debts, until the Director shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed after

the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the Director of any and all such credits, other personal property, or debts in their possession, under their control, or owing by them.

vious                                                                                                Next





**City of Baton Rouge**
**Parish of East Baton Rouge**

P.O. Box 1471
Baton Rouge, LA 70821
Phone: 225-389-3000
Email Us

*All information submitted to the City-Parish*

*may become a matter of public record per* LA R.S. 44:3

## Quick Links

Animal Control & Rescue Center

City-Parish Directory

Code of Ordinances

Contracting Opportunities

Employment Opportunities

Mayor-President

Metropolitan Council

Police Department

Property Lookup

311 Request for Service

## FAQs

How can I report a neighborhood issue?

How can I view a live stream of City-Parish meetings?

When will my recycling be picked up?

What jurisdiction am I in?

How do I register my business?

Home   |   Site Map   |   Contact Us   |   Public Records   |   Accessibility   |   Copyright Notices   |

Privacy Policy   |   Social Media Terms   |

Enable Google Translate

Enable Google Translate

ARTICLE IV. - SALES AND USE TAXES

> *Footnotes:*
>
> *--- (3) ---*
>
> ***Editor's note—*** *Certificates of occupancy for certain endeavors, § 10-30 et seq.; electrician regulations, § 5-80 et seq.; refrigeration and air conditioning license, § 5-58; mobile home park permits, §§ 12-3, 12-4; license for charitable game of chance, § 14-50; rendering plants near military bases, § 11-5.*

Sec. 13-46. - 1965 sales tax and levy; use of parish government portion.

(a) There is hereby levied from and after November 1, 1965, for the purposes stated in the propositions set forth in the preamble to this Ordinance of Sept. 27, 1965, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within this parish, as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one (1) percent of the cost price of each item or article of tangible personal property when sold at retail in this parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the school board and the parish council, and to include each and every retail sale.

(2) At the rate of one (1) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish; provided, there shall be no duplication of the tax.

(3) At the rate of one (1) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(4) At the rate of one (1) percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one (1) percent of the gross proceeds derived from the sale of services, as defined herein.

(b) Use of parish government of tax (one-half of one percent (½%)). The proceeds of the tax shall be used to provide additional funds for the operation of the governmental affairs of the Parish of St. Bernard, including constructing and maintaining public roads, highways, bridges, underpasses, overpasses, and other vehicular crossings; constructing and maintaining street lighting facilities; constructing and maintaining drains and drainage canals; constructing, purchasing and maintaining garbage and waste disposal and health and sanitation equipment and facilities; constructing and maintaining public buildings; purchasing, constructing, acquiring (by purchase or lease), improving and maintaining public parks and recreational facilities and acquiring the necessary equipment and furnishings therefor; purchasing equipment for mosquito control and abatement and maintaining and operating a program in connection therewith; constructing, acquiring, improving or maintaining any work of permanent public

improvement, including a fresh water siphon; and purchasing, acquiring and maintaining all equipment and furnishings for said public works, buildings, improvements and facilities in the Parish of St. Bernard, or for any one or more of said purpose.

(Ord. of 9-27-65)

**Editor's note—** An Ordinance of Sept. 27, 1965, levied a one-half (½) percent sales tax for use by the parish school board and a one-half (½) percent for use by parish government. The sales taxes were approved by the voters at an election held on July 13, 1965. Whereas the parish operated under the parish council system of government in 1965, the editor has changed the term "parish council" to "parish council" to reflect the subsequent form of parish government.

Sec. 13-47. - 1969 sales tax and levy; use of proceeds.

(a) That there is hereby levied from and after October 1, 1969, for the purposes stated in the proposition set forth in subsection 13-37(b) a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the Parish of St. Bernard, State of Louisiana, as defined in Section 301 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, (R.S. 47:301), and the levy of such tax shall be as follows:

(1) At the rate of one-half of one percent (½%) of the cost price of each item or article of tangible personal property when sold at retail in this parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the parish of St. Bernard, and to include each and every retail sale.

(2) At the rate of one-half of one percent (½%) of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish; provided, there shall be no duplication of the tax.

(3) At the rate of one-half of one percent (½%) of the gross proceeds derived from the lease or rental of tangible personal property, as defined in R.S. 47:301, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(4) At the rate of one-half of one percent (½%) of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one-half of one percent (½%) of the gross proceeds derived from the sale of services as defined in R.S. 47:301, as amended.

(b) The proceeds of the tax to be used to provide additional funds for the operation of the governmental affairs of the Parish of St. Bernard including constructing and maintaining public roads, highways, bridges, underpasses, overpasses, and other vehicular crossings and acquiring equipment therefor; acquiring and maintaining public transportation facilities and equipment therefor; constructing and maintaining street lighting facilities; constructing and maintaining drains and drainage canals; constructing, purchasing and maintaining garbage and waste disposal and health and sanitation equipment and facilities; constructing and maintaining public buildings; purchasing, constructing,

acquiring (by purchase or lease), improving and maintaining public parks and recreational facilities and acquiring the necessary equipment and furnishings therefor; purchasing equipment for mosquito control and abatement and maintaining and operating a program in connection therewith; constructing, acquiring, improving or maintaining any work of permanent public improvement, including a fresh water siphon; and purchasing, acquiring and maintaining all equipment and furnishings for said public works, buildings, improvements and facilities in the Parish of St. Bernard, or for any one or more of said purposes, title to which improvements shall be in the public; and the proceeds of said tax (together with the proceeds of a similar one-half of one percent (½%) tax authorized at an election held in said parish on July 13, 1965) shall be subject to funding into bonds by the parish for the purpose of paying all or any part of the cost of one or more of the aforesaid public works, buildings improvements and facilities in said parish, all in the manner provided by said Act No. 83 as the same now exists or may hereafter be amended.

(Ord. of 8-19-69)

Sec. 13-48. - 1976 sales tax and levy; use of proceeds.

(a)  There is hereby levied from and after March 1, 1977, for the purposes stated in the proposition set forth in subsection 13-48(b), a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within this parish as defined herein; and the levy of such tax shall be as follows:

(1)  At the rate of one-half of one percent (½%) of the sales price of each item or article of tangible personal property when sold at retail in this parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the governing authority and to include each and every retail sale.

(2)  At the rate of one-half of one percent (½%) of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish, provided there shall be no duplication of the tax.

(3)  At the rate of one-half of one percent (½%) of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(4)  At the rate of one-half of one percent (½%) of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5)  At the rate of one-half of one percent (½%) of the gross proceeds derived from the sale of services, as defined herein.

(b)  The proceeds of the tax shall be used to provide additional funds for any lawful corporate purposes of the parish, including, but not limited to, constructing and maintaining public roads, highways, bridges, underpasses, overpasses, and other vehicular crossings and acquiring equipment therefor; constructing and maintaining street lighting facilities; constructing, maintaining and operating drains and drainage equipment, facilities and canals; constructing, purchasing, maintaining and operating garbage and waste disposal and health, sewer and sanitation equipment and facilities; constructing, maintaining, improving

and operating public buildings; purchasing, constructing, acquiring (by purchase or lease), improving, maintaining and operating public parks and recreational facilities and acquiring the necessary equipment and furnishings therefor; purchasing equipment for mosquito control and abatement and maintaining and operating a program in connection therewith; constructing, acquiring, improving, maintaining and operating any work of permanent public improvement; and purchasing, acquiring, maintaining and operating all equipment and furnishings for said public works, buildings, improvements and facilities in the parish, or for any one or more of said purposes, title to which improvements shall be in the public; and the parish shall be further authorized to issue bonds payable from the tax for the purpose of paying all or any part of the cost of one or more of the aforesaid public works, buildings, improvements and facilities in the parish, to the extent and in the manner permitted by the laws of Louisiana, including, but not by way of limitation, said Act No. 83 of 1968 as the same now exists or may hereafter be amended.

(Ord. No. 49-76, 12-23-76)

Sec. 13-49. - 1992 sales tax renewal; levy of tax; use of proceeds.

(a)  The Parish of St. Bernard, State of Louisiana shall under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority supplemental thereto, be authorized to levy and collect, and adopt an ordinance providing for such levy and collection, a tax of one-half of one percent (½%) upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the parish, all as defined in R.S. 47:301 through 47:317, beginning January 1, 1993.

(b)  The proceeds of the tax are to be dedicated and used for acquiring, constructing, improving, maintaining and operating garbage and waste disposal and collection facilities and garbage and waste disposal and collection equipment, in and for the parish, title to which shall be in the public, and further the parish shall be authorized to fund the avails or proceeds of said tax into bonds for the purpose of acquiring, constructing and improving garbage and waste disposal and collection facilities and acquiring garbage and waste disposal and collection equipment in and for the parish, title to which shall be in the public, to the extent and in the manner provided by Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950, as amended, and other constitutional and statutory authority.

(Ord. No. SBPC 33-09-92, § 1, 9-15-92; Ord. No. SBPC-44-12-92, § 1, 12-1-92)

**Editor's note—** Ord. No. 33-09-92, adopted Sept. 15, 1992, called an election for the renewal of a one-half of one percent (½%) sales tax. The tax was approved by the voters at an election held on Nov. 3, 1992.

Sec. 13-50. - 1999 sales tax and levy; use of proceeds.

(a)  Pursuant to the authority of a special election held in the parish on November 3, 1998, there is hereby levied within the parish, beginning January 1, 1999, for the purposes stated in the proposition set forth above, a one-half (½) of one (1) percent sales and use tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the parish, all in the manner and subject to the provisions and terms of those portions of Chapter 2, Title 47 of the Louisiana Revised Statutes of 1950, as amended (the "Sales Tax Law"), applicable to sales and use taxes levied by local governments.

Case 2:21-cv-02106-JTM-KWR   Document 3-8   Filed 11/15/21   Page 703 of 1004

(b)  The proceeds of the tax (after paying the reasonable and necessary costs and expenses of collecting and administering the tax), are to be dedicated and used for improvements to the sewer and water system in the parish, title to which shall be in the public, and the parish shall be further authorized to fund the proceeds of the tax into bonds to be issued from time to time for the purpose of improvements to the sewer and water system in the parish, specifically acquiring and constructing additions, extensions and improvements to the water treatment and distribution system and sewage collection, treatment and disposal system, title to which shall be in the public, to the extent and in the manner permitted by the laws of Louisiana, including Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950, and other authority provided further that at least twenty-five (25) percent of the annual revenues of the tax must be expended to correct inflow and infiltration in sewage collection lines, or to repair damage caused thereby, unless required for debt service on bonds or otherwise approved by at least two-thirds (⅔) of the total membership of the parish council.

(Ord. No. SBPC-398-12-98, § 1, 11-17-98)

**Editor's note—** The 1999 ½% sales tax was approved by the voters at an election held on Nov. 3, 1998.

**Cross reference—** Projects funded by 1999 half-cent sales tax, § 9-50 et seq.

Sec. 13-51. - Collection of sales taxes.

(a)  The one-half (½) of one (1) percent sales and use taxes shall be collected on the basis of the applicable integrated bracket schedule prescribed by the Collector of Revenue, State of Louisiana, pursuant to Section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). The dealers shall remit to the respective taxing authorities the proportionate part of the sales tax collected in accordance with said integrated bracket schedule.

(b)  The taxes levied hereby shall be assessed, imposed, collected, paid and enforced in the manner as provided in the provisions of the Sales Tax Law applicable to the assessment, imposition, collection, payment and enforceability of sales and use tax of local governments. The provisions of the Sales Tax Law applicable to the assessment, impositions, collection, payment and enforcement of sales and use taxes by local governments, shall apply to the assessment, collection, payment and enforcement of the tax therein levied as though all such provisions were set forth in full herein.

(c)  The obligations and rights of taxpayers and dealers in connection with the sales and use tax levied hereby shall be as provided taxpayers and dealers by the provisions of the Sales Tax Law applicable to sales and use taxes levied by local governments.

(d)  The parish president is hereby authorized, empowered and directed to cause to be carried into effect the provisions of this article, to appoint deputies, assistants or agents to assist him in the performance of his duties, and in pursuance thereof to make and enforce such rules as he may deem necessary, subject to the action of the governing authority.

(e)  The sales and use taxes levied by this article are authorized to be collected by a "collector" which term shall mean and include the director of finance of the parish or the St. Bernard Parish sheriff, or their duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated

Case 2:21-cv-02106-JTM-KWR   Document 2-8   Filed 11/15/21   Page 704 of 1004

by Louisiana Law or this governing authority to handle and accomplish the collection, enforcement and administration of sales and use taxes on behalf of the parish.

(f)  For the purpose of compensating the dealer in accounting for and remitting the tax levied by this ordinance, each dealer shall be allowed one and one-half (1½) percent of the amount of tax due and accounted for to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(g)  The tax levied hereby is and shall be in addition to all other taxes, whether levied in the form of sales, excise, or license, privilege or property taxes levied by any other ordinance or resolution adopted by this governing authority or its predecessors.

(Ord. No. SBPC-398-12-98, § 2—7, 9, 11-17-98)

**Editor's note—** The provisions of section 13-51 pertain to the collection of the 1999 sales tax.

Secs. 13-52—13-65. - Reserved.

ARTICLE IV. - SALES AND USE TAXES

DIVISION 1. - GENERALLY

Secs. 13-42—13-52. - Reserved.

DIVISION 2. - ONE-HALF-CENT SALES AND USE TAX

> *Footnotes:*
>
> *--- (4) ---*
>
> ***Editor's note—*** *The preamble and the ordaining clauses for Ord. No. 66-3-486, the ordinance from which this division is derived, reads as follows:*
>
> *"WHEREAS, under the provisions of Article 6, Section 29 of the Louisiana Constitution of 1974, the Police Jury of the Parish of St. Charles, State of Louisiana, is authorized to levy and collect within such Parish a tax of one-half of one percent (½%) upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services as defined in Sections 301 to 317, inclusive, of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:301—317, inclusive); and*
>
> *"WHEREAS, pursuant to the requirements of Article 6, Section 29 of the Louisiana Constitution of 1974 and other constitutional and statutory authority supplemental thereto, a special election was held in said Parish on April 7, 1979, to authorize the levy and collection of said tax, and the following proposition was submitted at said election and duly approved by a majority of the qualified electors voting in said election, viz: PROPOSITION*
>
> *"Shall the Parish of St. Charles, State of Louisiana, under the provisions of Article 6, Section 29 of the Louisiana Constitution of 1974 and other constitutional and statutory authority supplemental thereto, be authorized to levy and collect a tax of one-half of one percent (½%) upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of services in said Parish, as presently defined in R.S. 47:301 through 47:317, with the avails or proceeds of said tax (after paying the reasonable and necessary costs of administering and collecting said tax) to be dedicated and pledged for any lawful public purpose of said Parish and further shall the avails or proceeds of said tax be subject to funding into negotiable bonds of said Parish for the purpose of constructing, acquiring and improving capital improvements for the Parish (including but not limited to sewers and sewerage disposal works, drains, drainage canals, pumps and pumping plants, dykes and levees), as established and set forth in the Parish's then current capital budget adopted after public hearings in the manner required by the St. Charles Parish Home Rule Charter, said bonds to mature over a term not exceeding twenty-five (25) years from date thereof, to bear interest at a rate not exceeding eight per centum (8%) per annum and to be issued in accordance with the provisions and subject to the limitations of Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950;'*
>
> *"WHEREAS, in compliance with the aforesaid Constitutional authority and said election of April 7, 1979, it is the desire of this Police Jury to levy said tax and provide for the collection thereof and other matters in connection therewith as hereinafter provided in this Ordinance;*
>
> *"NOW, THEREFORE, BE IT ORDAINED by the Police Jury of the Parish of St. Charles, State of Louisiana, that:".*

Sec. 13-53. - Definitions.

As used in this division the following words, terms and phrases shall have the meanings ascribed to them in this section, except when the context clearly indicates a different meaning:

*Agricultural commodity* shall mean horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

*Business* shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this division to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

*Collector* shall mean the person designated by the parish council who will be in charge of the administration and collection of the tax herein levied, or the duly authorized assistants of said collector.

*Cost price* means the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less. In the case of tangible personal property which has acquired a tax situs in the parish and is thereafter transported outside the parish for repairs performed outside the parish and is thereafter returned to the parish, the cost price shall be deemed to be the actual cost of any parts and/or materials used in performing such repairs, if applicable labor charges are separately stated on the invoice. If the applicable labor charges are not separately stated on the invoice, it shall be presumed that the cost price is the total charge reflected on the invoice.

*Dealer* shall include every person who:

    (1)  Manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution or for storage to be used or consumed in this parish;

    (2)  Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail for use or consumption, or distribution, or for storage to be used or consumed in this parish;

    (3)  Sells at retail, or who offers to sell at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution or storage to be used or consumed in this parish, tangible personal property as defined herein;

    (4)  Has sold at retail, or used, or consumed, or distributed or stored for use or consumption in this parish, tangible personal property and who cannot prove that the tax levied by this division has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property;

    (5)  Leases, or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

    (6)  Is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

    (7)  Sells or furnishes any of the services subject to tax under this division;

    (8)  Purchases or receives any of the services subject to tax under this division;

    (9)  Is engaging in business in this parish; or

   (10)  Sells any tangible personal property to a vending machine operator for resale through coin-operated vending machines.

*Distraint or distrain* shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this division.

*Engaging in business in this parish* shall mean and include any of the following methods of transacting business; maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business or by having an agent salesman, solicitor or employees operating within this parish under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor or

employee is located in this parish permanently or temporarily, or whether such seller or subsidiary is qualified to do business in this parish or by having within this parish any choses in or causes of action, or any property, or any liens on property, or any indebtedness due it in this parish, protected by the laws and courts of this parish.

*Gross sales* shall mean the sum total of all retail sales of tangible personal property, as hereinafter provided and defined, and sales of services without any deductions whatsoever of any kind or character, except as provided in this article.

*Hotel* means and includes any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins to transient guests, where such establishment consists of six (6) or more sleeping rooms, cottages or cabins at a single business location.

*Lease or rental* shall mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.

The term "lease or rental", however, as herein defined, shall not mean or include the lease or rental made for the purposes of re-lease or re-rental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, other drilling or related equipment used in connection with the operating, drilling, completion or reworking of oil, gas, sulphur or other mineral wells.

*New article* shall mean the original stock in trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

*Person* shall include any individual, firm, copartnership, joint venture, association, corporation, cooperative, estate, trust, business trust, receiver, syndicate, the state, or any department thereof, this parish, and any city, municipality, district or other political subdivision thereof or any board, agency, instrumentality or other group acting as a unit, and the plural as well as the singular number.

*Purchaser* shall mean any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to tax under this division.

*Retail sale* or *sale at retail* shall mean a sale to a consumer or to any person for any purposes other than for resale in the form of tangible personal property and a sale of services, as hereinafter set forth, and shall mean and include all such transactions as the tax collector, upon investigation, finds to be in lieu of sales; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the said collector. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.

The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property other than vehicles as covered in section 13-56(f), by a person not engaged in such business. The sale of motor or other vehicles by a person not engaged in such business shall be considered and treated as a retail sale or sale at retail.

*Retailer* shall mean and include every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in this parish or any person rendering services taxable hereunder.

*Sale* shall mean any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used

in fabrication work, and the furnishing, preparing or serving, for a consideration, any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of tangible personal property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale.

The term "sale" shall also include the "sale of services," which means and includes the following:

a. The furnishing of sleeping rooms, cottages or cabins by hotels;

b. The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, and universities, and recreational events, and the furnishing, for dues, fees, or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities; but the term "sales of services" shall not include membership fees or dues of nonprofit, civic organizations, including by way of illustration and not of limitation, the Young Men's Christian Association, the Catholic Youth Organization and the Young Women's Christian Association;

c. The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

d. The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter;

e. The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovating of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

f. The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities.

*Sales price* shall mean the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six (6) percent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

*Storage* shall mean and include any keeping or retention in this parish of tangible personal property for use or consumption in this parish or for any purpose other than for sale at retail in the regular course of business.

*Tangible personal property* shall mean and include personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.

*Taxing authority* shall mean the parish council.

*Parish* shall mean the Parish of St. Charles, State of Louisiana.

*Use* shall mean and include the exercise of any right of power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

*Use tax* shall include the use, the consumption, the distribution and the storage for use or consumption, as herein defined.

(Code 1970, § 7-101; Ord. No. 80-1-7, § 3.00, 1-21-80)

Sec. 13-54. - Imposition of tax.

(a) There is hereby levied from and after June 1, 1979, for the purposes stated in the proposition set forth in the preamble to the ordinance from which this division is derived, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within this parish as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one-half of one percent of the sales price of each item or article of tangible personal property when sold at retail in this parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the parish, and to include each and every retail sale.

(2) At the rate of one-half of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish, provided there shall be no duplication of the tax.

(3) At the rate of one-half of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.

(4) At the rate of one-half of one percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one-half of one percent of the gross proceeds derived from the sale of services, as defined herein.

(b) Sales or use taxes paid to this parish on the purchase of new motor trucks and new motor tractors licensed and registered for twelve thousand (12,000) pounds or more, under the provisions of Section 462 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:462), new trailers and new semitrailers licensed and registered for sixteen thousand (16,000) pounds or more under the provisions of said section for rental may be deducted as a credit against the tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has been exceeded. The sales tax paid to another municipality or parish in Louisiana or municipality or county in a state other than Louisiana or municipality or county in a state other than Louisiana on the purchase price of property is not deductible from the tax subsequently due on the rental of such property in this parish.

If the tax on rental payments fails to exceed the credits for sales or use tax paid, no refund is due the purchaser.

Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(c) The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(d) The tax so levied is, and shall be in addition to all other taxes, whether levied in the form of excise, or license, privilege or property taxes levied by another ordinance or resolution of the taxing authority.

(e) The dealer shall collect the taxes levied by this division together with those sales and use taxes levied by the state and the parish school board of the parish in accordance with the integrated bracket schedule prepared by the collector of revenue of the State of Louisiana, under the authority of Section 304 of Title 47 of the

Louisiana Revised Statutes of 1950 (R.S. 47:304). The dealer will remit that portion representing the tax levied by this division to the collector. Copies of said integrated tax schedules are available to dealers on request from the collector.

(f)  The collection of the tax herein levied shall be made in the name of the taxing authority by the collector.

(Code 1970, § 7-102)

Sec. 13-55. - Exemptions and exclusions from tax.

The taxes imposed and levied by this division shall be subject to all exemptions and exclusions provided in Chapter 2 of Title 47 of the Louisiana Revised Statutes of 1950, with respect to taxes levied by local governing authorities, including parishes.

(Code 1970, § 7-103)

Sec. 13-56. - Collection of tax by dealer.

(a)  The tax levied by this division shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in subsection (f) of this section. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services, and payable at the time of the sale; provided, however, that the parish council shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(b)  Every dealer located outside the parish making sales of tangible personal property for distribution, storage, use or other consumption in this parish shall, at the time of making such sales, collect the tax imposed by this division from the purchaser.

(c)  The dealer shall, as far as practicable, add the exact amount of the tax imposed under this division, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the collector, to the sale price or charge, and when added, such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer, until paid and shall be recoverable at law, in the same manner as other debts.

(d)  In order to aid in the administration and enforcement of the provisions of this division, on or before July 1, 1979, or in the case of dealers commencing business after July 1, 1979, or opening new places after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by him. The collector shall within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates thereof, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificates of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer ceasing to do business at the place therein named.

(e)  A wholesale dealer or jobber shall refuse to accept a certificate that any property upon which a tax is

imposed by this division is purchased for resale, and shall collect the tax imposed by this division unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this division; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to this taxing authority the tax herein imposed.

(f) The tax imposed by this division upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semitrailer, motor bus, house trailer, or any other vehicle subject to the Louisiana Vehicle Registration License Tax of the State of Louisiana shall be collected as provided in this section.

(1) The tax levied by this division on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue of the State of Louisiana, at the time of application for a certificate of title or vehicle registration license and such tax shall be administered and collected by the vehicle commissioner in compliance with rules and regulations issued by said collector of revenue and in compliance with the law as construed by said collector or revenue. No certificate of title or vehicle registration license shall be issued until this tax has been paid. The collector of revenue shall be the only proper party to defend or to institute any legal action involving the tax imposed by this division on the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semitrailer, motor bus, house trailer or any other vehicle subject to the vehicle registration license tax.

a. The tax levied by this division on the sale of any such vehicle shall be due at the time of registration or any transfer of registration as required by the vehicle registration license tax law of the State of Louisiana (R.S. 47:451, et seq.).

b. The tax levied by this division on the use of any such vehicle in this parish shall be due at the time first registration in this parish is required by the vehicle registration license tax law (R.S. 47:451, et seq.).

(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicle purchased and traded in and the sales or use tax to be paid along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sales price are to be considered a part of the vehicle.

(3) It is not the intention of this section to grant an exemption from the tax levied by this division to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of the sales and use tax on vehicles from the vendor to the vehicle commissioner as the agent of the collector of revenue of the State of Louisiana, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as the agent of the collector of revenue.

The vehicle commissioner shall withhold from any such taxes collected for the parish one percent of the proceeds of such tax so collected, which shall be used by the commissioner to pay the cost of collecting and remitting the tax to the parish and remit the remainder of such taxes collected to the collector. All such

agreements now existing between the parish and the collector of revenue are hereby declared valid and the functions of the collector of revenue thereunder are hereby transferred to the director of public safety as vehicle commissioner.

 (4) The provision contained in section 13-53 of this article which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this section. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(g) All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in this parish. Such auctioneers or the company which they represent shall be responsible for the collection of the tax levied by this division on articles sold by them and shall report and remit to the collector as provided in this article.

(h) A person engaged in any business taxable under this division shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect and tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this division.

(i) Where the tax collected for any period is in excess of one (1) percent, the total tax collected must be paid over to the collector, less the compensation to be allowed the dealer as hereinafter set forth. This provision shall be construed with other provisions of this division and given effect so as to result in the payment to the collector of the total tax collected if in excess of one (1) percent.

(j) Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this division, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to this taxing authority and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to this taxing authority within fifteen (15) days after such sale was made or rendered.

(k) For the purpose of compensating the dealer in accounting for and remitting the tax levied by this division, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Code 1970, § 7-104; Ord. No. 83-5-17, § 3.00, 5-16-83)

Sec. 13-57. - Collection of tax from dealer.

(a) The tax imposed by this division shall be collectible by the collector on behalf of this taxing authority with all persons engaged as dealers.

(b) On all tangible personal property imported or caused to be imported, from other states or other political subdivisions of this state or foreign countries, and used by him, the dealer shall pay the tax imposed by this division on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption in this parish. For the purposes of this article, the use or consumption or distribution or storage of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(c) A credit against the use tax imposed by this division shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another municipality or parish in the State of Louisiana, or in a municipality or county in a state other than Louisiana. The credit provided herein shall be granted only in the case where the municipality or parish in the State of Louisiana, or the municipality or county in a state other than Louisiana to which a similar tax has been paid grants a similar credit as provided herein, provided that members of the armed forces who are residents of this parish and whose orders or enlistment contracts stipulate a period of active duty of two (2) years or more and who purchase automobiles outside of this parish, in a municipality or parish in the State of Louisiana, or a municipality or county in a state other than Louisiana while on such tour of active duty shall be granted such credit in connection with the purchase of such automobiles whether or not the municipality or parish in the State of Louisiana, or a municipality or county in a state other than Louisiana to which such tax thereon has been paid grants a similar credit as herein provided. The proof of payment of a similar tax to another municipality or parish in the State of Louisiana, or to a municipality or county in a state other than Louisiana shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by this taxing authority upon the particular tangible personal property which is the subject of the use tax imposed by this division.

(Code 1970, § 7-105)

Sec. 13-58. - Returns and payment of tax.

(a) The tax levied under this division shall be due and payable by all dealers monthly on the first day of each month.

(b) For the purpose of ascertaining the amount of tax payable under this division, it shall be the duty of all dealers on or before the twentieth day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payments for services, as the case may be, arising from all taxable transactions during the preceding calendar month, running from the effective date of the ordinance from which this division is derived to the end of such month. Thereafter, like returns shall be prepared and transmitted to said collector by all dealers, on or before the twentieth day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the returns required hereunder shall compute and remit to this taxing authority the required tax due for the preceding calendar month.

(c) At the time of transmitting the return required hereunder to the collector, the dealer shall remit to this taxing authority therewith, the amount of the tax due under the applicable provisions of this division, and failure to so remit such tax shall cause said tax to become delinquent.

All taxes, interest and penalties imposed under this division shall be paid to this taxing authority in the form of remittance required by the collector.

(d) Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto shall be reported and the tax shall be paid with respect thereto in accordance with such rules and regulations as the collector may

prescribe.

(e) The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this division.

(f) For the purpose of collecting and remitting to this taxing authority the tax imposed by this division, the dealer is hereby declared to be the agent of the taxing authority.

(Code 1970, § 7-106)

Sec. 13-59. - Records and inspection thereof.

(a) It shall be the duty of every dealer to make a report and pay any tax under this division, to keep and preserve suitable records of the sales or purchases of services, as the case may be, taxable under this division, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for a period of three (3) years, all invoices, bills of lading and other records of goods, wares and merchandise or other subjects of taxation under this division; and all such books, invoices and other records shall be open to examination at all reasonable hours, by the collector or any of his duly authorized agents.

(b) Each dealer shall secure, maintain and keep, for a period of three (3) years a complete record of sales of services and tangible personal property received, used, sold at retail, distributed or stored, leased or rented within this parish by said dealer, together with invoices, bills of lading and other pertinent records and papers as may be required by the collector for the reasonable administration of this division and all such records shall be open for inspection to the collector at all reasonable hours.

(c) In order to aid in the administration and enforcement of the provisions of this division, and to collect all of the tax imposed by this division, all wholesale dealers and jobbers in this parish are hereby required to keep a record of all sales of tangible personal property made in this parish, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of purchase, the article or articles purchased and the price at which the article or articles are sold to the purchaser. These records shall be open to inspection by the collector or his duly authorized assistants at all reasonable hours.

(d) For the purpose of administering this division, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this division, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts and documents of any dealer. It shall be the duty of every dealer and every director, official, agent or employee of every dealer, to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this division, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(e) For the purpose of enforcing the collection of the tax levied by this division, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in this parish, whether said companies, agencies or

firms conduct their business by truck, rail, water, airplane or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(f)   The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this division. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this division may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(g)   The records and files of the collector respecting the administration of this division shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

   (1)   In an action or proceeding under the provisions of this division; and,

   (2)   When the records of files or the facts shown thereby are directly involved in such action or proceeding.

(h)   Nothing contained in this division shall be construed to prevent:

   (1)   The delivery to a dealer or his duly authorized representative of a copy of any return, report or other paper filed by him pursuant to the provisions of this division;

   (2)   The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

   (3)   The inspection by the legal representative of this taxing authority of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this division or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

   (4)   The examination of the records and files by the collector or his duly authorized agents; or

   (5)   The furnishing, in the discretion of the collector of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Code 1970, § 7-107)


Sec. 13-60. - Imported goods; permits.

In order to prevent the illegal importation into the parish of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this division, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person or dealer who desires to import tangible personal property into the parish, which property is subject to the tax imposed by this article, to apply to the collector or his assistant for a permit stating the kind of vehicle to be used, the name of the driver, the license number

of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Code 1970, § 7-108)

Sec. 13-61. - Remedies for collection, including interest, penalties, etc.

(a) For the purpose of the enforcement of this division, and the collection of the tax levied hereunder, it is presumed that all tangible personal property subject to the provisions of this division imported into the parish or held in the parish by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the parish, or leased or rented within the parish, and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the collector.

(b) Failure to pay any tax due as provided in this division shall, ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and this taxing authority is hereby vested with authority on motion in a court of competent jurisdiction, to take a rule on the said dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why said dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of this taxing authority, prohibiting such dealer from further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(c) If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate of twelve (12) percent per annum, or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five (5) percent for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five (25) percent in aggregate, of the tax due, when such tax is not paid, within thirty (30) days of the date the tax first becomes due and payable, and in the event of suit, attorney's fees at the rate of ten (10) percent of the aggregate of tax, interest and penalty.

(d) In the event any dealer fails to make a report and pay the tax as provided by this division, or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of service, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the parish, and assess and collect the tax and interest, plus penalty, that may have accrued thereon, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "St. Charles Parish Sales and Use Tax Fund," in the same manner as are the taxes collected under this division.

If any dealer fails to make any return required by this division or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a special penalty of five (5) percent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(e) If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners or assignors.

(f) In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control of owing by them, as the case may be.

(g) In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(h) In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true and actual consideration, then the collector is authorized to fix the same and collect the tax thereon for this taxing authority in the same manner as above provided in subsection (g), with interest plus penalties, if such have accrued.

(i) In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in vacation, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

(j) If any dealer, subject to make and file a return required by any of the provisions of this division, fails to render such return within the time required, or renders a return which is false or fraudulent in that it

contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this division, or otherwise fails to comply with the provisions of this division for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him, or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and said collector may require such dealer, or the agents or employees of such dealers, to give testimony or to answer interrogatories, under oath administered by the collector or his assistants, representing the sale at retail, the use, or consumption or distribution, in this parish, lease or rental of tangible personal property or other transactions, subject to tax, or the failure to make report thereof, as provided in this division.

(k) If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's books, records, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return, or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examinations, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(l) The importation into this parish of tangible personal property which is subject to tax, by truck, automobile, other means of transportation other than a common carrier, without having first obtained a permit as described in section 13-60 (if the tax imposed by this division on said tangible personal property has not been paid), is prohibited and shall be construed as an attempt to evade payment of the said tax, and the truck, automobile, or means of transportation other than a common carrier, and the taxable property may be seized by the collector in order to secure the same as evidence in a trial, and the same shall be subject to forfeiture and sale in the manner provided for in this division.

(m) The failure of any dealer who imports tangible personal property from outside the parish into the parish for use or consumption or distribution or storage to be used or consumed in this parish, or who imports for lease or rental any tangible personal property subject to the provisions of this division, to pay any tax, interest, penalties, or costs under this division, shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found whether said delinquent dealer be a resident or nonresident of this parish, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or associations of persons; provided, that it is the intention of this division to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this division, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to the collector.

In addition to the penalties prescribed in this and the preceding subsection (l), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisonment in jail for a period of not more than ninety (90) days or by both such fine and imprisonment, in the

discretion of the court. Each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(n)  The liability of any person, or dealer arising from any tax, interest and penalty, or any of them, imposed by this division, from the time they are due, shall be a personal debt of such person, or dealer to this taxing authority recoverable in any court of competent jurisdiction in an action at law by this taxing authority. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the collector.

(o)  The collector may require a bond or other security for the payment of any taxes, fees, interest and penalties, or any of them imposed pursuant to this division when he shall find that the collection thereof may be prejudiced without such security.

(p)  If any person, or dealer, shall fail to make a return or report as required by this division, the collector, within three (3) years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this division, from any information he is able to conveniently obtain, and according to such estimate so made by him assess the taxes, fees, penalties and interest due this taxing authority from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(q)  After a return or report is filed under the provisions of this division, the collector shall cause to be examined and made such further audit or investigation as he may deem necessary, and if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this division, he shall assess the additional amount of tax, and any penalties and interest, or either of them due this taxing authority from such person, or dealer, and make demand upon him for payment.

(r)  If the collector finds that any person, or dealer, liable for the payment of any tax under this division designs quickly to depart from this parish or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly, or partly ineffectual any proceedings that might be instituted to collect the tax or demand security for it, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

All taxes, penalties and interest assessed pursuant to the provisions of the last three preceding subsections, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by this taxing authority. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinbefore provided, and any other penalties provided by this division, a sum equivalent to five (5) percent of the tax.

(s)  If any dealer against whom taxes have been assessed under the provisions of this division, shall refuse or neglect to pay such taxes within the time prescribed in this division, it shall be lawful for the collector, or his duly authorized representative who is charged with the enforcement of collection of such taxes, to enforce

collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of property or rights to property belonging to the delinquent dealer.

(t)  Any dealer who shall neglect, fail or refuse to collect the tax as provided in section 13-56 of this Code upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(u)  For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court:

(1)  Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under section 13-56, and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2)  Any dealer who shall fail, neglect or refuse to collect the tax as provided in section 13-56, whether by himself or through his agents or employees;

(3)  Any dealer violating the provisions of subsections (e) and (f) of this section;

(4)  Any dealer who fails to permit an inspection of records by the collector as provided in section 13-59 of this Code;

(5)  Any wholesale dealer or jobber in this parish who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 13-59(c) of this Code;

(6)  Any dealer, wholesale dealer or jobber who violates the provisions of section 13-56(d) and (e) of this Code;

(7)  Any dealer who violates the provisions of section 13-59(b) of this Code;

(8)  Any dealer failing or refusing to furnish any return as provided in section 13-58, or failing or refusing to furnish a supplement return or other data required by the collector;

(9)  Any dealer required to make, render, sign or verify any return, as provided in section 13-58, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10)  The president, executive officers, managers and directors of any corporation, who shall violate the provisions of subsection (v) of this section; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this division for the recovery of the tax, interest and penalties that may be due; and

(11)  Any person who shall violate any other provisions of this division, punishment for which is not otherwise herein provided.

(v)  No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this division shall have been paid in full. No foreign corporation which has obtained authority from the state to transact business in this parish may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon said corporation in accordance with the provisions of this division shall have been fully paid.

(w)  Any person or dealer who shall fail to pay any tax levied by this division on or before the day when such tax

shall be required by this division to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in subsection (c) of this section, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

In addition, such person or dealer, shall pay the special penalty or penalties provided by this division.

(x) All penalties and interest imposed by this division shall be payable to and recoverable by this taxing authority in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charge in excess of the rate of one-half of one percent per month.

(Code 1970, § 7-109; Ord. No. 82-6-3, § 1, 6-7-82)

Sec. 13-62. - Refunds and reimbursements.

(a) Whenever tangible personal property sold is returned to the dealer by the purchaser or consumer or in the event the amount paid or charged for services is refunded or credited to the purchaser or consumer after the tax imposed by this division has been collected, or charged to the account of the purchaser, consumer, or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector; and in case the tax has not been remitted by the dealer to the collector, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by the sworn statement, which period shall not be longer than ninety (90) days, the collector shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for the tax collected. This memorandum shall be accepted by the collector at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this division. In cases where a dealer has retired from business and has filed a final return, a refund of tax may be made if it can be established to the satisfaction of the collector that the tax paid was not due.

(b) If any dealer shall have given to the collector notice within the time provided in subsection (a) hereof, such dealer thereafter, at any time within two (2) years after the payment of any original or additional tax assessed against him, may file with the collector a claim under oath for a refund, in such form as the collector may prescribe, stating the ground thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceedings, on appeal has been finally determined.

(c) If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this division, and if there be no such liability, the said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(d) Where no question of fact or law is involved, and it appears from the records of this taxing authority that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within two (2) years of payment, upon making a record in writing of his reason therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(e)  When, to secure compliance with any of the provisions of this division any moneys shall have been deposited with this taxing authority by any dealer, and shall have been paid over to this taxing authority and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such money, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this division.

(f)  In the event tangible personal property, a part of and used in or about a person's home, apartment or homestead, in this parish on which this tax has been paid by the owner of the property is destroyed by a natural disaster occurring in an area in this parish subsequently determined by the President of the United States to warrant assistance by the federal government, the owner thereof who was the purchaser who paid this tax shall be entitled to reimbursement of the amount of the tax paid on such tangible personal property destroyed for which no reimbursement was received by insurance or otherwise. Upon receipt of a sworn statement of the owner as to the amount of the taxes paid under the provisions of this division on tangible personal property destroyed as aforesaid, the collector shall make refund to said owner in the amount to which he is entitled.

(Code 1970, § 7-110)

Sec. 13-63. - Remedies of the dealer.

(a)  A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this division; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period of thirty (30) days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate of two (2) percent per annum covering the period from the date the said funds were received by the collector to the date of refund.

(b)  This section shall afford a legal remedy and right of action in any state, parish or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this division, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(c)  This section shall be construed to provide a legal remedy in the state, parish or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of Congress or the United States Constitution, or the Constitution of the State of Louisiana, or in any case where jurisdiction is vested in any of the courts of the United States; provided, that upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d)  If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly

authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment nor shall it stay the right of the collector to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, parish or federal court of competent jurisdiction as provided for in subsection (b) hereof.

(Code 1970, § 7-111)

Sec. 13-64. - Other administrative provisions.

(a)  The collector is hereby authorized and empowered to carry into effect the provisions of this division and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this division and other policies or procedures which may be hereafter established by this taxing authority.

(b)  The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the Constitution of the State of Louisiana or of the United States, for the enforcement of the provisions of this division and the collection of the revenues and penalties imposed by this division.

(c)  The collector shall design, prepare, print and furnish to all dealers or make available to said dealers all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided.

(d)  The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne out of appropriations by this taxing authority as provided in section 13-65(a) of this Code.

(e)  In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of the ordinance from which this division is derived and containing the sale price, and delivery is made after such effective date, and such sale is taxable under this division, the seller shall add the tax imposed by said division to said sale price, and collect it from the buyer.

The provisions of this subsection shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before such effective date, but are actually furnished after such effective date.

The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into or stored within the territorial limits of the parish prior to such division, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(f)  It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, deposition, statement, or report required by the collector in the administration of this division.

(g)  The collector, or any deputy by him duly designated, may conduct hearings, and have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer, and any

other witnesses, relative to the business of such dealer in respect to any matter incidental to the administration of this division. Such examination or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

(h) Any notice required to be given by the collector pursuant to this division, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this division, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(i) The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this division. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this division, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of competent jurisdiction of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of one dollar ($1.00), which shall be treated as revenue of the tax levied hereby.

(j) Nothing in this division shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive this taxing authority of any remedy for the enforcement of this division through any procedure or remedies expressly provided in this division imposing the tax herein levied or any other law, nor shall this division be construed as repealing or altering any such laws or ordinances.

(k) If any section, subsection, sentence, clause, or phrase of this division be held invalid such decision shall not affect the validity of the remaining portions of this division. This taxing authority hereby declares that it would have passed this division, and each section, subsection, sentence, clause and phrase thereof irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases may be so declared invalid.

(l) The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of this taxing authority of any kind or nature.

(m) This division may be cited or otherwise referred to as the "Parish of St. Charles Sales and Use Tax Ordinance."

(Code 1970, § 7-112)

Sec. 13-65. - Disposition of tax proceeds and revenues.

(a) It is hereby recognized that the parish tax will be collected and administered on behalf of this taxing authority by the sales tax department of the parish school board pursuant to the terms and conditions of a joint agreement for collection of sales and use taxes to be made and entered into between the said parish school board and the taxing authority. Until the termination of such agreement, the collector of the sales and use tax department of the parish school board shall be considered as the "collector" described in section 13-53 of this division. All taxes, revenues, funds, assessments, monies, penalties, fees or other income which may be collected or come into the possession of the collector, as an agent of this taxing authority, under any provision or provisions of this division, shall be deposited daily by the collector for the account of this taxing authority in a special fund designated "St. Charles Parish Sales and Use Tax Fund", which fund shall be a

separate bank account established and maintained by the collector; provided, however, any amount which is paid under protest or which is subject to litigation shall be transferred to a separate account established by the collector pending the final determination of the protest of litigation.

(b) Out of the parish tax funds on deposit to the credit of the parish taxing authority in said "St. Charles Parish Sales and Use Tax Fund", the collector shall deduct the reasonable and necessary costs and expenses of administering and collecting the parish tax and administering the provisions of this division as well as the various administrative and enforcement procedures established in said division according to the provisions of said joint agreement for collection of sales and use tax.

(c) After the reasonable and necessary costs and expenses of the collection and administration of the tax have been paid as provided for in subsection (b) hereof, the remaining portion of the parish tax collected pursuant to this division during the preceding month shall be paid by the collector to the taxing authority for deposit into the "Parish of St. Charles Tax Fund" for appropriation and expenditure in accordance with the terms of the proposition authorizing the levy of the tax and having been approved by a majority of the qualified electors of the parish voting at a special election held therein on April 7, 1979.

(Code 1970, § 7-113)

Sec. 13-66. - Taxing authority may contract for duties of collector.

Any provision of this division to the contrary notwithstanding, this taxing authority may contract with anyone for the performance of any or all of the duties of the collector provided for herein.

(Code 1970, § 7-114)

Secs. 13-67—13-77. - Reserved.

DIVISION 3. - ONE-EIGHTH-CENT SALES AND USE TAX

Footnotes:

--- (5) ---

**Editor's note—** *The preamble to Ord. No. 80-1-7, the ordinance from which this division is derived, reads as follows:*

*ORDINANCE NO. 80-1-7*

*An ordinance levying within the Parish of St. Charles, State of Louisiana, a tax of one-eighth of one percent (⅛%) upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of services, as presently defined in R.S. 47:301 to 47:317, inclusive; providing for the assessment, collection, payment, dedication and distribution of such tax and the purposes for which the proceeds of said tax may be expended; and amending in pertinent part an ordinance adopted by the Police Jury of said Parish on May 7, 1979, to comply with present law.*

*THE ST. CHARLES PARISH POLICE JURY HEREBY ORDAINS:*

*WHEREAS, under the authority conferred by Article 6, Section 29 of the Louisiana Constitution of 1974, and other constitutional and statutory authority supplemental thereto, a special election was held in said Parish on December 8, 1979, at which election the following proposition was submitted and duly approved by a majority of the qualified electors voting in said election, to-wit:*

*"PROPOSITION"*

*"Shall the Parish of St. Charles, State of Louisiana, under the provisions of Article 6, Section 29 of the Louisiana Constitution of 1974 and other constitutional and statutory authority supplemental thereto, be authorized to levy and collect a tax of one-eighth of one percent (⅛%) upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of services in said Parish, as presently defined in R.S. 47:301 through 47:317, with the avails or proceeds of said tax (after paying the reasonable and necessary costs of administering and collecting said tax) to be dedicated and used to provide funds for the purpose of giving fire protection to the property in said Parish, including but not limited to constructing, maintaining and operating said*

*Parish's fire protection facilities and paying the cost of obtaining water for fire protection purposes in said Parish; and further shall the avails or proceeds of said tax be subject to funding into negotiable bonds of said Parish for the purpose of acquiring buildings, machinery and equipment, including both real and personal property, to be used in giving fire protection to the property in said Parish and for funding appropriate reserve funds in connection therewith, all as established and set forth in the Parish's then current capital budget adopted after public hearings in the manner required by the St. Charles Parish Home Rule Charter, said bonds to mature over a term not exceeding twenty-five (25) years from date thereof, to bear interest at a rate not exceeding eight per centum (8%) per annum and to be issued in accordance with the provisions and subject to the limitations of Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950?"*

*WHEREAS, in compliance with the aforesaid constitutional authority, and said election of December 8, 1979, it is the desire of the Police Jury of the Parish of St. Charles, State of Louisiana, to levy said tax and provide for the assessment, collection, payment, dedication, distribution and other matters in connection therewith as hereinafter provided; and*

*WHEREAS, this Police Jury has determined that, said additional one-eighth of one percent (⅛%) sales and use tax shall be levied and collected, insofar as possible, in the same manner as the present one-half of one percent (½%) sales and use tax now being levied and collected by this Police Jury pursuant to the authority of Article 6, Section 29 of the Louisiana Constitution of 1974, other constitutional and statutory authority supplemental thereto, a special election held in said Parish on April 7, 1979, and an ordinance adopted by this Police Jury on May 7, 1979, (hereinafter sometimes referred to as the Parish of St. Charles Sales and Use Tax Ordinance); and*

*WHEREAS, it is also the desire of the Police Jury to amend the Parish of St. Charles Sales and Use Tax Ordinance in pertinent part to comply with present law;*

*NOW, THEREFORE, BE IT ORDAINED by the Police Jury of the Parish of St. Charles, State of Louisiana:*

## Sec. 13-78. - Imposed.

Effective on and after March 1, 1980, there is hereby levied in compliance with the terms and provisions of the Parish of St. Charles Sales and Use Tax Ordinance, for the purposes stated in the proposition set forth in the preamble to the ordinance from which this division is derived, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property, and on sales of services within the parish, as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one-eighth of one percent of the sales price of each item or article of tangible personal property when sold at retail within this parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the parish, and to include each and every retail sale.

(2) At the rate of one-eighth of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish; provided there shall be no duplication of the tax.

(3) At the rate of one-eighth of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(4) At the rate of one-eighth of one percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one-eighth of one percent of the gross proceeds derived from the sale of services as defined herein.

(Ord. No. 80-1-7, § 1.00, 1-21-80)

## Sec. 13-79. - Definitions.

The words, terms and phrases as used in this division shall have the same meaning as those terms enumerated in the Parish of St. Charles Sales and Use Tax Ordinance, as amended.

(Ord. No. 80-1-7, § 2.00, 1-21-80)

Sec. 13-80. - Collection of tax by dealer.

    (a)  The tax levied in this division shall be collected by the dealer, and paid at the time and in the manner hereinafter provided.

    (b)  The tax so levied is, and shall be in addition to all other taxes, whether levied in the form of excise, or license, privilege or property taxes levied by any other ordinance or resolution of the parish.

    (c)  The dealer shall collect the taxes levied by this division together with those sales and use taxes levied by the state, the parish school board, and by other local political subdivisions in the parish, in accordance with the integrated bracket schedule prepared by the collector of revenue of the State of Louisiana, under the authority that Section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). The dealer will remit that portion representing the tax levied by this division to the collector at the same time and along with the one-half of one percent sales and use tax levied by ordinance.

    (d)  The collection of the tax herein levied shall be made in the name of the parish council by the collector.

(Ord. No. 80-1-7, §§ 4.01—4.04, 1-21-80)

Sec. 13-81. - Exclusions.

The taxes imposed by this division shall be subject to the same exclusions and exemptions as the Parish of St. Charles Sales and Use Tax Ordinance, as amended.

(Ord. No. 80-1-7, § 5.00, 1-21-80)

Sec. 13-82. - Collection of tax from dealer.

The tax levied in this division shall be collected by the collector in the same manner and under the procedures prescribed by said collector and by the Parish of St. Charles Sales and Use Tax Ordinance, as amended.

(Ord. No. 80-1-7, § 6.00, 1-21-80)

Sec. 13-83. - Allocation of tax proceeds and revenues.

Nothing in the Parish of St. Charles Sales and Use Tax Ordinance to the contrary withstanding, in compliance with the special election of December 8, 1979, authorizing sales and use tax levied in this division, after all reasonable and necessary costs and expenses of collection and administration of said tax have been paid as provided for in section 13-65(b) of this Code, the net proceeds of said one-eighth of one percent sales and use tax shall be available for appropriation and expenditure by the parish council solely for the purposes authorized in the proposition set out in the preamble hereto authorizing the levy of said tax and having been approved by a majority of the qualified electors of the parish voting at a special election held therein on December 8, 1979.

(Ord. No. 80-1-7, § 7.00, 1-21-80)

Sec. 13-84. - Funding into negotiable bonds.

The avails or proceeds of the sales and use tax levied by this division may be funded into negotiable bonds by the parish council in accordance with Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950, for the purpose of acquiring buildings, machinery and equipment, including both real and personal property, to be used in giving fire protection to the property in the parish and for funding appropriate reserve funds in connection therewith, all as established and set forth in the parish's then current capital budget adopted after public hearings in the manner required by the Charter, said bonds to mature over a term not exceeding twenty-five (25) years from date thereof, to bear interest at a rate not exceeding eight (8) percent per annum and to be issued in accordance with the provisions of and subject to the limitations of the aforementioned statutory authority.

(Ord. No. 80-1-7, § 8.00, 1-21-80)

Sec. 13-85. - Rules and regulations.

The collector is hereby authorized and empowered to carry into effect the provisions of this division and in pursuance thereof shall have the power to make and publish reasonable rules and regulations, not inconsistent with this division or the laws and the constitution of this state or of the United States, for the enforcement of the provisions of this division or other policies or procedures which may be hereafter established by the parish council, and the collection of the revenues and penalties imposed by the Parish of St. Charles Sales and Use Tax Ordinance.

(Ord. No. 80-1-7, § 9.00, 1-21-80)

Sec. 13-86. - Application and adoption of one-half cent sales tax ordinance.

Unless in conflict herewith, all provisions of the Parish of St. Charles Sales and Use Tax Ordinance and all amendments thereto shall be applicable to the tax levied in this division and shall be incorporated herein by reference.

(Ord. No. 80-1-7, § 10.00, 1-21-80)

Sec. 13-87. - Severability.

If any section, subsection, sentence, clause or phrase of this division shall be held invalid, such decision shall not affect the validity of the remaining portions of this division. The parish council hereby declares that it would have passed this division and each section, subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases be so declared invalid.

(Ord. No. 80-1-7, § 11.00, 1-21-80)

Secs. 13-88—13-92. - Reserved.

DIVISION 4. - THREE-EIGHTHS-CENT SALES AND USE TAX

*Footnotes:*

*--- (6) ---*

***Editor's note—*** *Division 4, §§ 13-93—13-102, is derived from Ord. No. 83-517, §§ 1.00, 2.00, 4.01—4.04, 5.00—5.11. The preamble to the ordinance reads as follows:*

*ORDINANCE NO. 83-5-17*

*An ordinance levying within the Parish of St. Charles, a tax of three-eighths of one percent (⅜%) upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of services; providing for the assessment, collection, payment, dedication and distribution of such tax and the purposes for which the proceeds of said tax may be expended; and amending in pertinent part an ordinance adopted by the Police Jury of said Parish on May 7, 1979, to comply with present law.*

*THE ST. CHARLES PARISH COUNCIL HEREBY ORDAINS:*

*WHEREAS, under the authority conferred by Article 6, Section 29 of the Louisiana Constitution of 1974, and other constitutional and statutory authority supplemental thereto, a special election was held in said Parish on April 30, 1983, at which election the following proposition was submitted and duly approved by a majority of the qualified electors voting in said election, to-wit:*

*PROPOSITION*

*Shall the Parish of St. Charles, State of Louisiana, under the provisions of Article 6, Section 29 of the Louisiana Constitution of 1974 and other constitutional and statutory authority supplemental thereto, be authorized to levy and collect a tax of three-eighths of one percent (⅜%) upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of services in said Parish, as presently defined in R.S. 47:301 through 47:317, with the avails or proceeds of said tax (after paying the reasonable and necessary costs of administering and collecting said tax) to be dedicated and pledged for any lawful public purpose of said Parish and further shall the avails or proceeds of said tax be subject to funding into negotiable bonds of said Parish for the purpose of constructing, acquiring and improving capital improvements for the Parish (including but not limited to sewers and sewerage disposal works, drains, drainage canals, pumps and pumping plants, dykes and levees), as established and set forth in the Parish's then current capital budget adopted after public hearings in the manner required by the St. Charles Parish Home Rule Charter, said bonds to mature over a term not exceeding twenty (20) years from date thereof, to bear interest at a rate not exceeding twelve per centum (12%) per annum and to be issued in accordance with the provisions and subject to the limitations of Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950?*

*WHEREAS, in compliance with aforesaid constitutional authority, and said election of April 30, 1983, it is the desire of the St. Charles Parish Council acting as the governing authority of the Parish of St. Charles, State of Louisiana, to levy said tax and provide for the assessment, collection, payment, dedication, distribution and other matters in connection therewith as hereinafter provided; and*

*WHEREAS, this Parish Council has determined that, said additional three-eighths of one percent (⅜%) sales and use tax shall be levied and collected, insofar as possible, in the same manner as the present one-half of one percent (½%) and one-eighth of one percent (⅛%) sales and use taxes now being levied and collected by this Parish pursuant to the authority of Article 6, Section 29 of the Louisiana Constitution of 1974, other constitutional and statutory authority supplemental thereto, special elections held in said Parish on April 7, 1979, and December 8, 1979, and ordinances adopted by the governing authority of the Parish on May 7, 1979, and January 21, 1980, as amended by Ordinance No. 82-6-3 adopted thereby on June 7, 1982 (hereinafter referred to collectively as the Parish of St. Charles Sales and Use Tax Ordinance);*

*NOW, THEREFORE, BE IT ORDAINED by the St. Charles Parish Council, acting as the governing authority of the Parish of St. Charles, State of Louisiana:*

Sec. 13-93. - Imposition of tax.

Effective on and after June 1, 1983, there is hereby levied in compliance with the terms and provisions of the Parish of St. Charles Sales and Use Tax Ordinance, for the purposes stated in the proposition set forth in the preamble to the ordinance from which this division is derived, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property, and on sales of services within the parish, as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of three-eighths of one percent of the sales price of each item or article of tangible personal property when sold at retail within this parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the parish, and to include each and every retail sale.

(2) At the rate of three-eighths of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed or stored for use or consumption in this parish; provided there shall be no duplication of the tax;

(3) At the rate of three-eighths of one percent of the gross proceeds derived from the lease or rental of

tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the business;

(4)  At the rate of three-eighths of one percent of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property;

(5)  At the rate of three-eighths of one percent of the gross proceeds derived from the sale of services as defined herein.

(Ord. No. 83-5-17, § 1.00, 5-16-83)

## Sec. 13-94. - Definitions.

The words, terms and phrases as used in this division shall have the same meaning as these terms enumerated in section 13-53.

(Ord. No. 83-5-17, § 2.00, 5-16-83)

## Sec. 13-95. - Collection of tax by dealer.

(a)  The tax shall be collected by the dealer, and paid at the time and in the manner hereinafter provided.

(b)  The tax so levied is and shall be in addition to all other taxes, whether levied in the form of excise, or license, privilege or property taxes levied by any other ordinance or resolution of the governing authority of this parish.

(c)  The dealer shall collect the taxes levied by this division, together with those sales and use taxes levied by the state, the parish school board, the parish, and by other local political subdivisions in the parish, in accordance with the integrated bracket schedule prepared by the state collector of revenue under the authority of Section 304 of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:304). The dealer will remit that portion representing the tax levied by this ordinance to the collector at the same time and along with the one-half of one percent sales and use tax levied by the parish council pursuant to division 2 of this article and the one-eighth of one percent sales and use tax levied thereby pursuant to division 3 of this article.

(d)  The collection of the tax herein levied shall be made in the name of the parish by the collector.

(Ord. No. 83-5-17, §§ 4.01—4.04, 5-16-83)

## Sec. 13-96. - Exclusions.

The taxes imposed by this division shall be subject to all exclusions and exemptions provided in Chapter 2, Title 47 of the Louisiana Revised Statutes of 1950, as amended (R.S. 47:301 et seq.), with respect to taxes levied by any local governmental subdivision or school board.

(Ord. No. 83-5-17, § 5.00, 5-16-83)

## Sec. 13-97. - Collection of tax from dealer.

The three-eighths of one percent tax levied hereby shall be collected by the collector in the same manner and under the procedures prescribed by the collector and by section 13-57, as amended.

(Ord. No. 83-5-17, § 6.00, 5-16-83)

Sec. 13-98. - Allocation of tax proceeds and revenues.

Nothing in division 2 or division 3 of this article to the contrary withstanding, the levy and collection of the one-half of one percent sales and use tax and the one-eighth of one percent sales and use tax levied thereby and the three-eighths of one percent sales and use tax levied pursuant to this division shall be subject to the following provision:

In compliance with the special election of April 30, 1983, authorizing the three-eighths of one percent sales and use tax, after all reasonable and necessary costs and expenses of collection and administration of the three-eighths of one percent tax have been paid as provided for in section 13-65(b), the net proceeds of the three-eighths of one percent sales and use tax shall be available for appropriation and expenditure by the parish solely for the purposes authorized in the proposition set out in the preamble to this division, authorizing the levy of the tax, and having been approved by a majority of the qualified electors of the parish voting at a special election held therein on April 30, 1983.

(Ord. No. 83-5-17, § 7.00, 5-16-83)

Sec. 13-99. - Funding into negotiable bonds.

The avails or proceeds of the three-eighths of one percent sales and use tax may be funded into negotiable bonds by the parish in accordance with the provisions of Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950, for the purpose of constructing, acquiring and improving capital improvements for the parish (including but not limited to sewers and sewerage disposal works, drains, drainage canals, pumps and pumping plants, dykes and levees), as established and set forth in the parish's then current capital budget adopted after public hearings in the manner required by the St. Charles Parish Home Rule Charter, said bonds to mature over a term not exceeding twenty (20) years from date thereof, to bear interest at a rate not exceeding twelve (12) percent per annum and to be issued in accordance with the provisions and subject to the limitations of the aforementioned statutory authority.

(Ord. No. 83-5-17, § 8.00, 5-16-83)

Sec. 13-100. - Rules and regulations.

The collector is hereby authorized and empowered to carry into effect the provisions of this division and in pursuance thereof shall have the power to make and publish reasonable rules and regulations, not inconsistent with this division or the laws and the constitution of this state or of the United States, for the enforcement of the provisions of this division or other policies or procedures which may be hereafter established by the governing authority of this parish, and the collection of the revenues and penalties imposed by division 2 of this article.

(Ord. No. 83-5-17, § 9.00, 5-16-83)

Sec. 13-101. - Amendment.

Unless in conflict with this division, all provisions of division 2 of this article and all amendments thereto shall be applicable to the tax levied by this division and shall be incorporated herein by reference.

(Ord. No. 83-5-17, § 10.00, 5-16-83)

Sec. 13-102. - Savings clause.

If any section, subsection, sentence, clause or phrase of this division be held invalid, such decision shall not affect the validity of the remaining portions of this division. This parish council hereby declares that it would have passed this division and each section, subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases be so declared invalid.

(Ord. No. 83-5-17, § 11.00, 5-16-83)

Secs. 13-103—13-107. - Reserved.

DIVISION 5. - ONE-CENT SALES TAX

> *Footnotes:*
> *--- (7) ---*
> ***Editor's note—*** *Division 5, §§ 13-108—13-116, is derived from Ord. No. 88-8-10, §§ 1—9, adopted Aug. 1, 1988. The preamble to the ordinance reads as follows: ORDINANCE NO. 88-8-10*
> *An ordinance levying within the Parish of St. Charles, State of Louisiana, an additional tax of one percent (1%) upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and upon the sales of services; levying and providing for the assessment, collection, payment and dedication of such tax and the purposes for which the proceeds of said tax may be expended, such tax having been authorized at a special election held in the Parish on July 16, 1988.*
> *WHEREAS, under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974 and other constitutional and statutory authority supplemental thereto, and a special election held in the Parish of St. Charles, State of Louisiana (the "Parish"), on July 16, 1988, this Parish Council, acting as the governing authority of the Parish, now desires to levy the additional one percent (1%) sales and use tax authorized at said election by virtue of the favorable passage of the proposition attached hereto as Exhibit "A";*
> *WHEREAS, in compliance with the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority supplemental thereto, and said special election of July 16, 1988, it is the desire of this Parish Council to levy said tax and provide for the collection thereof and other matters in connection therewith as hereinafter provided in this ordinance; NOW, THEREFORE, BE IT ORDAINED by the St. Charles Parish Council, acting as the governing authority of the Parish of St. Charles, State of Louisiana (the "Parish"):*

Sec. 13-108. - Levied.

Pursuant to the authority of a special election held in the parish on July 16, 1988, there is hereby levied within the parish from and after September 1, 1988, for the purposes stated in the proposition attached hereto as exhibit A to this division a sales and use tax of one (1) percent upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the parish, all in the manner and subject to the provisions and terms of those portions of Chapter 2, Title 47 of the Louisiana Revised Statutes of 1950, as amended (the "Sales Tax law"), applicable to sales and use taxes levied by local governments.

(Ord. No. 88-8-10, § 1, 8-1-88)

**Editor's note—** The proposition referred to in this section reads as follows:

PARISH DRAINAGE AND ROAD SALES TAX
PROPOSITION

Shall the Parish of St. Charles, State of Louisiana, under the provisions of Article 6, Section 29 of the Louisiana Constitution of 1974 and other constitutional and statutory authority supplemental thereto, be authorized to levy and collect a tax of one percent (1%) upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and on sales of service in said Parish, as presently defined in R.S. 47:301 through 47:317, inclusive, with the avails or proceeds of said tax (after paying the reasonable and necessary costs of administering and collecting said tax) to be dedicated and pledged for the purpose of constructing, acquiring, improving, operating and maintaining drains, drainage canals, pumps and pumping plants, dykes and levees and related machinery and equipment; and opening, constructing, maintaining and improving roads, streets and bridges within and for said Parish and purchasing the necessary machinery and equipment in connection therewith, and further shall the avails or proceeds of said tax be subject to funding into negotiable bonds of said Parish for any of

the above described capital purposes and providing for reserves in connection therewith, all as established and set forth in the Parish's then current capital budget adopted after public hearings in the manner required by the St. Charles Parish Home Rule Charter, said bonds to mature over a term not exceeding twenty-five (25) years from date thereof, to bear interest at a rate not exceeding twelve per centum (12%) per annum and to be issued in accordance with the provisions and subject to the limitations of Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950?

Sec. 13-109. - Collection.

The one (1) percent sales and use tax shall be collected on the basis of the applicable integrated bracket schedule prescribed by the Collector of Revenue, State of Louisiana, pursuant to R.S. 47:304. The dealers shall remit to the respective taxing authorities the proportionate part of the sales taxes collected in accordance with said integrated bracket schedule.

(Ord. No. 88-8-10, § 2, 8-1-88)

Sec. 13-110. - Applicability of state law.

The tax levied hereby shall be assessed, imposed, collected, paid and enforced in the manner as provided in the provisions of the Sales Tax Law applicable to the assessment, imposition, collection, payment and enforceability of sales and use taxes of local governments. The provisions of the Sales Tax Law applicable to the assessment, imposition, collection, payment and enforcement of sales and use taxes by local governments, shall apply to the assessment, collection, payment and enforcement of the tax herein levied as though all such provisions were set forth in full herein.

(Ord. No. 88-8-10, § 3, 8-1-88)

Sec. 13-111. - Obligations, rights of taxpayers.

The obligations and rights of taxpayers and dealers in connection with the sales and use tax levied hereby shall be as provided taxpayers and dealers by the provisions of the Sales Tax Law applicable to sales and use taxes levied by local government.

(Ord. No. 88-8-10, § 4, 8-1-88)

Sec. 13-112. - Additional to other taxes.

The sales and use tax levied hereby shall be in addition to all other sales and use taxes lawfully levied and collected in the parish.

(Ord. No. 88-8-10, § 5, 8-1-88)

Sec. 13-113. - Deputies authorized.

The secretary of the parish council is hereby authorized, empowered and directed to carry into effect the provisions of this division to appoint deputies, assistants or agents to assist her in the performance of her duties, and in pursuance thereof to make and enforce such rules as she may deem necessary, subject to the action of the parish council.

(Ord. No. 88-8-10, § 6, 8-1-88)

Sec. 13-114. - Severability.

If any one (1) or more of the provisions of this division shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provisions of this division, but this division shall be construed and enforced as if such illegal or invalid provisions had not been contained herein. Any constitutional or statutory provision enacted after the date of this division which validates or makes legal any provision of this division which would not otherwise be valid or legal, shall be deemed to apply to this division.

(Ord. No. 88-8-10, § 7, 8-1-88)

Sec. 13-115. - Publication.

This division shall be published in one (1) issue of the official journal of this parish council as soon as possible and shall be in full force and effect immediately upon its adoption, being an ordinance affecting the public peace, health and safety.

(Ord. No. 88-8-10, § 8, 8-1-88)

Sec. 13-116. - Effective date.

This division, having been duly introduced at a fully convened meeting on July 18, 1988, and notice of introduction having been published in the official journal at least seven (7) days prior to the date of adoption hereof and having been duly adopted by this council on August 1, 1988, shall take effect immediately upon approval by the parish council.

(Ord. No. 88-8-10, § 9, 8-1-88)

Secs. 13-117—13-500. - Reserved.

SUBCHAPTER B. - SALES TAXES

> *Footnotes:*
>
> --- *(3)* ---
>
> **State Law reference—** *For the authority of police juries to levy a sales tax, see Section 29, Article VI, Louisiana Constitution (1974).*

Sec. 23-25. - Definitions.

As used in this subchapter, the following words, terms and phrases have the meaning ascribed to them in this section, except when the context clearly indicates a different meaning:

1. *Business* includes any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed to include the occasional and isolated sales by a person who does not hold himself out as engaged in business.

2. *Collector* means the collector of revenue for the State of Louisiana and includes his duly authorized assistants.

3. *Cost price* means the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less. In the case of tangible personal property which has acquired a Louisiana tax situs and is thereafter transported outside the State of Louisiana for repairs performed outside the State of Louisiana and is thereafter returned to the State of Louisiana, the cost price shall be deemed to be the actual cost of any parts and/or materials used in performing such repairs, if applicable labor charges are separately stated on the invoice. If the applicable labor charges are not separately stated on the invoice, it shall be presumed that the cost price is the total charge reflected on the invoice.

4. *Dealer* includes every person who manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution or for storage to be used or consumed in this state.

   "Dealer" is further defined to mean:

   a. Every person, who imports, or causes to be imported, tangible personal property from outside of the parish for use, or consumption, or for storage to be used or consumed in this parish;

   b. Every person who sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or storage to be used or consumed in this parish, tangible personal property as defined herein;

   c. Any person who has sold at retail, or used, or consumed, or stored for use or consumption in this parish, tangible personal property and who cannot prove that the tax levied by this subchapter has been paid on the sale at retail, the use, the consumption, or the storage of said tangible personal property;

   d. Any person who leases or rents tangible personal property for a consideration, permitting the use or possession of the said property without transferring title thereto;

e. Any person who is the lessee or rentee of tangible personal property and who pays to the owner of such consideration for the use or possession of such property without acquiring title thereto;

f. Any person, who sells or furnishes any of the services subject to tax under this subchapter;

g. Any person, as used in this subchapter, who purchases or receives any of the services subject to tax under this subchapter;

h. Any person engaging in business in this parish. "Engaging in business in this parish" means and includes any of the following methods of transacting business; maintaining directly, indirectly, or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business or by having an agent, salesman or solicitor operating within the parish under the authority of the seller or its subsidiary irrespective of whether such place of business, agent, salesman or solicitor is located in this parish permanently or temporarily or whether such seller or subsidiary is qualified to do business in the State of Louisiana;

i. Any person who sells at retail any tangible personal property to a vending machine operator for resale through coin-operated vending machines.

5. *Gross sales* means the sum total of all retail sales of tangible personal property, without any deduction whatsoever of any kind or character except as provided in this subchapter.

6. *Hotel* means and includes any establishment engaged in the business of furnishing sleeping rooms, cottages or cabins, to transient guests, where such establishment consists of six or more sleeping rooms, cottages or cabins at a single business location.

7. *Lease* or *rental* means the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee, for a consideration, without transfer of the title of such property.

The term "lease or rental", however, as herein defined, shall not mean or include the lease or rental made for the purposes of re-lease or re-rental of casing tools and pipe, drill pipe, tubing, compressors, tanks, pumps, power units, other drilling or related equipment used in connection with the operating, drilling, completion or reworking of oil, gas, sulphur or other mineral wells.

8. *Parish* means St. Helena Parish, Louisiana.

9. *Parish police jury* means the police jury of St. Helena Parish, Louisiana.

10. *Person* includes any individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate, this parish, any parish, city and parish municipality, district or other political subdivision of the State of Louisiana or any board, agency, instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

11. *Purchaser* means and includes any person who acquires or receives any tangible personal property, or the privilege of using any tangible personal property, or receives any services pursuant to a transaction subject to tax under this subchapter.

12. *Retail sale* or *sale at retail* means a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property, and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulation, shall himself be liable for and pay the tax.

The sale of tangible personal property to a dealer who purchases said property for resale through coin-operated vending machines shall be considered a "sale at retail," subject to the tax levied. The subsequent resale of the property by the dealer through coin-operated vending machines shall not be considered a "sale at retail."

The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business.

13. *Retailer* means and includes every person engaged in the business of making sales at retail, or for use or consumption, or storage to be used or consumed in this parish.

14. *Sale* means any transfer of title or possession, or both, exchange, barter, conditional or otherwise, in any manner or by any means whatsoever of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale.

15. *Sales price* means the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six percent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

16. *Sales of services* means and includes the following:

   a. The furnishing of sleeping rooms, cottages or cabins by hotels;

   b. The sale of admission to places of amusement, to athletic entertainment other than that of schools, colleges, and universities, and recreational events, and the furnishing, for dues, fees, or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities; but the term "sales of services" shall not include membership fees or dues of nonprofit, civic, organization, including by way of illustration and not of limitation of the Young Men's Christian Association, the Catholic Youth Organization and the Young Women's Christian Association;

   c. The furnishing of storage or parking privileges by auto hotels and parking lots;

   d. The furnishing of printing or overprinting, lithographic, multilith, blue printing, photostating or other similar services of reproducing written or graphic matter;

   e. The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

   f. The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage where such service is incidental to the operation of storage facilities; and

   g. The furnishing of repairs to tangible personal property, including by way of illustration and not of

limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes, and office appliances and equipment.

17. *Storage* means and includes any keeping or retention in this state of tangible personal property for use or consumption in this parish or for any purpose other than for sale at retail in the regular course of business.

18. *Tangible personal property* means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.

19. *Treasurer* means the treasurer of the parish police jury of St. Helena Parish, Louisiana, or his duly authorized assistants.

20. *Use* means and includes the exercise of any right or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

21. *Use tax* includes the use, the consumption, and the storage, as herein defined.

The definitions set forth above are intended to have the same meaning as the definitions appearing in R.S. 47:301.

(Ord. of 4-11-1984, § 1)

Sec. 23-26. - Imposition of tax.

A. There is hereby levied a tax upon the sale at retail, the use, the consumption, and the storage for use or consumption in this parish, of each item or article of tangible personal property, as defined herein, the levy of said tax to be as follows:

1. At the rate of one percentum of the sales price of each item or article of tangible personal property when sold at retail in this parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the parish, and to include each and every retail sale.

2. At the rate of one percentum of the cost price of each item or article or tangible personal property when the same is not sold but is used, consumed or stored for use or consumption in this parish; provided there shall be no duplication of the tax.

B. There is hereby levied a tax upon the lease or rental within this parish of each item or article of tangible personal property, as defined herein; the levy of said tax to be as follows:

1. At the rate of one percentum of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.

2. At the rate of one percentum of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

C. There is hereby levied a tax upon all sales of services, as herein defined, in this parish, at the rate of one percentum of the amounts paid or charged for such services.

D. Sales or use tax paid to this parish on new motor trucks and new motor tractors licensed and registered for 12,000 pounds or more under the provisions of R.S. 47:462, new trailers and new semi-trailers licensed and

registered for 16,000 pounds or more under the provisions of R.S. 47:462 for rental may be deducted as a credit on the tax due on the rental of each item of said property so that no tax is payable on rental income until the tax paid on the purchase price has been exceeded.

If the tax on rental income fails to exceed the credit for sales or use tax paid, no refund is due the purchaser.

Any sales tax paid on any maintenance or operation expense of a rental business is not deductible as a credit against the tax due on a rental income; such expenses are part of the cost of doing business and do not constitute a part of the identical property being rented.

The tax levied in this section shall be collected from the dealer, as defined herein, shall be paid at the time and in the manner hereinafter provided, and shall be, in addition to all other taxes, whether levied in the form of excise, license, or privilege taxes, and shall be in addition to taxes levied by St. Helena Parish, by the State of Louisiana or by any other political subdivision thereof.

(Ord. of 4-11-1984, § 2)

Sec. 23-27. - Collection.

A. *Collection from dealer.* The tax imposed under section 23-26 shall be collectible from all persons as dealers.

On all tangible personal property imported, or caused to be imported, from outside of the parish and used by him, the dealer shall pay the tax imposed by this subchapter on all articles of tangible personal property so imported and used, the same as if the said articles and been sold at retail for use or consumption in this parish. For the purposes of this subchapter, the use, or consumption, or storage to be used or consumed in this parish of personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

A credit against the use tax imposed by this subchapter shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another parish of the State of Louisiana to which a similar tax has been paid [if that parish] grants a similar credit as provided herein, provided that members of the armed forces who are citizens of the State of Louisiana and whose orders of enlistment contracts stipulate a period of active duty of two years or more and who purchase automobiles outside of the parish while on such tour of active duty shall be granted such credit in connection with the purchase of such automobiles whether or not the state or other parish of the State of Louisiana to which such tax thereon has been paid grants a similar credit as herein provided. The proof of payment of a similar tax to another state or other parish of the State of Louisiana shall be made according to rules and regulations promulgated by the collector of revenue. In no event shall the credit be greater than the tax imposed hereby upon the particular tangible personal property which is the subject to the tax hereby imposed.

B. *Collection of tax on vehicles.* The tax imposed by section 23-26A on the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the vehicle registration license tax shall be collected as provided in this subsection.

1. The tax levied by section 23-26A on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue at the time of application for a certificate of title or vehicle registration license and such tax shall be administered and collected by the vehicle commissioner in compliance with rules and regulations issued by the collector of revenue and in compliance with the law as construed by the collector of revenue. No certificate of title or vehicle registration license shall be issued until this tax has been paid. The collector of revenue shall be the only proper party to defend or to institute any legal

action involving the tax imposed by section 23-26A on the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer or any other vehicle subject to the vehicle registration license tax (R.S. 47:451 et seq.).

   a.  The tax levied by section 23-26A1 on the sale of any such vehicle shall be due at the time of registration or any transfer of registration as required by the vehicle registration license tax law (R.S. 47:451 et seq.).

   b.  The tax levied by section 23-26A2 on the use of any such vehicle in this state shall be due at the time of first registration in this state as required by the vehicle registration license tax law (R.S. 47:451 et seq.).

2. Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year, and model of the vehicle sold, the total sales price, and allowance for and a description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as the collector of revenue may by regulation require. All labor, parts, accessories, and other equipment which are attached to the vehicle at the time of sale and which are included in the sale price are to be considered a part of the vehicle.

3. The president of the parish police jury is hereby authorized to execute, on behalf of the parish police jury, an agreement with the vehicle commissioner by which the vehicle commissioner may collect said tax on behalf of said parish police jury. The commissioner shall withhold from any such taxes collected one percent of the proceeds of such tax so collected, which shall be used by the commissioner to pay the cost of collecting and remitting the tax to the parish police jury.

4. The provision contained in section 23-25 12. hereof, in the second unnumbered paragraph, which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(Ord. of 4-11-1984, § 3)

**Editor's note—** A resolution of July 17, 1984, authorized the sheriff to collect the one percent sales tax on house-to-house garbage collection for Aug. 1, 1984, to Sept. 30, 1985, and to retain four percent of the proceeds to pay the cost of collecting and remitting the tax to the police jury monthly.

Sec. 23-28. - Treatment of tax by dealer.

The tax levied in this subchapter shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 23-27.

Every dealer located outside the parish making sales of tangible personal property for storage, use, or other consumption, in this parish, shall at the time of making sales collect the tax imposed by this subchapter from the purchaser.

Dealers shall, as far as practicable, add the amount of the tax imposed under this subchapter in conformity with the schedule or schedules to be prescribed by the collector pursuant to authority hereby granted, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law

in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.

Where the tax collected for any period is in excess of one percentum, the total tax collected must be paid over to the collector of revenue, less the compensation to be allowed the dealer as hereinafter set forth.

Any dealer who fails, neglects, or refuses to collect the tax herein provided, either by himself or through his agents or employees, shall, in addition to the penalty of being liable for and paying the tax himself, be subject to all criminal penalties prescribed by law.

The dealer or seller is permitted and required to state and collect the tax separately from the price paid by the purchaser.

The use of tokens is forbidden. The collector shall by regulations prescribe the method and the schedule of the amounts to be collected from the purchasers, lessees or consumers in respect to any receipt upon which a tax is imposed by this subchapter. The amount of the tax to be collected by the dealer and paid by the purchaser shall in each transaction comply with the schedule so provided.

(Ord. of 4-11-1984, § 4)

Sec. 23-29. - Exclusions and exemptions from the tax.

A. The gross proceeds derived from the sale in this parish of livestock, poultry and other farm products direct from the farm are exempted from the tax levied by this subchapter, provided that such sales are made directly by the producers. When sales of livestock, poultry and other farm products are made to consumers by any person other than producer, they are not exempted from the tax imposed by this subchapter; but every agricultural commodity sold by any person, other than a producer, to any other person who purchases not for direct consumption but for the purpose of acquiring raw product for use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be exempted from any and all provisions of this subchapter, including payment of the tax applicable to the sale, storage, use, transfer, or any other utilization of or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one tax be exacted. For the purpose of this section, "agricultural commodity" means horticultural, viticultural, poultry, farm and range products, and livestock and livestock products.

B. The "use tax," as defined herein, shall not apply to livestock and livestock products, to poultry and poultry products, to farm, range and agricultural products when produced by the farmer and used by him and members of his family.

C. Where a part of the purchase price is represented by an subchapter traded in, the sales tax is payable on the total purchase price less the market value of the article traded in.

D. The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this parish of the following tangible personal property is hereby specifically exempted from the tax imposed by this subchapter: Gasoline; steam; water (not including mineral water or carbonated water or any water put in bottles, jugs, or containers, all of which are not exempted); electric power or energy; newspapers; fertilizer and containers used for farm products when sold directly to the farmer; natural gas; fuel oil and coal when used for boiler fuel; and new trucks, new automobiles, and new aircraft withdrawn from stock by factory authorized new trucks, new automobile and new aircraft dealers, with the approval of the collector of

Case 2:21-cv-02106-JTM-KWR    Document 2-3    Filed 11/15/21    Page 742 of 1004

revenue titled in the dealer's name for use as demonstrators. Provided, sales taxes authorized and imposed by this subchapter shall not apply to the sale of prescription drugs under the pharmaceutical vendor program of Title XIX of the Social Security Act as administered by the health and human resources administration of the State of Louisiana. Demonstrators as used in this paragraph shall mean new trucks, new automobiles, and new aircraft titled in the dealer's name for use as demonstrators which are kept primarily on the dealer's premises during normal business hours and which are available for demonstration purposes; provided, however, that the occasional use of such demonstrator by authorized personnel of the dealer shall not disqualify such demonstrator from the exemption herein designated.

E. It is not the intention of this subchapter to levy a tax upon articles of tangible personal property imported into this parish, or produced or manufactured in this parish for export; nor is it the intention of this subchapter to levy a tax on bona fide interstate commerce. It is, however, the intention of this subchapter to levy a tax on the sale at retail, the use, the consumption, and the storage to be used or consumed in this parish, of tangible personal property after it has come to rest in this parish and has become a part of the mass of property in this parish.

F. The sales, use and lease taxes imposed by this subchapter shall not apply to the amounts paid by radio and television broadcasters for the right to exhibit or broadcast copyrighted material and the use of film, video or audio tapes, records or any other means supplied by licensors thereof in connection with such exhibition of broadcast and the sales and use tax shall not apply to licensors or distributors thereof.

G. The sales, use and lease taxes imposed by this subchapter shall not apply to the purchase or rental by private individuals of machines, parts therefor, and materials and supplies which a physician has prescribed for home renal dialysis.

H. That tax imposed by 23-26 A.1. shall not apply to sales of materials, equipment and machinery which enter into and become component parts of ships, vessels, including commercial fishing vessels, or barges, of 50 tons' load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels, or barges when sold by the builder thereof.

I. The taxes imposed by section 23-26 shall not apply to material and supplies purchased by the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwide commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or interstate coastwide commerce; nor to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; nor to laundry services performed for the owners or operators of such ships or vessels operating exclusively in foreign or interstate coastwide commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels.

J. The provisions of this section do not apply to drilling equipment used for oil exploitation of production unless such equipment is built for exclusive use outside the boundaries of the parish and is removed forthwith from the parish upon completion.

K. The tax imposed by section 23-26 A.1. shall not apply to the sale at retail of seeds for use in the planting of any kind of crops.

L. The sales tax does not apply to casing, drill pipe and tubing sold in Louisiana, for use offshore beyond the territorial limits of the state, for the production of oil, gas, sulphur and other minerals.

M.   The sales tax imposed by section 23-26 shall not apply to the sale of admission tickets by Little Theater organiza

N.   The sales tax imposed by section 23-26 shall not apply to the sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit organization known as a symphony organization or as a society or organization engaged in the presentation of musical performances; provided that this section shall not apply to performances given by out-of-state or nonresident symphony companies, nor shall this section apply to any performance intended to yield a profit to the promoters thereof.

O.   The tax imposed by section 23-26A shall not apply to sale at retail of pesticides used for agricultural purposes, including particularly but not by way of limitation, insecticides, herbicides and fungicides.

P.   The sales and use taxes imposed by section 23-26 shall not apply to the amount paid by the operator of a motion picture theater to a distributing agency for use of films of photoplay.

Q.   There shall be no sales tax due upon the sale at retail of tangible personal property purchased within the parish for use exclusively beyond the territorial limits of the parish. If tangible personal property purchased tax free under the provisions of this section is later brought into the parish for use herein, the property shall be subject to the use tax of the parish as of the time it is brought into the parish for use herein, subject to the credit provided in section 23-27A.

If the first use of tangible personal property purchased in the parish for use beyond the territorial limits of the parish occurs in a city or parish of the State of Louisiana or in a city or county of a state other than Louisiana which imposes a sales or use tax, the exemption provided herein shall apply only if:

1.   The purchaser is properly registered for sales and use tax purposes in the city or parish of Louisiana or city or county of a state other than Louisiana of use and regularly reports and pays sales and use tax in such other city or parish of Louisiana or city or county of a state other than Louisiana; and

2.   The city or parish of Louisiana or city or county of a state other than Louisiana in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that city or parish of Louisiana or city or county of a state other than Louisiana for use in Louisiana; and

3.   The purchaser obtains from the collector of revenue of Louisiana a certificate authorizing him to make the nontaxable purchases authorized under this section.

The collector shall promulgate rules and regulations designed to carry out the provisions of this section. Any transaction not strictly in compliance with such rules and regulations shall lose the exemption herein provided.

R.   The sales and use taxes imposed by section 23-26 shall not be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of this subchapter levying same or to sales or services involved in such contracts entered into and reduced to writing within 90 days thereafter, if such contract involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to such effective date.

S.   The sales tax imposed by section 23-26 shall not apply to purchases of equipment used in firefighting by bona fide organized public volunteer fire departments.

T.   The sales tax imposed by section 23-26 shall not apply to the sale of admissions to entertainment events furnished by recognized domestic nonprofit charitable, educational and religious organizations when the entire proceeds from such sales, except for necessary expenses connected with the entertainment events were organized.

U. 1.   The sales and use taxes imposed by section 23-26 shall not apply to sales of tangible personal property at, or admission charges for, events sponsored by domestic, civic, educational, historical, charitable, fraternal or re organizations, which are nonprofit, when the entire proceeds, except for the necessary expense connected th are used for educational, charitable, religious or historical restoration purposes.

The exemption provided herein shall not apply to any event intended to yield a profit to the promoter or to any individual contracted to provide services or equipment, or both, for the event.

This section shall not be construed to exempt any organization or activity from the payment of sales or use taxes otherwise required by law to be made on purchases made by these organizations.

This section shall not be construed to exempt regular commercial ventures of any type such as bookstores, restaurants, gift shops, commercial flea markets and similar activities that are sponsored by organizations qualifying hereunder which are in competition with retail merchants.

2.   This sponsorship of any event by any organization applying for an exemption hereunder must be genuine. Sponsorship will not be genuine in any case in which exemption from taxation is a major consideration leading to such sponsorship.

3.   An exemption certificate must be obtained from the collector of revenue, under such regulations as he shall prescribe, in order for nonprofit organizations to qualify for the exemption provided in this section.

In the event the collector of revenue denies tax-exempt status under this section, the organization may appeal such ruling to the Louisiana Board of Tax Appeals, which may overrule the collector of revenue and grant tax exempt status if the Louisiana Board of Tax Appeals determines that the denial of tax-exempt status by the collector of revenue was arbitrary, capricious or unreasonable.

Provided, however, that any organization which endorses any candidate for political office or otherwise is involved in political activities shall not be eligible for the exemption herein provided.

V.   The sales and use taxes levied and the collection, reporting and remittance thereof required by this subchapter shall not apply to sales or purchases made by blind persons in the conduct of a business which is exempt from license taxes by R.S. 46:371 through 46:373.

W.   The sales and use taxes imposed by section 23-26 shall not apply to necessary fees incurred in connection with the installation and service of cable television. Such exemption shall not apply to purchases made by any cable television system, but shall only apply to funds collected from the subscriber for regular service, installation and repairs.

X.   The sales tax imposed by section 23-26 shall not apply to or be imposed upon the income on receipts from any coin-operated washing or drying machine in a commercial laundromat. A commercial laundromat, for purposes of this section, is defined to be any establishment engaged solely in the business of furnishing washing or drying laundry services by means of coin-operated machines.

Y.   The taxes imposed by section 23-26 shall not apply to those vessels which are leased for use offshore beyond the territorial limits of this state for the production of oil, gas, sulphur and other minerals or for the providing of services to those engaged in such production.

Z.   The sales and use taxes imposed by section 23-26 shall not apply to sales of monetized bullion having a total value of $1,000.00 or more. For purposes of this section "monetized bullion" means coins or other forms of money manufactured from gold, silver, or other metals, and heretofore, now, or hereafter used as a medium

of exchange under the laws of this state, the United States, or any foreign nation.

AA. Lessors or lessees of automobiles or trucks shall be exempted from the payment or a sales or use tax on the rental or lease payments on such vehicles provided that the term of the lease is for a period of six months or more and further provided that the sale and use tax imposed on the sales price or cost price of such vehicle has been paid to the treasurer at the time such vehicle was titled and/or transferred into the parish. All vehicles transported into the parish for rental or lease shall be subject to the use tax on the sales price or cost price of such vehicle notwithstanding that sales or use taxes have been paid to another taxing authority at the time such vehicle was purchased. This exemption shall apply to the taxes levied by section 23-26 hereof.

BB. A Louisiana retail dealer who ordinarily purchases for resale equipment of a type not subject to titling under R.S. tit. 32, such equipment having a dealer's cost of not less than $3,000.00 per unit, and such equipment being mobile, motorized self-propelled farm equipment and attachments thereto; mobile, motorized self-propelled earth moving equipment and attachments thereto; and/or mobile, motorized self-propelled construction equipment and attachments thereto; and who withdraws an item of such equipment from inventory, for rental, as a method for promoting sales, shall be exempt from the payment or a sales or use tax on the purchase price of the property when withdrawn from inventory for such rental. Such retail dealer shall be liable for the tax levied on the rental income, and a sales tax upon any ultimate sale of said item. This exemption shall apply to the taxes levied by section 23-26 hereof.

CC. 1.  The sales and use taxes imposed by section 23-26 hereof shall not apply to purchases of airplane equipment, airplane parts and airplanes of any commuter airline domiciled in the state of Louisiana.

2.  A commuter airline for the purposes of this section is defined as any airline transporting passengers and/or freight on a regularly scheduled basis, with a minimum of 20 flights per week, whose schedule is published in the Official Airline Guide but which has been exempted from the general rate and route regulations of the Civil Aeronautics Board under the provisions of Section 298.11 of Subpart B of Part 298 of Chapter II of Title 14 of the Code of Federal Regulations promulgated under the authority of Sections 1324 and 1386 of Title 49 of the United States Code. A commuter airline is further defined as any airline having ticket counters that are staffed at airports it serves, a reservations office operating at least 12 hours a day, seven days a week and interline ticket and baggage agreements through the Air Traffic Conference of America.

(Ord. of 4-11-1984, § 5)

Sec. 23-30. - Returns and payment of tax; penalty for absorption of tax.

Except as hereinafter provided, the taxes levied hereunder shall be due and shall be payable monthly. For the purpose of ascertaining the amount of tax payable all dealers shall, on or before the twentieth day of the month following the month in which this tax becomes effective, transmit to the collector, upon forms prescribed, prepared, and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payments for services, as the case may be, arising from all taxable transactions during the preceding calendar month. Thereafter, like returns shall be prepared and transmitted to the collector by all dealers on or before the twentieth day of each month for the preceding calendar month. These returns shall show any further information the collector may require to enable him to correctly compute and collect the tax levied. Every dealer at the time of making the return required hereunder shall compute and remit to

the collector the required tax due for the preceding calendar month, and failure to so remit such tax shall cause said tax to become delinquent. However, whenever the taxes due hereunder from a dealer average less than $50.00 per month, the taxes hereunder shall be due and payable quarterly by the dealer, and the return required from the dealer for the quarter shall be filed on or before the twentieth day of the first month of the next succeeding quarter. The collector shall provide by regulation for the period and method of determining, under this provision, the average taxes due from a dealer. Any dealer who is required to file his sales tax return on a quarterly basis, as provided above, may file his returns and pay the tax on a monthly basis after first having received written approval from the collector to do so. Application to file monthly must be furnished to the collector in writing and will set forth complete jurisdiction for the shorter reporting period.

Gross proceeds from rentals or leases shall be reported and the tax shall be paid with respect thereto, in accordance with the rules and regulations the collector may prescribe.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this subchapter, each dealer shall be allowed two percentum of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him; provided the amount due was not delinquent at the time of payment and provided further that the amount of any credit claimed for taxes imposed by this subchapter already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

The collector, for good cause, may extend, for not to exceed 30 days, the time for making any returns required under the provisions of this subchapter.

For the purpose of collecting and remitting the tax imposed by this subchapter, the dealer is hereby declared to be the agent of the parish police jury.

(Ord. of 4-11-1984, § 6; Res. of 9-25-1984)

Sec. 23-31. - Collection from interstate and foreign transportation dealers.

Persons as defined in this subchapter engaged in the business of transporting passengers or property for hire in interstate or foreign commerce, whether by railroad, railway, automobile, motor truck, boat, ship, aircraft or other means, may, at their option under rules and regulations prescribed by the collector, register as dealers and pay the taxes imposed by section 23-26 A. on the basis of the formula hereinafter provided.

Such persons, when properly registered as dealers, may make purchases in this parish or import property into this parish without payment of the sales or use taxes imposed by section 23-26 A. at the time of purchases or importation, provided such purchases or importations are made in strict compliance with the rules and regulations of the collector.

(Ord. of 4-11-1984, § 7)

Sec. 23-32. - Collector's authority to determine the tax in certain cases.

A. In the event any dealer fails to make a report and pay the tax as provided in this subchapter or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, the collector shall make an estimate of the retail sales of such dealer for the taxable period, of the gross proceeds from rentals or leases of tangible personal property by the dealer, or the cost price of all articles of tangible personal property imported by the dealer for use or consumption or storage to be used or consumed in this parish, and of the

gross amounts paid or charged for services taxable; and it shall be the duty of the collector to assess and collect the tax together with any interest and penalty that may have accrued thereon, which assessment shall be considered prima facie correct and the burden to show the contrary shall rest upon the dealer.

B. In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost, then the collector shall ascertain in any manner feasible the true cost price and shall assess and collect the tax, together with any interest and penalties that may have accrued, on the basis of the true cost as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

C. In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true or actual consideration, then the collector is authorized to ascertain in any manner feasible the true or actual consideration and assess and collect the tax thereon together with any interest and penalties that may have accrued. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

D. In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be remitted to the treasurer in the same manner as the taxes are remitted to him by the collector.

(Ord. of 4-11-1984, § 8)

Sec. 23-33. - Termination or transfer of business.

If any dealer liable for any tax, interest or penalty levied hereunder sells his business or stock of goods or quits the business, he shall make a final return and payment within 15 days after the date of selling or quitting the business. His successor, successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods fails to withhold purchase money as above provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation on the business by any former owner, owners or assigns.

(Ord. of 4-11-1984, § 9)

Sec. 23-34. - Dealers required to keep records.

Every dealer required to make a report and pay any tax under this subchapter shall keep and preserve suitable records of the sales, purchases, or leases taxable under this subchapter, and such other books of accounts as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector; and each dealer shall secure, maintain and keep, for a period of three years, a complete record of tangible personal property received, used, sold at retail, or stored, leased or rented, within the parish by the said dealer, together with invoices, bills of lading, and other pertinent records of all sales or purchases or services taxable under this subchapter. These records shall be open for inspection to the collector at all reasonable hours. The collector is authorized to require

all dealers who take deductions on their sales tax returns for total sales under the minimum taxable bracket prescribed by him pursuant to section 23-28 to support their deductions by keeping written or printed detailed records of said sales in addition to their usual books and accounts.

Any dealer subject to the provisions of this subchapter who violates the provisions of this section shall be subject to punishment imposed by law.

(Ord. of 4-11-1984, § 10)

Sec. 23-35. - Collector requested to examine records of transportation companies.

The collector is hereby requested to examine the books, records and other documents of all transportation companies, agencies, or firms operating in the parish, whether they conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers are importing or are otherwise shipping articles of tangible personal property subject to the tax levied by this subchapter, when examining the same under authority granted by R.S. 47:311.

(Ord. of 4-11-1984, § 11)

Sec. 23-36. - Sales returned to dealer; credit or refund of tax.

Whenever tangible personal property sold is returned to the dealer by the purchaser or consumer or in the event the amount paid or charged for services is refunded or credited to the purchaser or consumer after the tax imposed by this subchapter has been collected, or charged to the account of the purchaser, consumer, or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector; and in case the tax has not been remitted by the dealer to the collector, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by the sworn statement, which period shall not be longer than 90 days, the collector shall issue to the dealer for the tax collected. This memorandum shall be accepted by the collector at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this subchapter. In cases where a dealer has retired from business and has filed a final return, a refund of tax may be made if it can be established to the satisfaction of the collector that the tax paid was not due.

(Ord. of 4-11-1984, § 12)

Sec. 23-37. - Sales tax refund for destroyed property.

    A.  In the event tangible personal property, a part of and used in or about a person's home, apartment or homestead, in the parish on which the sales tax imposed by this subchapter has been paid by the owner of the property is destroyed by a natural disaster occurring in an area in Louisiana subsequently determined by the president of the United States to warrant assistance by the federal government, the owner thereof who was the purchaser who paid this sales tax shall be entitled to reimbursement of the amount of the tax paid on such tangible personal property destroyed for which no reimbursement was received by insurance or otherwise. Upon receipt or a sworn statement of the owner as to the amount of the taxes paid under the provisions of this subchapter on tangible personal property destroyed as aforesaid, the collector shall make refund to said owner in the amount to which he is entitled.

B.  No refund shall be made under the provisions of this section unless a claim for refund covering the amount to which an owner is entitled is filed on or before the end of the third calendar year following the calendar year in which property was destroyed.

C.  The collector is authorized to prescribe the forms and regulations for use in carrying out the provisions of this section.

(Ord. of 4-11-1984, § 13)

Sec. 23-38. - Collector to provide forms.

The collector is requested to design, prepare, print and furnish to all dealers, or make available to them, all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the taxes due; but failure of any dealer to secure these forms shall not relieve the dealer from the payment of the tax at the time in the manner herein provided.

(Ord. of 4-11-1984, § 14)

Sec. 23-39. - Cost of collection.

The cost of preparing and distributing the report forms and paraphernalia for the collection of the tax, and of the inspection and enforcement duties required herein, shall be borne by the revenue produced by this subchapter, and the collector shall withhold from the first sums realized on the collection of the tax levied hereunder, a sum not to exceed $10,000.00 per annum.

(Ord. of 4-11-1984, § 15)

Sec. 23-40. - Disposition of collections.

A.  All taxes collected under the provisions of this subchapter, except those collected under the provisions of section 23-27 B., shall be paid to the collector of revenue, and the proceeds of all such taxes collected under the provisions of this subchapter, less the commission to dealers, and the cost of collecting the taxes as herein provided for, shall be paid by the collector to the treasurer on or before the tenth day of the month following the collection of the tax; and the remainder of the amounts paid shall be credited to a special fund to be known as the "Sales and Use Tax Fund" which shall be held in one or more banks to be named by the parish police jury from time to time, separated and apart from all other funds of the parish police jury and used solely for the purpose of maintaining the parish solid waste management program and funding the maintenance of parish roads and bridges in the parish.

All taxes collected under the provisions of this subchapter in accordance with section 23-27 B., and the proceeds of all such taxes, less the cost of collecting these taxes herein provided for, shall be paid by the vehicle commissioner to the treasurer on or before the tenth day of the month following the collection of the tax; and the remainder of the amounts paid shall be credited to said sales and use tax fund; and on the same day that the vehicle commissioner transfers the proceeds of all taxes collected in accordance with section 23-27 B. to the treasurer he shall render to the collector of revenue a full and accurate accounting of all such taxes collected and the disposition thereof in such form as the collector may require.

(Ord. of 4-11-1984, § 16)

Sec. 23-41. - Power and duties of collector.

The collector is authorized and requested, in the enforcement of the collection of the tax imposed by this subchapter, to employ all means prescribed by law for the collection and enforcement of the tax imposed by R.S. tit. 47, subtit. II, ch.2 with or without, in the collector's discretion, combining and consolidating procedures for the enforcement and collection of the tax imposed by this subchapter with the procedures for the enforcement and collection of the tax provided by said chapter 2. These means include particularly the establishment of a system of permits, the seizure of trucks, automobiles, or other means of transportation than common carriers, and of the taxable property, the forfeiture and sale thereof, and the judicial proceedings prescribed by R.S. 47:313. Also, such means of collection and enforcement include all remedies and enforcement and collection procedures prescribed by R.S. tit. 47, subtit. II, ch. 18.

It shall not be necessary for the collector to give bond before assuming the duties hereby provided, and any duly authorized representative of the collector, when acting under his authority and discretion, shall have the same power as is conferred upon the collector by this subchapter. The collector shall keep accurate records showing the name of the remitter, amount and type of all taxes paid to him under this subchapter, reports filed with him and such other records as are necessary to the proper administration and execution of this subchapter. Said records and files shall enjoy the same confidential character as is provided by R.S. 47:1508 and R.S. 47:1509, and may be destroyed after five years from the last day of December of the year in which the tax to which the records pertain become due, but not less than one year after the receipt of the last payment of tax to which such records pertain.

The collector is authorized to promulgate, make and publish reasonable rules and regulations for the purpose of the proper administration and enforcement of this subchapter and the collection of taxes under it, to the extent not inconsistent with law and this subchapter. Such rules and regulations may, in the discretion of the collector, be consolidated with rules and regulations applicable to the collection of the other taxes. In general the collector shall have the same right to employ counsel, administer oaths, and grant extensions of time as is provided by R.S. tit. 47, subtit. II, ch. 18, Pt. I. The powers and duties given to and imposed upon the collector by part II of said title 47 may be used and shall be observed with respect to the taxes hereby levied, including the duty to determine the correct tax, the power to examine records and premises, the power to examine records of taxpayers and other persons, the power to conduct hearings, administer oaths and examine witnesses, and to subpoena them and to compel attendance and testimony.

In addition to other remedies, the collector may proceed to enforce the collection of taxes due under this subchapter by means of any of the following alternate remedies or procedures:

1. Assessment and distraint as provided in R.S. 47:1562 through 47:1573.
2. Summary court proceedings provided in R.S. 47:1574.
3. Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.

(Ord. of 4-11-1984, § 17)

Sec. 23-42. - Determination and notice of tax due.

If a taxpayer fails to make and file any return or report required by the provisions of this subchapter, or if the return or report made and filed does not correctly compute the liability of said taxpayer, the collector shall cause an audit, investigation or examination to be made to determine the tax, penalty and interest due, or he shall determine the tax, penalty or interest due by estimate or otherwise. Having determined the amount of tax, penalty and interest due, the

Case 2:21-cv-02106-JTM-KWR   Document 2-3   Filed 11/15/21   Page 751 of 1004

collector shall send by mail a notice to the taxpayer at the address given in the last report filed by him pursuant to the provisions of this subchapter or R.S. tit. 47, subtit. II, ch. 2, or if no report has been filed, to any address that may be obtainable, setting out his determination and informing the person of his purpose to assess the amount so determined against him after 15 calendar days from the date of the notice.

(Ord. of 4-11-1984, § 18)

Sec. 23-43. - Protest to collector's determination of tax due.

The taxpayer, within 15 calendar days from the date of the notice provided in section 23-42 may protest thereto. This protest must be in writing and should fully disclose the reasons, together with facts and figures in substantiation thereof, for objecting to the collector's determination. The collector shall consider the protest, and in his discretion may grant a hearing thereon, before making a final determination of tax, penalty and interest due.

(Ord. of 4-11-1984, § 19)

Sec. 23-44. - Assessment of tax, interest and penalties.

At the expiration of 15 calendar days from the date of the collector's notice provided in section 23-43 or at the expiration of such time as may be necessary for the collector to consider any protest filed to such notice, the collector shall proceed to assess the tax, penalty and the interest that he determines to be due under the provisions of this subchapter. The assessment shall be evidenced by a writing in any form suitable to the collector, which sets forth the name of the taxpayer, the amount determined to be due, the kind of tax, and the taxable period for which it is due. This writing shall be retained as a part of the collector's official records. The assessment may confirm or modify the collector's originally proposed assessment.

(Ord. of 4-11-1984, § 20)

Sec. 23-45. - Notice of assessment and right to appeal.

Having assessed the amount determined to be due, the collector shall send, by registered mail, a notice to the taxpayer against whom the assessment lies, at the address given in the last report filed by said taxpayer, or if no report has been filed, to any such address as may be obtainable. This notice shall inform the taxpayer of the assessment made against him and notify him that he has 30 calendar days from the date of the notice within which to pay the amount of the assessment and that he may pay the tax under protest and file suit for recovery under R.S. 47:1576.

No assessment made by the collector shall be final if it is determined that the assessment was based on an error of fact or of law. An error of fact for this purpose means facts material to the assessment assumed by the collector at the time of the assessment to be true but which subsequently are determined by the collector to be false. Error of law for this purpose means that in making the assessment the collector applied the law contrary to the construction followed by the collector in making other assessments. The determination of an error of fact or of law under this subsection shall be solely that of the collector, and no action against the collector with respect to the determination shall be brought in any court, and no court shall have jurisdiction of any such action, it being the intent of this subsection only to permit the collector to correct manifest errors of fact or in the application of the law made by the collector in making the assessment; provided however, that all reductions of assessments based on such errors must be approved and signed by the collector of revenue, and the general counsel of the department of revenue, and shall then be approved in the

manner provided by law for the collection of the tax imposed by this subchapter. The remedies of a taxpayer aggrieved by any action of the collector are by payment of the disputed tax under protest and suit to recover as provided by law and this subchapter.

(Ord. of 4-11-1984, § 21)

Sec. 23-46. - Waiver of restrictions and delays.

The taxpayer shall at any time have the right, by a signed notice in writing filed with the collector, to waive the restrictions and delays prescribed in sections 23-43 through 23-46 which must ordinarily be observed before an assessment may become final. When such a waiver is executed, the assessment is final when made and is immediately collectible by distraint and sale.

(Ord. of 4-11-1984, § 22)

Sec. 23-47. - Assessment and notice when tax is in jeopardy.

If the collector finds that a taxpayer designs quickly to depart from the parish or to remove therefrom any property subject to any tax or to any lien for a tax, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, he may immediately make a determination, from any available information or by estimate or otherwise, of the amount of tax, penalty, and interest such taxpayer is liable to pay under this subchapter. Having made such determination, the collector shall immediately assess said amount, and by a writing to be retained as part of his official records, indicate such assessment has been made, and without any notice, proceed to distrain any property belonging to the taxpayer. This type of assessment may be made whenever a tax becomes due under the provisions of this subchapter, regardless of whether it is then payable or not.

As soon as is feasible after such assessment, and not later than two calendar days thereafter, the collector shall send by registered mail a notice to the taxpayer against whom the assessment lies, at the address given in the last report filed by said taxpayer, or if no such report has been filed, to any such address as may be obtainable. Such notice shall inform the taxpayer of the assessment, its basis, and jeopardous nature; make demand for immediate payment thereof; and give notice that any property distrained or to be distrained will be subject to sale as provided in this subchapter to satisfy the assessment.

The taxpayer against whom the assessment lies can stay distraint of his property, or sale of his property already distrained, as the case may be, only by the immediate payment of the assessment. Such payment may be made under protest with the effect provided in R.S. 47:1576.

(Ord. of 4-11-1984, § 23)

Sec. 23-48. - Assessment and claims in bankruptcy and receivership.

Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding, or the appointment of a receiver for any taxpayer in a receivership proceeding, before any court of this state or of the United States, the collector may immediately make a determination from any available information or by estimate or otherwise, of the amount of tax, penalty and interest the taxpayer is liable to pay under this subchapter and immediately assess said amount, and by a writing to be retained as a part of his official records indicate that such assessment has been made. Such assessment

may be made whenever a tax becomes due under the provisions of this subchapter, regardless of whether it is then payable or not. Claims for such assessments, and additional interest and attorney's fees thereon, shall be presented for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending despite the pendency of delays before assessment provided in sections 23-43 through 23-46.

(Ord. of 4-11-1984, § 24)

Sec. 23-49. - Assessment of tax shown on face of taxpayer's returns.

Whenever a taxpayer files returns and computes the amount of any tax due, such tax together with any penalty and interest due or accruing thereon, whether computed or not, shall be considered assessed and shall be entered by the collector as an assessment in his official records without the necessity of observing the delays or giving the notice ordinarily required prior to assessment.

If the taxpayer fails to accompany his return filed with a proper payment, as required by this subchapter, the collector shall immediately send a notice by mail to such person, addressed to the address appearing on the return or to any available address if no address appears, informing him of the amount due, or the balance of the amount due if a partial payment has been made, and demanding payment of such amount within ten calendar days from the date of the notice. If payment has not been received at the expiration of such time, the assessment shall be collectible by distraint and sale as is herein provided.

Nothing in this section shall be construed as denying the right of the taxpayer to pay the assessment under protest or to claim a refund of the assessment after payment, all in manner as is hereinafter set out in this subchapter.

(Ord. of 4-11-1984, § 25)

Sec. 23-50. - Tax obligation to constitute a lien, privilege and mortgage.

Except as is specifically provided in the laws regulating building and loan associations, any tax, penalty, interest or attorney fee due under the provisions of this subchapter shall operate as a lien, privilege and mortgage on all of the property of the tax debtor, both movable and immovable; which said lien, privilege and mortgage shall be enforceable in any court of competent jurisdiction in an action, at law, or may be enforced as otherwise provided by this subchapter. The collector may cause notice of such lien, privilege and mortgage to be recorded at any time after the tax becomes due, whether assessed or not, and regardless of whether or not then payable, in the mortgage records of any parish wherein the collector has reason to believe the tax debtor owns property. The lien, privilege and mortgage created by this section shall affect third parties only from the date of recordation and shall take their respective ranks by virtue of recordation.

(Ord. of 4-11-1984, § 26)

Sec. 23-51. - Cancellation of lien, privilege and mortgage.

In any case where the tax, penalty or interest secured by a recorded lien, privilege and mortgage have been paid, the collector or his authorized assistants or attorneys may authorize the cancellation thereof.

In other cases, the collector may authorize the cancellation or release of a lien, privilege or mortgage subject to the following terms and conditions:

1. The collector, upon application of a taxpayer, may authorize the cancellation of any lien, privilege or mortgage encumbrance recorded by virtue of this subchapter, provided the taxpayer furnishes a surety bond in favor collector executed by a surety company duly qualified to do business in this state in an amount of not less than and one-half times the amount of the obligation due, including penalties, interest, and other costs incurred.

2. The collector may authorize the release of any real property from the effect and operation of any lien, privilege, mortgage or other encumbrance, recorded by virtue of this subchapter, provided that the collector is satisfied that the remaining real property belonging to the tax debtor and upon which said lien, privilege and mortgage bears is valued at not less than the amount of the remaining tax obligation, including all penalties, interest and other costs incurred, and the amount of all prior liens upon such property. In determining the value of the remaining property due consideration shall be given to prior ranking encumbrances, if any exist on said property.

3. The collector may issue a certificate of release of any part of the property subject to any lien, privilege, mortgage, or other encumbrance recorded by virtue of this subchapter, if there is paid over to the collector in part satisfaction of liability an amount determined by the collector, which shall not be less than the value of the interest of the parish police jury in the part to be so released.

(Ord. of 4-11-1984, § 27)

## Sec. 23-52. - Failure to pay tax, interest on unpaid taxes.

Failure to pay any tax and any interest, penalties or costs due as provided in this subchapter shall ipso facto, without demand or putting in default, cause the tax, interest, penalties, and costs to become immediately delinquent in the manner and with the effect provided in R.S. 47:313, and R.S. 47:314.

Whenever any taxpayer fails to pay any tax, or any portion thereof, due under the provisions of this subchapter on or before the day when it shall be required by law to be paid, there shall be added to the amount of tax due interest at the rate of one percentum per month from the due date until paid, except in the case of a waiver under section 23-46 if the tax is paid within ten days after notice of the assessment is mailed to the taxpayer, the interest shall be computed to the thirtieth day after the filing of such waiver or to the date the deficiency is paid, whichever is earlier. If the term for which interest is to be charged exceeds four years, the rate of interest for the period beyond four years shall be reduced to one-half of one percentum per month. Such interest shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due and can be enforced in a separate action or in the same action for collection of the tax, and shall not be waived or remitted.

(Ord. of 4-11-1984, § 28)

## Sec. 23-53. - Penalty for failure to make timely return.

When any taxpayer fails to make and file any return required to be made under the provisions of this subchapter at the time such return becomes due, there shall be imposed, in addition to any other penalties provided, a specific penalty to be added to the tax in the amount of five percentum of the tax if the failure is for not more than 30 days, with an additional five percentum for each additional 30 days or fraction thereof during which the failure continues, not to exceed 25 percentum of the tax in the aggregate. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. of 4-11-1984, § 29)

Sec. 23-54. - Waiver of penalty when return is not timely filed.

If the failure to make any return at the time such return becomes due is attributable, not to the negligence of the taxpayer, but to other cause set forth in written form and considered reasonable by the collector, the collector may remit or waive payment of the whole or any part of the specific penalty provided for such failure; but in any case where the penalty exceeds $250.00, it can be waived by the collector only after approval by the parish police jury.

(Ord. of 4-11-1984, § 30)

Sec. 23-55. - Negligence penalty.

If any taxpayer fails to make any return required by this subchapter or makes an incorrect return, and the circumstances indicate wilful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided, a specific penalty of five percent of the tax or deficiency found to be due, or $10.00, whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. of 4-11-1984, § 31)

Sec. 23-56. - Insufficient funds check in payment of taxes; penalty.

In the event a check used to make payment of a tax, interest or penalty due under this subchapter is returned unpaid by the bank on which it is drawn because of insufficient funds in the account on which it is drawn, such shall constitute a failure to pay the tax, interest or penalty due and a specific penalty shall be imposed on the taxpayer in addition to all other penalties provided by law. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax, interest or penalty, in payment of which the check was given and may be enforced in a separate action or in any action instituted for the collection of the tax, interest or penalty. The specific penalty imposed under this section shall be an amount equal to the greater of one percent of the check or $5.00. After receipt of three insufficient fund checks during any two-year period, the collector of revenue may require payment of the taxes, interest or penalties due by the taxpayer to be paid by certified check, money order or cash.

(Ord. of 4-11-1984, § 32)

Sec. 23-57. - Penalty for false or fraudulent return.

When the taxpayer files a return that is false or fraudulent or grossly incorrect and the circumstances indicate that the taxpayer had intent to defraud the parish police jury of any tax due under this subchapter, there shall be imposed, in addition to any other penalties provided, a specific penalty of 50 percentum of the tax found to be due. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. of 4-11-1984, § 33)

Sec. 23-58. - Examination and hearing costs.

If any taxpayer fails to make any return required by this subchapter, or makes a grossly incorrect report, or a false or fraudulent report, and the collector, in performance of his duty to ascertain the amount of tax due, makes an examination of books, records, or documents, or an audit thereof, or conducts a hearing, or subpoenas witnesses, then there may be added to the amount of tax found to be due, a specific penalty, in addition to any other penalty provided, in an amount as itemized by the collector to compensate for all costs incurred in making such examination or audit, or in holding such hearing, or in subpoenaing and compensating witnesses. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. of 4-11-1984, § 34)

Sec. 23-59. - Refunds of overpayments authorized.

For the purpose of this subchapter, the "overpayment" means a payment of tax, penalty or interest when none was due, or the excess of the amount of tax, penalty or interest paid over the amount due; provided that the power of the collector to refund overpayments shall be as prescribed and limited in this section.

The collector shall make a refund of each overpayment where it is determined that:

1. The tax was overpaid because of an error in mathematical computation; or
2. The tax was overpaid because of a construction of the law contrary to the collector's construction of the law at the time of payment; or
3. The overpayment resulted from a change made by the collector in an assessment under the provisions of section 23-45.

Such refunds shall be made out of any current collections of the particular tax which was overpaid.

This section shall not be construed to authorize any refund of tax overpaid through a mistake of law arising from the misinterpretation by the collector of the provisions of any law or of the rules and regulations promulgated thereunder. In the event a taxpayer believes that the collector has misinterpreted the law or promulgated rules and regulations contrary therewith, his remedy is by payment under protest and suit to recover.

(Ord. of 4-11-1984, § 35)

Sec. 23-60. - Crediting of overpayments against other obligations.

Before refunding any overpayment, the collector may first determine whether the taxpayer who made the overpayment owes any other liability under this subchapter. If such be the case, the collector may credit the overpayment against such liability and notify the taxpayer of the action taken.

(Ord. of 4-11-1984, § 36)

Sec. 23-61. - Prescription of refunds or credits.

After three years from the 31st day of December of the year in which the tax became due or after one year from the date the tax was paid, whichever is the later, no refund or credit for an overpayment shall be made unless a claim for credit or refund has been filed with the collector by the taxpayer claiming such credit or refund before the expiration of

said three-year or one-year period. The maximum amount which shall be refunded or credited shall be the amount paid within said three-year or one-year period. The collector shall prescribe the manner of filing claims for refund or credit.

Provided that in any case where a taxpayer and the collector have consented in writing to an extension of the period during which an assessment of tax may be made, the period of prescription for refunding or crediting overpayments as provided in this section shall be extended in accordance with the terms of the agreement between the taxpayer and the collector if approved by the parish police jury.

(Ord. of 4-11-1984, § 37)

Sec. 23-62. - Interest on refunds or credits.

On all refunds or credits the collector shall compute and allow as a part of the refund or credit interest at the rate of six percentum per annum from the date the return was due or the date the tax was paid, whichever is later. No interest on refunds or credits shall be allowed if, in the discretion of the collector, it is determined that a person has deliberately overpaid a tax in order to derive the benefit of the interest allowed by this section. Payments of interest under authority of this section shall be made only from funds in the hands of the collector derived from collections of the tax to be refunded or credited.

(Ord. of 4-11-1984, § 38)

Sec. 23-63. - Claims to be supported by special invoices.

Refunds of such taxes shall be made only when the claim therefore is supported by special invoices issued by dealers who have obtained special permits pursuant to law. Invoices must have been paid by claimants and marked paid by dealers. Said invoices shall be prepared on forms prescribed by the collector of revenue.

(Ord. of 4-11-1984, § 39)

Sec. 23-64. - Payment of taxes by receivers, referees, trustees, or liquidators.

All receivers, referees, trustees, or other officers appointed by any court, both state and federal, to administer or conduct any business in this state, or liquidators, whether judicial or extrajudicial, shall be subject to all taxes hereby levied applicable to such business, the same as if such business was conducted by an individual or corporation, and before deducting or paying any salaries, fees or compensation to themselves or to any employees or agents, they shall pay all taxes owed by the said individual, partnership, association or corporation for whom they act, to the parish police jury.

Such receivers, referees, trustees or liquidators, upon assuming their official duties, shall immediately ascertain from the proper authority the amount of taxes owed by said individual, partnership, association or corporation, whose estate they are administering, and in the event of their failure to pay all such taxes shall be personally responsible for the unpaid taxes.

If the assets of any partnership, association or corporation are disposed of through liquidation by the officers or directors thereof without clearance from the collector of revenue of all unpaid taxes first being obtained, such officers or directors who disposed of such assets shall be personally liable, in solido, for the full amount of such taxes and any penalty and interest due thereon.

(Ord. of 4-11-1984, § 40)

Sec. 23-65. - General penalty.

In addition to all other provisions of this subchapter and of law, each and every violation of this subchapter shall be punished by fine of not to exceed $100.00 or imprisonment not to exceed 30 days or both. If any person continues over a period of time to violate any provision of this subchapter, each day or part of a day of such continued violation of each section violated shall be a separate violation.

(Ord. of 4-11-1984, § 41)

Secs. 23-66—23-149. - Reserved.

Case 2:21-cv-02106-JTM-KWR    Document 23-3    Filed 11/15/21    Page 759 of 1004

ARTICLE II. - SALES TAX

> *Footnotes:*
>
> *--- (2) ---*
>
> ***State Law reference—*** *Local sales taxes, R.S. 47:338.1 et seq.; Uniform Local Sales Tax Code, R.S. 47:337.1 et seq.*

Sec. 106-23. - Levied.

(a)  There is levied, for the purposes stated in the proposition attached to Ordinance No. C-81-7, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the parish, to the extent permitted by law; and the levy of such tax shall be as follows:

   (1)  At the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the council and to include every retail sale.

   (2)  At the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority provided there shall be no duplicate of the tax.

   (3)  At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the business.

   (4)  At the rate of one percent of the monthly lease rental price paid by the lessee or rentee, or contracted or agreed to be paid by the lessee or rentee to the owner of the tangible personal property.

   (5)  At the rate of one percent of the gross proceeds derived from the sale of services.

(b)  The tax shall be collected from the dealer and paid at the time and in the manner hereinafter provided.

(c)  The tax so levied is and shall be in addition to all other taxes, whether levied in the form of sales, excise, or license, privilege or property taxes levied by any other ordinance or resolution of the parish.

(d)  The dealer shall collect the tax levied by this article, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedules prepared and furnished by the collector of revenue of the state under authority of R.S. 47:304. Such schedules shall include, in addition to the tax hereby levied pursuant to the election held on Saturday, April 4, 1981, all sales tax levied by the state and any sales tax levied by the parish, the parish school board, and any

sales tax district in the parish. The dealer will remit that portion of such total taxes representing the tax levied by this article to the collector. Copies of integrated bracket schedules are available to dealers on request to the authority or the collector.

(e)  The collection of the tax levied in this article shall be made in the name of the authority by the collector.

(Code 1990, § 23:25; Code 1997, § 110-71)

Sec. 38-1. - Sales tax for paid fire department.

(a) *Imposed*. Pursuant to the authority of a special election held in the parish on May 3, 2003, a tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the parish (the tax), as defined by law. The Uniform Local Sales Tax Code (R.S. 47:337.1 et seq.) shall apply in the assessment, collection, administration and enforcement of the tax to the extent required by the Constitution of the State of Louisiana and the Revised Statutes.

(b) *Rate.* The tax is levied at the rate of one-fourth percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish council and to include each and every retail sale. The tax is levied at the rate of one-fourth percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax. The tax is levied at the rate of one-fourth percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one-fourth percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(c) *Effective date*. The tax shall be effective on January 1, 2004.

(d) *Term*. The tax has no term limit pursuant to the proposition approved by the voters at the May 3, 2003 election.

(e) *Purpose*. The proceeds of the tax shall be used to pay salaries, benefits, training, insurance, administration and other costs associated with establishing a paid fire department.

(f) *Vendor's compensation*. For the purpose of compensating the dealer in accounting for and remitting the tax levied by this section, each dealer shall be allowed two percent of the amount of tax due and accounted for and remitted to the parish council's collector in the form of a deduction in submitting his report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(g) *Exclusions and exemptions*. The parish council adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does the parish council adopt any exclusions or exemptions that are not allowed as an exclusion or exemptions from state sales

and use tax. Included within the tax base is every transaction, whether sales, use, lease or rental, or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the Constitution or statutes of the state.

(h)  *Interest.* The interest on unpaid taxes provided for in R.S. 47:337.69 shall be at the rate of 1¼ percent per month.

(i)  *Delinquency penalty.* Penalty as provided by R.S. 47:337.70 shall be five percent per month, for a maximum of five months.

(j)  *Penalty for false or fraudulent return.* Penalty as provided by R.S. 47:337.72 shall be 50 percent of the tax found to be due.

(k)  *Negligence penalty.* The penalty provided by R.S. 47:337.73 shall be five percent of the tax or deficiency found to be due, or $10.00, whichever is greater.

(l)  *Penalty for insufficient funds check.* The penalty provided in R.S. 47:337.74 shall be an amount equal to the greater of one percent of the check or $20.00, whichever is greater.

(m)  *Attorney fees.* The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this chapter, or to represent him in any proceeding under this chapter. If any taxes, penalties or interest due under this section are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(n)  *Limits on interest, penalty and attorney fees.* Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(o)  *Collector.* The tax levied by this section is authorized to be collected by a collector. The term "collector" means and includes the entity presently collecting sales and use taxes on behalf of the parish.

(p)  *Powers of collector.* The collector is hereby authorized, empowered and directed to carry into effect the provisions of this section, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(q)  *Agreement to collect tax on vehicles.* With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semitrailer, motorbus, home trailer, or any other vehicle subject to the vehicle registration license tax, the parish council, acting through the parish president and on behalf of the parish, for the collection of the tax on such vehicles, is authorized to enter into an agreement with the vehicle commissioner, department of public safety and corrections, as provided by R.S. 47:303(B).

(r)  *Revenues of tax.* All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision of this

Case 2:21-cv-02106-JTM-KWR    Document 23-3    Filed 11/15/21    Page 763 of 1004

section relating to the tax shall be promptly forwarded to the parish and shall be deposited by the parish in the special fund heretofore established and maintained for the deposit of such proceeds, which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

In compliance with the said special election of May 3, 2003, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax has been paid as provided for in this section, the remaining balance in such special fund shall be available for appropriation and expenditures by the parish council solely for the purposes designated in the proposition authorizing the levy of the tax.

(Code 1988, § 24:25; Ord. No. 03-67, 10-28-2003)

ARTICLE II. - SALES TAX DISTRICTS

> *Footnotes:*
>
> --- *(2)* ---
>
> **State Law reference—** *Parish authorized to create sales tax district, R.S. 47:338.48.*

Sec. 42-25. - Sales Tax District No. 3.

(a) *Created.* In accordance with state law, and other constitutional and statutory authority supplemental thereto, there is hereby created a new sales tax district within the parish, containing all the territory contained within the present boundaries of the parish (excluding all municipalities).

(b) *Designation, governing authority appointed, etc.* Said new sales tax district shall be known and designated as the "Sales Tax District No. 3 of the Parish of St. Landry, State of Louisiana" (the "district"), and the seal of the parish is hereby adopted as the seal of the district. The governing authority of the district shall be the parish council, the domicile shall be the regular meeting place of the parish council, and the officers of the parish council shall be the officers of the district.

(c) *Powers.* Sales Tax District No. 3 shall have all the powers granted to it under state law, including the power to levy sales and use taxes, in accordance with state law, and to fund the proceeds thereof into bonds for the purposes for which the sales and use tax are authorized to be used.

(Code 1969, § 17-35; Ord. No. 1990-5A, §§ 2—4, 7-9-1990)

**Editor's note—** Section 1 of Ord. No. 1990-5A, adopted July 9, 1990, rescinded and repealed ordinances adopted on Feb. 13, 1989, such ordinances being Ord. Nos. 1989-2 and 1989-3, which established Sales Tax District Nos. 1 and 2, and codified in the 1969 Code as §§ 17-35 and 17-36. In addition to this repeal, Ord. No. 1990-5A, §§ 2—4 enacted new sales tax district provisions which have been set out in the 1969 Code as a new § 17-35 at the editor's discretion.

Secs. 42-26—42-53. - Reserved.

ARTICLE VII. - SALES AND USE TAXES

> *Footnotes:*
>
> *--- (4) ---*
>
> ***State Law reference—*** *Collection of sales taxes, R.S. 47:303; exclusions and exemptions, R.S. 47:305 et seq.; returns and payment of tax, R.S. 47:306; disposition of certain sales tax collections in St. Martin Parish, R.S. 47:302.27; Uniform Local Sales Tax Code, R.S. 47:337.1 et seq.*

Sec. 20-206. - Incorporation by reference.

(a)  All sales and use tax ordinances in effect as of the date of adoption of this Code remain in effect, and are incorporated by reference, with respect to:

(1)  The rate of the sales and use tax.

(2)  The effective date of such tax.

(3)  The term of the tax.

(4)  The purposes for which the proceeds of the respective taxes shall be used.

(5)  The vendor's compensation.

(6)  Optional exclusions or exemptions allowed by state sales and use tax law, adopted by the local ordinance pursuant to such state law.

(7)  Exclusions and exemptions in the local ordinance which were adopted prior to July 1, 2003, pursuant to state law authorizing such adoption, but not allowed as an exclusion or exemption from state sales and use tax.

(8)  Exclusions and exemptions in the local ordinance adopted pursuant to legislation enacted under article VI, section 29(D)(1) of the constitution of the state, but not allowed as an exclusion or exemption from state sales and use tax.

(b)  The Uniform Local Sales Tax Code, R.S. 47:337.1 et seq., shall apply to the assessment, collection, administration and enforcement of sales and use taxes of this parish.

Sec. 20-207. - Definitions.

As used in this article, the words, terms and phrases "business," "cost price," "dealer," "gross sales," "hotel," "lease or rental," "person," "purchaser," "retail sale," "sale at retail," "retailer," "sale," "sales price," "sales of services," "storage," "tangible personal property," "off-road vehicle," "use," "use tax" and "drugs" have the meanings ascribed to them in La. R.S. 47:301, unless the context clearly indicates a different meaning. In addition, the following words have the meanings as hereinafter set forth unless the context clearly indicates a different meaning, to-wit:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

*Authority* means the Sales Tax District No. 2 of the parish as is appropriate in the context used and with the understanding that the tax will be levied throughout the district.

*Collector* means and includes the secretary of the authority or his duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by the parish to handle and accomplish the collection, enforcement and administration of sales and use tax on behalf of the authority.

(Ord. of 2-2-1999(2), § 1)

Sec. 20-208. - Imposition of tax.

(a)  There is hereby levied from and after April 1, 1999, for the purposes stated in the proposition attached hereto as Exhibit A, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the district as defined herein; and the levy of such tax shall be as follows:

   (1)  At the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the authority and to include each and every retail sale.

   (2)  At the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority provided there shall be no duplication of the tax.

   (3)  At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

   (4)  At the rate of one percent of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

   (5)  At the rate of one percent of the gross proceeds derived from the sale of services, as defined herein.

(b)  The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(c)  The tax so levied is, and shall be in addition to, all other taxes, whether levied in form of sales, exercise, or license, privilege or property taxes levied by any other ordinance or resolution of the parish council.

(d)  The dealer shall collect the tax levied by this article, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the collector of revenue of the State of Louisiana under the authority of section 304 of title 47 of the Louisiana Revised Statutes of 1950, as amended (R.S. 47:304). Such schedule or schedules shall include, in addition to the tax hereby levied pursuant to the election held on January 16, 1999, all sales taxes levied by the state, any sales tax levied by the authority and any sales taxes levied by any other political subdivision applicable in the authority. The dealer will remit that portion of such total tax representing the tax levied by this article to the collector. Copies of said integrated bracket schedules are available to dealers on request to the authority or the collector.

(e)  The collection of the tax herein levied shall be made in the name of the authority by the collector.

(Ord. of 2-2-1999(2), § 2)

**Editor's note—** Exhibit A referred to in subsection (a) of this section is not set out herein but can be found on file in the parish offices.

Sec. 20-209. - Exemptions and exclusions from tax.

(a)  The levy of the tax imposed by this article shall not apply to those transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of chapter 2 of title 47 of the

Louisiana Revised Statutes of 1950 (R.S. 47:200 et seq.), as amended, and other applicable statutory authority.

(b) It is not the intention of this article to levy the tax upon articles of tangible personal property imported into the authority or produced or manufactured in the authority for export; nor is it the intention of this article to levy the tax on a bona fide transaction in interstate commerce; however, nothing herein shall prevent the collection of the tax imposed by the use of catalogs and other means of sales promotion and for which federal legislation or federal jurisprudence enables the enforcement of this article upon the conduct of such business. It is, however, the intention of this article to levy the tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority. At such time as federal legislation or federal jurisprudence as to sales in interstate commerce promoted through the use of catalogs and other means of sale promotions enables the enforcement of this article against vendors that have no nexus to the state or the authority, the provisions of this article shall apply to such sales on which sales and use tax would not otherwise be collected.

(c) No tax shall be due under this article on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the authority.

(d) No tax shall be levied or collected on the storage of property which has been documented for use outside the authority although the property may be stored within the authority if the owners of such property which is to be stored for exclusive use outside the authority have acquired a tax exemption certificate from the local tax collector. When a vendor is presented with a copy of a tax exemption certificate from a vendor, the vendor shall be relieved from liability for the collection of use tax on such property. If the property is removed from storage and is used within the authority, the property shall be subject to taxation.

(Ord. of 2-2-1999(2), § 3)

Sec. 20-210. - Collection of tax by dealer.

(a) The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in subsection (f) of this section. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of the sale; provided, however, that the parish council shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(b) Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use, or other consumption, in the authority, shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(c) The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.

(d) In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, on or before April 1, 1999, or in the case of dealers commencing business after

April 1, 1999, or opening new places of business after such date, within three days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by the collector, provided any dealer that has heretofore made such filing pursuant to any prior ordinance providing for the levy and collection of a sales and use tax is not required to make an additional filing hereunder. The collector shall, within five days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(e) A manufacturer, wholesaler dealer, jobber or supplier shall refuse to accept a certificate that any property upon which tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the tax paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the parish the tax herein imposed.

(f) The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the state vehicle registration license tax shall be collected as provided in this section. The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the state collector of revenue at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

(g) The tax levied by this article on the sale of any such vehicle shall be due at the time of registration or any transfer of registration is required by the state Vehicle Registration License Tax Law (R.S. 47:451 et seq.).

(h) The tax levied by this article on the use of any such vehicle in the unincorporated area of the authority shall be due at the time first registration in the authority is required by the Vehicle Registration License Tax Law (R.S. 47:451 et seq.).

(1) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(2) It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so

doing. It is the intention of this section to transfer the collection of sales and use taxes on vehicles from the vendor to the vehicle commissioner as agent for the secretary of the state department of revenue and taxation, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of said secretary of the department of revenue in accordance with an agreement by and between said secretary of the department of revenue or the vehicle commissioner as agent therefor and the parish council, the execution of which agreement is hereby authorized. Said tax so collected for said secretary of the department of revenue shall be paid to the parish council and sent to the collector as soon as possible, and in any event at least once each quarter, all in accordance with the said agreement.

(3) The provision contained in R.S. 47:301(10) which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are subject to the provisions of this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(i) All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the parish. Such auctioneers or the company which they represent shall be responsible for the collection of the tax authorized herein and shall report and remit same as provided by this article.

(j) Contracts for the membership in health and fitness clubs are subject to the tax authorized herein and shall be due and payable on a monthly basis computed on the amount paid each month less any actual imputed interest or collection fees or unpaid reserve amounts not received by a health and fitness club, provided no tax shall be due or payable on amounts collected on such contracts prior to the effective date of the tax.

(k) A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(l) Where the tax collected for any period is in excess of one percent, the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(m) Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the parish council, and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the parish council within 15 days after such sale was made or rendered.

(n) For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed 1.1 percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. of 2-2-1999(2), § 4)

Sec. 20-211. - Collection of tax from dealer.

(a) The tax imposed by this article shall be collectible by the collector on behalf of the parish council from all persons engaged as dealers.

(1)  The collector is duly authorized and empowered to carry into effect the provisions of this article, and in purs[...] thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated sha[...] full force and effect of law. Promulgation shall be accomplished by publication at least one time in the offici[...] the authority.

(2)  The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the tax imposed hereunder.

(3)  Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this article.

(4)  The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(b)  On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption, in the authority. For the purpose of this article, use or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(c)  A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in the state, or city or county in a state other than this state. The credit provided herein shall be granted only in the case where the city or parish in the state, or the city or county in a state other than this state to which a similar tax has been paid, grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in the state, or to a city or county in a state other than this state, shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by the parish council upon the said tangible personal property which is the subject of the use tax imposed by this article.

(Ord. of 2-2-1999(2), § 5)

Sec. 20-212. - Returns and payment of tax.

(a)  The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(b)  For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the 20th day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by the collector, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of the ordinance from which this article is derived to the end of such month. Thereafter, like returns shall be prepared and transmitted to the collector by all dealers, on or before the 20th day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied.

Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to the parish the required tax due for the preceding calendar month.

(c) Remit of tax due.

   (1) At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the parish therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause said tax to become delinquent.

   (2) All tax, interest and penalties imposed under this article shall be paid to the parish in the form of remittance required by the collector.

(d) Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(e) The collector, for good cause, may extend for not to exceed 30 days the time for making any returns required under the provisions of this article.

(f) For the purpose of collecting and remitting to the parish the tax imposed herein, the dealer is hereby declared to be the agent of the parish.

  (Ord. of 2-2-1999(2), § 6)

Sec. 20-213. - Records and inspection thereof.

(a) It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for the period provided in R.S. 47:309, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices, and other records shall be open to examination at all reasonable hours, by the collector.

(b) Each dealer shall secure, maintain and keep, for the period provided in R.S. 47:309, a complete record of sales and services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(c) In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the collector at all reasonable hours.

(d)  For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause made by an employee of the department engaged in the administration of this article, an examination or investi of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accou documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of e dealer to exhibit to the collector or to any such employee of his department charged with the collection of the ta imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, dossiers, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(e)  For the purpose of enforcing the collection of the tax levied herein, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in the authority whether said companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(f)  The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all court of the state of the same weight and force as the original thereof.

(g)  The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer except in the administration and enforcement of this article and applicable tax laws, all as provided in R.S. 47:1508. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

(1)  In an action or proceeding under the provisions of this article; and

(2)  When the records or files or the facts shown thereby are directly involved in such action or proceedings.

(h)  Nothing contained in this article shall be construed to prevent:

(1)  The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2)  The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3)  The inspection by the legal representative of the parish of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4)  The examination of the records and files by the collector; or

(5)  The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the

administration of any similar tax by that state or the United States.

(Ord. of 2-2-1999(2), § 7)

Sec. 20-214. - Imported goods; permits.

In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into the authority, which property is subject to tax imposed by this article, to apply to the collector for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Ord. of 2-2-1999(2), § 8)

Sec. 20-215. - Remedies for collection, including interest, penalties, etc.

(a) For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, and is subject to the tax herein levied; provided that such presumption shall be prima facie only and subject to proof furnished to the collector.

(b) Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the parish is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two or more than ten days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why such dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the parish, prohibiting such dealer from the further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(c) If the amount of tax due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax are due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate as provided by R.S. 47:1601—47:1606; and in addition to the interest that may be so due there shall also be collected a penalty as provided by R.S. 47:1601—47:1606; and in the event of suit, attorney's fees at the percentage as provided for in R.S. 47:1512 of the aggregate of tax, interest and penalty.

(d) In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross

proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.

(1) In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(2) In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the collector, represent the true or actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the parish in the same manner as provided in the subsection (d)(1) of this section.

(3) In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "Sales Tax District No. 2 - 1% Sales Tax Account" in the same manner as is the tax collected under this article.

(4) If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty as provided in R.S. 47:1604.1. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(e) If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within 15 days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such tax, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no tax, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the tax, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assignors.

(f) In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until 30 days shall have elapsed from and after the

receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(g)  In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

(h)  If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which said return is made, the collector shall give such dealer 15 days notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and the collector may require such dealer, or other agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the collector, respecting the sale at retail, the use, or consumption, or distribution, or distribution, or storage for use or consumption, in the authority, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(i)  If any dealer fails to make a return, or refuses to permit an examination of his (the dealer's) books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(j)  The importation into the authority of tangible personal property which is subject to the tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in section 20-214 (if the tax imposed by this article on said tangible personal property has not been paid), shall be construed as an attempt to evade payment of said tax and the same is hereby prohibited, and the said truck, automobile, or means of transportation other than a common carrier, and said taxable property may be seized by the parish council in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(k)  The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay the required tax on such transactions, shall ipso facto make the said tax, interest, penalties and costs delinquent

and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that it is the intention of this article to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to the parish. In addition to the penalties prescribed in this and subsection (j) of this section, any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined and/or imprisonment as provided in R.S. 33:2845 and 33:2846, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(l) The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer, to the parish recoverable in any court of competent jurisdiction in an action at law by the parish. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the parish.

(m) The parish may require a bond or other security satisfactory to the collector for the payment of any tax, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(n) If any person, or dealer, shall fail to make a return or report as required by this article, the collector, subject to the prescriptive period set forth in R.S. 33:2718.4, may make an estimate of the amount of tax such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the parish from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(o) After a return or report is filed under the provisions of this article, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary, and if there from, he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the parish from such person, or dealer, and make demand upon him for payment.

(p) If the collector finds that any person, or dealer liable for the payment of any tax under this article designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax. All tax, penalties and interest assessed pursuant to the

provisions of the last three preceding sections, shall be paid within 15 days after notice and demand shall have been mailed to the dealer liable therefor by the parish council. If such tax, penalties and interest so assessed shall not be paid within such 15 days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this article, a sum equivalent to five percent of the tax.

(q)  If any dealer against whom tax have been assessed under the provisions of this article shall refuse or neglect to pay such tax within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative, who is charged with the enforcement of collection of such tax, to enforce collection of such tax, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(r)  Any dealer who shall neglect, fail or refuse to collect the tax as provided in section 20-210, upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(s)  For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished as provided for in R.S. 33:2845, in the discretion of the court:

   (1)  Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under section 20-210 and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

   (2)  Any dealer who shall fail, neglect, or refuse to collect the tax as provided in section 20-210, whether by himself or through his agents or employees;

   (3)  Any dealer violating the provisions of subsections (e) and (f) of this section;

   (4)  Any dealer who fails to permit an inspection of records by the collector as provided in section 20-213(a);

   (5)  Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 20-213(c);

   (6)  Any dealer, wholesale dealer or jobber who violates the provisions of section 20-213(d) and (e);

   (7)  Any dealer who violates the provisions of section 20-213(b);

   (8)  Any dealer failing or refusing to furnish any return as provided in section 20-212, or failing or refusing to furnish a supplemental return, or other data required by the collector;

   (9)  Any dealer required to make, render, sign or verify any return as provided in section 20-212, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

   (10) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of subsection (t) of this section; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

   (11) Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(t)  No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all tax, fees, penalties an interest imposed on the corporation in accordance with provisions

of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the authority may surrender such authority and withdraw from this state until all tax, fees, penalties, interest, and other charges imposed upon said corporation in accordance with the provisions of this article shall have been fully paid.

(u)  Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in subsection (c) of this section, for each month or fraction thereof that the tax remain unpaid, to be calculated from the date the tax was originally due to the date of actual payment. In addition, such person or dealer shall pay any special penalty or penalties provided by this article.

(v)  All penalties and interest imposed by this article shall be payable to and recoverable by the parish in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any such penalty.

(Ord. of 2-2-1999(2), § 9)

Sec. 20-216. - Refunds and reimbursements.

(a)  In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector and in case the taxes have not been remitted by the dealer to the parish, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, the parish, through the collector, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the parish at full face value from the dealer to whom it is issued, in the remittance for subsequent tax accrued under the provisions of this article.

(b)  If any dealer shall have given to the collector notice within the time provided in subsection (a) of this section, such dealer thereafter, within the period provided by state law, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(c)  If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(d)  Where no question of fact or law is involved, and it appears that the records of the parish that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within prescriptive period provided by state law, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(e) When, to secure compliance with any of the provisions of this article any moneys shall have been deposited with parish by any dealer, and shall have been paid over to the parish and the collector shall be satisfied that such de has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector s certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. of 2-2-1999(2), § 10)

Sec. 20-217. - Remedies of the dealer.

(a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period as provided in R.S. 47:1576; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate as provided in R.S. 47:1576; covering the period from the date the said funds were received by the parish to the date of refund.

(b) This section shall afford a legal remedy and right of action in any state, municipal or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(c) This section shall be construed to provide a legal remedy in the state, municipal or federal courts, by action of law, in case such tax is claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principal of law involved in an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d) If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within the period provided in R.S. 47:1563, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, municipal or federal court of competent jurisdiction as provided for in subsection (b) of this section.

(Ord. of 2-2-1999(2), § 11)

Sec. 20-218. - Other administrative provisions.

(a)  The collector is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by the parish council.

(b)  The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the Constitution of this State or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(c)  The collector shall design, prepare, print and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the tax due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said tax at the time and in the manner herein provided.

(d)  The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne by the collector.

(e)  For tangible personal property sold prior to effective date of the ordinance from which this article is derived, the following taxes shall be required:

 (1)  In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of the ordinance from which this article is derived and containing the sale price, and delivery is made after the effective date of the ordinance from which this article is derived , and such sale is taxable under this article, the seller shall add the tax imposed by said article to said sale price, and collect it from the buyer.

 (2)  The provisions of this article shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of the ordinance from which this article is derived, except no new or additional sales or use tax shall be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of the ordinance from which this article is derived or to sales or services involved in such contracts entered into and reduced to writing within 90 days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales tax at the rates effective and existing prior to such effective date.

 (3)  The provisions of this subsection shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the unincorporated area of the authority prior to the effective date of the ordinance from which this article is derived; if the said tangible personal

(Ord. of 2-2-1999(2), § 12)

Secs. 20-219—20-240. - Reserved.

ARTICLE VIII. - SALES TAX IN SALES TAX DISTRICT 1

Sec. 20-241. - Definition.

As used in this article, the words, terms and phrases "business," "cost price," "dealer," "gross sales," "hotel," "lease or rental," "person," "purchaser," "retail sale," "sale at retail," "retailer," "sale," "sales price," "sales of services," "storage," "tangible personal property," "off-road vehicle," "use," "use tax" and "drugs" have the meanings ascribed to them in R.S. 47:301, unless the context clearly indicates a different meaning. In addition, the following words have the meanings as hereinafter set forth unless the context clearly indicates a different meaning, to-wit:

*Administrator* means and includes the sales tax collector for the St. Martin Parish Sales and Use Tax Department, who shall be in charge of the administration and collection of the tax herein levied, or the duly authorized assistants of said administrator.

*Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

*Authority* means Sales Tax District No. 1 of the Parish of St. Martin, State of Louisiana, as is appropriate in the context used and with the understanding that the tax will be levied throughout the district.

*Collector* means the St. Martin Parish Sales and Use Tax Department which is the agency designated by the parish to handle and accomplish the collection, enforcement and administration of sales and use taxes on behalf of the parish.

(Ord. No. 02-09-0256-OR, § 1, 9-3-2002)

Sec. 20-242. - Imposition of tax.

(a) There is hereby levied for a period of 20 years from and after October 1, 2002, for the purposes stated in the proposition attached hereto as Exhibit A, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services within the authority, as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the authority and to include each and every retail sale.

(2) At the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority provided there shall be no duplication of the tax.

(3) At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(4) At the rate of one percent of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one percent of the gross proceeds derived from the sale of services, as defined herein.

(b) The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(c) The tax so levied is, and shall be in addition to all other taxes, whether levied in form of sales, exercise, or license, privilege or property taxes levied by any other ordinance or resolution of the parish council.

(d) The dealer shall collect the tax levied by this article, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the collector of Revenue of the State of Louisiana under the authority of section 304 of title 47 of the Louisiana Revised

Statutes of 1950, as amended (R.S. 47:304). Such schedule or schedules shall include, in addition to the tax hereby levied pursuant to the election held on July 20, 2002, all sales taxes levied by the state, any sales tax levied by the authority and any sales taxes levied by any other political subdivision applicable in the authority. The dealer will remit that portion of such total taxes representing the tax levied by this article to the administrator. Copies of said integrated bracket schedules are available to dealers on request to the authority or the administrator.

(e)  The collection of the tax herein levied shall be made in the name of the authority by the administrator.

(Ord. No. 02-09-0256-OR, § 2, 9-3-2002)

**Editor's note—** Exhibit A referred to in subsection (a) of this section is not set out herein but can be found on file in the parish offices.

Sec. 20-243. - Exemptions and exclusions from tax.

(a)  The levy of the tax imposed by this article shall not apply to those transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of chapter 2 of title 47 of the Louisiana Revised Statutes of 1950, as amended (R.S. 47:200 et seq.), and other applicable statutory authority.

(b)  It is not the intention of this article to levy the tax upon articles of tangible personal property imported into the authority or produced or manufactured in the authority for export; nor is it the intention of this article to levy the tax on a bona fide transaction in interstate commerce; however, nothing herein shall prevent the collection of the tax imposed by this article on sales made through the use of catalogs and other means of sales promotion and for which federal legislation or federal jurisprudence enables the enforcement of this article upon the conduct of such business. It is, however, the intention of this article to levy the tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority. At such time as federal legislation or federal jurisprudence as to sales in interstate commerce promoted through the use of catalogs and other means of sale promotions enables the enforcement of this article against vendors that have no nexus to the State of Louisiana or the authority, the provisions of this article shall apply to such sales on which sales and use tax would not otherwise be collected.

(c)  No tax shall be due under this article on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the authority.

(d)  No tax shall be levied or collected on the storage of property which has been documented for use outside the authority although the property may be stored within the authority if the owners of such property which is to be stored for exclusive use outside the authority have acquired a tax exemption certificate from the administrator. When a vendor is presented with a copy of a tax exemption certificate from a vendor, the vendor shall be relieved from liability for the collection of use tax on such property. If the property is removed from storage and is used within the authority, the property shall be subject to taxation.

(Ord. No. 02-09-0256-OR, § 3, 9-3-2002)

Sec. 20-244. - Collection of tax by dealer.

(a)  The tax levied by this article shall be collected by the dealer from the purchaser or consumer. The dealer shall h same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the pur as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of sale; provided, however, that the parish shall be joined as a party plaintiff in any action or proceeding brought b dealer to collect the tax.

(b)  Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use or other consumption in the authority, shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(c)  The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.

(d)  In order to aid in the administration and enforcement of the provisions of this article, and to collect the tax imposed by this article, on or before October 1, 2002, or in the case of dealers commencing business after October 1, 2002, or opening new places of business after such date, within three days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the administrator a certificate of registration in a form prescribed by the administrator, provided any dealer that has heretofore made such filing is not required to make an additional filing hereunder. The administrator shall, within five days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the administrator upon the dealer's ceasing to do business at the place therein named.

(e)  A manufacturer, wholesaler dealer, jobber or supplier shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the parish the tax herein imposed.

(f)  The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the state vehicle registration license tax shall be collected as provided in this subsection.

    (1)  Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be

paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(2) It is not the intention of this subsection (f) to grant an exemption from the tax levied by this article to any sale, use, item or transactions which has heretofore been taxable and this subsection (f) shall not be construed as so doing.

(3) The provision contained in R.S. 47:301(10) which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject to this subsection (f)(3). Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(g) All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the parish. Such auctioneers or the company which they represent shall be responsible for the collection of the tax authorized herein and shall report and remit same as provided by this article.

(h) Contracts for the membership in health and fitness clubs are subject to the tax authorized herein and shall be due and payable on a monthly basis computed on the amount paid each month less any actual imputed interest or collection fees or unpaid reserve amounts not received by a health and fitness club, provided no tax shall be due or payable on amounts collected on such contracts prior to the effective date of the tax.

(i) A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(j) Where the tax collected for any period is in excess of one percent, the total collected must be paid over to the administrator, less the commission to be allowed the dealer as hereinafter set forth.

(k) Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the collector, and it shall be the duty of this purchaser to file a return thereof with the administrator and to pay the tax imposed thereon to the collector within 15 days after such sale was made or rendered.

(l) For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed 1.1 percent of the amount of tax due and accounted for and remitted to the administrator in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. No. 02-09-0256-OR, § 4, 9-3-2002)

Sec. 20-245. - Collection of tax from dealer.

(a) The tax imposed by this article shall be collectible by the administrator on behalf of the parish from all persons engaged as dealers.

(1) The administrator is duly authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when

promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the authority.

(2)   The administrator may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the tax imposed hereunder.

(3)   Any duly authorized representative or deputy of the administrator, when acting under his authority and direction, shall have the same power as is conferred upon the administrator by this article.

(4)   The administrator may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(b)   On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption, in the authority. For the purpose of this article, use or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(c)   A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in the State of Louisiana, or city or county in a state other than Louisiana. The credit provided herein shall be granted only in the case where the city or parish in the State of Louisiana, or the city or county in a state other than Louisiana to which a similar tax has been paid, grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in the State of Louisiana, or to a city or county in a state other than Louisiana, shall be made according to rules and regulations promulgated by the administrator. In no event shall the credit be greater than the tax imposed by the parish upon the said tangible personal property which is the subject of the use tax imposed by this article.

(Ord. No. 02-09-0256-OR, § 5, 9-3-2002)

Sec. 20-246. - Returns and payment of tax.

(a)   The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(b)   For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the 20th day of the month following the month in which this tax shall become effective to transmit to the administrator, upon forms prescribed, prepared and furnished by the administrator, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of the ordinance from which this article is derived to the end of such month. Thereafter, like returns shall be prepared and transmitted to the collector by all dealers, on or before the 20th day of each month, for the preceding calendar month. Said returns shall show such further information as the administrator may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his

knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to the collector the required tax due for the preceding calendar month.

(c)  At the time of transmitting the return required hereunder to the administrator, the dealer shall remit to the collector therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause said tax to become delinquent. All taxes, interest and penalties imposed under this article shall be paid to the collector in the form of remittance required by the administrator.

(d)  Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the administrator may prescribe.

(e)  The administrator, for good cause, may extend for not to exceed 30 days the time for making any returns required under the provisions of this article.

(f)  For the purpose of collecting and remitting to the collector the tax imposed herein, the dealer is hereby declared to be the agent of the parish.

(Ord. No. 02-09-0256-OR, § 6, 9-3-2002)

Sec. 20-247. - Records and inspection thereof.

(a)  It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the administrator and it shall be the duty of every such dealer moreover, to keep and preserve, for the period provided in R.S. 47:309, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices, and other records shall be open to examination at all reasonable hours, by the administrator.

(b)  Each dealer shall secure, maintain and keep, for the period provided in R.S. 47:309, a complete record of sales and services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the administrator for the reasonable administration of this article, and all such records shall be open for inspection to the administrator at all reasonable hours.

(c)  In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the administrator at all reasonable hours.

(d)  For the purpose of administering this article, the administrator, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and

every director, official, agent, or employee of every dealer to exhibit to the administrator or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(e)  For the purpose of enforcing the collection of the tax levied herein, the administrator is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in the authority whether said companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(f)  The administrator shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all court of the state of the same weight and force as the original thereof.

(g)  The records and files of the administrator respecting the administration of this article shall be considered confidential and privileged and neither the administrator nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer, except in the administration and enforcement of this article and applicable tax laws, all as provided in R.S. 47:1508. Neither the administrator nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

(1)  In an action or proceeding under the provisions of this article; and

(2)  When the records or files or the facts shown thereby are directly involved in such action or proceedings.

(h)  Nothing contained in this article shall be construed to prevent:

(1)  The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2)  The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3)  The inspection by the legal representative of the collector of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4)  The examination of the records and files by the administrator; or

(5)  The furnishing, in the discretion of the administrator, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Ord. No. 02-09-0256-OR, § 7, 9-3-2002)

Sec. 20-248. - Imported goods; permits.

In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the administrator is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into the authority, which property is subject to tax imposed by this article, to apply to the administrator for a permit stating the kind of vehicle, to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the administrator may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the administrator.

(Ord. No. 02-09-0256-OR, § 8, 9-3-2002)

Sec. 20-249. - Remedies for collection, including interest, penalties, etc.

(a) For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, and is subject to the tax herein levied; provided that such presumption shall be prima facie only and subject to proof furnished to the administrator.

(b) Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the collector is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two or more than ten days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why such dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the collector and the parish prohibiting such dealer from the further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(c) Interest, penalties and attorney's fees on delinquent taxes:

(1) If the amount of tax due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax is due, interest shall be added to the amount of tax due and such interest shall be computed from the first day of the month next following the month for which the tax is due until it is paid; the rate of interest charged on any delinquent taxes shall be equal to the rate on interest provided for in R.S. 47:1601 and any subsequent amendments that may be made thereto. Notwithstanding any provision of this section, the interest on any amount of tax outstanding on a specific date shall be computed at the rate applicable on such date.

(2) When any dealer fails to make a report and pay the tax as provided by this article at the time such report becomes due, there shall be imposed, in addition to any other penalty provided, a specific penalty to be added to the tax; the amount of the specific penalty shall be equal to and applied in the same manner as

that set forth in R.S. 47:1602 and any subsequent amendments that may be made thereto. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(3)  In the event it becomes necessary to file suit for the collection of any unpaid tax, interest and penalty, the dealer shall also be liable for attorney's fees at the rate of ten percent of the aggregate of tax, interest and penalty.

(d)  Failure to report and pay the tax the following shall occur:

(1)  In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the administrator to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.

(2)  In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the administrator shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(3)  In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the administrator, represent the true or actual consideration, then the administrator is authorized to fix the same and collect the tax thereon for the parish in the same manner as provided in subsection (d)(2) of this section.

(4)  In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the administrator shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "2002 Sales Tax District No. 1 Account" in the same manner as are the taxes collected under this article.

(5)  If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty as provided in R.S. 47:1604.1. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(e)  If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within 15 days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the administrator showing that they have been paid, or a

certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assignors.

(f)   In the event that any dealer is delinquent in the payment of the tax herein provided for, the administrator may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the administrator shall have consented to a transfer or disposition, or until 30 days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the administrator of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(g)   In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the administrator, the administrator may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the administrator should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

(h)   If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which said return is made, the administrator shall give such dealer 15 days notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and the administrator may require such dealer, or other agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the administrator, respecting the sale at retail, the use, or consumption, or distribution, or distribution, or storage for use or consumption, in the authority, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(i)   If any dealer fails to make a return, or refuses to permit an examination of his (the dealer's) books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the administrator may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(j)  The importation into the authority of tangible personal property which is subject to the tax, by truck, automobile other means of transportation other than a common carrier, without having first obtained a permit as described section 20-248 (if the tax imposed by this article on said tangible personal property has not been paid), shall be construed as an attempt to evade payment of said tax and the same is hereby prohibited, and the said truck, automobile, or means of transportation other than a common carrier, and said taxable property may be seized collector in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in manner provided for in this article.

(k)  The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay the required tax on such transactions, shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that it is the intention of this article to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to the parish. In addition to the penalties prescribed in this and subsection (j) of this section, any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined and/or imprisonment as provided in R.S. 33:2845 and 33:2846, in the discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(l)  The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer, to the collector recoverable in any court of competent jurisdiction in an action at law by the parish. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the collector.

(m)  The collector may require a bond or other security satisfactory to the administrator for the payment of any tax, fees, interest and penalties, or any of them, imposed pursuant to this article when the administrator shall find that the collection thereof may be prejudiced without such security.

(n)  If any person, or dealer, shall fail to make a return or report as required by this article, the administrator, subject to the prescriptive period set forth in R.S. 33:2718.4, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the parish from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(o)  After a return or report is filed under the provisions of this article, the administrator shall cause to be examined and make such further audit or investigation as he may deem necessary, and if there from, he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall

assess the additional amount of tax, and any penalties and interest, or either of them due the parish from such person, or dealer, and make demand upon him for payment.

(p)   If the administrator finds that any person, or dealer liable for the payment of any tax under this article designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the administrator may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax. All tax, penalties and interest assessed pursuant to the provisions of the last three preceding sections, shall be paid within 15 days after notice and demand shall have been mailed to the dealer liable therefor by the administrator. If such tax, penalties and interest so assessed shall not be paid within such 15 days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this article, a sum equivalent to five percent of the tax.

(q)   If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the administrator, or his duly authorized representative, who is charged with the enforcement of collection of such tax, to enforce collection of such tax, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(r)   Any dealer who shall neglect, fail or refuse to collect the tax as provided in section 20-244, upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(s)   For any one of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished as provided for in R.S. 33:2845, in the discretion of the court:

(1)   Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under section 20-244(a) through (j) and who fails, neglects, and refuses to file a return thereof with the administrator and pay the tax imposed thereon, within the time stated after such sale is made;

(2)   Any dealer who shall fail, neglect, or refuse to collect the tax as provided in section 20-244(a) through (j), whether by himself or through his agents or employees;

(3)   Any dealer violating the provisions of subsections (e) and (f) of this section;

(4)   Any dealer who fails to permit an inspection of records by the administrator as provided in section 20-247(a);

(5)   Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the administrator as provided in section 20-247(c);

(6)   Any dealer, wholesale dealer or jobber who violates the provisions of section 20-244(e) and (f);

(7)   Any dealer who violates the provisions of section 20-247(b);

(8)   Any dealer failing or refusing to furnish any return as provided in section 20-246, or failing or refusing to furnish a supplemental return, or other data required by the administrator;

(9) Any dealer required to make, render, sign or verify any return as provided in section 20-246, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of subsection (t) of this section; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(11) Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(t) No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all tax, fees, penalties an interest imposed on the corporation in accordance with provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the authority may surrender such authority and withdraw from this state until all tax, fees, penalties, interest, and other charges imposed upon said corporation in accordance with the provisions of this article shall have been fully paid.

(u) Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in subsection (c) of this section, for each month or fraction thereof that the tax remain unpaid, to be calculated from the date the tax was originally due to the date of actual payment. In addition, such person or dealer shall pay any special penalty or penalties provided by this article.

(v) All penalties and interest imposed by this article shall be payable to and recoverable by the collector in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the administrator, he may remit or waive payment of the whole or any part of any such penalty.

(Ord. No. 02-09-0256-OR, § 9, 9-3-2002)

Sec. 20-250. - Refunds and reimbursements.

(a) In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the administrator and in case the tax have not been remitted by the dealer to the collector, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall be as provided in R.S. 33:2718.1, the collector, through the administrator, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the collector at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(b) If any dealer shall have given to the administrator notice within the time provided in subsection (a) of this section, such dealer thereafter, within the period provided by R.S. 33:2718.1, may file with the administrator a claim under oath for refund, in such form as the administrator may prescribe, stating the grounds thereof.

However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the administrator as hereinafter provided, or after proceeding on appeal has been finally determined.

(c) If, upon examination of such claim for refund, it shall be determined by the administrator that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, said dealer shall be entitled to a refund of the tax so overpaid. If the administrator shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(d) Where no question of fact or law is involved, and it appears that the records of the parish that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the administrator may, at any time within prescriptive period provided by R.S. 33:2718.1, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the administrator shall authorize the payment thereof from any appropriation available for such purposes.

(e) When, to secure compliance with any of the provisions of this article any moneys shall have been deposited with the collector by any dealer, and shall have been paid over to the collector and the administrator shall be satisfied that such dealer has fully complied with all such provisions, the administrator shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the administrator shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. No. 02-09-0256-OR, § 10, 9-3-2002)

Sec. 20-251. - Remedies of the dealer.

(a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the administrator and shall give the administrator notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the administrator for a period as provided in R.S. 47:1576; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the administrator shall refund the amount to the claimant, with interest at the rate as provided in R.S. 47:1576; covering the period from the date the said funds were received by the parish to the date of refund.

(b) This subsection shall afford a legal remedy and right of action in any state, municipal or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the administrator.

(c) This section shall be construed to provide a legal remedy in the state, municipal or federal courts, by action of law, in case such tax is claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper

showing by such dealer that the principal of law involved in an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional suit. In such cases the tax so paid under protest shall be segregated and held by the administrator until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d)  If any dealer shall be aggrieved by any finding or assessment of the administrator, he may, within the period provided in R.S. 47:1563, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the administrator shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the administrator to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the administrator. Appeals from the decision of the administrator shall be direct to any state, municipal or federal court of competent jurisdiction as provided for in subsection (b) of this section.

(Ord. No. 02-09-0256-OR, § 11, 9-3-2002)


Sec. 20-252. - Other administrative provisions.

(a)  The administrator is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by the parish.

(b)  The administrator shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the Constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(c)  The administrator shall design, prepare, print and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the tax due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said tax at the time and in the manner herein provided.

(d)  The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne by the administrator.

(e) (1)  In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of the ordinance from which this article is derived and containing the sale price, and delivery is made after the effective date of the ordinance from which this article is derived, and such sale is taxable under this article, the seller shall add the tax imposed by said ordinance to said sale price, and collect it from the buyer.

(2)  The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of the ordinance from which this article is derived, except no new or additional sales or use tax shall be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of the ordinance from which this article is derived or to sales or services involved in such contracts entered into

and reduced to writing within 90 days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to such effective date.

(3) The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the authority prior to the effective date of the ordinance from which this article is derived, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(f) It shall be lawful for the administrator, or any deputy by him duly designated, to receive the written oath of any person signing any application, disposition, statement, or report required by the administrator in the administration of this article.

(g) The administrator, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within 14 days after requested by the administrator in writing.

(h) Any notice required to be given by the administrator pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(i) The administrator shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions, and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, the administrator shall be paid a fee to be established from time to time by him which shall be deposited in the "2002 Sales Tax District No. 1 Account."

(j) Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the parish of the authority of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws, ordinances, or resolutions.

(k) If any section, subsection, sentence, clause, or phrase of this article be held invalid, such decisions shall not affect the validity of the remaining portions of this article. The parish council hereby declares that it would have passed this article, and each section, subsection, sentence, clause, and phrase thereof irrespective of the fact that any one or more section, subsections, sentences, clauses, or phrases may be so declared invalid.

(l) The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the parish of any kind or nature.

(Ord. No. 02-09-0256-OR, § 12, 9-3-2002)


Sec. 20-253. - Disposition of tax proceeds and revenues.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the administrator as an agent of the parish under any provision or provisions of this article shall be promptly deposited by the administrator for the account of the authority in a special fund designated "2002 Sales Tax District No. 1 Account," which fund shall be established and maintained as sacred funds of the authority, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the administrator pending final determination of the protest or litigation.

(b) Out of the funds on deposit in the "2002 Sales Tax District No. 1 Account," the administrator shall first pay all reasonable and necessary expenses of collecting and administering the tax levied hereby and administering the provisions of this article as well as the various administrative procedures established herein.

(c) In compliance with the said special election of July 20, 2002, authorizing said tax, after all reasonable and necessary costs and expenses of collecting and administering the tax have been paid as provided in subsection (b) of this section, the remaining balance of the sales tax proceeds shall be available for appropriation and expenditure by the parish, solely for the respective purposes designated in the proposition authorizing the levy of the tax (annexed hereto as Exhibit "A"), as approved by a majority of the qualified voters of the authority voting in said special election.

(Ord. No. 02-09-0256-OR, § 13, 9-3-2002)

Sec. 20-254. - Administrator as agent and trustee for parish.

It is hereby recognized that the tax herein levied will be levied by and on behalf of the authority as herein provided and that the administrator is acting as agent for the parish for the purpose of administration and collection of the tax.

(Ord. No. 02-09-0256-OR, § 14, 9-3-2002)

Secs. 20-255—20-274. - Reserved.

ARTICLE VIII. - SALES AND USE TAX

> *Footnotes:*
>
> --- **(6)** ---
>
> **State Law reference—** *Sales taxes generally, R.S. 33:2711 et seq.; Uniform Local Sales Tax Code, R.S. 47:337.1 et seq.*

DIVISION 1. - GENERALLY

Sec. 22-309. - Purposes.

The proceeds of the tax shall be used as authorized by law.

Sec. 22-310. - Adoption of uniform local sales tax code.

Pursuant to the authority conferred by R.S. 47:337.4 (Levy of sales and use tax), the provisions of R.S. 47:337.1 et seq., as amended, commonly referred to as the "Uniform Local Sales Tax Code," are hereby adopted by reference and incorporated herein as if set out fully and shall apply in the assessment, collection, administration and enforcement of the tax imposed herein.

Sec. 22-311. - Definitions.

The definitions set forth in R.S. 47:301 (Sales Tax—Definitions), as amended, shall be effective as definitions of the words, terms and phrases used in this article. All words, terms and phrases used herein, other than those specifically defined elsewhere in this article, shall have the respective meanings ascribed to them in R.S. 47:301, as amended, and shall have the same scope and effect that the same words, terms and phrases have where used in R.S. 47:301, as amended. As used in this article, the following words, terms and phrases have the meaning ascribed to each in this section, unless the contents clearly indicate a different meaning:

*Collector* means the sheriff and ex officio tax collector for the parish, and includes his duly authorized assistants.

*District* means the parish council, whose boundaries are coterminous, without limitation or restriction, with the boundaries of the parish council.

(Code 1998, § 12-170.20; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992; Ord. No. 02-0590, 12-5-2002)

Sec. 22-312. - Imposition of tax.

(a)  There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution and the storage for use or consumption in this district, of each item or article of tangible personal property, as defined herein, the levy of said taxes to be as follows:

(1)  At the rate of two percent of the sales price of each item or article of tangible personal property when sold at retail in this district; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the district, and to include each and every retail sale.

(2)  At the rate of two percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed or stored for use or consumption in this district; provided there shall be no duplication of the tax.

(3) At the rate of two percent of gross proceeds derived from the lease or rental of tangible personal property, ... herein, where the lease or rental of such property is an established business or part of an established busin... same is incidental or germane to the said business.

(4) At the rate of two percent of the monthly lease or rental price paid by the lessee or renter, or contracted or agreed to be paid by lessee or renter to the owner of tangible personal property.

(5) There is hereby levied a tax upon all sales of services, as herein defined, in this state, at the rate of two percent of the amounts paid or charged for such services.

   a. Notwithstanding any provision of law to the contrary, effective on April 1, 2016, the tax levied by this section shall not apply to the furnishing of interstate telecommunications services or international telecommunications services reflected on bills submitted by telecommunications service providers to their customers which are dated on and after that date, regardless of when such services are provided.

   b. The tax levied in this section shall be collected from the dealer, as defined herein, shall be paid at the time and in the manner hereinafter provided, and shall be in addition to all other taxes, whether levied in the form of excise, license, or privilege taxes, and shall be in addition to taxes levied under the provisions of R.S. 47:341 et seq.

(6) At the rate of two percent of the gross proceeds derived from a transfer of mass-produced advertising items by an advertising business which manufactures the items itself to a client for the client's use, which transfer involves the furnishing of minimal services other than manufacturing service by the advertising business, however, notwithstanding any other provision of law to the contrary, no sales or use tax of any taxing authority shall be levied on any advertising service rendered by an advertising business, including but not limited to advertising agencies, design firms, and print and broadcast media, or any member, agent, or employee thereof, to any client whether or not such service also involves a transfer to the client of tangible personal property; provided that in no event shall tax be levied on charges for creative services which are separately invoiced.

(b)  The tax shall remain in effect without limit as to term or duration.

(Code 1998, § 12-170.25; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)


Sec. 22-313. - Imported goods, permits (licenses) required.

    In order to prevent the illegal importation into the district of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into the district, which property is subject to tax imposed by this article, to apply to the collector for a sales tax registration certificate. The dealer may make as many copies of the certificate as necessary in order to ensure that one copy is displayed in every vehicle of the dealer which operated or may operate within the boundaries of the district.

(Code 1998, § 12-170.90; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-314. - Taxes paid prior to merger, dissolution, etc.

No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization or consolidation under any law of this state; by the action of the stockholders or by the decree of any court, until all taxes, fees, penalties and interest imposed on the corporation in accordance with provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in this parish may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest, and other charges imposed upon said corporation in accordance with the provisions of this article shall have been fully paid.

(Code 1998, § 12-170.116; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-315. - Not the intention to deprive dealer or governing body of legal remedy.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the collector of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws, ordinances or resolutions.

(Code 1998, § 12-170.154; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-316. - Tax in addition to all other taxes.

The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the governing body of any kind or nature.

(Code 1998, § 12-170.156; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-317. - Disposition of tax proceeds and revenues.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this article shall be promptly deposited by the collector for the account of the parish government, which fund shall be reasonably identifiable and calculable; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(Code 1998, § 12-170.160; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-318. - Disposition of funds by collector.

Out of the funds received as a result of this article, the collector shall first deduct the costs of collecting the tax levied hereby and administering the provisions of this article as well as the various administrative procedures established herein.

(Code 1998, § 12-170.161; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-319. - General sales and use tax; effective date.

This article shall be effective upon approval of the parish president. Amended ordinance to adopt the rules and regulations of the parish general sales and use tax are incorporated herein to be in full force and effect.

(Code 1998, § 12-170.177; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

**Editor's note—** A special election was held on November 4, 1986, authorizing and approving said tax by a majority of the qualified electors as required. General Sales Tax Bond Ordinance No. 87-873, 11-19-1987; First Supplemental Sales Tax Bond Ordinance No. 88-937, 5-19-1998; Application No. L88-188 approved by the state bond commission signed by the secretary on 5-18-1988. Ord. No. 89-1121, 7-29-1989 entitled "A Second Supplemental Sales Tax Bond Ordinance" of file with Bonding Ordinances of the parish council.

Sec. 22-320. - Businesses subject to provisions.

All businesses covered by the sales tax enhancement plan shall be subject to the following additional collection provisions:

(1) The tax collector may require that a business or contractor file a use tax return on purchases rather than payment of sales tax directly to the vendor. The tax collector is authorized to issue exemption certificates or such other documents that might be necessary to implement this procedure.

(2) The tax collector may require that applicants for building permits complete a registration and use tax application form prior to issuance of the building permit.

(3) The tax collector may require that all use tax be paid on a construction project or that a bond be filed in lieu thereof prior to issuance of an occupancy permit.

(4) For buildings and stores in the developments referred to in the sales tax enhancement plan as Northshore Limited Partnership (NLP); manufacturers retail outlet (MRO), and undeveloped commercial properties (UCP), tax collections will be done as follows:

a. *Northshore limited partnership (NLP).* The city, as agent for the parish tax collector, will collect the tax from the contractors and all stores in this development. The city shall retain the full tax until $556,119.00 has been paid to the city. At the conclusion of that event, the tax collector for Sales Tax District No. 3 will collect one percent Sales Tax District No. 3 sales tax from the contractors and all stores in this development. The parish, as agent for the parish tax collector, will collect one percent sales tax from the contractors and all stores in this development. The entire net tax collected by the tax collector for Sales Tax District No. 3 will be sent to the parish government.

b. *Manufacturers retail outlet (MRO).* The city, as agent for the parish tax collector, will collect the tax from the contractor and all stores in this development. The parish will retain the full tax until it recoups its costs of extending utility lines limited to a maximum of $800,000.00. At the conclusion of that event, the tax collector for Sales Tax District No. 3 will collect one percent Sales Tax District No. 3 sales tax from the contractors and all stores in this development. The city, as agent for the parish tax collector, will collect one percent sales tax from the contractors and all stores in this development. The entire net tax collected by the tax collector for Sales Tax District No. 3 will be sent to the parish government.

c. *Undeveloped commercial properties (UCP).* The tax collector for Sales Tax District No. 3 will collect one percent Sales Tax District No. 3 sales tax from the contractors and all stores in these geographical

areas. The city, as agent for the parish tax collector, will collect one percent sales tax from the contractors and all stores in these geographical areas. The entire net tax collected by the tax collector for Sales Tax District No. 3 will be sent to the parish government.

(Code 1998, § 12-180.01; Ord. No. 89-1063, 3-16-1989; Ord. No. 89-1149, 9-21-1989)

Secs. 22-321—22-347. - Reserved.

DIVISION 2. - SPECIAL TAX DISTRICT NO. 1

> *Footnotes:*
> *--- (7) ---*
> ***State Law reference—*** *Parish authorized to create sales tax district, R.S. 47:338.48.*

Sec. 22-348. - Created.

In accordance with the provisions of Act 1011 of the Regular Session of the Louisiana Legislature for the year 1985, and other constitutional and statutory authority, there is hereby created a special taxing district within the parish, containing all of that portion of Ward 8 as follows, excluding that portion contained within the present corporate boundaries of any municipality:

All that certain piece or parcel of land, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages there unto belonging or in anyway appertaining, and being situated in Ward 8 are more fully described as follows:

Commencing at the intersection of Interstate 10 and LA 1090 (Military Road), go south to the intersection of Gause Road; thence go southwest along Gause Road to the section line common to sections 1 and 6; thence south along said section line to U.S. 190; thence in a southeasterly direction along U.S. 190 to its intersection with U.S. 90; thence in a northeasterly direction go along U.S. 90 to the bank of the West Pearl River; thence follow the meanderings of the main stream of the West Pearl River to its intersection with I-10; thence along I-10 in a northwesterly direction to the intersection of LA 1090 (Military Road), the point of beginning.

(Code 1998, § 12-054.00; Ord. No. 85-471, 8-15-1985)

Sec. 22-349. - Title; seal; governing authority; domicile; officers.

The special taxing district created by this article shall be known and is hereby designated as "Special Tax District No. 1 (Parish Council District No. 13) of the Parish of St. Tammany, State of Louisiana" (the "district"), and the seal of the parish is hereby adopted as the seal of the district. The governing authority of the district shall be the parish council, the domicile shall be the regular meeting place of the parish council, and the officers of the parish council shall be the officers of the district.

(Code 1998, § 12-055.00; Ord. No. 85-471, 8-15-1985)

Sec. 22-350. - Powers.

The district shall have all powers granted to it under state law, including the power to levy an ad valorem tax in accordance with Act 1011 of the regular session of the state legislature of 1985, and other constitutional and statutory authority.

(Code 1998, § 12-056.00; Ord. No. 85-471, 8-15-1985)

Secs. 22-351—22-373. - Reserved.

DIVISION 3. - SALES TAX DISTRICT NO. 3

> Footnotes:
> --- **(8)** ---
> **State Law reference—** *Parish authorized to create sales tax district, R.S. 47:338.48.*

Sec. 22-374. - Created with bonding authority.

In accordance with the provisions of article VI, section 29 of the Constitution of the State of Louisiana of 1974 and other constitutional and statutory authority and under the guidelines of R.S. 47:301 through 47:317, there is hereby created Sales Tax District No. 3 of the parish comprising all of the parish, less and except those portions within the present corporate boundaries of any incorporated municipality (the "district"), hereby authorized to levy and collect a tax of two percent (the "tax") upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services in the district for a period of 20 years from the date of the first levy of the tax, with the net proceeds of the tax (after paying the reasonable and necessary expenses of collecting and administering the tax) to be deducted and used for the following purposes:

(1) Constructing, overlaying and improving Priority I and Priority II roads, streets and bridges in the district (as designated by Ordinance No. 86-693, 9-4-1986).

(2) Repairing and maintaining roads, streets and bridges in the district, including the acquisition of all equipment and materials and payment of all salaries directly in connection therewith; and, further, the district shall be authorized to fund the proceeds of the tax into bonds to be issued in series from time to time for the purpose of constructing, overlaying and improving Priority I and Priority II roads, streets and bridges in the district, to the extent and in the manner permitted by the laws of the state, including particularly subpart F, part III, ch. 4, title 39 of the Louisiana Revised Statutes of 1950, as amended.

(Code 1998, § 12-170.00; Res. No. 86-2494, 9-4-1986; Res. No. 86-2478, 9-18-1986; Spec. Elec. of 11-4-1986; Res. No. 86-2618, 11-20-1986)

**Editor's note—** Sales Tax District No. 3 created by special election approved by a majority of the voters as canvassed and declared by the parish council on 11-20-1986 and further by Ordinance No. 86-693, 9-4-1986 and Ordinance No. 86-730, 11-20-1986.

Sec. 22-375. - Priority roads defined.

(a) Priority I roads shall be connector routes between state and federal highways and other main arteries, or as specifically designated and described in exhibit A to Ordinance No. 86-693 on file with the secretary of the parish council.

(b)  Priority II roads shall be school bus routes, or state and federal highways and other main arteries, or as specifically designated and described in exhibit A to Ordinance No. 86-693 on file with the council clerk.

(c)  Priority III roads shall be all other parish roads, streets and bridges or as specifically designated and described in exhibit A to Ordinance No. 86-693 on file with the council clerk.

(d)  Sub-road districts shall be reimbursed for any costs incurred by said districts as a result of the constructing, overlaying and/or improving of Priority I and/or Priority II roads, streets and bridges in the district, set forth as specifically designated and described in exhibit A to Ordinance No. 86-693 on file with the council clerk, to the amount of $12.00 per linear foot or the cost of such construction, overlay and/or improvement, whichever is less, pursuant to appropriate intergovernmental agreement.

(e)  Upon duly providing for the constructing, overlaying and/or improving of all Priority I and Priority II roads, streets and bridges as specifically designated and described in exhibit A to Ordinance No. 86-693 on file with the council clerk, the parish council can then expand the lists of roads, streets and bridges designated as Priority I or Priority II roads, streets and bridges by subsequent ordinance, and the parish council shall have the authority to use proceeds of the sales tax for the constructing, overlaying and improvement thereof.

(Code 1998, § 12-170.01; Ord. No. 86-693, 9-4-1986)

Sec. 22-376. - Bonding of sales tax.

The parish council shall, to the extent permitted by law and as necessary to construct, overlay and improve Priority I and Priority II roads, streets and bridges, fund the net proceeds of the sales tax into sales tax bonds, and it is the intent of the parish council to fund said proceeds into such bonds as quickly as possible and to complete the improvements to be financed by the proceeds of such bonds within two years of the sale, issuance and delivery thereof.

(Code 1998, § 12-170.15; Ord. No. 86-693, 9-4-1986)

Sec. 22-377. - Agreement; tax collector for Sales Tax District No. 3 and for City of Slidell.

The tax collector for Sales Tax District No. 3 is hereby authorized to enter into an administrative agreement with the tax collector for the City of Slidell concerning the collection of sales taxes from businesses subject to the sales tax enhancement plan.

(Code 1998, § 12-180.00)

Secs. 22-378—22-397. - Reserved.

DIVISION 4. - COLLECTION OF TAX AND EXEMPTIONS

Sec. 22-398. - Exemptions and exclusions from tax.

No exemption from this tax shall be granted unless the state exemption specifically provides that it applies to this district sales and use tax levies. In the absence of any such specific application of the state exemption of sales and use tax levies of any local governmental subdivision or school board, any state exemption granted pursuant to R.S. 47:337.9 et seq., as amended, shall be applicable only to the levy and collection of the state sales and use tax.

(Code 1998, § 12-170.35; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-399. - Certificate (license) required.

In order to aid in administration and enforcement of provisions hereof, and collect all taxes imposed herein within three days after commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector an application for registration certificate in a form prescribed by him. The collector shall issue without charge to each dealer who purchases or imports for resale, a registration certificate empowering such dealer to collect tax from the purchaser. A separate application must be submitted for each additional place of business of such dealer. Each certificate shall state the place of business to which it is applicable. Such registration certificate shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of business shall attach such certificate to his cart, stand, truck, or other merchandising devise. Such certificate shall be nonassignable and non-transferrable and be surrendered immediately to collector upon dealer's ceasing to do business therein named.

(Code 1998, § 12-170.48; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-400. - Manufacturer, wholesaler, dealer, etc.

A manufacturer, wholesaler dealer, jobber or supplier shall refuse to accept a certificate that any property upon which a tax is imposed by this division is purchased for resale, and shall collect the tax imposed by this division, unless the purchaser shall have a registration certificate to collect the tax imposed by this division; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him.

(Code 1998, § 12-170.49; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-401. - Cost of accounting and remitting tax.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this division, each dealer shall be allowed 1.1 percent of the amount of tax due and accounted for remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him. If the amount due was not delinquent at the time of payment.

(Code 1998, § 12-170.54; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-402. - Collection of tax from dealer.

The tax imposed by this division shall be collected by the collector on behalf of the district from all persons engaged in business.

(1) The collector is duly authorized and empowered to carry into effect the provisions of this division, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the parish.

(2) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the taxes imposed hereunder.

(3) Any duly authorized representative or deputy of the collector, when acting under his authority and

direction, shall have the same power as is conferred upon the collector by this division.

(4) The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness relative to the business of such dealer in respect to any matter incident to the administration of this division.

(Code 1998, § 12-170.60; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Secs. 22-403—22-425. - Reserved.

DIVISION 5. - RECORDS

Sec. 22-426. - Records and inspection further defined.

Each dealer shall secure, maintain and keep, for a period of three years, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within this authority by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this division, and all such records shall be open for inspection to the collector at all reasonable hours.

(Code 1998, § 12-170.81; Ord. No. 86-730, 11-20-1986)

**State Law reference—** Similar provision, R.S. 47:337.29.

Sec. 22-427. - Wholesale dealers and jobbers required to keep records.

In order to aid in the administration and enforcement of the provisions of this division and to collect all of the tax imposed by this division, all wholesale dealers and jobbers in this district are hereby required to keep a record of all sales of tangible personal property made in this district, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be kept until the taxes to which they relate have prescribed and be open to inspection of the collector or his duly authorized assistants or deputies at all reasonable hours.

(Code 1998, § 12-170.82; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-428. - Collector to keep records.

The collector shall keep a record of all of the official acts and shall preserve copies of all rules, decisions and orders made by him. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this division may be authenticated under his official signature and when so authenticated shall be evidence in all courts of the state of the same weight and force as the original thereof.

(Code 1998, § 12-170.85; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

**State Law reference—** Similar provision, R.S. 47:1506.

Sec. 22-429. - Records of collector confidential.

Except as otherwise provided by law, the records and files of general sales and use tax ordinance, of this district are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this district, or of another political subdivision of this state.

(1) No person shall divulge or disclose any information obtained from any examination or inspection of the premises or property of any person in connection with administration and enforcement of the general sales and use tax laws of this district, except to the collector.

(2) Neither the collector nor any employee engaged in the administration or charged with the custody of such records or files shall be required to produce any of them for inspection or use in any action or proceeding, except in an action or proceeding in the administration or enforcement of the tax laws of this state or of a political subdivision.

(Code 1998, § 12-170.86)

**State Law reference—** Similar provision, R.S. 47:1508.

Sec. 22-430. - Permitted uses of records of collector.

Nothing herein contained shall be construed to prevent the delivery, use, furnishing or publication of the records and files maintained pursuant to this division in any manner or method as prescribed under state law.

(Code 1998, § 12-170.87; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-431. - Sentences for divulging information.

Whoever violates any provisions of this division by divulging information shall be punished by imprisonment for not more than two years or fined not more than $10,000.00.

(Code 1998, § 12-170.88; Ord. No. 92-1666, 11-19-1992)

**State Law reference—** Collection from interstate and foreign transportation dealers, R.S. 47:337.20, 47:337.20.1.

Secs. 22-432—22-455. - Reserved.

DIVISION 6. - REFUNDS, REIMBURSEMENTS, AND REMEDIES

Sec. 22-456. - Interest on tax.

If the amount of tax due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate of interest as provided for in R.S. 47:1601 (Interest and penalties—Interest on unpaid taxes), as amended, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty in an amount equal to and applied in the same manner as set forth in R.S. 47:1602 (Interest and penalties—Penalty for failure to make timely return), as amended.

(Code 1998, § 12-170.97; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-457. - Assessment by collector if report deemed fraudulent.

(a)  In the event any dealer fails to make a report and pay the tax as provided by this division, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in this district and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon.

(b)  If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed in addition to any other penalties provided herein, a specific penalty of five percent of the tax or, deficiency found to be due, or $10.00, whichever is greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(Code 1998, § 12-170.98; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

**State Law reference—** Similar provisions, R.S. 47:337.28, 47:337.72, 47:337.73.


Sec. 22-458. - Collector to notify debtors of delinquent dealer.

In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until 30 days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(Code 1998, § 12-170.100; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)


Sec. 22-459. - Collector; authority to compel examination of books, records and invoices.

If any dealer, subject to make and file a return required by any of the provisions of this division, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases or rentals or other transactions, taxable under this division, or otherwise fails to comply with the provisions of this division, for the taxable period for which said return is made, the collector shall give such dealer 15 days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and said collector may require such dealer, or other agents or employees of such dealer, to give testimony or to answer

interrogatories, under oath administered by the collector or his assistants, respecting the sale at retail, the use or consumption, or distribution, or storage for use or consumption, in this district or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this division.

(Code 1998, § 12-170.104; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

**State Law reference—** Similar provisions, R.S. 47:337.40—47:337.42.

Sec. 22-460. - Dealer must submit to investigation.

If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's, books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and to answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records, and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association, or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(Code 1998, § 12-170.105; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-461. - Penalty for importation without permit.

The importation into this district of tangible personal property which is subject to tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in this chapter (if the tax imposed by this division on said tangible personal property has not been paid), shall be construed as an attempt to evade payment of said tax and the same is hereby prohibited, and the said truck, automobile, or means of transportation other than a common carrier, and said taxable property may be seized by the collector in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this division.

(Code 1998, § 12-170.106; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-462. - Additional penalties imposed; remedies of the governing body and collector.

    (a)  The failure of any dealer who imports tangible personal property from outside the district into the district for use or consumption or distribution or storage to be used or consumed in this district, or who imports for lease or rental any tangible personal property subject to the provisions of this division, shall ipso facto make the said tax, interest, penalties, and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or non-resident of this parish, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations, or association of persons; provided that it is the

intention of this division to prevent the disposition of the said tangible personal property in order to ensure payment of the tax imposed by this division, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to the collector.

(b)  In addition to the penalties prescribed in this and the preceding section (section 22-492), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than $100.00 or imprisonment in jail for a period of not more than 90 days or by both such fine and imprisonment, in the discretion of the court. And, each importation or shipment by truck, automobile or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(Code 1998, § 12-170.107; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-463. - Further remedies for collection; corporate officers personally liable for tax.

The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this division, from the time they are due, shall be a personal debt of such person, or dealer to the collector recoverable in any court of competent jurisdiction in an action at law by the collector. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the collector.

(Code 1998, § 12-170.108; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

**State Law reference—** Similar provision, R.S. 47:337.46.

Sec. 22-464. - Security or bond may be required.

The collector may require a bond or other security satisfactory to him for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this division when he shall find that the collection thereof may be prejudiced without such security.

(Code 1998, § 12-170.109; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-465. - Collector; three years before prescription of debt.

If any person, or dealer, shall fail to make a return or report as required by this division, the collector, after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this division, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the collector from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(Code 1998, § 12-170.110; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

**State Law reference—** Similar provisions, R.S. 47:337.48.

Sec. 22-466. - Collector; may increase tax requirement payable after examination of return.

After a return or report is filed under the provisions of this division, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary, and if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this division, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the collector from such person, or dealer and make demand upon him for payment.

(Code 1998, § 12-170.111; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-467. - Collector; seizure and sale of any property.

If any dealer against whom taxes have been assessed under the provisions of this division shall refuse or neglect to pay such taxes within the time prescribed in this division, it shall be lawful for the collector, or his duly authorized representative, who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(Code 1998, § 12-170.113; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-468. - Collector to certify refund.

When, to secure compliance with any of the provisions of this division any moneys shall have been deposited with the collector by any dealer, and shall have been paid over to the collector and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this division.

(Code 1998, § 12-170.129; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-469. - Legal remedy concerning interstate commerce or other act of Congress.

This section shall be construed to provide a legal remedy in the state, city, or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon written request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Code 1998, § 12-170.137; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Secs. 22-470—22-487. - Reserved.

DIVISION 7. - COLLECTOR'S POWERS

Sec. 22-488. - Other administrative provisions.

The collector is empowered to carry into effect the provisions of this division and in pursuance thereof to make and enforce such rules as he may deem necessary in administrating the provisions of this division and other policies or procedures established by his office.

(Code 1998, § 12-170.145; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-489. - Collector granted power to make rules.

The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this division or the laws and the constitution of this state or of the United States, for the enforcement of the provisions of this division and the collection of the revenues and penalties imposed by this division.

(Code 1998, § 12-170.146; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-490. - Collector to design forms, dealer's responsibility.

The collector shall design, prepare, print, and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to ensure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided.

(Code 1998, § 12-170.147; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-491. - Cost of collection borne by collector.

The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne by the collector.

(Code 1998, § 12-170.148; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-492. - Authority to administer oaths, take dispositions, etc., collector for administration.

It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, disposition, statement or report required by the collector in the administration of this division.

(Code 1998, § 12-170.150; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-493. - Authority to conduct hearings, etc., given to collector for administration.

The collector, or any deputy by him duly designated, or his legal counsel, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this division. Such examinations or hearings shall be at a time convenient to the dealer within 14 days after requested by the collector in writing.

(Code 1998, § 12-170.151; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-494. - Notice by personal service or U.S. mail; mail presumptive of receipt.

Any notice required to be given by the collector pursuant to this division, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this division, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Code 1998, § 12-170.152; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Sec. 22-495. - Collector authorized to authenticate documents.

The collector shall maintain official copies of this division, which may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating of any such copy, he shall be paid a fee of $5.00.

(Code 1998, § 12-170.153; Ord. No. 86-730, 11-20-1986; Ord. No. 92-1666, 11-19-1992)

Secs. 22-496—22-525. - Reserved.

ARTICLE XI. - SALES TAX DISTRICTS

Sec. 19-686. - Created.

In accordance with the provisions of Act 639 of the Regular Session of the Louisiana Legislature for the year 1984, and other constitutional and statutory authority, there is hereby created a sales tax district within the parish containing all of that territory within the present boundaries of the parish, excluding the area contained within the incorporated municipalities of the parish, as the boundaries of the municipalities are presently constituted.

(Ord. No. 13-88, § 1, 2-22-88)

Sec. 19-687. - Powers, corporate seal, governing authority, domicile.

The sales tax district created by this article shall be known and is hereby designated as sales tax district no. 1 of the parish (the district), and the seal of the parish is hereby adopted as the seal of the district. The governing authority of the district shall be the parish council, the domicile shall be the regular meeting place of the council and the officers of the council shall be the officers of the district.

(Ord. No. 13-88, § 2, 2-22-88)

Sec. 19-688. - Statutory authorization.

The district created by this article shall have all the powers granted to it under state law, including the power to levy a sales and use tax in accordance with Act 639 of the Regular Session of the Louisiana Legislature of 1984, Article VI of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority, and to fund the proceeds thereof into bonds for the purposes for which the sales and use tax is authorized to be used.

(Ord. No. 13-88, § 3, 2-22-88)

Secs. 19-689—19-710. - Reserved.

ARTICLE II. - SALES AND USE TAXES

DIVISION 1. - GENERALLY

Secs. 28-19—28-39. - Reserved.

DIVISION 2. - SALES AND USE TAX FOR PARISH ROAD FUND

WHEREAS, under the provisions of article 6, section 29 of the Louisiana Constitution of 1974 and other constitutional and statutory authority supplemental thereto, the police jury of the parish is authorized to levy and collect within such parish a tax of three-quarters of a percent, upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services as defined in R.S. 47:301 through 47:317; and

WHEREAS, pursuant to the requirements of article 6, section 29 of the Louisiana Constitution of 1974 and other constitutional and statutory authority supplemental thereto a special election was held in said parish on January 16, 1988, to authorize the levy and collection of a tax, and the following proposition was submitted at said election and duly approved by a majority of the qualified electors voting in said election, viz:

PROPOSITION

Shall the police jury of the Parish of Tensas, State of Louisiana, under the provisions of article 6, section 29, of the Louisiana Constitution of 1974, be authorized to levy and collect a tax of three-quarters of a percent upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the Parish of Tensas, as authorized by article 6, section 29, of the Louisiana Constitution of 1974, with the net proceeds of said tax (after paying reasonable and necessary collection and administration costs) to be dedicated to supplement the parish road fund. Said tax to become effective February 1, 1988.

> *Footnotes:*
>
> *--- (2) ---*
>
> ***Editor's note—*** *The preamble and proposition stated in Ord. of 1-19-1988 are set forth at the beginning of this division.*

Sec. 28-40. - Definitions.

The words, terms, and phrases used in this division have the meanings as set forth in R.S. 47:301 et seq. As used in this division, the following words, terms and phrases shall have the meanings ascribed to them as set forth below, except when the context clearly indicates a different meaning:

*Agricultural commodity* means horticultural, agricultural, poultry, farm and range products and livestock and livestock products.

*Taxing authority* means the parish police jury.

(Ord. of 1-19-1988, § 1)

Sec. 28-41. - Imposition of tax.

(a) Subject to the express limitations, exemptions and exclusions of R.S. 47:301 through 47:318, there is levied from and after February 1, 1988, for the purposes stated in the proposition set forth in the preamble of Ord. of 1-19-1988, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within this parish, as defined by law, and the levy of such tax shall be as follows:

   (1) At the rate of three-fourths percent of the sales price of each item or article of tangible personal property when sold at retail in this parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the taxing authority, and to include each and every retail sale.

   (2) At the rate of three-fourths percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish; provided there shall be no duplication of the tax.

   (3) At the rate of three-fourths percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the business.

   (4) At the rate of three-fourths percent of the monthly lease or rental price paid by the lessee or rentee, or contracted or agreed to be paid by the lessee or rentee to the owner of the tangible personal property.

   (5) At the rate of three-fourths percent of the gross proceeds derived from the sale of services, as defined by law.

(b) The tax so levied is, and shall be, in addition to all other taxes, whether levied in the form of excise, or license, privilege, or property taxes levied by this taxing authority.

(c) The collection of the tax herein levied shall be made in the name of the parish police jury by the collector.

(Ord. of 1-19-1988, § 2)

Sec. 28-42. - Exemptions and exclusions from tax.

The parish adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does the governing authority adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29(D)(1), of the state constitution of 1974. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the constitution or state statute.

(Ord. of 1-19-1988, § 3)

Sec. 28-43. - Collection and return of local sales and use tax.

The tax levied by this article shall be collected by the dealer from the purchaser or consumer and returned to the taxing authority as provided by state law, except that the tax on motor vehicles shall be collected by the vehicle commissioner as agent of the taxing authority, as provided by law.

(Ord. of 1-19-1988, §§ 4—6)

Sec. 28-44. - Remedies for collection, including interest, penalties, etc.

The taxing authority may take any and all steps authorized by law to ensure the collection of taxes levied herein. Interest and penalties will accrue as provided in the Uniform Local Sales Tax Code, specifically R.S. 47:337.69 et seq., including additional penalties for costs incurred, attorney fees and distraint of property.

(Ord. of 1-19-1988, § 9)

Sec. 28-45. - Refunds and reimbursements.

The taxing authority shall process refunds and credits provided in the Uniform Local Sales Tax Code, specifically R.S. 47:337.77 et seq.

(Ord. of 1-19-1988, § 10)

Sec. 28-46. - Remedies of the dealer.

As provided by R.S. 47:337.49, the taxpayer, including a dealer, may protest a collector's determination of taxes due within 15 calendar days of the date of notice, for notice provided pursuant to R.S. 47:337.48(A), or within 30 calendar days from the date of the notice, for notice provided pursuant to R.S. 47:337.48(B). Additionally, a taxpayer has any other rights to seek relief or remedy as may be provided by law.

(Ord. of 1-19-1988, § 11)

Sec. 28-47. - Other remedies; tax considered supplemental.

(a)  Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any

tax or in any proceedings to collect the tax given such dealer by any other law, or to deprive this taxing authority of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or any other law, nor shall this article be construed as repealing or altering any such laws or ordinances.

(b)  The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of this taxing authority of any kind or nature.

(Ord. of 1-19-1988, § 12)

Sec. 28-48. - Disposition of tax proceeds and revenues.

(a)  All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the taxing authority, under any provision of this article shall be deposited daily by the collector for the account of this taxing authority in a special fund designated as the police jury sales tax fund, which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of this taxing authority; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

(b)  Out of the funds on deposit in said police jury sales tax fund, the collector shall first pay all reasonable and necessary costs and expenses of collecting the tax levied hereby and administering the provisions of this article as well as the various administrative procedures established herein. Such costs and expenses shall be reported by the collector monthly to this taxing authority.

(c)  In compliance with the said special election of January 16, 1988, authorizing said tax, after all reasonable and necessary costs and expenses of collection and administration of the tax have been paid as provided for in subsection (b) of this section, the remaining balance in the police jury sales tax fund shall be available for appropriation and expenditure by the parish police jury solely for the purposes designated in the proposition authorizing the levy of the tax, and having been approved by a majority of the qualified electors of the parish voting at a special election held therein on January 16, 1988.

(Ord. of 1-19-1988, § 13)

ORDINANCE [3]

An ordinance providing for the levy within the Parish of Tensas, State of Louisiana, of a one-half of one percent (½%) sales and use tax (the "Tax") upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and upon the sale of

services in said Parish and for the assessment, collection, payment thereof and the dedication of the proceeds of said Tax and the purpose for which the proceeds of the Tax may be expended, said Tax having been authorized at a special election held in the parish on May 4, 2013.

WHEREAS, Under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority and an election held on May 4, 2013, the Parish of Tensas, State of Louisiana (the "Parish"), acting through the police jury of the Parish of Tensas, State of Louisiana, as its governing authority (the "Governing Authority"), is authorized to levy and collect within the parish, a one-half of one percent (½%) sales and use tax (the "Tax"), upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and upon the sale of services defined in applicable statutory authority, pursuant to the following proposition which was approved at said election held on May 4, 2013:

SALES TAX PROPOSITION

Shall the Parish of Tensas, State of Louisiana (the "Parish"), under applicable constitutional and statutory authority, be authorized to levy a tax of one-half of one percent (½%) (the "Tax"), for ten years, commencing July 1, 2013, upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services within the parish (an estimated $282,278.00 reasonably expected at this time to be collected from the levy of the Tax for an entire year), as defined by law, with the proceeds of the Tax (after paying costs of collecting the Tax) to be dedicated and used for any lawful purpose for which the parish may expend public funds to encourage and assist in the location, development or expansion of industrial, manufacturing, commercial, professional or business concerns or scientific or educational programs, provided that up to $50,000.00 (but not less than $25,000.00) of the annual proceeds of the Tax, as determined by the parish governing authority, shall be available to the Tensas Parish Council On Aging to acquire, construct, improve, maintain and/or operate authorized activities, services, programs and facilities?

WHEREAS, in compliance with the aforesaid constitutional and statutory authority and said special election of May 4, 2013, it is the desire of this Governing Authority to provide for the levy and collection of the Tax and to provide for distribution of the proceeds thereof and other matters in connection therewith as hereinafter provided in this ordinance;

NOW, THEREFORE, BE IT ORDAINED by the police jury of the Parish of Tensas, State of Louisiana, acting as the governing authority of the Parish of Tensas, State of Louisiana, thereof, that:

**SECTION 1. Imposition.**

Pursuant to the authority of a special election held in the parish on May 4, 2013, the Tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the Parish of Tensas, State of Louisiana, as defined by law. The Uniform Local

Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the Tax, the provisions of which are hereby incorporated by reference.

SECTION 2. Rate of tax.

The Tax is levied at the rate of one-half of one percent (½%) of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale. The Tax is levied at the rate of one-half of one percent (½%) of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the Tax. The Tax is levied at the rate of one-half of one percent (½%) of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The Tax is levied at the rate of one-half of one percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

SECTION 3. Effective date.

The Tax shall be effective on July 1, 2013.

SECTION 4. Term.

The Tax shall remain in effect for ten years (July 1, 2013 through June 30, 2023).

SECTION 5. Purposes.

The proceeds of the Tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on May 4, 2013, authorizing the Tax, which proposition is set forth in the preamble hereto.

SECTION 6. Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the Tax levied by this ordinance, each dealer shall be allowed two percent (2%) of the amount of Tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

SECTION 7. Exclusions and exemptions.

The Governing Authority adopts none of the optional exclusions or exemptions allowed by State sales and use tax law, nor does this Governing Authority adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29 (D)(1) of the Constitution of the State of Louisiana of 1974, that are not allowed as an exclusion or exemption from State sales and use tax. Included within the base of the Tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the Constitution or statutes of the State of Louisiana, including the Act.

### SECTION 8. Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the Tax which are due shall be at the rate of one and one-fourth percent (1¼ %) per month.

### SECTION 9. Delinquency penalty.

The delinquency penalty, as provided by R.S. 47:337.70, shall be five percent (5%) per month on the unpaid amount of the Tax due for each 30-day period, not to exceed five 30-day periods.

### SECTION 10. Penalty for false, fraudulent or grossly incorrect return.

The penalty as authorized by R.S. 47:337.72 shall be 50 percent of the amount of the Tax found to be due.

### SECTION 11. Negligence penalty.

The penalty as authorized by R.S. 47:337.73 shall be five percent of the unpaid amount of the Tax found to be due, or $10.00, whichever is greater.

### SECTION 12. Penalty for insufficient funds check.

The penalty as authorized by R.S. 47:337.74 shall be an amount equal to the greater of one percent of the check or $20.00.

### SECTION 13. Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this ordinance, or to represent him in any proceeding under this ordinance. If any taxes, penalties or interest due under this ordinance are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

### SECTION 14. Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of Tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or

the subpoenaing and compensating of witnesses.

SECTION 15. **Distraint penalty.**

The penalty as provided by R.S. 47:337.76 in cases where the distraint procedure is used in the collection of the Tax shall be $10.00.

SECTION 16. **Limits on interest, penalty and attorney fees.**

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

SECTION 17. **Collector.**

The Tax levied by this ordinance is authorized to be collected by a "Collector," which term shall mean the Concordia Parish School Board.

SECTION 18. **Powers of collector.**

The Collector is hereby authorized, empowered and directed to carry into effect the provisions of this ordinance, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof, to make and enforce such rules as it may deem necessary.

SECTION 19. **Agreement to collect tax on vehicles.**

With regard to the collection of the Tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this Governing Authority, acting through its President and on behalf of this Governing Authority, is authorized to enter into an agreement or agreements with the Vehicle Commissioner, Department of Public Safety and Corrections, for the collection of the Tax on such vehicles, as provided by R.S. 47:303(B).

SECTION 20. **Revenues of tax.**

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this ordinance relating to the Tax shall be promptly deposited by the collector for the account of the parish in the special fund heretofore to be established and maintained for the deposit of such proceeds, which fund shall be a separate bank account is to be established and maintained with the regularly designated fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation.

In compliance with the said special election of May 4, 2013, authorizing the Tax, after all reasonable and necessary costs and expenses of collecting and administration of the Tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by

the Governing Authority solely for the purposes designated in the proposition authorizing the levy of the Tax.

SECTION 21. **Severability.**

If any or more of the provisions of this ordinance shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provision of this ordinance, but this ordinance shall be construed and enforced as if such illegal or invalid provisions had not been contained herein. Any constitutional or statutory provision enacted after the date of this ordinance which validates or makes legal any provision of this ordinance which would not otherwise be valid or legal, shall be deemed to apply to this ordinance.

SECTION 22. **Uniform sales tax controlling.**

If any provision of this ordinance shall be in conflict with the provisions of the Uniform Local Sales Tax Code, the provisions of the Uniform Local Sales Tax Code shall be controlling.

SECTION 23. **Effective date of ordinance.**

This ordinance shall be in full force and effect immediately upon its adoption, being an ordinance affecting the public peace, health and safety.

SECTION 24. **Publication and recordation.**

This ordinance shall be published in one issue of the official journal of this governing authority as soon as is reasonably possible. A certified copy of this ordinance shall be recorded in the mortgage records of the Parish of Tensas, State of Louisiana.

And the ordinance was declared adopted on this, the 14th day of May, 2013.

ORDINANCE [4]

WHEREAS, under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority and an election held on October 14, 2017, the Parish of Tensas, State of Louisiana (the "Parish"), acting through the Police Jury of the Parish of Tensas, State of Louisiana, as its governing authority (the "Governing Authority"), is authorized to levy and collect within the Parish, a one-fourth of one percent (¼%) sales and use tax (the "Tax"), upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and upon the sale of services defined in applicable statutory authority, pursuant to the following proposition which was approved at said election held on October 14, 2017:

PROPOSITION
(SALES & USE TAX RENEWAL)

Shall the Parish of Tensas, State of Louisiana (the "Parish"), under the provisions of law, be authorized to levy and collect a tax of one-fourth of one percent (¼%) (the "Tax") upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services in the Parish, all as defined by law (an estimated $103,624 reasonably expected at this time to be collected from the levy of the tax for the first year), for a period of ten (10) years from and after October 1, 2019, with the avails or proceeds of the Tax (after paying the reasonable and necessary costs and expenses of collecting and administering the Tax) to be dedicated and used to provide fire protection in the Parish through the acquisition, construction, improvement, operation and maintenance of equipment, property and facilities for fire protection purposes, including payment of personnel costs and the cost of obtaining water for fire protection purposes?

WHEREAS, in compliance with the aforesaid constitutional and statutory authority and said special election of October 14, 2017, it is the desire of this Governing Authority to provide for the levy and collection of the Tax and to provide for distribution of the proceeds thereof and other matters in connection therewith as hereinafter provided in this ordinance;

NOW, THEREFORE, BE IT ORDAINED by the Police Jury of the Parish of Tensas, State of Louisiana, acting as the governing authority of the Parish of Tensas, State of Louisiana, thereof, that:

### SECTION 1. Imposition.

Pursuant to the authority of a special election held in the Parish on October 14, 2017, the Tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the Parish of Tensas, State of Louisiana, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 Regular Session of the Louisiana Legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the Tax, the provisions of which are hereby incorporated by reference.

### SECTION 2. Rate of tax.

The Tax is levied at the rate of one-fourth of one percent (¼%) of the sales price of each item or article of tangible personal property when sold at retail in the Parish, the Tax to be computed on gross sales for the purpose of remitting the amount of tax due to the Parish, and to include each and every retail sale. The Tax is levied at the rate of one-fourth of one percent (¼%) of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the Parish, provided there shall be no duplication of the Tax. The Tax is levied at the rate of one-fourth of one percent (¼%) of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease

or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The Tax is levied at the rate of one-fourth of one percent (¼%) of the amount paid or charged for taxable services, as defined by law, performed in the Parish.

SECTION 3. **Effective date.**

The Tax shall be effective on October 1, 2019.

SECTION 4. **Term.**

The Tax shall remain in effect for ten (10) years (October 1, 2019 through September 30, 2029).

SECTION 5. **Purposes.**

The proceeds of the Tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the Parish on October 14, 2017, authorizing the Tax, which proposition is set forth in the preamble hereto.

SECTION 6. **Vendor's compensation.**

For the purpose of compensating the dealer in accounting for and remitting the Tax levied by this ordinance, each dealer shall be allowed two percent (2%) of the amount of Tax due and accounted for and remitted to the Parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

SECTION 7. **Exclusions and exemptions.**

The Governing Authority adopts none of the optional exclusions or exemptions allowed by State sales and use tax law, nor does this Governing Authority adopt any exclusions or exemptions authorized by legislation enacted under Article VI, Section 29 (D)(1) of the Constitution of the State of Louisiana of 1974, that are not allowed as an exclusion or exemption from State sales and use tax. Included within the base of the Tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the Constitution or statutes of the State of Louisiana, including the Act.

SECTION 8. **Interest on unpaid amount of tax due.**

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the Tax which are due shall be at the rate of one and one-fourth percent (1¼ %) per month.

SECTION 9. **Delinquency penalty.**

The delinquency penalty, as provided by R.S. 47:337.70, shall be five percent (5%) per month on the unpaid amount of the Tax due for each thirty-day period, not to exceed five thirty-day periods.

SECTION 10. **Penalty for false, fraudulent or grossly incorrect return.**

The penalty as authorized by R.S. 47:337.72 shall be fifty percent (50%) of the amount of the Tax found to be due.

SECTION 11. **Negligence penalty.**

The penalty as authorized by R.S. 47:337.73 shall be five percent (5%) of the unpaid amount of the Tax found to be due, or ten dollars ($10.00), whichever is greater.

SECTION 12. **Penalty for insufficient funds check.**

The penalty as authorized by R.S. 47:337.74 shall be an amount equal to the greater of one percent (1%) of the check or twenty dollars ($20.00).

SECTION 13. **Attorney fees.**

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this ordinance, or to represent him in any proceeding under this ordinance. If any taxes, penalties or interest due under this ordinance are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.

SECTION 14. **Penalty for costs incurred.**

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of Tax due in an amount as itemized by the Collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

SECTION 15. **Distraint penalty.**

The penalty as provided by R.S. 47:337.76 in cases where the distraint procedure is used in the collection of the Tax shall be ten dollars ($10.00).

SECTION 16. **Limits on interest, penalty and attorney fees.**

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

SECTION 17. **Collector.**

The Tax levied by this ordinance is authorized to be collected by a "Collector" which term shall mean the Concordia Parish School Board.

SECTION 18. **Powers of collector.**

The Collector is hereby authorized, empowered and directed to carry into effect the provisions of this ordinance, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

### SECTION 19. Agreement to collect tax on vehicles.

With regard to the collection of the Tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, this Governing Authority, acting through its President and on behalf of this Governing Authority, is authorized to enter into an agreement or agreements with the Vehicle Commissioner, Department of Public Safety and Corrections, for the collection of the Tax on such vehicles, as provided by R.S. 47:303(B).

### SECTION 20. Revenues of tax.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the Collector under any provision or provisions of this ordinance relating to the Tax shall be promptly deposited by the Collector for the account of the Parish in the special fund heretofore established and maintained for the deposit of such proceeds, which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent of the Parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the Collector with said fiscal agent pending the final determination of the protest or litigation.

In compliance with the said special election of October 14, 2017, authorizing the Tax, after all reasonable and necessary costs and expenses of collecting and administration of the Tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by the Governing Authority solely for the purposes designated in the proposition authorizing the levy of the Tax.

### SECTION 21. Severability.

If any or more of the provisions of this ordinance shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provision of this ordinance, but this ordinance shall be construed and enforced as if such illegal or invalid provisions had not been contained herein. Any constitutional or statutory provision enacted after the date of this ordinance which validates or makes legal any provision of this ordinance which would not otherwise be valid or legal, shall be deemed to apply to this ordinance.

### SECTION 22. Uniform sales tax controlling.

If any provision of this ordinance shall be in conflict with the provisions of the Uniform Local Sales Tax Code, the provisions of the Uniform Local Sales Tax Code shall be controlling.

### SECTION 23. Effective date of ordinance.

This ordinance shall be in full force and effect immediately upon its adoption, being an ordinance affecting the public peace, health and safety.

<u>SECTION 24</u>. **Publication and recordation.**

This ordinance shall be published in one issue of the official journal of this Governing Authority as soon as is reasonably possible. A certified copy of this ordinance shall be recorded in the mortgage records of the Parish of Tensas, State of Louisiana.

And the ordinance was declared adopted on this, the 26th day of June, 2018.

> *Footnotes:*
> *--- (3) ---*
> ***Editor's note—*** *This unedited sales and use tax ordinance is included for reference, but excluded from the Code of Ordinances, since it is temporary in nature, as it expires June 30, 2023. (Ord. of 5-14-2013)*
>
> *--- (4) ---*
> ***Editor's note—*** *This unedited sales and use tax ordinance is included for reference, but excluded from the Code of Ordinances, since it is temporary in nature, as it expires September 30, 2029. (Ord. of 6-26-2018)*

Secs. 28-49—28-68. - Reserved.

ARTICLE III. - SALES AND USE TAX

> *Footnotes:*
>
> *--- (3) ---*
>
> ***Editor's note—*** *A one-percent sales and use tax was approved in an election held on September 15, 1964. A resolution adopting the tax was adopted on November 14, 1964. An additional one-quarter percent tax was approved in an election held on May 25, 1976. A resolution adopting the tax was adopted on June 2, 1976.*
>
> ***State Constitution reference—*** *Local sales tax, Art. VI, § 29.*
>
> ***State Law reference—*** *Local sales taxes, R.S. 33:2711 et seq.; local finance, R.S. 39:471 et seq.; sales tax generally, R.S. 47:301 et seq. Annotation—Where the parish based its right to recover sales and use taxes on parish a ordinance, but no certified copy of the ordinance was in the record on appeal, the transcript and court minutes did not reflect that the district court took judicial cognizance of the ordinance, and there was no allegation or proof that the ordinance had been filed in the district court, there was no evidence of record to show that the parish had the taxing power it claimed, and the trial court's order dismissing parish's claims would be affirmed, Terrebonne Parish Sales v. D & S Oilfield, 449 So2d 589 (1984).*

DIVISION 1. - GENERALLY

Sec. 25-46. - Scope.

As used in this article the words, terms and phrases in sections 25-47 through 25-69 shall have the meanings ascribed to them in this division except when the context clearly indicates a different meaning.

(Parish Code 1979, § 11-32)

**State Law reference—** Definitions applicable to sales tax, R.S. 47:301; rates of legal and conventional interest, usury, C.C. art. 2924.

Sec. 25-47. - Agricultural commodity.

"Agricultural commodity" shall mean horticultural, viticultural, poultry, farm and range products and livestock and livestock products.

(Parish Code 1979, § 11-33)

Sec. 25-48. - Business.

"Business" shall include any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit, or advantage, either direct or indirect. The term "business" shall not be construed in this article to include the occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

(Parish Code 1979, § 11-34)

Sec. 25-49. - Cost price.

"Cost price" shall mean the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service cost, transportation charges or any other expense whatsoever.

(Parish Code 1979, § 11-35)

Sec. 25-50. - Dealer.

"Dealer" shall include every person who:

(1) Manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution or for storage to be used or consumed in this parish;

(2) Imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country, for sale at retail, or for use, or consumption, or distribution or storage to be used or consumed in this parish;

(3) Sells at retail, or who offers to sell at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution or storage to be used or consumed in this parish, tangible personal property;

(4) Has sold at retail, or used, or consumed, or distributed or stored for use or consumption in this parish, tangible personal property and who cannot prove that the tax levied by this article has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property;

(5) Leases or rents tangible personal property for a consideration, permitting the use or possession of such property without transferring title thereto;

(6) Is the lessee or rentee of tangible personal property and who pays to the owner of such property a consideration for the use or possession of such property without acquiring title thereto;

(7) Sells or furnishes any of the services subject to tax under this article;

(8) Purchases or receives any of the services subject to tax under this article; or

(9) Is engaging in business in this parish.

(Parish Code 1979, § 11-36)

Sec. 25-51. - Director.

"Director" shall mean and include the director of the sales and use tax department which has been or will be established by the council for the administration and collection of the tax herein levied, or the duly authorized assistants of said director.

(Parish Code 1979, § 11-37)

Sec. 25-52. - Distraint or distrain.

"Distraint" or "distrain" shall mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this article.

(Parish Code 1979, § 11-38)

Sec. 25-53. - Engaging in business in this parish.

"Engaging in business in this parish" shall mean and include any of the following methods of transacting business: Maintaining directly, indirectly, or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business or by having an agent, salesman, solicitor or employee operating within this parish under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor or employee is located in this parish permanently or temporarily, or whether such seller or subsidiary is qualified to do business in this parish; or by having within this parish any choses in or causes of action, or any property, or any liens on property, or any indebtedness due it in this parish, protected by the laws and courts of this parish.

(Parish Code 1979, § 11-39)

Sec. 25-54. - Gross sales.

"Gross sales" shall mean the sum total of all retail sales of tangible personal property, as hereinafter provided and defined, and sales of services without any deductions whatsoever of any kind or character, except as provided in this article.

(Parish Code 1979, § 11-40)

Sec. 25-55. - Hotel.

"Hotel" shall mean and include any establishment engaged in the business of furnishing sleeping rooms primarily to transient guests where such establishment consists of ten (10) or more guest rooms under a single roof.

(Parish Code 1979, § 11-41)

Sec. 25-56. - Lease or rental.

"Lease or rental" shall mean the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee for a consideration, without transfer of the title of such property.

(Parish Code 1979, § 11-42)

Sec. 25-57. - New article.

"New article" shall mean the original stock-in-trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it be a used article or not, shall be subject to the tax.

(Parish Code 1979, § 11-43)

Sec. 25-58. - Parish.

"Parish" shall mean the Parish of Terrebonne, State of Louisiana.

(Parish Code 1979, § 11-44)

Sec. 25-59. - Person.

"Person" shall include any individual, firm, copartnership, joint venture, association, corporation, cooperative, estate, trust, business trust, receiver, syndicate, any parish, city or municipality or public board, public commission or public or semipublic corporation, district or instrumentality or group or combination acting as a unit, and the plural as well as the singular number.

(Parish Code 1979, § 11-45)

Sec. 25-60. - Purchaser.

"Purchaser" shall mean any person who acquires or receives any tangible personal property or the privilege of using any tangible personal property or receives any services pursuant to a transaction subject to a tax under this article.

(Parish Code 1979, § 11-46)

Sec. 25-61. - Retail sale or sale at retail.

"Retail sale" or "sale at retail" shall mean a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property and a sale of services, as hereinafter set forth, and shall mean and include all such transactions as the director upon investigation finds to be in lieu of sales; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the director. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax. (The term "sale at retail" does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business. The sale of motor or other vehicles by a person not engaged in such business shall be considered and treated as a retail sale or sale at retail.)

(Parish Code 1979, § 11-47)

Sec. 25-62. - Retailer.

"Retailer" shall mean and include every person engaged in the business of making sales at retail or for distribution, or use or consumption, or storage to be used or consumed in this parish or any person rendering services taxable hereunder.

(Parish Code 1979, § 11-48)

Sec. 25-63. - Sale.

"Sale" shall mean any transfer of title or possession, or both, resulting from the exchange, barter, lease, or rental, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving, for a consideration, of any tangible personal property consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of tangible personal property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale. The term "sale" shall also include the "sales of services," which means and includes the following:

(1)  The furnishing of rooms by hotels and tourist camps;

(2)  The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges and universities, and recreational events, and the furnishing, for dues, fees, or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities;

(3)  The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

(4)  The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter;

(5)  The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

(6)  The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities;

(7)  The furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office appliances and equipment.

(Parish Code 1979, § 11-49)

Sec. 25-64. - Sales price.

"Sales price" shall mean the total amount for which tangible personal property is sold, including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six (6) percent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold.

(Parish Code 1979, § 11-50)

Sec. 25-65. - Storage.

"Storage" shall mean and include any keeping or retention in this parish of tangible personal property for use or consumption in this parish or for any purpose other than for sale at retail in the regular course of business.

(Parish Code 1979, § 11-51)

Sec. 25-66. - Tangible personal property.

"Tangible personal property" shall mean and include personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes, or other obligations or securities.

(Parish Code 1979, § 11-52)

Sec. 25-67. - Tourist camps.

"Tourist camps" shall mean and include any establishment engaged in the business of furnishing rooms, cottages or cabins to tourists or other transient guests, where the number of guest rooms, cottages or cabins at a single location is six (6) or more.

(Parish Code 1979, § 11-53)

Sec. 25-68. - Use.

"Use" shall mean and include the exercise of any rights or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

(Parish Code 1979, § 11-54)

Sec. 25-69. - Use tax.

"Use tax" shall include the use, the consumption, the distribution and the storage for use or consumption, as herein defined.

(Parish Code 1979, §§ 11-32—11-55)

Sec. 25-70. - Violations; fine and imprisonment authorized.

For any one (1) of the following violations, in addition to being liable for the other penalties provided in this article, the person named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court:

(1) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under Division 5 of this article, and who fails, neglects, and refuses to file a return thereof with the director and pay the tax imposed thereon, within the time stated after such sale is made;

(2) Any dealer who shall fail, neglect or refuse to collect the tax as provided in Division 5 of this article, whether by himself or through his agents or employees;

(3) Any dealer violating the provisions of sections 25-250 and 25-251;

(4) Any dealer who fails to permit an inspection of records by the director as provided in section 25-226;

(5) Any wholesale dealer or jobber in this parish who fails to keep records or fails to permit an inspection thereof by the director as provided in section 25-228;

(6) Any dealer, wholesale dealer or jobber who violates the provisions of sections 25-159 and 25-160;

(7) Any dealer who violates the provisions of section 25-227;

(8) Any dealer failing or refusing to furnish any return as provided in Division 7 of this article, or failing or refusing to furnish a supplemental return or other data required by the director;

(9) Any dealer required to make, render, sign or verify any return, as provided in Division 7 of this article, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10) The president, executive officers, managers and directors of any corporation who shall violate the provisions of section 25-266; provided that such fine and imprisonment shall not prevent other action

against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(11) Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(Parish Code 1979, § 11-170)

**State Law reference—** Penalty for failure to collect tax, R.S. 47:304(E); penalty for failure to keep records, R.S. 47:309(B), 47:310(B).

Sec. 25-71. - General administration of tax.

(a) The director is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures which may be established by the council.

(b) The director shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(c) The director shall design, prepare, print and furnish to all dealers, or make available to such dealers, all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of such taxes at the time and in the manner provided in this article.

(d) The cost of preparing and distributing the report forms and paraphernalia for the collection of the tax, and of the inspection and enforcement duties required herein, shall be borne out of appropriations by the council as provided in section 25-327.

(Parish Code 1979, §§ 11-204—11-207)

**Cross reference—** Administration, Ch. 2.

**State Law reference—** Reporting format for local sales and use taxes, R.S. 33:2713.1; validation of proceedings taken under sales tax laws, R.S. 33:2734; tax regulations, R.S. 47:1511.

Sec. 25-72. - Tax to be collected if sale is consummated after effective date.

(a) In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of the resolution from which this article is derived and containing the sale price, and delivery is made after such effective date, and such sale is taxable under this article, the seller shall add the tax imposed by this article to the sale price, and collect it from the buyer.

(b) The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before such effective date, but are actually furnished after such effective date.

(c) The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the parish prior to such effective date, if the tangible personal property is actually used or consumed by the person who imported and stored the tangible personal property.

Case 2:21-cv-02106-JTM-KWR    Document 2-3    Filed 11/15/21    Page 836 of 1004

(Parish Code 1979, § 11-208)

Sec. 25-73. - Director, deputy authorized to receive written oaths.

It shall be lawful for the director, or any deputy by him duly designated, to receive the written oath of any person signing any application, deposition, statement, or report required by the director in the administration of this article.

(Parish Code 1979, § 11-209)

**State Law reference—** "Oath" includes affirmation, R.S. 47:2(1).

Sec. 25-74. - Director, deputy authorized to conduct hearings, examinations.

The director, or any deputy by him duly designated, may conduct hearings, and have administered and examined under oath any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within fourteen (14) days after they are requested by the director in writing.

(Parish Code 1979, § 11-210)

**State Law reference—** Rule to show cause and examination of judgment debtor, R.S. 47:1548.

Sec. 25-75. - Method of giving notice to dealers.

Any notice required to be given by the director pursuant to this article may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Parish Code 1979, § 11-211)

**State Law reference—** "Notice" defined, C.C. art. 3556(19).

Sec. 25-76. - Records maintained by director; authentication; fee.

The director shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of one dollar ($1.00), which shall be deposited in the Terrebonne Parish Sales Tax Fund.

(Parish Code 1979, § 11-212)

**State Law reference—** Records of tax collector, R.S. 47:1506 et seq.; authentication, R.S. 47:1507.

Sec. 25-77. - Permits to import goods.

In order to prevent the illegal importation into the parish of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the director is hereby authorized to put into operation a system of permits whereby any person or dealer may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having the truck, automobile or other means of transportation seized and subjected to legal proceeding for its forfeiture. Such system of permits shall require the person or dealer who desires to import tangible personal property into the parish, which property is subject to the tax imposed by this article, to apply to the director or his assistant for a permit, stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the director may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the director.

(Parish Code 1979, § 11-142)

**State Law reference—** System of import permits, R.S. 47:313.

Sec. 25-78. - Tax declared additional.

The tax levied in this article is and shall be supplemental and in addition to all other taxes of any kind or nature, whether levied in the form of excise, or license, privilege, or property taxes levied by any other ordinance or resolution of the council or under its authority.

(Parish Code 1979, §§ 11-66, 11-214)

Sec. 25-79. - Provisions not to alter legal remedies.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the council of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article or any other law, nor shall this article be construed as repealing or altering any such laws, ordinances or resolutions.

(Parish Code 1979, § 11-213)

**State Law reference—** Venue in action to enforce collection of sales or use tax, R.S. 33:2720.

Secs. 25-80—25-95. - Reserved.

DIVISION 2. - SALES AND USE TAX DEPARTMENT

> *Footnotes:*
> *--- (4) ---*
> *Cross reference— Administration, Ch. 2.*

Sec. 25-96. - Created; purpose; composition.

There is hereby created a separate department of the parish to operate under the jurisdiction of the parish council, for the sole and exclusive purpose of administering and enforcing the collection and distribution of the sales and use tax imposed by this article, which shall be known and designated as the sales and use tax department. The department shall consist of a director, such employees as may be necessary to accomplish the functions and purposes thereof, and an advisory board to supervise and make recommendations to the director and the council for the proper administration and operation of the department, all as provided in this division.

(Parish Code 1979, § 11-234; Ord. No. 4563, 10-10-90)

Sec. 25-97. - Director.

(a)   The chief administrative officer of the department created in this division shall be known as the director of the sales and use tax department and, subject to the provisions of this article, shall have complete control and authority with respect to the administration of the affairs of such department, including, but without limitation, all of the rights, powers and privileges delegated and conferred upon the director by this article. After considering any recommendations from the parish school board and the parish consolidated government, as recipients of such tax proceeds, a director shall be appointed and employed after considering the recommendation of the sales and use tax advisory board.

(b)   After appointment, the director may be replaced or reappointed by the parish council, or changes made in the terms of his employment; provided, however, that before any final action is taken in this connection, appropriate notice of the intended change, if any, shall be given in writing to the parish school board, the parish president and the members of the parish council, designating a date and time at which the parish council will consider such matters in open and public session; and at the designated time the council will hear recommendations as in the case of the original appointment and employment before taking final action by resolution to be adopted in open and public session.

(c)   The director shall be covered by a fidelity or faithful performance bond in the amount of not less than five hundred thousand dollars ($500,000.00) nor more than four million dollars ($4,000,000.00) written by a responsible indemnity company to protect the department created herein against loss. The premium on the bond shall be paid by the department.

(d)   In addition to all other duties imposed upon the director and the powers and authority delegated to him by this article, the director shall have the duty and authority:

(1)   To represent the council and the parish in all matters necessary for the proper collection, enforcement and administration of the tax imposed in this article;

(2)   To make, appoint, amend and promulgate rules and regulations in accordance with applicable laws and enactments of the council relative to such tax;

(3)   To conduct hearings and pass upon any complaints by any taxpayer, dealer or other interested party on any matter which may arise in connection with the collection, enforcement and administration of such tax;

(4)   To delegate authority and responsibilities to other employees of the sales and use tax department as may be necessary to carry out the proper functions of his office;

(5)   To make and publish such reports regarding the work and affairs of the sales and use tax department as may be required or helpful to assist dealers, taxpayers or other affected persons in promoting the orderly

and effective collection of the tax;

(6) To see that the policies which have been established by the council are carried out;

(7) To maintain adequate and complete records in accordance with usual public accounting procedures, such records to constitute public records and to be reviewed and audited by state officials as required by law;

(8) To prepare an annual budget for the sales and use tax department for submission to and approval by the council;

(9) To control and direct all business affairs of the sales and use tax department; by way of extension and not limitation, these duties shall include the making of necessary purchases of equipment, supplies and materials in accordance with the then existing purchasing policies of the council; provided, however, that the public contract law shall be complied with in all cases;

(10) To disburse the proceeds of the tax in accordance with sections 25-326 and 25-327;

(11) To make a monthly report to the council and the parish school board showing all receipts and disbursements of revenues, penalties, or other income derived from the tax, including a reasonable itemized statement of all costs and expenses of the sales and use tax department for the previous month;

(12) To perform any other duties and functions which may be necessary or desirable to carry out the purposes and functions of the sales and use tax department.

(Parish Code 1979, § 11-235; Ord. No. 4563, 10-10-90; Ord. No. 5650, § I, 8-28-96)

Sec. 25-98. - Advisory board.

(a) There is hereby created, as a part of the sales and use tax department, a nine-member sales and use tax advisory board, which shall be composed of the parish president, the council chairman, the parish finance committee chairman, the school board president, the school board vice-president, superintendent of schools, the parish sheriff, a member designated by the Terrebonne Parish Library Board of Control, and a member designated by the Terrebonne Levee and Conservation District. The board shall exercise general supervisory powers over the sales and use tax department and its director and may make such recommendations as it deems appropriate for the proper administration of its affairs.

(b) If any dealer, taxpayer or other interested person is dissatisfied with any rule, regulation or decision promulgated by the director, such person shall have a right to request an investigation or hearing by the board. Nothing herein to the contrary withstanding, any appeal from any action by the director shall be presented to the board, which shall pass upon the same and, if it deems necessary, make an appropriate report and recommendation to the council for any action which may be required under the circumstances. It is the specific intention of this section to provide a prompt and effective remedy for any person who may be aggrieved, and further, to permit the various political subdivisions participating in the tax proceeds to have a voice in the collection and administration of the tax to protect their respective interests.

(c) The advisory board shall have full and complete authority to employ a firm of certified public accountants to install an appropriate accounting system for the sales and use tax department and prepare an annual audit of the books and records of such department. The charges of such certified public accountants shall be paid as one (1) of the costs of operating the sales and use tax department.

(Parish Code 1979, § 11-236; Ord. No. 4304, § I, 3-22-89; Ord. No. 4563, 10-10-90; Ord. No. 5514, § I, 12-13-95; Ord. No. 5626, § I, 6-26-96; Ord. No. 5928, § I, 7-8-98; Ord. No. 7220, § I, 11-8-06; Ord. No. 8278, § II, 4-10-13)

Sec. 25-99. - Other employees.

In addition to the director, the parish government shall appoint and employ and establish the salaries for all other employees of the sales and use tax department, but shall first receive recommendations from the director and the sales and use tax advisory board as to the necessary employees, the required qualifications and the salaries to be paid from the tax revenues.

(Parish Code 1979, § 11-237)

Secs. 25-100—25-115. - Reserved.

DIVISION 3. - IMPOSITION OF TAX

Sec. 25-116. - Levied.

There is hereby levied for the purposes stated in the propositions set forth in the preamble to the resolutions from which this article is derived, a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and upon the sale of services within this parish, as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of one and one-fourth (1¼) percent of the cost price of each item or article of tangible personal property when sold at retail in this parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the parish, and to include each and every retail sale.

(2) At the rate of one and one-fourth (1¼) percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this parish; provided there shall be no duplication of the tax.

(3) At the rate of one and one-fourth (1¼) percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined in this article, where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the business.

(4) At the rate of one and one-fourth (1¼) percent of the monthly lease or rental price paid by the lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one and one-fourth (1¼) percent of the gross proceeds derived from the sale of services, as defined herein.

After the final maturity date of the bonds described in proposition no. 2 as set forth in the preamble to the resolution of June 2, 1976, which levies part of the tax imposed by this section, the tax levied by the provisions of this section shall be one (1) percent.

(Parish Code 1979, § 11-63)

**State Law reference—** Tax on goods, property or services delivered or performed outside territorial limits, R.S. 33:2716.

Sec. 25-117. - Collection and payment generally.

The tax shall be collected from the dealer, as defined in this article, and paid at the time and in the manner hereinafter provided.

(Parish Code 1979, § 11-65)

**State Law reference—** Collection of sales and use tax, R.S. 47:303.

Sec. 25-118. - Schedule and collection.

(a)  The dealer shall collect the taxes levied by this article together with those sales and use taxes levied by the state, the parish, pursuant to a resolution adopted on December 9, 1964, and an ordinance adopted by the school board of the parish on January 6, 1976, in accordance with the integrated bracket schedule prepared by the state collector of revenue, under the authority of R.S. 47:304. The dealer will remit that portion representing the tax levied by this article to the director of the parish sales and use tax department. Copies of the integrated tax schedules are available to dealers on request from the director.

(b)  The collection of the tax herein levied shall be made in the name of the parish by the director.

(Parish Code 1979, §§ 11-67, 11-68)

**State Law reference—** Collection of sales and use tax, R.S. 47:303; direct payment numbers, R.S. 47:303.1; treatment of tax by dealer, R.S. 47:304.

Secs. 25-119—25-135. - Reserved.

DIVISION 4. - EXEMPTIONS AND EXCLUSIONS

Sec. 25-136. - Exempt tangible personal property.

The taxes imposed by this article shall not apply to transactions involving the following tangible personal property:

(1)  The gross proceeds derived from the sale in this parish of livestock, poultry and other farm products direct from the farm, provided that such sales are made directly by the producers. When sales of livestock, poultry and other farm products are made to consumers by any person other than a producer, they are not exempted from the tax imposed by this article; provided, however, that every agricultural commodity sold by any person, other than a producer, to any other person who purchases not for direct consumption but for the purpose of acquiring raw product for use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be exempted from any and all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer, or any other utilization of or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one (1) tax be exacted.

(2)  The use tax shall not apply to livestock and livestock products, to poultry and poultry products, to farm, range and agricultural products when produced by the farmer and used by him and members of his family.

(3)  Where a part of the purchase price is represented by an article traded in, the sales tax is payable on the total price less the market value of the article traded in.

(4)  The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this parish of the following tangible personal property is hereby specifically exempted from the tax imposed by this resolution: Gasoline, water (not including mineral water or carbonated water or any water put up in bottles, jugs, or containers, all of which are not exempted), electric power or energy, newspapers, fertilizer and containers used for farm products when sold directly to the farmer, natural gas and new automobiles withdrawn from stock by factory-authorized new automobile dealers, with the approval of the state collector of revenue, and titled in the dealer's name for use as demonstrators.

(5)  The sales of materials, equipment and machinery which enter into and become component parts of ships, vessels, including commercial fishing vessels, or barges, of fifty (50) tons load displacement and over, built in Louisiana nor to the gross proceeds from the sale of such ships, vessels or barges when sold by the builder thereof.

(6)  The sales of materials and supplies to the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or in interstate coastwise commerce; nor to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; nor to laundry services performed for the owners or operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels. The provisions of this subsection do not apply to drilling equipment used for oil exploration or production unless such equipment is built for exclusive use outside the boundaries of the state and is removed forthwith from the state upon completion.

(7)  The sale at retail of seeds for use in the planting of any kind of crops.

(8)  The sale of casing, drill pipe and tubing in the parish for use offshore beyond the territorial limits of the state for the production of oil, gas, sulphur and other minerals.

(9)  The sale or use of any materials, supplies or products for use in connection with any phase of the construction of the Toledo Bend Dam project on the Sabine River.

(10)  The sale of admission tickets by little theatre organizations.

(11)  The sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit organization known as a symphony organization or a society or organization engaged in the presentation of musical performances; provided that this exemption shall not apply to performances given by out-of-state or nonresident symphony companies, nor to any performance intended to yield a profit to the promoters thereof.

(12)  The use of films or photoplay from a distributing agency by the operator of a motion picture theatre.

(13)  The sale at retail of pesticides used for agricultural purposes, including particularly but not by way of limitation, insecticides, herbicides and fungicides.

(14)  The sale at retail of tangible personal property purchased within this parish for use exclusively beyond the territorial limits of the parish. If tangible personal property purchased tax free under the provisions of this section is later brought into this parish for use herein, the property shall be subject to the use tax as

of the time it is brought into the parish for use herein, subject to the credit provided in section 25-183.

(15) The amounts paid by radio and television broadcasters for the right to exhibit or broadcast copyrighted material and the use of film video or audio tapes, records or any other means supplied by licensors thereof in connection with such exhibition or broadcast and the sales and use shall not apply to licensors or distributors thereof.

(16) The sale of admissions to entertainment events furnished by recognized domestic nonprofit charitable, educational and religious organizations when the entire proceeds from such sales, except for necessary expenses connected with the entertainment events, are used for the purposes for which the organizations furnishing the events were organized.

(17) The sales and use taxes levied and the collection, reporting and remittance thereof required by this article shall not apply to sales or purchases made by blind persons in the conduct of a business which is exempt from license taxes by R.S. 46:371 through 46:373.

(18) Sales of tangible personal property at, or admission charges for, events sponsored by domestic civic, educational, charitable, fraternal or religious organizations, which are nonprofit, when the entire proceeds, except for the necessary expense connected therewith, are used for educational, charitable or religious purposes. The exemption provided herein shall not apply to any event intended to yield a profit to the promoter or to any individual contracted to provide services or equipment, or both, for the event. This subsection shall not be construed to exempt any organization or activity from the payment of sales or use taxes otherwise required by law to be made on purchases made by these organizations. This subsection shall not be construed to exempt regular commercial ventures of any type such as bookstores, restaurants, gift shops, commercial flea markets and similar activities that are sponsored by organizations qualifying hereunder which are in competition with retail merchants. This sponsorship of any event by any organization applying for an exemption hereunder must be genuine. Sponsorship will not be genuine in any case in which exemption from taxation is a major consideration leading to such sponsorship. An exemption certificate for such events must be obtained from the director. The director shall furnish such certificate provided that he has satisfactory evidence that the state collector of revenue has issued a similar certificate under the provisions of R.S. 47:305.14.

(19) The sales and use taxes levied and the collection, reporting and remittance thereof required by this article shall not apply to necessary fees incurred in connection with the installation and service of cable television. Such exception shall not apply to purchases made by any cable television system, but shall only apply to funds collected from the subscriber for regular service, installation and repairs.

(20) The sales and use taxes levied and the collection, reporting and remittance thereof required by this article shall not apply to or be imposed upon the income on receipts from any coin-operated washing or drying machine in a commercial laundromat. A commercial laundromat, for purposes of this article, is defined to be any establishment engaged solely in the business of furnishing, washing or drying laundry services by means of coin-operated machines.

(21) The sales and use taxes levied and the collection, reporting and remittance thereof required by this article shall not apply to the sale of prescription drugs under the pharmaceutical vendor program of Title XIX of the social security act as administered by the state department of health and hospitals.

(22) Sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to July 1, 1976, or to sales or services involved in such contracts entered into and reduced to writing within ninety (90) days thereafter, if such contracts involve contractual obligations

undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to July 1, 1976.

(23)  To purchase of equipment used in firefighting by bona fide organized public volunteer fire departments.

(24)  The purchase or rental by private individuals of machines, parts thereof, and materials and supplies which a physician has prescribed for home renal dialysis.

(Parish Code 1979, § 11-76)

**Cross reference—** Fire protection and prevention, Ch. 8.

**State Law reference—** Exclusions and exemptions from sales and use tax, R.S. 47:305.

Sec. 25-137. - Application when property is first used in area where sales tax is imposed.

If the first use of tangible personal property purchased in the parish for use beyond the territorial limits of this parish occurs in a city or parish of this state or in a city or county in another state which imposes a sales and use tax, the exemption provided herein shall apply only if:

(1)  The purchaser is properly registered for sales and use tax purposes in a city or parish in this state or in a city or county in another state, wherein such tangible personal property is used, and regularly reports and pays sales and use tax in such other city or parish in this state or in a city or county in another state; and

(2)  The city or parish in this state or the city or county in another state in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that city or parish in this state or city or county in another state for use in this parish; and

(3)  a.;l; The purchaser obtains from the director a certificate authorizing him to make the nontaxable purchases authorized under this division; or

   b.  The property is subject to registration as a motor boat subject to registration by this state and such property is not registered for use in this state.

(Parish Code 1979, § 11-77; Ord. No. 4563, 10-10-90)

**State Law reference—** Property purchased for first use outside the state, R.S. 47:305.10.

Sec. 25-138. - Scope of tax.

It is not the intention of this article to levy a tax upon articles of tangible personal property imported into this parish, or produced or manufactured in this parish, for export; nor is it the intention of this article to levy a tax on a bona fide transaction in interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this parish of tangible personal property after it has come to rest in this parish and has become a part of the mass of property in this parish.

(Parish Code 1979, § 11-78)

**State Law reference—** Property stored for use outside the political subdivision, R.S. 33:2716.2; collection of tax from interstate and foreign transportation dealers, R.S. 47:306.1.

Secs. 25-139—25-155. - Reserved.

DIVISION 5. - COLLECTION BY DEALER

Sec. 25-156. - Collection from purchaser or consumer.

The tax levied by this article shall be collected by the dealer from the purchaser or consumer except as provided for collection of the tax on motor vehicles in section 25-161. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services, and payable at the time of the sale; provided, however, that the parish shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(Parish Code 1979, § 11-86)

**State Law reference—** Collection from purchaser or consumer, R.S. 47:304.

Sec. 25-157. - Collection by dealers located outside parish.

Every dealer located outside the parish making sales of tangible personal property for distribution, storage, use or other consumption in this parish shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(Parish Code 1979, § 11-87)

**State Law reference—** Collection by dealers located outside state, R.S. 47:304(B).

Sec. 25-158. - Tax to constitute part of purchase price.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the director, to the sale price or charge; and when added, such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts.

(Parish Code 1979, § 11-88)

**State Law reference—** Tax to be added to sale price or charge, R.S. 47:304(C).

Sec. 25-159. - Registration, certification of dealers.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all the taxes imposed by this article, within three (3) days after commencement of business or opening a new place of business, every dealer purchasing or importing tangible personal property for resale shall file with the director a certificate or registration in a form prescribed by him. The director shall, within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates thereof, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such

certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the director upon the dealer ceasing to do business at the place therein named.

(Parish Code 1979, § 11-89; Ord. No. 4563, 10-10-90)

**State Law reference—** Taxpayer to provide state tax identification number, R.S. 33:2713.1; system of import permits, R.S. 47:313.

Sec. 25-160. - Requirements of wholesalers, jobbers.

A wholesale dealer or jobber shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article.

(Parish Code 1979, § 11-90; Ord. No. 4563, 10-10-90)

**State Law reference—** Collection of tax by wholesalers, R.S. 47:306(B).

Sec. 25-161. - Collection of tax on vehicles.

The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semitrailer, motor bus, house trailer, or any other vehicle subject to the state vehicle registration license tax shall be collected as provided in this section:

(1) The tax levied by this article on any such vehicle shall be paid to the state collector of revenue at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

   a. The tax levied by this article on the sale of any such vehicle shall be due at the time registration or any transfer of registration is required by the Vehicle Registration License Tax Law (R.S. 47:451 et seq.).

   b. The tax levied by this article on the use of any such vehicle in this parish shall be due at the time the first registration in this parish is required by the Vehicle Registration License Tax Law (R.S. 47:451 et seq.).

(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has been taxable, and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of the sales and use tax on vehicles from the vendor to the state collector of revenue and to provide a method of collection of the tax directly from the vendee or user by the collector of revenue in accordance with an agreement by and between the collector of

revenue and the parish, acting through the parish council. The tax so collected by the collector of revenue shall be paid to the parish sales and use tax department and sent to the director as soon as possible, and in any event at least once each month, all in accordance with such agreement.

(4)  The provision contained in section 25-61 which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this section. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(Parish Code 1979, § 11-91)

**Cross reference—** Motor vehicles and traffic, Ch. 18.

**State Law reference—** Collection of tax on vehicles, R.S. 47:303(B).

Sec. 25-162. - Tax to be stated separately; offering to absorb tax prohibited.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(Parish Code 1979, § 11-92)

**State Law reference—** Similar provisions, R.S. 47:304(F).

Sec. 25-163. - Excess collections.

Where the tax collected for any period is in excess of one and one-quarter (1¼) percent, the total collected must be paid over to the director, less the commission to be allowed the dealer as set forth in this article.

(Parish Code 1979, § 11-93)

**State Law reference—** Similar provisions, R.S. 47:304(D).

Sec. 25-164. - Collection when purchaser fails to pay dealer.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the parish and it shall be the duty of this purchaser to file a return thereof with the director and to pay the tax imposed thereon to the parish within fifteen (15) days after such sale was made or rendered.

(Parish Code 1979, § 11-94)

**State Law reference—** Payment by dealer when tax not collected, R.S. 47:304(C).

Sec. 25-165. - Compensation of dealer for collecting.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed one (1) percent of the amount of tax due and accounted for and remitted to the director in the form of a deduction in submitting his report and paying the amount due by him, if the amount due was not delinquent at the time of payment.

(Parish Code 1979, § 11-95; Ord. No. 7000, § II, 6-8-05)

**State Law reference—** Compensation of dealer, R.S. 47:306(A)(3).

Secs. 25-166—25-180. - Reserved.

DIVISION 6. - COLLECTION FROM DEALER

Sec. 25-181. - Collection by director.

The tax imposed by this article shall be collectible by the director on behalf of this parish from all persons engaged as dealers.

(Parish Code 1979, § 11-103)

**State Law reference—** Contract authorized for state to collect tax, R.S. 47:1515.

Sec. 25-182. - Collection of tax on imported personal property used by dealer.

On all tangible personal property imported or caused to be imported from other states or other political subdivisions of this state or foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the article has been sold at retail for use or consumption in this parish. For the purpose of this article, use or consumption, or distribution, or storage of tangible personal property shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(Parish Code 1979, § 11-104)

**State Law reference—** Failure to pay tax on imported tangible personal property, R.S. 47:312.

Sec. 25-183. - Credit against use tax paid in other political subdivision.

A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in this state or a city or county in another state. The credit provided herein shall be granted only in the case where the city or parish in this state or the city or county in another state to which a similar tax has been paid grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in this state or to a city or county in another state shall be made according to rules and regulations promulgated by the director. In no event shall the credit be greater than the tax imposed by this parish upon the paid tangible personal property which is the subject of the parish use tax.

(Parish Code 1979, § 11-105)

**State Law reference—** Credit for monies paid, R.S. 33:2718.2.


Secs. 25-184—25-200. - Reserved.


DIVISION 7. - RETURNS AND PAYMENT OF TAX


Sec. 25-201. - Payment to be monthly.

The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(Parish Code 1979, § 11-113)

**State Law reference—** Monthly payment of taxes, R.S. 47:306.


Sec. 25-202. - Returns required.

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers, on or before the twentieth day of the month following the month in which this tax becomes effective, to transmit to the director, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, as the case may be, arising from all taxable transactions during the preceding calendar month. Thereafter, like returns shall be prepared and transmitted to the director by all dealers, on or before the twentieth day of each month for the preceding calendar month. These returns shall show any further information that the director may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the returns and that, to the best of his knowledge and belief, the same are true, correct and complete.

(Parish Code 1979, § 11-114)

**State Law reference—** Similar provisions, R.S. 47:306(A)(1); reporting format for local sales and use taxes, R.S. 33:2713.1.


Sec. 25-203. - Tax to be remitted with return.

At the time of transmitting the return required under section 25-202 to the director, the dealer shall compute and remit to the parish therewith the amount of the tax due for the preceding calendar month under the applicable provisions of this article, and failure to so remit such tax shall cause the tax to become delinquent. All taxes, interest and penalties imposed under this article shall be paid to the parish in the form of remittance required by the director.

(Parish Code 1979, §§ 11-114, 11-115)

**State Law reference—** Similar provisions, R.S. 47:306(A)(1); reporting format for local sales and use taxes, R.S. 33:2713.1.


Sec. 25-204. - Gross proceeds from rental of personal property to be reported.

Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the director may prescribe.

(Parish Code 1979, § 11-116)

**State Law reference—** Taxation of proceeds from rentals or leases, R.S. 47:306(A)(2).

Sec. 25-205. - Extensions of time for filing return.

The director, for good cause, may extend, for not to exceed thirty (30) days, the time for making any returns required under the provisions of this article.

(Parish Code 1979, § 11-117)

**State Law reference—** Similar provisions, R.S. 47:306(A)(4).

Sec. 25-206. - Dealer declared agent of parish.

For the purpose of collecting and remitting to the parish the tax imposed by this article, the dealer is hereby declared to be the agent of the parish.

(Parish Code 1979, § 11-118)

**State Law reference—** Similar provisions, R.S. 47:306(A)(5).

Secs. 25-207—25-225. - Reserved.

DIVISION 8. - RECORDS AND INSPECTIONS

Sec. 25-226. - Records to be kept by dealers.

It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchase or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the director; and it shall be the duty of every such dealer moreover, to keep and preserve, for a period of three (3) years from the thirty-first day of December of the year in which such taxes became due, all invoices and other records of this article; and all such books, invoices and other records and shall be open to examination at all reasonable hours, by the director or any of his duly authorized agents.

(Ord. No. 4305, § I(11-127), 3-22-89)

Sec. 25-227. - All records to be kept for 3 years; inspection.

Each dealer shall secure, maintain and keep, for a period of three (3) years from the thirty-first day of December of the year in which such taxes became due, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed or stored, leased or rented within this parish by such dealer, together with

invoices, bills of lading, and other pertinent records and papers as may be required by the director for the reasonable administration of this article, and all such records shall be open for inspection to the director at all reasonable hours.

(Ord. No. 4305, § I(11-128), 3-22-89)

**State Law reference—** Similar provisions, R.S. 47:309; prescription of local sales and use tax refunds and credits, R.S. 33:2718.1; prescriptive period for local sales and use taxes, interest and penalties, R.S. 33:2718.4.

Sec. 25-228. - Wholesale dealers, jobbers to keep records of cash or credit sales; required information.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in this parish are hereby required to keep a record of all sales of tangible personal property made in this parish, whether such sales are for cash or on terms of credit. These records shall contain and include the name and address of the purchaser, the date of the purchase, the item purchased and the price at which the item is sold to the purchaser. These records shall be open to inspection of the director or his duly authorized assistants at all reasonable hours.

(Parish Code 1979, § 11-129)

**State Law reference—** Similar provisions, R.S. 47:310.

Sec. 25-229. - Examination, investigation by director.

(a) For the purpose of administering this article, the director, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer, to exhibit to the director or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(b) For the purpose of enforcing the collection of the tax levied by this article, the director is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms operating in this parish, whether they conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for the tax.

(Parish Code 1979, §§ 11-130, 11-131)

**State Law reference—** Similar provisions as to transportation companies, R.S. 47:311.

Sec. 25-230. - Parish records.

(a) The director shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions and orders and of any paper or papers filed in any office maintained by

him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(b)  The records and files of the director respecting the administration of this article shall be considered confidential and privileged and neither the director nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the director nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

(1)  In an action or proceeding under the provisions of this article; and

(2)  When the records or files or the facts shown thereby are directly involved in such action or proceeding.

(c)  Nothing contained in this article shall be construed to prevent:

(1)  The delivery to a dealer or his duly authorized representative of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2)  The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3)  The inspection by the district attorney or other legal representative of the parish of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4)  The examination of the records and files by the director or by his duly authorized agents; or

(5)  The furnishing, in the discretion of the director, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Parish Code 1979, §§ 11-132—11-134)

**State Law reference—** Public records law inapplicable to tax returns, R.S. 44:4(1).

Secs. 25-231—25-245. - Reserved.

DIVISION 9. - REMEDIES FOR COLLECTION

Sec. 25-246. - Presumption that property is for sale, use, consumption, etc., in parish.

For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property subject to the provisions of this article, imported into the parish or held in the parish by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the parish, or leased or rented within the parish, and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the director.

(Parish Code 1979, § 11-150)

**State Law reference—** Similar provisions, R.S. 47:314.

Sec. 25-247. - Failure to pay tax deemed delinquency; judgment prohibiting doing business.

Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause the tax, interest, penalties, and costs to become immediately delinquent, and the director has the authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two (2) nor more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why the dealer should not be ordered to cease from further pursuit of business as a dealer. If the rule is made absolute, the order rendered thereon shall be considered a judgment in favor of the parish, prohibiting the dealer from further pursuit of such business until such time as he has paid the delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court and punished according to law.

(Parish Code 1979, § 11-151)

**State Law reference—** Similar provisions, R.S. 47:314; power of courts to punish for contempt, C.C.P. art. 221 et seq.

Sec. 25-248. - Interest, penalties, attorney's fees for failure to pay tax.

If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, there shall be collected, with the tax, interest upon the unpaid amount, at the rate of one (1) percent per month, or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be due there shall also be collected a penalty equivalent to five (5) percent for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five (25) percent in aggregate, of the tax due, such penalty to be computed from the first day of the month next following the month for which the tax is due until it is paid; this penalty shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax; and in the event of suit, the dealer shall also be liable for attorney's fees at the rate of ten (10) percent of the aggregate of tax, interest and penalty.

(Ord. No. 4305, § I(11-152), 3-22-89)

**State Law reference—** Failure to collect tax, R.S. 47:304(C), (E).

Sec. 25-249. - Estimation, assessment of tax by director when dealer fails to report and pay; presumption of correctness; specific penalty.

(a) If any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report or a report that is false or fraudulent, the director shall make an estimate for the taxable period of the retail sales, or sales of services, of such dealer or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the parish, and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. If such estimate and assessment requires an examination of books,

records, or documents, or an audit thereof, then the director shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the parish sales tax fund in the same manner as are the taxes collected under this article.

(b) If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty of five (5) percent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and may be enforced either in a separate action or in the same action for the collection of the tax.

(Parish Code 1979, § 11-153)

**State Law reference—** Similar provisions, R.S. 47:307.

Sec. 25-250. - Final return of dealer selling, quitting business; purchasers to withhold taxes from purchase price; personal liability of purchaser.

If any dealer liable for any tax, interest or penalty levied under this article sells his business or stock of goods or quits the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting the business. His successor, successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the director showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods fails to withhold purchase money as provided in this section, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assignors.

(Parish Code 1979, § 11-154)

**State Law reference—** Similar provisions, R.S. 47:308.

Sec. 25-251. - Notice to be given creditors, holders of personalty, debtors of delinquent dealer; consent of director required prior to transfer or disposition.

If any dealer is delinquent in the payment of the tax provided for in this article, the director may give notice of the amount of such delinquency by registered mail to all persons having in their possession or under their control any credits or other personal property belonging to such dealer or owing any debts to such dealer at the time of receipt by them of such notice; and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the director shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the director of any and all such credits, other personal property or debts in their possession, under their control or owing by them, as the case may be.

(Parish Code 1979, § 11-155)

**State Law reference—** Failure to pay tax, rule to cease business, R.S. 47:314.

Sec. 25-252. - Director to ascertain true cost of imported goods and assess tax when dealer's invoice does not reflect same; presumption of correctness.

If the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the director shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(Parish Code 1979, § 11-156)

**State Law reference—** Similar provisions, R.S. 47:307(B).

Sec. 25-253. - Director authorized to fix consideration of leases and rentals when false.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the director, represent the true or actual consideration, then the director is authorized to fix the same and collect the tax thereon for the parish in the manner provided in section 25-252, with interest plus penalties, if such have accrued.

(Parish Code 1979, § 11-157)

**State Law reference—** Similar provisions, R.S. 47:307(C).

Sec. 25-254. - Remedy of director when transportation company refuses examination of records.

If any transportation company, agency or firm shall refuse to permit examination of its books, records and other documents by the director, the director may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require such transportation company, agency or firm to show cause why the director should not be permitted to examine its books, records or other documents. In case the rule is made absolute, the same shall be considered a judgment of the court, and every violation thereof shall be considered as a contempt of court and punished according to law.

(Parish Code 1979, § 11-158)

**State Law reference—** Similar provisions, R.S. 47:311; power of courts to punish for contempt, C.C.P. art. 221 et seq.

Sec. 25-255. - Late, fraudulent returns by dealer; notice to appear; hearing.

If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sale, purchases, leases, or rentals, or other transactions taxable under this article, or otherwise fails to comply with the provisions of this article for the taxable period for which the return is made, the director shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him or his assistant with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and the director may require such dealer, or the agents or employees of such dealers, to give testimony

or to answer interrogatories, under oath administered by the director or his assistants, respecting the sale at retail, the use, or consumption, or distribution, in this parish, or lease or rental of tangible personal property or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(Parish Code 1979, § 11-159)

**State Law reference—** Estimate of tax when incorrect information received, R.S. 47:307.

Sec. 25-256. - Director authorized to apply to court for order to enforce provisions.

If any dealer fails to make a return, or refuses to permit an examination of his books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the director may apply to any court of competent jurisdiction for an order requiring such dealer to make such return, or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examinations; and the court or any judge thereof shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon the dealer or the agents or employees of the dealer directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association, or corporation, or any agent or employee thereof failing to comply with any such order shall be guilty of contempt and shall be punished as provided by law in cases of contempt.

(Parish Code 1979, § 11-160)

**State Law reference—** Power of courts to punish for contempt, C.C.P. art. 221 et seq.

Sec. 25-257. - Importing tangible property in vehicle without permit deemed attempt to evade; seizure of vehicle and property.

The importation into this parish of tangible personal property which is subject to tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in section 25-77 (if the tax imposed by this article on such tangible personal property has not been paid), shall be construed as an attempt to evade payment of the tax and the same is hereby prohibited. The truck, automobile, or means of transportation other than a common carrier and the taxable property may be seized by the parish in order to secure the same as evidence in a trial, and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(Parish Code 1979, § 11-161)

**Cross reference—** Motor vehicles and traffic, Ch. 18.

**State Law reference—** Similar provisions, R.S. 47:313(B).

Sec. 25-258. - Attaching imported property for noncompliance; violations; penalty.

(a) The failure of any dealer who imports tangible personal property from outside the parish into the parish for use or consumption or distribution or storage to be used or consumed in this parish, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay any tax, interest, penalties, or costs under this article, shall ipso facto make the tax, interest, penalties and costs delinquent

and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether the delinquent dealer is a resident or nonresident of this parish, and whether the tangible personal property is in the possession of the delinquent dealer or in the possession of other persons; provided, that it is the intention of this article to prevent the disposition of such tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to the director.

(b)  In addition to the penalties prescribed in this section and section 25-257, any person or dealer who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisoned in jail for a period of not more than ninety (90) days or by both such fine and imprisonment, in the discretion of the court. Each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of this section shall constitute a separate offense.

(Parish Code 1979, § 11-162)

**State Law reference—** Similar provisions, R.S. 47:312.

Sec. 25-259. - Personal liability of dealers; lien declared; priority.

The liability of any person or dealer arising from any tax, interest and penalty, or any of them imposed by this article from the time they are due, shall be a personal debt of such person or dealer to the parish recoverable in any court of competent jurisdiction in an action at law by the parish. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the parish.

(Parish Code 1979, § 11-163)

**State Law reference—** Certain tax obligations to constitute a lien, privilege and mortgage, R.S. 47:1577.

Sec. 25-260. - Authority to require bond or security.

The parish may require a bond or other security satisfactory to the director for the payment of any taxes, fees, interests and penalties imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Parish Code 1979, § 11-164)

**State Law reference—** Suretyship, R.S. 9:3901 et seq.; collection of certain taxes by summary court proceeding, R.S. 47:1574.

Sec. 25-261. - Estimation, assessment by director when dealer fails to make return; notice; demand; prescription of claim.

If any person or dealer shall fail to make a return or report as required by this article, the director, within three (3) years from the thirty-first day of December of the year in which such taxes became due, may make an estimate of the amount of taxes such person or dealer is liable to pay under the terms of this article from any information he is able to conveniently obtain, and according to such estimate so made by him assess the taxes, fees, penalties and interest due the parish from such person or dealer, give notice of such assessment to such person or dealer, and must make demand upon him for payment, or otherwise the claim shall prescribe.

(Ord. No. 4305, § I(11-165), 3-22-89)

**State Law reference—** Prescriptive period for local sales and use taxes, interruption and suspension of prescription period, R.S. 33:2718.4; determination of tax in certain cases, R.S. 47:307.

Sec. 25-262. - Examination, audit of returns; assessment, demand of deficiency.

After a return or report is filed under the provisions of this article, the director shall cause to be examined and make such further audit or investigation as he may deem necessary, and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the parish from such person or dealer and make demand upon him for payment.

(Parish Code 1979, § 11-166)

**State Law reference—** Determination of tax in certain cases, R.S. 47:307.

Sec. 25-263. - Jeopardy assessments.

    (a)  If the director finds that any person or dealer liable for the payment of any tax under this article designs quickly to depart from this parish or to remove therefrom his property subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the director may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

    (b)  All taxes, penalties and interest assessed pursuant to the provisions of sections 25-260—25-262 shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by the parish. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinbefore provided, and any other penalties provided by this article, a sum equivalent to five (5) percent of the tax.

(Parish Code 1979, § 11-167)

**State Law reference—** Assessment and notice when certain taxes are in jeopardy, R.S. 47:1566.

Sec. 25-264. - Collection by distraint and sale.

If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the director, or his duly authorized representative who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of property or rights to property belonging to the delinquent dealer.

(Parish Code 1979, § 11-168)

**State Law reference—** "Distraint" defined, R.S. 47:1570.

Sec. 25-265. - Dealer liable for all uncollected taxes.

Any dealer who shall neglect, fail or refuse to collect the tax as provided in Division 5 of this article, upon any, every and all retail sales made by him, or his agent, or employee, which are subject to tax, shall be liable for and pay the tax himself.

(Parish Code 1979, § 11-169)

**State Law reference—** Similar provisions, R.S. 47:304(C).

Sec. 25-266. - Corporations not to dissolve, merge, reorganize, withdraw from state until amount due is paid.

No corporation organized under the laws of this state shall be dissolved or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from the state to transact business in this parish may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon such corporation in accordance with the provisions of this article shall have been fully paid.

(Parish Code 1979, § 11-171)

**State Law reference—** When certificate of dissolution may be issued to corporation, R.S. 12:148.

Sec. 25-267. - Payment of interest, penalties.

Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid shall pay in addition to the tax interest on the tax at the rate specified in section 25-248, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment. In addition, such person or dealer shall pay the special penalty or penalties provided by this article.

(Parish Code 1979, § 11-172)

**State Law reference—** Failure to collect tax, R.S. 47:304(C), (E).

Sec. 25-268. - Penalties, interest deemed part of tax, waiver for satisfactory explanation.

All penalties and interest imposed by this article shall be payable to and recoverable by the parish in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the director, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charge in excess of the rate of one-half of one (1) percent per month.

(Parish Code 1979, § 11-173)

**State Law reference—** Waiver of certain tax penalties, R.S. 47:1451, 47:1603.

Secs. 25-269—25-285. - Reserved.

DIVISION 10. - REFUNDS AND REIMBURSEMENTS

Sec. 25-286. - Tax credit for returned goods; claim for refund.

(a) If purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the director; and in case the tax has not been remitted by the dealer to the parish, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall not be longer than ninety (90) days, the parish, through the director, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the parish at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(b) If any dealer shall have given to the director notice within the time provided in subsection (a), such dealer thereafter, at any time within two (2) years after the payment of any original or additional tax assessed against him, may file with the director a claim under oath for refund, in such form as the director may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the director as provided in this article, or after proceeding on appeal has been finally determined.

(Parish Code 1979, §§ 11-181, 11-182)

**State Law reference—** Similar provisions, R.S. 47:315.

Sec. 25-287. - Overpayment credited against dealer's liability; refund; notice of rejection.

If, upon examination of such claim for refund, it shall be determined by the director that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there is no such liability, the dealer shall be entitled to a refund of the tax so overpaid. If the director shall reject the claim for refund in whole or in part, he shall make an order accordingly and serve notice upon such dealer.

(Parish Code 1979, § 11-183)

**State Law reference—** Credit for moneys paid to another jurisdiction, R.S. 33:2718.2.

Sec. 25-288. - Refund for erroneous, illegal collection of tax; certification by director.

Where no question of fact or law is involved, and it appears from the records of the parish that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the director may, at any time within two (2) years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the director shall authorize the payment thereof from any appropriation available for such purposes.

(Parish Code 1979, § 11-184)

**State Law reference—** Interest on refunds or credits, R.S. 33:2718; prescription of refunds and credits, R.S. 33:2718.1; sales tax refund, new housing construction, R.S. 33:2718.3.

Sec. 25-289. - Repayment of deposit by dealers.

When, to secure compliance with any of the provisions of this article, any moneys shall have been deposited with the parish by any dealer and shall have been paid over to the parish, and the director shall be satisfied that such dealer has fully complied with all such provisions, the director shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the director shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Parish Code 1979, § 11-185)

**State Law reference—** Suretyship, R.S. 9:3901 et seq.

Secs. 25-290—25-305. - Reserved.

DIVISION 11. - REMEDIES OF DEALERS

Sec. 25-306. - Right of action created; competent courts; procedure; interest on refunds.

(a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the director and shall give the director notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the director for a period of thirty (30) days; and if suit is filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the director shall refund the amount to the claimant, with interest at the rate of two (2) percent per annum covering the period from the date the funds were received by the parish to the date of refund.

(b) This division shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the director.

Case 2:21-cv-02106-JTM-KWR   Document 2-3   Filed 11/15/21   Page 862 of 1004

(Parish Code 1979, §§ 11-193, 11-194)

**State Law reference—** Interest on refunds or credits, R.S. 33:2718.

Sec. 25-307. - Legal remedy for certain causes of action; effect of payment under protest.

This division shall be construed to provide a legal remedy in the state, city or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of congress or the United States Constitution, or the Constitution of the state, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principal of law involved in an additional assessment is already pending before the courts for judicial determination, the dealer, upon agreement to abide by the decision of the courts, may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the director until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Parish Code 1979, § 11-195)

**State Law reference—** Remittance of certain taxes under protest, suits to recover, R.S. 47:1576.

Sec. 25-308. - Grievance procedure.

If any dealer shall be aggrieved by any finding or assessment of the director, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the director shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment nor shall it stay the right of the director to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and in an amount satisfactory to the director. Appeals from the decision of the director shall be directed to any state, city or federal court of competent jurisdiction as provided for in section 25-306(b).

(Parish Code 1979, § 11-196)

**State Law reference—** Board of appeals for local sales and use taxes, R.S. 33:2890.1 et seq., 36:4(E).

Secs. 25-309—25-325. - Reserved.

DIVISION 12. - DISPOSITION AND PROCEEDS OF REVENUES

Sec. 25-326. - Special fund.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the director, as an agent of the parish, under any provision of this article shall be deposited daily by the director for the account of the parish in a special fund designated as the Terrebonne Parish Sales Tax Fund, which fund shall be a separate bank account established and maintained with the regularly designated fiscal agent or

agents of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the director with such fiscal agent pending the final determination of the protest or litigation.

(Parish Code 1979, § 11-223)

**State Law reference—** Certain taxes paid under protest to be kept in escrow account, R.S. 47:1576.

Sec. 25-327. - Payment of administrative costs; subsequent use of proceeds.

(a)  Out of the funds on deposit in the parish sales tax fund, the director shall first pay all reasonable and necessary costs and expenses of administering and collecting the tax levied in this article and administering the provisions of this article as well as the various administrative and enforcement procedures established herein. Such costs and expenses shall include, by way of illustration but not of limitation, all necessary costs and expenses incurred for office equipment, furniture and supplies, vehicles and the maintenance and operation thereof, printing, postage, rent, salaries, and other related items. Such costs and expenses shall be reported by the director monthly to the council and the parish school board.

(b)  In compliance with the special election of September 15, 1964, after all reasonable and necessary costs and expenses of collection and administration of the tax levied by the resolution passed on October 14, 1964, have been paid as provided for in subsection (a), the remaining avails or proceeds of such tax shall be allocated and distributed monthly by the director with such proceeds being divided equally between the parish council and the parish school board until each has received five hundred thousand dollars ($500,000.00) during each calendar year, after which all of the remaining proceeds or avails of such tax for the calendar year shall be allocated and paid to the parish council until five hundred thousand dollars ($500,000.00) has been paid to the parish during the same calendar year. After the first one million five hundred thousand dollars ($1,500,000.00) of the net avails or proceeds of such tax have been paid to the parish council, the parish school board and the parish council (hereinafter sometimes referred to jointly as the governing authorities) during any calendar year as herein provided, any remaining avails or proceeds of such tax shall be distributed monthly by paying one-third of such avails or proceeds to each of the governing authorities. Payments by the director to the parish school board of its shares of the avails or proceeds of the tax shall relieve the parish council and the parish of any further responsibility as to the manner in which the distributed shares are appropriated and expended by the school board. The avails or proceeds received by each of the governing authorities shall be used solely for the purposes stated in the proposition as hereinbefore set forth, but each governing authority shall be solely responsible for the proper appropriation and expenditure of its allocation of the tax revenues.

(c)  The avails or proceeds of the tax imposed herein which is derived from the levy contained in the resolution passed on June 2, 1976 (after paying the reasonable and necessary costs of administering and collecting the tax) shall be dedicated and expended for the purpose of constructing, acquiring and improving hospital facilities for the Terrebonne General Hospital, including any necessary buildings, equipment, furnishing sites therefor and for the purpose of paying the principal, interest redemption premiums, if any, and reserve fund payments on any bonds or debt obligations of the parish issued for such hospital facilities as more fully set forth in propositions nos. 1 and 2 set forth in the preamble of the resolution passed on June 2, 1976, which levied part of the tax imposed by the provisions of this article.

(Parish Code 1979, §§ 11-224, 11-225)

**State Law reference—** Division of avails or proceeds of tax, uses, R.S. 33:2723.

Sec. 25-328. - Rights of bondholders.

It is recognized that in order to obtain funds for the purpose of paying all or any part of the cost of any public improvement on which the tax revenues may be expended, the governing authorities may issue bonds payable solely from an irrevocable pledge and dedication of their respective portions of the tax revenues, all in the form and manner and subject to the limitations and restrictions contained in Act No. 500 of 1964. It is further recognized that any holder of such bonds or coupons attached thereto shall have the necessary legal right to enforce and compel performance of all duties required to be performed by the parish council in connection with the levy and collection of the tax and the carrying out of the provisions of this article. When any bonds shall have been issued under the provisions of Act No. 500 of 1964 neither the parish, the parish council, the political subdivision having issued such bonds nor its governing authority may discontinue or decrease the tax hereby levied or permit the same to be discontinued or decreased in anticipation of the collection of which such bonds have been issued, or in any way make any change in the allocation and dedication of the proceeds of such tax which would diminish the amount of the tax revenues to be received by the governing authority of the political subdivision which has issued the bonds, until such bonds have been retired as to principal and interest, and there is hereby vested in the holders of such bonds and the coupons representing interest thereon a contract right to take appropriate legal action in this connection.

(Parish Code 1979, § 11-226)

**State Law reference—** Funding of sales and use tax receipts into bonds, R.S. 33:2724 et seq.

*Footnotes:*

*--- (2) ---*

**State Law reference—** *Sales taxes generally, R.S. 33:2711 et seq.; Uniform Local Sales Tax Code, R.S. 47:337.1 et seq.*

Sec. 42-53. - Adoption of Uniform Local Sales Tax Code.

Pursuant to the authority conferred by R.S. 47:337.4 (levy of sales and use tax), the provisions of R.S. 47:337.1 et seq., as amended, commonly referred to as the "Uniform Local Sales Tax Code," are hereby adopted by reference and incorporated herein as if set out fully and shall apply in the assessment, collection, administration and enforcement of the tax imposed herein.

Sec. 42-54. - Definitions.

The definitions set forth in R.S. 47:301 (Sales Tax - Definitions), as amended, shall be effective as definitions of the words, terms and phrases used in this article. All words, terms and phrases used herein, other than those specifically defined elsewhere in this article, shall have the respective meanings ascribed to them in R.S. 47:301, as amended, and shall have the same scope and effect that the same words, terms and phrases have where used in R.S. 47:301, as amended.

*Agricultural commodity* means horticultural, viticultural, poultry, farm and range products, and livestock and livestock products.

*Authority* means the police jury.

*Distraint* or *distrain* means the right to levy upon and seize and sell, or the levying upon or seizing and selling, any property or rights to property of the delinquent dealer by the officer charged with the collection of the tax for the purpose of satisfying any tax, interest or penalties due under the provisions of this article.

*Engaging in business in the parish (or the authority)* means and includes any of the following methods of transacting business: Maintaining directly, indirectly or through a subsidiary, an office, distribution house, sales house, warehouse or other place of business; or by having an agent, salesman, solicitor or employee operating within the parish under the authority of the seller or its subsidiary, irrespective of whether such place of business, agent, salesman, solicitor or employee is located in the parish permanently or temporarily, or whether such a seller or subsidiary is qualified to do business in the parish; or by having within the parish any choses in or causes of action, or any property or any liens on property, or any indebtedness due it in the parish, protected by the laws and courts of the parish.

*New article* means the original stock-in-trade of the dealer and shall not be limited to newly manufactured articles. The original stock or article, whether it is a used article or not, shall be subject to the tax.

*Person* means and includes any individual, firm, copartnership, joint venture, association, corporation, cooperative, estate, trust, business trust, receiver, syndicate, the state, any parish, city, municipality, state or public board, public commission or public or semipublic corporation, political subdivision, district or instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

(Code 1979, § 16-31; Ord. No. 349, § 1, 6-14-1983)

Sec. 42-55. - Imposition of tax.

(a)  There is hereby levied a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage for the use or consumption of tangible personal property and upon the sale of services within the parish as defined in this article. The levy of such tax shall be as follows:

(1)  At the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the authority and to include each and every retail sale.

(2)  At the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed or stored for use or consumption in the parish, provided there shall be no duplication of the tax.

(3)  At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined in this article, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the business.

(4)  At the rate of one percent of the monthly lease or rental price paid by the lessee or rentee, or contracted or agreed to be paid by the lessee or rentee to the owner of the tangible personal property.

(5)  At the rate of one percent of the gross proceeds derived from the sale of services, as defined herein.

(b)  Sales or use taxes paid to the authority on the purchase of new motor trucks and new motor tractors licensed and registered for 12,000 pounds or more, under the provisions of R.S. section 462, title 47 (R.S. 47:462), new trailers and new semitrailers licensed and registered for 16,000 pounds or more under the provisions of said section for rental, may be deducted as a credit against the tax due on the rental of that item of property so that no tax is payable on rental income until the tax paid on the purchase price has not been exceeded. The sales tax paid to another parish or taxing parish in the state, or in a county in a state other than Louisiana on the purchase price of property is not deductible from the tax subsequently due on the rental of such property in the parish. Property imported by the lessee for use in the parish that has been previously used by him in another parish is not subject to any tax on the value when imported, but is only subject to the tax that applies on rental payments. If the tax on rental income fails to exceed the credits for sales or use tax paid, no refund is due the purchaser. A dealer in the parish who ordinarily purchases personal property for sale and who withdraws a piece of property from stock for rental is not liable for a sales or use tax on the purchase price of the property when withdrawn from stock. Such person is liable only for the tax applicable on the rental income. Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(c)  The tax shall be collected from the dealer, as defined in this article, and paid at the time and in the manner hereinafter provided.

(d)  The tax so levied is and shall be in addition to all other taxes, whether levied in the form of sales, exercise, or license, privilege or property taxes levied by any other ordinance or resolution of the authority.

(e)  The dealer shall collect the tax levied by this article, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule prepared and furnished by the state collector of revenue under the provisions of R.S. 47:304. Such schedule shall include but is not limited to, in addition to the tax hereby levied pursuant to the election held on April 30, 1983, all sales taxes levied by the state and the one

total sales and use tax levied by the parish school board. The dealer will remit that portion of such total taxes representing the tax levied by this article to the collector. Copies of integrated bracket schedules are available to dealers on request to the authority or the collector.

(f)  The collection of the tax herein levied shall be made in the name of the authority by the collector.

(Code 1979, § 16-32; Ord. No. 349, § 2, 6-14-1983)

Sec. 42-56. - Exemptions and exclusions from tax.

(a)  The taxes imposed by this article shall not apply to transactions involving the following tangible personal property:

(1)  The gross proceeds derived from the sale in the parish of livestock, poultry and other farm products direct from the farm, provided that such sales are made directly by the producers. When sales of livestock, poultry and other farm products are made to consumers by any person other than a producer, they are not exempted from the tax imposed by this article; however, every agricultural commodity sold by any person, other than a producer, to any other person who purchases not for direct consumption but for the purpose of acquiring raw products for use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be exempted from any and all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer or any other utilization of or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one tax be exacted.

(2)  The use tax shall not apply to livestock and livestock products, to poultry and poultry products, or to farm, range and agricultural products when produced by the farmer and used by him and members of his family.

(3)  Where a part of the purchase price is represented by an article traded in, the sales tax is payable on the total purchase price less the market value of the article traded in, or in the case of a motor vehicle returned to a dealer's inventory, less the wholesale value of the vehicle returned.

(4)  The sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the parish of the following tangible personal property is hereby specifically exempted from the tax imposed by this article: gasoline, steam, water (not including mineral water or carbonated water or any water put up in bottles, jugs or containers, all of which are not exempted), electric power or energy, and any materials and energy sources used to fuel the generation of electric power; newspapers; fertilizer and containers used for farm products when sold directly to the farmer; natural gas; all energy sources when used for boiler fuel, except refinery gas when used for boiler fuel; new trucks, new automobiles and new aircraft withdrawn from stock by factory-authorized new truck, new automobile and new aircraft dealers, with the approval of the state department of revenue and taxation, and titled in the dealer's name for use as demonstrators; and the sale of prescription drugs under the pharmaceutical vendor program of title XIX of the Social Security Act as administered by the Department of Health and Human Resources.

(5)  The sales of materials and supplies to the owners or operators of ships or vessels operating exclusively in foreign or interstate coastwise commerce, where such materials and supplies are loaded upon the ship or vessel for use or consumption in the maintenance and operation thereof; nor to repair services performed upon ships or vessels operating exclusively in foreign or in interstate coastwise commerce;

nor to the materials and supplies used in such repairs where such materials and supplies enter into and become a component part of such ships or vessels; nor to laundry services performed for the owner operators of such ships or vessels operating exclusively in foreign or interstate coastwise commerce, where the laundered articles are to be used in the course of the operation of such ships or vessels. The provisions of this subsection do not apply to drilling equipment used for oil exploitation or production unless such equipment is built for exclusive use outside the boundaries of the state and is removed forthwith from the state upon completion.

(6)  The sale at retail of seeds for use in the planting of any kind of crops.

(7)  The sale of casing, drill pipe and tubing in the parish for use offshore beyond the territorial limits of the state for the production of oil, gas, sulphur and other minerals or vessels leased for such purposes or for the providing of services to those engaged in such production.

(8)  The sale or use of any materials, supplies or products for use in connection with any phase of the construction of the Toledo Bend Dam Project on the Sabine River.

(9)  The sale of admission tickets by little theatre organizations.

(10)  The sale of admission tickets by domestic nonprofit corporations or by any other domestic nonprofit organization known as a symphony organization or a society or organization engaged in the presentation of musical performances provided that this exemption shall not apply to performances given by out-of-state or nonresident symphony companies, nor to any performances intended to yield a profit to the promoters thereof.

(11)  The amount paid by the operator of a motion picture theatre to a distributing agency for use of films or photoplay.

(12)  The sale at retail of pesticides used for agricultural purposes, including particularly, but not by way of limitation, insecticides, herbicides and fungicides.

(13)  The sale at retail of tangible personal property purchased within the parish for use exclusively beyond the territorial limits of the parish. If tangible personal property purchased tax free under the provisions of this section is later brought into the parish for use herein, the property shall be subject to the use tax as of the time it is brought into the parish for use herein. If the first use of tangible personal property purchased in the parish for use beyond the territorial limits of the parish occurs in a city or parish of the state, or in a city or county in a state other than this state which imposes a sales or use tax, exemption provided herein shall apply only if:

   a.  The purchaser is properly registered for sale and use tax purposes in a city or parish in the state or in a city or county in a state other than this state, wherein such tangible personal property is used, and regularly reports and pays sales and use tax in such other city or parish in the state or in a city or county in a state other than this state;

   b.  The city or parish in the state or the city or county in a state other than this state in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that city or parish in the state, or city or county in a state other than this state for use in the parish; and

   c.  The purchaser obtains from the collector a certificate authorizing him to make the nontaxable purchases authorized under this section.

(14)  The amounts paid by radio and television broadcasters for the right to exhibit or broadcast copyrighted material and the use of film, video or audio tapes, records or any other means supplied by licensors

thereof in connection with such exhibition or broadcast.

(15)    The purchase or rental by private individuals of machines, parts thereof and materials and supplies which a physician has prescribed for home renal dialysis.

(16)    No new or additional sales or use tax shall be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of the ordinance from which this article is derived or to sales or services involved in such contracts entered into and reduced to writing within 90 days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to such effective date.

(17)    Purchases of equipment used in firefighting by bona fide organized public volunteer fire departments.

(18)    The sale of admissions to entertainment events furnished by recognized domestic nonprofit charitable, educational and religious organizations when the entire proceeds from such sales, except for necessary expenses in connection with the entertainment events, are used for the purposes for which the organizations furnishing the events were organized.

(19)    Sales of tangible personal property at, or admission charges for, events sponsored by domestic, civic, educational, historical, charitable, fraternal or religious organizations, which are nonprofit, when the entire proceeds, except for the necessary expense connected therewith, are used for educational, charitable, religious or historical restoration purposes.

  a.  The exemption provided herein shall not apply to any event intended to yield a profit to the promoter or to any individual contracted to provide services or equipment, or both, for the event.

  b.  This section shall not be construed to exempt regular commercial ventures of any type, such as bookstores, restaurants, gift shops, commercial flea markets and similar activities, that are sponsored by organizations qualifying hereunder which are in competition with retail merchants.

  c.  This section shall not be construed to exempt any organization or activity from the payment of sales or use taxes otherwise required by law to be made on purchases made by these organizations.

  d.  Such exemption shall be available pursuant to regulations prescribed by the collector.

(20)    Sales or purchases made by blind persons in the conduct of a business which is exempt from license taxes by R.S. 47:305.15.

(21)    Necessary fees incurred in connection with the installation and service of cable television. Such exemption shall not apply to the purchases made by any cable television system, but shall only apply to funds collected from the subscriber for regular service, installation and repairs.

(22)    Income on receipts from any coin-operated washing or drying machine in a commercial laundromat as defined in R.S. 47:305.17.

(23)    Purchases of airline equipment, airplane parts, and airplanes of any commuter airline domiciled in the state as defined in R.S. 47:305.21.

(24)    Sales from monetized bullion having a total value of $1,000.00 or more. For purposes of this section, the term "monetized bullion" means coins or other forms of money manufactured from gold, silver or other metals, and heretofore, now or hereafter used as a medium of exchange under the laws of this state, the United States, or any foreign nation.

(25)    A parish retail dealer who ordinarily purchases for resale equipment of a type not subject to titling under

R.S. title 32, such equipment having a dealer's cost of not less than $3,000.00 per unit, and such equipment being:

  a.  Mobile, motorized self-propelled farm equipment and attachments thereto;

  b.  Mobile, motorized earth-moving equipment and attachments thereto; and/or

  c.  Mobile, motorized self-propelled construction equipment and attachments thereto;

and who withdraws an item of such equipment from inventory, for rental, as a method for promoting sales, shall be exempt from the payment of sales or use tax on the purchase price of the property when withdrawn from inventory for such rental. The dealer shall be liable for the tax levied on the rental income, and sales tax upon any ultimate sale of said item.

(26)  The leasing of those vessels for use offshore beyond the territorial limits of the state for the production of oil, gas, sulphur and other minerals or for the providing of services to those engaged in such production.

(27)  The furnishing of vehicles by a dealer in new vehicles when such vehicles are withdrawn from inventory and furnished to a secondary school, college or public school board on a free loan basis for exclusive use in a driver education program accredited by the department of education.

(28)  The purchase of airplane equipment, airplane parts, and airplanes of any commuter airline domiciled in the state. A commuter airline is defined as any airline transporting passengers and/or freight on a regularly scheduled basis, with a minimum of 20 flights per week, whose schedule is published in the official airline guide but which has been exempted from the general rate and route regulations of the Civil Aeronautics Board under the provisions of 14 CFR 298.11 promulgated under the provisions of 49 USC 1324 and 1386. A commuter airline is further defined as any airline having ticket counters that are staffed at airports it serves, a reservations office operating at least 12 hours a day, seven days a week and interline ticket and baggage agreements through the Air Traffic Conference of America.

(29)  To the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption of each item or article of tangible personal property by a sheltered workshop for the mentally retarded licensed by the Department of Health and Human Resources as a day developmental training center for the mentally retarded.

(b)  It is not the intention of this article to levy a tax upon articles of tangible personal property imported into the parish or produced or manufactured in the parish for export; nor is it the intention of this article to levy a tax on a bona fide transaction in interstate commerce. It is, however, the intention of this article to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the parish of tangible personal property after it has come to rest in the parish and has become a part of the mass of property in the parish.

(c)  No tax shall be due under this article on the sale of any goods or personal tangible property delivered or service performed outside the territorial limits of the parish.

(Code 1979, § 16-33; Ord. No. 349, § 3, 6-14-1983)

Sec. 42-57. - Records and inspection thereof.

(a)  It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article,

Jefferson Parish Jefferson Code of Ordinances

and such other books of account as may be necessary to determine the amount of tax, due hereunder, and other information as may be required by the collector; and it shall be the duty of every such dealer, moreover, to keep and preserve, for a period of three years, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices and other records shall be open to examination at all reasonable hours, by the collector or any of his duly authorized agents.

(b) Each dealer shall secure, maintain and keep, for a period of three years, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within the parish by the dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(c) In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the parish are hereby required to keep a record of all sales of tangible personal property made in the parish, whether such sales are for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article purchased and the price at which the article is sold to the purchaser. These records shall be kept until the taxes to which they relate have prescribed and shall remain open to inspection of the collector or his duly authorized assistants or deputies at all reasonable hours.

(d) For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereinafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(e) For the purpose of enforcing the collection of the tax levied by this article, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in the parish whether such companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(f) The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidenced in all courts of the state of the same weight and force as the original thereof.

(g) The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof

or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except: in an action or proceeding under the provisions of this article; and when the records or files or the facts shown thereby are directly involved in such action or proceedings.

(h)  Nothing contained in this article shall be construed to prevent the delivery, use, furnishing or publication of the records and files maintained pursuant to this chapter in any manner or method as prescribed under state law.

(Code 1979, § 16-37; Ord. No. 349, § 7, 6-14-1983)

Sec. 42-58. - Imported goods; permits.

In order to prevent the illegal importation into the parish of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person or dealer may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having such truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into the parish, which property is subject to tax imposed by this article, to apply to the collector or his assistant for a permit starting the kind of vehicle, to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Code 1979, § 16-38; Ord. No. 349, § 8, 6-14-1983)

Sec. 42-59. - Remedies for collection, including interest, penalties, etc.

(a)  If the amount of tax due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax is due, there shall be collected, with the tax, interest upon unpaid amount, at the rate of interest as provided for in R.S. 47:1601 (Interest and Penalties - Interest on Unpaid Taxes), as amended, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due, there shall also be collected a penalty in an amount equal to and applied in the same manner as set forth in R.S. 47:1602 (Interest and Penalties - Penalty for Failure to Make Timely Return), as amended.

(b)  In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the parish and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct; and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires

an examination of books, records or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "Sales Tax Fund" in the same manner as are the taxes collected under this article. If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty of five percent of the tax or deficiency found to be due, or $10.00, whichever is greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(c) In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice, and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until 30 days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(d) If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which the return is made, the collector shall give such dealer 15 days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and the collector may require such dealer, or other agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the collector or his assistants, respecting the sale at retail, the use, or consumption, or distribution, or storage for use or consumption in the parish, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(e) If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's, books, records or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination; and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon the dealer or the agents or employees of such dealer, directing him to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(f) The importation into the parish of tangible personal property which is subject to tax, by truck, automobile or

other means of transportation other than a common carrier, without having first obtained a permit as described in section 42-58 (if the tax imposed by this article on tangible personal property has not been paid), shall be construed as an attempt to evade payment of the tax and the same is hereby prohibited, and the truck, automobile or means of transportation other than a common carrier, and the taxable property may be seized by the authority in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(g)  The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer, to the authority recoverable in any court of competent jurisdiction in an action at law by the authority. Such debts, whether sued upon or not, shall be a lien on all property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the authority.

(h)  The authority may require a bond or other security satisfactory to the collector for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(i)  If any person or dealer shall fail to make a return or report as required by this article, the collector, within three years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the authority from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the claim shall prescribe.

(j)  After a return or report is filed under the provisions of this article, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary; and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the authority from such person, or dealer, and make demand upon him for payment.

(k)  If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(l)  Any dealer who shall neglect, fail or refuse to collect the tax upon any, every, and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(m)  No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the parish may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest and other charges imposed upon the corporation in accordance with the provisions of this article shall have been fully paid.

(n)  Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall
      required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in subs
      (c) of this section, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date
      tax was originally due to the date of actual payment. In addition, such person or dealer shall pay any special per
      provided by this article.

(o)  All penalties and interest imposed by this article shall be payable to and reconvertable by the authority in the
      same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained
      to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty,
      and may remit or waive payment of any interest charged in excess of the rate of 0.5 percent per month.

(Code 1979, § 16-39; Ord. No. 349, § 9, 6-14-1983)

Sec. 42-60. - Refunds and reimbursements.

(a)  If any dealer shall have given to the collector notice, such dealer thereafter, at any time within two years after
      the payment of any original or additional tax assessed against him, may file with the collector a claim under
      oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim
      for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed
      with the collector as hereinafter provided, or after a proceeding on appeal has been finally determined.

(b)  If, upon examination of such claim for refund, it shall be determined by the collector that there has been an
      overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer
      under this article, and if there is no such liability, the dealer shall be entitled to a refund of the tax so
      overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order
      accordingly and serve notice upon such dealer.

(c)  When, to secure compliance with any of the provisions of this article any moneys shall have been deposited
      with the authority by any dealer, and shall have been paid over to the authority and the collector shall be
      satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and
      authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or
      such part thereof as the collector shall certify has not been applied by him to the satisfaction of any
      indebtedness arising under this article.

(Code 1979, § 16-40; Ord. No. 349, § 10, 6-14-1983)

Sec. 42-61. - Remedies of the dealer.

(a)  A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this
      article; and in case any such dealer resists the payment of any amount found due, or the enforcement of any
      provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and
      shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon
      receipt of such notice, the amount so paid shall be segregated and held by the collector for a period of 30
      days; and if suit is filed within such time for recovery of such amount, such funds so segregated shall be
      further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to
      the claimant, with interest at the rate of two percent per annum covering the period from the date the funds
      were received by the authority to the date of refund.

(b)  This subsection shall afford a legal remedy and right of action in any state, city or federal court, having

jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(c) This subsection shall be construed to provide a legal remedy in the state, city or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of the United States Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the dealer, upon agreement to abide by the decision of the courts may pay the additional assessment under protest, but need not file an additional suit. In such cases, the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d) If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within 30 days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order conforming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be directed to any state, city or federal court of competent jurisdiction as provided for in subsection (b) of this section.

(Code 1979, § 16-41; Ord. No. 349, § 11, 6-14-1983)

Sec. 42-62. - Other administrative provisions.

(a) The collector is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by this authority.

(b) The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(c) The collector shall design, prepare, print and furnish to all dealers or make available to the dealers all necessary forms for filing returns, and instructions to ensure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of the taxes at the time and in the manner herein provided.

(d) The cost of preparing and distributing the report forms and paraphernalia for the collection of the tax, and of the inspection and enforcement duties required herein, shall be borne by the collector.

(e) The provisions of this subsection shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date hereof, except as provided in section 42-53(a)(16).

(f) The provisions of this subsection shall not apply to tangible personal property actually imported or caused to

be imported into, or stored within, the territorial limits of the parish prior to the effective date of this article, if the tangible personal property is actually used or consumed by the person who imported and stored the tangible personal property.

(g) It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, disposition, statement or report required by the collector in the administration of this article.

(h) The collector, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within the 14 days after requested by the collector in writing.

(i) Any notice required to be given by the collector pursuant to this article, may be given by personal service to the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(j) The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee which shall be deposited in the sales tax fund."

(k) Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the authority of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws, ordinances, or resolutions.

(l) The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the authority of any kind or nature.

(Code 1979, § 16-42; Ord. No. 349, § 12, 6-14-1983)

Sec. 42-63. - Disposition of tax proceeds and revenues.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the collector as an agent of the authority under any provision or provisions of this article shall be promptly deposited by the collector for the account of the authority in a special fund designated sales tax fund, which fund shall be established and maintained as sacred funds of the authority; however, any amount which is paid under protest of which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(b) Out of the funds on deposit in the sales tax fund, the collector shall first pay all reasonable and necessary expenses of collecting the tax levied hereby and administering the provisions of this article as well as the various administrative procedures established herein.

(c)  In compliance with the special election of April 30, 1983, authorizing the tax, after all reasonable and necessary and expenses of collecting and administering the tax have been paid as provided in subsection (b) of this section remaining balance of the sales tax proceeds shall be available for appropriation and expenditure by the authori solely for the purposes designated in the proposition authorizing the levy of the tax, as approved by a majority qualified electors of the parish voting in a special election held therein on April 30, 1983, including the payment bonds issued pursuant to the proposition.

(Code 1979, § 16-43; Ord. No. 349, § 13, 6-14-1983)

Sec. 42-64. - Collector as agent and trustee for governing body.

It is hereby recognized that the tax herein levied is being levied by and on behalf of the authority as herein provided and that the collector is acting as agent for the authority for the purpose of administration and collection of the tax.

(Code 1979, § 16-44; Ord. No. 349, § 13, 6-14-1983)

Secs. 42-65—42-86. - Reserved.

ARTICLE IV. - SALES TAX

DIVISION 1. - GENERALLY

> *Footnotes:*
>
> *--- (4) ---*
>
> ***Editor's note—*** *Ord. No. 1-1991, §§ 1—14, adopted March 11, 1991, has been codified herein as superseding the provisions in former Div. 1, §§ 20-56—20-71. Former Div. 1, §§ 20-56—20-71, pertained to similar subject matter and derived from Ord. No. 2-1986, adopted March 10, 1986.*

Sec. 20-56. - Definitions.

As used in this division, the words, terms and phrases "business", "cost price", "dealer", "gross sales", "hotel", "lease or rental", "person", "purchaser", "retail sale", "sale at retail", "retailer", "sale", "sales price", "sales of services", "storage", "tangible personal property", "off-road vehicle", "use", "use tax" and "drugs" have the meanings ascribed to them in Section 47:301 of the Revised Statutes, unless the context clearly indicates a different meaning. The term "collector" means and includes the secretary of the governing body or her duly authorized assistant or assistants or such other person or persons, agency or instrumentality designated by the governing body to handle and accomplish the collection, enforcement and administration of sales and use taxes on behalf of the authority.

(Ord. No. 1-1991, § 1, 3-11-91)

Sec. 20-57. - Imposition of tax.

(a) Pursuant to the authority of a special election held in the parish on March 12, 1996, there be and there is hereby levied from and after April 1, 1996, for the purposes stated in the propositions attached hereto as Exhibit A and Exhibit B [5], a one (1) percent sales and use tax and a one-half (½) percent sales and use tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and upon the sale of services within the parish (the "taxes"), all in the manner and subject to the provisions and terms of those portions of Chapter 2, Title 47 of the Louisiana Revised Statutes of 1950, as amended (the "sales tax law"), applicable to sales and use taxes levied by local governments, and an ordinance adopted by this governing authority on November 13, 1990, providing for the levy and collection of identical amounts of sales and use taxes in the parish for a five-year period ending March 31, 1996 (the "prior sales tax ordinance") except as to the term and purposes for which the taxes are to be levied, all provisions of the prior sales tax ordinance shall remain in full force and effect.

(b) The taxes shall be collected on the basis of the applicable integrated bracket schedule prescribed by the Collector of Revenue, State of Louisiana, pursuant to R.S. section 47:304. The dealers shall remit to the parish the proportionate part of the taxes collected in accordance with said integrated bracket schedule.

(c) The taxes levied hereby shall be assessed, imposed, collected, paid and enforced in the manner as provided by the sales tax law applicable to the assessment, imposition, collection, payment and enforceability of sales and use taxes of local governments and the prior sales tax ordinance. All of the provisions of the prior sales tax ordinance and the sales tax law applicable to the assessment, imposition, collection, payment and enforcement of sales and use taxes by local governments, shall apply to the assessment, collection, payment and enforcement of the taxes herein levied as though all such provisions were set forth in full herein.

(d)   The obligations and rights of taxpayers and dealers in connection with the taxes levied hereby shall be as provided for taxpayers and dealers by the provisions of the prior sales tax ordinance and the sales tax law applicable to sales and use taxes levied by local governments.

(e)   The administrator of the Vernon Parish sales and use tax department be and he is hereby authorized, empowered and directed to carry into effect the provisions of this section, to appoint deputies, assistants or agents to assist him in the performance of his duties, and in pursuance thereof to make and enforce such rules as he may deem necessary, subject to the action of the parish.

(f)   The taxes levied by this section are authorized to be collected by a "collector" which term shall mean and include the administrator of the Vernon Parish sales and use tax department and duly authorized assistants or such other person or persons, agency or instrumentality designated by the governing body to handle and accomplish the collection, enforcement and administration of sales and use taxes on behalf of the parish.

(g)   For the purpose of compensating the dealer in accounting for and remitting the taxes levied by this section, each dealer shall be allowed two (2) percent of the amount of taxes due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(h)   That all taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision or provisions of this ordinance relating to the taxes shall be promptly deposited by the collector for the account of the governing body in the special funds heretofore established and maintained for the deposit of such proceeds, which funds shall be separate bank accounts established and maintained with the regularly designated fiscal agent of the parish, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent pending the final determination of the protest or litigation. Out of the funds on deposit in such special funds, the collector shall first pay all reasonable and necessary costs and expenses of administering and collecting the taxes and administering the provisions of this section and as well as the various administrative and enforcement procedures. Such costs and expenses shall be reported by the collector monthly to the governing body. In compliance with the said special election of March 12, 1996, authorizing the taxes, after all reasonable and necessary costs and expenses of collecting and administration of the taxes have been paid as provided for above, the remaining balance in such special funds shall be available for appropriation and expenditures by the governing body solely for the purposes designated in the propositions authorizing the levy of the taxes.

(i)   All funds or accounts described herein may be separate funds or accounts or may be a separate accounting within a general or sweeps fund or account containing monies from multiple sources so long as separate accounting of such monies is maintained.

(j)   If any or more of the provisions of this section shall for any reason be held to be illegal or invalid, such illegality or invalidity shall not affect any other provision of this section, but this section shall be construed and enforced as if such illegal or invalid provisions had not been contained herein. Any constitutional or statutory provision enacted after the date of this section which validates or makes legal any provision of this section which would not otherwise be valid or legal, shall be deemed to apply to this section.

(k)   The taxes levied hereby are and shall be in addition to all other taxes, whether levied in the form of sales, excise, or license, privilege or property taxes levied by any other ordinance or resolution adopted by this governing body.

(Ord. No. 1-1991, § 2, 3-11-91; Ord. No. 6-1991, §§ 1, 2, 6-27-91; Ord. No. 4-1996, §§ 1—11, 3-18-96)

> *Footnotes:*
>
> --- *(5)* ---
>
> **Note—** *Exhibits A and B are not set out herein, but is on file and available for inspection in the office of the parish secretary-treasurer.*

Sec. 20-58. - Exemptions and exclusions from tax.

The levy of the taxes imposed by this division shall not apply to those transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of Chapter 2 of Title 47 of the Louisiana Revised Statutes of 1950, as amended, and other applicable statutory authority.

(Ord. No. 1-1991, § 3, 3-11-91)

Sec. 20-59. - Collection of tax by dealer.

(a) The taxes levied by this division shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in subsection 20-59(f). The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of the sale; provided, however, that the governing body shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(b) Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use, or other consumption, in the authority, shall, at the time of making sales, collect the tax imposed by this division from the purchaser.

(c) The dealer shall, as far as practicable, add the exact amount of the tax imposed under this division, or the average equivalent thereof, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.

(d) In order to aid in the administration and enforcement of the provisions of this division, and to collect all of the taxes imposed by this division, on or before April 1, 1991, or in the case of dealers commencing business after April 1, 1991, or opening new places of business after such date, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by the collector. The collector shall, within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(e) A manufacturer, wholesaler dealer, jobber or supplier shall refuse to accept a certificate that any property upon which a tax is imposed by this division is purchased for resale, and shall collect the tax imposed by this division, unless the purchaser shall have filed a certificate of registration and received a certificate of

authority to collect the tax imposed by this division; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him, but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the governing body the tax herein imposed.

(f)  The tax imposed by this division upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the Louisiana Vehicle Registration License Tax of the State of Louisiana shall be collected as provided in this section.

   (1)  The tax levied by this division on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue of the State of Louisiana at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

       a.  The tax levied by this division on the sale of any such vehicle shall be due at the time of registration or any transfer of registration is required by the Vehicle Registration License Tax Law of the State of Louisiana (R.S. 47:451, et seq.).

       b.  The tax levied by this division on the use of any such vehicle in the unincorporated area of the authority shall be due at the time first registration in the authority is required by the Vehicle Registration License Tax Law (R.S. 47:451, et seq.).

   (2)  Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

   (3)  It is not the intention of this section to grant an exemption from the tax levied by this division to any sale, use, item or transactions which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the secretary of the Department of Revenue and Taxation of the State of Louisiana, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of said secretary of the Department of Revenue in accordance with an agreement by and between said secretary of the Department of Revenue or the vehicle commissioner as agent therefor and the governing body, the execution of which agreement is hereby authorized. Said tax so collected for said secretary of the department of revenue shall be paid to the governing body and sent to the collector as soon as possible, and in any event at least once each quarter, all in accordance with the said agreement.

   (4)  The provision contained in Section 47:301(10) of the Revised Statutes which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject to this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(g)  All auctioneers shall register as dealers and shall display their registration to the public as a condition of

doing business in the governing body. Such auctioneers or the company which they represent shall be responsible for the collection of the tax authorized herein and shall report and remit same as provided by this division.

(h)  Contracts for the membership in health and fitness clubs are subject to the tax authorized herein and shall be due and payable on a monthly basis computed on the amount paid each month less any actual imputed interest or collection fees or unpaid reserve amounts not received by a health and fitness club, provided no tax shall be due or payable on amounts collected on such contracts prior to the effective date of the tax.

(i)  A person engaged in any business taxable under this division shall not advertise or hold out to the public, in any manner directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this division.

(j)  Where the taxes collected for any period are in excess of the amounts authorized herein, the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(k)  Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this division, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the governing body, and it shall be the duty of this purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the governing body within fifteen (15) days after such sale was made or rendered.

(l)  For the purpose of compensating the dealer in accounting for and remitting the tax levied by this division, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. No. 1-1991, § 4, 3-11-91)

Sec. 20-60. - Collection of tax from dealer.

(a)  The tax imposed by this division shall be collectible by the collector on behalf of the governing body from all persons engaged as dealers.

(1)  The collector is duly authorized and empowered to carry into effect the provisions of this division, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one (1) time in the official journal of the authority.

(2)  The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the tax imposed hereunder.

(3)  Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this division.

(4)  The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this division.

(b)  On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by

this division on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption, in the authority. For the purpose of this division, use or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(c)  A credit against the use tax imposed by this division shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in the State of Louisiana, or city or county in a state other than Louisiana. The credit provided herein shall be granted only in the case where the city or parish in the State of Louisiana, or the city or county in a state other than Louisiana to which a similar tax has been paid, grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in the State of Louisiana, or to a city or county in a state other than Louisiana, shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by the governing body upon the said tangible personal property which is the subject of the use tax imposed by this division.

(Ord. No. 1-1991, § 5, 3-11-91)

Sec. 20-61. - Returns and payment of tax.

(a)  The tax levied under this division shall be due and payable by all dealers monthly on the first day of the month.

(b)  For the purpose of ascertaining the amount of tax payable under this division, it shall be the duty of all dealers on or before the twentieth day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by the collector, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of this division to the end of such month. Thereafter, like returns shall be prepared and transmitted to the collector by all dealers, on or before the twentieth day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to the governing body the required tax due for the preceding calendar month.

(c)  At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the governing body therewith, the amount of the tax due under the applicable provisions of this division, and failure to so remit such tax shall cause said tax to become delinquent. All taxes, interest and penalties imposed under this division shall be paid to the governing body in the form of remittance required by the collector.

(d)  Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(e) The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this division.

(f) For the purpose of collecting and remitting to the governing body the tax imposed herein, the dealer is hereby declared to be the agent of the governing body.

(Ord. No. 1-1991, § 6, 3-11-91)

Sec. 20-62. - Records and inspection thereof.

(a) It shall be the duty of every dealer to make a report and pay any tax under this division, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this division, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for a period of three (3) years, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this division; and all such books, invoices, and other records shall be open to examination at all reasonable hours, by the collector.

(b) Each dealer shall secure, maintain and keep, for a period of three (3) years, a complete record of sales and services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this division, and all such records shall be open for inspection to the collector at all reasonable hours.

(c) In order to aid in the administration and enforcement of the provisions of this division, and to collect all of the tax imposed by this division, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the collector at all reasonable hours.

(d) For the purpose of administering this division, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this division, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this division, hereafter referred to as a "deputy", the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(e) For the purpose of enforcing the collection of the tax levied herein, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in the authority whether said companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this division, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(f)  The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and ord
made by him or by any deputy of his department in charge of the collection of the tax imposed by this division.
of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the admini
of this division may be authenticated under his official signature, and when so authenticated, shall be evidence
court of the state of the same weight and force as the original thereof.

(g)  The records and files of the collector respecting the administration of this division shall be considered
confidential and privileged and neither the collector nor any employee engaged in the administration thereof
or charged with the custody of any such records or files shall divulge or disclose any information obtained
from such records or files or from any examination or inspection of the premises or property of any dealer.
Neither the collector nor any employee engaged in such administration or charged with the custody of any
such records or files shall be required to produce any of them for the inspection of any person or for use in
any action or proceeding except:

(1)  In an action or proceeding under the provisions of this division; and,

(2)  When the records or files or the facts shown thereby are directly involved in such action or proceedings.

(h)  Nothing contained in this division shall be construed to prevent:

(1)  The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other
paper filed by him pursuant to the provisions of this division;

(2)  The publication of statistics so classified as to prevent the identification of any return or report and the
items thereof;

(3)  The inspection by the legal representative of the governing body of the returns, reports or files relating to
the claim of any dealer who shall have brought an action to review or set aside any tax imposed under
this division or against whom an action or proceeding has been instituted in accordance with the
provisions hereof;

(4)  The examination of the records and files by the collector; or

(5)  The furnishing, in the discretion of the collector, of any information disclosed by the records or files to
any official person or body of any other state or of the United States who shall be concerned with the
administration of any similar tax by that state or the United States.

(Ord. No. 1-1991, § 7, 3-11-91)


Sec. 20-63. - Imported goods permits.

In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax,
and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this
division, the collector is hereby authorized and empowered to put into operation a system of permits whereby any
person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other
than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to
legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import
tangible personal property into the authority, which property is subject to tax imposed by this division, to apply to the
collector for a permit stating the kind of vehicle, to be used, the name of the driver, the license number of the vehicle,
the kind or character of tangible personal property to be imported, the date, the name and address of the consignee,
and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the
applicant and may be obtained at the office of the collector.

(Ord. No. 1-1991, § 8, 3-11-91)

Sec. 20-64. - Remedies for collection including interest penalties, etc.

(a) For the purpose of the enforcement of this division, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this division, imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, and is subject to the tax herein levied; provided that such presumption shall be prima facie only and subject to proof furnished to the collector.

(b) Failure to pay any tax due as provided in this division, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the governing body is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why such dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgement in favor of the governing body, prohibiting such dealer from the further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(c) If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate of fifteen (15) percent per annum or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five (5) percent for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five (25) percent in aggregate, of the tax due, when such tax is not paid within thirty (30) days of the date the tax first becomes due and payable, and in the event of suit, attorneys' fees at the rate of ten (10) percent of the aggregate of tax, interest and penalty.

(d) (1) In the event any dealer fails to make a report and pay the tax as provided by this division, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.

(2) In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(3) In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgement of the collector, represent the true or actual consideration, then

the collector is authorized to fix the same and collect the tax thereon for the governing body in the same manner as above-provided in the foregoing paragraph.

(4) In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "sales tax fund" in the same manner as are the taxes collected under this division.

(5) If any dealer fails to make any return required by this division or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty of five (5) percent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(e) If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners, or assignors.

(f) In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(g) In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case said rule be made absolute, the same shall be considered a judgement of the court and every violation of said judgement as a contempt thereof and punished according to law.

(h) If any dealer, subject to make and file a return required by any of the provisions of this division, fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this division, or otherwise fails to comply with the provisions of this division, for the taxable period for which said return is made, the collector shall give such dealer fifteen (15) days' notice,

in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and the collector may require such dealer, or other agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the collector, respecting the sale at retail, the use, or consumption, or distribution, or storage for use or consumption, in the authority, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this division.

(i)  If any dealer fails to make a return, or refuses to permit an examination of his (the dealer's) books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(j)  The importation into the authority of tangible personal property which is subject to the tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in section 20-63 (if the tax imposed by this division on said tangible personal property has not been paid), shall be construed as an attempt to evade payment of said tax and the same is hereby prohibited, and the said truck, automobile, or means of transportation other than a common carrier, and said taxable property may be seized by the governing body in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this division.

(k)  The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this division, to pay the required tax on such transactions, shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that it is the intention of this division to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this division, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to the governing body.

In addition to the penalties prescribed in this and the preceding subsection (j), any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisonment in jail for a period of not more than ninety (90) days or by both such fine and imprisonment, in the

discretion of the court. And, each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(l)   The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this division, from the time they are due, shall be a personal debt of such person, or dealer, to the governing body recoverable in any court of competent jurisdiction in an action at law by the governing body. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgement or order obtained hereunder shall be paid to the governing body.

(m)  The governing body may require a bond or other security satisfactory to the collector for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this division when he shall find that the collection thereof may be prejudiced without such security.

(n)   If any person, or dealer, shall fail to make a return or report as required by this division, the collector, within three (3) years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this division, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the governing body from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(o)   After a return or report is filed under the provisions of this division, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary, and if there from, he shall determine that there is a deficiency with respect to the payment of any tax due under this division, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the governing body from such person, or dealer, and make demand upon him for payment.

(p)   If the collector finds that any person, or dealer liable for the payment of any tax under this division designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this division, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

All taxes, penalties and interest assessed pursuant to the provisions of the last three (3) preceding sections, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by the governing body. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this division, a sum equivalent to five (5) percent of the tax.

(q)   If any dealer against whom taxes have been assessed under the provisions of this division shall refuse or

neglect to pay such taxes within the time prescribed in this division, it shall be lawful for the collector, or his duly authorized representative, who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(r) Any dealer who shall neglect, fail or refuse to collect the tax as provided in subsections 20-59(a)—(j) of this division, upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(s) For any one (1) of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court:

(1) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under subsections 20-59(a)—(j) of this division and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2) Any dealer who shall fail, neglect, or refuse to collect the tax as provided in subsections 20-59(a)—(j) of this division, whether by himself or through his agents or employees;

(3) Any dealer violating the provisions of subsections 20-64(e) and (f) of this division;

(4) Any dealer who fails to permit an inspection of records by the collector as provided in section 20-62(a) of this division;

(5) Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in subsection 20-62(c) of this division;

(6) Any dealer, wholesale dealer or jobber who violates the provisions of subsections 20-59(d) and (e) of this division;

(7) Any dealer who violates the provisions of subsection 20-62(b) of this division;

(8) Any dealer failing or refusing to furnish any return as provided in subsections 20-61(a)—(f) of this division, or failing or refusing to furnish a supplemental return, or other data required by the collector;

(9) Any dealer required to make, render, sign or verify any return as provided in subsections 20-61(a)—(f) of this division, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of subsection 20-64(t) of this division; provided that such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this division for the recovery of the tax, interest and penalties that may be due; and

(11) Any person who shall violate any other provisions of this division, punishment for which is not otherwise herein provided.

(t) No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with provisions of this division shall have been paid in full. No foreign corporation which has obtained authority

from this state to transact business in the authority may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest, and other charges imposed upon said corporation in accordance with the provisions of this division shall have been fully paid.

(u) Any person or dealer who shall fail to pay any tax levied by this division on or before the day when such tax shall be required by this division to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in subsection 20-64(c) of this division, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment. In addition, such person or dealer shall pay any special penalty or penalties provided by this division.

(v) All penalties and interest imposed by this division shall be payable to and recoverable by the governing body in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty, and may remit or waive payment of any interest charged in excess of the rate of one-half (½) percent per month.

(Ord. No. 1-1991, § 9, 3-11-91)


Sec. 20-65. - Refunds and reimbursements.

(a) In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this division has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector and in case the tax has not been remitted by the dealer to the governing body, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall not be longer than ninety (90) days, the governing body, through the collector, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the governing body at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this division.

(b) If any dealer shall have given to the collector notice within the time provided in subsection 20-65(a) of this division, such dealer thereafter, at any time within two (2) years after the payment of any original or additional tax assessed against him, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(c) If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this division, and if there be no such liability, said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part, he shall make an order accordingly and serve notice upon such dealer.

(d) Where no question of fact or law is involved, and it appears that the records of the governing body that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within two (2) years of payment, upon making a record

in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(e) When, to secure compliance with any of the provisions of this division any moneys shall have been deposited with the governing body by any dealer, and shall have been paid over to the governing body and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this division.

(Ord. No. 1-1991, § 10, 3-11-91)

Sec. 20-66. - Remedies of the dealer.

(a) A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this division; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period of thirty (30) days; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate of two (2) percent per annum covering the period from the date the said funds were received by the governing body to the date of refund.

(b) This section shall afford a legal remedy and right of action in any state, municipal or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this division, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(c) This section shall be construed to provide a legal remedy in the state, municipal or federal courts, by action of law, in case such tax is claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principal of law involved in an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(d) If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, municipal or federal court of competent jurisdiction as provided for in subsection 20-66(b).

(Ord. No. 1-1991, § 11, 3-11-91)

Sec. 20-67. - Other administrative provisions.

(a)  The collector is hereby authorized and empowered to carry into effect the provisions of this division and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this division and other policies or procedures established by the governing body.

(b)  The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this division or the laws and the constitution of this state or of the United States, for the enforcement of the provisions of this division and the collection of the revenues and penalties imposed by this division.

(c)  The collector shall design, prepare, print and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to insure a full collection from dealers and an accounting for the tax due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said tax at the time and in the manner herein provided.

(d)  The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne by the collector.

(e) (1)  In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of this division and containing the sale price, and delivery is made after the effective date of this division, and such sale is taxable under this division, the seller shall add the tax imposed by said division to said sale price, and collect it from the buyer.

(2)  The provisions of this section shall also apply where such tangible personal property is not sold but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date hereof, except no new or additional sales or use tax shall be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of this division or to sales or services involved in such contracts entered into and reduced to writing within ninety (90) days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to such effective date.

(3)  The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the unincorporated area of the authority prior to the effective date of this division, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(f)  It shall be lawful for the collector, or any deputy by him duly designated to receive the written oath of any person signing any application, disposition, statement, or report required by the collector in the administration of this division.

(g)  The collector, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this division. Such examinations or hearings shall be at a time convenient to the dealer within fourteen (14) days after requested by the collector in writing.

(h)  Any notice required to be given by the collector pursuant to this division, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such

dealer at the address given in the last report filed by him pursuant to the provisions of this division, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(i) The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions, and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this division. Copies of such rules, decisions, or orders and of any paper or papers filed in any office maintained by him in the administration of this division, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee of one dollar ($1.00) which shall be deposited in the sales tax fund.

(j) Nothing in this division shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the governing body of the authority of any remedy for the enforcement of this division through any procedure or remedies expressly provided in this division imposing the tax herein levied or in any other law, nor shall this division be construed as repealing or altering any such laws, ordinances, or resolutions.

(k) If any section, subsection, sentence, clause, or phrase of this division be held invalid, such decisions shall not affect the validity of the remaining portions of this division. The governing body hereby declares that it would have passed this division, and each section, subsection, sentence, clause, and phrase thereof irrespective of the fact that any one (1) or more section, subsections, sentences, clauses, or phrases may be so declared invalid.

(l) The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the governing body of any kind or nature.

(Ord. No. 1-1991, § 12, 3-11-91)

Sec. 20-68. - Disposition of tax proceeds and revenues.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the collector as an agent of the governing body under any provision or provisions of this division shall be promptly deposited by the collector for the account of the governing body as follows: That of the one-half (½) percent tax shall be deposited into the one-half (½) sales tax fund and that of the one (1) percent tax shall be deposited into the one (1) percent sales tax fund, which funds shall be established and maintained as sacred funds of the governing body, provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(b) Out of the funds on deposit in said sales tax fund, the collector shall first pay all reasonable and necessary expenses of collecting and administering the tax levied hereby and administering the provisions of this division as well as the various administrative procedures established herein.

(c) In compliance with the said special elections authorizing said taxes, after all reasonable and necessary costs and expenses of collecting and administering the tax have been paid as provided in subsection 20-68(b), the remaining balance of the respective sales tax proceeds shall be available for appropriation and expenditure

by the governing body solely for the respective purposes designated in the propositions authorizing the levy of the taxes (annexed hereto as Exhibit "A" and Exhibit "B"), as approved by a majority of the qualified electors of the authority voting in said special elections.

(Ord. No. 1-1991, § 13, 3-11-91; Ord. No. 6-1991, § 2, 6-27-91)

Sec. 20-69. - Collector as agent and trustee for governing body.

It is hereby recognized that the tax herein levied is being levied by and on behalf of the governing body as herein provided and that the collector is acting as agent for the governing body for the purpose of administration and collection of the tax.

(Ord. No. 1-1991, § 14, 3-11-91)

Sec. 20-70. - Miscellaneous.

The provisions of Chapter 2 of Title 47 of the Louisiana Revised Statutes, as amended, and any other statutory authority are hereby made applicable to the levy and collection of the sales and use taxes levied by this division, and to the extent, if any, that the provisions set forth herein conflict with any statutory authority, the statutory authority shall be controlling.

(Ord. No. 1-1991, § 15, 3-11-91)

Secs. 20-71—20-85. - Reserved.

DIVISION 2. - COLLECTION BY DEALER

Sec. 20-86. - Collection from purchaser or consumer.

The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 20-91. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of the sale; provided, however, that, the governing body shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(Ord. No. 2-1986, § 4.01, 3-10-86)

Sec. 20-87. - Collection by dealers located outside parish.

Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use, or other consumption, in the authority, shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(Ord. No. 2-1986, § 4.02, 3-10-86)

Sec. 20-88. - Tax to constitute part of purchase price.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.

(Ord. No. 2-1986, § 4.03, 3-10-86)

Sec. 20-89. - Registration, certification of dealers.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article, dealers commencing business or opening new places of business, within three (3) days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by him. The collector shall, within five (5) days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(Ord. No. 2-1986, § 4.04, 3-10-86)

Sec. 20-90. - Requirements of manufacturers, wholesalers, jobbers and suppliers.

A manufacturer, wholesale dealer, jobber or supplier shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the governing body the tax herein imposed.

(Ord. No. 2-1986, § 4.05, 3-10-86)

Sec. 20-91. - Collection on sales, rentals, etc., of vehicles.

The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the state vehicle registration license tax shall be collected as provided in this section:

    (1)  The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue of the state at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

a. The tax levied by this article on the sale of any such vehicle shall be due at the time registration or any tr registration is required by the vehicle registration license tax law of the state (R.S. 47:451).

b. The tax levied by this article on the use of any such vehicle in this authority shall be due at the time first registration in this authority is required by the state vehicle registration license tax law (R.S. 47:451).

(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the collector of revenue of the state, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the collector of revenue in accordance with an agreement by and between the collector of revenue or the vehicle commissioner as agent therefor and the governing body, the execution of which agreement is hereby authorized. Such tax so collected for such collector of revenue shall be paid to the governing body and sent to the collector as soon as possible, and in any event at least once each quarter, all in accordance with such agreement.

(4) The provisions contained in the definition of "retailer" in this article which exclude isolated or occasional sales from the definition of a sale at retail are not to apply to the sale of vehicles which are the subject of this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(5) The tax levied by this article shall not be due on vehicles furnished by a dealer in new vehicles when withdrawn from inventory and furnished to a secondary school, college or public school board on a free loan basis for exclusive use in a driver education program accredited by the state department of education.

(Ord. No. 2-1986, § 4.06, 3-10-86)

Sec. 20-92. - Offering to absorb tax prohibited.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(Ord. No. 2-1986, § 4.07, 3-10-86)

Sec. 20-93. - Excess collections.

Where the tax collected for any period is in excess of one (1) percent the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(Ord. No. 2-1986, § 4.08, 3-10-86)

Sec. 20-94. - Collection when purchaser fails to pay dealer.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the governing body, and it shall be the duty of the purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the governing body within fifteen (15) days after such sale was made or rendered.

(Ord. No. 2-1986, § 4.09, 3-10-86)

Sec. 20-95. - Compensation of dealer for collecting.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two (2) percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. No. 2-1986, § 4.10, 3-10-86)

Secs. 20-96—20-110. - Reserved.

DIVISION 3. - RETURNS AND PAYMENT OF TAX

Sec. 20-111. - Payments due monthly.

The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(Ord. No. 2-1986, § 6.01, 3-10-86)

Sec. 20-112. - Returns.

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the twentieth day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by him, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of the ordinance from which this article is derived to the end of such month. Thereafter, like returns shall be prepared and transmitted to the collector by all dealers, on or before the twentieth day of each month, for the preceding calendar month. Such returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a

warranty on the part of the dealer that he has read and examined the returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to the governing body the required tax due for the preceding calendar month.

(Ord. No. 2-1986, § 6.02, 3-10-86)

Sec. 20-113. - Tax to be remitted with return.

(a) At the time of transmitting the return required under this article to the collector, the dealer shall remit to the governing body therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax shall cause such tax to become delinquent.

(b) All taxes, interest and penalties imposed under this article shall be paid to the governing body in the form of remittance required by the collector.

(Ord. No. 2-1986, § 6.03, 3-10-86)

Sec. 20-114. - Gross proceeds from rental or personal property to be reported.

Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(Ord. No. 2-1986, § 6.04, 3-10-86)

Sec. 20-115. - Extension of time for filing returns.

The collector, for good cause, may extend for not to exceed thirty (30) days the time for making any returns required under the provisions of this article.

(Ord. No. 2-1986, § 6.05, 3-10-86)

Sec. 20-116. - Dealer declared agent of parish.

For the purpose of collecting and remitting to this governing body the tax imposed by this article, the dealer is hereby declared to be the agent of this governing body.

(Ord. No. 2-1986, § 6.06, 3-10-86)

Secs. 20-117—20-130. - Reserved.

DIVISION 4. - RECORDS AND INSPECTION

Sec. 20-131. - Records to be kept by dealers.

It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be

required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for a period of three (3) years, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices, and other records shall be open to examination at all reasonable hours, by the collector or any of his duly authorized agents.

(Ord. No. 2-1986, § 7.01, 3-10-86)

Sec. 20-132. - Records to be kept for three years; to be open to inspection.

Each dealer shall secure, maintain and keep, for a period of three (3) years, a complete record of sales of services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within this authority by such dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(Ord. No. 2-1986, § 7.02, 3-10-86)

Sec. 20-133. - Wholesalers, jobbers to keep records of cash or credit sales; required information.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in this authority are hereby required to keep a record of all sales of tangible personal property made in this authority, whether such sales are for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article or articles purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the collector or his duly authorized assistants or deputies at all reasonable hours.

(Ord. No. 2-1986, § 7.03, 3-10-86)

Sec. 20-134. - Examination, investigation by treasurer.

For the purpose of administering this ordinance, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

(Ord. No. 2-1986, § 7.04, 3-10-86)

Sec. 20-135. - Examination of records of transportation companies.

For the purpose of enforcing the collection of the tax levied by this article, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in this authority whether such companies, agencies or firms

conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for such tax.

(Ord. No. 2-1986, § 7.05, 3-10-86)

Sec. 20-136. - Collector to keep record of official acts; authentication.

The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(Ord. No. 2-1986, § 7.06, 3-10-86)

Sec. 20-137. - Files, records of collector confidential, privileged; inspection limited.

The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

(1)  In an action or proceeding under the provisions of this article; and,

(2)  When the records or files or the facts shown thereby are directly involved in such action or proceedings.

(Ord. No. 2-1986, § 7.07, 3-10-86)

Sec. 20-138. - Permissible use of returns, reports, files.

Nothing contained in this article shall be construed to prevent:

(1)  The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2)  The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3)  The inspection by the legal representative of the governing body of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4)  The examination of the records and files by the collector or by his duly authorized agents; or

(5)  The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Ord. No. 2-1986, § 7.08, 3-10-86)

Secs. 20-139—20-150. - Reserved.


DIVISION 5. - IMPORTED GOODS


Sec. 20-151. - Permits to import.

In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having such truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into the authority, which property is subject to tax imposed by this article to apply to the collector or his assistant for a permit stating the kind of vehicle, to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Ord. No. 2-1986, § 8.01, 3-10-86)


Secs. 20-152—20-165. - Reserved.


DIVISION 6. - REMEDIES FOR COLLECTION


Sec. 20-166. - Presumption that property is for sale, use, consumption, etc., in parish.

For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, and is subject to the tax herein levied; provided that, such presumption shall be prima facie only, and subject to proof furnished to the collector.

(Ord. No. 2-1986, § 9.01, 3-10-86)

Sec. 20-167. - Failure to pay tax deemed delinquency; judgment prohibiting doing business.

Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, such cause tax, interest, penalties, and costs to become immediately delinquent, and the governing body is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on such dealer, to show cause in not less than two (2) or more than ten (10) days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why such dealer should not be ordered to cease from further pursuit of business as a dealer, and in case such rule is made absolute, the order thereon rendered shall be considered

a judgement in favor of the governing body, prohibiting such dealer from the further pursuit of such business until such time as he has paid the delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(Ord. No. 2-1986, § 9.02, 3-10-86)

Sec. 20-168. - Interest, penalties, attorney's fee for failure to pay tax.

If the amount of tax due by the dealer is not paid on or before the twentieth day of the month next following the month for which the tax is due, there shall be collected, with such tax, interest upon such unpaid amount, at a rate not exceeding fifteen (15) percent per annum, or fractional part thereof, to be computed from the first day of the month next following the month for which the tax is due until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five (5) percent for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five (25) percent in aggregate, of the tax due, when such tax is not paid within thirty (30) days of the date the tax first becomes due and payable, and in the event of suit, attorney's fees at the rate of ten (10) percent of the aggregate of tax, interest and penalty.

(Ord. No. 2-1986, § 9.03, 3-10-86)

Sec. 20-169. - Estimation, assessment of tax by treasurer when dealer fails to report and pay or reports incorrectly; specific penalty.

(a) In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the "sales tax fund" in the same manner as are the taxes collected under this article.

(b) If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty of five (5) percent of the tax or deficiency found to be due, or ten dollars ($10.00), whichever is greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. No. 2-1986, § 9.04, 3-10-86)

Sec. 20-170. - Final return of dealer selling, quitting business; purchaser to withhold taxes from purchase price; personal liability of purchaser.

If any dealer liable for any tax, interest or penalty under this article shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners or assignors.

(Ord. No. 2-1986, § 9.05, 3-10-86)

Sec. 20-171. - Notice to be given creditors, holders of personalty, debts of delinquent dealer; consent of collector required prior to transfer or disposition.

In the event that any dealer is delinquent in the payment of the tax provided for in this article, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until thirty (30) days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five (5) days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(Ord. No. 2-1986, § 9.06, 3-10-86)

Sec. 20-172. - Collector to ascertain true cost of imported goods, assess tax when dealer's invoice does not reflect same; presumption of correctness.

In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(Ord. No. 2-1986, § 9.07, 3-10-86)

Sec. 20-173. - Collector may fix consideration of leases, rentals when false.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgement of the collector, represent the true or actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the governing body in the same manner as provided in section 20-172, with interest plus penalties, if such have accrued.

(Ord. No. 2-1986, § 9.08, 3-10-86)

Sec. 20-174. - Remedy of collector when transportation company refuses examination of records.

In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require such transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and in case such rule be made absolute, the same shall be considered a judgement of the court and every violation of such judgement as a contempt thereof and punished according to law.

(Ord. No. 2-1986, § 9.09, 3-10-86)

Sec. 20-175. - Late, fraudulent return by dealer; notice to appear; hearing.

If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent, in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which such return is made, the collector shall give such dealer fifteen (15) days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and such collector may require such dealer, or other agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by the collector or his assistants, respecting the sale at retail, the use, or consumption, or distribution, or storage for use or consumption, in the authority, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(Ord. No. 2-1986, § 9.10, 3-10-86)

Sec. 20-176. - Collector may apply to court for order to enforce provisions.

If any dealer fails to make a return, or refuses to permit an examination of his, the dealer's books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon such dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(Ord. No. 2-1986, § 9.11, 3-10-86)

Sec. 20-177. - Importing taxable personal property without permit deemed attempt to evade; seizure of vehicle and property.

The importation into the authority of tangible personal property which is subject to tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in section 20-151 (if the tax imposed by this article on such tangible personal property has not been paid), shall be construed as an attempt to evade payment of such tax and the same is hereby prohibited, and such truck, automobile,

or means of transportation other than a common carrier, and such taxable property may be seized by the governing body in order to secure the same as evidence in a trial and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(Ord. No. 2-1986, § 9.12, 3-10-86)

Sec. 20-178. - Attaching imported property for noncompliance, violations, penalty.

(a)    The failure of any dealer who imports tangible personal property from outside the authority into the authority for use or consumption or distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this article, shall ipso facto make such tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether such delinquent dealer is a resident or nonresident of the authority, and whether such tangible personal property is in the possession of such delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that, it is the intention of this article to prevent the disposition of the tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to the governing body.

(b)    In addition to the penalties prescribed in this section and section 20-177, any person, or dealer, who shall violate the provisions thereof, upon conviction shall be fined in a sum of not more than one hundred dollars ($100.00) or imprisonment in jail for a period of not more than ninety (90) days or by both such fine and imprisonment, in the discretion of the court. Each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(Ord. No. 2-1986, § 9.13, 3-10-86)

Sec. 20-179. - Personal liability of dealers; lien declared; privity.

The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due, shall be a personal debt of such person, or dealer, to the governing body recoverable in any court of competent jurisdiction in an action at law by the governing body. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person, or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person, or dealer, whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgement or order obtained hereunder shall be paid to the governing body.

(Ord. No. 2-1986, § 9.14, 3-10-86)

Sec. 20-180. - Authority to require bond or security.

The governing body may require a bond or other security satisfactory to the collector for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Ord. No. 2-1986, § 9.15, 3-10-86)

Sec. 20-181. - Estimation, assessment by collector when dealer fails to make return; notice and demand.

If any person, or dealer, shall fail to make a return or report as required by this article, the collector, within three (3) years after the last day on which the omitted report could have been filed without penalty, may make an estimate of the amount of taxes such person, or dealer, is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the governing body from such person, or dealer, give notice of such assessment to such person, or dealer, and must make demand upon him for payment, or otherwise the claim shall prescribe.

(Ord. No. 2-1986, § 9.16, 3-10-86)

Sec. 20-182. - Examination, audit or returns; assessment, demand of deficiency.

After a return or report is filed under the provisions of this article, the collector shall cause to be examined and make such further audit or investigation as he may deem necessary and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the governing body from such person, or dealer, and make demand upon him for payment.

(Ord. No. 2-1986, § 9.17, 3-10-86)

Sec. 20-183. - Arbitrary assessment when collection jeopardized; payment of assessments.

(a) If the collector finds that any person or dealer liable for the payment of any tax under this article designs quickly to depart from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this article, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, the collector may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.

(b) All taxes, penalties and interest assessed pursuant to the provisions of sections 20-180 through 20-182, shall be paid within fifteen (15) days after notice and demand shall have been mailed to the dealer liable therefor by the governing body. If such taxes, penalties and interest so assessed shall not be paid within such fifteen (15) days, there shall be added to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by this article, a sum equivalent to five (5) percent of the tax.

(Ord. No. 2-1986, § 9.18, 3-10-86)

Sec. 20-184. - Collection by district and sale.

If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay such taxes within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative, who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes,

together with such interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property belonging to the delinquent dealer.

(Ord. No. 2-1986, § 9.19, 3-10-86)

Sec. 20-185. - Dealer liable for all uncollected taxes.

Any dealer who shall neglect, fail or refuse to collect the tax as provided in sections 20-86 through 20-95 of this article, upon any, every and all retail sales made by him, or his agent, or employee, which is subject to tax, shall be liable for and pay the tax himself.

(Ord. No. 2-1986, § 9.20, 3-10-86)

Sec. 20-186. - Violations; fine and imprisonment authorized.

For any one (1) of the following violations, in addition to being liable for the other penalties provided herein, the party named shall be guilty of a misdemeanor and upon conviction be punished by a fine of not more than one hundred dollars ($100.00), or imprisonment in jail for not more than three (3) months, or both, in the discretion of the court:

(1) Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by him under sections 20-86 through 20-95 of this article and who fails, neglects, and refuses to file a return thereof with the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2) Any dealer who shall fail, neglect, or refuse to collect the tax as provided in sections 20-86 through 20-95 of this article, whether by himself or through his agents or employees;

(3) Any dealer violating the provisions of sections 20-170 and 20-171 of this article;

(4) Any dealer who fails to permit an inspection of records by the collector as provided in section 20-131 of this article;

(5) Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof by the collector as provided in section 20-133 of this article;

(6) Any dealer, wholesale dealer or jobber who violates the provisions of sections 20-89 and 20-90 of this article;

(7) Any dealer who violates the provisions of section 20-132 of this article;

(8) Any dealer failing or refusing to furnish any return as provided in sections 20-111 through 20-116 of this article, or failing or refusing to furnish a supplement return, or other data required by the collector;

(9) Any dealer required to make, render, sign or verify any return as provided in sections 20-111 through 20-116 of this article, who makes a false or fraudulent return, with intent to evade a tax hereby levied;

(10) The president, executive officers, managers and directors of any corporation, who shall violate the provisions of section 20-187 of this article; provided that, such fine and imprisonment shall not prevent other action against the corporation as otherwise provided in this article for the recovery of the tax, interest and penalties that may be due; and

(11) Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(Ord. No. 2-1986, § 9.21, 3-10-86)

Sec. 20-187. - Corporations not to dissolve, merge, reorganize, withdraw from state until amount due is paid.

No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the authority may surrender such authority and withdraw from this state until all taxes, fees, penalties, interest, and other charges imposed upon such corporation in accordance with the provisions of this article shall have been fully paid.

(Ord. No. 2-1986, § 9.22, 3-10-86)

Sec. 20-188. - Payment of interest, penalties.

(a) Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid, shall pay in addition to the tax, interest on the tax at the rate specified in section 20-168 of this article, for each month or fraction thereof that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

(b) In addition, such person or dealer shall pay any special penalty provided by this article.

(Ord. No. 2-1986, § 9.23, 3-10-86)

Sec. 20-189. - Penalties, interest deemed part of tax; waiver for satisfactory explanation.

All penalties and interest imposed by this article shall be payable to and recoverable by the governing body in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty, and may remit or waive payment of any interest charged in excess of the rate of one-half of one (1) percent per month.

(Ord. No. 2-1986, § 9.24, 3-10-86)

Secs. 20-190—20-200. - Reserved.

DIVISION 7. - REFUNDS AND REIMBURSEMENTS

Sec. 20-201. - Tax credit for returned goods.

In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector and in case the tax has not been remitted by the dealer to the governing body, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall not be longer than ninety (90) days, the governing body, through the collector, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the governing body at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(Ord. No. 2-1986, § 10.01, 3-10-86)

Sec. 20-202. - Claim for refund.

If any dealer shall have given to the collector notice within the time provided in section 20-201, such dealer thereafter, at any time within two (2) years after the payment of any original or additional tax assessed against him, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(Ord. No. 2-1986, § 10.02, 3-10-86)

Sec. 20-203. - Overpayment credited against dealer's liability; refund; notice of rejection.

If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there is no such liability, the dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(Ord. No. 2-1986, § 10.03, 3-10-86)

Sec. 20-204. - Refund of erroneous, illegal payment of tax; certification by collector.

Where no question of fact or law is involved, and it appears that the records of the governing body that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within two (2) years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(Ord. No. 2-1986, § 10.04, 3-10-86)

Sec. 20-205. - Repayment of deposit to dealer.

When, to secure compliance with any of the provisions of this article any moneys shall have been deposited with the governing body by any dealer, and shall have been paid over to the governing body by any dealer, and shall have been paid over to the governing body and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. No. 2-1986, § 10.05, 3-10-86)

Secs. 20-206—20-220. - Reserved.

DIVISION 8. - DEALER'S REMEDIES

Sec. 20-221. - Right of action created; procedure; interest on refunds.

A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period of thirty (30) days; and if suit is filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate of two (2) percent per annum covering the period from the date the funds were received by the governing body to the date of refund.

(Ord. No. 2-1986, § 11.01, 3-10-86)

Sec. 20-222. - Competent courts for action; service of process.

This section shall afford a legal remedy and right of action in any state, city or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(Ord. No. 2-1986, § 11.02, 3-10-86)

Sec. 20-223. - Legal remedy for certain causes of action; effect of payment under protest.

This section shall be construed to provide a legal remedy in the state, city or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that, upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the dealer, upon agreement to abide by the decision of the courts may pay the additional assessment under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Ord. No. 2-1986, § 11.03, 3-10-86)

Sec. 20-224. - Grievance procedure.

If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, city or federal court of competent jurisdiction as provided for in section 20-222.

(Ord. No. 2-1986, § 11.04, 3-10-86)

Secs. 20-225—20-235. - Reserved.


DIVISION 9. - DISPOSITION OF PROCEEDS AND REVENUES


Sec. 20-236. - Deposit of funds.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the collector as an agent of the governing body under any provision or provisions of this article shall be promptly deposited by the collector for the account of the governing body in a special fund designated "sales tax fund," which fund shall be established and maintained as sacred funds of the governing body; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(Ord. No. 2-1986, § 13.01, 3-10-86)

Sec. 20-237. - Payment and report of administrative costs.

Out of the funds on deposit in the "sales tax fund," the collector shall first pay all reasonable and necessary expenses of collecting and administering the tax levied by this article and administering the provisions of this article as well as the various administrative procedures established herein.

(Ord. No. 2-1986, § 13.02, 3-10-86)

Sec. 20-238. - Use of proceeds after payment of administrative costs.

In compliance with the special election of February 15, 1986, authorizing the tax levied by this article, after all reasonable and necessary costs and expenses of collecting and administering the tax have been paid as provided in section 20-237, the remaining balance of the sales tax proceeds shall be available for appropriation and expenditure by the governing body, solely for the respective purposes designated in the propositions authorizing the levy of the tax, as approved by a majority of the qualified electors of the authority voting in a special election held therein on February 15, 1986.

(Ord. No. 2-1986, § 13.03, 3-10-86)

**Editor's note—** The purposes referred to in this section are set out in the editor's note at the beginning of this article.

ARTICLE II. - SALES AND USE TAX ORDINANCE OF 1965

> *Footnotes:*
>
> --- *(2)* ---
>
> **State Law reference—** *Authority to levy and collect sales tax, R.S. 33:2721.*

DIVISION 1. - GENERALLY

Sec. 78-23. - Short title.

This article may be cited or otherwise referred to as the "West Baton Rouge Parish Sales and Use Tax Ordinance of 1965."

(Code 1973, § 22-17; Ord. of 11-10-1965, § 41)

Sec. 78-24. - Definitions.

(a)  The following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Agricultural commodity* shall mean horticultural, viticultural, poultry, farm and range products, and livestock and livestock products.

*Business* includes any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit or advantage, either direct or indirect. The term "business" shall not be construed in this article to include occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business.

*Cost price* means the actual cost of the article of tangible personal property without any deductions therefrom on account of the cost of materials used, labor or service costs, transportation charges or any other expenses whatsoever.

*Dealer* shall include every person:

(1)  Who imports, or causes to be imported, tangible personal property from any state, or other political subdivision of this state, or foreign country for sale at retail, for use or consumption, or distribution or for storage to be used or consumed in the parish;

(2)  Who manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution or for storage;

(3)  Who sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution or storage to be used or consumed in this parish, tangible personal property as defined herein;

(4)  Who has sold at retail, or used, or consumed, or distributed, or stored for use or consumption in the parish, tangible personal property and who cannot prove that the tax levied by this article has been paid on the sale at retail, the use, the consumption, the distribution or the storage of said tangible personal property;

(5)  Who leases or rents tangible personal property, as defined in this article for a consideration, permitting the use or possession of said property without transferring title thereto;

(6) Who is the lessee or rentee of tangible personal property, as defined in this article and who pays to the own property a consideration for the use or possession of such property without acquiring title thereto;

(7) Who sells or furnishes any of the services subject to tax under this article;

(8) Who purchases or receives any of the services subject to tax under this article;

(9) The term "engaging in business in the parish" means and includes any of the following methods of transacting business: Maintaining directly, indirectly or through a subsidiary, any office, distribution house, sales house, warehouse or other place of business, or by having an agent, salesman or solicitor operating within the parish under the authority of the seller or subsidiary irrespective of whether such place of business, agent, salesman or solicitor is located in the parish permanently or temporarily, or whether such seller or subsidiary is qualified to do business in the parish.

*Director-department of revenue and taxation* means and includes the director-department of revenue and taxation of the parish or his duly authorized assistants.

*Distraint* or *distrain* as used in this article shall be construed to mean the right to levy upon and seize and sell, or the levying upon or seizing and selling, of any property or rights to property of the taxpayer, including goods, chattels, effects, stocks, securities, bank accounts, evidences of debt, wages, real estate and other forms of property, by the director-department of revenue and taxation or his authorized assistants, for the purpose of satisfying any assessment of tax, penalty or interest due under the provisions of this article. Property exempt from seizure by articles 644 and 645 of the Louisiana Code of Practice is exempt from distraint and sale herein.

*Gross sales* means the sum total of all sales of tangible personal property, as hereinafter provided and defined, and sales of services without any deductions whatsoever of any kind or character, except as provided in this article.

*Hotel* means and includes any establishment engaged in the business of furnishing sleeping rooms primarily to transient guests where such establishment consists of ten or more guestrooms under a single room.

*Lease* or *rental* means the leasing or renting of tangible personal property and the possession or use thereof by the lessee or rentee, for a consideration, without transfer of the title of such property.

*Parish* as used herein means all of the Parish of West Baton Rouge, without any limitations whatsoever.

*Persons* includes any individual firm, copartnership, joint venture, association, corporation, cooperative, estate, trust, business trust, receiver, syndicate, any parish, city, municipality or public board, public commission or public or semipublic corporation, district or other political subdivision or any board, agency, university, school, college, instrumentality or other group or combination acting as a unit, and the plural as well as the singular number.

*Purchaser* means and includes any person, as defined in this article, who acquires or receives any tangible personal property, or the privilege of using any tangible personal property, or receives any services pursuant to a transaction subject to tax under this article.

*Retail sale* or *sale at retail* means a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property and a sale of services, as hereinabove set forth, and shall mean and include all such transactions as the director-department of revenue and taxation, upon investigation, finds to be in lieu of sales; provided that sale for resale must be made in strict compliance with the rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations will himself be liable for and pay the tax. The

term "sale at retail" shall not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor shall the term "sale at retail" include any isolated or occasional sale of tangible personal property by a person not engaged in such business.

*Retailer* means and includes every person engaged in the business of making sales at retail, rendering service taxable hereunder, or for distribution, use, storage or consumption.

*Sale* means any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means whatsoever of tangible personal property for a consideration and includes the fabrication of tangible personal property for consumers who furnish either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale. The term "sale" also includes the sales of services, which means and includes the following:

    (1)  The furnishing of rooms by hotels and tourist camps;

    (2)  The sale of admissions to places of amusement and to athletic, entertainment or recreational events, and the furnishing for dues, fees or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities;

    (3)  The furnishing of storage or parking privileges by auto hotels and parking lots and trailer parks;

    (4)  The furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services of reproducing written or graphic matter;

    (5)  The furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;

    (6)  The furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities; and

    (7)  The furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes and office supplies and equipment.

*Sales price* means the total amount for which tangible personal property is sold, including any services, except services for financing that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six percent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included nor shall the sale price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing, property sold.

*Storage* means and includes any keeping or retention in the parish of tangible personal property.

*Tangible personal property* means and includes personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. The term "tangible personal property" shall not include stocks, bonds, notes or other obligations or securities.

*Tourist camps* means and includes any establishment engaged in the business of furnishing rooms, cottages or cabins to tourists or other transient guests, where the number of guestrooms, cottages or cabins at a single location is six or more.

*Use* means and includes the exercise of any rights or power over tangible personal property incident to the ownership thereof, or as a licensee or as a permittee, except that it shall not include the sale at retail of that property in the regular course of business.

    (b)  All other definitions enacted as part of R.S. 47:301 et seq., since the adoption of this article and subsequent to the adoption of this section, are deemed to be included in this article by reference thereto, where applicable to local political subdivisions of this state.

(Code 1973, §§ 22-41—22-62; Ord. of 11-10-1965, §§ 1, 3, 22; Ord. of 6-14-1990; Res. of 11-14-1996; Ord. No. 31-96, 12-12-1996)

Sec. 78-25. - Director-department of revenue and taxation—Authorized to carry out article provisions.

The director-department of revenue and taxation is hereby authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary, subject to the action of the parish council.

(Code 1973, § 22-18; Ord. of 11-10-1965, § 29)

Sec. 78-26. - Same—Empowered to make rules and regulations.

The director-department of revenue and taxation shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article, or the laws and the constitution of this state or the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(Code 1973, § 22-19; Ord. of 11-10-1965, § 13)

Sec. 78-27. - Same—Preparation, distribution of forms.

The director-department of revenue and taxation shall design, prepare, print and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to ensure a full collection from dealers and an accounting for the taxes due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said taxes at the time and in the manner herein provided. The director-department of revenue and taxation may design, prepare, print and furnish forms for the use of those dealers who are required to file returns under this article.

(Code 1973, § 22-20; Ord. of 11-10-1965, § 13)

Sec. 78-28. - Appropriations for cost of enforcement.

The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne out of appropriations from the sales tax fund hereafter provided for in section 78-762 unless otherwise specified herein.

(Code 1973, § 22-21; Ord. of 11-10-1965, § 14)

Sec. 78-29. - Written oaths.

It shall be lawful for the director-department of revenue and taxation, or any deputy by him thereunto designated, to receive the written oath of any person signing any application, deposition, statement or report required by the director-department of revenue and taxation in the administration of this article.

(Code 1973, § 22-22; Ord. of 11-10-1965, § 30)

Sec. 78-30. - Conduct of hearings; examinations.

The director-department of revenue and taxation, or any deputy by him thereunder designated may conduct hearings, and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within 14 days after requested by the director-department of revenue and taxation in writing.

(Code 1973, § 22-23; Ord. of 11-10-1965, §§ 30, 31)

Sec. 78-31. - Procedure to compel witnesses to attend and to testify at hearing.

If a person subpoenaed to attend any hearing under this article refuses to appear, be examined, or answer any questions, or produce any books, records, papers, vouchers, accounts or documents, pertinent to the matter of inquiry, when subpoenaed so to do by the director-department of revenue and taxation, or any of his authorized assistants, the director-department of revenue and taxation or such assistant, in term time or vacation, may apply to any district court, upon proof by affidavit of such refusal, to make an order returnable in not less than two nor more than ten days, directing such person to show cause before the court why he should not obey the demand of the subpoena. Upon the return of such order, the court before whom the matter comes shall examine the person under oath, and the person shall be given an opportunity to be heard; and if the court determines that he has refused, without legal excuse, to obey the command of the subpoena, or to be examined, or to answer any question, or to produce any books, papers, vouchers, records, accounts or documents pertinent to the matter of inquiry, which he was by subpoena commanded to answer or produce, the court may order such person to comply forthwith with such subpoena or order, or to submit to such examination or to answer any such question; and any failure to obey such order of the court may be punished by the court as a contempt of the court.

(Code 1973, § 22-23.1; Ord. of 6-14-1990)

Sec. 78-32. - Method of giving notice to dealers.

Any notice required to be given to the director-department of revenue and taxation pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Code 1973, § 22-24; Ord. of 11-10-1965, § 32)

Sec. 78-33. - Records; maintenance; authentication; fee.

The director-department of revenue and taxation shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, he shall be paid a fee as established from time to time by ordinance of the parish council, which shall be deposited in the sales tax fund.

(Code 1973, § 22-25; Ord. of 11-10-1965, § 33)

Sec. 78-34. - Returns and reports to be kept for three years; destruction.

All returns or reports filed with the parish pursuant to the provisions of this article shall be preserved for three years, and thereafter may be destroyed by order of the director-department of revenue and taxation.

(Code 1973, § 22-26; Ord. of 11-10-1965, § 34)

Sec. 78-35. - Provisions not to alter legal remedies.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the parish council of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws or ordinance.

(Code 1973, § 22-27; Ord. of 11-10-1965, § 36)

Sec. 78-36. - Tax supplemental to other taxes.

The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the parish president of any kind or nature.

(Code 1973, § 22-28; Ord. of 11-10-1965, § 40)

Secs. 78-37—78-60. - Reserved.

DIVISION 2. - SALES TAX DEPARTMENT

Sec. 78-61. - Created; director's powers, etc.

There is hereby created a department to be designated sales and use tax department for the collection and distribution of the proceeds of said tax, and the director of said department is invested with authority to complete in full accord with all requirements the organization and equipment of an office for the purpose, and to employ such inspectors, collectors and secretarial help as may be required to fully perform the purposes and functions of the office upon a basis of maximum efficiency. Such director is also subject to termination by the parish council at any time as is anticipated under the laws pertaining to such employment.

(Code 1973, § 22-34; Ord. of 3-14-1962, § 1)

Sec. 78-62. - Office personnel subject to termination and other adjustments.

The office personnel of the department are all subject to termination and to such other changes and adjustments as may be hereafter specifically authorized and instructed by the parish council as is anticipated under the laws pertaining to such employment.

(Code 1973, § 22-35; Ord. of 3-14-1962, § 3)

Secs. 78-63—78-82. - Reserved.

DIVISION 3. - IMPOSITION OF TAX

Sec. 78-83. - Levied.

There is hereby levied from and after December 1, 1965, to provide additional revenue for the parish for the purposes of constructing, maintaining and improving public roads, bridges, drains and drainage canals within the unincorporated areas of the parish, and for constructing, maintaining and operating public buildings and public recreational facilities, and for the purchase of land to be used for any lawful public purpose, title to which shall be in the public, including necessary equipment and furnishings, and for any one or more of such purposes and for the further purposes of being used by the municipalities in the parish for any lawful corporate purpose as authorized by law, and by the parish and the incorporated municipalities of the said parish to pay principal and interest on bonds funded, issued and secured by a dedication and pledge of the avails of said tax, all as authorized by special election conducted August 26, 1961, in the parish under the authority of R.S. 33:2721—R.S. 33:2734, both inclusive, a tax upon the sale at retail, the use, the lease or rental, the consumption and the storage, for use or consumption of tangible personal property and upon the sale of services as presently defined in R.S. 47:301—R.S. 47:317, inclusive; defining certain terms; providing for the division and allocation of the avails of such tax between the parish and the incorporated municipalities of the parish; levying and providing for the assessment, collection, payment and disposal of such tax upon the sale at retail, the use, the consumption, the distribution and the storage in the parish, of each item or article of tangible personal property, as defined herein, and upon the lease or rental of such property and the sale of services within the parish; the levy of said tax to be as follows:

(1)  At the rate of one percent of the sale price of each item or article of tangible personal property when sold at retail in the parish; the tax to be computed on gross sales for the purpose of remitting the amount of tax due the parish, and to include each and every retail sale.

(2)  At the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed or stored for use or consumption in the parish; provided there shall be no duplication of the tax.

(3)  At the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of the same is incidental or germane to the business.

(4)  At the rate of one percent of the monthly lease or rental price paid by the lessee or rentee, or contracted or agreed to be paid by the lessee or rentee to the owner of the tangible personal property.

(5)  At the rate of one percent of the gross proceeds derived from the sale of services as defined herein.

(6)  The tax shall be collected from the dealer and paid at the time and in the manner hereinafter provided. The tax so levied is, and shall be in addition to all other taxes, whether levied in form of excise, license, privilege or property taxes levied by any other parish ordinance.

(7)  The collection of the tax herein levied shall be made in the name of the parish by the director-department of revenue and taxation.

(8)  The integrated bracket schedules prescribed by the secretary of revenue of this state, pursuant to R.S. 47:304, are established for the purpose of tax collection within the meaning of this article.

(9)  The tax imposed by this section on the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer or any other vehicle subject to the vehicle registration license tax of the state shall be collected as provided in this subsection.

  a.  The tax levied by this section on any such vehicle shall be paid to the collector of revenue of the state at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

    1.  The tax levied by this section on the sale of any such vehicle shall be due at the time of registration or any transfer of registration is required by the Vehicle Registration License Tax Law (R.S. 47:451 et seq.).

    2.  The tax levied by this section on the use of any such vehicle in the parish shall be due at the time first registration in this state is required by the Vehicle Registration License Tax Law of the state (R.S. 47:451 et seq.).

  b.  Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, and allowance for and a description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as the collector may by regulation require. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of sale and which are included in the sale price are to be considered a part of the vehicle.

  c.  It is not the intention of this subsection to grant an exemption from the tax levied by this section to any sale, use, item or transaction which has heretofore been taxable and this subsection is not to be construed as so doing. It is the intention of this subsection to transfer the collection of the sales and use tax on vehicles from the vendor to the collector of revenue of the state and to provide a method of collection of the tax directly from the vendee or user by the collector of revenue of the state.

  d.  The provision contained in section 78-24 which excludes isolated or occasional sales from the definition of the term "retail sale" or "sale at retail" is not to apply to the sale of vehicles which are the subject of this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(Code 1973, § 22-67; Ord. of 11-10-1965, § 2)

Sec. 78-84. - Collection; rate.

(a)  The aforesaid tax at the rate of one percent of the retail sales price, at the moment of the sale; one percent

of the cost price, at the moment of the purchase; or one percent on sales of services, as the case may be, shall be collectible from all persons, engaged as dealers in the sale at retail, the use, the consumption, the distribution and the storage of tangible personal property and the sale of services.

(b)   On all tangible personal property imported or caused to be imported from other states or other political subdivisions of this state or a foreign country, and used by him, the dealer shall pay the tax imposed by this division on all articles of tangible personal property so imported and used, the same as if the articles had been sold at retail for use or consumption in the parish. For the purpose of this article, use or consumption, or distribution or storage of tangible personal property shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(Code 1973, § 22-68; Ord. of 11-10-1965, § 3)

Sec. 78-85. - Tax credit for sale or use tax paid elsewhere.

A credit against the use tax imposed by this division shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another parish or municipality. The credit provided herein shall be granted only in the case where the parish or municipality to which a similar tax has been paid grants a similar credit as provided herein. The proof of payment of a similar tax to another parish or municipality shall be made according to rules and regulations promulgated by the director-department of revenue and taxation. In no event shall the credit be greater than the tax imposed by the parish upon the particular tangible personal property which is the subject of the parish's use tax.

(Code 1973, § 22-69; Ord. of 11-10-1965, § 3)

Sec. 78-86. - Exemptions and exclusions.

(a)   The taxes imposed by this division shall not apply to the following:

(1)   The gross proceeds derived from the sale in the parish of livestock, poultry and other farm products direct from the farm, provided that such sales are made directly by the producers. When sales of livestock, poultry and other farm products are made to consumers by any person, as defined herein, other than a producer, they are not exempted from the tax imposed by this article; provided, however, that each and every agricultural commodity sold by any person, other than a producer, to any other person, civil or natural, who purchases not for direct consumption but for the purpose of acquiring raw products for the use or for sale in the process of preparing, finishing or manufacturing such agricultural commodity for the ultimate retail consumer trade, shall be, and is exempted from any and all provisions of this article, including payment of the tax applicable to the sale, storage, use, transfer or any other utilization of, or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case, shall more than one tax be exacted;

(2)   Where a part of the purchase price is represented by an article traded in, the market value of the article traded in;

(3)   The sale at retail, the use, the consumption, the distribution and storage to be used or consumed in the parish of the following tangible personal property: gasoline, natural gas, steam, water when delivered to consumers through mains, pipes or conduits, electric power or energy, newspapers, fertilizer and

containers used for farm products when sold directly to the farmer, new automobiles withdrawn from stock by factory and authorized new automobile dealers, with the approval of the director-department of revenue and taxation and titled in the dealer's name for use as demonstrators;

(4) Ship chandlers' supplies sold in the parish for use or consumption in coastwise and foreign maritime commerce and materials sold or used in the repair of vessels engaged in coastwise and foreign commerce;

(5) All sales by dealers in the operation of businesses which are certified by the state department of public welfare as rehabilitation units for the blind. The director-department of revenue and taxation shall secure and maintain a list of such units as certified by the department of public welfare, and shall cause periodic inspections to be made of the establishments so exempt to insure against unauthorized collection;

(6) Pesticides used for agricultural purposes. The tax imposed by section 78-83 shall not apply to the sale at retail of pesticides used for agricultural purposes, including particularly, but not by way of limitation, insecticides, herbicides and fungicides;

(7) Property purchased for use outside the parish. There shall be no sales tax due upon the sale at retail of tangible personal property purchased within the parish for use exclusively beyond the territorial limits of the parish. If tangible personal property purchased tax free under the provisions of this section is later brought into the parish for use herein, use tax shall be due at the time it is brought into the parish, subject to the credit provided in section 78-85. If the first use of tangible personal property purchased in the parish for use beyond the territorial limits of the parish occurs in a parish or municipality which imposes a sales or use tax, the exemption provided herein shall apply only if:

   a. The purchaser is properly registered for sales and use tax purposes in a parish or municipality of use and regularly reports and pays the use tax in such other parish or municipality;

   b. The parish or municipality in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that parish or municipality for use in the parish; and

   c. The purchaser obtains from the director-department of revenue and taxation a certificate authorizing him to make the nontaxable purchases authorized under this section.

The director-department of revenue and taxation shall promulgate regulations for the implementation of this subsection.

(b) All other exemptions and exclusions, where applicable to local political subdivisions of this state, enacted as part of R.S. 47:305 et seq., since the adoption of this article and subsequent to the adoption of this section, are deemed to be included in this section by reference thereto.

(Code 1973, §§ 22-70, 22-71; Ord. of 11-10-1965, § 5; Res. of 11-14-1996; Ord. No. 31-96, 12-12-1996)

Secs. 78-87—78-117. - Reserved.

DIVISION 4. - COLLECTION BY DEALER

Sec. 78-118. - Collection from purchaser or consumer.

The tax herein levied shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 78-83(9). The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services, and payable at the time of sale; provided, however, that the parish shall be joined as a party in any action or proceeding brought by the dealer to collect the tax.

(Code 1973, § 22-76; Ord. of 11-10-1965, § 4)

Sec. 78-119. - Collection by dealers located outside parish.

Every dealer located outside the parish making sales of tangible personal property for distribution, storage, use or other consumption, in the parish shall at the time of making sales collect the tax imposed by this article from the purchaser.

(Code 1973, § 22-77; Ord. of 11-10-1965, § 4)

Sec. 78-120. - Tax to constitute part of purchase price.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, in conformity with the rules and regulations to be issued by the director-department of revenue and taxation, to the sale price or charge, and when added such tax shall constitute a part of such price or charge and shall be a debt from the purchaser or consumer to the dealer, until paid and shall be recoverable at law, in the same manner as other debts.

(Code 1973, § 22-78; Ord. of 11-10-1965, § 4)

Sec. 78-121. - Registration, certification of dealers.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article on or after December 1, 1965, or in the case of dealers commencing business after such date, or opening new places of business after such date, within three days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the director-department of revenue and taxation a certificate of registration in a form prescribed by him. The director-department of revenue and taxation shall, within five days after such registration, issue, without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and a duplicate thereof, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in the place of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the director-department of revenue and taxation upon the dealer ceasing to do business at the place therein named.

(Code 1973, § 22-79; Ord. of 11-10-1965, § 8)

Sec. 78-122. - Requirements of wholesalers, jobbers.

A wholesale dealer or jobber shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax under any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon receipts from which he shall have collected and paid over to the parish the tax herein imposed.

(Code 1973, § 22-80; Ord. of 11-10-1965, § 8)

Sec. 78-123. - Offering to absorb tax prohibited; penalty.

Any person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. A person who violates this provision with respect to advertising shall be guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not more than $100.00 or imprisonment in jail for not exceeding 60 days, or both, in the discretion of the court.

(Code 1973, § 22-81; Ord. of 11-10-1965, § 4)

Sec. 78-124. - Excess collections.

Where the tax collected from any person is in excess of one percent, the total collected must be paid over the parish, less the commission to be allowed the dealer as hereinafter set forth.

(Code 1973, § 22-82; Ord. of 11-10-1965, § 4)

Sec. 78-125. - Collection when purchaser fails to pay dealer.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the parish, and it shall be the duty of the purchaser to file a return thereof with the director-department of revenue and taxation and to pay the tax imposed thereon to the parish within 15 days after such sale was made or rendered.

(Code 1973, § 22-83; Ord. of 11-10-1965, § 4)

Sec. 78-126. - Compensation of dealer for collecting.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed one percent of the amount of tax due and accounted for and remitted to the director-department of revenue and taxation in the form of a deduction in submitting his report and paying the amount due by him, provided the amount due was not delinquent at the time of payment.

(Code 1973, § 22-84; Ord. of 11-10-1965, § 8)

Secs. 78-127—78-150. - Reserved.

DIVISION 5. - RETURNS AND PAYMENT OF TAX

Sec. 78-151. - Payment to be monthly.

The taxes levied under this article shall be due and payable on the first day of the month.

(Code 1973, § 22-90; Ord. of 11-10-1965, § 8)

Sec. 78-152. - Returns required.

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers, on or before the 20th day of the month following the month in which this tax shall become effective, to transmit to the director-department of revenue and taxation, upon a form prescribed, prepared and furnished by the director-department of revenue and taxation, returns duly affirmed by the dealer to the effect that such reports are true and correct to the best of the dealer's knowledge, information and belief, showing the gross sales or purchases, as the case may be, arising from all sales or purchases taxable under this article during the preceding calendar month, or during the part of the preceding calendar month, running from the effective date of this article to the end of such month. Thereafter, like returns shall be prepared and transmitted to said director-department of revenue and taxation by all dealers, on or before the 20th day of each month, for the preceding calendar month. Such returns shall show further information as the director-department of revenue and taxation may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to the director-department of revenue and taxation the required tax due for the preceding calendar month.

(Code 1973, § 22-91; Ord. of 11-10-1965, § 8)

Sec. 78-153. - Tax to be remitted with return.

At the time of transmitting the return required hereunder to the director-department of revenue and taxation, the dealer shall remit to the director-department of revenue and taxation therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such tax, shall cause said tax to become delinquent.

(Code 1973, § 22-92; Ord. of 11-10-1965, § 10)

Sec. 78-154. - Gross proceeds from rental of personal property to be reported.

Gross proceeds from rentals or leases of tangible personal property shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the director-department of revenue and taxation may prescribe. It is hereby declared to be the intention of this article to impose a tax on the gross proceeds of all leases and rental of tangible personal property in the parish where the lease or rental is a part of a regularly established business, or the same is incidental or germane thereto.

(Code 1973, § 22-93; Ord. of 11-10-1965, § 8)

Sec. 78-155. - Dealer declared agent of parish.

For the purpose of collecting and remitting to the parish the tax imposed by this article, the dealer is hereby declared to be the agent of the parish. All taxes, interest and penalties imposed under this article shall be paid in the form of remittance required by the director-department of revenue and taxation.

(Code 1973, § 22-94; Ord. of 11-10-1965, § 10)

Secs. 78-156—78-179. - Reserved.

DIVISION 6. - RECORDS AND INSPECTIONS

Sec. 78-180. - Records to be kept by dealers; subject to inspection; penalty for violation.

(a) It shall be the duty of every dealer required to make a report and pay any tax under this article to keep and preserve suitable records of the sales or purchases, or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the director-department of revenue and taxation. It shall be the duty of every such dealer, moreover, to keep and preserve, for a period of three calendar years, in addition to the current year, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article. All such books, invoices and other records shall be open to examination, at all reasonable hours by the director-department of revenue and taxation or any of his duly authorized agents. In addition, if additional taxable periods are open for examination by means of a lawful interruption or suspension, said records shall also be preserved and subject to inspection until such interruption or suspension has expired.

(b) In connection with the above and when the dealer maintains his books and records outside of the parish, the director-department of revenue and taxation is hereby vested with the authority to enter into a written agreement with said dealer, providing for the examination and inspection of said dealer's books and records, at their location. The exercise of this authority is left to the discretion of the director-department of revenue and taxation. The cost of such examination and inspection including transportation, lodging and per diem, is to be borne by the dealer. The director-department of revenue and taxation may estimate the cost of said examination and require the dealer to deposit the cost of the same, prior to the examination and inspection of the records involved. This provision is supplemental to, and does not in any way affect the rights of the director-department of revenue and taxation, as provided herein.

(c) Any dealer subject to the provisions of this article who violates the provisions of this section shall be fined not more than $500.00 or imprisoned for not more than 60 days, or both, for any such offense.

(Code 1973, § 22-100; Ord. of 11-10-1965, § 8; Ord. of 6-14-1990)

Sec. 78-181. - Wholesale dealers, jobbers to keep records of cash or credit sales; required information.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the parish are hereby required to keep a record of all sales of tangible personal property made in the parish, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of purchase, the article purchased and the price at which the article is sold to the purchaser. These records shall be kept for a period of three calendar years, in addition to the current year, and shall be open to inspection of the director-department of revenue and taxation at all reasonable hours.

(Code 1973, § 22-102; Ord. of 11-10-1965, § 8)

Sec. 78-182. - Examinations or investigations by director-department of revenue and taxation.

(a) *Place of business, tangible personal property, books, records, etc., of dealer.* For the purpose of administering this article the director-department of revenue and taxation, whenever he deems it expedient, may make or cause to be made by any employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts and documents of any dealer. It shall be the duty of every dealer and every director, official, agent or employee of every dealer, to exhibit to the director-department of revenue and taxation or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his power so to do.

(b) *Records of transportation companies.* For the purpose of enforcing the collection of the tax levied by this article, the director-department of revenue and taxation is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records and other documents of all transportation companies, agencies or firms which conduct their business by truck, rail, water, airplane or otherwise, in order to determine what dealers are importing or are otherwise shipping articles of tangible personal property which are liable for said tax. If said transportation company, agency or firm shall refuse to permit such examination of its books, records and other documents by the director-department of revenue and taxation as aforesaid, the director-department of revenue and taxation may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the director-department of revenue and taxation should not be permitted to examine its books, records or other documents. In case said rule is made absolute, the same shall be considered a judgment of the court and every violation of said judgment as a contempt thereof and punished according to law.

(c) *Records of third parties.* For the purpose of administering the provisions of this article, the director-department of revenue and taxation whenever he deems it expedient may make or cause to be made by any of his authorized assistants an examination of the books, records, papers, vouchers, accounts and documents of any individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, bank, syndicate or other group or combination, insofar as said books, records, papers, vouchers, accounts and documents relate to, bear on, associate with, identify, clarify or disclose the liability of any person or group made liable for any tax under any section of this article or assist in the enforcement or collection of any such liability. Every individual, director, officer, agent or employee of such individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust,

receiver, bank, syndicate or other group or combination shall exhibit to the director-department of revenue and taxation or to any of his authorized assistants the pertinent books, records, papers, vouchers, accounts and documents and to facilitate any such examination and investigation so far as it may be in his power to do so.

(Code 1973, §§ 22-103—22-105; Ord. of 11-10-1965, §§ 9, 30; Ord. of 6-14-1990)

Secs. 78-183—78-206. - Reserved.

DIVISION 7. - IMPORTED GOODS

Sec. 78-207. - Permits to import goods; application.

In order to prevent the illegal importation of tangible personal property which is subject to the tax into the parish, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the director-department of revenue and taxation is hereby authorized and empowered to put into operation a system of permits where any person or dealer may import tangible personal property by truck, automobile or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person or dealer who desires to import tangible personal property into the parish, which property is subject to tax imposed by this article, to apply to the director-department of revenue and taxation for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the director-department of revenue and taxation may deem proper or necessary to prevent the illegal importation of tangible personal property into the parish. Such permits shall be free of cost to the applicant and may be obtained at the office of the director-department of revenue and taxation.

(Code 1973, § 22-110; Ord. of 11-10-1965, § 11)

Secs. 78-208—78-237. - Reserved.

DIVISION 8. - REMEDIES FOR COLLECTION

Sec. 78-238. - Alternative remedies for the collection of taxes.

(a)   In addition to following any of the special remedies provided in this division, the director-department of revenue and taxation may, within his discretion, proceed to enforce the collection of any taxes due under this article by means of any of the following alternative remedies or procedures:

(1)   Assessment and distraint, as provided in section 78-260 through section 78-263.

(2)   Summary court proceeding, as provided in section 78-267.

(3)   Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.

(b)   The director-department of revenue and taxation may choose which of these procedures he will pursue in

each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the director-department of revenue and taxation; provided that in every case the taxpayer shall be entitled to proceed under section 78-325 except when an assessment for the tax in question has become final, and except when there is pending against him a suit involving the same tax obligation. The fact that the director-department of revenue and taxation has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation.

(Code 1973, § 22-116; Ord. of 6-14-1990)

Sec. 78-239. - Penalties, interest deemed part of tax; waiver for satisfactory explanation.

All penalties and interest imposed by this article shall be payable to and recoverable by the parish in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the director-department of revenue and taxation, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charged in excess of the rate of one-half of one percent per month.

(Code 1973, § 22-117; Ord. of 11-10-1965, § 23; Ord. of 6-14-1990)

Sec. 78-240. - Interest, penalties, attorney's fees for failure to pay tax.

(a) If the amount of tax due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest upon the unpaid amount, at the rate of 1.25 percent after the 20th of the month in which the tax is due, and increasing by 1.25 percent on the first day of each month thereafter, until paid.

(b) In addition to the interest that may be so due thereon shall also be collected, a penalty equivalent to five percent for each 30 days, or fraction thereof, of the delinquency, not to exceed 25 percent in aggregate, when such tax is not paid within 20 days of the date the tax first becomes due and payable.

(c) In the event of suit, or of any other legal service required, attorney's fees at the rate of ten percent of the aggregate of tax, interest and penalty may be imposed and collected.

(Code 1973, § 22-118; Ord. of 11-10-1965, § 8; Mo. of 1-13-1977; Mo. of 9-10-1987; Ord. of 6-14-1990; Res. of 11-14-1996; Ord. No. 31-96, 12-12-1996)

Sec. 78-241. - Penalty for false or fraudulent return.

When the taxpayer files a return that is false or fraudulent or grossly incorrect and the circumstances indicate that the taxpayer had intent to defraud the parish of any tax due under this article, there shall be imposed, in addition to any other penalties provided, a specific penalty of 50 percent of the tax found to be due. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Code 1973, § 22-118.1; Ord. of 6-14-1990)

Sec. 78-242. - Negligence penalty.

If any taxpayer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided, a specific penalty of five percent of the tax or deficiency found to be due, or $10.00 whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Code 1973, § 22-118.2; Ord. of 6-14-1990)

Sec. 78-243. - Determination and notice of tax due.

If a taxpayer fails to make and file any return or report required by the provisions of this article, or if the return or report made and filed does not correctly compute the liability of the taxpayer, the director-department of revenue and taxation shall cause an audit, investigation or examination to be made to determine the tax, penalty and interest due, or he shall determine the tax, penalty or interest due by estimate or otherwise. Having determined the amount of tax, penalty and interest due, the director-department of revenue and taxation shall send by mail a notice to the taxpayer at the address given in the last report filed by him pursuant to the provisions of the article governing the tax involved, or if no report has been filed, to any address that may be obtainable, setting out his determination and informing the person of his purpose to assess the amount so determined against him after 15 calendar days from the date of the notice.

(Code 1973, § 22-119; Ord. of 6-14-1990)

Sec. 78-244. - Protest to director-department of revenue and taxation's determination of tax due.

The taxpayer, within 15 calendar days from the date of the notice provided in section 78-243, may protest thereto. This protest must be in writing and should fully disclose the reasons, together with facts and figures in substantiation thereof, for objecting to the director-department of revenue and taxation's determination. The director-department of revenue and taxation shall consider the protest, and in his discretion may grant a hearing thereon, before making a final determination of tax, penalty and interest due.

(Code 1973, § 22-119.1; Ord. of 6-14-1990)

Sec. 78-245. - Assessment of tax, interest and penalties.

At the expiration of 15 calendar days from the date of the director-department of revenue and taxation's notice provided in section 78-243, or at the expiration of such time as may be necessary for the director-department of revenue and taxation to consider any protest filed to such notice, the director-department of revenue and taxation shall proceed to assess the tax, penalty and interest that he determines to be due under the provisions of any section of this article. The assessment shall be evidenced, by a writing, in any form suitable to the director-department of revenue and taxation, which sets forth the name of the taxpayer, the amount determined to be due, the kind of tax, and the taxable period for which it is due. This writing shall be retained as a part of the director-department of revenue and taxation's official records. The assessment may confirm or modify the director-department of revenue and taxation's originally proposed assessment.

(Code 1973, § 22-119.2; Ord. of 6-14-1990)

Sec. 78-246. - Notice of assessment and right to appeal.

(a) Having assessed the amount determined to be due, the director-department of revenue and taxation shall
send, by registered mail, a notice to the taxpayer against whom the assessment lies, at the address given in
the last report filed by the taxpayer, or if no report has been filed, to any such address as may be obtainable.
This notice shall inform the taxpayer of the assessment made against him and notify him that he has 30
calendar days from the date of the notice, within which either to pay the amount of the assessment or to
utilize the remedies afforded him under this division. All such actions shall be made in the manner set out in
division 10 of this article.

(b) If at the expiration of the delay of 30 calendar days the taxpayer has not filed an appeal, the assessment shall
be final and shall be collectible by distraint and sale as is hereinafter provided. If an appeal has been filed,
the assessment shall not be collectible by distraint and sale until such time as the assessment has been
redetermined or affirmed by the court which last reviewed the matter.

(Code 1973, § 22-119.3; Ord. of 6-14-1990)

Sec. 78-247. - Assessment of tax shown on face of taxpayer's returns.

(a) Whenever a taxpayer files returns and computes the amount of any tax due, such tax, together with any
penalty and interest due or accruing thereon, whether computed or not, shall be considered assessed and
shall be entered by the director-department of revenue and taxation as an assessment in his official records
without the necessity of observing the delays or giving the notice ordinarily required prior to assessment.

(b) If the taxpayer fails to accompany his filed return with a proper payment, as required by section 78-153, the
director-department of revenue and taxation shall immediately send a notice by mail to such person,
addressed to the address appearing on the return or to any available address if no address appears,
informing him of the amount due, or the balance of the amount due if a partial payment has been made, and
demanding payment of such amount within ten calendar days from the date of the notice. If payment has not
been received at the expiration of such time, the assessment shall be collectible by distraint and sale as
hereinafter provided.

(c) Nothing in this section shall be construed as denying the right of the taxpayer to pay the assessment under
protest or to claim a refund of the assessment after payment, all in a manner as set out in this article.

(Code 1973, § 22-120; Ord. of 6-14-1990)

Sec. 78-248. - Director-department of revenue and taxation to ascertain true cost of imported goods and assess tax when
dealer's invoice does not reflect same; presumption of correctness.

In the event the dealer has imported any tangible personal property and fails to produce an invoice showing the cost
price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the
director-department of revenue and taxation shall ascertain, in any manner feasible, the true cost price, and assess and
collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The
assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the
contrary.

(Code 1973, § 22-121; Ord. of 11-10-1965, § 8; Ord. of 6-14-1990)

Sec. 78-249. - Director-department of revenue and taxation authorized to fix consideration of leases and rentals when false.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the director-department of revenue and taxation, represent the true or actual consideration, then the director-department of revenue and taxation is authorized to fix the same and collect the tax thereon for the parish in the same manner as provided in section 78-248, with interest, plus penalties, if such have accrued.

(Code 1973, § 22-122; Ord. of 11-10-1965, § 8; Ord. of 6-14-1990)

Sec. 78-250. - Examination, audit of returns; assessment, demand of deficiency.

After a return or report is filed under the provisions of this article, the director-department of revenue and taxation shall cause to be examined and make such further audit or investigation as he may deem necessary, and if he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them, due the parish from such person or dealer, and make demand upon him for payment.

(Code 1973, § 22-123; Ord. of 11-10-1965, § 19; Ord. of 6-14-1990)

Sec. 78-251. - Director-department of revenue and taxation authorized to apply to court for order to enforce provisions.

If any dealer fails to make any return, or refuses to permit an examination of his books, records or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the director-department of revenue and taxation may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return, or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon the dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt and shall be punished as provided by law in cases of contempt.

(Code 1973, § 22-124; Ord. of 11-10-1965, § 10; Ord. of 6-14-1990)

Sec. 78-252. - Presumption that property is for sale, use, consumption, etc., in parish.

For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property subject to the provisions of this article, imported into the parish or held in the parish by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the parish, or leased or rented within the parish, and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the director-department of revenue and taxation.

(Code 1973, § 22-125; Ord. of 11-10-1965, § 22; Ord. of 6-14-1990)

Sec. 78-253. - Attaching imported property for noncompliance; violations, penalty.

(a)  The failure of any dealer who imports tangible personal property from outside the parish into the parish for

use or consumption or distribution or storage to be used or consumed in the parish, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay any tax, interest, penalties or costs under this article, shall ipso facto make the tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether the delinquent dealer be a resident or nonresident of the parish, and whether the tangible personal property is in the possession of the delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that it is the intention of this article to prevent the disposition of the tangible personal property in order to ensure payment of the tax imposed by this article, together with interest, penalties and costs; and authority to attach is hereby specifically authorized and granted to the parish.

(b)  In addition to the penalties hereinbefore prescribed in this section, any person or dealer who shall violate the provisions of such section or division, upon conviction thereof shall be fined in a sum of not more than $100.00 or imprisonment in jail for a period of not more than 60 days or by both such fine and imprisonment, in the discretion of the court. Each importation or shipment by truck, automobile or other means of transportation, other than a common carrier, found to be in violation of the provisions of this section shall constitute a separate offense.

(Code 1973, § 22-126; Ord. of 11-10-1965, § 11; Ord. of 6-14-1990)

Sec. 78-254. - Personal liability of dealers; lien declared; priority.

The liability of any person or dealer arising from any tax, interest and penalty or any of them imposed by this article from the time they are due shall be a personal debt of such person or dealer to the parish recoverable in any court of competent jurisdiction in an action at law by the parish. Such debts, whether sued upon or not, shall be a lien on all of the property of such delinquent person or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person or dealer, whether in bankruptcy, insolvency or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the parish.

(Code 1973, § 22-127; Ord. of 11-10-1965, § 16; Ord. of 6-14-1990)

Sec. 78-255. - Dealer liable for all uncollected taxes.

Any dealer who shall neglect, fail or refuse to collect the tax provided in this article, upon any, every and all retail sales made by him, or his agent or employee, which is subject to the tax imposed in this article shall be liable for and pay the tax himself.

(Code 1973, § 22-128; Ord. of 11-10-1965, § 4; Ord. of 6-14-1990)

Sec. 78-256. - Authority to require bond or security.

The parish may require a bond or other security satisfactory to the director-department of revenue and taxation for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Code 1973, § 22-129; Ord. of 11-10-1965, § 17; Ord. of 6-14-1990)

Sec. 78-257. - Assessment and claims in bankruptcy and receivership.

Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding, or the appointment of a receiver for any taxpayer in a receivership proceeding, before any court of this state or of the United States, the director-department of revenue and taxation may immediately make a determination from any available information or by estimate or otherwise, of the amount of tax, penalty and interest the taxpayer is liable to pay under any section of this article, and immediately assess that amount, and by a writing to be retained as a part of his official records indicate that such assessment has been made. Such assessment may be made whenever a tax becomes due under the provisions of this article, regardless of whether it is payable or not. Claims for such assessments, and additional interest and attorney's fees thereon, shall be presented for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending despite the pendency of delays before assessment provided in sections 78-243 through 78-246, or the pendency of an appeal to the courts for a redetermination. No petition for the redetermination of an assessment shall be filed after an adjudication of bankruptcy or the appointment of a receiver unless the petition is accompanied by a certified copy of an order of the court before which the bankruptcy or receivership proceeding is pending, authorizing the trustee or receiver to prosecute such appeal.

(Code 1973, § 22-130; Ord. of 6-14-1990)

Sec. 78-258. - Interruption and suspension of prescription.

(a) The prescription running against any parish sales or use tax, license, excise, interest, penalty or other charge shall be interrupted by:

(1) The director-department of revenue and taxation's action in assessing any such amounts in the manner provided by law;

(2) The filing of a summary proceeding in court;

(3) The filing of any pleadings, either by the director-department of revenue and taxation or by a taxpayer, with any state or federal court;

(4) The filing of a false or fraudulent return; and

(5) The wilful failure to file any return, with intent to defraud.

(b) The running of such prescription may also be suspended by means of a written agreement between the taxpayer and the director-department of revenue and taxation made prior to the lapse of the prescriptive period set out in the constitution of the state.

(Code 1973, § 22-131; Ord. of 6-14-1990)

Sec. 78-259. - Assessment and notice when tax is in jeopardy.

(a) If the director-department of revenue and taxation finds that a taxpayer designs quickly to depart from the parish, or to remove therefrom any property subject to any tax or to any lien for a tax, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, he may immediately make a determination, from any available information or by estimate or otherwise, of the amount of tax, penalty, and interest such taxpayer is liable to pay under any section of this article. Having made such determination, the director-department of revenue and taxation

shall immediately assess that amount, and by a writing to be retained as part of his official records indicate such assessment has been made, and without any notice proceed to distrain, as is hereinafter provided, any property belonging to the taxpayer. This type of assessment may be made whenever a tax becomes due under the provisions of this article, regardless of whether it is then payable or not.

(b)  As soon as is feasible after such assessment, and not later than two calendar days thereafter, the collector shall send by registered mail a notice to the taxpayer against whom the assessment lies, at the address given in the last report filed by the taxpayer, or if no such report has been filed, to any such address as may be obtainable. Such notice shall inform the taxpayer of the assessment, its basis, and jeopardous nature; make demand for immediate payment thereof; and give notice that any property distrained or to be distrained will be subject to sale as provided in this division, to satisfy the assessment.

(c)  The taxpayer against whom the assessment lies can stay distraint of his property, or the sale of his already distrained property, as the case may be, only by the immediate payment of the assessment or by posting with the director-department of revenue and taxation a surety bond for twice the amount of such assessment, or of a lower amount acceptable to the director-department of revenue and taxation, with such sureties as the director-department of revenue and taxation deems necessary. The taxpayer shall have 30 calendar days from the date of payment, or the date of posting bond, to appeal to the courts in the manner set out in division 10 of this article, for a redetermination of the assessment. During this period, the director-department of revenue and taxation shall hold any payment made in an escrow account. If the taxpayer does not appeal, the director-department of revenue and taxation shall immediately credit such payment to tax collections or proceed to collect from sureties, if any were given. In the event of an appeal, such payment or demand for payment from sureties given shall be held in abeyance pending the redetermination or affirmation of the assessment by the court which last reviews the matter. Final payment, or collection from sureties, will be for the amount of the affirmed or redetermined assessment.

(Code 1973, § 22-132; Ord. of 11-10-1965, §§ 20—22; Ord. of 6-14-1990)

Sec. 78-260. - Collection by distraint and sale authorized.

When any taxpayer fails to pay any tax, penalty and interest assessed, as provided in this article, the director-department of revenue and taxation may proceed to enforce the collection thereof by distraint and sale.

(Code 1973, § 22-133; Ord. of 11-10-1965, § 22; Ord. of 6-14-1990)

Sec. 78-261. - Distraint procedure.

Whenever the director-department of revenue and taxation or his authorized assistants shall distrain any property of a taxpayer, he shall cause to be made a list of the property or effects distrained, a copy of which, signed by the director-department of revenue and taxation or his authorized assistants, shall be sent by registered mail to the taxpayer at his last-known residence or business address, or served on the taxpayer in person. This list shall be accompanied by a note of the sum demanded and a notice of the time and place where the property will be sold. Thereafter, the director-department of revenue and taxation shall cause a notice to be published in the official journal of the parish wherein the distraint is made, specifying the property distrained, and the time and place of sale. The sale shall be held not less than 15 calendar days from the date of the notice mailed or served on the taxpayer or the date of publication in the official

journal, whichever is later. The director-department of revenue and taxation may postpone such sale from time to time, if he deems it advisable, but not for a time to exceed 30 calendar days in all. If the sale is continued to a new date it shall be readvertised.

(Code 1973, § 22-133.1; Ord. of 6-14-1990)

Sec. 78-262. - Surrender of property subject to distraint.

Any person in possession of property or rights to property subject to distraint, upon which a levy has been made, shall, upon demand by the director-department of revenue and taxation or his authorized assistants, making such levy, surrender such property or rights to property to the director-department of revenue and taxation or his authorized assistants unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process. Any person failing or refusing to surrender any such property or rights shall be liable to the parish in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes, penalties, and interest and other costs and charges which are due.

(Code 1973, § 22-133.2; Ord. of 6-14-1990)

Sec. 78-263. - Sale of distrained property.

(a) The director-department of revenue and taxation, or his authorized assistants, shall sell at public auction for cash to the highest bidder so much of the property distrained by him as may be sufficient to satisfy the tax, penalties, interest and costs due. He shall give to the purchaser a certificate of sale which will be prima facie evidence of the right of the director-department of revenue and taxation to make the sale, and conclusive evidence of the regularity of his proceedings in making the sale, and which will transfer to the purchaser all right, title and interest of the taxpayer in and to the property sold.

(b) Out of the proceeds of the sale, the director-department of revenue and taxation shall first pay all costs of the sale and then apply so much of the balance of the proceeds as may be necessary to pay the assessment. Any balance beyond this shall be paid to the taxpayer.

(Code 1973, § 22-133.3; Ord. of 6-14-1990)

Sec. 78-264. - Failure to pay tax deemed delinquency; judgment prohibiting doing business.

Failure to pay any tax due as provided in this article shall ipso facto, without demand or putting in default, cause the tax, interest, penalties and costs to become immediately delinquent. The parish is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two or more than ten days, exclusive of holidays, after the service thereof, which may be tried out of term, and in chambers, and shall always be tried by preference, why the dealer should not be ordered to cease from further pursuit of business as a dealer. In case the rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the parish, prohibiting such dealer from the further pursuit of the business until such time as he has paid the delinquent tax, interest, penalties and costs. Every violation of the injunction shall be considered as a contempt of court and punished according to law.

(Code 1973, § 22-134; Ord. of 11-10-1965, § 22; Ord. of 6-14-1990)

Sec. 78-265. - Corporations not to dissolve, merge, reorganize, withdraw from state until amount due is paid.

No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the parish may surrender such authority and withdraw from the state until all taxes, fees, penalties, interest and other charges imposed upon said corporation in accordance with the provisions of this article, shall have been fully paid.

(Code 1973, § 22-135; Ord. of 11-10-1965, § 35; Ord. of 6-14-1990)

Sec. 78-266. - Procedure upon sale or discontinuance of business.

(a)  If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock or goods or shall quit the business, he shall make a final return and payment within 15 days after the date of selling or quitting business. His successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the director-department of revenue and taxation showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as above provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owners or assignors.

(b)  In the event that any dealer is delinquent in the payment of the tax herein provided for, the director-department of revenue and taxation may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice; and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the director-department of revenue and taxation shall have consented to a transfer or disposition, or until 30 days shall have elapsed from and after the receipt of such notice. All persons so notified must within five days after receipt of such notice, advise the director-department of revenue and taxation of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(Code 1973, § 22-136; Ord. of 11-10-1965, § 7; Ord. of 6-14-1990)

Sec. 78-267. - Collection by summary court proceeding authorized.

In addition to any other procedure provided in this article or elsewhere in the laws of this state, and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising under the division, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the parish, or by or on behalf of the director-department of revenue and taxation, for taxes, excises, and licenses and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows:

(1)  All such proceedings, whether original or by intervention or third opposition, or otherwise, brought by or on behalf of the parish, or by or on behalf of the director-department of revenue and taxation, for the determination or collection of any tax, interest, penalty, attorney fees, costs or other charges, claimed to

be due under any provision of this article, shall be summary and shall always be tried or heard by preference, in all courts, original and appellate, whether in or out of term time, and either in open court or chambers, at such time as may be fixed by the court, which shall be not less than two nor more than ten days after notice to the defendant or opposing party.

(2) All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing; and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Practice.

(3) All matters involving any such claim shall be decided within 48 hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court. All judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the 50th calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Suspensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeals or the supreme court, shall be made returnable in not more than 15 calendar days from the rendition of the judgment.

(4) Whenever the pleadings filed on behalf of the parish, or on behalf of the director-department of revenue and taxation, shall be accompanied by an affidavit of the director-department of revenue and taxation or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant's knowledge or belief, all of the facts alleged in the pleadings shall be accepted as prima facie true and as constituting a prima facie case. The burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.

(Code 1973, § 22-137; Ord. of 6-14-1990)

Secs. 78-268—78-297. - Reserved.

DIVISION 9. - REFUNDS AND REIMBURSEMENTS

Sec. 78-298. - Tax credit for returned goods.

In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the director-department of revenue and taxation and in case the tax has not been remitted by the dealer to the director-department of revenue and taxation, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall not be longer than 90 days, the parish through the director-department of revenue and taxation, shall issue to the dealer an official

credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the director-department of revenue and taxation at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(Code 1973, § 22-142; Ord. of 11-10-1965, § 12)

Sec. 78-299. - Claim for refund.

If any dealer shall have given to the director-department of revenue and taxation notice within the time provided in section 78-298, such dealer thereafter, at any time within two years after the payment of any original or additional tax assessed against him, may file with the director-department of revenue and taxation a claim under oath for refund, in such form as the director-department of revenue and taxation may prescribe, stating the grounds thereof; provided, however, that no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the director-department of revenue and taxation as hereinbefore provided, or after proceedings on appeal have been finally determined.

(Code 1973, § 22-143; Ord. of 11-10-1965, § 24)

Sec. 78-300. - Overpayment credited against dealer's liability; refund; notice of rejection.

If, upon examination of such claim for refund, it shall be determined by the director-department of revenue and taxation that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there be no such liability, the dealer shall be entitled to a refund of the tax so overpaid. If the director-department of revenue and taxation shall refuse the claim for refund in whole or in part he shall make an order accordingly and serve notice upon the dealer.

(Code 1973, § 22-144; Ord. of 11-10-1965, § 25)

Sec. 78-301. - Refund for erroneous, illegal collection of tax; certification by director-department of revenue and taxation.

Where no question of fact or law is involved, and it appears from the records of the parish that any monies have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the director-department of revenue and taxation, may, at any time within two years of payment, upon making a record in writing of his reasons therefor, certify that the dealer is entitled to such refund and thereupon the director-department of revenue and taxation shall authorize the payment thereof from any appropriation available for such purposes.

(Code 1973, § 22-145; Ord. of 11-10-1965, § 26)

Sec. 78-302. - Repayment of deposit by dealer.

When, to secure compliance with any of the provisions of this article any monies shall have been deposited with the parish by any dealer, and shall have been paid over to the dealer has fully complied with all such provisions, the director-department of revenue and taxation shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such monies, or such part thereof as the director-department of revenue and taxation shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Code 1973, § 22-146; Ord. of 11-10-1965, § 27)

Sec. 78-303. - Attorney's fees in defense of erroneous claims for refunds.

If a claim for refund has been denied or refused by the collector, and the denial or refusal is petitioned to a court of competent jurisdiction, and the denial or refusal is upheld by said court, the director shall be entitled to petition said court for reimbursement of attorney's fees and other legal costs incurred to defend such claim, whether or not the tax amount in question was paid timely or as a result of a delinquency action initiated by the collector.

(Code 1973, § 22-147; Res. of 11-14-1996; Ord. No. 31-96, 12-12-1996)

Secs. 78-304—78-324. - Reserved.

DIVISION 10. - REMEDIES OF DEALERS

Sec. 78-325. - Right of action created; procedure; interest on refund.

A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due, to the director-department of revenue and taxation and shall give the director-department of revenue and taxation notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the director-department of revenue and taxation for a period of 30 days. If suit is filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the director-department of revenue and taxation shall refund the amount to the claimant, with interest at the rate of two percent per annum covering the period from the date said funds were received by the parish to the date of refund.

(Code 1973, § 22-152; Ord. of 11-10-1965, § 15)

Sec. 78-326. - Competent courts for action; service of process.

This division shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the president of the parish council.

(Code 1973, § 22-153; Ord. of 11-10-1965, § 15)

Sec. 78-327. - Legal remedy for certain causes of action; effect of payment under protest.

This division shall be construed to provide a legal remedy in the state, city or federal courts, by action of law, in case such taxes are claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of Congress or the United States Constitution, or the constitution of the state, or in cases where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principle of law involved in an additional assessment is already pending before the courts for judicial determination, the dealer, upon agreement to abide by the decision of the courts may pay the additional assessment

under protest, but need not file an additional suit. In such cases the tax so paid under protest shall be segregated and held by the director-department of revenue and taxation until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Code 1973, § 22-154; Ord. of 11-10-1965, § 15)

Sec. 78-328. - Grievance procedure.

If any dealer shall be aggrieved by any finding or proposed assessment of the director-department of revenue and taxation he may, within 15 days of the receipt of notice of the proposed assessment or finding, file a protest with the director-department of revenue and taxation in writing, signed by himself or his duly authorized agent, which shall be under oath, and shall set forth the reason therefor, and may request a hearing. Thereafter, the director-department of revenue and taxation may grant a hearing to the dealer, if a hearing has been requested, and may make any order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalties for nonpayment, nor shall it stay the right of the parish to collect the tax in any manner herein provided, unless the dealer shall furnish security of a kind and in an amount satisfactory to the director-department of revenue and taxation. Appeals from the decision of the director-department of revenue and taxation shall be directed to any state, city or federal court of competent jurisdiction as provided for in sections 78-325 through 78-327.

(Code 1973, § 22-155; Ord. of 11-10-1965, § 28; Ord. of 6-14-1990)

Secs. 78-329—78-359. - Reserved.

DIVISION 11. - DISPOSITION OF PROCEEDS AND REVENUES

Sec. 78-360. - Deposit in special fund.

The avails of the tax levied by this article shall be deposited by the director-department of revenue and taxation from day to day in a special fund to be known as the "Sales Tax Fund."

(Code 1973, § 22-161; Ord. of 11-10-1965, § 37)

Sec. 78-361. - Use of proceeds after payment of administrative costs.

The avails of the tax after collection expenses have been paid shall be divided between the parish and the several municipal corporations situated within the parish upon a per capita basis to be determined by the parish council by approval of the latest federal census for the purpose. After the effective date of the ordinance from which this article is derived, the director-department of revenue and taxation shall from time to time remit to the several municipal corporations from the sales tax fund the municipalities' pro rata share of the avails of the tax after deducting from said tax avails the prorated collection costs thereof.

(Code 1973, § 22-162; Ord. of 11-10-1965, § 38)

Secs. 78-362—78-380. - Reserved.

ARTICLE III. - WEST BATON ROUGE PARISH CORRECTIONAL FACILITIES SALES AND USE TAX ORDINANCE OF 1993

*Footnotes:*

--- *(3)* ---

**State Law reference—** *Authority to levy and collect sales tax, R.S. 33:2721; Uniform Local Sales Tax Code, R.S. 47:337.1 et seq.*

DIVISION 1. - GENERALLY

Sec. 78-381. - Definitions.

As used in this article, the words, terms and phrases "business," "cost price," "dealer," "gross sales," "hotel," "lease or rental," "person," "purchaser," "retail sale," "sale at retail," "retailer," "sale," "sales price," "sales of services," "storage," "tangible personal property," "off-road vehicle," "use," "use tax" and "drugs" have the meanings ascribed to them in R.S. 47:301, unless the context clearly indicates a different meaning. In addition, the following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

*Authority* means the Parish of West Baton Rouge, State of Louisiana, as is appropriate in the context used and with the understanding that the tax will be levied throughout the parish.

*Collector* means and includes the director-department of revenue and taxation of the parish or his duly authorized assistant or such other person, agency or instrumentality designated by the parish to handle and accomplish the collection, enforcement and administration of sales and use taxes on behalf of the authority.

*Distraint,* as used in this article, means the right to levy upon and seize and sell, or the levying upon or seizing and selling, of any property or rights to property of the taxpayer including goods, chattels, effects, stocks, securities, bank accounts, evidences of debt, wages, real estate and other forms of property, by the director-department of revenue and taxation or his authorized assistant, for the purpose of satisfying any assessment of tax, penalty or interest due under the provisions of this article. Property exempt from seizure by R.S. 13:3881 and other applicable state law is exempt from distraint and sale herein.

(Code 1973, § 22-171; Ord. of 5-13-1993, § 1; Ord. No. 31-96, 12-12-1996)

Sec. 78-382. - Collector as agent and trustee for parish.

It is hereby recognized that the tax herein levied is being levied by and on behalf of the parish council as herein provided and that the collector is acting as agent for the parish council for the purpose of administration and collection of the tax.

(Code 1973, § 22-172; Ord. of 5-13-1993, § 14)

Sec. 78-383. - Applicability of sales and use tax ordinance provisions under state law.

Provisions of all valid parish sales and use taxes in effect at the time of adoption of this Code shall control and be applicable unless preempted or otherwise overridden by the Uniform Local Sales Tax Code.

Secs. 78-384—78-407. - Reserved.

DIVISION 2. - IMPOSITION OF TAX

Sec. 78-408. - Levied; rate.

(a) There is hereby levied and authorized to be collected from and after the date of the ordinance from which this article is derived, for the purposes stated in the proposition attached as exhibit A to the ordinance from which this article is derived, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within the authority as defined herein; and the levy and collection of such tax shall be as follows:

(1) At the rate of one-half percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the authority and to include each and every retail sale.

(2) At the rate of one-half percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority provided there shall be no duplication of the tax.

(3) At the rate of one-half percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein where the lease or rental of such property is an established business, or part of an established business or the same is incidental or germane to the said business.

(4) At the rate of one-half percent of the monthly lease rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property.

(5) At the rate of one-half percent of the gross proceeds derived from the sale of services, as defined herein.

(b) The tax authorized to be levied by this section shall be in addition to all other sales and use taxes presently being levied by the authority, and all dealers and other collectors of the sales and use tax levied and collected hereby shall commence billing of the tax as of the opening of business on July 1, 1993.

(Code 1973, § 22-181; Ord. of 5-13-1993, § 2)

**Editor's note—** Exhibit A referred to in this section is not set out herein but can be found on file in the parish offices.

Sec. 78-409. - Rental income.

Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on rental income. Such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(Code 1973, § 22-182; Ord. of 5-13-1993, § 2)

Sec. 78-410. - Collection.

The tax shall be collected from the dealer, and paid at the time and in the manner hereinafter provided.

(Code 1973, § 22-183; Ord. of 5-13-1993, § 2)

Sec. 78-411. - Tax levied in addition to all other taxes.

The tax so levied is, and shall be in addition to all other taxes, whether levied in the form of sales, excise, or license, privilege or property taxes levied by any other ordinance or resolution of the parish council.

(Code 1973, § 22-184; Ord. of 5-13-1993, § 2)

Sec. 78-412. - Other applicable sales and use tax.

The dealer shall collect the tax levied by this division, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule or schedules prepared and furnished by the collector of revenue of the state under the authority of Section 304 of Title 47 of the Louisiana Revised Statutes of 1950, as amended (R.S. 47:304). Such schedule or schedules shall include, in addition to the tax hereby levied pursuant to the election held on May 1, 1993, all sales taxes levied by the state, any sales tax levied by the authority and any sales taxes levied by any other political subdivision applicable in the authority. The dealer will remit that portion of such total taxes representing the tax levied by this division to the collector. Copies of said integrated bracket schedules are available to dealers on request to the authority or the collector.

(Code 1973, § 22-185; Ord. of 5-13-1993, § 2)

Sec. 78-413. - Collection of tax to be made in the name of the authority.

The collection of the tax herein levied shall be made in the name of the authority by the collector.

(Code 1973, § 22-186; Ord. of 5-13-1993, § 2)

Secs. 78-414—78-439. - Reserved.

DIVISION 3. - EXEMPTIONS AND EXCLUSIONS

Sec. 78-440. - Generally.

The levy of the tax imposed by this article shall not apply to those transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of state law as amended, and other applicable statutory authority.

(Code 1973, § 22-191; Ord. of 5-13-1993, § 3)

Secs. 78-441—78-463. - Reserved.

DIVISION 4. - COLLECTION OF TAX BY DEALER

Sec. 78-464. - Collection from purchaser or consumer.

The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 78-469. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of the sale; provided, however, that the parish council shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(Code 1973, § 22-201; Ord. of 5-13-1993, § 4)

Sec. 78-465. - Collection by dealers located outside parish.

Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use, or other consumption, in the authority, shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(Code 1973, § 22-202; Ord. of 5-13-1993, § 4)

Sec. 78-466. - Tax to constitute part of purchase price.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer, until paid, and shall be recoverable at law, in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided, shall be liable for and pay the tax himself.

(Code 1973, § 22-203; Ord. of 5-13-1993, § 4)

Sec. 78-467. - Registration; certification of dealers.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article, on or before July 1, 1993, or in the case of dealers commencing business after July 1, 1993, or opening new places of business after such date, within three days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by the collector, provided any dealer who has heretofore made such filing pursuant to any previously enacted ordinance, is not required to make an additional filing hereunder. The collector shall, within five days after such registration, issue without charge to each dealer who purchases or imports for resale, a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be nonassignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(Code 1973, § 22-204; Ord. of 5-13-1993, § 4)

Sec. 78-468. - Requirements of manufacturer, wholesale dealer, jobbers, suppliers.

A manufacturer, wholesaler dealer, jobber or supplier shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the parish council the tax herein imposed.

(Code 1973, § 22-205; Ord. of 5-13-1993, § 4)

Sec. 78-469. - Sale of motor vehicle, automobile, motorcycle, etc.

The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the vehicle registration license tax of the state shall be collected as provided in this section.

(1) The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue of the state at the time of application for a certificate of title or vehicle registration license and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

   a. The tax levied by this article on the sale of any such vehicle shall be due at the time of registration or any transfer of registration is required by the vehicle registration license tax law of the state (R.S. 47:451 et seq.).

   b. The tax levied by this article on the use of any such vehicle in the unincorporated area of the authority shall be due at the time first registration in the authority is required by the vehicle registration license tax law (R.S. 47:451 et seq.).

(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has heretofore been taxable and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of the sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the secretary of the department of revenue and taxation of the state, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of said secretary of the department of revenue in accordance with an agreement by and between said secretary of the department of revenue or the vehicle commissioner as agent therefor and the parish council, the execution of which agreement is hereby authorized. Said tax so

collected for said secretary of the department of revenue shall be paid to the parish council and sent to the collector as soon as possible, and in any event at least once each quarter, all in accordance with the agreement.

(4) The provision contained in R.S. 47:301(10) which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are the subject of this section. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and as such are subject to the tax.

(Code 1973, § 22-206; Ord. of 5-13-1993, § 4)

Sec. 78-470. - Offering to absorb tax prohibited.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(Code 1973, § 22-207; Ord. of 5-13-1993, § 4)

Sec. 78-471. - Auctioneers.

All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in this authority. Such auctioneers or the company which they represent shall be responsible for the collection of the tax authorized herein and shall report and remit same as provided by this article.

(Code 1973, § 22-208; Ord. of 5-13-1993, § 4)

Sec. 78-472. - Membership in health and fitness clubs.

Contracts for the membership in health and fitness clubs are subject to the tax authorized herein and shall be due and payable on a monthly basis computed on the amount paid each month less any actual imputed interest or collection fees or unpaid reserve amounts not received by a health and fitness club, provided no tax shall be due or payable on amounts collected on such contracts prior to the effective date of the tax.

(Code 1973, § 22-209; Ord. of 5-13-1993, § 4)

Sec. 78-473. - Excess collections.

Where the tax collected for any period is in excess of one-half percent the total collected must be paid over to the collector, less the commission to be allowed the dealer as hereinafter set forth.

(Code 1973, § 22-211; Ord. of 5-13-1993, § 4)

Sec. 78-474. - Collection when purchaser fails to pay dealer.

Where the purchaser has failed to pay and a dealer has failed to collect a tax upon a sale, as imposed by this article, then in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the collector, and it shall be the duty of the purchaser to file a return thereof with the collector and to pay the

tax imposed thereon to the collector within 15 days after such sale was made or rendered.

(Code 1973, § 22-212; Ord. of 5-13-1993, § 4)

Sec. 78-475. - Compensation of dealer for collecting.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by division 2 of this article, each dealer shall be allowed one percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Code 1973, § 22-213; Ord. of 5-13-1993, § 4)

Secs. 78-476—78-505. - Reserved.

DIVISION 5. - COLLECTION OF TAX FROM DEALER

Sec. 78-506. - Generally.

The tax imposed by this article shall be collectible by the collector on behalf of the parish council from all persons engaged as dealers.

(1) The collector is duly authorized and empowered to carry into effect the provisions of this article, and in pursuance thereof to make and enforce such rules as he may deem necessary. Such regulations when promulgated shall have the full force and effect of law. Promulgation shall be accomplished by publication at least one time in the official journal of the authority.

(2) The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the tax imposed hereunder.

(3) Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this article.

(4) The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(Code 1973, § 22-221; Ord. of 5-13-1993, § 5)

Sec. 78-507. - Imported tangible personal property.

On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of this state, or any foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the articles had been sold at retail for use or consumption, in the authority. For the purpose of this article, use or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax.

(Code 1973, § 22-222; Ord. of 5-13-1993, § 5)

Sec. 78-508. - Credit against use tax.

A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in the state, or city or county in a state other than this state. The credit provided herein shall be granted only in the case where the city or parish in the state, or the city or county in a state other than this state to which a similar tax has been paid, grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in this state, or to a city or county in a state other than this state, shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by the parish council upon the tangible personal property which is the subject of the use tax imposed by this article.

(Code 1973, § 22-223; Ord. of 5-13-1993, § 5)

Secs. 78-509—78-539. - Reserved.

DIVISION 6. - RETURNS AND PAYMENT OF TAX

Sec. 78-540. - Payable monthly.

The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month following the period in which taxable transactions occur.

(Code 1973, § 22-231; Ord. of 5-13-1993, § 6)

Sec. 78-541. - Returns required.

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the 20th day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by the collector, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of the ordinance from which this article derives to the end of such month. Thereafter, like returns shall be prepared and transmitted to the collector by all dealers, on or before the 20th day of each month, for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer at the time of making the return required hereunder shall compute and remit to the collector the required tax due for the preceding calendar month.

(Code 1973, § 22-232; Ord. of 5-13-1993, § 6)

Sec. 78-542. - Tax to be remitted with return.

   (a)  At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the collector therewith, the amount of the tax due under the applicable provisions of this article, and failure to so remit such shall cause said tax to become delinquent.

   (b)  All taxes, interest and penalties imposed under this article shall be paid to the collector in the form of remittance required by the collector.

(Code 1973, § 22-233; Ord. of 5-13-1993, § 6)

## Sec. 78-543. - Gross proceeds from rental of personal property.

Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(Code 1973, § 22-234; Ord. of 5-13-1993, § 6)

## Sec. 78-544. - Extension of time for making returns.

The collector, for good cause, may extend for not to exceed 30 days, the time for making any returns required under the provisions of this article.

(Code 1973, § 22-235; Ord. of 5-13-1993, § 6)

## Sec. 78-545. - Dealer declared agent of parish.

For the purpose of collecting and remitting to the collector the tax imposed herein, the dealer is hereby declared to be the agent of the parish council.

(Code 1973, § 22-236; Ord. of 5-13-1993, § 6)

Secs. 78-546—78-568. - Reserved.

DIVISION 7. - RECORDS AND INSPECTION

## Sec. 78-569. - Records to be kept by dealers.

It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector and it shall be the duty of every such dealer moreover, to keep and preserve, for the period provided in R.S. 47:309, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices, and other records shall be open to examination by the collector at all reasonable hours.

(Code 1973, § 22-241; Ord. of 5-13-1993, § 7)

Sec. 78-570. - Records to be secured and maintained; inspection; violations.

(a) Each dealer shall secure, maintain and keep, for the period provided in R.S. 47:309, a complete record of sales and services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(b) Any dealer subject to the provisions of this article who violates the provisions of this section shall be fined not more than $500.00 or imprisoned for not more than 60 days, or both, for any such offense.

(Code 1973, § 22-242; Ord. of 5-13-1993, § 7)

Sec. 78-571. - Wholesale dealers, jobbers to keep record of all sales.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales are for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection by the collector at all reasonable hours.

(Code 1973, § 22-243; Ord. of 5-13-1993, § 7)

Sec. 78-572. - Examination, investigation by collector.

For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his power so to do.

(Code 1973, § 22-244; Ord. of 5-13-1993, § 7)

Sec. 78-573. - Power to examine the records of third parties.

For the purpose of administering the provisions of this article the collector whenever he deems it expedient may make or cause to be made by any of his authorized assistants, an examination of the books, records, papers, vouchers, accounts and documents of any individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, bank, syndicate or other group or combination, in so far as said books, records, papers, vouchers, accounts and documents relate to, bear on, associate with, identify, clarify or disclose, the liability of any person or group made liable for any tax under any section of this article or assist in the enforcement or collection of any such liability. Every individual, director, officer, agent or employee of such individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, bank, syndicate or other group or

combination, shall exhibit to the director-department of revenue and taxation or to any of his authorized assistants, the pertinent books, records, papers, vouchers, accounts and documents and to facilitate any such examination and investigation so far as it may be in his power so to do.

(Code 1973, § 22-245; Ord. of 5-13-1993, § 7)

Sec. 78-574. - Examination of records of transportation companies.

For the purpose of enforcing the collection of the tax levied herein, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in the authority whether said companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(Code 1973, § 22-246; Ord. of 5-13-1993, § 7)

Sec. 78-575. - Collector to keep record of all of his official acts.

The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(Code 1973, § 22-247; Ord. of 5-13-1993, § 7)

Sec. 78-576. - Records and files of collector confidential.

The records and files of the collector respecting the administration of this article shall be considered confidential and privileged and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

(1) In an action or proceeding under the provisions of this article; and

(2) When the records or files or the facts shown thereby are directly involved in such action or proceeding.

(Code 1973, § 22-248; Ord. of 5-13-1993, § 7)

Sec. 78-577. - Provisions not to prevent delivery, publication, inspection, examination, or furnishing of records and reports.

Nothing contained in this article shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3) The inspection by the legal representative of the parish council or collector of the returns, reports or files re the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this a against whom an action or proceeding has been instituted in accordance with the provisions hereof;

(4) The examination of the records and files by the collector; or

(5) The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Code 1973, § 22-249; Ord. of 5-13-1993, § 7)

Secs. 78-578—78-600. - Reserved.

DIVISION 8. - IMPORTED GOODS

Sec. 78-601. - Permits to import goods.

In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person, or dealer, may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person, or dealer, who desires to import tangible personal property into the authority, which property is subject to the tax imposed by this article, to apply to the collector for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Code 1973, § 22-251; Ord. of 5-13-1993, § 8)

Secs. 78-602—78-623. - Reserved.

DIVISION 9. - REMEDIES FOR COLLECTION

Sec. 78-624. - Alternative remedies for the collection of taxes.

(a) In addition to following any of the special remedies provided in the various sections of this division, the director-department of revenue and taxation may, within his discretion, proceed to enforce the collection of any taxes due under this article, by means of any of the following alternative remedies or procedures:

(1) Assessment and distraint, as provided in sections 78-646—78-649.

(2) Summary court proceeding, as provided in section 78-653.

(3) Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.

(b) The director-department of revenue and taxation may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the director-department of revenue and taxation; provided that in every case the taxpayer shall be entitled to proceed under section 78-202 except when an assessment for the tax in question has become final, and except when there is pending against him a suit involving the same tax obligation; and provided further, that the fact that the director-department of revenue and taxation has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation.

(Code 1973, § 22-261; Ord. of 5-13-1993, § 9)

Sec. 78-625. - Penalties, interest deemed part of tax; waiver for satisfactory explanation.

All penalties and interest imposed by this article shall be payable to and recoverable by the parish in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the director-department of revenue and taxation, he may remit or waive payment of the whole or any part of any penalty, and may remit and waive payment of any interest charged in excess of the rate of one-half of one percent per month.

(Code 1973, § 22-262; Ord. of 5-13-1993, § 9)

Sec. 78-626. - Interest, penalties, attorney's fees for failure to pay tax.

(a) If the amount of tax due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate of 1.25 percent from the due date until paid.

(b) In addition to the interest that may be so due, there shall also be collected a penalty equivalent to five percent for each 30 days of the delinquency, not to exceed 25 percent in the aggregate, when such tax is not paid within 20 days of the date the tax first becomes due and payable.

(c) In the event of suit, or of any other legal service required, attorney's fees at the rate of ten percent of the aggregate of the tax, interest and penalty may be imposed and collected.

(Code 1973, § 22-263; Ord. of 5-13-1993, § 9; Res. of 11-14-1996)

Sec. 78-627. - Penalty for false or fraudulent return.

When the taxpayer files a return that is false or fraudulent or grossly incorrect and the circumstances indicate that the taxpayer had intent to defraud the parish of any tax due under this article, there shall be imposed, in addition to any other penalties provided a specific penalty of 50 percent of the tax found to be due. This specific penalty shall be an obligation to be collected and accounted for in the same action for the collection of the tax.

(Code 1973, § 22-264; Ord. of 5-13-1993, § 9)

Sec. 78-628. - Negligence penalty.

If any taxpayer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate wilful negligence or intentional disregard of the rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided, a specific penalty of five percent of the tax or deficiency found to be due, or $10.00 whichever is the greater. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due, and can be enforced either in a separate action or in the same action for the collection of the tax.

(Code 1973, § 22-265; Ord. of 5-13-1993, § 9)

Sec. 78-629. - Determination and notice of tax due.

If a taxpayer fails to make and file any return or report required by the provisions of this article, or if the return or report made and filed does not correctly compute the liability of said taxpayer, the director-department of revenue and taxation shall cause an audit, investigation or examination to be made to determine the tax, penalty and interest due, or he shall determine the tax, penalty or interest due by estimate or otherwise. Having determined the amount of tax, penalty and interest due, the director-department of revenue and taxation shall send by mail a notice to the taxpayer at the address given in the last report filed by him pursuant to the provisions of the article governing the tax involved, or if no report has been filed, to any address that may be obtainable, setting out his determination and informing the person of his purpose to assess the amount so determined against him after 15 calendar days, or 30 days in the case of an audit, from the date of the notice.

(Code 1973, § 22-266; Ord. of 5-13-1993, § 9)

Sec. 78-630. - Protest to director-department of revenue and taxation's determination of tax due.

The taxpayer may protest thereto within 15 calendar days from the date of the notice provided in section 78-629. This protest must be in writing and should fully disclose the reasons, together with facts and figures in substantiation thereof, for objecting to the director-department of revenue and taxation's determination. The director-department of revenue and taxation shall consider the protest, and in his discretion may grant a hearing thereon, before making a final determination of the tax, penalty, and interest due.

(Code 1973, § 22-267; Ord. of 5-13-1993, § 9)

Sec. 78-631. - Assessment of tax, interest and penalties.

At the expiration of 15 calendar days from the date of the director-department of revenue and taxation's notice provided in section 78-629, or at the expiration of such time as may be necessary for the director-department of revenue and taxation to consider any protest filed to such notice, the director-department of revenue and taxation shall proceed to assess the tax, penalty and interest that he determines to be due under the provisions of any section in this article. The assessment shall be evidenced by a writing in any form suitable to the director-department of revenue and taxation, which sets forth the name of the taxpayer, the amount determined to be due, the kind of tax, and the taxable period for which it is due. This writing shall be retained as part of the director-department of revenue and taxation's official records. The assessment may confirm or modify the director-department of revenue and taxation's originally proposed assessment.

(Code 1973, § 22-268; Ord. of 5-13-1993, § 9)

Sec. 78-632. - Notice of assessment and right to appeal.

(a) Having assessed the amount determined to be due, the director-department of revenue and taxation shall send by registered mail, a notice to the taxpayer against whom the assessment lies, at the address given in the last report filed by said taxpayer, or if no report has been filed, to any such address as may be obtainable. This notice shall inform the taxpayer of the assessment made against him and notify him that he has 30 calendar days, or 60 days in the case of an audit, from the date of the notice, within which either to pay the amount of the assessment or to utilize the remedies afforded him under this article. All such actions shall be made in the manner set out in division 11 of this article.

(b) If at the expiration of the delay of 30 calendar days, or 60 days in the case of an audit, the taxpayer has not filed an appeal, the assessment shall be final and shall be collectible by distraint and sale as is hereinafter provided. If an appeal has been filed, the assessment shall not be collectible by distraint and sale until such time as the assessment has been redetermined or affirmed by the court which last reviews the matter.

(Code 1973, § 22-269; Ord. of 5-13-1993, § 9)

Sec. 78-633. - Assessment of tax shown on face of taxpayer's returns.

(a) Whenever a taxpayer files returns and computes the amount of tax due, such tax together with any penalty and interest due or accruing thereon, whether computed or not, shall be considered assessed and shall be entered by the director-department of revenue and taxation as an assessment in his official records without the necessity of observing the delays or giving the notice ordinarily required prior to assessment.

(b) If the taxpayer fails to accompany his return filed with a proper payment, as required by section 78-542, the director-department of revenue and taxation shall immediately send a notice by mail to such person, addressed to the address appearing on the return or to any available address if no address appears, informing him of the amount due, or the balance of the amount due if a partial payment has been made, and demanding payment of such amount within ten calendar days from the date of the notice. If payment has not been received at the expiration of such time, the assessment shall be collectible by distraint and sale as hereinafter provided.

(c) Nothing in this section shall be construed as denying the right of the taxpayer to pay the assessment under protest or to claim a refund of the assessment after payment, all in a manner as is hereinafter set out in this article.

(Code 1973, § 22-270; Ord. of 5-13-1993, § 9)

Sec. 78-634. - Director-department of revenue and taxation to ascertain true cost of imported goods.

In the event the dealer has imported any tangible personal property and fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the director-department of revenue and taxation shall ascertain, in any manner feasible, the true cost price, and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct and the burden shall be on the dealer to show the contrary.

(Code 1973, § 22-271; Ord. of 5-13-1993, § 9)

Sec. 78-635. - Director-department of revenue and taxation authorized to fix consideration of leases and rentals when false.

In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgment of the director-department of revenue and taxation, represent the true or actual consideration then the director-department of revenue and taxation is authorized to fix the same and collect the tax thereon for the parish in the same manner as provided in section 78-634 with interest, plus penalties, if such have accrued.

(Code 1973, § 22-272; Ord. of 5-13-1993, § 9)

Sec. 78-636. - Examination, audit of returns; assessment, demand of.

After a return or report is filed under the provisions of this article, the director-department of revenue and taxation shall cause to be examined and make such further audit or investigation as he may deem necessary, and if therefrom, he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the parish from such person or dealer, and make demand upon him for payment.

(Code 1973, § 22-273; Ord. of 5-13-1993, § 9)

Sec. 78-637. - Director-department of revenue and taxation authorized to apply to court for order to enforce provisions.

If any dealer fails to make any return, or refuses to permit an examination of his books, records or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the director-department of revenue and taxation may apply to any court of competent jurisdiction, for an order requiring such dealer to make such return, or requiring such dealer to make such return, or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof, shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers as may be required. Any person, or any member of any firm, copartnership, joint venture, association or corporation, or any agent or employee thereof, failing to comply with any such order shall be guilty of contempt and shall be punished as provided by law in cases of contempt.

(Code 1973, § 22-274; Ord. of 5-13-1993, § 9)

Sec. 78-638. - Presumption that property is for sale, use, consumption, etc., in parish.

For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property subject to the provisions of this article, imported into the parish or held in the parish by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the parish, or leased or rented within the parish, and is subject to the tax herein levied; provided, that such presumption shall be prima facie only, and subject to proof furnished to the director-department of revenue and taxation.

(Code 1973, § 22-275; Ord. of 5-13-1993, § 9)

Sec. 78-639. - Attaching imported property for noncompliance; violations; penalty.

(a)  The failure of any dealer who imports tangible personal property from outside the parish into the parish for use or consumption in the parish, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay any tax, interest, penalties or costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of the parish, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporation or association of persons, provided that it is the intention of this article to prevent the disposition of the said tangible personal property in order to insure payment of the tax imposed by this article, together with interest, penalties and costs, and authority to attach is hereby specifically authorized and granted to the parish.

(b)  In addition to the penalties hereinbefore prescribed in this section and section 78-638 for violation thereof, any person or dealer, as defined in this article, who shall violate the provisions of such section or division, upon conviction thereof shall be fined in a sum of not more than $100.00 or imprisonment in jail for a period of not more than 60 days or by both such fine and imprisonment, in the discretion of the court. Each importation or shipment by truck, automobile or other means of transportation, other than a common carrier, found to be in violation of the provisions of this section shall constitute a separate offense.

(Code 1973, § 22-276; Ord. of 5-13-1993, § 9)

Sec. 78-640. - Personal liability of dealers; lien declared; priority.

The liability of any person or dealer arising from any tax, interest and penalty or any of them imposed by this article from the time they are due, shall be a personal debt of such person, or dealer to the parish recoverable in any court of competent jurisdiction in an action at law by the parish. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person or dealer, except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person or dealer, whether in bankruptcy, insolvency or otherwise. The proceeds of any judgment or order obtained hereunder shall be paid to the parish.

(Code 1973, § 22-277; Ord. of 5-13-1993, § 9)

Sec. 78-641. - Dealer liable for all uncollected taxes.

Any dealer who shall neglect, fail or refuse to collect the tax provided for in this article, upon any, every and all retail sales made by him, or his agent or employee, which is subject to the tax imposed in this article, shall be liable for and pay the tax himself.

(Code 1973, § 22-278; Ord. of 5-13-1993, § 9)

Sec. 78-642. - Authority to require bond or security.

The parish may require a bond or other security satisfactory to the director-department of revenue and taxation for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Code 1973, § 22-279; Ord. of 5-13-1993, § 9)

Sec. 78-643. - Assessment and claims in bankruptcy and receivership.

Upon the adjudication of bankruptcy of any taxpayer in any bankruptcy proceeding, or the appointment of a receiver for any taxpayer in a receivership proceeding, before any court of this state or of the United States, the director-department of revenue and taxation may immediately make a determination from any available information or by estimate or otherwise, of the amount of tax, penalty and interest the taxpayer is liable to pay under any section of this article, and immediately assess said amount, and by a writing to be retained as a part of his official records indicate that such assessment has been made. Such assessment may be made whenever a tax becomes due under the provisions of this article, regardless of whether it is payable or not. Claims for such assessments, and additional interest and attorney's fees thereon, shall be presented for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending despite the pendency of delays before assessment provided in sections 78-629 through 78-632 or the pendency of an appeal to the courts for a redetermination. Provided that no petition for the redetermination of an assessment shall be filed after an adjudication of bankruptcy or the appointment of a receiver, unless the petition is accompanied by a certified copy of an order of the court before which the bankruptcy or receivership proceedings is pending, authorizing the trustee or receiver to prosecute such appeal.

(Code 1973, § 22-280; Ord. of 5-13-1993, § 9)


Sec. 78-644. - Interruption of the prescription running against charges.

(a)  The prescription running against any parish sales or use tax, license, excise, interest, penalty or other charge shall be interrupted by:

(1)  The director-department of revenue and taxation's action in assessing any such amounts in the manner provided by law;

(2)  The filing of a summary proceeding in court;

(3)  The filing any pleading, either by the director-department of revenue and taxation or by a taxpayer, with any state or federal court;

(4)  The filing of a false or fraudulent return; and

(5)  The willful failure to file any return, with intent to defraud.

(b)  The running of such prescription may also be suspended by means of a written agreement between the taxpayer and the director-department of revenue and taxation made prior to the lapse of the prescriptive period set out in the constitution of the state.

(Code 1973, § 22-281; Ord. of 5-13-1993, § 9)


Sec. 78-645. - Assessment and notice when tax is in jeopardy.

(a)  If the director-department of revenue and taxation finds that a taxpayer designs to quickly depart from the parish, or to remove therefrom any property subject to any tax or to any lien for a tax, or to discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedings that might be instituted to collect such tax, whereby it shall have become important that such proceedings be instituted without delay, he may immediately make a determination, from any available information or by estimate or otherwise, of the amount of tax, penalty, and interest such taxpayer is liable to pay under the provisions of this article. Having made such determination, the director-department of revenue and taxation shall immediately assess said amount, and by a writing to be retained as part of his official records, indicate

such assessment has been made, and without any notice, proceed to distrain, as is hereinafter provided, any property belonging to the taxpayer. This type of assessment may be made whenever a tax becomes due under the provisions of this article, regardless of whether it is then payable or not.

(b)   As soon as is feasible after such assessment, and not later than two calendar days thereafter, the collector shall send by registered mail a notice to the taxpayer against whom the assessment lies, at the address given in the last report filed by said taxpayer, or if no such report has been filed, to any such address as may be obtainable. Such notice shall inform the taxpayer of the assessment, its basis, and jeopardous nature; make demand for immediate payment thereof; and give notice that any property distrained or to be distrained will be subject to sale as provided in this division, to satisfy the assessment.

(c)   The taxpayer against whom the assessment lies can stay distraint of his property, or sale of his already distrained property, as the case may be, only by the immediate payment of the assessment or by posting with the director-department of revenue and taxation a surety bond for twice the amount of such sureties as the director-department of revenue and taxation deems necessary. The taxpayer shall have 30 calendar days from the date of payment, or the date of posting bond, to appeal to the courts in the manner set out in division 11 of this article, for a redetermination of the assessment. During this period, the director-department of revenue and taxation shall hold any payment made in an escrow account. If the taxpayer does not appeal, the director-department of revenue and taxation shall immediately credit such payment to tax collections or proceed to collect from sureties, if any were given. In the event of an appeal, such payment or demand for payment from sureties given shall be held in abeyance pending the redetermination or affirmation of the assessment by the court which last reviews the matter. Final payment, or collection from sureties, will be for the amount of the affirmed or redetermined assessment.

(Code 1973, § 22-282; Ord. of 5-13-1993, § 9)

Sec. 78-646. - Collection by distraint and sale authorized.

When any taxpayer fails to pay any tax, penalty and interest assessed, as provided in this article, the director-department of revenue and taxation may proceed to enforce the collection thereof by distraint and sale.

(Code 1973, § 22-283; Ord. of 5-13-1993, § 9)

Sec. 78-647. - Distraint procedure.

Whenever the director-department of revenue and taxation or his authorized assistants shall distrain any property of a taxpayer, he shall cause to be made a list of the property or effects distrained, a copy of which, signed by the director-department of revenue and taxation or his authorized assistants shall be sent by registered mail to the taxpayer at his last known residence or business address, or served on the taxpayer in person. This list shall be accompanied with a note of the sum demanded and a notice of the time and place where the property will be sold. Thereafter, the director-department of revenue and taxation shall cause a notice to be published in the official journal of the parish wherein the distraint is made, specifying the property distrained, and the time and place of sale. The sale shall be held not less than 15 calendar days from the date of the notice mailed or served on the taxpayer or the date of publication in the official journal of the parish wherein the distraint is made, specifying the property distrained, and the time and place of sale. The sale shall be held not less than 15 calendar days from the date of the notice mailed or served on the taxpayer or the

date of publication in the official journal, whichever is later. The director-department of revenue and taxation may postpone such sale from time to time, if he deems it advisable, but not for a time to exceed 30 calendar days in all. If the sale is continued to a new date it shall be readvertised.

(Code 1973, § 22-284; Ord. of 5-13-1993, § 9)

Sec. 78-648. - Surrender of property subject to distraint.

Any person in possession of property or rights to property subject to distraint, upon which a levy has been made, shall, upon demand by the director-department of revenue and taxation or his authorized assistants, making such levy, surrender such property or rights to the director-department of revenue and taxation or his authorized assistants, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process. Any person failing or refusing to surrender any such property or rights shall be liable to the parish in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes, penalties, and interest and other costs and charges which are due.

(Code 1973, § 22-284.1; Ord. of 5-13-1993, § 9)

Sec. 78-649. - Sale of distrained property.

(a)  The director-department of revenue and taxation, or his authorized assistants, shall sell at public auction for cash to the highest bidder, so much of the property distrained by him as may be sufficient to satisfy the tax, penalties, interest, and costs due. He shall give to the purchaser a certificate of sale which will be prima facie evidence of the right of the director-department of revenue and taxation to make the sale, and conclusive evidence of the regularity of his proceedings in making the sale, and which will transfer to the purchaser all right, title, and interest of the taxpayer in and to the property sold.

(b)  Out of the proceeds of the sale, the director-department of revenue and taxation shall first pay all costs of the sale and then apply so much of the balance of the proceeds as may be necessary to pay the assessment. Any balance beyond this shall be paid to the taxpayer.

(Code 1973, § 22-285; Ord. of 5-13-1993, § 9)

Sec. 78-650. - Failure to pay tax deemed delinquency; judgment prohibiting doing business.

Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties and costs to become immediately delinquent, and the parish is hereby vested with authority, on motion in not less than two or more than ten days exclusive of holidays, after the service thereof, which may be tried out to term, and in chambers, and shall always be tried by preference, why said dealer should not be ordered to cease from further pursuit of business as a dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgment in favor of the parish, prohibiting such dealer from the further pursuit of said business until such time as he has paid the delinquent tax, interest, penalties and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(Code 1973, § 22-286; Ord. of 5-13-1993, § 9)

Sec. 78-651. - Corporations not to dissolve, merge, reorganize, withdraw from state until amount due is paid.

No corporation organized under the laws of this state shall hereafter be dissolved, or effect a merger, reorganization or consolidation under any law of this state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with the provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from this state to transact business in the parish may surrender such authority and withdraw from the state until all taxes, fees, penalties, interest and other charges imposed upon said corporation in accordance with the provisions of this article, shall have been fully paid.

(Code 1973, § 22-287; Ord. of 5-13-1993, § 9)

Sec. 78-652. - Procedure upon sale or discontinuance of business.

(a) If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within 15 days after the date of selling or quitting the business. His successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the director-department of revenue and taxation showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold the purchase money as above provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owners or assignors.

(b) In the event that any dealer is delinquent in the payment of the tax herein provided for, the director-department of revenue and taxation may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, either personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, either personal property, or debts until the director-department of revenue and taxation shall have consented to a transfer or disposition, or until 30 days shall have elapsed from and after the receipt of such notice. All persons so notified must within five days after receipt of such notice, advise the director-department of revenue and taxation of any and all such credits, other personal property, or debts, in their possession, under their control or owing by them, as the case may be.

(Code 1973, § 22-288; Ord. of 5-13-1993, § 9)

Sec. 78-653. - Collection by summary court proceeding authorized.

In addition to any other procedure provided in this article or elsewhere in the laws of this state; and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising under the division, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the parish, or by or on behalf of the director-department of revenue and taxation, for taxes, excises, and licenses and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows:

(1) All such proceedings, whether original or by intervention or third opposition, or otherwise, brought by or

on behalf of the parish, or by or on behalf of the director-department of revenue and taxation, for the determination or collection of any tax, interest, penalty, attorney fees, costs or other charge, claimed to be due under any provision of this article, shall be summary and shall always be tried or heard by preference, in all courts, original and appellate, whether in or out of term time, and either in open court or chambers, at such time as may be fixed by the court, which shall be not less than two nor more than ten days after notice to the defendant or opposing party.

(2) All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Practice.

(3) That all matters involving any such claim shall be decided within 48 hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court; and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Suspensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeals or the supreme court, shall be made returnable in not more than 15 calendar days from the rendition of the judgment.

(4) Whenever the pleading filed on behalf of the parish, or on behalf of the director-department of revenue and taxation, shall be accompanied by an affidavit of the director-department of revenue and taxation or of one of his assistants or representatives or the attorney filing the same, that the facts as alleged are true to the best of the affiant's knowledge or belief, all of the facts alleged in said pleading shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.

(Code 1973, § 22-289; Ord. of 5-13-1993, § 9)

Secs. 78-654—78-674. - Reserved.

DIVISION 10. - REFUNDS AND REIMBURSEMENTS

Sec. 78-675. - Tax credit for returned goods.

In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector and in case the tax has not been remitted by the dealer to the collector, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall be as provided in R.S. 47:337.34, the parish council, through the collector, shall issue to

the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the parish council at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(Code 1973, § 22-291; Ord. of 5-13-1993, § 10)

Sec. 78-676. - Claim for refund.

If any dealer shall have given to the collector notice within the time provided in section 78-675, such dealer thereafter, within the period provided by R.S. 47:337.34, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(Code 1973, § 22-292; Ord. of 5-13-1993, § 10)

Sec. 78-677. - Overpayment credited against dealer's liability; refund; notice of rejection.

If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and if there is no such liability, said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund in whole or in part he shall make an order accordingly and serve notice upon such dealer.

(Code 1973, § 22-293; Ord. of 5-13-1993, § 10)

Sec. 78-678. - Refund for erroneous, illegal collection of tax; certification by collector.

Where no question of fact or law is involved, and it appears that in the records of the collector that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within the prescriptive period provided by R.S. 47:1623, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(Code 1973, § 22-294; Ord. of 5-13-1993, § 10)

Sec. 78-679. - Repayment of deposit.

When, to secure compliance with any of the provisions of this article any moneys shall have been deposited with this governing body by any dealer, and shall have been paid over to the collector and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Code 1973, § 22-295; Ord. of 5-13-1993, § 10)

Sec. 78-680. - Attorney's fees in defense of erroneous claims for refunds.

In the event a claim for refund has been denied or refused by the collector, and such denial or refusal is petitioned to a court of competent jurisdiction, and such denial or refusal is upheld by said court, the director shall be entitled to petition said court for reimbursement of attorney's fees and other legal costs incurred to defend such claim, whether or not the tax amount in question was paid timely or as a result of a delinquency action initiated by the collector.

(Code 1973, § 22-296; Res. of 11-14-1996)

Secs. 78-681—78-701. - Reserved.

DIVISION 11. - REMEDIES OF THE DEALER

Sec. 78-702. - Right of action created; procedure; interest on refund.

A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in the case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the collector for a period as provided in R.S. 47:337.49. If suit is filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate as provided in R.S. 47:337.49, covering the period from the date the funds were received by the collector to the date of refund.

(Code 1973, § 22-301; Ord. of 5-13-1993, § 11)

Sec. 78-703. - Competent courts for action; service of process.

This section shall afford a legal remedy and right of action in any state, municipal or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions service shall be upon the collector.

(Code 1973, § 22-302; Ord. of 5-13-1993, § 11)

Sec. 78-704. - Legal remedy for certain causes of action; effect of payment under protest.

This section shall be construed to provide a legal remedy in the state, municipal or federal courts, by action of law, in case such tax is claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any Act of Congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principal of law involved in an additional assessment is already pending before the courts for judicial determination, the dealer, upon agreement to abide by the decision of the courts may pay the additional suit. In such cases the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Code 1973, § 22-303; Ord. of 5-13-1993, § 11)

Sec. 78-705. - Grievance procedure.

If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within the 15 days as provided in section 78-630, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, municipal or federal court of competent jurisdiction as provided for in section 78-703.

(Code 1973, § 22-304; Ord. of 5-13-1993, § 11)

Secs. 78-706—78-726. - Reserved.

DIVISION 12. - OTHER ADMINISTRATIVE PROVISIONS

Sec. 78-727. - Collector authorized to carry out provisions.

The collector is hereby authorized and empowered to carry into effect the provisions of this article and in pursuance thereof to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by this governing body.

(Code 1973, § 22-311; Ord. of 5-13-1993, § 12)

Sec. 78-728. - Collection empowered to make rules and regulations.

The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the constitution of this state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(Code 1973, § 22-312; Ord. of 5-13-1993, § 12)

Sec. 78-729. - Preparation, distribution of forms.

The collector shall design, prepare, print and furnish to all dealers or make available to said dealers, all necessary forms for filing returns, and instructions to ensure a full collection from dealers and an accounting for the tax due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said tax at the time and in the manner herein provided.

(Code 1973, § 22-313; Ord. of 5-13-1993, § 12)

Sec. 78-730. - Appropriations for cost of enforcement.

The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne by the collector.

(Code 1973, § 22-314; Ord. of 5-13-1993, § 12)

Sec. 78-731. - Sale, usage, consumption, distribution, storage, lease or rental of tangible personal property.

(a)  In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of the ordinance from which this article is derived and containing the sale price, and delivery is made after the effective date of the ordinance from which this article is derived, and such sale is taxable under this article, the seller shall add the tax imposed by this article to said sale price, and collect it from the buyer.

(b)  The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of the ordinance from which this article is derived, except no new or additional sales or use tax shall be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of the ordinance from which this article is derived or to sales or services involved in such contracts entered into and reduced to writing within 90 days thereafter, if such contracts involve contractual obligations undertaken prior to such effective date and were computed and bid on the basis of sales taxes at the rates effective and existing prior to such effective date.

(c)  The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the authority prior to the effective date of the ordinance from which this article is derived, if the tangible personal property is actually used or consumed by the person who imported and stored the tangible personal property.

(Code 1973, § 22-315; Ord. of 5-13-1993, § 12)

Sec. 78-732. - Collector, deputy authorized to receive written oath.

It shall be lawful for the collector, or any deputy duly designated by him, to receive the written oath of any person signing any application, disposition, statement, or report required by the collector in the administration of this article.

(Code 1973, § 22-316; Ord. of 5-13-1993, § 12)

Sec. 78-733. - Collector, deputy authorized to conduct hearings.

The collector, or any deputy by him duly designated, may conduct hearings and have administered and examined under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within 14 days after requested by the collector in writing.

(Code 1973, § 22-317; Ord. of 5-13-1993, § 12)

Sec. 78-734. - Procedure to compel witnesses to attend and to testify at hearing.

If a person subpoenaed to attend any hearing under this article refuses to appear, be examined, or answer any questions, or produce any books, records, papers, vouchers, accounts or documents, pertinent to the matter of inquiry, when subpoenaed so to do by the director-department of revenue and taxation, or any of his authorized assistants, the director-department of revenue and taxation or such assistant, in term time or vacation, may apply to any district court, upon proof by affidavit of such refusal, to make an order returnable in not less than two nor more than ten days, directing such person to show cause before the court why he should not obey the demand of the subpoena. Upon the return of such order, the court before whom the matter comes shall examine the person under oath, and the person shall be given an opportunity to be heard, and if the court determines that he has refused, without legal excuse, to obey the command of the subpoena, or to be examined, or to answer any question, or to produce any books, papers, vouchers, records, accounts, or documents, pertinent to the matter of inquiry, which he was by subpoena commanded to answer or produce, the court may order such person to comply forthwith with such subpoena or order, or to submit to such examination or to answer any such question, and any failure to obey such order of the court may be punished by the court as a contempt of the court.

(Code 1973, § 22-318; Ord. of 5-13-1993, § 12)

Sec. 78-735. - Method of giving notice to dealers.

Any notice required to be given by the collector pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Code 1973, § 22-319; Ord. of 5-13-1993, § 12)

Sec. 78-736. - Records maintained by collector; authentication; fee.

The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions, and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions, or orders and of any papers filed in any office maintained by him in the administration of this article, may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, the collector shall be paid a fee to be established from time to time by him which shall be deposited in the sales tax account.

(Code 1973, § 22-320; Ord. of 5-13-1993, § 12)

Sec. 78-737. - Provisions not to alter legal remedies.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the parish council of any remedy for the enforcement of this article through any procedure or remedy expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws, ordinances, or resolutions.

(Code 1973, § 22-321; Ord. of 5-13-1993, § 12)

Sec. 78-738. - Tax supplemental to other taxes.

The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of this governing body of any kind or nature.

(Code 1973, § 22-323; Ord. of 5-13-1993, § 12)

Secs. 78-739—78-760. - Reserved.

DIVISION 13. - DISPOSITION OF TAX PROCEEDS AND REVENUES

Sec. 78-761. - Deposit in fund.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the collector as an agent of this governing body under any provision of this article shall be promptly deposited by the collector for the account of this governing body in a fund designated "West Baton Rouge Sales Tax Department," which fund shall be established and maintained as sacred funds of this governing body; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(Code 1973, § 22-331; Ord. of 5-13-1993, § 13)

Sec. 78-762. - Payment of administrative costs.

Out of the funds on deposit in said West Baton Rouge Sales Tax Department, the collector shall first pay all reasonable and necessary expenses of collecting and administering the tax levied hereby and administering the provisions of this article as well as the various administrative procedures established herein.

(Code 1973, § 22-332; Ord. of 5-13-1993, § 13)

Sec. 78-763. - Use of proceeds after payment of administrative costs.

In compliance with the said special election of May 1, 1993, authorizing said tax, after all reasonable and necessary costs and expenses of collecting and administering the tax have been paid as provided in section 78-762, the remaining balance of the sales tax proceeds shall be available for appropriation and expenditure by the parish council solely for the respective purposes designated in the proposition authorizing the levy of the tax (annexed as exhibit "A" to the ordinance from which this article derives), as approved by a majority of the qualified electors of the authority voting in said special election.

(Code 1973, § 22-333; Ord. of 5-13-1993, § 13)

**Editor's note—** Exhibit A referred to in this section is not set out herein but can be found on file in the parish offices.

ARTICLE III. - SALES AND USE TAX

> *Footnotes:*
>
> *--- (3) ---*
>
> **Editor's note—** *A special election was held on April 14, 1992, to authorize the levy and collection of the sales and use taxes set out in this article. These taxes are to be dedicated and used for maintaining, operating and/or improving the West Feliciana Parish Hospital.*
>
> **State Law reference—** *Sales taxes generally, R.S. 33:2711 et seq.; Uniform Local Sales Tax Code, R.S. 47:337.1 et seq.*

Sec. 20-53. - Adoption of Uniform Local Sales Tax Code.

Pursuant to the authority conferred by R.S. 47:337.4 (Levy of sales and use tax), the provisions of R.S. 47:337.1 et seq., as amended, commonly referred to as the " Uniform Local Sales Tax Code," are hereby adopted by reference and incorporated in this article as if set out fully.

Sec. 20-54. - Definitions.

(a) The definitions set forth in R.S. 47:301 (Sales Tax—Definitions), as amended, shall be effective as definitions of the words, terms and phrases used in this article, unless the context clearly indicates a different meaning. All words, terms and phrases used in this article, other than those specifically defined elsewhere in this article, shall have the respective meanings ascribed to them in R.S. 47:301, as amended, and shall have the same scope and effect that the same words, terms and phrases have where used in R.S. 47:301, as amended, unless the context clearly indicates a different meaning.

(b) In addition, the following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this subsection, except where the context clearly indicates a different meaning:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

*Authority* means the Parish of West Feliciana, State of Louisiana, as is appropriate in the context used and with the understanding that the tax will be levied throughout the parish.

*Collector* means and includes the secretary of the authority or her duly authorized assistant or such other person, agency or instrumentality designated by the parish council to handle and accomplish the collection, enforcement and administration of sales and use taxes on behalf of the authority.

(Code 1977, § 9-31; Ord. No. 4-14-92, § 1)

**Editor's note—** At the time of the 2015 recodification of the Parish Code, there is a single tax collector for the school district, tourist commission, city, and parish.

Case 2:21-cv-02106-JTM-KWR    Document 2-3    Filed 11/15/21    Page 972 of 1004

Sec. 20-55. - Records and inspection thereof.

    (a)  It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due under this article, and other information as may be required by the collector; and it shall be the duty of every such dealer moreover, to keep and preserve, for the period provided in R.S. 47:309, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices, and other records shall be open to examination at all reasonable hours by the collector.

    (b)  Each dealer shall secure, maintain and keep, for the period provided in R.S. 47:309, a complete record of sales and services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

    (c)  In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the articles purchased and the price at which the article is sold to the purchaser. These records shall be kept until the taxes to which they relate have prescribed and shall be open to inspection of the collector at all reasonable hours.

    (d)  For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a "deputy," the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his or their power so to do.

    (e)  For the purpose of enforcing the collection of the tax levied in this article, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in the authority whether said companies, agencies or firms conduct their business by truck, rail, water,

airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(f) The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(g) The records and files of the collector respecting the administration of this article shall be considered confidential and privileged, and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding except:

(1) In an action or proceeding under the provisions of this article; and

(2) When the records or files or the facts shown thereby are directly involved in such action or proceedings.

(h) Nothing contained in this article shall be construed to prevent:

(1) The delivery to a dealer or his duly authorized representatives of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

(2) The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

(3) The inspection by the legal representative of the parish council of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions of this article;

(4) The examination of the records and files by the collector; or

(5) The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the administration of any similar tax by that state or the United States.

(Code 1977, § 9-37; Ord. No. 4-14-92, § 7)

Secs. 20-56—20-76. - Reserved.

ARTICLE III. - SALES AND USE TAX

DIVISION 1. - GENERALLY

Sec. 28-50. - Definitions.

As used in this article, the words, terms and phrases "business," "cost price," "dealer," "gross sales," "hotel," "lease or rental," "person," "purchaser," "retail sale," "sale at retail," "retailer," "sale," "sales price," "sales of services," "storage," "tangible personal property," "off-road vehicle," "use," "use tax" and "drugs" have the meanings ascribed to them in R.S. 47:301, unless the context clearly indicates a different meaning. In addition, the following words, terms and phrases, when used in this article, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Agricultural commodity* means horticultural, viticultural, poultry, farm and livestock and livestock products.

*Authority* means the parish, as is appropriate in the context used and with the understanding that the tax will be levied throughout the parish.

*Collector* means the duly authorized person, agency or instrumentality designated by the police jury to handle and accomplish the collection, enforcement and administration of sales and use taxes on behalf of the authority, which instrumentality is hereby designated as the parish school board.

(Ord. No. 2-1994, § 1.1, 1-31-1994)

Secs. 28-51—28-73. - Reserved.

DIVISION 2. - IMPOSITION OF TAX

Sec. 28-74. - Levied.

There is hereby levied, for a period of ten years from and after March 1, 1994, for the purposes stated in the proposition attached to the ordinance from which this article is derived as exhibit A, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within the authority as defined herein; and the levy of such tax shall be as follows:

(1) At the rate of 0.5 percent of the sales price of each item or article of tangible personal property when sold at retail in the authority, the tax to be computed on gross sales for the purpose of remitting the amount of tax due the authority and to include each and every retail sale.

(2) At the rate of 0.5 percent of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in the authority, provided there shall be no duplication of the tax.

(3) At the time of 0.5 percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business.

(4) At the rate of 0.5 percent of the monthly lease rental price paid by the lessee or rentee, or contracted or agreed to be paid by the lessee or rentee to the owner of the tangible personal property.

10/15/21, 6:46 PM
Case 2:21-cv-02106-JTM-KWR    Document 2-3   Filed 11/15/21   Page 975 of 1004
about:blank Parish Police Jury, LA Code of Ordinances

(5)  At the rate of 0.5 percent of the gross proceeds derived from the sale of services, as defined herein.

(Ord. No. 2-1994, § 2.1, 1-31-1994)

Sec. 28-75. - Collection.

The tax shall be collected from the dealer, as defined herein, and paid at the time and in the manner hereinafter provided.

(Ord. No. 2-1994, § 2.2, 1-31-1994)

Sec. 28-76. - Tax not exclusive.

The tax so levied is, and shall be, in addition to all other taxes, whether levied in form of sales, excise, or license, privilege or property taxes levied by any other ordinance or resolution of the police jury.

(Ord. No. 2-1994, § 2.3, 1-31-1994)

Sec. 28-77. - Integrated bracket schedule.

The dealer shall collect the tax levied by this article, together with all other applicable sales and use taxes, in accordance with the integrated bracket schedule prepared and furnished by the collector of revenue of the state under the authority of R.S. title 47, sec. 304, as amended (R.S. 47:304). Such schedule shall include, in addition to the tax hereby levied pursuant to the election held on January 15, 1994, all sales taxes levied by the state, any sales tax levied by the authority and any sales taxes levied by any other political subdivision applicable in the authority. The dealer will remit that portion of such total taxes representing the tax levied by this article to the collector. Copies of said integrated bracket schedule are available to dealers upon request to the authority or the collector.

(Ord. No. 2-1994, § 2.4, 1-31-1994)

Sec. 28-78. - Collection in name of authority.

The collection of the tax herein levied shall be made in the name of the authority by the collector.

(Ord. No. 2-1994, § 2.5, 1-31-1994)

Sec. 28-79. - Refunds; liable; cost.

(a)  If the tax on rental income fails to exceed the credits for sales or use tax paid, no refund is due to the purchaser.

(b)  A dealer in the authority who ordinarily purchases personal property for sale and who withdraws a piece of property from stock for rental is not liable for a sales or use tax on the purchase price of the property when withdrawn from stock. Such person is liable only for the tax applicable on the rental income.

(c)  Any sales tax paid on any maintenance or operation expenses of a rental business is not deductible as a credit against the tax due on rental income; such expenses are part of the cost of doing business and do not constitute a part of the cost of the identical property being rented.

(Ord. No. 2-1994, § 2.6, 1-31-1994)

Secs. 28-80—28-101. - Reserved.

Case 2:21-cv-02106-JTM-KWR    Document 2-3   Filed 11/15/21   Page 976 of 1004

DIVISION 3. - EXEMPTIONS AND EXCLUSIONS FROM TAX

Sec. 28-102. - Where tax exempted or excluded.

The levy of the tax imposed by this article shall not apply to those transactions which are exempted or excluded from the levy of local sales and use taxes pursuant to the provisions of R.S. title 47, ch. 2, as amended, and other applicable statutory authority.

(Ord. No. 2-1994, § 3.1, 1-31-1994)

Sec. 28-103. - Tangible personal property.

It is not the intention of this article to levy taxes upon articles of tangible personal property imported into the authority or produced or manufactured in the authority for export; nor is it the intention of this article to levy taxes on a bona fide transaction in interstate commerce; however, nothing herein shall prevent the collection of the taxes imposed by the use of catalogs and other means of sales promotion and for which federal legislation or federal jurisprudence enables the enforcement of this article upon the conduct of such business. It is, however, the intention of this article to levy taxes on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in the authority of tangible personal property after it has come to rest in the authority and has become a part of the mass of property in the authority. At such time as federal legislation or federal jurisprudence as to sales in interstate commerce promoted through the use of catalogs and other means of sale promotions enables the enforcement of this article against vendors that have no nexus to the state or the authority, the provisions of R.S. 47:303(e) shall apply to such sales on which sales and use tax would not otherwise be collected.

(Ord. No. 2-1994, § 3.2, 1-31-1994)

Secs. 28-104—28-134. - Reserved.

DIVISION 4. - COLLECTION OF TAX BY DEALER

Sec. 28-135. - Dealer.

The tax levied by this article shall be collected by the dealer from the purchaser or consumer, except as provided for the collection of the tax on motor vehicles in section 28-140. The dealer shall have the same right in respect to collecting the tax from the purchaser, or in respect to nonpayment of the tax by the purchaser, as if the tax were a part of the purchase price of the property, or charges for services and payable at the time of the sale; provided, however, that the police jury shall be joined as a party plaintiff in any action or proceeding brought by the dealer to collect the tax.

(Ord. No. 2-1994, § 4.1, 1-31-1994)

Sec. 28-136. - Dealers outside the authority.

Every dealer located outside the authority making sales of tangible personal property for distribution, storage, use, or other consumption in the authority shall, at the time of making sales, collect the tax imposed by this article from the purchaser.

(Ord. No. 2-1994, § 4.2, 1-31-1994)

Sec. 28-137. - Tax added to sale price.

The dealer shall, as far as practicable, add the exact amount of the tax imposed under this article, or the average equivalent thereof, to the sale price or charge, which shall be a debt from the purchaser or consumer to the dealer until paid, and shall be recoverable at law in the same manner as other debts. Any dealer who neglects, fails or refuses to collect the tax herein provided shall be liable for and pay the tax himself.

(Ord. No. 2-1994, § 4.3, 1-31-1994)

Sec. 28-138. - Certificate of registration.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the taxes imposed by this article, on or before March 1, 1994, or in the case of dealers commencing business after March 1, 1994, or opening new places of business after such date, within three days after such commencement or opening, every dealer purchasing or importing tangible personal property for resale shall file with the collector a certificate of registration in a form prescribed by the collector, provided any dealer that has heretofore duly made such filing with the collector is not required to make an additional filing hereunder. The collector shall, within five days after such registration, issue without charge to each dealer who purchases or imports for resale a certificate of authority empowering such dealer to collect the tax from the purchaser, and duplicates therefor, for each additional place of business of such dealer. Each certificate or duplicate shall state the place of business to which it is applicable. Such certificate of authority shall be prominently displayed in all places of business of the dealer. A dealer who has no regular place of doing business shall attach such certificate to his cart, stand, truck or other merchandising device. Such certificate shall be non-assignable and nontransferable and shall be surrendered immediately to the collector upon the dealer's ceasing to do business at the place therein named.

(Ord. No. 2-1994, § 4.4, 1-31-1994)

Sec. 28-139. - Refusal of certificate.

A manufacturer, wholesaler dealer, jobber or supplier shall refuse to accept a certificate that any property upon which a tax is imposed by this article is purchased for resale, and shall collect the tax imposed by this article, unless the purchaser shall have filed a certificate of registration and received a certificate of authority to collect the tax imposed by this article; provided, however, that the payment of the tax by such purchaser shall not relieve the purchaser of the duty herein imposed upon such purchaser to collect the tax upon any resale made by him; but such purchaser who shall thereafter file a certificate of registration and receive a certificate of authority to collect the tax may, upon application therefor, receive a refund of the taxes paid by him upon property thereafter resold by him, and upon the receipts from which he shall have collected and paid over to the police jury the tax herein imposed.

(Ord. No. 2-1994, § 4.5, 1-31-1994)

Sec. 28-140. - Collection of tax on motor vehicle, automobile, etc., sales.

The tax imposed by this article upon the sale or use of any motor vehicle, automobile, motorcycle, truck, truck-tractor, trailer, semi-trailer, motor bus, house trailer, or any other vehicle subject to the state vehicle registration license tax shall be collected as provided in this section.

(1) The tax levied by this article on any such vehicle shall be paid to the vehicle commissioner as the agent of the collector of revenue of the state at the time of application for a certificate of title or vehicle registration license, and no certificate of title or vehicle registration license shall be issued until the tax has been paid.

    a. The tax levied by this article on the sale of any such vehicle shall be due at the time of registration, or any time transfer of registration is required by the vehicle registration license tax law of the state (R.S. 47:451 et seq.).

    b. The tax levied by this article on the use of any such vehicle in the unincorporated area of the authority shall be due at the time first registration in the authority is required by the vehicle registration license tax law (R.S. 47:451 et seq.).

(2) Every vendor of such a vehicle shall furnish to the purchaser at the time of sale a sworn statement showing the serial number, motor number, type, year and model of the vehicle sold, the total sales price, any allowance for and description of any vehicle taken in trade, and the total cash difference paid or to be paid by the purchaser between the vehicles purchased and traded in and the sales or use tax to be paid, along with such other information as may be required. All labor, parts, accessories and other equipment which are attached to the vehicle at the time of the sale and which are included in the sale price are to be considered a part of the vehicle.

(3) It is not the intention of this section to grant an exemption from the tax levied by this article to any sale, use, item or transaction which has heretofore been taxable, and this section shall not be construed as so doing. It is the intention of this section to transfer the collection of sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the secretary of the department of revenue and taxation of the state, and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of said secretary of the department of revenue, in accordance with an agreement by and between said secretary of the department of revenue or the vehicle commissioner as agent therefor and the police jury, the execution of which agreement is hereby authorized. Said tax so collected for said secretary of the department of revenue shall be paid to the police jury and sent to the collector as soon as possible, and, in any event, at least once each quarter, all in accordance with the said agreement.

(4) The provision contained in R.S. 47:301(10) which excludes isolated or occasional sales from the definition of a sale at retail is not to apply to the sale of vehicles which are subject to this subsection. Isolated or occasional sales of vehicles are hereby defined to be sales at retail and, as such, are subject to the tax.

(Ord. No. 2-1994, § 4.6, 1-31-1994)

Sec. 28-141. - Advertising absorption of tax prohibited.

A person engaged in any business taxable under this article shall not advertise or hold out to the public, in any manner, directly or indirectly, that he will absorb all or any part of the tax, or that he will relieve the purchaser from the payment of all or any part of the tax. The dealer shall state and collect the tax separately from the price paid by the purchaser, but his failure to do so shall not be available as a defense to the purchaser in any proceedings brought under this article.

(Ord. No. 2-1994, § 4.7, 1-31-1994)

Sec. 28-142. - Auctioneers.

All auctioneers shall register as dealers and shall display their registration to the public as a condition of doing business in the police jury. Such auctioneers, or the company which they represent, shall be responsible for the collection of the tax authorized herein and shall report and remit same as provided by this article.

(Ord. No. 2-1994, § 4.8, 1-31-1994)

Sec. 28-143. - Membership in health and fitness clubs.

Contracts for the membership in health and fitness clubs are subject to the tax authorized herein and shall be due and payable on a monthly basis computed on the amount paid each month, less any actual imputed interest or collection fees or unpaid reserve amounts not received by a health and fitness club, provided no tax shall be due or payable on amounts collected on such contracts prior to the effective date of the tax.

(Ord. No. 2-1994, § 4.9, 1-31-1994)

Sec. 28-144. - Total tax collected to be paid to dealer.

Where the tax collected for any period is in excess of 0.5 percent, the total collected must be paid over to the collector, less the commission to be allowed the dealer, as hereinafter set forth.

(Ord. No. 2-1994, § 4.11, 1-31-1994)

Sec. 28-145. - Where purchaser failed to pay tax.

Where the purchaser has failed to pay, and a dealer has failed to collect, a tax upon a sale, as imposed by this article, then, in addition to all other rights, obligations and remedies provided, such tax shall be payable by the purchaser directly to the police jury, and it shall be the duty of the purchaser to file a return thereof with the collector and to pay the tax imposed thereon to the police jury within 15 days after such sale was made or rendered.

(Ord. No. 2-1994, § 4.12, 1-31-1994)

Sec. 28-146. - Compensation for dealer.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this article, each dealer shall be allowed two percent of the amount of tax due and accounted for and remitted to the collector in the form of a deduction in submitting his report and paying the amount due by him if the amount due was not delinquent at the time of payment.

(Ord. No. 2-1994, § 4.13, 1-31-1994)

Secs. 28-147—28-177. - Reserved.

DIVISION 5. - COLLECTION OF TAX FROM DEALER

Sec. 28-178. - Tax collectible by collector.

The tax imposed by this article shall be collectible by the collector on behalf of the police jury from all persons engaged as dealers.

(1) The collector is duly authorized and empowered to carry into effect the provisions of this article, and, in pursuance thereof, to make and enforce such rules as he may deem necessary. Such regulations, when promulgated, shall have the full force and effect of law. Promulgation shall be accomplished by publication at

(2)   The collector may employ such personnel, including legal counsel on a fee or salary basis, as are necessary to assist in the collection of the tax imposed hereunder.

(3)   Any duly authorized representative or deputy of the collector, when acting under his authority and direction, shall have the same power as is conferred upon the collector by this division.

(4)   The collector may conduct hearings and administer oaths, and examine under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witness, relative to the business of such dealer in respect to any matter incident to the administration of this article.

(Ord. No. 2-1994, § 5.1, 1-31-1994)

Sec. 28-179. - Imported tangible personal property.

On all tangible personal property imported, or caused to be imported, from other states or other political subdivisions of the state, or any foreign country, and used by him, the dealer shall pay the tax imposed by this article on all articles of tangible personal property so imported and used, the same as if the said articles had been sold at retail for use or consumption, in the authority. For the purpose of this article, use or consumption, or distribution, or storage to be used or consumed in the authority of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately be levied and be collected in the manner provided herein, provided there shall be no duplication of the tax in any event.

(Ord. No. 2-1994, § 5.2, 1-31-1994)

Sec. 28-180. - Credit granted.

A credit against the use tax imposed by this article shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another city or parish in the state, or city or county in a state other than the state. The credit provided herein shall be granted only in the case where the city or parish in the state, or the city or county in a state other than the state to which a similar tax has been paid, grants a similar credit as provided herein. The proof of payment of the similar tax to another city or parish in the state, or to a city or county in a state other than the state, shall be made according to rules and regulations promulgated by the collector. In no event shall the credit be greater than the tax imposed by the police jury upon the said tangible personal property which is the subject of the use tax imposed by this article.

(Ord. No. 2-1994, § 5.3, 1-31-1994)

Secs. 28-181—28-198. - Reserved.

DIVISION 6. - RETURNS AND PAYMENT OF TAX

Sec. 28-199. - Taxes due.

The tax levied under this article shall be due and payable by all dealers monthly on the first day of the month.

(Ord. No. 2-1994, § 6.1, 1-31-1994)

Sec. 28-200. - Returns.

For the purpose of ascertaining the amount of tax payable under this article, it shall be the duty of all dealers on or before the 20th day of the month following the month in which this tax shall become effective to transmit to the collector, upon forms prescribed, prepared and furnished by the collector, returns showing the gross sales, purchases, gross proceeds from lease or rental, gross payments for lease or rental, gross proceeds derived from sales of services, or gross payment for services, as the case may be, arising from all taxable transactions during the preceding calendar month or during the part of the preceding calendar month, running from the effective date of the ordinance from which this article is derived to the end of such month. Thereafter, like returns shall be prepared and transmitted to the collector by all dealers on or before the 20th day of each month for the preceding calendar month. Said returns shall show such further information as the collector may require to enable him to correctly compute and collect the tax herein levied. Such returns shall be signed by the dealer filing the same, and his signature thereon shall constitute a warranty on the part of the dealer that he has read and examined the said returns and that, to the best of his knowledge and belief, the same are true, correct and complete. Every dealer, at the time of making the return required hereunder, shall compute and remit to the police jury the required tax due for the preceding calendar month.

(Ord. No. 2-1994, § 6.2, 1-31-1994)

Sec. 28-201. - Remittance.

(a) At the time of transmitting the return required hereunder to the collector, the dealer shall remit to the police jury therewith the amount of the tax due under the applicable provisions of this ordinance, and failure to so remit such tax shall cause said tax to become delinquent.

(b) All taxes, interest and penalties imposed under this article shall be paid to the police jury in the form of remittance required by the collector.

(Ord. No. 2-1994, § 6.3, 1-31-1994)

Sec. 28-202. - Gross proceeds to be reported.

Gross proceeds from rentals or leases of tangible personal property where the lease or rental is part of a regularly established business, or the same is incidental or germane thereto, shall be reported, and the tax shall be paid with respect thereto, in accordance with such rules and regulations as the collector may prescribe.

(Ord. No. 2-1994, § 6.4, 1-31-1994)

Sec. 28-203. - Extensions.

The collector, for good cause, may extend for not to exceed 30 days the time for making any returns required under the provisions of this article.

(Ord. No. 2-1994, § 6.5, 1-31-1994)

Sec. 28-204. - Dealer agent of police jury.

For the purpose of collecting and remitting to the police jury the tax imposed herein, the dealer is hereby declared to be the agent of the police jury.

(Ord. No. 2-1994, § 6.6, 1-31-1994)

Secs. 28-205—28-231. - Reserved.

DIVISION 7. - RECORDS AND INSPECTION THEREOF


Sec. 28-232. - Dealer to make report, preserve records.

It shall be the duty of every dealer to make a report and pay any tax under this article, to keep and preserve suitable records of the sales or purchases or sales of services, as the case may be, taxable under this article, and such other books of account as may be necessary to determine the amount of tax due hereunder, and other information as may be required by the collector, and it shall be the duty of every such dealer, moreover, to keep and preserve, for the period provided in R.S. 47:309, all invoices and other records of goods, wares and merchandise or other subjects of taxation under this article; and all such books, invoices, and other records shall be open to examination at all reasonable hours by the collector.

(Ord. No. 2-1994, § 7.1, 1-31-1994)


Sec. 28-233. - Record of sales and services to be kept.

Each dealer shall secure, maintain and keep, for the period provided in R.S. 47:309, a complete record of sales and services and tangible personal property received, used, sold at retail, distributed, or stored, leased or rented within the authority by said dealer, together with invoices, bills of lading, and other pertinent records and papers as may be required by the collector for the reasonable administration of this article, and all such records shall be open for inspection to the collector at all reasonable hours.

(Ord. No. 2-1994, § 7.2, 1-31-1994)


Sec. 28-234. - Records of sales of tangible personal property made in authority.

In order to aid in the administration and enforcement of the provisions of this article, and to collect all of the tax imposed by this article, all wholesale dealers and jobbers in the authority are hereby required to keep a record of all sales of tangible personal property made in the authority, whether such sales be for cash or on terms of credit. The record required to be kept by all wholesale dealers and jobbers shall contain and include the name and address of the purchaser, the date of the purchase, the article purchased and the price at which the article is sold to the purchaser. These records shall be open to inspection of the collector at all reasonable hours.

(Ord. No. 2-1994, § 7.3, 1-31-1994)


Sec. 28-235. - Investigation.

For the purpose of administering this article, the collector, whenever he deems it expedient, may make or cause to be made by an employee of the department engaged in the administration of this article, an examination or investigation of the place of business, if any, the tangible personal property, and the books, records, papers, vouchers, accounts, and documents of any dealer. It shall be the duty of every dealer and every director, official, agent, or employee of every dealer to exhibit to the collector or to any such employee of his department charged with the collection of the tax imposed by this article, hereafter referred to as a deputy, the tangible personal property and all of the books, records, papers, vouchers, accounts, and documents of the dealer and to facilitate any such examination or investigation as far as it may be in his power so to do.

(Ord. No. 2-1994, § 7.4, 1-31-1994)

Sec. 28-236. - Authorization to examine records.

For the purpose of enforcing the collection of the tax levied herein, the collector is hereby specifically authorized and empowered to examine, at all reasonable hours, the books, records, and other documents of all transportation companies, agencies or firms operating in the authority, whether said companies, agencies or firms conduct their business by truck, rail, water, airplane, or otherwise, in order to determine what dealers, as provided in this article, are importing or are otherwise shipping articles of tangible personal property which are liable for said tax.

(Ord. No. 2-1994, § 7.5, 1-31-1994)

Sec. 28-237. - Copies of rules to be presented.

The collector shall keep a record of all of his official acts and shall preserve copies of all rules, decisions and orders made by him or by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions or orders and of any paper or papers filed in any office maintained by him in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof.

(Ord. No. 2-1994, § 7.6, 1-31-1994)

Sec. 28-238. - Records and files confidential.

The records and files of the collector respecting the administration of this article shall be considered confidential and privileged, and neither the collector nor any employee engaged in the administration thereof or charged with the custody of any such records or files shall divulge or disclose any information obtained from such records or files or from any examination or inspection of the premises or property of any dealer. Neither the collector nor any employee engaged in such administration or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceeding, except:

   (1)  In an action or proceeding under the provisions of this article; and

   (2)  When the records or files or the facts shown thereby are directly involved in such action or proceedings.

(Ord. No. 2-1994, § 7.7, 1-31-1994)

Sec. 28-239. - Article not preventing certain things.

Nothing contained in this article shall be construed to prevent:

   (1)  The delivery to a dealer, or his duly authorized representatives, of a copy of any return, report or other paper filed by him pursuant to the provisions of this article;

   (2)  The publication of statistics so classified as to prevent the identification of any return or report and the items thereof;

   (3)  The inspection by the legal representative of the police jury of the returns, reports or files relating to the claim of any dealer who shall have brought an action to review or set aside any tax imposed under this article or against whom an action or proceeding has been instituted in accordance with the provisions hereof;

   (4)  The examination of the records and files by the collector; or

   (5)  The furnishing, in the discretion of the collector, of any information disclosed by the records or files to any official person or body of any other state or of the United States who shall be concerned with the

administration of any similar tax by that state or the United States.

(Ord. No. 2-1994, § 7.8, 1-31-1994)

Secs. 28-240—28-256. - Reserved.

DIVISION 8. - IMPORTED GOODS; PERMITS

Sec. 28-257. - System of permits.

In order to prevent the illegal importation into the authority of tangible personal property which is subject to the tax, and to strengthen and make more effective the manner and method of enforcing payment of the tax imposed by this article, the collector is hereby authorized and empowered to put into operation a system of permits whereby any person or dealer may import tangible personal property by truck, automobile, or other means of transportation other than a common carrier, without having said truck, automobile or other means of transportation seized and subjected to legal proceedings for its forfeiture. Such system of permits shall require the person or dealer who desires to import tangible personal property into the authority, which property is subject to tax imposed by this article, to apply to the collector for a permit stating the kind of vehicle to be used, the name of the driver, the license number of the vehicle, the kind or character of tangible personal property to be imported, the date, the name and address of the consignee, and such other information as the collector may deem proper or necessary. Such permits shall be free of cost to the applicant and may be obtained at the office of the collector.

(Ord. No. 2-1994, § 8.1, 1-31-1994)

Secs. 28-258—28-277. - Reserved.

DIVISION 9. - REMEDIES FOR COLLECTION, INCLUDING INTEREST, PENALTIES, ETC.

Sec. 28-278. - Imported tangible personal property to be sold, used, or stored.

For the purpose of the enforcement of this article, and the collection of the tax levied hereunder, it is presumed that all tangible personal property, subject to the provisions of this article, imported into the authority or held in the authority by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the authority, and is subject to the tax herein levied; provided that such presumption shall be prima facie only and subject to proof furnished to the collector.

(Ord. No. 2-1994, § 9.1, 1-31-1994)

Sec. 28-279. - Delinquent taxes.

Failure to pay any tax due as provided in this article, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent, and the police jury is hereby vested with authority, on motion in a court of competent jurisdiction, to take a rule on the dealer, to show cause in not less than two nor more than ten days, exclusive of holidays, after the service thereof, which may be tried out of term and in chambers, and shall always be tried by preference, why such dealer should not be ordered to cease from further pursuit of business as a dealer, and in case said rule is made absolute, the order thereon rendered shall be considered a judgement in favor of the police jury,

prohibiting such dealer from the further pursuit of said business until such time as he has paid the said delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court, and punished according to law.

(Ord. No. 2-1994, § 9.2, 1-31-1994)

Sec. 28-280. - Interest, penalty, and attorneys' fees.

If the amount of tax due by the dealer is not paid on or before the 20th day of the month next following the month for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate as provided in R.S. 47:1601 through 47:1606; and, in addition to the interest that may be so due, there shall also be collected a penalty as provided in R.S. 47:1601 through 47:1606; and, in the event of suit, attorneys' fees at the rate of interest provided for in R.S. 47:1512 of the aggregate of tax, interest and penalty.

(Ord. No. 2-1994, § 9.3, 1-31-1994)

Sec. 28-281. - Failure to make report.

(a) In the event any dealer fails to make a report and pay the tax as provided by this article, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the collector to make an estimate for the taxable period of the retail sales, or sales of services, of such dealer, or of the gross proceeds from rentals or leases of tangible personal property by the dealer, and an estimate of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in the authority and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer.

(b) In the event the dealer has imported tangible personal property and he fails to produce an invoice showing the cost price of the articles which are subject to tax, or the invoice does not reflect the true or actual cost price, then the collector shall ascertain, in any manner feasible, the true cost price and assess and collect the tax with interest, plus penalties, if such have accrued, on the true cost price as assessed by him. The assessment so made shall be considered prima facie correct, and the burden shall be on the dealer to show the contrary.

(c) In the case of the lease or rental of tangible personal property, if the consideration given or reported by the dealer does not, in the judgement of the collector, represent the true or actual consideration, then the collector is authorized to fix the same and collect the tax thereon for the police jury in the same manner as provided in subsection (b) of this section.

(d) In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon. Such costs and penalties when collected shall be placed to the account of the 1994 Sales Tax Account in the same manner as are the taxes collected under this article.

(e) If any dealer fails to make any return required by this article or makes an incorrect return, and the circumstances indicate willful negligence or intentional disregard of rules and regulations, but no intent to defraud, there shall be imposed, in addition to any other penalties provided herein, a specific penalty as provided in R.S. 47:1604.1. This specific penalty shall be an obligation to be collected and accounted for in the same manner as if it were a part of the tax due and can be enforced either in a separate action or in the same action for the collection of the tax.

(Ord. No. 2-1994, § 9.4, 1-31-1994)

Sec. 28-282. - Selling or quitting business.

If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final return and payment within 15 days after the date of selling or quitting the business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner or assignor.

(Ord. No. 2-1994, § 9.5, 1-31-1994)

Sec. 28-283. - Notice of delinquency.

In the event that any dealer is delinquent in the payment of the tax herein provided for, the collector may give notice of the amount of such delinquency by registered mail to all persons having in their possession, or under their control, any credits or other personal property belonging to such dealer, or owing any debts to such dealer at the time of receipt by them of such notice and thereafter any person so notified shall neither transfer nor make any other disposition of such credits, other personal property, or debts until the collector shall have consented to a transfer or disposition, or until 30 days shall have elapsed from and after the receipt of such notice. All persons so notified must, within five days after receipt of such notice, advise the collector of any and all such credits, other personal property, or debts in their possession, under their control or owing by them, as the case may be.

(Ord. No. 2-1994, § 9.6, 1-31-1994)

Sec. 28-284. - Refusal to permit examination of books.

In the event any transportation company, agency, or firm shall refuse to permit examination of its books, records and other documents by the collector, the collector may proceed by rule, in term or in chambers, in any court of competent jurisdiction and require said transportation company, agency or firm to show cause why the collector should not be permitted to examine its books, records or other documents, and, in case said rule be made absolute, the same shall be considered a judgement of the court and every violation of said judgement as a contempt thereof and punished according to law.

(Ord. No. 2-1994, § 9.7, 1-31-1994)

Sec. 28-285. - Late or fraudulent returns.

If any dealer, subject to make and file a return required by any of the provisions of this article, fails to render such return within the time required, or renders a return which is false or fraudulent in that it contains statements which differ from the true gross sales, purchases, leases, or rentals, or other transactions, taxable under this article, or otherwise fails to comply with the provisions of this article, for the taxable period for which said return is made, the collector shall give such dealer 15 days' notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period; and the collector may require such dealer, or other agents or employees of such dealer, to give testimony or to answer interrogatories, under oath administered by

the collector, respecting the sale at retail, the use, consumption, distribution, or storage for use or consumption, in the authority, or lease or rental of tangible personal property, or other transactions, subject to tax, or the failure to make report thereof, as provided in this article.

(Ord. No. 2-1994, § 9.8, 1-31-1994)

Sec. 28-286. - Failure to make return.

If any dealer fails to make a return, or refuses to permit an examination of his (the dealer's) books, records, or papers, or to appear and answer questions within the scope of such investigation relating to the sale, use, consumption, distribution, storage, lease or rental of tangible personal property, or sale of services, the collector may apply to any court of competent jurisdiction for an order requiring such dealer to make such return or requiring the dealer, or his agents or employees, to appear and answer any such questions or permit such examination, and the court or any judge thereof shall thereupon issue an order, upon such reasonable notice as shall be prescribed therein, to be served upon said dealer or the agents or employees of such dealer, directing him or them to so appear and testify, and to produce such books, records and papers, as may be required. Any person, or any member of any firm, co-partnership, joint venture, association or corporation, or any agent or employee thereof failing to comply with any such order shall be guilty of contempt, and shall be punished as provided by law in cases of contempt.

(Ord. No. 2-1994, § 9.9, 1-31-1994)

Sec. 28-287. - Importation of tangible personal property without permit.

The importation into the authority of tangible personal property which is subject to the tax, by truck, automobile, or other means of transportation other than a common carrier, without having first obtained a permit as described in section 28-257 (if the tax imposed by this article on said tangible personal property has not been paid), shall be construed as an attempt to evade payment of said tax and the same is hereby prohibited, and the said truck, automobile, or means of transportation other than a common carrier, and said taxable property may be seized by the police jury in order to secure the same as evidence in a trial, and the same shall be subject to forfeiture and sale in the manner provided for in this article.

(Ord. No. 2-1994, § 9.10, 1-31-1994)

Sec. 28-288. - Failure to pay tax.

(a) The failure of any dealer who imports tangible personal property from outside the authority into the authority for use, consumption, distribution or storage to be used or consumed in the authority, or who imports for lease or rental any tangible personal property subject to the provisions of this article, to pay the required tax on such transactions, shall ipso facto make the said tax, interest, penalties and costs delinquent and shall be construed as an attempt to avoid the payment of same which shall be sufficient grounds for attachment of such tangible personal property, wherever the same may be located or found, whether said delinquent dealer be a resident or nonresident of the authority, and whether said tangible personal property is in the possession of said delinquent dealer or in the possession of other persons, firms, corporations or association of persons; provided that it is the intention of this article to prevent the disposition of the said tangible personal property in order to ensure payment of the tax imposed by this article, together with interest, penalties, and costs, and authority to attach is hereby specifically authorized and granted to the police jury.

(b) In addition to the penalties prescribed in this section and section 28-287, any person or dealer who shall violate

the provisions thereof, upon conviction, shall be fined and/or imprisoned as provided in R.S. 47:1642 et seq., in the discretion of the court. Each importation or shipment by truck, automobile, or other means of transportation, other than a common carrier, found to be in violation of the provisions of these sections shall constitute a separate offense.

(Ord. No. 2-1994, § 9.11, 1-31-1994)

Sec. 28-289. - Liability.

The liability of any person or dealer arising from any tax, interest and penalty, or any of them, imposed by this article, from the time they are due shall be a personal debt of such person or dealer to the police jury recoverable in any court of competent jurisdiction in an action at law by the police jury. Such debts, whether sued upon or not, shall be a lien on all the property of such delinquent person or dealer except as against an innocent purchaser for value without notice in the actual course of business, and shall have preference in any distribution of the assets of the person or dealer whether in bankruptcy, insolvency, or otherwise. The proceeds of any judgement or order obtained hereunder shall be paid to the police jury.

(Ord. No. 2-1994, § 9.12, 1-31-1994)

Sec. 28-290. - Bond.

The police jury may require a bond or other security satisfactory to the collector for the payment of any taxes, fees, interest and penalties, or any of them, imposed pursuant to this article when he shall find that the collection thereof may be prejudiced without such security.

(Ord. No. 2-1994, § 9.13, 1-31-1994)

Sec. 28-291. - Assessment of fees for failure to make return.

If any person or dealer shall fail to make a return or report as required by this article, the collector, subject to the prescriptive period set forth in R.S. 47:1579, may make an estimate of the amount of taxes such person or dealer is liable to pay under the terms of this article, from any information he is able to conveniently obtain, and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the police jury from such person or dealer give notice of such assessment to such person or dealer and must make demand upon him for payment, or otherwise the said claim shall prescribe.

(Ord. No. 2-1994, § 9.14, 1-31-1994)

Sec. 28-292. - Deficiency in payment; demand payment.

After a return or report is filed under the provisions of this article, the collector shall cause to be examined and make such further audit or investigation, as he may deem necessary, and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due under this article, he shall assess the additional amount of tax, and any penalties and interest, or either of them due the police jury from such person or dealer and make demand upon him for payment.

(Ord. No. 2-1994, § 9.15, 1-31-1994)

Sec. 28-293. - Departing from authority when liable for payment.

(a)  If the collector finds that any person or dealer liable for the payment of any tax under this article designs quickly to
from the authority or to remove therefrom his or its property, subject to any lien under the provisions of this article
discontinue business, or to do any other act tending to prejudice or render wholly or partly ineffectual any proceedi
that might be instituted to collect such tax, whereby it shall have become important that such proceedings be institu
without delay, the collector may make an arbitrary assessment, as herein provided, whether or not any return or re
then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and
thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate
or report, and immediate payment of such tax.

(b)  All taxes, penalties and interest assessed pursuant to the provisions of the last three preceding sections, shall be
paid within 15 days after notice, and demand shall have been mailed to the dealer liable therefor by the police
jury. If such taxes, penalties and interest so assessed shall not be paid within such 15 days, there shall be added
to the amount assessed, in addition to interest as hereinabove provided, and any other penalties provided by
this article, an additional penalty as provided in R.S. 47:1604.1.

(Ord. No. 2-1994, § 9.16, 1-31-1994)

Sec. 28-294. - Refusal to pay taxes.

If any dealer against whom taxes have been assessed under the provisions of this article shall refuse or neglect to pay
such taxes within the time prescribed in this article, it shall be lawful for the collector, or his duly authorized representative,
who is charged with the enforcement of collection of such taxes, to enforce collection of such taxes, together with such
interest and other additional amounts as are added by law, by distraint and sale of any property or rights to property
belonging to the delinquent dealer.

(Ord. No. 2-1994, § 9.17, 1-31-1994)

Sec. 28-295. - Refusal to collect taxes.

Any dealer who shall neglect, fail or refuse to collect the tax, as provided in sections 28-135 through 28-144, upon any,
every and all retail sales made by him, or his agent or employee, which is subject to tax, shall be liable for and pay the tax
himself.

(Ord. No. 2-1994, § 9.18, 1-31-1994)

Sec. 28-296. - Violation a misdemeanor.

For any one of the following violations, in addition to being liable for the other penalties provided herein, the party
named shall be guilty of a misdemeanor and, upon conviction, be punished as provided for in R.S. 47:1642, in the discretion
of the court:

(1)  Any person who as a purchaser is obligated to report and pay the tax imposed upon any purchase made by
him under sections 28-135 through 28-144 and who fails, neglects, and refuses to file a return thereof with
the collector and pay the tax imposed thereon, within the time stated after such sale is made;

(2)  Any dealer who shall fail, neglect, or refuse to collect the tax, as provided in sections 28-135 through 28-144,
whether by himself or through his agents or employees;

(3)  Any dealer violating the provisions of sections 28-282 and 28-283;

(4)  Any dealer who fails to permit an inspection of records by the collector, as provided in section 28-232;

(5)  Any wholesale dealer or jobber in the authority who fails to keep records, or fails to permit an inspection thereof collector, as provided in section 28-234;

(6)  Any dealer, wholesale dealer or jobber who violates the provisions of sections 28-138 and 28-139;

(7)  Any dealer who violates the provisions of section 28-233;

(8)  Any dealer failing or refusing to furnish any return, as provided in sections 28-199 through 28-204, or failing or refusing to furnish a supplemental return, or other data required by the collector;

(9)  Any dealer required to make, render, sign or verify any return, as provided in sections 28-199 through 28-204, who makes a false or fraudulent return, with the intent to evade a tax hereby levied;

(10)  The president, executive officers, managers and directors of any corporation, who shall violate the provisions of section 28-297; provided that such fine and imprisonment shall not prevent other action against the corporation, as otherwise provided in this article, for the recovery of the tax, interest and penalties that may be due; and

(11)  Any person who shall violate any other provisions of this article, punishment for which is not otherwise herein provided.

(Ord. No. 2-1994, § 9.19, 1-31-1994)


Sec. 28-297. - Corporations not to dissolve until taxes paid.

No corporation organized under the laws of the state shall hereafter be dissolved, or effect a merger, reorganization, or consolidation under any law of the state by the action of the stockholders or by the decree of any court until all taxes, fees, penalties and interest imposed on the corporation in accordance with provisions of this article shall have been paid in full. No foreign corporation which has obtained authority from the state to transact business in the authority may surrender such authority and withdraw from the state until all taxes, fees, penalties, interest, and other charges imposed upon said corporation, in accordance with the provisions of this article, shall have been fully paid.

(Ord. No. 2-1994, § 9.20, 1-31-1994)


Sec. 28-298. - Interest.

(a)  Any person or dealer who shall fail to pay any tax levied by this article on or before the day when such tax shall be required by this article to be paid shall pay, in addition to the tax, interest on the tax at the rate specified in section 28-280 for each month, or a fraction thereof, that the tax remains unpaid, to be calculated from the date the tax was originally due to the date of actual payment.

(b)  In addition, such person or dealer shall pay any special penalty provided by this article.

(Ord. No. 2-1994, § 9.21, 1-31-1994)


Sec. 28-299. - Penalty.

All penalties and interest imposed by this article shall be payable to and recoverable by the police jury in the same manner as if they were part of the tax imposed. If the failure to pay any such tax when due is explained to the satisfaction of the collector, he may remit or waive payment of the whole or any part of any penalty provided in R.S. 47:1601 through 47:1606.

(Ord. No. 2-1994, § 9.22, 1-31-1994)

Secs. 28-300—28-316. - Reserved.


DIVISION 10. - REFUNDS AND REIMBURSEMENTS


Sec. 28-317. - Reimbursement.

In the event purchases are returned to the dealer by the purchaser or consumer after the tax imposed by this article has been collected or charged to the account of the consumer or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector, and, in case the tax has not been remitted by the dealer to the police jury, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by such sworn statement, which period shall be as provided in R.S. 47:1623, the police jury, through the collector, shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for such tax collected. Such memorandum shall be accepted by the police jury at full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this article.

(Ord. No. 2-1994, § 10.1, 1-31-1994)


Sec. 28-318. - Refund.

If any dealer shall have given to the collector notice within the time provided in section 28-317, such dealer thereafter, within the period provided by R.S. 47:1623, may file with the collector a claim under oath for refund, in such form as the collector may prescribe, stating the grounds thereof. However, no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the collector as hereinafter provided, or after proceeding on appeal has been finally determined.

(Ord. No. 2-1994, § 10.2, 1-31-1994)


Sec. 28-319. - Overpayment of tax.

If, upon examination of such claim for refund, it shall be determined by the collector that there has been an overpayment of tax, the amount of such overpayment shall be credited against any liability of any dealer under this article, and, if there be no such liability, said dealer shall be entitled to a refund of the tax so overpaid. If the collector shall reject the claim for refund, in whole or in part, he shall make an order accordingly and serve notice upon such dealer.

(Ord. No. 2-1994, § 10.3, 1-31-1994)


Sec. 28-320. - Moneys erroneously collected from dealer.

Where no question of fact or law is involved, and it appears that the records of the police jury that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the collector may, at any time within prescriptive period provided by R.S. 47:1623, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund, and thereupon the collector shall authorize the payment thereof from any appropriation available for such purposes.

(Ord. No. 2-1994, § 10.4, 1-31-1994)

Sec. 28-321. - Deposits.

When, to secure compliance with any of the provisions of this article, any moneys shall have been deposited with the police jury by any dealer, and shall have been paid over to the police jury and the collector shall be satisfied that such dealer has fully complied with all such provisions, the collector shall so certify and authorize repayment from any appropriations available for such purpose to such dealer of such moneys, or such part thereof as the collector shall certify has not been applied by him to the satisfaction of any indebtedness arising under this article.

(Ord. No. 2-1994, § 10.5, 1-31-1994)

Secs. 28-322—28-345. - Reserved.

DIVISION 11. - REMEDIES OF THE DEALER

Sec. 28-346. - Dealer aggrieved by this article; recovering payment.

A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this article; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the collector and shall give the collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice, the amount so paid shall be segregated and held by the collector for a period as provided in R.S. 47:1576; and if suit be filed within such time for recovery of such amount, such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the collector shall refund the amount to the claimant, with interest at the rate as provided in R.S. 47:1576, covering the period from the date the said funds were received by the police jury to the date of refund.

(Ord. No. 2-1994, § 11.1, 1-31-1994)

Sec. 28-347. - Legal remedy—Tax accrued; method of enforcement.

This section shall afford a legal remedy and right of action in any state, municipal or federal court, having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this article, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such actions, service shall be upon the collector.

(Ord. No. 2-1994, § 11.2, 1-31-1994)

Sec. 28-348. - Same—Unlawful burden of tax.

This section shall be construed to provide a legal remedy in the state, municipal or federal courts, by action of law, in case such tax is claimed to be an unlawful burden upon interstate commerce, or the collection thereof, in violation of any act of congress or the United States Constitution, or in any case where jurisdiction is vested in any of the courts of the United States; provided that upon request of the dealer and upon proper showing by such dealer that the principal of law involved in an additional assessment is already pending before the courts for judicial determination, the said dealer, upon agreement to abide by the decision of the courts may pay the additional suit. In such cases, the tax so paid under protest shall be segregated and held by the collector until the question of law involved has been determined by the courts and shall then be disposed of as therein provided.

(Ord. No. 2-1994, § 11.3, 1-31-1994)

Sec. 28-349. - Protest; hearing.

If any dealer shall be aggrieved by any finding or assessment of the collector, he may, within the period provided in R.S. 47:1563, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth the reasons therefor, and he may request a hearing. Thereafter, the collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the collector. Appeals from the decision of the collector shall be direct to any state, municipal or federal court of competent jurisdiction as provided for in section 28-347.

(Ord. No. 2-1994, § 11.4, 1-31-1994)

Secs. 28-350—28-371. - Reserved.

DIVISION 12. - OTHER ADMINISTRATIVE PROVISIONS

Sec. 28-372. - Authority of collector.

The collector is hereby authorized and empowered to carry into effect the provisions of this article and, in pursuance thereof, to make and enforce such rules as he may deem necessary in administering the provisions of this article and other policies or procedures established by the police jury.

(Ord. No. 2-1994, § 12.1, 1-31-1994)

Sec. 28-373. - Powers of collector.

The collector shall have the power to make and publish reasonable rules and regulations, not inconsistent with this article or the laws and the constitution of the state or of the United States, for the enforcement of the provisions of this article and the collection of the revenues and penalties imposed by this article.

(Ord. No. 2-1994, § 12.2, 1-31-1994)

Sec. 28-374. - Collector to furnish forms and instructions.

The collector shall design, prepare, print and furnish to all dealers, or make available to said dealers, all necessary forms for filing returns, and instructions to ensure a full collection from dealers and an accounting for the tax due, but failure of any dealer to secure such forms shall not relieve such dealer from the payment of said tax at the time and in the manner herein provided.

(Ord. No. 2-1994, § 12.3, 1-31-1994)

Sec. 28-375. - Collector to bear cost of preparing report forms.

The cost of preparing and distributing the report forms and paraphernalia for the collection of said tax, and of the inspection and enforcement duties required herein, shall be borne by the collector.

(Ord. No. 2-1994, § 12.4, 1-31-1994)

Sec. 28-376. - Sales or services prior to this article.

(a)  In any case where tangible personal property is sold at retail under a contract providing for such retail sale, made and entered into prior to the effective date of the ordinance from which this article is derived and containing the sale price, and delivery is made after the effective date of the ordinance from which this article is derived, and such sale is taxable under this article, the seller shall add the tax imposed by this article to said sale price and collect it from the buyer.

(b)  The provisions of this section shall also apply where such tangible personal property is not sold, but is used, consumed, distributed, stored, leased or rented, and where services taxable hereunder are contracted for before the effective date of the ordinance from which this article is derived, except no new or additional sales or use tax shall be applicable to sales of materials or services involved in lump sum or unit price construction contracts entered into and reduced to writing prior to the effective date of the ordinance from which this article is derived or to sales or services involved in such contracts entered into and reduced to writing within 90 days thereafter, if such contracts involve contractual obligations undertaken prior to the effective date of the ordinance from which this article is derived and were computed and bid on the basis of sales taxes at the rates effective and existing prior to the effective date of the ordinance from which this article is derived.

(c)  The provisions of this section shall not apply to tangible personal property actually imported or caused to be imported into, or stored within, the territorial limits of the unincorporated area of the authority prior to the effective date of the ordinance from which this article is derived, if the said tangible personal property is actually used or consumed by the person who imported and stored said tangible personal property.

(Ord. No. 2-1994, § 12.5, 1-31-1994)

Sec. 28-377. - Written oath.

It shall be lawful for the collector, or any deputy by him duly designated, to receive the written oath of any person signing any application, disposition, statement, or report required by the collector in the administration of this article.

(Ord. No. 2-1994, § 12.6, 1-31-1994)

Sec. 28-378. - Examinations or hearings.

The collector, or any deputy by him duly designated, may conduct hearings and have administered and examined, under oath, any dealer and the directors, officers, agents and employees of any dealer, and any other witnesses, relative to the business of such dealer in respect to any matter incident to the administration of this article. Such examinations or hearings shall be at a time convenient to the dealer within 14 days after requested by the collector in writing.

(Ord. No. 2-1994, § 12.7, 1-31-1994)

Sec. 28-379. - Notice.

Any notice required to be given by the collector, pursuant to this article, may be given by personal service on the dealer for whom it is intended, or be mailed to the dealer for whom it is intended, addressed to such dealer at the address given in the last report filed by him pursuant to the provisions of this article, or if no report has been filed, then to such address as may be obtainable. The mailing of such notice shall be presumptive evidence of its receipt by the dealer to whom it is addressed.

(Ord. No. 2-1994, § 12.8, 1-31-1994)

Sec. 28-380. - Record of acts; copies of rules, decisions, and orders.

The collector shall keep a record of all of the official acts, and shall preserve copies of all rules, decisions, and orders made by him and by any deputy of his department in charge of the collection of the tax imposed by this article. Copies of such rules, decisions, or orders and of any papers filed in any office maintained by the collector in the administration of this article may be authenticated under his official signature, and when so authenticated, shall be evidence in all courts of the state of the same weight and force as the original thereof. For authenticating any such copy, the collector shall be paid a fee to be established from time to time by him, which shall be deposited in the 1994 Sales Tax Account or as otherwise authorized in accordance with law.

(Ord. No. 2-1994, § 12.9, 1-31-1994)

Sec. 28-381. - Other laws.

Nothing in this article shall be construed to deprive the dealer of any remedy in the review of any tax, or in any proceedings to collect the tax given such dealer by any other law, or to deprive the police jury of any remedy for the enforcement of this article through any procedure or remedies expressly provided in this article imposing the tax herein levied or in any other law, nor shall this article be construed as repealing or altering any such laws, ordinances, or resolutions

(Ord. No. 2-1994, § 12.10, 1-31-1994)

Sec. 28-382. - Invalid section, subsection, etc.

If any section, subsection, sentence, clause, or phrase of this article be held invalid, such decisions shall not affect the validity of the remaining portions of this article. The police jury hereby declares that it would have passed this article, and each section, subsection, sentence, clause, and phrase thereof irrespective of the fact that any one or more section, subsections, sentences, clauses, or phrases may be so declared invalid.

(Ord. No. 2-1994, § 12.11, 1-31-1994)

Sec. 28-383. - Tax herein supplemental.

The tax levied herein is declared to be supplemental and in addition to all other taxes levied by and under the authority of the police jury of any kind or nature.

(Ord. No. 2-1994, § 12.12, 1-31-1994)

Secs. 28-384—28-409. - Reserved.

DIVISION 13. - DISPOSITION OF TAX PROCEEDS AND REVENUES

Sec. 28-410. - 1994 Sales Tax Account.

All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into possession of the collector as an agent of the police jury under any provision of this article shall be promptly deposited by the collector for the account of the police jury in a special fund designated 1994 Sales Tax Account, which fund shall be established and maintained as sacred funds of the police jury; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to another account established by the collector pending final determination of the protest or litigation.

(Ord. No. 2-1994, § 13.1, 1-31-1994)

Sec. 28-411. - Reasonable and necessary expenses first.

Out of the funds on deposit in said 1994 Sales Tax Account, the collector shall first pay all reasonable and necessary expenses of collecting and administering the tax levied hereby and administering the provisions of this article, as well as the various administrative procedures established herein.

(Ord. No. 2-1994, § 13.2, 1-31-1994)

Sec. 28-412. - Remaining balance.

In compliance with the said special election of January 15, 1994, authorizing said tax, after all reasonable and necessary costs and expenses of collecting and administering the tax have been paid as provided in section 28-411, the remaining balance of the sales tax proceeds shall be available for appropriation and expenditure by the police jury, solely for the respective purposes designated in the proposition authorizing the levy of the tax (annexed as exhibit A of the ordinance from which this article is derived), as approved by a majority of the qualified electors of the authority voting in said special election.

(Ord. No. 2-1994, § 13.3, 1-31-1994)

Secs. 28-413—28-437. - Reserved.

DIVISION 14. - COLLECTOR AS AGENT AND TRUSTEE FOR POLICE JURY

Sec. 28-438. - Acting on behalf of police jury.

It is hereby recognized that the tax herein levied is being levied by and on behalf of the police jury, as herein provided, and that the collector is acting as agent for the police jury for the purpose of administration and collection of the tax.

(Ord. No. 2-1994, § 14.1, 1-31-1994)

Secs. 28-439—28-459. - Reserved.

DIVISION 15. - MISCELLANEOUS

Sec. 28-460. - Statutory authority.

The provisions of R.S. title 47, ch. 2, as amended, and any other statutory authority are hereby made applicable to the levy and collection of the sales and use tax levied by this article, and to the extent, if any, that the provisions set forth herein conflict with any statutory authority, the statutory authority shall be controlling.

(Ord. No. 2-1994, § 15.1, 1-31-1994)

Secs. 28-461—28-476. - Reserved.

DIVISION 16. - OCTOBER 19, 2013 SPECIAL ELECTION TAX

Sec. 28-477. - Imposition.

Pursuant to the authority of a special election held in the parish on October 19, 2013, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the parish, as defined by law. The Uniform Local Sales Tax Code, as enacted by Act 73 of the 2003 regular session of the state legislature and as it may be amended shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. of 12-16-2013, § 1)

Sec. 28-478. - Rate of tax.

The tax is levied at the rate of one percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale. The tax is levied at the rate of one percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax. The tax is levied at the rate of one percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of one percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. of 12-16-2013, § 2)

Sec. 28-479. - Effective date.

The tax shall be effective on March 1, 2014.

(Ord. of 12-16-2013, § 3)

Sec. 28-480. - Term.

The tax shall remain in effect for ten years (March 1, 2014 through February 28, 2024).

(Ord. of 12-16-2013, § 4)

Sec. 28-481. - Purposes.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election held in the parish on October 19, 2013, authorizing the tax, which proposition is set forth in the preamble hereto.

(Ord. of 12-16-2013, § 5)

Sec. 28-482. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this division, each dealer shall be allowed two percent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. of 12-16-2013, § 6)

Sec. 28-483. - Exclusions and exemptions.

The police jury adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does the police jury adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29(D)(1) of the Constitution of the State of Louisiana of 1974 that are not allowed as an exclusion or exemption from state sales and use tax. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the constitution or statutes of the state, including the Act.

(Ord. of 12-16-2013, § 7)

Sec. 28-484. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of 1.25 percent per month.

(Ord. of 12-16-2013, § 8)

Sec. 28-485. - Delinquency penalty.

The delinquency penalty, as provided by R.S. 47:337.70, shall be five percent per month on the unpaid amount of the tax due for each 30-day period, not to exceed five 30-day periods.

(Ord. of 12-16-2013, § 9)

Sec. 28-486. - Penalty for false, fraudulent or grossly incorrect return.

The penalty, as authorized by R.S. 47:337.72, shall be 50 percent of the amount of the tax found to be due.

(Ord. of 12-16-2013, § 10)

Sec. 28-487. - Negligence penalty.

The penalty, as authorized by R.S. 47:337.73, shall be five percent of the unpaid amount of the tax found to be due, or $10.00, whichever is greater.

(Ord. of 12-16-2013, § 11)

### Sec. 28-488. - Penalty for insufficient funds check.

The penalty, as authorized by R.S. 47:337.74, shall be an amount of $20.00.

(Ord. of 12-16-2013, § 12)

### Sec. 28-489. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this division, or to represent him in any proceeding under this division. If any taxes, penalties or interest due under this division are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. of 12-16-2013, § 13)

### Sec. 28-490. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. of 12-16-2013, § 14)

### Sec. 28-491. - Distraint penalty.

The penalty, as provided by R.S. 47:337.76, in cases where the distraint procedure is used in the collection of the tax shall be $10.00.

(Ord. of 12-16-2013, § 15)

### Sec. 28-492. - Limits on interest penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. of 12-16-2013, § 16)

### Sec. 28-493. - Collector.

The tax levied by this division is authorized to be collected by a collector, which term shall mean the parish school board, sales tax division.

(Ord. of 12-16-2013, § 17)

Sec. 28-494. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this division, to appoint deputies, assistants or agents to assist it in the performance of its duties, and, in pursuance thereof, to make and enforce such rules as it may deem necessary.

(Ord. of 12-16-2013, § 18)

Sec. 28-495. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, the police jury, acting through its president and on behalf of the police jury, is authorized to enter into an agreement with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(b).

(Ord. of 12-16-2013, § 19)

Sec. 28-496. - Revenues of tax.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income designated for the parish which may be collected or come into the possession of the collector under any provision of this division relating to the tax shall be promptly deposited by the collector for the account of the parish in the special fund heretofore established and maintained for the deposit of such proceeds, which fund is a separate bank account established and maintained with the regularly designated fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent, pending the final determination of the protest or litigation.

(b) In compliance with the said special election of October 19, 2013, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid, as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by the police jury solely for the purposes designated in the proposition authorizing the levy of the tax.

(Ord. of 12-16-2013, § 20)

Sec. 28-497. - Uniform sales tax controlling.

If any provision of this division shall be in conflict with the provisions of the uniform local sales tax code, the provisions of the uniform local sales tax code shall be controlling.

(Ord. of 12-16-2013, § 22)

Secs. 28-498—28-512. - Reserved.

DIVISION 17. - MAY 2, 2017 SPECIAL ELECTION TAX

Sec. 28-513. - Imposition.

Subject to voter approval of the sales tax proposition to be voted upon in the special election to be held in the parish on May 2, 2015, the tax is hereby levied upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property, and upon the lease or rental of tangible personal property and on the sales of services in the parish, as defined by law. The uniform local sales tax code, as enacted by Act 73 of the 2003 regular session of the state legislature and as it may be amended, shall apply in the assessment, collection, administration and enforcement of the tax, the provisions of which are hereby incorporated by reference.

(Ord. of 4-20-2015, § 1)

Sec. 28-514. - Rate of tax.

The tax is levied at the rate of 0.5 percent of the sales price of each item or article of tangible personal property when sold at retail in the parish, the tax to be computed on gross sales for the purpose of remitting the amount of tax due to the parish, and to include each and every retail sale. The tax is levied at the rate of 0.5 percent of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in the parish, provided there shall be no duplication of the tax. The tax is levied at the rate of 0.5 percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined by law, where the lease or rental of such property is an established business, or part of an established business, or the same is incidental or germane to the said business, or of the monthly lease or rental price paid by lessee or rentee, or contracted or agreed to be paid by lessee or rentee to the owner of the tangible personal property. The tax is levied at the rate of 0.5 percent of the amount paid or charged for taxable services, as defined by law, performed in the parish.

(Ord. of 4-20-2015, § 2)

Sec. 28-515. - Effective date.

The tax shall be effective on July 1, 2015.

(Ord. of 4-20-2015, § 3)

Sec. 28-516. - Term.

The tax shall remain in effect for ten years (July 1, 2015 through June 30, 2025).

(Ord. of 4-20-2015, § 4)

Sec. 28-517. - Purposes.

The proceeds of the tax shall be used for the purposes set forth in the proposition approved by the voters in the special election to be held in the parish on May 2, 2015, authorizing the tax, which proposition is set forth in the preamble hereto.

(Ord. of 4-20-2015, § 5)

Sec. 28-518. - Vendor's compensation.

For the purpose of compensating the dealer in accounting for and remitting the tax levied by this division, each dealer shall be allowed two percent of the amount of tax due and accounted for and remitted to the parish's collector in the form of a deduction in submitting its report and paying the amount due by the dealer, provided the amount due was not

delinquent at the time of payment, and provided the amount of any credit claimed for taxes already paid to a wholesaler shall not be deducted in computing the commission allowed the dealer hereunder.

(Ord. of 4-20-2015, § 6)

Sec. 28-519. - Exclusions and exemptions.

The police jury adopts none of the optional exclusions or exemptions allowed by state sales and use tax law, nor does the police jury adopt any exclusions or exemptions authorized by legislation enacted under article VI, section 29(D)(1) of the Constitution of the State of Louisiana of 1974 that are not allowed as an exclusion or exemption from state sales and use tax. Included within the base of the tax is every transaction, whether sales, use, lease or rental, consumption, storage or service, with no exclusions or exemptions except for those mandated upon political subdivisions by the constitution or statutes of the state, including the Act.

(Ord. of 4-20-2015, § 7)

Sec. 28-520. - Interest on unpaid amount of tax due.

As authorized by R.S. 47:337.69, the interest on unpaid amounts of the tax which are due shall be at the rate of 1.25 percent per month.

(Ord. of 4-20-2015, § 8)

Sec. 28-521. - Delinquency penalty.

The delinquency penalty, as provided by R.S. 47:337.70, shall be five percent per month on the unpaid amount of the tax due for each 30-day period, not to exceed five 30-day periods.

(Ord. of 4-20-2015, § 9)

Sec. 28-522. - Penalty for false, fraudulent or grossly incorrect return.

The penalty, as authorized by R.S. 47:337.72, shall be 50 percent of the amount of the tax found to be due.

(Ord. of 4-20-2015, § 10)

Sec. 28-523. - Negligence penalty.

The penalty, as authorized by R.S. 47:337.73, shall be five percent of the unpaid amount of the tax found to be due, or $10.00, whichever is greater.

(Ord. of 4-20-2015, § 11)

Sec. 28-524. - Penalty for insufficient funds check.

The penalty, as authorized by R.S. 47:337.74, shall be an amount of $20.00.

(Ord. of 4-20-2015, § 12)

Sec. 28-525. - Attorney fees.

The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this division, or to represent him in any proceeding under this division. If any taxes, penalties or interest due under this division are referred to an attorney at law for collection, an additional charge of attorney fees, in the amount of ten percent of the taxes, penalties and interest due, shall be paid by the tax debtor.

(Ord. of 4-20-2015, § 13)

Sec. 28-526. - Penalty for costs incurred.

As provided by R.S. 47:337.75, and under the circumstances set forth therein, a penalty shall be added to the amount of tax due in an amount as itemized by the collector to compensate for all costs incurred in making an examination of books, records or documents, or an audit thereof, or in the holding of hearings or the subpoenaing and compensating of witnesses.

(Ord. of 4-20-2015, § 14)

Sec. 28-527. - Distraint penalty.

The penalty, as provided by R.S. 47:337.76, in cases where the distraint procedure is used in the collection of the tax, shall be $10.00.

(Ord. of 4-20-2015, § 15)

Sec. 28-528. - Limits on interest, penalty and attorney fees.

Should the interest, penalties or attorney fees herein, or the combined interest, penalties and attorney fees be declared to be in excess of limits provided by other law, including relevant jurisprudence, then the maximum interest, penalties and attorney fees allowed by such other law shall apply.

(Ord. of 4-20-2015, § 16)

Sec. 28-529. - Collector.

The tax levied by this division is authorized to be collected by a collector, which term shall mean the parish school board, sales tax division.

(Ord. of 4-20-2015, § 17)

Sec. 28-530. - Powers of collector.

The collector is hereby authorized, empowered and directed to carry into effect the provisions of this division, to appoint deputies, assistants or agents to assist it in the performance of its duties, and in pursuance thereof to make and enforce such rules as it may deem necessary.

(Ord. of 4-20-2015, § 18)

Sec. 28-531. - Agreement to collect tax on vehicles.

With regard to the collection of the tax on any motor vehicle, automobile, truck, truck-trailer, trailer, semi-trailer, motor bus, home trailer, or any other vehicle subject to the vehicle registration license tax, the police jury, acting through its president and on behalf of the police jury, is authorized to enter into an agreement with the vehicle commissioner, department of public safety and corrections, for the collection of the tax on such vehicles, as provided by R.S. 47:303(b).

(Ord. of 4-20-2015, § 19)

Sec. 28-532. - Revenues of tax.

(a) All taxes, revenues, funds, assessments, moneys, penalties, fees or other income which may be collected or come into the possession of the collector under any provision of this division relating to the tax shall be promptly deposited by the collector for the account of the parish in the special fund to be established and maintained for the deposit of such proceeds, which fund is a separate bank account established and maintained with the regularly designated fiscal agent of the parish; provided, however, any amount which is paid under protest or which is subject to litigation may be transferred to a separate account established by the collector with said fiscal agent, pending the final determination of the protest or litigation.

(b) In compliance with the said special election to be held on May 2, 2015, authorizing the tax, after all reasonable and necessary costs and expenses of collecting and administration of the tax have been paid as provided for above, the remaining balance in said special fund shall be available for appropriation and expenditures by the police jury solely for the purposes designated in the proposition authorizing the levy of the tax.

(Ord. of 4-20-2015, § 20)

Sec. 28-533. - Uniform sales tax controlling.

If any provision of this division shall be in conflict with the provisions of the uniform local sales tax code, the provisions of the uniform local sales tax code shall be controlling.

(Ord. of 4-20-2015, § 22)