## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HALSTEAD BEAD, INC., an Arizona corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>KIMBERLY LEWIS, in her official capacity as Louisiana Secretary of Revenue, *et al.*<br><br>*Defendants*. | Civil Action No. 2:21-cv-02106-JTM-KWR<br><br>**UNOPPOSED PLAINTIFF HALSTEAD BEAD, INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO JOINT MOTION TO DISMISS** |

Plaintiff Halstead Bead, Inc., by and through undersigned counsel, requests an extension of time to respond to the Parish Defendants Motion to Dismiss (Dkt. No. 39) to align with the submission date for the state Defendant's response or motion submission date, if any: February 1, 2022.

This Court granted Defendant Jamie Butts' Motion for Extension, giving a deadline of December 23, 2021.[1] Def. Butts' Mot. for Extension of Time to Move, Answer, or to Otherwise Respond to the Complaint (Dkt. No. 27); Minute Order (Dkt. No. 30) (granting motion). The other Defendants, meanwhile, obtained Halstead Bead's consent for a January 7, 2022 deadline. Def. Lewis' Mot. for Extension of Time to Move, Answer, or to Otherwise Respond to the Complaint 1, ¶ 2 (Dkt. 29) (noting Plaintiff's consent); Def. Drude and Granier's Mot. for Extension of Time to Move, Answer, or to Otherwise Respond to the Complaint 2, ¶ 5 (Dkt. No. 33) (noting Plaintiff's consent). This Court subsequently granted Defendant Lewis' motion for January 7, 2022, Minute

---

[1] Contra to the assertion in Defendant Jamie Butts' Motion, counsel for Jamie Butts never contacted Halstead Bead's counsel. *See* Def. Butts' Mot. For Extension of Time to File Responsive Pleadings at 2 ¶ 5 (Dkt. No. 27). If consulted, Halstead Bead would have suggested a *later* date—January 7—to align with other Defendants' filing deadlines.

1

Order (Dkt. No.32), and gave the same deadline for Defendants Drude and Granier, Minute Order (Dkt. No. 35). Thus, all Defendants except Defendant Butts had the same deadline.

On December 22, 2021, operating within Defendant Butts' timeline, Defendants Granier, Drude, and Butts moved to dismiss the Verified Complaint and filed a lengthy memorandum in support along with affidavits from the Defendants. *See* Joint Mot. to Dismiss Pl. Complaint Pursuant to Rule 12 (Dkt. No. 39); Joint Mem. In Supp. Of Mot. to Dismiss Pl. Complaint Pursuant to Rule 12 (Dkt. No. 39-1); *id*. Exhibits A-C (Dkt. Nos. 39-2 though 39-4). Local Rule 7.5 requires that Halstead Bead respond by January 18, 2022 (eight days before the submission date).

Under Federal Rule of Civil Procedure 6(b), this Court may extend the time for filing, if asked prior to the deadline, for "good cause." In deciding to do so, this Court has "broad discretion" in its decision that good cause exists. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) (collecting cases); *cf. United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996) (holding decision to on a continuance is within the sound discretion of the trial court). There is good cause for an extension for Halstead Bead to respond to the pending Motion to Dismiss.

Currently, Halstead Bead must respond to the joint motion to dismiss based on a variety of criteria and legal theories from the parish Defendants. Meanwhile, Defendant Lewis still has weeks to respond. Assuming the Secretary of Revenue files on the deadline, Halstead Bead's other responsive brief to anything Secretary Lewis may file would likely be due February 1, 2022 based on the date of filing and the next calendared motion submission date of February 9, 2022. Thus, absent a delay in Halstead Bead's deadline, the Plaintiff may need to file multiple responses to each filing from the Defendants, and thus also multiply the relevant deadlines for the parties and the hearing dates for this Court to manage.

The iterative process will be burdensome for everyone. Allowing Halstead Bead to respond after all Defendants have filed their pleadings or preliminary motions will streamline the process for all involved and promote judicial economy. In effect, this Court's hearing would be delayed by only one set hearing date (February 9 instead of January 26) and could thus handle all pleading and preliminary matters at one sitting.

Counsel for Plaintiff Halstead Bead contacted counsel for Defendants and none oppose this motion. This Motion for Extension of Time is filed *before* the requisite deadline and prior to any scheduling orders or case management conferences. There is no prejudice in granting more time.

For the forgoing reasons, counsel for Halstead Bead ask for an extension of time to respond to the Motion to Dismiss. A Proposed Order is attached to this unopposed motion.

Respectfully submitted,

s/ Joseph Henchman

| | |
|---|---|
| Sarah Harbison (LSBA 31948) | Joseph Henchman* |
| PELICAN INSTITUTE FOR PUBLIC POLICY | Tyler Martinez* |
| 400 Poydras Street, Suite 900 | NATIONAL TAXPAYERS UNION FOUNDATION |
| New Orleans, LA 70130 | 122 C Street NW, Suite 650 |
| Telephone: (504) 952-8016 | Washington, DC 20001 |
| sarah@pelicaninstitute.org | Telephone: (703) 683-5700 |
| | jbh@ntu.org |
| Jacob Huebert* | tmartinez@ntu.org |
| GOLDWATER INSTITUTE | |
| 500 E. Coronado Road | |
| Phoenix, AZ 85004 | |
| Telephone: (602) 462-5000 | |
| litigation@goldwaterinstitute.org | |
| | *Counsel for Plaintiff* |
| Dated: December 27, 2021 | * Admitted *pro hac vice* |