UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | |
|---|---|
| **HALSTEAD BEAD, INC., et al.** | **CIVIL ACTION NO.: 2:21-CV-2106** |
| VS. | **JUDGE JANE TRICHE MILAZZO** |
| **KIMBERLY LEWIS, in her official capacity as Louisiana Secretary of Revenue, et al.** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

MAY IT PLEASE THE COURT:

Defendant, Kimberly Lewis, in her official capacity as Louisiana Secretary of Revenue (the "LDR"), submits this Memorandum in Support of Defendant's Motion to Dismiss the Plaintiffs' claims in this matter.

**I. PRELIMINARY STATEMENT AND BRIEF SUMMARY OF ARGUMENT**

The Plaintiff asks this Court to declare both Article VII, Section 3 of the Louisiana Constitution and Louisiana Revised Statute 47:337.14 unconstitutional.[1] Simply put, these statutes deal with a *parish*'s ability to levy and collect taxes and are wholly irrelevant as to the LDR. Plaintiff itself embraces this point by referring to the provisions as "parish-by-parish" or "local" issues.[2] Further, Plaintiff's Complaint fails to establish standing or colorable claims for relief under the Commerce Clause, Due Process Clause, or 11th Amendment. This Court should dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6), as there is no cognizable claim

---

[1] See Plaintiff's Complaint, pp. 17-18.
[2] *Id.*

against the LDR presented in its Complaint. Alternatively, the LDR seeks dismissal for misjoinder under Federal Rule of Civil Procedure 21.

## II.    LEGAL ANALYSIS

    A.    <u>The relevant constitutional and statutory provisions do not apply to the LDR.</u>

Article VII, Section 3(B)(1) of the Louisiana Constitution states that "sales and use taxes levied by political subdivisions shall be collected by a single collector for each parish." Revised Statute 47:337.14 embraces the mandate of the Constitutional provision and establishes a single collector for each parish (together, with Article VII, Section 3, the "Taxing Provision(s)"). These provisions are important because in any given local jurisdiction there can be multiple taxing authorities. Rather than remitting to each of those authorities, the Taxing Provisions require the local governments to designate a single authority as <u>the</u> collector for all parish sales taxes. For example, some designate the parish school board or sheriff's office as the sole collector.

Neither Taxing Provision imposes any mandate, requirement, or other duty on the LDR in how it collects taxes on behalf of the state.[3] The LDR's authority to collect tax originates in Louisiana Revised Statute 47:1502—a statute that does not appear in the Plaintiff's Complaint. Moreover, the Complaint fails to mention that the LDR currently offers the exact relief sought by the Plaintiff. It has a central online filing portal for businesses and individuals to file their sales and use tax returns.[4]

Thus, the Taxing Provisions at issue do not involve the LDR and there is no claim for relief that may be granted against the LDR by this Court under Fed. R. Civ. P. 12(b)(6).

    B.    <u>The Complaint fails to state a factual constitutional claim against the LDR.</u>

---

[3] There are certain circumstances where the LDR collects local taxes, but when this occurs it is done in a centralized filing system similar to the LDR's other collections.

[4] See http://revenue.louisiana.gov/EServices/LouisianaFileOnline. Additionally, the Remote Sellers' Commission handles additional centralized filing services if a taxpayer is unable to utilize the cited online filing portal.

As explained, the Taxing Provisions deal with local tax collections rather than state collections. The Complaint does not, and cannot, set forth any factual allegation that the LDR violated any provision under the Taxing Provisions.

In *Chantilly Store All*, the Plaintiff made similar allegations of constitutional violations against the Alabama tax collector when contesting property tax valuations.[5] The district court found that there were no factual allegations related to a claim for relief that could be granted even when taking all allegations of the complaint as true.[6] Paragraphs 1 through 72 contain the factual allegations of the Complaint. The Complaint alleges complications and financial burdens it may suffer as result of the Taxing Provisions related to local collections, but neither provision applies to the LDR in any way. Thus, there is no, and cannot be, any allegation of wrongdoing by the LDR in their application to the Plaintiff.

Dismissal is appropriate because the Complaint fails to state any factual allegation of wrongdoing by the LDR under either Taxing Provision.

