UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HALSTEAD BEAD, INC.**, an Arizona corporation<br>     *Plaintiff*<br><br>**VERSUS**<br><br>**KIMBERLY LEWIS**, in her official capacity as Louisiana Secretary of Revenue, and<br><br>**AMANDA GRANIER**, in her official capacity as Sales Tax Collector, Lafourche Parish, Louisiana, and<br><br>**DONNA DRUDE**, in her official capacity as Sales and Use Tax Administrator of Tangipahoa Parish, Louisiana, and<br><br>**JAMIE BUTTS**, in her official capacity as Sales Tax Auditor, Washington Parish, Louisiana, and<br><br>**LAFOURCHE PARISH, LOUISIANA**, a Home Rule Chartered Parish, and<br><br>**TANGIPAHOA PARISH, LOUISIANA**, a Home Rule Chartered Parish, and<br><br>**WASHINGTSON PARISH, LOUISIANA**, a Home Rule Chartered Parish<br>     *Defendants* | **CIVIL ACTION NO: 2:21-cv-02106-JTM-KWR** |

---

**MEMORANDUM IN SUPPORT OF**
**LAFOURCHE PARISH GOVERNMENT'S MOTION TO DISMISS**

---

  **NOW INTO COURT** through the undersigned counsel, comes Defendant, **LAFOURCHE PARISH GOVERNMENT** (hereinafter referred to as "Lafourche Parish" or "the Parish"), who respectfully submits the following Memorandum in Support of its Motion to Dismiss under Rule 12 of the Federal Rules of Civil Procedure.

As a preliminary matter, Lafourche Parish shares the positions presented by the tax collectors in their Joint Motion to Dismiss with accompanied Memorandum in Support. (R. Doc. 43 and 43-1). The Parish now respectfully moves to join in and adopt by reference the arguments made by the tax collectors. *Id. See generally Krause v. Buffalo and Erie Conty. Workforce Dev. Consortium, Inc.,* 426 F. Supp.2d 687, 77-78 (W.D.N.Y. 2005) (allowing a defendant to join in and adopt by reference a co-defendant's motion as the proffered arguments equally applied to both defendants and the Plaintiff would not be prejudiced). Plaintiff in the instant case attacks Louisiana's sales and use tax system as a whole and co-defendants' Motion and Memorandum address most of the concerns in a generalized way. The tax collectors present several complex arguments in its 43-page Memorandum in Support that are not specific to their roles as "tax collectors." *See* (R. Doc. 43-1). Specifically, the positions regarding the Wayfair decision and Louisiana's Response[1], dismissal under Rule 12(b)(1)[2], dismissal under 12(b)(6)[3], Burford Abstention[4], Plaintiff's hypothetical commerce clause claim[5], and Plaintiff's hypothetical due process claim[6] are applicable to all defendants. Further, Plaintiff would not be prejudiced as it had an adequate opportunity to respond to these arguments both in writing and verbally. *See* (R. Doc. 61 and 82).

Lafourche Parish now presents additional arguments specific to the Parish. It also recognizes that oral arguments on co-defendants' Motion to Dismiss have already been heard and that the motion has been taken under submission by the Court. (R. Doc. 82).[7] Thus, out of an

---

[1] R. Doc. 39-1 pages 5-11.
[2] R. Doc. 39-1 pages 16-23.
[3] R. Doc. 39-1 pages 28-29.
[4] R. Doc. 39-1 pages 29-32.
[5] R. Doc. 39-1 pages 32-35.
[6] R. Doc. 39-1 pages 35-36.
[7] Lafourche Parish also recognizes that there is non-binding authority which has found that adopting another motion by reference is not proper under a plain reading of Rule 10(c) of the Federal Rules of Civil Procedure. *See generally Wilson v. Pauling*, 457 F.Supp.3d 965 (D. Colo. 2020).

abundance of caution to ensure it does not waive any available defenses, Lafourche Parish submits the following Memorandum in Support.

