UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HALSTEAD BEAD, INC.**, an Arizona corporation<br>*Plaintiff*<br><br>**VERSUS**<br><br>**KIMBERLY LEWIS**, in her official capacity as Louisiana Secretary of Revenue, and<br><br>**AMANDA GRANIER**, in her official capacity as Sales Tax Collector, Lafourche Parish, Louisiana, and<br><br>**DONNA DRUDE**, in her official capacity as Sales and Use Tax Administrator of Tangipahoa Parish, Louisiana, and<br><br>**JAMIE BUTTS**, in her official capacity as Sales Tax Auditor, Washington Parish, Louisiana, and<br><br>**LAFOURCHE PARISH, LOUISIANA**, a Home Rule Chartered Parish, and<br><br>**TANGIPAHOA PARISH, LOUISIANA**, a Home Rule Chartered Parish, and<br><br>**WASHINGTSON PARISH, LOUISIANA**, a Home Rule Chartered Parish<br>*Defendants* | CIVIL ACTION NO: 2:21-cv-02106-JTM-KWR |

### REPLY TO PLAINTIFF'S OPPOSITION TO LAFOURCHE PARISH GOVERNMENT'S MOTION TO DISMISS

**NOW INTO COURT** through the undersigned counsel, comes Defendant, **LAFOURCHE PARISH GOVERNMENT** (hereinafter referred to as "Lafourche Parish" or "the Parish"), who respectfully submits the following Reply to Plaintiff's Opposition to its Motion to Dismiss under Rule 12 of the Federal Rules of Civil Procedure.

Lafourche Parish candidly shares the positions presented by the tax collectors in their Joint Motion to Dismiss. (R. Doc. 84-3 at pg 2). In fact, the Parish previously moved to join in and adopt by reference the arguments made by the tax collectors. *Id*. However, the Parish recognized that before it had an opportunity to formally join in, the Motion and responsive memorandums were already submitted to the Court and oral arguments were already heard. *Id*. Thus, out of an abundance of caution to ensure it did not waive any available defenses and to give Plaintiff the opportunity to properly respond, Lafourche Parish submitted its own Motion to Dismiss with Memorandum in Support. *Id* at pg 2-3.

Despite Plaintiff's contentions, Lafourche Parish asserts new arguments in its Motion to Dismiss. Specifically, Plaintiff failed to state a claim against Lafourche Parish as it is not responsible for the sales and use taxes within its border or taxes on remote sales in Louisiana. *Id*. at pg 15-18. While the Parish maintains all arguments in its Motion, it acknowledges that the issues have already been briefed multiple times, including during oral arguments. Thus, in respect of judicial efficiency, the Parish will focus its attention on this new position before the Court.

Plaintiff's Complaint attacks Louisiana's sales and use tax system as a whole and not at the Parish level. *See* (R. Doc. 2). This is evident as Plaintiff seeks declaratory and injunctive relief on the specific grounds that Article VII, Section 3 of the Louisiana Constitution and La Rev. Stat. § 47:337.14 unconstitutionally burden interstate commerce. *Id*. at pg 17-18 "Prayers for Relief". Plaintiff states that it "brings this lawsuit to challenge *Louisiana's* requirement that out-of-state sellers register and file reports with every Louisiana parish as an undue burden on interstate commerce and a violation of due process." *Id*. at ¶ 2 (*emphasis added) See also* ¶ 78. Plaintiff further asserts that "[d]eclaratory and injunctive relief are necessary to remedy *Louisiana's* burden on interstate commerce...." *Id*. at ¶ 98 (*emphasis added*). Plaintiff acknowledges that it is the

Parish's *exercise* of the authority granted by the Louisiana Constitution and La Rev. Stat. § 47:337.14 with which it takes issue. (R. Doc. 85 at pg 17-19). This is further supported by Plaintiff's suggestion that Lafourche Parish could just follow Cameron Parish's lead and not collect sales tax at all. *Id.* Plaintiff states "Lafourche Parish chose to go its own way instead [of following Cameron Parish]—a way that burdens interstate commerce and robs Halstead Bead of its due process rights." *Id.* at pg 17-18. Plaintiff has an issue with the fact that Louisiana law allows *any* parish to have an individualized system in the first place.

It appears that Plaintiff randomly choose three (3) out of 63 parishes which opt to legally exercise taxing authority to name as defendants in this lawsuit. Plaintiff is not seeking to enjoin or declare Lafourche Parish's system unconstitutional. *Id.* Further, Plaintiff's conclusory statements are unsupported by factual allegations. Like the vast majority of parishes, Lafourche Parish lawfully chooses to exercise the authority granted upon it by the Louisiana legislature. *Id.* The Complaint is absent any reasoning or support for the naming of the specific parishes, including Lafourche. *See* (R. Doc. 2). Thus, the existence of Lafourche Parish's own regulations, definitions, and/or auditing powers is immaterial. Invalidating the Lafourche Parish tax system alone will not provide the sought-after relief.

