## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HALSTEAD BEAD, INC.**                    **CIVIL ACTION**

**VERSUS**                                 **NO. 21-2106**

**KIMBERLY LEWIS ET AL.**                  **SECTION: H(4)**

## ORDER AND REASONS

Before the Court is Defendants Jamie Butts, Donna Drude, and Amanda Granier's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12 (Doc. 43). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

This case arises out of Plaintiff Halstead Bead, Inc.'s constitutional challenge to Louisiana's laws governing sales and use taxes.[1] Under Louisiana law, sales and use taxes are charged by retailers as part of the sales price that the buyer pays. The retailer has the duty to collect and remit to the state the

---

[1] A sales tax applies to retail purchases made within the state, whereas a use tax applies to retail purchases of goods or services that come from outside the state and are later brought into the state. *See* Word of Life Christian Ctr. v. West, 936 So. 2d 1226, 1233 (La. 2006); Reed v. City of New Orleans, 593 So. 2d 368 (La. 1992); *see also* 67B AM. JUR. 2D *Sales & Use Taxes* § 1 (2022).

amount charged to the buyer per the applicable tax rates.[2] The Louisiana Constitution and corresponding state laws allow parishes and even political subdivisions within the parishes, such as school boards and the like, to set the rates of their local sales and use taxes.[3] Because of the allegedly onerous regulatory burden of complying with the various parish-by-parish and intra-parish tax requirements, Plaintiff challenges this tax scheme as unconstitutional under both the Commerce Clause and the Due Process Clause of the Fourteenth Amendment.[4]

Plaintiff is an Arizona corporation that sells jewelry-making supplies to wholesale and retail customers across the country, including in Louisiana. Plaintiff has no physical presence in Louisiana; all of its employees and inventory are located in Arizona. Plaintiff sells its wares online via the company's website or its toll-free number. It ships all of its goods directly to customers, using common carriers for deliveries. Most of Plaintiff's sales are wholesale, which are not subject to sales and use taxes. However, Plaintiff also has retail sales, which are subject to sales and use taxes. For shipping and taxation purposes, Plaintiff's retail buyers provide their billing and shipping addresses as part of the transaction; no other documentation is required.

Plaintiff challenges Louisiana's sales and use tax laws for remote sellers like itself. State law defines a remote seller as a retail seller without physical presence in Louisiana who sells tangible personal property or services for

---

[2] *See* Charles A. Trost, *Federal Limitations on State and Local Tax* § 11.1 (2d ed. 2021).
[3] *See* LA. CONST. art. VI, pt. II, § 29; LA. REV. STAT. § 47:337.2–.3 (2022).
[4] *See* Doc. 2, ¶¶ 73–108.

delivery there.[5] Once a remote seller crosses a threshold number of sales in Louisiana, its legal obligation to collect and remit sales and use taxes to the appropriate authority is triggered.[6] A remote seller meets that threshold if during the previous or current calendar year either its gross revenue from Louisiana sales—wholesale or retail—exceeds $100,000 or it completes 200 or more separate transactions in the state.[7]

Once a remote seller exceeds this threshold, it must register with the Louisiana Sales and Use Tax Commission for Remote Sellers ("the Remote Sellers Commission").[8] The Remote Sellers Commission handles the administration and collection of all sales and use taxes on sales by remote sellers.[9] After registering, a remote seller must begin collecting sales and use taxes and remitting them to the Commission each month.[10] Although local sales and use tax *rates* differ by parish and even by political subdivision, the Remote Sellers Commission is the sole *collector* of all sales and use taxes for remote sellers like Plaintiff.[11] Using the address where the goods or services

---

[5] LA. REV. STAT. § 47:339(B)(7) (2022) ("The term 'remote seller' means a seller who sells for sale at retail, use, consumption, distribution, or for storage to be used for consumption or distribution any tangible personal property, products transferred electronically, or services for delivery within Louisiana, but does not have physical presence in Louisiana.").

[6] *See id.* § 47:301(4)(m); *see also* Remote Sellers Information Bulletin No. 18-002, Definition of Remote Seller and Further Guidance to Remote Sellers (Dec. 18, 2018).

[7] *See id.* § 47:301(4)(m).

[8] *See id.* § 47:340(G)(6)(b); *see also* Remote Sellers Information Bulletin No. 20-002, Effective Date for Remote Sellers Registration and Collection of State and Local Sales and Use Tax at Actual Rates (May 7, 2020).