    C.    <u>Halstead has no standing to maintain this action.</u>

Paragraph 40 of Plaintiff's Complaint makes it abundantly clear that it has not registered to file sales and use tax returns in Louisiana. If there was any doubt, Paragraph 46 details the steps Halstead takes to ensure that it is not subject to reporting and filing in Louisiana. The lack of any requirement to register, file, and pay sales and use tax in Louisiana instantly invokes an analysis of whether it endured any adverse action from the Taxing Provisions.

Standing is a jurisprudential doctrine that seeks to "ensure that federal courts do not exceed their authority" and it "limits the category of litigants empowered to maintain a lawsuit in federal

---

[5] *Chantilly Store All, LLC v. Spear*, 2010 WL 4269131, p. 3 (M.D. Al. 2010); see also *stirling v. Ramsey*, 2018 WL 3489592 (E.D. Missouri 2018); *Carter v. Mnuchin*, 2019 WL 5575732 (M.D. N.C. 2019).
[6] *Id*. at 4.

court."[7] The doctrine prevents the judiciary from usurping the powers of the other political branches.[8] The doctrine requires a plaintiff to show (1) an injury-in-fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision.[9]

An injury-in-fact must be "concrete and particularized" meaning it is not "conjectural or hypothetical."[10] A "concrete" injury must "actually exist."[11] Here, the Plaintiff has detailed the steps it took to ensure no injury.[12] The Plaintiff cannot show that it is subject to some adverse injury because it actively maneuvers itself to ensure no injury occurs at all. The Taxing Provisions at issue currently impose no regulation or duty on the Plaintiff and there is simply no colorable harm suffered.

Furthermore, the third prong requires the Plaintiff to show that the alleged injury will be redressed by a favorable decision of this Court. As Plaintiff correctly notes, the parishes in the state contain multiple districts and local bodies that impose different tax rates. The Taxing Provisions require all such local authorities to designate a single collector for the entire parish. If ruled unconstitutional, there will be no provision requiring a single collector in each parish. Rather, each individual school board, fire district, sheriff's office, or other local agency will be allowed to act as its own collector for taxes creating a substantially larger number of taxing authorities at the local level. Thus, a ruling that the Taxing Provisions are unconstitutional will exacerbate Plaintiff's injury significantly because the tax levies will remain in effect without the designation of a single collector in each parish. Plaintiff will find no redress in such a ruling.

---

[7] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).
[8] *Id.*
[9] *Id.* at 339.
[10] *Id.*
[11] Id.
[12] See Plaintiff's Complaint, ¶ 40, 46.

Finally, Plaintiff presents the classic scenario contemplated by the standing doctrine.[13] The people of Louisiana, as the adopters of the state constitution, vested the power of taxation in the legislature but reserved the right to collect local sales taxes with the individual parishes.[14] The people then voted on whether to remove these provisions and *declined*. The relief sought, i.e. a judicial overrule, is the antithesis of the democratic process. Whether right or wrong, this is the system chosen by the people of Louisiana. A judicial ruling that the Taxing Provisions are unconstitutional usurps not only the legislature's authority to tax, but the people's right to govern themselves in the constitution.

The Plaintiff's own Complaint is manifest that it has no standing because there is no actual harm suffered, and the relief sought does not solve its complaints over Louisiana's tax structure.

D.   The Taxing Provisions do not discriminate against interstate commerce.

"It is 'not the purpose of the Commerce Clause to relieve those engaged in interstate commerce from their just share of state tax burden.'"[15] There is no doubt here that the Taxing Provisions do not discriminate against interstate commerce because state taxpayers are subject to them all the same. In fact, Louisiana taxpayers enjoy a distinct disadvantage when considering there is no *de minimus* threshold for registration and collection like remote sellers. *Wayfair* itself notes that "since in-state businesses pay the taxes as well, the risk of discrimination against out-of-state sellers is avoided."[16] In any event, a statute that "regulates even-handedly to effectuate a

---

[13] Cf. *Spokeo*, at 338 (stating "[t]he doctrine [of standing] developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood . . . 'standing … services to prevent the judicial process from being used to usurp the powers of the pollical branches' and confines the federal courts to a properly judicial role." [citations omitted]).
[14] La. Const. art. VII, § 1(A); La. Const. art. VII, § 3(A).
[15] *South Dakota v. Wayfair, Inc.*, 138 S. Ct. 2080, 2094 (2018).
[16] *Id*. at 2099.

legitimate local public interest . . . will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits."[17]