## I.   INTRODUCTION

Halstead Bead, Inc. (hereinafter referred to as "Plaintiff"), an Arizona based company, filed the instant lawsuit seeking to restrain the assessment and collection of Louisiana state and local sales and use taxes related to remote sales delivered into Louisiana. *See* (R. Doc. 2). Specifically, Plaintiff seeks a declaratory judgment finding that Louisiana's current sales and use tax system is unconstitutional under the Commerce Clause and the Due Process Clause of the United States Constitution and seeks to enjoin Louisiana and its parishes from enforcing local-level sales and use tax registration and reporting requirements against out-of-state sellers. *Id. at 17*.

Plaintiff claims that beyond a *de minimis* number of orders, Louisiana has proven too complex and difficult due to costs of registering and reporting. *Id.* at ¶ 44. It alleges that the state constitution requires each of the sixty-four (64) parishes to collect taxes, with each parish setting its own tax rates and categories. *Id.* at ¶ 2. Plaintiff further alleges that state law requires out-of-state businesses selling to Louisiana to register and file more than 750 annual reports. *Id*. at ¶ 55. Therefore, Plaintiff chooses to engage in fewer transactions in Louisiana to avoid being considered a "dealer" under La. Rev. Stat. § 47:301(m)(i)(bb), which exempts from collections any person without physical presence in the state if they have fewer than 200 transactions or less than $100,000.00 in taxable sales in the state in a given year. *Id*. at ¶ 46. Plaintiff's alleged injury is the "risks" of losing potential revenue from Louisiana by refusing, on its own volition, to surpass this economic threshold. *See* Id. at ¶ 8.

The Louisiana Legislature created the Louisiana Sales and Use Tax Commission for Remote Sellers (hereinafter referred to as the "Remote Sellers Commission" or "the Commission")

in 2017. La Rev. Stat. § 47:339, et seq.; *See also* La Act No. 274 of the 2017 Regular Session. The purpose of the Commission is to serve as the *single* entity in Louisiana for the collection and administration of state and local sales and use taxes on remote sellers who meet the "economic nexus" definition provided in La Rev. Stat. § 47:301(4)(m)(i). *See* La Rev. Stat. § 47:399(A)(2); *See also* La Rev. Stat. § 47:340(G) (emphasis added). Lafourche Parish now respectfully requests that this honorable Court take judicial notice of the factual existence of the Remote Sellers Commission as the single collector in Louisiana for remote dealers.

The claim that the Louisiana sales and use tax system unconstitutionally burdens interstate commerce is based on false and misleading factual allegations. For example, Plaintiff contends that Louisiana's tax system imposes the undue burden of potentially requiring Plaintiff to file more than 750 different state and parish sales tax returns annually which is cost prohibitive. (R. Doc. 2 at ¶ 55). The actual filing "burden" for a remote dealer who is registered with the Remote Sellers Commissions is to file twelve annual returns with the Commission – one return each month –not 750 to different parishes. Plaintiff also contends that there is "no one single point of contact for out-of-state sellers required to collect Louisiana taxes, but instead sixty-four contacts…." *Id.* at ¶ 80. This is also incorrect. The Commission serves as the single contact within Louisiana responsible for all state and local sales and use tax administration, return processing and audits for remote sales delivered into Louisiana. *See* La Rev. Stat. § 47:399(A)(2); *See also* La Rev. Stat. § 47:340(G). For whatever reason, Plaintiff's ignores the existence of the Remote Sellers Commission and its effects on the alleged undue burdens and costs. Thus, Plaintiff has not established how Louisiana's *current* tax system unduly burdens interstate commerce.

In any event, there is no need for this Court to address the merits of Plaintiff's constitutional claims, or more appropriately, this Court lacks subject matter jurisdiction to entertain this action

and to provide the relief Plaintiff seeks. Plaintiff currently does not meet the definition of a "dealer" under Louisiana sales tax law, and as such, is not required to collect and remit state and local sales and use tax for its sales made into Louisiana. (R. Doc. 2 at ¶ 2 and 46). Plaintiff's claims are hypothetical, not actual, and the alleged undue burdens and costs are vastly remedied by the existence of the Remote Sellers Commission. There is no justiciable case and controversy herein. Thus, the Court lacks jurisdiction under the doctrines of standing, ripeness, and mootness.

Furthermore, Lafourche Parish has yet to be properly served and Plaintiff's Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) as Lafourche Parish is not the collector or administrator of sales and use taxes in the Parish or for any remote sales in Louisiana.