Moreover, whether Lafourche Parish's individualized system *unduly* burdens interstate commerce is not before the Court as it was not properly plead in the Verified Complaint. See (R. Doc. 2). Lafourche Parish objects to the extent that Plaintiff is now seeking to enlarge the pleadings by including new arguments. The Complaint contains no allegation that the Parish's specific tax system unconstitutionally burdens interstate commerce. *Id.* The only mention of Lafourche Parish in Plaintiff's Complaint, outside of it being named as a defendant, is when Plaintiff uses the Parish's system as an example to demonstrate how the Louisiana sales tax system as a whole is

"burdensome."[1] (R. Doc. 2 at ¶ 10 & 58). Plaintiff also does not evaluate Louisiana's current sales tax system as it disregards the existence of the Remote Sellers Commission in its Complaint. *See* R. Doc. 2). Plaintiff cannot now add allegations in an attempt to survive a Rule 12 Motion to Dismiss, which evaluates the sufficiency of a pleader's claim for relief by testing whether he satisfied his obligations under the federal pleading rules. *Int'l Energy Ventures Mgmt., LLC v United Energy Group, Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016). To survive a Rule 12 Motion to Dismiss, the plaintiff must *plead* "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) *(emphasis added).*

In any event, both Plaintiff's Opposition and Complaint are void of facts or allegations showing how Lafourche Parish's system *unduly* burdens interstate commerce. In fact, Plaintiff states that Lafourche's system only "burdens" interstate commerce and/or implies that it is only "burdensome." (R. Doc. 85 pg 18); (R. Doc 2 at ¶ 58). This is inadequate. States are allowed to burden, but may not impose an *undue* burden, on interstate commerce. *South Dakota v. Wayfair, Inc.,* 138 S. Ct. 2080, 2091 (2018). While the Commerce Clause was designed to prevent States from engaging in economic discrimination, it is "not the purpose of the [C]ommerce [C]lause to relieve those engaged in interstate commerce from their just share of state tax burden." *Id*. at 2094. (*quoting Complete Auto Transit, Inc. v. Brady, 4*30 U.S. 274, 288 (1977)). Further, Plaintiff uses conclusory statements without any factual basis. This is simply not enough to state a cause of action against the Parish. *See Twombly*, 550 U.S. at 555.

Lafourche Parish is not the collector or enforcer of sales and use taxes in its borders nor with regards to remote sales in Louisiana. *See* Exhibit A at ¶ 1 and 2; *See also* Exhibit A-1; *See*

---

[1] When mentioning the Parish, Plaintiff states…"[f]or example, in Lafourche Parish, there are several towns but also several consolidated road districts, each with its own sales and use tax rates. Determining which local body's tax rate applies even within a parish is burdensome." (R. Doc. 2 at ¶ 10 & 58)(internal citations omitted).

*also* La Rev. Stat. § 47:399(A)(2). *See also* La Rev. Stat. § 47:340(G). As stated by Plaintiff, "a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face'" (R. Doc. 85 at pg 2) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff relies on unsupported conclusory statements that may only give rise to a right to relief on a speculative level. This is insufficient. *See Twombly*, 550 U.S. at 555. While Lafourche Parish acknowledges that the Court will assume the factual allegations in the Complaint are true, *See Fitzgerald v. Barnstable School Comm.*, 555 U.S. 246, 249 (2009), the Complaint is void of any factual allegations against the Parish. *See* (R. Doc. 2). Plaintiff's Complaint seeks to invalidate and enjoin the Louisiana Constitution and statutory authority while only using Lafourche Parish as an example to accomplish that objective. Thus, the Parish has no place in the current lawsuit. For these reasons, and for the reasons provided in its Memorandum in Support, Lafourche Parish requests this Honorable Court grant its Motion to Dismiss.

Respectfully submitted,

**/s/ Michael G. Gee**

**MICHAEL G. GEE (20193)**
**MALLORY FIELDS MADDOCKS (35772)**
Porteous, Hainkel & Johnson, L.L.P.
211 West Fifth Street
Thibodaux, LA  70301-3199
Telephone: (985) 446-8451
Telefax: (985) 447-3004
Email: mgee@phjlaw.com
         mmaddocks@phjlaw.com
ATTORNEYS FOR DEFENDANT,
LAFOURCHE PARISH GOVERNMENT

## **CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that on April 19, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing.

/s/ Michael G. Gee
_____
MICHAEL G. GEE