[9] *See id.* § 47:339(A). The Remote Sellers Commission is part of the Louisiana Department of Revenue.

[10] *See id.* § 47:340(G)(6)(a)–(c).

[11] *See id.* § 47:340(G)(2).

are to be shipped, a qualifying remote seller must collect from its retail customers the tax based on the appropriate rate, minus any exemptions or exclusions, and remit that amount to the Remote Sellers Commission on a monthly basis.

Plaintiff has never met the threshold number of sales in Louisiana and is therefore not subject to the tax laws that it challenges. Rather, Plaintiff alleges that it deliberately halted its sales before reaching the threshold because of the anticipated burden of complying with the parish-by-parish requirements of local sales and use taxes.[12] In November of 2021, Plaintiff filed suit against the following defendants in their official capacities: Kimberly Lewis, Louisiana Secretary of Revenue[13]; Amanda Granier, Sales Tax Collector of Lafourche Parish; Donna Drude, Sales and Use Tax Administrator of Tangipahoa Parish; and Jamie Butts, Sales Tax Auditor of Washington Parish. Plaintiff also named the Parishes of Lafourche, Tangipahoa, and Washington as defendants. Plaintiff asserts two constitutional claims. The first alleges that the parish-by-parish requirements of the sales and use tax laws violate the Commerce Clause by discriminating against and unduly burdening interstate commerce.[14] The second avers that those same requirements also violate the Due Process Clause by lacking any reasonable relationship with the value gained from them.[15]

---

[12] *See* Doc. 2, ¶¶ 44–48; *see also* Doc. 61 at 4.

[13] During the course of this case, Lewis was replaced as the Louisiana Secretary of Revenue by Kevin Richards, who was automatically substituted as a defendant in her place under Federal Rule of Civil Procedure 25(d).

[14] *See* Doc. 2, ¶¶ 73–92.

[15] *See id.*, ¶¶ 93–108.

Plaintiff seeks a declaratory judgment that certain parish-by-parish requirements, constitutional provisions, and state laws are unconstitutional, both on their face and as applied to Plaintiff.[16] Plaintiff also seeks a permanent injunction to prevent Defendants "from enforcing local sales and use tax registration and reporting requirements, against out-of-state sellers . . . [and] against Halstead Bead's eCommerce business."[17] Finally, Plaintiff prays for nominal damages, costs, and attorney's fees under 42 U.S.C. §§ 1983 and 1988.

Before the Court is Defendants Granier, Drude, and Butts's Motion to Dismiss. Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff lacks standing and because the Tax Injunction Act and comity preclude jurisdiction. Defendants also argue that Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes. Oral argument was held on March 17, 2022.

## LEGAL STANDARDS

### I.    12(b)(1)

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[18] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2)

---

[16] *See id.* at 17–18.
[17] *Id.* at 18.
[18] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[19] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[20]

If at any time the court determines that it lacks subject matter jurisdiction, the court must dismiss the action.[21] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[22] As a prerequisite to jurisdiction, the U.S. Constitution requires, at a minimum, that a case present an actual "case or controversy" as defined by Article III.[23] Standing is one aspect of this constitutional requirement,[24] so a lack of standing deprives the court of subject matter jurisdiction.[25] The party seeking to invoke federal jurisdiction has the burden of establishing standing.[26]

## II.    12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[27] A claim

---

[19] Den Norske Stats Oljeselskap As v. HeereMac Vof, 241 F.3d 420, 424 (5th Cir. 2001).

[20] See Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).

[21] FED. R. CIV. P. 12(h)(3).

[22] Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005) (quoting Home Builders Ass'n of Miss., Inc., 143 F.3d at 1010).

[23] See U.S. CONST. art. III, § 2; Flast v. Cohen, 392 U.S. 83, 94–95 (1968).

[24] Lang v. French, 154 F.3d 217, 222 n.28 (5th Cir. 1998).

[25] In re United Operating, LLC, 540 F.3d 351, 354–55 n.1 (5th Cir. 2008).

[26] See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992); Grant v. Gilbert, 324 F.3d 383, 387 (5th Cir. 2003).