It is well-settled that states retain the authority to "impose and collect taxes on commerce related to that state."[18] It is noted that Plaintiff's Complaint is not necessarily rooted in the underlying taxes, but the regulatory framework for those provisions. *Pike*, rather than *Wayfair*, generally provides for a balancing framework for determining whether a non-discriminatory statute places an excessive burden on interstate commerce. The number of cases invalidating non-discriminatory statutes under a *Pike* balancing test are few.[19] These cases generally involve the "regulation of activities that are inherently national or require a uniform system of regulation," i.e., interstate transportation or professional sports.[20] *State* sales tax is neither inherently national nor does it require a uniform system of regulation as 5 states have declined to even adopt a sales tax.

This federal district previously analyzed a dormant commerce clause challenge under *Pike*.[21] There, Judge Lemelle was confronted with a facially non-discriminatory ordinance requiring short-term rental owners to obtain a permit that discriminated against those without a homestead exemption on the property.[22] The Court found that the ordinance, while not discriminatory on its face because it only discriminated on the basis of a homestead exemption, discriminated against out-of-state commerce because a person living in Louisiana is much more likely to have a homestead exemption.[23] Even so, this Court found that this was not excessive in relation to the local benefits and not furthering mere protectionism for Louisiana residents.[24]

---

17   *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).
18   *Washington Bankers Association v. State*, 198 Wash.2d 418 (2021) (citing *Maine v. Taylor*, 477 U.S. 131, 138 (1986)).
19   *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1146 (9th Cir. 2015).
20   *Id*. (citing *Raymond Motor Transp., Inc. v. Rice*, 434 U.S. 429, 447-48 (1978)).
21   See e.g., *Hignell v. City of New Orleans*, 476 F.Supp.3d 369 (E.D. La. 2020).
22   *Id*. at 385.
23   *Id*.
24   *Id*.

The Taxing Provisions do not discriminate against interstate commerce in any way. They simply require the parishes to designate a single collector for parish collections. Every Louisiana seller generally must register, collect, and file taxes with the collector in each parish. In fact, the Taxing Provisions discriminate *against* Louisiana residents if anything considering the *de minimus* safe harbor for remote sellers. All Louisiana sellers must register, collect, and file sales taxes with the state and local authorities whether they sell $10 or $1,000,000.00 in merchandise or engage in 1 or 100 transactions. Plaintiff has the benefit of not having to undergo those burdens based on its status as a remote seller engaging in less than $100,000.00 in sales and less than 200 transactions. Further, there is no doubt that sales taxes are vital to Louisiana's ability to sustain its governmental activities. In 2020, sales taxes accounted for 37.38% ($3.353 billion) of all revenues in the state.

Thus, the Taxing Provisions have no discriminatory effect, and the incidental effect, if any, of the Taxing Provisions is substantially tied to a key government interest.

E.   The Taxing Provisions do not violate Due Process.

The Due Process Clause requires states to impose taxes "that 'bear fiscal relation to protection, opportunities and benefits given by the state.'"[25] To survive Due Process, a state tax must be imposed only when (1) "certain minimum contacts" between the taxpayer and state exist; and (2) the tax is rationally related to "values connected in the taxing state."[26]

In *Wayfair*, the Supreme Court found that minimum contacts are established when the taxpayer "avails itself of the substantial privilege of carrying on a business" in the jurisdiction.[27] The *de minimus* threshold ensures only those with substantial contacts are subject to filing and

---

[25]   *North Carolina Dep't of Revenue v. The Kimberly Rice Kaester 1992 Family Trust*, 139 S.Ct. 2213, 2219 (2019).
[26]   *Id.* at 2220.
[27]   *Wayfair*, at 2099.

reporting requirements.[28] In fact, Louisiana modeled that threshold identically to the one given the Supreme Court's approval in *Wayfair*.[29] Therefore, it is clear that minimum contacts are met.

The second part of the test is likewise undoubtedly met. Plaintiff does not contest the underlying taxes are valid or appropriate in amount. Instead, it dislikes the method of collection. The cases relied upon by Plaintiff all dealt with an impermissible tax without minimum contact or irrationally related to the value connected with the taxing state. In *Kaester 1992 Family Trust*, the Court found that the mere residence of trust beneficiaries in the state alone did not satisfy minimum contacts.[30] *J.C. Penney Co.* similarly dealt with an impermissible tax on out-of-state corporate dividends when all corporate activities occurred outside of Wisconsin.[31] The *Norfolk* Court invalidated the *amount* of tax apportioned to Missouri when it did not rationally reflect the actual value of the property connected with the state.[32] These cases all hinge on minimum contacts or fair apportionment issues—neither of which are reasonably at issue in the current matter.