## II.    LAW & ARGUMENT

### A.  RULE12(B)(5)—INSUFFICIENT SERVICE OF PROCESS

Lafourche Parish hereby formally waives service of process. However, it is necessary for the Parish to submit the following arguments regarding service in order to clarify the record[8].

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows the court to quash or dismiss a lawsuit for improper service of process. Service may be insufficient if the mode of delivery is invalid, service is made on an improper person, or delivery is untimely. *See* Fed. R. Civ. P. 4. Courts generally cannot exercise jurisdiction over a defendant who has not been properly served or who has not waived service. *Murphy Bros., Inc. v Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1332, 1327 (1999).

---

[8] Plaintiff filed a Response to Lafourche Parish's Motion for Extension of Time to Plead representing to the Court that Lafourche Parish was properly served on November 19, 2021 when Amanda Granier, the Lafourche Parish Sales Tax Collector, was delivered a copy of the summons and the Verified Complaint. *See* (R. Doc. 73). The Court granted Lafourche Parish's Motion before it was able to contradict the considerations presented by Plaintiff. *See* (R. Doc. 75).

Federal Rule requires that a state or local government be served either A.) by delivering a copy of the summons and the complaint to its chief executive officer; or B.) by serving a copy of each in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). Louisiana requires service on a political subdivision be made "at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion." La Civ. Code art. 1256.

Plaintiff did not at any time to date serve Lafourche Parish President Archie Chaisson.[9] In fact, Plaintiff has yet to serve anyone at his office located at 402 Green Street, Thibodaux, Louisiana 70301 (the Lafourche Government Complex). While service may have been perfected on Defendant, Amanda Granier, she is not the chief executive office of the Parish, nor was she served at the Parish's government headquarters.[10] Plaintiff requested service on the Parish through District Attorney Kristine Russel. (R. Doc. 52). While Mrs. Russell, the Lafourche Parish District Attorney, was served on February 10, 2022 (R. Doc. 66), she is also not the chief executive officer for the Parish, nor was she served at the Lafourche Government Complex.[11]

While Federal service requirements for local political subdivisions do not require personal service on the chief executive officer, they are not so broad as to allow service on "any" Parish employee. Further, Louisiana law allows service upon any employee only at the office of the chief executive officer and only in the officer's absence. Lafourche Parish has not been properly served but now chooses to waive service of process.

---

[9] Article II, Section 3(A) of the Lafourche Parish Home Rule Charter states in part: "The President shall be the Chief Executive Officer of the Parish...."
[10] Plaintiff served "Amanda Granier, Sales Tax Collector" at the Lafourche Parish School Board Business Complex located at 701 E. 7th Street, Thibodaux, Louisiana 70301. (R. Doc. 24).
[11] District Attorney Russel was served at the Lafourche Parish district Attorney's Office located at 103 Maronge Street, Thibodaux, Louisiana 70301. (R. Doc. 66).

## B.  RULE 12(B)(1)—LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's complaint should be dismissed in its entirety pursuant to Rule (12)(b)(1) as it does not contain a case or controversy under Article III of the United States Constitution for (1) a lack of standing, (2) because Plaintiff's claims are not ripe, and/or (3) its claims are moot.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)) (internal quotation marks omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001); *See also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).

U.S. Const. art. III confines federal courts to the decision of actual "cases" and "controversies." *Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir. 2002). In addition to the textual constitutional constraints, the federal judiciary also must adhere to a set of prudential limitations. *See Bennett v. Spear*, 520 U.S. 154, 162 (1997). In addressing whether an Article III case or controversy exists, the courts frequently recognize and apply the doctrines of standing, ripeness,

and mootness. *See Allen v. Wright*, 468 U.S. 737, 750 (1984); *See also Poe v. Ullman*, 367 U.S. 497, 504 (1961).