[27] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[28] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[29] The court need not, however, accept as true legal conclusions couched as factual allegations.[30] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[31] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[32] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[33]

## LAW AND ANALYSIS

Defendants challenge this Court's subject matter jurisdiction to entertain this action and to provide the relief Plaintiff seeks. Because the Court holds that the Tax Injunction Act divests subject matter jurisdiction over Plaintiff's claims, it does not address the parties' 12(b)(6) arguments.[34] The Court first analyzes the Tax Injunction Act, followed by comity.

---

[28] *Id.*
[29] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[30] *Ashcroft*, 556 U.S. at 678.
[31] *Id.*
[32] *Lormand*, 565 F.3d at 255–57.
[33] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[34] *See* Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

## I.     Tax Injunction Act

The Tax Injunction Act ("TIA") provides in its entirety, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[35] The TIA acts as a broad restriction on federal suits that impede the assessment, levy, or collection of any tax under state or local law.[36] Indeed, the Fifth Circuit has determined that "[t]he act imposes drastic limitations on the federal judiciary's ability to meddle with a local concern as important and sensitive as the collection of taxes."[37]

Defendants argue that this Court lacks jurisdiction to hear Plaintiff's request for injunctive and declaratory relief challenging the sales tax system of assessment and collection in Louisiana where, as here, there exists a plain, speedy, and efficient remedy in state court.[38]

In response, Plaintiff argues that its suit does not implicate the TIA because it challenges the regulatory requirements of Louisiana's sales and use taxes, not the taxes themselves.[39] Plaintiff explains that it "is *willing* to remit the taxes due to whatever locality state law requires, but it *cannot* register with each individual parish or understand thousands of pages of labyrinthine

---

[35] 28 U.S.C. § 1341.

[36] "State taxation, for § 1341 purposes, includes local taxation." Hibbs v. Winn, 542 U.S. 88, 100 n.1 (2004); *see also* Smith v. Travis Cnty. Educ. Dist., 968 F.2d 453, 455 (5th Cir. 1992) (citing California v. Grace Brethren Church, 457 U.S. 393, 408 (1982)); *Home Builders Ass'n of Miss.*, 143 F.3d at 1010 n.6 ("It is well-settled that [the TIA] applies not only to taxes imposed by states, but also to those imposed by municipalities.").

[37] *Home Builders Ass'n of Miss.*, 143 F.3d at 1010.

[38] *See* Doc. 43 at 23–26.

[39] *See* Doc. 61 at 11 ("It is the regulatory burdens, not the taxes, that are at issue here.").

tax rules whose applicability may depend on, *e.g.*, whether an address is north of a canal or south of it."[40]   While Plaintiff may purport to challenge only regulatory burdens and not the payment of taxes, the question under the TIA is whether the *relief requested* would "enjoin, suspend or restrain the assessment, levy or collection" of a state or local tax.[41]   The Court finds that here it undoubtedly would.

Plaintiff seeks to "[p]ermanently enjoin Defendants from enforcing local sales and use tax registration and reporting requirements, against out-of-state sellers . . . [and] against Halstead Bead's eCommerce business."[42] Louisiana Revised Statutes § 47:340(G) requires remote sellers, like Plaintiff, to register with and remit sales and use taxes to the Remote Sellers Commission.[43] As a result, registration for remote sellers is done solely with the Commission, not on a parish-by-parish basis.[44]   Likewise, sales and use taxes on remote sales are remitted directly and only to the Commission—albeit based on rates that

---

[40] *Id.*

[41] *See* Direct Marketing Ass'n v. Brohl, 575 U.S. 1, 7 (2015) ("The question before us is whether the *relief sought* here would 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law.'") (emphasis added); CIC Servs., LLC v. Internal Revenue Serv., 141 S. Ct. 1582, 1590 ("And most especially, we [the Supreme Court] have looked to the 'relief requested'—the thing sought to be enjoined.").

[42] *See* Doc. 2 at 18.

[43] LA. REV. STAT. § 47:340(G)(6)(c) ("Notwithstanding the duty to register with the commission, the state and local sales and use tax required to be collected by the remote seller shall be due and payable monthly. For the purpose of ascertaining the amount of tax payable, all remote sellers shall transmit to the commission returns on forms prescribed, prepared, and furnished by the commission showing the gross sales arising from all transactions during the preceding calendar month, on or before the twentieth day of the month following the month in which this tax is required to be collected.").