Plaintiff's Complaint fails to show how Due Process is violated. First, the Supreme Court in *Wayfair* determined a nearly identical statute satisfied minimum contacts. Second, Plaintiff failed to allege how the underlying Taxing Provisions are not rationally related to the "values" connected in the state.

F.   <u>Louisiana has not waived sovereign immunity.</u>

The 11th Amendment of the United States Constitution provides that the judicial power of the courts shall not extend to "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." Here, the allegations in the Complaint make it

---

[28] See e.g., La. R.S. 47:301(m}(i)(bb}.
[29] *Wayfair*, at 2099.
[30] *Kaester 1992 Family Trust*, at 2221.
[31] *State of Wisconsin v. J.C. Penney Co.*, 311 U.S. 435, 443 (1940).
[32] *Norfolk & W. Ry. Co. v. Missouri State Tax Commission*, 390 U.S. 317, 326 (1968).

clear Plaintiff is not a citizen of Louisiana, but it requests awards of nominal damages, attorney fees, and costs in this action. It is well-settled that a "state is constitutionally immune from actions brought in federal courts by its own citizens or by citizens of other states" unless otherwise waived.[33] In this instance, there has been no congressional abrogation of immunity as it relates to the monetary damages sought by Plaintiff. The proper remedy is dismissal of the monetary claims made by Plaintiff.[34]

      G.    <u>Alternatively, the LDR is misjoined in this action and should be dismissed.</u>

"[T]he court may at any time, on just terms, add or drop a party."[35] Misjoiner occurs under Rule 21 occurs when a party "fails to satisfy the conditions for permissive joinder" under Fed. R Civ. P. 20(a).[36] District courts maintain broad discretion to dismiss an improper party under Rule 21.[37] Joinder of defendants is proper when (1) the right to relief is asserted against them jointly, severally, or arising out of the same transaction or occurrence; and (2) any question of law or fact is common to all defendants.[38]

The Taxing Provisions relate to the collection of local taxes and they are the sole provisions sought to be ruled on by the Plaintiffs. The LDR derives its authority from La. R.S. § 36:451 and that authority generally extends to *state* taxes. The complications of local tax collections alleged by the Plaintiff have no bearing on the LDR's collection of state taxes. Thus, the relief sought

---

[33] *Scott v. Board of Sup'rs of La. State University and Agr. and Mechanical College*, 336 F.2d 557, 558.
[34] See e.g., *Chantilly Store All, LLC*, supra; *Olson v. Kansas Dept. of Revenue*, 555 Fed. Appx. 747 (10th Cit. 2014); *Divine Church of God and Christ v. Taxation of Revenue Department*, 116 F.2d 1489 (10th Cir. 1997).
[35] Fed. R. Civ. P. 21.
[36] *John S. Clark Co., Inc. v. Travelers Indem. Co. of Ill.*, 359 F..Supp. 2d 429, 437 (M.D. N.C. 2004).
[37] *United States v. Testa*, 548 F.2d 847, 856 (9th Cir. 1977).
[38] Fed. R. Civ. P. 10(a)(2)(A), (B).

cannot be joint or several or relate to a common question of fact or law because the collection authority regarding state and local taxes are wholly separate.

Therefore, dismissal of this action as to the LDR is proper under Fed. R. Civ. P. 21.

### III. CONCLUSION

For these reasons, this Court should grant the LDR's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, Federal Rule of Civil Procedure 21.

By its attorneys,

/s/ Russell J. Stutes, III.
RUSSELL J. STUTES, JR.   (#21147)
RUSSELL J. STUTES, III.   (#38420)
STUTES & LAVERGNE, LLC
600 BROAD STREET
LAKE CHARLES, LA 70601
rjs3@stuteslaw.com
Telephone:  (337) 433-0022
Telecopier:  (337) 433-0601

### CERTIFICATE OF SERVICE

I hereby certified that on the 7th day of January, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to the counsel of record for the Defendant.

/s/ Russell J. Stutes, III
RUSSELL J. STUTES, III.