> **i. Plaintiff does not have standing to bring the instant lawsuit because it fails to allege a viable injury. In the alternative, Plaintiff cannot establish causation between Lafourche Parish and its alleged injury which will not be redressed by a decision favorable to Plaintiff.**

Standing is an essential aspect of the case-or-controversy requirement of Article III; a plaintiff must have "'a personal stake in the outcome of the controversy' [so] as to warrant his invocation of federal-court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (*quoting Baker v. Carr*, 369 U.S. 186 (1962)). Standing is a jurisprudential doctrine that seeks to "ensure that federal courts do not exceed their authority" by preventing the judiciary from usurping the powers of the other political branches. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). At its "irreducible constitutional minimum," the doctrine of standing requires (1) a concrete and particularized injury-in-fact, (2) a causal connection between the injury and defendant's challenged conduct, and (3) a likelihood that the injury suffered will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

"Absent the necessary allegations of demonstrable, particularized injury, there can be no confidence of a real need to exercise the power of judicial review…" *Warth,* 442 U.S. 490 at 508. A plaintiff must show more than a "possible future injury;" harm has to have actually occurred or is "certainly impending." *See Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). Neither conjectural future injuries nor alleged fear of such injuries are sufficient to confer standing. S*ee Clapper v. Amnesty Int'l USA*, 568 U.S 398 (2013). A plaintiff that "alleges only an injury at some indefinite future time" has not shown an injury in fact, particularly where "the acts necessary to make the injury happen are at least partly within the plaintiff's own control." *Lujan*, 504 U.S. at 564. In

these situations, "the injury [must] proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all." *Id.*

Plaintiff in the instant case fails to provide concrete facts showing in a particularized way how it was harmed by Lafourche Parish. *See generally Warth,* 422 U.S. 490 at 508 (requiring the plaintiff to allege concrete facts demonstrating how he was harmed by the challenged practices of the defendant). A review of the Complaint and the allegations therein, reveal no actual, concrete, or particularized injury. Rather, Plaintiff merely alleges it "risks" losing potential revenue from Louisiana because it refuses to surpass the *de minimis* thresholds set forth in La. Rev. Stat. § 47:301(4)(m)(i), which would subject it to the asserted conjectural burdens of Louisiana's sales tax system. *See* (R. Doc. at ¶ 46-48). In fact, Plaintiff outlines the steps it took to ensure that it would not be subjected to the reporting and filing requirement in Louisiana. *See* (R. Doc. at 46). The alleged taxing provisions currently impose no regulation or duty on Plaintiff; thus, there is no actual harm suffered. Furthermore, a ruling that the alleged taxing provisions are unconstitutional will exacerbate Plaintiff's alleged injury significantly. The tax levies will remain in effect without the designation of a single collector in each parish. Plaintiff will find no redress in such a ruling.

Moreover, the availability of the Remote Sellers Commission further calls into question the actual injury or burdens that could be suffered by Plaintiff, if any. Plaintiff is not being forced to forgo business opportunities because of the alleged complexity and arbitrariness of Louisiana law as it can easily register with the Remote Sellers Commission. If and when Plaintiff meets the threshold to be considered a "remote dealer" it would file a single monthly sales tax return with the Commission and not with individualized parishes.

Plaintiff has not established how Louisiana's **current** state and local sales and use tax system causes an actual, concrete, and particularized injury to Plaintiff because it does not address

the availability of the Remote Sellers Commission, nor does it contest the enabling/governing laws of the Commission. The Court would have to speculate if and when Plaintiff would suffer any viable injury and what effect(s) the Remote Sellers Commission has on the alleged injury/burdens. The Supreme Court has previously held that such speculative injuries are categorically insufficient to support standing. *See, e.g., DaimlerChrysler Corp. v. Cuno*, 247 U.S. 332 (2006) (dismissing Plaintiff's case for lack of standing where establishing a viable injury required speculation and finding that Plaintiff's alleged injuries were "conjectural or hypothetical" rather than "concrete and particularized").