[44] *Id.* § 47:340(G)(6) ("The commission shall have the power, duty, and authority: . . . To require remote sellers to register with the commission.").

are set by parishes and political subdivisions within them. Thus, insofar as Plaintiff challenges "registration and remitting requirements" for remote sellers, the Court construes its requested injunctive relief as a prohibition on Defendants enforcing § 47:340.[45]

This requested injunctive relief, if granted, would permanently halt the registration of remote sellers with the Commission and the State's ability to receive sales and use tax remittances. The requested injunction would preclude the relevant state officials[46] from requiring remote sellers to register with and remit sales and use taxes to the Commission. Plaintiff's reliance on *Direct Marketing Ass'n v. Brohl* to suggest otherwise is misplaced.[47] There, the Supreme Court considered a constitutional challenge to a Colorado law "requiring retailers that do not collect Colorado sales or use tax to notify Colorado customers of their use-tax liability and to report tax-related

---

[45] There are, of course, other Louisiana statutes that could be interpreted as "registration and remitting requirements," but they are not unique to remote sellers like § 47:340 is. For example, § 47:337.17 contains the requirement to collect taxes at the applicable local rate. *See id.* § 47:337.17(B)–(C) ("B. Every dealer located outside the taxing jurisdiction making sales of tangible personal property for distribution, storage, use, or other consumption, in the taxing jurisdiction, shall at the time of making sales collect the tax imposed by the local ordinance from the purchaser. C. Dealers shall, as far as practicable, add the amount of the tax imposed under the local ordinance in conformity with the schedule or schedules to be prescribed by the secretary of the Department of Revenue pursuant to authority conferred herein, to the sale price or charge."). Even if Plaintiff meant to refer to this statute with the phrase "reporting and remitting requirements," the Court's conclusions as to the TIA and principles of comity would be the same.
[46] While the Court is concerned that Plaintiff has not named the proper officials as defendants, it notes that the Louisiana Secretary of Revenue sits on the Remote Sellers Commission, which is tasked with enforcing the registration and remitting requirements applicable to Plaintiff. *See id.* § 47:340(G)(6)–(9), :340(B).
[47] 575 U.S. 1.

information to customers and the Colorado Department of Revenue."[48] The Court determined that the TIA did not prohibit the suit from proceeding because the legal "notice and reporting requirements" at issue were part of the information gathering stage of tax administration, which occurs before assessment, levy, and collection.[49] The Supreme Court explained,

> The notice given to Colorado consumers, for example, informs them of their use-tax liability and prompts them to keep a record of taxable purchases that they will report to the State at some future point. The annual summary that the retailers send to consumers provides them with a reminder of that use-tax liability and the information they need to fill out their annual returns. And the report the retailers file with the Department facilitates audits to determine tax deficiencies. After each of these notices or reports is filed, the State still needs to take further action to assess the taxpayer's use-tax liability and to collect payment from him.[50]

The Supreme Court noted that striking down the notice and reporting requirements might *inhibit* the assessment or collection of state taxes, but it would not necessarily *stop* them.[51] The Court, therefore, concluded that the TIA did not bar the plaintiffs' suit.

Here, Louisiana need not take any further action after collection and remittance, other than making an assessment to confirm the proper amount. In fact, the Supreme Court in *Direct Marketing* envisioned this process when it noted that collection can take place "before a formal assessment occurs."[52]

---

[48] *Id.* at 4.
[49] *See id.* at 8–11.
[50] *Id.* at 11.
[51] *See id.* at 13–14.
[52] *Id.* at 10.

Moreover, striking down Colorado's notice and reporting requirement left some avenue intact for the state to collect use taxes from consumers. That is not the case here. The reporting and remitting requirements are not a means to facilitate the collection of taxes in Louisiana; they are the process of collection itself. Thus, Plaintiff's requested relief would halt the collection of sales and use taxes from remote sellers entirely.

Plaintiff's request for declaratory judgment fares no better. Plaintiff seeks a judgment declaring that "Louisiana's parish-by-parish sales and use tax registration and remitting requirements" are unconstitutional.[53] "[B]ecause there is little practical difference between injunctive and declaratory relief, we would be hard pressed to conclude that Congress intended to prohibit taxpayers from seeking one form of anticipatory relief against state tax officials in federal court, while permitting them to seek another, thereby defeating the principal purpose of the Tax Injunction Act: 'to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes.'"[54]

Because the relief sought here would enjoin, suspend, or restrain the assessment, levy, or collection of a tax under Louisiana law, this Court must

---

[53] Doc. 2 at 17. Plaintiff also asks the Court to declare Article VII, Section 3 of the Louisiana Constitution and Louisiana Revised Statute § 47:337.14 unconstitutional. The Court need not reach Plaintiff's request as to these two provisions because it finds that Plaintiff's injunctive and declaratory request as to the "registration and remitting requirements" runs afoul of the TIA and principles of comity on its own. Even so, the Court notes that the rule embodied in Section 3 and § 47:337.14—one collector per parish—does not, strictly speaking, apply to remote sellers because the Commission acts as the sole collector.