Most importantly, Plaintiff cannot satisfy the requirement that its alleged injury was caused by Lafourche Parish, which has nothing to do with the collection or administration of sales and use taxes and has nothing to do with the business decisions of Plaintiff. The Remote Sellers Commission is the single collector and administrator for all remote sales in Louisiana (La Rev. Stat. § 47:339(A)(2) and § 47:340(G)), and Defendant, Amanda Granier, is the single collector of sales and use taxes on behalf of the School Board in Lafourche Parish. *See* Exhibit A at ¶ 2. Additionally, Lafourche Parish cannot control where the Plaintiff chooses to operate, nor can they control the amount of business conducted by Plaintiff in any particular jurisdiction. There is a clear break in the "chain of causation." See *St. Pierre v. Dyer*, 208 F.3d 394, 402-03 (2d Cir. 2000) (discussing denying standing where the plaintiff's injury is so completely due to plaintiff's own fault as to break the causal chain between defendants and the alleged injury). *See also Union Cosmetic Castle, Inc. v. Amorepacific Cosmetics USA, Inc.*, 454 F. Supp. 2d 62, 71 (E.D.N.Y. 2006) (recognizing that "[a] plaintiff cannot establish Article III standing to pursue a cause of action where the plaintiff is the primary cause of its own alleged injury" and holding plaintiffs lacked standing because plaintiff's alleged injury appears to be largely the result of their own

decisions). Lafourche Parish cannot be held responsible for the business decisions of Plaintiff and as discussed more fully below, the Parish is not responsible state and local sales and use taxes.

Plaintiff presents the classic scenario anticipated by the standing doctrine. The people of Louisiana, as the adopters of the state constitution, vested the power of taxation in the legislature but reserved the right to collect local sales taxes with the individual parishes. La. Const. art. VII, § 1(A); La. Const. art. VII, § 3(A). The relief sought by Plaintiff requires a judicial ruling that would usurp not only the legislature's authority to tax, but the people's right to govern themselves in the constitution.

Plaintiff does not have standing and this action must be dismissed for lack of subject matter jurisdiction.

> ii. **Plaintiff's claims are not ripe as they depend entirely upon future uncertainties or intervening, contingent future events that may not occur as anticipated, or indeed may not occur at all.**

"The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hospitality Ass'n v. Dep't of the Interior,* 538 U.S. 803, 808 (2003) (quotation omitted). It "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies." *Id*. at 807. A case is not ripe for judicial review unless it has taken on its fixed and final shape allowing the court to see "what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Pub. Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 244 (1952). Thus, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all." *Tex. v. U.S.,* 523 U.S. 296, 300 (1998) (citation omitted).

As the Second Circuit has explained, "when a court declares that a case is not prudentially ripe, it means that the case will be *better* decided later . . . [not] that the case is not a real or concrete

dispute affecting cognizable current concerns of the parties." *Conn. v. Duncan*, 612 F.3d 107, 113-14 (2d Cir. 2010) (internal quotation marks and citations omitted) (emphasis in original). "Prudential ripeness is, then, a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary or may require premature examination of, especially, constitutional issues that time may make easier or less controversial." Id. at 114 (internal quotation marks and citation omitted). Additionally, the Second Circuit has held "[w]here the challenged procedures have not been applied to the claimant, or where, after their application, the agency has not rendered a final determination adverse to the claimant, the Article III requirements…have not been met*." Coffran v. Bd. Of Tr. NYC Pension Fund*, 46 F.3d 3, 4 (2d Cir. 1994).

The challenges to the constitutionality of Louisiana's sales tax system by Plaintiff in the instant case are both constitutionally and prudentially unripe because they are based on alleged burdens Plaintiff has yet to incur and the mere conjecture of potential loss of revenue. Plaintiff has not registered with the Lafourche Parish tax collector, nor has there been any attempt by the Lafourche Parish or its designated tax collector to force the Plaintiff to register or attempt to assess/collect sales and use taxes from Plaintiff. *See* Exhibit A at ¶ 5-7. It is undisputed fact that Plaintiff is currently not required to collect and remit state and local sales and use tax for its sales made into Louisiana because it has not met any of the thresholds under La. Rev. Stat. § 47:301(4)(m)(i) and has no physical nexus with Louisiana. *See* (R. Doc. 2 at ¶ 2, 5, 21-22, 33 and 46-48). It has yet to be determined whether Plaintiff will suffer any of the hypothetical burdens if it should surpass the thresholds in La. Rev. Stat. § 47:301(4)(m)(i).