[54] California v. Grace Brethren Church, 457 U.S. 393, 408 (1982) (quoting Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 522 (1981)).

now determine if there is an efficient remedy found in the state courts of Louisiana.

"State courts are equipped to furnish a plain, speedy, and efficient remedy if they provide a procedural vehicle that affords taxpayers the opportunity to raise their federal constitutional claims."[55] "[A] state's remedy is adequate when it provides taxpayers with a complete judicial determination that is ultimately reviewable in the United States Supreme Court."[56] Notably, "the state remedy need not be the best of all remedies. [It] need only be adequate."[57]

Defendants argue that Louisiana law provides a plain, speedy, and efficient remedy through the Louisiana Board of Tax Appeals. In response, Plaintiff argues that Louisiana provides no adequate remedy because "[u]nder state law, an out-of-state business cannot obtain preemptive relief in a challenge to the tax-related regulatory requirements. Instead, it must first pay (or remit) taxes, then sue for a refund."[58]

Parties on both sides of this action reference Louisiana Revised Statutes §§ 47:1576 and 47:337.51, Louisiana's payment-under-protest statutes. This law requires *taxpayers* to challenge the enforcement of a state or local tax, respectively, only after paying the tax under protest and giving notice of their intention to file suit. However, since Plaintiff would only *collect* sales and use

---

[55] *Home Builders Ass'n of Miss.*, 143 F.3d at 1012 (citing *Smith*, 968 F.2d at 456).
[56] *Id.*
[57] *Id.* (quoting Alnoa G. Corp. v. City of Hous., 563 F.2d 769, 772 (5th Cir.1977) (per curiam)) (alteration in *Home Builders*).
[58] Doc. 61 at 13.

13

taxes under Louisiana's scheme, it would not be a taxpayer who can take advantage of these provisions.[59]

Louisiana does, however, provide a plain, speedy, and efficient remedy to Plaintiff in the form of a declaratory judgment action seeking to invalidate the sales and use tax laws at issue.[60] Article 1871 of the Louisiana Code of Civil Procedure provides, "Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed." Article 1872 provides:

> A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

---

[59] *See* Krauss Co. v. Develle, 110 So. 2d 104, 105–06 (La. 1959) (holding that plaintiff-merchants had no standing to sue for refund of taxes because "[c]ustomers, having paid these taxes, alone would have the right to seek their refund"); Cox Cable New Orleans, Inc. v. City of New Orleans, 624 So. 2d 890, 896 (La. 1993) ("Cox does not have a real and actual interest in judicially asserting an action for a refund of taxes paid by someone else. Only the cable television subscribers may bring an action against the City to collect taxes improperly imposed upon and paid by them."); United Artist Theater Cir., Inc. v. City of New Orleans, No. 95-17, 1996 WL 46709, at *3 (E.D. La. Feb. 5, 1996) (concluding that plaintiffs, operators of movie theaters, had no interest in asserting an action for a refund of taxes because the taxes were paid by the moviegoers).

[60] *See, e.g.*, *Cox Cable New Orleans, Inc.*, 624 So. 2d at 896 (sustaining a suit by a merchant seeking to declare a local tax ordinance null and void); *United Artist Theater Cir., Inc.*, 1996 WL 46709, at *3 (holding that movie theaters challenging local tax laws "have no basis for circumventing the jurisdictional bar imposed by the Tax Injunction Act, and they must pursue their declaratory judgment action in state court"); ERA Helicopters, Inc. v. State of La. Through Dept. of Revenue & Tax'n, 651 F. Supp. 448, 450 (M.D. La. 1987) ("ERA does have a 'plain, speedy and efficient remedy' to contest the validity of the taxes involved in this case under Articles 1871 and 1872 of the Louisiana Code of Civil Procedure.").