Moreover, the alleged burdens and cost may not occur as anticipated due to Plaintiff's failure to take advantage of the Remote Sellers Commission which could remove most, if not all,

of the burdens and injuries Plaintiff claims it would suffer. There are over 5,000 out-of-state remote seller entities registered with the Remote Sellers Commission and are filing monthly returns and remitting collected sales taxes via electronic fund transfer. *See* the Remote Sellers Commission Collection and Distribution Report dated February 9, 2022. [12] Additionally, the Commission has collected at least $550,408,225.22 since its inception. *Id.* There appears to be no pending lawsuits in Louisiana district court or in any federal court against the Remote Sellers Commission (or any Parish) by any of the remote sellers registered with the Commission pursuant to a Commerce Clause or Due Process challenge.

Plaintiff's case is not ripe since the issues are not fit for judicial decision and Plaintiff will suffer no cognizable hardship if this Court denies review.

> **iii. The instant lawsuit is moot because there is no existing controversy before this Court as Plaintiff has failed to acknowledge and/or take advantage of the Remote Sellers Commission which could remedy the alleged burdens and/or cost anticipated by Plaintiff.**

Under Article III of the United States Constitution, federal courts may adjudicate only "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English* v. *Ariz.*, 520 U.S. 43, 67 (1997) (citations omitted). "If a dispute has been resolved or if it has evanesced because of changed circumstances . . . it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988); *See also Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013) ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual

---

[12] The February 2022 Report is available to the public at:
https://revenue.louisiana.gov/Miscellaneous/RSC%20Collection%20and%20Distribution%20Report%202.9.22.pdf.

controversy about the plaintiffs' particular legal rights."). Where the question of mootness arises, the Court must resolve it before it can assume jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). If a controversy is moot, the trial court lacks subject matter jurisdiction over it. *Carr v. Saucier*, 582 F.2d 14, 15–16 (5th Cir. 1978). A federal court lacks authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *See Church of Scientology of Cal. v. U.S.*, 506 U.S. 9, 12 (1992).

The bulk of the claims brought by Plaintiff in the instant case are moot as there is no existing controversy before this Court. The Remote Sellers Commission currently serves as the single entity in Louisiana for the collection and administration of state and local sales and use tax on remote sales sourced to Louisiana taxing jurisdictions. *See* La Rev. Stat. § 47:339(A)(2); *See also* La Rev. Stat. § 47:340(G). When Plaintiff chooses to engage in the requisite additional sales into Louisiana, it will be considered a "remote dealer" and can complete a single registration with the Remote Sellers Commission. *See* Exhibit A at ¶ 9. Plaintiff would thereafter file a single, monthly sales tax return with the Commission. *Id*. Therefore, most of the hypothetical burdens anticipated by Plaintiff, even if accepted as true, would no longer be applicable. It is undisputed that Plaintiff is currently not required to collect and remit state and local sales and use tax for its sales made into Louisiana as it does not meet the thresholds set forth under La. R.S. 47:301(4)(m)(i) and lacks physical presence in Louisiana *See* (R. Doc. 2 at ¶ 2, 5, 21-22, 33 and 46-48). As a result, no actual case or controversy exists in this matter. The extreme relief requested by Plaintiff in its Complaint is improper as it requires the Court to provide opinions upon moot questions or abstract propositions, or to declare principles or rules of law that do not affect the

specific matter (and particular plaintiff) in the case before it. *Church of Scientology of Cal.*, 506 U.S. at 12.

It is also important to note that this Court has already heard oral arguments on very similar issues as discussed herein which were presented in co-defendants' Motions to Dismiss. As discussed above, Lafourche Parish shares in the positions and arguments made by the tax collectors and would have likely joined in had it been served before the Motion was submitted. Co-defendants have addressed issues that apply to Lafourche Parish and also attack Plaintiff's Complaint as a whole. The Court has taken the issues under submission and has yet to issue a ruling. (R. Doc. 82). There is potentially an additional mootness argument if the Court grants the pending motions.

For these reasons, Plaintiff's claims are moot and the Court therefore lacks subject matter jurisdiction over this case.

### III.     RULE 12(B)(6)—FAILURE TO STATE A CLAIM

Plaintiff fails to state a claim against Lafourche Parish upon which relief can be granted as the Parish is not responsible for the sales and use taxes within its border or the sales and use taxes on remote sales in Louisiana. Further, the establishment of the Remote Sellers Commission resolves the alleged undue burdens and costs on remote dealers having to file and report to individual local collectors.