These provisions allow Plaintiff to present this issue to the appropriate state court for decision. Further, "[i]t is clear that Louisiana has waived sovereign immunity in cases where a state statute is constitutionally challenged."[61] Given this remedy available under state law, the TIA divests this Court of jurisdiction over Plaintiff's suit.

The TIA divests federal district courts of jurisdiction over cases that seek to restrain the collection of state or local taxes when state law provides an adequate remedy. Here, Plaintiff would have this Court restrain the collection of sales and use taxes from remote sellers. Louisiana law provides an adequate remedy in the form of an action for a declaratory judgment. Therefore, under the TIA, this Court lacks jurisdiction to hear Plaintiff's suit and must dismiss it.

## II.    Principles of Federal Comity

Defendants argue that regardless of the Court's conclusion as to the TIA, Plaintiff's suit is also barred by principles of federal comity.[62] "The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction."[63] The doctrine reflects

> a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National

---

[61] *See ERA Helicopters*, 651 F. Supp. at 451 (citing La. Indep. Auto Dealers Ass'n v. State of Louisiana, 295 So. 2d 796, 798 (La. 1974)).

[62] *See* Doc. 43-1 at 26–27.

[63] Levin v. Commerce Energy, Inc., 560 U.S. 413, 421 (2010).

> Government will fare best if the States and their institutions are
> left free to perform their separate functions in separate ways.[64]

"Comity's constraint has particular force when lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity."[65] In fact, the Supreme Court has determined that "the comity doctrine is more embracive than the TIA."[66]

While the exact contours of the comity doctrine are not clearly defined, the Supreme Court has delineated several factors that weigh in favor of federal abstention, namely, when:

> (1) plaintiffs seek review regarding matters over which the state enjoys wide regulatory latitude; (2) the claimed constitutional violation does not require heightened judicial scrutiny; (3) the plaintiffs seek aid in the federal court to improve their competitive position; (4) the state court is more familiar with state legislative preferences; and (5) the federal court's remedial options are constrained.[67]

Here, these factors overwhelmingly counsel the Court to abstain from hearing this case. Plaintiff seeks to review Louisiana's tax scheme, over which the state enjoys wide regulatory latitude.[68] Plaintiff's alleged constitutional violations

---

[64] *Id.* (internal quotations omitted) (quoting Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 112 (1981)).

[65] *Id.*

[66] *Id.* at 424.

[67] Normand v. Cox Commc'ns, LLC, 848 F. Supp. 2d 619, 625 (E.D. La. 2012) (Vance, J.) (citing *Levin*, 560 U.S. at 430–32).

[68] *See Levin*, 560 U.S. at 422 n.2 (recognizing the "special reasons justifying the policy of federal noninterference with state tax collection") (quoting Perez v. Ledesma, 401 U.S. 82, 128 n.17 (1971)).

do not require heightened judicial scrutiny.[69] Plaintiff's does not, however, appear to seek a competitive position in this lawsuit. "The state court is more familiar with Louisiana's tax laws and the intent of its legislature in crafting them."[70] Finally, the TIA constrains the remedial options in federal court, leaving state courts with greater latitude to act in the face of a constitutional infirmity in the sales and use tax laws.[71]

To be clear, this Court holds that the TIA precludes jurisdiction over this case. However, even if this Court did have jurisdiction, it would nevertheless decline to exercise it in light of the above principles of comity. Considering the Supreme Court's guidance that comity is more embrace than the TIA and especially forceful in the context of evaluating the constitutionality of state tax laws, the Court believes that comity would demand abstention in this case.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12 (Doc. 43) is **GRANTED,** and this case is **DISMISSED WITHOUT PREJUDICE.**[72]

---

[69] *See id.* at 431 (abstaining from claims based on equal protection and the Dormant Commerce Clause); *see also Normand*, 848 F. Supp. 2d at 625 (abstaining from a due process claim).

[70] *Normand*, 848 F. Supp. 2d at 625.

[71] *See id.*

[72] *See* Campos v. United States, 888 F.3d 724, 738 (5th Cir. 2018) ("We agree with our prior cases that have precluded district courts from dismissing plaintiffs' claims with prejudice when the basis for the dismissal is lack of subject-matter jurisdiction under Rule 12(b)(1)."); Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 210 (5th Cir. 2016).

New Orleans, Louisiana this 23rd day of May, 2022

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**