Rule 12(b)(6) of the Federal Rules of Civil Procedure evaluates the sufficiency of a pleader's claim for relief by testing whether he satisfied his obligations under the federal pleading rules. *Int'l Energy Ventures Mgmt., LLC v United Energy Group, Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (stating Rule 12(b)(6) supplies "the one and only method for testing" whether the pleading standards set by Fed. R. Civ. P. 8 and 9 have been met). The trial court is permitted to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare

litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Systems, Inc. V Scimed Life Sys., Inc.*, 998 F.2d 1157, 1160 (Fed. Cir. 1993).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544 at 555). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The court should accept all well-pleaded facts as true, resolve all reasonable doubts in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See Fitzgerald v. Barnstable School Comm.*, 555 U.S. 246, 249 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations… a plaintiff's obligation to provide the 'grounds' for his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544 at 570 (internal citations omitted). A statement of facts in a complaint is insufficient if it "merely creates a suspicion that the pleader might have a right of action." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *see also Twombly*, 550 U.S. at 555 [holding that the Fed. R. Civ. P. 8 pleading standard demands more than a formulaic the-defendant-unlawfully-harmed-me accusation]. Instead, to survive a motion to dismiss, a complaint requires more than a "sheer possibility that a defendant has acted unlawfully," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations omitted).

Plaintiff in the instant case seeks declaratory and injunctive relief on that grounds that Article VII, Section 3 of the Louisiana Constitution and La Rev. Stat. § 47:337.14 unconstitutionally burden interstate commerce. (R. Doc. 2 at 17-18 "Prayers for Relief"). Both legal authorities deal with the ability of a political subdivision, e.g. a parish, to levy and collect sales and use taxes. Plaintiff attacks Louisiana's sales and use tax system as a whole and not specifically Lafourche Parish's individualized system. Lafourche Parish has an independent system in accordance with Louisiana law as established by the legislature.

The Louisiana Uniform Local Sales Tax Code, La Rev. Stat. § 47:337.1, et seq., was enacted in 2003, "to promote uniformity in the assessment, collection, administration, and enforcement of the sales and use taxes imposed by taxing authorities and, by compiling them, make them readily available in one place in the revised statutes." *See also* West *Baton Rouge Parish Revenue Dep't v. La Mach. Rentals, L.L.C.,* 91 So. 3d 1032, 1036 (La. App. 1 Cir. 2012) citing La Rev. Stat. § 47:337.2(A)(1)(b). Louisiana mandates that each parish shall designate a ***single*** collector of sales and use taxes levied by a political subdivision. La. Const. art. §3(B)(1*); See also* La. Rev. Stat. § 47:337.13(A) (emphasis added). A fact acknowledged by Plaintiff in the instant suit. *See* (R. Doc. 2 at ¶ 49). The designated tax collector has the authority to examine or investigate the records of any taxpayer and the authority to bring an action to enforce the collection of such taxes through several enforcement mechanisms available to the designated parish tax collector. *West Baton Rouge,* 91 So. 3d 1032 at 1036; *See also* La Rev. Stat. § 47:337.25, §47:337:25, and § 47:337.33(A)(1).

Defendant, Amanda Grainer, is the Sales Tax Collector/Administrator for the Lafourche Parish School Board Sales and Use Tax Department, which is the Ex Officio sales and use tax collector for Lafourche Parish. *See* Exhibit A at ¶ 1; *See also* Exhibit A-1. She is the ***single***

collector for all jurisdictions levying sales and use taxes in the Parish of Lafourche. *See* Exhibit A at ¶ 2(emphasis added); *See also* Exhibit A-1. The Parish is not responsible for the collection, investigation, or enforcement of sales and use taxes within its borders.

Furthermore, the Louisiana Legislature created the Remote Sellers Commission in 2017 to serve as the single collector for sales and use taxes from remote dealers. La Rev. Stat. § 47:339, et seq.; Act No. 274 of the 2017 Regular Session of the Louisiana Legislature. Plaintiff's allegation that there is no "one single point of contact for out-of-state sellers required to collect Louisiana taxes, but instead sixty-four…." (R. Doc. 2 at ¶ 80) is incorrect. The purpose of the Remote Sellers Commission is to serve as the single entity in Louisiana for the collection and administration of state and local sales and use taxes on ***remote sales***. See La Rev. Stat. § 47:399(A)(2). See also La Rev. Stat. § 47:340(G) (emphasis added). The Commission is the single entity responsible for collecting taxes from "remote dealers," not Lafourche Parish. Further, unlike in-state sellers, out-of-state sellers are not required to report to individual parishes.

The only allegations in Plaintiff's Complaint specific to Lafourche Parish is that 1) the Parish has an independent registration and reporting system for the collection of sales and use taxes for commerce within its border and that 2) it has several towns and consolidated road districts with their own tax rates (R. Doc. 2 at ¶ 10 and 58). These allegations do not change the fact that Lafourche Parish does not collect or administer any sales taxes in Louisiana. Further, the current tax system is established by the legislature; the Parish created its system in accordance with Louisiana law. There are no allegations establishing a cause of action against Lafourche Parish.

It is important to note that Plaintiff is not currently required to collect and remit state and local sales and use taxes for its remote sales made in Louisiana. (R. Doc. 2 ¶ 46). Plaintiff's only claim for relief is an alleged injury from the "risks" of losing potential revenue; a choice made of

its own volition. *See* (R. Doc. 2 at ¶ 48). In any event, the undue burdens and costs on out-of-state sellers alleged by Plaintiff are remedied with the establishment of the Remote Sellers Commission. A remote dealer that is registered with the Commission files a single, monthly sales tax return with the Commission, which reports all sales made into Louisiana and includes the state and local sales and use taxes related thereto. *See* La Rev. Stat. § 47:339(A)(2); *See also* La Rev. Stat. § 47:340(G). This is drastically less that the 750 annual reports withy associated costs as alleged by Plaintiff. *See* (R. Roc. 2 at ¶ 55). Also, the Remote Sellers Commission has compiled the state and local sales and use tax bases and rates which are available on its website [remotesellers.louisiana.gov]. *See* Exhibit A at ¶ 34.

Not only are Plaintiff's requests for relief based on hypothetical injuries that Plaintiff has yet to sustain, but these so-called injuries only create a suspicion that Plaintiff may have a cause of action. This alone is simply not enough to meet Federal pleading standards. *See Campbell,* 43 F.3d 973 at 975, S*ee also Twombl*y, 550 U.S. at 555; *See also Iqbal*, 556 U.S. at 678. Moreover, Plaintiff's Complaint is void of any facts which establish a viable cause of action specifically against Lafourche Parish. For these reasons, Plaintiff claims against the Parish should be dismissed.

## IV.   CONCLUSION

This Court does not have subject matter jurisdiction over the instant lawsuit as Plaintiff lacks standing, the issues are not ripe, and/or they are moot. Further, Plaintiff's complaint is void of any viable cause of action specifically against the Parish. Lafourche Parish does not have the authority to collect or administer sales and use taxes in Lafourche Parish, which is reserved for the local school board. Also, the responsibility to collect and enforce sales tax with regards to remote dealers lies solely with the Remote Sellers Commission. Plaintiff's Complaint fails to establish

how the existence of the Commission and the current Louisiana tax system burdens interstate commerce. It also fails to mention that the Remote Sellers Commission currently offers the exact relief sought, i.e. "a single point of contact for out-of-state sellers required to collect Louisiana taxes…instead sixty-four contacts…." (R. Doc. 2 at ¶ 80). For all if the reasons herein, Lafourche Parish Government's Motion to Dismiss should be granted.

>Respectfully submitted,
>
>**/s/ MICHAEL G. GEE**
>
>---
>
>**MICHAEL G. GEE (20193)**
>**MALLORY FIELDS MADDOCKS (35772)**
>Porteous, Hainkel & Johnson, L.L.P.
>211 West Fifth Street
>Thibodaux, LA  70301-3199
>Telephone: (985) 446-8451
>Telefax: (985) 447-3004
>Email: mgee@phjlaw.com
>           mmaddocks@phjlaw.com
>ATTORNEYS FOR DEFENDANT,
>LAFOURCHE PARISH GOVERNMENT

## **CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that on March 24, 2022 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing.

>/s/ MICHAEL G. GEE
>
>---
>MICHAEL G. GEE